IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AARON TEW,

    Defendant.

---

**MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE**

---

    Defendant Michael Tew respectfully moves the Court to modify the conditions of pre-trial release to eliminate the requirement of a 9:00 p.m. curfew and ankle monitor, and states the following grounds:

    1.    On July 8, 2020, a Criminal Complaint (Doc. 1) was filed with the Court and an Arrest Warrant (Doc. 2) for Mr. Tew was issued.

    2.    Mr. Tew appeared before the Court for a detention hearing on July 9, 2020. At that time, Magistrate Judge Mix ordered Mr. Tew's release from custody on a $20,000 unsecured bond (Doc. 7-9). The original conditions of bond included both home detention and electronic home monitoring.

    3.    On September 29, 2020, Mr. Tew submitted a Waiver of Indictment (Doc. 45) and the government charged Mr. Tew in a three-count

Information (Doc. 49). Contemporaneously, Mr. Tew filed an unopposed motion (Doc. 42) to modify the bond by eliminating the condition of home detention. On October 8, 2020, Magistrate Judge Mix granted (Doc. 52) the request to eliminate the home detention condition but ordered the GPS monitoring to remain with a 9:00 p.m. daily curfew in place.

4. At the time the Waiver of Indictment and Information were filed, the parties anticipated a disposition in the case. Mr. Tew's counsel filed a Notice of Disposition in the case on October 1, 2020 (Doc. 47). However, to date no disposition has been reached. In a Status Report (Doc. 75) filed December 23, 2020, Mr. Tew informed the Court that "the parties have been unable to reach a disposition" and withdrew the Notice of Disposition previously filed.

5. On February 4, 2020, the grand jury returned an Indictment (Doc. 83) charging Mr. Tew and two co-defendants with essentially the same conduct that had been alleged in the Criminal Complaint and the Information. One of the co-defendants is Mr. Tew's wife, Kimberley Tew. Mr. Tew was also issued a Summons (Doc. 85) to appear before Magistrate Judge Mix on February 5, 2021 at 2:00 p.m.

6.     The Court has the authority to modify the conditions of Mr. Tew's release. 18 U.S.C. § 3142(c)(3) provides: "The judicial officer may at any time amend the order to impose additional or different conditions of release."

7.     The court should tailor Mr. Tew's release so that it is "subject to the least restrictive further condition, or combination of conditions … that will reasonably assure the appearance of the person as required and the safety of any other person and the community…" 18 U.S.C. § 3142(c)(1)(B).

8.     Continuation of the GPS/curfew condition is both unnecessary and unduly restrictive.

9.     Mr. Tew poses no risk of flight whatsoever.

- Since his release nearly 7 months ago, Mr. Tew has been consistently monitored by the U.S. Probation Office and has complied fully with all conditions of his release. The fact that Mr. Tew has made no attempt to go anywhere over such a long period of time creates a strong presumption that he does not pose a risk of flight.

- Mr. Tew has significant ties to the community. He is a native of Denver. His parents and two siblings reside in the area. He has resided at the same address with his wife and two children, twin

3

six-year-old daughters, for approximately 5 years. His daughters are enrolled in school in Denver.

- Further, one of Mr. Tew's daughters, Zivah, suffers from Sensory Processing Disorder. She is non-verbal, has extensive special needs, and is greatly reliant on stability. To leave the area and uproot her would be highly detrimental to Zivah and unthinkable to Mr. Tew.
- Mr. Tew has a bachelor's degree and an MBA from NYU. He has the ability to earn a living and throughout his adult life has been consistently employed. While maintaining employment in the business world has undoubtedly been more difficult in light of the pending charges, Mr. Tew has done his best to remain productive.
- It appears that the reason the home detention/GPS/curfew conditions were imposed initially was the belief that Mr. Tew had access to funds and a desire to flee the country. Neither of these notions are accurate. Mr. Tew has no assets and is represented by court-appointed counsel. His conduct while being supervised since July 9, 2020 is indicative of a desire to remain and face the pending charges.

- Finally, Mr. Tew has surrendered his passport and it would be nearly impossible for him to leave the United States even if he were so inclined. He is not.

10. Mr. Tew does not pose any risk to the safety of any other person or the community.

- Mr. Tew is 41 years old and has no prior criminal history and no history of violence whatsoever.

- Mr. Tew has no history of drug or alcohol abuse.

- The charges in this case are financial crimes that do not involve any allegations of violence. The charges do not even evidence a significant risk that Mr. Tew presents a financial risk to members of the public at large. The charged offenses concern a single alleged victim who formerly employed Mr. Tew. Mr. Tew would have no opportunity to commit similar acts while on bond.

- To the extent that protecting the public from financial crimes is an objective in crafting Mr. Tew's bond condition, the Court has already imposed significant financial conditions, supervised by Probation, in connection with Mr. Tew's release. The 9:00 p.m.

curfew and GPS monitor do nothing to further the goal of protecting the public from financial harm.

11. The GPS/curfew condition is unduly restrictive and causes unnecessary hardship to Mr. Tew and his family.

- While Mr. Tew is presumed innocent of the charges against him, the use of a visible ankle monitor carries with it the obvious and significant social stigma of criminal activity.

- As mentioned above, Mr. Tew has two six-year-old daughters, one of whom suffers from a significant Sensory Processing Disorder. Mr. Tew is an active and involved parent, and the needs of his daughters are not always compatible with the inflexible nature of a 9:00 p.m. curfew. Mrs. Tew does not drive, and Mr. Tew is unable to leave the apartment after 9:00 p.m. in the event the family needs something from the store such as an emergency food item or medicine, or even if the girls need physical activity.

- Mr. Tew is an avid swimmer who swam competitively in high school and college. Swimming is historically the primary source of physical activity and exercise for Mr. Tew, however, since his release on bond in this case he has been unable to swim due to

6

the electronic monitor on his ankle. Further, swimming and water play is an important form of therapy for Zivah, and Mr. Tew is unable to participate with her in this important developmental tool.

12. Undersigned counsel has conferred with AUSA Hetal Doshi concerning this request. Ms. Doshi indicated that in light if the new Indictment, the government seeks a continuation of the bond conditions currently in place and does not seek a return to home detention. The government objects to the modification requested herein.

WHEREFORE, Mr. Tew respectfully requests that the Court modify the conditions of his release to eliminate the requirement of a 9:00 p.m. curfew with GPS monitoring.

Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888; Fax 303-863-8888
tward@mswdenver.com

Dated:   February 5, 2021

7

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, February 05, 2021, I electronically filed the foregoing **MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

                                              s/Thomas R. Ward
                                              Thomas R. Ward