UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL AARON TEW,**<br>**KIMBERLEY ANN TEW, and**<br>**JONATHAN K. YIOULOS**<br>                        Defendants. | 20-CR-00305-DDD<br><br>UNOPPOSED MOTION FOR A 180-DAY ENDS OF JUSTICE CONTINUANCE UNDER<br>18 U. S. C. § 3161(h)(7) |

Under 18 U.S.C. § 3161(h)(7) Defendants' Michael Aaron Tew and Kimberly Ann Tew ("Defendants") hereby move this Court for a 180-Day Ends of Justice Continuance changing the current trial date from April 19, 2021 to October 18, 2021. This is the first continuance request by Defendants Mr. and Mrs. Tew. Defense counsel has conferenced with the Government and Defense Counsel for Co-Defendant Jonathan K. Yioulos, and they do not oppose this request.

## Background

On February 3, 2021, the Government filed its Indictment against Defendants.[1] On February 11, 2021 this Court set a trial date of April 19, 2021.[2] The Court also ordered motions due by March 12, 2021 with responses due by March 17, 2021, and excluded nineteen days from Mr. Tew's Speedy Trial Clock.[3] Defendants are currently out on bond under pre-trial supervised release.

## Legal Standard

The Speedy Act requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later.[4] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[5] Certain periods of delay are excluded under the Speedy Trial Act and do not count toward the 70-day "Speedy Trial Clock."[6] 18 U.S.C. § 3161 (h)(7) allows for periods of delay that "shall be excluded in computing the time . . . within which the trial of any ... offense must commence."[7] This excludable delay occurs when a court finds that "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."[8] Courts routinely grant ends of justice continuances in cases like this.[9]

---

[1] (*See* Indictment, Dkt. No. 83.)
[2] (*See* Order Setting Trial Date, Dkt. No. 101.)
[3] (*Id.*)
[4] *Id*. at 5-6; 18 U.S.C. § 3161 (c)(1).
[5] *See e.g., United States v. Nemecia-Garcia*, No. 14-cr-00144-CMA, 2016 U.S. Dist. LEXIS 197426, p. 5 (D. Colo. Feb. 12, 2016) (citing *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993)).
[6] *See* 18 U.S.C. § 3161 (h)(1) - (8).
[7] *See* 18 U.S.C. § 3161 (h)(7).
[8] *See* 18 U.S.C. § 3161 (h)(7).
[9] *See e.g., United States v. Hopson*, No. 12-cr-00444-LTB, 2014 U.S. Dist. LEXIS 9248, at *4 (D. Colo. Jan. 17, 2014).

## Continuance Grounds

This is a complex case involving sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants and a large volume of yet to be produced discovery regarding financial transactions likely requiring forensic analysis. Undersigned counsel was just retained in this case and has begun negotiations with the Government regarding a potential protective order and the production of discovery. In these discussions the Government has informed the Defendants that this is a "document disclosure extensive" matter on the Discovery Conference Memoranda.[10]

These factors, listed below with others, justify an ends of justice continuance of 180 days so Defendants can properly prepare a complete defense:

1. On February 7, 2021, Defendants Mr. and Mrs. Tew hired undersigned defense lawyer. As such, newly appointed defense counsel needs time to adequately prepare for trial. The Indictment has sixty counts involving conspiracy, wire fraud, money laundering, and failure to file taxes, split between three co-defendants. All Defendants were jointly charged in the conspiracy count and in seven wire fraud counts. Mr. and Mrs. Tew were jointly charged in another four money laundering counts. Ms. Tew was charged alone in one money laundering count, while Mr. Tew was charged individually with multiple wire fraud and failure to file income tax counts.

2. Defense counsel is still negotiating the protective order with the Government regarding voluminous discovery, which the Government has indicated it will produce when a protective order is in place. The need to review and analyze this large volume of yet

---

[10] (*See e.g.*, Discovery Conference Memorandum for Michael Aaron Tew, Dkt. No. 91.)

unproduced discovery makes it unreasonable to expect adequate preparation by Defendants, despite due diligence, for trial on April 19, 2021.

3. Defense counsel for Mr. and Mrs. Tew has been working with Mr. Tew's former counsel in the transfer of over 100 GB of data to undersigned counsel which needs to be reviewed.

4. The Government has informed Defendants that the discovery they are withholding in lieu of a protective order also contains many documents of a sensitive nature with tax information, PII, as well as banking information containing records from more than ten financial institutions, many of which have records related to multiple bank accounts over multiple years, along with other financial records. The Government generally estimates at this time that this discovery will consist of in excess 150,000 documents, in excess of 150,000 additional pages, and many gigabytes of electronic data. Therefore, defense counsel will need time to adequately protect, process, and redact the discovery as necessary.

5. Defendants Michael Aaron Tew and Kimberley Ann Tew have been charged jointly and are represented by the same undersigned counsel. A Federal Rule of Criminal Procedure 44 hearing is currently scheduled for March 18, 2021. Depending on the outcome of the Rule 44 Hearing, one or both of the Tew's may need to find new counsel, something that will require time.

6. The Coronavirus Disease (COVID-19) pandemic has also crippled the state of Colorado, the United States and the world. Beginning on March 13, 2020, Chief Judge Philip A. Brimmer entered a series of orders concerning court operations and prohibiting trials in all but certain tightly controlled selected cases. On February 12, 2021, General Order

2021-3 made effective, as of March 1, 2021, that all civil and criminal jury trials scheduled to commence before any district or magistrate judge in any courthouse in the District of Colorado are continued subject to further order of the presiding judicial officer, with the exception of certain pilot trials as authorized by the chief judge.[11] In Denver, the county Covid-19 status is at "Concern" which is higher than the their "Caution" standard.[12] According to the C.D.C., the level of community transition of Covid-19 in Colorado counties ranges in the "substantial" to "high" range, with Denver being listed in the "high" range.[13] COVID restrictions and related concerns will make it difficult for defense counsel to communicate in person and will require less efficient communication through telephone calls or videoconferences.

## Conclusion

For the reasons stated above this Court should enter an order continuing this case until October 18, 2021.

---

[11] *See* http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2021-3_Court_Operations.pdf. (last accessed March 11, 2021).
[12] *See* https://covid19.colorado.gov/data/covid-19-dial-dashboard. (last accessed March 11, 2021).
[13] *See* https://covid.cdc.gov/covid-data-tracker/#county-view (last accessed March 11, 2021).

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
tor@torekeland.com

*Attorney for Defendants Michael Tew and Kimberley Tew*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE.

I hereby certify that on Thursday, March 11, 2021, I electronically filed the foregoing UNOPPOSED MOTION FOR A 180-DAY ENDS OF JUSTICE CONTINUANCE UNDER 18 U. S. C. § 3161(h)(7) with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

/s/ Tor Ekeland