UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLORADO
_____

UNITED STATES OF AMERICA

                Plaintiff,

      v.

MICHAEL AARON TEW, JONATHAN K.
YIOULOS, and KIMBERLEY ANN TEW,

                Defendants.
_____

Case No. 20-cr-00305-DDD

**MOTION TO RESTRICT ACCESS TO DOCUMENT**

    Undersigned counsel hereby moves under Local Criminal Rule 47.1(c) to restrict access to the declaration filed in support of my motion to withdraw as counsel to Michael Tew and Kimberley Tew in this action which is entered on the docket as Document Number 162. As set forth in my motion to withdraw as counsel, I seek leave to withdraw from the representation under Rule 1.16 of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7), and for Mr. and Mrs. Tew to be appointed counsel under the Criminal Justice Act. The detailed information provided in the declaration supporting my motion to withdraw should be limited to the Court's review because it implicates the attorney-client relationship and client confidences. Disclosure of this sensitive information to the government or to the public may prejudice Mr. Tew in connection with this case. The motion to withdraw is based on Mr. and Mrs. Tew's failure and inability to comply with the financial terms of the engagement agreement that render the representation unreasonably difficult. Neither the government nor the public at large have any legitimate or meaningful interest in accessing the more detailed, specific information concerning those issues that is contained in that declaration.

Accordingly, I respectfully request that the declaration filed as 163 on the docket in this case be accorded a Level 3 restriction, limiting access to the filing party and the Court. See, e.g., Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 464 F. Supp.2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."); Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC, 219 F. Supp.3d 155, 159 (D.D.C. 2016) (granting motion to file documents supporting motion to withdraw as counsel under seal without disclosure to any party because "[t]he redacted materials pertain to the attorney-client relationship . . . and assist the Court in considering Moving Attorneys' motion to withdraw"); Thekkek v. Lasersculpt, Inc., 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to file documents in support of attorney's motion to withdraw over opposing counsel's objection where the "confidential information they contain pertains only to the attorney-client relationship," the basis of the motion was a fee dispute, and "Plaintiffs have not articulated a legitimate interest in learning the specifics of the fee dispute.").

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY 10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY 10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and Kimberley Tew*