

Tor Ekeland
Managing Partner

(718) 737-7264
tor@torekeland.com

**VIA EMAIL AND FEDEX**

Matthew T. Kirsch
Acting United States Attorney
District of Colorado
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
matthew.kirsch@usdoj.gov

Hetal J. Doshi
Assistant United States Attorney
District of Colorado
hetal.doshi@usdoj.gov

Andrea L. Surratt
Assistant United States Attorney
District of Colorado
Andrea.Surratt@usdoj.gov

**Re:** *United States v. Tew et al.*, 20-CR-00305-DDD - iCloud Search Warrant Return

Dear Mr. Kirsch,

      As you know, the unencrypted iCloud search warrant return for your search warrant dated September 22, 2020 (Bates No. 00000087, the "Search Warrant") in the above-referenced matter contains communications protected by the attorney-client privilege. You have not used an independent taint team to review the massive amount of material acquired through your warrant, much of which is beyond its scope. Our understanding is that your investigative team has had full access to the unfiltered Search Warrant return and has conducted its review without filtering for privilege, as you are required to do. This may have irreparably tainted this investigation by violating our clients' rights. Additionally, the scope of the Search Warrant is overbroad and reads like a general warrant. You appear to be on a fishing expedition. Worse, you have ignored the specific commands of the Search Warrant.

      The Search Warrant requires that a taint team or "filter team" be appointed if attorney-client privileged communications are in the search. That filter team must contact defense counsel. The independent filter team must be disconnected from any other aspect of the investigation to relieve it from any taint. It has been months since the government



received the Search Warrant return from Apple, Inc. To date, no one from an independent filter team has contacted us. The Search Warrant is explicit about this requirement:

> If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.[1]

You've stated that there was no basis to believe that the materials in the iCloud search warrant return implicated the attorney-client privilege. But this was an obvious possibility. The iCloud account kley@me.com is Mrs. Tew's primary communication tool with her attorneys and the rest of the world. It contains detailed records of her personal life. An iCloud account, including emails, instant messages, electronic files, location data, internet activity, and all other information stored on iCloud, is the home of a person's online identity. Apple requires an iCloud account for many of its services. Mrs. Tew was on notice that the government was investigating her after you arrested her husband. It is foreseeable, indeed highly likely, that she would consult an attorney and that attorney-client privileged communications would exist in her iCloud account. And she did, multiple times. Yet, your investigation included all her communications, including those she made after she learned of the government's investigation. From the outset, there was a reasonable possibility that the materials in the iCloud search warrant return would implicate an

---

[1] Search and Seizure Warrant, 20-SW-01115-SKC, (Sept. 22, 2020) Attachment "B", Pg. 7.



attorney-client privilege held by Mrs. Tew. Without an appropriate taint protocol in place, the risk continues if the taint is not yet irreparable.

There are considerable discrepancies between the Search Warrant's taint procedure and your review as you explained it to us in your July 7, 2021, letter.[2] Despite a reasonable possibility that privileged communications existed on the iCloud Return, the government's prosecution team began reviewing the unencrypted portion of the iCloud Return upon receipt. Even after encountering privileged communications, Special Agents Lisa Palmer and Sarah Anderson, the FBI Agents assigned to this case, resumed investigating the seized materials in July 2021.[3] This violates the Search Warrant's explicit order.

The government cannot shift the burden to the defense by simply asking for a targeted name list of potentially privileged communicators. Given the vast universe of an iCloud return, the defense cannot foresee every situation and provide a magic list of filter terms to eliminate the problem. The solution is an independent taint review team, something you have not done.

At this juncture, it seems to us a Special Master is necessary to review these issues. Before we move the Court for one, we are open to discussing this issue once more. Given that we haven't had substantial time to discuss the intricacies of the case and its problematic nature for you, I am willing to fly out to meet in Denver if a block of time can be carved out. I am also free to talk on the phone or meet via videoconference.

Nothing in this letter constitutes a waiver of any type, particularly with regard to the marital privileges held by Michael and Kimberley Tew.


Sincerely,

Tor Ekeland

---

[2] Letter from Matthew T. Kirsch, Acting United States Attorney, District of Colorado, to author (July 29, 2021) (on filed with author).
[3] *Id*. Pg. 2.