IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
    **Kimberley Vertanen,**

     Defendants.

---

### MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order imposing the sanction of dismissal on the government for violating Defendants' attorney-client, marital, accountant-client, and doctor-patient/medical privileges. As grounds in support of their motion, Defendants state as follows:

1.    The United States Department of Justice, acting through the Federal Bureau of Investigation and the U.S. Attorney for the District of Colorado conducted the investigation and prosecution of this case. They are assisted by the United States Department of the Treasury acting through the Internal Revenue Service (the "Prosecution Team").

2.    In the preparation and conduct of this case, the Prosecution Team obtained communications from the Defendants' electronically stored records as described in a previously filed motion to suppress. (Doc. 200). The quantity of information obtained by the government is enormous and most of it has little or no connection to the alleged criminal conduct.

3.      Embedded in this large quantity of data are communications with lawyers, doctors, accountants, and marital spouses. These communications are currently possessed by the government and stored in its hard files and computers.

4.      Prior counsel for the Tews, Mr. Ekeland, raised the issue of the seizure of attorney-client communications in Kimberley Tew's iCloud account with government counsel.  He asserted that the materials seized by search warrants were tainted and the government should cease its review of that data.

5.      In response, the U.S. Attorney determined it would create a "taint team" or "filter team" of walled-off prosecutors and staff to find and remove attorney-client communications.  However, this "taint team" was not implemented until March of 2022, some fifteen months after the government obtained the stored communication data.

6.      Moreover, the privilege review was limited to attorney-client communications only. It does not include marital communications, medical communications, or accountant communications.

7.      Previous counsel objected to using prosecutors from the U.S. Attorney Office to make such a review and insisted on the use of a special master instead.  The defense cited to the prosecution the Fourth Circuit case of *United States v. Under Seal (In re Search Warrant Issued June 13, 2019),* 942 F.3d 159, 176 (4th Cir. 2019).  The Court of Appeals in that case held that the magistrate judge was wrong to authorize the prosecution's filter team protocol because the determination of a dispute about the attorney-client privilege or work-product doctrine is a judicial function, not an executive function.

8.      *In re Search Warrant* involved a criminal investigation of a law firm's partner and a client represented by the partner. The law firm challenged the government's use of a "Filter Team" created *ex parte* by a magistrate judge, comprised of federal agents and prosecutors — to inspect privileged attorney-client materials seized from the law firm during the execution of a search warrant issued by the magistrate judge. 942 F.3d at 164. Invoking the attorney-client privilege and the work-product doctrine, the law firm sought

and received an injunction prohibiting the government from reviewing the seized materials. The appellate court determined that:

> [U]se of the Filter Team is improper for several reasons, including that, inter alia, the Team's creation inappropriately assigned judicial functions to the executive branch, the Team was approved in ex parte proceedings prior to the search and seizures, and the use of the Team contravenes foundational principles that protect attorney-client relationships.

*Id*. at 164.

9.      While *In re Search Warrant* involved injunctive relief, the government here has already indicted Michael and Kimberly Tew based upon execution of the warrants that violated nearly every privilege known in the law.  One of the purposes of the exclusionary rule is  deterrence.  *See Elkins v. United State*s, 364 U.S. 206, 217 (1960) (purpose of exclusionary rule "is to deter -- to compel respect for the constitutional guaranty in the only effectively available way -- by removing the incentive to disregard it"); *see also United States v. Shrum*, 908 F.3d 1219, 1233 (10th Cir. 2018) (purpose of the exclusionary rule "is to deter future Fourth Amendment violations") (quoting *Davis v. United States*, 564 U.S. 229, 236–37 (2011)).

10.      In this case the horse is out of the proverbial barn. Privileged communications have been reviewed by an executive branch group of lawyers, law enforcement agents, and paralegals, and who knows whom else.  Mere suppression of the use of privileged information by the government here is insufficient. Suppressing evidence obtained in violation of privileges the government may not use at trial is no remedy at all, for the government already has breached the privileges and reviewed privileged information. This is undisputable, as the government has provided some of the seized privileged communications in discovery.

11.      Additionally, sanctions are necessary to preserve judicial integrity. As Justice Brandeis explained:

> In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it

> breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means -- to declare that the Government may commit crimes in order to secure the conviction of a private criminal- -- would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face.

*Olmstead v. United States*, 277 U.S. 438, 485 (1928) (Brandeis, J., dissenting).

12.     Dismissal, rather than exclusion of evidence, is the appropriate sanction in this case. It is well established that courts may order dismissal under the court's supervisory powers to sanction prosecutorial misconduct. *See Doggett v. United States*, 505 U.S. 647, 657-58 (1992); *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979); *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978); *United States v. Houghton*, 554 F.2d 1219, 1224 (1st Cir. 1977); *United States v. McCord*, 509 F.2d 334, 349 (D.C. Cir. 1974)).   The court's authority to dismiss an indictment under its supervisory powers was recognized by Judge Black in *United States v. Omni International Corporation*, 634 F. Supp. 1414 (D. Md. 1986):

> Repeated instances of deliberate and flagrant misconduct justify dismissal of the indictment. . . . Court decisions emphasize the unifying premise in all of the supervisory power cases – that although the doctrine operates to vindicate a defendant's rights in an individual case; it is designed and invoked primarily to preserve the integrity of the judicial system. The Court has particularly stressed the need to use the supervisory power to prevent the federal courts "from becoming accomplices to such misconduct." . . . It simply is wrong for Government personnel to act as they have done here. This type of conduct cannot and must not be condoned; in fact it must be strongly condemned.

*Id.* at 1438-39 (internal citation omitted) (quoting *United States v. Payner*, 447 U.S. 727, 745 (1980)).  *See also United States v. Chapman*, 524 F.3d 1073, 1084-88 (9th Cir. 2008), (upholding district court's dismissal of a criminal prosecution after prosecution failed on three occasions to turn over impeachment material in a timely manner).

13.     Not only should the case be dismissed under the Court's supervisory powers doctrine, it should be dismissed under the Fifth Amendment's Due Process Clause. *See United States v. Lyons*, 352 F. Supp. 2d 1231, 1251-52 (M.D. Fla. 2004) (finding a due process violation, dismissing the remaining counts of the indictment, and refusing to order a new trial because of the government's multiple and flagrant *Brady* and *Giglio*

violations); *United States v. Wang*, No. 98 CR. 199 (DAB), 1999 WL 138930, at *37 (S.D.N.Y. Mar. 15, 1999) (finding a due process violation and dismissing an indictment due to the government's failure to provide defense counsel with "material information" until the "eve of trial," and its delay in disclosing that its key witness was unavailable and would not be called to testify).

14.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendants request an order of Court dismissing the indictment as the sanction to the prosecution for violation of communication privileges.

Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael A. Tew and Kimberley A. Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley A. Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>*s/ Jeannette Wolf*_____</u>
Jeannette Wolf, Paralegal