IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
Kimberley Vertanen,**

 Defendants.

---

**MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF
3222 EAST FIRST AVENUE, APARTMENT 224**

---

  Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order suppressing evidence derived from the search of 3222 East First Avenue, Apt. 224. As grounds in support of this motion, Mr. and Ms. Tew state to the Court as follows:

  1. On July 31, 2020, Sarah Anderson, a special agent with FBI, applied for a search warrant to the United States District Court for the District of Colorado assigned to Magistrate Judge Michael E. Haggarty. Attached to this application was her description of items to be searched and seized and her affidavit. The application and affidavit are attached as **Exhibit A**.

  2. That same day, July 31, 2020, Magistrate Judge Haggarty issued a search and seizure warrant for 3222 East First Avenue, Apt. 224, Denver, Colorado and authorized seizure of items in an attached Exhibit B to the warrant. The search and seizure warrant and Attachments A and B to the warrant are attached as **Exhibit B** to this motion.

3. According to the description of items to be searched and seized (Attachment B to the warrant) the government was seeking to seize two cloth bags one bearing the label of Wells Fargo and an Apple iPhone device for phone number (917) 446-2046.

4. Although the affidavit submitted in support of the search warrant contains 60 separate paragraphs, the only paragraphs making any mention of the two cloth bags one bearing the label Wells Fargo and one for an unidentified bank are found in paragraphs 40 and 41.

5. Paragraph 40 of the affidavit is based on what Michael Tew is alleged to have stated. The paragraph does not relate when he is alleged to have made these statements, to whom he was alleged to have made the statements, and under what circumstances he was alleged to have made the statements.

6. Paragraph 41 describes a photo taken on July 4, 2020 at an ATM at a Navy Federal Credit Union and an alleged statement from July 28, 2020 concerning a Wells Fargo branded cloth bag stored at his shared apartment with Defendant Kimberley Tew.

7. Other than these two paragraphs, there is no statement linking the two cloth bags to any fraudulent transaction related to the crime under investigation concerning proceeds from National Air Cargo. There is no nexus between the bank bags, the residence, the criminal conduct, or the proceeds or evidence of criminal conduct.

8. Nevertheless, the government seized a black Wells Fargo bag and a green Guaranty Bank and Trust Company bag during the search. *See* receipt for property, **Exhibit C** attached.

9. The seizure of the two banking bags was illegal as a violation of the Fourth Amendment rights to be free from unreasonable searches and seizures especially in a subject's home. There was not nexus between the home and bank bags.

10. In United States v. Rowland, 145 F.3d 1194,1203-04 (10th Cir. 1998) the court set forth the requirement for a nexus. In that case the Court held:

> Probable cause undoubtedly requires a nexus between [the contraband to be seized or] suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990); *see also Dennis*, 115 F.3d at 530; 2 LaFave, *supra*, § 3.7(d). Probable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the person's home to the suspected criminal activity. *See Hendricks*, 743 F.2d at 655; *see also United States v. Lalor*, 996 F.2d 1578, 1582-83 (4th Cir. 1993) (stating "residential searches [are] upheld only where some information links the criminal activity to the defendant's residence").

*See also, United States v. Knox,* 883 F.3d 1262, 1277 (10th Cir. 2018).

11. The government did not seize the Apple iPhone device for phone number (917) 446-2046 pursuant to the search warrant issued by Magistrate Judge Haggarty.

12. When the agents arrived at the apartment, Michael Tew was there, but not Kimberley Tew. Michael Tew immediately showed the agents the two bags. He told the agents that Ms. Tew was not there. He told the agents she had the iPhone.

13. During the search, the agents conducting the search were told and, therefore, knew, that Kimberley Tew and the iPhone with number (917) 446-2046 was not in the apartment. They knew this because Michael Tew called his wife on that phone number while the agents were conducting the search.

14. The government did, however, search the apartment in its entirety, including all the rooms in the apartment, the drawers in the apartment, the closets in the apartment, and took pictures of their search.

15. The agents took photographs of every room, closet, and drawer in the apartment, consisting of approximately 109 photographs. They documented this photographic seizure of what they saw during the search on a photographic log. The photographic log is attached as **Exhibit D**.

16. The agents did not have authority pursuant to the search warrant to seize photographic images of the apartment, and the seizure of those photographic images exceeded the scope of the warrant issued by Magistrate Judge Haggarty.

17. As a result of the illegal seizure of photographic images of the apartment, the government intends to use those photographs at the trial of this case.

18. Accordingly, the Defendants request that this Court enter an order suppressing the 109 photographs taken at 3222 East First Avenue, Apartment 224.

19. The Affidavit failed to establish was probable cause for the search and seizure of the items seized, and the photographs taken, within the apartment, and in executing the warrant law enforcement officers exceeded the scope of the search authorized by the warrant. *See Coolidge v. New Hampshire,* 403 U.S. 443, 467 (1971) (the warrant requirement has two distinct purposes: probable cause and limited scope). *See also Cassady v. Goering*, 567 F.3d 628 (10th Cir. 2009); *Mink v. Knox,* 613 F.3d 995, 1003 (10th Cir. 2010) (constitutional warrants must meet three conditions).

20. Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendants, Michael A. Tew and Kimberley A. Tew, requests this Court enter an order suppressing evidence derived from the search of 3222 East First Avenue, Apt. 224.

Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and Kimberley Tew*

### Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*

### Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley Ann Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF 3222 EAST FIRST AVENUE, APARTMENT 224** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal