IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW;

2. KIMBERLEY ANN TEW,
    a/k/a Kimberley Vertanen

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

Defendants Michael A. Tew and Kimberley A. Tew move to dismiss the case against them as a sanction for the government's alleged violation of Defendants' "attorney-client, marital, accountant-client, and doctor-patient/medical privileges."(Doc. 214.) I do not find it necessary to reach the merits of their argument—Defendants have not sufficiently demonstrated that the extraordinary remedy of dismissal or other sanction is warranted, so the motion is denied.

The defendants' motion stems from communications obtained via warrant from Mr. and Ms. Tew's electronically stored records (Doc. 214 ¶2.) Defendants maintain that communications with lawyers, doctors, accountants, and spouses are embedded in this data. At some point, one of Defendants' prior counsel agreed to the use of a filter team of walled-off prosecutors and staff to find and remove attorney-client communications from some of this data. Later counsel objected to this arrangement. The government and the objecting counsel arranged to

- 1 -

meet, but counsel abruptly withdrew from representation. At that point the government paused execution of its warrant. The defendants argue that the government's extensive access to Defendants' communications, privileged and unprivileged, constitutes prosecutorial misconduct that should be sanctioned by dismissal. The government provides evidence that it has worked diligently with the defendants' multiple attorneys to ensure that privilege is protected and that the defendants have input and control over the filter process. (Doc. 234 ¶2.) Defendants' prior counsel, Mr. Ekeland, and current counsel refused to identify what communications they believed to be protected by privilege. They instead maintained that the use of a government filter team in general is entirely unacceptable and irredeemable, despite failing to provide any case law to support such a broad position.

Federal courts may order the dismissal of an indictment as a sanction for prosecutorial misconduct. The power to dismiss indictments stems from two sources: (1) constitutional error that interferes with the independence and integrity of the grand jury; (2) the court's supervisory powers. *See, e.g.*, *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992); *United States v. Slough*, 679 F. Supp. 2d 55 (D.D.C. 2010) ("Under its supervisory powers, the court may dismiss an indictment with prejudice as a sanction for prosecutorial misconduct…It is clear, however, that the court may exercise this authority only in extreme circumstances." (internal citations omitted).

Defendants argue for dismissal on the basis of both constitutional error and my supervisory powers, but only point to vague allegations of violation of communications privileges. Dismissal of an indictment as a sanction should only be used in extraordinary circumstances. *See, e.g.*, *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988) ("The supervisory authority of the district court includes the power to impose

the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant."). Defendants do not note if they seek dismissal with or without prejudice. Regardless of the type of dismissal, the Tews must demonstrate that they were prejudiced by the government's misconduct. *See, e.g.*, *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S. Ct. 2369, 101 L. Ed. 2d 228 (1988) (holding that generally district courts may not dismiss an indictment for errors in grand jury proceedings unless the errors were prejudicial); *United States v. Isgro*, 974 F.2d 1091, 1094 (9th Cir. 1992), as amended on denial of reh'g (Nov. 25, 1992) ("Before it may invoke this power, a court must first find that the defendant is actually prejudiced by the misconduct. Absent such prejudice—that is, absent " 'grave' doubt that the decision to indict was free from the substantial influence of [the misconduct]"—a dismissal is not warranted."); *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) ("A court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice and where no lesser remedial action is available[.]") (internal citations omitted) (internal quotation marks omitted).

Defendants have not met their burden. Apart from general dismay about the amount of information the government's filter team has access to, Defendants provide no concrete information that indicate the government's use of a filter team for attorney-client privilege, and non-filtering for marital communications, physician-patient communications, and accountant-client communications have materially prejudiced the defendants. The government has attempted to work with the defendants and their counsel to involve them in the filter process. The government attempted to set up meetings, paused their execution of warrants, and solicited input from Defendants in an attempt to ensure

- 3 -

privilege would not be violated. Defendants provide no evidence to the contrary and have not explained how they have been prejudiced by the government's handling of the Tews's digital information. They seem to argue that they cannot explain how they were prejudiced because the materials the government provided to them are too voluminous for Defendants to flag violations of communications privileges. (Doc. 245.) I am not persuaded by the argument that the government should be punished because it would be overly resource-intensive for the defendants to meet their legal burden.

Even if plaintiffs had shown prejudice, the motion would be denied. Filter teams are generally considered an acceptable mechanism by which to find and remove attorney-client communications. *See, e.g.*, *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1249 (11th Cir. 2021), cert. denied sub nom. *Korf v. United States*, No. 21-1364, 2022 WL 4651429 (U.S. Oct. 3, 2022) ("The Second, Third, Fourth, Seventh, Eighth, Ninth and Tenth Circuits, at least in some cases, have also either approved of or recognized and declined to criticize the use of government filter teams to screen materials for privilege before items are released to the investigators in the case."). The cases that Defendants cite, which are highly critical of filter teams, do not hold that the use of filter teams is *per se* unconstitutional. *See In re Search Warrant*, 942 F.3d 159 (4th Cir. 2019), as amended (Oct. 31, 2019); *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006). A blanket objection to the use of government filter teams is not tenable, particularly when undertaken with the apparent approval of Defendants' counsel at the time. Second, the party claiming attorney-client privilege bears the burden of showing that the privilege applies to the communications at issue, which the defendants have not done. *See In re Grand Jury Proc.*, 156 F.3d 1038, 1042 (10th

Cir. 1998). Third, Defendants invoke a blanket physician-patient privilege, but only cite cases that discuss limited exceptions. *See Jaffee v. Redmond,* 518 U.S. 1, 10 (1996) (recognizing psychotherapist-patient privilege and distinguishing from physician-patient relationship); *Kerns v. Bader*, 663 F.3d 1173, 1184 (10th Cir. 2011) (acknowledging that a patient has a privacy interest in medical records held by a third-party medical services provider). Fourth, Defendants have not convincingly rebutted the government's contention that the marital communication privilege is evidentiary, and marital communications may be used by the government outside of the courtroom. Fifth, Defendants invoke accountant-client privilege despite the Supreme Court's pronouncement that "no confidential accountant-client privilege exists under federal law, and no state created privilege has been recognized in federal cases." *Couch v. United States*, 409 U.S. 322, 93 S. Ct. 611, 61934 L. Ed. 2d 548 (1973). Defendants have not demonstrated that the government's use of a filter team is inappropriate, or that the government had an obligation to filter for communications outside of the scope of attorney-client privilege.

Defendants state in their motion that dismissal is the only appropriate sanction and suggest no alternative penalty. (Doc. 214 ¶12.) At the hearing they suggested they would be willing to accept a sanction of suppression of the government's largest seized tranche of e-mails and text messages. They have demonstrated neither prosecutorial misconduct nor prejudicial effect. Dismissal of the indictment is thus inappropriate, as is the lesser sanction of suppression.

## CONCLUSION

Mr. and Ms. Tew's Motion for Sanctions for Violating Communications Privileges (Doc. 214) is DENIED as explained above.

DATED: October 27, 2022          BY THE COURT:

                                                    _____
                                                    ~~Daniel~~ D. Domenico
                                                    United States District Judge