# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

(1) MICHAEL AARON TEW; and
(2) KIMBERLY ANN TEW, a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

      Defendants.

## ORDER REGARDING MOTION FOR SUBPOENA

Defendants Michael Aaron Tew and Kimberley Ann Tew have filed a motion seeking ex parte leave to serve a subpoena pursuant to Federal Rule of Criminal Procedure 17(c). (Doc. 266.) For the following reasons, the defendants' request to subpoena National Air Cargo and Christopher Alf is granted.

## BACKGROUND

The Tews' charges stem from an alleged scheme to defraud National Air Cargo, a Florida company at which Mr. Tew served as a contracted chief financial officer between 2015 and 2018. Between August 2018 and July 2020, Mr. Tew allegedly conspired with Ms. Tew and others to defraud National Air Cargo of more than $4 million. Mr. Tew was arrested on July 8, 2020 pursuant to a Criminal Complaint (Doc. 1) and arrest warrant (Doc. 2) issued the same day. Mr. and Ms. Tew were later indicted on February 3, 2021 on numerous counts stemming from the conspiracy. (Doc. 84.) On November 15, 2022, Mr. and Ms. Tew filed a

motion requesting permission to issue an ex parte subpoena on National Air Cargo and its owner, Christopher Alf, for the production of documents.[1] (Doc. 266.)

## DISCUSSION

### I. Propriety of Ex Parte Subpoena Motions

"[N]o controlling authority exists as to the propriety of ex parte applications for subpoenas *duces tecum*, pursuant to [Federal Rule of Criminal Procedure] 17(c)," and district courts in this Circuit and others have split on the issue. *United States v. Gonzales*, No. 10-cr-00396-CMA, 2010 WL 4683880, at *3 (D. Colo. Nov. 10, 2010); *see also United States v. Fox*, 275 F. Supp. 2d 1006, 1009-12 (D. Neb. 2003) (discussing split of authority and collecting cases). Generally, the scheme of Rule 17(c), which provides that "the court may permit the parties and their attorneys to inspect" the documents produced in response to a subpoena, "clearly suggests . . . that litigation concerning issuance of and compliance with subpoenas *duces tecum* be conducted upon notice, and not in secret." *United States v. Urlacher*, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991); *accord United States v. Hargrove*, No. 11-cr-00326-WYD, 2013 WL 3465791, at *3 (D. Colo. July 9, 2013) (citing *United States v. Hart*, 826 F. Supp. 380 (D. Colo. 1993)).

I agree with those courts that have found that Rule 17(c) subpoena motions ordinarily may not be made ex parte, but "a district court [has] discretion on whether to allow ex parte application under certain circumstances," albeit limited circumstances. *Hargrove*, 2013 WL 3465791,

---

[1] Because this motion contains information that the defendants allege includes defense trial strategy and attorney work product, I granted the defendants' request to restrict the motion. (Doc. 269.)

- 2 -

at *4 (citing *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997)).

> In those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant, the ex parte process could be available on a proper showing. . . . [But] a party seeking to proceed ex parte will have to meet a heavy burden to proceed in that fashion.

*Beckford*, 964 F. Supp. at 1030.

The defendants here assert that they filed their Rule 17(c) subpoena motion ex parte because the content of the subpoena will "reveal to the prosecution defense trial strategy and attorney work-product." (Doc. 266 ¶ 4.) The motion may be restricted for this reason (*see* Doc. 269), but I cannot conclude that the subpoena itself will reveal any trial strategy or work product, particularly as the Government will be permitted to inspect the documents produced in response to the subpoena. Accordingly, the subpoena and this Order will not be restricted.

### II.  Motion for Subpoena

> A subpoena may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c). Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."

*Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A party seeking a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). In other words, the party seeking the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700; *accord United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (citing *Nixon*).

The defendants seek to subpoena from Mr. Alf text and email communications between Mr. Tew and Mr. Alf from August 2015 through October 2018. They also seek to subpoena from National Air Cargo documents including audited financial statements, bank statements, Microsoft A/X raw data, invoices, the National Air Cargo company handbook, claims for insurance coverage, and invoices and payments made to specific vendors. The defendants state that the discovery produced by the Government does not include these documents, and that such documents are important to rebut certain prosecution evidence and cross-examine prosecution witnesses. I find that the defendants' subpoena request meets the *Nixon* requirements, and it will be granted.

The defendants request that the subpoenaed documents be produced to their counsel's office rather than to the Court. (Doc. 266 ¶ 11.) This request is inconsistent with the text of Rule 17(c), which provides for the pretrial production of items "in court." And other district courts in this Circuit have found that production to counsel's office is not permissible. *See, e.g.*, *United States v. Begay*, No. CR 14-0747 JB, 2018 WL 401265,

at *8, *13 (D.N.M. Jan. 12, 2018). Unless all parties involved agree otherwise, I will therefore require production to the Court, and, consistent with Rule 17(c), permit the defendants and the Government to inspect the documents produced.

## Conclusion

It is ORDERED that:

The Tews' Ex Parte Motion for Order to Serve Subpoena to Produce (Doc. 266) is GRANTED;

The Clerk of Court is DIRECTED to issue a signed and sealed subpoena to National Air Cargo and Christopher Alf pursuant to Federal Rule of Criminal Procedure 17(c). Unless the defendants, the Government, and the third parties mutually agree upon a different designated place and/or time for production and inspection of the documents, the documents sought by the subpoena must be produced before Nick Richards in the United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, on or before December 19, 2022, at which time the Court will notify the defendants and the Government that the documents are available for inspection. Because the subpoena attached to the defendants' motion (Doc. 266-1) does not list the correct place for production, the defendants must REFILE a corrected subpoena before the subpoena will be issued by the Clerk of Court; and

Any additional motions for orders authorizing Rule 17(c) subpoenas must be filed on or before **December 13, 2022**.

DATED: November 29, 2022         BY THE COURT:

                                                Daniel D. Domenico
                                                United States District Judge