IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

### DEFENDANT MICHAEL TEW'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE TIME FROM THE SPEEDY TRIAL ACT

---

Defendant Michael Aaron Tew ("Mr. Tew") respectfully moves this Court for an Order continuing trial and pre-trial related settings and excluding approximately 329 days from the Speedy Trial Act computations in this case (the "Motion"). In support of this Motion, Mr. Tew states:

**CASE BACKGROUND**

1. On January 31, 2023, undersigned counsel was appointed to represent Mr. Tew pursuant to the Criminal Justice Act.

2. Prior to counsel's appointment, an eight-day trial was previously set by the Court to commence on Monday, March 13, 2023. (Order at Doc. 263.)

3. The Court is authorized by 18 U.S.C. §3161(h)(7) to exclude time limitations set forth in the Speedy Trial Act where the ends of justice served by such delay outweigh the best interests of the public and the defendant in a speedy trial. In reviewing such a request, 18 U.S.C. §3161(h)(7)(B)(I) states that the Court should consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding

impossible, or result in a miscarriage of justice." Additionally, 18 U.S.C. §3161(h)(7)(B)(iv) provides that the Court should consider whether failure to grant such a continuance "would deny counsel for the defendant… the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

4. When considering such a request, "the record must clearly establish that the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 572 F.3d 1262, 1269 (10th Cir. 2009). The record must contain an explanation, not just a conclusory statement, for why the requested continuance is necessary. *See id.* at 1271-72.

5. In *United States v. West*, the Tenth Circuit established four factors for the Court to consider when deciding on such a request : (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

## ARGUMENT IN SUPPORT OF MOTION

6. Because the circumstances of this case satisfy the criteria of both the Speedy Trial Act and *West*, Mr. Tew respectfully requests that the Court vacate current deadlines, exclude approximately 329 days[1] from speedy trial calculations, and set trial in this matter on or about Monday, February 5, 2024.

---

[1] This calculation represents the time elapsed between the prior trial setting, March 13, 2023, and the requested trial setting, February 5, 2024.

*These circumstances satisfy the requirements of 18 U.S.C. §3161(h)(7).*

7. Failure to grant the continuance in this case would result in a miscarriage of justice and would deny newly appointed counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Discovery in this case is exceptionally voluminous. Counsel for the government has received two 2-terabyte hard drives of the discovery in the case, one from the U.S. Attorney's Office and the other from prior counsel containing the work-product of a discovery expert (the late Mr. Richard Demarest) previously assisting with the case. The 60-count Indictment (ECF 83) makes clear that the allegations here are substantial, complicated, and cover a period of several years. What's more, the allegations involve various types of offenses (money laundering, tax charges, and wire fraud) as well as financial transactions (including cryptocurrency).

9. Since his appointment to this matter nearly six weeks ago, undersigned counsel has endeavored to begin learning the case, including the scope of discovery and potential witnesses, and begun to analyze potential motions and defenses. The hearing for one such motion, a *James* motion previously granted by the Court, remains pending, but undersigned counsel cannot yet state with any certainty whether such a hearing will be necessary. As such, in a Joint Status Report filed on March 13, 2023, the parties collectively suggested that the Court extend the parties additional time to determine whether a *James* hearing is necessary and, if so, to schedule a date for such a hearing at that time. Such a schedule, if adopted by the Court, would allow for a *James* hearing to occur prior to the end of calendar year 2023, and a subsequent trial setting to occur in early 2024. It would also allow the parties meaningful time to explore attempts to resolve this case once newly-appointed counsel has reviewed discovery and

advised his client regarding potential defenses.

10. If a continuance of the trial and other deadlines were not granted, a miscarriage of justice would result from counsel being denied the reasonable time necessary for effective preparation. If a continuance were granted, however, counsel believes he would have sufficient time to review and process discovery, investigate and meet with potential witnesses, research any applicable motions, meaningfully participate in discussions with the government to resolve the case, and to prepare for both a *James* hearing and jury trial as necessary.

***The West factors also support a continuance of the trial date.***

11. Likewise, the factors established by the Tenth Circuit in *West* support a continuance of the trial. First, although only recently appointed, undersigned counsel has been diligent in learning about the case, including the scope of discovery and existing deadlines, and concluded that a ends-of-justice continuance in necessary. Rather than rely entirely on tolling provisions related to pending motions, this request for an ends-of-justice continuance is an appropriate mechanism to clarify deadlines under the Speedy Trial Act.

12. Second, if granted, the continuance will accomplish the purposes underlying the request for continuance, that is, to review discovery, properly advise Mr. Tew, and prepare for a *James* hearing and trial as necessary. Counsel currently believes that a February 2024 trial date provides sufficient time to complete these tasks.

13. Third, counsel has conferred with counsel for the government, Assistant U.S. Attorney ("AUSA") Bryan Fields, regarding this Motion. AUSA Fields stated that he is not opposed to this Motion or the requested February 2024 trial date. Counsel has also conferred with Mr. David Kaplan, counsel for co-defendant Kimberley Tew. Mr. Kaplan, who himself was recently appointed to this case, stated that he is not opposed to this Motion or the requested

February 2024 trial date. (Mr. Kaplan filed a similar motion on behalf of his client, co-defendant Kimberley Tew. *See* ECF 315.) As such, counsel believes that any inconvenience to the opposing party, the co-defendant, and potential witnesses will be minimal. Counsel also knows of no reason why such a continuance would unnecessarily inconvenience the Court.

14. Finally, the need for a continuance in this case is justified to adequately advise Mr. Tew and prevent the miscarriage of justice. An exclusion of 329 days under the Speedy Trial Act is a reasonable request in a complicated fraud case to allow for discovery to be reviewed, witnesses interviewed, issues researched, meaningful discussions with the government regarding resolution, and preparation both for pre-trial hearings (*James*) and trial itself. Until each of these tasks has been accomplished, counsel cannot adequately advise Mr. Tew and defend him against the pending charges.

## CONCLUSION

WHEREFORE, Mr. Tew respectfully requests that the Court exclude approximately 329 days from the Speedy Trial Act computations and continue trial and pre-trial related deadlines accordingly.

DATED this 13th day of March, 2023.

                                                        */s/   Jason D. Schall*
                                                       Jason D. Schall
                                                       Bowlin & Schall LLC
                                                       7350 E Progress Pl Ste 100
                                                       Greenwood Village, CO 80111
                                                       Telephone: (720) 505-3861
                                                       E-mail: jason@bowsch.com
                                                       Attorney for Defendant Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/   Jason D. Schall
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

| | |
|---|---|
| David Kaplan | Michael John Tallon |
| Stimson LaBranche Hubbard, LLC | 401 Stony Brook Road |
| 1652 North Downing Street | Rush, NY 14543-9419 |
| Denver, CO 80203 | (585) 329-8139 |
| (720) 689-8909 | mtallon@tallonlaw.com |
| kaplan@slhlegal.com | *Attorney for Jonathan K.* |
| *Attorney for Kimberley Ann Tew* | *Yioulos* |

I hereby certify that I will mail or serve the filing to the following participant:

Mr. Michael Aaron Tew

/s/   Jason D. Schall
Jason D. Schall
