**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MICHAEL AARON TEW,

     Defendant.

---

**RESPONSE AND OBJECTIONS TO THE GOVERNMENT'S
PROFFER AND ATTACHED JAMES LOG**

---

Pursuant to F.R.E. 801(d)(2)(E), Defendant Michael Aaron Tew ("Mr. Tew") objects to the provisional admissibility and trial admissibility of the statements described in the government's *James* Proffer (ECF No. 341) and Exhibit 1: Government *James* Log (ECF No. 341-1). Mr. Tew also objects that various proffered statements, if admitted without testimony of the declarant, may result in the inability of Mr. Tew to exercise his rights to confrontation, effective assistance of counsel, and due process as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

**Legal Standard**

To admit co-conspirator statements against a defendant, the government must prove by a preponderance of the evidence that three criteria have been met. There must be "substantial evidence, independent of statements at issue, that a conspiracy existed, that the co-conspirator declarant and the defendant were members of the conspiracy, and that the statement was made during the course and in furtherance of the conspiracy. *United States v. Bucaro*, 801 F 2d. 1230,

1232 (10th Cir. 1986). "Substantial, independent evidence has been described as more than a scintilla; it is evidence that a reasonable mind would accept as adequate to support a conclusion." *Id*. quoting *United States v. Petersen*, 611 F.2d 1313, 1330 n.1 (internal quotation omitted).

To establish that Mr. Tew was part of a conspiracy – and here, there are two alleged, one relating to wire fraud and the other to money laundering – "the government must show [1] that two or more persons agreed to violate the law, [2] that the defendant knew at least the essential objectives of the conspiracy, … [3] that the defendant knowingly and voluntarily became part of [the conspiracy], and [4] that the alleged co-conspirators were interdependent. *United States v. Evans*, 970 F.2nd 663, 669 (10th Cir. 1992), citing *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (internal quotation omitted), *cert. denied*, 498 U.S. 874. "It is necessary to show that the defendant shared a common purpose or design with his alleged coconspirators." *Id*. quoting *United States v. Horn*, 946 F.2nd 738, 740 (10th Cir. 1991) (internal quotation omitted). For Mr. Tew to have been involved in a conspiracy the government must show that he had both knowledge that the conspiracy existed and voluntarily participated in that conspiracy. *Id*. The conduct of the alleged co-conspirators must also be interdependent in some way, that is "each alleged co-conspirator…depend[s] on the operation of each link in the chain to achieve the common goal." *Id*. quoting *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990). Mr. Tew's actions must have "facilitated the endeavors of the other alleged co-conspirators or facilitated the venture as a whole." *Id*. at 670 quoting *Horn*, 946 F.2nd at 740-41 (internal quotations omitted).

## Summary of Objections

The government's proffer is extensive and taken as a whole could be considered to present "substantial, independent evidence" sufficient to establish by a preponderance of the

evidence that multiple conspiracies existed (wire fraud and money laundering), and that Michael Tew, Jonathan Yioulos, and Kimberley Tew were a part of those conspiracies. Mr. Tew objects, however, that the government's proffer fails to provide the Court with substantial, independent evidence which would establish by a preponderance of the evidence that (i) that Mr. Tew shared a common purpose or design with alleged co-conspirators; (ii) that there was interdependency between the co-conspirators; or (iii) that certain statements were made during the course of and in furtherance of the charged conspiracies. As such, the government has failed to meet the foundational requirements for the admission of the proffered statements and the Court may not declare those statements to be non-hearsay pursuant to F.R.E. 801(d)(2)(E) and provisionally admitted. Additionally, specific objections are made herein to the provisional admissibility and trial admissibility of the statements detailed herein. All such objections are also made pursuant to F.R.E. 801(d)(2)(E). Furthermore, Mr. Tew objects to the admittance of any communications with his spouse, Kimberley Tew, that have not been shown to be in furtherance of a conspiracy pursuant to spousal privilege. *See, e.g., Trammel v. United States*, 445 U.S. 40 (1980).

## Specific Objections

Mr. Tew's specific objections reference the 302-page *James* log provided by the government by "Entry" number, that is, the first column on the log. The log includes various kinds of written and oral statements captured via text message (and the iMessage equivalent), e-mail, and/or audio recording. Given the exceptional prejudice of consensually recorded conversations with a then non-co-conspirator, Mr. Tew's specific objections start in inverse order with the most recent statement (entry 376).

### Entries 374, 375, and 376: communications with a non-co-conspirator.

Mr. Tew objects to the admissibility of any statement made by Jonathan Yioulos

following his withdrawal from any alleged conspiracy with Mr. Tew that occurred upon Mr. Yioulos' consensual agreement to assist federal agents by making recorded telephone calls with and sending text messages to Mr. Tew at the direction of federal agents. Because he was no longer a co-conspirator and was offering statements for the truth of the matter asserted, Mr. Yioulos' statements are hearsay, and do not fit within F.R.E. 801(d)(2)(E). Indeed, the government cannot show that Mr. Yioulos' statements were made during or in furtherance of the conspiracy.

Furthermore, Mr. Tew objects to the admittance of any statement made within Entry 374 or 375 alleged to have been made by co-defendant Kimberley Tew. Specially, Mr. Tew objects to any statements by Mrs. Tew related to turning herself in and/or taking the blame.

**Entries 370: Kimberley Tew's statement was not in furtherance of a conspiracy.**

In entry 370, Kimberley Tew is alleged to have said to Mr. Tew via message, "Figure out if you want to be in this family. You were extremely rude to me in front of Jon and have said horrible things these past days." The government has not shown that these statements were in furtherance of the conspiracy. Furthermore, the statement is protected by spousal privilege.

**Entries 345: Kimberley Tew's statement was not in furtherance of a conspiracy.**

In entry 345, Kimberley Tew is alleged to have stated, "… I have to send Phillipe $12k in btc… A $20k wire to kraken." The government has not shown that these statements were in furtherance of the conspiracy. Furthermore, the statement is protected by spousal privilege.

**Entries 300 and 301: Kimberley Tew's statements were not in furtherance of a conspiracy.**

In entries 300 and 301, Kimberley and Michael Tew appear to be discussing gambling. The government has not shown that these statements were in furtherance of the conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 284, 285, and 286: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 284, 285, and 286, Kimberley Tew discusses travel arrangements, owing debts, and gambling winnings. These statements are intermixed with statements involving co-defendant Jonathan Yioulos. The government has not shown that portions of the statements discussing gambling were in furtherance of a conspiracy, or that any of the purported debt holders are at all associated with criminal activity or are in any way relevant. Furthermore, the statements are protected by spousal privilege.

**Entry 278: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 278, the Tews discuss various bills/debts. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 268 and 70: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 268 and 270, the Tews discuss buying an automobile. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 265: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 265, the government cannot show by a preponderance of the evidence who is making what statements and cannot establish which conspiracy, if any, the statements are alleged to be made in furtherance of.

**Entry 247: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 247, the Tews discuss gambling winnings. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 205: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 205, the Tews discuss what appear to be threats. The government has not shown that these statements were made in furtherance of a conspiracy or established that the threats involved were legitimate or in any way associated with criminal activity or are relevant.

**Entries 202 and 203: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 202 and 203, the Tews discuss gambling winnings and debts. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 198: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 198, the Tews are alleged to be discussing a debt owed to a third party and various related accounting. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 191: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 191, Kimberley Tew asks Michael Tew to stop and buy lottery tickets. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 179: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 179, Kimberley Tew discusses bitcoin and having a buy[er] lined up. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 167: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 167, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected

by spousal privilege.

**Entry 163: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 163, Kimberley Tew asks Michael Tew to stop and buy lottery tickets. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 153, 155, and 157: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 153, 155, and 157, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 152: the statements were not made in furtherance of the conspiracy.**

In entry 152, the government alleges that Michael Tew, using Kimberley Tew's email or text, communicated with someone described as "not an indicted conspirator." The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 150: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 150, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 144: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 144, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 138: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 138, the Tews discuss bank transactions. The government has not shown that

these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 108, 115, and 118: Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entries 108, 115, and 118, Jonathan Yioulos purports to text Kimberly Tew various messages without receiving a response. There is no evidence provided that Kimberley Tew received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 96: statements by M.M are not by a co-conspirator and are not in furtherance of the conspiracy.**

In entry 96, Michael Tew communicates with "M.M." The government has not established that M.M. is a co-conspirator, or that Michael Tew's statements to him are in furtherance of any conspiracy.

**Entries 79 and 85: Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entries 79 and 85, Jonathan Yioulos purports to text Kimberly Tew various messages without receiving a response. There is no evidence provided that Kimberley Tew received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 69: statements by M.M are not by a co-conspirator and are not in furtherance of the conspiracy.**

In entry 69, Michael Tew communicates with "M.M." The government has not established that M.M. is a co-conspirator, or that Michael Tew's statements to him are in furtherance of any conspiracy.

**Entry 56: Michael Tew's statements were not in furtherance of the conspiracy.**

In entry 56, Michael Tew purports to text "M.M." various messages without receiving a

response. There is no evidence provided that "M.M" received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entries 19, 28, 34. 35, 46, and 51: Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entries 19, 28, 34, 35, 46, and 51, Jonathan Yioulos purports to text Kimberly Tew various messages without receiving a response. There is no evidence provided that Kimberley Tew received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 6**: **Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entry 6, Jonathan Yioulos and Michael Tew briefly discuss credit card charged. The government has not show that these statements were in furtherance of a conspiracy.

DATED this 12th day of December, 2023.

_____/s/   Jason D. Schall_____
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for defendant Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/  Jason D. Schall*
Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

*/s/  Jason D. Schall*
Jason D. Schall

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
*Attorney for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

*/s/  Jason D. Schall*
Jason D. Schall