IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

───────────────────────────────────────

**MOTION *IN LIMINE* TO PROHIBIT THE IMPERMISSIBLE AND UNCONSTITUTIONAL USE OF PROFFER AGREEMENTS**

───────────────────────────────────────

Defendant Michael Aaron Tew ("Mr. Tew") respectfully moves the Court *in limine* for a pre-trial ruling limiting the scope of the potential admissibility of statements made during two proffer agreements between Mr. Tew and the government during the government's case-in-chief. The government opposes the relief sought herein.

**Introduction**

On Friday, January 19, 2024, the government stated its intention to affirmatively admit statements made by Mr. Tew during interviews with the government team during its case-in-chief at trial if Mr. Tew breached the proffer agreements preceding those interviews. The proffer letters at issue, dated July 12, 2020, and July 27, 2020 (but each signed in the days thereafter), were executed prior to Mr. Tew twice meeting with the government and providing information germane to this case. Based on recent communications with the government, undersigned counsel understands that the government will take the position that such a "breach" would occur at trial should the defense present <u>anything</u> contrary to what Mr. Tew said during the proffers,

including anything said by counsel in opening statements, closing argument, or during cross-examination of a government witness. This interpretation, however, is a clear overreach, as it stymies Mr. Tew's constitutional rights to present a complete defense at trial, including the nearly unfettered right to cross-examine witnesses, his right to due process, effective assistance of counsel and a fair trial.  The government's interpretation cannot survive serious scrutiny, or any at all considering its request is tantamount to handicapping Mr. Tew's right to defend himself in any meaningful way.

The government stated that it intends to raise this issue with the Court in its trial brief. However, Mr. Tew raises it *in limine* because of its significance and singular ability to prejudice the defense at trial. As such, this Motion merits consideration and a pre-trial ruling before a jury is empaneled and opening statements occur in this case.[1] Mr. Tew respectfully moves this Court to preclude the government from introducing evidence related to his proffer statements in its case-in-chief because doing so will handicap the defense in a manner that creates incurable prejudice at trial, and because such a request is completely inappropriate based on the facts of this case.

**Factual Background**

On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release. *See* Doc. 7 and 9.  Less than a week later, on July 15, 2020, Mr.

---

[1] The Court's prior Order Regarding Pretrial Deadlines and Pending Motions, Doc. 241, establishes that motions *in limine* are due fourteen days before the Trial Preparation Conference, That deadline was not specified in the last order, Doc. 318, and if applied to the presently scheduled Trial Preparation Conference, it has already passed. The defense learned of this new development upon examining the government's preliminary exhibit list and corresponding with counsel on January 19, 2024.  Given the significance of the issues involved this issue cannot wait for a trial brief, and the defense does not view it as an issue that should be addressed as other routine trial brief issues are addressed. If this matter goes unaddressed before trial commences, the government's request will significantly prejudice the defense as trial.

Tew and his then counsel, Mr. Michael Sheehan, met with federal authorities. Prior to the meeting, the parties reached a proffer agreement (dated July 12, 2020, included herein as Exhibit A, INV_00007873-7875) regarding the statements that Mr. Tew agreed to provide and detailing the use the government could make of those statements. For purposes of this Motion, paragraph four provides the contested language:

> The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

Ex. A at 2. This exact paragraph is repeated in the proffer agreement dated July 27, 2020 (included herein as Exhibit B, INV_00007868-7871) that covered Mr. Tew's July 28, 2020, meeting with authorities. However, Mr. Tew's attorney had changed. At that time, Mr. Tew was represented by Mr. Eric Creizman and Ms. Melissa Madrigal of the New York firm Armstrong Teasdale LLP, who entered their appeared in this matter the same day the second proffer interview occurred. Doc. 17. While the proffer agreements are similar, the first agreement specifically carves out an exception regarding matters involving Kimberley Tew ("Mrs. Tew").

But it gets messier from that point onwards. At the time of the second proffer agreement, the one in which questions about Mrs. Tew were now on the table, Mrs. Tew had a lengthy professional relationship with Mr. Tew's counsel, who at one time considered them each as friends. Within two weeks after the second proffer was held, Mr. Tew's counsel moved to withdraw citing, in part, Mrs. Tew's interference with his representation. *See* Doc. 26, affidavit of attorney Eric Creizman. Months passed, but eventually Mrs. Tew was indicted. Just over two weeks after her initial appearance in this case on February 10, 2021, Doc. 96, attorney Tor Bernhard Ekeland

3

entered his appearance on behalf of both Michael and Kimberley Tew. Doc. ECF 106. The Tews then would have joint representation up until the appointment of Mrs. Tew's current counsel pursuant to the Criminal Justice Act on January 3, 2023. Doc. 290. None of the attorneys who represented Mr. Tew during the proffer interviews remain on the case. For that matter, the assigned prosecutors have also changed.

Despite this history and what appears in their Memorandum in support of *James* log, Doc. 341, to be a veritable mountain of evidence against Mr. Tew, the government now intends to ask the Court to completely restrict Mr. Tew's ability to present a defense at trial.

## Applicable Law and Argument

On the face of the proffer letter, the government cites *United States v. Mezzanatto*, 513 U.S. 196 (1995), a case in which the Supreme Court was tasked with determining, as the Ninth Circuit was, whether there existed "a per se rule precluding a defendant from ever waiving his Rule 410 protections." *See United States v. Jim*, 786 F.3d 802, 810 (10th Cir. 2015) (interpreting and applying *Mezzanatto*). But *Mezzanatto*, an early case involving the interpretation of the federal *statutory* rules applicable to the use of statements made in the course of plea discussions, did not involve a written agreement and was limited to the government seeking to introduce evidence of the defendant's proffered statements only after he testified to the contrary and denied his proffered statements under cross-examination, a result consistent with the impeachment of *any witness*. *Id.* at 199.

Here, the government seeks to constrain Mr. Tew's trial rights in a much broader way, not limited to impeaching Mr. Tew should he testify. Instead, the government intends to argue that Mr. Tew's agreement not to "presen[t] a position (including through affidavit or in argument) that contradicts" his proffer statements now restricts his ability to cross-examine witnesses and present

4

opening statements and closing arguments to the jury. Exhibits A and B at 2.[2] Such an interpretation of what is, at most, vague and overbroad proffer agreement language, completely overlooks Mr. Tew's many trial rights, particularly the right to confrontation. *See, e.g.*, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (noting that the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense") (citation omitted). Indeed, undersigned counsel spoke with Mr. Michael Sheehan, counsel for Mr. Tew at the time of the first proffer. Mr. Sheehan expressed no recollection of any understanding or interpretation of the proffer letter at that time as limiting in any way Mr. Tew's ability to cross examine witnesses or present an unburdened opening statement. Mr. Sheehan stated his belief that such a position is not in line with how defense counsel in this District routinely interpret and explain such agreements to their clients.

In effect, the government argues that Mr. Tew signed away various rights, including the nearly unfettered constitutional right to cross-examine witnesses against him, by providing allegedly voluntary statements to the government. *See Delaware v. Fensterer*, 474 U.S. 15, 22 (1985) (noting that the Confrontation Clause affords a defendant a "full and fair opportunity to probe and expose [the] infirmities" of the government's case "through cross-examination"). The government's stance, that apparently Mr. Tew waived some type of rule-based protection guaranteed by Federal Rules of Evidence, does not account for Mr. Tew's constitutional rights to a fair trial and to present a complete and meaningful defense, and to confrontation, due process and the effective assistance of counsel. In the words of the Supreme Court:

> There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. Indeed, we have expressly declared that to deprive an accused of the right to cross-examine the witnesses against him is a denial

---

[2] No reasonable interpretation of paragraph four can be said to cover what can be said in opening statements.

of the Fourteenth Amendment's guarantee of due process of law.

*Pointer v. Texas*, 380 U.S. 400, 405 (1965).

Under the government's interpretation, Mr. Tew would have preserved more trial rights by speaking to government agents *without an attorney and without the benefits of a bargained-for agreement*. This absurd result seems accurate only if it was also the case that Mr. Tew received ineffective assistance of counsel or if the government's interpretation has evolved over time now that Mr. Tew is no longer cooperative and wishes to try his case.

While the waiver of constitutional rights like the confrontation of witnesses is routine in the context of a guilty plea, institutional safeguards prevent such waivers from merely being signed away. Defendants in this District, for example, file a defendant's statement in advance of plea of guilty acknowledging the rights that are choosing to give up by pleading guilty. And the Court, at the change of plea hearing, questions each defendant about these rights and his or her choice to waive them. Perhaps obviously, none of those procedural safeguards were present here. And notably, the government has not expressed any intention of introducing Mr. Tew's prior Notice of Disposition, since revoked, filed in October 2020. Doc 47.

It cannot be reasonably argued, however, that Mr. Tew did not know that his statements to federal authorities could be used against him if he later changed his version of events. And it is perhaps a reasonable inference that Mr. Tew also knew, and agreed, that he could not affirmatively present evidence to the contrary. That is at least consistent, and arguably aligns with various holdings, like *Mezzanatto*, that found that rights created by statute (such as the rules of evidence) can be knowingly waived. But the Court in *Mezzanatto* acknowledged that "[t]here may be some evidentiary provisions that are so fundamental to the reliability of the factfinding process that they may never be waived without irreparably discrediting the federal courts." *Mezzanatto*, 513

6

U.S.196, 204 (internal citation omitted). As cited by the Tenth Circuit in *United States v. Mitchell*, 633 F.3d 997, 1003 (10th Cir. 2011) (quoting *Rose v. Clark*, 478 U.S. 570, 577-78 (1986)), "Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." *See also United States v. Oluwanisola*, 605 F.3d 124, 133 (2d Cir. 2010 ("A cross examination question that goes to the credibility of the government's witness, without a factual assertion contradicting the facts admitted in the proffer statement, is not sufficient to trigger the waiver provision here."); *United States v. Roberts*, 660 F.3d 149, 158 (2d Cir. 2011) (internal citations omitted) ("Particular caution is required when the purported fact is asserted by counsel rather than through witness testimony or exhibits. The latter undoubtedly constitute evidence and, thus, necessarily imply some fact. By contrast, counsel's statements are not admissible evidence. Thus, arguments or questions challenging the sufficiency of government proof or the credibility of a witness without a factual assertion contradicting facts admitted in the proffer statement do not trigger a waiver provision.")

It is those basic constitutional protections – cross-examination, due process, effective assistance of counsel and presenting a complete and meaningful defense – that the government contends Mr. Tew signed away. Interpreting the proffer agreements to restrict or diminish these rights would infect the whole trial proceeding, denying Mr. Tew meaningful opportunity to defend himself and, in effect, leaving trial counsel no choice but to provide what would otherwise be widely considered as the ineffective assistance of counsel. The government does not get to control defense strategy, any of Mr. Tew's potential defenses, and the manner in which his counsel decides

to deliver an opening statement and cross-examine government witnesses at trial.

DATED this 23rd day of January, 2024.

           */s/ Jason D. Schall*
           Jason D. Schall
           BOWLIN & SCHALL LLC
           7350 E Progress Pl Ste 100
           Greenwood Village, CO 80111
           Telephone: (720) 505-3861
           E-mail: jason@bowsch.com

           */s/ Kristen M. Frost*
           Kristen M. Frost
           RIDLEY, LCGREEVY & WINOCUR, P.C.
           303 16th Street, Suite 200
           Denver, CO 80202
           Telephone: (303) 629-9700
           Facsimile: (303) 629-9702
           E-mail: frost@ridleylaw.com

           Attorneys for Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

           */s/ Jason D. Schall*
           Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

           */s/ Jason D. Schall*
           Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| AUSA Bryan Fields<br>U.S. Attorney's Office<br>1801 California Street, Suite 1600<br>Denver, CO 80202<br>(303) 454-0100<br>Bryan.Fields3@usdoj.gov | David Kaplan / Jamie Hubbard<br>Stimson LaBranche Hubbard, LLC<br>1652 North Downing Street<br>Denver, CO 80203<br>(720) 689-8909<br>kaplan@slhlegal.com<br>hubbard@slhlegal.com<br>*Attorneys for Kimberley Ann Tew* |

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

                                                */s/ Jason D. Schall*
                                                Jason D. Schall