

DEFENDANT'S EXHIBIT A



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

*Hetal J. Doshi*
*Assistant United States Attorney*

1801 California Street, Suite 1600         Telephone: 303-454-0100
Denver, CO 80202                                    Fax: 303-454-0405

July 12, 2020

**Via Email**
Michael Sheehan, Esq.
Counsel to Michael Aaron Tew
Sheehan Law Denver
7400 East Caley Avenue
Quebec Center II
Suite 300
Centennial, Colorado 80111
michael@sheehanlawdenver.com
720.381.6146

Dear Mr. Sheehan,

I understand your client, Michael Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Mr. Tew's financial transactions, direct or indirect, with National Air Cargo, and subsequent transactions initiated by or for the benefit of Mr. Tew, either directly or indirectly. This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.      Your client agrees that he will truthfully and completely disclose all information with respect to his activities and the activities of others that are the subject of inquiry by the government during the proffer. In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset. The only limited exception to this is that Mr. Tew has elected at this time not to answer questions that may specifically implicate his wife, Kimberly Tew. He has consulted with his counsel and understands that this decision could diminish the value, if any, of his cooperation. Mr. Tew has stated that he may revisit this decision in the future. In the event

that Mr. Tew agrees in the future to answer questions that may specifically implicate his wife, such a change will be memorialized in a subsequent proffer agreement. At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings. You and your client understand that false statements willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

2.   Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.   The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence. Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer. *See Kastigar v. United States*, 408 U.S. 931 (1972). It is the intent of this agreement to establish that such derivative use is proper. By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.   The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.   Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.   In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against him in the future.

INV_00007873

7. Your client understands that he is required to provide full and complete information about the subject matter of the proffer and any information about himself which might adversely impact on his credibility as a witness concerning such activity.

8. This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9. This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

s/ *Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

3

INV_00007874

I, Michael Tew, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____      7/15/20
Michael Aaron Tew                                  Date

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

_____     7/15/2020
Michael Sheehan                                     Date
Counsel for Michael Aaron Tew

4

DEFENDANT'S EXHIBIT B



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

*Hetal J. Doshi*
*Assistant United States Attorney*

*1801 California Street, Suite 1600*　*Telephone: 303-454-0100*
*Denver, CO 80202*　*Fax: 303-454-0405*

July 27, 2020

***Via Email***
Eric Creizman, Esq.
Melissa Madrigal, Esq.
Counsel to Michael Aaron Tew
Armstrong Teasdale LLP
919 Third Ave., 37th Floor
New York, NY, 10022
ecreizman@atllp.com
MMadrigal@atllp.com
212.209.4358

Dear Mr. Creizman and Ms. Madrigal,

I understand your client, Michael Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Mr. Tew's financial transactions, direct or indirect, with National Air Cargo, and subsequent transactions initiated by or for the benefit of Mr. Tew, either directly or indirectly. This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.　Your client agrees that he will truthfully and completely disclose all information with respect to his activities and the activities of others that are the subject of inquiry by the government during the proffer. In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset. At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings. You and your client understand that false statements willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

1

2. Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3. The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence. Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer. *See Kastigar v. United States*, 408 U.S. 931 (1972). It is the intent of this agreement to establish that such derivative use is proper. By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4. The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5. Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6. In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against him in the future.

7. Your client understands that he is required to provide full and complete information about the subject matter of the proffer and any information about himself which might adversely impact on his credibility as a witness concerning such activity.

INV_00007869

8.  This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9.  This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

*s/ Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

I, Michael Tew, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____          7/28/20
Michael Aaron Tew                                          Date

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

_____          _____
Eric M. Creizman                                             Date
Melissa N. Madrigal
Counsel for Michael Aaron Tew

3

INV_00007870

INV_00007871