IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1. **MICHAEL AARON TEW, and**
   2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

     Defendants.

---

## PARTIES' PROPOSED JURY INSTRUCTIONS

---

The parties jointly submit the following Proposed Jury Instructions. The following proposed instructions are designated as Stipulated, Competing, or Non-Stipulated. Citations and source materials are cited below each proposed instruction.

Brackets indicate language that may require adjustment depending on the presentation of evidence at trial.

The parties reserve their rights to modify these requested instructions, withdraw instructions, or submit additional instructions as pretrial and trial proceedings progress.

**PART 0: INSTRUCTIONS PRIOR TO TRIAL**

**PROPOSED INSTRUCTION NO. [ 1 ]**[1]
**STIPULATED**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL
& INSTRUCTIONS REGARDING NOTE-TAKING**

Members of the jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorneys Bryan Fields and Sarah Weiss. Defendant Michael Tew is represented by Jason Schall and Kristen Frost. Defendant Kimberley Tew is represented by David Kaplan and Jamie Hubbard.

The Indictment charges both Michael Tew and Kimberley Tew with one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code Section 1349 (Count 1). Michael Tew is charged with thirty-nine counts of wire fraud (Counts 2 through 40), and Kimberley Tew is charged with six counts of wire fraud (Counts 21, 22, 25, 26, 31, and 32), in violation of Title 18, United States Code, Section 1343.

The Indictment further charges both Michael and Kimberley Tew with one count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 41). Michael Tew also is charged with fourteen

---

[1]   10th Cir. Pattern Jury Instructions §§ 1.01 & 1.02 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

counts of engaging in monetary transactions in property derived from specified unlawful activity ("money laundering–spending") (Count 42 and Counts 44 through 56), and Kimberley Tew is also charged with five counts of money laundering–spending (Counts 43, 44, 47, 48, and 56), in violation of Title 18, United States Code, Section 1957.

The Indictment further charges Michael Tew with four counts of willful failure to file tax returns, in violation of Title 26, United States Code, Section 7203 (Counts 57 through 60).

The Indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. The defendants have pled not guilty and are presumed innocent. Each defendant may not be found guilty by you unless all twelve of you unanimously find that the government has proved that defendant's guilt beyond a reasonable doubt. There are two defendants in this case, and you will have to give separate consideration to the case against each defendant, as each is entitled to individual consideration.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the Indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, each defendant may make an opening statement. [Change if any defendant reserves his/her statement until later or omit if a defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants' lawyers may [make an opening statement and] present evidence, but they are not required to do so. I remind you that each defendant is presumed innocent and it is the government that must prove each defendant's guilt beyond a reasonable doubt. If a defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer or to an answer by a witness. This simply means that the lawyer or party is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly,

if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

The lawyers for both sides may object to some of the things that are said and done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.[2]

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys or the parties about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

---

[2]       6th Cir. Pattern Jury Instructions § 1.09 (current through July 1, 2019).

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes. If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

[I will now summarize the allegations detailed in the Indictment. As I mentioned, the defendants are Michael Tew and Kimberley Tew. The Indictment alleges that, during the relevant time period, they were married. As described in the Indictment, Mr. Michael Tew and Ms. Kimberly Tew are alleged to have conspired to defraud National Air Cargo (NAC or National), a Florida company at which Mr. Tew served as a contracted chief financial officer between 2015 and September 2018. The Indictment alleges that this scheme to defraud involved the submission of false invoices to NAC by companies that either never existed and/or never provided services to NAC. According to the Indictment, the alleged conspiracy to defraud NAC resulted in a loss of over $4 million. The Indictment also alleges a conspiracy to commit money laundering by Mr. Tew and Ms. Tew, as well as money laundering-

spending counts. These counts involve allegations that Mr. and Ms. Tew spent funds that they obtained through the scheme to defraud NAC. Finally, the Indictment alleges that Mr. Tew willfully failed to file federal income tax returns over a series of several years.][3]

[Insert discussion of the elements of the offense here if they are to be set out for the jury in the preliminary instruction.][4]

[Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.]

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom

---

[3]       This summary is derived from and expanded from the Court's prior summaries in previous Orders in this case. *See, e.g.*, ECF Nos. 258, 259, 262 (Orders Denying Motions to Suppress).

[4]       *See infra*, Proposed Instructions of the Offense Elements.

until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Weiss, you may present the opening statement for the government.

**PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS**

**PROPOSED INSTRUCTION NO. [ 2 ][5]**
**STIPULATED**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

---

[5]      10th Cir. Pattern Jury Instructions § 1.03 (3d ed. 2021).

**PROPOSED INSTRUCTION NO. [ 3 ]**[6]
**STIPULATED**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

The lawyers may properly refer to some of the governing rules of law in their closing arguments. If there is any difference between the law as stated by the lawyers and my instructions, you must follow my instructions.

---

[6]      10th Cir. Pattern Jury Instructions § 1.04 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

**PROPOSED INSTRUCTION NO. [ 4 ]⁷**
**STIPULATED**


**PRESUMPTION OF INNOCENCE—**
**BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendants guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that defendant Michael Tew, or defendant Kimberley Tew, or both, are guilty of the crimes charged, you must find him or her guilty. If on the other hand, you think there is a real possibility that he or she is not guilty, you must give him or her the benefit of the doubt and find him or her not guilty.

---

⁷     10th Cir. Pattern Jury Instructions § 1.05 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

## PROPOSED INSTRUCTION NO. [ 5 ][8]
## NON-STIPULATED IN PART (see footnote)

### EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, [the stipulations that the lawyers or parties agreed to, and the facts that I have judicially noticed].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

[Certain charts and summaries have been shown to you to help explain the evidence in this case but were not admitted as exhibits. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.][9]

---

[8]   10th Cir. Pattern Jury Instructions § 1.06 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191); *see also* 10th Cir. Pattern Jury Instructions § 1.41 (3d ed. 2021).

[9]   Defendant Michael Tew and defendant Kimberley Tew each object to this paragraph, at least at this time. Each defendant continues to evaluate his and her objections to certain summary exhibits that the government has proposed are admissible pursuant to Fed. R. Evid. 1006. Should any such exhibits be admitted at trial, such that giving this part of the instruction is appropriate, each will provide an update as to his and her respective objections at that time.

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Your notes are not evidence. If your memory should differ from your notes, or those of other jurors, then you should rely on your memory and not on your notes or the notes of other jury members.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**PROPOSED INSTRUCTION NO. [ 6 ]**[10]
**STIPULATED**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

As I instructed you at the beginning of the trial, there are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a fact or a chain of facts which point to the existence or non-existence of certain other facts.

[As a general rule,][11] the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts based on all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been established by the evidence.

---

[10]     10th Cir. Pattern Jury Instructions § 1.07 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

[11]     The Pattern Instruction includes this bracketed language, but this Court previously deleted it in *Cline.*

**PROPOSED INSTRUCTION NO. [ 7 ]**[12]
**STIPULATED**

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

---

[12]     10th Cir. Pattern Jury Instructions § 1.08 (3d ed. 2021).

- Did the witness clearly see or hear the things about which he or she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his or her credibility evaluated in the same way as that of any other witness.]

[The defendant[s] did not testify and I remind you that you cannot consider [his/her/their] decision not to testify as evidence of guilt. I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.][13]

---

[13]   If either defendant, or both of the defendants, elect not to testify, this language should be moved to a separate instruction pursuant to 10th Cir. Pattern Jury Instruction § 1.08.1 (Non-Testifying Defendant).

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**PROPOSED INSTRUCTION NO. [ 8 ]**[14]
**STIPULATED IN PART (see footnote)**[15]

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of one or more witnesses who, before this trial, made statements that may be different from their testimony here in court. These earlier statements were brought to your attention only to help you decide how believable their testimony was in this trial. You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

---

[14]    10th Cir. Pattern Jury Instructions § 1.10 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

[15]    Defendant Michael Tew and defendant Kimberley Tew each seek to reserve the right to argue and propose an instruction that, under certain circumstances as outlined in Rule 801(d)(2)(A), testimony may be admissible as substantive evidence.

**PROPOSED INSTRUCTION NO. [ 9 ]**[16]
**STIPULATED**

**IMPEACHMENT BY PRIOR CONVICTION—WITNESS OTHER THAN DEFENDANT**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a [felony, that is, of a crime punishable by imprisonment for a term of years] or of a [crime of dishonesty or false statement]. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any [prior felony conviction] [crime of dishonesty] that was used to impeach a witness.

---

[16]     10th Cir. Pattern Jury Instructions § 1.12 (3d ed. 2021).

**PROPOSED INSTRUCTION NO. [ 10 ]**[17]
**STIPULATED**

**ACCOMPLICE—CO-PARTICIPANT—PLEA AGREEMENT**

The government called as a witness an alleged co-participant in the charged scheme, who was identified as a co-defendant in the Indictment. The government has entered into a plea agreement with this co-participant, providing for the dismissal of some charges and a recommendation of a lesser sentence than this participant might otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

An alleged co-participant, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged co-participant may, but itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged co-participant, unless you believe that testimony beyond a reasonable doubt. The fact that a co-participant has entered a guilty plea to the offense charged is not evidence of the guilt of any other person. The witness's plea agreement may not be used to establish the guilt of either of these defendants. The fact that the co-participant pled guilty should only be used to assess the co-participant's credibility as a witness.

---

[17]     10th Cir. Pattern Jury Instructions § 1.15 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

## INSTRUCTION NO. [ 11 – Gov't ][18]
## NON-STIPULATED

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE[19]

On occasion, a particular item of evidence or testimony has been received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

[Detail statements from defendant Michael Tew and defendant Kimberley Tew that may be received only as to that defendant who made that statement.][20]

---

[18]     1st Cir. Pattern Jury Instructions § 3.07 (updated March 6, 2017); *see also* 3 Fed. Jury Prac. & Instr. § 104.42 (5th ed.).

[19]     Defendant Michael Tew and defendant Kimberley Tew each object to this proposed instruction, and note that their objections implicate the subject of pending motions. *See* ECF Nos. 370, 373 (M. Tew & K. Tew's motions *in limine* regarding use of proffer statements).

[20]     *See Samia v. United States*, 599 U.S. 635, 642, 655 (2023) (evaluating line of cases that began with *Bruton v. United States*, 391 U.S. 123, 126 (1968), and concluding that limiting instruction sufficiently protected defendants' rights where sanitized confession might nevertheless allow jury to make inferences regarding that confession and explaining that "[t]he Confrontation Clause ensures that defendants have the opportunity to confront witnesses against them, but it does not provide a freestanding guarantee against the risk of potential prejudice that may arise inferentially in a joint trial."; *see also United States v. Zar*, 790 F.3d 1036, 1052 (10th Cir. 2015) *(*applying *Richardson v. Marsh*, 481 U.S. 200, 208, 211 (1987), for principle that, where a non-testifying codefendant's statements implicating another codefendant can be "linked with evidence introduced later at trial," the Confrontation Clause is not violated as long as the court (1) redacts the non-testifying codefendant's confession to eliminate the defendant's name and any reference to their existence, and (2) gives a proper limiting instruction when admitting the confessing statement).

**PROPOSED INSTRUCTION NO. [ 12 ]**[21]
**STIPULATED**

**WITNESS'S USE OF ADDICTIVE DRUGS**

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

[Name of witness] may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

---

[21]   10th Cir. Pattern Jury Instructions § 1.16 (3d ed. 2021).

## PROPOSED INSTRUCTION NO. [ 13 ][22]
## STIPULATED IN PART (see footnote)[23]

### TRANSCRIPTS OF RECORDED CONVERSATIONS

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

---

[22]    10th Cir. Pattern Jury Instructions § 1.40 (3d ed. 2021); Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

[23]    Defendant Michael Tew and defendant Kimberley Tew object to this pattern instruction, in so far as it contemplates the jury taking transcripts of recordings into the jury deliberation room. The defendants do not object to the use of transcripts during trial to assist in the presentation of audio recorded evidence, or to the pattern language, apart from this issue.

**[PROPOSED INSTRUCTION NO. [ 14 ]**[24]
**STIPULATED**

**CONFESSION-STATEMENT—VOLUNTARINESS BY DEFENDANT**
**(Multiple Defendants)**

Evidence relating to any statement attributed to a defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

---

[24]    10th Cir. Pattern Jury Instructions § 1.26 (3d ed. 2021) (modified to reflect multiple defendants and multiple statements).

**PROPOSED INSTRUCTION NO. [ 15 ]**[25]
**STIPULATED**

**CAUTION—CONSIDER ONLY CRIMES CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that defendant Michael Tew or defendant Kimberley Tew, or both, are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

---

[25]    10th Cir. Pattern Jury Instructions § 1.19 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

**PROPOSED INSTRUCTION NO. [ 16 ][26]**
**STIPULATED**

**CAUTION—PUNISHMENT**

If you find that defendant Michael Tew or defendant Kimberley Tew, or both, are guilty of any of the crimes charged, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

---

[26]    10th Cir. Pattern Jury Instructions § 1.20 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

**PROPOSED INSTRUCTION NO. [ 17 ]**[27]
**STIPULATED**

**MULTIPLE DEFENDANTS—MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the Indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

---

[27]   10th Cir. Pattern Jury Instructions § 1.22 (3d ed. 2021).

**PROPOSED INSTRUCTION NO. [ 18 ][28]**
**STIPULATED**

**ON OR ABOUT**

You will note that the Indictment charges that the crimes were committed on or about certain dates. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near these dates.

---

[28]    10th Cir. Pattern Jury Instructions § 1.18 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

PROPOSED INSTRUCTION NO. [ 19 ]²⁹
NON-STIPULATED³⁰

**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

---

[29]   *See* Charge of the Hon. Christine M. Arguello Criminal at 27, *United States v. Luton*, 19-cr-00098-CMA (D. Colo. Feb. 13, 2020), ECF No. 103).

[30]   Defendant Michael Tew and defendant Kimberley Tew each object statign that the concerns in this instruction are adequately addressed by the use of the pattern instructions adopted in this district.

## **PART II: ELEMENTS OF THE CRIMES CHARGED**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. Now I will explain the elements of the crimes with which the defendants are charged in this case.

**PROPOSED INSTRUCTION NO. [ 20 ]**[31]
**STIPULATED**

**CONSPIRACY TO COMMIT WIRE FRAUD – 18 U.S.C. § 1349**

**(Count 1 – Michael Tew; Kimberley Tew)**

The defendants, Michael Tew and Kimberley Tew, are each charged in Count 1 of the Indictment with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

This law makes it a federal crime for any person to conspire to commit wire fraud. I will instruct you in a moment about wire fraud, which is the offense charged against one or both of the defendants in Counts 2 through 40. You should refer to those instructions regarding the elements of wire fraud.

**(CONTINUED ON FOLLOWING PAGE)**

---

[31]    10th Cir. Pattern Jury Instructions § 2.19 (conspiracy in general) & 10th Cir. Pattern Jury Instructions § 2.87 (modified to exclude elements of 21 U.S.C. § 846 pertaining to a controlled substances conspiracy) (3d ed. 2021); *United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011) (citing *Whitfield v. United States*, 543 U.S. 209 (2005)) (addressing § 1349 conspiracy and noting that a § 1349 charge does not require proof of an overt act).

To find a defendant guilty of conspiracy to commit wire fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:       The defendant agreed with at least one other person to commit wire fraud;

*Second*:   The defendant knew of the essential objectives of the conspiracy;

*Third*:     The defendant knowingly and voluntarily participated in the conspiracy; and

*Fourth*:    There was interdependence among the members of the conspiracy. That is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

For further instruction on the definition of "knowledge"; "knowingly"; and "voluntarily," refer to Instruction Nos. [__] – [__].

For further instruction on the definitions of "agreement" and "interdependence," refer to Instruction No. [__].

For further instruction on the elements of wire fraud, refer to Instruction No. [___].

**PROPOSED INSTRUCTION NO. [ 21 - Gov't ]** [32]
**NOT STIPULATED**[33]

**CONSPIRACY TO COMMIT MONEY LAUNDERING – 18 U.S.C. § 1956(h)**

**(Count 41 – Michael Tew; Kimberley Tew)**

The defendants, Michael Tew and Kimberley Tew, are each charged in Count 41 of the Indictment with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

This law makes it a federal crime for any person to conspire to commit money laundering. I will instruct you in a moment about money laundering, which is the offense charged against one or both of the defendants in Counts 42 through 56. You should refer to those instructions regarding the elements of Title 18, United States Code, Section 1957 (money laundering–spending).

**(CONTINUED ON FOLLOWING PAGE)**

---

[32]    *United States v. Keck*, 643 F.3d 789, 794 (10th Cir. 2011).

[33]    The Tenth Circuit does not have pattern language for a money laundering conspiracy charge, in violation of 18 U.S.C. § 1956(h), where the Section 1956(h) charge is premised on violations of 18 U.S.C. § 1957. The present option, as proposed by the government, hews closely to the statutory language. The parties continue to meaningfully confer on this instruction, and the defendants expressly reserve the right to pose a suitable alternative to the government and to the Court, but this instruction remains, at the present time, disputed..

To find a defendant guilty of conspiracy to commit money laundering, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:  The defendant agreed with another person to knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957;[34]

*Second*:  The defendant knew of the essential objectives of the conspiracy;

*Third*:  The defendant knowingly and voluntarily participated in the conspiracy; and

*Fourth*:  There was interdependence among the members of the conspiracy.

For further instruction on the definition of "knowledge" and "knowingly"; and "voluntarily," refer to Instruction Nos. [__] – [__].

For further instruction on the definitions of "agreement" and "interdependence," refer to Instruction No. [__].

For further instruction on the offense of money laundering–spending, refer to Instruction No. [___].

---

[34] The Tenth Circuit does not have pattern language for a money laundering conspiracy charge, in violation of 18 U.S.C. § 1956(h), where the Section 1956(h) charge is premised on violations of 18 U.S.C. § 1957. In recognition of the absence of a guiding pattern instruction, the parties have opted to hew closely to the statutory language, but are open to further conferral on this language.

36

**PROPOSED INSTRUCTION NO. [22 ]**[35]
**STIPULATED IN PART (see footnote)**[36]

**CONSPIRACY — AGREEMENT & INTERDEPENDENCE DEFINED**

**(Counts 1 and 41)**

Count 1 and Count 41 charge two separate conspiracies. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details.

**(CONTINUED ON FOLLOWING PAGE)**

---

[35]    10th Cir. Pattern Jury Instructions § 2.87 (3d ed. 2021) (modified to exclude elements of 21 U.S.C. § 846 pertaining to a controlled substances conspiracy); *see also* 6th Cir. Pattern Jury Instructions §§ 3.02, 3.30 (current through July 1, 2019) (paragraph 4 and 5 of proposed instruction, respectively); *United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009) (quotation marks and internal quotation marks omitted) (paragraph 4 and paragraph 7 of proposed instruction, respectively).

[36]    Defendant Michael Tew and defendant Kimberley Tew object to the provisions of this instruction, as proposed by the government, in so far as it includes certain language not in the 10th Circuit Pattern Instruction. That language has been indicated by brackets in this proposed instruction. The defendants otherwise have no objection to the standard 10th Cir. Pattern language.

[Moreover, the government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.]

[Conspiracy convictions may be based on circumstantial evidence, and you may infer conspiracy from the defendants' conduct and other circumstantial evidence indicating coordination and concert of action. But it is up to the government to convince you that such facts and circumstances existed in this particular case.]

If you are convinced that the charged conspiracy existed, then you must next determine whether a defendant was a member of that conspiracy, that is, whether that defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. You must consider each defendant separately in this regard.

[The law does not require proof that a defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A defendant's knowledge can be proved circumstantially or indirectly by facts and circumstances which lead to a conclusion that a defendant knew the conspiracy's main purpose.]

**(CONTINUED ON FOLLOWING PAGE)**

38

A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

[Interdependence is present if the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole. Interdependence is established when each coconspirators' actions are necessary to accomplish a common, illicit goal.[37]]

---

[37]    *United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009) (quotation marks and internal quotation marks omitted)

**PROPOSED INSTRUCTION NO. [ 23 – Gov't ][38]**
**COMPETING**

**CONSPIRACY — EVIDENCE OF MULTIPLE CONSPIRACIES[39]**

**(Counts 1 and 41)**

Counts 1 and 41 of the Indictment charge that defendants Michael Tew and Kimberley Tew were members of two different conspiracies, specifically, a conspiracy to commit wire fraud, in Count 1, and a conspiracy to commit money laundering, in Count 41.

You must determine whether each conspiracy, as charged in the Indictment, existed, and if it did, whether Michael Tew or Kimberley Tew, or both, was a member of it.

If you find that a defendant was not a member of one of the conspiracies charged, then you must find the defendant not guilty of that conspiracy, even though the defendant may have been a member of some other conspiracy. This is because proof that a defendant was a member of one charged conspiracy, or some other uncharged conspiracy, is not enough to convict on a different charged conspiracy.

**(CONTINUED ON FOLLOWING PAGE)**

---

[38]    10th Cir. Pattern Jury Instructions § 2.20 (3d ed. 2021) (modified to exclude language regarding defense arguments regarding existence of multiple conspiracies, rather than the single conspiracy charged, but keeping language instructing that the government is required to meet its burden of proof as to each separate charged conspiracy).

[39]    Defendant Michael Tew and defendant Kimberley Tew each object to this 10th Circuit Pattern Instruction.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that he or she was also a member of the conspiracy charged in the Indictment.

PROPOSED INSTRUCTION NO. [ 24 - Gov't ][40]
NOT STIPULATED[41]

**CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNTS**

If you find either defendant guilty of either of the conspiracies charged in Counts 1 or 41 of the Indictment, and you find beyond a reasonable doubt that another coconspirator committed a substantive offense charged in relation to one of those conspiracies during the time the defendant was a member of that conspiracy, and if you find that a substantive offense charged in relation to one of those conspiracies was committed to achieve an objective of or was a foreseeable consequence of the conspiracy, then you may find the defendant charged with that substantive offense guilty of that substantive offense, even though the defendant may not have participated in any of the acts that constitute the offenses described in the substantive offenses.

**(CONTINUED ON FOLLOWING PAGE)**

---

[40]    10th Cir. Pattern Jury Instructions § 2.21 (3d ed. 2021; *Pinkerton v. United States*, 328 U.S. 640, 645–48 (1946); *United States v. Cherry*, 217 F.3d 811, 817 (10th Cir. 2000); *United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992); *United States v. Dumas*, 688 F.2d 84, 87 (10th Cir. 1982).

[41]    The parties will continue to confer on this instruction.

The substantive offenses associated with each of the charged conspiracies are as follows:

| **<u>Conspiracy to Commit Wire Fraud</u> (Count 1)** | |
| --- | --- |
| Wire Fraud<br>        (as to defendant Michael Tew) | Counts 2-40 |
| Wire Fraud<br>        (as to defendant Kimberley Tew) | Counts 21, 22, 25, 26, 31, 32 |
| **<u>Conspiracy to Money Laundering</u> (Count 41)** | |
| Money Laundering–Spending<br>        (as to defendant Michael Tew) | Counts 44-56 |
| Money Laundering–Spending<br>        (as to defendant Kimberley Tew) | Counts 43, 44, 47, 48, 56 |

**PROPOSED INSTRUCTION NO. [ 25 ]**[42]
**STIPULATED**

**WIRE FRAUD — 18 U.S.C. § 1343**

**(Counts 2 – 40 (Michael Tew))**
**and**
**(Counts 21, 22, 25, 26, 31, and 32 (Kimberley Tew))**

Defendant Michael Tew is charged with 39 violations (in Counts 2 through 40), and defendant Kimberley Tew is charged with 6 violations (in Counts 21, 22, 25, 26, 31 and 32), of Section 1343 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud.

**(CONTINUED ON FOLLOWING PAGE)**

---

[42]     10th Cir. Pattern Jury Instructions § 2.57 (3d ed. 2021); *see also United States v. Cline*, 21-cr-00339-DDD (D. Colo. 2023) (ECF No. 191 at 20-21, Final Instruction No. 17).

To find the defendant guilty of wire fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:        the defendant devised or intended to devise a scheme to defraud, as alleged in the Indictment;

*Second*:    the defendant acted with specific intent to defraud;

*Third*:      the defendant used or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*:    the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A scheme to defraud includes a scheme to deprive another of money, property, or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be false when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

**(CONTINUED ON FOLLOWING PAGE)**

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

**PROPOSED INSTRUCTION NO. [ 26 - Gov't ]**[43], [44]
**COMPETING**

**MONEY LAUNDERING–SPENDING — 18 U.S.C. § 1957**

**(Counts 42 and 44 – 56 (Michael Tew))**
**and**
**(Counts 43, 44, 47, 48 and 56 (Kimberley Tew))**

Defendant Michael Tew is charged with 14 violations (in Count 42 and Counts 44 through 56), and defendant Kimberley Tew is charged with 5 violations (in Counts 43, 44, 47, 48, and 56), of Section 1957 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

These counts charge the defendants with engaging in monetary transactions in violation of federal law.

**(CONTINUED ON FOLLOWING PAGE)**

---

[43]   *See United States v. Huff*, 641 F.3d 1228, 1230-31 (10th Cir. 2011) (citations omitted); *see also* 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019); 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017).

[44]   The introduction to this instruction, as well as proposed additional instructions regarding the terms used in § 1957, are derived primarily from comments to 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019) and 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017). The Sixth Circuit Committee specifically advises against giving "instruction[s] recounting the statutory language of [§§ 1956 and 1957] because it would be difficult for the jury to absorb."

To find the defendant guilty of money laundering–spending, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*: the defendant engaged in a monetary transaction;

*Second*: the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

*Third*: the property had a value of more than $10,000;

*Fourth*: the property was in fact proceeds of wire fraud; and

*Fifth*: the transaction took place within the United States.

The term "proceeds of some criminal activity" means any property constituting, or derived from, proceeds obtained from a criminal offense. Wire fraud is a type of specified unlawful activity.[45]

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.[46]

**(CONTINUED ON FOLLOWING PAGE)**

---

[45] *See United States v. Huff*, 641 F.3d at 1230 (language altered for readability; citations omitted).

[46] 10th Cir. Pattern Jury Instructions § 1.39 (3d ed. 2021).

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.[47] All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce, however minimal that effect is. [A minimal effect is sufficient (for example, a deposit in an FDIC-insured bank is sufficient).][48]

[The government does not have to prove that a defendant knew that the money was derived from a specified unlawful activity or that a defendant committed the specified unlawful activity. It is enough that defendant had general knowledge that the proceeds; money; deposit; etc. came from some kind of criminal offense.][49]

---

[47]     10th Cir. Pattern Jury Instructions § 1.39.1 (3d ed. 2021).

[48]     1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017); *see also Huff*, 641 at 1231 (supporting same reasoning as reflected in 1st Circuit instruction).

Defendant Michael Tew and defendant Kimberley Tew each object to this sentence insofar as it is not included in 10th Cir. Pattern Jury Instructions § 1.39 and 1.39.1.

[49]     1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017).
Defendant Michael Tew and defendant Kimberley Tew each object to this paragraph insofar as it is not included in 10th Cir. Pattern Jury Instructions § 1.39 and 1.39.1.

**PROPOSED INSTRUCTION NO. [26 - M. Tew][50], [51]**
**COMPETING**

**MONEY LAUNDERING–SPENDING — 18 U.S.C. § 1957**

**(Counts 42 and 44 – 56 (Michael Tew))**
**and**
**(Counts 43, 44, 47, 48 and 56 (Kimberley Tew))**

Defendant Michael Tew is charged with 14 violations (in Count 42 and Counts 44 through 56) and defendant Kimberley Tew is charged with 5 violations (in Counts 43, 44, 47, 48, and 56) of Section 1957 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

These counts charge the defendants with engaging in a monetary transaction in violation of federal law.

**(CONTINUED ON FOLLOWING PAGE)**

---

[50]     *See United States v. Huff*, 641 F.3d 1228, 1230-31 (10th Cir. 2011) (citations omitted); *see also* 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019); 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017).

[51]     The introduction to this instruction, as well as proposed additional instructions regarding the terms used in § 1957, are derived primarily from comments to 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019) and 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017). The Sixth Circuit Committee specifically advises against giving "instruction[s] recounting the statutory language of [§§ 1956 and 1957] because it would be difficult for the jury to absorb."

To find the defendant guilty of money laundering–spending, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:         the defendant engaged;

*Second*:     in a monetary transaction;

*Third*:       in criminally derived property;

*Fourth*:     the defendant knew the transaction involved property or funds that were derived from unlawful actions;

*Fifth*:        the property had a value of more than $10,000;

*Sixth*:       the property was in fact proceeds of wire fraud; and

*Seventh*:   the transaction took place within the United States.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. Funds obtained by wire fraud are considered to be criminally derived property.[52]

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

**(CONTINUED ON FOLLOWING PAGE)**

---

[52]      *See United States v. Huff*, 641 F.3d at 1230 (language altered for readability; citations omitted).

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.[53]

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. [54]

---

[53]     10th Cir. Pattern Jury Instructions § 1.39 (3d ed. 2021).

[54]     10th Cir. Pattern Jury Instructions § 1.39.1 (3d ed. 2021).

**PROPOSED INSTRUCTION NO. [ 27 ]**[55]
**STIPULATED IN PART (see footnote)**[56]

**WILLFUL FAILURE TO FILE A TAX RETURN — 26 U.S.C. § 7203**

**(Counts 57 – 60 (Michael Tew))**

Defendant Michael Tew is charged with 4 violations (in Counts 57 through 60), of Section 7203 of Title 26 of the United States Code, alleged on various dates, as listed in the Indictment.

This law makes it a crime to willfully fail to file federal income tax returns.

To find the defendant guilty of willfully failing to file a tax return, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

*First*:        the defendant was required to file a return for the calendar year specified in the Count of the Indictment;

*Second*:     the defendant failed to file an income tax return as required by Title 26 of the United States Code; and

*Third*:       in failing to do so, the defendant acted willfully;

**(CONTINUED ON FOLLOWING PAGE)**

---

[55]     *See* 9th Cir. Pattern Jury Instructions §§ 22.2, 22.6 (2022 ed.).

[56]     The government objects to the bracketed language in the last paragraph.

To prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

[If the defendant acted on a good faith misunderstanding as to the requirements of the law, he did not act willfully even if his understanding of the law was wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.]

## **PART III: DELIBERATIONS & VERDICT FORM**

That concludes the part of my instructions explaining the law that applies in this case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

PROPOSED INSTRUCTION NO. [ 28 ][57]
STIPULATED

PROCEDURES FOR DELIBERATION

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will help to guide your deliberations and will speak for you here in the courtroom. You should also review the instructions. Your deliberations will be more productive if you understand the legal principles upon which your verdict must be based, and you are bound by your oath to follow the law stated in these instructions throughout your deliberations. Once you begin deliberations, you may only discuss the case if all jurors are present.

Second, it is your duty as jurors to discuss this case with one another in the jury room and try to reach agreement. Each of you must decide the case for yourself, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. During your deliberations, do not hesitate to re-examine your own opinions, and do not be afraid to change your mind if the discussion persuades you that you should. But do not make a decision or surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[57]    *See* Charge of the Honorable Daniel D. Domenico at 25-26, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

Third, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. You should not tell anyone—including me—details of your deliberations or how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence you have seen and heard in the courtroom and on the law I have given to you in these instructions.

Fifth, the verdict must represent the considered judgment of each of you. In order to return a verdict, whether it is guilty or not guilty, it is necessary that each juror agree. Your verdict must be unanimous on each count.

Finally, the verdict form is the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility..

## PROPOSED INSTRUCTION NO. [ 29 ][58]
## STIPULATED

## COMMUNICATION DURING DELIBERATIONS

During your deliberations, you must not communicate with, provide any information to, or receive any information from anyone else by any means about this case. You may not use any electronic device or medium, such as a phone, computer, or tablet, to communicate to anyone any information about this case, or to conduct any research about this case. Until I accept your verdict, you can only discuss the case in the jury room with your fellow jurors. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. You will never have to explain your verdict to anyone. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties to the case. This would unfairly impact the judicial process.

---

[58] *See* Charge of the Honorable Daniel D. Domenico at 27, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

## PART IV: THE INDICTMENT

The Indictment will be provided to you for your convenience.

You will note that the Indictment charges that crimes were committed on or about specified dates. Per my previous instruction, the government must prove beyond a reasonable doubt that the defendants committed the crimes reasonably near those dates.[59]

Remember, the Indictment is not evidence. You may not rely on anything said in the Indictment to find the defendants guilty on any charge, and you must not let the Indictment influence your weighing of the evidence. You are receiving the Indictment simply to help you understand what you are deliberating about when you consider each count.

Because the Indictment is lengthy, I will not read it now, but as I said, it will be included in your set of jury instructions.

---

[59] *See* 10th Cir. Pattern Jury Instructions § 1.18 (3d ed. 2021) (modified to reflect multiple counts) (cited *supra*).

Respectfully submitted this 24th day of January, 2024, on behalf of all the parties:

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

By:   */s/ Jason D. Schall*
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
(720) 505-3861
jason@bowsch.com
Counsel for Defendant Michael Tew

By:   */s/ Kristen M. Frost*
Kristen M. Frost
Ridley, McGreevy Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
(303) 629-9700
frost@ridleylaw.com
Counsel for Defendant Michael Tew

By:   */s/ David S. Kaplan*
David S. Kaplan
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, CO 80218
(720) 689-8909
kaplan@slhlegal.com
Counsel for Defendant Kimberley Ann
Tew

By:   */s/ Jamie Hubbard*
Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, CO 80218
(720) 689-8909
hubbard@ slhlegal.com
Counsel for Defendant Kimberley Ann
Tew

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
sarah.weiss@usdoj.gov