IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

## GOVERNMENT'S UNOPPOSED MOTION TO OBTAIN TESTIMONY VIA LIVE CONTEMPORANEOUS VIDEO CONFERENCE

    The government respectfully moves the court for an order permitting a representative from Fidelity Information Services LLC to testify during the trial via live videoconferencing from a U.S.-based corporate office. Defense counsel have no objection to the motion.

    1.    Fidelity Information Services LLC (FIS) was a vendor providing financial technology services to Signature Bank between 2018 and 2020. As such, custodians of records at FIS are familiar with the interstate nature of the electronic wires used to send the financial transactions listed in the Indictment.

    2.    The Federal Rules of Criminal Procedure are silent on whether it is permissible to take live testimony by video during a trial. However, Federal Rule of Criminal Procedure 57 allows the Court to draw from mirror practices authorized by the Federal Rules of Civil Procedure. Fed. R. Crim. P. 57(b) (authorizing judges

1

to regulate practice so long as it is otherwise consistent with other sources of law); see Fed. R. Crim. P. 2 (advising that the rules should be interpreted to provide for just outcomes, fair administration, and unnecessary expense and delay). The civil rules explicitly authorize the televised presentation of testimony in compelling circumstances and when good cause is shown. Fed. R. Civ. P. 43.

3. The issue then, is not whether a rule permits the procedure. The issue is whether such a thing is permitted in a criminal case where "accused shall enjoy the right. . . to be confronted with the witness against him." U.S. Const. amend. VI. The key case here is *Maryland v. Craig*, 497 U.S. 836 (1990). In that case, the Supreme Court upheld the trial court's use of a one-way live video feed that allowed the defendant to see the child witness, but that allowed the child witness to testify in a separate room without seeing the defendant. To reach that conclusion, the Court reasoned that Sixth Amendment rights are not absolute and must sometimes give way where (1) necessary to further an important public policy and (2) whether the reliability of the testimony is otherwise assured." *Id.* at 850.

4. The procedure proposed here satisfies the *Craig* standard.

   a. The testimony hear furthers the important public policy interest's attendant to judicial resolution of cases implicating the interstate banking system.

   b. The reliability of the testimony here is even greater than it was in *Craig*. First, video conferencing technology has advanced by wild leaps in the past thirty years. This Court, no less than every other federal district court in the

2

country, has extensive experience using video conferencing technology to avoid substantial disruptions to the administration of justice that would otherwise have occurred because of COVID-19. Lawyers are used to the technology, IT professionals are more adept at fixing problems, and jurors themselves are likely to be familiar with listening and interacting with others through video conferencing. Second, the video here is two-way, rather than one way. The procedures here would preserve all elements of the confrontation right, including the ability of the defendants, the judge and the jury to view the witness's demeanor, the ability of the defendant to provide information to his counsel during the examinations, and the ability for objections to be ruled upon contemporaneously.

5. The testimony here is important for the jury's consideration of the matter because the interstate nature of the transactions is an element of the crime.

For all of these reasons, and because the defendants have no objection to this procedure, the government respectfully asks for an order permitting the testimony. If granted, the government will work with defense counsel and Court staff to

develop a logistical plan that will ensure, to the greatest extent possible, the smooth and expeditious taking of testimony during the trial.

                                                                          COLE FINEGAN
                                                                          United States Attorney

| By: */s/ Bryan Fields* | By: */s/ Sarah H. Weiss* |
|---|---|
| Bryan Fields | Sarah H. Weiss |
| Assistant United States Attorney | Assistant United States Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 1801 California St. Suite 1600 | 1801 California St. Suite 1600 |
| Denver, CO 80202 | Denver, CO 80202 |
| (303) 454-0100 | (303) 454-0100 |
| Bryan.Fields3@usdoj.gov | Sarah.Weiss@usdoj.gov |
| Attorney for the Government | Attorney for the Government |

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                                                          */s/ Bryan Fields*
                                                                          Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

                                                                          */s/ Bryan Fields*
                                                                          Bryan Fields

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

*s/ Bryan David Fields*
United States Attorney's Office