IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

**MOTION FOR RECONSIDERATION OF COURT'S ORDER
REGARDING PROFFER AGREEMENTS AND REQUEST FOR HEARING**

---

Defendant Michael Aaron Tew ("Mr. Tew") respectfully asks the Court to reconsider its Order (Doc. 404) regarding the interpretation and application of the proffer agreements at issue in this case. The Court's Order, which held that neither the government's nor Mr. Tew's interpretation of the proffer agreements was what it actually meant, implicitly calls into question how such an agreement could have been knowingly and voluntarily entered into by either party.

For reasons including those outlined in Mrs. Kimberley Tew's Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing, Doc. 409, which Mr. Tew hereby adopts the same rationale and law raised by Ms. Tew, Mr. Tew requests that the Court schedule a hearing to determine whether he intended to waive any portion of his constitutional rights to cross-examine witnesses against him without his incriminating statements being used against him. As an offer of proof, at such a hearing Mr. Tew and/or his then counsel would testify that his attorney advised him that the agreement meant that his proffer would be put into evidence only if he introduced testimony

conflicting with the statements in the proffer agreement.

The Court's textual interpretation of the proffer agreements demonstrates that the purported waiver provisions were unclear three and a half years ago when Mr. Tew signed those agreements. The Court, grappling with this issue at the Trial Preparation Conference, admitted as much:

> [The Court]   And I think it's also an easy case that if the defense, on the opposite extreme, if the defense is very limited and extremely careful about how they characterize things, and say only things like the government – the evidence the government has presented doesn't support X, Y, or Z, then it's an easy case, that none of it gets in. But to me, it's a little bit more of a gray area between those two. If they don't testify, and if counsel simply is saying things like, to an agent, *You don't have – this exhibit doesn't say who created the email account, does it?*
>
> [AUSA]   Hm-hm.
>
> [The Court]   And things like that, trying to draw this line, that you are suggesting I try to draw, seems very difficult and not obvious, to me, that even someone with experienced counsel would understand that they are walking that line, when they agree to this, because it's just hard for me to figure out a really principled distinction between some of the things that you are asking me to distinguish.

Transcript of Trial Preparation Conference at p. 52.

For these reasons, Mr. Tew requests the Court reconsider its Order and hold a hearing to determine whether he knowingly waived constitutional and not just evidentiary rights when he agreed to proffer with the government in July 2020.

DATED this 4th day of February, 2024.

          */s/   Jason D. Schall*
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

       /s/   Kristen M. Frost
Kristen M. Frost
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
E-mail: frost@ridleylaw.com
Attorneys for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

       /s/   Jason D. Schall
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

       /s/   Jason D. Schall
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| AUSA Bryan Fields | David Kaplan / Jamie Hubbard |
| U.S. Attorney's Office | Stimson LaBranche Hubbard, LLC |
| 1801 California Street, Suite 1600 | 1652 North Downing Street |
| Denver, CO 80202 | Denver, CO 80203 |

(303) 454-0100  (720) 689-8909
Bryan.Fields3@usdoj.gov  kaplan@slhlegal.com
  hubbard@slhlegal.com
  *Attorneys for Kimberley Ann Tew*

    I hereby certify that I will mail or serve the filing to the following participants:

    Mr. Michael Aaron Tew (defendant)

                                               */s/ Jason D. Schall*
                                                Jason D. Schall