IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1. **MICHAEL AARON TEW,** and
   2. **KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,**

     Defendants.

---

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR RECONSIDERATION OF COURT'S ORDER REGARDING PROFFER STATEMENTS

---

"It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The proffer statements the defendants are asking the court to reconsider were signed in 2020, were discussed extensively during the pretrial motions hearing in October 2022, and were the subject of argument just five days ago at the pretrial conference. This past Thursday, the Court issued its ruling:

> Nor have the defendants met their burden to show that their entry into these agreements was not knowing and voluntary. *U.S. v. Smith*, 770 F.3d 628, 638 (7th Cir. 2014) (defense has burden to show waiver not voluntary and knowing and citing *Mezzanato*, 513 U.S. at 210); *U.S. v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013) (holding similarly). While Ms. Tew has made vague assertions that her agreement was not entered into "knowingly," it became clear at the conference that this was actually a dispute about the scope of the agreement's terms. Because these agreements are treated as contracts, the court sees no reason to hold an evidentiary hearing to interpret their scope, and Ms. Tew has provided

no specific authority for doing so here.

ECF No. 404 at 2 (footnote omitted). The defendants advance no good cause for the Court to reconsider an issue decided two business days ago. Their respective motions for reconsideration, ECF Nos. 409 and 410, should be denied.

### I.  The defendants have articulated no basis for reconsideration — and no legal precedent that would guide a principled method for doing so

The rules of criminal procedure do not provide for motions for reconsideration. Whether to entertain such a motion is left to the sound discretion of the court, which can consider analogous rules from the civil realm. *United States v. Baraja-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004). In exercising that discretion, the Court should consider whether it was reasonable for the parties (a) to wait until the week before the pretrial conference to raise an issue that has been known from the start, (b) to wait until a reply brief to make fulsome arguments engaging with text and caselaw they did not deem worth bringing to the court's attention in their primary brief, and (c) to file a motion for reconsideration on the literal eve of trial. It is not. *Cf. United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (suggesting fourteen-day deadline is appropriate benchmark). The Court should exercise its discretion to summarily dismiss the motions as ones filed out of time and without good cause. *Id.* ("Motions for reconsideration, however, cannot be brought at simply any time. If they could, criminal proceedings might never end.").

Alternatively, the motions should be denied because they do not even attempt to articulate that there had been an "intervening change in the law," the discovery of

"new evidence previously unavailable," or something necessary to "correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. *See* ECF Nos. 409 and 410 (omitting reference to any legal principle or precedent that would authorize or encourage reconsideration). Nothing about the law or the facts has changed in the intervening days since the Court's order. Indeed, the motions make clear that the defendants advance the same position they did last week — a challenge to the *scope* of the waiver, not the fundamental nature of the waiver itself. ECF No. 404 at 2.

To the extent that Kimberley Tew's motion now implicitly seeks reconsideration because of a "manifest injustice," it simply elaborates on the same argument already raised (late) in her reply brief. In the reply, she argued that any waiver purporting to sign away the right to counsel, the right to confront witnesses, and the right to present a defense, was not knowing and voluntary. ECF No. 398. She makes the same argument now, differentiating its presentation only in citations to new cases. ECF No. 409 at 2-3 (making arguments about right to confrontation and law regarding waiver). The government addressed this argument in its response, ECF No. 393, and repeats those arguments here. The defendant did not sign away her right to confront witnesses or to present a defense; she simply agreed that if she told prosecutors one thing and later tried to argue to a jury something else, the jury would get to hear both statements, taking all information into account when deliberating over its verdict. Subject to the Court's admonishment regarding the rules of professional responsibility, Kimberley Tew can ask her lawyers to cross-examine

witnesses however she likes, and she retains the ability to present any defense she wants. She just faces the agreed-upon consequences for doing so. ECF No. 393 at 11-13.

To the extent that Kimberley Tew's motion implicitly seeks reconsideration based on "new evidence that was previously unavailable" in the form of her lawyer's selective waiver of attorney-client privilege, she is similarly asking for yet another bite at the apple. Evidence of her present attorneys' interpretation of the contract she signed back then is not new — she could have made the argument in her (late) reply brief.  Or indeed, virtually any time before that. But even if she had, it is hard to see how that would have made a difference given that the court's clear *legal* ruling, which makes her *factual* assertion irrelevant: her issue relates to the scope of the contractual language, not whether the contract itself was knowing and voluntary. ECF No. 404 at 2; *see also* ECF No. 393 at 6 (quoting Judge Easterbrook's colorful rephrasing of black-letter law regarding contracts: they do not become invalid through the gambit of asserting unanticipated consequences).

Finally, to the extent Kimberley Tew's motion seeks reconsideration because of "clear error," she now seeks a do-over regarding her arguments about the text of the proffer agreement.  She is not wrong to point out that the proffer agreement in *Oluwanisola* used different language.  But that doesn't make her preferred interpretation right. She had the opportunity to raise textual arguments for the first time in her original motion, and yet again in her (late) reply brief. The Court had that brief, and heard extensive arguments of counsel, at the hearing.  And it rejected that

reading of the proffer, pointing out that clients "take positions" and "present arguments" through attorneys. ECF No. 404 at 3. The government responds here by repeating what it argued that the hearing: the language of the proffer agreement at issue is substantially similar to the language interpreted in *Krilich*. The waiver's trigger includes cross-examination and argument by counsel that is inconsistent with the proffer. ECF No. 404 at 2 (citing *United States v. Krilich*, 159 F.3d 1020, 1024-25 (7th Cir. 1998) and noting similarities of language). If Robert Krilich couldn't use cross-examination to make insinuations inconsistent with a proffer, neither should Kimberley Tew.

For his part, Michael Tew quotes from the transcript of the pretrial conference and suggests that the Court's active and dynamic engagement of issues through argument somehow supersedes a thoughtful written order issued later, with the benefit of time to fully consider everyone's written and oral positions. ECF No. 410. But that is like using a hypothetical raised by a judge in an oral argument to second-guess a later written ruling. That is not how courts work (or should work) – oral argument is useful for judges to honestly grapple with the issues and tease out all the implications of an argument, to the benefit of the parties and the public.

The Court should put an end to the infinite time loop related to the Tews' arguments about their proffer agreements. Groundhog Day[1] was Friday. Trial should

---

[1] *See Dawn T. v. Saul*, NO. 18-cv-50101, 2019 WL 4014240, at *1 n.1 (N.D. Ill. Aug. 26, 2019) (describing rich and extensive history of the movie's reference in litigation all the way to the Supreme Court and, of course, its use as a shorthand lament for parties trapped in litigation that seems to present the same issue over and over.)

proceed tomorrow, consistent with the Court's order. The Tews can present any defense they choose, mindful of the fact that choices have consequences.

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

*/s/ Bryan Fields*
Bryan Fields

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of February 4th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov