

**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

Hetal J. Doshi
Assistant United States Attorney

1801 California Street, Suite 1600
Denver, CO 80202

Telephone: 303-454-0100
Fax: 303-454-0405

October 16, 2020

*Via Email*
Jamie Hubbard, Esq.
Counsel to Kimberley Tew
Stimson, Stancil, LaBranche, Hubbard, LLC
1652 North Downing Street
Denver, CO, 80218
hubbard@sslhlaw.com
720.689.8909

Dear Ms. Hubbard,

I understand your client, Kimberley Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Ms. Tew's financial transactions related to, directly or indirectly, with National Air Cargo, and subsequent transactions initiated by or for the benefit of, among others, Ms. Tew, either directly or indirectly. This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.   Your client agrees that she will truthfully and completely disclose all information with respect to her activities and the activities of others that are the subject of inquiry by the government during the proffer. In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset. The only limited exception to this is that Ms. Tew has elected at this time not to answer questions that may specifically implicate her husband, Michael Tew. She has consulted with her counsel and understands that this decision could diminish the value, if any, of her cooperation. At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings. You and your client understand that false statements

1



DEFENDANT'S EXHIBIT C

willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

2.  Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.  The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence. Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer. *See Kastigar v. United States*, 408 U.S. 931 (1972). It is the intent of this agreement to establish that such derivative use is proper. By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.  The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.  Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.  In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against her in the future.

7.  Your client understands that she is required to provide full and complete information about the subject matter of the proffer and any information about herself which might adversely impact on her credibility as a witness concerning such activity.

EXHIBIT A

8.  This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9.  This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

s/ *Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

I, Kimberley Tew, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____     10/20/2020
Kimberley Tew                 Date

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

_____     10/20/2020
Jamie Hubbard                 Date
Counsel for Kimberley Tew

3

EXHIBIT A

EXHIBIT A