IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) MICHAEL AARON TEW**;
**(2) KIMBERLEY ANN TEW**, a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

    Defendants.

## ORDER DENYING MOTION FOR SEVERANCE

Defendants Michael Tew and Kimberley Tew (who are married) are being jointly tried. During trial, Mr. Tew orally moved for severance, followed by a written motion, arguing primarily that Mrs. Tew's purportedly "antagonistic" defense requires trying him separately from his co-defendant wife. Doc. 420. For the reasons set forth below, the motion is denied.

## BACKGROUND

On February 3, 2021, a grand jury indicted Mr. and Mrs. Tew on dozens of counts including wire fraud, conspiracy to commit wire fraud, and conspiracy to commit money laundering. Doc. 83. The government alleges that the defendants defrauded various entities affiliated with National Air Cargo, Inc. (collectively, "NAC"). *Id.* at 1.

Issues regarding joint representation and potential conflicts between Mr. and Mrs. Tew have been a longstanding concern in this case. Indeed,

the government raised potential conflict issues as early as February 28, 2021 in a motion regarding the Tews' potential joint representation by a single lawyer. Doc. 108. As the government noted, one defendant may seek to admit evidence that is prejudicial to the co-defendant and "even if Mr. and Mrs. Tew agree about their defenses now, it may well be that such agreement changes as the prosecution continues." *Id.* at 7.

The court allowed Mr. and Mrs. Tew to have joint representation in the early stages of this case, consistent with their joint wishes. But the Tews' then-joint counsel ultimately sought appointment of separate counsel, noting the potential for conflicts between the defendants. Doc. 288. The court granted that request on December 29, 2022. Doc. 289.

Prior to that order, on June 13, 2022, the Tews' then-joint counsel filed a motion for severance on behalf of Mrs. Tew. Doc. 218. In that motion for severance, Mrs. Tew argued that a joint trial would, among other things, constitute "prejudicial joinder." Doc. 218 at 3-5. Mrs. Tew argued that severance was necessary due to the "evidence admissible" against Mr. Tew and because of Mrs. Tew's purported "different degree of culpability" given that, in Mrs. Tew's wording, "the evidence against Mrs. Tew is far less than that the government intends to use against Michael Tew." *Id.* at 4. The court denied that motion on October 27, 2022 and explicitly rejected this "prejudicial joinder" argument. Doc. 260 at 6-8.

At trial, Mr. Tew made an oral motion for severance due to a purported "antagonistic defense" that arose during Mrs. Tew's opening arguments. The court deferred ruling on that oral argument pending written submissions on the issue. Mr. Tew then filed a written motion on this issue mid-trial, and the government responded. Docs. 420, 422.

## APPLICABLE LAW

In relevant part, Federal Rule of Criminal Procedure 8(b) provides that the "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Joint trials are preferred in the federal system for defendants who are indicted together. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability." *Richardson v. Marsh*, 481 U.S. 200, 107 (1987). The Tenth Circuit recognizes "a presumption in a conspiracy trial that coconspirators charged together preferably should be tried together." *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 224 (2023 ed.) (characterizing this presumption for joint trial in conspiracy cases as "especially strong"). As a general matter, motions for severance must be made prior to trial absent a showing of "good cause." Fed. R. Crim. P. 12(b), 12(c), 14; *see also United States v. Pursley*, 577 F.3d 1204, 1219 (10th Cir. 2009).

"Mutually exclusive defenses" between jointly tried co-defendants may constitute a ground for severance. *United States v. Jones*, 530 F.3d 1292, 1304 (10th Cir. 2008). To sever a trial on this ground, the movant must first show that the co-defendants' defenses are "so antagonistic that they are mutually exclusive." *Id.* If so, the movant must next show that there is "a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (cleaned up). If the movant makes these two showings, the court "must weigh the prejudice to a particular defendant

caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Id.* (cleaned up).

## DISCUSSION

Mr. Tew argues that (1) he has not waived or forfeited his severance arguments and (2) on the merits, severance is required "because this case now involves a defense that Mrs. Tew is not guilty, because Mr. Tew is guilty, and his guilt negates her – the classic problematic finger pointing situation." Doc. 420 at 1-10. Both arguments are unpersuasive.

### I.   Timeliness of the Motion

As discussed above, a defendant generally must demonstrate "good cause" to make a motion for severance after trial has started if the "basis for the motion" was "reasonably available" prior to trial. *See* Fed. R. Crim. P. 12(b)(3)(B)(iv), 12(c)(3), 14; *United States v. Herrera*, 51 F.4th 1226, 1267 (10th Cir. 2022). Mr. Tew does not explicitly address this "good cause" standard, but he argues that he has not forfeited or waived his argument. The court construes these arguments as an attempt to demonstrate good cause to file this motion after trial commenced.

Despite Mr. Tew's protestations, there has been a real, foreseeable possibility that Mrs. Tew's defense would be antagonistic to his for years. As noted above, the government raised this very issue early on in the case, suggesting that joint representation may not be appropriate. *See generally*, Doc. 108. The fact that the court later ordered separate counsel for each defendant—over a year prior to the start of trial—should have put Mr. Tew on further notice that his defense strategy may not align with Mrs. Tew's. And as the government outlined in its response, there were multiple natural opportunities to raise this issue in the years before trial started. *See* Doc. 422 at 9-10.

- 4 -

Mr. Tew's suggestion that the defenses—or potential defenses—were not *sufficiently* antagonistic prior to trial to warrant filing a motion remains unpersuasive. The parties have demonstrated little reluctance in raising more minor hypothetical issues prior to trial throughout the nearly four-year pendency of this case. The standard is whether the basis for severance—here, Mrs. Tew's potential finger-pointing defense—was "reasonably available" prior to trial, not definitively available. Fed. R. Crim. P. 12(b)(3). That standard does not require that all relevant information be made available. *See United States v. Rodriguez-Lozada*, 558 F.3d 29, 38 (1st Cir. 2009) (affirming finding that mid-trial motion to sever was untimely where defense counsel argued that they had to wait until prior hearing transcript was available before making motion).

The court acknowledges that there is no joint defense group in this case and that counsel cannot be expected to anticipate every defense a co-conspirator may raise at trial. But Mr. Tew could have seen this coming, at least at a high level, particularly given the case history outlined above and outlined in the government's response to this motion. Mr. Tew therefore has not demonstrated good cause to file an untimely motion for severance or that the basis for his motion was not "reasonably available" prior to trial. In any event, the motion fails on the merits as outlined below.

### II.    Severance Is Not Warranted

Mr. Tew must first establish that there are truly "mutually exclusive" antagonistic defenses at issue here and that Mrs. Tew's defense either compromises a "*specific trial right*" or prevents "the jury from making a reliable judgment about guilt or innocence." *Jones*, 530 F.3d at 1302 (emphasis in original). Mr. Tew cannot meet either prong.

As to the first prong, the "core" of Mrs. Tew's defense must be "so antagonistic to" Mr. Tew's defense such that "the two defenses [are] mutually exclusive." *Id.* at 1304. *Jones* is on point. In that bank fraud case, the non-moving defendant argued, both in opening and closing arguments, that the moving co-defendant was "the 'head' of the bank fraud operation" charged in the indictment and that the moving co-defendant was "running that organization." *Id.* While these statements were "antagonistic" to the moving defendant, the Tenth Circuit found that this did not render the defenses mutually exclusive. *Id.* The Tenth Circuit found that the moving defendant's "guilt was not, in itself, a viable legal defense for" the non-moving defendant. *Id.* Instead, the Circuit found that the core of the non-moving defendant's actual *legal defense* was based on the sufficiency of the evidence, a lack of willfulness or knowledge of the alleged conspiracy, and an attack on the government's witness's credibility and truthfulness. *Id.*

The same high-level "finger-pointing" defense is at issue here. As Mr. Tew notes, Mrs. Tew has argued that Mr. Tew had greater, if not sole, involvement with Mr. Yioulos as to the counts charged against him and that, somehow, Mrs. Tew may therefore be innocent of the counts charged against her. *See* Doc. 420 at 12-13 (citing opening argument statements made by Mrs. Tew's counsel that Mr. Tew and Mr. Yioulos "concocted and executed" the charged scheme and suggesting that they, not Mrs. Tew, are more culpable). But this, standing alone, is not a viable legal defense as described in *Jones*. Indeed, in a wire fraud conspiracy like this, it's perfectly consistent for both defendants, and Mr. Yioulos, to be guilty of the conspiracy even if one is more culpable than others (a fact reflected by the variance in the number of counts charged against each defendant). And Mr. Tew's guilt, standing alone, would not absolve Mrs. Tew as a legal matter.

Instead, the "core" of Mrs. Tew's defense amounts to a suggestion that she did not know the details of the conspiracy as much as Mr. Tew and Mr. Yioulos (just as in *Jones*), that the government cannot meet its burden to prove guilt beyond a reasonable doubt (just as in *Jones*), and that the government's witnesses lack credibility or are lying (just as in *Jones*). These are the same "core defenses" at issue in *Jones* and are not mutually exclusive to Mr. Tew's core defenses (which appear to have been very similar thus far). Mr. Tew therefore has not established that there are mutually exclusive defenses at issue here.

Even if Mr. Tew had established the first prong, as to the second prong, he has not identified a specific trial right compromised by Mrs. Tew's defense, nor has he demonstrated that the jury will be unable to make a reliable judgment about guilt or innocence. *See Pursley*, 474 F.3d at 766. Mr. Tew argues generally that his "rights to a fair trial, due process, and to a fair and impartial jury" are at issue because the jury may not treat him as an individual defendant. This mirrors the unsuccessful arguments made in *Pursley* that the joint trial rendered the moving defendant's defense "less likely to be successful." *Id.* That is not sufficiently specific, as detailed in *Pursley*: "It is well settled that defendants are not entitled to severance merely because they may have a *better chance* of acquittal in separate trials." *Id.* (cleaned up) (emphasis in original). And the court has—and will again—instruct the jury that the evidence must be weighed independently as to each defendant. That is sufficient to cure any alleged prejudice caused by Mrs. Tew's "antagonism" toward Mr. Tew. *See Zafiro*, 506 U.S. at 540-41.

And even if Mr. Tew had established these first two prongs, any alleged prejudice to Mr. Tew does not outweigh the "obviously important considerations of economy and expedition in judicial administration." 530 F.3d at 1304. As discussed above, any prejudice to Mr. Tew is

minimal and has been/will be cured with appropriate instructions. On the other hand, severing trial now would completely undermine the considerations of judicial economy: (1) the court has already conducted most of this trial and received the testimony of many witnesses, most of whom flew from out of state to testify; (2) Mr. Tew failed to raise this issue pretrial and has not shown good cause for that failure; (3) this case has been ongoing for nearly four years, largely due to delays requested by both defendants; and (4) both defendants have tried to delay this trial multiple times (both before and after it started), including through re-litigation of many issues resolved prior to trial. Judicial economy therefore outweighs any minimal purported prejudice resulting from the joint trial of both defendants.

## CONCLUSION

Mr. Tew's Renewed Motion for Severance, **Doc. 420**, is **DENIED**.

DATED: February 12, 2024

BY THE COURT:

~~Daniel~~ D. Domenico
United States District Judge