IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

**DEFENDANT MICHAEL TEW'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION PENDING SENTENCING**

---

In its Motion for Detention Pending Sentencing (Doc. 450), the government fails to meaningfully distinguish between defendant Michael Tew ("Mr. Tew") and his co-defendant spouse Kimberley Tew ("Mrs. Tew") in hopes that the Court will somehow overlook Michael Tew's 40+ months of success on pre-trial release, his gainful employment, his long-standing ties to the community, and his role as primary caretaker of the couple's young children. Instead, the government seeks to focus the Court's attention on a speculative new offense, asserted but not charged, that Michael Tew committed perjury in his application for court-appointed counsel, and "recently obtained bank records" purporting to show ongoing financial misdeeds without providing any detail of such transactions to raise the inference that Mrs. Tew's arbitrage remains ongoing. Yet none of this overcomes Mr. Tew's clear and convincing evidence that he is not a danger to the safety of the community or a risk of flight.

I. **CJA-23 forms should not be disclosed to the government.**

In its Motion, the government asks the Court to order the release of Mr. and Mrs. Tew's CJA-23 financial affidavits, Doc. 282, presently under seal and restricted from government access, "so that the government can evaluate whether they made false statements under penalty of perjury." Motion at 3-4. But under § 210.40.20(e) of the Guide to Judiciary Policy, Vol. VII ("Guide"), this is not a proper reason to release the affidavit:

> (e) Employees of law enforcement agencies or U.S. attorney offices should not participate in the completion of the form CJA 23 (Financial Affidavit) or seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility.
>
> (f) The person seeking appointment of counsel has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination. For guidance on counsel's obligation to advise the court about the client's ability to pay, **see:** § 210.10.30.
>
> (g) The prosecution and other interested entities may present to the court information concerning the person's eligibility, but the judicial inquiry into financial eligibility must not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act *or other purposes not related to the appointment of counsel*. Such determinations, if appropriate, must be made at other stages of the proceedings in which the person seeking counsel is a party.

*Id*(e)-(g) (emphasis added).

Section 210.10.30 of the Guide, cross-referenced above, directs court-appointed counsel to inform the Court "[i]f, at any time after appointment, counsel obtains information that a client is financially able to make payment, in whole or in part, for legal or other services in connection with the client's representation, *and the source*

*of the attorney's information is not protected as a privileged communication, counsel will advise the court."* (Emphasis added.) The government's Motion, taken at face value, provides such a basis. As such, Mr. Tew requests that the Court hold an *ex parte* hearing (specifically excluding the government and co-defendant Mrs. Kimberley Tew) to determine whether Mr. Tew "is financially able to obtain counsel or to make partial payment for the representation" pursuant to 18 U.S.C. § 3006A(c). The Court may then determine that Mr. Tew remains eligible for court-appointed counsel, must pay for some or all of his court-appointed counsel, or may terminate court-appointed counsel leaving Mr. Tew to hire his own attorney. *See also* Guide at §230.40(c).

Given the Court's knowledge of the case and potential issues that might be addressed, undersigned counsel requests that such hearing be held before the Court as contemplated by 18 U.S.C. § 3006A(c) ("the United States magistrate judge or the court finds…") and not assigned, as would be many such CJA matters, to a U.S. Magistrate Judge. Only at the conclusion of the *ex parte* hearing would it be appropriate for the Court to consider granting the government's request to release Mr. Tew's CJA-23 affidavit.

**II.     Mr. Tew is not a risk of flight or a danger to the community.**

In its Motion, the government rightly asserts that Mr. Tew is "no longer entitled to a presumption of liberty" (Motion at 5), but then jumps the shark by quoting the provision of the Bail Reform Act applicable to "Release or Detention Pending Appeal by the Defendant" and stating, "Detention is therefore the

mandatory, routine norm for any defendant in their position, namely one following conviction and before the imposition of a custodial sentence." *Id.* citing 18 U.S.C. § 3143(b)(1).

But Mr. Tew hasn't been sentenced. And he can, rather easily, establish by clear and convincing evidence that he is not likely to flee or pose a danger to the "safety of any other person or the community" if released. 18 U.S.C. § 3143(a)(1). This isn't complicated: since his arrest on July 8, 2020, and subsequent release the following day, Mr. Tew has remained in compliance with the conditions of his release. The fact of the matter is that Mr. Tew is a gainfully employed father and primary caretaker of two young children who maintains both long-standing ties to the community and the capacity to make significant income assisting clients with difficult financial situations. He is not a risk of flight and has now proven that to the Court for three years, seven months, and 18 days – clear and convincing evidence.

Neither is Mr. Tew a danger to the safety of the community. Left with no good response to Mr. Tew's record of success, the government attempts to turn it on its head, claiming that Mr. Tew's very compliance (i.e. maintaining employment) raises the scepter that he has committed another offense (that is, perjury on his CJA-23 affidavit). Purportedly relying on "recently obtained bank records" (that it has not shared with undersigned counsel or presumably the Court), the government further seeks to detain Mr. Tew <u>by lumping him in with Mrs. Tew's alleged actions</u>: "Every month, much of this money disappears via transfers to Kimberley Tew, wire transfers, cash withdrawals, or purchases on cryptocurrency platforms." Motion at 4.

And then, to use their preferred gambling metaphor, the government doubles down by attaching an order from a Denver District Court, Exhibit A, detailing Mrs. Tew's civil liability in a cryptocurrency suit – a suit from which Mr. Tew, acting pro se, was summarily dismissed. But each is an argument for why Mrs. Tew should be detained continued misdeeds, not Mr. Tew. If the government could show that Mr. Tew committed a new offense since his release on bond then it would presumably do so. Because it has not, and because Mr. Tew's extensive track record on conditions of release establishes by clear and convincing evidence that he is not a flight risk nor a danger to the community, he should remain on bond pending sentencing in this matter.

DATED this 27th day of February, 2024.

/s/   Jason D. Schall
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

*s/ Kristen M. Frost*
Kristen M. Frost
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
E-mail: frost@ridleylaw.com

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                        */s/   Jason D. Schall*
                                        Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

                                        */s/   Jason D. Schall*
                                        Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields / Sarah Weiss
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Sarah.Weiss@usdoj.gov

David Kaplan / Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
hubbard@slhlegal.com
*Attorneys for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

    Mr. Michael Aaron Tew (defendant)

                                        */s/   Jason D. Schall*
                                        Jason D. Schall