IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-1-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW** and
2. KIMBERLEY ANN TEW,
   a/k/a Kimberley Vertanen,

    Defendants.

**RESPONSE TO DEFENDANT MICHAEL TEW'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The government respectfully requests that the Court overrule each of defendant Michael Tew's objections (ECF No. 571) and conclude that the Presentence Investigation Report (PSR) correctly calculates his Offense Level at 30, with a corresponding Guideline range of 97-121 months.

**I.  Michael Tew has not accepted responsibility and, instead, willfully deflects it in defiance of the jury's verdict and the overwhelming evidence**

The defendant bears the burden of proving that he is entitled to the credit for acceptance of responsibility. *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir. 1990). He has failed to meet this burden.

Michael Tew has not "admitted his guilt," ECF No. 571 at 3, and no "plea

1

agreement was reached" *Id.* at 4. If either were true, then there would have been no need for a jury to spend almost two weeks listening to his attorneys cross-examine witnesses or to spend hours contemplating a jury slip that listed his name over forty times. Far from admitting guilt, Michael Tew used his closing argument to deny responsibility and, instead, to cast blame on everyone but himself. He argued, in essence, that he was the passive intermediary of a scheme foisted upon him by Jonathan Yioulos and his wife. ECF No. 488-1 (summarizing his closing argument). The jury rejected these arguments and so should the Court.

The defendant's objection accurately recites the procedural history regarding the attorneys who represented him in 2020 and 2021. But these facts are untethered from any arguments or claims about their legal significance. He cites no cases and does not explain how or why any legal principles applied to those facts should cause the court to sustain his objection. Firing or otherwise failing to cooperate with numerous attorneys is not grounds for concluding that he accepted responsibility. And to the extent the defendant is arguing for credit because of his proffers, the Court should take judicial notice of the fact that he made a conscious and vigorous effort to exclude the statements he made in those meetings and to instead potentially tell the jury a different story. *See* Def. Mot. in Limine, ECF No. 370.

The defendant's "tangential" objections are themselves evidence of his continued efforts to minimize and avoid, rather than accept, responsibility.

- He used his closing argument to deflect blame onto Yioulos and change the

2

subject from his own fraud to Yioulos's. ECF No. 488-1. The jury rejected that argument when it convicted him, but he continues it now by arguing that he did not recruit Yioulos. ECF No. 571 at 1-2. Yioulos's testimony, voluminous text messages, and the millions of dollars that went into the defendant's accounts prove beyond a reasonable doubt that he was an organizer of the fraud who used various manipulations to convince Yioulos to send him money. *See, e.g.,* ECF No. 341-1 (Log Entry #341) ("I'm trying being nice I'm trying being mean I'm trying to threaten I'm trying to help him I'm trying to play ball I'm trying every method and he is not responding."); *id.* (Log Entry 347 ("I have to threaten hi" [sic]); *id.* (all entries referencing Indictment ¶ 25); *id.* (Log Entry # 317) (referencing football tickets); *id.* (Log Entry #131) (offering to pay off student loans and mortgage). The defendant's continued effort to trivialize his role in turning Yioulos into a conspirator, despite the jury verdict and overwhelming evidence, is sufficient ground to overrule his objection. *Cf. United States v. Deppe*, 509 F.3d 54, 61 (1st Cir. 2007) (affirming district court's denial of departure for acceptance where defendant downplayed his role in fraud scheme and attempted to shift blame to co-defendant).

- He seeks to downplay his involvement in the relevant conduct regarding fraudulent use of his corporate credit card. ECF No. 571 at 2. But Abby Schwartz testified under oath at trial that retail stores provided video showing *both* Michael and Kimberley Tew personally using the corporate credit card to fraudulently buy gift cards. Trial Tr. Feb. 9, 2024 at 36 ("King Sooper [sic] sent Jonathan a video of the card at a check out being used by two individuals . . . . It was Michael and Kimberley Tew."). She told the government the same thing during interviews, which were summarized and provided to the defendant but conveniently ignored in his filing. *See* Report of Interview, INV_00009545. If there is evidence showing "conclusively" that it was solely Kimberley who used the credit card, the defendant does not cite to that evidence or the relevant portion of the transcript. His denials on this point are abdications of responsibility that similarly justify overruling his objection. U.S.S.G. § 3E1.1 app. note 1(a) ("A defendant who falsely denies or frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility).

- He minimizes his responsibility by arguing that he didn't threaten Yioulos to induce him to pay invoices. But evidence at trial showed that he created the C.R. email account and then, posing as C.R., implicitly threatened to tell Yioulos's supervisors about the fraud unless Yioulos paid the 5530 JD

3

invoices. *See* Testimony on Jonathan Yioulos; GX 520 (showing that C.R. email address used Michael Tew's phone number for recovery); GX 658 (featuring the defendant posing as C.R. and asking to talk to "CFO" or "legal team" about unpaid invoice). This false denial in the face of a unanimous jury verdict to the contrary is, again, a sufficient reason to overrule his objection.

- Far from taking responsibility, Michael Tew's immediate reaction was to flee from it:



4

Weeks after this text, the court concluded that the defendant was not a continuing flight risk. But that doesn't mean the defendant never intended to flee and thereby avoid accepting responsibility for his crimes.

The Court should overrule the defendant's objection and conclude that he is not entitled to a two point reduction for accepting responsibility.

## II.     The defendant organized and supervised efforts to make the conspiracy a success

The Court should overrule this objection for all of the reasons supported by all of the evidence and all of the cases chronicled on pages 38-40 of the government's sentencing statement, docketed at ECF No. 458. The defendant does not deny, object, or otherwise grapple with any of the exhibits, testimony, or court cases summarized on those pages. Instead, he again seeks to deflect blame towards his co-conspirator and his wife by focusing on their roles in the conspiracy.

As the government explained in its memorandum, there can be more than one leader or organizer: multiple people in the conspiracy can be holding each other "by the balls." The defendant does not deny that he supervised and organized the participation of L.W., that he planned and organized the offense by using PM and GFL as sham vendors, that he created and used several sham email accounts, that he created and opened several accounts at different institutions to receive scheme proceeds in a way that would avoid bank scrutiny, that he gave Yioulos instructions on where, when, and how to send payments, and that he controlled millions in scheme proceeds.  All of these things make him a supervisor and organizer.

5

To the extent he denies organizing or supervising Yioulos's participation in the scheme, all of the evidence marshaled above in the first bullet point on pages 2-3 — and the jury's unanimous verdict rejecting his closing argument that Yioulos and Kimberley were to blame — proved the opposite, beyond a reasonable doubt.

The court should conclude that a defendant who opened multiple bank accounts to take custody of millions in scheme proceeds obtained using fraudulent vendors he maintained and created, all while supervising the actions of others like L.W. and Yioulos, was an organizer of the scheme. The objection should be overruled.

### III. This was not a victimless crime

Jonathan Yioulos testified, consistent with contemporaneous text messages, that the defendant's crime put the victim company's viability at risk and jeopardized the paychecks that its employees relied upon. ECF No. 458 at 7-8 (describing testimony and referencing *James* log exhibits). Recognizing that whether this amounts to "substantial financial hardship" is a close call — the guideline commentary appears to require *actual* bankruptcy and not just its risk — the government elected not to pursue this enhancement.

But the Court should take notice of the defendant's cynical attempt to portray a $5 million fraud scheme as some kind of victimless crime. ECF No. 571 at 6. It is anti-social and irresponsible to suggest that the defendant should receive lower punishment because a victim had insurance or because the risks the defendant foisted upon the victim and its employees did not ultimately come to pass. He has not

6

accepted responsibility for his crime, continues to belittle its significance, and far from expressing "remorse," appears to have nothing but callous contempt for the non-financial but still considerable emotional and psychological turmoil he inflicted on the people who trusted him. All of these counsel in favor of the sentence recommended by the Probation Office.

## CONCLUSION

For all these reasons, the government respectfully requests that the Court overrule each of defendant Michael Tew's objections and calculate his Offense Level at 30, with a corresponding Guideline range of 97-121 months' imprisonment.[1]

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

---

[1] The government argued in its sentencing submission that the defendant should also receive a two-point adjustment for betraying a position of trust. ECF No. 458 at 40-41. But the government understands and respects the Probation Office's independent analysis of this enhancement and, while it disagrees, has decided not to file formal objections to paragraphs 87 and 88 of the PSR.

7

**Certification of Type-Volume Limitation**

Judge Domenico's Practice Standard III(A)(1) does not impose a type-volume limitation on responses to objections to the PSR.

/s Bryan Fields
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because trial has already occurred within the Speedy Trial Act deadline.

**CERTIFICATE OF SERVICE**

    I certify that on this 24th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

                                              s/ *Bryan D. Fields*
                                              BRYAN D. FIELDS
                                              Assistant United States Attorney
                                              1801 California Street, Suite 1600
                                              Denver, CO 80202
                                              Telephone 303-454-0100
                                              Facsimile 303-454-0402

                                              Bryan.Fields3@usdoj.gov