APPEAL,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: <u>1:20–cr–00305–DDD</u> All Defendants

Case title: USA v. Tew et al

Magistrate judge case number:  1:20–mj–00088–KLM

Date Filed: 09/29/2020

Date Terminated: 12/06/2024

Assigned to: Judge Daniel D. Domenico

Appeals court case number: 24–1465 USCA–10th Circuit

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Michael Aaron Tew**<br>*TERMINATED: 11/15/2024* | represented by | **Peter R. Bornstein**<br>Peter R. Bornstein, Law Offices of<br>6060 Greenwood Plaza Boulevard<br>Suite 500<br>Greenwood Village, CO 80111<br>720–354–4440<br>Fax: 720–287–5674<br>Email: pbornstein@prblegal.com<br>*TERMINATED: 01/30/2023*<br>*LEAD ATTORNEY*<br>*Designation: CJA Appointment* |
| | | **David C. Boyer , Jr.**<br>Newland Legal PLLC<br>PO Box 1413<br>Midlothian, TX 76065<br>303–948–1489<br>Email: david@newlandlegal.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Edward R. Harris**<br>Federal Public Defender's Office<br>Districts of Colorado and Wyoming<br>633 17th Street<br>Suite 1000<br>Denver, CO 80202<br>303–294–7002<br>Email: co.ecf@fd.org |

1

*TERMINATED: 10/21/2020*
*Designation: Public Defender or Community Defender Appointment*

**Eric M. Creizman**
Armstrong Teasdale LLP
919 Third Avenue
37th Floor
New York, NY 10012
212–209–4400 x4358
Fax: 212–409–8385
Email: ecreizman@atllp.com
*TERMINATED: 08/13/2020*
*Designation: Retained*

**Jason Dale Schall**
Bowlin & Schall Law LLC
7350 East Progress Place
Suite 100
Greenwood Village, CO 80111
720–505–3861
Email: jason@bowsch.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kristen M. Frost**
Taft Stettinius & Hollister LLP
675 Fifteenth Street
Suite 2300
Denver, CO 80202
303–297–2900
Fax: 303–298–0940
Email: kfrost@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Michael Hassard**
Tor Ekeland Law, PLLC
30 Wall Street
8th Floor
New York, NY 10005
718–737–7264
Email: michael@torekeland.com
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Michael J. Sheehan**
Sheehan Law
8400 East Prentice Avenue
Suite 1040
Greenwood Village, CO 80111
720–381–6146
Email: michael.sheehan.esq@gmail.com

*TERMINATED: 07/29/2020*
*Designation: Retained*

**Thomas Richard Ward**
Stuart & Ward LLP
140 East 19th Avenue
Suite 300
Denver, CO 80203
303–832–8888
Email: tward@stuartwardlaw.com
*TERMINATED: 03/18/2021*
*Designation: CJA Appointment*

**Tor Bernhard Ekeland**
Tor Ekeland Law, PLLC
30 Wall Street
8th Floor
New York, NY 10005
718–737–7264
Email: tor@torekeland.com
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Xuan Zhou**
Lewis Brisbois Bisgaard & Smith LLP
550 West C Street
Suite 1700
San Diego, CA 92101
619–233–1006
Email: xuan.zhou@lewisbrisbois.com
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Zachary Lee Newland**
Newland Legal, PLLC
P.O. Box 3610
Evergreen, CO 80437
303–948–1489
Email: zach@newlandlegal.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18 U.S.C. § 1349 (Conspiracy to
Commit Wire Fraud)
(1s)

**Disposition**

Defendant shall be imprisoned for a total term of
forty–two (42) months. This term consists of
forty–two (42) months on each of Counts 1 through
42 and 44 through 56; and twelve (12) months on
each of counts 57 through 60; all counts imposed
concurrently. Three (3) years supervised release on
each count, to run concurrently. , $5,600.00 special
assessment, no fine, and restitution in the total

amount of $6,331,622.10.

| | |
|---|---|
| 18 U.S.C. § 1343 (Wire Fraud) (2s–40s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10. |
| 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (41s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (42s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (44s–56s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10. |
| 26 U.S.C. § 7203 (Willful Failure to File Tax Return) (57s–60s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10. |

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. § 1349 (Attempt and Conspiracy) (1) | |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (2) | |
| 26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax) (3) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| 18 U.S.C. § 19569(h) Conspiracy to Commit Money Laundering | |

Assigned to: Judge Daniel D. Domenico

Appeals court case number: 24–1333 USCA–10th Circuit

**Defendant (2)**

| **Kimberley Ann Tew** | represented by | **Peter R. Bornstein** |
| --- | --- | --- |
| *TERMINATED: 08/13/2024* | | (See above for address) |
| *also known as* | | *TERMINATED: 12/29/2022* |
| Kimberley Vertanen | | *LEAD ATTORNEY* |
| *TERMINATED: 08/13/2024* | | *Designation: CJA Appointment* |
| | | |
| | | **David Scott Kaplan** |
| | | Stimson LaBranche Hubbard, LLC |
| | | 1652 North Downing Street |
| | | Denver, CO 80203 |
| | | 720–689–8909 |
| | | Fax: 720–689–8909 |
| | | Email: kaplan@slhlegal.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |
| | | |
| | | **Jamie Hughes Hubbard** |

5

Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80218
720–689–8909
Email: hubbard@slhlegal.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael Hassard**
(See above for address)
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Tor Bernhard Ekeland**
(See above for address)
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Xuan Zhou**
(See above for address)
*TERMINATED: 03/07/2022*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) (1) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (21–22) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (25–26) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (31–32) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |

| | |
|---|---|
| 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (41) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (43–44) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (47) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (56) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 1343 (Wire Fraud) (16) | Dismissed by Court during jury trial. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (48) | Defendant was found not guilty by jury at trial. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Daniel D. Domenico

**Defendant (3)**

**Jonathan K. Yioulos**                        represented by    **Michael John Tallon**
*TERMINATED: 12/06/2024*                                        Michael J. Tallon, Attorney at Law
                                                                401 Stony Brook Road
                                                                Rush, NY 14543–9419
                                                                585–329–8139
                                                                Email: mtallon@tallonlaw.com
                                                                *TERMINATED: 07/20/2023*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Retained*

                                                                **Richard Kent Kornfeld**
                                                                Recht & Kornfeld, P.C.
                                                                1600 Stout Street
                                                                Suite 1400
                                                                Denver, CO 80202
                                                                303–573–1900
                                                                Fax: 303–446–9400
                                                                Email: rick@rklawpc.com
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Retained*

**Pending Counts**                                             **Disposition**

                                                               Defendant shall be imprisoned for a total term of
                                                               two (2) months on each count to run concurrently,
18 U.S.C. § 1349 (Conspiracy to                                three (3) years supervised release on each count to
Commit Wire Fraud)                                             run concurrently, $200.00 special assessment, no
(1)                                                            fine, and restitution in the total amount of
                                                               $5,023,878.50.

                                                               Defendant shall be imprisoned for a total term of
                                                               two (2) months on each count to run concurrently,
18 U.S.C. § 1343 (Wire Fraud)                                  three (3) years supervised release on each count to
(39)                                                           run concurrently, $200.00 special assessment, no
                                                               fine, and restitution in the total amount of
                                                               $5,023,878.50.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                          **Disposition**

18 U.S.C. § 1343 (Wire Fraud)                                  Dismissed on United States of Americas Motion to
(2–38)                                                         Dismiss Counts.

18 U.S.C. § 1343 (Wire Fraud)                                  Dismissed on United States of Americas Motion to
(40)                                                           Dismiss Counts.

**Highest Offense Level**

**(Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Movant**

| | | |
| --- | --- | --- |
| **National Air Cargo Holdings, Inc.** | represented by | **Eric S. Galler** |
| | | Galler Corporate Law Group |
| | | 9466 Georgia Avenue |
| | | Suite 130 |
| | | Silver Spring, MD 20910 |
| | | 301–728–3850 |
| | | Email: egaller@gcorplaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Nancy Lin Cohen** |
| | | Cohen Black Law LLC |
| | | 1888 North Sherman Street |
| | | Suite 770 |
| | | Denver, CO 80203 |
| | | 720–699–2323 |
| | | Email: ncohen@irelandstapleton.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

**Movant**

| | | |
| --- | --- | --- |
| **National Air Cargo Group, Inc.** | represented by | **Eric S. Galler** |
| *doing business as* | | (See above for address) |
| National Airlines | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Nancy Lin Cohen** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

**Movant**

| | | |
| --- | --- | --- |
| **Christopher J. Alf** | represented by | **Eric S. Galler** |
| | | (See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nancy Lin Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

| | | |
|---|---|---|
| **Atlantic Union Bank** | represented by | **Lisa Marie Saccomano** |
| | | Kutak Rock LLP |
| | | 2001 16th Street |
| | | Suite 1800 |
| | | Denver, CO 80202 |
| | | 303–297–2400 |
| | | Email: lisa.saccomano@kutakrock.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Matthew T. Kirsch** |
| | | U.S. Attorney's Office |
| | | District of Colorado |
| | | 1801 California Street |
| | | Suite 1600 |
| | | Denver, CO 80202 |
| | | 303–454–0100 |
| | | Fax: 303–454–0402 |
| | | Email: matthew.kirsch@usdoj.gov |
| | | *TERMINATED: 11/17/2021* |
| | | *LEAD ATTORNEY* |
| | | *Designation: Federal Agency Attorney* |
| | | |
| | | **Albert C. Buchman** |
| | | U.S. Attorney's Office |
| | | 1801 California Street |
| | | Suite 1600 |
| | | Denver, CO 80202 |
| | | 303–454–0228 |
| | | Email: al.buchman@usdoj.gov |
| | | *TERMINATED: 12/12/2023* |
| | | *Designation: Federal Agency Attorney* |
| | | |
| | | **Andrea Lee Surratt** |
| | | Crowell & Moring LLP |

District of Colorado
1601 Wewatta Street
Suite 815
Denver, CO 80202
303–524–8645
Email: asurratt@crowell.com
*TERMINATED: 06/16/2022*
*Designation: Federal Agency Attorney*

**Bryan David Fields**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402
Email: bryan.fields3@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Hetal Janak Doshi**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
202–808–4241
Email: hetal.doshi@usdoj.gov
*TERMINATED: 02/02/2022*
*Designation: Federal Agency Attorney*

**Laura Beth Hurd**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0135
Fax: 303–454–0402
Email: laura.hurd@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Martha Ann Paluch**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402

Email: Martha.paluch@usdoj.gov
*TERMINATED: 01/28/2025*
*Designation: Federal Agency Attorney*

**Sarah H. Weiss**
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
720–508–6910
Email: sarah.weiss@coag.gov
*TERMINATED: 05/15/2025*
*Designation: Federal Agency Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2020 | 1 | CRIMINAL COMPLAINT as to Michael Aaron Tew (1). (Attachments: # 1 Affidavit, # 2 Criminal Information Sheet) (cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/08/2020 | 2 | Arrest Warrant Issued in case as to Michael Aaron Tew. (cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 3 | Arrest of Michael Aaron Tew. Initial Appearance set for 7/9/2020 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (Text Only entry)(cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 4 | NOTICE OF ATTORNEY APPEARANCE: Michael James Sheehan appearing for Michael Aaron TewAttorney Michael James Sheehan added to party Michael Aaron Tew(pty:dft) (Sheehan, Michael) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 5 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 6 | ORDER ***granting 5 Motion as to Michael Aaron Tew (1), by Magistrate Judge Kristen L. Mix on 7/9/20. (nmarb, ) (nmarb, ). [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 7 | MINUTE ENTRY for Initial Appearance as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 7/9/2020. Defendant present in custody via video conference. Defendant advised. Defendant has retained private counsel and is not requesting court appointed counsel. Parties address the Court regarding release conditions. Bond set as to Michael Aaron Tew (1) $20,000 Unsecured with the conditions as set forth in the Order Setting Conditions of Release. Preliminary Examination set for 7/29/2020 2:00 PM in Courtroom A501 before Magistrate Judge Michael E. Hegarty. Defendant advised of conditions of bond and remanded for processing and release. (Total time: 14 minutes, Hearing time: 2:08–2:22)  **APPEARANCES**: Hetal Doshi on behalf of the Government via video conference, Michael Sheehan on behalf of the defendant, Angela Ledesma on behalf of pretrial via video conference FTR: KLM Courtroom A401. (lgale, ) Text Only Entry [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 8 | |

| | | |
|---|---|---|
| | | Unsecured Bond Entered as to Michael Aaron Tew in amount of $20,000 (lgale, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 9 | ORDER Setting Conditions of Release as to Michael Aaron Tew (1) $20,000 Unsecured by Magistrate Judge Kristen L. Mix on 7/9/20. (lgale, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/10/2020 | 11 | Passport Receipt as to Michael Aaron Tew.Surrender of passport re Bond Conditions; Passport Number 484644160 issued by USA (jtorr, ) [1:20−mj−00088−KLM] (Entered: 07/10/2020) |
| 07/15/2020 | 12 | Arrest Warrant Returned Executed on 7/8/20 in case as to Michael Aaron Tew. (nmarb, ) [1:20−mj−00088−KLM] (Entered: 07/15/2020) |
| 07/20/2020 | 13 | Unopposed MOTION to Withdraw as Attorney by Michael Sheehan by Michael Aaron Tew. (Sheehan, Michael) [1:20−mj−00088−KLM] (Entered: 07/20/2020) |
| 07/21/2020 | 14 | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 21 July 2020 as to Michael Aaron Tew. The Court is not in possession of a financial affidavit by which to determine whether court appointed counsel is appropriate in this case.Therefore, on or before July 24, 2020, Defendant shall complete and file a financial affidavit by which the Court may determine whether to appoint counsel for Defendant. (cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/21/2020) |
| 07/25/2020 | 15 | SUPPLEMENT to 13 Unopposed MOTION to Withdraw as Attorney by Michael Sheehan by Michael Aaron Tew (Sheehan, Michael) [1:20−mj−00088−KLM] (Entered: 07/25/2020) |
| 07/28/2020 | 16 | Joint MOTION to Exclude *Time Before Indictment* by USA as to Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) [1:20−mj−00088−KLM] (Entered: 07/28/2020) |
| 07/28/2020 | 17 | NOTICE OF ATTORNEY APPEARANCE: Eric M. Creizman appearing for Michael Aaron Tew. Attorney Eric M. Creizman added to party Michael Aaron Tew. (pty:dft) (nmarb, ) [1:20−mj−00088−KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 18 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 29 July 2020. For good cause shown pursuant to D.C. Colo. LAttyR 5(b), the Motion to Withdraw filedby Michael Sheehan 13 is granted. Mr. Sheehan's representation of the Defendant in this case is terminated. Defendant will continue to be represented Eric Creizman. (cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 19 | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Preliminary Hearing as to Michael Aaron Tew held on 7/29/2020. Defendant present on bond. Preliminary hearing waived. Status Conference set for 10/14/2020 at 02:00 PM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (Total time: 8 minutes, Hearing time: 2:12 p.m.−2:20 p.m.) **APPEARANCES**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Eric Creizman on behalf of the defendant. FTR: A501. (cthom, ) Text Only Entry [1:20−mj−00088−KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 20 | WAIVER of Preliminary Hearing by Michael Aaron Tew (cthom, ) [1:20−mj−00088−KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 21 | |

| | | |
|---|---|---|
| | | ORDER granting 16 Motion to Exclude as to Michael Aaron Tew (1) by Magistrate Judge Michael E. Hegarty on 7/29/2020. (cthom, ) [1:20–mj–00088–KLM] (Entered: 07/29/2020) |
| 08/04/2020 | 22 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 08/04/2020) |
| 08/07/2020 | 24 | NOTICE OF ATTORNEY APPEARANCE Matthew T. Kirsch appearing for USA. Attorney Matthew T. Kirsch added to party USA(pty:pla) (Kirsch, Matthew) [1:20–mj–00088–KLM] (Entered: 08/07/2020) |
| 08/12/2020 | 25 | MOTION to Withdraw as Attorney by Eric M. Creizman by Michael Aaron Tew. (Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/12/2020) |
| 08/12/2020 | 26 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/12/2020) |
| 08/12/2020 | 27 | MOTION for Leave to Restrict by Michael Aaron Tew. (Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/12/2020) |
| 08/13/2020 | 28 | Minute ORDER by Magistrate Judge Kristen L. Mix on 13 August 2020. IT IS HEREBY ORDERED that, on or before August 20, 2020, Defendant shall complete and file a financial affidavit (attached to this Minute Order) by which the Court may determine whether to appoint counsel for Defendant. IT IS FURTHER ORDERED that the Motion to Withdraw # 25 is GRANTED to the extent that Mr. Creizman is relieved of all further representation of Defendant. (Attachments: # 1 CJA Attachment) (cmadr, ) [1:20–mj–00088–KLM] (Entered: 08/13/2020) |
| 08/17/2020 | 29 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Attachments: # 1 Affidavit CJA 23 Affidavit)(Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/17/2020) |
| 08/19/2020 | 30 | MINUTE ORDER APPOINTING COUNSEL Under CJA, as to Michael Aaron Tew by Magistrate Judge Kristen L. Mix on 8/19/20. IT IS FURTHER ORDERED that if it appears at any time that the Defendant can afford to pay counsel, reimbursement of attorney fees may be required pursuant to 18 U.S.C. §3006A(f). (nmarb, ) [1:20–mj–00088–KLM] (Entered: 08/19/2020) |
| 08/24/2020 | 31 | NOTICE OF ATTORNEY APPEARANCE: Edward R. Harris appearing for Michael Aaron TewAttorney Edward R. Harris added to party Michael Aaron Tew(pty:dft) (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 08/24/2020) |
| 09/17/2020 | 32 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 9/17/20 GRANTING 27 Motion for Leave to Restrict, as to Michael Aaron Tew (1). Pursuant toD.COLO.LCrR 47.1, the Clerk of the Court is directed to maintain the following document UNDER RESTRICTION at LEVEL 3:1 Declaration of Eric M. Creizman in Support of Motion to Withdraw as Counsel to Michael Tew [#26]. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 09/17/2020) |
| 09/17/2020 | 33 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 09/17/2020) |

| 09/17/2020 | 34 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 09/17/2020) |
| 09/18/2020 | 35 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 09/18/2020) |
| 09/18/2020 | 36 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 09/18/2020) |
| 09/22/2020 | 37 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 9/22/20 as to Michael Aaron Tew re 36 Restricted Document – Level 1. Status Conference set for 11/9/2020 10:00 AM in Courtroom A401 before Magistrate Judge Kristen L. Mix. Text Only Entry (lgale, ) [1:20–mj–00088–KLM] (Entered: 09/22/2020) |
| 09/24/2020 | 38 | Utility Setting Hearings as to Michael Aaron Tew: Text Only Entry Status Conference set for 9/29/2020 01:30 PM in Courtroom A 502 before Magistrate Judge Nina Y. Wang. All parties shall appear by video/telephone conference. (bwilk, ) [1:20–mj–00088–KLM] (Entered: 09/28/2020) |
| 09/29/2020 | 39 | MOTION for Leave to Restrict by Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 40 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 41 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 42 | Unopposed MOTION to Modify 8 Bond, 7 Initial Appearance,,,, Bond Set/Reset,,,, Set Hearings,,,, Text Only Entry – Prompts,,, 9 Order Setting Conditions of Release by Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 44 | COURTROOM MINUTES for Status Conference, and Arraignment as to Michael Aaron Tew held on 9/29/2020 before Magistrate Judge Nina Y. Wang. Defendant present on bond appearing by videoconference. Defendant advised regarding proceeding by remote means pursuant to CARES Act. Defendant consents. Defendant waives proceeding by indictment. Defendant sworn. Defendant questioned regarding waiver. Waiver tendered to the court. Information and penalty sheet tendered. Criminal Case number issues is 20–cr–00305. Defendant advised regarding the charges, penalties, and fines. Plea of NOT GUILTY entered by defendant. Parties do not believe a discovery conference is necessary in this matter. Defendant intends to file a motion to modify bond which will likely be referred to Judge Mix since she set the original conditions. Parties discuss process for Restricting #39 to Level 1 and the notice period. Defendants bond continues. (Total time: 16 minutes, Hearing time: 1:33–1:49)<br><br>**APPEARANCES**: Hetal Doshi and Matthew Krisch on behalf of the Government, Edward Harris on behalf of the Defendant. FTR: NYW–CRD. (bwilk, ) Text Only Entry [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 45 | WAIVER OF INDICTMENT by Michael Aaron Tew by Magistrate Judge Nina Y. Wang on 9/29/2020. (bwilk, ) [1:20–mj–00088–KLM] (Entered: 09/30/2020) |
| 09/29/2020 | 49 | UNRESTRICTED INFORMATION – Level 2 as to Michael Aaron Tew (1) count(s) 1, 2, 3. (Attachments: # 1 Penalty Sheet ) (bwilk, ) Modified on 10/9/2020 to adjust |

| | | |
|---|---|---|
| | | restriction level (athom, ). Modified on 1/20/2021 to unrestrict pursuant to 81 Order (athom, ). (Entered: 10/05/2020) |
| 09/30/2020 | 46 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 09/30/2020) |
| 09/30/2020 | 48 | RESTRICTED DOCUMENT – Level 1 as to Michael Aaron Tew. (jgonz, ) (Entered: 10/02/2020) |
| 10/01/2020 | 47 | NOTICE of Disposition by Michael Aaron Tew (Harris, Edward) (Entered: 10/01/2020) |
| 10/06/2020 | 50 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 10/6/20 as to Michael Aaron Tew re 42 Unopposed MOTION to Modify 8 Bond. Motion Hearing set for 10/8/2020 1:30 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. Text Only Entry (lgale, ) (Entered: 10/06/2020) |
| 10/07/2020 | 51 | ORDER Setting Change of Plea hearing and Authorizing VTC or Telephone Conference as to Michael Aaron Tew re 47 Notice of Disposition. Change of Plea Hearing set for 10/22/2020 10:30 AM in Courtroom A 702 before Judge Daniel D. Domenico. The change–of–plea hearing in the above–referenced matter shall be conducted by VTC, or by telephone conference if VTC is not reasonably available. By Judge Daniel D. Domenico on 10/07/2020. (athom, ) (Entered: 10/07/2020) |
| 10/08/2020 | 52 | MINUTE ENTRY for Motion Hearing as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 10/8/2020. Defendant present on bond via video conference. Parties address the Court regarding 42 Motion to Modify as to Michael Aaron Tew (1). For the reasons stated on the record, it is: ORDERED: 42 Motion to Modify as to Michael Aaron Tew (1) is GRANTED. Defendant's bond is modified to remove the condition of home detention. Gps will remain in effect and a 9:00 pm curfew is imposed.Defendant continued on bond. (Total time: 4 minutes, Hearing time: 1:31–1:35)<br><br>**APPEARANCES (ALL PARTIES APPEAR BY VIDEO CONFERENCE)**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Edward Harris on behalf of the defendant, Carolos Morales on behalf of probation. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 10/08/2020) |
| 10/21/2020 | 54 | MOTION to Withdraw as Attorney by Edward R. Harris by Michael Aaron Tew. (Harris, Edward) (Entered: 10/21/2020) |
| 10/21/2020 | 55 | ORDER granting 54 Motion to Withdraw as Attorney. Good cause having been shown, attorney Edward R. Harris is relieved of any further representation in this case. The Clerk of Court is instructed to terminate Mr. Harris as counsel of record, and to remove his name from the electronic certificate of mailing. An attorney from the Criminal Justice Act panel shall be appointed to represent Defendant Michael Aaron Tew. Absent extraordinary circumstances, no further motions to withdraw or motions to substitute counsel will be granted. The court reminds Mr. Tew that counsel is under a duty to provide him prudent and considered advice, even if that advice is not what Mr. Tew hopes to hear. SO ORDERED by Judge Daniel D. Domenico on 10/21/2020. Text Only Entry (dddlc2, ) (Entered: 10/21/2020) |
| 10/21/2020 | 56 | ORDER VACATING the change of plea hearing as to Michael Aaron Tew. In the light of this court's order granting Edward Harris' motion to withdraw as counsel for Mr. Tew 55 , the change of plea hearing set for tomorrow, 10/22/2020, is hereby |

| | | |
|---|---|---|
| | | VACATED. SO ORDERED by Judge Daniel D. Domenico on 10/21/2020. Text Only Entry (dddlc2, ) (Entered: 10/21/2020) |
| 10/21/2020 | 57 | Letter by Michael Aaron Tew. (athom, ) (Entered: 10/21/2020) |
| 10/22/2020 | 58 | NOTICE OF ATTORNEY APPEARANCE: Thomas Richard Ward appearing for Michael Aaron TewAttorney Thomas Richard Ward added to party Michael Aaron Tew(pty:dft) (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards(angar, ). (Entered: 10/22/2020) |
| 10/22/2020 | 59 | MINUTE ORDER re: 47 notice of disposition. Defendant shall file a status report regarding the status of his plea and any other issues he wishes to bring to the court's attention no later than 11/12/2020. SO ORDERED by Judge Daniel D. Domenico on 10/22/2020. Text Only Entry (dddlc2, ) (Entered: 10/22/2020) |
| 10/27/2020 | 60 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 10/27/2020) |
| 10/27/2020 | 61 | Unopposed MOTION for Leave to Restrict by USA as to Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 10/27/2020) |
| 10/27/2020 | 62 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) (Entered: 10/27/2020) |
| 10/28/2020 | 63 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew. (athom, ) (Entered: 10/28/2020) |
| 10/28/2020 | 64 | ORDER granting 61 Motion for Leave to Restrict as to Michael Aaron Tew. By Judge Daniel D. Domenico on 10/28/2020. Text Only Entry (athom, ) (Entered: 10/28/2020) |
| 11/12/2020 | 65 | MOTION for Leave to Restrict by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 11/12/2020) |
| 11/12/2020 | 66 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) (angar, ). Modified on 6/4/2025 to correct document with PDF standards(angar, ). (Entered: 11/12/2020) |
| 11/12/2020 | 67 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 11/12/2020) |
| 11/13/2020 | 68 | ORDER granting 65 Motion for Leave to Restrict as to Michael Aaron Tew. For good cause shown, documents 66 and 67 shall remain at a Level 2 Restriction. SO ORDERED by Judge Daniel D. Domenico on 11/13/2020. Text Only Entry (dddlc2, ) (Entered: 11/13/2020) |
| 11/13/2020 | 69 | MINUTE ORDER re Status Report 67 . Defendant shall file a status report regarding the status of his plea and any other issues he wishes to bring to the court's attention no later than 12/10/2020. SO ORDERED by Judge Daniel D. Domenico on 11/13/2020. Text Only Entry (dddlc2, ) (Entered: 11/13/2020) |
| 12/10/2020 | 70 | MOTION for Leave to Restrict by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 12/10/2020) |
| 12/10/2020 | 71 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: |

| | | 12/10/2020) |
|---|---|---|
| 12/10/2020 | 72 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 12/10/2020) |
| 12/11/2020 | 73 | ORDER granting 70 Motion for Leave to Restrict as to Michael Aaron Tew (1). For good cause shown, Docs. 71 and 72 shall remain at a Level 2 restriction. Defendant is further ORDERED to file a status report in this matter no later than **noon** on 12/23/2020. SO ORDERED by Judge Daniel D. Domenico on 12/11/2020. Text Only Entry (dddlc2, ) (Entered: 12/11/2020) |
| 12/11/2020 | 74 | Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Status Report due by 12/23/2020 pursuant to 73 Order. Text Only Entry (athom, ) (Entered: 12/11/2020) |
| 12/23/2020 | 75 | STATUS REPORT by Michael Aaron Tew (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 12/23/2020) |
| 12/28/2020 | 76 | Order regarding status report 75 filed by Michael Aaron Tew. In light of Mr. Tew's withdrawal of his notice of disposition, unless the parties file a motion to the contrary, the court will remove the restriction on the information on 1/4/21. SO ORDERED by Judge Daniel D. Domenico on 12/28/2020. Text Only Entry (dddlc2, ) (Entered: 12/28/2020) |
| 01/04/2021 | 77 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 01/04/2021) |
| 01/04/2021 | 78 | MOTION for Leave to Restrict by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 01/04/2021) |
| 01/05/2021 | 79 | MINUTE ORDER as to Defendant Michael Aaron Tew's Motion to Restrict 77 . The government shall file its response in opposition to the motion, if any, no later than 1/12/2021. SO ORDERED by Judge Daniel D. Domenico on 1/5/2021. Text Only Entry (dddlc2, ) (Entered: 01/05/2021) |
| 01/12/2021 | 80 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Doshi, Hetal) (Entered: 01/12/2021) |
| 01/20/2021 | 81 | Order Denying 78 Motion to Maintain Restriction on Indictment. Mr. Tew has failed to identify a private interest in restriction of the information in this case sufficient to overcome the presumption in favor of public access to court documents. His motion to restrict access is thus DENIED. The clerk is directed to un–restrict the information in this case, Doc. 49. SO ORDERED by Judge Daniel D. Domenico on 1/20/2021. Text Only Entry (dddlc2, ) (Entered: 01/20/2021) |
| 01/20/2021 | 82 | ORDER Setting Trial Date and Related Deadlines as to Michael Aaron Tew. Motions due by 2/17/2021. Responses due by 2/24/2021. Five–day Jury Trial set for 3/15/2021 at 09:00 AM in Courtroom A 702 before Judge Daniel D. Domenico. Trial Preparation Conference set for 3/3/2021 at 01:30 PM in Courtroom A 702 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 01/20/2021. (athom, ) (Entered: 01/20/2021) |
| 02/03/2021 | 83 | INDICTMENT as to Michael Aaron Tew (1) count(s) 1s, 2s–40s, 41s, 42s, 44s–56s, 57s–60s, Kimberley Ann Tew (2) count(s) 1, 16, 21–22, 25–26, 31–32, 41, 43–44, |

| | | |
|---|---|---|
| | | 47–48, 56, Jonathan K. Yioulos (3) count(s) 1, 2–40. (Attachments: # 1 Penalty Sheet, # 2 Penalty Sheet, # 3 Penalty Sheet) (athom, ) Modified on 2/9/2021 to correct text (athom, ). (Entered: 02/04/2021) |
| 02/03/2021 | 84 | RESTRICTED DOCUMENT – Level 4 as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 85 | Summons Issued as to Michael Aaron Tew. (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 86 | MINUTE ORDER as to Michael Aaron Tew on 02/03/2021. Initial Appearance on Summons set for 2/5/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix pursuant to 83 Indictment. Text Only Entry (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 87 | Summons Issued as to Kimberley Ann Tew. Initial Appearance set for 2/10/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 88 | Summons Issued as to Jonathan K. Yioulos. Initial Appearance set for 2/9/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (athom, ) (Entered: 02/04/2021) |
| 02/05/2021 | 89 | MOTION to Modify Conditions of Release by Michael Aaron Tew. (Ward, Thomas) () (angar, ). Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 02/05/2021) |
| 02/05/2021 | 90 | MINUTE ENTRY for Initial Appearance, Arraignment and Discovery Hearing as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 2/5/2021. Defendant present on bond and consents to proceeding via video conference. Defendant advised. Counsel has previously been appointed. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Argument by counsel for the government and defense counsel as to 89 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). The Court DENIES 89 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Defendant's bond continued, Counsel is directed to chambers. (Total time: 29 minutes, Hearing time: 2:21–2:50)<br><br>**APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Tom Ward on behalf of the defendant. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 02/05/2021) |
| 02/05/2021 | 91 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 8 days as to Michael Aaron Tew by Magistrate Judge Kristen L. Mix on 2/5/21. (lgale, ) (Entered: 02/05/2021) |
| 02/09/2021 | 92 | MINUTE ENTRY for Initial Appearance, Arraignment, Discovery and Detention Hearing as to Jonathan K. Yioulos held before Magistrate Judge Kristen L. Mix on 2/9/2021. Defendant present on summons by video conference. Defendant advised. Defendant is not requesting court appointed counsel and is retaining an attorney. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Parties address the Court regarding conditions of release. Bond set as to Jonathan K. Yioulos (3) $40,000 Unsecured, with the conditions as set forth in the Order Setting Conditions of Release. Defendant advised of conditions of bond. Counsel is directed to chambers. (Total time: 12 minutes, Hearing time: 2:09–2:21) |

| | | |
|---|---|---|
| | | **APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Michael Tallon on behalf of the defendant, Angela Ledesma on behalf of pretrial. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 02/09/2021) |
| 02/09/2021 | 93 | Unsecured Bond Entered as to Jonathan K. Yioulos in amount of $40,000 (lgale, ) (Entered: 02/09/2021) |
| 02/09/2021 | 94 | ORDER Setting Conditions of Release as to Jonathan K. Yioulos (3) $40,000 Unsecured by Magistrate Judge Kristen L. Mix on 2/9/21. (lgale, ) (Entered: 02/09/2021) |
| 02/09/2021 | 95 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 8 days as to Jonathan K. Yioulos by Magistrate Judge Kristen L. Mix on 2/9/21. (lgale, ) (Entered: 02/09/2021) |
| 02/10/2021 | 96 | MINUTE ENTRY for Initial Appearance, Arraignment, Discovery and Detention Hearing as to Kimberley Ann Tew held before Magistrate Judge Kristen L. Mix on 2/10/2021. Defendant present on summons and consents to proceeding by video conference. Defendant advised. Defendant is not requesting court appointed counsel. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed.Parties address the Court regarding conditions of release. Bond set as to Kimberley Ann Tew (2) $10,000 Unsecured with the conditions as set forth in the Order Setting Conditions of Release. Defendant is ordered to report to the probation office on 2–11–21 at 1:00 p.m. Defendant advised of conditions of bond. Counsel is directed to chambers. (Total time: 28 minutes, Hearing time: 2:31–2:59) <br><br> **APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Jamie Hubbard on behalf of the defendant, Tommie Anderson on behalf of pretrial. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 02/10/2021) |
| 02/10/2021 | 97 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 8 days as to Kimberley Ann Tew by Magistrate Judge Kristen L. Mix on 2/10/21. (lgale, ) (Entered: 02/10/2021) |
| 02/10/2021 | 98 | Unsecured Bond Entered as to Kimberley Ann Tew in amount of $10,000 (lgale, ) (Entered: 02/10/2021) |
| 02/10/2021 | 99 | ORDER Setting Conditions of Release as to Kimberley Ann Tew (2) $10,000 Unsecured by Magistrate Judge Kristen L. Mix on 2/10/21. (lgale, ) (Entered: 02/10/2021) |
| 02/11/2021 | 100 | Unopposed MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 02/11/2021) |
| 02/11/2021 | 101 | ORDER Setting Trial Date and Related Deadlines as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. The court EXCLUDES nineteen days from Mr. Tew's Speedy Trial clock. Motions due by 3/12/2021. Responses due by 3/17/2021. Eight–day Jury Trial set for 4/19/2021 at 09:00 AM in Courtroom A 702 before Judge Daniel D. Domenico. Trial Preparation Conference set for 4/12/2021 at 01:30 PM in Courtroom A 702 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 02/11/2021. (athom, ) (Entered: 02/11/2021) |
| 02/11/2021 | 102 | |

| | | |
|---|---|---|
| | | ORDER GRANTING <u>100</u> Unopposed Motion to Travel as to Jonathan Yioulos. Mr. Yioulos may travel to Sarasota, Florida, to visit his wife's family from 2/13/21 to 2/18/21. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 2/11/2021. Text Only Entry (dddlc2, ) (Entered: 02/11/2021) |
| 02/11/2021 | <u>104</u> | Passport Receipt as to Kimberley Ann Tew. Surrender of passport re Bond Conditions; Passport Number 522213975 issued by USA. (athom, ) (Entered: 02/12/2021) |
| 02/16/2021 | <u>105</u> | Summons Returned Executed on 2/11/2021 as to Kimberley Ann Tew. (angar, ) (Entered: 02/16/2021) |
| 02/25/2021 | <u>106</u> | NOTICE OF ATTORNEY APPEARANCE: Tor Bernhard Ekeland appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Tor Bernhard Ekeland added to party Michael Aaron Tew(pty:dft), Attorney Tor Bernhard Ekeland added to party Kimberley Ann Tew(pty:dft) (Ekeland, Tor) (Entered: 02/25/2021) |
| 02/28/2021 | <u>108</u> | MOTION for Hearing *Regarding Joint Representation Pursuant to Fed. R. Crim. P. 44* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Doshi, Hetal) (Entered: 02/28/2021) |
| 03/01/2021 | 109 | MINUTE ORDER regarding <u>108</u> motion for hearing concerning joint representation of Defendants Michael Aaron Tew and Kimberley Ann Tew. No later than 4:00 PM on 3/4/2021, Mr. Tew, Ms. Tew, and the Government must confer and email the court at domenico_chambers@cod.uscourts.gov with three mutually agreeable dates for a hearing on the Government's motion (Doc. 108) from the following list of dates: 3/9/21, 3/10/21, 3/11/21, 3/17/21, or 3/18/21. Mr. and Ms. Tew must file their responses to the Government's motion, if any, no later than 3/5/2021. SO ORDERED by Judge Daniel D. Domenico on 3/1/2021. Text Only Entry (dddlc2, ) (Entered: 03/01/2021) |
| 03/01/2021 | <u>110</u> | NOTICE OF ATTORNEY APPEARANCE Andrea Lee Surratt appearing for USA. Attorney Andrea Lee Surratt added to party USA(pty:pla) (Surratt, Andrea) (Entered: 03/01/2021) |
| 03/02/2021 | <u>111</u> | MOTION to Withdraw as Attorney by Thomas R. Ward by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 03/02/2021) |
| 03/02/2021 | 112 | ORDER setting hearing on <u>108</u> motion concerning joint representation and <u>111</u> motion to withdraw. A hearing on the Government's motion concerning joint representation (Doc. 108) and Thomas R. Ward's motion to withdraw as counsel (Doc. 111) is hereby set for 3/18/2021 at 10:30 AM before Judge Daniel D. Domenico by video–teleconference. Counsel are directed to contact Courtroom Deputy Patti Glover at patricia_glover@cod.uscourts.gov no later than three business days before the hearing for instructions on how to proceed. SO ODERED by Judge Daniel D. Domenico on 3/2/2021. Text Only Entry (dddlc2, ) (Entered: 03/02/2021) |
| 03/03/2021 | <u>113</u> | Unopposed MOTION to Continue *Deadline for Production of Discovery* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Doshi, Hetal) (Entered: 03/03/2021) |
| 03/03/2021 | 114 | |

|  |  | ORDER granting 113 Motion to Continue. The Government must produce discovery in this case no later than 14 days after the court rules on the Government's motion concerning joint representation. SO ORDERED by Judge Daniel D. Domenico on 3/3/2021. (dddlc2, ) (Entered: 03/03/2021) |
|---|---|---|
| 03/11/2021 | 115 | MOTION to Continue *FOR A 180−DAY ENDS OF JUSTICE CONTINUANCE UNDER 18 U. S. C. § 3161(h)(7)* by Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) (Entered: 03/11/2021) |
| 03/18/2021 | 116 | MINUTE ENTRY for Motion Hearing as to Michael Aaron Tew, Kimberley Ann Tew, held before Judge Daniel D. Domenico on 3/18/2021. granting 108 Motion for Hearing as to Michael Aaron Tew; Kimberley Ann Tew (2); granting 111 Motion to Withdraw as Attorney. Thomas Richard Ward withdrawn from case as to Michael Aaron Tew granting 115 Motion to Continue as to all defendants. Pretrial Motions due by 8/30/2021, Responses due by 9/6/2021, Jury Trial (8 days) set for 10/12/2021 – 10/21/2021 09:00 AM; Trial Preparation Conference set for 9/27/2021 at 10:30 AM all in Courtroom A 702 before Judge Daniel D. Domenico Court Reporter: Tracy Weir. (pglov) (Entered: 03/18/2021) |
| 03/23/2021 | 117 | NOTICE OF ATTORNEY APPEARANCE: Michael John Tallon appearing for Jonathan K. Yioulos (Tallon, Michael) (Entered: 03/23/2021) |
| 03/29/2021 | 118 | Unopposed MOTION to Travel *Beyond Pre−trial Release Order* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/29/2021) |
| 03/29/2021 | 119 | MOTION for Leave to Restrict by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 03/29/2021) |
| 03/29/2021 | 120 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Doshi, Hetal) (Entered: 03/29/2021) |
| 03/29/2021 | 121 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Doshi, Hetal) (Entered: 03/29/2021) |
| 03/30/2021 | 122 | ORDER GRANTING 118 Unopposed Motion to Travel as to Jonathan Yioulos. Mr. Yioulos may travel to St. Thomas, American Virgin Islands from 4/5/21 to 4/9/21. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 3/30/2021. Text Only Entry (dddlc2, ) (Entered: 03/30/2021) |
| 03/30/2021 | 123 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 118 Unopposed MOTION to Travel *Beyond Pre−trial Release Order*, 117 Notice of Attorney Appearance – Defendant filed by attorney Michael John Tallon. The format for the attorneys signature block information is not correct. **DO NOT REFILE THE DOCUMENTS. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases). Also the documents were scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENTS. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 03/30/2021) |

| 03/30/2021 | 124 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (athom, ) (Entered: 03/30/2021) |
|---|---|---|
| 03/30/2021 | 125 | ORDER granting 119 Motion for Leave to Restrict as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. By Judge Daniel D. Domenico on 03/30/2021. Text Only Entry (athom, ) (Entered: 03/30/2021) |
| 03/31/2021 | 126 | Unopposed MOTION for Protective Order by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 03/31/2021) |
| 04/01/2021 | 127 | ORDER Granting 126 Unopposed Motion for Protective Order as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. By Judge Daniel D. Domenico on 04/01/2021. (athom, ) (Entered: 04/01/2021) |
| 05/13/2021 | 128 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS as to Michael Aaron Tew held on 02/05/2021 before Magistrate Judge Mix. Pages: 1–24. Prepared by: AB Litigation Services.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 05/13/2021) |
| 05/13/2021 | 129 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS as to Jonathan K. Yioulos held on 02/09/2021 before Magistrate Judge Mix. Pages: 1–15. Prepared by: AB Litigation Services.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 05/13/2021) |
| 05/13/2021 | 130 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS as to Kimberley Ann Tew held on 02/10/2021 before Magistrate Judge Mix. Pages: 1–26. Prepared by: AB Litigation Services.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic** |

**transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**

Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 05/13/2021)

| 06/10/2021 | 131 | MOTION for Order , MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 06/10/2021) |
|---|---|---|
| 06/10/2021 | 132 | ORDER GRANTING 131 Unopposed Motion to Travel as to Jonathan Yioulos. Mr. Yioulos may travel to Queens, New York; Erie, Pennsylvania; and Albrightsville, Pennsylvania on June 25 to 27, June 24 to 25, and July 2 to 5, respectively. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from each trip. SO ORDERED by Judge Daniel D. Domenico on 6/10/2021. Text Only Entry (dddlc2, ) (Entered: 06/10/2021) |
| 06/18/2021 | 133 | NOTICE *OF DEFENDANT KIMBERLEY TEWS MEMORANDUM IN SUPPORT TO MODIFY THE CONDITIONS OF HER RELEASE* by Kimberley Ann Tew (Ekeland, Tor) Modified on 7/2/2021 to correct filer (athom, ). (Entered: 06/18/2021) |
| 06/18/2021 | 134 | MOTION to Modify Conditions of Release by Kimberley Ann Tew. (Attachments: # 1 Affidavit Decl Kimbery Tew ISO Motion to Modify the Conditions)(Ekeland, Tor) Modified on 7/2/2021 to correct filer (athom, ). (Entered: 06/18/2021) |
| 06/21/2021 | 135 | ORDER REFERRING MOTION TO MODIFY CONDITIONS OF PRE–TRIAL RELEASE 134 filed by Kimberly Tew. The Court refers the motion to Magistrate Judge Kristen L. Mix because revocation or modification of a prior release order under § 3142 "is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order." See United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003); see also United States v. Anaya, 376 F. Supp. 2d 1261, 1262–63 (D.N.M. 2005). SO ORDERED by Judge Daniel D. Domenico on 6/21/2021. Text Only Entry (dddlc2, ) (Entered: 06/21/2021) |
| 06/23/2021 | 136 | NOTICE OF ATTORNEY APPEARANCE: Michael Hassard appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Michael Hassard added to party Michael Aaron Tew(pty:dft), Attorney Michael Hassard added to party Kimberley Ann Tew(pty:dft) (Hassard, Michael) (Entered: 06/23/2021) |
| 07/08/2021 | 137 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 07/08/2021 as to Kimberley Ann Tew re 134 MOTION to Modify Conditions of Release filed by Kimberley Ann Tew Motion Hearing set for 7/15/2021 11:00 AM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (alave, ) (Entered: 07/09/2021) |
| 07/15/2021 | 138 | MINUTE ENTRY for Motion Hearing as to Kimberley Ann Tew held before Magistrate Judge Kristen L. Mix on 7/15/2021. Defendant present on bond. Argument by defense counsel and counsel for the government as to 134 Motion to Modify Conditions of Release. Court addresses defense counsel. The Court modifies defendant's bond to remove the condition of home confinement and radio frequency and imposes GPS monitoring and imposes a curfew of 8:00 a.m.–9:00 p.m. Probation is granted discretion to allow exceptions to the curfew when requested by defendant. Defendant acknowledges the new conditions of bond and agrees to abide by them. |

| | | |
|---|---|---|
| | | Defendant's bond continued. (Total time: 22 minutes, Hearing time: 11:08−11:30)<br><br>**APPEARANCES**: Matthew Kirsch, Hetal Doshi and Andrea Surratt on behalf of the Government, Tor Ekeland and Michael Hassard on behalf of the defendant, Carlos Morales on behalf of probation. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 07/15/2021) |
| 07/19/2021 | 139 | NOTICE of Disposition by Jonathan K. Yioulos (Tallon, Michael) (Entered: 07/19/2021) |
| 07/27/2021 | 140 | NOTICE *of Remote Plea Proceeding* by Jonathan K. Yioulos (Tallon, Michael) Modified on 9/9/2021 to correct event (athom, ). (Entered: 07/27/2021) |
| 07/27/2021 | 141 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 140 Notice, 139 Notice of Disposition filed by attorney Michael John Tallon. The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take −** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 07/27/2021) |
| 07/27/2021 | 142 | ORDER as to Jonathan K. Yioulos. ORDER as to Jonathan K. Yioulos. Pursuant to Notice of Disposition (Doc. 139), a Change of Plea Hearing is SET for 10/7/2021 at 11:30 **AM** in Courtroom A 1002 before Judge Daniel D. Domenico. The trial dates and all other deadlines previously set are VACATED. Counsel for the parties shall email a courtesy copy of the Plea Agreement and the Statement by Defendant in Advance of Plea of Guilty in the form required by Local Crim. R. 11.1(c)−(d) to Domenico_Chambers@cod.uscourts.gov no later than 12:00 p.m. three business days prior to the Change of Plea Hearing. If these documents are not timely submitted, the hearing may be vacated. The original and one copy of these documents shall be delivered to the courtroom deputy at the time of the hearing pursuant to Local Crim. R. 11.1(e). Defense counsel who reviewed and advised Defendant regarding the Plea Agreement must attend the Change of Plea Hearing. SO ORDERED by Judge Daniel D. Domenico on 7/27/2021. Text Only Entry (dddlc2, ) Modified on 7/29/2021 to correct text (athom, ). (Entered: 07/27/2021) |
| 08/10/2021 | 143 | Second MOTION to Continue by Michael Aaron Tew, Kimberley Ann Tew. (Hassard, Michael) Modified on 8/11/2021 to correct applicable parties (athom, ). (Entered: 08/10/2021) |
| 08/20/2021 | 144 | TRANSCRIPT of MOTION HEARING as to Kimberley Ann Tew held on 07/15/2021 before Magistrate Judge Mix. Pages: 1−20. Prepared by: AB Litigation Services.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on |

| | | PACER. (AB Court Reporting & Video, Inc., ) (Entered: 08/20/2021) |
|---|---|---|
| 09/16/2021 | 145 | MOTION to Modify *date of plea hearing* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 09/16/2021) |
| 09/17/2021 | 146 | **WITHDRAWN** – Unopposed MOTION to Travel *MOTION UPON ATTORNEY DECLARATION SEEKING ORDER PERMITTING TRAVEL BEYOND PRE−TRIAL RELEASE ORDER AT PARAGRAPH 7(f)* by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) Modified on 9/20/2021 to correct filers (athom, ). Modified on 2/4/2022 to withdraw pursuant to 173 Order (athom, ). (Entered: 09/17/2021) |
| 09/17/2021 | 147 | MOTION to Withdraw as Attorney by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Kirsch, Matthew) (Entered: 09/17/2021) |
| 09/20/2021 | 148 | MOTION to Withdraw Document 146 Unopposed MOTION to Travel *MOTION UPON ATTORNEY DECLARATION SEEKING ORDER PERMITTING TRAVEL BEYOND PRE−TRIAL RELEASE ORDER AT PARAGRAPH 7(f)* by Michael Aaron Tew, Kimberley Ann Tew. (Ekeland, Tor) Modified on 9/22/2021 to correct filers (athom, ). (Entered: 09/20/2021) |
| 09/22/2021 | 149 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. Defendants' Unopposed Motion for a 12−Month Ends of Justice Continuance (Doc. 143 ) is PARTIALLY GRANTED. One hundred eighty (180) days, from 9/22/2021 to 3/21/2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time. Motions due by 1/3/2022. Responses due by 1/10/2022. The eight−day Jury Trial set to begin 10/12/2021 is VACATED and RESET to 4/4/2022 at 09:00 AM in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference set for 09/27/2021 is VACATED and RESET to 3/21/2022 at 01:00 PM in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 09/22/2021. (athom, ) (Entered: 09/22/2021) |
| 09/30/2021 | 150 | ORDER as to Jonathan K. Yioulos. Defendant's Motion to Conduct Change of Plea by Video Conference Pursuant to Section 15002(b)(2) of the CARES Act (Doc. 140 ) is GRANTED, and the Motion to reschedule the Change of Plea Hearing (Doc. 145 ) is GRANTED IN PART. The Change of Plea Hearing set for 10/7/2021 at 11:30 a.m. is VACATED AND RESET to 11/18/2021 at 1:30 p.m. in Courtroom A1002 before Judge Daniel D. Domenico and will be conducted by VTC, or by telephone conference if VTC is not reasonably available. Members of the public may attend the Change of Plea Hearing by teleconference at (866) 390−1828, using Access Code 9792296#. All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner. By Judge Daniel D. Domenico on 09/30/2021. (athom, ) (Entered: 09/30/2021) |
| 10/12/2021 | 151 | NOTICE OF ATTORNEY APPEARANCE: Tor Bernhard Ekeland *Attorney Xuan Zhou appearing for Michael Aaron Tew and Kimberley Ann Tew* appearing for Michael Aaron Tew, Kimberley Ann Tew (Ekeland, Tor) Modified on 10/13/2021 to correct applicable parties (athom, ). (Main Document 151 replaced on 1/21/2025) (lrobe, ). (Entered: 10/12/2021) |
| 10/13/2021 | 152 | NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 151 Notice of Attorney Appearance – Defendant, filed by attorney Xuan Zhou. The s/signature did not match the filers name on the account for which the login and password are registered. Future documents must be filed pursuant to |

| | | |
|---|---|---|
| | | D.C.COLO.LCivR 49.1(a) and 4.3(c) of the Electronic Case Filing Procedures (Criminal Cases). Attorney Xuan Zhou has failed to comply D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases), which mandate the correct form for an attorneys signature block. This document does not have a s/ signature and must be re–filed. Xuan Zhou must re–file the above referenced document which must contain her s/ signature using her own log in and password. **Counsel is REMINDED that your firm does not represent defendant Yioulos. UNLESS you are filing a joint pleading that pertains to defendant Yioulos, you should ONLY be selecting the Tew defendants as the filers and as the applicable parties. If you are unclear about how documents should be filed and/or which parties should be selected when filing your documents, please contact the Clerk's office for assistance or clarification.** (Text Only Entry) (athom, ) (Entered: 10/13/2021) |
| 11/17/2021 | 153 | ORDER GRANTING 147 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Matthew T. Kirsch as counsel of record, and to remove this name from the electronic certificate of mailing. Plaintiff United States of America will continue to be represented by attorneys Hetal Doshi and Andrea Surratt. SO ORDERED by Judge Daniel D. Domenico on 11/17/2021. Text Only Entry (dddlc4) (Entered: 11/17/2021) |
| 11/18/2021 | 154 | MINUTE ENTRY for Change of Plea Hearing by VTC as to Jonathan K. Yioulos held before Judge Daniel D. Domenico on 11/18/2021. Plea of GUILTY entered by defendant Jonathan K. Yioulos to Counts 1,39. Sentencing set for 2/10/2022 01:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. Bond continued.Court Reporter: Julie Thomas. (pglov) (Entered: 11/18/2021) |
| 11/18/2021 | 155 | PLEA AGREEMENT as to Jonathan K. Yioulos (pglov) (Entered: 11/18/2021) |
| 11/18/2021 | 156 | STATEMENT IN ADVANCE OF PLEA OF GUILTY by Defendant Jonathan K. Yioulos (pglov) (Entered: 11/18/2021) |
| 11/19/2021 | 157 | NOTICE OF ATTORNEY APPEARANCE: Xuan Zhou appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Xuan Zhou added to party Michael Aaron Tew(pty:dft), Attorney Xuan Zhou added to party Kimberley Ann Tew(pty:dft) (Zhou, Xuan) (Main Document 157 replaced on 1/21/2025) (lrobe, ). (Entered: 11/19/2021) |
| 11/29/2021 | 158 | NOTICE OF ATTORNEY APPEARANCE Bryan David Fields appearing for USA. Attorney Bryan David Fields added to party USA(pty:pla) (Fields, Bryan) (Entered: 11/29/2021) |
| 11/29/2021 | 159 | MOTION to Withdraw as Attorney by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Doshi, Hetal) (Entered: 11/29/2021) |
| 12/09/2021 | 160 | MOTION for Order by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 12/09/2021) |
| 12/15/2021 | 161 | ORDER granting 160 Motion for Order as to Jonathan K. Yioulos (3). The Sentencing Hearing set for 2/10/2022 at 1:30 pm is VACATED and RESET to 7/12/2022 at 10:30 pm before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 12/15/2021. Text Only Entry (dddlc2, ) (Entered: 12/15/2021) |
| 12/27/2021 | 162 | MOTION to Withdraw as Attorney by Tor Ekeland by Michael Aaron Tew, Kimberley Ann Tew. (Ekeland, Tor) (Main Document 162 replaced on 1/21/2025) |

| | | (lrobe, ). (Entered: 12/27/2021) |
|---|---|---|
| 12/27/2021 | 163 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Ekeland, Tor) (Main Document 163 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 164 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) (Main Document 164 replaced on 6/4/2025) (lrobe, ). (Attachment 1 replaced on 6/4/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 165 | Third MOTION to Continue by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) (Main Document 165 replaced on 1/21/2025) (lrobe, ). (Attachment 1 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 166 | MOTION to Withdraw as Attorney by Xuan Zhou by Michael Aaron Tew, Kimberley Ann Tew. (Zhou, Xuan) (Main Document 166 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 167 | MOTION to Withdraw as Attorney by Michael Hassard by Michael Aaron Tew, Kimberley Ann Tew. (Hassard, Michael) (Main Document 167 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 01/19/2022 | 168 | MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 01/19/2022) |
| 01/31/2022 | 169 | ORDER REFERRING MOTIONS as to Michael Aaron Tew, Kimberley Ann Tew. 167 MOTION to Withdraw as Attorney by Michael Hassard filed by Michael Aaron Tew, Kimberley Ann Tew, 162 MOTION to Withdraw as Attorney by Tor Ekeland filed by Michael Aaron Tew, Kimberley Ann Tew, 159 MOTION to Withdraw as Attorney filed by USA, 166 MOTION to Withdraw as Attorney by Xuan Zhou filed by Michael Aaron Tew, Kimberley Ann Tew. Motions referred to Magistrate Judge Kristen L. Mix. SO ORDERED by Judge Daniel D. Domenico on 1/31/2022. Text Only Entry (dddlc2, ) (Entered: 01/31/2022) |
| 01/31/2022 | 170 | ORDER granting 168 Motion to Travel as to Jonathan K. Yioulos (3). Mr. Yioulos is permitted to travel as described in the travel plans submitted to the US Attorneys office and the Probation Department. SO ORDERED by Judge Daniel D. Domenico on 1/31/2022. Text Only Entry (dddlc2, ) (Entered: 01/31/2022) |
| 02/02/2022 | 171 | ORDER granting 159 Motion to Withdraw as Attorney. Hetal Janak Doshi withdrawn from case as to Michael Aaron Tew (1), Kimberley Ann Tew (2), Jonathan K. Yioulos (3). Attorney Hetal Doshi is relieved of any further representation of the United States in this case. The Clerk of Court is instructed to terminate Attorney Doshi as counsel of record, and to remove this name from the electronic certificate of mailing. The Government shall continue to be represented by Attorney Bryan Fields. by Magistrate Judge Kristen L. Mix on 2/2/2022. Text Only Entry (klmlc2, ) (Entered: 02/02/2022) |
| 02/02/2022 | 172 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew re 167 MOTION to Withdraw as Attorney by Michael Hassard filed by Michael Aaron Tew, Kimberley Ann Tew, 162 MOTION to Withdraw as Attorney by Tor Ekeland filed by Michael Aaron Tew, Kimberley Ann Tew, 166 MOTION to Withdraw as Attorney by Xuan Zhou filed by Michael Aaron Tew, Kimberley Ann Tew. Defendant Michael Tew and Defendant Kimberley Tew shall each file a separate |

| | | financial affidavit under restriction at Level 3 NO LATER THAN FEBRUARY 14, 2022. by Magistrate Judge Kristen L. Mix on 2/2/2022. Text Only Entry (klmlc2, ) (Entered: 02/02/2022) |
|---|---|---|
| 02/02/2022 | 173 | ORDER. The Motion to Withdraw Document 148 as to Michael Aaron Tew and Kimberly Ann Tew is GRANTED. Accordingly, the Motion to Travel 146 is DENIED AS MOOT. SO ORDERED by Judge Daniel D. Domenico on 2/2/2022. Text Only Entry (dddlc2, ) (Entered: 02/02/2022) |
| 02/04/2022 | 174 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. Defendants' counsel Motion for a 3–Month Ends of Justice Continuance (Doc. 165 ) is GRANTED. Ninety (90) days, from 2/4/2022 to 5/5/2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time. Motions due by 5/12/2022. Responses due by 5/19/2022. The eight–day Jury Trial set to begin 4/4/2022 is VACATED and RESET to 6/13/2022 at 09:00 AM in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference set for 3/21/2022 is VACATED and RESET to 6/2/2022 at 03:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 02/04/2022. (athom, ) (Entered: 02/04/2022) |
| 02/10/2022 | 175 | Pro Se Letter by Michael Aaron Tew, Kimberley Ann Tew. (athom, ) (Entered: 02/10/2022) |
| 02/10/2022 | 176 | ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew 175 MOTION for Extension of Time to File filed by Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/10/2022. Text Only Entry (dddlc2, ) (Entered: 02/10/2022) |
| 02/14/2022 | 177 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on February 14, 2022. This matter is before the Court on Defendants' Motion for Extension of Time 175 (the "Motion"). Defendants ask for a two–week extension to file financial affidavits because they "are currently reviewing an engagement letter with a law firm based in Denver" and, therefore, may not require appointment of counsel through the CJA. IT IS HEREBY ORDERED that the Motion 175 is GRANTED. The deadline for each Defendant to file a separate financial affidavit under restriction at Level 3 is extended to February 28, 2022. (csarr, ) (Entered: 02/14/2022) |
| 02/25/2022 | 178 | NOTICE OF ATTORNEY APPEARANCE: Peter R. Bornstein appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Peter R. Bornstein added to party Michael Aaron Tew(pty:dft), Attorney Peter R. Bornstein added to party Kimberley Ann Tew(pty:dft) (Bornstein, Peter) (Entered: 02/25/2022) |
| 03/04/2022 | 179 | Order. Defense counsel is directed to file a status report on or before 3/10/2022 confirming that he has discussed the potential conflicts of interest that joint representation of criminal codefendants may raise with his clients, and that they each continue to understand these dangers and risks and continue to consent to proceeding with joint counsel in spite of them. SO ORDERED by Judge Daniel D. Domenico on 3/4/2022. Text Only Entry (dddlc2, ) (Entered: 03/04/2022) |
| 03/07/2022 | 180 | ORDER granting 162 Motion to Withdraw as Attorney. Attorney Tor Ekeland is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Ekeland as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorneys Michael Hassard, Peter Bornstein, and Xuan Zhou. by Magistrate Judge Kristen L. |

| | | Mix on 3/7/2022. Text Only Entry (klmlc2, ) (Entered: 03/07/2022) |
|---|---|---|
| 03/07/2022 | 181 | ORDER granting 166 Motion to Withdraw as Attorney. Attorney Xuan Zhou is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Zhou as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorneys Michael Hassard and Peter Bornstein. by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, ) (Entered: 03/07/2022) |
| 03/07/2022 | 182 | ORDER granting 167 Motion to Withdraw as Attorney. Attorney Michael Hassard is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Hassard as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorney Peter Bornstein. by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, ) (Entered: 03/07/2022) |
| 03/09/2022 | 183 | Unopposed MOTION to Travel by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 03/09/2022) |
| 03/10/2022 | 184 | STATUS REPORT by Michael Aaron Tew, Kimberley Ann Tew (Bornstein, Peter) (Entered: 03/10/2022) |
| 03/14/2022 | 185 | Order granting 183 Motion to travel. Defendants Michael and Kimberly Tew may travel out of state with their children for spring break as requested in their motion. Their pretrial monitoring is modified to stand–alone location monitoring without a curfew. SO ORDERED by Judge Daniel D. Domenico on 3/14/2022. Text Only Entry (dddlc2, ) (Entered: 03/14/2022) |
| 03/21/2022 | 186 | Unopposed MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/21/2022) |
| 03/22/2022 | 187 | MOTION to Amend/Correct *Conditions of Release* by Kimberley Ann Tew. (Attachments: # 1 Exhibit A)(Bornstein, Peter) (Entered: 03/22/2022) |
| 03/24/2022 | 188 | MINUTE ORDER re. 187 Motion to Amend/Correct Conditions of Supervised Release. The Court reviews the conditions of pretrial release de novo, and having reviewed the transcripts of the two previous hearings as well as the recommendations of the Probation Department, does not find that the Government has shown by a preponderance of evidence that location monitoring is required to reasonably assure the appearance of Kimberley Tew or the safety of another person or the community. The government has until 11:00am on 3/25/2022 to respond. SO ORDERED by Judge Daniel D. Domenico on 3/24/2022. Text Only Entry (dddlc2, ) (Entered: 03/24/2022) |
| 03/25/2022 | 189 | RESPONSE in Opposition by USA as to Kimberley Ann Tew re 187 MOTION to Amend/Correct *Conditions of Release* (Fields, Bryan) (Entered: 03/25/2022) |
| 03/25/2022 | 190 | ORDER GRANTING 187 Motion for Amendment of Conditions of Release as to Kimberley Ann Tew (2). It is ORDERED that Ms. Tew's conditions of release are modified to remove the requirement that she submit to GPS location monitoring. Ms. Tew is directed to contact the Probation Department for instructions on how to comply with her conditions of release going forward. By Judge Daniel D. Domenico on 3/25/2022. (dddlc1, ) (Entered: 03/25/2022) |

| 03/28/2022 | 191 | ORDER granting 186 Motion to Travel as to Jonathan K. Yioulos (3). Mr. Yioulos is permitted to travel as described in the travel plans submitted to the US Attorneys office and the Probation Department. SO ORDERED by Judge Daniel D. Domenico on 3/28/2022. Text Only Entry (dddlc2, ) (Entered: 03/28/2022) |
|---|---|---|
| 03/31/2022 | 192 | ORDER granting 164 Motion for Leave to Restrict. Doc. 163 is restricted at Level 3. SO ORDERED by Judge Daniel D. Domenico on 3/31/2022. Text Only Entry (dddlc2, ) (Entered: 03/31/2022) |
| 04/26/2022 | 193 | Unopposed MOTION to Continue *Trial and for Ends of Justice Finding Pursuant to 18 U.S.C. § 3161(h)(7)* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 04/26/2022) |
| 05/10/2022 | 194 | Unopposed MOTION for Leave to File Excess Pages *for Motion to Suppress* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/10/2022) |
| 05/12/2022 | 195 | ORDER granting 194 Motion for Leave to File Excess Pages as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The defendants have 6000 words for their motion to suppress and the government has the same number for its response. SO ORDERED by Judge Daniel D. Domenico on 5/12/2022. Text Only Entry (dddlc2, ) (Entered: 05/12/2022) |
| 05/12/2022 | 196 | Unopposed MOTION for Extension of Time to File *Pre−Trial Motions* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/12/2022) |
| 05/12/2022 | 197 | Unopposed MOTION for Reconsideration re 195 Order on Motion for Leave to File Excess Pages, *Motion to Suppress* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/12/2022) |
| 05/12/2022 | 198 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. Defendants' Motion to Continue Trial and for an Ends of Justice Finding (Doc. 193 ) is GRANTED. One hundred and eighty (180) days, from 5/12/2022 to 11/8/2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time. The deadline to file motions to suppress remains 5/12/2022. Other pretrial Motions due by 6/13/2022. Responses due by 6/20/2022. The eight−day Jury Trial set for 06/13/2022 is VACATED and RESET to 12/5/2022 at 09:00 AM in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference set for 6/2/2022 is VACATED and RESET to 11/29/2022 at 03:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 05/12/2022. (athom, ) (Entered: 05/12/2022) |
| 05/12/2022 | 199 | ORDER granting 197 Motion for Reconsideration re 197 Unopposed MOTION for Reconsideration re 195 Order on Motion for Leave to File Excess Pages, *Motion to Suppress* filed by Michael Aaron Tew, Kimberley Ann Tew as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The defendants have 12,000 words for their motion to suppress, and the government has the same number with which to respond. SO ORDERED by Judge Daniel D. Domenico on 5/12/2022. Text Only Entry (dddlc2, ) (Entered: 05/12/2022) |
| 05/12/2022 | 200 | Motion to Suppress Evidence by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 |

| | | Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB)(Bornstein, Peter) Modified on 8/22/2022 to add document title and un restrict Motion ONLY per 244 Response. (sphil, ). Modified on 10/28/2022 to add text and correct event (athom, ). (Entered: 05/12/2022) |
|---|---|---|
| 05/12/2022 | 201 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/12/2022) |
| 05/18/2022 | 202 | Unopposed MOTION for Extension of Time to File Response/Reply as to 200 Restricted Document – Level 1,, by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 05/18/2022) |
| 05/19/2022 | 203 | NOTICE OF ATTORNEY APPEARANCE Albert C. Buchman appearing for USA. Attorney Albert C. Buchman added to party USA(pty:pla) (Buchman, Albert) (Entered: 05/19/2022) |
| 05/19/2022 | 204 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 201 MOTION for Leave to Restrict *(Response to Motion to Suppress, ECF No. 200)* (Attachments: # 1 Government Filter Memo, # 2 Filter Memo – Attachment 1, # 3 Filter Memo – Attachment 2, # 4 Filter Memo – Attachment 3, # 5 Filter Memo – Attachment 4, # 6 Filter Memo – Attachment 5, # 7 Filter Memo – Attachment 6, # 8 Filter Memo – Attachment 7, # 9 Filter Memo – Attachment 8, # 10 Filter Memo – Attachment 9)(Fields, Bryan) (Attachment 6 replaced on 1/21/2025) (lrobe, ). (Entered: 05/19/2022) |
| 05/20/2022 | 205 | MOTION to Withdraw as Attorney by Andrea Surratt by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Surratt, Andrea) (Entered: 05/20/2022) |
| 05/20/2022 | 206 | MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 05/20/2022) |
| 05/20/2022 | 207 | ORDER granting 206 Motion to Travel as to Jonathan K. Yioulos (3). Mr. Yioulos is permitted to travel as described in the travel plans submitted to the US Attorneys office and the Probation Department. SO ORDERED by Judge Daniel D. Domenico on 5/20/2022. Text Only Entry (dddlc2, ) (Entered: 05/20/2022) |
| 05/20/2022 | 208 | ORDER granting 202 Motion for Extension of Time to File Response/Reply. The government has until and including 6/9/2022 to file a response to the motion to suppress. SO ORDERED by Judge Daniel D. Domenico on 5/20/2022. Text Only Entry (dddlc2, ) (Entered: 05/20/2022) |
| 05/25/2022 | 209 | MOTION to Disclose Grand Jury Material to Defendant by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 05/25/2022) |
| 05/25/2022 | 210 | Unopposed MOTION for Leave to File *Reply to Government's Response to Defendant's Motion to Suppress Evidence* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/25/2022) |
| 06/07/2022 | 211 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Jonathan K. Yioulos (Attachments: # 1 Exhibit A)(ntaka) (Entered: 06/07/2022) |
| 06/13/2022 | 212 | Unopposed MOTION for Order *Requiring the Government to Submit Expert Witness Opinions 120 Days Before Trial* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |

| 06/13/2022 | 213 | Unopposed MOTION for Leave to File *Additional Motions* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
|---|---|---|
| 06/13/2022 | 214 | MOTION for Sanctions *for Violating Communication Privileges* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 215 | MOTION for Franks Hearing by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 216 | MOTION to Suppress *the Use of Statements* by Michael Aaron Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 217 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendant Motions Filed on June 13, 2022* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 06/13/2022) |
| 06/13/2022 | 218 | MOTION to Sever Defendant by Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 219 | MOTION for James Hearing *and for Government to File a James Proffer* by Michael Aaron Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 220 | MOTION for James Hearing *and for Government to File a James Proffer* by Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 221 | MOTION to Suppress *Evidence from Search of 3222 East First Avenue, Apartment 224* by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bornstein, Peter) (Entered: 06/13/2022) |
| 06/16/2022 | 222 | ORDER GRANTING 205 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Andrea Surratt as counsel of record, and to remove this name from the electronic certificate of mailing. Plaintiff United States will continue to be represented by attorney Bryan Fields and Albert Buchman. SO ORDERED by Judge Daniel D. Domenico on 6/16/2022. Text Only Entry (dddlc2, ) (Entered: 06/16/2022) |
| 06/16/2022 | 223 | ORDER GRANTING 210 Motion for Leave to File a Reply. Defendants have 5000 words for a reply to be filed on or before 6/22/2022. SO ORDERED by Judge Daniel D. Domenico on 6/16/2022. Text Only Entry (dddlc2, ) (Entered: 06/16/2022) |
| 06/16/2022 | 224 | ORDER Granting 209 Motion to Disclose Grand Jury Material as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 6/16/2022. (athom, ) (Entered: 06/16/2022) |
| 06/19/2022 | 225 | MOTION to Continue *Sentencing* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 06/19/2022) |
| 06/22/2022 | 226 | REPLY by Michael Aaron Tew, Kimberley Ann Tew *in Support of Motion to Suppress Evidence [Doc.200–Restricted]* (Bornstein, Peter) (Entered: 06/22/2022) |
| 06/29/2022 | 227 | ORDER granting 225 Motion to Continue as to Jonathan K. Yioulos (3). The sentencing hearing set for 7/12/2022 is VACATED AND RESET to 1/19/2023 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 6/29/2022. Text Only Entry (dddlc2, ) (Entered: 06/29/2022) |
| 07/14/2022 | 228 | |

| | | |
|---|---|---|
| | | ORDER granting <u>217</u> Motion for Extension of Time to File Response/Reply. The government has until and including 8/9/2022 to file responses to the motions filed on 6/13/2022. SO ORDERED by Judge Daniel D. Domenico on 8/14/2022. Text Only Entry (dddlc2, ) (Entered: 07/14/2022) |
| 08/09/2022 | <u>229</u> | NOTICE *of Conventional Filing Exhibit 1–3* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>230</u> | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 218 MOTION to Sever Defendant (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>231</u> | REPLY TO RESPONSE to Motion by USA as to Michael Aaron Tew, Kimberley Ann Tew re <u>219</u> MOTION for James Hearing *and for Government to File a James Proffer* (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>232</u> | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 220 MOTION for James Hearing *and for Government to File a James Proffer* (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>233</u> | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re <u>215</u> MOTION for Franks Hearing (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>234</u> | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 214 MOTION for Sanctions *for Violating Communication Privileges* (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>235</u> | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re <u>216</u> MOTION to Suppress *the Use of Statements* (Attachments: # <u>1</u> Conventionally Submitted, # <u>2</u> Conventionally Submitted)(Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | <u>236</u> | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 221 MOTION to Suppress *Evidence from Search of 3222 East First Avenue, Apartment 224* (Attachments: # <u>1</u> Conventionally Submitted)(Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 237 | Conventionally Submitted Material : 1 Card USB Flash Drive: Exhibit 1 and Exhibit 2 to Response in Opposition <u>235</u> re <u>229</u> Notice, by Plaintiff USA. Material placed in the oversized filing area Area D–5–5 of the Clerk's Office. Text Only Entry (athom, ) (submitted additional copy of USB placed in Chambers' mail box) (Entered: 08/11/2022) |
| 08/12/2022 | 238 | ORDER GRANTING IN PART <u>201</u> Motion for Leave to File Motion to Suppress Evidence as Restricted Level 1.

I must narrowly tailor any restrictions on public access, and must consider whether supplying a redacted version of a document in lieu of restricting access to the entire document would adequately protect the interests of the party seeking restriction. *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019); Local Civ. R. 7.2(c)(4). Defendants Michael and Kimberly Tew have not shown that redacting the identified financial, medical, and other personal information from the motion to suppress is impracticable or would not adequately protect the privacy interests at stake.

Accordingly, the motion for leave to restrict is GRANTED IN PART with respect to the exhibits to the motion only. The Clerk of Court is directed to maintain Doc. <u>200</u> |

| | | |
|---|---|---|
| | | and Docs. 200–1 to 200–28 under Level 1 restriction. Plaintiff must file a public redacted version of the motion to suppress (Doc. 200 ) on or before 8/19/2022.<br><br>SO ORDERED by Judge Daniel D. Domenico on 8/12/2022. Text Only Entry (dddlc1, ) (Entered: 08/12/2022) |
| 08/12/2022 | 239 | ORDER GRANTING IN PART 212 Defendants' Unopposed Motion to Require the Government to Submit Expert Witness Opinions 120 Days Before Trial.<br><br>Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) must be made no later than 8/19/2022, and any challenges to such experts must be made no later than 9/9/2022.<br><br>Rebuttal expert witness disclosures must be made no later than 9/16/2022, and any challenges to such rebuttal experts must be made no later than 10/7/2022.<br><br>SO ORDERED by Judge Daniel D. Domenico on 8/12/2022. Text Only Entry (dddlc1, ) (Entered: 08/12/2022) |
| 08/15/2022 | 240 | Unopposed MOTION for Leave to File *Replies to Government's Responses to Motions* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 08/15/2022) |
| 08/15/2022 | 241 | ORDER REGARDING PRETRIAL DEADLINES AND PENDING MOTIONS.<br><br>Defendants' Unopposed Motion for Leave to File Additional Motions (Doc. 213 ) is GRANTED. Motions due 9/13/2022. Responses due 9/27/2022. No replies will be permitted without prior leave of the Court.<br><br>Defendants' Unopposed Motion for Leave to File Replies to Government's Responses to Motions (Doc. 240 ) is GRANTED. Replies due 8/23/2022.<br><br>A Motions Hearing is SET for 10/18/2022 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.<br><br>Due to a conflict on the Court's calendar, the eight–day Jury Trial set for 12/5/2022 is VACATED and RESET to commence on 12/12/2022 at 09:00 AM in Courtroom A1002. Counsel and pro se parties must be present at 08:30 AM on the first day of trial. Due to a conflict on the Court's calendar, the Trial Preparation Conference set for 11/29/2022 is VACATED and RESET to 11/22/2022 at 01:30 PM in Courtroom A1002. See written Order for pretrial deadlines.<br><br>SO ORDERED by Judge Daniel D. Domenico on 8/15/2022. (dddlc1, ) (Entered: 08/15/2022) |
| 08/18/2022 | 242 | Unopposed MOTION for Order *to Reschedule Hearing Date on Motion* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 08/18/2022) |
| 08/18/2022 | 243 | ORDER GRANTING 242 Unopposed Motion to Reschedule Hearing Date on Motions as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Motions Hearing set for 10/18/2022 is VACATED and RESET to 10/12/2022 at 09:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 8/18/2022. Text Only Entry (dddlc1, ) (Entered: 08/18/2022) |

| 08/19/2022 | 244 | RESPONSE by Michael Aaron Tew, Kimberley Ann Tew re: 238 Order on Motion for Leave to Restrict,,,, (Bornstein, Peter) (Entered: 08/19/2022) |
| 08/23/2022 | 245 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 214 MOTION for Sanctions *for Violating Communication Privileges* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 246 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 221 MOTION to Suppress *Evidence from Search of 3222 East First Avenue, Apartment 224* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 247 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 219 MOTION for James Hearing *and for Government to File a James Proffer*, 220 MOTION for James Hearing *and for Government to File a James Proffer* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 248 | REPLY TO RESPONSE to Motion by Kimberley Ann Tew re 218 MOTION to Sever Defendant (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 249 | REPLY TO RESPONSE to Motion by Michael Aaron Tew re 216 MOTION to Suppress *the Use of Statements* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 250 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 215 MOTION for Franks Hearing (Attachments: # 1 Affidavit Declaration of Michael A. Tew, # 2 Affidavit Declaration of Kimberley A. Tew)(Bornstein, Peter) (Entered: 08/23/2022) |
| 09/15/2022 | 251 | Unopposed MOTION to Travel *Out of State* by Kimberley Ann Tew. (Bornstein, Peter) (Entered: 09/15/2022) |
| 09/16/2022 | 252 | ORDER granting 251 Unopposed Motion to Travel as to Kimberley Ann Tew (2). SO ORDERED by Judge Daniel D. Domenico on 09/16/2022. Text Only Entry (dddlc5, ) (Entered: 09/16/2022) |
| 10/07/2022 | 253 | EXHIBIT LIST *for Suppression Hearing of October 12, 2022* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Proposed Exhibit List)(Fields, Bryan) (Entered: 10/07/2022) |
| 10/07/2022 | 254 | WITNESS LIST *for Suppression Hearing of October 12, 2022* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Proposed Witness List)(Fields, Bryan) (Entered: 10/07/2022) |
| 10/12/2022 | 255 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Suppression Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 10/12/2022. Taking under advisement 214 Motion for Sanctions as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Denying 215 Motion for Franks Hearing as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Taking under advisement 216 Motion to Suppress as to Michael Aaron Tew (1). Taking under advisement 200 Defendants Motion. Denying 219 Motion for James Hearing as to Michael Aaron Tew (1). Taking under advisement 221 Motion to Suppress as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Taking under advisement 218 Motion to Sever Defendant as to Kimberley Ann Tew (2). Taking under advisement 220 Motion for James Hearing as to Kimberley Ann Tew (2). Bond continued as to both defendants. Court Reporter: Julie Thomas. (rkeec) (Entered: 10/13/2022) |
| 10/12/2022 | 256 | |

|  |  | WITNESS LIST by USA as to Michael Aaron Tew (1), Kimberley Ann Tew (2). With date and time testified. (rkeec) (Entered: 10/13/2022) |
|---|---|---|
| 10/12/2022 | 257 | EXHIBIT LIST by USA as to Michael Aaron Tew (1), Kimberley Ann Tew (2). (rkeec) (Entered: 10/13/2022) |
| 10/27/2022 | 258 | ORDER Denying 221 Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224 as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 259 | ORDER as to Michael Aaron Tew. Mr. Tew's Motion to Suppress the Use of Statements (Doc. 216 ) is DENIED. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 260 | ORDER Denying 218 Motion for Severance as to Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 261 | ORDER Denying 214 Motion for Sanctions as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 262 | ORDER Denying 200 Motion to Suppress Evidence as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/28/2022 | 263 | ORDER GRANTING IN PART 220 Defendant Kimberly Ann Tew's Motion for a *James* Proffer and Hearing. Ms. Tew's request for the Government to file a *James* proffer and for the Court to hold a *James* hearing is granted, though not on the timeline requested.<br><br>The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with the referenced exhibits and an accompanying brief, on or before 1/6/2023. the defendants must file their responses to the Government's *James* log and brief on or before 1/20/2023. A *James* Hearing is SET for 1/26/2023 at 09:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.<br><br>In light of the above, the Trial Preparation Conference set for 11/22/2022 is VACATED and RESET for 3/7/2022 at 09:30 AM in Courtroom A1002, and the eight−day Jury Trial set for 12/12/2022 is VACATED and RESET for 3/13/2023 at 09:00 AM in Courtroom A1002. Counsel and pro se parties must be present at 08:30 AM on the first day of trial. Pretrial deadlines remain as stated in the Court's Order Regarding Pretrial Deadlines and Pending Motions (Doc. 241 ).<br><br>SO ORDERED by Judge Daniel D. Domenico on 10/28/2022. Text Only Entry (dddlc1, ) (Entered: 10/28/2022) |
| 11/15/2022 | 264 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 11/15/2022) |
| 11/15/2022 | 265 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 11/15/2022) |
| 11/15/2022 | 266 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit A)(Bornstein, Peter) (Entered: 11/15/2022) |

| 11/16/2022 | 267 | Unopposed MOTION to Travel *Out of State* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 11/16/2022) |
|---|---|---|
| 11/17/2022 | 268 | ORDER granting 267 Motion to Travel as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Mr. and Mrs. Tew are granted permission to leave the state of Colorado and travel to Marquette, Michigan with their children from 11/18/2022 until 11/27/2022. SO ORDERED by Judge Daniel D. Domenico on 11/17/2022. Text Only Entry (dddlc5, ) (Entered: 11/17/2022) |
| 11/17/2022 | 269 | ORDER granting 264 Motion for Leave to Restrict 265 Restricted Document – Level 3, 266 Restricted Document – Level 3 as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Clerk of Court is directed to maintain 265 and 266 UNDER RESTRICTION at LEVEL 3. SO ORDERED by Judge Daniel D. Domenico on 11/17/2022. Text Only Entry (dddlc5, ) (Entered: 11/17/2022) |
| 11/28/2022 | 270 | Unopposed MOTION to Continue *adjourn sentencing* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 11/28/2022) |
| 11/28/2022 | 271 | ORDER granting 270 Motion to Continue as to Jonathan K. Yioulos (3). Mr. Yioulos's Sentencing set for 1/19/2023 at 10:30 a.m. is VACATED and RESET for 3/29/2023 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. All related deadlines are continued. SO ORDERED by Judge Daniel D. Domenico on 11/28/2022. Text Only Entry (dddlc5, ) (Entered: 11/28/2022) |
| 11/29/2022 | 272 | Order Regarding Motion for Subpoenas as to Michael Aaron Tew and Kimberley Ann Tew. (angar, ) Modified on 11/29/2022 to correct restriction level and title (angar, ). (Entered: 11/29/2022) |
| 12/01/2022 | 273 | MOTION to Withdraw as Attorney by Peter R. Bornstein by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/01/2022) |
| 12/01/2022 | 274 | ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew 273 MOTION to Withdraw as Attorney by Peter R. Bornstein. Motion referred to Magistrate Judge Kristen L. Mix, by Judge Daniel D. Domenico on 12/01/2022. Text Only Entry (dddlc5, ) Modified on 12/5/2022 to add text (athom, ). (Entered: 12/01/2022) |
| 12/02/2022 | 275 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 12/02/2022. IT IS HEREBY ORDERED that the Motion 273 is GRANTED as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Mr. Bornstein is permitted to withdraw as counsel for Defendants. IT IS FURTHER ORDERED that on or before December 16, 2022, Defendants shall have replacement counsel enter an appearance or, if they believe they are entitled to appointment of CJA counsel to represent them, shall each file a financial affidavit under restriction at Level 3. (alave, ) (Entered: 12/05/2022) |
| 12/05/2022 | 276 | MOTION for Reconsideration re 275 Order on Motion to Withdraw as Attorney,, *or, in the alternative, motion for expedited appointment and extension of deadlines* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 12/05/2022) |
| 12/05/2022 | 277 | ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew 276 MOTION for Reconsideration re 275 Order on Motion to Withdraw as Attorney,, *or, in the alternative, motion for expedited appointment and extension of deadlines* filed by USA. Motion referred to Magistrate Judge Kristen L. Mix by Judge Daniel D. Domenico on 12/05/2022. Text Only Entry (dddlc5, ) (Entered: 12/05/2022) |

| 12/06/2022 | 278 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 12/06/2022. IT IS HEREBY ORDERED that a hearing on the Motion 276 is set for December 9, 2022, at 11:00 a.m. Counsel for the parties, including defense counsel Peter Bornstein who was permitted to withdraw by Minute Order 275 of December 2, 2022, shall be present at the hearing. IT IS FURTHER ORDERED that the Clerk of Court shall email a copy of this Minute Order to Mr. Bornstein. (alave, ) (Entered: 12/06/2022) |
| --- | --- | --- |
| 12/06/2022 | 279 | Certificate of Service by E–Mail by Clerk of Court re 278 Minute Order to counsel Peter Bornstein at pbornstein@prblegal.com. Text Only Entry. (alave, ) (Entered: 12/06/2022) |
| 12/09/2022 | 280 | MINUTE ENTRY for In Court Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 12/9/2022 before Magistrate Judge Kristen L. Mix. The court GRANTS 276 Motion for Reconsideration re 273 MOTION to Withdraw as Attorney. 273 MOTION to Withdraw as Attorney is GRANTED in part and DENIED in part to the extent that Mr. Bornstein is permitted to withdraw as private counsel, but otherwise denied. Defendants are ORDERED to submit financial affidavits on or before 5:00 PM Tuesday, December 13, 2022. Should Defendants qualify for court–appointed counsel, Mr. Bornstein will be appointed as CJA counsel.

The Clerk of Court is ORDERED to allow Mr. Bornstein to file the financial affidavits on the electronic docket on the Defendants' behalf. Should there be any problem with the filing of the financial affidavits, Mr. Bornstein SHALL email them to Mix_Chambers@cod.uscourts.gov.(Total time: 23 minutes, Hearing time: 11:00–11:23)

**APPEARANCES**: Bryan Fields, Albert Buchman on behalf of the Government, Peter Bornstein on behalf of the defendant. FTR: A–401. (cpomm, ) Text Only Entry (Entered: 12/09/2022) |
| 12/13/2022 | 281 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/13/2022) |
| 12/13/2022 | 282 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/13/2022) |
| 12/14/2022 | 283 | ORDER granting 281 Motion for Leave to Restrict 282 Restricted Document as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Clerk of Court is instructed to maintain 282 at LEVEL THREE RESTRICTION. SO ORDERED by Judge Daniel D. Domenico on 12/14/2022. Text Only Entry (dddlc5, ) (Entered: 12/14/2022) |
| 12/27/2022 | 284 | MOTION to Vacate *Deadlines and for Status Conference* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 12/27/2022) |
| 12/27/2022 | 285 | TRANSCRIPT of MOTIONS HEARING as to Michael Aaron Tew, Kimberley Ann Tew held on 10/12/22 before Judge Domenico. Pages: 1–234.

 **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |

| | | |
|---|---|---|
| | | Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Thomas, Julie) (Entered: 12/27/2022) |
| 12/27/2022 | 286 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 12/27/2022. IT IS HEREBY ORDERED that attorney Peter Bornstein is appointed as CJA counsel for Defendants Michael A. Tew and Kimberly A. Tew. (alave, ) (Entered: 12/27/2022) |
| 12/28/2022 | 287 | ORDER DENYING 284 Government's Motion to Vacate Current Deadlines and for Status Conference as to Michael Aaron Tew (1), Kimberley Ann Tew (2). <br><br> Attorney Peter Bornstein represented the defendants as retained counsel for a period of over nine months from February to December 2022 (*see* Docs. 178 , 273 , 275 , 280), and he now continues to represent the defendants as appointed CJA counsel (Doc. 286 ). The Government has repeatedly stated its concern that further delays may prejudice its case and the public (Doc. 284 at 3; Doc. 276 at 2, 3, 5, 8), and has also acknowledged that Mr. Bornstein "is surely in the best position to advance this case without any more delay" (Doc. 276 at 2). Having now been appointed as CJA counsel, Mr. Bornstein has over a week to review the Government's *James* submission prior to its filing on 1/6/2023. <br><br> The Government's request to vacate the deadlines related to its *James* proffer and log is therefore denied. <br><br> SO ORDERED by Judge Daniel D. Domenico on 12/28/2022. Text Only Entry (dddlc1, ) (Entered: 12/28/2022) |
| 12/28/2022 | 288 | MOTION for Order *Appointing Separate Counsel* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/28/2022) |
| 12/29/2022 | 289 | ORDER GRANTING 288 Motion for Appointment of Separate Counsel as to Michael Aaron Tew (1), Kimberley Ann Tew (2). <br><br> Attorney Peter R. Bornstein is relieved of any further representation of Defendant Kimberley Ann Tew, and the Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record for Ms. Tew. An attorney from the Criminal Justice Act panel will be appointed to represent Ms. Tew. Defendant Michael Aaron Tew will continue to be represented by Mr. Bornstein as appointed CJA counsel. <br><br> In light of the above, the deadlines for the Goverment's *James* proffer and log and the defendants' response thereto, and the *James* Hearing set for 1/26/2023 are CONTINUED pending further order of the Court. <br><br> Within one week of entry of appearance of new counsel for Ms. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; (2) mutually agreeable proposed deadlines for further *James* proceedings; and (3) any other issues the parties wish to bring to the Court's attention. <br><br> SO ORDERED by Judge Daniel D. Domenico on 12/29/2022. Text Only Entry (dddlc1, ) (Entered: 12/29/2022) |

| 01/03/2023 | 290 | NOTICE OF ATTORNEY APPEARANCE: David Scott Kaplan appearing for Kimberley Ann TewAttorney David Scott Kaplan added to party Kimberley Ann Tew(pty:dft) (Kaplan, David) (Main Document 290 replaced on 1/21/2025) (lrobe, ). (Entered: 01/03/2023) |
|---|---|---|
| 01/05/2023 | 291 | MOTION to Unrestrict Document 2 Warrant Issued, 1 Complaint, by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 01/05/2023) |
| 01/06/2023 | 292 | ORDER granting 291 Motion to Unrestrict 291 . The Clerk of Court is directed to unrestrict Documents 1 , 2 , 5 , and 6 as to Michael Aaron Tew (1), Kimberley Ann Tew (2), Jonathan K. Yioulos (3). SO ORDERED by Judge Daniel D. Domenico on 01/06/2023. Text Only Entry (dddlc5, ) (Entered: 01/06/2023) |
| 01/10/2023 | 293 | STATUS REPORT *(Joint Status Report of Parties)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 01/10/2023) |
| 01/11/2023 | 294 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew re 293 Status Report filed by USA. By 1/17/2023, Mr. Bornstein and Mr. Kaplan must each submit an ex parte filing describing their positions regarding any conflict of interest that might prevent Mr. Bornstein from continuing to represent Mr. Tew and whether a hearing is necessary to evaluate and resolve this issue. SO ORDERED by Judge Daniel D. Domenico on 01/11/2023. Text Only Entry (dddlc5, ) (Entered: 01/11/2023) |
| 01/13/2023 | 295 | NOTICE OF ATTORNEY APPEARANCE: Nancy Lin Cohen appearing for Movants Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc.Attorney Nancy Lin Cohen added to party Christopher J. Alf(pty:mov), Attorney Nancy Lin Cohen added to party National Air Cargo Group, Inc. (pty:mov), Attorney Nancy Lin Cohen added to party National Air Cargo Holdings, Inc.(pty:mov) (athom, ) (Entered: 01/13/2023) |
| 01/13/2023 | 296 | NOTICE OF ATTORNEY APPEARANCE: Eric S. Galler appearing for Movants Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc.Attorney Eric S. Galler added to party Christopher J. Alf(pty:mov), Attorney Eric S. Galler added to party National Air Cargo Group, Inc. (pty:mov), Attorney Eric S. Galler added to party National Air Cargo Holdings, Inc.(pty:mov) (athom, ) (Entered: 01/13/2023) |
| 01/13/2023 | 297 | MOTION to Quash Subpoenas by Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc. as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (athom, ) (Entered: 01/13/2023) |
| 01/17/2023 | 298 | NOTICE OF ATTORNEY APPEARANCE: Peter R. Bornstein appearing for Michael Aaron Tew (Bornstein, Peter) (Entered: 01/17/2023) |
| 01/17/2023 | 299 | MOTION for Leave to Restrict by Michael Aaron Tew. (Bornstein, Peter) (Entered: 01/17/2023) |
| 01/17/2023 | 300 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Bornstein, Peter) (Entered: 01/17/2023) |
| 01/17/2023 | 301 | RESTRICTED DOCUMENT – Level 3: by Kimberley Ann Tew. (Kaplan, David) (Entered: 01/17/2023) |
| 01/26/2023 | 302 | |

|  |  | ORDER granting 299 Motion for Leave to Restrict as to Michael Aaron Tew (1). The Clerk of Court is directed to maintain 300 at a LEVEL THREE RESTRICTION. SO ORDERED by Judge Daniel D. Domenico on 1/26/2023. Text Only Entry (dddlc5, ) (Entered: 01/26/2023) |
| 01/29/2023 | 303 | Unopposed MOTION to Modify Conditions of Release by Jonathan K. Yioulos as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Tallon, Michael) (Entered: 01/29/2023) |
| 01/30/2023 | 304 | ORDER GRANTING 303 Unopposed Motion to Modify Conditions of Release as to Jonathan K. Yioulos (3). Mr. Yioulos may travel to Sarasota, Florida, to visit family from 2/16/23 to 2/24/23. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during the time of approved travel, and (3) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 01/30/2023. Text Only Entry (dddlc5, ) (Entered: 01/30/2023) |
| 01/30/2023 | 305 | ORDER WITHDRAWING COUNSEL as to Michael Aaron Tew. Peter R. Bornstein is WITHDRAWN as counsel to Defendant Michael Aaron Tew and relieved of all further representation. The Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record, and to remove his name from the electronic certificate of mailing. An attorney from the Criminal Justice Act panel will be appointed to represent Defendant Michael Tew. Within one week of entry of appearance of new counsel for Mr. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; and (2) any other issues the parties wish to bring to the Court's attention. On or before 3/13/2023, the parties must file a Joint Status Report with mutually agreeable proposed deadlines for further *James* proceedings. By Judge Daniel D. Domenico on 01/30/2023. (athom, ) (Entered: 01/30/2023) |
| 01/30/2023 | 306 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos.The Motion of Third–Party Victims to Quash Subpoenas (Doc. 297 ) is GRANTED.The defendants' third–party subpoenas dated 12/1/2022 are QUASHED. The defendants may, if they wish, file a renewed motion for leave to serve third–party subpoenas that fully complies with Federal Rule of Criminal Procedure 17. By Judge Daniel D. Domenico on 01/30/2023. (athom, ) (Entered: 01/30/2023) |
| 01/30/2023 | 307 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 303 Unopposed MOTION to Modify Conditions of Release filed by attorney Michael John Tallon. The format for the attorney's signature block information is not correct. **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases). The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 01/30/2023) |
| 01/31/2023 | 308 | NOTICE OF ATTORNEY APPEARANCE: Jason Dale Schall appearing for Michael Aaron TewAttorney Jason Dale Schall added to party Michael Aaron Tew(pty:dft) (Schall, Jason) (Entered: 01/31/2023) |
| 02/03/2023 | 309 |  |

| | | Unopposed MOTION to Continue *Trial* by Michael Aaron Tew. (Schall, Jason) (Entered: 02/03/2023) |
|---|---|---|
| 02/03/2023 | 310 | ORDER re 309 Motion to Continue as to Michael Aaron Tew. The Court currently does not have enough information to determine whether the ends–of–justice served by the length of delay requested by the Defendant outweighs the best interests of the defendant and public in a speedy trial. In light of the appointment of Mr. Tew's new counsel and the suspension of the present time from the Speedy Trial Act given the James proceeding is not yet under advisement, the eight–day jury trial set for 3/13/23 and Trial Preparation Conference set for 3/7/2023 are VACATED. The Motion to Continue 309 is denied without prejudice. If Defendant wishes to file a renewed Motion to Continue, he should do so concurrent with the status report due 3/13/2023. SO ORDERED by Judge Daniel D. Domenico on 02/03/2023. Text Only Entry (dddlc5, ) (Entered: 02/03/2023) |
| 02/07/2023 | 311 | STATUS REPORT *(Joint Status Report of Parties)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 02/07/2023) |
| 02/17/2023 | 312 | Unopposed MOTION to Modify Conditions of Release by Michael Aaron Tew. (Schall, Jason) (Entered: 02/17/2023) |
| 02/17/2023 | 313 | ORDER granting 312 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Condition 7(x)(w) is stricken from Defendant's Conditions of Release. Defendant's supervising officer shall notify the Court if any issues arise from the removal of this restriction. SO ORDERED by Judge Daniel D. Domenico on 2/17/2023. Text Only Entry (dddlc5, ) (Entered: 02/17/2023) |
| 03/13/2023 | 314 | STATUS REPORT *re James Hearing (Joint Status Report of all Parties)* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Fields, Bryan) (Entered: 03/13/2023) |
| 03/13/2023 | 315 | Unopposed MOTION for Order *for an Ends of Justice (EOJ) Continuance Pursuant to 18 U.S.C. 3161(h)(7)* by Kimberley Ann Tew. (Kaplan, David) (Entered: 03/13/2023) |
| 03/13/2023 | 316 | Unopposed MOTION to Continue *Trial* by Michael Aaron Tew. (Schall, Jason) (Entered: 03/13/2023) |
| 03/17/2023 | 317 | ORDER as to Kimberley Ann Tew. Defendant's Motion to Continue Trial and for an Ends of Justice Continuance (Doc. 315 ) is GRANTED. Three hundred and twenty–nine (329) days, from 3/17/2023 to 2/9/2024, will be excluded from the computation of Defendant Kimberley Tew's Speedy Trial Act time. Motions due by 9/13/2023. Responses due by 9/20/2023. The eight–day Jury Trial is RESET to 2/5/2024 at 9:00 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference RESET to 1/30/2024 at 1:30 p.m. in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 03/17/2023. (athom, ) (Entered: 03/17/2023) |
| 03/17/2023 | 318 | ORDER as to Michael Aaron Tew. Defendant's Motion to Continue Trial and for an Ends of Justice Continuance (Doc. 316 ) is GRANTED. Three hundred and twenty–nine (329) days, from 3/17/2023 to 2/9/2024, will be excluded from the computation of Defendant Michael Tew's Speedy Trial Act time. Motions due by 9/13/2023. Responses due by 9/20/2023. The eight–day Jury Trial is RESET to 2/5/2024 at 9:00 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference is RESET to 1/30/2024 at 1:30 p.m. in Courtroom |

| | | |
|---|---|---|
| | | A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 03/17/2023. (athom, ) (Entered: 03/17/2023) |
| 03/20/2023 | 319 | RESTRICTED PRESENTENCE REPORT as to Jonathan K. Yioulos (Attachments: # 1 Exhibit A)(lgiac) (Entered: 03/20/2023) |
| 03/20/2023 | 320 | RESTRICTED ADDENDUM to Presentence Report 319 as to Jonathan K. Yioulos (lgiac) (Entered: 03/20/2023) |
| 03/22/2023 | 321 | Unopposed MOTION to Continue *adjourn sentencing and apply for,passport* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/22/2023) |
| 03/23/2023 | 322 | ORDER granting 321 Motion to Continue as to Jonathan K. Yioulos (3). The sentencing set for 3/29/2023 is VACATED and RESET for 3/5/2024 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.<br><br>Mr. Yioulos's motion to apply for a passport 321 is GRANTED. If a passport is issued to Mr. Yioulos, his counsel must maintain control of it until specific permission to travel is granted. Mr. Yioulos must separately request permission to travel.<br><br>SO ORDERED by Judge Daniel D. Domenico on 3/23/2023. Text Only Entry (dddlc5, ) (Entered: 03/23/2023) |
| 03/24/2023 | 323 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 321 Unopposed MOTION to Continue *adjourn sentencing and apply for,passport* filed by attorney Michael John Tallon. The format for the attorney's signature block information is not correct. **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases). The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 03/24/2023) |
| 03/27/2023 | 324 | Unopposed MOTION to Modify Conditions of Release *for family travel to Florida on March 30th* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/27/2023) |
| 03/27/2023 | 325 | ORDER granting 324 Motion to Modify Conditions of Release as to Jonathan K. Yioulos (3). Mr. Yioulos may travel to Sarasota, Florida, to visit family from 3/30/23 to 4/6/23. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during the time of approved travel, and (3) promptly contact his probation officer upon return from his trip. SO by Judge Daniel D. Domenico on 3/27/2023. (dddlc5, ) (Entered: 03/27/2023) |
| 03/28/2023 | 326 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES re: 324 Unopposed Motion to Modify Conditions of Release filed by attorney **Michael John Tallon**. The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (jtorr, ) (Entered: 03/28/2023) |

| 05/01/2023 | 327 | Unopposed MOTION to Modify Conditions of Release by Michael Aaron Tew. (Schall, Jason) (Entered: 05/01/2023) |
|---|---|---|
| 05/01/2023 | 328 | ORDER granting 327 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Condition 7(q) of Mr. Tew's pre–trial release is removed. In lieu of 7(q) Mr. Tew must report to U.S. Pre–trial Services/U.S. Probation by no later than 12:00 p.m. MST every Monday. SO ORDERED by Judge Daniel D. Domenico on 5/1/2023. Text Only Entry (dddlc5, ) (Entered: 05/01/2023) |
| 06/07/2023 | 329 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 06/07/2023) |
| 06/07/2023 | 330 | ORDER granting 329 Motion to Travel as to Michael Aaron Tew (1). Mr. Tew may travel between on or around June 17, 2023 and June 22, 2023 to the States of Wisconsin and Michigan. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during approved travel, and (3) promptly contact his probation officer upon return from travel as directed. SO ORDERED by Judge Daniel D. Domenico on 6/7/2023. Text Only Entry (dddlc5, ) (Entered: 06/07/2023) |
| 06/16/2023 | 331 | Unopposed MOTION to Travel *Out of State* by Kimberley Ann Tew. (Kaplan, David) (Entered: 06/16/2023) |
| 06/16/2023 | 332 | ORDER granting 331 Motion to Travel as to Kimberley Ann Tew (2). Ms. Tew may travel between on or around June 17, 2023 and June 22, 2023 to the States of Wisconsin and Michigan. She must (1) provide documentation regarding her travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact her probation officer as directed during approved travel, and (3) promptly contact his probation officer upon return from travel as directed. SO ORDERED by Judge Daniel D. Domenico on 6/16/2023. Text Only Entry (dddlc5, ) (Entered: 06/16/2023) |
| 07/07/2023 | 333 | NOTICE OF ATTORNEY APPEARANCE: Richard Kent Kornfeld appearing for Jonathan K. YioulosAttorney Richard Kent Kornfeld added to party Jonathan K. Yioulos(pty:dft) (Kornfeld, Richard) (Entered: 07/07/2023) |
| 07/07/2023 | 334 | MOTION to Withdraw as Attorney by Michael J. Tallon by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 07/07/2023) |
| 07/20/2023 | 335 | ORDER granting 334 Motion to Withdraw as Attorney. The Clerk of Court is directed to terminate Attorney Michael John Tallon as counsel of record for Jonathan K. Yioulos (3). Mr. Yioulos will continue to be represented by Richard K. Kornfeld. SO ORDERED by Judge Daniel D. Domenico on 7/20/2023. Text Only Entry (dddlc5, ) (Entered: 07/20/2023) |
| 09/12/2023 | 336 | Unopposed MOTION for Extension of Time to File *Pre–Trial Motions* by Kimberley Ann Tew. (Kaplan, David) (Entered: 09/12/2023) |
| 09/12/2023 | 337 | Unopposed MOTION for Extension of Time to File by Michael Aaron Tew. (Schall, Jason) (Entered: 09/12/2023) |
| 09/13/2023 | 338 | ORDER GRANTING 337 Motion for Extension of Time to File as to Michael Aaron Tew; and<br><br>GRANTING 336 Motion for Extension of Time to File as to Kimberley Ann Tew. |

|  |  |  |
|---|---|---|
|  |  | The motions deadline as to Mr. Tew and Ms. Tew is extended to October 13, 2023. The government must file responses on or before October 20, 2023. SO ORDERED by Judge Daniel D. Domenico on 9/13/2023. Text Only Entry (dddlc3, ) (Entered: 09/13/2023) |
| 10/13/2023 | 339 | STATUS REPORT *(Joint Status Report)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 10/13/2023) |
| 10/26/2023 | 340 | ORDER SETTING *JAMES* HEARING as to Michael Aaron Tew, Kimberley Ann Tew.<br><br>The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with an accompanying brief, on or before December 5, 2023.<br><br>The defendants must file their responses to the Government's *James* log and brief on or before December 12, 2023. A *James* Hearing is SET for December 19, 2023 at 9:30 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 10/26/2023. Text Only Entry (dddlc3, ) (Entered: 10/26/2023) |
| 12/05/2023 | 341 | Government's Proffer *(Memorandum in Support of James Log)* re: 340 Order,, by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Exhibit 1 – James Log, # 2 Exhibit 1001 – Bank Accounts, # 3 Exhibit 1002 – Scheme Invoice Summary, # 4 Exhibit 1003 – Scheme Deposit Summary, # 5 Exhibit 1004 – HSCPA, MCG & 5530JD Summary, # 6 Exhibit 1005 – PM Summary, # 7 Exhibit 1006 – GFL Summary, # 8 Exhibit 1007 – AMR Summary)(Fields, Bryan) (Entered: 12/05/2023) |
| 12/12/2023 | 342 | MOTION to Withdraw as Attorney by Albert Buchman by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Buchman, Albert) (Entered: 12/12/2023) |
| 12/12/2023 | 343 | ORDER GRANTING 342 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Albert Buchman as counsel of record, and to remove this name from the electronic certificate of mailing. The government will continue to be represented by attorney Bryan Fields. SO ORDERED by Judge Daniel D. Domenico on 12/12/2023. Text Only Entry (dddlc3, ) (Entered: 12/12/2023) |
| 12/12/2023 | 344 | MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit List of Authentic Business Records)(Fields, Bryan) (Entered: 12/12/2023) |
| 12/12/2023 | 345 | RESPONSE by Michael Aaron Tew re: 341 Govt's Proffer, filed by USA (Schall, Jason) (Entered: 12/12/2023) |
| 12/12/2023 | 346 | RESPONSE by Kimberley Ann Tew re: 341 Govt's Proffer, filed by USA (Attachments: # 1 Exhibit 1)(Kaplan, David) (Entered: 12/12/2023) |
| 12/13/2023 | 347 | RESTRICTED DOCUMENT – Level 3: by Kimberley Ann Tew. (Kaplan, David) (Entered: 12/13/2023) |
| 12/18/2023 | 348 | MOTION in Limine *regarding post–trial release* by Michael Aaron Tew. (Schall, Jason) (Entered: 12/18/2023) |

| | | |
|---|---|---|
| 12/18/2023 | 349 | ORDER as to Kimberley Ann Tew. Jamie Hubbard of Stimson LaBranche Hubbard, LLC is to be appointed as co−counsel for Kimberley Ann Tew's trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et. seq. SO ORDERED by Judge Daniel D. Domenico on 12/18/2023. Text Only Entry (dddlc3, ) (Entered: 12/18/2023) |
| 12/18/2023 | 350 | EXHIBIT LIST *JAMES HEARING* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Fields, Bryan) (Entered: 12/18/2023) |
| 12/18/2023 | 351 | WITNESS LIST *JAMES HEARING* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Fields, Bryan) (Entered: 12/18/2023) |
| 12/19/2023 | 352 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 12/19/2023) |
| 12/19/2023 | 353 | NOTICE OF ATTORNEY APPEARANCE Sarah Hunter Weiss appearing for USA. Attorney Sarah Hunter Weiss added to party USA(pty:pla) (Weiss, Sarah) (Entered: 12/19/2023) |
| 12/19/2023 | 355 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: James Hearing as to Michael Aaron Tew (1), Kimberley Ann Tew (2) held on 12/19/2023 re 344 MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* filed by USA, 348 MOTION in Limine *regarding post−trial release* filed by Michael Aaron Tew. Deferring ruling on 344 Motion in Limine as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Deferring ruling on 348 Motion in Limine as to Michael Aaron Tew (1). James Proffer is TAKEN UNDER ADVISEMENT. Defendants shall file responses to 344 Governments Motion in Limine for Ruling that Certain Exhibits are Authentic and Covered by Business−Records Exception to the Hearsay Rule not later than Friday, December 22, 2023. Bond is CONTINUED as to Defendants Michael Aaron Tew and Kimberley Ann Tew. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 12/20/2023) |
| 12/19/2023 | 356 | WITNESS LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew for James Hearing held on 12/19/2023 with Clerk's notations as to date and time testified. (rkeec) (Entered: 12/20/2023) |
| 12/19/2023 | 357 | EXHIBIT LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew for 12/19/2023 James Hearing with Clerk's notations as to exhibits identified by the witness. (rkeec) (Entered: 12/20/2023) |
| 12/20/2023 | 354 | NOTICE OF ATTORNEY APPEARANCE: Jamie Hughes Hubbard appearing for Kimberley Ann TewAttorney Jamie Hughes Hubbard added to party Kimberley Ann Tew(pty:dft) (Hubbard, Jamie) (Entered: 12/20/2023) |
| 12/20/2023 | 358 | ORDER GRANTING 352 Motion to Travel as to Michael Aaron Tew. Michael and Kimberley Tew may travel out of state from on or about December 22 through January 3 as requested so long as Mr. Tew provides completed travel itineraries to the Probation Department once those travel plans are finalized. SO ORDERED by Judge Daniel D. Domenico on 12/20/2023. Text Only Entry (dddlc3, ) (Entered: 12/20/2023) |
| 12/22/2023 | 359 | RESPONSE in Opposition by Michael Aaron Tew re 344 MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* (Schall, Jason) (Entered: 12/22/2023) |
| 12/22/2023 | 360 | RESPONSE to Motion by Kimberley Ann Tew re 344 MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* (Kaplan, David) (Entered: |

| | | |
|---|---|---|
| | | 12/22/2023) |
| 12/29/2023 | 361 | ORDER REGARDING ADMISSIBILITY OF RULE 801(d)(2)(E) STATEMENTS as to Michael Aaron Tew (1), Kimberley Ann Tew (2). SO ORDERED by Judge Daniel D. Domenico on 12/29/23. (rkeec) (Entered: 12/29/2023) |
| 01/08/2024 | 362 | NOTICE OF ATTORNEY APPEARANCE: Lisa Marie Saccomano appearing for Movant Atlantic Union Bank. (cmadr, ) (Entered: 01/09/2024) |
| 01/09/2024 | 363 | MOTION to Quash *Subpoena* by Atlantic Union Bank as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Saccomano, Lisa) (Entered: 01/09/2024) |
| 01/17/2024 | 364 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Schall, Jason) (Entered: 01/17/2024) |
| 01/18/2024 | 365 | ORDER as to Michael Aaron Tew. An attorney selected from the District's Criminal Justice Act Panel is to be appointed as co–counsel for Michael Aaron Tew's trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et seq. SO ORDERED by Judge Daniel D. Domenico on 1/18/2024. Text Only Entry (dddlc3, ) (Entered: 01/18/2024) |
| 01/18/2024 | 366 | RESPONSE to Motion by USA as to Michael Aaron Tew, Kimberley Ann Tew re 363 MOTION to Quash *Subpoena* (Weiss, Sarah) (Entered: 01/18/2024) |
| 01/19/2024 | 367 | ORDER granting in part and denying in part as outlined in the order 344 Motion in Limine as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Denying as moot 363 Motion to Quash as to Michael Aaron Tew (1), Kimberley Ann Tew (2). SO ORDERED by Judge Daniel D. Domenico on 1/19/2024. (rkeec) (Entered: 01/19/2024) |
| 01/19/2024 | 368 | NOTICE OF ATTORNEY APPEARANCE: Kristen M. Frost appearing for Michael Aaron TewAttorney Kristen M. Frost added to party Michael Aaron Tew(pty:dft) (Frost, Kristen) (Entered: 01/19/2024) |
| 01/22/2024 | 369 | Unopposed MOTION for Order *to Produce Trial Exhibits via Electronic Means* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 01/22/2024) |
| 01/23/2024 | 370 | MOTION in Limine *regarding proffer agreements* by Michael Aaron Tew. (Attachments: # 1 Exhibit Defendant's Exhibits A and B)(Schall, Jason) (Entered: 01/23/2024) |
| 01/24/2024 | 371 | CLERK'S NOTE: ORIGINAL GOVERNMENT EXHIBITS for the 355 MINUTE ENTRY for James Hearing as to Michael Aaron Tew, Kimberley Ann Tew were returned to the Government on January 24, 2024. Text only entry. (rkeec) (Entered: 01/24/2024) |
| 01/24/2024 | 372 | ORDER as to Michael Aaron Tew re 370 Motion in limine regarding proffer statements. The government must file a response to Mr. Tew's motion at or before 5:00 pm on Friday, January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/24/2024. Text Only Entry (dddlc3, ) (Entered: 01/24/2024) |
| 01/24/2024 | 373 | MOTION in Limine *re Admissibility of Proffer Statements* by Kimberley Ann Tew. (Attachments: # 1 Exhibit A)(Kaplan, David) (Entered: 01/24/2024) |
| 01/24/2024 | 374 | |

|  |  | MOTION to Continue *Trial and Motion for Ends of Justice Continuance of 90 Days* by Kimberley Ann Tew. (Kaplan, David) (Entered: 01/24/2024) |
| 01/24/2024 | 375 | Proposed Verdict Form as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Proposed Document Parties' Proposed Verdict Form)(Weiss, Sarah) (Entered: 01/24/2024) |
| 01/24/2024 | 376 | TRIAL BRIEF by Kimberley Ann Tew (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kaplan, David) (Entered: 01/24/2024) |
| 01/24/2024 | 377 | TRIAL BRIEF by Michael Aaron Tew (Schall, Jason) (Entered: 01/24/2024) |
| 01/24/2024 | 378 | NOTICE *of Certifications of Authentic, Non−Hearsay Business Records* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Exhibit, # 2 Exhibit)(Weiss, Sarah) (Entered: 01/24/2024) |
| 01/24/2024 | 379 | TRIAL BRIEF by USA as to Michael Aaron Tew, Kimberley Ann Tew (Weiss, Sarah) (Entered: 01/24/2024) |
| 01/25/2024 | 380 | Proposed Jury Instructions *(Joint)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Weiss, Sarah) (Entered: 01/25/2024) |
| 01/25/2024 | 381 | ORDER re Kimberley Tew's 373 Motion in Limine and 374 Motion to Continue Trial. The government must provide responses to these two motions at or before 11:59 pm on Friday, January 26, 2024. The government's response deadline for Mr. Tew's 370 Motion in Limine is also extended to 11:59 pm on Friday, January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/25/2024. Text Only Entry (dddlc3, ) (Entered: 01/25/2024) |
| 01/25/2024 | 382 | ORDER GRANTING 369 Unopposed Motion to Produce Trial Exhibits Via Electronic Means. The government must provide one original paper set of its proposed exhibits for use at the upcoming trial. The government must provide electronic copies of those exhibits to defense counsel on or before January 26, 2024.<br><br>The government must also provide **three electronic copies (e.g., via three thumb drives)** of its proposed exhibits to the court on or before January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/25/2024. Text Only Entry (dddlc3, ) (Entered: 01/25/2024) |
| 01/25/2024 | 383 | EXHIBIT LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Attachments: # 1 Exhibit List)(Fields, Bryan) (Entered: 01/25/2024) |
| 01/25/2024 | 384 | WITNESS LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Attachments: # 1 Witness List)(Fields, Bryan) (Entered: 01/25/2024) |
| 01/25/2024 | 385 | NOTICE *regarding proposed witness and exhibit lists* by Michael Aaron Tew (Schall, Jason) (Entered: 01/25/2024) |
| 01/25/2024 | 386 | EXHIBIT LIST *(Amended)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Amended Exhibit List)(Fields, Bryan) (Entered: 01/25/2024) |
| 01/25/2024 | 387 | EXHIBIT LIST by Kimberley Ann Tew (Attachments: # 1 Proposed Document Proposed Exhibit List)(Hubbard, Jamie) (Entered: 01/25/2024) |
| 01/25/2024 | 388 | WITNESS LIST by Kimberley Ann Tew (Attachments: # 1 Proposed Document Proposed Witness List)(Hubbard, Jamie) (Entered: 01/25/2024) |

| 01/26/2024 | 389 | Proposed Voir Dire by Kimberley Ann Tew (Hubbard, Jamie) (Entered: 01/26/2024) |
|---|---|---|
| 01/26/2024 | 390 | Proposed Voir Dire by USA as to Michael Aaron Tew, Kimberley Ann Tew (Weiss, Sarah) (Entered: 01/26/2024) |
| 01/26/2024 | 391 | RESPONSE in Opposition by USA as to Kimberley Ann Tew re 374 MOTION to Continue *Trial and Motion for Ends of Justice Continuance of 90 Days* (Fields, Bryan) (Entered: 01/26/2024) |
| 01/26/2024 | 392 | Proposed Voir Dire by Michael Aaron Tew (Schall, Jason) (Entered: 01/26/2024) |
| 01/26/2024 | 393 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 373 MOTION in Limine *re Admissibility of Proffer Statements and* 370 *Defendant Michael Tew's Motion in Limine* (Weiss, Sarah) (Entered: 01/26/2024) |
| 01/27/2024 | 394 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Weiss, Sarah) (Entered: 01/27/2024) |
| 01/27/2024 | 395 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew, Kimberley Ann Tew. (Weiss, Sarah) (Entered: 01/27/2024) |
| 01/27/2024 | 396 | MOTION for Leave to Restrict by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Weiss, Sarah) (Entered: 01/27/2024) |
| 01/29/2024 | 397 | MOTION for Leave to File *Reply in Support of Motion in Limine* by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 01/29/2024) |
| 01/29/2024 | 398 | BRIEF in Support by Kimberley Ann Tew to 373 MOTION in Limine *re Admissibility of Proffer Statements (Reply)* (Hubbard, Jamie) (Entered: 01/29/2024) |
| 01/29/2024 | 399 | MOTION to Exclude *Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief (ECF 379)* by Kimberley Ann Tew. (Kaplan, David) (Entered: 01/29/2024) |
| 01/29/2024 | 400 | BAIL STATUS REPORT 10 as to Michael Aaron Tew. (lgiac) (Entered: 01/29/2024) |
| 01/29/2024 | 401 | BAIL STATUS REPORT 107 as to Kimberley Ann Tew. (lgiac) (Entered: 01/29/2024) |
| 01/30/2024 | 403 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Trial Preparation Conference as to Michael Aaron Tew (1), Kimberley Ann Tew (2) held on 1/30/2024. Taking under advisement 374 Defendant Kimberly Ann Tews Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days. Taking under advisement 370 Motion in Limine as to Michael Aaron Tew (1). Taking under advisement 373 Motion in Limine as to Kimberley Ann Tew (2). Taking under advisement 399 Motion to Exclude as to Kimberley Ann Tew (2); re 370 MOTION in Limine *regarding proffer agreements* filed by Michael Aaron Tew, 373 MOTION in Limine *re Admissibility of Proffer Statements* filed by Kimberley Ann Tew, 399 MOTION to Exclude *Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief (ECF 379)* filed by Kimberley Ann Tew. Bond is CONTINUED as to Defendants Michael Aaron Tew and Kimberly Ann Tew. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 01/31/2024) |
| 01/31/2024 | 402 | |

| | | |
|---|---|---|
| | | ORDER Denying 374 Motion to Continue as to Kimberley Ann Tew (2) by Judge Daniel D. Domenico on 31 January 2024. The trial will proceed on February 5, 2024, as scheduled. (cmadr, ) Modified to correct entry on 1/31/2024 (cmadr, ). (Entered: 01/31/2024) |
| 02/01/2024 | 404 | ORDER REGARDING MOTIONS IN LIMINE AND PRE–TRIAL ISSUES as to Michael Aaron Tew (1) and Kimberley Ann Tew (2) by Judge Daniel D. Domenico on 1 February 2024. Defendants' motions, Docs. 370 and 373 , are GRANTED IN PART and DENIED IN PART as outlined herein. Ms. Tew's motion, Doc. 399 , is therefore DENIED. (cmadr, ) (Entered: 02/01/2024) |
| 02/02/2024 | 405 | Unopposed MOTION for Order *To Obtain Testimony Via Live Contemporaneous Video Conference* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 02/02/2024) |
| 02/02/2024 | 406 | Order GRANTING 405 Unopposed Motion to Obtain Testimony Via Live Contemporaneous Video Conference. The government is cautioned, however, that it bears the risk of any technology malfunctions, whether on the Court's end or the witness's end. SO ORDERED by Judge Daniel D. Domenico on 2/2/2024. Text Only Entry (dddlc3, ) (Entered: 02/02/2024) |
| 02/02/2024 | 407 | WITNESS LIST *(Final Witness List)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Final Witness List)(Fields, Bryan) (Entered: 02/02/2024) |
| 02/02/2024 | 408 | EXHIBIT LIST *Final Exhibit List* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Exhibit)(Weiss, Sarah) (Entered: 02/02/2024) |
| 02/04/2024 | 409 | MOTION for Order *for Finding that Ms. Tew's Waiver of Right to Confront and Cross–Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing* by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 02/04/2024) |
| 02/04/2024 | 410 | MOTION for Reconsideration re 404 Order on Motion in Limine,, Order on Motion to Exclude,,, by Michael Aaron Tew. (Schall, Jason) (Entered: 02/04/2024) |
| 02/04/2024 | 411 | NOTICE *of Submission of Alternative Version of Charges for Juror Notebooks* by Kimberley Ann Tew (Attachments: # 1 Attachment)(Hubbard, Jamie) (Entered: 02/04/2024) |
| 02/04/2024 | 412 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 409 MOTION for Order *for Finding that Ms. Tew's Waiver of Right to Confront and Cross–Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing*, 410 MOTION for Reconsideration re 404 Order on Motion in Limine,, Order on Motion to Exclude,,, (Fields, Bryan) (Entered: 02/04/2024) |
| 02/05/2024 | 413 | EXHIBIT LIST by Kimberley Ann Tew (Hubbard, Jamie) (Entered: 02/05/2024) |
| 02/05/2024 | 414 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 1) held on 2/5/2024 as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Denying 410 Motion for Reconsideration re 410 MOTION for Reconsideration re 404 Order on Motion in Limine,, Order on Motion to Exclude,,, filed by Michael Aaron Tew, 409 MOTION for Order *for Finding that Ms. Tew's Waiver of Right to Confront and Cross–Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing* filed by Kimberley Ann Tew as to Michael Aaron Tew (1). Denying 409 Motion for Order as to Kimberley Ann Tew (2). Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/06/2024) |

| 02/05/2024 | 415 | Jury Strike Sheet – Unredacted – Restricted Doc. – Level 4 (rkeec) (Entered: 02/06/2024) |
|---|---|---|
| 02/05/2024 | 416 | Jury Strike Sheet with juror names redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/06/2024) |
| 02/05/2024 | 417 | Jury Random List – Unredacted – Restricted Doc. – Level 4 (rkeec) (Entered: 02/06/2024) |
| 02/06/2024 | 418 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 2) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/6/2024. Defendant Kimberley Ann Tews oral motion for severance is TAKEN UNDER ADVISEMENT. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/07/2024) |
| 02/07/2024 | 419 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 3) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/7/2024. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/08/2024) |
| 02/08/2024 | 420 | Renewed MOTION to Sever Defendant by Michael Aaron Tew. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Frost, Kristen) (Entered: 02/08/2024) |
| 02/08/2024 | 421 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 4) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/8/2024. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/09/2024) |
| 02/09/2024 | 423 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 5) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/9/2024. Defendant Kimberley Ann Tews oral motion for mistrial is DENIED. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/12/2024) |
| 02/11/2024 | 422 | RESPONSE in Opposition by USA as to Michael Aaron Tew re 420 Renewed MOTION to Sever Defendant (Weiss, Sarah) (Entered: 02/11/2024) |
| 02/12/2024 | 424 | ORDER DENYING 420 Michael Tew's Renewed Motion for Severance. By Judge Daniel D. Domenico on 2/12/2024. (dddlc1, ) (Entered: 02/12/2024) |
| 02/12/2024 | 425 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 6) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/12/2024. 420 Defendant Michael Tews Renewed Motion for Severance is DENIED. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/13/2024) |
| 02/13/2024 | 426 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew. The Clerk of Court shall provide lunch to the jury for the duration of their deliberations commencing on Wednesday, February 14, 2024. SO ORDERED by Judge Daniel D. Domenico on 2/13/2024. (rkeec) (Entered: 02/13/2024) |
| 02/13/2024 | 427 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 7) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/13/2024. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/14/2024) |
| 02/14/2024 | 428 | |

| | | AMENDED MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew. The Clerk of Court shall provide lunch to the jury, including the alternate juror, for the duration of their deliberations commencing on Wednesday, February 14, 2024. SO ORDERED by Judge Daniel D. Domenico on 2/14/2024. (rkeec) (Entered: 02/14/2024) |
|---|---|---|
| 02/14/2024 | 430 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 8) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/14/2024. Defendant Kimberley Ann Tews oral motion for mistrial is DENIED. Defendant Kimberley Ann Tews oral Rule 29 motion is DENIED. Defendant Kimberley Ann Tews oral motion for severance is DENIED. Defendant Michael Aaron Tews oral Rule 29 motion is DENIED. Defendant Michael Aaron Tews oral motion for severance is DENIED. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 431 | Jury Note with juror name – Unredacted – Restricted Doc. – Level 4 (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 432 | Jury Note with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 433 | WITNESS LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew with dates and times testified. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 434 | WITNESS LIST by Kimberley Ann Tew as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 435 | EXHIBIT LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew indicating admitted exhibits. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 436 | EXHIBIT LIST by Michael Aaron Tew, Kimberley Ann Tew indicating admitted exhibits. (rkeec) (Entered: 02/15/2024) |
| 02/15/2024 | 429 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/15/2024. (rkeec) (Entered: 02/15/2024) |
| 02/15/2024 | 438 | Final Jury Instructions as to Michael Aaron Tew, Kimberley Ann Tew as read into the record on 2/14/2024. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 439 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 9) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/15/2024. Jury Verdict as to Michael Aaron Tew (1) Guilty on Count 1,1s,2,2s–40s,3,41s,42s,44s–56s,57s–60s and Kimberley Ann Tew (2) Guilty on Count 1,21–22,25–26,31–32,41,43–44,47,56. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) Modified on 2/16/2024 to correct as to Count 48 (rkeec). (Entered: 02/16/2024) |
| 02/15/2024 | 440 | Jury Note 1 (Question) – Unredacted – Restricted Doc. – Level 4. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 441 | Jury Note 2 (Question) – Unredacted – Restricted Doc. – Level 4. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 442 | Jury Note 3 (Verdict) – Unredacted – Restricted Doc. – Level 4. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 443 | |

| | | |
|---|---|---|
| | | Jury Note 1 (Question) with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 444 | Jury Note 2 (Question) with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 445 | Jury Note 3 (Verdict) with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) Modified on 2/16/2024 (rkeec, ). (Entered: 02/16/2024) |
| 02/15/2024 | 446 | Court Response to Jury Notes 1 and 2 (Questions) as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 447 | Jury Verdict Un–Redacted – Level 4 – Viewable by Court Only. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 448 | JURY VERDICT with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 449 | STIPULATION AND ORDER REGARDING CUSTODY OF EXHIBITS AND DEPOSITIONS as to Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/15/2024. (rkeec) (Entered: 02/16/2024) |
| 02/16/2024 | 437 | Unopposed MOTION to Continue *Sentencing* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 02/16/2024) |
| 02/21/2024 | 450 | MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit)(Weiss, Sarah) (Entered: 02/21/2024) |
| 02/21/2024 | 451 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* filed by USA. Mr. Tew and Mrs. Tew must each file responses to the government's 450 Motion to Detain on or before **February 27, 2024**. SO ORDERED by Judge Daniel D. Domenico on 2/21/2024. Text Only Entry (dddlc3, ) (Entered: 02/21/2024) |
| 02/21/2024 | 452 | ORDER GRANTING 437 Motion to Continue Sentencing as to Jonathan K. Yioulos. The Sentencing set as to Mr. Yioulos for March 5, 2024 at 10:30 AM is VACATED and RESET for September 17, 2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 2/21/2024. Text Only Entry (dddlc3, ) (Entered: 02/21/2024) |
| 02/27/2024 | 453 | RESPONSE in Opposition by Michael Aaron Tew re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* (Schall, Jason) (Entered: 02/27/2024) |
| 02/27/2024 | 454 | RESPONSE to Motion by Kimberley Ann Tew re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* (Kaplan, David) (Entered: 02/27/2024) |
| 03/12/2024 | 455 | ORDER re 450 Motion to Detain Defendants Michael and Kimberley Tew. The government's motion questions whether Mr. and Mrs. Tew are still eligible for CJA–appointed counsel for this case. There is sufficient evidence to call into question their present eligibility under 18 U.S.C. § 3006A(c). The issue of whether Michael Tew and Kimberley Tew remain entitled to ongoing |

|  |  | court–appointed counsel under Section 3006A(c) is therefore REFERRED to Magistrate Judge Susan Prose. All other issues raised in the government's motion, including the potential detention of Mr. and Mrs. Tew pending sentencing or the potential un–sealing of any prior CJA affidavits, will be addressed at a detention hearing before this Court as outlined below.<br><br>It is therefore ORDERED that a Hearing on the 450 Government's Motion is SET for April 22, 2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 3/12/2024. Text Only Entry (dddlc3, ) (Entered: 03/12/2024) |
| 03/12/2024 | 456 | ORDER as to Michael Aaron Tew. A Sentencing Hearing as to Michael Tew is SET for August 8, 2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 3/12/2024. Text Only Entry (dddlc3, ) (Entered: 03/12/2024) |
| 03/12/2024 | 457 | ORDER as to Kimberley Ann Tew. A Sentencing Hearing as to Kimberley Tew is SET for August 8, 2024 at 1:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 3/12/2024. Text Only Entry (dddlc3, ) (Entered: 03/12/2024) |
| 03/14/2024 | 458 | SENTENCING STATEMENT by USA as to Michael Aaron Tew (Attachments: # 1 Exhibit, # 2 Exhibit)(Fields, Bryan) (Entered: 03/14/2024) |
| 03/14/2024 | 459 | SENTENCING STATEMENT by USA as to Kimberley Ann Tew (Attachments: # 1 Exhibit, # 2 Exhibit)(Fields, Bryan) (Entered: 03/14/2024) |
| 03/15/2024 | 460 | ORDER SETTING STATUS CONFERENCE as to Michael Aaron Tew, Kimberley Ann Tew by Magistrate Judge Susan Prose on 3/15/2024. A **30–minute in–person** Status Conference is hereby set for 3/18/2024, at 4:00 PM in Courtroom C205 before Magistrate Judge Susan Prose. The parties shall be prepared to discuss Defendant Michael Tew's request for "an *ex parte* hearing... to determine whether Mr. Tew 'is financially able to obtain counsel or to make partial payment for the representation' pursuant to 18 U.S.C. § 3006A(c)." *See* ECF No. 453 at 3. Text Only Entry. (trvo, ) (Entered: 03/15/2024) |
| 03/18/2024 | 461 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew by Magistrate Judge Susan Prose on 3/18/2024. At the request of the parties, the Status Conference is RESET for 3/21/2024, at 04:00 PM in Courtroom C205 before Magistrate Judge Susan Prose. Text Only Entry. (trvo, ) (Entered: 03/18/2024) |
| 03/21/2024 | 462 | MINUTE ENTRY for Status Conference as to Michael Aaron Tew and Kimberley Ann Tew held before Magistrate Judge Susan Prose on 3/21/2024. Discussion regarding issue referred to this court (*see* ECF No. 455). An ex parte hearing to determine Michael Tew's entitlement to ongoing court–appointed counsel under 18 U.S.C. § 3006A(c) is SET for March 28, 2024, at 1:30 p.m. in Courtroom C205 before Magistrate Judge Susan Prose. Any documents to be submitted in connection with this hearing shall be sent directly to Chambers, as discussed on the record, on or before 10:00 a.m. March 27, 2024. An ex parte hearing to determine Kimberley Ann Tew's entitlement to ongoing court–appointed counsel under 18 U.S.C. § 3006A(c) is SET for April 15, 2024, at 1:30 p.m. in Courtroom C205 before Magistrate Judge Susan Prose. Any documents to be submitted in connection with this hearing shall be sent directly to Chambers, as discussed on the record, on or before 12:00 p.m. April 10, 2024. Hearing concluded. FTR: C205. (Total time: 1 hour and 8 minutes, Hearing |

| | | |
|---|---|---|
| | | time: 3:57 p.m. – 5:05 p.m.) Text Only Entry.<br><br>**APPEARANCES:** Bryan David Fields and Sarah Hunter Weiss on behalf of the Government, Jason Dale Schall and Kristen M. Frost on behalf of Defendant Michael Aaron Tew and David Scott Kaplan on behalf of Defendant Kimberly Ann Tew. (trvo, ) (Entered: 03/22/2024) |
| 03/21/2024 | 463 | Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Ex Parte In Court Hearing set for 3/28/2024, at 01:30 PM in Courtroom C205 before Magistrate Judge Susan Prose. Text Only Entry (trvo, ) (Entered: 03/22/2024) |
| 03/21/2024 | 464 | Utility Setting/Resetting Deadlines/Hearings as to Kimberley Ann Tew: Ex Parte In Court Hearing set for 4/15/2024, at 01:30 PM in Courtroom C205 before Magistrate Judge Susan Prose. Text Only Entry (trvo, ) (Entered: 03/22/2024) |
| 03/27/2024 | 465 | STATEMENT *by Government Regarding Michael Tew's Eligibility for CJA−Funded Counsel Going Forward* by Plaintiff USA (Weiss, Sarah) (Entered: 03/27/2024) |
| 03/27/2024 | 466 | RESTRICTED DOCUMENT LEVEL 3 − Conventionally Submitted Material: 1 Flash Drive re 462 Status Conference, by Plaintiff USA. Location: 1st Floor Area, Box D−5−9. Text Only Entry. (sphil, ) Modified on 4/15/2024 to add restriction (trvo, ). (Entered: 03/27/2024) |
| 03/27/2024 | 467 | RESTRICTED DOCUMENT LEVEL 3 − Conventionally Submitted Material: 1 USB Drive re 462 Status Conference, by Defendant Michael Aaron Tew. Location: 1st Floor Area, Box D−5−9. Text Only Entry. (trvo, ) Modified on 4/15/2024 to add restriction (trvo, ). (Entered: 03/28/2024) |
| 03/28/2024 | 468 | MINUTE ENTRY for Ex Parte Hearing as to Michael Aaron Tew held before Magistrate Judge Susan Prose on 3/28/2024. The Court finds that Defendant Michael Tew remains eligible for court−appointed counsel. A separate public written order will be issued. FTR: C205. (trvo, ) (Entered: 03/29/2024) |
| 04/01/2024 | 469 | ORDER GRANTING 397 Motion for Leave to File Reply as to Kimberley Ann Tew. By Judge Daniel D. Domenico on 4/1/2024. Text Only Entry (dddlc1, ) (Entered: 04/01/2024) |
| 04/01/2024 | 470 | ORDER GRANTING 396 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Docs. 394 and 395 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 4/1/2024. Text Only Entry (dddlc1, ) (Entered: 04/01/2024) |
| 04/05/2024 | 471 | ORDER REGARDING DEFENDANT MICHAEL TEW'S ELIGIBILITY FOR ONGOING COURT−APPOINTED COUNSEL by Magistrate Judge Susan Prose on 4/5/2024. (trvo, ) (Entered: 04/05/2024) |
| 04/10/2024 | 472 | STATEMENT *by Government Regarding Kimberley Tew's Eligibility for CJA−Funded Counsel Going Forward* by Plaintiff USA (Weiss, Sarah) (Entered: 04/10/2024) |
| 04/15/2024 | 473 | RESTRICTED DOCUMENT LEVEL 3 − Conventionally Submitted Material: 1 USB Drive re 462 Status Conference, by Defendant Kimberley Ann Tew. Location: 1st Floor Area, Box D−5−9. Text Only Entry (trvo, ) Modified on 4/15/2024 to add restriction (trvo, ). (Entered: 04/15/2024) |
| 04/15/2024 | 474 | |

| | | |
|---|---|---|
| | | MINUTE ENTRY for Ex Parte Hearing as to Kimberley Ann Tew held before Magistrate Judge Susan Prose on 4/15/2024. The Court finds that Defendant Kimberley Ann Tew remains eligible for court–appointed counsel. A separate public written order will be issued. FTR: C205. (trvo, ) (Entered: 04/16/2024) |
| 04/16/2024 | 475 | Unopposed MOTION for Order *Requiring the Parties to File Visual Presentations into the Record* by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/16/2024) |
| 04/16/2024 | 476 | ORDER granting 475 Motion for Order Requiring the Parties to File Visual Presentations into the Record. The parties are ordered to file all visual presentations used during opening statements and closing arguments into the record. SO ORDERED by Judge Daniel D. Domenico on 4/16/2024. Text Only Entry (dddlc9, ) (Entered: 04/16/2024) |
| 04/18/2024 | 477 | NOTICE *OF CONVENTIONAL SUBMISSION* re 476 Order on Motion for Order, by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 04/18/2024) |
| 04/18/2024 | 479 | Conventionally Submitted Material : USB exhibits to 477 NOTICE OF CONVENTIONAL SUBMISSION re 476 Order on Motion for Order, by Plaintiff USA – Material placed in the oversized area D–5–9 of the Clerk's Office. Text Only Entry (angar, ) (Entered: 04/19/2024) |
| 04/19/2024 | 478 | ORDER REGARDING DEFENDANT KIMBERLEY ANN TEW'S ELIGIBILITY FOR ONGOING COURT–APPOINTED COUNSEL by Magistrate Judge Susan Prose on 4/19/2024. (trvo, ) (Entered: 04/19/2024) |
| 04/21/2024 | 480 | MOTION for Leave to Restrict by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/21/2024) |
| 04/21/2024 | 481 | RESTRICTED DOCUMENT – Level 1: by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/21/2024) |
| 04/21/2024 | 482 | RESTRICTED DOCUMENT – Level 1: by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/21/2024) |
| 04/22/2024 | 483 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Evidentiary Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 4/22/2024 re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* filed by USA. 450 Motion to Detain as to Michael Aaron Tew (1), Kimberley Ann Tew (2) is DENIED, but the Court will impose additional conditions of bond. Court indicates that a written order shall follow. Bond is continued as to Michael Aaron Tew and Kimberley Ann Tew. Court Reporter: Tammy Hoffschildt. (Attachments: # 1 Government's witness list, # 2 Government's exhibit list) (rkeec) (Entered: 04/22/2024) |
| 04/23/2024 | 484 | NOTICE *of Filing of Visual Presentation* by Kimberley Ann Tew (Attachments: # 1 PowerPoint Closing Statement)(Hubbard, Jamie) (Entered: 04/23/2024) |
| 04/23/2024 | 485 | Unopposed MOTION to Travel *UNOPPOSED MOTION FOR DEFENDANT TO TRAVEL OUT OF THE COUNTRY* by Jonathan K. Yioulos. (Attachments: # 1 Waiver of Extradition)(Kornfeld, Richard) Modified on 6/4/2025 to correct document with PDF standards(angar, ). (Entered: 04/23/2024) |
| 04/23/2024 | 486 | NOTICE *Of Clarification Regarding Sentencing Statement* by Michael Aaron Tew (Frost, Kristen) (Entered: 04/23/2024) |

| 04/24/2024 | 487 | ORDER granting 485 Motion to Travel as to Jonathan K. Yioulos. Mr. Yioulos may travel to Montego Bay, Jamaica, from June 26 to July 2, 2024. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from each trip. SO ORDERED by Judge Daniel D. Domenico on 4/24/2024. Text Only Entry (dddlc9, ) (Entered: 04/24/2024) |
|---|---|---|
| 04/24/2024 | 488 | NOTICE *Of Filing Of Visual Presentation* by Michael Aaron Tew (Attachments: # 1 Closing Argument PowerPoint)(Frost, Kristen) (Entered: 04/24/2024) |
| 04/25/2024 | 489 | ORDER modifying conditions of release as to Michael Aaron Tew and Kimberley Ann Tew. The following conditions are added to those already in effect: 1. Defendants shall disclose a complete list of all bank accounts and peer–to–peer financial services accounts to which they have access no later than April 30, 2024. Defendants shall further provide a statement for each of these accounts to their supervising officer no later than the 5th of each following month, starting on May 5th, 2024. 2. Defendants shall refrain from gambling of any kind, purchasing over $50 of gift cards in a given day, and engaging in any cryptocurrency transaction without the prior approval of the supervising officer. 3.The supervising officer may, in his discretion, share any information provided to him by Defendants pursuant to these conditions with the government. SO ORDERED by Judge Daniel D. Domenico on 4/25/2024. Text Only Entry (dddlc9, ) (Entered: 04/25/2024) |
| 04/25/2024 | 490 | ORDER denying as moot 348 Motion in Limine in light of 483 and 489 . SO ORDERED by Judge Daniel D. Domenico on 4/25/2024. Text Only Entry (dddlc9, ) (Entered: 04/25/2024) |
| 04/25/2024 | 491 | ORDER granting 480 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Doc. 482 at Level 1 restriction. SO ORDERED by Judge Daniel D. Domenico on 4/25/2024. Text Only Entry (dddlc9, ) (Entered: 04/25/2024) |
| 04/26/2024 | 492 | NOTICE OF ATTORNEY APPEARANCE Martha Ann Paluch appearing for USA. Attorney Martha Ann Paluch added to party USA(pty:pla) (Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 493 | RESTRICTED DOCUMENT – Level 3: by USA as to Kimberley Ann Tew (Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 494 | RESTRICTED DOCUMENT – Level 1: by USA as to Kimberley Ann Tew (Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 495 | MOTION for Leave to Restrict by USA as to Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 499 | ORDER Updating Conditions of Release as to Michael Aaron Tew (1) $20,000 Unsecured. SO ORDERED by Judge Daniel D. Domenico on 4/26/2024. (rkeec) (Entered: 05/01/2024) |
| 04/26/2024 | 500 | |

| | | |
|---|---|---|
| | | ORDER Updating Conditions of Release as to Kimberley Ann Tew (2) $10,000 Unsecured. SO ORDERED by Judge Daniel D. Domenico on 4/26/2024. (rkeec) (Entered: 05/01/2024) |
| 04/29/2024 | 496 | Unopposed MOTION to Travel *Out of State* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 04/29/2024) |
| 04/30/2024 | 497 | ORDER granting 496 Motion to Travel as to Jonathan K. Yioulos. Instead of going to Jamaica, Mr. Yioulos may travel to Miami, Florida from June 25 to July 1, 2024. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from the trip. SO ORDERED by Judge Daniel D. Domenico on 4/30/2024. Text Only Entry (dddlc9, ) (Entered: 04/30/2024) |
| 04/30/2024 | 498 | ORDER granting 495 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Doc. 493 at Level 3 restriction and to maintain Doc. 494 at Level 1 restriction. SO ORDERED by Judge Daniel D. Domenico on 4/30/2024. Text Only Entry (dddlc9, ) (Entered: 04/30/2024) |
| 05/08/2024 | 501 | ORDER denying 482 RESTRICTED DOCUMENT – Level 1: by Kimberley Ann Tew. Having reviewed the pleadings on this issue and considered the relevant facts, the motion is denied. SO ORDERED by Judge Daniel D. Domenico on 5/8/2024. Text Only Entry (dddlc9, ) (Entered: 05/08/2024) |
| 05/31/2024 | 502 | Unopposed MOTION to Continue *Sentencing and Related Deadlines* by Michael Aaron Tew. (Schall, Jason) (Entered: 05/31/2024) |
| 06/04/2024 | 503 | ORDER granting 502 Motion to Continue as to Michael Aaron Tew. Mr. Tew's sentencing, which was set for 8/8/2024, is vacated and reset for 9/12/2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 6/4/2024. Text Only Entry (dddlc9, ) (Entered: 06/04/2024) |
| 07/02/2024 | 504 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Kimberley Ann Tew (Attachments: # 1 Exhibit A)(aarag, ) (Entered: 07/02/2024) |
| 07/09/2024 | 505 | ORDER RESETTING HEARING as to Jonathan K. Yioulos. Due to a conflict on the Court's calendar, and after consultation with counsel, the Sentencing set for 9/17/2024 is VACATED and RESET for 10/2/2024 at 03:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 7/9/2024. Text Only Entry (dddlc1, ) (Entered: 07/09/2024) |
| 07/15/2024 | 506 | Unopposed MOTION for Extension of Time to File *Objections to Presentence Investigation Report* by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re: Motion for Extension of Time to Submit Objection to Presentence Investigation Report)(Kaplan, David) (Entered: 07/15/2024) |
| 07/17/2024 | 507 | ORDER granting 506 Motion for Extension of Time. Ms. Tew may file objections to the PSIR on or before July 19, 2024. SO ORDERED by Judge Daniel D. Domenico on 7/17/2024. Text Only Entry (dddlc9, ) (Entered: 07/17/2024) |
| 07/19/2024 | 508 | OBJECTION/RESPONSE to Presentence Report by Kimberley Ann Tew (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 3a, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 6a, # 9 Exhibit Exhibit 7, # 10 Exhibit Exhibit 7a)(Kaplan, David) (Entered: 07/19/2024) |

| 07/19/2024 | 510 | Conventionally Submitted Material : 1 Flash Drive re Objection/Response to Presentence Report, 508 by Defendant Kimberley Ann Tew. Location of Stored Items: Box D–5–5. Text Only Entry (cmadr, ) (Entered: 07/23/2024) |
| 07/22/2024 | 509 | Unopposed MOTION for Leave to Restrict by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) PO re Unopposed Motion to Restrict)(Kaplan, David) (Entered: 07/22/2024) |
| 07/24/2024 | 511 | ORDER granting 509 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Doc. 508 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 7/24/2024. Text Only Entry (dddlc9, ) (Entered: 07/24/2024) |
| 07/25/2024 | 512 | NOTICE OF ATTORNEY APPEARANCE Laura Beth Hurd appearing for USA. Attorney Laura Beth Hurd added to party USA(pty:pla) (Hurd, Laura) (Entered: 07/25/2024) |
| 07/25/2024 | 513 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* by USA as to Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Hurd, Laura) (Entered: 07/25/2024) |
| 07/25/2024 | 514 | ORDER re 513 Motion for Preliminary Order of Forfeiture. If Ms. Tew opposes the motion, she is ordered to file a response on or before August 2, 2024. SO ORDERED by Judge Daniel D. Domenico on 7/25/2024. Text Only Entry (dddlc9, ) (Entered: 07/25/2024) |
| 07/25/2024 | 515 | RESTRICTED DOCUMENT – Level 2: as to Kimberley Ann Tew. (Kaplan, David) (Entered: 07/25/2024) |
| 07/26/2024 | 516 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Conventionally Submitted, # 2 Exhibit, # 3 Exhibit)(Weiss, Sarah) (Entered: 07/26/2024) |
| 07/26/2024 | 519 | Conventionally Submitted Material : One CD re Restricted Document – Level 2 516 by Plaintiff USA. Location of stored items: Sealed Room. Text Only Entry (cmadr, ) (Entered: 07/30/2024) |
| 07/29/2024 | 517 | RESTRICTED PRESENTENCE REPORT as to Kimberley Ann Tew (Attachments: # 1 Exhibit A)(agalv) (Entered: 07/29/2024) |
| 07/29/2024 | 518 | RESTRICTED ADDENDUM to Presentence Report 517 as to Kimberley Ann Tew (agalv) (Entered: 07/29/2024) |
| 08/01/2024 | 520 | RESTRICTED DOCUMENT – Level 2: as to Kimberley Ann Tew. (Weiss, Sarah) (Entered: 08/01/2024) |
| 08/01/2024 | 521 | Unopposed MOTION for Order *To Permit Virtual or Telephonic Attendance for Co–Defendant's Sentencing Hearing* by Michael Aaron Tew. (Frost, Kristen) (Entered: 08/01/2024) |
| 08/02/2024 | 522 | RESPONSE to Motion by Kimberley Ann Tew re 513 MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* (Kaplan, David) (Entered: 08/02/2024) |
| 08/05/2024 | 523 | ORDER as to Kimberley Ann Tew re 513 Motion for Preliminary Order of Forfeiture. The Court will hold a hearing regarding forfeiture starting at 1:00 PM on August 8, 2024 in Courtroom A1002. Sentencing will follow immediately afterward. SO ORDERED by Judge Daniel D. Domenico on 8/5/2024. Text Only Entry (dddlc9, ) (Entered: 08/05/2024) |

| 08/05/2024 | 524 | ORDER granting <u>521</u> Motion for Order as to Michael Aaron Tew to Permit Virtual or Telephonic Attendance for Co–Defendant's Sentencing Hearing. Mr. Tew's counsel is directed to contact the Courtroom Deputy via email (robb_keech@cod.uscourts.gov) no later than 8/6/2024 for instructions on how to proceed by telephone conference. All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner. SO ORDERED by Judge Daniel D. Domenico on 8/5/2024. Text Only Entry (dddlc9, ) (Entered: 08/05/2024) |
|---|---|---|
| 08/06/2024 | <u>525</u> | REPLY TO RESPONSE to Motion by USA as to Kimberley Ann Tew re <u>513</u> MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture UNITED STATES REPLY TO KIMBERLEY TEWS NOTICE OF OBJECTION TO UNITED STATES MOTION FOR PRELIMINARY ORDER OF FORFEITURE (ECF DOC. 522)* (Hurd, Laura) (Entered: 08/06/2024) |
| 08/08/2024 | <u>526</u> | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Michael Aaron Tew (Attachments: # <u>1</u> Exhibit A)(ntaka) (Entered: 08/08/2024) |
| 08/08/2024 | <u>527</u> | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Forfeiture Hearing and Sentencing as to Kimberley Ann Tew (2) held on 8/8/2024. Granting <u>513</u> Motion for Forfeiture of Property as to Kimberley Ann Tew (2). Granting in part <u>515</u> Defendants Motion. Defendant sentenced as reflected on the record. Bond continued. Court Reporter: Tammy Hoffschildt. (rkeec) Modified on 8/8/2024 to include ruling on <u>515</u> Defendant's Motion. (rkeec). (Entered: 08/08/2024) |
| 08/13/2024 | <u>528</u> | JUDGMENT as to defendant Kimberley Ann Tew (2), Count(s) 1, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 16, Dismissed by Court during jury trial.; Count(s) 21–22, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 25–26, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 31–32, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 41, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 43–44, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 47, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 48, Defendant was found not guilty by jury at trial.; Count(s) 56, Defendant shall be imprisoned for a total term of forty–eight (48) |

| | | |
|---|---|---|
| | | months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50. Entered by Judge Daniel D. Domenico on 8/13/2024. (rkeec) (Entered: 08/13/2024) |
| 08/13/2024 | 529 | STATEMENT OF REASONS as to Kimberley Ann Tew (2). (rkeec) (Entered: 08/13/2024) |
| 08/14/2024 | 530 | Passport Receipt as to Kimberley Ann Tew (2). Forwarding passport to Dept. of State; Passport Number 522213975 issued by USA. Sent certified mail; receipt number 7019 2920 0001 1984 2431. (rkeec) (Entered: 08/14/2024) |
| 08/15/2024 | 531 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Schall, Jason) (Entered: 08/15/2024) |
| 08/15/2024 | 532 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (cmadr, ) (Entered: 08/15/2024) |
| 08/19/2024 | 533 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (rkeec) (Entered: 08/19/2024) |
| 08/19/2024 | 534 | Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Text Only Entry. Sentencing reset for 11/12/2024, at 01:30 PM, in Courtroom A1002 before Judge Daniel D. Domenico. (rkeec) (Entered: 08/19/2024) |
| 08/20/2024 | 535 | NOTICE OF APPEAL by Kimberley Ann Tew. (Kaplan, David) (Entered: 08/20/2024) |
| 08/21/2024 | 536 | Unopposed MOTION to Continue *Second Unopposed Motion to Continue Sentencing* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 08/21/2024) |
| 08/21/2024 | 537 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 535 Notice of Appeal as to Kimberley Ann Tew to the U.S. Court of Appeals. ( CJA, Fee not paid and 1915 motion not filed,) (Attachments: # 1 Preliminary Record)(cmadr, ) (Entered: 08/21/2024) |
| 08/21/2024 | 538 | USCA Case Number as to Kimberley Ann Tew 24–1333 for 535 Notice of Appeal filed by Kimberley Ann Tew. (cmadr, ) (Entered: 08/21/2024) |
| 08/22/2024 | 539 | ORDER granting 536 Motion to Continue as to Jonathan K. Yioulos. Sentencing set for 10/2/2024 is VACATED and RESET for 11/19/2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 8/22/2024. Text Only Entry (dddlc9, ) (Entered: 08/22/2024) |
| 08/26/2024 | 540 | USPS Certified Mail Receipt Return re 530 Passport Receipt by Kimberley Ann Tew (cmadr, ) (Entered: 08/27/2024) |
| 08/28/2024 | 541 | TRANSCRIPT of Sentencing hearing as to Kimberley Ann Tew held on August 8, 2024 before Judge Domenico. Pages: 1–103.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts** |

| | | |
|---|---|---|
| | | **document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 08/28/2024) |
| 08/28/2024 | 542 | MOTION for Leave to Restrict by Michael Aaron Tew. (Schall, Jason) (Entered: 08/28/2024) |
| 08/28/2024 | 543 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Schall, Jason) (Entered: 08/28/2024) |
| 08/28/2024 | 544 | ORDER granting 542 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Docs. 531 , 532 , 533 , and 543 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 8/28/2024. Text Only Entry (dddlc9, ) (Entered: 08/28/2024) |
| 08/29/2024 | 545 | ORDER to Surrender as to Kimberley Ann Tew; Defendant to surrender to Satellite Prison Camp, FCI Phoenix, on 10/9/2024, at 12:00 PM, and will travel at her own expense. SO ORDERED by Judge Daniel D. Domenico on 8/29/2024. (rkeec) (Entered: 08/30/2024) |
| 09/04/2024 | 547 | TRANSCRIPT ORDER FORM by Kimberley Ann Tew Transcript ordered for proceedings held on 2/5/2024 through 2/15/2024, and 8/8/2024 re 535 Notice of Appeal. (cmadr, ) (Entered: 09/05/2024) |
| 09/05/2024 | 546 | MOTION for Order *Extending the Time for her to Surrender to the Warden at Satellite Prison Camp* by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re: Motion Requesting an Order Extending the Time for her to Surrender to the Warden at Satellite Prison Camp)(Kaplan, David) (Entered: 09/05/2024) |
| 09/05/2024 | 548 | ORDER of USCA as to Kimberley Ann Tew re 535 Notice of Appeal. (USCA Case No. 24–1333). Upon consideration, the court grants the motion and appoints CJA Panel member Justin A. Lollman to represent appellant Kimberley Ann Tew going forward. See 18 U.S.C. § 3006A. On or before September 16, 2024, Mr. Lollman shall file an entry of appearance in this appeal. The Clerk of the U.S. District Court for the District of Colorado shall wait until at least September 26, 2024 before transmitting the record on appeal to this court. (cmadr, ) (Entered: 09/05/2024) |
| 09/06/2024 | 549 | ORDER denying 546 Motion Requesting Order Extending the Time for her to Surrender to the Warden at Satellite Prison Camp. Mr. and Mrs. Tew have had sufficient time to finalize childcare arrangements. The motion is DENIED. SO ORDERED by Judge Daniel D. Domenico on 9/6/2024. Text Only Entry (dddlc9, ) (Entered: 09/06/2024) |
| 09/16/2024 | 550 | MOTION for Order *for Release Pending Appeal* by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re: Motion for Release Pending Appeal)(Hubbard, Jamie) (Entered: 09/16/2024) |
| 09/17/2024 | 551 | MINUTE ORDER as to Kimberley Ann Tew re: 550 Motion for Order *for Release Pending Appeal*. The Government must respond by 9/27/2024. SO ORDERED by Judge Daniel D. Domenico on 9/17/2024. Text Only Entry (dddlc1, ) (Entered: 09/17/2024) |
| 09/20/2024 | 552 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition by USA as to Kimberley Ann Tew re 550 MOTION for Order *for Release Pending Appeal* (Fields, Bryan) (Entered: 09/20/2024) |
| 09/25/2024 | 553 | SUPPLEMENT *Designation of Record* by Kimberley Ann Tew (Attachments: # 1 Exhibit 1 Designation of Record – District Court Docket Sheet)(Lollman, Justin) (Entered: 09/25/2024) |
| 09/25/2024 | 554 | TRANSCRIPT ORDER FORM re 535 Notice of Appeal by Kimberley Ann Tew. (Attachments: # 1 CJA Attachment CJA 24 Form)(Lollman, Justin) (Entered: 09/25/2024) |
| 09/26/2024 | 555 | ORDER Denying 550 MOTION FOR RELEASE PENDING APPEAL as to Kimberley Ann Tew (2) by Judge Daniel D. Domenico on 26 September 2024. (cmadr, ) (Entered: 09/26/2024) |
| 10/08/2024 | 556 | REPORTER TRANSCRIPT ORDER FORM as to Plaintiff USA, Movants Atlantic Union Bank, Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc., Defendants Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos, filed by Tamara Hoffschildt. Transcripts ordered 2–5–24 through 2–8–24; 2–9–24 through 2–16–24, JT and 8–8–24 Sentencing (thoff, ) (Entered: 10/08/2024) |
| 10/15/2024 | 557 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 10/15/2024) |
| 10/15/2024 | 558 | ORDER granting 557 Motion to Travel as to Michael Aaron Tew. Mr. Tew may travel to Pheonix, Arizona during the following windows:<br><br>1. October 25 through October 28, 2024;<br>2. November 1 through November 4, 2024; amd<br>3. November 8 through November 11, 2024.<br><br>Mr. Tew must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services as directed in advance of departure, (2) contact his probation officer as directed during approved travel, and (3) promptly contact his probation officer upon return from travel as directed. SO ORDERED by Judge Daniel D. Domenico on 10/15/2024. Text Only Entry (dddlc9, ) (Entered: 10/15/2024) |
| 10/20/2024 | 559 | VOIR DIRE TRANSCRIPT of proceedings held on February 5, 2025 before Judge Domenico. Pages: 1–119. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 560 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 5, 2024 before Judge Domenico. Pages: 1–95.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |

| 10/20/2024 | 561 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 6, 2024 before Judge Domenico. Pages: 96–350.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 562 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 8, 2024 before Judge Domenico. Pages: 351–554.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 563 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 8, 2024 before Judge Domenico. Pages: 555–811.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 564 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 9, 2024 before Judge Domenico. Pages: 812–1018.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available** |

| | | |
|---|---|---|
| | | **after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 565 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 12, 2024 before Judge Domenico. Pages: 1019–1249.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 566 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 13, 2024 before Judge Domenico. Pages: 1250–1509.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 567 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 14, 2024 before Judge Domenico. Pages: 1510–1662.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 568 | |

| | | TRANSCRIPT of Jury Trial, verdict as to Kimberley Ann Tew held on February 15, 2024 before Judge Domenico. Pages: 1663–1681.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 569 | Amended TRANSCRIPT of Jury Trial, Day 3 as to Kimberley Ann Tew held on February 7, 2024 before Judge Domenico. Pages: 351–554.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, incorrect date was entered. ) (Entered: 10/20/2024) |
| 10/20/2024 | 570 | TRANSCRIPT of James hearing as to Kimberley Ann Tew held on December 19, 2023 before Judge Domenico. Pages: 1–140.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/21/2024 | 571 | OBJECTION/RESPONSE to Presentence Report 526 by Michael Aaron Tew (Schall, Jason) (Entered: 10/21/2024) |
| 10/24/2024 | 572 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Michael Aaron Tew* by USA as to Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Hurd, Laura) (Entered: 10/24/2024) |

| 10/24/2024 | 573 | OBJECTION/RESPONSE to Presentence Report 571 by USA as to Michael Aaron Tew (Fields, Bryan) (Entered: 10/24/2024) |
|---|---|---|
| 10/24/2024 | 574 | ORDER as to Michael Aaron Tew re 572 Motion for Preliminary Order of Forfeiture. If Mr. Tew opposes this motion, he is ordered to file a response on or before November 1, 2024. SO ORDERED by Judge Daniel D. Domenico on 10/24/2024. Text Only Entry (dddlc9, ) (Entered: 10/24/2024) |
| 10/29/2024 | 575 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Attachments: # 1 Exhibit Defendant's Exhibits)(Schall, Jason) (Entered: 10/29/2024) |
| 11/05/2024 | 576 | RESTRICTED PRESENTENCE REPORT as to Michael Aaron Tew (Attachments: # 1 Exhibit A – Revised Recommendation).(agalv) (Entered: 11/05/2024) |
| 11/05/2024 | 577 | RESTRICTED ADDENDUM to Presentence Report 576 as to Michael Aaron Tew (Attachments: # 1 Exhibit A – Letters in Support). (agalv) (Entered: 11/05/2024) |
| 11/05/2024 | 578 | MOTION for Non–Guideline Sentence by Jonathan K. Yioulos. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kornfeld, Richard) (Entered: 11/05/2024) |
| 11/05/2024 | 579 | MEMORANDUM in Opposition by USA as to Michael Aaron Tew re 575 Restricted Document – Level 2 *(Response in Opposition to Motion for Variant Sentence)* (Fields, Bryan) (Entered: 11/05/2024) |
| 11/05/2024 | 580 | MOTION For Downward Departure Pursuant to 5K1.1 by USA as to Jonathan K. Yioulos. (Fields, Bryan) (Entered: 11/05/2024) |
| 11/06/2024 | 581 | ORDER RESETTING HEARING as to Jonathan K. Yioulos. Due to a conflict on the Court's calendar, and after consultation with counsel, the Sentencing set for 11/19/2024 is VACATED and RESET for 12/3/2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 11/6/2024. Text Only Entry (dddlc1, ) (Entered: 11/06/2024) |
| 11/10/2024 | 582 | ORDER re Sentencing as to Michael Aaron Tew. Live witnesses will not be permitted to testify at Tuesday's sentencing, though the defendant may speak on his own behalf or may submit other support in writing if he wishes. Any victims will also be given an opportunity to speak. SO ORDERED by Judge Daniel D. Domenico on 11/10/2024. Text Only Entry (dddlc9, ) (Entered: 11/10/2024) |
| 11/11/2024 | 583 | PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT as to Michael Aaron Tew (1) by Judge Daniel D. Domenico on 11 November 2024. (cmadr, ) (Entered: 11/12/2024) |
| 11/12/2024 | 584 | MOTION for Victim Rights *(Permission for Telephonic Participation)* by USA as to Michael Aaron Tew. (Fields, Bryan) (Entered: 11/12/2024) |
| 11/12/2024 | 585 | ORDER granting 584 Motion for Victim Rights as to Michael Aaron Tew. While it is unclear whether Fed. R. Crim. P. 32 requires the Court to permit victims not physically present in the courtroom an opportunity to speak at sentencing, the Court will allow any victims in this case an opportunity to speak telephonically at today's sentencing. SO ORDERED by Judge Daniel D. Domenico on 11/12/2024. Text Only Entry (dddlc9, ) (Entered: 11/12/2024) |
| 11/12/2024 | 586 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Sentencing held on 11/12/2024 as to defendant Michael Aaron Tew (1). Defendant sentenced as reflected on the record. 575 Defendants Motion is GRANTED IN |

|  |  | PART. Bond continued. Court Reporter: Tammy Hoffschildt. (Attachments: # 1 Defendant Exhibit 1, # 2 Defendant Exhibit 2) (rkeec) (Entered: 11/12/2024) |
| 11/14/2024 | 587 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 11/14/2024) |
| 11/15/2024 | 588 | ORDER granting 587 Motion to Travel as to Michael Aaron Tew. Mr. Tew may travel to Pheonix, Arizona to visit his wife at FCI Pheonix between now and his self–report date so long as he provides completed travel itineraries (including both flight and lodging information) to probation at least two weeks prior to travel and receives approval from U.S.P.O. Seth Junker. SO ORDERED by Judge Daniel D. Domenico on 11/15/2024. Text Only Entry (dddlc9, ) (Entered: 11/15/2024) |
| 11/15/2024 | 589 | JUDGMENT as to defendant Michael Aaron Tew (1), Count(s) 1s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,361,622.10.; Count(s) 2s–40s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,361,622.10.; Count(s) 41s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,361,622.10.; Count(s) 42s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, $100,000.00 fine, and restitution in the total amount of $6,361,622.10.; Count(s) 44s–56s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, $100,000.00 fine, and restitution in the total amount of $6,361,622.10.; Count(s) 57s–60s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, $100,000.00 fine, and restitution in the total amount of $6,361,622.10. Entered by Judge Daniel D. Domenico on 11/15/2024. (rkeec) Modified on 11/18/2024 to correct fine amount (rkeec). (Entered: 11/15/2024) |
| 11/15/2024 | 590 | STATEMENT OF REASONS as to Michael Aaron Tew (1). (rkeec) (Entered: 11/15/2024) |

| | | |
|---|---|---|
| 11/18/2024 | 591 | Passport Receipt as to Michael Aaron Tew (1). Forwarding passport to Dept. of State; Passport Number 484644160 issued by USA. Sent via certified mail receipt number 7019 2970 0001 1984 2455. (rkeec) (Entered: 11/18/2024) |
| 11/21/2024 | 592 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 11/21/2024) |
| 11/22/2024 | 593 | ORDER granting 592 Motion to Travel as to Michael Aaron Tew. Mr. Tew may travel to Marquette, Michigan between January 1, 2025 and his self–report date. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from the trip. SO ORDERED by Judge Daniel D. Domenico on 11/22/2024. Text Only Entry (dddlc9, ) (Entered: 11/22/2024) |
| 11/22/2024 | 594 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Jonathan K. Yioulos* by USA as to Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Hurd, Laura) (Entered: 11/22/2024) |
| 11/22/2024 | 595 | MOTION to Dismiss Counts *Pursuant to Plea Agreement* by USA as to Jonathan K. Yioulos. (Fields, Bryan) (Entered: 11/22/2024) |
| 11/22/2024 | 596 | MOTION for Decrease for Acceptance of Responsibility by USA as to Jonathan K. Yioulos. (Fields, Bryan) (Entered: 11/22/2024) |
| 11/25/2024 | 597 | NOTICE OF APPEAL as to 589 Judgment,,,,,,,,,,, by Michael Aaron Tew. (Schall, Jason) (Entered: 11/25/2024) |
| 11/25/2024 | 598 | PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT as to Jonathan K. Yioulos (3) by Judge Daniel D. Domenico on 25 November 2024. (cmadr, ) (Entered: 11/25/2024) |
| 11/25/2024 | 599 | DESIGNATION OF RECORD ON APPEAL re 597 Notice of Appeal by Michael Aaron Tew. (Attachments: # 1 Exhibit A)(Frost, Kristen) (Entered: 11/25/2024) |
| 11/25/2024 | 600 | MOTION to Proceed in Forma Pauperis by Michael Aaron Tew. (Frost, Kristen) (Entered: 11/25/2024) |
| 11/26/2024 | 601 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 597 Notice of Appeal as to Michael Aaron Tew to the U.S. Court of Appeals. ( CJA, 1915 motion filed,) (Attachments: # 1 Preliminary Record)(cmadr, ) (Entered: 11/26/2024) |
| 11/26/2024 | 602 | RESTRICTED PRESENTENCE REPORT as to Jonathan K. Yioulos (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(mcfont) (Entered: 11/26/2024) |
| 11/26/2024 | 603 | RESTRICTED SECOND ADDENDUM to Presentence Report 602 as to Jonathan K. Yioulos (mcfont) (Entered: 11/26/2024) |
| 11/26/2024 | 604 | USCA Case Number as to Michael Aaron Tew 24–1465 for 597 Notice of Appeal filed by Michael Aaron Tew. (cmadr, ) (Entered: 11/27/2024) |
| 12/02/2024 | 605 | MINUTE ORDER as to Jonathan K. Yioulos re: Sentencing set for 12/3/2024. Members of the public may attend the hearing by teleconference at (571) 353–2301, using guest code 478499919. All persons participating in court proceedings by teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner. SO ORDERED by Judge Daniel D. |

| | | |
|---|---|---|
| | | Domenico on 12/2/2024. Text Only Entry (dddlc1, ) (Entered: 12/02/2024) |
| 12/03/2024 | 606 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Sentencing held on 12/3/2024 as to defendant Jonathan K. Yioulos (3). Granting in part 578 Motion for Non–Guideline Sentence as to Jonathan K. Yioulos (3). Granting 580 Motion for Downward Departure Pursuant to 5K1.1 as to Jonathan K. Yioulos (3). Granting 595 Motion to Dismiss Counts as to Jonathan K. Yioulos (3). Granting 596 Motion for Decrease for Acceptance of Responsibility as to Jonathan K. Yioulos (3). Defendant sentenced as reflected on the record. Bond is continued. Court Reporter: Kevin Carlin. (rkeec) (Entered: 12/03/2024) |
| 12/06/2024 | 607 | JUDGMENT as to defendant Jonathan K. Yioulos (3), Count(s) 1, Defendant shall be imprisoned for a total term of two (2) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $200.00 special assessment, no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 2–38, 40, Dismissed on United States of Americas Motion to Dismiss Counts.; Count(s) 39, Defendant shall be imprisoned for a total term of two (2) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $200.00 special assessment, no fine, and restitution in the total amount of $5,023,878.50. Entered by Judge Daniel D. Domenico on 12/6/2024. (rkeec) (Entered: 12/06/2024) |
| 12/06/2024 | 608 | STATEMENT OF REASONS as to Jonathan K. Yioulos (3). (rkeec) (Entered: 12/06/2024) |
| 12/09/2024 | 609 | USPS Certified Mail Receipt Return re 591 Passport Receipt as to Michael Aaron Tew (cmadr, ) (Entered: 12/10/2024) |
| 12/10/2024 | 610 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/10/2024 | 611 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/10/2024 | 612 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/10/2024 | 613 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/13/2024 | 614 | ORDER to Surrender as to Michael Aaron Tew (1). Defendant to surrender to FCI Florence, located at 5880 CO–67, Florence, CO 81226 on 2/1/2025, by 2:00 p.m. and will travel at their own expense. SO ORDERED by Judge Daniel D. Domenico on 12/13/2024. (rkeec) (Entered: 12/13/2024) |
| 12/13/2024 | 615 | ORDER of USCA as to Michael Aaron Tew re 597 Notice of Appeal. (USCA Case No. 24–1465). Kari Schmidt is appointed as counsel for Mr. Tew. Within 10 days of the date of this order, Ms. Schmidt shall file an entry of appearance in this appeal. (cmadr, ) (Entered: 12/16/2024) |
| 12/16/2024 | 616 | ORDER as to Michael Aaron Tew (1) by Judge Daniel D. Domenico on 16 December 2024. Accordingly, it is ORDERED that Defendant Michael Aaron Tew's Motion to Proceed In Forma Pauperis, Doc. 600 , is GRANTED. (cmadr, ) (Entered: 12/16/2024) |
| 12/23/2024 | 617 | |

|  |  | REPORTER TRANSCRIPT ORDER FORM as to Defendants Michael Aaron Tew, Michael Aaron Tew, filed by Tamara Hoffschildt. Transcripts ordered 01−30−24; 4−22−24; 11−12−24 (thoff, ) (Entered: 12/23/2024) |
|---|---|---|
| 12/24/2024 | 618 | REPORTER TRANSCRIPT ORDER FORM as to Defendants Michael Aaron Tew filed by Julie Thomas. (nrich) (Entered: 12/24/2024) |
| 12/27/2024 | 619 | REPORTER TRANSCRIPT ORDER FORM filed by Patterson Transcription Company re 597 Notice of Appeal. Transcript due by 1/28/2025. (nrich) (Entered: 12/27/2024) |
| 01/03/2025 | 620 | TRANSCRIPT of Sentencing Hearing as to Jonathan K. Yioulos held on 12/03/2024 before Judge Domenico. Pages: 1−25. <br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (kcarl, ) (Entered: 01/03/2025) |
| 01/07/2025 | 621 | MINUTE ORDER re 589 Judgement as to Michael Aaron Tew. Upon review of the Declaration of Victim Losses and supporting documentation submitted by victim National Air Cargo, and consistent with the judgment imposed in the case of codefendant Jonathan K. Yioulos, the Court finds the restitution owed in relation to victim National Air Cargo is $5,023,878.50. Furthermore, the restitution payees are the insurance companies that reimbursed National Air Cargo, pursuant to 18 U.S.C. § 3664(j). Assistant United States Attorney Bryan David Fields and the defendants attorney, Jason Dale Schall, have advised the Probation Office that they have no objection to the judgment being amended to update the restitution order as detailed above. Therefore, the Court ORDERS the U.S. Probation Office to prepare an Amended Judgment reflecting amendments to the restitution order, as detailed above. SO ORDERED by Judge Daniel D. Domenico on 1/7/2025. Text Only Entry (dddlc9, ) (Entered: 01/07/2025) |
| 01/07/2025 | 622 | MINUTE ORDER re 528 Judgment as to Kimberley Ann Tew. Upon review of the Declaration of Victim Losses and supporting documentation submitted by victim National Air Cargo, and consistent with the judgment imposed in the case of codefendant Jonathan K. Yioulos, the Court finds the restitution owed in relation to victim National Air Cargo is $5,023,878.50. Furthermore, the restitution payees are the insurance companies that reimbursed National Air Cargo, pursuant to 18 U.S.C. § 3664(j). Assistant United States Attorney Bryan David Fields and the defendants attorney, David Scott Kaplan, have advised the Probation Office that they have no objection to the judgment being amended to update the restitution order as detailed above. Additionally, the judgment shall be amended to reflect forfeiture includes a money judgment in the amount of proceeds obtained by the scheme and by the defendants, $5,023,878.50, consistent with the Courts finding during the forfeiture hearing on August 8, 2024. Therefore, the Court ORDERS the U.S. Probation Office |

|  |  | to prepare an Amended Judgment reflecting amendments to the restitution and forfeiture orders, as detailed above. SO ORDERED by Judge Daniel D. Domenico on 1/7/2025. Text Only Entry (dddlc9, ) (Entered: 01/07/2025) |
|---|---|---|
| 01/07/2025 | 623 | ORDER as to Michael Aaron Tew.<br><br>On 1/7/2025, my chambers received an email from Defendant Michael Tew requesting that I consider an attached motion to extend his self−surrender date. Any documents that require the Court's attention must be filed on the record as motions or other appropriate filings. The parties in this case are ordered not to email my chambers, and any such communications will be ignored in the future.<br><br>In addition, Mr. Tew is currently represented by counsel, and all motions and papers on his behalf must be filed electronically by his attorney. His attorney may, if Mr. Tew wishes, file a motion seeking appropriate relief after conferring with Mr. Tew.<br><br>SO ORDERED by Judge Daniel D. Domenico on 1/7/2025. Text Only Entry (dddlc1, ) (Entered: 01/07/2025) |
| 01/08/2025 | 624 | AMENDED JUDGMENT as to Michael Aaron Tew (1), Count(s) 1s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10.; Count(s) 2s−40s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10.; Count(s) 41s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10.; Count(s) 42s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10.; Count(s) 44s−56s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10.; Count(s) 57s−60s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of |

| | | |
|---|---|---|
| | | $6,331,622.10. Entered by Judge Daniel D. Domenico on 1/8/2025. (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 625 | AMENDED STATEMENT OF REASONS as to Michael Aaron Tew (1). (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 626 | REASON FOR AMENDMENT as to Michael Aaron Tew (1). (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 627 | AMENDED JUDGMENT as to Kimberley Ann Tew (2), Count(s) 1, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 16, Dismissed by Court during jury trial. Count(s) 21–22, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 25–26, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 31–32, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 41, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 43–44, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 47, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 48, Defendant was found not guilty by jury at trial.; Count(s) 56, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. Entered by Judge Daniel D. Domenico on 1/8/2025. (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 628 | AMENDED STATEMENT OF REASONS as to Kimberley Ann Tew (2). (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 629 | REASON FOR AMENDMENT as to Kimberley Ann Tew (2). (rkeec) (Entered: 01/08/2025) |
| 01/13/2025 | 630 | TRANSCRIPT of Motion Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on March 18, 2021 before Judge Domenico. Pages: 1–27. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic** |

| | | |
|---|---|---|
| | | **transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (nrich) (Entered: 01/13/2025) |
| 01/13/2025 | 631 | NOTICE OF ATTORNEY APPEARANCE: Zachary Lee Newland appearing for Michael Aaron TewAttorney Zachary Lee Newland added to party Michael Aaron Tew(pty:dft) (Newland, Zachary) (Entered: 01/13/2025) |
| 01/13/2025 | 632 | NOTICE OF ATTORNEY APPEARANCE: David C. Boyer, Jr appearing for Michael Aaron TewAttorney David C. Boyer, Jr added to party Michael Aaron Tew(pty:dft) (Boyer, David) (Entered: 01/13/2025) |
| 01/15/2025 | 633 | ORDER to Surrender as to Jonathan K. Yioulos (3). Defendant to surrender to Lewisburg Satellite Camp on January 21, 2025, by 12:00 pm. and will travel at their own expense. SO ORDERED by Judge Daniel D. Domenico on 1/15/2025. (rkeec) (Entered: 01/15/2025) |
| 01/16/2025 | 634 | TRANSCRIPT of Trial Preparation Conference as to Michael Aaron Tew held on January 30, 2024 before Judge Domenico. Pages: 1–100.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 635 | TRANSCRIPT of Evidentiary hearing as to Michael Aaron Tew held on April 22, 2024 before Judge Domenico. Pages: 1–100.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 636 | TRANSCRIPT of Sentencing hearing as to Michael Aaron Tew held on November 12, 2024 before Judge Domenico. Pages: 1–31. |

| | | |
|---|---|---|
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 637 | TRANSCRIPT of Motion to Detain hearing as to Kimberley Ann Tew held on April 22, 2024 before Judge Domenico. Pages: 1–100.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 638 | TRANSCRIPT of Sentencing hearing for the codefendant as to Kimberley Ann Tew held on 1–31 before Judge Domenico. Pages: 1–31.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/17/2025 | 639 | RESTRICTED DOCUMENT – Level 2: Defendant's Motion to Extend Self–Surrender Date as to Michael Aaron Tew. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Proposed Order (PDF Only))(Boyer, David) Modified to change event type to a Motion on 1/21/2025 (ggill, ). (Entered: 01/17/2025) |
| 01/17/2025 | 640 | MOTION for Leave to Restrict by Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Boyer, David) (Entered: 01/17/2025) |
| 01/17/2025 | 641 | RESTRICTED DOCUMENT – Level 2: Brief in Support of Motion to Restrict |

| | | |
|---|---|---|
| | | Document No. 639 as to Michael Aaron Tew. (Boyer, David) Modified to update text on 1/21/2025 (ggill, ). (Entered: 01/17/2025) |
| 01/17/2025 | 642 | ORDER granting 640 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Dkt. 639 and 641 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 1/17/2025. Text Only Entry (dddlc9, ) (Entered: 01/17/2025) |
| 01/17/2025 | 643 | ORDER granting in part Mr. Tew's 639 Motion to Extend Self–Surrender Date. While the Court understands and regrets the extremely difficult situation Mr. Tew's family members are in, that is one of the many unfortunate consequences of Mr. and Mrs. Tew's criminal behavior. Recognizing the complications presented in the motion, Mr. Tew's self–surrender date is extended to March 1, 2025. Otherwise, the motion is denied. SO ORDERED by Judge Daniel D. Domenico on 1/17/2025. Text Only Entry (dddlc9, ) (Entered: 01/17/2025) |
| 01/21/2025 | 644 | NOTICE of Replacement due to Non–Compliant Files re 167 MOTION to Withdraw as Attorney by Michael Hassard, 151 Notice of Attorney Appearance – Defendant, 157 Notice of Attorney Appearance – Defendant, 290 Notice of Attorney Appearance – Defendant, 163 Restricted Document – Level 3, 165 Third MOTION to Continue , [204–6] Attachment to Response in Opposition,, 166 MOTION to Withdraw as Attorney by Xuan Zhou, 162 MOTION to Withdraw as Attorney by Tor Ekeland : The aforelisted documents have been converted to PDF/A standard and replaced on the docket due to a non–compliant PDF file type which prevents creation of a Record on Appeal. (lrobe) (Entered: 01/21/2025) |
| 01/24/2025 | 645 | TRANSMITTAL OF RECORD ON APPEAL as to Kimberley Ann Tew to the U.S. Court of Appeals for the Tenth Circuit as to 535 Notice of Appeal filed by Kimberley Ann Tew. (USCA Case No. 24–1333). (Attachments: # 1 Volume – Pleadings, # 2 Volume – Pleadings, # 3 Volume – Restricted Documents, # 4 Volume – Unrestricted Transcripts, # 5 Volume – 90 Day Transcripts)(angar, ) # 6 Volume – VI COURT ONLY Restricted) (angar, ). Modified on 1/24/2025 to correct a volume (angar, ). (Entered: 01/24/2025) |
| 01/27/2025 | 646 | MOTION to Withdraw as Attorney by Martha A. Paluch by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Paluch, Martha) (Entered: 01/27/2025) |
| 01/28/2025 | 647 | ORDER GRANTING 646 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Martha Paluch as counsel of record, and to remove this name from the electronic certificate of mailing. The United States will continue to be represented by attorneys Bryan Fields and Sarah Weiss. SO ORDERED by Judge Daniel D. Domenico on 1/28/2025. Text Only Entry (dddlc9, ) (Entered: 01/28/2025) |
| 01/30/2025 | 648 | USCA LETTER as to Michael Aaron Tew re 597 Notice of Appeal. (USCA Case No. 24–1465) (cmadr, ) (Entered: 01/30/2025) |
| 01/30/2025 | 649 | TRANSCRIPT of Initial Appearance and Arraignment as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on July 9, 2020 before Magistrate Judge Mix. Pages: 1–14.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed** |

| | | |
|---|---|---|
| | | **within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 650 | TRANSCRIPT of Telephonic Preliminary Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on July 29, 2020 before Magistrate Judge Hegarty. Pages: 1–8.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 651 | TRANSCRIPT of Status Conference as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on September 29, 2020 before Magistrate Judge Wang. Pages: 1–14.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 652 | TRANSCRIPT of Motion Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on October 8, 2020 before Magistrate Judge Mix. Pages: 1–6.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 653 | TRANSCRIPT of In Court Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on December 9, 2022 before Magistrate Judge Mix. Pages: 1–19. |
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 654 | TRANSCRIPT of Status Conference as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on March 21, 2024 before Magistrate Judge Prose. Pages: 1–64. |
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 03/03/2025 | 655 | TRANSMITTAL OF SUPPLEMENTAL RECORD ON APPEAL as to Michael Aaron Tew to the U.S. Court of Appeals for the Tenth Circuit as to 597 Notice of Appeal filed by Michael Aaron Tew. (USCA Case No. 24–1465). (Attachments: # 1 Volume – I Transcripts)(angar, ) (Entered: 03/03/2025) |
| 03/03/2025 | 656 | TRANSMITTAL OF SUPPLEMENTAL RECORD ON APPEAL as to Michael Aaron Tew to the U.S. Court of Appeals for the Tenth Circuit as to 597 Notice of Appeal filed by Michael Aaron Tew. (USCA Case No. 24–1465). (Attachments: # 1 Volume – I Pleadings, # 2 Volume – 90 Day Transcripts)(angar, ) (Entered: 03/03/2025) |
| 03/10/2025 | 657 | ORDER of USCA as to Kimberley Ann Tew re 535 Notice of Appeal. (USCA Case No. 24–1333) (cmadr, ) (Entered: 03/10/2025) |
| 05/07/2025 | 658 | Unopposed MOTION to Travel *Out of the State* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 05/07/2025) |
| 05/08/2025 | 659 | ORDER granting 658 Unopposed Motion to Travel Out of State. Mr. Yioulos may travel to Sarasota, Florida, to visit family from 6/16/2025 to 6/23/2025. He must (1) |

| | | |
|---|---|---|
| | | provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 5/8/2025. Text Only Entry (dddlc9, ) (Entered: 05/08/2025) |
| 05/14/2025 | 660 | MOTION to Withdraw as Attorney *Sarah H. Weiss* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Fields, Bryan) (Entered: 05/14/2025) |
| 05/15/2025 | 661 | ORDER GRANTING 660 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Sarah Weiss as counsel of record, and to remove this name from the electronic certificate of mailing. Plaintiff United States of America will continue to be represented by attorney Bryan Fields. SO ORDERED by Judge Daniel D. Domenico on 5/15/2025. Text Only Entry (dddlc9, ) (Entered: 05/15/2025) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305 -DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL ARON TEW,

2. KIMBERLY ANN TEW,
        a/ka Kimberley Vertanen,

      Defendants.

---

## NOTICE OF CONVENTIONAL FILING – EXHIBIT 1 - 3 TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS THE USE OF STATEMENTS [ECF No. 216]

---

The United States of America, by and through Albert C. Buchman, Assistant United States Attorney for the District of Colorado, hereby provides a copy of 1) Exhibit 1, 2) Exhibit 2, and folder titled 3) Exhibit 3 for delivery to chambers for review.

Dated this 9th day of August, 2022.

    //

    //

1

Respectfully Submitted,

COLE FINEGAN
United States Attorney


*s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: Al.Buchman@usdoj.gov

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, 9th August, 2022, I submitted the foregoing **NOTICE OF CONVENTIONAL FILING – EXHIBIT 1 - 3** with the Clerk of the Court.

<u>*s/ Jessie Zabriskie*</u>
Legal Assistant
U.S. Attorney's Office

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  **MICHAEL AARON TEW, and**
    2.  **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

      Defendants.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
KIMBERLEY ANN TEW'S MOTION FOR SEVERANCE [ECF NO. 218]**

---

There is no reason to proceed on one trial against one conspirator and then

proceed on a different trial with identical evidence against the other conspirator.

The defendant's speculation about an unspecified and unarticulated *Bruton*

violation is insufficient to overcome the strong presumption in favor of joint trials.

Her motion  for Severance ("Def's Severance Mot."), ECF No. 218, should be denied.

    1.      The defendant is correct that the court has wide discretion over how to

manage its docket and whether to grant a severance.  But that works both ways:  a

decision to take advantage of the considerable efficiencies that come from having

the same evidence of a conspiracy presented once, instead of twice, is extremely

unlikely to be second-guessed on appeal. Our court system presumes that joint

trials "serve the interests of justice by avoiding inconsistent verdicts and enabling

1

more accurate assessment of relative culpability." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). The Federal Rules of Criminal Procedure broadly permit joinder where parties are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8. And the rule is "construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (quotations and citation omitted).

     2.     The defendant does not identify which statements she thinks are subject to *Bruton v United States*, 391 U.S. 123 (1968). The government has asked defense counsel to identify them. He responded, "I believe that pretext calls from Yioulos to Tew have Bruton problems." This "belief" is a far cry from the affirmative assertion needed to warrant the heavy costs of two trials. And the defendant's response cites calls lasting many minutes, without any specific reference to what in those calls actually creates a *Bruton* issue. Speculation about a possible *Bruton* issue based on "belief" — but not, apparently, on any detailed analysis of those calls identifying specific statements — is insufficient for relief here. If the defendant does identify specific statements in those calls, the government will work with defense counsel on any necessary redactions to comply with the rule. *Richardson*, 481 U.S. at 211 ("We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the

defendant's name, but any reference to his or her existence.").

3.    The defendant also stated in the email that "the proffer of each Tew cannot be used against that person, but can be used against the other person," apparently referencing proffer interviews provided by each defendant in the presence of counsel.  During those interviews, each defendant admitted to the charged crimes.  But the government cannot use those proffer statements unless the defendants breach the underlying proffer agreements by offering evidence that contradicts what each defendant told the government. If defense counsel does not breach the proffer agreements, there is no issue.  If he does, then the statements can be redacted.  But the bigger problem, if the defendants intentionally breach the proffer agreements, is that defense counsel and the defendants would be either offering knowingly false statements to the court during trial, or admitting to offering false statements to the government — a position that is completely untenable. See *United States v. Barrow*, , 400 F.3d 109, 117 (2d Cir. 2005); *United States v. Velez*, 354 F.3d 190, 195-97 (2d Cir. 2004); *United States v. Parra*, 302 F. Supp. 2d 226, 235-40 (S.D.N.Y. 2004); *United States v. Chan*, 185 F. Supp. 2d 305, 308 (S.D.N.Y. 2002); *United States v. Chaparro,* 181 F. Supp. 2d 323, 334 (S.D.N.Y. 2002) (explaining that there is "no unfairness to [the defendant] in allowing use of his statements during proffer sessions once he has opened the door to their use by his arguments and evidence," because the "design of the [Proffer] Agreement provides any defendant who decides to speak with the Government strong

incentives to speak truthfully, and discourages anyone from speaking at all if she intends to lie . . . .").

4.      None of the other stated grounds for severance justify having two trials in this matter.

a.      The defendant cites no case — and the government is aware of none — justifying severance simply due to the "sheer number of counts" against one defendant.  The "number of counts" is not a particularly helpful heuristic for deciding complexity where the unit of charging consists of specific wires or financial transactions that are simply specific examples of overt acts or executions of a scheme:  the jury can easily determine which defendant initiated an ACH transaction or went to the bank.

b.      The defendant asserts that evidence admissible on the counts against Michael Tew would somehow prejudice Kimberley Tew but provides no examples of items of evidence that would come in during a joint trial, but not in a single trial.  Because the Tews are co-conspirators responsible for one another's actions in furtherance of the conspiracy, the evidence in this case overlaps almost entirely.  Even if Kimberley Tew is severed, evidence of her husband's actions would nevertheless be admissible to show the existence, scope, and nature of the charged conspiracy.

c.      The defendant asserts — again without citation to any authority — that there is "special prejudice" when conspirators are married.  There is no basis

4

for this assertion.  The government has no intention — and has never had any
intention — to make inference about "pillow talk." The government will absolutely
not make any arguments that husbands and wives are responsible for, or know
about, all of their actions and rejects the idea that such a thing is "natural" as
potentially sexist.  Instead, the government will present known evidence in the form
of testimony from co-conspirators, victims, and witnesses who observed the Tews
fleecing their once current and then former employer. The jury should not engage in
inferences the parties do not ask them to make and if the defendant is particularly
concerned on this point, the government can work with her to craft an appropriate
jury instruction.

      d.     The government does intend to present evidence that Michael Tew and
his wife had conversations about and with co-conspirator Jonathan Yioulos.
Conspirators will often compartmentalize tasks associated with carrying out the
conspiracy so as to maximize comparative advantages.  Michael Tew was the one
who had most of the conversations with Yioulos, but it is not accurate to say that
this means the evidence against Ms. Tew is "far less."  It simply means that Ms.
Tew's position in the conspiracy was more insulated.  All of the evidence showing
the existence of the conspiracy can be used against Ms. Tew, who directly and
actively profited from it.  Even if the evidence against Ms. Tew is somehow "far
less," this is still an insufficient basis for severance.  A defendant making a motion
to sever bears the "heavy burden" of showing "real" prejudice: "serious risk that a

joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Martin* 18 F.3d 1515, 1518 (10th Cir. 1994). The Tenth Circuit has explained that "[t]he mere fact that one co-defendant is less culpable than the remaining co-defendants is not alone [a] sufficient ground" to overturn a district court that decides to try defendants together. *United States v. Williams*, 45 F.3d 1481, 1484 (10th Cir. 1995). "It would be normal and usual to assume one of two or more co-defendants would be more or less culpable than the others." *United States v. Youngpeter*, 986 F.2d 349, 354 (10th Cir. 1993).

Finally, the defendant's reliance on a 34-year-old case from the Ninth Circuit referencing even older studies about the abilities of juries, is misplaced. Def. Severance Mot. at 4 (citing *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). The Tenth Circuit has never used, analyzed, or cited that case for purposes of a severance motion. Indeed, its legally binding position is the exact opposite of the one the defendant asserts in brief: juries are presumed to be able to follow, and to actually follow, their instructions. *United States v. Tucker*, 502 F. App'x 720, 726 (10th Cir. 2012) ("We underscore that a central assumption of our jurisprudence is that juries follow the instructions they receive. Consequently, with confidence, we conclude that these jury instructions were sufficient to cure any prejudice that [the defendant] may have received from having all of his crimes tried together."). *United*

6

*States v. Pinto*, 838 F.2d 426, 434 (10th Cir. 1988) ("Throughout the trial, the court admonished the jury to consider certain evidence only as to Lambert. As a result, the jury was able to compartmentalize the evidence as to each of the defendants and to properly apply it as the court instructed."); *United States v. Lane*, 883 F.2d 1484, 1498–99 (10th Cir. 1989) (providing illustration of how limiting instruction mitigates prejudice and affirming convictions in joint trial where some evidence was admitted against some, but not other, defendants). This is especially true when the defendant cannot be bothered to actually provide examples of evidence that actually raise concerns about the ability of juries to analyze evidence against each defendant. No statement by one co-defendant against another in this case is testimonial, which means that delivering a limiting instruction will ensure a fair, orderly, and efficient joint trial. *United States v. Zapata*, 546 F.3d 1179, 1191–92 (10th Cir. 2009) (noting that "spill-over" can be solved with a limiting instruction).

For all of these reasons, the defendant's motion should be denied.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:  */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

7

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

*/s/ Albert Buchman*
Albert Buchman

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

<u>/s/ Albert Buchman</u>
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1. **MICHAEL AARON TEW and**
    2. **KIMBERLEY ANN TEW** a/k/a Kimberley Vertannn

    Defendants.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
MICHAEL TEW'S MOTION FOR THE GOVERNMENT TO FILE A JAMES
PROFFER REGARDING CO-CONSPIRATOR STATEMENTS
ADMISSIBILITY PURSUANT TO EVIDENCE RULE 801(d)(2)(E) AND FOR
A *JAMES* HEARING [ECF NO. 219]**

---

The government does not oppose making a *James* proffer in this case.
Because of the unresolved issues related to the government's use of a filter team to
execute several search warrants, it is premature to schedule a *James* hearing at
this time.  The government will need to finish executing those warrants, which
provided probable cause to believe that conspirator communications would be found
in several electronic repositories, before it will be in a position to identify the
statements it will use at trial.

     The government has reached out to defense counsel to propose a mutually
agreeable timetable for scheduling such a hearing, but has not received a response

<center>1</center>

as of the date of this filing.

Respectfully submitted this 9th day of August, 2022.

COLE FINEGAN
United States Attorney

By:   */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan David Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

## CERTIFICATE OF SERVICE

I certify that on this 9th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

s/ *Albert Buchman*
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Al. Buchman@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

  1. **MICHAEL AARON TEW, and**
  2. **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT KIMBERLEY TEW'S MOTION FOR THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT TO EVIDENCE RULE 801(d)(2)(E) AND FOR A *JAMES* HEARING [ECF NO. 220]**

---

The government does not oppose making a *James* proffer in this case. Because of the unresolved issues related to the government's use of a filter team to execute several search warrants, it is premature to schedule a *James* hearing at this time.  The government will need to finish executing those warrants, which provided probable cause to believe that conspirator communications would be found in several electronic repositories, before it will be in a position to identify the statements it will use at trial.

The government has reached out to defense counsel to propose a mutually agreeable timetable for scheduling such a hearing.  He responded that because his

1

position is "that the government obtained the emails illegally, I can't agree to put the James log off for several months." But that is exactly what will need to happen given that the government cannot identify *James* statements in those warrants until issues regarding their legality are resolved by the Court or negotiated.  The government proposes that the *James* log be due 8 weeks after the Court rules on the pending motions. That period of time is necessary to execute the warrants (which will require sifting through gigabytes of data), identify co-conspirator statements, and prepare the actual log.

Respectfully submitted this 9th day of August, 2022.

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

2

**Certification of Type-Volume Limitation**

       I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<div align="right">

*/s/ Albert Buchman*
Albert Buchman

</div>

**Statement of Speedy Trial Impact**

       Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

<div align="right">

*/s/ Albert Buchman*
Albert Buchman

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

/s/ Albert Buchman
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

 1. **MICHAEL AARON TEW, and**
 2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

 Defendants.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR A *FRANKS v. DELAWARE* HEARING [ECF NO. 215]**

---

 The defendants' Motion for a *Franks v. Delaware* Hearing ("Def's *Franks*

Mot."), ECF No. 215,  motion levels a serious accusation of misconduct with

absolutely no basis, substantiation, or explanation.  The defendants' request to use

the Court's time to "develop" accusations that they cannot articulate in the first

instance should be denied, as required by *Franks v. Delaware*, 438 U.S. 154, 171

(1978).

 **I. Background:  *Franks v. Delaware***

 Search warrants are presumed to be valid.  *Franks* 438 U.S. at 171.  Indeed,

the presumption is so strong that defendants attacking the facial validity of a

warrant must first make a "substantial preliminary showing that a false statement

1

knowingly or intentionally, or with reckless disregard for the truth, was included by

the affiant in the warrant affidavit." *Id.* at 155-56. Even then, the allegedly false

statement must be essential to the probable cause determination: "if, when material

that is the subject of the alleged falsity or reckless disregard is set to one side, there

remains sufficient content in the warrant affidavit to support a finding of probable

cause, *no hearing is required.*" *Id.* at 171-72 (emphasis added).

"*Franks* protects against omissions that are *designed to mislead*, or that are

made in *reckless disregard of whether they would mislead*, the magistrate." *United

States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990) (emphasis in original).

Accordingly, while the general principles behind *Franks* apply to acts of both

omission and commission, Courts have recognized that issues related to the former

create knotty issues of infinite regression:

> While omissions may not be *per se* immune from inquiry,
> the affirmative inclusion of false information in an
> affidavit is more likely to present a question of
> impermissible official conduct than a failure to include a
> matter that might be construed as exculpatory. This
> latter situation potentially opens officers to endless
> conjecture about investigative leads, fragments of
> information, or other matter that might, if included, have
> redounded to defendant's benefit. The potential for
> endless rounds of *Franks* hearings to contest facially
> sufficient warrants is readily apparent.

*Colkley*, 899 F.2d at 301 (internal citations omitted); *see also Beard v. City of

Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994) (noting, for example, that a

"failure to exhaust every possible lead, interview all potential witnesses, and

2

accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth.  To the contrary, it is generally considered to betoken negligence, *at most*.") (internal quotations and citations omitted) (emphasis in original).

## II.  The Defendant Has not Made a Substantial Preliminary Showing of any intentionally false statements

Paragraph 4 of the Defendants' *Franks* Motions sets forth 15 statements that are allegedly false, without anything that might be considered "substantial." Indeed, the defendant's motion has nothing of substance at all: no explanation or description of how or why the statements are false and without any evidence showing that they are false.  "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *United states v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012); *United States v. Arbolaez*, 669 F.3d 1283, 1295 (11th Cir. 2006) (noting that the substantial preliminary showing requirement is "not lightly met" and find that defendant's challenge was insufficient where it was not supported by an affidavit or otherwise sworn statement).

The conclusory nature of the defendants' accusations of falsity, by itself, is a sufficient reason to deny their motion under *Franks*, which puts the burden on the defendant to make a substantial preliminary showing. *United States v.* 774 F.3d653,

3

663 (10th Cir. 2014) )(rejecting *Franks* challenge where defendant failed to offer any *evidence* of falsity); *United States v. Cooper*, 1104, 1128 (10th Cir. 2011) (noting that *Franks* challenges should be "accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.")[1]

The defendants also base their *Franks* challenge on alleged omissions, but their motion does not identify any omissions. This, too, is reason to reject the motion. The defendants cannot obtain a *Franks* hearing by making unsupported and articulated allegations of unspecified misconduct.

### III.  Conclusion

The defendants' filing is a motion to develop the evidence they would need to file a motion and obtain a hearing. *Franks* specifically rejected such an approach to

---

[1] The government has provided the defendants with full discovery supporting each of the allegations in the search warrants. If necessary, the government will submit each statement or item of evidence relied upon in the warrants to show their veracity. However, neither the Supreme Court nor the Tenth Circuit have explained whether such a procedure — where the government sets forth the evidence supporting the affidavit — is proper. *See United States v. Graf*, 784 F.3d 1, 7 (1st Cir. 2015) (describing as open the question whether a trial court can consider government evidence before deciding whether a *Franks* hearing is appropriate); *United States v. McMurtrey*, 704 F.3d 502, 509-510 (7th Cir. 2013) (concluding it was improper for trial court to consider such evidence). The government does not include any evidence in this response to avoid creating an issue on appeal. For present purposes, the law presumes that the court does not need to know whether and what evidence supports the affidavit. Rather, the court must accept the affidavit as facially valid. It is enough to conclude that the defendants have failed to meet their heavy burden of establishing falsity by not providing any evidence for such a serious accusation.

warrants that are "presumed valid." *Franks*, 438 U.S. at 171. The defendants need more than mere accusations, conclusions without articulation, and promises to develop a proper motion at the hearing itself. Their motion should be denied.

Respectfully submitted this 9th day of August, 2022.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*                   By:  */s/ Al Buchman*
Bryan Fields                              Albert Buchman
Assistant United States Attorney          Assistant United States Attorney
U.S. Attorney's Office                    U.S. Attorney's Office
1801 California St. Suite 1600            1801 California St. Suite 1600
Denver, CO 80202                          Denver, CO 80202
(303) 454-0100                            (303) 454-0100
Bryan.Fields3@usdoj.gov                   Al.Buchman@usdoj.gov
Attorney for the Government               Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

*/s/ Albert Buchman*
Albert Buchman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*/s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1.  **MICHAEL AARON TEW, and**
   2.  **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

     Defendants.

---

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES [ECF NO. 214]

---

     The defendants' Motion for Sanction for Violating Communication Privileges, ECF No. 214, ("Def's Mot. for Sanctions") accuses the government of violating accountant-client and doctor-patient privileges without noting that federal law recognizes no such privileges.  It similarly accuses the government of violating the marital communications privilege without noting black-letter Supreme Court law recognizing that the privilege is evidentiary, not constitutional, and that investigators are authorized to use those communications to develop derivate evidence.  *Trammel v. United States*, 445 U.S. 40, 52 n.12 (1964).  And it accuses the government of violating an attorney-client privilege without describing any particular such communication used by the government or how any such communication is privileged.  *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999)

("The party must bear the burden as to specific questions or documents, not by making a blanket claim.").  The motion should be denied.

1.     As described in the government's response to the Government's Response to Defendant's Motion to Suppress Evidence ("First Motion to Suppress"), ECF No. 204, several magistrate judges found probable cause to issue warrants authorizing the search and seizure of digital information located in several email accounts.  The propriety of the two-step process used by every U.S. Attorney's office in the country to execute those warrants — as approved by courts around the country — is explained in detail in the First Motion to Suppress, ECF No. 204 at 16-23, and the government incorporates those arguments here.

2.     Paragraphs 4 and 5 of the defendants' motion imply both a temporal causality that does not exist and blame the government for lengthy delays occasioned by the defendants' difficulty retaining counsel. The government has prophylactically taken steps to protect any applicable attorney-client privilege throughout this litigation and has worked with the defendants' rotating cast of defense attorneys at each step to negotiate the best way to accomplish that goal. This procedural history was previously set forth in the First Motion to Suppress, and in the attached filter memorandum, which are entirely ignored by the defendants. The filter memorandum, ECF No. 204-1, explains that Mr. Ekeland took the position that no government filter process would be acceptable and made the kind of blanket assertion of privilege that the Tenth Circuit has said is invalid. Mr. Ekeland proposed discussions over that position and then abruptly withdrew

from this matter the day one of the undersigned AUSAs was scheduled to meet with

him in Brooklyn. The defendants then engaged in a months-long process to retain

their current counsel, during which time the government prudently paused its

execution of the warrant so that it could work with whoever they retained as their

new counsel.

3.   The government's filter team is limited to attorney-client

communications because Federal common law developed pursuant to Federal Rule

of Evidence 501 does not recognize a medical privilege or an accountant privilege

and permits the government to review marital communications, as permitted by the

relevant search warrant. If the defendants believe that certain communications are

protected by a privilege, they have the burden of proving it. *In re Grand Jury

Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010).

a.   Federal courts do not recognize a generic medical privilege. *Whalen v.

Roe*, 429 U.S. 589, 602 n.28 (1977) ("The physician-patient evidentiary privilege is

unknown at common law."); *see, e.g., United States v. Trejo-Islas*, 248 F. Supp. 2d

1072, 1077 (D. Utah 2002) (finding "no merit" to portion of motion to suppress

premised on supposed physician-patient privilege)  The defendants cite no cases for

their assertion that there is such a privilege and, if they believe that such a

privilege has lain quiescent in the common law for the past hundreds of years, they

bear the burden of revealing its existence.

b.   The same is true for an accountant-client privilege. There is no such

thing. *United States v. Arthur Young & Co.*, 465 U.S. 805, 818 (1984) ("[N]o

confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases.") (quoting *Couch v. United States*, 409 U.S. 322, 335 (1973); *Sutton v. United States*, 658 F.2d 782, 784 (10th Cir. 1981) ("It is well settled that there is no confidential accountant-client privilege under federal law. Furthermore, in federal cases there is no state created accountant-client privilege."). Some courts have recognized a privilege where an accountant is retained by an *attorney* to provide expert guidance in a legal matter, but that is just a specific application of the well-established attorney-client privilege. *See*, *e.g.*, *United States v. Kovel*, 296 F.2d 9`8 (2d Cir. 1961).

c.      As set forth above, *Trammell* makes it clear that the marital privilege only prevents one party from admitting evidence of a protected marital communication *in court*.  It does not prevent any review of those messages for information helpful to an investigation.  *See*, *e.g.*, *United States v. Squillacote*, 221 F.3d 542, 560 (4th Cir. 2000) (rejecting argument that suppression of evidence derived from privileged marital communications was proper "given that the privilege is a testimonial or evidentiary one, and not constitutionally-based"); *United States v. Lefkowitz*, 618 F.2d 1313, 1318 n.8 (9th Cir. 1980) ("Because we reject … Lefkowitz's argument that the marital privileges are somehow constitutionally grounded in, among other locations, the Fourth Amendment, we doubt that a secondary source of information obtained through information protected by the confidential marital communications privilege would in any way be 'tainted'."); *United States v. Marashi*, 913 F.2d 724, 731 n.11 (9th Cir. 1990) ("[W]e

need not resolve Marashi's claim that all evidence derived [from marital
communications] should be excluded as fruits of the poisonous tree. Suffice it to say
that no court has ever applied this theory to any evidentiary privilege …").

> d.     Finally, the search warrants here authorize the government to seize
communications regarding violations of federal conspiracy, fraud, obstruction, and
money laundering statutes.  Such communications would not be covered by the
marital communications privilege at all because that privilege — like every other
recognized by the federal courts — does not permit parties to use a privilege to
further joint criminal activity. *United States v Bey,* 188 F.3d 1, 5 (1st Cir. 1999)
("The spouse's involvement in the criminal activity, however, need not be
particularly substantial to obviate the privilege."). Participation in discussions in
furtherance of the criminal activity, involvement in payments, and efforts to conceal
the criminal activity are sufficient to obviate the protection of the marital
communications privilege. *See, e.g., id.* at 6 (finding wife was joint participant based
on her "knowing acceptance of drug proceeds, her efforts to maintain [defendant's]
cover story for the benefit of his unsuspecting couriers, and her decision to act as a
go-between when [defendant] needed additional funds from [a co-conspirator] to
conduct criminal activity"); *United States v. Short*, 4 F.3d 475, 478–79 (7th Cir.
1993) (finding wife was joint participant, albeit in a "minor role," where she
prepared fraudulent title, registration, and other documents necessary for selling
stolen cars to legitimate buyers).

> 4.     *In re Search Warrant*, 942 F.3d 159, 176 (4th Cir. 2019) is a classic

example of extreme facts making extreme law. There, a team in Maryland executed a search warrant at the offices of a Baltimore law firm and seized broad categories of documents unrelated to the specific attorney under investigation. The Fourth Circuit concluded that various aspects of the case, including the breadth of the seizure, the ability to conduct proceedings in an adversarial fashion, and concerns about investigate agents making privilege determinations made the filter protocol an unconstitutional usurpation of judicial functions. The approach in that case has not been adopted in any other circuit and the defendant provides no reason to think the Tenth Circuit, or this court, should adopt it here.

5.     Filter teams are the common and appropriate response when investigators determine that evidence may be protected by an attorney-client privilege. *See, e.g.*, *United States v. Brewington*, No. 15-cr-73-PAB, 2018 WL 1046804, at *4 (D. Colo. Feb. 26, 2018) (concluding that it was appropriate for government to set up filter team to review privileged emails inadvertently provided by cooperating defendant); *see also United States v. Mower*, 2010 WL 3938265 (D. Utah. Oct. 6, 2010); *United States v. Yousef*, No. 94 CR. 180 (KTD), 1999 WL 714103, at *1 (S.D.N.Y. Sept. 13, 1999) (approving the government's use of "a special unit of prosecutors and agents . . . [who] had nothing to do with the prosecution of the World Trade Center and Manila Bombing cases" to investigate allegations by a jailhouse informant that incarcera1ted, convicted defendants were planning new terrorist activities); *United States v. Rodriguez*, No. 94 CR. 313 (CSH), 1998 WL 26189 (S.D.N.Y. 1998) (the court authorized the government to set

up a new prosecution team to investigate allegations of jury tampering by a defendant then on trial); *see also United States v. Simels*, 654 F.3d 161, 166 (2d Cir. 2011) (upholding district court's determination that government had a sufficient basis to suspect Simels was engaging in obstruction and upholding order permitting the filter team's interceptions of telephone conversations between Simels and his charged client; noting that Simels did not claim government "fire wall" had been breached).

6.      Even more compelling, the filter protocol here specifically provides for defense counsel's involvement before any potentially privileged communications are disclosed to the prosecution team. In that respect, this case is no different from *In re Search Warrant and Application for a Warrant by Telephone or Other Reliable Electronic Means*, 11 F. 4th 1235 (11th Cir. 2021), where the Eleventh Circuit approved the government's filter protocol. In that case, the Eleventh Circuit distinguished the Fourth Circuit's decision in *In re Search Warrant*, noting that there was no claim the majority of the seized materials were privileged and irrelevant, that the court could conduct adversarial hearings over the filter protocol, and that the protocol allowed the defense attorneys to object before privileged materials were provided to the government. Id. at 1251. The filter team here has provided the defendant with *all* of the material seized from the warrant and has asked the defendant to identify materials that he believes are privilege. Defense counsel has not done so and has not provided guidance on how the search warrant can be executed in a way that will protect attorney-client privilege. Without help

from defense counsel, the best approach is the one adopted by the government here and approved by the Eleventh Circuit.

7.     Adopting a rule that would prevent the government from executing search warrants any time any defendants have ever retained an attorney in the past would be extreme and impractical. The court could hire independent special masters to conduct filter reviews, but this, too, is unnecessarily rigid. While courts have sometimes raised concerned about foxes guarding henhouses in this one context of attorney-client privilege, it is worth taking a step back and assessing whether and why the context of the attorney-client privilege uniquely turns the government into some kind of atavistic animal incapable of dispassionately discharging its duties. The Supreme Court has repeatedly emphasized that the government bears the burden of discharging its duties under the *Brady* line of cases. *See Kyles v. Whitley*, 514 U.S. 419, 437 (21995) (noting responsibility of prosecutors).  The judiciary has not decided in that context — one that is firmly grounded in the constitution and much more critical to the fair administration of justice — that the government is incapable of reviewing discovery and pursuing cases with integrity and fairness. Why is it different when the government sets up a team of lawyers who have nothing to do with this particular case and who are given specific instructions designed to protect the defendant? It is not, and there is no compelling reason for this Court to adopt the Fourth Circuit's approach precluding the use of government filter teams, especially when more practical alternatives have found approval in this circuit and elsewhere.

8.     The defendants have not provided a single example of any communication protected by a privilege and used by the government at all, let alone use of privileged material to secure any kind of advantage.  Without this, there can be no sanctions.  The government acknowledged in its filter memorandum that an IRS agent saw a communication that she believed may have been with an attorney.  But the IRS agent has been interviewed by the Filter Attorney and there is no reason to think that the IRS agent did anything other than she was expected to do: stop reading immediately and contact an AUSA.  That is a far cry from any of the conduct described in any of the cases cited by the defendants, which all refer to *constitutional* violations arising from the *Brady* line of cases or the right to a Speedy Trial that are not implicated by their accusations.  There is no basis for sanctions here.

9.     Even if there was a basis for sanctions, the court should "impose the l*east severe sanction* that will punish the offending party for his wrongdoing, remedy the prejudice to and harm suffered by the adverse party and the judicial process, deter future litigants from engaging in similar conduct, and inspire confidence in the integrity of the judicial process." *Raymond v. Spirit AeroSystems Holdings, Inc.*, 2017 WL 2831485, at * 17 (N.D. Kan. June 30, 2017). Dismissing the indictment would be a radical and extreme remedy, especially when defendant cannot reference any allegedly privileged material used to secure that indictment in the first place.  *Cf. United States v. Williams*, 504 U.S. 36, 45 (1992) (noting that there is no general supervisory judicial authority over grand jury proceedings). The

more typical remedy when one party has been exposed to potentially privileged materials is disqualification of an attorney or agent. But here, new AUSAs have only been recently assigned to the case and those AUSAs have not had access to anything that even might be privileged because the search warrant materials are still behind a filter wall. Again, there is no basis for sanctions at all and even if there was, none of the remedies sought by the defendants would be proportional responses to any alleged violations. *See, e.g., United States v. Berger*, 251 F.3d 894, 907 (10th Cir. 2001) (noting reluctance to disqualify for violation of Rule of Professional responsibility); *Nickel v. Hannigan*, 97 F.3d 403, 409 (10th Cir. 1996) (declining to apply a "fruit of the poisonous" tree-type analysis to breaches of privilege).

The defendant has not articulated any actual, as opposed to hypothetical, violations and even if he did, dismissal of the indictment is an extreme remedy unsupported by any of the cited cases or other applicable law. The defendants' motion should be denied.

Respectfully submitted this 9th day of August, 2022.

COLE FINEGAN
United States Attorney

By: */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

*/s/ Albert Buchman*
Albert Buchman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

<div style="margin-left:50%">

*/s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States

</div>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **MICHAEL ARON TEW**,

      Defendant.

---

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS THE USE OF STATEMENTS [ECF No. 216]

---

In his "Motion to Suppress the Use of Statements," (Defendants' Motion), Defendant M. Tew requests that this Court suppress statements made by him on or about July 8, 2020. ECF No. 216, ¶ 15. For the reasons set forth below, the United States respectfully requests the Court deny the Defendant's Motion, as Defendant was not in custody at the time the statements were made.

### <u>DEFENDANT WAS NOT IN CUSTODY</u>

Defendant raises the discrete issue whether there was a violation of the *Miranda v. Arizona*, 384 U.S. 436 (1966).[1] *Id.* ¶ 4. Specifically, Defendant claims he was subjected to a custodial interrogation, without a *Miranda* warning, at the time

---

[1] Defendant does not claim the statements were made involuntarily in violation of due process. *See* ECF. No. 216.

statements were made. ECF No. 216, ¶ 11, 14. The government does not dispute
that Defendant was not provided *Miranda* warnings before being questioned. Thus,
the sole issue is whether Defendant was in custody. The government asserts that
Defendant has not established his burden to show illegality, and further that the
circumstances, when objectively considered, indicate Defendant was not in custody
at the time statements were made.

### a. Custodial status is objectively determined.

"[P]olice officers are not required to administer *Miranda* warnings to everyone
whom they question." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). *Miranda*
warnings must be given only if a subject is "in custody" and subject to
"interrogation." *Illinois v. Perkins*, 496 U.S. 292, 297 (1990); *United States v. Jones*,
523 F.3d 1235, 1239 (10th Cir. 2008). A defendant bears the initial burden of
presenting evidence sufficient to challenge the legality of the confession. *United
States v. Crocker*, 510 F.2d 1129, 1135 (10th Cir. 1975), *abrogated on other grounds
by United States v. Bustillos-Munoz*, 235 F.3d 505 (10th Cir. 2005). Once that
showing has been met, the government must show, by a preponderance of the
evidence, that the defendant's rights were not violated. *United States v. Gell-Iren*,
146 F.3d 827, 830 (10th Cir. 1998).

A person is in "custody" when he or she is "deprived of [] freedom of action in
any significant way," or his or her "freedom of action is curtailed to a 'degree
associated with formal arrest." *United States v. Chee*, 514 F.3d 1106, 1112 (10th

Cir. 2008). This objective determination turns on whether "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 565 U.S. 499, 509 (2012); *see United States v. Rogers*, 391 F.3d 1165, 1171 (10th Cir. 2004) (applying objective test); *United States v. Erving L.*, 147 F.3d 1240, 1247 (10th Cir. 1998) (same). In applying this test, courts must examine "all of the circumstances surrounding the questioning," a totality of the circumstances, including well-established factors of (1) the location of questioning, (2) its duration, (3) statements made during interview, (4) presence or absence of physical restraints during the questioning, and (5) the release of the interviewee at the end of questioning. *Howes*, 565 U.S. at 509 (internal citations omitted).[2]

### b. Agents' intentions are not a factor in custodial analysis.

Turning to the present case, Defendant has not established his burden in showing illegality. In attempting to establish that he was in custody, requiring a *Miranda* warning, Defendant primarily argues that agents' intentions to arrest or belief that he was already under arrest during the interview is the dominant factor in the analysis. *See* ECF No. 216, ¶¶ 3 (alleging agents were sent by federal prosecutor to arrest him if he tried to flee), 5 (alleging agents did not advise Defendant despite his being under arrest), 6 (alleging agents lulled Defendant into belief he was not under arrest).

---

[2] Defendant cites *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020) for non-exclusive factors in custodial analysis. The *Wagner* factors are merely variations of those in *Howes*, and custodial analysis is the same regardless of the authority applied.

3

The government here does not concede any of the facts Defendant asserts on this point. But even assuming they are true, the subjective intentions or beliefs of law enforcement are not a factor for the Court to consider. The Tenth Circuit has stated this directly in *United States v. Griffin*, 7 F.3d 1512, 1518 n.7 (10th Cir. 1993) (the test is objective, "subjective intent of an officer to arrest or place the suspect in formal custody is irrelevant") ("*Griffin 1993*). *See also Berkemer v. McCarthy*, 468 U.S. 420, 421-422 (1984) ("A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable person in the suspect's position would have understood his situation"). Accordingly, the Court should decline to consider any facts pointing to agents' intentions or beliefs, as these do not support any of the factors under objective custodial analysis.

### c. *The circumstances indicate Defendant was not in custody.*

Even if the Court is persuaded that Defendant has somehow met his burden in his motion, the Government asserts that other factors, when objectively considered, indicate that Defendant's freedom of action was not restrained to establish custody. No *Miranda* advisement was thus needed.

First, the location of questioning demonstrates Defendant was not in custody. Defendant was interviewed in a "common area" behind his apartment at his request

4

after being asked to speak privately. *See* Ex. 1, ¶ 2-3 (memorandum of interview).[3]
He was not separated from his wife, co-Defendant Kimberley Tew (who participated
in the interview throughout), nor was he interrogated in a nonpublic questioning
room. *See id.*; *see Griffin*, 7 F.3d at 1518-1519 (separation from moral support and
nonpublic location both consideration). Defendant makes no attempt to argue that
the location here weighs for or against his custodial status. Rather, he merely states
that the factor is not dispositive (no factor is dispositive) and further cites cases that
found the factor outweighed by other factual circumstances. *See* Defendant's Motion
at ¶ 12 (citing *Orozco v. Texas*, 394 U.S. 324, 327 (1969) (older, sparsely reasoned
case where Court determined custody when officers admitted the defendant was
under arrest); *Sprosty v. Buchler*, 79 F.3d 635, 641 (7th Cir. 1996) (officers
physically restrained the defendant); *United States v. Griffin*, 922 F.2d 1343, 1354
(8th Cir. 1990) (officers physically restrained the defendant)).

It remains that courts have found this factor significant in the custodial
analysis, as the Tenth Circuit stated in *United States v. Ritchie*: "[C]ourts are *much
less likely* to find the circumstances custodial when the interrogation occurs in
familiar or at least neutral surroundings," such as the suspect's home." 35 F.3d
1477, 1485 (10th Cir. 1994). This Court should conclude that the location was
familiar to Defendant, as he requested the location to speak, *see* Ex. 1, ¶ 2., and

---

[3]    Note, the conversations were not recorded, as co-Defendant Kimberley Tew did not consent
to recording. *Id.*, ¶ 4.

thus that this factor weighs against any finding that the defendant was in custody.
*Griffin*, 7 F.3d at 1519-1520 (considering location under the umbrella factor of police
dominated atmosphere).

Second, the limited duration of the interview demonstrates Defendant was
not in custody. Specifically, agents were in contact with Defendant from
approximately 2:50 pm to 3:49 pm but only engaged in active conversation with him
from 3:12 pm to 3:49 pm. Ex. 1, ¶¶ 1 2, 4, 10. During that conversation, agents
asked him about his employment with NAC and otherwise conducted limited
questioning directed at their investigation. *Griffin*, 7 F.3d at 1518 (nature of
questioning is a factor). The interview did not last "for over an hour" as Defendant
alleges. *See* ECF No. 216, ¶ 4.

Third, statements made during the interview demonstrate Defendant was
not in custody when looking at the totality of the circumstances. Both Defendant
and co-Defendant Kimberly Tew (who was also present and whose statement should
be considered as a part of the totality) made statements during the interview,
demonstrating their understanding that they were not in custody. At the beginning
of the interview by Special Agent Anderson, co-Defendant declined to answer
questions and declined recording, indicating her understanding that they were free
to decline to answer questions. *See* Ex. 1, ¶¶ 3, 4. Later, both Defendants declined to
answer further questioning and requested they meet agents another time,
affirmatively showing their subjective belief that they were free to leave. *Id.* ¶¶ 7-

10. In response, agents respected those wishes and agreed to set up another meeting, taking no coercive actions to force compliance with questioning. *Id.* ¶¶ 8-10.

Fourth, the lack of physical restraints employed demonstrates Defendant was not in custody. Defendant was unrestrained during the interview. There is no indication he was handcuffed or under other restraints or at gunpoint. *See* Ex. 1; *Howes*, 565 U.S. at 503 (considering handcuffs in its analysis); *Ritchie*, 35 F.3d at 1481 (same). In fact, Defendant admitted that he was not "grabbed" by agents, demonstrating a lack of physical contact made. Ex. 1, ¶ 5; *see Griffin*, 7 F.3d at 1519 (considering physical contact under the umbrella factor of police dominated atmosphere).

Fifth, Defendant was not arrested during or after the interview itself, demonstrating he was not in custody when the statements were made. At the conclusion of the interview, at approximately 3:49 pm, Defendant left; he went inside his residence from the common area, closed the door, and lowered the blinds, outside the presence of agents. Ex. 1, ¶ 10. Defendant was not arrested at the end of the interview, as he alleges. ECF No. 216, ¶ 11. Rather, only after a break in contact, agents reinitiated contact at 4:11 pm with Defendant at the apartment and arrested him. *See id.* ¶ 11; Ex. 2, ¶ 1 (memorandum of activity). Regardless, this later arrest is irrelevant because it was not part of the interview from which Defendant made statements and left to enter his apartment free from agents.

Overall, the factors weigh against a finding that Defendant was in custody. *Miranda* warnings were not required, and the statements should not be suppressed.

## **CONCLUSION**

The Court should deny the Defendant's Motion without a hearing for all of the reasons set forth above.

Respectfully submitted this 9th day of August, 2022,

COLE FINEGAN
United States Attorney

By:     */s/ Bryan David Fields*
Bryan David Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:     */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

*/s/ Albert Buchman*
Albert Buchman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*/s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States

9

CONVENTIONAL FILING ECF No. 229


Exhibit 1

CONVENTIONAL FILING ECF No. 229

Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305 -DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL ARON TEW,

2. KIMBERLY ANN TEW,
      a/k/a Kimberley Vertanen,

      Defendant.

---

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF 3222 EAST FIRST AVENUE, APARTMENT 224 [ECF No. 221]

---

In their "Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224," ("Defendants' Motion"), Defendants challenge a search warrant of their apartment. Specifically, they request that this Court suppress, (1) the "items seized," for failure to establish probable cause, and (2) the "photographs taken" as outside the scope of authorization of the search warrant. ECF No. 221, ¶ 19. For the reasons set forth below, the United States respectfully requests that the Court deny the Defendants' Motion.

I.     **THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT
       ESTABLISHED PROBABLE CAUSE WITH SUFFICIENT NEXUS
       TO SEIZE THE BANK BAGS.**

Defendants make two claims challenging the affidavit: that it lacks sufficient

nexus and that paragraph 40 is insufficient. Addressing both arguments in turn,

the government asserts both claims fail.

A.     **There was sufficient nexus between the crime and the place
       searched.**

Defendants first claim that "the Affidavit failed to establish was [sic]

probable cause for the search and seizure of" the seized Wells Fargo cloth bag and

one green cloth Guaranty Bank and Trust Company bag ("bank bags"). Defendants'

Motion at ¶ 19. Defendants reason that "there is no nexus between the bank bags,

the residence, the criminal conduct or the proceeds or evidence of criminal conduct."

*Id.* ¶ 7, *see also Id.* ¶ 3-8.

The "probable cause [required by the Fourth Amendment] to issue a search

warrant exists when the supporting affidavit sets forth sufficient facts that would

lead a prudent person to believe that a search of the described premises would

uncover contraband or evidence of a crime." *United States v. Sanchez*, 725 F.3d

1243, 1247 (10th Cir. 2013) (citations omitted). Put another way, whether there

exists probable cause is a "commonsense, practical question" answered by

evaluating the totality of the circumstances and turning on whether there is a "fair

probability" that contraband or evidence will be in a particular place. *United States*

2

*v. Biglow* 562 F.3d 1272, 1281 (10th Cir. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

These principles apply both to whether a crime has occurred and to whether evidence of that crime will be in a particular place — the "nexus requirement". *United States v. Khan*, 989 F.3d 806, 816 (10th Cir. 2021). That is, the search warrant does not need to establish with certainty that items will be in a particular place. It needs to describe "circumstances which would warrant a person of reasonable caution in the belief that the articles sought are at a particular place." *Id.* at 816. A magistrate judge can draw reasonable inferences from the information in an affidavit and consider the "practical considerations of everyday life." *Biglow*, 562 F.3d at 1279. Courts should not review search warrants in a "hypertechnical manner;" they should be reviewed with common sense. *United States v. Ventresca*, 380 U.S. 102, 109 (1965). Once a magistrate judge has found probable cause and issued a warrant, the law discourages second-guessing. If the circumstances are "doubtful or marginal," the district court should give deference to the judgment of the magistrate judge. *Biglow.* 562 F.3d at 1282 (quoting *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984)).

"If the [magistrate] judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners." *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971); *United*

3

*States v. Beck*, 139 Fed. Appx. 950, 954 (10th Cir. 2005). Here, the affidavit, within

its four corners, sufficiently established a nexus between Defendants' crimes and

the apartment, articulating the following chain of logic: (1) Defendants committed

fraud that resulted in receiving money from Victim National Air Cargo ("NAC"), (2)

Defendants deposited those proceeds into bank accounts, (3) Defendants withdrew

those proceeds using the bank bags, and (4) those bank bags were located in

Defendants' shared apartment.

Specifically, examining the affidavit, it described sufficient facts establishing

Defendants' relationship with NAC and the complex, fraudulent scheme employed

to illegally obtained proceeds from Victim by submitting fraudulent invoices in

paragraphs 27 through 35. From there, the affidavit established that Defendants

had deposited those proceeds into traditional bank accounts operated by

Defendants, information learned from Defendant Michael Tew himself. *Id.* ¶ 39.

Thereon, the affidavit states directly that "M. TEW used two bags interchangeably

to carry cash withdrawn from traditional bank accounts that received," corroborated

by video footage showing Defendant Michael Tew's possession of a black cloth bag

and also bank records showing withdrawal of funds. *Id.* ¶¶ 40, 41. Thus, the

affidavit established a nexus between the crimes and use of the bank bags to

transfer fraudulently obtain funds.

The affidavit then directly established that "on July 28, 2020, M. TEW stated

that the Wells Fargo branded cloth bag with the Guarantee Bank and Trust cloth

are stored at his shared apartment with K. TEW," establishing a direct link to Defendants' apartment. *Id.* ¶ 40. Thoroughly, the affidavit established that "M. TEW AND K. TEW share the apartment . . . at 3222 East First Avenue, Apartment 224, Denver Colorado 80206," articulating fully that the place to be searched in the search warrant was in fact linked to Defendants. *See United States v. Gonzalez*, 399 F.3d 1225, 1231 (10th Cir. 2005) (facts must establish residence belongs to or is otherwise linked to defendant). Accordingly, contrary to Defendants' claim, the chain of logic in the affidavit supported sufficiently and directly a nexus among the crime, the bank bags, and the apartment searched, and the Court should accord the magistrate judge's determination due deference.

    **B.    Paragraph 40 should be read in context and with common sense.**

Defendants next claim that paragraph 40 is founded on statements with no indication of when, to whom, and under what circumstances Defendant Michael Tew made the statement. Defendants' Motion at ¶ 5; *see Id.* 221-1, ¶ 40. The government cannot ascertain, however, whether Defendants' assertion is a legal challenge to the warrant or intended to support Defendants' nexus argument. Unfortunately, no authority was provided to aid in a determination.[1]

In the interest of not conceding Defendants' point, if a meritorious claim can be somehow inferred, the government asserts that Defendant is simply incorrect

---

[1]     To the extent that Defendants are attempting to establish a violation pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)—that paragraph 40 contains a misstatement or omission—they have not made a "substantial preliminary showing" of all elements of a *Franks* violation. *See United States v. Herrera*, 782 F.3d 571 (10th Cir. 2015).

that the missing context for Defendant Michael Tew's statements was not provided.

Looking earlier in the affidavit at paragraph 29, it established that Defendant

Michael Tew was interviewed by law enforcement officers in July 2020, the first

mention of any statements made by that defendant. In paragraphs 38 as well as 40,

Michael Tew's statements are provided without the context of when, to whom, and

under what circumstances they were made. It follows, by common-sense in the

totality of the circumstances contained in the affidavit, that the statements made in

paragraph 40 are attributed to the July 2020 interview mentioned in paragraph 29.

At any rate, the district court should give deference to the judgment of the

magistrate judge that sufficient information regarding the statements in paragraph

40, ultimately aiding to establish probable cause, was contained in the affidavit. *See*

*Biglow.* 562 F.3d at 1282.

### C.    The agents relied on the warrant in good faith.

Should the Court find any of Defendants' claims above persuasive, that the

warrant was defective in some way, the Court should not suppress the items seized

because the agents relied on the warrant in good faith. The good faith exception

applies when law enforcement obtain evidence in objectively reasonable reliance on

a warrant later found to be technically defective. *Mass. v. Sheppard*, 468 U.S. 981.

991 (1984); *United States v. Leon*, 468 U.S. 897, 922 (1984).

Here, the agents' reliance on the facially sufficient search warrant, ECF No.

221-2, was objectively reasonable because it was issued by a United States

magistrate judge who had reviewed a supporting affidavit with sufficient indicia of

probable cause, *Id.* No. 221-1, No technical deficiencies were apparent to objectively

supply an unreasonable belief that the warrant was mistaken. *See Leon*, 468 U.S. at

923 (describing circumstances in which it might not be objectively reasonable to rely

on a warrant, none of which apply here); *United States v. Cruz*, 774 F.3d 1278, 1291

(10th Cir. 2014) (same). Accordingly, even if the Court finds technical deficiencies

per Defendants' arguments against nexus and paragraph 40, the Court should still

decline to suppress because the agents acted in good faith.

## II. ALL PHOTOGRAPHS WERE EITHER EXPLICITLY AUTHORIZED OR IN PLAIN VIEW AND THUS SHOULD NOT BE SUPPRESSED.

The Defendants bear the burden of proving that a search was improper.

*United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994) ("Generally, if the

search or seizure was pursuant to a warrant, the defendant has the burden of

proof.") (citation and quotation marks omitted). Defendants here argue that "agents

did not have authority pursuant to the search warrant to seize photograph images

of the apartment" because "the seizure of those photographic images exceeded the

scope of the warrant issued by Magistrate Judge Haggarty [sic]." ECF No. 221, ¶ 16;

*see id.* ¶ 15. In opposition, the government asserts that Defendants have not met

their burden. All photographs were either authorized or otherwise in plain view

during a legitimate search and thus should not be suppressed. *Arizona v. Hicks*,

480 U.S. 321, 325 (1987) (noting that items lawfully exposed to the view of the

police have no Fourth Amendment protection); *United States v. Mancari*, 463 F.3d

7

590, 596 (7th Cir. 2006) ("[w]hen officers who are lawfully on the premises pursuant

to a valid search warrant merely record what they observe there that is in plain

view, they do not invade legally protected privacy or any other legal interest."

*Platteville Area Apartment Assoc. v. City of Platteville*, 179 F.3d 574, 579 (7th

Cir.1999)).

### A.     The constitutionality of all photographs must be determined item by item.

Generally, if executing officers exceed the scope of a search warrant, the

seized evidence may be suppressed. *Patel v. Hall*, 849 F.3d 970. 984 (10th. Cir.

2017). At issue here are 108 photographs agents taken during execution of the

search warrant, provided in discovery, and logged in a photolog. Exhibit 1; *see also*

ECF No. 221-4. Defendants make no attempt to distinguish among the photographs

taken or justify their individual basis for suppression. This is unfortunate because

Court must determine the constitutionality, item by item as part of a "severance"

analysis. *United States v. Sells*, 463 F.3d 1148, 1156 (10th Cir. 2006). To assist the

Court in this analysis, the government submits the photographs as Exhibit 1.

As is apparent in the exhibit, the photographs are not all the same. There are

two categories of photographs; (1) general photographs of the apartment and items

seen but not articulated in warrant, and (2) bank bag photographs.[2] *See* Ex. 1. The

government will address both categories separately.

---

[2]     There are several photographs of the warrant itself. These were possessed by agents, not
Defendants, and thus do not implicate the Fourth Amendment or any possessory interests.

8

**B.**    **At threshold, the warrant authorized search of all rooms for articulated evidence, and Defendants do not challenge the scope of this authorization or agents' legitimate presence in the apartment.**

The warrant authorized search of "all rooms for the apartment unit 224 pictured and described above . . . ," for "two cloth, or similar material, bags" containing bank logos. ECF No. 221-1, 2 (Attachments A and B to the warrant). Defendants' Motion makes no challenges to the scope of the authorized search, and thus there is no dispute to that agents were legitimately on the premises of unit 224 pursuant to their authorization.

**C.**    **Photographs of the bank bags were explicitly within the scope of the search.**

Several photographs were taken of the bank bags seized on scene as physical evidence. *See* Ex. 1. Seizure of the bank banks was explicitly authorized in the warrant, and photographs merely capture and are a part of that authorized seizure. *See* ECF. 221-1, 2; Section I, *supra* (government's response to Defendants' claims against seizure of the bank bags). Accordingly, photographs of the bank bags were within the scope and should not be suppressed.

**D.**    **All other photographs were taken in plain view within the scope of authorization.**

"It is well settled . . . that 'objects falling in the plain view of an officer who has the right to be in the position to have that view are subject to seizure and may be introduced into evidence.'" *United States v. Espinosa*, 641 F.2d 153, 166 (4th Cir. 1981) (quoting *Harris v. United States*, 390 U.S. 234, 235 (1968)). This includes

9

items seen in plain view in the course of executing a warrant for specified objects. *See Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971). This is true because a "seizure of an object in plain view does not involve an intrusion on privacy." *Horton v. California*, 496 U.S. 128, 141 (1990); *see Hicks*, 480 U.S. at 324 (recording of serial numbers, although not authorized, did not meaningfully interfere with any possessory interests and thus did not exceed the scope of the warrant).

In that vein, photographs of items observed while officers were lawfully on the premises have been held admissible. *United States v. Speece*, 986 F.2d 1431, ¶ 3 (10th Cir. 1993) (unpublished) ("Since the officers were lawfully on the premises, their use of photographs of items in plain view was also lawful"); *Espinosa*, 641 F.2d at 166-167; *Bills v. Asteline*, 958 F.2d 697, 707 (6th Cir. 1992); *Mancari*, 463 F.3d at 596. Evident on the face of the photographs, *see* Ex. 1, the agents merely captured their plain-view observations while lawfully on the premises pursuant to their authorization to search all rooms. The challenged photographs are thus admissible and should not be suppressed.

In fact, the photographs may not constitute a seizure at all so as to fall under the safeguards of the Fourth Amendment. Constitutionally, a "seizure occurs when there is some meaningful interference with an individual's possessory interests," *Maryland v. Macon*, 472 U.S. 463, 469 (1985); *see United States v. Jacobson*, 466 U.S. 109, 113 ("a 'seizure occurs when there is a meaningful interference with an individual's possessory interests in that property"); *Texas v. Brown*, 460 U.S. 730,

10

739 (1980) ("when a police officer has observed an object in 'plain view,' the owner's remaining interest in the object are merely those of possession and ownership"); *Horton*, 496 U.S. at 133-134 ("if an article is already in plain view, neither its observation nor its seizure would involve any invasion of property") (internal citations omitted). A "recording of visual images of a scene by means of photography does not amount to a seizure because it does not 'meaningfully interfere' with any possessory interest.'" *Bills*, 958 F.2d at 707; *see also Mancari*, 463 F.3d at 596 (following *Bills* in holding that photographs taken during search warrant do not amount to a seizure because there was not meaningful interference with a possessory interest). It follows here that agents did not physically seize anything observed in the photographs (outside the bank bags), and thus agents did not interfere with any possessory interests in the rooms. Accordingly, the photographs do not constitute a seizure at all. *See United States v. Harb*, 2009 WL 910777, *1, 8 (D. Utah 2009) ("photographs [300 taken of every room and interior and exterior of premises] during execution of a search warrant is not a seizure in violation of the Fourth Amendment").

### III. DEFENDANTS' MOTION MAKES NO FACTUAL ALLEGATIONS AND CAN BE DECIDED AS A MATTER OF LAW; NO HEARING IS NECESSARY

Defendants' Motion does not put any material facts at issue. Rather, they have argued within the language of the affidavit to assert that probable cause was not established for the bank bags and that the photographs exceeded the scope

authorized by the search warrant. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) ("a defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact"). A hearing is not necessary.

## IV.   **CONCLUSION**

The Court should deny the Defendant's Motion without a hearing for all of the reasons set forth above.

Respectfully submitted this 9th day of August, 2022,

COLE FINEGAN
United States Attorney

By:    */s/ Bryan David Fields*
Bryan David Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:    /s/ Albert Buchman
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

**Statement of Speedy Trial Impact**

     Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

                                             */s/ Albert Buchman*
                                             Albert Buchman

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

                                           */s/ Albert Buchman*
                                         Albert Buchman
                                         Assistant United States Attorney
                                         1801 California Street, Suite 1600
                                         Denver, Colorado 80202
                                         Phone: (303) 454-0100
                                         Fax: (303) 454-0403
                                         E-mail: Al.Buchman@usdoj.gov
                                         Attorney for the United States

CONVENTIONAL FILING ECF No. 229

Exhibit 3

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov, stephanie.price@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8749173@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Conventionally Submitted
Material
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 8/11/2022 at 3:00 PM MDT and filed on 8/9/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | USA |
| **Document Number:** | 237(No document attached) |

**Docket Text:**
**Conventionally Submitted Material : 1 Card USB Flash Drive: Exhibit 1 and Exhibit 2 to Response in Opposition [235] re [229] Notice, by Plaintiff USA. Material placed in the oversized filing area Area D–5–5 of the Clerk's Office. Text Only Entry (athom, ) (submitted additional copy of USB placed in Chambers' mail box)**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein      pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields      bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman      al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
jessie.zabriskie@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael
John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8751835@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
Restrict
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing


The following transaction was entered on 8/12/2022 at 9:59 PM MDT and filed on 8/12/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 238(No document attached) |

**Docket Text:**

 **ORDER GRANTING IN PART [201] Motion for Leave to File Motion to Suppress Evidence as Restricted Level 1.**

**I must narrowly tailor any restrictions on public access, and must consider whether supplying a redacted version of a document in lieu of restricting access to the entire document would adequately protect the interests of the party seeking restriction. *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019); Local Civ. R. 7.2(c)(4). Defendants Michael and Kimberly Tew have not shown that redacting the identified financial, medical, and other personal information from the motion to suppress is impracticable or would not adequately protect the privacy interests at stake.**

**Accordingly, the motion for leave to restrict is GRANTED IN PART with respect to the exhibits to the motion only. The Clerk of Court is directed to maintain Doc. [200] and Docs. 200–1 to 200–28 under Level 1 restriction. Plaintiff must file a public redacted version of the motion to suppress (Doc. [200]) on or before 8/19/2022.**

**SO ORDERED by Judge Daniel D. Domenico on 8/12/2022. Text Only Entry (dddlc1, )**


**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov,
usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov,
usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
jessie.zabriskie@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael
John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov),
Probation-General (cod_efiling@cod.uscourts.gov), USM-Criminal Division
(gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8751855@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 8/12/2022 at 10:18 PM MDT and filed on 8/12/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 239(No document attached) |

**Docket Text:**
 **ORDER GRANTING IN PART [212] Defendants' Unopposed Motion to Require the Government to Submit Expert Witness Opinions 120 Days Before Trial.**

**Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) must be made no later than 8/19/2022, and any challenges to such experts must be made no later than 9/9/2022.**

**Rebuttal expert witness disclosures must be made no later than 9/16/2022, and any challenges to such rebuttal experts must be made no later than 10/7/2022.**

**SO ORDERED by Judge Daniel D. Domenico on 8/12/2022. Text Only Entry (dddlc1, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
    **Kimberley Vertanen,**

Defendants.

---

**UNOPPOSED MOTION FOR LEAVE TO FILE REPLIES TO GOVERNMENT'S RESPONSES TO MOTIONS (ECF 230, 231, 232, 233, 234, 235 AND 236)**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for leave to file replies to the responses recently filed by the Government to Defendants' motions. As grounds in support of their motion, Defendants state to the Court as follows:

1. The Government has recently filed seven responses in opposition to the defense pre-trial motions.

2. The Government filed the following responses: 1) Government's Response in Opposition to Defendants' Motion for a *Franks v. Delaware* Hearing (ECF #233); 2) Government's Response in Opposition to Defendant Kimberley Tew's Motion for the Government to File a James Proffer Regarding Co-Conspirator Statements Admissibility Pursuant to Evidence Rule 801(d)(2)(E) and for a James Hearing (ECF #232); 3) Government's Response in Opposition to Defendants' Motion for Sanctions for Violating Communication Privileges (ECF #234); 4) Government's Response in Opposition to Defendant Kimberley Ann Tew's Motion for Severance (ECF #230); 5) Government's Response in Opposition to Defendants' Motion to Suppress Evidence from Search of 3222 East First Avenue, Apt. 224 (ECF #236); 6) Government's Response in Opposition

to Defendant Michael Tew's Motion for the Government to File a James Proffer Regarding Co-Conspirator Statements Admissibility Pursuant to Evidence Rule 801(d)(2)(E) and for a James Hearing (ECF #231); and 7) Government's Response in Opposition to Defendants' Motion to Suppress the Use of Statements (ECF #235).

3.      When the Court granted a motion to continue on May 12, 2022 (ECF #198), the Court set dates for the filing of motions and responses.  The Court did not authorize the filing of replies to those responses in that court order.

4.      The Government's filed responses contain citations to dozens of cases which they assert support their legal position.

5.      The defense wants an opportunity to address the case law cited by the Government.

6.      The Government, in some of the responses to motions makes references to factual matters which the defense wishes to address both in writing and at an evidentiary hearing.  These include the motions relating to the *Franks v. Delaware* issue the severance motion, the motion for a James Proffer, the motion to suppress statements, and the motion for sanctions for violating communication privileges,

7.      Without the ability to reply to the Government's responses, the Court will not have a full and complete development of the facts and law applicable to the issues for decision, including whether evidentiary hearings are needed.

8.      To these ends, the defense request leave to file replies to the enumerated responses filed by the Government in this case.

9.      Counsel for the defense has conferred with AUSA Bryan Fields who states that "no objection to the replies unless they are raising new factual or legal issues you could have raised in your initial briefs."

WHEREFORE, Defendants Michael A. Tew and Kimberley A. Tew respectfully request leave to file replies to the enumerated Government's response in opposition to their motions.  Defense request 14 days to submit their replies because of the number of replies requested.

2

Respectfully submitted this  15th day of August 2022.

s/ Peter R. Bornstein
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael A. Tew and Kimberley A. Tew*

### Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

### Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley A. Tew state that this motion will have no effect on the speedy trial clock because the time to resolve pre-trial motions is excluded time.

s/ Peter R. Bornstein
Peter R. Bornstein

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2022, I electronically filed the foregoing **UNOPPOSED MOTION FOR LEAVE TO FILE REPLIES TO GOVERNMENT'S RESPONSES TO MOTIONS (ECF 230, 231, 232, 233, 234, 235 AND 236)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Jeannette Wolf
Jeannette Wolf, Paralegal

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

(1) MICHAEL AARON TEW;
(2) KIMBERLEY ANN TEW a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

     Defendants.

---

**ORDER REGARDING PRETRIAL DEADLINES
AND PENDING MOTIONS**

---

Upon review of the record including the pending motions, and in view of the upcoming December 2022 trial date and the Court's calendar, I issue the following orders.

It is **ORDERED** that:

1. Defendants' Unopposed Motion for Leave to File Additional Motions (Doc. 213) is **GRANTED**;

2. Any additional pretrial motions must be filed no later than **September 13 2022**, responses to those motions must be filed no later than **September 27, 2022**, and no replies will be permitted without prior leave of the Court; and

3. Prior to filing any discovery motion, counsel for the moving party or a pro se party must confer or make reasonable, good faith efforts to confer with any opposing counsel or pro se party to resolve the dispute(s). If the parties are able to resolve the dispute(s), they may file a

- 1 -

motion titled "Unopposed Motion for _____," and must file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party must describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down.

It is **FURTHER ORDERED** that:

4.   Defendants' Unopposed Motion for Leave to File Replies to Government's Responses to Motions (Doc. 240) is **GRANTED**. Defendants may file replies in support of their pending motions (Docs. 214, 215, 216, 218, 219, 220, 221) on or before **August 23, 2022**; and

5.   A Motions Hearing regarding (a) Defendants' Motion to Suppress Evidence (Doc. 200); (b) Defendants' Motion for Sanctions for Violating Communication Privileges (Doc. 214); (c) Defendant Michael Tew's Motion to Suppress the Use of Statements (Doc. 216); (d) Defendant Kimberley Ann Tew's Motion for Severance (Doc. 218), (e) Defendants' Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224 (Doc. 221); and (f) if filed, any additional pretrial motions is **SET** for **10:30 a.m.** on **October 18, 2022** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, to the extent I have not issued a ruling on those motions prior to that date.

It is **FURTHER ORDERED** that:

6.   Due to a conflict on the Court's calendar, the eight-day Jury Trial set for December 5, 2022 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **December 12, 2022** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294.

Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

7. Due to a conflict on the Court's calendar, the Trial Preparation Conference set for November 29, 2022 is **VACATED** and **RESET** to **1:30 p.m.** on **November 22, 2022** in Courtroom A1002;

8. If filed, motions *in limine* are due **fourteen days** before the Trial Preparation Conference. However, motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief. Responses to motions *in limine* are due **seven days** before the Trial Preparation Conference, and no replies will be permitted without leave of Court;

9. The parties must jointly file a single integrated set of proposed jury instructions and verdict forms via CM/ECF **seven days** before the Trial Preparation Conference. The parties should attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. Each instruction should be numbered, and same-subject disputed instructions should be grouped and numbered together (*e.g.*, "Stipulated Instruction No. 1," "Government's Instruction No. 2," "Defendant's Instruction No. 2"). Each numbered instruction must begin on a new page. Each proposed instruction must identify the source of the instruction and supporting authority. Whenever practicable and appropriate, the parties should use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates can be found online at https://www.ca10.us courts.gov/clerk/downloads/criminal-pattern-jury-instructions. The parties must also email a copy of their proposed instructions and verdict forms in editable Word format to Domenico_Chambers@cod.uscourts.

- 3 -

gov. Proposed verdict forms must be submitted in a separate file from the proposed jury instructions;

10. If filed, trial briefs may not exceed **2,700 words** and must be filed no later than **four business days** before the Trial Preparation Conference. Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion;

11. The parties must file their proposed witness lists via CM/ECF **three business days** before the Trial Preparation Conference. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

12. The parties must file their proposed exhibit lists via CM/ECF **three business days** before the Trial Preparation Conference. Exhibit list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

13. The parties must file their proposed *voir dire* questions **two business days** before the Trial Preparation Conference; and

14. Pursuant to Local Criminal Rule 11.1(a), any notice of disposition must be filed no later than **fourteen days** before trial, absent an order permitting or directing otherwise. Upon the filing of a notice of disposition, I generally will convert the Trial Preparation Conference to a change-of-plea hearing.

DATED: August 15, 2022

BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1. MICHAEL AARON TEW**, and

**2. KIMBERLEY ANN TEW**.

     Defendants.

---

## UNOPPOSED MOTION TO RESCHEDULE HEARING DATE ON MOTIONS

---

     Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order rescheduling the motion hearing date of October 18, 2022.   AUSA Bryan Fields has no objection to the request.

     1.     By Order of Court entered on August 15, 2022, a hearing on pending pre-trial motion was set for October 18, 2022.  (Doc. 241).

     2.     Mr. Bornstein has a conflict with that setting.  He is scheduled to be in a 5-day jury trial of a criminal case the entire week of October 17-21, 2022.  *United States v. Perez Torres*, Case No. 22-cr-108-CMA-1.

     3.     Counsel have discussed dates that work for both calendars.  Counsel propose:  October 3, 10-12, 24-28.

     4.     Consequently, Defendants Michael Tew and Kimberley Tew request that this Court reschedule the motion hearing currently scheduled for October 18, 2022.

Respectfully submitted this 18th day of August 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

/s/ Peter R. Bornstein
Peter R. Bornstein
*Attorney for Defendants Michael Aaron Tew
and Kimberley Ann Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jeannette L. Wolf

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel
D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov),
Probation-General (cod_efiling@cod.uscourts.gov), USM-Criminal Division
(gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8759847@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Order
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 8/18/2022 at 4:34 PM MDT and filed on 8/18/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | <u>1:20–cr–00305–DDD</u> |
| **Filer:** | |
| **Document Number:** | 243(No document attached) |

**Docket Text:**
 **ORDER GRANTING [242] Unopposed Motion to Reschedule Hearing Date on Motions as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Motions Hearing set for 10/18/2022 is VACATED and RESET to 10/12/2022 at 09:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 8/18/2022. Text Only Entry (dddlc1, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein      pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields      bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov,
usaco.ecfcriminal@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman      al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**, and

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

## RESPONSE TO COURT ORDER (DOC. 238)

---

    Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, responds to the Court Order concerning the Motion for Leave to File Motion to Suppress Evidence as Restricted Level 1 (Doc. 201). The Court Order requires the Defendants (erroneously called Plaintiff) to file a public redacted version of the Motion to Suppress Evidence. (Doc. 200). After a review of the motion to suppress, Defendants withdraw their request to restrict or redact the motion only, and not the exhibits attached to the motion. The Clerk of Court can remove the Level 1 restriction as to Doc. 200, but not as to Docs. 200-1 to 200-28.

    Respectfully submitted August 19, 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

*/s/ Peter R. Bornstein*
Peter R. Bornstein
*Attorney for Defendants Michael Aaron Tew
and Kimberley Ann Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jeannette L. Wolf

2

IN **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

1. **MICHAEL AARON TEW,**

2. **KIMBERLEY ANN TEW.**

      Defendants.

---

**REPLY RE: MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R Bornstein, hereby submit their reply in support of their Motion for Sanctions for Violating Communication Privileges. (Doc. 214).

The Government, in its Response (Doc. 234), confuses an important distinction between communication privileges and testimonial privileges. As the Ninth Circuit Court of Appeals said in *United States v. Lefkowitz,* 618 F.2d 1313, 1317-1318 (9th Cir. 1980), in the context of marital communications between spouses,

> The first [privilege against adverse spousal testimony] can be invoked to prevent one spouse from testifying against the other. E.g. *Hawkins v. United States,* 358 U.S. 74, 1958. The second [confidential marital communications privilege] can be invoked to prevent the disclosure of confidential communications arising out of the marital relationship. E.g. *Blau v. United States,* 340 U.S. 322 (1951).

The Government makes the same confused argument about the privileges.

The Supreme Court recognized in *Trammel v. United States,* 445 U.S. 40 (1980) that communications between doctor and patient, husband and wife, and attorney and client are recognized privileges at common law and in the federal courts. The courts have recognized the privilege in cases such as *Jaffee v. Raymond,* 518

U.S. 1, 10-15 (1996)(physician - patient); *Kerns v. Bader,* 663 F.3d 1173 (10th Cir. 2011), 1184(10th Cir. 2011)(medical records); *Barnett v. PA Consulting Group,* 2006 U.S. Dist. LEXIS 118657 (D.C. 6/29/2006)(psychotherapist - patient). The privilege for private communications between spouses is recognized by the United States Supreme Court in *Blau v. United States,* 340 U.S. 332 (1951)*; Wolfe v. United States,* 291 U.S. 7 (1934); and *Roberts v. United States Jaycees,* 468 U.S. 609, 618-619 (1984). Therefore, the Government's argument in its response that federal courts do not recognize medical privileges and spousal communication privileges is not well taken.

To back up its argument, the Government cites to the Court *United States v. Squillacote,* 221 F.3d 542 (4th Cir. 2000) for the proposition that suppression of evidence was not warranted because the privilege was not constitutionally based. In that case, there were intercepted calls between the defendant and a psychotherapist. The defendant made an argument based on the case of *Kastigar v. United States,* 406 U.S. 441(1972) which argument was rejected. However, in rejecting the argument, the court clearly stated that conversations between a defendant and a psychotherapist were privileged. *Id.* at 559. The issue in that case was the use of derivative evidence, not direct evidence of a privileged communication. The Government also cites the case of *United States v. Lefkowitz,* 618 F.2d 1313 (9th Cir. 1980) for the proposition that the privileges are not grounded in the Constitution. That case involved a search warrant based on information given to law enforcement by the defendant's wife. The case recognizes that there is a confidential marital communication privilege. *Id.* at 1317-1318. The privileges at issue here require protection whether or not they are grounded in the Constitution.

Next, the Government makes an argument concerning the use of filter teams to determine whether evidence protected by an attorney-client privilege would be withheld from the prosecution team. In this case, the Government in March of 2022 belatedly established an in-house filter team to look for attorney-client

2

communications only. The government's filter team was not charged with finding or removing from consideration marital communications, medical records, physician-patient. communications, or accountant-client communications. The government's filter team is not a reasonable fix for the fact that the Government seized and now has in its possession privileged communications. In this case, the Government has asked counsel to personally review hundreds or thousands of emails, text messages, and private communications between husband and wife to determine and request on a communication-by-communication basis that the Government honor the privilege. This request is unreasonable for two reasons. First, it shifts the burden on the Defendants' attorney that belongs with the prosecution. Second, it is more than this defense counsel can do without hiring additional support.

Defendants seek sanctions for what the Government has done with their confidential communications in this case. The Government seized, through text messages and emails, hundreds, if not thousands, of communications between husband and wife. Now that it has been challenged in its overreach, it asserts that some of those communications may have lost their privilege status because of alleged involvement by the spouse through a criminal conspiracy in criminal activity. However, the Government has not sought to set forth which of the hundreds if not thousands of communications it claims occurred after one or more spouses became a participant in a crime and when such communication is, in fact, evidence of joint criminal activity. The Government simply says that it is allowed to look at everything because some conversations may have lost their protective status.

Finally, the Government argues that even if there was a basis for sanctions, the Court should impose the least severe sanction that will punish the offending party for his wrongdoing. In this case, it argues that the sanction of dismissal would be too radical and extreme. However, the Government does not state why it is so radical and extreme or what sanction would be appropriate in this case. Consequently, the

3

Defendants stand on their request that the Court impose sanctions for the violation of privileged communications, and that that sanction be dismissal of the indictment.

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Motion for Sanctions* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

      Defendants.

---

**REPLY RE: MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF
3222 EAST FIRST AVENUE, APARTMENT 224**

---

      Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submit their reply in support of their Motion to Suppress Evidence from the search of 3222 East First Avenue, Apartment 224. (Doc. 221). The government has now filed its response in opposition to the motion. (Doc. 236). In its response, the government asserts that the affidavit in support of the search warrant established probable cause with sufficient nexus to seize the two bank bags; and the government asserts that all photographs taken by the agents in the apartment were either explicitly authorized or in plain view and, therefore, should not be suppressed.

      The government does not contest and, therefore, concedes that when agents arrived at the apartment, Michael Tew was there, but not Kimberley Tew; and that Michael Tew immediately showed the agents the two bags; and that Michael Tew told the agents that Ms. Tew was not there, and that she had the iPhone they were looking for. The Government also concedes and does not contest that the agents knew that Kimberley Tew and iPhone with number 917-446-2046 was not in the apartment because Michael

Tew called his wife on that phone number while the agents were conducting the search. Moreover, had the agents wanted to verify the location of the phone, they merely had to call 917-446-2046, the number stated in the search warrant, and talk to Kimberley Tew.

In executing the warrant, once the agents were given the two bank bags that were the subject of the search and had satisfied themselves that Ms. Tew's iPhone was not in the apartment, the search should have been ended. It wasn't. Instead, the agents went through every room in the home and photographed the entire premises for use as exhibits and evidence in the upcoming criminal trial. The agents should have left the home of Michael and Kimberley Tew when the object of their search and their authorization pursuant to a court-issued search warrant was accomplished. However, they didn't leave the home. They continued to conduct what then became an unauthorized illegal search.

With respect to the two bank bags, the Government asserts, without a cogent explanation, that there was a sufficient nexus between the bank bags, the residence, and the criminal conduct or the proceeds or evidence of criminal conduct. The Government makes general statements about search and seizure law such as that the magistrate judge can draw reasonable inferences from the information provided, that probable cause is common sense and practical, not technical, and other such standard rubrics of search and seizure law. However, the Government has not pointed to facts that would cause a reasonable person, such as the magistrate, to conclude that the bank bags contained the proceeds of an alleged fraud from National Air Cargo. To do so involves a leap of faith as well as a leap of logic. It also requires a leap of logic to believe that the bank bags seen on visual surveillance on July 4, 2020 or March 27, 2020 were used in a fraud. Dealing with probabilities, not possibilities, the Government has failed to show a probability that the bank bags are linked to the alleged fraudulent scheme to defraud money from National Air Cargo, and that the bank bags were used to deposit proceeds from the fraud. Accordingly, the search of the bank bags and seizure of the bank bags should be suppressed.

The second half of the motion relates to the photographs. The Government seeks to invoke the plan view doctrine. However, the plain view doctrine is not applicable. The plain view doctrine requires the seizure of incriminating evidence, not the seizure of evidence unconnected to the crime and, hence, not incriminating. *Horton v. California*, 496 U.S. 128, 134-135 (1990)(citing Coolidge v. New Hampshire, 403 U.S. 443 (1971)).

The second argument made by the Government in this case is that the taking of photographs is not a seizure. The Government cites for this proposition, *United States v. Espinosa*, 641 F.2d 153 (4th Cir. 1991). However, the *Espinosa* court says explicitly "[t]aking a photograph may, under some circumstances, constitute an unreasonable seizure." *Id.* at 166. The Government also cites as authority *United States v. Mancari*, 463 F.3d 590, 596 (7th Cir. 2006). In *Mancari*, the Government photographed money which was directly connected to the crime under investigation. In this case, the photographs have no direct connection to the crime under investigation. Defendants are not challenging the right of agents to photograph that which they are seizing in a search. However, in this case, they went too far and photographed the entire apartment, which was not **evidence** in plain view, nor was it evidence of the crime. For these reasons, the photographs taken by the agents of the apartment should be suppressed.

Finally, the Government argues that there is no need for a hearing on whether or not the bank bags were adequately described as part of the warrant or whether the photographs exceeded the scope authorized by the warrant. Defendants raise the issue as to the limits of the Government's right to stay in the apartment photographing it after they had obtained the bank bags and learned that the phone was not available or search or seizure. If the Government concedes these facts, then, perhaps, a hearing is not required; at least not an evidentiary hearing.

3

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

### Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

### CERTIFICATE OF SERVICE

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

      Defendants.

---

**COMBINED REPLY TO THE GOVERNMENT'S RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTIONS FOR THE GOVERNMENT
TO FILE A JAMES PROFFER, ETC.**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submits their combined reply to the Governments' Responses in opposition to Defendants' motions for the Government to file a James Proffer. (Docs. 231 and 232).

Defendants Michael A. Tew and Kimberley A. Tew each filed a motion for the Government to identify any alleged co-conspirator statements which it will seek to admit at the trial pursuant to Fed. R. Evid. 801(d)(2)(E). (Docs. 219 and 220). In this regard, the Defendants rely on a body of law which has come to be called James Proffer and James Hearing. The Government has now filed its response in opposition to these two motions; yet states that "the Government does not oppose making a James Proffer in this case."

The Government clearly admits that it wants to use co-conspirator statements in its case at trial. However, the Government goes on to state that it cannot identify those statements and proposes a delayed preparation of James log until "eight weeks after the Court rules on the pending motions." The reason for this inability of the Government to

identify co-conspirator statements is, per the Government's response, that it needs to finish executing several search warrants. This delay request is related to the pending motion about privileged communications. (Doc. 214).

The search warrants that the Government references have been identified in a motion to suppress evidence filed by the Defendants on May 12, 2022. (Doc. 200). Those search warrants were sought and obtained back in July, September, and December of 2020 –– twenty months ago or more. During those twenty months or more, this case has been set for trial on three separate dates all of which have been continued by the defense. Theoretically, the Government should have been ready for trial on at least some of those earlier set trial dates. This case is now four months from another trial setting and the defense will be prejudiced if it does not know what statements from the alleged co-conspirators, Jonathan Yioulos, Michael Mora, Christian Rincon, Kimberly Tew, and Michael Tew, the defense needs to prepare to meet or challenge.

Consequently, the Defendants request that this Court set a date for a James Proffer to be turned over by the Government containing all the statements it intends to use at trial from alleged co-conspirators in a timely manner so as to not prejudice the defense. Thereafter, the Court should set a time for the Defendants to challenge that those statements do not meet the requirements of Fed. R. Evid. 801(d)(2)(E), and for a hearing to resolve the issues by any such objections.

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

2

## Certification of Type-Volume Limitation

      I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

      I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Combined Reply to the Government's Response in Opposition to Defendants' Motions for the Government to File a James Proffer, Etc.* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Jeannette Wolf*
Jeannette Wolf

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

      Defendants.

---

**REPLY RE: DEFENDANT KIMBERLEY ANN TEW'S
MOTION FOR SEVERANCE**

---

      Defendant, Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submits her reply in support of her motion for a severance (Doc. 218). The government has filed a Response opposing the severance generally and arguing that the *Bruton* rule is applicable but wants the defense to first identify all statements subject to the rule. (Doc. 230).

      The first ground submitted by Ms. Tew for a severance relates to the *Bruton* rule. The Government acknowledges the law as stated in Bruton v. United States. The Government is well aware of all of the statements made by Michael Tew and which of those statements or parts of those statements that implicate and mention Kimberley Tew. Despite the fact that the Government has control over the evidence that it intends to admit at trial, it seeks to place the onus on the defense to not only identify which statements the prosecution intends to use at trial, but also identify what parts of statements implicate Kimberley Tew. The government cite no law in its attempt to create a burden or hurdle for the defense.

For example, on July 7, 2020, the government enlisted co-defendant Jonathan Yioulos to make a pretext call to Michael Tew. This call was recorded, and the recording has been turned over to the defense in discovery; however, there is no transcript of this call which lasted approximately thirty minutes. The Government has not provided a transcript of this thirty-minute telephone call. In that call, Michael Tew makes statements incriminating his wife, Kimberley Tew. The defense anticipates but does not know whether the Government will use some or all of that call in the trial of the case.[1]

In the early stages of this case before the indictment was returned by the grand jury, the Tews were each separately interviewed by government agents and the assistant Unites States attorneys assigned to the case. These interviews were conducted in accordance with a proffer agreement whereby the government committed that nothing said in the proffer agreement would be used against the individual being interviewed. The proffer did not cover the situation where statements made in that interview would be used against a co-defendant. If used against a co-defendant the prosecution presumably would ask for a limiting instruction that the jury could only consider the evidence against the co-defendant, but not the proffering defendant. The purpose of the proffers were an attempt by the government and the defendants to reach an early plea agreement in the case. Although the government cannot use Michael Tew's Proffer statements against him unless he breaches the proffer agreement, his statements can be used against Kimberley Tew. Vice versa, her proffer statement cannot be used against her, but it can be used against Michael Tew. If the Government chose to take this course of action during the trial, the Defendants could each ask for a limiting instruction to the jury explaining how this evidence could be used. However, in such case, the evidence would violate the *Bruton*

---

[1] In conferring with AUSA Fields about the motion, Mr. Fields wrote to counsel, "[h]ave you identified any particular statements that you think are covered by Bruton? If you have, can you please send them to me. We might be able to negotiate redactions as permitted by Richardson v. Marsh." In response to this email, Mr. Bornstein wrote back that he believed that the pretext calls from Yioulos to Tew have Bruton problems and that the Proffer of each Tew cannot be used against that person but can be used against the other person.

rule. The statements made during the proffer of each of the defendants lasted approximately six hours of recorded testimony in the case of Michael Tew and two hours of recorded testimony in the case of Kimberley Tew. Once again, the government has not provided transcripts of these audio recordings.

It is the government, not the defense, that controls what evidence will be introduced by the prosecution in its case in chief. If the government intends to use statements by Michael Tew that incriminates Kimberley Tew, then either a severance must be granted or the statements must be redacted and sanitized so as to remove any evidentiary value against Kimberley Tew. The choice between a severance or a redaction is on the government, not on the defense.

In addition to the Bruton problem, Kimberley Tew's motion for a severance relates to and is based on other issues present in the case. These issues include the difference in the number of counts against Ms. Tew, the amount of evidence concerning her, the inferences that can be drawn from the relationship of husband and wife, and evidentiary rulings that evidence can only be considered against Michael Tew.

Appellate case law on this subject is not helpful. Appellate law is based on the situation where a defendant is convicted and raises on appeal that he should have been granted a severance. Since the decision to grant a severance is in the sound discretion of the trial court, almost every such conviction and in every such case the appellate court finds that the court did not abuse its discretion. This body of law does not assist trial courts in determining when it should grant a severance since those cases where a severance is granted there is no appellate issue.

For these reasons, the Court should grant Kimberley Tew's motion for a separate trial from that of Michael Tew.

3

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*and Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Defendant Kimberley Ann Tew's Motion for Severance* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

      Defendants.

---

**REPLY RE: DEFENDANT MICHAEL TEW'S MOTION TO SUPPRESS**
**THE USE OF STATEMENTS**

---

      Defendant, Michael A. Tew, by his counsel of record, Peter R. Bornstein, hereby submits his reply in support of his Motion to Suppress the Use of Statements . (Doc. 216). The Government has now filed a response in opposition to Mr. Tew's motion arguing that the Defendant was not in custody when he was questioned by law enforcement officers. (Doc. 235).

      Defendant agrees with the general legal principles governing the issue. In this case, Mr. Tew was essentially under house arrest. Although, he could go back to his apartment from the hallway where he met the officers, objectively, he was unable to leave the apartment building. Of the four factors spelled out by the Tenth Circuit in *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020 ), each of those factors is present in this case.

      Mr. Tew as a suspect was not told that he was free to refrain from answering questions or to end the interview at will. The agents from the IRS did not so advise him. Second, the questioning was about invoices submitted to National Air Cargo which was

the subject of the criminal case that other agents were actively in the process of filing a complaint and obtaining an arrest warrant. Third, the police officers were armed and dominated the encounter. Finally, the suspect was arrested at the end of the process. These are objective facts and not based on any subjective determinations by either Mr. Tew or by the officers.

Attached to the Response filed by the Government is a Memorandum of Interview written by Supervisory Agent Stark and a Memorandum of Activity written by Supervisory Agent Stark. These memorandums are not a substitute for live testimony at an evidentiary hearing. Nevertheless, it is clear from the Government's own report that Mr. Tew was under house arrest and was not going to be allowed to leave his apartment building.

Based on the totality of the circumstances, Mr. Tew was in custody at the time he was questioned by both Special Agent Anderson and by IRS agents. Consequently, his statements made during this custodial interrogation without Miranda warnings should be suppressed from use at the trial in the case. Additionally, any derivative evidence arising out of this interview and questioning should also be suppressed.

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

2

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Defendant Michael Tew's Motion to Suppress the Use of Statements* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

     Defendants.

---

**REPLY RE: MOTION FOR A FRANKS v. DELAWARE HEARING**

---

     Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submit their reply in support of their Motion for a *Franks v. Delaware* Hearing. (Doc. 215). In their motion, Defendants set forth material misstatements and omissions from the affidavits that the government used to obtain search warrants in this case. (Motion ¶4).

     In its response to this motion (Doc. 233), the government has stated that the Defendants have not made a substantial preliminary showing of any intentionally false statements. Citing *United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012), the Government posits that the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. The Government goes on to state that the Defendant has a heavy burden to establish falsity and that it is the burden of the Defendant to make a substantial preliminary showing. *United States v. Arbolaez*, 450 F.3d 1283, 1294 (11th Cir. 2006) and *United States v. Long*, 774 F.3d 653, 662 (10th Cir. 2014).

The Tenth Circuit Court of Appeals, and other Appellate Courts have been less than clear on what the defense needs to do to meet this preliminary showing and burden.  It is suggested that the allegations must be accompanied by an offer of proof.  *Williams*, *id*. at 905 (quoting *Franks v. Delaware*, 438 U.S. 154 (1978).  *United States v. Cooper,* 654 F.3d 1104, 1128 (10th Cir. 2011) suggests that "affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained."

Given the ambiguity of what is required by the defense to meet the Government's challenge that it has not made a substantial preliminary showing, the Defendants tender to the Court their affidavits.  In tendering these affidavits to the Court, the Defendants invoke the Simmons doctrine wherein the Supreme Court held that a defendant's testimony at a suppression hearing to establish standing to object to a search cannot be used against him at trial to establish guilt because, otherwise, the defendant would be required to choose between the Fourth Amendment right to be free from unreasonable searches and the Fifth Amendment right against self-incrimination.  *United States v. Hardwell*, 80 F.3d 1471, 1483 (10th Cir. 1996).  These affidavits establish that the government agents' affidavits for the search warrants intentionally or recklessly contained the following material misstatements or omissions.

    A.    Kimberley Tew did not send on July 1, 2020 a text message to Jonathan Yioulos from a Google voice number 469-319-0152.  (Motion ¶4A).

    B.    Jonathan Yioulos embezzled funds from National Air Cargo ("NAC") using phony invoices well before the first transaction involving either Defendant.  (Motion ¶4B).

    C.    It was Jonathan Yioulos who suggested using companies for invoices to NAC and not Michael Tew.  (Motion ¶4D).

    D.    Jonathan Yioulos participated in the fraud alleged against him in order to help Mr. and Mrs. Tew and not because he was threatened with a loss of employment if he refused to pay fraudulent invoices.

2

E.     Kimberley Tew did not share bank accounts with Michael Tew as they had only one common checking account with Navy Federal Credit Union. (Motion ¶4I).

F.     Michael Tew had bank deposits from other sources of income than from the alleged fraud against NAC.  (Motion ¶4J).

G.     Jonathan Yioulos willingly participated in the fraud and was never threatened that Michael and/or Kimberley Tew would get him fired unless he kept processing fraudulent invoices.  (Motion ¶4C and K)

H.     Kimberley Tew never accessed fraudulent payments from NAC in a variety of bank accounts.  (Motion ¶4L).

I.     NAC payments via ACH did not need approval and could be submitted and paid by Jonathan Yioulos.  (Motion ¶4O).

J.     NAC had no system to identify whether invoices were from approved or unapproved vendors as it had no system to approve vendors.  (Motion ¶4N).

K.     Kimberley Tew did not have accounts or business transactions on the "dark net."  (Motion ¶4H).

L.     At the meeting held on July 28, 2020 at Yeti, Kimberley Tew did not mention the NAC fraud when she said she wanted to take responsibility. (Motion ¶4E).

M.     Jonathan Yioulos received more than "a few" bitcoin.

Defendants are making a serious attack on the veracity of the search warrant affidavits. They are not making conclusory allegations with a mere desire to cross examine agents.

Based on the affidavits of Kimberley A. Tew and Michael A. Tew, the Defendants have now made a substantial preliminary showing that false statements were knowingly and intentionally, or with reckless disregard for the truth, were included by the affiants in the warrants' affidavits submitted to the Court.  These false statements were necessary to

3

the finding of probable cause. Consequently, the Fourth Amendment requires that a hearing be held pursuant to the request by these two Defendants. *United States v. Long*, 774 F.3d 653, 661 (10th Cir. 2014).

For these reasons, the Defendants' Motion for a *Franks v. Delaware* hearing should be granted.

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Motion for a Franks v. Delaware Hearing* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

        Defendants.

---

## DECLARATION OF MICHAEL A. TEW

---

        Michael A. Tew, hereby makes the following declaration:

        1.      I make this declaration in connection with the motion pending before this Court for a Franks v. Delaware hearing.

        2.      In making this declaration, I am relying on the Simmons doctrine that what I say cannot be used at trial to establish my guilt.

        3.      Based on discovery provided by the Government in this case, it had evidence that Jonathan Yioulos embezzled funds from National Air Cargo before August of 2018.

        4.      Jonathan Yioulos's motivation for paying me money was that I was owed money from National Air Cargo  ("NAC") and because he wanted to help my family when we were being extorted by Craig  Feigin and Christian Rincon.

        5.      I never threatened Jonathan Yioulos with a loss of employment if he refused to send money.

6.     Jonathan Yioulos told me that he did not want to communicate with my wife and only wanted to talk to me after December of 2018.

7.     I had bank deposits that came to me from work that I did for clients.

8.     NAC did not have a system of approving or not approving vendors and there was no list by which one could match invoices with approved vendors.

9.     Payments via ACH did not need dual authorization approval and could be submitted and paid by Jonathan Yioulos alone.

10.     Jonathan Yioulos received more than a few Bitcoin.

11.     I never suggested to Yioulos to use unapproved vendor companies for invoices to NAC.

12.     National Air Cargo, Inc. is not a Florida corporation.

I declare and certify under penalty of perjury that the foregoing is true and correct.

Dated and executed on this __23rd__ day of August 2022.

DECLARANT:

_____

Michael A. Tew

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

      Defendants.

---

### DECLARATION OF KIMBERLEY A. TEW

---

Kimberley A. Tew, hereby makes the following declaration:

1.    I make this declaration in connection with the motion pending before this Court for a Franks v. Delaware hearing.

2.    In making this declaration, I am relying on the Simmons doctrine that what I say cannot be used at trial to establish my guilt.

3.    I did not send a text message to Jonathan Yioulos from a Google Voice Number 469-319-0152 on July 1, 2020 or on any other date.

4.    Jonathan Yioulos blocked my phone number on November 18, 2018.

5.    I did not use or access the "dark net."

6.    I had one shared checking account with my husband, Michael Tew, at Navy Federal Credit Union.

7.    I never threatened Jonathan Yioulos.

8.    I never accessed fraudulent payments from National Air Cargo in a variety of bank accounts.

9.      On July 29, 2020, I did not mention NAC or any fraud involving NAC.

I declare and certify under penalty of perjury that the foregoing is true and correct.

Dated and executed on this ___23rd___ day of August 2022.


DECLARANT:

_____

Kimberley A. Tew

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  **MICHAEL AARON TEW, and**
    2.  **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

      Defendants.

---

**GOVERNMENT'S LIST OF PROPOSED EXHIBITS FOR SUPPRESSION HEARING OF OCTOBER 12, 2022**

---

The government hereby submits its preliminary list of proposed exhibits. The government notes its objection to any hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) for the reasons set forth in its filing at ECF No. 215. The defendants are only entitled to a hearing if they provide a substantial preliminary showing that agents here made intentionally and knowingly false statements or acted with reckless disregard for the truth. This is an extraordinary allegation and entertaining it without a proper basis is contrary to the law's presumption of good faith.

The government will seek to admit exhibits 9 -44 only in the event of a *Franks* hearing. Because the issue at a *Franks* hearing is the knowledge of the affiants at the time of the warrant, the government's position is that each is admissible for the non-hearsay effect on the listener (i.e., the affiant using the evidence to craft her affidavit) and not for the truth of any matters asserted.

. . . .

. . . .

Respectfully submitted this 6th day of July, 2022.

COLE FINEGAN
United States Attorney

By:    */s/ Bryan Fields*              By:    */s/ Al Buchman*
Bryan Fields                           Albert Buchman
Assistant United States Attorney       Assistant United States Attorney
U.S. Attorney's Office                 U.S. Attorney's Office
1801 California St. Suite 1600         1801 California St. Suite 1600
Denver, CO 80202                       Denver, CO 80202
(303) 454-0100                         (303) 454-0100
Bryan.Fields3@usdoj.gov                Al.Buchman@usdoj.gov
Attorney for the Government            Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record

By:     /s Bryan Fields
        Bryan Fields
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Bryan.Fields3@usdoj.gov
        Attorney for the Government

1

CASE CAPTION:   UNITED STATES OF AMERICA v. MICHAEL AARON TEW, ET AL.

CASE NO.:   20-cr-00305-DDD

EXHIBIT LIST OF:   United States of America, Plaintiff
                              (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 1 | | Search Warrant – Kley@me.com | | | | | |
| 2 | | Search Warrant – meyersconsultinggroupinc@gmail.com | | | | | |
| 3 | | Search Warrant – Political.Media.WDC@gmail.com | | | | | |
| 4 | | Search Warrant – chrisrncn@gmail.com | | | | | |
| 5 | | Search Warrant – 3222 First Avenue | | | | | |
| 6 | | Search Warrant Photographs (1) | | | | | |
| 7 | | Search Warrant Photographs (2) | | | | | |
| 8 | | Search Warrant Photographs (3) | | | | | |
| 9 | | K. Tew Application for NFCU Account | | | | | |
| 10 | | K. Tew NFCU Account Statement 12/17/19 – 01/16/20 | | | | | |
| 11 | | K. Tew NFCU Account Statement 03/17/20 – 04/16/20 | | | | | |
| 12 | | ACH Transaction Detail 04/01/2020 | | | | | |
| 13 | | GFL Invoices April 2020 | | | | | |
| 14 | | Key Bank Account Statement 07/27/2017 | | | | | |
| 15 | | Google Account ID x7580 | | | | | |
| 16 | | Text from K. Tew to J. Yioulos July 1, 2020 | | | | | |
| 17 | | Texts between M. Tew and J. Yioulos March 18, 2020 | | | | | |
| 18 | | Texts between K. Tew and J. Yioulos October 30, 2018 | | | | | |
| 19 | | Texts between M. Tew and J. Yiolous November 9, 2018 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 20 | | Texts between M. Tew and J. Yiolous February 19, 2019 | | | | | |
| 21 | | Declaration of M. Tew | | | | | |
| 22 | | Declaration of K. Tew | | | | | |
| 23 | | Summary of J. Yioulous Coinbase Transactions | | | | | |
| 24 | | Email re invoice from CPA | | | | | |
| 24(a) | | Invoice re CPA | | | | | |
| 25 | | Summary of Fraudulently Paid Invoices | | | | | |
| 26 | | ATM Photograph of K. Tew on March 20, 2020 | | | | | |
| 27 | | M. Tew NFCU Account Statement March 17, 2020 – April 16, 2020 | | | | | |
| 28 | | Memorandum of Interview of C.A. and L.A. | | | | | |
| 29 | | Memorandum of Interview of A.S. | | | | | |
| 30 | | Memorandum of Interview of K. Tew on July 7, 2020 | | | | | |
| 31 | | Memorandum of Arrest of M. Tew | | | | | |
| 32 | | Memorandum of Interview of M. Tew | | | | | |
| 33 | | M. Tew Proffer Letter July 12, 2020 | | | | | |
| 34 | | M. Tew Proffer Letter July 27, 2020 | | | | | |
| 35 | | K. Tew Proffer Letter October 16, 2020 | | | | | |
| 36 | | Memorandum of Search of 3222 First Avenue | | | | | |
| 37 | | Memorandum of Interview of A.S. | | | | | |
| 38 | | Audio Recording – J.Y. on July 7, 2020 | | | | | |
| 39 | | Audio Recording – Proffer of M. Tew on July 15, 2020 | | | | | |
| 40(a) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 1) | | | | | |
| 40(b) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 2) | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 40(c) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 3) | | | | | |
| 40(d) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 4) | | | | | |
| 41 | | Audio Recording – Proffer of Meeting on July 29, 2020 | | | | | |
| 42(a) | | Audio Recording – Proffer of K. Tew on October 23, 2020 (part 1) | | | | | |
| 42(b) | | Audio Recording – Proffer of K. Tew on October 23, 2020 (part 2) | | | | | |
| 42(c) | | Audio Recording – Proffer of K. Tew on October 23, 2020 (part 3) | | | | | |
| 43 | | Summary of Exhibits Supporting Statements Identified in ECF No. 215, ¶4 | | | | | |
| 44 | | Texts between M. Tew and J. Yioulos November 13, 2019 | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  **MICHAEL AARON TEW, and**
2.  **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

**GOVERNMENT'S LIST OF PROPOSED WITNESSES FOR SUPPRESSION HEARING OF OCTOBER 12, 2022**

---

The government hereby submits its final list of proposed witnesses. The government notes its objection to any hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) for the reasons set forth in its filing at ECF No. 215. The defendants are only entitled to a hearing if they provide a substantial preliminary showing that agents here made intentionally and knowingly false statements or acted with reckless disregard for the truth. This is an extraordinary allegation and entertaining it without a proper basis is contrary to the law's presumption of good faith.

The government will have the relevant agents available to testify but if a *Franks* hearing is unnecessary then the proposed times for testimony will be much shorter:   Special Agent

. . . .

. . . .

. . . .

. . . .

. . . .

1

Palmer would be approximately 20 minutes and Special Agent Anderson would be

approximately 30.

Respectfully submitted this 6th day of July, 2022.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*                By:  */s/ Al Buchman*
Bryan Fields                           Albert Buchman
Assistant United States Attorney       Assistant United States Attorney
U.S. Attorney's Office                 U.S. Attorney's Office
1801 California St. Suite 1600         1801 California St. Suite 1600
Denver, CO 80202                       Denver, CO 80202
(303) 454-0100                         (303) 454-0100
Bryan.Fields3@usdoj.gov                Al.Buchman@usdoj.gov
Attorney for the Government            Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record

By:     */s Bryan Fields*
        Bryan Fields
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Bryan.Fields3@usdoj.gov
        Attorney for the Government

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## Judge Daniel D. Domenico

Case No.  20-cr-00305-DDD              Date: October 12, 2022

Case Title: United States of America v. Michael Aaron Tew et al.

<u>PLAINTIFF</u>  WITNESS LIST
(Plaintiff/Defendant)

| WITNESS | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|
| TONY ROMERO | October 12, 2022 30 minutes (Direct) |
| LISA PALMER | October 12, 2022 90 minutes (Direct) |
| SARAH ANDERSON | October 12, 2022 60 minutes (Direct) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### JUDGE DANIEL D. DOMENICO

Criminal Case No.:  20-cr-00305-DDD          Date:  October 12, 2022
Courtroom Deputy:  Robert R. Keech           Court Reporter: Julie Thomas
Probation Officer:   N/A                     Interpreter: N/A

_Parties:_                                   _Counsel:_

UNITED STATES OF AMERICA,                    Bryan D. Fields
                                             Albert C. Buchman
     Plaintiff,

v.

1. MICHAEL AARON TEW, and                    Peter R. Bornstein
2. KIMBERLY ANN TEW,

     Defendants.

---

## COURTROOM MINUTES

---

**MOTION HEARING**

**9:37 a.m.**    Court in session. Defendants present, on bond.

              Appearances of counsel.

              Opening remarks by Court.

              [218] Defendant Kimberly Ann Tew's Motion for Severance is raised for argument.

9:41 a.m.    Argument by Defendants by Mr. Bornstein.

9:44 a.m.    Argument by Government by Mr. Fields.

10:00 a.m.    Argument by Defendants by Mr. Bornstein.

10:02 a.m.    Argument by Government by Mr. Fields.

10:04 a.m.    Argument by Defendants by Mr. Bornstein.

**ORDERED:**     [218] Defendant Kimberly Ann Tew's Motion for Severance is **TAKEN UNDER ADVISMENT.**

Court indicates a written order shall be forthcoming.

[215] Defendants' Motion for Franks Hearing is raised for argument.

10:06 a.m.     Argument by Defendants by Mr. Bornstein.

10:14 a.m.     Argument by Government by Mr. Fields.

10:39 a.m.     Argument by Defendants by Mr. Bornstein.

**ORDERED:**     [215] Defendants' Motion for Franks Hearing is **DENIED.**

**11:04 a.m.**     Court in recess.

**11:22 a.m.**     Court in session.

11:23 a.m.     Government's witness **Anthony Romero** sworn.

Direct examination by Government by Mr. Fields.
*Exhibit(s) identified:        6, 8*

**Exhibit(s) 6 (pages 2-3 only), 8 (pages 34-35 only) RECEIVED.**

11:45 a.m.     Cross examination by Defendants by Mr. Bornstein.
*Exhibit(s) identified:        A, B, 8*

**Exhibit(s) A, B RECEIVED.**

12:24 p.m.     Re-direct examination by Government by Mr. Fields.

**12:30 p.m.**     Court in recess.

**1:34 p.m.**     Court in session.

1:35 p.m.     Government's witness **Sarah Anderson** sworn.

Direct examination by Government by Mr. Fields.
*Exhibit(s) identified:        8*

1:49 p.m.     Cross examination by Defendants by Mr. Bornstein.

| | |
|---|---|
| 2:26 p.m. | Government's witness **Lisa Palmer** sworn. |
| | Direct examination by Government by Mr. Fields.<br>*Exhibit(s) identified:*     *6* |
| 2:33 p.m. | Voir dire by Defendants by Mr. Bornstein.<br>*Exhibit(s) identified:*     *6* |
| 2:38 p.m. | Direct examination continues by Government by Mr. Fields.<br>*Exhibit(s) identified:*     *6, 7, 8* |

**Exhibit(s) 6 (entire exhibit), 7, 8 (entire exhibit) RECEIVED.**

| | |
|---|---|
| 2:48 p.m. | Cross examination by Defendants by Mr. Bornstein.<br>*Exhibit(s) identified:*     *8* |
| 3:02 p.m. | Re-direct examination by Government by Mr. Fields.<br>*Exhibit(s) identified:*     *5* |
| 3:06 p.m. | Government rests. |
| **3:06 p.m.** | Court in recess. |
| **3:21 p.m.** | Court in session. |
| | [221] Defendants' Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224 and [216] Defendants' Motion to Suppress the Use of Statements are raised for argument. |
| 3:21 p.m. | Argument by Government by Mr. Fields. |
| 3:26 p.m. | Argument by Defendants by Mr. Bornstein. |
| 3:35 p.m. | Argument by Government by Mr. Fields. |
| 3:41 p.m. | Argument by Defendants by Mr. Bornstein. |
| **ORDERED:** | [221] Defendants' Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224 is **TAKEN UNDER ADVISEMENT.** |
| **ORDERED:** | [216] Defendants' Motion to Suppress the Use of Statements is **TAKEN UNDER ADVISEMENT.** |
| | [200] Defendants' Motion is raised for argument. |
| 3:53 p.m. | Argument by Defendants by Mr. Bornstein. |

4:06 p.m.        Argument by Government by Mr. Fields.

4:19 p.m.        Argument by Defendants by Mr. Bornstein.

4:26 p.m.        Argument by Government by Mr. Fields.

**ORDERED:**     [200] Defendants' Motion is **TAKEN UNDER ADVISEMENT.**

                [214] Defendants' Motion for Sanctions for Violating Communication Privileges is raised for argument.

4:29 p.m.        Argument by Defendants by Mr. Bornstein.

4:41 p.m.        Argument by Government by Mr. Fields.

**ORDERED:**     [214] Defendants' Motion for Sanctions for Violating Communication Privileges is **TAKEN UNDER ADVISEMENT.**

                [219] Defendant Michael Aaron Tew's Motion for James Hearing and for Government to File a James Proffer and [220] Defendant Kimberly Ann Tew's Motion for James Hearing and for Government to File James Proffer are raised for argument.

4:49 p.m.        Argument by Government by Mr. Fields.

4:52 p.m.        Argument by Defendants by Mr. Bornstein.

**ORDERED:**     [219] Defendant Michael Aaron Tew's Motion for James Hearing and for Government to File a James Proffer is **TAKEN UNDER ADVISEMENT.**

**ORDERED:**     [220] Defendant Kimberly Ann Tew's Motion for James Hearing and for Government to File James Proffer is **TAKEN UNDER ADVISEMENT.**

                Court indicates that written orders shall be forthcoming.

**ORDERED:**     Bond is **CONTINUED AS TO BOTH DEFENDANTS.**

4:59 p.m.        **Court in recess. <u>Hearing concluded. Total time:    5:45</u>**

**<u>CLERK'S NOTE: EXHIBITS WERE RETURNED TO COUNSEL AT THE CONCLUSION OF THE HEARING.</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Judge Daniel D. Domenico**

Case No.  20-cr-00305-DDD                    Date: October 12, 2022

Case Title: United States of America v. Michael Aaron Tew et al.

### PLAINTIFF  WITNESS LIST
(Plaintiff/Defendant)

| WITNESS | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|
| *Anthony* <br> TONY ROMERO _____ | ① *11:23am.* October 12, 2022 30 minutes (Direct) |
| LISA PALMER _____ | ③ *2:26pm.* October 12, 2022 90 minutes (Direct) |
| SARAH ANDERSON _____ | ② *1:35pm.* October 12, 2022 60 minutes (Direct) |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**CASE CAPTION:** <u>UNITED STATES OF AMERICA v. MICHAEL AARON TEW, ET AL.</u>

**CASE NO.:** <u>20-cr-00305-DDD</u>

**EXHIBIT LIST OF:** <u>United States of America, Plaintiff</u>

                      (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 1 | | Search Warrant – Kley@me.com | | | | | |
| 2 | | Search Warrant – meyersconsultinggroupinc@gmail.com | | | | | |
| 3 | | Search Warrant – Political.Media.WDC@gmail.com | | | | | |
| 4 | | Search Warrant – chrisrncn@gmail.com | | | | | |
| 5 | Palmer. | Search Warrant – 3222 First Avenue | | | | | |
| 6 | Romero, Palmer | Search Warrant Photographs (1) | | X | X 10/12  X 10/12 | | pp 2-3 whole exhibit no obj. |
| 7 | Palmer | Search Warrant Photographs (2) | | X | 10/12 X | | no obj. |
| 8 | Romero, Anderson Palmer. | Search Warrant Photographs (3) | | X | X 10/12  X 10/12 | | pp 34-35 entire exhibit over obj. |
| 9 | | K. Tew Application for NFCU Account | | | | | |
| 10 | | K. Tew NFCU Account Statement 12/17/19 – 01/16/20 | | | | | |
| 11 | | K. Tew NFCU Account Statement 03/20/20 – 04/16/20 | | | | | |
| 12 | | ACH Transaction Detail 04/01/2020 | | | | | |
| 13 | | GFL Invoices April 2020 | | | | | |
| 14 | | Key Bank Account Statement 07/27/2017 | | | | | |
| 15 | | Google Account ID x7580 | | | | | |
| 16 | | Text from K. Tew to J. Yioulos July 1, 2020 | | | | | |
| 17 | | Texts between M. Tew and J. Yioulos March 18, 2020 | | | | | |
| 18 | | Texts between K. Tew and J. Yioulos October 30, 2018 | | | | | |
| 19 | | Texts between M. Tew and J. Yiolous November 9, 2018 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 20 | | Texts between M. Tew and J. Yiolous February 19, 2019 | | | | | |
| 21 | | Declaration of M. Tew | | | | | |
| 22 | | Declaration of K. Tew | | | | | |
| 23 | | Summary of J. Yioulous Coinbase Transactions | | | | | |
| 24 | | Email re invoice from CPA | | | | | |
| 24(a) | | Invoice re CPA | | | | | |
| 25 | | Summary of Fraudulently Paid Invoices | | | | | |
| 26 | | ATM Photograph of K. Tew on March 20, 2020 | | | | | |
| 27 | | M. Tew NFCU Account Statement March 17, 2020 – April 16, 2020 | | | | | |
| 28 | | Memorandum of Interview of C.A. and L.A. | | | | | |
| 29 | | Memorandum of Interview of A.S. | | | | | |
| 30 | | Memorandum of Interview of K. Tew on July 7, 2020 | | | | | |
| 31 | | Memorandum of Arrest of M. Tew | | | | | |
| 32 | | Memorandum of Interview of M. Tew | | | | | |
| 33 | | M. Tew Proffer Letter July 12, 2020 | | | | | |
| 34 | | M. Tew Proffer Letter July 27, 2020 | | | | | |
| 35 | | K. Tew Proffer Letter October 16, 2020 | | | | | |
| 36 | | Memorandum of Search of 3222 First Avenue | | | | | |
| 37 | | Memorandum of Interview of A.S. | | | | | |
| 38 | | Audio Recording – J.Y. on July 7, 2020 | | | | | |
| 39 | | Audio Recording – Proffer of M. Tew on July 15, 2020 | | | | | |
| 40(a) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 1) | | | | | |
| 40(b) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 2) | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 40(c) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 3) | | | | | |
| 40(d) | | Audio Recording – Proffer of M. Tew on July 28, 2020 (part 4) | | | | | |
| 41 | | Audio Recording – Proffer of Meeting on July 29, 2020 | | | | | |
| 42(a) | | Audio Recording – Proffer of K. Tew on October 23, 2020 (part 1) | | | | | |
| 42(b) | | Audio Recording – Proffer of K. Tew on October 23, 2020 (part 2) | | | | | |
| 42(c) | | Audio Recording – Proffer of K. Tew on October 23, 2020 (part 3) | | | | | |
| 43 | | Summary of Exhibits Supporting Statements Identified in ECF No. 215, ¶4 | | | | | |
| 44 | | Texts between M. Tew and J. Yioulos November 13, 2019 | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1.  MICHAEL AARON TEW;

    2.  KIMBERLEY ANN TEW,
        a/k/a Kimberley Vertanen

    Defendants.

---

## ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF 3222 EAST FIRST AVENUE, APARTMENT 224

---

Defendants Michael A. Tew and Kimberley A. Tew move to suppress from evidence two bank bags and all photographs derived from a July 31, 2020 search of their residence. (Doc. 221.) For the following reasons, the motion to suppress is denied.

## BACKGROUND

The Tews's charges stem from an alleged scheme to defraud National Air Cargo (NAC), a Florida company at which Mr. Tew served as a contracted chief financial officer between 2015 and September 2018. Between August 2018 and July 2020, Mr. Tew allegedly conspired with Ms. Tew and others to defraud NAC via wire of more than $4 million. Mr. Tew was arrested on July 8, 2020 pursuant to a Criminal Complaint (Doc. 1) and arrest warrant (Doc. 2) issued the same day. Mr. and Ms.

Tew were later indicted on February 3, 2021 on counts stemming from the conspiracy. (Doc. 84.)

On July 31, 2020 Special Agent Sarah Anderson of the FBI applied for a search warrant in federal district court, seeking to search all rooms in Mr. and Ms. Tew's place of residence, 3222 East First Avenue, Apartment 224, for two cloth bank bags and an Apple iPhone. (Doc. 221-1.) Magistrate Judge Michael E. Hegarty issued a search warrant on the same day. (Doc. 221-2.) On July 13, 2022, Mr. and Ms. Tew filed the instant motion to suppress. (Doc. 221.) On October 12, 2022, the court held a hearing on the motion, at which testimony and evidence were received.

During the July 31 search of Mr. and Ms. Tew's residence, agents entered into Apartment 224 with a warrant authorizing them to seize two cloth bags, one bearing the insignia of Wells Fargo, and the other bearing an insignia of another bank; and an Apple iPhone. (Doc. 221-2.) Mr. Tew was home, Ms. Tew was not. Mr. Tew showed the agents where the bags were located and explained that Ms. Tew was not in the apartment, and she was in possession of the iPhone identified in the warrant. Mr. Tew called Ms. Tew on the number associated with the specified iPhone while agents searched the apartment. The agents seized the bank bags and took three sets of photographs of the apartment: the first set was taken in order to make a record of the residence pre-search, the second set was taken of evidence and its surroundings upon its discovery, and the third was taken after the search to make a record of the state of the residence following execution of the warrant. Agents took extensive photographs of the Tew residence, as well as the seized bank bags. The agents did not recover the iPhone at that time, as it was in Ms. Tew's possession.

# ANALYSIS

Mr. and Ms. Tew argue that all evidence from the search was derived in violation of the Fourth Amendment and must be suppressed. Specifically, they contend that there was not probable cause to issue a search warrant authorizing the seizure of the bank bags, and that the photographs taken by the agents amounted to a seizure that falls outside the scope of authorization of the search warrant.

## I.   Probable Cause to Seize Bank Bags

I agree with the government that the supporting affidavit to the search warrant established probable cause for the search and seizure of the bank bags. Pursuant to the Fourth Amendment, no judge may issue a warrant without probable cause. Probable cause exists "when the supporting affidavit sets forth sufficient facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) (citations omitted). Probable cause requires "a nexus between suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990) (citations omitted). "Although neither hard evidence nor personal knowledge of illegal activity are required to demonstrate an adequate nexus, an affidavit must demonstrate circumstances which would warrant a person of reasonable caution in the belief that the articles sought are at a particular place." *United States v. Khan*, 989 F.3d 806, 816 (10th Cir. 2021) (internal quotation marks omitted) (citations omitted).

Mr. and Ms. Tew argue that the affidavit by Special Agent Anderson "failed to [establish] probable cause for the search and seizure of the items seized," and that there was no nexus "between the bank bags, the

residence, the criminal conduct, or the proceeds or evidence of criminal conduct." (Doc. 221 ¶7.) But the affidavit shows that agents had multiple reasons to believe that the bank bags had been used to move the proceeds of criminal conduct and were kept at the Tew residence. (Doc. 221-1.) In a July 28, 2020 interview Mr. Tew told agents that he used two bank bags, one from Wells Fargo and another from Guarantee Bank and Trust to carry cash withdrawn from traditional bank accounts that received proceeds from the alleged NAC fraud. In the same interview Mr. Tew stated that the bank bags were stored at Apartment 224. Special Agent Anderson did not only rely on Mr. Tew's word in her affidavit. Agents had video footage from March 27, 2020 of Mr. Tew holding a black cloth bag that matched his description of the bank bag while he fed cash into a XBTeller Bitcoin ATM. Agents were also in possession of photos from July 4, 2020 that pictured Mr. Tew carrying a black cloth bag with "Wells Fargo" written on the front at an ATM at a Navy Federal Credit Union. Navy Federal Credit Union records show that at the time the photos were taken, Mr. Tew withdrew cash from several named accounts that received NAC funds.

Contrary to Mr. and Ms. Tew's contention, the information provided to the magistrate judge is sufficient to establish the nexus required for probable cause. Search warrants should be reviewed in a commonsense manner. *See, e.g.*, *United States v. Ventresca*, 380 US 102, 109 (1965). The affidavit uses Mr. Tew's own statements and photo and video evidence to establish a clear chain between the proceeds from the alleged fraud, named bank accounts, the bank bags, and Apartment 224. The affidavit succinctly lays out the relationship between the bank bags and the commission of the alleged crime such that a reasonable person would consider the bank bags to be evidence of a crime. The affidavit thoroughly explains that Apartment 224 is the shared residence of Mr. and

Ms. Tew. *See United States v. Gonzalez*, 399 F. 3d 1225, 1231 (10th Cir. 2005) (holding that an affidavit must link the place to be searched with suspected criminal activity and may not simply list the address of the location to be searched). Given Mr. Tew's statements that the bank bags were kept at Apartment 224, a person of reasonable caution could safely assume that a search of the residence would uncover the bank bags. The affidavit established a nexus between the crime, the bank bags, and the residence. The magistrate judge did not err in finding probable cause to issue a search warrant.

When reviewing the issuing magistrate judge's probable-cause determination, the Court should afford "great deference" unless "there is no substantial basis for concluding that probable cause existed." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) (citations omitted). I do not consider this a borderline case, and decline to disrupt Judge Hegarty's determination.

## II. Photographs

Mr. and Ms. Tew also seek to suppress all photographs taken at Apartment 224. They argue that the photographs taken by agents during the execution of the search warrant exceeded the scope of the warrant and amount to an illegal seizure. Neither argument is persuasive.

### A. Scope of the Search Warrant

The warrant requirement serves two primary objectives: (1) to ensure that the government's intrusion is necessary; and (2) that it is "as limited as possible." *Coolidge v. New Hampshire*, 403 US 443, 467 (1971). The second goal is accomplished by requiring a particular description of things to be seized. *Id*. Blanket suppression is the required remedy when execution of a warrant amounts to a flagrant fishing

- 5 -

expedition for the discovery of incriminating evidence. *See United States v. Foster*, 100 F.3d 846, 850 (10th Cir. 1996) ("The particularity requirement is undermined and [the otherwise] valid warrant is transformed into a general warrant thereby requiring suppression of all evidence seized under that warrant.") (quoting *United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir. 1988)). Mr. and Ms. Tew argue that agents exceeded the scope of the warrant when they photographed every "room, closet, and drawer in the apartment" even after Mr. Tew led them to the bank bags and explained that Ms. Tew was in possession of the iPhone described in the warrant. (Doc. 221 at ¶15.) Defendants argue that the agents' search following Mr. Tew's explanation for the whereabouts of the phone constituted an "unauthorized illegal search." (Doc. 246.)

The warrant issued on July 31, 2020 specified "[the] place to be searched includes all rooms for the apartment unit 224." Had Mr. Tew immediately presented the agents with the bank bags and the iPhone, an extensive search and photographic documentation of the rest of the apartment may have raised the possibility of a fishing expedition. But he did not. After Mr. Tew led agents to the bank bags, the other particularized item in the warrant remained missing. Law enforcement officials are not required to halt execution of a search warrant because a suspect alleges that named items in the warrant are not present in the place to be searched. Certainly fewer criminal cases would reach this court were that the case. While Mr. Tew may have truthfully asserted that the iPhone was not in the apartment, agents were not required to take his word for it and halt their search of the apartment. The scope of

the warrant was thus not exceeded when agents continued to execute
the search warrant following receipt of the bank bags.

### B. Photographs as Seizures

A seizure under the Fourth Amendment occurs when "there is some
meaningful interference with an individual's possessory interests in
that property." *United States v. Jacobsen*, 466 US 109, 113 (1984).  The
government argues in their response to Defendants' motion that because
agents did not physically seize anything observed in the photographs
apart from the bank bags, agents did not interfere with either of the
Tews's possessory interests. (Doc. 236.) I agree.

Courts have found in limited circumstances that photographs can
amount to seizures. *See, e.g.*, *United States v. Johnson*, 452 F.2d 1363,
1371 (D.C. Cir. 1971) ("[The] photographic seizure of [defendant's] per-
son during an involuntary detention may run afoul of the Fourth
Amendment's proscription against unreasonable searches and sei-
zures."); *United States v. Jefferson*, 571 F. Supp. 2d 696, 704 (E.D. Va.
2008) (holding that high-resolution photographs of documents for later
review constitute a seizure). *But see, e.g.*, *United States v. Mastronardo*,
987 F. Supp. 2d 569 (E.D. Pa. 2013) (photographing documents is not a
seizure but subsequent examination of the photographs may constitute
a second search). The present facts meet none of these limited circum-
stances and Defendants do not make a compelling case for why a devia-
tion from the case law should be made for them. In photographing the
Tews's apartment, agents did not meaningfully interfere with any of the
Tews's possessory interests in their property, tangible or intangible. The
agents lawfully searched the apartment and took photographs as would

be reasonably expected given the scope of the warrant. The photographs did not amount to a seizure and should not be suppressed.

Even if some of the photographs had exceeded the scope of the warrant, blanket suppression is an inappropriate remedy. First, as the government points out, several of these photographs are of the bank bags explicitly authorized to be seized. (Doc. 236.) In the defendants' reply, Mr. and Ms. Tew acknowledge that they are "not challenging the right of agents to photograph that which they are seizing in a search" yet seek to suppress photographs of just that. (Doc. 246.) The bank bags were justified by the warrant and legitimately found during the search, making any motion for suppression that includes these photographs inappropriate under even Defendants' theory. Second, the Court notes the government's stated intent to only offer selected photographs at trial. Third, in executing a search warrant, "officers may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search." *Los Angeles Cnty., California v. Rettele*, 550 U.S. 609, 614 127 S. Ct. 1989, 167 L. Ed. 2d 974 (2007). The first and third rounds of photographs taken at Apartment 224 were taken as routine procedure that protects the defendants' interests as well as the government's— these photographs are taken to accurately represent the premises, including any evidence seized, and ensure that any property damage that may result from a search is recorded.

Blanket suppression is an extreme remedy that should only be applied in extraordinary cases. *See United States v. Foster*, 100 F.3d 846, 852 (10th Cir. 1996). Mr. and Ms. Tew fail to explain why the present circumstances meet such demanding criteria. Should the government offer any particular photographs as evidence that Mr. or Ms. Tew

believes was obtained improperly, they may make a motion to that effect
at the appropriate time.

### CONCLUSION

Mr. and Ms. Tew's Motion to Suppress Evidence from Search of 3222
East First Avenue, Apartment 224 (Doc. 221) is DENIED as explained
above.

DATED: October 27, 2022          BY THE COURT:

Daniel D. Domenico
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  **MICHAEL AARON TEW**;

    2.  KIMBERLEY ANN TEW,
       a/k/a Kimberley Vertanen

    Defendants.

---

**ORDER DENYING MOTION TO SUPPRESS USE OF MICHAEL
TEW'S STATEMENTS**

---

Defendant Michael A. Tew moves to suppress from evidence statements he made to agents of the United States government on July 8, 2020. (Doc. 216.) For the following reasons, the motion to suppress is denied.

**BACKGROUND**

Michael A. Tew's charges stem from an alleged scheme to defraud National Air Cargo (NAC), a Florida company at which Mr. Tew served as a contracted chief financial officer between 2015 and September 2018. Between August 2018 and July 2020, Mr. Tew allegedly conspired with Ms. Tew and others to defraud NAC via wire of more than $4 million. Mr. Tew was arrested on July 8, 2020 pursuant to a Criminal Complaint (Doc. 1) and arrest warrant (Doc. 2) issued the same day. On July 13, 2022, Mr. Tew filed the instant motion to suppress. (Doc. 216.) On

October 12, 2022, the court held a hearing on the motion, at which testimony and evidence were received. The following facts are taken from Mr. Tew's motion and reply, and the government's response; and the testimony given at the hearing. Any facts in dispute are noted.

On July 8, 2020, armed IRS agents and an FBI agent went to Mr. Tew's home upon suspicion that he was going to flee the country. Mr. Tew alleges that the agents were under orders to ensure that Mr. Tew did not flee, although the agents deny they had such orders. The arrest warrant had not yet been issued for Mr. Tew's arrest. Two agents were positioned in the lobby and three others went up to the second floor where Mr. and Ms. Tew live. When Mr. Tew walked out of his apartment at approximately 2:50 p.m., IRS Special Agent Anthony Romero informed Mr. Tew that FBI Special Agent Sarah Anderson was on her way and asked if they could speak privately.[1] Mr. Tew agreed and told Agent Romero that he wanted to tell his wife, Kimberley Tew, what was happening. Mr. Tew recommended that the agents meet him in an outdoor common area on the second floor that abuts the Tews's apartment. Mr. Tew returned to his residence before going with Ms. Tew to the common area where the agents were waiting. Special Agent Romero made small talk with Mr. and Ms. Tew for approximately twenty minutes before Special Agent Anderson arrived. Mr. Tew alleges that Special Agent Romero told one of the Tews's children that he was "not there to arrest their daddy." Special Agent Romero denies he said this. At one point

---

[1] The agents testified that at some point during the interview of Mr. Tew, Ms. Tew accused Special Agent Romero of grabbing Mr. Tew when he first encountered him in the hallway. Special Agent Romero asked Mr. Tew if that was true and Mr. Tew responded it was not. Ms. Tew was not present in the hallway. The motion does not make this allegation and Mr. Tew does not appear to rely on it as a basis for suppression. In any event, because both Mr. Tew and Special Agent Romero deny the incident, I find that it did not occur.

during the small talk, when Ms. Tew became agitated, Mr. Tew got up
to walk back inside his apartment, and Special Agent Romero asked him
to remain within eyesight. During the conversation Mr. and Ms. Tew
declined to answer some of Special Agent Romero's questions, and asked
him questions as to why he was at the apartment. At approximately 3:12
p.m. Special Agent Anderson arrived. Special Agent Anderson requested
permission to record the conversation with Mr. and Ms. Tew, which they
declined. She did not record the conversation.

Special Agent Anderson then spoke with Mr. and Ms. Tew, during
which time Mr. Tew made admissions he seeks here to suppress. During
the interview Mr. Tew got up and walked around. After Mr. Tew and
Special Agent Anderson had spoken for around twenty minutes, Ms.
Tew told Mr. Tew to stop answering questions and reschedule the inter-
view for a later time. The interview ended then. Special Agent Anderson
then served the Tews with a grand jury subpoena. At approximately 3:42
p.m., Special Agent Anderson arranged with the Tews to meet another
time to continue the interview.  At that point, Ms. Tew returned to the
apartment with the Tews's children. Special Agent Romero continued to
make small talk with Mr. Tew. Mr. Tew requested that Special Agent
Romero be present at the next interview. Mr. Tew returned to the apart-
ment, leaving the back door open. After a couple minutes, someone in
the apartment closed the door and the blinds. While the Tews remained
in their apartment Special Agent Anderson placed a phone call to Assis-
tant U.S. Attorney Hetal Doshi to describe the interview, and Ms. Doshi
gave Special Agent Anderson the "green light" to execute a probable
cause arrest on Mr. Tew given the statements he made in his interview.
Special Agent Romero recalled in his testimony that Special Agent An-
derson did not conduct a probable cause arrest, but instead procured an
arrest warrant. The type of arrest does not change the custody analysis

because the interview ended before the decision to arrest was made. Approximately twenty minutes after Mr. Tew returned inside his apartment, agents knocked on the Tews's back door and arrested Mr. Tew.[2] At this point the agents read Mr. Tew his *Miranda* rights for the first time.

## ANALYSIS

Mr. Tew seeks to suppress the statements he made to IRS and FBI agents at his residence. He argues that he was in custody when the interview took place and agents should have given him a *Miranda* warning before his interview. This is not the case.

*Miranda v. Arizona* requires law enforcement officers to issue a warning to a suspect in custodial interrogation of his right to remain silent. 384 U.S. 436, 444 (1966). *Miranda* warnings are not required for every law-enforcement interaction; a person must both be in custody and subject to interrogation before a warning is required. A person is "in custody" when he is "deprived of his freedom of action in any significant way," or his "freedom of action is curtailed to a 'degree associated with formal arrest.'" *United States v. Chee*, 514 F.3d 1106, 1112 (10th Cir. 2008). Custody is determined by an objective inquiry: whether a reasonable person in the defendant's situation would have felt free to leave. *United States v. Rogers*, 391 F.3d 1165, 1171 (10th Cir. 2004). A defendant must first present evidence in support of suppression before the government bears a burden to prove that the constitutional right against self-incrimination was waived. *United States v. Crocker*, 510 F.2d 1129,

---

[2] Special Agent Anderson stated she could not remember if the back door had been left open or was closed. Special Agent Romero recalled that the door was closed.

1135 (10th Cir. 1975), *abrogated on other grounds by United States v.
Bustillos-Munoz*, 235 F.3d 505 (10th Cir. 2005).

In my view, Mr. Tew's admission that he did not believe he was under
arrest should be dispositive. Defendant's motion explicitly states that
agents "lulled [Mr. Tew] into a false belief that he was not under arrest."
(Doc. 216 ¶5.) Mr. Tew's entire motion and response are built around the
argument that agents had the intent of arresting him and would not
have allowed him to leave the residence had he tried to do so. In essence
Mr. Tew argues that he was in custody because the agents intended for
him to be in custody and tricked him and, ostensibly, his young children
into believing he was not. This argument fundamentally misunder-
stands the custody inquiry, which revolves solely around what a reason-
able person *in Mr. Tew's position* would have believed. Mr. Tew did not
believe he was in custody. Regardless of what Mr. Tew by his own ad-
mission believed, I still have an obligation to determine whether his be-
lief matches that of a reasonable person in his situation.

Whether a person is in custody is a fact-intensive inquiry based on
the totality of the circumstances. *Chee*, 514 F.3d at 1112. The Tenth Cir-
cuit has used several factors to guide this inquiry: (1) whether a suspect
is made aware that he is free to refrain from answering questions; (2)
whether he is made aware he is free to end the interview at will; (3) the
nature of the questioning; and (4) whether the environment was police-
dominated. *Id*. at 1113-14. The first three of these factors weigh heavily
against regarding Mr. Tew as in custody while agents interviewed him
in the common area of his apartment building. The fourth factor weighs
slightly toward a finding that Mr. Tew's freedom was curtailed to some
extent, but it is insufficient on its own to establish that Mr. Tew was in

custody. Nothing in the record indicates that his freedom was at any point curtailed to a degree associated with a formal arrest.

Agents were in contact with Mr. Tew for approximately an hour, but only about twenty minutes of that contact included substantive questioning. Special Agent Romero's initial conversation with Mr. Tew and Ms. Tew was informal small talk, and his contact with Mr. Tew after the interview with Special Agent Anderson was casual as well. Mr. Tew refused to answer some of Special Agent Romero's questions, and asked questions of him. Special Agent Romero did not push Mr. Tew on questions he refused to answer.

During Special Agent Anderson's interview of Mr. Tew, she issued him a "1001 warning." A "1001 warning" refers to 18 U.S.C § 1001, which makes it a felony to knowingly and willfully make materially false and misleading statements to a government official. 18 U.S.C.A. § 1001 (West). Special Agent Anderson gave Mr. Tew a 1001 warning when she perceived that his answers were not forthright. Defendant argued at the motions hearing that Special Agent Anderson's warning indicated to Mr. Tew that he could not refuse to answer questions. This is not the case. First, Special Agent Anderson's warning came at the end of the interview. Second, informing a suspect that making a false statement to a government official is a felony is perhaps more likely to encourage a suspect to remain silent, rather than coerce him into answering. I do not find that the 1001 warning weighs in favor of Mr. Tew being in custody at the time of the interview. Mr. Tew presents no evidence that either Special Agent Romero or Special Agent Anderson made him feel as if he

- 6 -

could not refrain from answering questions. His refusal to answer some of Special Agent Romero's questions indicates the opposite.

Mr. Tew ended the interview after Ms. Tew told him to not answer further questions. Special Agent Anderson asked no further questions and arranged to continue the interview at a later date. Mr. Tew presents no evidence that, despite ending the interview, he did not believe he had the ability to do so.

Other factors about the totality of the circumstances and the nature of the interview weigh heavily in favor of the determination that Mr. Tew was not in custody. First, the interview took place in Mr. Tew's apartment building, in a common space adjacent to his apartment at his request, and his wife was present for the majority. A suspect is much less likely to be in custody if interrogation occurs in familiar surroundings such as the suspect's home. *See United States v. Ritchie*, 35 F.3d 1477, 1485 (10th Cir. 1994). Mr. Tew was not separated from moral support and was interviewed in a familiar, public place of his choosing. *See United States v. Griffin*, 7 F.3d 1512, 1519 (10th Cir. 1993)("Circumstances [where custody is more easily found] might include: separation of the suspect from family or colleagues who could offer moral support; isolation in nonpublic questioning rooms; threatening presence of several officers; display of a weapon by an officer; physical contact with the subject; and an officer's use of language or tone of voice in a manner implying that compliance with the request might be compelled."). Special Agent Anderson asked permission to record the interview and did not do so when Ms. Tew declined. Mr. Tew got up and walked around during the interview. He went back into his home after ending the interview of his own volition and was only arrested twenty minutes after

the interview ended—not at the close of the interview. At no point during the interview was Mr. Tew restrained.

Mr. Tew points to evidence that indicates the officers may have dominated the encounter. Six armed officers went to the Tews's apartment building. This is not enough to indicate that a reasonable person in Mr. Tew's position would have believed he was in custody. If the agents were under orders to prevent Mr. Tew from leaving, which is disputed, Mr. Tew was not aware. The agents' weapons were concealed and it is not clear from the record whether Mr. Tew knew they were armed. Four officers were present on the second floor but the contact was limited and largely congenial. Special Agent Romero asked Mr. Tew to remain in his line of sight, but this was only when, according to Special Agent Romero's testimony, Ms. Tew was behaving erratically and he became concerned for the safety of the Tews and the agents present. No agent prevented Mr. or Ms. Tew from returning to the apartment soon after.

Mr. Tew has not met his initial burden of presenting evidence challenging the legality of his statements to IRS and FBI agents. From the evidence presented in the motions and at the suppression hearing, I find that a reasonable person in Mr. Tew's position would have felt free to leave, and thus was not in custody. Because Mr. Tew was not in custody, no *Miranda* warning was required, and his statements are not suppressible based on the absence of such a warning.

**CONCLUSION**

It is ORDERED that Mr. Tew's Motion to Suppress the Use of Statements (Doc. 216) is DENIED.

DATED: October 27, 2022          BY THE COURT:

Daniel D. Domenico
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2. KIMBERLEY ANN TEW,
     a/k/a Kimberley Vertanen

     Defendant.

---

## ORDER DENYING MOTION FOR SEVERANCE

---

Defendant Kimberley A. Tew seeks to sever her trial from that of
her codefendant, Michael A. Tew. Ms. Tew argues that severance is
necessary because admission of her non-testifying codefendant's out-of-
court statements would violate Sixth Amendment's Confrontation
Clause, and because joinder of the defendants will prejudice her case.
For the following reasons, the motion for severance is denied.

## BACKGROUND

The Tews's charges stem from an alleged scheme to defraud National
Air Cargo (NAC), a Florida company at which Mr. Tew served as a con-
tracted chief financial officer between 2015 and September 2018. Be-
tween August 2018 and July 2020, Mr. Tew allegedly conspired with Ms.
Tew and others to defraud NAC via wire of more than $4 million. On
July 7, 2020, alleged co-conspirator Jonathan Yioulos telephoned Mi-
chael Tew to discuss the NAC fraud. Mr. Yioulos did so in cooperation
with the IRS and FBI and was attempting to elicit incriminating

- 1 -

statements from Mr. Tew. Multiple times in the conversation Mr. Tew
made statements that incriminated both him and Ms. Tew.

Mr. Tew was arrested on July 8, 2020 pursuant to a Criminal Com-
plaint (Doc. 1) and arrest warrant (Doc. 2) issued the same day. Follow-
ing his arrest Mr. Tew had multiple interviews with the government per
proffer agreements. The proffers took place on July 15, 2020, July 28,
2020, and July 29, 2020. Ms. Tew did the same. Her proffer took place
on October 23, 2020.  In their proffers, both Mr. and Ms. Tew made in-
criminating statements. Mr. and Ms. Tew were later indicted on Febru-
ary 3, 2021 on counts stemming from the conspiracy. (Doc. 84.) Ms. Tew
is charged with twelve counts of the Indictment, Mr. Tew is charged with
sixty counts. On July 13, 2022, Ms. Tew filed the instant motion to sever.
(Doc. 218.) On October 12, 2022, the court held a hearing on the motion,
at which testimony and evidence were received.

## ANALYSIS

In relevant part, Federal Rule of Criminal Procedure 8(b) provides
that the "indictment or information may charge 2 or more defendants if
they are alleged to have participated in the same act or transaction, or
in the same series of acts or transactions, constituting an offense or of-
fenses." Joint trials are preferred in the federal system for defendants
who are indicted together. *See Zafiro v. United States*, 506 U.S. 534, 537
113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Joint trials "generally serve the
interests of justice by avoiding inconsistent verdicts and enabling more
accurate assessment of relative culpability." *Richardson v. Marsh*, 481
U.S. 200, 107 S. Ct. 1702, 1708-9 95 L. Ed. 2d 176 (1987). While this
preference exists, a trial severance decision is "within the sound discre-
tion of the trial court." *United States v. Morales*, 108 F.3d 1213, 1219
(10th Cir. 1997).

## I. *Bruton* Challenge

Prejudice requiring severance exists if a joint trial will compromise a defendant's Sixth Amendment right to confront and cross-examine witnesses against him. *See United States v. Zar*, 790 F.3d 1036, 1051-52 (10th Cir. 2015). Specifically, when a non-testifying codefendant's out-of-court statements expressly implicate the defendant and are so "powerfully incriminating" that a court cannot presume the effectiveness of a limiting instruction advising the jury to consider the statements only as to the non-testifying codefendant, the statements may not be used in a joint trial. *Id.* at 1052 (citing *Bruton v. United States*, 391 U.S. 123, 135-36 (1968)). But where a codefendant's out-of-court statements can be redacted to eliminate references to the defendant, admission of the statements against the codefendant can be proper when accompanied by a limiting instruction. *Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)); *See also United States v. Shaw*, 758 F.3d 1187, 1195-96 (10th Cir. 2014).

Ms. Tew asserts that admission of Mr. Tew's out-of-court statements from a recorded phone call and from Mr. Tew's proffers will violate her Sixth Amendment rights because she will be unable to confront and cross-examine Mr. Tew, who cannot be compelled to testify at his own trial. In her motion Ms. Tew refers to "multiple statements" made by Mr. Tew after July 4, 2018 that name and incriminate Ms. Tew. (Doc. 218 ¶7.) The only specific statements Ms. Tew pointed to at the October 12, 2022 hearing, however, were the phone call from Mr. Yioulos to Mr. Tew, and Mr. Tew's proffers.

### A. Michael Tew's Telephone Call with Jonathan Yioulos

In his telephone call with Jonathan Yioulos, Mr. Tew made statements that incriminated Ms. Tew. Mr. Yioulos made the call in

cooperation with government agents, who were recording and listening to the conversation. Ms. Tew contends that the phone call violates the *Bruton* rule and justifies severance. It does not.

Neither the defendant nor the government has provided a transcript of the phone call or the statements from the call that would allegedly violate the *Bruton* rule if introduced. From the information provided, I surmise that during the phone call Mr. Yioulos steered the conversation toward the topic of Ms. Tew, and Mr. Tew mentioned that Ms. Tew was involved with some part of the alleged scheme, and was not involved in others. As an initial matter, it seems these statements are not testimonial and therefore cannot constitute a *Bruton* violation. In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause's reach is limited to testimonial statements. 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). While not definitively laying out what constitutes testimonial versus non-testimonial statements, the Court explained that "[an] accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* at 1364. In *Michigan v. Bryant* the Court noted that "the most important instances in which the Clause restricts the introduction of out-of-court statements are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial." *Michigan v. Bryant*, 562 U.S. 344, 131 S. Ct. 1143, 1155, 179 L. Ed. 2d 93 (2011). The more formal the situation and the interrogation, the more likely a statement is to be testimonial. *Ohio v. Clark*, 576 U.S. 237, 245, 135 S. Ct. 2173, 192 L. Ed. 2d 306 (2015).

Mr. Tew's statements to Mr. Yioulos were part of an informal conversation, and while the government may have been listening in, the

statements were not to law enforcement. They bear none of the hall-marks of testimonial statements. The government has stated their intent to offer the conversation under 801(d)(2)(E) of the Federal Rules of Evidence, and the defendant has indicated opposition. I do not need to determine whether the statements are admissible, however. I simply note that assuming the statements are admissible, the Confrontation Clause must be implicated to trigger *Bruton* concerns, and it does not appear to be here.

Even if the statements in the phone call were testimonial, moreover, it is not apparent that redaction and a limiting instruction would be insufficient to cure potential Confrontation Clause violations. The government has stated that they will work to appropriately redact the audio and/or transcripts of the conversation to avoid any *Bruton* issues. Defendant has not argued, beyond asking how audio files can be redacted on a practical level, that the statements made in the phone call are "so inculpatory as to the defendant that the practical and human limitations of the jury system cannot be ignored." *United States v. Rahseparian*, 231 F.3d 1267, 1277 (10th Cir. 2000) (internal quotation marks omitted).

### B. The Proffer Agreements

Ms. Tew also argues for severance on the basis that the proffers violate the Sixth Amendment. The government explained at the hearing and in its response (Doc. 230), however, that per the parties' proffer agreement, the proffer statements cannot be introduced against either defendant unless one or both of the defendants presents a defense at trial that is inconsistent with the proffer statements. If the defendants "open the door" to the proffer statements by doing so, then the government may choose to introduce them. The proffers are testimonial, given in a formal capacity to law enforcement, and thus would be subject to

*Bruton*. However, the defendants have complete control over whether the proffers can come in. They choose whether to present a defense inconsistent with the proffers, and can keep the proffers out of the trial entirely. If one defendant chooses to breach the proffer agreement, the proffer may come in against the breaching party. The government has stated that if this occurs, it will work with the defendants to redact whatever portions of the proffers present potential Confrontation Clause violations so that the proffer does not implicate the non-breaching defendant. As with the telephone call, Defendant has not presented evidence to me that the substance of the proffers could not be redacted properly or that a limiting instruction to the jury would be insufficient. I do not find a *Bruton* violation based on the proffers at this time.

## II.     Prejudicial Joinder

Rule 14(a) allows for severance of defendants' trials when "consolidation for trial appears to prejudice a defendant or the government." A defendant must satisfy the "heavy burden of real prejudice to his case" to persuade the Court to exercise its discretion to sever her trial. *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007). A defendant is prejudiced when "there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009).). Ms. Tew argues that she will suffer from real prejudice because of the mismatch in culpability and counts between her case and Mr. Tew's, and because of the "special prejudice that arises from the joint trial involving a husband and wife." (Doc. 218 ¶19.) Defendant indicates that a jury will impute Mr. Tew's actions to Ms. Tew because of their marital bond. Defendant cites no law on this matter, stating only "[t]his is just natural." (Doc. 218 ¶21.)

- 6 -

Rule 14(a)'s prejudice standard is not met, however, merely because there is a "negative spill-over effect from damaging evidence presented against codefendants." *United States v. Caldwell*, 560 F.3d 1214, 1221 (10th Cir. 2009The Court noted in *Richardson* that joint trials assist juries in assessing relative culpability. 481 at 1708-9. Disparate culpability is not unusual in joint trials. *United States v. Youngpeter*, 986 F.2d 349, 354 (10th Cir. 1993 ) ("It would be normal and usual to assume one of two or more co-defendants would be more or less culpable than the others.").Serious risk of prejudice can arise when a jury considers evidence against a defendant "which is only admissible against a co-defendant and would not be admitted against the defendant in a separate trial" and the defendants are "tried together in a complex case and they have markedly different degrees of culpability." *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003). Ms. Tew relies on *Sarracino* but fails to point out any evidence that would come in at a joint trial but not in a severed trial. Evidence of Mr. Tew's actions would likely be admissible in a separate trial to show the existence, scope, and nature of the Tews's conspiracy. Further, were the trials severed Mr. Tew's proffer could likely come in against Ms. Tew. The difference in number of counts and culpability between Defendants does not present a risk of real prejudice in this case.

Nor would a jury be unable to independently evaluate Mr. and Ms. Tew because of their status as spouses. A "central assumption of our jurisprudence is that juries follow the instructions they receive." *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998). As previously noted, Defendant cites no law that indicates juries are unable to separately evaluate married codefendants.

Ms. Tew has not met her burden of demonstrating real prejudice that would compromise her trial rights. The strong interests of judicial economy and consistency are served by holding a joint trial.

## CONCLUSION

Ms. Tew's Motion for Severance (Doc. 218) is DENIED as explained above.

DATED: October 27, 2022         BY THE COURT:

Daniel D. Domenico
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  MICHAEL AARON TEW;

    2.  KIMBERLEY ANN TEW,
        a/k/a Kimberley Vertanen

     Defendants.

---

## ORDER DENYING MOTION FOR SANCTIONS

---

    Defendants Michael A. Tew and Kimberley A. Tew move to dismiss the case against them as a sanction for the government's alleged violation of Defendants' "attorney-client, marital, accountant-client, and doctor-patient/medical privileges."(Doc. 214.) I do not find it necessary to reach the merits of their argument—Defendants have not sufficiently demonstrated that the extraordinary remedy of dismissal or other sanction is warranted, so the motion is denied.

    The defendants' motion stems from communications obtained via warrant from Mr. and Ms. Tew's electronically stored records (Doc. 214 ¶2.) Defendants maintain that communications with lawyers, doctors, accountants, and spouses are embedded in this data. At some point, one of Defendants' prior counsel agreed to the use of a filter team of walled-off prosecutors and staff to find and remove attorney-client communications from some of this data. Later counsel objected to this arrangement. The government and the objecting counsel arranged to

- 1 -

meet, but counsel abruptly withdrew from representation. At that point the government paused execution of its warrant. The defendants argue that the government's extensive access to Defendants' communications, privileged and unprivileged, constitutes prosecutorial misconduct that should be sanctioned by dismissal. The government provides evidence that it has worked diligently with the defendants' multiple attorneys to ensure that privilege is protected and that the defendants have input and control over the filter process. (Doc. 234 ¶2.) Defendants' prior counsel, Mr. Ekeland, and current counsel refused to identify what communications they believed to be protected by privilege. They instead maintained that the use of a government filter team in general is entirely unacceptable and irredeemable, despite failing to provide any case law to support such a broad position.

Federal courts may order the dismissal of an indictment as a sanction for prosecutorial misconduct. The power to dismiss indictments stems from two sources: (1) constitutional error that interferes with the independence and integrity of the grand jury; (2) the court's supervisory powers. *See, e.g.*, *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992); *United States v. Slough*, 679 F. Supp. 2d 55 (D.D.C. 2010) ("Under its supervisory powers, the court may dismiss an indictment with prejudice as a sanction for prosecutorial misconduct…It is clear, however, that the court may exercise this authority only in extreme circumstances." (internal citations omitted).

Defendants argue for dismissal on the basis of both constitutional error and my supervisory powers, but only point to vague allegations of violation of communications privileges. Dismissal of an indictment as a sanction should only be used in extraordinary circumstances. *See, e.g.*, *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988) ("The supervisory authority of the district court includes the power to impose

the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant."). Defendants do not note if they seek dismissal with or without prejudice. Regardless of the type of dismissal, the Tews must demonstrate that they were prejudiced by the government's misconduct. *See, e.g.*, *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S. Ct. 2369, 101 L. Ed. 2d 228 (1988) (holding that generally district courts may not dismiss an indictment for errors in grand jury proceedings unless the errors were prejudicial); *United States v. Isgro*, 974 F.2d 1091, 1094 (9th Cir. 1992), as amended on denial of reh'g (Nov. 25, 1992) ("Before it may invoke this power, a court must first find that the defendant is actually prejudiced by the misconduct. Absent such prejudice—that is, absent " 'grave' doubt that the decision to indict was free from the substantial influence of [the misconduct]"—a dismissal is not warranted."); *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) ("A court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice and where no lesser remedial action is available[.]") (internal citations omitted) (internal quotation marks omitted).

Defendants have not met their burden. Apart from general dismay about the amount of information the government's filter team has access to, Defendants provide no concrete information that indicate the government's use of a filter team for attorney-client privilege, and non-filtering for marital communications, physician-patient communications, and accountant-client communications have materially prejudiced the defendants. The government has attempted to work with the defendants and their counsel to involve them in the filter process. The government attempted to set up meetings, paused their execution of warrants, and solicited input from Defendants in an attempt to ensure

privilege would not be violated. Defendants provide no evidence to the contrary and have not explained how they have been prejudiced by the government's handling of the Tews's digital information. They seem to argue that they cannot explain how they were prejudiced because the materials the government provided to them are too voluminous for Defendants to flag violations of communications privileges. (Doc. 245.) I am not persuaded by the argument that the government should be punished because it would be overly resource-intensive for the defendants to meet their legal burden.

Even if plaintiffs had shown prejudice, the motion would be denied. Filter teams are generally considered an acceptable mechanism by which to find and remove attorney-client communications. *See, e.g.*, *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1249 (11th Cir. 2021), cert. denied sub nom. *Korf v. United States*, No. 21-1364, 2022 WL 4651429 (U.S. Oct. 3, 2022) ("The Second, Third, Fourth, Seventh, Eighth, Ninth and Tenth Circuits, at least in some cases, have also either approved of or recognized and declined to criticize the use of government filter teams to screen materials for privilege before items are released to the investigators in the case."). The cases that Defendants cite, which are highly critical of filter teams, do not hold that the use of filter teams is *per se* unconstitutional. *See In re Search Warrant*, 942 F.3d 159 (4th Cir. 2019), as amended (Oct. 31, 2019); *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006). A blanket objection to the use of government filter teams is not tenable, particularly when undertaken with the apparent approval of Defendants' counsel at the time. Second, the party claiming attorney-client privilege bears the burden of showing that the privilege applies to the communications at issue, which the defendants have not done. *See In re Grand Jury Proc.*, 156 F.3d 1038, 1042 (10th

Cir. 1998). Third, Defendants invoke a blanket physician-patient privilege, but only cite cases that discuss limited exceptions. *See Jaffee v. Redmond,* 518 U.S. 1, 10 (1996) (recognizing psychotherapist-patient privilege and distinguishing from physician-patient relationship); *Kerns v. Bader*, 663 F.3d 1173, 1184 (10th Cir. 2011) (acknowledging that a patient has a privacy interest in medical records held by a third-party medical services provider). Fourth, Defendants have not convincingly rebutted the government's contention that the marital communication privilege is evidentiary, and marital communications may be used by the government outside of the courtroom. Fifth, Defendants invoke accountant-client privilege despite the Supreme Court's pronouncement that "no confidential accountant-client privilege exists under federal law, and no state created privilege has been recognized in federal cases." *Couch v. United States*, 409 U.S. 322, 93 S. Ct. 611, 61934 L. Ed. 2d 548 (1973). Defendants have not demonstrated that the government's use of a filter team is inappropriate, or that the government had an obligation to filter for communications outside of the scope of attorney-client privilege.

Defendants state in their motion that dismissal is the only appropriate sanction and suggest no alternative penalty. (Doc. 214 ¶ 12.) At the hearing they suggested they would be willing to accept a sanction of suppression of the government's largest seized tranche of e-mails and text messages. They have demonstrated neither prosecutorial misconduct nor prejudicial effect. Dismissal of the indictment is thus inappropriate, as is the lesser sanction of suppression.

## CONCLUSION

Mr. and Ms. Tew's Motion for Sanctions for Violating Communications
Privileges (Doc. 214) is DENIED as explained above.


DATED: October 27, 2022          BY THE COURT:

                                 ~~Daniel~~ D. Domenico
                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  MICHAEL AARON TEW;

    2.  KIMBERLEY ANN TEW,
        a/k/a Kimberley Vertanen

    Defendants.

---

## ORDER DENYING MOTION TO SUPPRESS EVIDENCE

---

Before the court is Defendants Michael A. Tew and Kimberley A. Tew's Motion to Suppress. (Doc. 200). Mr. and Ms. Tew move to suppress evidence derived from searches and seizures utilizing provisions of the Stored Communications Act. For the following reasons, the motion to suppress is denied.

## BACKGROUND

Michael A. Tew and Kimberley A. Tew's charges stem from an alleged scheme to defraud via wire National Air Cargo, Mr. Tew's former place of work. While investigating these charges, the government sought and obtained judicial authority to seize stored communications records and related data from 13 separate electronic service providers' ("ESP") accounts that the government claims are associated with the defendants. The government obtained the records using the procedures in the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713. In all 13

- 1 -

instances, the government obtained records via judicial orders issued by a magistrate judge pursuant to SCA § 2703(d). For 5 of the 13 accounts, the government obtained additional evidence by executing search warrants pursuant to SCA § 2703(a). On May 12, 2022, Defendants filed the instant motion to suppress (Doc. 200). On October 12, 2022, I held a hearing on the motion.

## APPLICABLE LAW

The defendants bear the burden of proving that the search here was improper. *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994) ("Generally, if the search or seizure was pursuant to a warrant, the defendant has the burden of proof."); *United States v. Madrid*, 30 F.3d 1269, 1275 (10th Cir. 1994) ("The proponent of a motion to suppress bears the burden of proof.").

Defendants contend that the warrantless seizure of information utilizing § 2703(d) orders is unconstitutional, and thus, that the government bears the burden of proving that the warrantless searches were justified by an exception to the requirement of the Fourth Amendment.

Together, SCA §§ 2703(a) – (d) delineate between several different situations where a governmental entity may require an ESP to disclose information. §§ 2703(a) & (b) place greater restrictions on the government if it seeks the *contents* of a wire or electronic communication. § 2703(c), on the other hand, requires ESPs to disclose a record or other information pertaining to a subscriber of such service (not including the contents of communications) when the government obtains a court order under § 2703(d).

To receive a court order under § 2703(d), the government must offer specific and articulable facts showing that there are reasonable grounds

to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. This is a lower standard than the Fourth Amendment's probable cause standard to obtain a warrant.

## DISCUSSION

### I. Constitutional Framework

The two cases that each party relies on to advance the merits of their argument are *US. v. Warshak* and *Carpenter v. US.*

#### A. *US v. Warshak*

In *US v. Warshak*, the Sixth Circuit deemed the SCA unconstitutional in the limited circumstance where SCA § 2703(d) allows the government to obtain the contents of one's emails without a warrant. The basis for this holding was that people have a subjective, reasonable expectation of privacy in the contents of their emails, and this expectation is one that society is objectively prepared to recognize. This follows the rationale of *Katz v. US. See Katz v. United States*, 389 U.S. 347 (1967) (creating reasonable expectation of privacy test). In finding a reasonable expectation of privacy in the content of emails, the Court analogized emails to letters and ESPs to the post-office which the content must flow through. *United States v. Warshak*, 631 F.3d 266, 286 (6th Cir. 2010). If a post-office employee was required to open an envelope and share the contents of a letter with the government absent a warrant, one would suffer an unreasonable violation of privacy in the eyes of the Fourth Amendment. Conversely, if the government obtains only the information on the outside of the envelope, the intrusion is not unreasonable.

Defendants now seek to extend the holding of *Warshak* to cover the *non-content* information about email addresses. The SCA's explicitly

different treatment of content versus non-content information, however, forecloses this extension. *Warshak* held that SCA §2703(b)(2), which authorizes the government to get the *content* of emails without a warrant (though with notice), was unconstitutional. Here, the government obtained the non-content information specifically authorized in SCA §§ 2703(c)(1)(B) & (E), for which there is no reasonable expectation of privacy.

Because of this, the government did not violate any of the principles set forth in *Warshak* when it obtained information related to the Defendants' email accounts via court order pursuant to SCA §2703(d).

### B.  Carpenter v. US

In *Carpenter v. US*, the Supreme Court held that the government must obtain a warrant whenever it wishes to search a cellphone. The Court recognized that carrying a cellphone is "indispensable to participation in modern society." *Carpenter v. United States*, 138 S. Ct. 2206, 2210 (2018). At issue in *Carpenter* was the Cell-Site Location Information (CSLI) that the government obtained from an ESP while investigating criminal charges against defendant Carpenter. This information allowed investigators to obtain an average of 101 data points per day tracking Carpenter's movements. *Id.* at 2212. The Court grappled with the advancement of technology, recognizing that "the accuracy of CSLI is rapidly approaching GPS-level precision" in arriving at its conclusion that cellphones deserve special protection from searches. *Id.* at 2219.

Defendants now argue that, based on the holding of *Carpenter*, the same logic should apply to the situation at hand and the government should be required to obtain a warrant to access the non-content information about the defendant's email addresses.

- 4 -

The problems the Supreme Court identified with respect to cell-phones, though, are generally not present in the context of the non-content information about an email address. There is no risk that this information becomes more inherently sensitive due to technological advancement, as is the case with CSLI's increasing accuracy over time. This is because no matter how much non-content information about an email address is gathered, accessing the content of those emails would still require a warrant under *Warshak*.

As the government mentions in its Response, moreover, all the non-content information that the 2703(d) orders required ESPs to disclose in this case fall within the scope of prior decisions. (Doc. 204 at 3 – 5.) The most notable decisions that the government point to are *Smith v. Maryland* and *United States v. Miller*. Together, these cases establish what courts refer to as "third-party doctrine." *Carpenter*, 138 S. Ct. at 2263.

In *Smith v. Maryland,* the Supreme Court held that people have no reasonable expectation of privacy in the phone numbers they dial since telephone users realize they must share that information with the telephone company. *Smith v. Maryland*, 442 U.S. 735, 742 (1979). In *United States v. Miller,* the Supreme Court found no reasonable expectation of privacy in the contents of checks and deposit slips since they contain only information voluntarily conveyed to banks and are simply negotiable instruments to be used in transactions. *United States v. Miller*, 425 U.S. 435, 442 (1976).

Like phone records and checks, users of email addresses understand that they must share information related to their account with the service provider. The non-content information about the account is nothing more than evidence that the user created and used a certain email

address. This does not require extra protection like the CSLI in *Carpenter* since there is no reasonable expectation of privacy.

The Tews recognized that they are asking me to extend *Carpenter* beyond the specific context of that case. Whatever the merits of their arguments, I am unable to do so. The Court in *Carpenter* flatly "decline[d] to extend *Smith* and *Miller* to the collection of CSLI." *Carpenter*, 138 S. Ct. at 2220. In 2020, the Tenth Circuit also applied *Smith* and *Miller* to business reports collected by the IRS, finding no reasonable expectation of privacy in these reports on behalf of the business owners. This holding was based on the voluntary conveyance of the information to the government and the low sensitivity of the reports when compared to CSLI from *Carpenter. See Standing Akimbo, LLC v. United States through Internal Revenue Serv.*, 955 F.3d 1146, 1164-65 (10th Cir. 2020). Furthermore, vertical *stare decisis* is an absolute command, and lower courts are forbidden from revisiting a higher court's binding holding, no matter how little sense a bound party – or the lower court – may think the applicable rule of law makes. *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 361 F. Supp. 3d 324, 340 n.10 (E.D.N.Y. 2019).

Since the non-content information at issue bears a much closer resemblance to the records collected in *Smith* and *Miller* than it does to CSLI, it would be improper to extend *Carpenter* to this circumstance.

## II. Probable Cause

The Fourth Amendment requires probable cause before a warrant can be issued. "Probable cause to issue a search warrant exists when the supporting affidavit sets forth sufficient facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) (citations omitted). Put another way,

whether there exists probable cause is a "commonsense, practical question" answered by evaluating the totality of the circumstances and turning on whether there is a "fair probability" that contraband or evidence will be in a particular place. *United States v. Biglow*, 562 F.3d 1272, 1281 (10th Cir. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983). If the circumstances are "doubtful or marginal," the district court should give deference to the judgment of the magistrate judge. *Biglow*, 562 F.3d at 1282 (quoting *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984).

When reviewing the issuing magistrate judge's probable-cause determination, the Court should afford "great deference" unless "there is no substantial basis for concluding that probable cause existed." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) (citations omitted). The defendants urge me to give zero deference to the magistrate judge's determination that each of the warrants at issue was supported by probable cause. This argument, however, is based on a hyper-technical reading of specific paragraphs in the affidavits that were filed by an AUSA under the penalty of perjury and which aimed to accurately summarize voluminous financial records. The warrants described the items to be seized with sufficient particularity, limiting them to evidence related to specific statutes and to a specific scheme against the named victim company. (Def. Mot. Ex. D at SW_00000065; Def. Mot. Ex. F at SW_0000005; Def. Mot. Ex. H at SW_00000102; Def. Mot. Ex. I at SW_00000126; Def. Mot. Ex. K at SW_00000151).

The warrants here also are limited to the time frames set forth in the affidavits. (Def. Mot. Ex. D (limited to between May 1, 2018 and September 17, 2020); Def. Mot. Ex. F (limited to between June 1, 2018 and July 7, 2020); Def. Mot. Ex. H (limited to between August 12, 2020 and October 22, 2020); Def. Mot. Ex. I limited to after August 1, 2018); Def. Mot. Ex. K (same)). In the Tenth Circuit, it is generally sufficient for a

- 7 -

warrant to specify that the evidence is seeks is tied to specific criminal statutes and is cabined to a particular date range. *United States v. Burgess*, 576 F.3d 1078, 1091 (10th Cir. 2009). This is sufficient to defeat Defendants' arguments regarding both the magistrate judge's analysis and the warrants' alleged overbreadth.

Because of this, the totality of the information contained in the affidavits provided a substantial basis for finding there was a fair probability that the evidence of criminal activity would be found in the respective electronic documents obtained by the government.

### III. Good Faith

Finally, even if the warrants were somehow infirm, Defendants' motion would be denied because the agents relied on and executed the warrants in good faith. In *Davis v. United States*, the Supreme Court made it clear that that the sole purpose of the exclusionary rule is to deter misconduct by law enforcement officers. 564 U.S. 229, 245 (2011) (emphasis in original). The "extreme sanction of exclusion" should be applied only as a "last resort" to deter police conduct that is "deliberate, reckless or grossly negligent." *United States v. Leon*, 468 U.S. 897, 916, 926 (1984); *Herring v. United States*, 555 U.S. 135, 144 (2009).

A warrant issued by a magistrate judge normally suffices to establish that a law enforcement officer has "acted in good faith in conducting the search." *United States v. Ross*, 456 U.S. 798, 823 n.32 (1982).

At the motions hearing on October 12, 2022, I orally denied Defendants' motion for a *Franks* hearing, finding that an opportunity for the Defendants to contest the validity of the probable cause in the government's warrants was not necessary. In doing so, I rejected the

Defendants' argument that the affidavits in support of the warrants were merely "bare bones" affidavits. (Doc. 226 at 14.)

Because the affidavits here support probable cause, it was not an obvious error for the magistrate judge to issue the warrants. Since the government relied in good faith on the warrant issued by the magistrate judge, its agents were permitted to execute the warrant without triggering the exclusionary rule.

## IV. Standing

Finally, the government argues in its Response that the Defendants' lack standing to challenge the warrants. (Doc. 204 at $10 - 12$). Since the validity of the warrants is supported by the merits of the government's argument, I need not address this issue.

## CONCLUSION

It is ORDERED that:

The MOTION (Doc. 200) is DENIED

DATED: October 27, 2022       BY THE COURT:

Daniel D. Domenico
United States District Judge

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Albert
C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
sike.bennett@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8868857@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for James
Hearing
```
Content–Type: text/html

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 10/28/2022 at 12:14 PM MDT and filed on 10/28/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 263(No document attached) |

**Docket Text:**

 **ORDER GRANTING IN PART [220] Defendant Kimberly Ann Tew's Motion for a *James* Proffer and Hearing. Ms. Tew's request for the Government to file a *James* proffer and for the Court to hold a *James* hearing is granted, though not on the timeline requested.**

**The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with the referenced exhibits and an accompanying brief, on or before 1/6/2023. The defendants must file their responses to the Government's *James* log and brief on or before 1/20/2023. A *James* Hearing is SET for 1/26/2023 at 09:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.**

**In light of the above, the Trial Preparation Conference set for 11/22/2022 is VACATED and RESET for 3/7/2022 at 09:30 AM in Courtroom A1002, and the eight–day Jury Trial set for 12/12/2022 is VACATED and RESET for 3/13/2023 at 09:00 AM in Courtroom A1002. Counsel and pro se parties must be present at 08:30 AM on the first day of trial. Pretrial deadlines remain as stated in the Court's Order Regarding Pretrial Deadlines and Pending Motions (Doc. [241]).**

**SO ORDERED by Judge Daniel D. Domenico on 10/28/2022. Text Only Entry (dddlc1, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

      Defendants.

---

### MOTION TO RESTRICT

---

      Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, move this Court for an order permitting them to file their *Ex Parte Motion for Order to Serve Subpoena to Produce* as Restricted Level 3:

      1.     Pursuant to D.C.COLO.LCrR 47.1(c), Defendants request an Order restricting to Level 3 their *ex parte* motion seeking an order authorizing a subpoena to produce documents, information, or objects in a criminal case in the above captioned case.

      2.     A brief in support of this motion for restriction is filed contemporaneously herewith.

      Respectfully submitted this 15th day of November 2022.

               */s/ Peter R. Bornstein*
               Peter R. Bornstein
               6060 Greenwood Plaza Blvd., Suite 500
               Greenwood Village, CO 80111
               Telephone: 720-354-4440
               Facsimile: 720-287-5674
               E-mail: pbornstein@prblegal.com
               *Attorney for Defendants Michael Tew and*
               *Kimberley Tew*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Peter R. Bornstein*
Peter R. Bornstein

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2022, I electronically filed the foregoing **MOTION TO RESTRICT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Albert
C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8899180@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
Restrict
Content-Type: text/html
```

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 11/17/2022 at 3:05 PM MST and filed on 11/17/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 269(No document attached) |

**Docket Text:**
 **ORDER granting [264] Motion for Leave to Restrict [265] Restricted Document – Level 3, [266] Restricted Document – Level 3 as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Clerk of Court is directed to maintain [265] and [266] UNDER RESTRICTION at LEVEL 3. SO ORDERED by Judge Daniel D. Domenico on 11/17/2022. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

(1) MICHAEL AARON TEW; and
(2) KIMBERLY ANN TEW, a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

      Defendants.

---

## ORDER REGARDING MOTION FOR SUBPOENA

---

Defendants Michael Aaron Tew and Kimberley Ann Tew have filed a motion seeking ex parte leave to serve a subpoena pursuant to Federal Rule of Criminal Procedure 17(c). (Doc. 266.) For the following reasons, the defendants' request to subpoena National Air Cargo and Christopher Alf is granted.

## BACKGROUND

The Tews' charges stem from an alleged scheme to defraud National Air Cargo, a Florida company at which Mr. Tew served as a contracted chief financial officer between 2015 and 2018. Between August 2018 and July 2020, Mr. Tew allegedly conspired with Ms. Tew and others to defraud National Air Cargo of more than $4 million. Mr. Tew was arrested on July 8, 2020 pursuant to a Criminal Complaint (Doc. 1) and arrest warrant (Doc. 2) issued the same day. Mr. and Ms. Tew were later indicted on February 3, 2021 on numerous counts stemming from the conspiracy. (Doc. 84.) On November 15, 2022, Mr. and Ms. Tew filed a

motion requesting permission to issue an ex parte subpoena on National Air Cargo and its owner, Christopher Alf, for the production of documents.[1] (Doc. 266.)

## DISCUSSION

## I. Propriety of Ex Parte Subpoena Motions

"[N]o controlling authority exists as to the propriety of ex parte applications for subpoenas *duces tecum*, pursuant to [Federal Rule of Criminal Procedure] 17(c)," and district courts in this Circuit and others have split on the issue. *United States v. Gonzales*, No. 10-cr-00396-CMA, 2010 WL 4683880, at *3 (D. Colo. Nov. 10, 2010); *see also United States v. Fox*, 275 F. Supp. 2d 1006, 1009-12 (D. Neb. 2003) (discussing split of authority and collecting cases). Generally, the scheme of Rule 17(c), which provides that "the court may permit the parties and their attorneys to inspect" the documents produced in response to a subpoena, "clearly suggests . . . that litigation concerning issuance of and compliance with subpoenas *duces tecum* be conducted upon notice, and not in secret." *United States v. Urlacher*, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991); *accord United States v. Hargrove*, No. 11-cr-00326-WYD, 2013 WL 3465791, at *3 (D. Colo. July 9, 2013) (citing *United States v. Hart*, 826 F. Supp. 380 (D. Colo. 1993)).

I agree with those courts that have found that Rule 17(c) subpoena motions ordinarily may not be made ex parte, but "a district court [has] discretion on whether to allow ex parte application under certain circumstances," albeit limited circumstances. *Hargrove*, 2013 WL 3465791,

---

[1]   Because this motion contains information that the defendants allege includes defense trial strategy and attorney work product, I granted the defendants' request to restrict the motion. (Doc. 269.)

at \*4 (citing *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D.
Va. 1997)).

> In those rare situations where mere disclosure of the appli-
> cation for a pre-trial subpoena would: (i) divulge trial strat-
> egy, witness lists or attorney work-product; (ii) imperil the
> source or integrity of subpoenaed evidence; or (iii) under-
> mine a fundamental privacy or constitutional interest of
> the defendant, the ex parte process could be available on a
> proper showing. . . . [But] a party seeking to proceed ex
> parte will have to meet a heavy burden to proceed in that
> fashion.

*Beckford*, 964 F. Supp. at 1030.

The defendants here assert that they filed their Rule 17(c) subpoena
motion ex parte because the content of the subpoena will "reveal to the
prosecution defense trial strategy and attorney work-product." (Doc. 266
¶ 4.) The motion may be restricted for this reason (*see* Doc. 269), but I
cannot conclude that the subpoena itself will reveal any trial strategy or
work product, particularly as the Government will be permitted to in-
spect the documents produced in response to the subpoena. Accordingly,
the subpoena and this Order will not be restricted.

## II.  Motion for Subpoena

> A subpoena may order [a] witness to produce any books,
> papers, documents, data, or other objects the subpoena des-
> ignates. The court may direct the witness to produce the
> designated items in court before trial or before they are to
> be offered in evidence. When the items arrive, the court
> may permit the parties and their attorneys to inspect all or
> part of them.

Fed. R. Crim. P. 17(c). Rule 17(c) is "not intended to provide an addi-
tional means of discovery," but "to expedite the trial by providing a time
and place before trial for the inspection of the subpoenaed materials."

*Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A party
seeking a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in
> advance of trial by exercise of due diligence; (3) that the
> party cannot properly prepare for trial without such pro-
> duction and inspection in advance of trial and that the fail-
> ure to obtain such inspection may tend unreasonably to de-
> lay the trial; and (4) that the application is made in good
> faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). In other words, the
party seeking the subpoena "must clear three hurdles: (1) relevancy;
(2) admissibility; [and] (3) specificity." *Id.* at 700; *accord United States
v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (citing *Nixon*).

The defendants seek to subpoena from Mr. Alf text and email com-
munications between Mr. Tew and Mr. Alf from August 2015 through
October 2018. They also seek to subpoena from National Air Cargo doc-
uments including audited financial statements, bank statements, Mi-
crosoft A/X raw data, invoices, the National Air Cargo company hand-
book, claims for insurance coverage, and invoices and payments made to
specific vendors. The defendants state that the discovery produced by
the Government does not include these documents, and that such docu-
ments are important to rebut certain prosecution evidence and cross-
examine prosecution witnesses. I find that the defendants' subpoena re-
quest meets the *Nixon* requirements, and it will be granted.

The defendants request that the subpoenaed documents be produced
to their counsel's office rather than to the Court. (Doc. 266 ¶ 11.) This
request is inconsistent with the text of Rule 17(c), which provides for the
pretrial production of items "in court." And other district courts in this
Circuit have found that production to counsel's office is not permissible.
*See, e.g.*, *United States v. Begay*, No. CR 14-0747 JB, 2018 WL 401265,

at *8, *13 (D.N.M. Jan. 12, 2018). Unless all parties involved agree otherwise, I will therefore require production to the Court, and, consistent with Rule 17(c), permit the defendants and the Government to inspect the documents produced.

<div align="center">CONCLUSION</div>

It is ORDERED that:

The Tews' Ex Parte Motion for Order to Serve Subpoena to Produce (Doc. 266) is GRANTED;

The Clerk of Court is DIRECTED to issue a signed and sealed subpoena to National Air Cargo and Christopher Alf pursuant to Federal Rule of Criminal Procedure 17(c). Unless the defendants, the Government, and the third parties mutually agree upon a different designated place and/or time for production and inspection of the documents, the documents sought by the subpoena must be produced before Nick Richards in the United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, on or before December 19, 2022, at which time the Court will notify the defendants and the Government that the documents are available for inspection. Because the subpoena attached to the defendants' motion (Doc. 266-1) does not list the correct place for production, the defendants must REFILE a corrected subpoena before the subpoena will be issued by the Clerk of Court; and

Any additional motions for orders authorizing Rule 17(c) subpoenas must be filed on or before **December 13, 2022**.

DATED: November 29, 2022

BY THE COURT:

~~Daniel D. Domenico~~
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1. MICHAEL A. TEW**
**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

      Defendants.

---

## MOTION TO WITHDRAW

---

Counsel for the Defendants, Michael A. Tew and Kimberley A. Tew, hereby moves this Court for an order pursuant to D.C.COLO.LAttyR 5(b) allowing Peter R. Bornstein to withdraw as counsel for Michael A. Tew and Kimberley A. Tew.  As good cause and grounds in support of this motion, counsel states as follows:

      1.    Michael Tew and Kimberley Tew contacted Mr. Bornstein in February of 2022 and asked him to represent them in this criminal case.

      2.    The attorney and clients negotiated and signed an engagement agreement including the financial terms for the representation.

      3.    Thereafter Mr. Bornstein entered his appearance for both defendants on February 25, 2022.  [DOC. #178]

4.　　The clients are unable to meet their financial obligations and are in violation of the engagement agreement.

5.　　Counsel has warned both clients, in writing and verbally, that failure to meet the financial terms of the engagement will result in a motion to withdraw from the case.

6.　　Counsel believes that the clients do not have, and cannot obtain, the funds necessary to complete the case through a trial.

7.　　Rule 1.16(b) of the Colorado Rules of Professional Conduct describes situations allowing a lawyer to withdraw from representation of a client which include financial obligations to the lawyer.

8.　　Counsel cannot go into greater specifics because Colo. R.P.C. 1.6 prohibits a lawyer from revealing information relating to the representation of a client.

WHEREFORE, Peter R. Bornstein requests an Order from the Court authorizing his withdrawal as counsel for Michael A. Tew and Kimberley A. Tew.

Respectfully submitted this 1st day of December, 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Tews*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2022, I electronically filed the foregoing **MOTION TO WITHDRAW** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. A copy of the Motion to Withdraw was sent to Michael A. Tew via email at <u>mtew@michaeltew.com</u> and Kimberley A. Tew via email at kley@me.com.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

3

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), dddlc6 (theodore_furchtgott@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8917110@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order Referring Motion
Content-Type: text/html
```

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/1/2022 at 5:41 PM MST and filed on 12/1/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 274(No document attached) |

**Docket Text:**
 **ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew [273] MOTION to
Withdraw as Attorney by Peter R. Bornstein by Judge Daniel D. Domenico on 12/01/2022.
Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein      pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields      bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman      al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KIMBERLY ANN TEW, and
MICHAEL AARON TEW,

      Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the **Motion to Withdraw** [#273] (the "Motion")
filed by Peter Bornstein, counsel for Defendants Michael A. Tew and Kimberley A. Tew.
Mr. Bornstein, who has been retained by Defendants, asserts that Defendants have been
unable to meet their financial obligations under the engagement agreement.  *Id.* at 1-2.
Accordingly, Mr. Bornstein seeks to withdraw as counsel for Defendants.  *Id.*

      IT IS HEREBY **ORDERED** that the Motion [#273] is **GRANTED**.  Mr. Bornstein is
permitted to withdraw as counsel for Defendants.

      IT IS FURTHER **ORDERED** that on or before **December 16, 2022**, Defendants shall
have replacement counsel enter an appearance or, if they believe they are entitled to
appointment of CJA counsel to represent them, shall each file a financial affidavit under
restriction at Level 3.

      Dated:  December 2, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

  1. **MICHAEL AARON TEW, and**
  2. **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

      Defendants.

---

### GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW OR, IN THE ALTERNATIVE, MOTION FOR EXPEDITED APPOINTMENT AND EXTENSION OF DEADLINES

---

The government respectfully moves the court to reconsider its order granting defense counsel's Motion to Withdraw, ECF No. 273, which was entered before the government was invited to respond and before the 14-day deadline for responses that have been typically permitted in this matter. *See, e.g.,* ECF No. 241 (giving government 14 days to respond to pretrial motions).  In the alternative, the government moves the Court to hold a hearing at the earliest possible time to collect financial affidavits and appoint new counsel, and also to reset the current deadlines to ensure orderly conduct of litigation that will not unnecessarily consume judicial resources.

1

Michael Tew was arrested in July 2020. His criminal liability has remained
an issue before this Court for almost two years due to instability and uncertainty
regarding his — and later, his wife Kimberley's — representation. Each of the many
withdrawals thus far has meant a different defense approach that the government
has had to necessarily confront:  early counsel previously made decisions
substantially curtailing the ability to mount subsequent defenses by later counsel;
other counsel have taken far-reaching positions litigating filter review of evidence,
which has delayed review of that evidence for over a year; and still later counsel
have filed motions with certain theories that have now been rejected. All these
actions have naturally delayed the case, which in turn has prejudiced the
government and the public.

Now, Mr. Peter Bornstein is the *fifth* attorney to represent Michael Tew and
the third to represent Kimberley Tew, and, as all predecessors have, has sought
withdrawal.  He was surely aware when he took the matter that the case would
present certain difficulties. To date, he has had almost a year to evaluate the
complicated evidence and, having sifted through it with sufficient diligence to file
multiple pre-trial motions and conduct a day-long hearing, is surely in the best
position to advance this case without any more delay. The government opposes
withdrawal in this matter because (1) the defendants are represented by competent
and effective counsel with whom they have no conflict and (2) such a withdrawal
would cause yet another continuance in this long-pending matter, resulting in

2

substantial prejudice to the government, the defendants, the public, and the interests of justice.

## I.  Legal Standard

### A.  The Court should reconsider so that it can evaluate governing local rules and relevant precedent.

The rules of criminal procedure do not provide for motions for reconsideration. Whether to entertain such a motion is left to the sound discretion of the court, which can consider analogous rules from the civil realm. *United States v. Baraja-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004). In civil cases, motions for reconsideration are granted when there has been an "intervening change in the law," the discovery of "new evidence previously unavailable," or something necessary to "correct clear error or prevent manifest injustice." S*ervants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The basis for reconsideration here is for clear error and manifest injustice: the defendant's motion does not address the local rule requiring "good cause" for withdrawal or the court's precedents in evaluating that standard, set forth below. Appointing counsel new counsel will cause delays and other harm to the court, the government, the defendant, and the public.

### B.  The Law Requires "Good Cause" For Withdrawal

The Court's local rules require a showing of "good cause" for withdrawal of counsel of record.  D.C.COLO.L.R.Atty.R. 5(b).  This is consistent with the Tenth Circuit's unambiguous standards regarding substitution of counsel: "To warrant a

substitution of counsel, the defendant must show good cause, such as a conflict of
interest, a complete breakdown of communication or an irreconcilable conflict which
leads to an apparently unjust verdict." *United States v. Blaze*, 143 F.3d 585, 593
(10th Cir. 1998) (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.
1987)).  Refusal to pay fees can constitute "good cause" but only where it is part of a
pattern of failure to cooperate with counsel.  "Non-payment of legal fees, without
more, is not usually a sufficient basis to permit an attorney to withdraw from
representation," and simply drawing down a retainer is not evidence of a client's
deliberate violation of a fee agreement.  *United States v. Parker*, 439 F.3d 81, 104
(2d Cir. 2006).

## II. There is no good cause for withdrawal here

Defense counsel has not alleged any conflict of interest or a breakdown of
communications.  As a threshold matter, then, defense counsel has clearly failed to
show "good cause."  If the issue is really just money, as Mr. Bornstein alleges, then
there is an easy fix:  Mr. Bornstein can be appointed as counsel pursuant to the
Criminal Justice Act (CJA) and paid accordingly. 18 U.S.C. § 3006A(c). If Mr.
Bornstein is not on the CJA panel, then that problem, too, is surmountable:  the
CJA panel for this court allows appointment of an attorney who is not on the panel
in "extraordinary circumstances."  U.S. Dist. Ct., District of Colorado, CJA Plan,
VII.D.

"Extraordinary circumstances" are not defined, but case law points to three

4

factors for evaluating them: (1) the merits of the claims at issue, (2) the nature and complexity of the factual and legal issues, and (3) the litigant's ability to investigate the facts and present claims. *Cf. Hill v. SmitKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The merits issue in the larger sense is the most consequential in our legal system: whether the defendants are guilty of charged crimes. Of course, no one doubts that the defendants are entitled to representation under the Sixth Amendment, and the Court has asked the defendants to submit affidavits showing their entitlement to court-appointed counsel. The issue, in the more specific sense then, is whether extraordinary circumstances permit the use of CJA funds to pay Mr. Bornstein in particular, instead of a different lawyer with no familiarity with the proceedings. They do.

*First*, Mr. Bornstein has had the case since March of 2022. In that time, he has explained that the case presents extraordinarily complicated issues that can only be resolved after reviewing thousands of pages of discovery. A ruling that would force the Tews to get a new attorney would further delays these proceedings by several or more months. Yet another delay in this matter is not in the interests of the witnesses, the court, or the public. It also creates a clear problem of incentives related to manipulation of the justice system. *Cf. United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999) (noting that "there must be some limit to the defendant's ability to manipulate the judicial system," and expressing concern

5

where defendant had already received substitute counsel and further substitution would "would have seriously delayed proceedings, confused the jury, and prejudiced the prosecution"); *see Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *2 (S.D.N.Y. 1996) ("It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees. I do not say that the defendants at bar are engaged in that tactic. I only say that the present record is insufficient to allow the withdrawal of the firm.")

*Second*, any substitute attorney will have the disadvantage of inheriting a matter that has already been litigated using certain arguments and theories, all without the benefit of knowing the long-term strategy or shorter-term tactical positions that Mr. Bornstein planned to use to advance his clients' interests. Appointment of yet another attorney risks prejudice to the defendants. *See Parker*, 439 F.3d at 107 (quoting extensively from American Bar Association Standard for Criminal Justice describing considerable advantage of having one attorney throughout trial proceedings).

*Third*, any prejudice to Mr. Bornstein can be limited by a CJA appointment and should take into account his initial duty to make sure that his representation of a client would not create an unreasonable financial burden on him. *Id.* at 108-109 (citing Gerald F. Uelman*, Converting Retained Lawyers into Appointed Lawyer: The Ethical and Tactical Implications*, 27 Santa Clara L. Rev. 1, 4 (1987).

*Fourth*, substituting counsel without also taking into account the pending

6

motions risks further delay and prejudice. For example, the Court has ordered the government to produce a *James* log by January 6, 2023. An orderly process would normally contemplate providing defense counsel with a copy of that log in advance so that the parties can jointly narrow any disputes to be brought before the district court and otherwise limit their consumption of judicial resources. The current state of affairs — where Mr. Bornstein is allowed to withdraw without any consideration of pending motions and without consideration of whether any newly appointed lawyer would be able to accomplish this task — risks unnecessarily prolonging litigation or, even worse: it is possible that new counsel could decide the *James* log is not necessary at all, which would fail to promote the defendants' rights.

*Fifth*, the discovery in this case is complex, involving the search and seizure of gigabytes of electronic information. Legal issues also abound, not the least of which is the evaluation of what kinds of defenses the defendants can present given the procedural posture and history of the case. Mr. Bornstein has acknowledged these risks. New counsel may, however, open the door to the confessions' admission.

*Finally*, the Tews' ability to investigate the facts and present claims on their own is particularly difficult in this matter given their insistence on joint representation, despite having potentially divergent interests.

All of these factors militate against allowing withdrawal in this case and, instead, favor the conclusion that extraordinary circumstances warrant appointing

Mr. Bornstein pursuant to the CJA.

The Court should also consider the prejudice to the government and the public that will necessarily arise from precipitous withdrawal of defense counsel here. Another appointment will inevitably result in another delay. The defendants carried on their fraud against the out-of-state victim for many years. *See* ECF No. 1 (Indictment). There are over a dozen of witnesses to the scheme, many of which reside outside of Colorado. Further continuances and uncertainty regarding the trial date places burdens on their schedules, compounds the inherent risks associated with fading memories, and, ultimately, delays restitution and peace of mind to the victim.

### III.   If there is good cause, the Court should hold an immediate hearing and vacate the existing deadlines until new counsel is appointed

The Court has ordered the government to submit a *James* log on or before January 6, 2023 and a response on or before January 23, 2022. ECF No. 263. If new counsel is appointed, it is exceedingly unlikely that the new lawyer will be able to comply with the January 23rd response deadline given the volume of discovery and the upcoming holidays. Ideally, well before those dates, the government and defense counsel would be able to confer and avoid unnecessarily burdening the court with issues that it can resolve. But such a process is impossible when it is unclear whether the Tews are represented and by whom. Furthermore, once the government has completed its *James* log, it has essentially finished preparing for

trial and will not be in a position to offer either any plea disposition or the final
point for acceptance of responsibility designed to prevent unnecessary consumption
of scarce resources.  U.S.S.G. § 3E1.1(b).  For these reasons, to avoid prejudice to
the government, the court, and the defendants, the Court should also issue an order
vacating the current deadlines and, instead, order a status conference to discuss
scheduling with any newly appointed counsel.

In addition, Mr. Bornstein recently filed a motion for a trial subpoena *duces
tecum*, which was granted.  But the Court also asked Mr. Bornstein to file a revised
subpoena, which he has not done, and also contemplated a process in which the
parties would review any documents provided in response.  ECF No. 272. Assuming
that this subpoena seeks important information to the defense, the follow up
revisions requested by the Court are likely to be missed by any new defense counsel
attempting to get up to speed on the case.

Finally, the government notes that the last time the Court asked the Tews to
submit affidavits, it took approximately 60 days to have the issue of representation
resolved. ECF Nos. 166, 167, 175, 177 and 178.  If the Court denies the motion for
reconsideration of the underlying issue regarding withdrawal of counsel, the
government respectfully moves for an expedited in-person hearing requiring that
Tews to submit their affidavits to the Court this week.  If the Tews are determined
to qualify, the government requests an order appointing such counsel as soon as
possible to avoid any delays.  Such a procedure will also give new counsel time, if

9

necessary, to submit a new subpoena pursuant to the Court's order, ECF No. 272, and to consider whether the deadline for the subpoena should be extended and how, if at all, the provision of documents related to that subpoena might impact the current trial date of March 7, 2023.  The subpoena contemplates potentially thousands of documents, which would need to be reviewed in addition to the thousands that are already part of the discovery in this case.

　　　　To the extent the parties once again seek appointment of one attorney to represent them both, the government notes its continued opposition.  Allowing one attorney to represent two co-conspirators with different legal defenses, different legal options, and distinct interests is legally inadvisable for the reasons set forth at ECF No. 108 and at the hearing regarding the motion for severance.

　　　　Respectfully submitted this 5th day of December, 2022.

COLE FINEGAN
United States Attorney

By:　*/s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:　*/s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

10

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Bryan Fields
Bryan Fields


**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the period within which the Court is evaluating the defendants' motion for a *James* log, ECF No. 263.

/s/ Bryan Fields
Bryan Fields

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

/s/ Bryan Fields
Bryan Fields
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Bryan.Fields3@usdoj.gov
Attorney for the United States

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael
John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), dddlc6 (theodore_furchtgott@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8922328@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order Referring Motion
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 12/5/2022 at 4:57 PM MST and filed on 12/5/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |

**Document Number:** 277(No document attached)

**Docket Text:**
 **ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew [276] MOTION for Reconsideration re [275] Order on Motion to Withdraw as Attorney,,** *or, in the alternative, motion for expedited appointment and extension of deadlines* **filed by USA. Motion referred to Magistrate Judge Kristen L. Mix by Judge Daniel D. Domenico on 12/05/2022. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20−cr−00305−DDD−2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KIMBERLY ANN TEW, and
MICHAEL AARON TEW,

      Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

THIS MATTER is before the Court on the Government's Motion for Reconsideration of Order Granting Defense Counsel's Motion to Withdraw or, in the Alternative, Motion for Expedited Appointment and Extension of Deadlines [#276] (the "Motion").

IT IS HEREBY **ORDERED** that a hearing on the Motion [#276] is set for **December 9, 2022,** at **11:00 a.m.** Counsel for the parties, including defense counsel Peter Bornstein who was permitted to withdraw by Minute Order [#275] of December 2, 2022, shall be present at the hearing.

IT IS FURTHER **ORDERED** that the Clerk of Court shall email a copy of this Minute Order to Mr. Bornstein.

Dated: December 6, 2022

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Bryan David Fields (bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel
D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8924045@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Certificate of Service
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/6/2022 at 2:07 PM MST and filed on 12/6/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 279(No document attached) |

**Docket Text:**
 **Certificate of Service by E–Mail by Clerk of Court re [278] Minute Order to counsel Peter Bornstein at pbornstein@prblegal.com. Text Only Entry. (alave, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Bryan David Fields (bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel
D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
sike.bennett@usdoj.gov, triana.luce@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8930917@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Withdraw as
Attorney
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/9/2022 at 12:46 PM MST and filed on 12/9/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 280(No document attached) |

**Docket Text:**
 **MINUTE ENTRY for In Court Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 12/9/2022 before Magistrate Judge Kristen L. Mix. The court GRANTS [276] Motion for Reconsideration re [273] MOTION to Withdraw as Attorney. [273] MOTION to Withdraw as Attorney is GRANTED in part and DENIED in part to the extent that Mr. Bornstein is permitted to withdraw as private counsel, but otherwise denied. Defendants are ORDERED to submit financial affidavits on or before 5:00 PM Tuesday, December 13, 2022. Should Defendants qualify for court–appointed counsel, Mr. Bornstein will be appointed as CJA counsel.**

**The Clerk of Court is ORDERED to allow Mr. Bornstein to file the financial affidavits on the electronic docket on the Defendants' behalf. Should there be any problem with the filing of the financial affidavits, Mr. Bornstein SHALL email them to Mix_Chambers@cod.uscourts.gov.(Total time: 23 minutes, Hearing time: 11:00–11:23)**

**APPEARANCES: Bryan Fields, Albert Buchman on behalf of the Government, Peter Bornstein on behalf of the defendant. FTR: A–401. (cpomm, ) Text Only Entry**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
   Kimberley Vertanen,**

Defendants.

---

## MOTION TO RESTRICT

---

Defendants, Michael A. Tew and Kimberley A. Tew by Peter R. Bornstein, move this Court for an order permitting them to file their *Financial Affidavits* Restricted Level 3. Pursuant to the minute orders entered on December 9, 2022 and D.C.COLO.LCrR 47.1(c), Defendants request an Order restricting to Level 3 their *Financial Affidavits*.

Respectfully submitted this 13th day of December 2022.

*/s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2022, I electronically filed the foregoing **MOTION TO RESTRICT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Peter R. Bornstein
Attorney

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Albert
C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8937634@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
Restrict
Content-Type: text/html
```

<div align="center">

**U.S. District Court – District of Colorado**

**District of Colorado**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 12/14/2022 at 2:16 PM MST and filed on 12/14/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 283(No document attached) |

**Docket Text:**
 **ORDER granting [281] Motion for Leave to Restrict [282] Restricted Document as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Clerk of Court is instructed to maintain [282] at LEVEL THREE RESTRICTION. SO ORDERED by Judge Daniel D. Domenico on 12/14/2022. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

  1. **MICHAEL AARON TEW, and**
  2. **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

Defendants.

---

## GOVERNMENT'S MOTION TO VACATE CURRENT DEADLINES AND FOR STATUS CONFERENCE

---

     The government is currently preparing a major filing for January 6, 2023 — a *James* log summarizing a years-long conspiracy to defraud a corporation of several million dollars perpetrated in part through the use of thousands of individual text messages and emails — in response to a filing by a defense attorney who is no longer part of this case, in circumstances where defendants currently have no attorney to prepare their response, and where the defendants themselves cannot reasonably be expected to make a *pro se* filing by the current deadline of  January 20, 2023. The government respectfully moves the Court to vacate the current deadlines and to set a conference to clarify the status of the Tews' representation and the overall timeline for this matter.

     The Tews' current lawyer, Peter Bornstein, moved to withdraw on December

1, 2022. [ECF No. 273]. The motion was granted the next day, before the government was given an opportunity to respond. [ECF No. 275]. The government filed a motion for reconsideration on the next business day, December 5, 2022. [ECF No. 276]. After a hearing on December 9, 2022 the government's motion was granted in part and denied in part:  the Tews' counsel was permitted to withdraw as private counsel, but Michael and Kimberley Tew were ordered to submit financial affidavits so that the court could evaluate whether one or the other might qualify to have Mr. Bornstein appointed to represent them. [ECF No. 280].  Those affidavits were filed on December 13, 2022. [ECF No. 282]. As of this date, nearly one month after Mr. Bornstein's withdrawal motion, [ECF No. 273], no determination has been made as to representation.

In the background to all of this is a pending motion filed by Mr. Bornstein requesting that the government prepare a *James* proffer and a log of statements it intends to offer pursuant to Federal Rule of Evidence 801(d)(2)(E).  [ECF Nos. 219, 220, 231, 232]. That log is currently due on January 6, 2023. But there is currently no defense lawyer entered in the case to prepare the response, which is due in short order on January 20, 2023.

The government respectfully requests that the current deadlines related to the *James* proffer and log be vacated. If both defendants qualify for court-appointed counsel, an order appointing Mr. Bornstein this week or next would only give him a few days to review the government's submission prior to its filing to note any

objections or points of agreement in a way that would help the parties make the most efficient use of scarce judicial resources. Once appointed, the government can work with Mr. Bornstein on mutually agreeable deadlines and file appropriate motions with the court after joint consultation.

If only one of the defendants qualifies for court-appointed counsel, then it seems quite likely that any new counsel will — like all prior counsel — need an ends-of-justice continuance to review the voluminous discovery before being in a position to file a response or otherwise advise the relevant client on how to proceed. In this scenario, it makes little sense to file a *James* motion to which there will be no response for several months or that may be much different in scope and content depending on further litigation and negotiation.

If neither of the defendants qualifies for court-appointed counsel, and if the Tews will not pay for retained counsel, then the government respectfully requests a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), so that the Court can ensure that any implicit decision by the defendants to represent themselves can be made explicit and so that the Court can fully evaluate whether such a decision has been made knowingly and intelligently by each defendant. Once that evaluation has been made, the parties and the Court can then agree on new deadlines that take into account the *pro se* nature of any subsequent proceedings.

As set forth in its motion for reconsideration, [ECF No. 276] the government remains concerned about further delays that may prejudice its case. If the Court

grants this request for relief in the form of a conference to clarify the status of the

defendants' representation and to set further deadlines, the government

respectfully requests the earliest date available to the Court.

Respectfully submitted this 27th day of December, 2022.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:  */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the period within which the Court is evaluating the defendants' motion for a *James* log, ECF No. 263.

*/s/ Bryan Fields*
Bryan Fields

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*/s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone:  (303) 454-0100
Fax:  (303) 454-0403
E-mail:  Bryan.Fields3@usdoj.gov
Attorney for the United States

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

KIMBERLY ANN TEW, and
MICHAEL AARON TEW,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on the Court's **Order** [#280] made at the December 9, 2022 Hearing.  Having reviewed the Affidavits [#282] timely submitted by Defendants Michael A. Tew and Kimberly A. Tew, the Court finds that they qualify for court-appointed counsel.  Accordingly,

     IT IS HEREBY **ORDERED** that attorney Peter Bornstein is appointed as CJA counsel for Defendants Michael A. Tew and Kimberly A. Tew.

     Dated:  December 27, 2022

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), dddlc6 (theodore_furchtgott@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
sike.bennett@usdoj.gov, triana.luce@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8954547@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Vacate
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/28/2022 at 11:00 AM MST and filed on 12/28/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 287(No document attached) |

**Docket Text:**
 ORDER DENYING [284] Government's Motion to Vacate Current Deadlines and for Status Conference as to Michael Aaron Tew (1), Kimberley Ann Tew (2).

Attorney Peter Bornstein represented the defendants as retained counsel for a period of over nine months from February to December 2022 (*see* Docs. [178], [273], [275], 280), and he now continues to represent the defendants as appointed CJA counsel (Doc. [286]). The Government has repeatedly stated its concern that further delays may prejudice its case and the public (Doc. [284] at 3; Doc. [276] at 2, 3, 5, 8), and has also acknowledged that Mr. Bornstein "is surely in the best position to advance this case without any more delay" (Doc. [276] at 2). Having now been appointed as CJA counsel, Mr. Bornstein has over a week to review the Government's *James* submission prior to its filing on 1/6/2023.

The Government's request to vacate the deadlines related to its *James* proffer and log is therefore denied.

SO ORDERED by Judge Daniel D. Domenico on 12/28/2022. Text Only Entry (dddlc1, )

1:20–cr–00305–DDD–1 Notice has been electronically mailed to:

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. MICHAEL A. TEW**
**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

    Defendants.

---

### MOTION FOR APPOINTMENT OF SEPARATE COUNSEL

---

    Peter R. Bornstein, court-appointed counsel for Defendants, Michael A. Tew and Kimberley A. Tew, moves this Court for an order appointing separate counsel for one of the two defendants.  As grounds in support of this motion, Mr. Bornstein states as follows:

    1.    Mr. Bornstein was hired as private counsel for Mr. and Mrs. Tew and he continued in this capacity until he filed a Motion to Withdraw on December 1, 2022. (Doc. #273).  The Motion to Withdraw stated that the clients had failed to live up to their contractual and financial obligations pursuant to their fee agreement.

    2.    The Motion to Withdraw was referred to Magistrate Judge Mix who granted the motion on December 2, 2022. (Doc. #275).  Thereafter, the prosecution filed a Motion for Reconsideration which requested, in pertinent part, that Mr. Bornstein be appointed to continue representation of the Tews pursuant to the Criminal Justice Act.

    3.    A hearing was held before Magistrate Judge Mix on Friday, December 9, 2022.  At that hearing, the Magistrate Judge asked Mr. Bornstein whether he would continue as counsel under this Criminal Justice Act.  Mr. Bornstein did not volunteer to be appointed but informed the Court that as an officer of the court he would accept such

an appointment.  See Colorado Rules of Professional Conduct 6.2 (a lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause).

4.      The Magistrate Judge ordered Mr. and Mrs. Tew to file financial affidavits for a determination as to whether they were eligible under the Criminal Justice Act for court-appointed counsel, which they did.  On December 27, 2022, the Magistrate Judge issued an Order appointing Peter Bornstein as CJA counsel for both Kimberley A. Tew and Michael A. Tew.  (Doc. #286).

5.      Joint representation of two criminal defendants raises an inherent conflict of interest.  Colorado Rules of Professional Conduct 1.7(a) and Comments 6 and 8. Criminal defendants are entitled to conflict-free representation.  *Holloway v. Arkansas*, 435 U.S. 475 (1978); *United States v. Gallegos*, 108 F.3d 1272 (10th Cir. 1997).

6.      Previously, Kimberley Tew filed a Motion for Severance which was argued before this Court and denied.  However, during the argument, the Court raised serious concerns about joint representation and conflicts of interest.

7.      The prosecution has also raised objections to joint representation in this case at least twice.  Early in the case when prior counsel represented the Tews, the prosecution raised concerns over joint representation.  The prosecution raised the issue again in opposing the Motion for Severance, and a third time in its Motion for Reconsideration of the order allowing Mr. Bornstein to withdraw.

8.      The previous waiver by the clients of a potential conflict of interest when Mr. Bornstein was retained privately is no longer operative.  The previous waiver was based, in part, on a lack of financial resources to hire separate counsel for Kimberley Tew. The Criminal Justice Act policies severely discourage courts from appointment of one counsel for two or more defendants, and the CJA administrator for this District will not generally make such an appointment.

2

9.     The Defendants, moreover, are considering and will continue to consider that one or both of them may elect to testify on their behalf during the trial of this case. Counsel would be ethically prohibited from cross examining one of his clients, even if such examination would assist his other client.  Such an election to testify brings into sharp resolution the significant proffers made by each Defendant to the Government during the preliminary events in this case.  These proffers contain statements that incriminate both defendants.

10.     In order to provide each Defendant with conflict-free representation, the appointment of a separate counsel for one of them is necessary.

WHEREFORE, counsel for the Defendants request this Court enter an order appointing separate CJA counsel for one of the Defendants in this case.

Respectfully submitted this 28th day of December, 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

s/ Peter R. Bornstein
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
Attorney for Defendants Tews

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of December, 2022, I electronically filed the foregoing **MOTION FOR APPOINTMENT OF SEPARATE COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record

<u>*s/ Jeannette Wolf*</u>
Jeannette Wolf, Paralegal

4

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Albert
C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
sike.bennett@usdoj.gov, triana.luce@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8956360@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/29/2022 at 11:39 AM MST and filed on 12/29/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 289(No document attached) |

**Docket Text:**

**ORDER GRANTING [288] Motion for Appointment of Separate Counsel as to Michael Aaron Tew (1), Kimberley Ann Tew (2).**

**Attorney Peter R. Bornstein is relieved of any further representation of Defendant Kimberley Ann Tew, and the Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record for Ms. Tew. An attorney from the Criminal Justice Act panel will be appointed to represent Ms. Tew. Defendant Michael Aaron Tew will continue to be represented by Mr. Bornstein as appointed CJA counsel.**

**In light of the above, the deadlines for the Goverment's *James* proffer and log and the defendants' response thereto, and the *James* Hearing set for 1/26/2023 are CONTINUED pending further order of the Court.**

**Within one week of entry of appearance of new counsel for Ms. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; (2) mutually agreeable proposed deadlines for further *James* proceedings; and (3) any other issues the parties wish to bring to the Court's attention.**

**SO ORDERED by Judge Daniel D. Domenico on 12/29/2022. Text Only Entry (dddlc1, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

## 2. KIMBERLEY ANN TEW

     Defendant.

---

## NOTICE OF APPEARANCE OF COUNSEL

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC hereby enters his appearance as Criminal Justice Act counsel on behalf of Defendant Kimberley Ann Tew in the above-captioned matter. Pursuant to D.C.COLO.L.AttyR. 5(a)(3)(C), undersigned counsel certifies that he is a member in good standing of the bar of this court.

Dated: January 3, 2023.

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

**Certificate of Service**

I certify that on January 3, 2023, I electronically filed the foregoing *Notice of Appearance of Counsel* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Albert Buchman
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
al.buchman@usdoj.gov

s/ Brenda Rodriguez
Brenda Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  MICHAEL AARON TEW
2.  KIMBERLEY ANN TEW, and
3.  JONATHAN K. YIOULOS,

Defendants.

---

**MOTION TO UNRESTRICT CRIMINAL COMPLAINT**

---

The United States, by and through United States Attorney, Cole Finegan, and Assistant United States Attorney, Bryan Fields, hereby respectfully requests the Court to unrestrict the Criminal Complaint, Affidavit and Arrest Warrant, the Government's Motion to Restrict, and the Order to Restrict in this case.

The Government, therefore, asks to modify the restriction level of these documents.  The original grounds for restriction no longer apply.

WHEREFORE, the Government respectfully moves to remove the restriction of the documents in this case to allow the Government to disclose the documents to the defense counsel.

Respectfully submitted this 5th day of January, 2023.

COLE FINEGAN
United States Attorney

*s/ Bryan D. Fields*
By: Bryan D. Fields
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: Bryan.Fields3@usdoj.gov

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. MICHAEL AARON TEW,
2. KIMBERLEY ANN TEW, and
3. JONATHAN K. YIOULOS,

Defendants.

---

## ORDER TO UNRESTRICT CRIMINAL COMPLAINT

---

This matter comes before the Court on the Government's Motion to Unrestrict the Criminal Complaint. Having reviewed the motion and being otherwise advised in the premises, the Court finds that good and sufficient cause supports the same.

Accordingly, it is:

ORDERED that the Government's Motion is GRANTED.

IT IS FURTHER ORDERED that the documents subject to Restriction Level 3 under this Court's Order in this case are modified under D.C.Colo.LCrR 47.1(b) so that the Government may disclose those documents to defense counsel.

IT IS SO ORDERED on this _____ day of January, 2023.

BY THE COURT:

_____
HON. DANIEL D. DOMENICO
DISTRICT OF COLORADO

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Bryan David Fields (bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel
D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8967113@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Unrestrict
Document
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/6/2023 at 10:08 AM MST and filed on 1/6/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 292(No document attached) |

**Docket Text:**
 **ORDER granting [291] Motion to Unrestrict [291]. The Clerk of Court is directed to unrestrict Documents [1], [2], [5], and [6] as to Michael Aaron Tew (1), Kimberley Ann Tew (2), Jonathan K. Yioulos (3). SO ORDERED by Judge Daniel D. Domenico on 01/06/2023. Text Only Entry (dddlc5, )**


**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)     pbornstein@prblegal.com, jwolf@prblegal.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)     pbornstein@prblegal.com, jwolf@prblegal.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)     pbornstein@prblegal.com, jwolf@prblegal.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

  1.  **MICHAEL AARON TEW, and**
  2.  **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

     Defendants.

---

## JOINT STATUS REPORT

---

On December 29, 2022, the Court entered an order that relieved attorney Peter R. Bornstein of any further representation of defendant Kimberley Ann Tew, and ordered that new counsel be appointed. The order also directed the parties, within one week of the new attorney's appearance, to file a joint status report addressing (1) the Speedy Trial Act implications of the new representation, if any; (2) mutually agreeable proposed deadlines for further *James* proceedings; and (3) any other issues the parties wish to bring to the Court's attention. ECF No. 289. Mr. David Kaplan entered his appearance for Ms. Tew on January 3, 2023. The parties have since consulted with one another and submit this joint status report.

     1.    Counsel for Ms. Tew intends to file a motion seeking an ends-of-justice continuance under the Speedy Trial Act. While the government has expressed

1

concern about the delays in this matter, the ends of justice certainly require that

new counsel be given adequate time to prepare for trial and, under the

circumstances, the government does not oppose the motion. An ends of justice

continuance for Ms. Tew would toll the speedy trial clock for co-defendant, Michael

Aaron Tew.  18 U.S.C. 3161(h)(6)(providing for exclusion of reasonable period of

delay when the defendant is joined for trial with codefendant).

2.    Counsel for Ms. Tew will need time to review the voluminous discovery

in this matter to better ascertain a reasonable timeline for responding to a *James*

proffer. The parties propose submitting another joint status report in 60 days with a

proposed timeline for responding to a *James* log and any other new motion

deadlines.

3.    The parties are evaluating whether there is a conflict that would

prevent attorney Peter Bornstein from continuing to represent defendant Michael

Tew. Mr. Bornstein does not believe that there is a conflict that would provide good

cause to withdraw. Mr. Kaplan has concerns about a conflict: one such issue is if

Ms. Tew decides to testify at trial, such a scenario might require Mr. Bornstein to

either cross-examine a former client or waive that cross-examination to the

potential detriment of a current client. The government is not in a position to

evaluate whether such a conflict is real or merely abstract, whether a joint defense

agreement could solve any such conflict, whether such a conflict can be resolved

with a knowing and intelligent waiver of cross-examination by Mr. Tew, or whether

any such conflict could otherwise be resolved by defense counsel in this case. Mr. Bornstein is concerned that the government is meddling in the province of the defendants and their lawyers and that nothing should be scheduled at this time. Mr. Fields and Mr. Kaplan propose either a hearing at the Court's earliest convenience or an ex parte filing by the defendants describing the current circumstances and their positions regarding any conflict so that the Court can evaluate and resolve whether the defendants are appropriately represented.

Respectfully submitted this 10th day of January, 2023.

COLE FINEGAN
United States Attorney

By:    */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:    */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

THE LAW OFFICES OF PETER R. BORNSTEIN

By:    */s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
Attorney for Defendant Michael Allen Tew

STIMSON LABRANCHE HUBBARD

3

By:     */s/ David S. Kaplan*
David S. Kaplan
1652 N. Downing Street
Denver, CO 80218
Telephone: 720-689-8909
Facsimile: 720-689-8909
E-mail: kaplan@slhlegal.com
Attorney for Defendant Kimberley Ann Tew

4

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this filing has no effect on the speedy trial clock.

*/s/ Bryan Fields*
Bryan Fields

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*/s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Bryan.Fields3@usdoj.gov
Attorney for the United States

6

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David Scott Kaplan
(hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), dddlc6 (theodore_furchtgott@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8974584@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Minute Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/11/2023 at 2:02 PM MST and filed on 1/11/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 294(No document attached) |

**Docket Text:**
 **MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew re [293] Status Report filed by USA. By 1/17/2023, Mr. Bornstein and Mr. Kaplan must each submit an ex parte filing describing their positions regarding any conflict of interest that might prevent Mr. Bornstein from continuing to represent Mr. Tew and whether a hearing is necessary to evaluate and resolve this issue. SO ORDERED by Judge Daniel D. Domenico on 01/11/2023. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)    pbornstein@prblegal.com, jwolf@prblegal.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)     pbornstein@prblegal.com, jwolf@prblegal.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   MICHAEL AARON TEW
2.   KIMBERLEY ANN TEW, and
3.   JONATHAN K. YIOULOS,

Defendants

---

## MOTION OF THIRD-PARTY VICTIMS TO QUASH SUBPOENAS

---

Victims National Air Cargo Holdings, Inc., National Air Cargo Group, Inc. d/b/a National Airlines and Christopher J. Alf (collectively, the "Victims"),[1] by and through counsel Eric S. Galler and Nancy L. Cohen, hereby respectfully request the Court to quash the Subpoenas to Produce Documents, Information, or Objects in a Criminal Case (the "subpoenas") that were issued to Mr. Alf and to an entity referred to as "National Air Cargo" dated December 1, 2022, pursuant to the Order Regarding Motion for Subpoena dated November 29, 2022.

---

[1] Christopher Alf, National Air Cargo Holdings, Inc. ("Holdings") and National Air Cargo Group, Inc. d/b/a National Airlines ("National Airlines") are the victims in this case.  Mr. Alf is the sole owner of Holdings.  National Airlines is a wholly-owned, indirect subsidiary of Holdings.

## Conferral with the Tews' Counsel

On January 9, 2023, counsel for the Victims conferred with counsel for the Tews regarding the scope and relevance of the subpoena requests. Counsel for the Tews declined to revise or limit the subpoena requests in any way and invited the filing of this Motion.

## INTRODUCTION

In November 2016, Holdings retained Sand Hill, LLC, an entity owned by Michael Tew, to engage Mr. Tew to provide certain financial services to Holdings, including preparation of financial models, creation of investment memoranda, financial structuring and advisory services and other similar services. In providing those financial services to Holdings, Mr. Tew acted as the outsourced chief financial officer of Holdings. In that role, Mr. Tew worked closely with the Victims and the internal financial and accounting staff of Holdings, including Jonathan Yioulos,[2] who is also a defendant in this case. Mr. Tew continued to provide financial services to Holdings until September 15, 2018, when Holdings terminated the consulting engagement with Sand Hill, LLC. At the time of this termination Mr. Tew was in possession of a company issued computer and had been advanced $35,000 toward future consulting fees, both of which Holdings demanded be returned but neither of which was ever returned by Mr. Tew.

In June 2020, the Federal Bureau of Investigation first contacted Christopher Alf, the Chairman and Chief Executive Officer of Holdings and requested a meeting. On July 1, 2020, Mr. Alf met with representatives of the FBI and the Internal Revenue Service, at which time it was revealed to Mr. Alf that as part of an ongoing investigation, the FBI and IRS had discovered that

---

[2] Mr. Yioulos was a staff accountant for Holdings during the period of Mr. Tew's service and thereafter become the Controller for Holdings. Mr. Yioulos' employment was terminated in July 2020, after Holdings became aware of Mr. Yioulos' participation in the criminal conduct charged in this case. Undersigned counsel understands Mr. Yioulos pled guilty to charges brought against him

substantial funds had been transmitted from bank accounts of Holdings and National Airlines to the persons under investigation by these authorities. Mr. Alf and Holdings immediately offered their cooperation to the FBI and the IRS and began to collect materials requested by the authorities relating to, among other things, electronic funds transmissions, including wire transfers and automatic clearing house (ACH) transfer, to persons and accounts identified by the FBI and IRS. Over the next several days (including the Independence Day holiday), Holdings' accounting staff discovered that funds in excess of five million dollars ($5,000,000) had been transferred from bank accounts belonging to Holdings and National Airlines to the accounts identified by the FBI and IRS with the direct participation and direction of Mr. Yioulos, an employee who at that time was the Controller of Holdings, and was the senior employee overseeing all of the United States based financial activities of Holdings. Upon Mr. Yioulos' return from the Independence Day holiday on July 7, 2020, Mr. Yioulos' employment with National was terminated, and, in coordination with the FBI and IRS, Mr. Yioulos was taken by the authorities for questioning.

Mr, Tew, Kimberley Tew and Mr, Yioulos were subsequently indicted on 60 criminal counts, including 56 counts relating to the specific criminal transfers of funds from the Holdings and National Airlines bank accounts to bank accounts under their control.[3]

The subpoena seeks personal and confidential information from the Victims who are third parties to this case.

---

[3] The remaining four counts allege non-filing of income tax returns by Mr. Tew for the tax years 2016, 2017, 2018 and 2019.

## ARGUMENT

The Tews seek pretrial production of documentary evidence under Fed. R. Crim. P. 17(c), apparently ignoring subsection 17(c)(3).  The Tews' subpoena fails generally because the Tews are improperly attempting to obtain additional discovery from the Victims of documents that can be properly obtained elsewhere by the exercise of due diligence.  The Tews' subpoena is not made in good faith and is intended as a general "fishing expedition," which is prohibited.  *See United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993), citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).  Moreover, as the Supreme Court has stated in both *Nixon,* at 698, and *Bowman Dairy Co. v United States*, 341 U.S. 214, 220 (1951), Rule 17(c) is "not intended to provide a means of discovery for criminal cases."

Under Federal Rule of Criminal Procedure 17(c)(3),

After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, **the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object**.

(emphasis added).

The subpoenas that were served upon the Victims request personal or confidential information about the Victims.  Before the order issued allowing the subpoenas to be served on the Victims, no notice was given to the Victims in violation of the clear language and requirement of Rule 17(c)(3).[4]  Nor was there any finding by the Court of the existence of exceptional circumstances that would permit the order to issue the subpoenas to be issued without proper notice.  The issuance of these subpoenas under these circumstances is not permissible.  *See United*

---

[4] The defendants brought an ex parte motion requesting the Court to permit the issuance of the subpoenas under Rule 17(c).  Under Rule 17(c)(3), an ex parte motion was inappropriate in this case.

*States v. Jinian*, CR-09-1103-JSW, US Dist. N Cal. (March 3, 2011) (denying ex parte motion of defendant to serve subpoena on a corporate victim for personal or confidential information under Rule 17(c)(3) for failure to give proper notice and finding no exceptional circumstances).

The importance of giving notice to the Victims before an order enters is because the Victims can then provide argument as to why the subpoena is improper. Defendants failed to follow the procedures in Rule 17(c)(3). Assuming the Court agrees that the Tews have improperly sought documents from the Victims without proper notice and vacates the order, the Victims may file another motion to quash if the Tews fail to narrow the document requests,

The Victims object to the requests made in the subpoenas on several grounds. Importantly, upon information and belief, the U.S. Attorney's office has already produced a substantial number of documents and other materials to the defendants relating to the charges for which the defendants are being prosecuted. With respect to information request number 9, the defendants request the production of all "text or email communication[s]" between Michael Tew and Mr. Alf. Mr. Tew has or already had in his possession or access to all of the text messages and emails between himself and Mr. Alf because (a) Mr. Tew only used personal mobile phone numbers to text with Mr. Alf relevant to Mr. Tew's alleged criminal conduct and (b) Mr. Tew communicated with Mr. Alf by email relevant to Mr. Tew's alleged criminal conduct using only either personal email account(s) or using a Holdings designated email account which Mr. Tew has access to on the Holdings issued computer that Mr. Tew never returned to Holdings when his services for Holdings were terminated. Additionally, the emails relevant to the Indictment were previously produced to the US Attorney's office by Holdings (the index of the emails alone consists of more than 3 gigabytes of information).

Victims also object because (1) the information requested does not relate to the criminal conduct for which the defendants were indicted,[5] (2) the information requests are unreasonable, oppressive and/or burdensome, (3) the information requests appear to be a fishing expedition in violation of the *Nixon* factors and Rule 17(c), (4) the information requests are insufficiently specific in nature for the Victims to adequately respond to the requests without an excessive and expensive investigation and production process thereby compounding the injury to the Victims already perpetrated by the defendants,[6] and (5) and the subpoena constitutes harassment of the Victims especially because it violates Rule 17(c)(3).[7]

---

[5] While the Victims do not have access to the Criminal Complaint filed against the defendants, the Victims have seen the Indictment that was issued against the defendants by the Grand Jury. The Indictment contains 60 counts alleging violations of 18 USC §§ 2, 1343, 1349, 1956(h), and 1957 and 26 USC § 7203 against one or more of the defendants. Each of these counts refers to specific conduct by one or more of the defendants. The Tews already have the information being requested in the subpoena that relate to the criminal conduct identified in the Indictment. Nothing in the Indictment indicates that any of the Victims participated in or had prior knowledge of the criminal conduct of the defendants.

[6]      The subpoena is issued to Christopher Alf and National Air Cargo. The Victims do not know exactly what National Air Cargo is meant to refer to. National Air Cargo Holdings, Inc., is a Florida corporation that is the parent corporation of a group of more than 26 separate companies. Nothing in the subpoena contains information sufficient to identify to the Victims who "National Air Cargo" references.

Additionally, 8 of the 11 requests propounded in the subpoenas (items 1, 2, 3, 4, 5, 8, 9, 10 and 11) refer to something called "NAC" and something called "NAC Holdings." Nothing in the subpoena provides sufficient information to identify what or who either "NAC" or "NAC Holdings" is.

Finally, two other of the 11 requests propounded in the subpoenas (items 6 and 7) make no reference as to whose information is actually requested, as the request could refer to anyone.

[7] Simultaneously with this Motion of Third-Party Victims to Quash Subpoenas the Victims are delivering to the Court objections to all of the information requests propounded in the subpoenas.

WHEREFORE, the victims respectfully move that the subpoenas be quashed.

Respectfully submitted this 13th day of January, 2023.

s/ *Eric S. Galler*
Eric S. Galler
Galler Corporate Law Group
9466 Georgia Avenue
Suite 130
Silver Spring, MD 20910
Telephone: 301-728-3850
e-mail: egaller@gcorplaw.com

s/*Nancy L. Cohen*
Nancy L. Cohen, Esq.
COHEN|BLACK LAW, LLC
1888 N. Sherman Street, Suite 770
Denver, Colorado 80203
Telephone: 720-699-2322
email: ncohen@cohenblacklaw.com

*Counsel for the Victims*

7

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day January, 2023, I presented the foregoing **MOTION OF THIRD-PARTY VICTIMS TO QUASH SUBPOENAS** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of this filing to all parties of record.

*/s/ Nancy L. Cohen, Esq.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.    MICHAEL AARON TEW
2.    KIMBERLEY ANN TEW, and
3.    JONATHAN K. YIOULOS,

Defendants

---

### ORDER TO QUASH SUBPOENAS

---

This matter comes before the Court on the Victims' Motion to Quash Subpoenas.  Having reviewed the motion and being otherwise advised in the premises, the Court finds that good and sufficient cause supports the same.

Accordingly, it is:

ORDERED, that the Motion of Christopher Alf, National Air Cargo Holdings, Inc. and National Air Cargo Group, Inc. d/b/a National Airlines (collectively, the victims) is GRANTED and the subpoenas issued December 1, 2022, to Christopher Alf and "National Air Cargo" are quashed.

IT IS SO ORDERED on this _____ day of January, 2023.

BY THE COURT:

_____
HON. DANIEL D. DOMENICO
DISTRICT OF COLORADO

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**1. MICHAEL AARON TEW**

     Defendant.

---

### ENTRY OF APPEARANCE

---

Peter R. Bornstein of The Law Offices of Peter R. Bornstein, hereby enters his

appearance on behalf of the Defendant, Michael Aaron Tew in this action.

Respectfully submitted this 17th day of January, 2023.

                **THE LAW OFFICES OF PETER R. BORNSTEIN**

                *s/ Peter R. Bornstein*
                Peter R. Bornstein
                6060 Greenwood Plaza Blvd., Suite 500
                Greenwood Village, CO 80111
                Telephone: 720-354-4440
                Facsimile: 720-287-5674
                E-mail: pbornstein@prblegal.com
                *Attorney for Defendant Michael Tew*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of January, 2023, I electronically filed the foregoing **ENTRY OF APPEARANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


<u>*s/ Jeannette Wolf*</u>
Jeannette Wolf, Paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

Defendant.

---

### MOTION TO RESTRICT TO LEVEL 3

---

Defendant, Michael A. Tew, by Peter R. Bornstein, move this Court for an order permitting him to file his *Ex Parte Report to the Court* Restricted Level 3. Pursuant to the Minute Order entered on January 11, 2023 (Doc. 294) and D.C.COLO.LCrR 47.1(c) and (f)(2), Counsel requests an Order restricting to Level 3 the Ex Parte Report to the Court.

Respectfully submitted this 17th day of January, 2023.

/s/ Peter R. Bornstein
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2023, I electronically filed the foregoing **MOTION TO RESTRICT TO LEVEL 3** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Peter R. Bornstein
Attorney

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Bryan David Fields (bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Eric S. Galler (egaller@gcorplaw.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8996089@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
Restrict
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/26/2023 at 11:24 AM MST and filed on 1/26/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 302(No document attached) |

**Docket Text:**
 ORDER granting [299] Motion for Leave to Restrict as to Michael Aaron Tew (1). The Clerk of Court is directed to maintain [300] at a LEVEL THREE RESTRICTION. SO ORDERED by Judge Daniel D. Domenico on 1/26/2023. Text Only Entry (dddlc5, )

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)    pbornstein@prblegal.com, jwolf@prblegal.com

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 20-CR-00305-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

3. JONATHAN K. YIOULOS,

       Defendant.

---

## UNOPPOSED MOTION SEEKING AN ORDER PERMITTING
## TRAVEL BEYOND PRE-TRIAL RELEASE ORDER AT PARAGRAPH 9

---

**PLEASE TAKE NOTICE,** that upon the Declaration of Michael J. Tallon, Attorney for the Defendant, Jonathan K. Yioulos, attached hereto and all prior papers and proceedings had herein, Mr. Yioulos moves this Court for the following unopposed relief:

1.    An order permitting Defendant Yioulos to travel with Kristina Lighten, children and one grandparent, to Sarasota, Florida on Thursday, February 16 to lodge with a relative in Sarasota and return on Friday, February 24th to Buffalo, New York.

2.    This application and the details of the proposed travel have been provided in my letter dated January 20, 2023, reviewed, and approved by both the Office of the United States Attorney for the State of Colorado, by and through Assistant United States Attorneys Fields and by the United States Probation and Pretrial Services Office, by and through Probation Officer Mamizuka. Mr. Yioulos shall promptly provide to USPO Mamizuka of the United States Pretrial and Probation Services with the Western District of New York any changes to his travel plans, shall contact USPO Smith as directed by USPO Smith during the time of approved travel.

USA v Yioulos Filing of Unopposed Motion To Travel to and lodge in Sarasota, Florida from February 16th
through February 24th, 2023
Page 1 of 5

333

DATED: January 29, 2023
AT: Rochester, New York

Respectfully submitted,

Michael J. Tallon, Attorney
45 Exchange Blvd. – Suite 500
Rochester, New York 14614
[585] 319-4170
mtallon@tallonlaw.com

TO: Bryan D. Fields, Assistant United States Attorney
Albert C. Buchman, Assistant United States Attorney
Brian Mamizuka, United States Probation Officer (New York)

USA v Yioulos Filing of Unopposed Motion To Travel to and lodge in Sarasota, Florida from February 16th through February 24th, 2023
Page 2 of 5

334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

      v.

JONATHAN K. YIOULOS,

                Defendant.

Case No. 20-cr-00305-DDD-3

UNOPPOSED MOTION UPON
ATTORNEY DECLARATION
SEEKING ORDER PERMITTING
TRAVEL BEYOND PRE-TRIAL
RELEASE ORDER AT PARAGRAPH 9

**Michael J. Tallon**, being duly sworn, pursuant to 28 U.S.C. §1746(2), declares under penalties of perjury that:

**1.**      I am an attorney duly licensed in the State of New York since 1979 and have been recently admitted to practice before the United States District Court for the State of Colorado.

## INTRODUCTION

2.      I represent Jonathan K. Yioulos in this matter. His arraignment occurred on Tuesday afternoon, February 9, 2021, before this Court. The parties agreed on the terms and conditions of release and a pretrial release order was signed which included a travel restriction at Paragraph 9 limiting Mr. Yioulos' travel to the State of New York and to and from Colorado solely for court purposes unless prior permission is granted by the Court.

3.      Mr. Yioulos proposes travel with Kristina Lighten, children and a grandparent. The details about flight arrangements and lodging in Sarasota, Florida have been provided in my letter dated January 20, 2023 to the Office of the United States Attorney and the United States Pretrial and Probation Services. Both offices consent to the proposed travel requested in this motion.

4.      Mr. Yioulos shall promptly provide to USPO Mamizuka of the United States Pretrial and Probation Services with the Western District of New York any changes to his travel

USA v Yioulos Filing of Unopposed Motion To Travel to and lodge in Sarasota, Florida from February 16th
through February 24th, 2023
                          Page 3 of 5

335

plans and shall contact USPO Mamizuka as directed by USPO Mamizuka during the time of approved travel.

5.      Accordingly, unless the Court requests further information, or any clarification, Mr. Yioulos requests that the Court issue an order permitting this travel.  Upon Mr. Yioulos' return, if it is the practice of this Court, Mr. Yioulos will advise United States Probation Officer Smith in writing that Mr. Yioulos has returned to the State of New York.

**Sworn to under penalties of perjury pursuant to 28 U.S.C. §1746(2).**

Dated: January 29, 2023
At:     Rush, New York

_____
Michael J. Tallon
Attorney for Jonathan K. Yioulos
401 Stony Brook Road,
Rush, New York 14543
[585] 329-8139
mtallon@tallonlaw.com


TO:     Bryan D. Fields, Assistant United States Attorney
        Albert C. Buchman, Assistant United States Attorney
        Brian Mamizuka, United States Probation Officer (New York)

USA v Yioulos Filing of Unopposed Motion To Travel to and lodge in Sarasota, Florida from February 16th through February 24th, 2023
Page 4 of 5

336

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA

    v.

JONATHAN K. YIOULOS,

             Defendant.

Case No. 20-cr-00305-DDD-3

UNOPPOSED MOTION UPON
ATTORNEY DECLARATION
SEEKING ORDER PERMITTING
TRAVEL BEYOND PRE-TRIAL
RELEASE ORDER AT PARAGRAPH 9

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of January 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Michael J. Tallon, Attorney
for Defendant Jonathan K. Yioulos

USA v Yioulos Filing of Unopposed Motion To Travel to and lodge in Sarasota, Florida from February 16th through February 24th, 2023
Page 5 of 5

337

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com),
Bryan David Fields (bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Eric S. Galler (egaller@gcorplaw.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8999947@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Modify
Conditions of Release
```
Content–Type: text/html

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/30/2023 at 10:34 AM MST and filed on 1/30/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 304(No document attached) |

**Docket Text:**
 **ORDER GRANTING [303] Unopposed Motion to Modify Conditions of Release as to Jonathan K. Yioulos (3). Mr. Yioulos may travel to Sarasota, Florida, to visit family from 2/16/23 to 2/24/23. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during the time of approved travel, and (3) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 01/30/2023. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Peter R. Bornstein (Terminated)      pbornstein@prblegal.com, jwolf@prblegal.com

Nancy Lin Cohen     nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**(1) MICHAEL AARON TEW**;
(2) KIMBERLEY ANN TEW a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

      Defendants.

---

## ORDER WITHDRAWING COUNSEL

---

Before me is the matter of attorney Peter R. Bornstein's representation of Defendant Michael Aaron Tew. Given the high likelihood of conflict of interest that accompanies Mr. Bornstein's ongoing representation of Mr. Tew in a joint trial that includes Mr. Bornstein's former client, Defendant Kimberley Ann Tew, I find that in the interest of justice, Mr. Bornstein must be withdrawn from this case, and new counsel appointed to represent Mr. Tew.

Mr. Bornstein entered his first appearance as joint counsel for Mr. and Ms. Tew on February 25, 2022. (Doc. 178.) On December 1, 2022, Mr. Bornstein moved to withdraw as attorney to both Mr. and Ms. Tew. (Doc. 273.) Magistrate Judge Mix initially granted the motion, but upon a motion for reconsideration by the Government (Doc. 276) and a related hearing, Magistrate Judge Mix permitted Mr. Bornstein to withdraw as private counsel, but ordered he be appointed as CJA counsel, should the Tews qualify for court-appointed

counsel. (Doc. 280.) On December 27, Magistrate Judge Mix appointed Mr. Bornstein as CJA counsel for Mr. and Ms. Tew. (Doc. 286.) The joint CJA appointment was short-lived, as the next day Mr. Bornstein filed a motion requesting separate counsel for either Mr. or Ms. Tew, citing the potential conflict inherent in joint representation generally, and specifically the conflict that would arise if Mr. and/or Ms. Tew should elect to testify on their own behalf during trial. (Doc. 288 at 3.) I granted that motion, and attorney David Scott Kaplan was appointed as CJA counsel for Ms. Tew. (Docs. 289, 290.) In a joint status report on January 10, 2023, the parties raised the potential conflict presented by Mr. Bornstein's continued representation of Mr. Tew:

> Mr. Bornstein does not believe that there is a conflict that would provide good cause to withdraw. Mr. Kaplan has concerns about a conflict: one such issue is if Ms. Tew decides to testify at trial, such a scenario might require Mr. Bornstein to either cross-examine a former client or waive that cross-examination to the potential detriment of a current client. The government is not in a position to evaluate whether such a conflict is real or merely abstract, whether a joint defense agreement could solve any such conflict, whether such a conflict can be resolved with a knowing and intelligent waiver of cross-examination by Mr. Tew, or whether any such conflict could otherwise be resolved by defense counsel in this case.

(Doc. 293 at 2-3.)

On January 11, 2023, I ordered that Mr. Bornstein and Mr. Kaplan each submit an ex parte filing regarding any conflict of interest that might prevent Mr. Bornstein from continuing to represent Mr. Tew. (Doc. 294.) Those filings are now before me. (Docs. 300, 301.)

Defendants in criminal cases are guaranteed "the right to representation that is free from conflicts of interest." *United States v. Williamson*, 859 F.3d 843, 851 (10th Cir. 2017). "A conflict of interest is 'a

division of loyalties that affected counsel's performance.'" *Id.* (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002)). The Government has a duty "to notify the district court of potential conflicts of interest," and this duty "facilitates the administration of justice by helping to avoid lengthy delays or retrials that could occur when conflicts render defense counsel's representation ineffective." *United States v. McKeighan*, 685 F.3d 956, 967, 969 (10th Cir. 2012). The ex parte filings do not reassure me that the potential conflict between Mr. Bornstein and his former client, Ms. Tew, will not ripen into an actual conflict, either before or after trial.

I understand that Mr. Tew may not be keen to work with a new attorney after Mr. Bornstein has represented him for nearly a year. This, however, is the exact situation that Ms. Tew already finds herself in. *See United States v. Smith*, 323 F. App'x 650, 652 (10th Cir. 2009) (Constitution guarantees indigent defendant right to effective appointed counsel, but not to appointed counsel of his or her choice) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Tibbett v. Hand*, 294 F.2d 68, 73 (10th Cir. 1961))). And any delay that may be caused by appointing new counsel to Mr. Tew is minor now that Ms. Tew has been appointed new counsel. Mr. Kaplan made his appearance for Ms. Tew less than a month ago, and hearings and filing dates have already been continued in light of Mr. Kaplan's recent appointment. The alternatives to withdrawing Mr. Bornstein—requiring Mr. Tew to waive his right to cross-examine Ms. Tew, severing the defendants' trials, or risking a mistrial by taking no action—are burdensome; potentially prejudicial to the defendants, the Government, and the public; and not in the best interests of justice. *See* Fed. R. Crim. P. 2 (courts should seek "to provide the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable

- 3 -

expense and delay'). I find that the potential that a conflict of interest will arise is too great to allow Mr. Bornstein to continue to represent Mr. Tew.

## CONCLUSION

It is ORDERED that:

Peter R. Bornstein is WITHDRAWN as counsel to Defendant Michael Aaron Tew and relieved of all further representation. The Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record, and to remove his name from the electronic certificate of mailing;

An attorney from the Criminal Justice Act panel will be appointed to represent Defendant Michael Tew; and

Within one week of entry of appearance of new counsel for Mr. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; and (2) any other issues the parties wish to bring to the Court's attention; and

On or before March 13, 2023, the parties must file a Joint Status Report with mutually agreeable proposed deadlines for further *James* proceedings.

DATED: January 30, 2023          BY THE COURT:

Daniel D. Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**(1) MICHAEL AARON TEW**; and
**(2) KIMBERLY ANN TEW**, a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

      Defendants.

---

## ORDER GRANTING THIRD-PARTY MOTION TO QUASH SUBPOENAS

---

Before me is a motion (Doc. 297) by National Air Cargo Holdings, Inc.; National Air Cargo Group, Inc. d/b/a/ National Airlines; and Christopher J. Alf requesting that I quash the subpoenas issued to them on December 1, 2022 pursuant to my Order Regarding Motion for Subpoena (Doc. 272). For the following reasons, the motion to quash is granted.

On November 15, 2022, defendants Michael Aaron Tew and Kimberley Ann Tew filed an ex parte motion seeking leave to serve a subpoena on the parties listed above pursuant to Federal Rule of Criminal Procedure 17(c). (Doc. 266.) The motion failed to note that, absent exceptional circumstances, the Court must first notify a third-party victim before ordering service of a subpoena requiring production of personal or confidential information about that victim. Fed. R. Crim. P. 17(c)(3). The third parties at issue are correctly considered victims—the defendants allegedly committed fraud upon National Air Cargo Holdings, an entity

- 1 -

Mr. Alf wholly owns. The subpoenas at issue seek personal and confidential information about the victims of the alleged fraud. The defendants' ex parte motion seeking leave to serve the subpoenas did not alert me that the parties at issue are victims or note any exceptional circumstances as to why prior notice to the victims should not be required. (*See* Doc. 266.) My order granting leave to serve the subpoenas did not require giving notice to the victims as mandated by Rule 17(c)(3). (*See* Doc. 272.) The subpoenas must be quashed for this reason alone.

Further, in my November 29, 2022 order granting the defendants' motion, I ordered the defendants to refile a corrected subpoena that listed the correct location for production. Defendants failed to do so before serving the subpoenas. The motion to quash is granted for this additional reason.

## CONCLUSION

It is ORDERED that:

The Motion of Third-Party Victims to Quash Subpoenas (Doc. 297) is GRANTED;

The defendants' third-party subpoenas dated December 1, 2022 are QUASHED; and

The defendants may, if they wish, file a renewed motion for leave to serve third-party subpoenas that fully complies with Federal Rule of Criminal Procedure 17.

DATED: January 30, 2023                    BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

---

## ENTRY OF APPEARANCE OF COUNSEL

---

To:    The clerk of court and all parties of record:

I hereby certify that I am a member in good standing of the bar of this Court, and that I appear in this case pursuant to a Criminal Justice Act appointment as counsel for Defendant Michael Aaron Tew.

DATED this 31st day of January, 2023.

                     */s/  Jason D. Schall*
                     Jason D. Schall
                     Bowlin & Schall LLC
                     7350 E Progress Pl Ste 100
                     Greenwood Village, CO 80111
                     Telephone: (720) 505-3861
                     E-mail: jason@bowsch.com
                     Attorney for Defendant Michael Aaron Tew

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> U.S. Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> (303) 454-0100

I hereby certify that I will mail or serve the filing to the following participant:

> Mr. Michael Aaron Tew

_/s/ Jason D. Schall_
Jason D. Schall

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  MICHAEL AARON TEW,

     Defendant.

---

## DEFENDANT MICHAEL TEW'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE 240 DAYS FROM THE SPEEDY TRIAL ACT

---

Defendant Michael Aaron Tew ("Mr. Tew") respectfully moves this Court for an Order continuing trial and pre-trial related settings and excluding 240 days from the Speedy Trial Act computations in this case (the "Motion"). In support of this Motion, Mr. Tew states:

### CASE BACKGROUND

1.     On January 31, 2023, undersigned counsel was appointed to represent Mr. Tew pursuant to the Criminal Justice Act.

2.     Prior to counsel's appointment, an eight-day trial was previously set by the Court to commence on Monday, March 13, 2023. (Order at Doc. 263.)

3.     The Court is authorized by 18 U.S.C. §3161(h)(7) to exclude time limitations set forth in the Speedy Trial Act where the ends of justice served by such delay outweigh the best interests of the public and the defendant in a speedy trial. In reviewing such a request, 18 U.S.C. §3161(h)(7)(B)(I) states that the Court should consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Additionally, 18 U.S.C. §3161(h)(7)(B)(iv)

provides that the Court should consider whether failure to grant such a continuance "would deny counsel for the defendant… the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

4.       When considering such a request, "the record must clearly establish that the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 572 F.3d 1262, 1269 (10th Cir. 2009). The record must contain an explanation, not just a conclusory statement, for why the requested continuance is necessary. *See id.* at 1271-72.

5.       In *United States v. West*, the Tenth Circuit established four factors for the Court to consider when deciding on such a request : (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

## ARGUMENT IN SUPPORT OF MOTION

6.       Because the circumstances of this case satisfy the criteria of both the Speedy Trial Act and *West*, Mr. Tew respectfully requests that the Court vacate current deadlines, exclude 240 days from speedy trial calculations, and set trial in this matter on or about Monday, November 6, 2023.

### *These circumstances satisfy the requirements of 18 U.S.C. §3161(h)(7).*

7.       Failure to grant the continuance in this case would result in a miscarriage of justice and would deny newly appointed counsel the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence.

8. Discovery in this case is exceptionally voluminous. Counsel for the government has requested that defense counsel provide a 2-terabyte hard drive to the U.S. Attorney's Office to receive all discovery. Though undersigned counsel is so new to the case as to have very little knowledge of what investigative resources were utilized by authorities, the 60-count Indictment (ECF 83) makes clear that the allegations are substantial, complicated, and cover a period of several years. Counsel understands that discovery is so overwhelming that prior counsel for Mr. Tew retained the assistance of the late Richard Demarest to assist with its review.

9. Because he was only just appointed, counsel has not yet had meaningful time to meet with Mr. Tew and discuss the case, potential witnesses, and analyze available motions of defenses. Counsel does not believe he has adequate time to do so in advance of the existing March 2023 trial setting.

10. If a continuance of the trial and other deadlines were not granted, a miscarriage of justice would result from counsel being denied the reasonable time necessary for effective preparation. If a 240-day continuance were granted, however, counsel believes he would have sufficient time to review and process discovery, investigate and meet with potential witnesses, research any applicable motions, and prepare for trial in this case.

### *The West factors also support a continuance of the trial date.*

11. Likewise, the factors established by the Tenth Circuit in *West* support a continuance of the trial. Date. First, although only recently appointed, undersigned counsel has been diligent in learning about the case, including the scope of discovery and existing deadlines, and concluded that a ends-of-justice continuance in necessary.

12. Second, if granted, the continuance will accomplish the purposes underlying the

request for continuance, that is, to review discovery, properly advise Mr. Tew, and prepare for trial. Counsel currently believes that 240 additional days is sufficient time to complete these tasks.

13.     Third, counsel has conferred with counsel for the government, Assistant U.S. Attorney ("AUSA") Bryan Fields, regarding this Motion. AUSA Fields stated that he is not opposed to this Motion or the requested November 2023 trial date. Counsel has also conferred with Mr. David Kaplan, counsel for co-defendant Kimberley Tew. Mr. Kaplan, who himself was only appointed to this case one month ago, stated that he is not opposed to this Motion or the requested November 2023 trial date. As such, counsel believes that any inconvenience to the opposing party, the co-defendant, and potential witnesses will be minimal. Counsel also knows of no reason why such a continuance would unnecessarily inconvenience the Court.

14.     Finally, the need for a continuance in this case is justified to completely advise Mr. Tew and prevent the miscarriage of justice. An exclusion of 240 days under the Speedy Trial Act is a reasonable request to allow for discovery to be reviewed, witnesses interviewed, issues researched, and preparation for trial. Until each of these tasks has been accomplished, counsel cannot adequately advise Mr. Tew and defend him against the pending charges.

## CONCLUSION

WHEREFORE, Mr. Tew respectfully requests that the Court exclude 240 days from the Speedy Trial Act computations and continue trial and pre-trial related deadlines accordingly.

DATED this 3rd day of February, 2023.

        /s/   Jason D. Schall        
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861

E-mail: jason@bowsch.com
Attorney for Defendant Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set

forth in Judge Domenico's Practice Standard III(A)(1).

_/s/ Jason D. Schall_
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan                                Michael John Tallon
Stimson LaBranche Hubbard, LLC              401 Stony Brook Road
1652 North Downing Street                   Rush, NY 14543-9419
Denver, CO 80203                            (585) 329-8139
(720) 689-8909                              mtallon@tallonlaw.com
kaplan@slhlegal.com                         _Attorney for Jonathan K._
_Attorney for Kimberley Ann Tew_            _Yioulos_

I hereby certify that I will mail or serve the filing to the following participant:

Mr. Michael Aaron Tew

_/s/ Jason D. Schall_
Jason D. Schall

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Jason
Dale Schall (jason@bowsch.com, jasondschall@yahoo.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9009535@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Continue
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/3/2023 at 4:36 PM MST and filed on 2/3/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 310(No document attached) |

**Docket Text:**
 **ORDER re [309] Motion to Continue as to Michael Aaron Tew. The Court currently does not have enough information to determine whether the ends–of–justice served by the length of delay requested by the Defendant outweighs the best interests of the defendant and public in a speedy trial. In light of the appointment of Mr. Tew's new counsel and the suspension of the present time from the Speedy Trial Act given the James proceeding is not yet under advisement, the eight–day jury trial set for 3/13/23 and Trial Preparation Conference set for 3/7/2023 are VACATED. The Motion to Continue [309] is denied without prejudice. If Defendant wishes to file a renewed Motion to Continue, he should do so concurrent with the status report due 3/13/2023. SO ORDERED by Judge Daniel D. Domenico on 02/03/2023. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com,

mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

Defendants.

---

## JOINT STATUS REPORT

---

On January 30, 2023, the Court entered an order that relieved attorney Peter R. Bornstein of any further representation of defendant Michael Aaron Tew. The order also directed the parties, within one week of the new attorney's appearance, to file a joint status report addressing (1) the Speedy Trial Act implications of the new representation and (2) any other issues the parties wish to bring to the Court's attention. ECF No. 305. Mr. Jason Schall entered his appearance for Mr. Tew on January 31, 2023. The parties have since consulted with one another and submit this joint status report.

1.      Counsel for both defendants notified the government of their respective intent to file motions seeking a 240-day ends-of-justice continuance under the Speedy Trial Act.  Counsel for defendant Michael Aaron Tew filed the anticipated

1

motion on February 3, 2023.  The motion was denied without prejudice that same day.

    2.    While the government has expressed concern about the delays in this matter, the ends of justice certainly require that new counsel be given adequate time to prepare for trial and, under the circumstances, the government does not oppose the motions.  The government notes that prior counsel needed similar amounts of time to adequately review similar amounts of discovery. While motions have already been filed in this matter, new counsel will need time to evaluate whether additional motions should be filed, including motions related to any *James* proffer.

    3.    An ends of justice continuance for either or both of the defendants Tew would toll the Speedy Trial Act.  18 U.S.C. 3161(h)(6)(providing for exclusion of reasonable period of delay when the defendant is joined for trial with codefendant). The parties believe that the current speedy trial date is 4/22/23 and that another 240-day exclusion would make 12/18/23 the new speedy trial deadline based on the following calculation:

| Dates of Docket Entry / Pending Motions | Action | Speedy Trial Provision | New Speedy Trial Deadline | Notes |
|---|---|---|---|---|
| 2/3/21 | Indictment | § 3161©(1) | 4/14/21 | Start of Clock |
| 02/28/21 - 3/18/21 | Motion re Joint Representation [ECF No. | § 3161(h)(D), (H) (pretrial | 05/02/21 | 18 days excluded – |

| | 108] | Motion) | | May 2 is Sunday. So May 3. But cautious |
|---|---|---|---|---|
| 03/11/21-3/18/21 | Motion for Ends-of-Justice Continuance [ECF No. 115] | § 3161(h)(D), (H) (pretrial Motion) | 05/02/21 | Incorporated in above |
| 3/18/21 | Order granting 180 day EOJ | § 3161(h)(D), (H) (pretrial Motion) | 10/19/21 | 180 days excluded |
| 08/10/21 | Motion for EOJ (ECF No. 143) | 3161(h)(7)(A) (ends-of-justice) | 10/29/21 | Incorporated in above |
| 9/22/21 | Order granted EOJ for 180 days (ECF No. 149) | 3161(h)(7)(A) (ends-of-justice) | 4/27/2022 | 180 days excluded |
| 12/27/21 | Motion for EOJ (ECF No. 165) | 3161(h)(7)(A) (ends-of-justice) | 4/27/2022 | Incorporated in above |
| 2/4/22 | Order granted EOJ (ECF No. 174 | 3161(h)(7)(A) (ends-of-justice) | 7/26/2022 | 90 days excluded |
| 4/26/22 | Motion for EOJ (ECF No. 193) | 3161(h)(7)(A) (ends-of-justice) | 7/26/2022 | Incorporated in above |
| 5/12/22 | Order granting EOJ | 3161(h)(7)(A) (ends-of-justice) | 1/22/23 | 180 days excluded |
| 10/28/22 – 1/26/23 | Order granting James Motion and Setting Hearing | 3161(h)(1)(d) | 4/22/23 | 90 days excluded |
| 12/1/2022 – 1/31/2023 | Motions Relating to Appointment of Counsel | 3161(h)(1)(d) | 4/22/23 | Incorporated in above |

Respectfully submitted this 7th day of February, 2023.

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

BOWLING & SCHALL LLC

By:   */s/ Jason D. Schall*
Jason D. Schall
7350 E Progress Place, Suite 100
Greenwood Village, CO 80111
Telephone: 720-505-3861
E-mail: jason@bowsch.com
Attorney for Defendant Michael Aaron Tew

STIMSON LABRANCHE HUBBARD

By:   */s/ David S. Kaplan*
David S. Kaplan
1652 N. Downing Street
Denver, CO 80218
Telephone: 720-689-8909
Facsimile: 720-689-8909
E-mail: kaplan@slhlegal.com
Attorney for Defendant Kimberley Ann
Tew

4

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this filing has no effect on the speedy trial clock.

*/s/ Bryan Fields*
Bryan Fields

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

/s/ Bryan Fields
Bryan Fields
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Bryan.Fields3@usdoj.gov
Attorney for the United States

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE**

---

      Defendant Michael Aaron Tew respectfully asks that the Court modify his conditions of pre-trial release by removing his restriction from co-mingling personal and business funds. In support of this Motion, Mr. Tew submits the following:

      1.     On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release. (*See* ECF 7 and 9.)

      2.     Since that time, Mr. Tew has remained in compliance with the conditions of his release.

      3.     Pursuant to a Criminal Justice Act appointment, undersigned counsel entered his appearance on behalf of Mr. Tew on January 31, 2023.

      4.     Condition 7(x)(w) of Mr. Tew's Conditions of Release states that Mr. Tew "shall not co-mingle personal and business funds." (ECF 9 at 3.) While on its face this condition seems straightforward, in practice it contradicts the reality that Mr. Tew faces: he only has one bank account for any transactions, whether personal or related to his employment, and for both practical reasons and his conditions of release is unable to open any new accounts during the

pendency of this case.

5. This issue was identified by Mr. Tew's supervising officer, U.S.P.O. Seth Junker, during Mr. Junker's review of financial records provided by Mr. Tew pursuant to his conditions of release.

6. Mr. Tew respectfully requests that the Court modify his conditions of release by striking condition 7(x)(w).

7. Assistant U.S. Attorney Bryan Fields has been advised of this Motion and stated that he is unopposed to Mr. Tew's request.

Respectfully submitted this 17th day of February, 2023.

<div align="right">

    */s/ Jason D. Schall*

Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for defendant Michael Aaron Tew

</div>

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

　　　*/s/　Jason D. Schall*　　　
　　　Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

　　　*/s/　Jason D. Schall*　　　
　　　Jason D. Schall

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> AUSA Bryan Fields
> U.S. Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> (303) 454-0100
> Bryan.Fields3@usdoj.gov
>
> David Kaplan
> Stimson LaBranche Hubbard, LLC
> 1652 North Downing Street
> Denver, CO 80203
> (720) 689-8909
> kaplan@slhlegal.com
> *Attorney for Kimberley Ann Tew*
>
> Michael John Tallon
> 401 Stony Brook Road

Rush, NY 14543-9419
(585) 329-8139
mtallon@tallonlaw.com
*Attorney for Jonathan K. Yioulos*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

*/s/  Jason D. Schall*
Jason D. Schall

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Jason
Dale Schall (jason@bowsch.com, jasondschall@yahoo.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9029204@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Modify
Conditions of Release
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/17/2023 at 11:57 AM MST and filed on 2/17/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 313(No document attached) |

**Docket Text:**
**ORDER granting [312] Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Condition 7(x)(w) is stricken from Defendant's Conditions of Release. Defendant's supervising officer shall notify the Court if any issues arise from the removal of this restriction. SO ORDERED by Judge Daniel D. Domenico on 2/17/2023. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

## JOINT STATUS REPORT

     On January 30, 2023, the Court entered an order directing the parties to file a joint status report with mutually agreeable proposed deadlines for further *James* proceedings. ECF No. 305. The parties have since consulted with one another and submit this joint status report.

     1.    The parties agree that the case is not ripe for a *James* hearing.  Newly appointed counsel for defendants Michael Aaron Tew and Kimberley Ann Tew need additional time to review voluminous discovery in this matter before they can make informed decisions about how best to advance their respective clients' interests, including deciding whether a *James* hearing will be necessary at all.  Both defendants intend to file respective requests for ends-of-justice continuances setting forth the facts explaining why another continuance in this matter is in the

1

defendants' best interests and why that continuance outweighs the public interests
in a speedy trial.

2.     The government has previously expressed concerns about delays in
this matter.  Those concerns are still present, but they are outweighed by the
defendants' interests in receiving thorough and thoughtful advice rendered after
experienced and learned counsel have fully evaluated an enormous amount of
discovery relating to charged accusations of a years-long fraud scheme involving
alleged losses in the millions. A *James* hearing is a serious turning point in criminal
litigation.  There is no public interest in a hearing that the parties — thoroughly
engaged in the matter and diligently pursuing either its agreed-upon resolution or
its efficient adjudication at a trial focused on the key issues — may ultimately be
able to resolve among themselves.

3.     For these reasons, the parties respectfully request that the matter of a
*James* hearing be further adjourned and that the parties file another joint status
report on or about October 13, 2023.  By that time, the parties will have either
resolved the evidentiary issues related to a *James* hearing by mutual agreement or
will have vastly narrowed the scope of any such hearing in a way that will
substantially conserve judicial resources, all on a timeline that does not delay
further proceedings in this matter more than what is necessary and justified by the
contemporaneously filed ends-of-justice motions. The parties believe that this
timeframe allows for any necessary *James* hearing to be completed before the trial

2

setting contemplated by the proposed ends-of-justice motions in February 2024.

Respectfully submitted this 13th day of March, 2023.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:  */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

BOWLIN & SCHALL, LLC

By:  */s/ Jason D. Schall*
Jason D. Schall
7350 E Progress Place, Suite 100
Greenwood Village, CO 80111
Telephone: 720-505-3861
E-mail: jason@bowsch.com
Attorney for Defendant Michael Aaron Tew

STIMSON LABRANCHE HUBBARD

By:  */s/ David S. Kaplan*
David S. Kaplan
1652 N. Downing Street
Denver, CO 80218
Telephone: 720-689-8909
Facsimile: 720-689-8909
E-mail: kaplan@slhlegal.com
Attorney for Defendant Kimberley Ann Tew

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this filing has no effect on the speedy trial clock.

*/s/ Bryan Fields*
Bryan Fields

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

<u>*/s/ Bryan Fields*</u>
Bryan Fields
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Bryan.Fields3@usdoj.gov
Attorney for the United States

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

## Unopposed Motion for an Ends of Justice (EOJ) Continuance Pursuant to 18 U.S.C. §3161 (h)(7)

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC submits this *Unopposed Motion for an Ends of Justice (EOJ) Continuance Pursuant to 18 US.C. §3161(h)(7)* and as grounds states the following:

### Procedural Background

1.      On February 3, 2021 a 60-count indictment was filed in the United States District Court for the District of Colorado naming Michael Aaron Tew, Kimberley Ann Tew and Jonathan K. Yioulos as defendants. Ms. Kimberley Tew was charged with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §1343; 7 counts of Wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. §2 (Doc. #83).

2.      On December 28, 2022, Peter Bornstein, having previously entered his appearance on behalf of both Michael Tew and Kimberley Tew, requested the court provide separate counsel for one of the Defendants (Doc. # 288).

3.      Mr. Bornstein's motion for separate counsel having been granted,

undersigned counsel, pursuant to a Criminal Justice Act appointment, entered his

appearance on behalf of Ms. Kimberley Tew on January 3, 2023.

**Standards for Granting an Ends of Justice Continuance**

4.      Pursuant to 18 U.S.C. § 3161(h)(7) the court is authorized to grant a

continuance at the request of the defendant, if it is determined that the ends of justice

outweighs the public's interest in a speedy trial.  The factors too be considered,

pertinent to this request, as enumerated in 18 U.S.C. §3161(h)(7)(B), are; whether the

failure to grant a continuance would result in a miscarriage of justice; whether the case

is so complex that it is unreasonable to expect adequate preparation for pretrial

proceedings or trial within speedy trial limits; or, regardless of the case complexity, and

despite due diligence, counsel for the defendant would not have reasonable time for

effective preparation.  Should the court so conclude, it is required to make clear its

reasons for granting an ends-of-justice continuance.  *States v. Toombs*, 572 F.3d 1262,

1269 (10th Cir. 2009).

5.      The Tenth circuit looks to several factors when evaluating the request for

a continuance "…including: the diligence of the party requesting the continuance; the

likelihood that the continuance, if granted, would accomplish the purpose underlying the

party's expressed need for the continuance; the inconvenience to the opposing party, its

witnesses, and the court resulting from the continuance and the harm that appellant

might suffer as the result of the district court's denial of the continuance". *United States

v. West*, 828 F.2d 1468,1470 (10th Cir. 1987).

2

**Factors in Support of Granting a Continuance**

6.      The sheer volume of discovery requires counsel to have additional time to
sufficiently review the facts so that meaningful consultation with the client can occur, an
evaluation of the legal issues and potential motions developed, further investigation
conducted and negotiations with the government for a possible resolution entertained.

7.      On January 5, 2023 Counsel for Ms. Tew delivered to the government a 2-
terabyte hard drive to accommodate the discovery being provided.  The prosecution, by
correspondence dated January 12, 2023, indicated over 400 GB of information had
been uploaded.  The hard drive was then forwarded to another Legal Administrative
Specialist to load the "filter team materials".  The "initial production" discovery index
dated, January 12 2023, contained 40 separate files of bank records, 8500 investigation
pages and several thousand pages of search warrant records.

8.      Further complicating the review of discovery materials was the unfortunate
passing of Richard Demarest, a discovery specialist known to the federal court, retained
through appointment for the benefit of all defense counsel, to aid in the organizing of
discovery.  Obtaining Mr. Demarest's catalogue of discovery has just recently been
accomplished.

9.      The indictment describes a case that is voluminous, complicated, and the
result of a lengthy period of investigation. The vacated March 23, 2023 trial date was set
over 2 years after the indictment was returned.  Current counsel for Ms. Tew has been
on the case for under 3 months, not a sufficient amount of time to begin an educated
conversation with his client about the intricacies of the case and its defenses.

3

10.     The *West* factors supporting the granting of an ends of justice continuance
have been met. Counsel has been diligent in obtaining discovery and beginning the
process of organizing, reviewing, and conferring with his client.  The additional time
requested by counsel is necessary to effectively review the facts and allegations
presented by the government.  AUSA Fields has indicated, as contained in the recently
filed *Joint Status Report* (Doc. #314), that despite being concerned about delay, under
the circumstances defendants' interest in providing thorough and thoughtful advice
justifies an ends of justice continuance. Finally, the harm to the defendant, should a
continuance not be granted, is the lack of adequately prepared counsel providing
capable representation.

WHEREFORE, it is requested that the court grant Defendant Kimberley Tew's
request for a continuance and exclude sufficient time to allow for the scheduling of trial
in February of 2024.

Dated: March 13, 2023.

Respectfully submitted,


*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

4

**Certificate of Service**

I certify that on March 13, 2023, I electronically filed the foregoing *Unopposed Motion for an Ends of Justice (EOJ) Continuance Pursuant to 18 U.S.C. §3161 (h)(7)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Albert Buchman
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
al.buchman@usdoj.gov

s/ Brenda Rodriguez
Brenda Rodriguez

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  MICHAEL AARON TEW,

     Defendant.

---

## DEFENDANT MICHAEL TEW'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE TIME FROM THE SPEEDY TRIAL ACT

---

Defendant Michael Aaron Tew ("Mr. Tew") respectfully moves this Court for an Order continuing trial and pre-trial related settings and excluding approximately 329 days from the Speedy Trial Act computations in this case (the "Motion"). In support of this Motion, Mr. Tew states:

### CASE BACKGROUND

1.      On January 31, 2023, undersigned counsel was appointed to represent Mr. Tew pursuant to the Criminal Justice Act.

2.      Prior to counsel's appointment, an eight-day trial was previously set by the Court to commence on Monday, March 13, 2023. (Order at Doc. 263.)

3.      The Court is authorized by 18 U.S.C. §3161(h)(7) to exclude time limitations set forth in the Speedy Trial Act where the ends of justice served by such delay outweigh the best interests of the public and the defendant in a speedy trial. In reviewing such a request, 18 U.S.C. §3161(h)(7)(B)(I) states that the Court should consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding

impossible, or result in a miscarriage of justice." Additionally, 18 U.S.C. §3161(h)(7)(B)(iv) provides that the Court should consider whether failure to grant such a continuance "would deny counsel for the defendant… the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

4.    When considering such a request, "the record must clearly establish that the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 572 F.3d 1262, 1269 (10th Cir. 2009). The record must contain an explanation, not just a conclusory statement, for why the requested continuance is necessary. *See id.* at 1271-72.

5.    In *United States v. West*, the Tenth Circuit established four factors for the Court to consider when deciding on such a request : (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

### ARGUMENT IN SUPPORT OF MOTION

6.    Because the circumstances of this case satisfy the criteria of both the Speedy Trial Act and *West*, Mr. Tew respectfully requests that the Court vacate current deadlines, exclude approximately 329 days[1] from speedy trial calculations, and set trial in this matter on or about Monday, February 5, 2024.

---

[1] This calculation represents the time elapsed between the prior trial setting, March 13, 2023, and the requested trial setting, February 5, 2024.

*These circumstances satisfy the requirements of 18 U.S.C. §3161(h)(7).*

7.      Failure to grant the continuance in this case would result in a miscarriage of justice and would deny newly appointed counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.      Discovery in this case is exceptionally voluminous. Counsel for the government has received two 2-terabyte hard drives of the discovery in the case, one from the U.S. Attorney's Office and the other from prior counsel containing the work-product of a discovery expert (the late Mr. Richard Demarest) previously assisting with the case. The 60-count Indictment (ECF 83) makes clear that the allegations here are substantial, complicated, and cover a period of several years. What's more, the allegations involve various types of offenses (money laundering, tax charges, and wire fraud) as well as financial transactions (including cryptocurrency).

9.      Since his appointment to this matter nearly six weeks ago, undersigned counsel has endeavored to begin learning the case, including the scope of discovery and potential witnesses, and begun to analyze potential motions and defenses. The hearing for one such motion, a *James* motion previously granted by the Court, remains pending, but undersigned counsel cannot yet state with any certainty whether such a hearing will be necessary. As such, in a Joint Status Report filed on March 13, 2023, the parties collectively suggested that the Court extend the parties additional time to determine whether a *James* hearing is necessary and, if so, to schedule a date for such a hearing at that time. Such a schedule, if adopted by the Court, would allow for a *James* hearing to occur prior to the end of calendar year 2023, and a subsequent trial setting to occur in early 2024. It would also allow the parties meaningful time to explore attempts to resolve this case once newly-appointed counsel has reviewed discovery and

advised his client regarding potential defenses.

10.     If a continuance of the trial and other deadlines were not granted, a miscarriage of justice would result from counsel being denied the reasonable time necessary for effective preparation. If a continuance were granted, however, counsel believes he would have sufficient time to review and process discovery, investigate and meet with potential witnesses, research any applicable motions, meaningfully participate in discussions with the government to resolve the case, and to prepare for both a *James* hearing and jury trial as necessary.

### *The West factors also support a continuance of the trial date.*

11.     Likewise, the factors established by the Tenth Circuit in *West* support a continuance of the trial. First, although only recently appointed, undersigned counsel has been diligent in learning about the case, including the scope of discovery and existing deadlines, and concluded that a ends-of-justice continuance in necessary. Rather than rely entirely on tolling provisions related to pending motions, this request for an ends-of-justice continuance is an appropriate mechanism to clarify deadlines under the Speedy Trial Act.

12.     Second, if granted, the continuance will accomplish the purposes underlying the request for continuance, that is, to review discovery, properly advise Mr. Tew, and prepare for a *James* hearing and trial as necessary. Counsel currently believes that a February 2024 trial date provides sufficient time to complete these tasks.

13.     Third, counsel has conferred with counsel for the government, Assistant U.S. Attorney ("AUSA") Bryan Fields, regarding this Motion. AUSA Fields stated that he is not opposed to this Motion or the requested February 2024 trial date. Counsel has also conferred with Mr. David Kaplan, counsel for co-defendant Kimberley Tew. Mr. Kaplan, who himself was recently appointed to this case, stated that he is not opposed to this Motion or the requested

February 2024 trial date. (Mr. Kaplan filed a similar motion on behalf of his client, co-defendant Kimberley Tew. *See* ECF 315.) As such, counsel believes that any inconvenience to the opposing party, the co-defendant, and potential witnesses will be minimal. Counsel also knows of no reason why such a continuance would unnecessarily inconvenience the Court.

14.     Finally, the need for a continuance in this case is justified to adequately advise Mr. Tew and prevent the miscarriage of justice. An exclusion of 329 days under the Speedy Trial Act is a reasonable request in a complicated fraud case to allow for discovery to be reviewed, witnesses interviewed, issues researched, meaningful discussions with the government regarding resolution, and preparation both for pre-trial hearings (*James*) and trial itself. Until each of these tasks has been accomplished, counsel cannot adequately advise Mr. Tew and defend him against the pending charges.

## CONCLUSION

WHEREFORE, Mr. Tew respectfully requests that the Court exclude approximately 329 days from the Speedy Trial Act computations and continue trial and pre-trial related deadlines accordingly.

DATED this 13th day of March, 2023.

_____*/s/  Jason D. Schall*_____
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for Defendant Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set

forth in Judge Domenico's Practice Standard III(A)(1).

<u>    /s/   Jason D. Schall    </u>
Jason D. Schall


**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2023, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

> AUSA Bryan Fields
> U.S. Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> (303) 454-0100
> Bryan.Fields3@usdoj.gov

> David Kaplan
> Stimson LaBranche Hubbard, LLC
> 1652 North Downing Street
> Denver, CO 80203
> (720) 689-8909
> kaplan@slhlegal.com
> *Attorney for Kimberley Ann Tew*

> Michael John Tallon
> 401 Stony Brook Road
> Rush, NY 14543-9419
> (585) 329-8139
> mtallon@tallonlaw.com
> *Attorney for Jonathan K. Yioulos*

I hereby certify that I will mail or serve the filing to the following participant:

> Mr. Michael Aaron Tew

<u>    /s/   Jason D. Schall    </u>
Jason D. Schall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AARON TEW,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

    Defendants.

---

## ORDER GRANTING MOTION TO CONTINUE

---

Before the Court is a motion to continue the trial date in this case and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act filed by counsel to Defendant Kimberley Ann Tew. *Doc*. 315.[1] For the following reasons, the Court finds that a continuance is warranted. The Court also finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, the motion is granted.

---

[1] Ms. Tew's motion does not indicate how much time she requests be excluded. Counsel for co-defendant Michael Aaron Tew filed a motion concurrently with Ms. Tew that requested 329 days be excluded. *Doc*. 316. The Court assumes Ms. Tew requests the same. *See also,* 18 U.S.C. § 3161(h)(6) (allowing reasonable exclusion of Speedy Trial Act time "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

## PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. Mr. Tew waived indictment.  On February 3, 2021, an indictment was issued for both Mr. and Ms. Tew. Mr. Tew was indicted on one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), 39 counts of wire fraud ((18 U.S.C. § 1343), one count of money laundering, one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)), thirteen counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and four counts of willful failure to file a tax return (20 U.S.C. § 7203). Ms. Tew was indicted on similar charges, including one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), six counts of wire fraud (18 U.S.C. § 1343), and five counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957).

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Ms. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 11, 2021, the Court entered an order setting trial to commence on April 19, 2021. *Doc*. 101. The Court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial. (Doc. 101) and 180 days for an Ends of Justice Continuance *Doc*. 116. Defendants filed motions to exclude twelve months, ninety days, ninety days, and one hundred and eighty days from this time calculation, which the Court granted. *Docs*. 143, 149, 165, 174, 165, 174, 193. On October 12, 2022, the Court held a hearing on a variety of motions, including a motion for a *James* hearing (Doc. 220). *Doc*. 255. Because the Court has not yet taken *James* proceeding under advisement, the Speedy Trial Clock has

been suspended. On December 28, 2022, Mr. and Ms. Tew moved for the appointment of separate counsel, (Doc. 288), which the Court granted. *Doc*. 289. On February 3, counsel for Mr. Tew filed a motion to continue, which the Court denied without prejudice. *Doc*. 310. Upon order of the court, the parties filed a Joint Status Report, which indicated the defendants' intent to file a motion to continue. *Doc*. 311.

On March 13, 2023, Ms. Tew filed the motion to continue currently before the Court. *Doc*. 315. The government does not oppose the requested continuance. *Id*. at 4.

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id*. However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id*. at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendants' trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial." 18 U.S.C.
§ 3161(h)(7)(A). In order to exclude the period resulting from such a con-
tinuance, the Court must set forth in the record its reasons for finding
that the ends of justice served by granting the continuance outweigh the
best interests of the public and the defendant in a speedy trial, consid-
ering the following factors:

> (i) Whether the failure to grant such a continuance in the
> proceeding would be likely to make a continuation of such
> proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to
> the number of defendants, the nature of the prosecution, or
> the existence of novel questions of fact or law, that it is un-
> reasonable to expect adequate preparation for pretrial pro-
> ceedings or for the trial itself within the time limits estab-
> lished by this section.

> . . . .

> (iv) Whether the failure to grant such a continuance in a
> case which, taken as a whole, is not so unusual or so com-
> plex as to fall within clause (ii), would deny the defendant
> reasonable time to obtain counsel, would unreasonably
> deny the defendant or the Government continuity of coun-
> sel, or would deny counsel for the defendant or the attorney
> for the Government the reasonable time necessary for ef-
> fective preparation, taking into account the exercise of due
> diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574
F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendants' counsel requests a continuance for the following reasons:
(1) this case involves sixty counts of conspiracy, wire fraud, money laun-
dering, and failure to file income taxes with three co-defendants; (2) the
discovery disclosed by the government to date consists of more than
230,000 documents and 300 gigabytes of electronically stored data; (3)

- 4 -

defense counsel was appointed less than three months ago and requires additional time to prepare pre-trial motions while continuing to analyze discovery; (4) defense counsel requires additional time to determine whether a *James* hearing is necessary. (Doc. 315 at 3.)

The Court finds that the *West* factors weigh in favor of granting a continuance. Nothing in the record suggests that Ms. Tew's newly-appointed counsel has not been diligent in preparing for trial. It also appears likely that the continuance, if granted, would accomplish Defendants' stated purpose of allowing adequate time to obtain and review discovery, conduct further factual investigation, conduct legal research, engage in plea discussions with the government, and prepare for a jury trial if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Defendant might be significantly prejudiced if the continuance is denied, as she may be unable to effectively prepare for a *James* hearing or trial, without adequate time to conduct investigation and research relevant to the case.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the defendant's best interest to have sufficient time to complete necessary pretrial tasks and discuss her case with her attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not subvert the public's or Defendants' interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant a continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Three hundred and twenty-nine days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[2] it is ORDERED that:

Defendant's Motion to Continue Trial and for an Ends of Justice Continuance (Doc. 315) is GRANTED;

Three hundred and twenty-nine (329) days, from March 17, 2023 to February 9, 2024, will be excluded from the computation of Defendant Kimberley Tew's Speedy Trial Act time;

The eight-day trial is RESET to **February 5, 2024** at **9:00 am** in Courtroom A1002. Other pretrial Motions are due September 13, 2023,

---

[2]   As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.

Responses due by September 20, 2023. The Trial Preparation Conference is RESET to **January 30** at **1:30 p.m.** in Courtroom A1002.

DATED: March 17, 2023                    BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW**,
KIMBERLEY ANN TEW, and
JONATHAN K. YIOULOS

     Defendants.

---

## ORDER GRANTING MOTION TO CONTINUE

---

Before the Court is a motion to continue the trial date in this case by three hundred and twenty-nine (329) days and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act filed by counsel to Defendant Michael Aaron Tew. *Doc.* 316. For the following reasons, the Court finds that a continuance is warranted. The Court also finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, the motion is granted.

### PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. Mr. Tew waived indictment.  On February 3, 2021, an indictment was issued for both Mr. and Ms. Tew. Mr. Tew was indicted on one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), 39 counts of wire fraud ((18 U.S.C. § 1343), one count of money laundering, one count of conspiracy to commit money laundering

- 1 -

(18 U.S.C. § 1956(h)), thirteen counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and four counts of willful failure to file a tax return (20 U.S.C. § 7203). Ms. Tew was indicted on similar charges, including one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), six counts of wire fraud (18 U.S.C. § 1343), and five counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957).

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Ms. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 11, 2021, the Court entered an order setting trial to commence on April 19, 2021. *Doc*. 101. The Court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial, (Doc. 101) and 180 days for an Ends of Justice Continuance (Doc. 116). Defendants filed motions to exclude twelve months, ninety days, ninety days, and one hundred and eighty days from this time calculation, which the Court granted. *Docs*. 143, 149, 165, 174, 165, 174, 193. On October 12, 2022, the Court held a hearing on a variety of motions, including a motion for a *James* hearing (Doc. 220). *Doc*. 255. Because the Court has not yet taken *James* proceeding under advisement, the Speedy Trial Clock has been suspended. On December 28, 2022, Mr. and Ms. Tew moved for the appointment of separate counsel, (Doc. 288), which the Court granted. *Doc*. 289. On February 3, counsel for Mr. Tew filed a motion to continue, which the Court denied without prejudice. *Doc*. 310. Upon order of the court, the parties filed a Joint Status Report (Doc. 311), which indicated the defendants' intent to file a motion to continue.

On March 13, 2023, Mr. Tew filed the motion to continue currently before the Court. *Doc.* 316. The government does not oppose the requested continuance. *Id.* at 4.

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendants' trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the Court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendants' counsel requests a continuance for the following reasons: (1) this case involves sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants; (2) the discovery disclosed by the government to date consists of more than 230,000 documents and 300 gigabytes of electronically stored data; (3) defense counsel was appointed only six weeks ago and requires additional time to prepare pre-trial motions while continuing to analyze discovery; (4) defense counsel requires additional time to determine whether a *James* hearing is necessary. *Doc.* 316 at 3.

- 4 -

The Court finds that the *West* factors weigh in favor of granting a
continuance. Nothing in the record suggests that Mr. Tew's newly-ap-
pointed counsel has not been diligent in preparing for trial. It also ap-
pears likely that the continuance, if granted, would accomplish Defend-
ants' stated purpose of allowing adequate time to obtain and review dis-
covery, conduct further factual investigation, conduct legal research, en-
gage in plea discussions with the government, and prepare for a jury
trial if necessary. The government does not oppose the requested contin-
uance, and the continuance will not cause any significant inconvenience
to the Court. And Defendant might be significantly prejudiced if the con-
tinuance is denied, as he may be unable to effectively prepare for a
*James* hearing or trial, without adequate time to conduct investigation
and research relevant to the case.

The Court further finds that the Speedy Trial Act factors weigh in
favor of a finding that the ends of justice served by granting a continu-
ance outweigh the best interests of the public and Defendant in a speedy
trial. It is in the defendant's best interest to have sufficient time to com-
plete necessary pretrial tasks and discuss his case with his attorney.
Without the requested continuance, the defense will be unable to effec-
tively prepare the case, file appropriate motions, or engage in plea dis-
cussions. A limited ends-of-justice continuance will not subvert the pub-
lic's or Defendants' interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the
Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by
18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice,
within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant a continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Three hundred and twenty-nine days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendant's Motion to Continue Trial and for an Ends of Justice Continuance (Doc. 316) is GRANTED;

Three hundred and twenty-nine (329) days, from March 17, 2023 to February 9, 2024, will be excluded from the computation of Defendant Michael Tew's Speedy Trial Act time;

The eight-day trial is RESET to **February 5, 2024** at **9:00 am** in Courtroom A1002. Other pretrial Motions are due September 13, 2023, Responses due by September 20, 2023. The Trial Preparation Conference is RESET to **January 30** at **1:30 p.m.** in Courtroom A1002.

DATED: March 17, 2023                    BY THE COURT:

Daniel D. Domenico

---

[1]   As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.

- 6 -

United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MICHAEL AARON TEW,

     Defendant.

---

## DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS
## OF PRE-TRIAL RELEASE

---

Defendant Michael Aaron Tew respectfully asks that the Court modify his conditions of pre-trial release by removing condition 7(q), the requirement that he submit to and pay for GPS monitoring, and adding a new condition requiring him to contact pretrial services by 12:00 P.M. local time each Monday ("Motion"). The government is unopposed to this Motion. For almost three years, Mr. Tew has made every court appearance, all while cementing his long-standing ties to the community. GPS monitoring is no longer the least restrictive means to reasonably assure his appearance in Court. In support of this Motion, Mr. Tew submits the following:

### BACKGROUND

1.     On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release by U.S. Magistrate Judge Kristen L. Mix. (*See* ECF 7 and 9.)

2.     Condition 7(q) of Mr. Tew's Conditions of Release requires him to be subject to GPS location monitoring and to pay all or part of the associated expenses.

3.     On September 29, 2020, Mr. Tew filed an Unopposed Motion to Modify Bond and to Remove the Home Detention Condition. (ECF 42.) Following a hearing before U.S. Magistrate Judge Kristen L. Mix on October 8, 2020, Mr. Tew's motion was granted by the Court, and he was released from condition 7(p)(ii) of pre-trial release. (ECF 52.)

4.     Four months later, on February 5, 2021, Mr. Tew filed another Motion to Modify Conditions of Pre-Trial Release (ECF 89) in which he asked the Court to do away with GPS monitoring (Condition 7(q)) and a 9:00pm curfew imposed upon the cessation of home confinement (ECF 52). The Court denied Mr. Tew's motion.

5.     On March 22, 2022, Mr. Tew's wife and co-defendant, Kimberley Ann Tew, filed her own motion to modify conditions of release requesting that she no longer be subject to GPS monitoring. (ECF 187.) The Court granted Mrs. Tew's motion, finding that the government had not shown location monitoring was necessary to reasonably assure Mrs. Tew's appearance. (ECF 188.)

## ARGUMENT

6.     Now, over 1000 days since his initial appearance and release on conditions[1], Mr. Tew again asks that he be released from electronic monitoring.

7.     Since his arrest, Mr. Tew has remained in compliance with the conditions of his release. This has included paying $129.89 per month for GPS monitoring, a sum which to date exceeds $4,000.00, most of which predated his appointment of counsel pursuant to the Criminal Justice Act. He has continuously kept up with these payments. What's more, the monitoring system sporadically malfunctions, alerting U.S. Probation that there is an issue with Mr. Tew

---

[1] A total of 1026 days (or two years, nine months, and 22 days) have elapsed between July 9, 2020, and May 1, 2023.

when there is not. By just one example, in April 2022 a malfunction occurred in the middle of the night, resulting in a call to Mr. Tew at 2:00 A.M. Mr. Tew was at home in bed at the time.

8.      Mr. Tew resides with his wife and two children at an apartment in Denver. His oldest child attends a local elementary school, and his youngest requires nearly constant care at home. Mr. Tew works from home to best assist with his children's care and transportation to and from school. He has not missed one court appearance in almost three years and remains in frequent contact with his court-appointed counsel and his pretrial officer, who has visited Mr. Tew's home several times. Mr. Tew has no criminal history. His ties to the community equal or surpass those of his wife, whose GPS monitoring was removed over a year ago.

9.      What's more, Mr. Tew tendered his passport to the U.S. District Clerk upon his arrest almost three years ago. (ECF 11.) He has twice previously requested and received the Court's permission to travel out of state. (*See, e.g.,* ECFs 183-185 and 267-268.)

10.      Given Mr. Tew's history of compliance in this case and his deep ties to the community, GPS monitoring of Mr. Tew is no longer the least restrictive means necessary to reasonably assure his appearance in Court. 18 U.S.C. § 3142(B). Mr. Tew's ankle monitor is a significant burden, imposing financial, physical, and psychological costs upon him.

11.      Mr. Tew respectfully requests that the Court modify his conditions of release by striking condition 7(q).

12.      Assistant U.S. Attorney Bryan Fields has been advised of this Motion and stated that the government is unopposed to Mr. Tew's request if the Court would, in lieu of GPS monitoring, impose a condition requiring Mr. Tew, as directed by U.S. Pre-trial Services / U.S. Probation, to check in with them no later than 12:00 P.M. local time each Monday. Mr. Tew accepts this proposed modification and believes it to be the least restrictive means to reasonably

assure his appearance in Court.

Respectfully submitted this 1st day of May, 2023.

/s/ Jason D. Schall
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set

forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Jason D. Schall
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that

this filing has no effect on the speedy trial clock.

/s/ Jason D. Schall
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600

Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
*Attorney for Kimberley Ann Tew*

Michael John Tallon
401 Stony Brook Road
Rush, NY 14543-9419
(585) 329-8139
mtallon@tallonlaw.com
*Attorney for Jonathan K. Yioulos*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)


　　　　/s/　*Jason D. Schall*　　　
Jason D. Schall

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Jason
Dale Schall (jason@bowsch.com, jasondschall@yahoo.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9135257@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Modify
Conditions of Release
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 5/1/2023 at 3:50 PM MDT and filed on 5/1/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 328(No document attached) |

**Docket Text:**
 **ORDER granting [327] Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Condition 7(q) of Mr. Tew's pre–trial release is removed. In lieu of 7(q) Mr. Tew must report to U.S. Pre–trial Services/U.S. Probation by no later than 12:00 p.m. MST every Monday. SO ORDERED by Judge Daniel D. Domenico on 5/1/2023. Text Only Entry (dddlc5, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

**Unopposed Motion for an Extension of Defendants' Date for the Filing of Pre-Trial Motions**

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC submits this *Unopposed Motion for an Extension of Defendants' Date for the Filing of Pre-Trial Motions* and as grounds states the following:

1.     On February 3, 2021 a 60-count indictment was filed in the United States District Court for the District of Colorado naming Michael Aaron Tew, Kimberley Ann Tew and Jonathan K. Yioulos as defendants.  Ms. Kimberly Tew was charged in Count One, conspiracy to commit wire fraud in violation of 18 U.S.C. §1343 and 7 counts of wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. § 2.

2.     Counsel for Ms. Tew entered his appearance on January 3, 2023 (Doc. #209).

3.     On February 3, 2023 Jason Schall, attorney for Defendant Michael Tew, filed a motion to continue the trial set for March 13, 2023. (Doc. #309). Counsel for Ms. Tew filed an Unopposed Motion for an Ends of Justice Continuance Pursuant to 18

U.S.C.§3161 (h)(7) on March 13, 2023 (Doc. #315).  The motion detailed the extent of discovery that needed to be reviewed.  Since the filing of the motion counsel has recognized that the volume of discovery exceeded that which was described in the motion.

4.      The court issued orders granting both Defendants' motion to continue on March 17, 2023 (Docs. #317 and #318).  An eight-day trial was reset to commence on February 5, 2024.  September 13, 2023 was set for the filing of pretrial motions with responses due September 20, 2023.  A Trial Preparation Conference is also set for January 30, 2024.

5.      Counsel has substantially reviewed the discovery.  Motions by prior counsel were filed, argued on October 12, 2022, with the court entering rulings at the close of the hearing (Doc. #255) and issuing orders regarding those motions taken under advisement on October 12, 2022 (Docs. #258, #259, #260, #261, #262).

6.      Counsel is requesting an additional 30 days to determine if any additional motions need to be filed.

7.      Counsel has also been engaged in discussions with the government regarding a possible disposition of the case.  Those discussions are ongoing with the desire to resolve the case without the need of additional litigation or the expenditure of resources.

8.      The parties have previously agreed to file a joint status report on October 13, 2023 either indicating the resolution of any evidentiary issues related to a *James* hearing or will have narrowed the scope of any such hearing (Doc. #314).

2

9.      Counsel for Mr. Tew along with counsel for the government have been contacted regarding this request and has no objection to it being granted.

10.     Allowing for additional time to contemplate additional motions would not impact the remaining dates set for the trial of this matter.

WHEREFORE, it is requested this motion be granted providing an additional 30 days, to October 13, 2023, for the filing of pre-trial defense motions with the government being given 7 days to respond.  Issues of a *James* hearing will be further addressed in a joint status report provided the court on October 13, 2023.

Dated: September 12, 2023.

Respectfully submitted,


*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

3

**Certificate of Service**

I certify that on September 12, 2023, I electronically filed the foregoing *Unopposed Motion for an Extension of Defendants' Date for the Filing of Pre-Trial Motions* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Albert Buchman
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
al.buchman@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com
*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

*s/ David S. Kaplan*
David S. Kaplan

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

## UNOPPOSED MOTION FOR EXTENSION OF DEFENDANT'S PRE-TRIAL MOTIONS DEADLINE

---

Defendant Michael Aaron Tew respectfully asks that the Court extend his deadline for filing pre-trial motions for a period of 30 days until on or about October 13, 2023 ("Motion"). In support of this Motion, Mr. Tew submits the following:

1.    On March 17, 2023, the Court granted the remaining defendants' motions to continue (ECF 317, 318), setting trial to begin on February 5, 2024, and establishing September 13, 2023, as the deadline for the filing of any additional pre-trial motions.

2.    Undersigned counsel has exercised due diligence in reviewing voluminous discovery in this case, as well as all previous motions litigated by prior counsel and ruled on by the Court. (*See* ECFs 258-262.) However, like counsel for co-defendant Kimberley Tew, undersigned counsel requests a 30-day extension of the pre-trial motions deadline until on or about October 13, 2023, to determine if any additional motions are meritorious, including whether a hearing on Mr. Tew's prior *James* motion must be set. Earlier today, counsel for defendant Kimberely Tew also requested a 30-day extension of the pre-trial motions deadline. (ECF 336).

3.      Such an extension will also allow counsel to engage in discussions with the government regarding a possible disposition of the case and before any additional motions must be filed and/or the parties must ask that a *James* hearing be set. Those discussions are ongoing.

4.      Both Assistant U.S. Attorney Bryan Fields and Mr. David Kaplan, counsel for co-defendant Kimberley Tew have been advised of this Motion and neither is opposed to Mr. Tew's request.

DATED this 12th day of September, 2023.

        /s/   Jason D. Schall
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for defendant Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Jason D. Schall*
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

*/s/ Jason D. Schall*
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
*Attorney for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

*/s/ Jason D. Schall*
Jason D. Schall

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov,
lauren.timm@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Eric S. Galler
(egaller@gcorplaw.com), David Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com,
rodriguez@slhlegal.com), Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Jason Dale Schall (jason@bowsch.com,
jasondschall@yahoo.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), dddlc5 (elsa_dodds@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), dddlc8 (peter_allevato@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:9324476@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Extension
of Time to File
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 9/13/2023 at 11:03 AM MDT and filed on 9/13/2023

**Case Name:**      USA v. Tew et al
**Case Number:**    1:20–cr–00305–DDD
**Filer:**
**Document Number:**  338(No document attached)
**Docket Text:**
 **ORDER GRANTING [337] Motion for Extension of Time to File as to Michael Aaron Tew; and**

**GRANTING [336] Motion for Extension of Time to File as to Kimberley Ann Tew.**

**The motions deadline as to Mr. Tew and Ms. Tew is extended to October 13, 2023. The government must file responses on or before October 20, 2023. SO ORDERED by Judge Daniel D. Domenico on 9/13/2023. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen     nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,

danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  **MICHAEL AARON TEW, and**
    2.  **KIMBERLY ANN TEW,** a/k/a Kimberley Vertanen,

      Defendants.

---

## JOINT STATUS REPORT

---

On March 17, 2023, the Court entered an order re-setting trial in this matter and establishing a pre-trial motions deadline of September 13, 2023. (ECF No. 318.) Following motions by both defendant Michael Aaron Tew (ECF No. 337) and Kimberely Ann Tew (ECF No. 336), the Court extended the pre-trial motions deadline until Friday, October 13, 2023. (ECF No. 338.) The parties have since consulted with one another and submit this joint status report.

1.    On March 13, 2023, the parties submitted a Joint Status Report (ECF No. 314) asking the Court to delay docketing of a *James* hearing in this matter, and committing to informing the Court no later than October 13, 2023, whether such a hearing is necessary.

2.    At this time, the parties agree that a *James* hearing is necessary, and

1

hereby ask the Court to schedule such a hearing. In doing so, however, the parties respectfully request that such a setting be delayed until December 19, 2023, to allow the parties to continue discussions in hopes of resolving the case without the need for a hearing.

3.      A setting in December allows the parties to prepare for and have the hearing sufficiently far in advance of trial (set to begin on February 5, 2024), while also allowing for potential motions in limine related to *James* issues (i.e. spousal privilege) to be raised at the hearing.

4.      A *James* hearing is a serious turning point in criminal litigation. There is no public interest in a hearing that the parties — thoroughly engaged in the matter and diligently pursuing either its agreed-upon resolution or its efficient adjudication at a trial focused on the key issues — may ultimately be able to resolve among themselves.

5.      For these reasons, the parties request that a *James* hearing be set for December 19, 2023, and respectfully ask that such hearing on December 19, 2023. The parties further jointly propose a briefing schedule that would require the government to file a *James* proffer on December 5, 2023 with responses from the defendants due on December 12, 2023. The parties believe that this timeframe allows for any necessary *James* issues to be resolved before the trial setting in early February 2024.

Respectfully submitted this 13th day of October, 2023.

2

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

BOWLIN & SCHALL, LLC

By:   */s/ Jason D. Schall*
Jason D. Schall
7350 E Progress Place, Suite 100
Greenwood Village, CO 80111
Telephone: 720-505-3861
E-mail: jason@bowsch.com
Attorney for Defendant Michael Aaron Tew

STIMSON LABRANCHE HUBBARD

By:   */s/ David S. Kaplan*
David S. Kaplan
1652 N. Downing Street
Denver, CO 80218
Telephone: 720-689-8909
Facsimile: 720-689-8909
E-mail: kaplan@slhlegal.com
Attorney for Defendant Kimberley Ann
Tew

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this filing has no effect on the speedy trial clock.

*/s/ Bryan Fields*
Bryan Fields

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

<u>*/s/ Bryan Fields*</u>
Bryan Fields
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Bryan.Fields3@usdoj.gov
Attorney for the United States

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), David Scott Kaplan (hickam@slhlegal.com,
kaplan@slhlegal.com, rodriguez@slhlegal.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, melanie.learussa@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Jason Dale Schall (jason@bowsch.com,
jasondschall@yahoo.com), Nancy Lin Cohen (cbfile@cohenblacklaw.com,
ilana@cohenblacklaw.com, mary@cohenblacklaw.com, nancy@cohenblacklaw.com), Albert C.
Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), dddlc5 (elsa_dodds@cod.uscourts.gov), dddlc8
(peter_allevato@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9388136@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**


The following transaction was entered on 10/26/2023 at 11:35 AM MDT and filed on 10/26/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 340(No document attached) |

**Docket Text:**

 **ORDER SETTING *JAMES* HEARING as to Michael Aaron Tew, Kimberley Ann Tew.**

**The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with an accompanying brief, on or before December 5, 2023.**

**The defendants must file their responses to the Government's *James* log and brief on or before December 12, 2023. A *James* Hearing is SET for December 19, 2023 at 9:30 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 10/26/2023. Text Only Entry (dddlc3, )**


**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, melanie.learussa@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, melanie.learussa@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

      Defendants.

---

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF *JAMES* LOG

---

"Do you really understand tho? That's a lot of money out of NAC.  Like that's straight jail time. And I mean that. I wake up at night constantly worried." Ex 1 # 97. Not worried enough to stop. Almost every day for nearly two years, Jonathan Yioulos, Michael Tew and Kimberley Tew had the chance to heed this warning. Instead, almost every day for nearly two years they woke up and made a conscious decision to commit fraud, stopping only when the IRS and the FBI finally showed up to confront them. This memorandum (1) describes the contours of their conspiracy to systematically loot a business out of  over $5,000,000; (2) details a separate conspiracy between the Tews to quickly use their ill-gotten gains to speculate in cryptocurrency, gamble in Las Vegas, and otherwise quickly disburse funds into each other's pockets; and (3) chronicles some of the statements each made to further their criminal designs, as set forth in the concurrently filed *James*

1

log attached here as Exhibit 1.

## I.   Purpose and Scope of Proffer

A James hearing is a Tenth Circuit-specific reference to the procedure
contemplated in Federal Rule of Evidence 104(c) focused on whether statements can
be admitted under Federal Rule of Evidence 801(d)(2)(E). The latter rule says that
statements are not hearsay when they are offered against a party if the statement
was made by the party's coconspirator in furtherance of a conspiracy. To determine
whether it is more likely than not that the prerequisites of admission under this
rule are satisfied—whether a conspiracy existed, whether the declarant and the
party were conspirators, and whether the statement furthered the conspiracy—the
Court can consider any information without regard to the rules of evidence,
including the statements themselves. Fed. R. Evid. 104(a); *United States v.
Bourjaily*, 483 U.S. 171, 181 (1987); *United States v. Stein*, 985 F.3d 1254, 1269
(10th Cir. 2021).

Of course, items of evidence may be admissible under more than one theory.
The defendants are accused of fraud. They made false statements to further their
joint criminal agreement and those statements are independently admissible
because they are false and not offered for the "truth of the matter asserted." Fed. R.
Evid. 801(c)(2); *United States v. Lewis*, 594 F.3d 1270, 1284 (10th Cir. 2010). *See,
e.g.,* Ex. 1 # 1, 3, 11, 41, 86, 241. Likewise, conspirators often give instructions to
one another. *See, e.g.,* Ex. 1 # 117, 147, 333. Those statements further the
conspiracy under Rule 801(d)(2)(E), but they also do not make truth claims and are
independently non-hearsay. *United States v. Rutland*, 705 F.3d 1238,1252–53 (10th

2

Cir. 2013). Sometimes, the Tews would communicate about their joint efforts to disburse the proceeds of their fraud by simply sending one another photographs of deposit slips or QR codes to consummate cryptocurrency transactions. *See, e.g.,* Ex. 1 # 351. Those photographs are not "statements" and thus not covered by the hearsay rule at all and are also admissible simply to link the defendants to the conspiracy. *Cf. United States v. Chavez*, 229 F.3d 946, 953-54 (10th Cir. 2000) (noting that paper scraps with telephone numbers and vague phrase was not hearsay). Finally, the Tews often discussed their scheme with one another or with co-conspirator Jonathan Yioulos. In those situations, each defendants' respective statement is admissible against that defendant under Rule 801(d)(2)(A) and the other defendant's responses and acknowledgements are admissible for the non-hearsay purpose of showing the effect on the listener. *See, e.g.,* Ex. 1 # 317. *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1129-1130 (10th Cir. 2009).

## II. Michael and Kimberley Tew agreed to use interstate wires in execution of a scheme to take millions from National Air Cargo between July 2018 and July 2020.

The Indictment is incorporated here by reference. It identifies and describes the victim corporation (Indictment ¶2), the conspirators (Indictment ¶¶1, 8, 10) and describes their background relationships (Indictment ¶¶ 3-7). It also describes how the scheme operated (Indictment ¶ 11) and then details the means and methods by which it was carried out (Indictment ¶¶ 12 - -25), including the use of sham companies identified as HS CPAs, MCG, 5530JD, PM, GFL, and AMR. It also describes the use of the corporate entity Sand Hill to receive proceeds of the scheme (Indictment ¶¶ 4, 16). Summaries of the payments made to each of these entities,

3

compiled by collecting and analyzing the false invoices and corresponding bank records is attached as Exhibits 1002 and 1003. Where applicable, the *James* log identifies how a statement relates to one of the paragraphs of the Indictment.

### III.    Michael and Kimberley Tew also agreed with one another to engage in large financial transactions with their ill-gotten loot

Overlapping with the conspiracy to commit fraud was a separate conspiracy between Michael and Kimberley to engage in large financial transactions between and among themselves and with others in order to quickly convert the proceeds of their fraud to their personal use. (Indictment ¶ 32). The Indictment describes the means and methods used by the Tews to accomplish the conspiracy's purpose of spending the proceeds of their fraud. The Tews used multiple bank transfers to move funds around (Indictment ¶ 33.a), made cash withdrawals at bank counters and ATMs (Indictment ¶ 33.b), withdrew money using wires (Indictment ¶ 33.c), transported cash to bitcoin ATMs to convert it into cryptocurrency (Indictment ¶33.c and 33.d), transferred money using bitcoin "wallets" (Indictment ¶¶ 33.c) used fraud proceeds to buy an Audi (Indictment ¶ 33.f), and used proceeds to gamble at a casino in Las Vegas (Indictment ¶ 34). Where applicable, the *James* log identifies how a statement relates to one of the paragraphs of the Indictment.

### IV.    Evidence Supporting the Conspiracies

#### A.    Michael Tew, Kimberley Tew and Jonathan Yioulos were caught red-handed by the IRS and the FBI while executing the scheme

By July 2020 the FBI and the IRS had gathered substantial evidence of the Tews' fraud scheme. They approached Jonathan Yioulos and he agreed to cooperate.

He is expected to provide testimony at trial describing all of the means and methods identified in the Indictment to further the fraud scheme and to authenticate his communications with the Tews in the *James* log. He will also authenticate two lengthy consensually recorded conversations with Michael Tew, who was using the x1312 number. *See, e.g.,* Ex 1 # 374, 375. At the time those conversations occurred, Yioulos was no longer a conspirator. But Michael and Kimberley had each recently asked Yioulos to send them more money. Ex. 1 # 371, 372. And NAC had independently begun looking at transactions in a way that raised concerns among the conspirators. Ex. 1 # 368. Michael's conversations with Yioulos — his efforts to describe, justify, and explain the scheme — were all part of an effort to assuage Yioulos's concerns and keep him involved in the conspiracy. They were thus in furtherance of it and each should be admitted for the reasons designated in the James Log.

## B. Bank records, by themselves, evince the conspiracy

Exhibit 1001 is a list of the accounts controlled by Michael or Kimberley that received proceeds of the Scheme. Exhibits 1004 – 1007 are composite summary charts connected to the specific counts of the Indictment.

The account statements by themselves, show that the payments from NAC were not related to any of the described services but were instead quickly transferred between and among accounts controlled by the Tews, wired to others, withdrawn as cash, or used for personal extravagances. The records also independently corroborate and authenticate the messages in the *James* log by contemporaneously documenting the bank transactions discussed by the Tews. For

example, after telling Michael "we need to get an ACH today . . . offer J [Yioulos] 3 BTC [bitcoin]. I have to go to Vegas," Ex. 1, # 185, Yioulos used the automated clearinghouse (ACH) to send $28,000 in scheme proceeds into the Tews' joint NFCU bank account under the false pretense it was for a "consultation: Engine Search and MRO Resource." Kimberley Tew then went to the bank and withdrew $15,000. [NAC_00000560]. Bank cameras captured Kimberley smiling on the way out the door with her bag of loot:



[NAVY_00001779].

Another representative example features Michael. After talking to Kimberley about the status of an expected scheme payment of $33,000 from Yiolous on February 12, 2020, Michael transferred the money from an NFCU account on which he was the sole signatory to the Tews' joint NFCU account. He then withdrew $10,000. Ex. 1, # 324;  [NAVY_00000970-971]. Bank cameras show him in the lobby

6

of the bank that day, happily taking custody of the cribbed cash:



[NAVY_00001767].

### C. Business records and witness testimony establish the Tews' use of telephone numbers and email addresses associated with the scheme

*Telephone number 917-685-1312* Records from AT&T show that this number

was used by Michael Tew. [ORD_000019224]. Michael also represented to NAC that

this was his number while he worked there as a contract employee. Ex. 1 # 1. And

Michael provided this number to several banks as his means of contact.

[NAVY_00001964].

*Telephone number 917-669-7473.* Records from AT&T show that this number

was used by Michael Tew. [ORD_000019224-25]. He also provided this number as a

means of contact for some of his bank accounts. [WFB_00000537.]

*Telephone number 917-446-2046.* Records from AT&T show that this number

<div align="center">7</div>

was used by Kimberley Tew. ORD_000019224. Kimberley also represented to NAC
that this was her number while she worked there as a contract employee. [*See, e.g.,*
NAC_00000731]. And Kimberley provided this number to several banks, businesses
and cryptocurrency exchanges as her means of contact.[NAVY_00001960]. She also
relayed information about paying for this telephone number to Michael as part of
her efforts to spur him to ask Yioulos for more money. Ex 1. # 184.

 *Google Voice number 469-319-0152.* Records from Google identify the
user of this Google voice number as Kimberley Tew. [ORD_00015068]. The number
was used to contact Yioulos about getting more money from NAC and referred to
"Michael" in the third person, indicating that he was not the sender and that it was,
instead, Kimberley. Finally, Kimberley had previously talked to Michael about
using Google Voice, including to contact Yioulos in particular. Ex. 1 # 160, 338.
Even if there remains some doubt as to whether this was Michael or Kimberley, it is
not one that precludes admission under the coconspirator exception to the hearsay
rule. Communications from this account in furtherance of the conspiracy can be
attributed to both Michael and Kimberley through the underlying principles of
agency even if the actual declarant remains unknown: it is enough for the court to
conclude that it was made by someone — anyone — in furtherance of the
conspiracy's objectives. *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005);
*United States v. Ayala*, 601 F.3d 256, 268 (4th Cir. 2010) (noting that it isn't even
required that statements be attributed to an identified person so long as there is
enough evidence to show that a declarant is a conspirator).

<div align="center">8</div>

*Email address kley@me.com.* Kimberley also represented to NAC that this was her email while she worked there as a contract employee. [*See, e.g.,* NAC_00000731; NAC_E_00058418; 60469]. Kimberley provided this number to several banks as her means of contact. [*See, e.g.,* NAVY_00001960]. She also communicated with Michael in furtherance of the conspiracy, identifying this as her email address. Ex. 1 # 160, 184, 270.

*Email address Mtew@sandhillrp.com.* Records from GoDaddy show that Michael paid for and maintained the domain name sandhillrp.com, [ORD_00019823], and he also used the email address mtew@sandhillrp.com [ORD_00019224; ORD_00019225]. He also used it in his correspondence with NAC.

*Email address accounting@globalfuel.co.* Michael created and controlled Global Fuel Logistics after Yioulos told him that he needed to create a separate company if they were going to continue their fraud without being detected. Ex. 1 # 195 (explaining preference not to use Sand Hill and instead advising that "you should set up a legit Corp for the fuel consulting"). He paid for and maintained the domain name globalfuel.co and used the email address "accounting@globalfuel.co." [ORD_00019821].

*Email address associated with MCG.* There is a preponderance of evidence — it is more likely than not — that the Google email address used to send false invoices to Jonathan Yioulos at NAC, which contains MCG's name, was used by Kimberley Tew. Among other things, that account also contained orders for luxury women's clothing and accessories to Kimberley Tew's address (albeit under the

9

fictional name "Amy Tew"). [SW_FIL_00003054, 6094, 6901, 8364, 9825]. The close

coordination between the use of this email and communications between the Tews

and Yioulos make this likelier still. For example, in March 2020 Michael and

Kimberley had a discussion about how Yioulos was not responding to Michael. Ex. 1

# 338. This was followed up by a message from the MCG email address to Yioulos

with the accusatory statement "I heard you are not available," Ex. 1 # 339, and

Kimberley later suggesting to Michael that they could induce Yioulos to respond by

stoking fear about another MCG email, Ex. 1 # 341. As with the Google Voice

communication above, communications from this account in furtherance of the

conspiracy can be attributed to both Michael and Kimberley through the underlying

principles of agency even if the actual declarant remains unknown. *Martinez*, 430

F.3d at 326; *Ayala*, 601 F.3d at 268.

 *Email address associated with PM.* It is more likely than not that Michael

Tew used this account. Google records show that Michael Tew's x7473 telephone

number and sandhillrp email address were used as the "account recovery" contacts.

[ORD_00017716]. Michael told Yioulos that invoices would come via QuickBooks

and the two the logistics of paying PM in close coordination with Michael's requests

for payments through the PM email. Ex. 1 #87 (discussing how invoices would be

sent via QuickBooks and coordinating receipt and payment). Regardless, like the

MCG email address, it is enough for the court to conclude that it was used in

furtherance of the scheme even if there is doubt about precise attribution.

 *Email address associated with 5580JD.* Google records show that this

account, too, used one of Michael Tew's telephone numbers — the x1312 number —
as one of the means to recover the account. [ORD_00015084]. And just as with the
MCG and PM email addresses, the close coordination between its use and the
communications by and between the Tews and Yioulos, also make it more likely
than not that it was used in furtherance of the conspiracy.

> ### D. Text messages preserved in Kimberley Tew's iCloud account chronicle the conspiracy on an almost day-to-day basis

Kimberley Tew used an Apple iCloud account associated with her email
address, kley@me.com, to store text messages between her and Michael and
between Michael and Yioulos. As the Court is aware from the hearing regarding the
defendants' motion to suppress, ECF No. 262, the Government executed a search
warrant on that account and has recovered many of those messages. The messages
were provided by Apple in a zip file that contained, among other things, Excel files
with the messages and those messages were, in turn, screened through a filter to
protect any applicable attorney-client privilege held by the defendants. The
Government has used Cellebrite software to render that data in a more visually
appealing way or, where the software was unable to sort relevant tables, has located
them in the original Excel file. These messages are themselves evidence of the
conspiracy. *Bourjaily*, 483 U.S. at 180. *See, e.g.,* Ex. 1 # 14, 40, 46, 59, 68, 73, 93,
117, 81, 147, 175, 220, 256, 257, 258, 317, 329, 341. Further authentication and
attribution of a message to one defendant or another can be accomplished by
looking at all of the circumstantial evidence, including the messages' context,
contemporaneous bank records showing transaction being made in one or the other

11

of the Tews' accounts, witness testimony, and other information set forth in this proffer or in the messages themselves. *Martinez*, 430 F.3d at 326; *Ayala*, 601 F.3d at 268.

### E.    Witness testimony

NAC's owners, as well as other employees, will testify that Michael Tew was fired in September 2018 and that neither he nor Kimberley provided services to NAC after that time. They will also testify that payments made to HS CPAs, MCG, 5530 JD, PM, GFL, and AMR were not authorized and that NAC did not receive any goods or services. H.S. and M.M., the purported principals of HS CPAs and MCG are expected to testify that they did not perform services for NAC.

### F.    Telephone Records

Telephone toll records confirm and corroborate the extensive communications between and among the Tews and Yioulos.

## V.    The Statements in the Government's *James* log were made by the Tews in furtherance of the charged conspiracies

The evidence proffered above shows that Michael and Kimberley (1) agreed to execute a fraud scheme and agreed to engage in financial transactions involving the proceeds of that scheme (i.e., there were conspiracies), (2) Michael and Kimberley were conspirators, and (3) the statements in the attached *James* log furthered the conspiracy. *Stein*, 985 F.3d at 1269.

## A.  There were agreements between the Tews to defraud NAC and then to engage in financial transactions with the proceeds

A criminal conspiracy occurs when there is: (1) an agreement between two or more people to break the law; (2) knowledge by those people of the essential objectives of the conspiracy; (3) knowing and voluntary participation in the conspiracy; and (4) interdependence among the conspirators. *United States v. Cornelius*, 696 F.3d 1307, 1317 (10th Cir. 2012). The Government can show an agreement to do something illegal by pointing to the co-conspirators' statements, as well as all of the other evidence described above and below. *Id.*

Evidence of the agreement must be "substantial," but that just means it must be "more than a scintilla," or "evidence that a reasonable mind would accept as adequate to support a conclusion." *United States v. Bucaro*, 801 F.2d 1230, 1232 (10th Cir. 1986). Substantial evidence can be direct or circumstantial and just because the evidence can be susceptible to two inconsistent conclusions does not make it unreasonable to accept one conclusion over another. *United States v. Peterson*, 611 F.2d 1313, 1330 n.1 (10th Cir. 1979); *Bucaro*, 801 F.2d at 1232.

An agreement to commit a crime doesn't need to be formal or explicit, *United States v. Dumas*, 688 F.2d 84, 86 (10th Cir. 1982); it can be based on tacit and mutual understanding. *Rutland*, 705 F.3d at 1250. For this reason, circumstantial evidence can be and often is the only proof of a conspiracy and a conspirator's participation in it. *See, e.g.*, *United States v. Isaac-Sigala*, 448 F.3d 1206, 1210-1211 (10th Cir. 2006). Indeed, to establish the connection of the declarant and the defendant to the conspiracy, a court may make the circumstantial inference that a

13

defendant is a knowing participant in a conspiracy when he acts in furtherance of the conspiracy's objective. *See United States v. Tranakos*, 911 F.2d 1422, 1430 (10th Cir. 1990)

### B. Statements Were Made During the Course of and in Furtherance of the Conspiracy

In determining the third factor—that the statement was made during the course of and in furtherance of the conspiracy—several rules apply. First, the focus is on whether the declarant's intent in making the statement was to advance the conspiracy, not whether the statement actually advanced the conspiracy. *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993). To determine this, the Court must examine the nature of the statement and its context. *Id.* at 1579. Second, there is no requirement that the statement be made by one conspirator to another. *United States v. Williamson*, 53 F.3d 1500, 1519 (10th Cir. 1995); *United States v. LeRoy*, 944 F.2d 787, 789 (10th Cir. 1991). Third, a statement may be admissible, even if subject to alternative interpretation, if a reasonable interpretation of the statement is consistent with an intent to promote the conspiracy. *Garlington v. O'Leary*, 879 F.2d 277, 284 (7th Cir. 1989); *see also United States v. Patterson*, 713 F.3d 1237, 1245 (10th Cir. 2013) (interpretation that coded calls were in furtherance of conspiracy was not clearly erroneous).

Examples of statements made in furtherance of a conspiracy include but are not limited to those in the list below, which correspond to the letters designated as "Basis for Admission" in the attached *James* log.

    a. Statements that in any way promote the objective(s) of a conspiracy.

*Rutland*, 705 F.3d at 1252; including statements that indicate payments or demands for payment to accomplish activities of the conspiracy, *United States v. Townley*, 472 F.3d 1267, 1274 (10th Cir. 2007) (citation omitted).

b. Statements that reveal the existence of a conspiracy. *United States v. Garcia*, 994 F.2d 1499, 1505 (10th Cir. 1993).

c. Statements that are intended to recruit potential coconspirators or otherwise to induce others to assist in carrying out the objectives of the conspiracy. Perez, 989 F.2d at 1578; *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017).

d. Statements that identify a conspirator or the role of a conspirator. *Rutland*, 705 F.3d at 1252; *Townley*, 472 F.3d at 1273.

e. Statements that explain important events in the conspiracy. *Rutland*, 705 F.3d at 1252; *Townley*, 472 F.3d at 1273.

f. Statements of future intent that set transaction integral to the conspiracy in motion and maintain the flow of information among the co-conspirators. *United States v. Morgan*, 748 F.3d 1024, 1037 n.16 (10th Cir. 2014) (citation omitted).

g. Statements that are designed to advise co-conspirators of the progress of the conspiracy and keep them abreast of activities associated with the conspiracy. *Alcorta*, 853 F.3d at 1137; *Townley*, 472 F.3d at 1273; *Perez*, 989 F.2d at 1578.

h. Statements which are intended to assure the listener of a conspirator's ability to consummate a particular transaction. *United States v. Echeverry*, 759 F.2d 1451, 1457 (9th Cir. 1985).

i. Statements that are designed to gain the trust of other conspirators or potential conspirators, to reassure trustworthiness, or to allay suspicions or fears. *Rutland*, 705 F.3d at 1252.

j. Statements which are intended to control damage to the conspiracy that are made during the course of the conspiracy. *Alcorta*, 853 F.3d at 1136 (affirming admission of coconspirator statement about erasing data on phones prior to arrest and advice to defendant to get rid of his phone).

k. Statements that prompt the listener to respond in a way that

15

facilitates carrying out the activities of the conspiracy. *United States v. Rahme*, 813 F.2d 31, 35 (2d Cir. 1987); *see also Alcorta*, 853 F.3d at 1136 ("Vega coached Adrienne to avoid ruse drug checkpoints…. Those instructions were indisputably in furtherance of drug deliveries.").

l. Statements that conceal the objective of the conspiracy. *Rutland*, 705 F.3d at 1252-53; *Alcorta*, 853 F.3d at 1139.

m. Statements to co-conspirators or potential co-conspirators indicating potential investigation, apprehension, or punishment. *Alcorta*, 853 F.3d at 1139; *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995); *United States v. Triplett*, 922 F.2d 1174, 1181 (5th Cir. 1991).

n. Statements between conspirators regarding the distribution of the proceeds. *United States v. Morgan*, 748 F.3d 1024, 1036-37 (10th Cir. 2014); *United States v. Ammar*, 714 F.2d 238, 253 (3d Cir. 1983) ("The distribution of the proceeds of a conspiracy is one of its central objectives, and statements which are directed to that purpose must be considered to be in furtherance of the conspiracy.").

## C. Statements in furtherance of a conspiracy are, by definition, not privileged

"[C]onversations between husband and wife about crimes in which they conspire or participate or, after the fact, participate in, are not privileged marital communications for the purpose of protection as confidential marital communications. *United States v. Neal*, 743 F.2d 1441, 1447 (10th Cir. 1984); *see also United States v. Marashi*,  913 F.2d 724, 730 (9th Cir. 1990) (citing cases from First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Tenth Circuits supporting

16

principle that marital communications privilege does not apply when both spouses are joint participants in a crime).

<div align="right">

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

</div>

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<div align="right">

*/s/ Bryan Fields*
Bryan Fields

</div>

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023 ECF Nos. 317 and 318.

<div align="right">

*/s/ Bryan Fields*
Bryan Fields

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Bryan Fields*</u>
Bryan Fields
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov

EXHIBIT 1: GOVERNMENT JAMES LOG

NOTES

- Unless otherwise explicitly stated, references to "Jon," "Jonathan," "J.Y." and "Yioulos" are references to indicted co-conspirator Jonathan Yioulos

- Consistent with concern for the privacy and safety of victims, witnesses, and third-parties who are mentioned during the course of the conspiracy but who have not been charged with any crimes the government has redacted identifying information and, instead, uses initials. For sham companies and their purported owners, the government has followed the convention in Paragraph 13 of the Indictment. It has used that same convention when an email address associated with that company would otherwise identify it. Sometimes, where an individual is mentioned but is only relevant for purposes of showing that the Tews owed that person a debt or debts and were looking to get money from NAC to repay it, the word [redacted] has simply been inserted.

- Bank account information and addresses that are described in full in the underlying communication have also been redacted. Bank accounts are described using the last four digits of the account number. Addresses have been removed.

- The "Source" column uses the internal discovery numbers used in the government's productions to defense counsel so that they can be conveniently referenced. "SW_FIL" means that the item was released to the government only after going through the filter process but was produced to defense counsel by the filter team at the beginning of their representation. Defendants have had access to all of the unfiltered materials since 2021. Filtered Cellebrite reports and filtered spreadsheets from the apple return were produced to defense counsel on November 13, 2023. They were then place dinto a new database and re-produced with news Bates numbers on November 30, 2023.

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

<u>August 2018</u>

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 1 | 8/7/18 | Michael Tew responded to the email below "THANK YOU"<br><br>[. . . .]<br><br>J.Y. responded to the email below "Ok will do. I'll get the payment out today because I know the due diligence is really picking up. Just send the agreement at some point so we have for our records. No rush.:"<br><br>[. . . .]<br><br>From: Michael Tew<br>To: Jonathan Yioulos<br>Subject: ACH INVOICE<br>Date: Tuesday, August 7, 2018 11:41:30 AM<br>Attachments: [H.S. CPAs] Consulting Invoice 8 7 18.pdf<br>JY<br><br>Expense invoice for the financial consultant attached.<br><br>I can send you the agreement with the consultant if need be. Easier just to send the $ to me and I'll<br>pay them.<br><br>Wire information:<br>ACH: $15,000<br>Michael Tew<br>Guaranty Bank & Trust Company<br>Routing: [x]0966<br>Account: [x]7867<br>_____<br>Michael A Tew<br>Chief Financial Officer<br>National Air Cargo Holdings, Inc.<br>mtew@ctr.nationalairlines.com<br>+1 917.685.1312 | On August 8, 2018 $15,000 is deposited into Guaranty Bank and Trust Account x7867 for services purportedly rendered to [HS CPAs as fraudulently invoiced HSC August 2018 2 (NAC_00000906) as alleged in Count 2 of Indictment.<br><br>H.S. is expected to testify that s/he is not a licensed accountant, never performed any work for NAC, and was not associated with HS CPAs. H.S. was, however, a college friend of Kimberley Tew's.<br><br>Michael is the sole signatory on the Guaranty account | A, B, D, F, G, K, L | NAC_E_00129716<br><br>NAC_E_00146154<br><br>NAC_E_00129716 |

1

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 2 | 8/7/18 | **MT1312:** Let me know when have 5 mins to speak<br>**JY1709:** Now is fine<br>**MT1312:** Received?<br>**JY1709:** Yeah call me<br>**JY1709:** As soon as you can. Leaving in a minute<br>**MT1312:** Will resend ASAP. Thank you<br>**MT1312:** Should I email [K.] to pull it?<br>**JY1709:** Working from my computer now.<br>**JY1709:** Send your invoice (with just feign consulting invoice attached for fees). I'll be working for 1.5 hours<br>**MT7473:** WILL DO<br>**MT7473:** You're a good man - not sure why you are doing this for me?<br>**MT7473:** Just need to get out of the sam<br>**JY1709:** All good. You work your ass off. Let's just keep rolling.<br>**JY1709:** Guaranty account?<br>**JY1709:** $15K ach today right?<br>**JY1709:** ACH is our<br>**JY1709:** Out*<br>**MT7473:** Thank you !! Sent you invoice to load into system | "[K.]" is a reference to a NAC employee<br><br>The reference to "received" is a reference to emails regarding fraudulent invoices for HS CPAs<br><br>The "Guaranty account" is a reference to an account ending x7867 on which Michael Tew was the sole signatory. [GUAR_00000034]<br><br>"ACH" is automated clearinghouse.  See Indictment ¶12. | A, B, D, F, G, K, L. | SW_FIL_003423 24, Rows 6366, 6367, 6369 – 6383 |
| 3 | 8/8/18 | Michael Tew, using his NAC business email address responded to one the email sent from J.Y. on August 7, 2018:<br><br>Jon —<br><br>This is invoice 2/2. Important as we are signing our engagement with HK investor group today.<br><br>Pls send ACH<br><br>Same as yesterday.<br><br>Thank you<br><br>Michael Tew | On August 8, 2018 $15,000 is deposited into Guaranty Bank and Trust Account x7867 for services purportedly rendered to [HS CPAs as fraudulently invoiced at HSC August 2018 2 (NAC_00000906) as alleged in Count 2 of Indictment<br><br>See above, entry #1, for information about H.S. and H.S.CPAs | A, B, D, F, G, K, L | NAC_E_0012637 4 |

2

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 4 | 8/8/18 | **JY1709:**<br>**JY1709:**<br>**MT7473:**<br><br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**JY1709:**<br>**JY1709:**<br>**JY1709:** | I thought the new inv for the consulting was going to be $10K?<br>$25K total<br>Sorry - $30K.  This one is $15K.  I'm sorry - in a meeting with [redacted[ doing all of our fuel stuff he flew here to meet me.<br>Call you after.<br>Thank you!!!!!!!!!!!!!!!!!!<br>SORRY to be short.  Getting crushed today.<br>How was the show?<br>It was great ????<br>Your ACH is out<br>For the consulting | On August 8, 2018, $15,000 is deposited into Guaranty Bank and Trust Account [x]7867 for services purportedly rendered to [H.S. CPAs] as fraudulently invoiced at HSC August 2018 2 (NAC_00000906) as alleged in Count 2 of Indictment<br><br>See above, entry #1, for information about H.S. and H.S.CPAs | A, B, D, F, G, K, L | SW_FIL_003423 24, Rows 6402 - 6411 |
| 5 | 8/9/18 | **JY1709:**<br><br>**MT7473:**<br>**JY1709:**<br>**MT7473:** | Hey, no rush, but when do you think you'll send the BTC back? Just so I have a timeframe<br>hecking brb - been phone glued to ear since like 6:30<br>All good. No worries<br>You'll get it I promise<br>Haven't gotten off phone | "BTC" is short for bitcoin.<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C, D, F, G, H,  K, L, N | SW_FIL_003423 24, Rows 6246 - 6249 |
| 6 | 8/13/18 | **JY1709:**<br>**MT7473:** | Yeah call me. [A.S] on me a bit about AMEX charges FYI o<br>Yes RE [A.S].  Call you later we'll discuss how to handle | The references to "Amex" and "King Soopers" are references to efforts by others at NAC to investigate the use of Michael Tew's corporate card to buy gift cards at Denver-area grocery stores. See Complaint, ECF No. 1 at ¶¶ 7, 11. [A.S.] was NAC's Director of | E | SW_FIL_003423 24, Rows 6464, 6467 |

3

### Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | Accounting, who was looking into the legitimacy of the $45,000 of improper charges on Michael Tew's corporate credit card. | | |
| 7 | 8/14/18 | On August 14, 2018 Michael Tew, using his business email address, mtew@ctr.nationalairlines.com sent an email to J.Y.'s business email address with teh subject line "INVOICES: MICHAEL TEW ACH AUGUST 15", writing<br><br>JY<br><br>Please see attached invoices:<br><br>1. MT August 15 invoices. See new payment plan included. Just a slight modification.<br>2. Final expense invoice for CPA for financial modeling and due diligence<br><br>Please send ACH today for arrival tomorrow.<br>Thank you | *See* Indictment ¶ ¶11, 13, 19, 20<br>See above, entry #1, for information about H.S. and H.S.CPAs | A, B, D, F, G, H, K, L | NAC_E_0016609 2-NAC_E_0016609 4<br><br>NAC_E_0006044 2-NAC_E_0006044 4 |
| 8 | 8/14/18 | **JY1709:**    Brutal. Any update on crypto? | Message sent to Michael Tew<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C, F, N | SW_FIL_003423 24, Rows 6450 |
| 9 | 8/18/18 | **JY1709:**    Sent the confirm. Will be in a non profit board of directors retreat until 2 today (shoot me haha). Please send BTC back this weekend if possible! Thanks!!!<br>**MT7473:**    You're the man.  It's coming.  I promise.  She's working on it today. | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C, D, F, G, H, K, I, N | |
| 10 | 8/21/18 | **JY1709:**    Hey, any update on this BTC? It's been 2 weeks. | Message sent to Michael Tew | A, B, C, D, I, N | SW_FIL_003423 24, Rows 6673 |

4

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| 11 | 8/22/18 | On August 22, 2018 [C.R.]@gmail.com sent the communication below to J.Y.'s business account:<br><br>Sorry.  There was a formatting error on the invoice previously submitted.  Please use this one here and if you could also send me a confirmation that the wire has been submitted today your assistance would be greatly appreciated.<br><br>J.Y. responded, cc'ing Michael Tew's business account: with an attached payment confirmation, writing "Hello, please see attached for payment confirmation." | The [C.R.]@gmail.com email account is the one associated with 5580, as described in the proffer on page 9. C.R. was represented to be the owner of 5580 JD, which was one of the shame companies used to conceal payments to Michael and Kimberley under false and fraudulent pretenses. *See* Indictment ¶¶ 11, 13, 15, 19, 20, 22<br><br>On August 23, 2018, $15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.22 73211116 (NAC_00000539; NAC_E_00094026) | A, B, D, F, G, H, K, L | NAC_E_0005871 5- NAC_E_0005871 6 |

5

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 12 | 8/22/18 | On August 22, 2018 [C.R.]@gmail.com sent the communication below to J.Y.'s business account:<br><br>Could you please send confirmation that the wire was submitted and/or a fed funds reference number?<br><br>J.Y. sent a separate email with this business email account:<br><br>Please see attached for payment confirmation.<br><br>Thank you!<br><br>Jonathan Yioulos, CPA \| Manager of Financial Reporting National Air Cargo Holdings, Inc. | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>On August 23, 2018, $15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.22 73211116 (NAC_00000539; NAC_E_00094026) | A, B, D, F, G, H, K, L | SW_FIL_000000 87<br><br>SW_FIL_000000 57<br><br>NAC_E_0016989 8<br><br>NAC_E_0006399 9-NAC_E_0006400 0 |
| 13 | 8/22/18 | MT1312:   Wire StTus?<br>JY1709:   It's out. Just sent you the confirm<br>MT1312:   Thank you!!<br>          [Omitted]<br><br>MT1312:   What us your btc address<br>JY1709:   114dguVH1TBufs5SEBgTkyfGbx43sKr8Q8<br>MT1312:<br>          https://www.blockchain.com/btc/tx/53d5789dcd318914cc805b1125fd97a445105a99 b3db909e56fef2f31d6cea9b<br>JY1709:   Thank you!<br>JY1709:   Got it!<br>MT1312:   Happy? | On August 23, 2018, $15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.22 73211116 (NAC_00000539)<br><br>*See* Indictment ¶ 25 | A, B, C, D, F, G, H, I, K, N | SW_FIL_003423 24, Rows 6674-6676; 6685 |
| 14 | 8/23/18 | JY1709:   Hell yes! Thank you!!! And thank Kimberley for me too!<br>MT7473:   That account number for [5530 JD] was wrong.  Guy gave US            the wrong Acct number.  There's only ONE 5 in the account number. [x]2171 | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the | A, B, D, F, G, H, K | SW_FIL_003423 24, Rows 6686-6696 |

6

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** Yes<br>**MT7473:** Can you resumit<br>**JY1709:** Yes<br>**MT7473:** Not your fault<br>**MT7473:** thans<br>**MT7473:** Guy gave bad wire instructions<br>**MT7473:** Thanks<br>**MT7473:** That wire is out / funds hit, thank you.  Finally<br>**JY1709:** No problem | relevant paragraphs of the indictment.<br><br>On August 23, 2018, $15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.22 73211116 (NAC_00000539) | | |
| 15 | 8/23/18 | From jyioulos to [C.R.]@gmail.com<br>Hello,<br><br>Please see attached for updated payment confirmation.<br><br>Since this is a new account, the bank will call use in approx. 15-30 min to confirm this wire as well. A fed reference number will be generated at that time and you should see the funds weithin the hour.<br><br>Thank you,<br><br>Jon Yioulos<br>716-580-6943 | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>On August 23, 2018, $15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.22 73211116 (NAC_00000539) | A, B, D, F, G, H, K, L | SW_FIL_00000090 |
| 16 | 8/24/18 | On August 24, 2018 J.Y. used his business email address to respond to a question from a NAC employee about the August 23, 2018 wire, writing "see attached for invoice! Thanks," | *See* Indictment ¶¶11, 12 | A, B, D, F, G, H, K, L | NAC_E_00109823; |

7

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | | | NAC_E_0006960 8-NAC_E_0006960 9 |
| 17 8 | 8/27/18 | JY1709: | Hey, sorry missed these yesterday. Passed out early last night for some reason. Yeah, just let me know how much she needs, I can send you like $5K worth if you want | "BUF" is a reference to Buffalo, New York, where NAC had offices. | A, B, D, F, G, H, K, N | SW_FIL_003423 24, Rows 6737-6757 |
| | | MT7473: | Thanks!  Let me check with her this am appreciate buddy | | | |
| | | | [. . . .] | Substratum is a cryptocurrency | | |
| | | MT1312: | Pls send 5k to 3KD5RYYteA4Cer34J3S1iyFYsM1skAo16h | *See* Indictment ¶ 25 | | |
| | | MT1312: | Thank you | | | |
| | | JY1709: | Ok. Right now I've got some trades going as well, will send shortly | | | |
| | | MT1312: | Thx | | | |
| | | MT1312: | Let me know timing? | | | |
| | | MT1312: | Thx | | | |
| | | MT1312: | THANK YOU | | | |
| | | JY1709: | Any timing on when I'll get it back? I know you guys take care of me, just wondering | | | |
| | | JY1709: | All set | | | |
| | | JY1709: | Sent her just over .75 BTC | | | |
| | | MT7473: | Thank you !! | | | |
| | | JY1709: | Any idea when I'll get it back? Just wondering | | | |
| | | MT1312: | She said end of week. But let me confirm. | | | |
| | | JY1709: | Ok sounds good | | | |
| | | JY1709: | FYI, BUF payroll is tomorrow if you want an ACH that hits tomorrow too | | | |
| | | MT7473: | Would it be ok to send ACH thurs as well? | | | |
| | | JY1709: | For? | | | |
| | | MT7473: | me | | | |
| | | MT7473: | Instead of today I'm saying | | | |
| | | JY1709: | We can do either | | | |
| | | JY1709: | Hope she bought substratum ?? up 12% in the last 2 hours!!! | | | |
| 18 | 8/30/18 | On August 30, 2018 J.Y. used his business email account to send an email to Michael Tew, at his business email account, attaching two payment confirmations from NAC's | | The records reflected payments to 5530JD | A, B, D, F, G, H, K | NAC_E_0005574 1- |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|------|------|------|------|------|
| | | bank and writing "Michael, See attached for payment confirmations. I have yours and the due diligence. Thank you!" | | and Michael Tew's paycheck from NAC<br><br>On August 31, 2018, $15,000 s wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.31 7321117 NAC_00000540 | | NAC_E_00055743 |
| 19 | 8/30/18 | JY1709:<br>JY1709:<br>JY1709: | You and Michael decide what you want to do<br>I can't make that decision for you!<br>I'm not worried about that.  I'm just paying you guys to pay the consultants for Hong Kong and other investors.  That's all | Messages sent to Kimberley Tew<br><br>"Consultants for Hong Kong" was the cover story being used to justify payments to the sham vendors. *See* entry 3, above. | A, B, D, F, G, H, K, L | SW_FIL_00338177 |
| 20 | 8/30/18 | MT7473:<br><br>JY1709:<br><br><br><br>MT7473:<br>MT7473:<br>JY1709:<br>MT7473:<br>JY1709:<br>MT7473: | Sending you invoice for ACH later today before 4 pls.  Great work this week btw, thanks.  On with the HK guys for the next hour or so<br>No problem. Any update with discussion with [C.A.]. Just don't want this to linger. I can call him too<br><br>[. . . .]<br><br>Make sure you have that Acct right for [5530 JD]<br>All good?<br>Yes sending confirms<br>Thank you<br>Send a [5530JD] inv<br>Right yes will do | On August 31, 2018, $15,000 s wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.31 7321117 NAC_00000540<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and | A, B, D, F, G, H, K | SW_FIL_00342324, Rows 6768, 6779-6786 |

9

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | MT7473:<br>JY1709: | You sent it before deadline just need the invoice right?<br>Just sent you the confirms | 5530JD and the relevant paragraphs of the indictment. | | |
| 21 | 8/31/18 | MT7473:<br>JY1709: | Confirming you weee able to get [C.R.] wire out?<br>Yeah it's already out to him | On August 31, 2018, $15,000 was wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2018.08.31 7321117 NAC_00000540<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, B, D, F, G, H, K | SW_FIL_003423 24, Rows 6794, 6795 |

**September 2018**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 22 | 9/1/18 | MT7473:<br>MT7473:<br>JY1709:<br>JY1709:<br>MT7473: | Text me your BTC address pls<br>Always double / triple check its the correct address<br>114dguVH1TBufs5SEBgTkyfGbx43sKr8Q8<br>Did you guys send it?<br>Not yet - she's working on it na di want it handy ready so she can fire off to you | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, B, D, F, G, H, K, N | SW_FIL_003423 24, Rows 6801-6805 |

10

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | *See* Indictment ¶ 25. "She" is a reference to Kimberley Tew | | |
| 23 | 9/7/18 | **JY1709:** Hey, I need another [5530JD] invoice…<br>**JY1709:** For the last amount you had me pay the other day<br>**MT7473:** Will do<br>**JY1709:** We also have to talk payables and what not. Give me a call when you have some time<br>**MT7473:** Yes will do – brb. Been working around the clock Hong Kong and London hours<br>**JY1709:** By the way, not to stress you out, but I'm gonna start getting shit from [A.S]. Since August 2nd, we've sent you $77,500. That's one month. I know [5530 JD] was its own thing, but that's another $45K. Plus we're eating the Amex cost of $45K. That's $167K in one month essentially.<br>**JY1709:** And another $30K to schaife. That's $200K | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>See above, entry 6, for information related to "[A.S]" and the use of a NAC-issued corporate card for personal use by Michael and Kimberley Tew.<br><br>See above 1 for information related to HS CPAs. | A, B, D, E, F, G, H, I, K | SW_FIL_003423 24, Rows 6845 - 6851 |
| 24 | 9/7/18 | On September 7, 2018 J.Y. received an email into his business email account with the subject line "Is there an invoice?" from a NAC employee about a payment on August 31, 2018 to [5530 JD]. He responded "Yes. Will send it over soon." | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, B, D, F, G, H, K, L. | NAC_E_0006183 8 |
| 25 | 9/7/18 | **JY1709:** Hey, I need another [5530 JD] invoice...<br>**JY1709:** For the last amount you had me pay the other day<br>**MT7473:** Will do<br>**JY1709:** We also have to talk payables and what not. Give me a call when you have some time<br>**MT7473:** Yes will do - brb. Been working around the clock Hong Kong and London hours<br>**JY1709:** By the way, not to stress you out, but I'm gonna start getting shit from [A.S]. Since August 2nd, we've sent you $77,500. That's one month. | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, B, D, E, F, G, H, K, L | SW_FIL_003423 24 |

11

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | I know [5530 JD] was its own thing, but that's another $45K. Plus we're eating the Amex cost of $45K.<br>That's $167K in one month essentially. | See above, entry 1, for information about H.S. and HS CPAs | | |
| | | **JY1709:**<br>**MT7473:** | And another $30K to [HS CPAs]. That's $200K<br>Ok getting caught up | See above 6 for information related to the use of a NAC-issued corporate card for personal use by Michael and Kimberley Tew. | | |
| 26 | 9/7/18 | On September 7, 2018 J.Y. used his business email account to forward to a NAC employee that been sent to him on August 7, 2018 from Michael Tew's business email account.  That email included an invoice for HS CPAs. | | *See* Indictment ¶ 11, 12, 13 | A, B, D, F, G, H, K, L | NAC_E_00071125-NAC_E_00071126 |
| 27 | 9/7/18 | On September 7, 2018 J.Y. used his business email account t forward to a NAC employee that been sent to him on August 7, 2018 from Michael Tew's business email account.  That email included an invoice for HS CPAs | | *See* Indictment ¶ 11, 12, 13; see above, entry 3 | A, B, D, F, G, H, K, L | NAC_E_00071128-NAC_E_00071129 |
| 28 | 9/10/18 | **JY1709:**<br><br>**JY1709:**<br><br>**JY1709:**<br><br><br>**JY1709:**<br>**JY1709:**<br><br><br>**JY1709:** | Yeah I need Michael to send me 2 invoices for [5530 JD]. (One for last time)<br>Sure. I just need Michael to send me an email asking me to pay? It'll help with [A.S] asking questions<br>Yeah that would be great. If I have an invoice, a W-9, Michael copied on the email...it'd be easy<br><br>[. . . .]<br><br>Just sent Michael an email. It's super important I get those things<br>[HS CPAs] need an W9<br><br>[. . . .]<br><br>Just give me some kind of info for [HS CPAs]. Need address, phone etc. | Messages to Kimberley Tew<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>See entry 32 below, reflecting Jonathan Yioulos's confirmation of decision to send funds by wire rather than through automated clearinghouse (ACH) as | A, B, D, F, G, H, K | SW_FIL_00338142-SW_FIL_00338144 |

12

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** 10 min . . . . this literally has to be the last one for this consultant. Cause the other ones were supposed to be the last as well. Can't do anymore for this one.<br>**JY1709:** hey, all set<br>**JY1709:** It's an ACH. Funds hit tomorrow.<br>**JY1709:** It was the only thing I could do. You have to trust me on that.<br>**JY1709:** Too many questions otherwise. I'm sorry.<br><br>[. . . .]<br><br>**JY1709:** Maybe. It just draws a lot more attention. Especially because I'll have to recall the ACH<br>**JY1709:** Ok. I'll try to get it out around 1:30 my time.<br><br>[. . . .]<br><br>**JY1709:** Wire it ready to go but waiting on [A.S.] approval.<br>**JY1709:** Wire is out! | directed by Kimberley Tew. | | |
| 29 | 9/10/18 | From [C.R.]@gmail.com<br>Hello.<br><br>Here is the final invoice and per your request a copy of the second invoice and W-9.  If you could confirm that this last payment has been submitted I would appreciate it.<br><br>Please let me know if you have any questions<br><br>Best Regards,<br><br>CR<br><br>J.Y. responded, cc'ing Michael Tew's business email account, with an attached payment confirmation, writing "Hello, please see attached for payment confirmation. Thank you!" | The attachment contained fraudulent invoices for [5530 JD]<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, B, D, F, G, H, K, L | SW_FIL_00000060<br><br>NAC_E_00146689-NAC_E_00146692<br><br>NAC_E_00061910-NAC_E_00061911 |
| 30 | 9/10/18 | In an email to NAC employees on September 10, 2018 related to invoices from H.S. CPAs J.Y. wrote "Getting these things from Michael today. Will have by end of day!" | See above, entry 11, for information about C.R., CR@gmail.com, and | A, B, D, F, G, H, K, L | NAC_E_00061906;<br>NAC_E_00148111 |

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | J.Y. then forwarded the above email to Michael Tew, who was using his business email address, writing "Hi Michael, Do you have the items highlighted in yellow for[HS CPAs]? Thanks," | 5530JD and the relevant paragraphs of the indictment.<br><br>See above, entry 1, for information about H.S. and HS CPAs | | 7-NAC_E_0014812 1<br><br>NAC_E_0006193 2 |
| 31 | 9/10/18 | On September 10, 2018 J.Y. forwarded the email from [C.R.]@gmail.com to a NAC employee, writing "see attached fro [5530 JD] invoices and W9!" In a later email responding to a question from that employee J.Y. wrote "Hmm. I didn't even look to tell you the truth. Just leave it as [5530 JD] for now, but I'll see if we need to change it. We're probably good to leave it honestly." | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, B, D, F, G, H, K, L | NAC_E_0007188 9; NAC_E_0014599 4-NAC_E_0014599 7 |
| 32 | 9/10/18 | On September 10, 2018, J.Y. emailed a Signature Bank employee cc'ing other Signature Bank employees attaching a PDF related to cancelling the previously requested $15,000 ACH payment to[5530 JD], writing "hi everyone, Any chance we can cancel this ACH transaction? They requested we send the funds via wire transfer instead . . ." | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>NAC used Signature Bank to conduct its business | A, B, D, F, G, H, K, L | NAC_E_0007189 2-NAC_E_0007189 3 |
| 33 | 9/12/18 | JY1709:      So why is this [C.F.] guy calling here now??<br>MT7473:     No idea - on a call ring you shortly<br>MT7473:     Did he talk to anyone?<br>JY1709:      He talked to [B.].<br>MT7473:     [S.]?<br>JY1709:      Yes<br>MT7473:     What did he say do you know?<br>JY1709:      He said that you scammed him out of $7500<br>MT7473:     Ok yeah...that will hold a lot of water<br>MT7473:     Total bullshit<br>MT7473:     But thats insane<br>JY1709:      And bob was just like he's not an employee here just a consultant<br>MT7473:     I don't even know the guy | [L.A.] will testify that in 2018 she began receiving telephone calls from someone identifying themselves as [C.F.] [C.F.] claimed that Michael Tew owed him money. When confronted, Michael blamed his wife and said she had used the corporate credit without authority to pay off a | A, B, D, F, G, H, I, K | SW_FIL_003423 24 |

14

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | MT7473: | Did bob make a big deal out of it? | debt. Michael Tew described this event in the consensually recorded telephone call on July 7, 2020 described below. [B] and [S] are references to a NAC employee named, B.S., who received a call from C.F.<br><br>See above 6 for information related to "[A.S]" and the use of a NAC-issued corporate card for personal use by Michael and Kimberley Tew. | | |
| | | MT7473: | On a call ring you after | | | |
| | | JY1709: | FYI. [A.S] now asking question s about this [C.F.] guy.<br><br>She's ready to tell [C.A.] he called | | | |
| | | JY1709: | Getting bad | | | |
| | | MT7473: | Ok one sec | | | |
| | | MT7473: | Can you take care of It with [A.S]? You need to pull her aside and say look whatever it is I'm sure there is a perfectly good explanation but right now we have our AUDITORS here and we need to stay focused | | | |
| | | MT7473: | That's how to handle it | | | |
| | | MT7473: | Just say you will discuss with me directly but keep her head in the game' | | | |
| | | MT7473: | And that I'll be sure to handle it and talk to her by end of day | | | |
| | | MT7473: | But for now - we need to all stay focused on our jobs | | | |
| | | MT7473: | Thoughts? | | | |
| | | JY1709: | She's on a fucking mission. Between that, the AMEX, etc. she's relentless. Listen, let her tell [C.A.]. Get an explanation ready. [C.A.] won't respond anyway.<br>Basically say it's a disgruntled person you or Kimberley works with in a different business. I'm not going to lie to you, he already thinks Kimberley is the one who had the Amex controversy. | | | |
| 34 | 9/12/18 | JY1709: | Ok. Thank you. Honestly I really like you and Michael, so I'll help you out however I can. I just can't risk my job here ya know? I've already risked a lot, but it's only cause I know how much work he does and he's always vouched for me. | Message to Kimberley Tew | A, B, D, E, F, G, H, I, K | SW_FIL_0033 81 22 |
| 35 | 9/13/18 | JY1709: | Relax. Nobody is turning on you | Message sent to Kimberley Tew | A, B, D, E, F, G, H, I, K, L | SW_FIL_0033 81 13- SW_FIL_0033 81 14 |
| | | JY1709: | You're really not! Just deep breath. I talked to Michael, we have to delete all text records...we'll figure this all out | | | |
| | | JY1709: | I know. | | | |
| | | JY1709: | Ok, I'm deleting everything...we need to. Worst case scenario they take our phones. I have to delete these records. For now. | | | |

15

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | JY1709: | I suggest you do the same | | | |
| 36 | 9/13/18 | JY1709: | [C.F.] CALLED AGAIN | See above 6 for information related to "[A.S]" and the use of a NAC-issued corporate card for personal use by Michael and Kimberley Tew.<br><br>See above, entry 33, for information about C.F.<br><br>"[K.E.]" is a reference to a NAC human resources employee<br><br>[C.A.] is a reference to one of NAC's owners | A, B, D, F, G, H, I, K, L | SW_FIL_003423 24 |
| | | MT7473: | Handling | | | |
| | | MT7473: | Just stay focused | | | |
| | | JY1709: | He talked to [K.E.], told her you represented yourself as a National Air Cargo employee and he wants his money. He wants his $7500. He threatened to drag National through the mud. He was asking for [K.E.]'s name and shit. She came into [A.S]'s office nearly in tears kind of freaked out. I was in [A.S]'s office. [A.S] immediately called [C.A.] and left him a message telling him she had something urgent to talk about | | | |
| | | MT7473: | Important you and I handle the airline payables asap.  He's down There today. | | | |
| | | MT7473: | I'll take care of it.  He's still sleeping | | | |
| | | MT7473: | He has his money. I'm going to get him his last bit here and make him go away | | | |
| | | JY1709: | Well I've heard it's taken care of numerous times. I'm sorry if I'm skeptical here | | | |
| | | JY1709: | Anddd he called again. This time talked to bob cause [K.E.] was in with myself and [A.S]. | | | |
| | | MT7473: | What? | | | |
| | | JY1709: | [C.F.] called again. He talked to bob this time. Now [A.S] has left a voicemail for [C.A.] and a text | | | |
| | | JY1709: | This guy has been calling [C.A.] and [L.A.] too | | | |
| | | MT7473: | On with [L.A.] now | | | |
| | | JY1709: | Ok | | | |
| | | JY1709: | Don't forget delete texts from both phones. I'm doing that now. It needs to happen | | | |
| | | JY1709: | What's going on | | | |
| 37 | 9/18/18 | JY1709: | Yeah I'm not staying for long. Without Michael this job is going to be impossible | Messages to Kimberley Tew<br><br>See above, entry 33, for information about C.F. | A, B, D, E, F, G, H, I, K | SW_FIL_003120 80<br><br>SW_FIL_003120 82- |
| | | JY1709: | I just tried calling him...yeah but at what point is salary and the bullshit not worth it? | | | |
| | | JY1709: | You say exactly why you didn't pay it. You were being blackmailed and why would you pay something when you can't afford it. | | | |

16

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **JY1709:** | Well why would you pay something when being blackmailed. ThT doesn't make sense | $15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2019.09.10 7321120 (NAC_00000542) Messages to Kimberley Tew<br><br>$15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2019.09.10 7321120 (NAC_00000542) | | SW_FIL_00312092<br><br>SW_FIL_00338099-<br>SW_FIL_00338109 |
| | | **JY1709:** | Just hear me out...it makes no sense to pay money back when Being blackmailed | | | |
| | | **JY1709:** | Can we talk tomorrow? | | | |
| | | **JY1709:** | Be easier for me anyway... | | | |
| | | **JY1709:** | I don't know what to do or to tell you. I really don't. I feel so fucking bad. You guys are getting fucked over by this scumbag [C.F.] | | | |
| | | **JY1709:** | You guys were being blackmailed and you'd do anything to keep yourselves safe. That's all there is to it | | | |
| | | **JY1709:** | Super Fucked | | | |
| | | **JY1709:** | Let's talk tomorrow... | | | |
| | | **JY1709:** | It is 1000% fraud | | | |
| | | **JY1709:** | No no no. You have legit proof this [C.F.] guy blackmailed you tho | | | |
| | | **JY1709:** | I'll talk to Michael in AM | | | |
| | | **JY1709:** | We will!!! I promise | | | |
| | | **JY1709:** | You won't | | | |
| | | **JY1709:** | Hi | | | |
| | | **JY1709:** | you're joking right | | | |
| | | **JY1709:** | I can't text | | | |
| | | **JY1709:** | By Who?! | | | |
| | | **JY1709:** | I already told Michael I'm calling at noon. I just can't text right now cause I'm swamped | | | |
| 38 | 9/18/18 | On September 18, 2020 the following series of emails were exchanged between [C.R.]@gmail.com and J.Y., who was using his business email address:<br><br>[C.R.]@gmail.com  to J.Y.<br><br>    Please the see the attached invoice. I would really appreciate it if you could please confirm when this is processed.<br><br>From J.Y. to [C.R.]@gmail.com:<br><br>    Hi [C.R.],<br><br>    I just wanted to inform you that Michael is no longer with National as you may or | | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>$15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently | A, B, D, F, G, H, K, L | SW_FIL_00000031<br><br>SW_FIL_00000038<br><br>SW_FIL_00000070<br><br>NAC_E_00117893-<br>NAC_E_00117894 |

17

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | may not know. It's very unfortunate, but I will make sure this invoice gets taken care of.<br><br>Also, do you happen to have a copy of the consulting agreement? It would just be helpful to have that on record. As I recall, Michael did say that you did work through September, so this would be the last invoice.<br><br>Thank you!<br><br>Jonathan Yioulos, CPA \| Manager of Financial Reporting<br>National Air Cargo Holdings, Inc.<br>350 Windward Drive \| Orchard Park, NY  14127<br><br>From J.Y. to [C.R.]@gmail.com<br><br>Hello,<br><br>Please see attached for confirmation.<br><br>Thank you,<br><br>Jon Yioulos<br>716-580-6943 | documented in 5JDL 2019.09.10 7321120 (NAC_00000542) | | NAC_E_00071817-NAC_E_00071818 |
| 39 | 9/18/18 | MT1312:  Any news?<br>JY1709:  I don't know what I can possibly do.<br>    It's way too risky<br>MT1312:  Even to [5530 JD]?<br>JY1709:  Yes. I can't pay invoices from HK investing without them coming from either you or from [C.R.]. I literally don't know what to do<br>MT1312:  Ok.  So they're watching the invoices<br>MT1312:  I'm screwed bro.<br>MT1312:  If this is the last one (obv) you think they will notice?<br>JY1709:  Hey, got an email from [C.R.] (HK consulting). Going to email tell him/her you're no longer employed with national, but it looks like we have one more invoice to pay. Is that fine?. Assuming you have a personal relationship, can you get the consulting agreement too just Incase I need it. Really appreciate it | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment.<br><br>"Hong Kong Consultants" was the cover story being used to justify the payments to the places Michael Tew directed. *See* entry 3, above. | A, B, D, F, G, H, I, J, K, L | SW_FIL_00342324 |

18

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** Don't forget to get the consulting agreement<br>**MT7473:** Won't<br>**MT7473:** Working on it<br>**MT7473:** Finding it<br>**JY1709:** Thanks! | [C.A.] is a reference to an owner of NAC<br><br>$15,000 is wired from National Air Cargo into JP Morgan Chase [x]2171 for purported payment to [5530 JD] LLC as fraudulently documented in 5JDL 2019.09.10 7321120 (NAC_00000542) | | |
| 40 | 9/28/18 | **MT1312:** Can you send anything before wire cutoff?<br>**JY1709:** If I can do it, it'll have to be an ACH. Which won't hit til Monday<br>**MT1312:** Separately do you have a coinbase account<br>**MT1312:** The goal is to get you btc as well<br>**JY1709:** Yes I do. But I've been using binance as well to trade.<br>**MT1312:** Do you have an instant buy limit on coinbase<br>**JY1709:** I think like $25K with a bank<br>**MT1312:** If you have a debit or credit card added you will see a instant buy limit<br>**MT1312:** Trust me. We are going to get you btc.<br>**MT1312:** Sorry. Last time no issues with a wire. Is it possible to try? We are running out of solutions here and Kimberley is flipping out.<br>**JY1709:** I don't think I can get a wire out. Just not possible<br>**JY1709:** I told [A.S] on the last one that it was the last time for [5530 JD] cause she was asking about it<br>**MT1312:** Kimberley asked if you have a way to purchase btc today.<br>**JY1709:** Yes through coinbase<br>**MT1312:** I don't know the mechanics. She's asking what the max instant purchase is.<br>**MT1312:** We can send you the btc on Monday<br>**JY1709:** With a card $11,250 it looks like<br>**MT1312:** Instantly?<br>**JY1709:**<br>**MT1312:** If you purchase any of the top 3 would you receive btc right away | "Coinbase" is a reference to a publicly traded cryptocurrency exchange platform<br><br>Binance is a reference to a publicly traded cryptocurrency exchange platform<br><br>"[A.S]" is a reference to NAC's Director of Accounting.<br><br>"[E.G.]" and "[R.H.]" are references to lawyers who performed work for NAC<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and | A, B, C, D, E, F, G, H, I K, L, N | SW_FIL_003423 24 |

### Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | JY1709:  This is with a CC<br>JY1709:  sorry that's with a bank account<br>[. . . .]<br>JY1709:<br>JY1709:  Idk don't worry about it right now<br>MT1312:  Can you buy that and we'll pay you back Monday with btc<br>JY1709:  No. I can't. My wife is a psycho. You have no idea<br>MT1312:  What about debit card ?  Same?<br>JY1709:  Same. She has access to essentially all my funds. If she knew I sent BTC to you guys, she'd probably cut my balls off<br>MT1312:  Could you tell [A.S] that [5530 JD] is helping [E.G.] and now there's no work?<br>MT1312:  Or how much btc do you have right now?<br>MT1312:  Just need yo get to Monday<br>JY1709:  I sent you all the BTC I had!<br>MT1312:  Understood<br>       Would it work if [5530 JD] was helping [E.G.]?  She doesn't talk to [E.G.].<br>MT1312:  [5530 JD] will send the consulting agmt to you from his email if we can make this all work<br>JY1709:  Look I need a consulting agreement.<br>       So far [5530 JD] has been paid $60K.<br>       What kind of fucking consultants charge that much. We pay [R.H.] $10K a month and he's an attorney. Siena lending we ended up paying $60K for getting receivables financing going. We can't really take [5530 JD] further than this honestly<br>MT1312:  You'll have an agmt today can you get the wire out. If this is last one for [5530 JD] we will figure out something else later.  Agmt coming today.<br>MT1312:  You'll have agmt today<br>JY1709:  That's fine. Just get me the agreement today. Need it. Signed by you and [5530 JD] at some point earlier in the year.<br>       Thanks.<br>MT1312:  You will have agmt today I promise you have my word word word word word<br>       Can you get wire out sooner than later or else it's stuck in [5530 JD] Over weekend Know what I mean<br>JY1709:  I'm putting all of our wire payments in Now. Will have out by 2:30ish. Our wire cutoff is 5:30 here anyway. It's instant since we've used [5530 JD] | 5530JD and the relevant paragraphs of the indictment.<br><br>*See* Indictment ¶ 25 | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | before<br>**MT1312:** Understood<br>**MT1312:** Can you kindly let me know when it is posted<br>**M.Tew:** Getting agmt for you now<br>**JY1709:** Putting in like 15 wires right now. Will go SOON<br>**JY1709:** Done<br>**MT1312:** Calling you after hours<br>**JY1709:** Ok | | | |
| 41 | 9/28/18 | Email from Kimberley Tew, using [MCG]@gmail.com, to J.Y. business email with attached FW9 and Invoice | MCG. was a company incorporated by MM that did not perform any work for NAC. Instead, it was used by Michael Tew, Kimberley Tew, and Jonathan Yioulos as a vehicle to take money from NAC under false and fraudulent pretenses. *See* Indictment ¶¶11, 12, 13, 15, 19, 20, 22.<br><br>The email address "[MCG]@gmail.com" was created on October 12, 2018 and, as set forth in the proffer, was used by Michael Tew. | A, K, L | NAC_E_0005459 9 |
| 42 | 9/28/19 | From [C.R.]@gmail.com to Jyiolous:  Attached is the latest consulting invoice.  Please send me confirmation when funds are released.  Thank you | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, F, K, L | SW_FIL_003120 60<br><br>NAC_E_0015077 0-<br>NAC_E_0015077 1 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 43 | 9/28/19 | On September 28, 2019 J.Y. used his business email account to send to a NAC employee an invoice for [5530 JD] | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A,F, K, L | NAC_E_0006069 6- NAC_E_0006069 8 |

**October 2018**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 44 | 10/1/18 | J.Y. sent an email to a NAC employee with the subject line "[5530 JD]" and an attached fraudulent invoice for [5530 JD] Consulting | | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the indictment. | A, F, K, L | NAC_E_0007113 4- NAC_E_0007113 5 |
| 45 | 10/9/18 | JY1709: | Still need agreement | Message sent to Michael Tew<br><br>"Agreement" here is a reference to a fraudulently produced agreement supporting the pretense that [5530 JD] had actually performed work for NAC | A, B, C, F, G, K, L | SW_FIL_003423 24 |
| 46 | 10/25/18 | JY1709:<br><br>JY1709:<br><br>JY1709: | I get it, but that's a lot of cash just to send out for "consulting." You guys don't understand that [A.S] reviews every single invoice that goes out<br>We've started printing all invoices and she's reviewing each one. I may have an alternative solution, but you'll have to bear with me<br>Listen, if he can wait until tomorrow to get the funds, we can do it, but it'll have to be tomorrow. Plus I'll need a legit consulting agreement of some | Messages to Kimberley Tew<br><br>On October 26, 2018, $30,000 is sent via ACH into Regions | A, B, E, F, G, H, I, K, L | SW_FIL_003380 70- SW_FIL_003380 76 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | sort just for the file. I'm trying to help you but calling me today and saying we need $30K get it out today doesn't work<br>**JY1709:** No I really can't.<br>**JY1709:** First thing like super early<br>**JY1709:** You just have to trust me<br>**JY1709:** Like the funds will be there at 8:30<br>**JY1709:** It has to be ACH. It won't take 2 days<br>**JY1709:** I have to send it ach today so it'll hit tomorrow morning<br>**JY1709:** It won't be delayed<br>**JY1709:** It used to. I talked to our rep at the bank and he said as long as I confirm new beneficiaries, it's like a regular ACH.<br>**JY1709:** Kimberley, I'm trying to help you guys out. You know this. I'm doing the best I can here<br>**JY1709:** You guys will be fine. It'll go. Just please please please get me the agreement for [5530 JD] and an abridged agreement for [MM/MCG]. Anything I can just throw in my file Incase<br>**JY1709:** It will don't worry<br>**JY1709:** Yes, I'll send out before 4PM Eastern time. I'll send out with the rest of my payments today. Please don't worry. It'll go<br>**JY1709:** As long as it's done prior to 4 it's fine | Bank Account [x]4514 for services purportedly rendered to MCG for sham invoice MCG 2018.10.12 (NAC_00000545), as alleged in Count 3 of the Indictment<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | | |
| 47 | 10/25/18 | Email from Kimberley Tew, using [MCG]@gmail.com, to J.Y. business email with an attached invoice and a W9.<br><br>J.Y. responded:<br><br>Hello,<br>See attached for payment confirmation.<br><br>Thank you for your assistance.<br><br>Jon Yioulos<br>716-580-6943 | On October 26, 2018, $30,000 is sent via ACH into Regions Bank Account X4514 for services purportedly rendered to [MCG]. for sham invoice MCG 2018.10.12 (NAC_00000545), as alleged in Count 3 of the Indictment<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and | A, K, L | SW_FIL_00002197<br><br>SW_FIL_00002462<br><br>SW_FIL_00002613<br><br>NAC_00000545;<br><br>NAC_E_00054777-<br>NAC_E_00054778 |

23

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | the relevant paragraphs of the Indictment. | | |
| 48 | 10/25/18 | **MT7473:** You're in the heat of the financing.  As long as tied  to that nobody will notice<br>**MT7473:** By dec the financing will either be done (or not)<br>**MT7473:** If you want or I can I can help you with anything<br>**MT7473:** I don't have A job yet man<br>**MT7473:** I never did anything wrong I only did my job<br>**MT7473:** 20 hours a day<br>**MT7473:** We both know that<br>**JY1709:** I know that. That's never been an issue with me<br>**MT7473:** I need you as my friend right now<br>**MT7473:** After today you'l never hear from me about any of this ever again.  We're all going to move on.  You have my word.<br>**JY1709:** On with Hong Kong. Been buried since I walked in. We'll talk<br>**MT7473:** Got it - well that's a good thing!  I remember those days…say hi for me. :)<br>**JY1709:** Haha will do<br>**MT7473:** Wasn't a joke ?? ... say hi for me<br>**MT7473:** Any way to send funds within the hour?<br>**JY1709:** I have to figure out how first. [5530 JD] isn't gonna work<br>**MT1312:** No - see the invoice. [MM/MCG]<br>**MT1312:** There's HK plus there's the couple other deals in play...<br>**JY1709:** I don't have an invoice<br>**JY1709:** Honestly tho. I need the consulting agreement for [5530 JD] and the btc too. I'm         trying to help you out here but you gotta help me as well!<br>**MT1312:** Make sure you use the ach routing not the wire [x]4668<br>**JY1709:** Yup<br>**MT1312:** Thank you Jon<br>**MT1312:** Catch up later after 5...I do have some of those freight drivers if you want me to help<br>**JY1709:** FYI doing payments now<br>**MT1312:** Ok thank you<br>**MT1312:** You sure it's one day right<br>**JY1709:** Yes<br>**JY1709:** Done | On October 26, 2018, $30,000 is sent via ACH into Regions Bank Account X4514 for services purportedly rendered to [MCG]. for sham invoice MCG 2018.10.12 (NAC_00000545), as alleged in Count 3 of the Indictment<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>The reference to MM/MCG here was misspelled.<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, B, C, D, E, F, G, H, I K, L | SW_FIL_0034 23 24 |

### Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT1312:** THANK YOU!!!!!!!! <br> **JY1709:** Please please please get me an agreement and then whatever BTC you can. Once that's out of the way we're in the clear. <br> **MT1312:** Yes I owe it to you | | | |
| 49 | 10/30/18 | Email from Kimberley Tew, using [MCG]@gmail.com, to J.Y. business email: <br><br> Jon, <br><br> I've attached the invoice as requested. <br><br> Best regards, <br> [M.M.] | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. <br><br> $10,000 is wired from National Air Cargo to Regions Bank Account [x]4514 for services purportedly rendered by [MCG]. as documented in fraudulent invoice MCG 2018.10.30 (NAC_00000546), as alleged in Count 4 of the Indictment | A, K, L | SW_FIL_0009713 <br><br> NAC_E_00128664 |
| 50 | 10/30/18 | **JY1709:** This is a joke right? <br> **MT7473:** This is not a joke <br> My life is not a joke <br> But I have become a joke and things are out of my control because other people make choices that fuck me <br> **MT7473:** Did you block Kimberley ? <br> **JY1709:** No <br> **MT7473:** You don't get it 10k saves my life right now - none of this should have ever happened <br> **JY1709:** I can't do it. Literally you guys just keep asking me for fucking money. It's become absolutely ridiculous <br> **JY1709:** Like it's just wire after wire after wire. I know you didn't get a severance and yes it's bullshit. But it becomes too fucking risky for me to do this shit. | "[P.]" is a reference to an employee at Signature Bank, which was NAC's business bank <br><br> $10,000 is wired from National Air Cargo to Regions Bank Account [x]4514 for services purportedly rendered by [MCG]. as documented in fraudulent invoice | A, B, C, D, E, F, G, H, I K, L | SW_FIL_00342324 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | I literally can't do it. I have to say no at some point. I'm sorry. | MCG 2018.10.30 (NAC_00000546), as alleged in Count 4 of the Indictment<br><br>See above, entry 33, for more information about C.F.<br><br>See above, entry 49, for contextual request for money from MCG email account | | |
| | | MT7473: Saying no is what started this. You're in charge. Don't put this on us. | | | |
| | | MT7473: I'm not doing this | | | |
| | | MT7473: I'm not lying another minute. | | | |
| | | MT7473: This was never my idea and I can't look at these texts and not think it makes me look guilty as shit | | | |
| | | JY1709: Haha ok. Look, I've never done anything but try to help you guys out of a jam. I've tried to help you at every corner. Because of that, I'm guilty of this shit too, which is fucking ridiculous because I'm the one taking all of the risk and for what!?? | | | |
| | | MT7473: Sorry I lost you? | | | |
| | | JY1709: Don't you ever threaten me or my wife again. | | | |
| | | JY1709: Like it's $10k. Figure it the fuck out | | | |
| | | MT7473: Hey I never threatened you or your wife.  Never. | | | |
| | | MT7473: We already gave them 10k | | | |
| | | MT7473: To make sure they don't | | | |
| | | MT7473: Not joking | | | |
| | | MT7473: To be clear.  I never ever threatened you.  I'm just communicating. | | | |
| | | JY1709: This is fucking unreal | | | |
| | | MT7473: When Kimberley told me [C.F.] would call [L.A.] I didn't believe it and I felt the same way | | | |
| | | MT7473: I need to know can you make that wire happen today. | | | |
| | | MT7473: If I go back to them about a story about an ach it could just make it worse | | | |
| | | MT7473: If you don't think you can send a wire today.  Don't send anything.  There's nothing I can do at that point. | | | |
| | | MT7473: Just send it pls pls pls | | | |
| | | JY1709: I am | | | |
| | | JY1709: On with [P.]. Wire has been confirmed | | | |
| | | JY1709: Getting reference number | | | |
| | | MT1312: Ok thx | | | |
| | | MT1312: Sorry just getting done once and for all | | | |
| | | MT1312: Going to have them pull it on other end | | | |
| | | JY1709: 👍 | | | |
| | | JY1709: Bottom number | | | |
| | | MT1312: Thank you | | | |

26

## Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | Call me tonight dog walk | | | |
| | | JY1709: | Ok. | | | |
| 51 | 10/30/18 | JY1709: | Get the fuck out of here | Messages sent to Kimberley Tew | A, B, D, F, G, H, I K | SW_FIL_003380 51- SW_FIL_003380 66 |
| | | JY1709: | No | | | |
| | | JY1709: | I can't keep sending money. That was supposed to be the last one. So was the one before that | $10,000 is wired from National Air Cargo to Regions Bank Account [x]4514 for services purportedly rendered by [MCG]. as documented in fraudulent invoice MCG 2018.10.30 (NAC_00000546), as alleged in Count 4 of the Indictment | | |
| | | JY1709: | And the one before that | | | |
| | | JY1709: | Ok | | | |
| | | JY1709: | I can't send anything else. I can't. I'm sorry | | | |
| | | JY1709: | I'm done | | | |
| | | JY1709: | Hahahahaha convenient???? | | | |
| | | JY1709: | Omg | | | |
| | | JY1709: | Stop | | | |
| | | JY1709: | ? | | | |
| | | JY1709: | I'm not doing anything | | | |
| | | JY1709: | You know I did't mean it like that | | | |
| | | JY1709: | What am I going to Tell the lawyers??? | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. See entry 49 above, referencing email from MCG. | | |
| | | JY1709: | Talk to Michael. I literally just talked to him | | | |
| | | JY1709: | And what happens when they want more? | | | |
| | | JY1709: | So you're saying they're going to want more | | | |
| | | JY1709: | am I really getting the blame here? | | | |
| | | JY1709: | Stop it. Like what am i supposed to do right now????? | | | |
| | | JY1709: | OMG | | | |
| | | JY1709: | PLEASE | | | |
| | | JY1709: | I NEVER DID | | | |
| | | JY1709: | ARE YOU KIDDING ME | | | |
| | | JY1709: | Of what? | | | |
| | | JY1709: | Look I'm sorry. Obviously I don't know what you're doing on the backend to help me and my wife | | | |
| | | JY1709: | I don't know the whole story | | | |
| | | JY1709: | And I thank you for that. I'm still trying to help you. I'm so confused by this right now | | | |
| | | JY1709: | Yes I'm trying to HELP | | | |
| | | JY1709: | Yes, cause I was told it was the last one before! | | | |
| | | JY1709: | I'm sorry that was rude. | | | |
| | | JY1709: | I don't think you realize I'm doing the best I can here without raising | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | suspicion. | | | |
| | | **JY1709:** | Omg don't blame me now please | | | |
| 52 | 10/31/18 | **JY1709:** | Agreements... [ . . . ] | The reference to agreements was a reference to Jonathan Yiolous's requests to Michael for sham agreements that would help falsely legitimize the payments to MCG. | A, B, F, G, H, K, | SW_FIL_003423 24 |
| | | **JY1709:** | Call me back | | | |
| | | **MT1312:** | I had to travel for a job interview Just getting back Everything ok? | | | |
| | | **JY1709:** | All good. Call me tomorrow morning or later tonight | | | |
| | | **MT1312:** | Is tomorrow am ok?   Today was crazy | | | |
| | | **JY1709:** | Yes. Just really need the agreements man. They'll cover both of our asses just in case | | | |
| 53 | 10/31/18 | On October 31, 2018 J.Y. received an email from a NAC employee with the subject line "is there an invoice for this payment out of holdings?" referencing the October 30, 2018 payment to [MCG] Inc.  J.Y. responded with an attached invoice. | | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_0017109 6 NAC_E_0005459 9- NAC_E_0005460 1 |

**November 2018**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 54 | 11/3/18 | On November 3, 2018, Michael Tew, using the mtew@sandhillrp.com email address, wrote to a VCorp employee: I do need to get Sand Hill LLC in good standing with NY State asap Can you assist I think you were saying its 58 and would take 1 2 weeks if expedited Pls let me know and I can give you CC asap I need to also file a foreign LLC in Colorado | Sand Hill, LLC was an entity incorporated in New York by Michael Tew.  The entity was used as a vehicle to collect payments issued to him by NAC while he was NAC's contract CFO.  Later, Michael Tew filed documents | A, K | VCORP_0000004 9 |

28

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Thanks!<br><br>Michael Tew<br><br>Michael Tew<br>mtew@sandhillrp com<br>1 917.685.1312 | with the Colorado Secretary of State's office to authorize Sand Hill to operate in Colorado. He then opened a bank account for Sand Hill at Wells Fargo on which he was the sole signatory. The last four digits of Sand Hill's account at Wells Fargo were x6934. Bank records show numerous payments from NAC accounts to the Sand Hill account after Michael Tew's termination. *See* Indictment ¶¶4, 6, 16. | | |
| 55 | 11/3/18 | On November 3, 2018, Michael Tew, using the mtew@sandhillrp.com email address, wrote to a VCorp employee with his home address in Denver Colorado and the question "Can you use that address for all?" | See above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds. | A, K | VCORP_00000050 |
| 56 | 11/6/18 | **Kley(MT):** [M.M.] – I have $30K coming in this week. Are you going to help my wife or not?<br>**Kley(MT):** Stop delegating to your wife - she doesn't know what she's talking about. You need to take your wife out of this because she's screwing everything gup. This is my money, nobody else's money, I work my fucking ass off and I'm not obligated to give anything or lend anything to anyone. period.<br>**Kley(MT):** Are you sending $ to my wife or not - if not, we're not going to send anything this week. Need you to deliver so we can get to next steps<br>**Kley(MT):** Every time you send her $ she sends you - to you - back more<br>**Kley(MT):** If you aren't even going to dialogue with her - and help - and simply reply because your wife won't let you - then it's over. She's out. | These messages were sent to MM.<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, D, F, G, H, K | SW_FIL_000170 01, p. 988 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(MT):** i told kimberley we could send you 75 this week...nice business decision not helping her out. Not sending anything, so not a great business decision it turns out | | | |
| 57 | 11/6/18 | On November 6, 2018 J.Y. received an email from a NAC employee with the subject line "[MCG] LLC?" asking about the invoice. J.Y. responded with an attached invoice. J.Y. also sent an email with an invoice and a W9 form. | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_00130654

NAC_E_00067968-NAC_E_00067970 |
| 58 | 11/9/18 | From: [C.R.] <[C.R.]@gmail.com>
Sent: Friday, November 9, 2018 4:48 PM
To: Jonathan Yioulos <jyioulos@nationalaircargo.com>
Subject: Re: Invoice

Hi Jon,

I was wondering if you could put me in touch with your CFO or legal team as I have some questions regarding the taxes around the consulting payments received. Please direct me accordingly as the issue is quite urgent.

CR | S See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.

This email was an implicit threat to notify Yioulos' employers if he refused to send the money as directed by the Tews. | A, K, L | NAC_E_00054634 |
| 59 | 11/9/18 | **JY1709:** Answer. Urgent
**MT7473:** Kimberley tried to text you last night
**MT7473:** I was traveling but this [C.R.] guy thinks there was an ethics violation. He's not a straight out loser like [C.F.] but we just said no money.
**MT7473:** We suggested 1099 a Llc and he wanted like 1K in btc go pay his accountant which we also said no to
**JY1709:** Ethics violation? What the hell?...just tell him not to worry about it and not file it as income on his taxes
**MT7473:** Isn't NA[C] going to 1099 him?
**JY1709:** Lets just talk tomorrow. I'm swamped the rest of the night brother. Please answer tomorrow | During this exchange, Kimberley Tew identified herself as using Michael Tew's telephone.

See above, entry 41, for information about MCG, MM, MCG@gmail.com and | A, B, D, F, G, H, I (the comment about calming Kimberley down), K | SW_FIL_00342324 |

30

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** I hear ya <br> I'm on this call brb <br> Kimberley can text <br> **MT7473:** This guy isn't stupid and we don't have any btc tossnd him <br> **JY1709:** I don't have any BTC, I don't. I told [A.S] consulting payments were done cause she was asking fucking a billion questions about [M.M.]. <br> **MT7473:** Ok good that's exactly what we said! <br> **JY1709:** Awesome. Glad we're both on the same page brother! <br> **MT7473:** Kimberley knows more about this shit and of course she's freaking out <br> **JY1709:** Ok. Lets talk when you can <br> **MT7473:** Ok - not sure what to say, just exhausted <br> **JY1709:** Same. Just call me when you're done <br> **MT7473(KT):** It's K. Michael can't send any agreements. This is a really bad situation. We haven't received any of this money and Michael doesn't have a job. You should take this seriously because you could lose your license if he reports you. <br> **MT7473(KT):** We are just out of this. <br> **MT7473(KT):** We can't have anything to do with this especially if you think you're untouchable. <br> **MT7473:** You have capabiiity to buy btc. I'm in a jam here. Can you help at all. 400 bucks. It's Tew <br> **JY1709:** Call you in 5 <br> **JY1709:** Needs to make 2 small deposit then confirms <br> **MT7473:** Ok <br> **MT7473:** It takes a minute for the deposits to hit <br> **JY1709:** Can I text you guys in an hour. It's ducking pouring and I'm with my father in law <br> **MT7473:** Yes <br> **MT7473:** What is the email that account is linked to - going to send you a request to see if it goes through <br> **JY1709:** [Jonathan Yioulos name variant]@gmail.com <br> **JY1709:** Got it. Bank is still not verified yet. Should be soon <br> **MT7473:** All good just testing it out <br> **MT7473:** Did it verify? <br> **JY1709:** Not yet. Says daily transactions processimg. Check back later <br> **MT7473:** Ok - no prob. It took mine an hour or two and then you just go in and manually enter the two transactions and its instant | the relevant paragraphs of the Indictment. <br><br> See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. <br><br> See above, entry 33 for information about [C.F.] <br><br> See entry 58 above, for email from C.R.@gmail.com, which was an account controlled by the Tews. | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** No worries. Watching the 2nd half of this HS football game with my father in law but I'll check again when I'm back in my car. We'll get it done<br>**MT7473:** Copy that<br>**MT7473:** I've calmed Kimberley down, thanks<br>**MT7473:** this is a real question: if you offered to ACH me Monday, would that even be possible? Wouldn't it be flagged?<br>**MT7473:** Tried you back - had to wrestle phone from the kids! unbelievable!<br>**JY1709:** Can you keep waiting or should I ask a buddy?<br>**MT7473:** Wait is fine<br>**MT7473:** Under control thank you<br>**MT7473:** It probably will hit after midnight when things reset<br>**MT7473:** Sorry I know its late - can you check if it went through<br>**JY1709:** Literally just checked, same message. If it not done by tomorrow AM, I'll have my buddy send me it<br>**JY1709:** Then I'll just reimburse him when it does<br>**MT7473:** Any way you can do an instant buy on Coinbase or you can't use that account? | | | |
| 60 | 11/9/18 | On Fri, Nov 9, 2018 J.Y. responded to the email from [C.R.]@gmail.com described above:<br><br>Hello,<br><br>Please give me a call at the number below and I'll be able to assist you.<br><br>Jon<br><br>716-245-1876 | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, K, L. | NAC_E_00054634 |
| 61 | 11/11/18 | On November 3, 2018, Michael Tew, using the mtew@sandhillrp.com email address, wrote to a VCorp employee:<br><br>I was just getting caught up here Sorry to keep bothering you Just want to make sure I'm doing this right Never had an issue with my entities like this in the past | See above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds | A, K | VCORP_00000045 |

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Attached is what you sent me not to be a pain but it shows that you filed the Biennial statement but I don't have a copy of the following:<br><br>1 Biennial<br>2 Cert of good standing<br>3 Any other updates documents I need to show proof of good standing<br>4 CO foreign filing<br><br>Thank you!<br><br>Just need to get a bank account open here<br><br>I can pay via CC I have coming in by tues wed so if you can help me organize this I can pay mid week<br><br>Thank you<br><br>Michael Tew<br><br>Michael Tew<br>mtew sandhillrp com<br>1 917.685.1312 | On November 12, 2018, A statement of Foreign Entity Authority for Sand Hill LLC was filed with the Colorado Secretary of State listing the home address of Michael and Kimberley Tew. [VCorp_00000062]<br><br>A bank account for Sand Hill LLC was opened at a Wells Fargo Branch in Denver on May 2, 2019 with Michael Tew as the sole signatory[WFB_00000536]. *See* Indictment ¶¶ 23-24 (alleging opening of multiple bank accounts) | | |
| 62 | 11/13/18 | **MT7473:**  Can an ACH go to [5530 JD] for the tax advisory or new entity only<br>**JY1709:**  How much<br>**MT7473:**  Working on it. Reasonable<br>**JY1709:**  I mean it, it's gotta be the end too. Had to be.<br>**JY1709:**  And I need a contact from [5530 JD] or you or something so that I can justify it so this fucker can't do this shit again.<br>**JY1709:**  I need your word man.<br>**MT7473:**  Hang in there - working on final solution<br>**JY1709:**  Lets talk tomorrow. I have a legitimate solution | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, B, F, G, H, K | SW_FIL_00342324 |
| 63 | 11/15/18 | **MT7473:**  What is start date of agmt<br>**JY1709:**  February? Idk whenever the things started cooling with HNA<br>**JY1709:**  Or you can throw them in there too? Your choice | By that point in time, Yioulos had directed 5 payments of $15,000 to | A, B, F, G, H, K | SW_FIL_00342324 |

33

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | MT7473: | How do we do the fees, is it as invoiced, a monthly thing? How does it come through in the system? | 5530 JD on August 23, August 31, September 10, September 18 and September 28, 2018.<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | | |
| | | JY1709: | As invoiced would be best probably. | | | |
| | | JY1709: | $75K total. That's 5 months at $15K | | | |
| | | JY1709: | It can be literally however you want it to be. | | | |
| 64 | 11/16/18 | MT1312: | Should we do the thing where I mail it to you? | See entry above, reflecting discussion of providing sham agreements to falsely legitimate the payments to 5530JD<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, B, F, G, H, K | SW_FIL_003423 24 |
| | | JY1709: | I need the agreement before I can send anything brother | | | |
| | | MT1312: | Copy | | | |
| | | JY1709: | Honestly, might be easiest to do it Monday/Tuesday to hit before thanksgiving. Nobody is around AT ALL next week... | | | |
| | | MT1312: | That's what I was thinking | | | |
| | | JY1709: | Let's do that. Less stressful. | | | |
| | | JY1709: | You good with that? | | | |
| | | MT1312: | So shall it be- what time are you leaving today?  Back monday? | | | |
| | | JY1709: | Leaving at noon. Be back Monday on my computer around 2:30-3 | | | |
| 65 | 11/19/18 | MT7473: | When do you have 5 mins to speak | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and | A, B, C, D, E, F, G, H, I, K | SW_FIL_003423 24 |
| | | JY1709: | I'm working from home, so not really time to actually talk. Is there an issue with the agreement or what's going on? | | | |
| | | MT7473: | Been working on resolving this with finality.  What's the diff between having agmt now vs later this week | | | |
| | | MT7473: | Theres a reason why I'm asking and better over phone | | | |
| | | JY1709: | I need before I send that's why | | | |
| | | MT7473: | You don't though | | | |
| | | MT7473: | I'm not trying to be a dick | | | |
| | | JY1709: | I do tho | | | |
| | | JY1709: | And I'm not trying to be a dick either | | | |
| | | JY1709: | I've been asking for this for fucking 3 months. | | | |

**Government's _James_ Log**
**_United States v. Tew_, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | JY1709: | Like why can't it be sent today or tomorrow? Seriously tho? | the relevant paragraphs of the Indictment.<br><br>Michael Tew's Statement that "[M.M.] and [C.R.]" are the same is a reference to the fact that both entities are being used to collect money. Michael Tew and Kimberley Tew were also the ones controlling the email accounts being used to send false invoices to Yioulos to provide the false pretense for the payments. | | |
| | | MT7473: | Its logistics - it is going to be sent from an air gap computer which is being arranged | | | |
| | | MT7473: | You're going to get what you want / need | | | |
| | | MT7473: | Has to be done right | | | |
| | | MT7473: | For everyone | | | |
| | | JY1709: | It doesn't matter where it's sent from tho as long it's coming from [5530 JD] | | | |
| | | JY1709: | Look, to be honest I'd rather just do this shit tomorrow when I'm in the office anyway. Then it hits Wednesday which is the day before break and nobody is back til Monday anyway. Just makes life easier and gets you another day to get the agreement sent from [5530 JD], yet still be before the long weekend | | | |
| | | MT7473: | No go - he just messaged us that he's pissed | | | |
| | | JY1709: | Well I need him to send the agreement then | | | |
| | | JY1709: | That literally the only way. I'm not doing it any other way. You can just tell him that it's impossible without the agreement. He doesn't know me or anything at all. | | | |
| | | MT7473: | I have to take the girls to an appt in boulder, do what you want.  I'm not telling you what to do.  I don't care, none of this is for me | | | |
| | | MT7473: | If you an Step out walk teh dog great call me , I can talk | | | |
| | | MT7473: | I relayed the message | | | |
| | | JY1709: | I got another email from him, saying the fucking final balance is $30K. | | | |
| | | JY1709: | Dude I'm tired of this shit | | | |
| | | JY1709: | I really am | | | |
| | | JY1709: | You there? | | | |
| | | MT7473: | I am too. Whatever you want to do I'm fine. I just want it go away. | | | |
| | | JY1709: | I need the agreement and I can send instantly | | | |
| | | JY1709: | I can't do it without our | | | |
| | | JY1709: | It* | | | |
| | | JY1709: | You gotta understand why | | | |
| | | MT7473: | Tell him that. I'm driving to Boulder. | | | |
| | | JY1709: | Does he have it? | | | |
| | | MT7473: | Does it have to go to his bank account | | | |
| | | MT7473: | Fuck him | | | |
| | | JY1709: | I'm confused. How would we settle this without it going to his account? | | | |
| | | MT7473: | If you're sending 30 send to [M.M.]'s account and we can take your btc | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | out. | | | |
| | | **MT7473:** He doesn't even have that chase account | | | |
| | | **JY1709:** How does this solve our problem with [5530 JD]? | | | |
| | | **MT7473:** [C.R.] and [M.M.] are the same | | | |
| | | **MT7473:** Just trust me | | | |
| | | **MT7473:** Do you have the ach info for MM? | | | |
| | | **MT7473:** He's including your btc in that number | | | |
| | | **MT7473:** I want to make sure you get it | | | |
| | | **JY1709:** Ok hold on. Can we talk? | | | |
| | | **JY1709:** Quick? You're driving rifhtV | | | |
| | | **MT7473:** I'll hold the phone | | | |
| | | **JY1709:** Found ACH info | | | |
| | | **JY1709:** [x]4668 | | | |
| | | **JY1709:** How do I know that this guy still isn't going to ask for more now that I'm paying [M.M.]? Like that fucks me if he's like nope you never sent payment | | | |
| | | **MT7473:** [M.M.] said he'd send you info | | | |
| | | **MT7473:** I don't know. I'm with you whatever you want to do. We will get you your btc. | | | |
| | | **MT7473:** Told them it's coming tomorrow. | | | |
| | | **JY1709:** He sent the wire routing | | | |
| | | **MT7473:** I don't know | | | |
| | | **JY1709:** I'm sending via ACH | | | |
| | | **MT7473:** Use the ach | | | |
| | | **JY1709:** OK ???? | | | |
| | | **MT7473:** He said it's in bold | | | |
| | | **JY1709:** got it. Is it cool to send the confirmation to [C.R.] afterwards | | | |
| | | **JY1709:** ?? | | | |
| | | **JY1709:** Let me know | | | |
| | | **MT7473:** Do whatever you need to do | | | |
| | | **JY1709:** No I'm asking. Are they working together? Is it the same person??? | | | |
| | | **JY1709** ????? | | | |
| | | **JY1709** Sent. | | | |
| | | **MT7473:** Sorry been driving | | | |
| | | Thank you | | | |
| | | In boulder and then hour drive back | | | |
| | | Touch base tonight when back and at computer | | | |

36

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| 66 | 11/19/18 | On Mon, Nov 19, 2018 J.Y. wrote to the chrisrcnc@gmail.com email account:: <br><br> [C.R.], <br><br> Remaining balance of $30K has just been sent. You will see the funds tomorrow. Please forward agreement as soon as possible.": <br><br> [. . . .] <br><br> [C.R.], <br><br> I apologize for the delay. I can send payment that will hit your account tomorrow, but can you confirm your bank has changed: <br><br> Regions Bank - x4514 <br> Thank you, <br><br> Jon Yioulos <br><br> 716-245-1876 | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, K, L. | NAC_E_00056100 <br><br> NAC_E_00060221 |
| 67 | 11/19/18 | From: [C.R.] <[C.R.]@gmail.com> <br> Sent: Monday, November 19, 2018 2:58 PM <br> To: Jonathan Yioulos <jyioulos@nationalaircargo.com> <br> Subject: Re: Invoice <br><br> Hi Jon, <br><br> I am really not interested in speaking with you directly regarding this issue as it is my understanding that you're the hold up as to why I have not received my final payment. I will personally forward you a copy of the agreement upon receipt of final payment. According to my records, there is a 30K balance remaining including the termination fee. If you could kindly point me to the right person to whom I should speak with to resolve this matter, I believe that would be best. | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_00060221 |

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | CR<br><br>From jyioulos to [C.R.]@gmail.com (SW_FIL_00000045)<br><br>[C.R.],<br><br>Remaining balance of $30K has just been sent. You will see the funds tomorrow. Please forward agreement as soon as possible.<br><br>Thank you,<br><br>Jon Yioulos<br>716-580-6943 | | | |
| 68 | 11/19/18 | **MT7473:** Dude I got fucked<br>101 fever<br>Can't hear a thing<br>Was sluggish this am but got really sick<br>Must be from boulder yesterday<br>Canaceled everything can't move<br>Let me just get better and touch base later<br>All ok Kimberley handling<br>I'm a bad sick person<br>**JY1709:** Ok please touch base later. Really need a few things<br>**MT7473:** Yes<br>Sick<br>**JY1709** Sorry to hear you're sick. Look, I know you're not here, but you gotta understand we're over $100K sent out. I really need to talk to you about the agreement I cannot possibly send out anymore without raising red flags. Need to go over logistics... | On November 20, 2018 a $30,000 payment is sent from National Air Cargo to Regions Bank Account [x]4514 for services purportedly rendered by [MCG]. as documented in fraudulent invoice MCG 2018.11.30 (NAC_00000547), as alleged in Count 5 of the Indictment<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br>*See* Indictment ¶ 18 (alleging that Yioulos and Tew worked on | A, B, E,  F, G, H, K, | SW_FIL_00342324 |

38

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | providing more detailed fake invoices to more convincingly paper their fraud) | | |
| 69 | 11/20/18 | **Kley (MT):** Mike hi Can you pls be in touch with Kimberley tonight soon With all the drama with [redacted] I don't want to take any chances and I don't want to get  you wrapped in a mess <br> **MM:** Okay i will. <br> **Kley (MT):** Thanks man <br> **MM:** Haven't been able yet on zelle, and it will be 2 banks for that amount so i am sure 10-10:15 is ideal <br> I will do feom laptop on the zelle and aetup a buy for.morning. | On November 20, 2018 a $30,000 payment is sent from National Air Cargo to Regions Bank Account [x]4514 for services purportedly rendered by [MCG]. as documented in fraudulent invoice MCG 2018.11.30 (NAC_00000547), as alleged in Count 5 of the Indictment <br><br> See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, F, G, K | SW_FIL_000170 01, p. 989 |
| 70 | 11/21/18 | **JY1709:** I know you're sick, but call me. I need to talk to you. It's fucked up that you just fall off the map after you needed me to send that <br> **JY1709:** Also, for what it's worth. Between [5530 JD], [M.M.] and [HS CPAs], there's been $150K sent. I need an agreement and I need it soon. Put in the work to finish it please. It's almost year end and then [A.S] sends out 1099's and we get audited. Not only do I need an agreement, but I need a final invoice for that last $30K to [M.M.]. Since [5530 JD] has gotten $75K and [M.M.] has gotten $60K, The agreement should read that [5530 JD], in conjunction with [MCG]...something like that. <br> Please just help me to put a bow on this. You gave me your word that I'd have an agreement soon. I need it man. I really do. I can't send another dime out of this place for consulting and shit. Help me to wrap this up | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. <br><br> See above, entry 41, for information about MCG, MM, MCG@gmail.com and | A, B, E, F, G, H, K | SW_FIL_003423 24 |

39

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | MT1312: | Hi good am<br>Just getting going<br>I wa sick take it easy<br>Call you when things get moving here<br>Still a bit out of it | the relevant paragraphs of the Indictment.<br><br>See above 1 for information about H.S. and [H.S. CPAs] and the relevant paragraphs of the Indictment | | |
| | | MT1312: | I'm not disappearing I'm right here I'm sick. Give me a minute | | | |
| | | JY1709: | Ok thank you . Really appreciate it. Feel better | | | |
| 71 | 11/23/18 | MT7473: | Do you want your alts or btc and what's your btc address | "btc" is short for "bitcoin"<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C, F, G, H, I, N | SW_FIL_003423 24 |
| | | JY1709: | 3Qemt9JfRBHasMBadwSjMRHzGG6BzJALsy | | | |
| | | JY1709: | All BTC is preferable | | | |
| | | JY1709: | You got 2 min to talk? | | | |
| 72 | 11/25/18 | JY1709: | You have a few min tonight? | Sent to Michael Tew x7473.  See above, entry 68 regarding payment to MCG. | A, G, K | SW_FIL_003423 24 |
| | | JY1709: | Need a few things | | | |
| | | JY1709: | It's been an full week since I sent that and I still don't have an agreement or final invoice... | | | |
| | | JY1709: | I know you've been sick and shit, but come on | | | |
| 73 | 11/26/18 | JY1709: | Come on... | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, B, C, E, F, G, H, I K, L | SW_FIL_003423 24 |
| | | JY1709: | It's now Monday. A full week since I sent to [M.M.] and still don't have an agreement or a final invoice for what I sent last week. Or my BTC back... | | | |
| | | MT1312: | Just getting going<br>Kimberley tells me [M.M.] never paid [5530 JD] so she's been trying to work it out<br>I have a ton of shit to catch up on I've been so sick<br>Let's talk later re logistics<br>It's fine just stay calm stay focused<br>I'm finally back to normal today<br>Can't talk now but can talk later or | | | |
| | | JY1709: | Omg. This is ridiculous. That's why I wanted to send to [5530 JD] to begin with | | | |
| | | JY1709: | When are you guys going stop fucking with me? Seriously? I knew that | | | |

40

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | was a bad idea to send to [M.M.]. You're really screwing me here | The x0987 account was held in the name of [5530 JD]. | | |
| | | **JY1709:** You keep telling me to stay calm and stay focused, yet you're not helping me out at all. You won't answer calls, you won't respond, and now youre going to get to a point where you're going to need ANOTHER 30K sent. I know it. You guys won't stop fucking with me. I'm not sending another dime. | | | |
| | | **JY1709:** I need an invoice and an agreement. That's what I need. That's the bottom line. That's it. Is it really that difficult? You're a consultant. You know how these agreements work. Just put it together and end this. | | | |
| | | **JY1709:** Please Michael, stop this. Like we have to move on. I need an agreement so I can button this down and get the fuck out of here. I can't stand it here anymore, but I need things buttoned up before I eventually leave. Just please be a man of your word and get this done finally. I've been waiting on this for months. | | | |
| | | **MT7473:** Calm down I will call you.  [5530 JD] has the agmt but has not signed.  This is not about $.  I know what you need.  Calm down!  This isn't about money. | | | |
| | | **JY1709:** Look, I'm sorry. But I hope you can understand why this frustrating for me... | | | |
| | | **MT7473:** You are going to get your BTC back.  You think I'm some kind of scammer or something, it makes me uncomfortable.  I was sick for like four days.  I was at hte Dr when we texted last.  It was a long holiday weekend.  Kimberley is working on it. | | | |
| | | **JY1709:** I don't think it's you at all. I just am frustrated with the process. I'm sorry you were sick. It's getting closer to year end and I'm sorry I'm getting nervous. | | | |
| | | **JY1709:** I fucking knew this would happen | | | |
| | | **JY1709:** Why would you tell me to send to [M.M.]??!?? Why? | | | |
| | | **JY1709:** Pick up the phone. Like this is out of fucking control. | | | |
| | | **JY1709:** | | | |
| | | **JY1709:** This is a joke right? | | | |
| | | **JY1709:** By the way, has to be ACH anyway cause we only have like $15K in the accounts until tomorrow morning anyway with craf receivables | | | |
| | | **JY1709:** Leaving the gym in about 2 Min...I really need the agreement from [5530 JD], commenting on working in conjunction with [M.M.]. As soon as I have that from [5530 JD], I can send ACH confirmation to him and we put this to bed. It should be pretty simple. I don't think it's too much to ask for | | | |

41

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | an agreement to be sent over before sending final payment | | | |
| | | **MT7473:** On a call - copy.  I think the more of an issue you make of the agmt the more of an issue it will become.  But my understanding is you are going to get it, but he needs the ACH confirmation asap.  Did he send an invoice that said "final" on it? | | | |
| | | **JY1709:** He said in an email that it's the final one. Michael, I need the agreement. Let's be honest, as soon as I send this, I'll never hear from him again | | | |
| | | **MT7473:** i think if you go into it with a cordial attitude you'll get what you want but if you don't show him the ACH confirmation this agreement thing could become an issue whereas as of now I don't think it is | | | |
| | | **JY1709:** Look, you're worried about it all coming back to you. I get it. But this is the only way. There's several emails from you telling me to pay [5530 JD] with the invoices and the only way I can justify this and protect us both in an audit is with an agreement. Auditors won't ask why, they'll just want a copy. That's it. [C.A.] (national [C.A.]) will be none the wiser | | | |
| | | **MT7473:** But he will help with audits etc whatever you need | | | |
| | | **MT7473:** It doesn't matter when you get the agreement | | | |
| | | **MT7473:** Stop trying to control the situation it's not worth it | | | |
| | | **JY1709:** Is it actually done? Seriously tho. | | | |
| | | **JY1709:** I need 5 minutes. Please call me. | | | |
| | | **JY1709:** It's about the Routing number | | | |
| | | **MT7473:** What's the issue | | | |
| | | On a call | | | |
| | | Brb | | | |
| | | **JY1709:** It seems like the routing number may be incorrect when looking at a bbva account for an ACH. I just want to get it right | | | |
| | | **MT7473:** Ok 2 secs | | | |
| | | **MT7473:** Confirming | | | |
| | | **MT7473:** Routing # tel:[x]0547 | | | |
| | | Account # []0987 | | | |
| | | **JY1709:** Ok thanks | | | |
| | | **JY1709:** We're all set | | | |
| | | **MT7473:** Copy | | | |
| | | Let's put this to bed finally | | | |
| | | I have to run to an appt be back shortly | | | |

42

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------|--------|
| 74 | 11/26/18 | Subject: Re: Invoice<br>From: [C.R.] <[C.R.]@gmail.com><br>Date: Mon, 26 Nov 2018 09:22:01 -0700<br>To: jyioulos@nationalaircargo.com<br><br>I sent you an invoice with instructions to my account at Front Bank. I do not bank with Regions.<br><br>Please confirm the wire will be processed today and I will forward you the agreement<br><br>[. . . .]<br><br>Subject: Re: Invoice<br>From: [C.R.] <[C.R.]@gmail.com><br>Date: Mon, 26 Nov 2018 09:22:01 -0700<br>To: jyioulos@nationalaircargo.com<br><br>Jon,<br><br>Please delete my prior invoice as I have updated my banking instructions for BBVA Compass (new invoice attached here).<br><br>I also wanted to let you know that this is indeed the final invoice and I will send you the agreement with the changed you requested upon receipt.<br><br>Thanks.<br><br>CR<br><br>[. . . .]<br><br>Subject: Re: Invoice<br>From: jyioulos@nationalaircargo.com<br>Date: Mon, 26 Nov 2018 09:22:01 -0700<br>To: [C.R.] <[C.R.]@gmail.com><br><br>[C.R.], | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>On October 27, 2018 a $30,000 payment is made into BBVA Compass Bank Account [x]0987 for services purportedly rendered to [5530 JD] LLC as fraudulently documented at 5JDL 2019.11.01 7321122 (NAC_00000544), as alleged in Count 6 of the Indictment | A, K, L | SW_FIL_00000054<br><br>SW_FIL_00000076<br><br>NAC_E_00060164-NAC_E_00060165;<br>NAC_E_00162496-NAC_E_00162497 |

43

### Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Appreciate the updated invoice. Please see attached for payment confirmation. Also, as promised, please send the agreement. Thank you, Jon Yioulos | | | |
| 75 | 11/26/18 | Subject: Re: Invoice<br>From: [C.R.] <[C.R.]@gmail.com><br>Date: Mon, 26 Nov 2018 09:22:01 -0700<br>To: jyioulos@nationalaircargo.com<br><br>Jon,<br><br>I just got back from Argentina. I honestly thought you must be kidding. I have attached a copy of the final invoice including the termination fee with the correct banking instructions. In the future please do not send payment to a new account until I have confirmed the information.<br><br>I understand you've been screaming at Michael Tew who has nothing to do with this and is no longer at National Air Cargo.<br><br>I am expecting to receive the funds today without any issues. I will email you a copy of the agreement you've requested upon receipt of the wire.<br><br>CR | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_0017283 3- NAC_E_0017283 4 |
| 76 | 11/27/18 | JY1709:  When can we talk? I still need agreement.<br>MT7473:  On it - following up on agmt right now<br>JY1709:  Thanks man. Really appreciate it<br>          [. . . .]<br>MT7473:  3Qemt9JfRBHasMBadwSjMRHzGG6BzJALsy<br>MT7473:  Is this your BTC address?<br>JY1709:  Yes | On October 27, 2018 a $30,000 payment is made into BBVA Compass Bank Account [x]0987 for services purportedly rendered to [5530 JD] LLC as | A, B, C, G, I, K, N | SW_FIL_003423 24 |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|-------------------|------------------|--------|
| | | **MT7473:** Bitcoin Transaction 92d8c1efa5942b770bca4b670e0413aae124959a12a715383066769c7c3f989c[LINK]blockchain.com[PDF] <br><br> **JY1709:** Thank you! | fraudulently documented at 5JDL 2019.11.01 7321122 (NAC_00000544), as alleged in Count 6 of the indictment <br><br> *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| 77 | 11/28/18 | On November 28, 2018 J.Y. received a question from a NAC employee about a payment to [5530 JD] and responded by using his business email account to forward to the employee the invoices he had received from chrisrcnc@gmail.com on November 26, 2018, writing "See attached. [5530 JD]" | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_00059950-NAC_E_00059951 |
| 78 | 11/30/18 | **JY1709:** Hey, thanks for the btc. Any update on the agreement? I don't mean to keep harping on it, but I really just want to button this whole thing up. | Message to Michael Tew <br><br> See above, entry 76, and other entries above related to Jonathan Yioulos's requests for sham agreements that would fraudulently lend an appear of legitimacy to the payments to MCG, 5530JD and HS CPAs | A, C, G, I, K | SW_FIL_00342324 |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

**December 2018**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 79 | 12/1/18 | **JY1709:** How's it looking for today?<br>**JY1709:** Look, make what you can, keep the excess and just send whatever you can back. Even if it's just what I sent. No worries [. . . .]<br>**JY1709:** 100% get it. Look keep it as long you need to, make whatever you can for yourself as well. No. It was that psychopath [C.F.] and then [L.A.] [. . . .]<br>**JY1709:** [M.M.] got fucking $30K! Out of nowhere! And now he wants to get paid more? Fuck. We have like no money in the company and I've sent a total of $165K to them!<br>**JY1709:** Maybe. Idk tho. Lots of risk there. My wife wouldn't approve<br>**JY1709:** Not cause of you<br>**JY1709:** Or Michael<br>**JY1709:** I get it. What do these guys have over you tho for real?<br>**JY1709:** I'll think about it for sure. Listen, worst case scenario, send my BTC to [M.M.] and end this thing if he wants to get "paid" I really just need an agreement sent to me by end of the year or else it's gonna get bad. I'm exhausted, but I'm gonna be on the road for the next few hours driving with the wife so I'll talk to you later that ok?<br>**JY1709:** What kind of changes? Really quick cause I gotta run | Messages to Kimberley Tew<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>"[L.A.]" is a reference to one of the owners of NAC.<br><br>See above, entry 33 for information about [C.F.] | A, B, E, F, G, H, I, K | SW_FIL_003379 55-<br>SW_FIL_003379 59 |
| 80 | 12/3/18 | Email from Kimberley Tew, using [MCG]@gmail.com, to J.Y. business email:<br><br>As per my agreement I have attached a copy of the final invoice.  Please send payment confirmation.<br><br>[M.M.]<br><br>----- | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | SW_FIL_000580 5<br><br>SW_FIL_000058 11<br><br>NAC_00000548<br><br>NAC_E_0005959 3-<br>NAC_E_0005959 4 |

46

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | J.Y. responded:<br><br>[M.M.],<br><br>I just sent ACH tonight, but the funds will not hit your account until Wednesday morning. I have attached to you the confirmation.<br><br>Thank you,<br><br>Jon Yioulos<br>716-580-6943 | | | |
| 81 | 12/4/18 | **MT7473:** ABA: [x]3716. ACCOUNT: [x] 8385.  ACCOUNT NAME: SAND HILL LLC<br>**JY1709:** Got it.<br>**JY1709:** For the record. We've given [5530 JD] $105K. after this it's $100K to [M.M.] too...<br><br>So try to work that into the agreement<br>**JY1709:** Fuck that's so much money<br>**MT7473:** Of course<br>**MT7473:** Copy<br>**MT7473:** Ok FINAL DECISION - SEND TO SAND HILL<br>**MT7473:** WERE GOING TO HANDLE IT<br>**MT7473:** DO NOT SEND TO [5530 JD]<br>**MT7473:** BOF A ACCOUNT<br>**JY1709:** Are you sure. Positive!<br>**MT7473:** YES 100%<br>**MT7473:** Better for both<br>**JY1709:** Ok. How is this going to get handled so [M.M.] doesn't ask for more? Just wondering. Can't blame me here for asking that question<br>**JY1709:** Cause we got fucked before<br>**MT7473:** Kimberley taking care of it which is why better goes to SAND HILL.  no more people in middle<br>**MT7473:** No more wasting time<br>**JY1709:** That's fine that she says that and i trust you guys, but what's from stopping | See above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, B, E, F, G, H, I, K | SW_FIL_003423 24 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | him from sending an email tomorrow saying he never got paid. That's my worry. I get she's "handling it" but what does that mean | On December 5, 2018 a $30,000 payment is sent from National Air Cargo for purported payment to [MCG]. as fraudulently documented in MCG 2018.11.30 (NAC_00000548) | | |
| | | JY1709: | Apologize for all the questions, I just can't keep doing this shit | | | |
| | | MT7473: | He can't because he knows its coming from us...you'r bout of it. That's why it works | | | |
| | | MT7473: | Obviously we are more reliable! | | | |
| | | MT7473: | ?? | | | |
| | | JY1709: | Getting it out now. No changing minds after this | | | |
| | | JY1709: | Done ☑ | | | |
| | | JY1709: | Please let this be the last one | | | |
| | | MT7473: | YES | | | |
| | | JY1709: | Please please please work on agreement. It's the only thing left. | | | |
| | | MT7473: | We have to now | | | |
| | | MT7473: | Not that we didn't before but yo know what I mean | | | |
| | | JY1709: | Yeah I get it | | | |
| | | JY1709: | Ahh god I'm so nervous. We have like no fucking money here. Everything will work out, but it's so damn stressful | | | |
| 82 | 12/4/18 | JY1709: | No email yet from [M.M.] saying his account is frozen/closed. Should I still cancel it? Is it actually frozen? What's the gameplan here | Messages to Kimberley Tew | A, B, F, G, H, K | SW_FIL_003379 39-SW_FIL_003379 43 |
| | | JY1709: | So send to the [5530 JD] account I just sent to? | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | | [. . . .] | | | |
| | | JY1709: | Ok thanks. If they both confirm then it's easy | | | |
| | | JY1709: | I just need [M.M.] to tell me to send to [5530 JD] instead and for [5530 JD] to confirm. If I get both then we're good | | | |
| | | JY1709: | That's fine. I'll cancel the ACH from last night first then I'll wait for them to be up. It'll still be before the window closes so we'll be fine | | | |
| | | JY1709: | Ahh this better be the last one | "SH" is a reference to Sand Hill. See above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and | | |
| | | JY1709: | When I say we're cash poor...this is why this has to be the last one. It's way too noticeablewhen we have no cash | | | |
| | | JY1709: | Are these guys waking up anytime soon? | | | |
| | | JY1709: | Just stepping out for lunch. Call you in 30 seconds | | | |
| | | JY1709: | Easier to explain | | | |
| | | JY1709: | Ok we're good. Funds going to SH | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------|--------|
| | | | the relevant paragraphs of the Indictment.<br><br>On December 5, 2018 a $30,000 payment is sent from National Air Cargo for purported payment to [MCG]. as fraudulently documented in MCG 2018.11.30 (NAC_00000548) | | |
| 83 | 12/4/18 | On December 3, 2018 J.Y. sent and email to an employee within NAC, attaching two invoices, writing "Hey, these are two invoices that were missing from the account! Please apply the one payment sitting open to inv 79488. I paid 79489 today. Thanks!." | On December 5, 2018 a $30,000 payment is sent from National Air Cargo for purported payment to [MCG]. as fraudulently documented in MCG 2018.11.30 (NAC_00000548).<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_00059600-NAC_E_00059602 |
| 84 | 12/6/18 | **JY1709:** Please call me when you can.<br>**MT7473:** Just take a breath get through the day<br>**JY1709:** I'm trying. Not only is work the absolute worst right now. But we have no money to pay vendors at all. Like everything is getting threatened to get cut off.<br>**MT7473:** OMG...oh because the plane was in check so long?<br>**MT7473:** So just no cash flow? | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, B, F, G, H, K | SW_FIL_00342324 |

49

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | JY1709: | Michael, it's not getting out until Saturday... And I've sent out 90K in payments to consultants in the past 2 weeks | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | MT7473: | OMG | | | |
| | | JY1709: | That's why this is getting so stressful. It starts to look obvious | | | |
| | | JY1709: | Think about it. We sent $30K to [M.M.] instead of [5530 JD]. [5530 JD] said they never got so we sent $30K to [M.M.] too. Then we just sent another $30K yesterday. | | | |
| | | | This is why I'm freaking out. This is why I need an agreement. | | | |
| | | JY1709: | I'm sorry. I hope you understand | | | |
| | | MT7473: | We'll just do something small Friday fr Monday just to buy time and that's it | | | |
| | | JY1709: | Ok. That's literally the best I can do. I'm really sorry. I wish I could do more | | | |
| | | JY1709: | But for real, I need an agreement ASAP. With limited funds, if there's a question about why we sent money somewhere, I need that handy. I can talk my way out of it if I have the agreement. I know you're swamped with trying to get new work, but please | | | |
| | | MT7473: | Copy that.  I'm sorry about this.  Dude banks hate me!!!!! | | | |
| 85 | 12/6/18 | JY1709: | No. It was sent to Sandhill | Messages to Kimberley Tew | A, B, E, F, G, H, I, K, M, L | SW_FIL_0033783-SW_FIL_0033927 |
| | | JY1709: | I'm gonna lose it | | | |
| | | JY1709: | I know you're not, but I literally want to throw up right now | See above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | | |
| | | JY1709: | Why would they close it | | | |
| | | JY1709: | Michael said yesterday the funds were there! | | | |
| | | JY1709: | Ok. Cause it makes zero sense that they would do that. I appreciate the heads up | | | |
| | | JY1709: | This is absurd. | | | |
| | | JY1709: | Hahaha what the hell | | | |
| | | JY1709: | Ok. I thought you guys were just going to transfer it to an account you had already purchased crypto with | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | JY1709: | Ok good | | | |
| | | JY1709: | I'm sorry this is happening | | | |
| | | JY1709: | Ok. Look, if the funds get returned, we come up with a different solution, but canceling that [M.M.] ACH already made the account look weird cause it went out then came back in. Now getting it returned from a  sandhill account will make waves as well, but I thinkI can handle. Hopefully they just froze the account briefly and you can gain access. | | | |

50

## Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | JY1709: | If the bank needs to call me, to verify the transfer or anything let me know | | | |
| | | JY1709: | So what did they say is goign to happen with the funds????? | See above, entry 33 for information about [C.F.] | | |
| | | JY1709: | Well they should have given him a reason right? | | | |
| | | JY1709: | So the funds will come back to you, not national though | | | |
| | | JY1709: | I'm not doing anything. Haven't even tried to call or text him | | | |
| | | JY1709: | I just don't know what the next step is. I can't send anything else. I really can't. We have no cash at the company and another $30K gone will raise suspicions this time when other vendors are cutting off service and shit | *See* entries 28 and 32, describing prior directions by Kimberley Tew for funds to be sent by wire instead of ACH and resulting complication. | | |
| | | JY1709: | I know!!! | | | |
| | | JY1709: | I'm just saying! Please don't think I'm yelling st you! | | | |
| | | JY1709: | Haha sorry. I'm just stating fact regardless how obvious.  I just don't kow what the next step is | | | |
| | | JY1709: | Look, tell him he can keep my BTC at the end of it all too. Pay him more afterwards. What the fuck does this guy have on you?? | | | |
| | | JY1709: | Well I don't know what to do. He's gotten $70K from National already. $70K! $30K of which he was never supposed to get. You've also sent him BTC and other shit. Look, at the end of the day, the only way he gets his money, is through national and the funds we just sent | | | |
| | | JY1709: | What did I do? | | | |
| | | JY1709: | Because if he blows this whole thing up, he doesn't get anything more at all. Am I right? Like he gets fucked by this whole thing too. | | | |
| | | JY1709: | Why would he want to blow this thing up? | | | |
| | | JY1709: | What's the point? | | | |
| | | JY1709: | Not to mention the fact that his account closed too | | | |
| | | JY1709: | I don't know what to do.  I'm freaking out | | | |
| | | JY1709: | We are so fucked | | | |
| | | JY1709: | I'm goin to jail.  I really think I am.  I'm sorry.  I don't mean to freak.  But it's the truth. | | | |
| | | JY1709: | Cause this is goign to blow up.  I can't send money and you don't have money to send him either | | | |
| | | JY1709: | No, but if [M.M.] blow this up what can I really do? | | | |
| | | JY1709: | Yeah but he'll call national and it'll be [C.F.] 2.0 | | | |
| | | JY1709: | Exactly.  That's fucked up.  I'd rather turn myself in then have that happen | | | |
| | | JY1709: | What do you want me to say? I have no options. This was supposed to work. Now the funds are held up for 2-4 weeks. I can't send anything out of National and he's gonna get my wife and family involved. I can't have that. I can't allow that. | | | |

51

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | JY1709: | I get it. I do. Look at me tho too. I'm the one hitting send on all these wires. I'm the bad guy here if we get caught. And you can get mad at me if you want, but I'm not gonna get my wife involved. I'm not. Please respect that. | | | |
| | | JY1709: | I know you've helped me!  But you said it's funny I can't allow and what now | | | |
| | | JY1709: | What other options do I have? Lets be honest, I know you're not fucking around with me, but do you really think you'll be able to get money to send to [M.M.]? Probably not right? So then you're going to need me to send something. | | | |
| | | JY1709: | Exactly. I'm not asking you to pay my loans. You guys need money too! | | | |
| | | JY1709: | I know you're not!!! Ive never said that! | | | |
| | | JY1709: | Well I don't know what to do. I don't . I don't have a solution anymore | | | |
| | | JY1709: | Nothing! I have no solution. What can I do???? | | | |
| | | JY1709: | I'm not yelling. I promise. | | | |
| | | JY1709: | When have I blamed you guys? | | | |
| | | JY1709: | But see I knew it would come down to me sending MORE. It's never ending. That's my point. And the longer it goes, the worse it gets | | | |
| | | JY1709: | Not to mention I have nothing to send! Literally nothing. The accounts are empty. | | | |
| | | JY1709: | I'm not blocking you | | | |
| | | JY1709: | Neither can I cause there's no other cash coming in.  Monday is the earliest | | | |
| | | JY1709: | No.  All my cards are joint cards | | | |
| | | JY1709: | No. | | | |
| | | JY1709: | Listen. Tell him since his account closed it fucked with our bank here too. The earliest he gets paid is Monday. I can't do it before then. | | | |
| | | JY1709: | Plus, it's adding more "consulting fees" | | | |
| | | JY1709: | Well what's from stopping him to asking for more next week. And where would I even send it since his account is closed. | | | |
| | | JY1709: | I know he didn't. But what happens when that gets "close so | | | |
| | | JY1709: | If I send him multiple small payments it's even more noticeable. This is out of control. | | | |
| | | JY1709: | It's more stressful cause I sent this shit to sandhill! Fuck | | | |
| | | JY1709: | I'm not yelling. I'm just nervous | | | |
| | | JY1709: | No. I don't have a corporate card. I've never had an Amex here | | | |
| | | JY1709: | She's a god damn hawk | | | |
| | | JY1709: | She gets alerts every-time it's used | | | |
| | | JY1709: | What are you talking about | | | |

52

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | JY1709: | Peter called me about cancelling [M.M.]. Yours went through | | | |
| | | JY1709: | I'm not fucking around or messing with anyone | | | |
| | | JY1709: | Cause now the money is gone. It never bounced back. Sending out more will raise suspicions on the cash sheet. It's like why are we sending $100K to consultants in the last month but can't buy fuel | | | |
| | | JY1709: | That's my point. The fact the money never bounced back is an issue | | | |
| | | JY1709: | It's not that easy. We had to send back payments for PNC and Another loan that auto drew. That's $280K total that we had to say no we don't have the funds for | | | |
| | | JY1709: | That's how bad things are | | | |
| | | JY1709: | What do you mean the money showed up? | | | |
| | | JY1709: | Do what??? | | | |
| | | JY1709: | Have Michael call me from his phone | | | |
| | | JY1709: | Ok | | | |
| | | JY1709: | Not until Monday | | | |
| | | JY1709: | That's what I've been saying | | | |
| | | JY1709: | I don't think you realize how that works. It's not that simple | | | |
| | | JY1709: | And withotu funds backing it, it would never work | | | |
| | | JY1709: | I have no reason to lie to you or to Michael. Look I'm doing the best I can right now. We have a plane getting out of maintenance Saturday. We're getting more funds from Dubai by then as well. [A.S] is also out of the office on Monday too. | | | |
| | | JY1709: | I blocked off $30K to sand hill cause I thought this was over. But now that money never came back. | | | |
| | | JY1709: | No that's my point. If it did there woudnt be a problem cause I could easily just send it back out. | | | |
| | | JY1709: | Look, I'm freaking out. I can't think I can't do anything. I'd love to send $5K to stop this headache but we don't have it. We just don't. | | | |
| | | JY1709: | Thank god | | | |
| | | JY1709: | What do you mean | | | |
| | | JY1709: | I'm really not trying to fuck this up. For real though. I'm trying my best on my side and I hope you know that. | | | |
| | | JY1709: | Can you talk to me please? What's going on? I need to know how fucked we are right now | | | |
| | | JY1709: | I'm sorry Im' just freaking out | | | |
| | | JY1709: | They receive Monday | | | |
| | | JY1709: | I don't know what you're saying. I'm sorry. I'm not understanding | | | |

53

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | JY1709:   I don't know<br>JY1709:   I'm sorry. I really am...What's going on with [M.M.] tho. That's my question. You said you could get money. What's going on with that? That's what I'm asking. I'm so confu+B77sed right now<br>JY1709:   $10k can hit Monday<br>JY1709:   We don't have money and i only have 7 minute for the window<br>JY1709:   I might be able to make $15k work to hit Monday<br>JY1709:   I only have 5 minutes.  I don't know what you want from me<br>JY1709:   You know that doesn't work<br>JY1709:   How???!?????<br>JY1709:   That's what the additional wires were for!<br>JY1709:   We're fucked.  I cant' get anythign out today.  That means we're fucked<br>JY1709:   I'm out of time<br>JY1709:   It's 4Pm<br>JY1709:   It's not possible.  [A.S] has to approve.  It'll never work<br>JY1709:   I'm just telling you the situation<br>JY1709:   What do you mean a loan?<br>JY1709:   Look, can I talk to one of you so I understand this a bit more...where are you taking the loan out from? And if you're taking out a loan, then why do you need money from me still? Especially if you're getting the funds I sent yesterday in a month<br>JY1709:   I need to actually talk to one of you.  It's so much easier than texting<br>JY1709:   If I could have I would have sent an ACH<br>JY1709:   It's life or death but you or Michael can't take 5 minutes to actually talk to me<br>JY1709:   Talk to me please | | | |
| 86 | 12/7/18 | On December 7, 2018, Michael Tew, using the [PM]@gmail.com address sent an email to J.Y.'s business address with the content below and a link to pay a Quickbooks invoice directing payments to an account at Access Bank on which [L.W.] was the sole signatory:<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | The [PM]@gmail.com email account is the one associated with PM, as described in the proffer. L.W. was represented to be the owner of PM, which was one of the shame companies used to conceal payments to Michael and Kimberley | A, K, L | |

### Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | | under false and fraudulent pretenses. *See* Indictment ¶¶11, 12, 13, 15, 19, 20, 22, PM's emails contained links to quickbooks invoices directing the payments to specific accounts. Early invoices directed that payments be sent to an account controlled by [L.W.] at Access bank, with later transfer by Ward to Tew. Later invoices from teh [PM]@gmail.com account directed that payments be made directly to an account at Navy Federal Credit Union ending in number x8486 on which Michael and Kimberley Tew were joint signatories and later still to an account at Wells Fargo for Sand Hill. | | |
| 87 | 12/7/18 | **JY1709:** So what's going on. Haven't heard from you guys at all today.<br>**MT7473:** Hae a plan call you shortly<br>**JY1709:** Ok<br>**MT7473:** If invoice comes from quickbooks can you just click the link to pay?<br>**MT7473:** Or is it all manual<br>**MT7473:** You will have in 5 minutes<br>**MT7473:** Al set | The references to an email are the references to the email sent on December 7, 2018 from the [PM]@gmail.com account. See entry 86, above. | A, B, F, G, H, K, | SW_FIL_003423 24 |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** Sent? I don't have anything yet<br>**MT7473:** 2 mins<br>**JY1709:** Ok no worries sorry<br>**JY1709:** Got it<br>**JY1709:** DONE<br>**MT7473:** Pls send the confirmation thank you<br>**MT7473:** thakn you<br>**MT7473:** Thank youi<br>**JY1709:** I can send confirm back to that email?<br>**MT7473:** YES<br>**JY1709:** Ok thanks<br>**JY1709:** Done.<br>**JY1709:** This HAS to be it<br>**MT7473:** What email did you send to<br>**MT7473:** Yes obiously<br>**MT7473:** Did you just reply to the invoice<br>**MT7473:** Got it<br>**JY1709:** Ok good<br>**MT7473:** Go home have a drink<br>**MT7473:** Or 7 | | | |
| 88 | 12/7/18 | On December 7, 2018 J.Y. replied to the email from [PM]@gmail.com, writing "Hello, please see attached for payment confirmation. Again, my apologies on the WAY past due nature of the invoice.  Appreciate your patience." | On December 10, 2018 $21,250 is sent via ACH to Access Bank Account  for services purportedly rendered to [PM] as fraudulently documented in [PM] 6516 2018.12.07 (NAC_00000550)<br><br>Bank records show that the money from NAC was deposited into an account controlled by a signatory named [L.W.]. On December | A, K, L. | SW_FIL_000114 56<br><br>NAC_E_60064-NAC_E_60065 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | 7, 2018. [ACNB_00000440] Those records also show that on December 10, 2018 $15,500 of the $21,250 payment was transferred to Michael Tew | | |
| 89 | 12/8/18 | JY1709: | I'm trying. Not only is work the absolute worst right now. But we have no money to pay vendors at all. Like everything is getting threatened to get cut off. | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>On December 10, 2018 $21,250 is sent via ACH to Access Bank Account for services purportedly rendered to [PM] as fraudulently documented in [PM] 6516 2018.12.07 (NAC_00000550) | A, B, E, F, G, H, I, K | SW_FIL_003423 24 |
| | | MT1312: | OMG…oh because the plan was in check so long<br>So just no cash flow? | | | |
| | | JY1709: | Michael, it's not getting out until Saturday... And I've sent out 90K in payments to consultants in the past 2 weeks | | | |
| | | MT1312: | OMG | | | |
| | | JY1709: | That's why this is getting so stressful. It starts to look obvious | | | |
| | | JY1709: | Think about it. We sent $30K to [M.M.] instead of [5530 JD]. [5530 JD] said they never got so we sent $30K to [M.M.] too. Then we just sent another $30K yesterday. This is why I'm freaking out. This is why I need an agreement. | | | |
| | | JY1709: | I'm sorry. I hope you understand | | | |
| | | JY1709: | Ok. That's literally the best I can do. I'm really sorry. I wish I could do more | | | |
| | | JY1709: | But for real, I need an agreement ASAP. With limited funds, if there's a question about why we sent money somewhere, I need that handy. I can talk my way out of it if I have the agreement. I know you're swamped with trying to get new work, but please | | | |
| 90 | 12/10/18 | MT7473: | [NAC vendor] called me today, bounced the last payment.  Is everthing ok? | See above [X] for information on [M.M.] and [MCG].<br><br>See above [X] for information on [C.R.] and [5530 JD] | A, B, E, F, G, H, I, K | SW_FIL_003423 24 |
| | | JY1709: | Yeah we intentionally bounced it. They drew it today. How's everything?? | | | |
| | | MT7473: | Ok - things are MUCH BETTER...working through it. Of course they still want their $30 | | | |
| | | JY1709: | Yeah, they can wait for the rest ha | | | |
| | | MT7473: | They have legit issues I guess.  I'm working through it.  I wish I never knew them | | | |
| | | JY1709: | Ok thanks. Yeah, but even for legit issues, that's what the additional $30K | | | |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | to [5530 JD] was for and [M.M.] got an additional $30K out of nowhere too after they acted like they stopped working together. Plus we just sent another $21K.<br>So essentially [5530 JD] got $75K and then $30K for tax (more than enough) and [M.M.] was essentially the same. But whatever<br>**MT7473:**   I don't know what to say.they're the worst | On December 10, 2018 $21,250 is sent via ACH to Access Bank Account for services purportedly rendered to [PM] as fraudulently documented in [PM] 6516 2018.12.07 (NAC_00000550) | | |
| 91 | 12/10/18 | On December 10, 2018 J.Y. forwarded the email below to an employee at NAC with an attached fraudulent PM invoice, writing in the subject line "New Vendor – Paid on Friday"<br><br>[. . . .]<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>On December 10, 2018 $21,250 is sent via ACH to Access Bank Account for services purportedly rendered to [PM] as fraudulently documented in [PM] 6516 2018.12.07 (NAC_00000550) | A, K, L | NAC_E_00059475-NAC_E_00059476 |
| 92 | 12/11/18 | Email from Kimberley Tew, using [MCG]@gmail.com, to J.Y. business email:<br><br>Jon,<br><br>As you are aware, I did not receive this ACH. I have attached my final invoice with my bank instructions. I would like this to be paid via wire for Tuesday, the 11th. I sincerely hope there are no further issues and that funds are sent without delay. If I do not receive payment in full I will be contacting someone else at your company to discuss. I will | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br>On December 12, 2018 a $25,000 payment is | A, K, L | SW_FIL_00002735<br><br>NAC_E_00173267 |

58

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | confirm receipt for this final invoice when the funds hit my own account. Please do not send payment for this final invoice to any account but the one on the actual invoice.<br><br>Thank you for your understanding.<br><br>[M.M.] | made to ANB Bank Account x3099 for services purportedly rendered to [MCG]. as fraudulently documented in MCG 2018.12.11 (NAC_00000549), as alleged in Count 7 of the Indictment | | |
| 93 | 12/11/18 | **JY1709:** Just got an email from [M.M.] saying he didn't receive anything. Fuck this. Are you fucking kidding me???????<br>**JY1709:** This is a sick joke. Says he wants $25K by wire today. FIX THIS<br>**JY1709:** WHAT THE FUCK<br>**JY1709:** He was supposed to send me an email saying he got paid before you guys even sent him anything. You guys are really fucking me<br>**JY1709:** Hello<br>**MT7473:** Just waking up<br>Wtf is going on with this guy<br>I'm not doing anything to you<br>Call you shortly<br>**JY1709:** I know you're not. I'm just really upset man<br>**MT7473:** Let me look into this brb<br>**JY1709:** Please. Thanks<br>**MT7473:** [L.W.] sent [C.R.].   All good there.  [C.R.] account got flagged at bbva— new account apparently.  And the fraud dept was asking for all kinds of invoices.  I helped with all of that yesterday to clear up the issues.<br>**MT7473:** That's what I know<br>**MT7473:** Looking further<br>**JY1709:** I'm going to FBI. Fuck this.<br>**MT7473:** I can't tell you what to do or what not to do...I can't be involved with you in that.  What I can say is I personally have filed three separate reports with the FBI about [C.F.] and they have done absolutely nothing, and probably never will.  So I'm not sure how that all works.<br>**MT7473:** Call you shortly - I'm on a call<br>**MT7473:** Doing my best - I honestly am | See above, entry 33 for information about [C.F.]<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>See entry 76 above, showing that C.R. used an account tat BBVA<br><br>On December 12, 2018 a $25,000 payment is made to ANB Bank Account x3099 for | A, B, E, F, G, H, I, J, K | SW_FIL_003423 24 |

59

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | MT7473: | I was at the library for two hours with my kids in sweats yesterday.  Trying to secure a job for teh new year | services purportedly rendered to [MCG]. as fraudulently documented in MCG 2018.12.11 (NAC_000000549), as alleged in Count 7 of the Indictment | | |
| | | MT7473: | Job market sucks here for guys like me | | | |
| | | JY1709: | I know you are. But Michael I really need an agreement. Like badly. It's getting closer and closer to end of year. If we don't have something, it'll end up fucking us. You, me, [M.M.] and [C.R.] honestly. But if we have an agreement, there's something there that unless all parties want to fuck it up for one another, we have to agree to | | | |
| | | JY1709: | Cleared this [M.M.] issue up with kimberly, but please work on getting me an agreement. It's essential | | | |
| 94 | 12/14/18 | On December 14, 2018 J.Y. used his business email account to send an attached invoice for payment to [MCG]@gmail.com with the subject line "[M.M.] Inv" | | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_0005983 5-NAC_E_0005983 6 |
| 95 | 12/18/18 | JY1709: | I think you should keep some and then if possible, it'd be the best to get back in BTC as funny as that sounds haha | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C F, G, H, I, K, N | SW_FIL_003423 24 |
| | | MT7473: | Struggling here until we get to California next year | | | |
| | | JY1709: | Keep $15-20K. Send me $10-15K and that's should keep you moving a bit. Figure that's fair | | | |
| 96 | 12/18/18 | Kley(MT): | What's going on - are you making a deposit | Messages between Michael Tew and MM. See above, entry 93 reflecting payment to MM by NAC as directed by the Tews and Yioulos | A, F, G, H, I, K | SW_FIL_017001, p. 989-990 |
| | | Kley(MT): | Didn't get back to you the other day because I new she was | | | |
| | | Kley(MT): | Sorry bout that | | | |
| | | Kley(MT): | Can you let me know whats up | | | |
| | | Kley(MT): | Calling you to check inm | | | |
| | | MM: | You're good I understand, I fucked off my wife and am just about to a point where I can apologize now without the bs, so it shouldn't be much longer. | | | |
| | | Kley(MT): | Ok thanks. sorry to hear.  We all have wives:) | | | |
| | | Kley(MT): | Can you get done within 45 mins? | | | |
| | | Kley(MT): | Kind of on the clock | | | |
| | | Kley(MT): | Its been all day - can you deposit $1500 y/n. We can line up a BofA deposit | | | |

60

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 97 | 12/19/18 | MT7473: | I the air.  Can you ach $15K to [M.M.] | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>[A.S.] was NAC's Director of Accounting. | A, B, E, F, G, H, K, N, M | SW_FIL_00342324 |
| | | JY1709: | No! Why do you insist on this? I don't want to hear that name ever again. Honestly | | | |
| | | JY1709: | Like I'm trying to help I really am. But I get physically ill every time I hear that name | | | |
| | | JY1709: | You know I can't send out more for consulting. It's ridiculous. If I send out anymore I'll get caught. We've sent over $225K to [M.M.] and [5530 JD]. What else can I really do? | | | |
| | | JY1709: | And I even sent money out to [PM] | | | |
| | | MT7473: | right | | | |
| | | JY1709: | Do you really understand tho? That's a lot of money out of NAC. Like that's straight jail time. And I mean that. I wake up at night constantly worried | | | |
| | | JY1709: | Look I know it's not you, but sometimes I don't think you know the gravity of the situation sometimes. Cash is super tight and here I am sending off payments to consultants and shit. Plus I have to tiptoe around this shit cause [A.S] does all the 1099's at end of year and I'm praying to god she doesn't ask too many questions. | | | |
| | | MT7473: | Q: does she do them at end of this year or beginning of next? | | | |
| | | MT7473: | Just in terms of actually getting them done and out | | | |
| | | JY1709: | I still don't have an agreement from you regarding [M.M.]/[5530 JD]. Nothing. I've asked for months and still have nothing. I'm sorry it's just frustrating. Im trying to help. I really am, but I've got nothing back. | | | |
| | | JY1709: | Beginning of next I'm assuming | | | |
| 98 | 12/20/18 | JY1709: | Ok. Text me the account number to confirm | [x]232 is the routing number for ANB bank. The account ending x3099 was at account there on which [M.M.] was the sole signatory.<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and | A, C, F, K | SW_FIL_00342324 |
| | | MT7473: | 2 secxs | | | |
| | | MT7473: | Account: [x]3099 ROUTING: [x]01232 | | | |
| | | MT7473: | We can meet in orlando | | | |
| | | MT7473: | Say when | | | |
| | | JY1709: | Well it's all about when you actually get the cash in too right? I mean ideally I'd love it in crypto as well, but you really just want to give cash? | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | the relevant paragraphs of the Indictment. | | |
| 99 | 12/20/18 | On December 20, 2018 J.Y. used his business email account to forward the email that had previously been sent to from Michael Tew's business account on August 14, 2018 to an employee at NAC, referencing HS CPAs | See above 1 for information about H.S. and [H.S. CPAs] and the relevant paragraphs of the Indictment | A, K, L | NAC_E_0006044 2-NAC_E_0006044 4 |
| 100 | 12/20/18 | On December 20, 2018 J.Y. forwarded the statement below to an employee at NAC in an email with an attached fraudulent invoice from PM@gmail.com.<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>Records show that this invoice was not paid, as reflected in tehe conversation below. | A, K, L | NAC_E_0006044 5-NAC_E_0006044 6 |
| 101 | 12/21/18 | MT7473:   Nothing hit yet<br>MT7473:   Ca you check<br>JY1709:    It 1000% went out and cleared our bank<br>MT7473:   Thank you<br>JY1709:    ☒<br>JY1709:    That's it going out.<br>JY1709:    ☒The bottom amount is it clearing the bank<br>MT7473:   Copy<br>MT7473:   ☒Keep you posted<br>MT7473:   If his bank kicks it back on an ach how long until you know<br>JY1709:    Probably a day or so. There's no reason for his bank to kick it back<br>JY1709:    It's the same account that worked before<br>JY1709:    Why would it be any different now? If I fucked up the ACH info, it would have already bounced back | *See* Indictment ¶ 20. | A, B, F, G, H, I, K | SW_FIL_003423 24 |

62

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

**January 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 102 | 1/7/19 | **MT7473:** Welcome back buddy. Sending you an email. I have a plan. need you to trust me.<br>**JY1709:** I don't though. You gave me your word that the last one to [M.M.] was the last one and here we are again...<br>**JY1709:** I've gotten no agreement, no btc back, nothing. I told you I couldn't continue to do this into 2019 and here we are.<br>**JY1709:** Do you need confirmation?<br>**MT7473:** yes thank you<br>**JY1709:** Just sent it | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, B, F, G, H, K | SW_FIL_003423 24 |
| 103 | 1/7/19 | From PM@gmail.com<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>From jyioulos to PM@gmail.com<br><br>All,<br><br>Please see attached for confirmation.<br><br>Thank you,<br><br>Jon Yioulos | See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>On January 8, 2019 $15,312.50 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered to [PM] as fraudulently documented in [PM] 6540 2019.01.03 (NAC_E_00060954)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | A, K, L | SW_FIL_000114 34<br><br>(SW_FIL_000114 38) |

63

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 104 | 1/9/19 | **MT7473:**<br>**JY1709:** | Text me your btc adddresa<br>39673cJQ9Z33QoBtPjytzwoZhMsUZroFbB | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, C, G, H, I, K, N | SW_FIL_0034 2324 |
| 105 | 1/10/19 | **MT7473:**<br><br>**JY1709:**<br>**JY1709:**<br><br>**MT7473:**<br>**JY1709:**<br>**MT7473:**<br>**MT7473:**<br>**JY1709:**<br><br>**MT7473:**<br>**JY1709:**<br>**MT7473:**<br>**JY1709:**<br>**JY1709:**<br><br>**MT7473:**<br><br>**JY1709:**<br><br>**JY1709:** | Sending<br>On a call<br>Ok<br>Need invoice before 4 if money is to be received tomorrow. If not, funds will hit Monday<br>All set<br>Jesus. It was supposed to be $23,500. You always increase it<br>Shit I flipped It!  That was an accident I swear<br>Now what<br>It's whatever. And no it didn't flip, cause the two totals add up to over $25K. And also the hours don't match. 30.9 times 350 is 10,815, not 10,825<br>Rounding<br>Ok<br>Something must have happened in excel<br>Ok<br>Also, when should I expect my BTC? For real tho. I know you've been struggling, but you gotta understand where I'm coming from too<br>If you can do cash tomorrow<br>If not I'll brb and give you for real<br>What do you mean if I can do cash? Like bank to bank transaction? Or actual cash ha<br>Also, done. | On January 11, 2019 $23,350 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered to [PM] as fraudulently documented in [PM] 6670 2019.01.11 (NAC_00000969)<br><br>Bank record show that Michael and Kimberly Tew received this payment directly into their joint account at NFCU x8486.<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br>*See* Indictment ¶ 18 (alleging coordination to make sure fraudulent | A, B, D, F, G, J, K, L, N | SW_FIL_0034 2324 |

64

Government's *James* Log
United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---------------------|------------------|--------|
| | | | invoices were closely aligned with NAC) | | |
| 106 | 1/10/19 | On January 10, 2019 J.Y. sent the response below to [PM]@gmail.com, which was being used by Michael and Kimberley tew<br><br>Hello,<br><br>See attached for final payment for fuel and gov consulting payments.<br><br>Thank you,<br><br>Jon Yioulos<br>716-580-6943<br><br>Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>$23,350 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered to [PM] as fraudulently documented in [PM] 6670 2019.01.11 (NAC_00000969)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | A, K, L. | SW_FIL_000114 47<br><br>SW_FIL_000114 43<br><br>NAC_E_82607-NAC_E_82608<br><br>NAC_E_52373; NAC_E_60953-NAC_E_60954 |
| 107 | 1/17/19 | **MT7473:** Call when can just tried you<br>**MT7473:** Let me know when you have a few mins<br>**MT7473:** Talked to Amex<br>**JY1709:** Ok call soon<br>**MT7473:** We're all going to blow up<br>**MT7473:** I can't pay that bill<br>**MT7473:** I won't have a choice it's 45k<br>**JY1709:** I JUST SENT YOU $40K<br>**JY1709:** PLUS YOU HAVE ANOTHER $30K in crypto<br>**JY1709:** That's $70K you got in fucking 2 weeks<br>**JY1709:** And you said It's to pay the AMEX<br>**JY1709:** That's a ton of money | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the | A, B, E, F, G, H, J, K | SW_FIL_003423 24 |

65

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|------------------|--------|
| | | **JY1709:** | And you act like you're starving. I don't even make $70K cash in a year after taxes are taken out and you've gotten that in 2 weeks | relevant paragraphs of the Indictment. | | |
| | | **MT7473:** | I had a shit ton of bills | | | |
| | | **JY1709:** | Ok? And I can't physically send you anymore | See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | **MT7473:** | What's the process for ach at hsbc | | | |
| | | **JY1709:** | Whatever. Keep the $30K | | | |
| | | **JY1709:** | Blow it up then | | | |
| | | **JY1709:** | Fuck it | | | |
| | | **JY1709:** | You guys have given me nothing and IM THE ONE TAKING ALL THE RISK | | | |
| | | **JY1709:** | I've sent over $200K to [M.M.] and [5530 JD] and over $70K to [PM] and now you're Askign for more??? | [C.A.] and [L.A.] are the owners of NAC | | |
| | | **JY1709:** | This is a sick joke | FBI is a reference to the Federal Bureau of Investigation | | |
| | | **MT7473:** | look - I don't want any money. is there any way you can pay the amex off directly? It's a question. My credit has been ruined. | | | |
| | | **JY1709:** | How can I pay Amex? Makes no sense | The reference to s[]@s[]buffalo.com is a reference to the email address used by J.Y. This is an effort to extort J.Y. by threatening to reveal compromising information about J.Y. to his wife. | | |
| | | **MT7473:** | why did you tell Kimberley you were talking to teh fBI today for us? I asked you if anything was going on and you said nothing? | | | |
| | | **MT7473:** | Pls respond or she's going to start emailing you | | | |
| | | **MT7473:** | Its important for all of us | | | |
| | | **MT7473:** | Now she thinks I'm working with you against her!!!!! | | | |
| | | **MT7473:** | my own wife!!! | | | |
| | | **MT7473:** | What appended today I asked you twice and. You said nothing | | | |
| | | **JY1709:** | I'm eating dinner | | | |
| | | **JY1709:** | I'll call at 9:30 | | | |
| | | **MT7473:** | She's sending an email and copying [L.A.] ad [C.A.] right now | | | |
| | | **MT7473:** | That's what happens when you say that shit | | | |
| | | **JY1709:** | I'm calling you at 9:30 | | | |
| | | **JY1709:** | And I'll explain | | | |
| | | **MT7473:** | No. She's sending an email right now. What the fuck were you dealing with today | | | |
| | | **JY1709:** | ILL CALL YOU | | | |
| | | **JY1709:** | FUCK | | | |
| | | **MT7473:** | My daughters are screaming | | | |
| | | **MT7473:** | They think I'm going to jail | | | |
| | | **JY1709:** | JESUS CHRIST CALM DOWN | | | |
| | | **MT7473:** | She's sending an email to s[x]@s[x]buffalo.con | | | |

66

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | I'm not ducking around | | | |
| | | **JY1709:** | Jesus Christ wait fuckin 10 min | | | |
| | | **MT7473:** | ok | | | |
| 108 | 1/17/19 | **JY1709:** | We are. I just thought it would be easier to go through one person. It's nothing personal. Seriously [. . . .] | Messages sent to Kimberley Tew See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. See above, entry 33 for information about [C.F.] See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. On January 22, 2019 $28,000 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered to | A, B, D, F, G, J, K, L | SW_FIL_003378 29-SW_FIL_003378 34 |
| | | **JY1709:** | How so? There's literally no way I can do that | | | |
| | | **JY1709:** | Jesus. | | | |
| | | **JY1709:** | I'm not trying to screw you guys ever | | | |
| | | **JY1709:** | If any of this gets out, we're all fucked. That's why I'm still here honestly. I have to button this up and stay here until we get our ducks in a row and my wife can find me another job here in Buffalo cause our family's are here | | | |
| | | **JY1709:** | Don't be. I have this under control | | | |
| | | **JY1709:** | You have to trust me a bit. | | | |
| | | **JY1709:** | I'm pissed. I've sent over $77,037.50 to [PM] and another $200K plus [5530 JD] and [M.M.] | | | |
| | | **JY1709:** | And I tried. But then Michael got fired cause of [C.F.]. The Amex thing would have been handled but then [L.A.] went on a rampage | | | |
| | | **JY1709:** | Don't put this shit on me | | | |
| | | **JY1709:** | Ok? Again, you're putting this on me like it's my fault | | | |

67

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | [PM] as fraudulently documented in [PM] 6712 2019.01.18 (NAC_00000970)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | | |
| 109 | 1/17/19 | J.Y. forwarded the email from [PM]@gmail.com described above to an employee at NAC with an attachment fraudulent invoice. | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_00052312-NAC_E_00052313 |
| 110 | 1/18/19 | **MT7473:** Have a call at 1pm EST, we will handle everything immediately after.  All good.  Thanks for realy taking the time yesterday.<br>**JY1709:** Ok<br>**MT7473:** Call when can<br>**JY1709:** ?<br>**MT7473:** You have invoice<br>**MT7473:** have plan in place let's talk later when can<br>**JY1709:** Answer<br>**JY1709:** You can't just send me another invoice for January consulting. How many hours do you think are in January. We need to talk now<br>**MT7473:** 2 secs<br>**MT7473:** Ok<br>**JY1709:** 39673cJQ9Z33QoBtPjytzwoZhMsUZroFbB<br>**MT7473:** Thx Jon<br>**JY1709:** Thank you<br>**JY1709:** All set<br>**MT7473:** Thank you<br>Everything in motion now | The long alphanumeric string is consistent with a cryptocurrency wallet<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, F, G, H, K, N | SW_FIL_00342324 |

68

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|---|---|-------------------|------------------|--------|
| | | **MT7473:** | Any discussions today following up from yesterday re; AMEX? Internally | | | |
| | | **JY1709:** | Nope. None at all | | | |
| | | **MT7473:** | Hard to believe huh? | | | |
| | | **JY1709:** | They're all idiots | | | |
| | | **MT7473:** | Copy that! | | | |
| 111 | 1/18/19 | On January 18, 2019 J.Y. sent the following message to [PM]@gmail..com: Confirmation attached. Thank you! Jon Yioulos 716-580-6943 Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486: Dear National Air Cargo Group, Inc., Your invoice is attached. Please remit payment at your earliest convenience. Thank you for your business - we appreciate it very much. | | On January 22, 2019 $28,000 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered to [PM] as fraudulently documented in [PM] 6712 2019.01.18 (NAC_00000970) Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, K, L. | SW_FIL_000114 52 SW_FIL_000114 60 NAC_E_112728-NAC_E_112729 NAC_E_54045-NAC_E_54046; NAC_E_112726-NAC_E_112727 |
| 112 | 1/23/19 | **MT7473:** | Hi - all is in motion as discussed. [PM] sending you their final invoice so we can close this out. Not going anywhere on you, just been busy getting organized. | See above, entry 86, for information about L.W., PM, PM@gmail.com and | A, B, F, G, H, I, K | SW_FIL_003423 24 |
| | | **JY1709:** | Ok got it | | | |

**Government's _James_ Log**
**_United States v. Tew_, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:**    It's out<br>**MT7473:**    Thank you | the relevant paragraphs of the Indictment | | |
| 113 | 1/23/19 | On January 23, 2019 J.Y. forwarded the email below to an employee at NAC with an attached fraudulent invoice from [PM]<br><br>[. . . .]<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | On January 24, 2019 $21,000 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered to [PM] as fraudulently documented in [PM] 6714 2019.01.23 (NAC_00000971)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | A, K, L | SW_FIL_000114 68<br><br>NAC_E_77284-NAC_E_77285<br><br>NAC_E_53104-NAC_E_53105 |
| 114 | 1/25/19 | On January 25, 2019 J.Y. again forwarded the email above to an employee at NAC with an attached fraudulent invoice. | _See_ Indictment ¶¶11, 12, 13 | A, K, L | NAC_E_54104-NAC_E_54105 |

**February 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 115 | 2/7/19 | **JY1709:**    Hey, sorry I had you blocked from that one night a while ago and never undid it<br>**JY1709:**    My fault<br>**JY1709:**    I swear to you I tell you everything I know<br>**JY1709:**    If anything went down, I'd be getting fucked too<br>**JY1709:**    It shouldn't. I know the FBI thing scares you, but I don't know what they could possibly do or even care about once it's paid<br>**JY1709:**    You really shouldn't be | Messages to Kimberley Tew<br><br>See above, entry 1, for information about H.S. and [H.S. CPAs] and the relevant paragraphs of the Indictment | A, B, F, G, H, I, J, K, M | SW_FIL_000056 763<br>SW_FIL_000337 790-<br>SW_FIL_003378 08 |

70

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|-----|---|--------------------|------------------|--------|
| | | JY1709: | No shit! | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | JY1709: | We've had some intense moments for sure | | | |
| | | JY1709: | And I've had more intense freak out moments and for that I'm sorry | | | |
| | | JY1709: | I really don't think that. I'm really trying to stay out of it all | | | |
| | | JY1709: | And I figured you have and I appreciate that | | | |
| | | JY1709: | Ok thank you | | | |
| | | JY1709: | I promise you he's not. I'm the one who pushed the button. There's no way for that. | | | |
| | | JY1709: | This is all so close to going away. | | | |
| | | JY1709: | Well if that's the case, then just give me a warning | | | |
| | | JY1709: | I really don't blame you | | | |
| | | JY1709: | My god. That would be so stupid of me | | | |
| | | JY1709: | Cause there's no chance I don't go down for something | | | |
| | | JY1709: | I don't know. I don't know these guys. I've asked for an agreement of some sort and I need it. We can put anyone's fucking name on it! As long as we have that, we're buttoned up on that end. The charges have fallen off the company account so she doesn't care anymore | | | |
| | | JY1709: | I'm just frustrated with this whole thing. We've sent them over $100K each. And I'm sure you've sent them the Btc you had | | | |
| | | JY1709: | Ok what do you got? | | | |
| | | JY1709: | Wait what?? | | | |
| | | JY1709: | I'm not following | | | |
| | | JY1709: | You really think they'd stop? | | | |
| | | JY1709: | I don't know. Maybe we do go to the authorities then. That's your call cause these guys areclearly harassing you nonstop | | | |
| | | JY1709: | I mean they're never going to stop | | | |
| | | JY1709: | I think you have to | | | |
| | | JY1709: | That seems like the only option. I know it'll fuck us all over, but you shouldn't live in fear | | | |
| | | JY1709: | Between [C.R.], [M.M.], [H.S. CPAs], and [PM]. $406K | | | |
| | | JY1709: | I don't know what else to do | | | |
| | | JY1709: | I don't know yet. I mean I'm going to have to make up agreements when we get down that road if the auditors ask | | | |
| | | JY1709: | then they call. They got paid didn't they? I have their invoices and emails and everything. | | | |
| | | JY1709: | That's what those additional wires were supposed to be for. For tax issues | | | |
| | | JY1709: | [M.M.] essentially got $30k that was supposed to go to [C.R.] and then got | | | |

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | $25K as tax money<br>**JY1709:** [C.R.] got an additional 30k of tax money too<br>**JY1709:** Those were their final invoices<br>**JY1709:** Well then we have no choice.<br>**JY1709:** We made our beds<br>**JY1709:** Exactly. And I've sent out $406K and have received ZERO benefit. Not saying you have, but I'm essentially pressing the button for nothing!<br>**JY1709:** You're right<br>**JY1709:** At this point I just want it to all go away. I don't care what it takes. I honestly don't need anything anymore<br>**JY1709:** I don't know that. I honestly didn't know how much you still talked to those guys. Now I'm obviously worried<br>**JY1709:** You're right, I don't. I don't know their world. And guys in their world don't seem to ever stop<br>**JY1709:** So you truly don't think they'll stop? If you say no, then we have to go to somebody<br>**JY1709:** It does. It really does. I know what I'm doing here. You gotta believe me<br>**JY1709:** I can tell you this, we can make it work. We need to have the agreement signed by both [C.R.] and [M.M.], I have both of their signatures. They both have emailed me saying they'd send the agreement once they were paid in full. If we have the agreement with their signatures and show the payments to them in full, there's literally not a thing they can say. They have been paid and said there was an agreement via email. We go to the authorities if we have to and there's a signed agreement with payments in full.<br>**JY1709:** What are they going to do? Prove they didn't do the work? That's not possible. And do they really want the IRS and others up their ass??? | | | |
| 116 | 2/7/19 | On February 7, 2019 J.Y. forwarded the email below to a NAC employee, writing "Please book as Advertising expense for this one."<br><br>Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc., | On February 8, 2019 $15,125 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6775 2019.02.07 | A, K, L | SW_FIL_000114 72<br><br>NAC_E_0005314 4-<br>NAC_E_0005314 5 |

72

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | Your invoice is attached. Please remit payment at your earliest convenience.<br><br>The invoice is for your advertisement in National Defense Magazine and related materials and services.<br><br>Thank you for your business - we appreciate it very much. | (NAC_E_00053145), as alleged in Count 8 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486.<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| 117 | 2/19/19 | **JY1709:**   And now Kimberley is texting me. This is awesome. It's like clockwork<br>**MT7473:**   I told her not to<br>**MT7473:**   I'm on a conference call I'll ring you after<br>**JY1709:**   Ok<br>**JY1709:**   Done helping you. Your wife is now sending me emojis calling me a "rat." Fucking brilliant.<br>**JY1709:**   Send a revised one. Need it to say March not February<br>**JY1709:**   Actually it's fine.<br>**MT7473:**   Ok - for now, its a mistake<br>**MT7473:**   Ok - yes?<br>**JY1709:**   It's done. | On February 20, 2019 $15,250 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6670 2019.01.11 (NAC_00000969), as alleged in Count 9 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into | A, B, F, G, H, K | SW_FIL_003423 24 |

73

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|-------------------|------------------|--------|
| | | | | their joint account at NFCU x8486. | | |
| 118 | 2/19/19 | JY1709: | If you keep texting me, yes I'm done helping | Messages to Kimberley Tew | A, B, C F, G, H, I, J, K, N | SW_FIL_00337772-SW_FIL_00337787 |
| | | JY1709: | Because you're extremely rude and confrontational and think I'm some sort of rat trying to fuck you guys over | On February 20, 2019 $15,250 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6670 2019.01.11 (NAC_00000969), as alleged in Count 9 of the Indictment | | |
| | | JY1709: | Just let me deal with Michael | | | |
| | | JY1709: | Scream at him? Right | | | |
| | | JY1709: | Criminal? Never said that | | | |
| | | JY1709: | Like what the fuck. I've done nothing but try to help. You know how much has been sent | | | |
| | | JY1709: | I don't need to rehash that | | | |
| | | JY1709: | OK? He knew that was coming. That's why he got so much fucking money and that last wire | | | |
| | | JY1709: | Wait wait what? why are you sending me BTC right now? | | | |
| | | JY1709: | And that address isn't right | | | |
| | | JY1709: | 39673cJQ9Z33QoBtPjytzwoZhMsUZroFbB | Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | | |
| | | JY1709: | I'm trying to help. I really am. But how much do your really think I can send out of this place??? | | | |
| | | JY1709: | Honestly tho | | | |
| | | JY1709: | That was 8 days ago... | | | |
| | | JY1709: | Hold on | Binance is a cryptocurrency exchange | | |
| | | JY1709: | How much hav eyou sent totalV | | | |
| | | JY1709: | Im freaking out | | | |
| | | JY1709: | What happened | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| | | JY1709: | Cause where would this crypto be?! | | | |
| | | JY1709: | I can't fucking log into my binance right now and haven't been able to for a while cause I lost my Authenticator. Why wouldn't you confirm the address with me??? | | | |
| | | JY1709: | I've sent Michael the new address a bunch of times | | | |
| | | JY1709: | And these addresses are different. The 2.5 and the .5 | | | |
| | | JY1709: | You're joking | | | |
| | | JY1709: | I would have gotten emails that I received money in my account | | | |
| | | JY1709: | I have those enabled | | | |
| | | JY1709: | I don't hate you, I just don't believe i received these funds and I can't even check | | | |

74

# Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** Why wouldn't you have said something? Why wouldn't Michael have? Why didn't I get emails? I'm not saying you're lying but I'm just asking these questions<br>**JY1709:** Wonderful<br>**JY1709:** OK what happened?<br>**JY1709:** No never<br>**JY1709:** I would never give anyone else these addresses<br>**JY1709:** No<br>**JY1709:** Obviously<br>**JY1709:** I guess I'm not getting it. Sorry. I'm confused. Will i ever get it? Is it just gone?<br>**JY1709:** Send a revised one. Need it to say March not February<br>**JY1709:** Actually it's fine.<br>**JY1709:** It's done. | | | |
| 119 | 2/19/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>This invoice is for your advertisement in National Defense Magazine and related materials and services.<br><br>Thank you for your business - we appreciate it very much. | On February 20, 2019 $15,250 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6670 2019.01.11 (NAC_00000969), as alleged in Count 9 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | A, K, L | SW_FIL_0001147 6 |

75

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 120 | 2/21/19 | On February 21, 2019 J.Y. forwarded the email sent from [PM]@gmail.com to a NAC employee, writing "This is what was paid the other day. For the 2nd half of February. Again, goes to advertising." | *See* Indictment ¶¶11, 12, 13 | A, K, L. | NAC_E_0006347 0- NAC_E_0006347 1 |
| 121 | 2/24/19 | **MT7473:** Can you sign up for an anonymous BTC wallet that is not linked to your name. **[….]** <br> **JY1709:** Will do. Yeah I'll do it tomorrow <br> **MT7473:** Send the btc to this address <br> 1FBC2WuW59UaFoyCQfKBJo25TdLr2JKYkv <br> Will explain tomorrow <br> Will send it back to anonymous set up ASAP <br> **JY1709:** Ok <br> **MT7473:** [. . . .] - let me know when thank you!!!!!!! <br> **MT7473:** I'll have her send you 2 to the new address <br> **JY1709:** Just sent | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C F, G, H, I, J, K, N | SW_FIL_003423 24 |

**March 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 122 | 3/1/19 | **MT7473:** I have a 130 call eastern let me know when you are free thx <br> How's your acl <br> Send me wallet <br> **JY1709:** 15BxxFRqsqCqeBtRYJQNY4oU9xJFNHVo7i <br> **MT7473:** Got it thanks! | "wallet" is a reference to a digital currency wallet <br> *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C , F, H, I, K, N | SW_FIL_003423 24 |
| 123 | 3/4/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486 <br><br> Dear National Air Cargo Group, Inc., | On March 5, 2019, $37,800 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently | A, K, L | SW_FIL_000114 80 <br><br> NAC_E_0008461 5- NAC_E_0008461 6 |

76

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Your invoice is attached. Please remit payment at your earliest convenience.<br><br>This invoice is for your advertisement in National Defense Magazine and related materials and services.<br><br>Thank you for your business - we appreciate it very much. | documented in [PM] 6804 2019.03.04 (NAC_00000972)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. [NFCU_00000033]<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| 124 | 3/6/19 | **MT1312:**   KRAKEN 3CArKEDR1KBSMQQZKab6by33cg8ev6hSpi<br>**Kley(MT):**   17xSSmDwuLFJg3rEyk6fgDFxPzis7H3XZY<br>**Kley(MT):**   BITTREX is the second oen<br>**KT2046:**   3BmC8krVKih7WNU7mq37ApioCpYdEHE7Sn<br>**Kley(MT):**   See if he can do chase it's like next door<br>**Kley(MT):**   Here st banjo<br>**Kley(MT):**   Bank<br>**KT2046:**   I think it's ok to go to Walmart quickly<br>**KT2046:**   Deposit at boa<br>**MT1312**:   Ok<br>**KT2046:**   Can you deposit in 45 min?<br>**Kley(MT):**   Yes for sure<br>**Kley(MT):**   Bank of America 15 mins away<br>**Kley(MT):**   Going to wal mart in a few<br>**KT2046:**   Has to be before 5pm<br>**KT2046:**   We can go to target or something all together later?<br>**MT1312:**   Yeah I think we skip<br>**KT2046:**   : Exact language must be on receipt | Bank records show a cash withdrawal from the NFCUx8486 account of $5,000 on March 5 and use of an ATM at a Bank of America.<br><br>The photograph of the deposit slip shows a deposit made into an account ending x3245.<br><br>*See* Indictment ¶¶ 32, 33 | A, D, F, G, K, N | SW_FIL_003263 50-SW_FIL_003263 51, SW_FIL_003263 61, SW_FIL_003263 64-SW_FIL_003263 67 |

77

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | CASH DEPOSIT ONLY. NO TRANSFERS<br>$5000 cash = BANK OF AMERICA<br>Business:[redacted business name]<br>Account # [x]3245<br>Address: [redacted]<br>MIAMI, FLA 33130<br>PLEASE WRITE "no refunds for bitcoins purchased on localbitcoins.com"<br>Got it?<br>**MT1312:** On way<br>**MT1312:** Photo of deposit slip<br>(57360875173__C4588466-1A21-4ECE-AE3B-DC068765BC33.jpeg) | | | |
| 125 | 3/7/19 | On March 7, 2019 J.Y. forwarded the email sent from [PM]@gmail.com on March 4, 2019,to a NAC employee, writing "Record as Professional fees — consulting. This gets us paid through June for the consulting part." | See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_00054190-NAC_E_00054191 |
| 126 | 3/14/19 | **KT2046:** Msg [C.R.]we need until 4 and that you are going to try to send $1,500 via Google Pay and who should you send to<br>**KT2046:** Can you do that<br>**Kley(MT):** Messaged him | See above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment. | A, F, K, N | SW_FIL_00326371-SW_FIL_00326372 |
| 127 | 3/14/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>This invoice is for your advertisement in National Defense Magazine and related materials and services. | On March 15, 2019 $31,500 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6881 2019.03.14 (NAC_00000973) | A, K, L | SW_FIL_00011484<br><br>NAC_E_00083902-NAC_E_00083903 |

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Thank you for your business - we appreciate it very much. | Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486.<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| 128 | 3/15/19 | On March 15, 2019 J.Y. used his business email account to forward the email he received  from [PM]@gmail.com to a NAC employee, writing "Went out yesterday. Advertising." | *See* Indictment ¶¶11, 12, 13 | A, K, L | NAC_E_0006277 7- NAC_E_0006277 8 |
| 129 | 3/17/19 | **KT2046:** I am sick of telling you what needs to happen and your pushback<br>**KT2046:** I am sick of coming up with solutions<br>**KT2046:** you figure out how to cash out everyone and pay our bills and most importantly pay our taxes making $10k a month with cannabis jobs you told me would pay you double to 15k.<br>**KT2046:** When I get a call from Jon or Ed or whomever and we can't go to Jon remember this<br>**KT2046:** I wish you could just solve it and handle things without placing the stress on me<br>**MT1312:** Who is [redacted]<br>**KT2046:** Exactly<br>**KT2046:** Just think<br>**MT1312:** Ok I'll solve it with [C.R.]<br>**MT1312:** [C.R.]<br>**KT2046:** I don't give a shit about [C.R.]<br>**MT1312:** Who is [redacted]<br>**MT1312:** Yes you do | Messages between Kimberley and Michael Tew<br><br>*See* Indictment ¶ 20<br><br>The list of redacted names here is people to whom Kimberley Tew owes money | A, D, F, G, K | SW_FIL_003264 47- SW_FIL_000032 6454; SW_FIL_000032 6457- SW_FIL_000032 6461 |

79

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT1312:** That's all you o is [C.R.]<br>**KT2046:** [Redacted]<br>**KT2046:** [Redacted]<br>**KT2046:** [Redacted]<br>**MT1312:** Ok<br>**MT1312:** I thought you were building a portfolio from the last two wires<br>**KT2046:** Nope<br>**KT2046:** American Express the other two lawsuits<br>**KT2046:** I can't breathe<br>**MT1312:** So I'll see how much I can get fro Jon<br>**KT2046:** No<br>**KT2046:** That's what you do<br>**MT1312:** That's my only choice<br>**KT2046:** And you don't listen<br>**KT2046:** Something needs to happen tomorrow<br>**MT1312:** You don't want yo be around me<br>**KT2046:** and we need to be done<br>**MT1312:** What do you mean tomorrow<br>**KT2046:** What do you think I mean<br>**MT1312:** Jon can send an ach<br>**MT1312:** Not wire<br>**KT2046:** You're already shooting down 30<br>**KT2046:** We are so fucked<br>**MT1312:** Yep<br>**MT1312:** We are fucjed<br>**MT1312:** Been that way for a while<br>**KT2046:** We need two more same amounts<br>**MT1312:** We have to make realistic deals to get out of the crest card debt md move on<br>**KT2046:** First one tomorrow<br>**MT1312:** How the fuck are We going to get that<br>**MT1312:** We can't send a wire or<br>**MT1312:** [A.S] will never approve<br>**KT2046:** An ACH you idiot<br>[. . . .]<br>**MT1312:** It's too obvious | | | SW_FIL_0031238-<br>SW_FIL_00312843 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | [. . . . | | | |
| | | **MT1312:** How the fuck am I going to get more money from Jon another 70k | | | |
| | | **KT2046:** Please put this all in text | | | |
| | | **KT2046:** This was all his idea | | | |
| | | **MT1312:** Ok so threaten him | | | |
| | | **MT1312:** That's my only choice | | | |
| | | **MT1312:** Maybe promise him more | | | |
| | | **KT2046:** You're so dumb | | | |
| | | **MT1312:** He's going to say what is it for | | | |
| | | **KT2046:** Keep texting | | | |
| | | **MT1312:** You need to build a portfolio then and get out of it | | | |
| | | **MT1312:** I'll get it from him | | | |
| | | **KT2046:** Sure then 3 payments of 30-40 | | | |
| | | **KT2046:** No problem | | | |
| | | **MT1312:** You need to help then | | | |
| | | **KT2046:** How are we going to pay taxes | | | |
| | | **MT1312:** I can't get it from him on my own | | | |
| | | **KT2046:** I have a migraine !!!!!! | | | |
| | | **KT2046:** It's common sense not to threaten someone | | | |
| 130 | 3/18/19 | **KT2046:** Really? | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, D, F, G, K, N | SW_FIL_003264 61- SW_FIL_000032 6463 |
| | | **Kley(MT):** Passcode | | | |
| | | **KT2046:** [redacted] | | | |
| | | **KT2046:** So what does that mean | | | |
| | | **KT2046:** Bank: Bank Of America Name: [M.M.] Account Number: [x]3120 Wire Routing Number: [x]9593 | | | |
| | | **KT2046:** [redacted address] Laramie Wy 82072 | See above [X] for information on [C.R.] and [5530 JD] | | |
| | | **Kley(MT):** Wire submitted | | | |
| | | **KT2046:** Play info greed | See below, entry 131, for follow up regarding offer to pay J.Y.'s loans for participation in fraud. | | |
| | | **KT2046:** Ask how much is student loans for both and mortgage | | | |
| | | **KT2046:** I cannot keep [C.R.] calm for another week and we need to deal with our shit | | | |
| | | **KT2046:** Fuck him ask him how much he can send out today | | | |
| | | **KT2046:** It's more than you think | | | |

**Government's _James_ Log**
**_United States v. Tew_, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** And what<br>**KT2046:** It's not enough<br>**KT2046:** And you're falling for it | _See_ Indictment ¶¶ 20,32, 33 | | |
| 131 | 3/18/19 | **MT7473:** Call you in 5<br>**MT7473:** One sec - I'm so sorry<br>**MT7473:** How much is owed on your student loans right now<br>**MT7473:** 100% od it<br>**MT7473:** And mortgage<br>**MT7473:** ?<br>**JY1709:** Just call me!<br>**MT7473:** See email<br>**JY1709:** Got it<br>**JY1709:** Out | The reference to an email is a reference to the email from PM in entry 132 below. | A, B, C, F, I, N | SW_FIL_003423 24 |
| 132 | 3/18/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | Email with attached invoice for $20,250.00<br><br>On March 19, 2019, $20,250.00 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6910 2019.03.18 (NAC_00000554)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486 on March | A, K, L. | SW_FIL_000114 88<br><br>NAC_E_0009071 7-<br>NAC_E_0009071 8 |

82

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | 18,2019[NAVY_0000041] | | |
| 133 | 3/19/19 | On March 19, 2019 J.Y. forwarded the email from [PM]@gmail.com received on March 18, 2019 to an employee at NAC. | On March 19, 2019, $20,250.00 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6910 2019.03.18 (NAC_00000554)<br><br>*See* Indictment ¶¶11, 12, 13 | A, K, L | NAC_E_00064898-NAC_E_00064899 |
| 134 | 3/19/19 | **MT7473:** Good am<br>Funds didn't hit<br>All ok?<br>**JY1709:** Dude I'm so sorry.<br>**MT7473:** It's cool<br>Can you tell ap person to resend to other account? Tell them it will be returned ...<br>May be easier<br>Will take extra day but solves a problem<br>**JY1709:** Yeah. But the funds won't hit until tomorrow...<br>**JY1709:** Cause I can't fuckin wire anything, especially not being in the office<br>**MT7473:** I know you can't wire it's ok<br>If they resend to right account is that ok?<br>**MT7473:** Is that something will be major flag<br>**JY1709:** Na it's fine<br>**JY1709:** It's just something I need to talk through with my ap girl<br>**MT7473:** Ok - do they pull the funds back or just figure out later<br>**JY1709:** I can message the bank and let them know I sent to the wrong account, or [PM] can just send them back. Probably better if they just | Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486 on March 18,2019 [NAVY_00000041].<br><br>On March 19, 2019, $20,250.00 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] | A, F, G, H, I, K | SW_FIL_00342324 |

83

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------|--------|
| | | send back<br>**MT7473:** Ok. What if he doesn't send back? Just answering all the questions before i call him<br>**JY1709:** Well if he doesn't send to you, that would be problematic<br>**MT7473:** Worst case<br>**MT7473:** Ok let's do this. Can you explain to AP girl to resend to other account. I'll handle [PM]. Ok to resend via ach to hit tomorrow.<br>**MT7473:** Pls confirm<br>**JY1709:** Yes. Confirmed sorry.<br>**JY1709:** Handling with ap girl now<br>**MT7473:** Thank you<br>**MT7473:** I'll take care of the other issue<br>**JY1709:** All set. Sorry again. Please make sure the funds come back. Or go directly to yoU. If they go directly to you, we'll just take it off of the next invoice...<br>**MT7473:** It's ok<br>Confirmed it's already re-sent?<br>**MT7473:** Good luck today!<br>**JY1709:** Yes it's out!<br>**MT7473:** Ok cool<br>Good luck today.<br>**JY1709:** Thanks man appreciate it<br>**JY1709:** Didn't mean to call. We'll talk tomorrow. | 6910 2019.03.18 (NAC_00000554)<br><br>On March 20, 2019, $20, 250 was sent via ACH to an account at Access Bank controlled by L.W. for services purportedly rendered to PM. NAC_E_00102097<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>The reference to "AP girl" is a reference to "accounts payable" | | |
| 135 | 3/19/19 | **KT2046:** Attachment showing $49,000 balance in Bank of America account at x5107 for [MCG] LLP<br>**KT2046:** How does he get it out without closing<br>**Kley(MT):** Bill pay<br>**Kley(MT):** In BOFA set up a vendor in bill pay and use it to pay bills its a business account<br>**KT2046:** To whom<br>**Kley(MT):** anyone<br>**Kley(MT):** He can pay to any of our accounts, he can pay to [PM] if we want | *See* Indictment ¶¶ 32, 33 | A, E, F, G, K, N | SW_FIL_003264 72-<br>SW_FIL_003264 73 |
| 136 | 3/28/19 | **MT1312:** They said this am that they just released the hold<br>**KT2046:** Who said that<br>**KT2046:** Where are you<br>**MT1312:** The banker | On March 29, 2019 $38,000 ACH payment is made to Navy Federal Credit Union | A, F, G, H, N | SW_FIL_003265 14-<br>SW_FIL_003265 81 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT1312:**  In with [redacted] on with Jon<br>**KT2046:**  Working on one of your pointless jobs<br>**MT1312:**  No doing invoice with jon<br>**KT2046:**  You spoke to a banker this am<br>**KT2046:**  For how much<br>**KT2046:**  Better not be less than 37.5<br>**MT1312:**  37.5<br>**KT2046:**  Is he giving you shit<br>**KT2046:**  What if he sends to wrong account<br>**MT1312:**  All set I have to do the invoice now he will make sure it goes to right account<br>**MT1312:**  He was nice about it - we agreed this is the last one<br>**KT2046:**  So not 50<br>**KT2046:**  Whatever<br>**MT1312:**  Ok I'll try for 50<br>**KT2046:**  No<br>**KT2046:**  What do you think? | Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6976 2019.03.28 (NAC_00000555), as alleged in Count 10 of the Indictment<br><br>Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them) | | |
| 137 | 3/28/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486:<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | On March 29, 2019 $38,000 ACH payment is made to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6976 2019.03.28 (NAC_00000555), as alleged in Count 10 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into | A, K, L | SW_FIL_000114 92 |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | their joint account at NFCU x8486.<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| 138 | 3/29/19 | **KT2046:**<br>**KT2046:**<br><br><br><br>**KT2046:**<br>**Kley(MT):**<br>**Kley(MT):**<br><br>[. . . .]<br><br>**KT2046:**<br>**KT2046:**<br>**KT2046:**<br>**KT2046:**<br>**MT1312:**<br>**MT1312:**<br>**MT1312:**<br>**MT1312:**<br><br>**KT2046:**<br>**KT2046:**<br>**MT1312:**<br>**MT1312:**<br>**MT1312:**<br>**KT2046:**<br>**MT1312:** | I need you to wire $20K to Kraken and $5K to [redacted]<br>Bank: BBVAC<br>Name: [M.M.]<br>Account Number: [x]991<br>Wire Routing Number: [x]1601<br>Bank is Simple. Partner Bank is BBVA Compass.<br>Need his addresss<br>I found it<br><br><br>Text me screenshot where they are saying you're over your limit<br>Need to show to [M.M.]<br>Screenshot of a QR Code (IMG_9636.jpeg)<br>12RzMBsUwvgd1cm388pNRMWHRJv3jgAQKG<br>Just got to bank<br>Have cash on way there now<br>Here<br>Got him to do it at 4.5 percent<br>Every bit counts<br>Great<br>Drive safely<br>Sending you 4.212 btc<br>Confirm when received<br>Not gone out yet<br>Nothing yet<br>Ok says pending | See above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>On March 29, 2019 $38,000 ACH payment is made to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 6976 2019.03.28 (NAC_00000555), as alleged in Count 10 of the Indictment<br><br>Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. | A, B, F, G, H, K | SW_FIL_0032652 1-<br>SW_FIL_0032652 2;<br>SW_FIL_0032652 3-<br>SW_FIL_0032652 7 |

86

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT1312:** | Takes forever | KRKN_00000008; KRKN_00000020. | | |
| | | **KT2046:** | Got it | | | |
| | | **MT1312:** | Ok | *See* Indictment ¶¶ 32, 33 | | |
| | | | On way | | | |
| | | **MT1312:** | I'm like pals with this guy now | | | |
| 139 | 3/30/19 | **KT2046:** | Image of Sand Hill Form 1099-MISC for tax year 2017 from NAC (Scan Mar 24, 2018 at 16.13.pdf) | See above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | | SW_FIL_0032652 8-SW_FIL_0032652 9; SW_FIL_0032653 1; SW_FIL_0032653 2-SW_FIL_0032653 4 |
| | | **Kley(MT):** | Ingot 2400 | | | |
| | | **KT2046:** | BofA- $2,400 cash | | | |
| | | | Name: BITVALUE INC | | | |
| | | | Account No: [x]1805 | Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. KRKN_00000008; KRKN_00000020. | | |
| | | | California | | | |
| | | | Please write: | | | |
| | | | "No refunds for bitcoins purchased on localbitcoin.com" | | | |
| | | | Got it? | | | |
| | | **KT2046:** | What does that mean | | | |
| | | **KT2046:** | You said there are two people in line | | | |
| | | | [. . . .] | *See* Indictment ¶¶ 32, 33 | | |
| | | **Kley(MT):** | Do we need job to send more money | | | |
| | | **Kley(MT):** | How much more | | | |
| | | **Kley(MT):** | I don't know if he will but I have to start this weekend on it | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them) | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | The problem is we need that btc that's jammed on Kraken | | | |
| | | **KT2046:** | I don't want to talk | | | |
| | | **Kley(MT):** | I won't get it until Monday | | | |
| | | **KT2046:** | It sounds like you're totally not in control of the process | | | |
| | | **KT2046:** | Your chats with them are crazy | | | |
| | | **KT2046:** | It's critical I get the money back! | | | |
| | | **Kley(MT):** | What do you mean | | | |
| | | **KT2046:** | You sound crazy | | | |
| | | **Kley(MT):** | Even after that we need more money | | | |
| | | **Kley(MT):** | We need jon to send more | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | KT2046: | What are you talking about | | | |
| | | KT2046: | You've already planned that I'm going to lose 20K | | | |
| | | KT2046: | Thanks | | | |

**April 2019**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 140 | 4/3/19 | KT2046: | Pls let me know what's going on | On April 4, 2019 $11,250 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7004 2019.04.03 (NAC_00000556), as charged in Count 11 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. [NAVY_00000046]<br><br>At the time there was talk about NAC switching banks to HSBC from Signature Bank | A, G, H, K, N | SW_FIL_0032655 2- SW_FIL_0032657 57; SW_FIL_0032656 60 |
| | | KT2046: | I'm just trying to hope for good news | | | |
| | | KT2046: | Pls don't tell me bad news | | | |
| | | Kley(MT): | He's sending 9900. Its complicated I have to add it to an old invoice that's already in teh system, has to be less than 10K, prepayment for a subscription etc. | | | |
| | | Kley(MT): | But he's sending | | | |
| | | Kley(MT): | It was tough | | | |
| | | Kley(MT): | So we'll have another 9900 tomorrow | | | |
| | | KT2046: | From what account | | | |
| | | Kley(MT): | I know its not perfect but its something | | | |
| | | Kley(MT): | I don't know | | | |
| | | KT2046: | From where | | | |
| | | KT2046: | To whom | | | |
| | | KT2046: | From what account | | | |
| | | Kley(MT): | To [PM] not sure from what account | | | |
| | | KT2046: | What??? | | | |
| | | KT2046: | Find out | | | |
| | | Kley(MT): | Prepaid subscription | | | |
| | | KT2046: | Is it actually going to [PM] | | | |
| | | KT2046: | Confirm what bank he's sending from | | | |
| | | KT2046: | If signature is closed | | | |
| | | Kley(MT): | He said the mandate is to use HSBC exclusively but they have not yet closed signature but the mandate is to not really use it so he said he has it handled internally but this is it because it will become obvious | | | |
| | | Kley(MT): | Or just impossible | | | |
| | | KT2046: | What does that mean!!!! | | | |
| | | KT2046: | Then we need to get more | | | |

**Government's _James_ Log**
**_United States v. Tew_, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|-----------------|--------|
| | | KT2046: | Like pay the 37.5 | _See_ Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them)<br><br>See above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | KT2046: | And we are free | | | |
| | | KT2046: | Just pay an invoice twice | | | |
| | | KT2046: | Don't create a new one | | | |
| | | Kley(MT): | He won't do it | | | |
| | | Kley(MT): | I can't fight all day together about this | | | |
| | | | [ . . . .] | | | |
| | | KT2046: | Don't send new invoice | | | |
| | | KT2046: | They still obviously have a lot of money in that account | | | |
| | | KT2046: | You should text him then | | | |
| 141 | 4/3/19 | MT7473: | Let me know when free | On April 4, 2019 $11,250 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7004 2019.04.03 (NAC_00000556), as charged in Count 11 of the Indictment<br><br>_See_ Indictment ¶ 18 (alleging coordination between Michael and Yioulos on how to provide more specific descriptions of falsely claimed services on fraudulent invoices)<br><br>The two email the two invoices are at | A, G, K | SW_FIL_0034232 4 |
| | | JY1709: | Can you change this invoice at all? | | | |
| | | MT7473: | Yes what do you neeed | | | |
| | | MT7473: | Check you remail | | | |
| | | JY1709: | Perfect. | | | |
| | | JY1709: | Done | | | |
| | | MT7473: | tHANK YOU | | | |

89

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | NAC_E_00105163-4 and NAC_00000310 | | |
| 142 | 4/3/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | On April 4, 2019 $11,250 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7004 2019.04.03 (NAC_00000556), as charged in Count 11 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. [NAVY_00000046]<br><br>*See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, K, L | SW_FIL_00011496<br><br>NAC_E_105163-NAC_E_105164 |
| 143 | 4/4/19 | On April 4, 2019 J.Y. uses his business email account to forward the email he had received from [PM]@gmail.com to a NAC employee. | | A, K, L | NAC_E_65792-NAC_E_65793 |
| 144 | 4/6/19 | **KT2046:**    I need to get more btc<br>**Kley(MT):**  I can deposit the rest of the cash<br>**MT1312:**    I can come back<br>**KT2046:**    BofA- $2000 cash | Bank record show ta $600 withdrawal from the Tews joint account NFCU x848 on April 6, | A, F, G, K, N | SW_FIL_00326567-SW_FIL_00326568; |

90

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Name: [redacted business name]<br>Account # [x]3710<br>Florida<br>"No refunds for bitcoins"<br>Got it?<br>How long?<br>**Kley(MT):** Teller assist closed<br>**MT1312:** We can try for another that has it<br>**KT2046:** It's the only branch that has it right<br><br>[. . . .]<br><br>**KT2046:** Can you withdraw $600 from both of our joint account debit cards and deposit $1,200 at Wells Fargo rn?<br>**KT2046:** I transferred money in<br>**KT2046:** From my parents account<br>**KT2046:** Total: $2000<br>(1) Wells Fargo- $1100 cash<br>name:[redacted business name[<br>Account [x]9634<br>Business Address: [redacted[. MIAMI, FL 33165<br>(2) Wells Fargo - $900 cash<br>Account: [x]2392<br>Account Name: [redacted business name]<br>Acct opened in Kings Mountain, NC<br>Please write on receipt<br>"No refunds for bitcoin purchase"<br>Thank you<br>**KT2046:** Hello?<br>**Kley(MT):** Bank is not open for 20 more minutes<br>**KT2046:** Are all the banks closed rn<br>**KT2046:** Sorry<br>**KT2046:** I didn't know<br>**KT2046:** Want to try teller assist?<br>**KT2046:** Ok let me know if teller assist is open<br>**KT2046:** Ok sorry<br>**KT2046:** Can you deposit at Wells when they open | 2019 using a Wells Fargo ATM and transfers from other checking accounts. They also show a $200 transfer from an account in the name of Kimberley Tew's father.<br>[NAVY_00000046]<br><br>*See* Indictment ¶¶ 32, 33 | | SW_FIL_003265 71-<br>SW_FIL_003265 74 |

91

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | [ . . . .] | | | |
| | | **KT2046:** | Chase- $920 cash number: [x]7907 Name: [redacted business name] Florida "No refunds for bitcoins" | | | |
| 145 | 4/7/19 | **MT7473** **JY1709:** **MT7473** **JY1709:** **MT7473** **JY1709:** **MT7473** **JY1709:** **JY1709:** **MT7473** **JY1709:** **MT7473** **MT7473** **MT7473** | Can you talk later today Please let this not be about needing more money No Ok. I can talk in like 30 if that works [. . .] can you talk in a bit ? I've got like 20 min then I'm pretty tied up for the day Can you talk later like dog walk time ? No I'm with my parents for the rest of the day/night  so I've got a small window now Ok got it I literally have a screaming child Let's talk later we'll both try and carve out 10 minutes I've literally got 5-10 min now. I know you have a screaming kid, but I literally can't talk later. I'll be with the wife and parents with no free time for the rest of the day. Don't ever call me a criminal or extortionist. I understand your frustration and level of work.  We didn't have the time to get into it so I didn't have the opportunity to explain because you blew up at me. Can you kindly make a few mins to speak with me in the am. You're the only person I can talk to | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, J, K | SW_FIL_0034 23 24 |
| 146 | 4/7/19 | **KT2046:** **KT2046:** **Kley(MT):** **KT2046:** **KT2046:** **KT2046:** | I don't know why you leave right when I get btc It sounds like there's no plan with Jon He's not responding What do you want me to do You know what Why don't we just send an invoice | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them | A, G, K, N | SW_FIL_0032 65 76- SW_FIL_0032 65 77 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:**   What can he do<br>**KT2046:**   What do you think | and the Tews' role in making those requests)<br><br>The reference to just "sending an invoice" is a reference to using the PM@gmail.com account to send a quickbooks invoice for payment. Previously, the Tews had done the same with an invoice from MCG. See entries 49 and t0 above. | | |
| 147 | 4/8/19 | **MT7473:**   Can we send to an existing vendor in the system just add a bank account<br>**JY1709:**   No. We're using [PM]. I'm not gonna bring another vendor into this<br>**JY1709:**   Raises too many red flags if it's an existing vendor. 1099 issues or if they have questions regarding their account and there are issues or discrepancies in the accounts matching, we'd be screwed<br>**MT7473:**   i know you are nervous I know you can't breathe. I'm the same. I'm totally fucked if we can't do something for tomorrow. When I say fucked I mean fucked. No exaggeration. If we do something for tomorrow then we take a break and make the final invoice plan. I know you have gotten nothing - I gave you my word and I will keep it. That's part of what we are doing here.<br>**JY1709:**   Yeah but when you say something how much do you mean<br>**MT7473:**   $29,975. Just keep the invoice simple - fuel procurement. As long as it says fuel it shouldn't matter. Should keep the questions to a minimum. The airline sucks fuel every week. Multiple vendors handle it. I think simple is better in this case.<br>**JY1709:**   That's so fucking much<br>**JY1709:**   Fuel gets run through FMS. You know this<br>**MT7473:**   I know - but they still won't ask questions<br>**MT7473:**   Fuel procurement consulting - even if it says fuel on it<br>**JY1709:**   So you're saying you want $30K now, then you want another final invoice for $75K. Is that real life? | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶¶ 18, 19, 20 21, 22 (alleging various instances of coordination to make the fraudulent invoices more convincing and to more efficiently get money from NAC without getting caught) | A, E, F, G, H, I, K, L | SW_FIL_003423 24 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** I'm not breathing right now<br>**MT7473:** I know<br>**MT7473:** No - this is towards htis<br>**MT7473:** thjat<br>**MT7473:** when you submit it you say the airline needs a lot of help managing its fuel offsets right now to actually lower its average cost.<br>**MT7473:** That's why were terminating the other guy he wasn't doing anything<br>**JY1709:** I have a better plan<br>**MT1312:** Fuel modification inspection and research 75k \ Related to new aircraft \ Amount due today 40 percent due on invoice<br>**MT7473:** Can you do 50% down? I just realized. Have an overdraft<br>**JY1709:** you're joking...<br>**JY1709:** Whatever<br>**JY1709:** Sure<br>**JY1709:** $37,500...honestly, this 100% has to be the last. Like no bullshit<br>**MT7473:** Invoicing for the $75K though and we address rest later right? That was our discussion.<br>**MT7473:** confirming. That's what invoice says. It's good.<br>**JY1709:** Yes. Invoice for the 75<br>**JY1709:** 50% down<br>**MT7473:** All ok?<br>**JY1709:** Yup. Good to go<br>**MT7473:** Thank god<br>**MT7473:** Or...thank you<br>**MT7473:** You're a good man. | | | |
| 148 | 4/8/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice for $75,000, as reflected in call above directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, K, L. | SW_FIL_000115 08<br><br>NAC_E_108463-NAC_E_108464 |

94

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| 149 | 4/8/19 | On April 8, 2019 J.Y. used his business email account to forward the email he received from [PM]@gmail.com on April 8, 2019 to a NAC employee, writing<br><br>I know, I know. [C.A.] told me to pay today, but hopefully, HOPEFULLY, this is the last . . .<br><br>Full invoice is for $75,000. We just paid $37,500 today…going to try to draft the final payment out…we can book this to 50605—outside services—Contractors since it's for inspection other due diligence for new aircrafts. | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>The invoice referenced "Fuel modification Inspection and Research" "*Related to New Aircraft Acquisition" as discussed in the call above, entry 147. *See* Indictment ¶¶ 18, 19, 20 21, 22 (alleging various instances of coordination to make the fraudulent invoices more convincing and to more efficiently get money from NAC without getting caught) | A, K, L. | NAC_E_91205; NAC_E_66884-NAC_E_66885 |
| 150 | 4/9/19 | **Kley(MT):** 30 mins to bank<br>**KT2046:** I'm wondering should you just withdraw cash and buy from that guy or is he going to give you a hard time.<br>**KT2046:** Don't crash<br>**KT2046:** Map to banks (IMG_9956.jpeg)<br>**Kley(MT):** The one in lone tree but I can go to centennial<br><br>[. . . .]<br><br>**KT2046:** Bank: Bank Of America<br>Business Name: [MCG], LLC<br>Name: [M.M.]<br>Account Number: [x]5107 | On April 9, 2019 $37,500 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7101 2019.04.08 (NAC_00000557)<br><br>Bank record show that Michael and Kimberley | A, F, G, H, K, N | SW_FIL_0032658 0-SW_FIL_0032658 4 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | Wire Routing Number: [x]9593<br>[redacted address] Ridge TN 37013 | Tew received this payment directly into their joint account at NFCU x8486.<br><br>See above [X] for information on [M.M.] and [MCG].<br><br>*See* Indictment ¶¶ 32, 33 | | |
| 151 | 4/11/19 | **MT7473:**<br>**MT7473:**<br>**KT2046:**<br>**MT7473:**<br>**KT2046:**<br>**MT7473:**<br><br><br><br>**KT2046:**<br><br><br>**KT2046:**<br>**KT2046:**<br>**MT7473:**<br><br><br><br>**KT2046:**<br>**KT2046:**<br>**MT7473:**<br><br>**KT2046:**<br>**KT2046:** | I have to call [MM] too<br>Supposed to call him right now<br>You're doing your best?<br>And then I'll have to call [redacted]<br>You haven't done anything g<br>I'm going to get yelled at by you<br>By [MM]<br>By Jon<br>All day<br>That's all you care about<br><br>[. . . .]<br><br>What is up with mike and wire<br>Today<br>Working on it<br>They are on a call<br>They weren't even awake when I called originally<br>I have a call in 15 mins with them<br>Did you ask<br>Have you been texting Jon<br>Yes. Jon said he would send something he's super pissed trying to figure out how to make him feel good about it how to respond<br>What is something<br>Has to be min of 15 | On April 12, 2019 $18,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7101 2019.04.08 (NAC_00000557)<br><br>*See* above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send and the Tews' role in making those requests) | A, F, G, K, N | SW_FIL_003265 84-<br>SW_FIL_003265 87;<br>SW_FIL_003265 92-<br>SW_FIL_003265 94 |

96

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | I thought we said 10 yesterday | | | |
| | | **KT2046:** | Omg!!!! | | | |
| | | **KT2046:** | 15 and 27 | | | |
| | | **MT7473:** | The last one is 37500 | | | |
| | | **MT7473:** | If we do 15 now then the next one is 22500 | | | |
| | | **KT2046:** | Great | | | |
| | | **MT7473:** | Should I say we have a project we want to bring you on board? He's just pissed off. | | | |
| 152 | 4/12/19 | **Kley(MT):** | You need to calm down and stop threatening to cut off communication. She is not stringing you along. We need to work together.  This will all be resolved soon | These messages were sent to MM, who is not an indicted conspirator. But they show Michael Tew executing the part of the conspiracy related to engaging in financial transactions with proceeds of the fraud.<br><br>On April 12, 2019 $18,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM]  as fraudulently documented in [PM] | A, F, G, H, K., N | SW_FIL_000170 01, p. 993 |
| | | **Kley(MT):** | Mike - a substantial amount that was supposed to be here Tuesday and then gain today is arriving next week. I am going to do everything I can to make sure it is sent Monday. | | | |
| | | **Kley(MT):** | If you don't respond I assume you are going hostile We wanted to help you with your tax situation.  If I don't hear from you I assume we are not working together. | | | |
| | | **Kley(MT):** | She made promises to you because she was also promised things.  She was not stringing you along. This is the way these things go sometimes. Sometimes it's awesome and sometimes it's bad. But it's never as bad as you think. | | | |
| 153 | 4/12/19 | **KT2046:** | Bank: Bank Of America<br>Business Name: [MCG], LLC<br>Name: [M.M.]<br>Account Number: [x]5107<br>Wire Routing Number: [x]9593<br>Address:<br>[redacted]<br>Cane Ridge TN 37013 | On April 12, 2019 $18,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM]  as fraudulently documented in [PM] | A, G, H, K, N | SW_FIL_003266 03-<br>SW_FIL_003266 04;<br>SW_FIL_003266 10 |
| | | **KT2046:** | Can you send a wire of $5,000 | | | |

97

**Government's _James_ Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:**   Send $5 now?<br>**MT7473:**   Yes<br>**MT7473:**   From which account<br>**KT2046:**   Yes<br>**KT2046:**   8486<br>**KT2046:**   Will they also let you send a 5K wire to my Simple because it's to me from our Joint<br>**KT2046:**   I<br>**MT7473:**   Both wires out<br><br>            [. . . .]<br><br>**KT2046:**   I need you to withdraw $2,400 and do a cash deposit<br>**KT2046:**   I'll put it back in<br>**KT2046:**   At WF<br>**MT7473:**   Ok<br>**KT2046:**   Wells Fargo $2400 cash<br>            Name: [redacted business name] CHECKING ACCOUNT<br>            ACCOUNT #: [x]2643<br>            Florida<br>            "No refunds for bitcoins" | 7101 2019.04.08 (NAC_00000557) Bank record show that Michael and Kimberly Tew received this payment directly into their joint account at NFCU x8486. Bank records also show a wire transfer of $5,000 from that account on April 12, 2019. [NAVY_00000047]<br><br>Simple was an all-online bank. Records show an account in her name, associated with her address, her x2046 telephone number and the kley@me.com email address. SFT_00000173.<br><br>_See_ Indictment ¶¶ 23, 32, 33 | | |
| 154 | 4/13/19 | **JY1709:**   You'll have it no later than Wednesday. Please send me some btc by then too<br>**MT1312:**   [. . . .].  Please send Monday, let's get this done with, you will get what was promised.   Apologies - didn't see you called earlier.  Didn't have my phone on me. | _See_ Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>_See_ Indictment ¶ 25 (alleging that Tews | A, C, G, H, I K, N | SW_FIL_003423 24 |

98

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | gave Yioulos bitcoin as part of the fraud) | | |
| 155 | 4/16/19 | **KT2046:** | Did you not send $5,000 to my Simple? | *See* above, entry 153, for background on Kimberley Tew's Simple account | A, G, K, N | SW_FIL_003266 21-SW_FIL_003266 25 |
| | | **MT7473:** | Wasn't sure if you wanted both, I'll send it now. Teh woman on the phone was a pain in teh ass anyway. Calling now | | | |
| | | **KT2046:** | Don't worry | On April 16, 2019, $18,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7101 2019.04.08 (NAC_00000557) | | |
| | | **KT2046:** | Don't do it | | | |
| | | **MT7473:** | ok | | | |
| | | **KT2046:** | Their wire system blows | | | |
| | | **KT2046:** | Did chase get kicked back | | | |
| | | **MT7473:** | The woman was like I'm not even sure if you can send a $5,000 wire over the phone | | | |
| | | **KT2046:** | Omg | Bank records show a $5,000 wire transfers from the Tews joint NFCU account x8486 on April 16, 2019 | | |
| | | **KT2046:** | Idiot that | | | |
| | | **MT7473:** | I'm like I can I do that all the teim | | | |
| | | **MT7473:** | She's like let me check teh ryles | | | |
| | | **KT2046:** | Shit | Indictment ¶¶23, 32, 33 | | |
| | | **KT2046:** | That's how we get shut down | | | |
| | | **KT2046:** | And what did the rules say | | | |
| | | **KT2046:** | Can you grab the mail | | | |
| | | **MT7473:** | The external wire was fine | | | |
| | | **KT2046:** | I couldn't get into it yesterday | | | |
| | | **KT2046:** | Did chase pull again | | | |
| | | **MT7473:** | I didn't even ask her about yours because she was a mess this woman | | | |
| | | **MT7473:** | Tere are no more insufficient funds charges in the account, it looks like they didn't try again. I got an email reminder that a payment is due not sure if that's automated. I'll go get the mail | | | |
| 156 | 4/17/19 | **KT2046:** | Did you talk to jon | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, E, F, G, H, K, N | SW_FIL_003266 31-SW_FIL_003266 33; SW_FIL_003266 36-SW_FIL_003266 41 |
| | | **MT7473:** | Upstairs | | | |
| | | | Phone tag | | | |
| | | | We spoke for a minute and he was walking in | | | |
| | | | Calling him when I come back down | | | |
| | | | [ . . . . ] | | | |
| | | **KT2046:** | Did you talk to Jon | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** Hello?!?<br>**MT7473:** Yes - there's no money today its airline payroll and they don't; have the money [C.A.] / [L.A.] has to put money in<br>**MT7473:** Thinking tomorrow<br>**KT2046:** How much<br>**MT7473:** I told him I would call him at lunch with an update on the police<br>**KT2046:** And to what entity<br>**MT7473:** He said [C.A.] is asking questions how come we don't have any money etc<br>**KT2046:** Is he freaked out<br>**KT2046:** So maybe not good<br>**MT7473:** He's half freaked out<br>**KT2046:** Does he have a way<br><br>[. . . .]<br><br>**KT2046:** I am done<br>**KT2046:** Done with your stupid jobs that you told me would pay 15K each.<br>**KT2046:** Done having to beg for money<br>**KT2046:** I'm done<br>**KT2046:** How come no one ever just posts about me online<br>**KT2046:** I told you to take this shit with [C.F.] seriously and you didn't<br>**KT2046:** Look where we are now<br>**KT2046:** You're on a stupid call<br>**KT2046:** Don't yell at me<br>**KT2046:** Don't talk to me<br>**KT2046:** I am threatened daily<br>**KT2046:** I am done<br>**KT2046:** I wake up to threads<br>**KT2046:** I go to bed with threats<br>**KT2046:** I can make what you make in a month in 30 min<br>**KT2046:** I'm done<br>**KT2046:** Your stupid jobs screwed us<br>**KT2046:** You lied<br>**KT2046:** Said they'd pay you 15K<br>**KT2046:** You lied<br>**KT2046:** You abuse me<br>**KT2046:** You yell at all of us | *See* above, entry 33 for information about [C.F.] | | |

100

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|------------------|--------|
| | | **KT2046:** | I originally said I needed 15K | | | |
| | | **KT2046:** | Now it's 10 | | | |
| | | **KT2046:** | This happens and people get angry | | | |
| | | **KT2046:** | I actually need close to 100 in the next week | | | |
| | | **KT2046:** | We are screwed | | | |
| 157 | 4/18/19 | **KT2046:** | Do you have cash | On April 18, 2019 $18,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7156 2019.04.29 (NAC_00000974) and [PM] 7158 2019.04.29 (NAC_00000975)<br><br>Bank Records show a $240 transfer from Kimberley's father into the Tews' joint bank account at NFCU x8486. NAVY_00000056.<br><br>*See* Indictment ¶¶ 23m 32, 33<br><br>*See* above, entry 153, for background on Kimberley Tew's Simple account | A, F, G, H, K, N | SW_FIL_003266 43; SW_FIL_003266 49-SW_FIL_003266 51; SW_FIL_003266 54-SW_FIL_003266 56 |
| | | **KT2046:** | We have no money in the accounts | | | |
| | | **KT2046:** | I have $54 avail in Simple | | | |
| | | **MT7473:** | I have 80 dollars | | | |
| | | **MT7473:** | You gave me this am | | | |
| | | **KT2046:** | I just transferred $240 into our joint account | | | |
| | | | [ . . . .[ | | | |
| | | **KT2046:** | From my parents | | | |
| | | | [ . . . .] | | | |
| | | **KT2046:** | JPMorgan Chase | | | |
| | | | [redacted business] | | | |
| | | | Wire Routing Number: [x]0021 | | | |
| | | | Account Number: [x]8260 | | | |
| | | **KT2046:** | [redacted address] | | | |
| | | | Ladera Ranch CA, 92694 | | | |
| | | **KT2046:** | Can you withdraw $600 from each of your 3 debit cards and make an $1,800 cash deposit for me? | | | |
| | | **KT2046:** | It's for $1,893 so you have to get cash from one of my cards | | | |
| | | **KT2046:** | Chase- $1893 cash | | | |
| | | | Name: A[redacted business], LLC | | | |
| | | | Account # [x]3680 | | | |
| | | | New York | | | |
| | | | "No refunds for bitcoins" | | | |
| | | | [ . . . .] | | | |
| | | **MT7473:** | Photo of deposit slip (57731424640__C8F311E2-618D-4333-B61B-00B39478994C.jpeg) | | | |
| | | | [ . . . .] | | | |
| | | **KT2046:** | If someone sends 5K can you withdraw it at bank | | | |
| | | **Kley(MT):** | Yes of course | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|-------------------|------------------|--------|
| | | **KT2046:** | 1. Withdraw $600 from 5296 and other two cards NOT ending in 2863.<br>2. Withdraw $200 from card ending in 2863. | | | |
| | | **KT2046:** | Chase Bank - $2000<br>[redacted business]<br>[x]5925<br>State FL<br>"No refunds for bitcoins" | | | |
| | | **MT7473:** | Have the cash | | | |
| | | **MT7473:** | Making deposit | | | |
| | | **MT7473:** | Photo of deposit slip (57732489405__095EC057-F3CF-4C33-90B3-6F3EB44592AE.jpeg) | | | |
| 158 | 4/21/19 | **MT7473:** | So the plan is to take jons money and use it to leave ? | | A D, I, J, K | SW_FIL_00333474 |
| | | **Kley(KT):** | Here we go | | | |
| 159 | 4/22/19 | **KT2046:** | What's the update with [L.W.] | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>M.V. is Kimberley Tew's mother<br><br>Bank records show a $600 withdrawal Tews' joint bank account at NFCU x8486. NAVY_00000056; They also show a $600 withdrawal from Michael Tew's checking account at | A, D, F, G, H, K, N | SW_FIL_00326676-SW_FIL_00326685 |
| | | **MT7473:** | He said he didn't see our message until this morning | | | |
| | | **MT7473:** | What am i asking him | | | |
| | | **KT2046:** | 2500 | | | |
| | | **MT7473:** | With 10k back? | | | |
| | | **MT7473:** | Asked | | | |
| | | **KT2046:** | What did he say | | | |
| | | **KT2046:** | It would be easier to do 5K this week and 5K next week but see what he says | | | |
| | | **KT2046:** | Maybe explain after | | | |
| | | **KT2046:** | He did say he could send $2.5 today | | | |
| | | **MT7473:** | He didn't get back to me I called he didn't answer | | | |
| | | **MT7473:** | He said he would do it | | | |
| | | **KT2046:** | When | | | |
| | | **MT7473:** | Saturday | | | |
| | | **KT2046:** | Ok. I sent him a reminder for the request I sent on Saturday. | | | |
| | | **MT7473:** | Ok | | | |
| | | **MT7473:** | I made the transfer request - likely hit tomorrow. — ACH - Can you send a paypal request? | | | |
| | | **KT2046:** | What | | | |

## Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** What<br>**MT7473:** That's what he just wrote me<br>**MT7473:** I don't get it<br>**KT2046:** He can send money via PayPal<br>**MT7473:** Should I say hey I need today<br>**MT7473:** Yes<br>**MT7473:** Do you want to text him directly<br>**MT7473:** He's willing to help<br>**KT2046:** Attachment (IMG_0428) showing request to ebay@[PM].com for $2500 via paypal<br>**KT2046:** Sent request from mom's account<br>**MT7473:** Ok<br>**MT7473:** I sent him the image<br>**KT2046:** Do you think he's sending rn<br>**KT2046:** It will say from M.V.<br>**KT2046:** Got it<br>**MT7473:** He sent the money?<br>**KT2046:** Yes<br>**KT2046:** Can you withdraw $600 from our joint account using your debit and $600 from your checking account ending in 3464. Total $1,200 | NFCU ending x3494. [NAVY_00000480]<br><br>*See* Indictment ¶¶ 32, 33 | | |
| 160 | 4/23/19 | **KT2046:** image of Google Voice account details (IMG_0441.jpeg). The screenshot shows a google voice number ending x3383 and forwarded email address kley@me.com<br>**Kley(MT):** She said your discover payment will post at midnight tonight<br>**KT2046:** Did it not go through<br>**Kley(MT):** No it did, this was all unprompted, she just said here is the balance in the account and $2,000 to discover will be debiting tonight at midnight<br>**Kley(MT):** So there's like 8500 - 2000<br>**KT2046:** Can you go to bellco and withdraw $600 from our 7 debit cards and $500 from my Simple<br>**KT2046:** I transferred everything | On April 23, 2019 $18,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7156 2019.04.29 (NAC_00000974) and [PM] 7158 2019.04.29 (NAC_00000975)<br><br>Bank records show $600 withdrawals from accounts controlled by | A, E, F, G, K, N | SW_FIL_003266 88-<br>SW_FIL_003266 89;<br>SW_FIL_003266 91-<br>SW_FIL_003266 93 |

103

<p style="text-align:center"><strong>Government's <em>James</em> Log</strong><br>
<strong><em>United States v. Tew</em>, 20-cr-000305-DDD</strong></p>

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | Michael or Kimberley Tew on April 23, 219 from an ATM at Belloco. [e.g., NAVY_000000059; 00000481]<br><br>*See* above, entry 153, for background on Kimberley Tew's Simple account<br><br>*See* Indictment ¶¶ 23, 32, 33 | | |
| 161 | 4/24/19 | **JY1709:** | yeah we're good it's out | Message to Michael Tew<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, G | SW_FIL_003423 24 |
| 162 | 4/24/19 | **MT7473:**<br>**MT7473:**<br><br>[. . . .]<br>**KT2046:**<br>**KT2046:**<br>**KT2046:**<br><br>[. . . .] | I'm going to jail if I don't get you money<br>That's what you say<br><br><br>You dropped the ball on my credit card thing<br>How many cards have I lost<br>How many times did you not get paid on time | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* above, entry 86, for information about | A, B, C, E, F, G, I, J, K, N | SW_FIL_003267 03- SW_FIL_003267 33 |

<p style="text-align:center">104</p>

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | KT2046: | I'm taking you off the bank account | L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | KT2046: | Thanks for fixing my accounts | | | |
| | | KT2046: | Thanks for doing nothing | | | |
| | | KT2046: | I just lost all my btc | | | |
| | | MT7473: | Do you want me to call all of your accounts? | "GP" is short for Google Pay. "vtleycap@gmail.com" was an email address used by Kimberley Tew. Its recovery email was kley@me.com and its recover telephone number was 917-446-2046. [ORD_00019129] | | |
| | | KT2046: | Because of you | | | |
| | | [. . . .] | | | | |
| | | MT7473: | We can use whatever cash we have left | | | |
| | | MT7473: | I'll buy more | | | |
| | | KT2046: | Yeah. Go get me 2K | | | |
| | | KT2046: | Have [L.W.] send a PayPal | | | |
| | | KT2046: | Or someone send me a google pay | Records from paypal show that "teathymelady@yahoo.com" was registered in the name of Kimberley Tew's mother [PAY_00000092] | | |
| | | KT2046: | PayPal is teathymelady@yahoo.com | | | |
| | | MT7473: | I can go to mikes and get cash | | | |
| | | KT2046: | GP is vtleycap@gmail.com | | | |
| | | KT2046: | Bullshit | | | |
| | | KT2046: | [L.W.] could PayPal it | | | |
| | | MT7473: | If I ask and he says ok will you let me | | | |
| | | KT2046: | You ducked up | | | |
| | | MT7473: | [L.W.] won't do it | | | |
| | | KT2046: | You ducked us | | | |
| | | KT2046: | Yeah 5K | | | |
| | | KT2046: | Cash | | | |
| | | MT7473: | He wouldn't even respond to the other 500 we asked for | | | |
| | | MT7473: | Ok | | | |
| | | MT7473: | I'll ask | | | |
| | | KT2046: | He'll make it 25 | | | |
| | | KT2046: | Like you offered | | | |
| | | KT2046: | That's not true | | | |
| | | MT7473: | That's a different conversation. Not a one night thing | | | |
| | | KT2046: | He did reply | | | |
| | | KT2046: | I see | | | |
| | | MT7473: | He didn't reply to me | | | |
| | | MT7473: | I didn't see a reply fro Him | | | |

105

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** Ok I'll call [L.W.] | | | |
| | | **MT7473:** When can we pay him back | | | |
| | | **MT7473:** We told him all 10k tomorrow | | | |
| | | **MT7473:** I have to ask [MM] | | | |
| | | **KT2046:** You are a dead man | | | |
| | | **MT7473:** What do you mean | | | |
| | | **MT7473:** What do you mean | | | |
| | | **MT7473:** What do you mean | | | |
| | | **MT7473:** I can get cash from mike and make a btc atm deposit | | | |
| | | **MT7473:** You know he sucks st google pay | | | |
| | | **MT7473:** Calling you | | | |
| | | **KT2046:** Stop | | | |
| | | **KT2046:** You can't get cash | | | |
| | | **KT2046:** I told you what to do | | | |
| | | **MT7473:** I'm calling and asking now | | | |
| | | **KT2046:** For what | | | |
| | | **KT2046:** 10K | | | |
| | | **MT7473:** For cash | | | |
| | | **KT2046:** 25K | | | |
| | | **KT2046:** How much | | | |
| | | **MT7473:** He won't give it to me in a pinch | | | |
| | | **KT2046:** I had it all planned | | | |
| | | **MT7473:** I need a plan to pay it all back | | | |
| | | **KT2046:** How much | | | |
| | | **KT2046:** How much | | | |
| | | **KT2046:** How much | | | |
| | | **MT7473:** No more than 5 and I have to pay it all back when I get the next thing | | | |
| | | **KT2046:** How much | | | |
| | | **KT2046:** Doubt it | | | |
| | | **MT7473:** Or bits at a time | | | |
| | | **KT2046:** I don't want bits | | | |
| | | **MT7473:** I have to pay him back at least bits at a time | | | |
| | | **KT2046:** You saying you can't even get 5K | | | |
| 163 | 4/25/19 | **KT2046:** Screenshot of text message conversation with host at casino (IMG_0562.jpeg) | On April 25, 2019 $18,750 is sent via ACH to Navy Federal | A, G, K, N | SW_FIL_003267 36- |
| | | **KT2046:** Screenshot of text message conversation with host at casino (IMG_0565, | | | |

106

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | IMG_0566.jpeg, IMG_0567.jpeg) | Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7156 2019.04.29 (NAC_00000974) and [PM] 7158 2019.04.29 (NAC_00000975) | | SW_FIL_0032674 1 |
| | | **KT2046:** Screenshot of casino account summary (Screenshot_20190228-193211_Chrome.jpg) | | | |
| | | **KT2046:** Bank: Chase | | | |
| | | Account Name: [redacted[ | | | |
| | | Wire Routing Number: [x]0021 | | | |
| | | Account Number: [x]5415 | | | |
| | | Address: | Bank account record show wires of $5,000 and $5,500 from the Tews' joint bank account x8486. [NAVY_00000060] | | |
| | | [redacted address] | | | |
| | | Ladera Ranch, CA 92694 | | | |
| | | **KT2046:** And can you send $5K to my Simple | | | |
| | | **MT7473:** From joint account both? | | | |
| | | **MT7473:** I should go to [redacted] at like 8:15 | | | |
| | | **KT2046:** $5500 to Simple | *See* above, entry 153, for background on Kimberley Tew's Simple account | | |
| | | **KT2046:** No | | | |
| | | **KT2046:** That's the worst time | | | |
| | | **MT7473:** Ok what time do you think | | | |
| | | **MT7473:** You tell me | | | |
| | | | *See* Indictment ¶¶ 23, 32, 33 | | |
| | | [. . . .] | | | |
| | | **MT7473:** Wires out | | | |
| | | [. . . .] | | | |
| | | **KT2046:** 1 each of these $20. If they don't have the exact game font buy a substitute. (photo of lottery tickets IMG_0595.jpeg) | | | |
| | | **KT2046:** 3 each of these 2 dollar games.(photo of lottery tickets IMG_0596.jpeg) | | | |
| | | **KT2046:** 1 of this $10 game. No substitute.(photo of lottery tickets (FullSizeRender.jpeg) | | | |
| | | **KT2046:** From: +19174462046 Kimberley Tew Substitutes for $2/$3 games are fine. | | | |
| | | **KT2046:** Can you buy 2 each of: | | | |
| | | Powerball | | | |
| | | Mega Millions | | | |
| | | CO State Lotto | | | |

107

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------|--------|
| 164 | 4/29/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>[. . . .]<br><br>Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below email to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much. | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>There were two separate emails on this date with substantially similar content. Only invoices were different. | A, K, L | SW_FIL_0001151 2<br><br>SW_FIL_0001151 6<br><br>NAC_E_102459-NAC_E_102460<br><br>NAC_E_105452-NAC_E_105453 |
| 165 | 4/29/19 | On April 29, 2019 J.Y. used his business email account to forward the emails he had received from [PM]@gmail.com to a NAC employee, writing "Book both to 506505 please ! As you can see, invoice 7158 finally says **FINAL.**" | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶¶11, 12, 13 | A, K, L | NAC_E_64830-NAC_E_64832 |
| 166 | 4/30/19 | **KT2046:**    KT 4769 $400<br>                MT 4974 $600 | On April 30, 2019 $38,640 is sent via | A, G, H, K, N | SW_FIL_0032676 5- |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** 196tq77oNrLRTdPjqScjqaeRJi9JdUeEWq (QR Code (IMG_0863.jpeg))<br>**Kley(MT):** Can't get 600 from your 4769 card<br>**KT2046:** Marquette Federal Credit Union<br>Account: [x]0774<br>Routing: [x]2860<br>[M.V.]<br>Savings Account<br>[redacted address]<br>Marquette, MI 49855<br>$4,500<br>**KT2046:** Kimberley Tew<br>$5,500<br>(image of routing and bank account number (FillSizeRender.jpeg))<br>**KT2046:** $5,000<br>JPMorgan Chase Bank<br>Business Checking<br>Account Name: [redacted busienss name]<br>Wire Routing Number: [x]0021<br>Account Number:<br>[x]8260<br>Address:<br>[redacted addressp<br>Ladero Ranch, CA 92694<br>**KT2046:** Sorry it's Ladera Ranch (not Ladero)<br>**KT2046:** For my mom's wire make sure the note on the wire says SAVINGS ACCOUNT<br>**KT2046:** Marquette Community Federal Credit Union<br>**MT7473:** Need the account info for Marquette credit Union<br>**KT2046:** I sent it<br>**KT2046:** It's the top one<br>**MT7473:** Ok there it is<br>**MT7473:** She's saying the system won't let her send without the intermediary<br>**KT2046:** So look it up<br>**MT7473:** Routing number<br>**KT2046:** Image of wire routing instructions (IMG_0875)<br>**KT2046:** Can you ask when it will hit her account<br>**KT2046:** I don't understand | ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7156 2019.04.29 (NAC_00000974) and [PM] 7158 2019.04.29 (NAC_00000975)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. They also show a $4,500 wire and a $5,000 wire. [NAVY_00000061].<br><br>M.V. is Kimberley Tew's mother, who lives in Wisconsin.<br><br>*See* Indictment ¶¶ 23, 32, 33 | | SW_FIL_003267 69 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | Getting the fed numbers | | | |
| | | **MT7473:** | Three things got kicked back yesterday | | | |
| | | **MT7473:** | I think both our navient and the car | | | |
| | | **KT2046:** | Awesome | | | |
| | | **KT2046:** | Sent two PayPal payments ($1,500 + $1,000 = $2,500) (Screenshots of payment requests (IMG_0914.jprg and IMG_0915.jpeg) | | | |
| | | | [redacted] is paid in full plus $500 of interest | | | |
| | | **KT2046:** | Attachment | | | |
| | | **KT2046:** | PayPal: Transaction Details.pdf | | | |

**May 2019**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 167 | 5/1/19 | **KT2046:** | Did you send it | n April 30, 2019 $38,640 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7156 2019.04.29 (NAC_00000974) and [PM] 7158 2019.04.29 (NAC_00000975)<br><br>Bank record show that Michael and Kimberly Tew received this payment directly into their joint account at NFCU x8486.<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, H, K, N | SW_FIL_003267 73-<br>SW_FIL_003267 80 |
| | | **MT7473:** | Yes about 45 mins ago | | | |
| | | **KT2046:** | $2500 chase | | | |
| | | | Bank Name: CHASE Assest | | | |
| | | | Account Name: [redacted business name] | | | |
| | | | Account Number: [x]9727 | | | |
| | | | Account Type: Business Checking | | | |
| | | | Account Location:[redacted address] Miami FL 33172 | | | |
| | | | "No refunds for bitcoins" | | | |
| | | **KT2046:** | $1700 BOA | | | |
| | | | [redacted business name] | | | |
| | | | [x]8121 | | | |
| | | | Florida | | | |
| | | | "No refunds for bitcoins" | | | |
| | | **Kley(MT):** | Both chase | | | |
| | | **KT2046:** | $1,700 is Bank of America | | | |
| | | **KT2046:** | [redacted] asked how long for receipts I said 10 min for Chase and 5-10 after that for Bank of America | | | |
| | | **KT2046:** | I need you to log in to my Navy Federal to see how much is in each account | | | |
| | | **KT2046:** | Did you check my account | | | |
| | | **KT2046:** | I need your help!!! | | | |
| | | **KT2046:** | How hard is it to google what time will chase try to pull a check and print | | | |

110

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------|--------|
| | | | out a list of btc options for selling | | |
| | | **MT7473:** Chase will make funds available from non chase checks in two business days from deposit | | | |
| | | **MT7473:** Directly from the customer agreement | | | |
| | | **MT7473:** I have all the btc atm information | | | |
| | | **KT2046:** When will they pull though | | | |
| | | **MT7473:** We have until 8pm to cash out up to 5k and 2k plus 3k two diff locations and the other one up to 4500 24 hours | | | |
| | | **KT2046:** Sam is supposed to help me sell 8K tonight via Zelle | | | |
| | | **KT2046:** I'm worried the check is going to bounce | | | |
| | | **KT2046:** But when you make credit card payments to chase it takes forever to clear vs my discover card | | | |
| | | **MT7473:** Chase is two -3 business days to clear funds on an ach which is same like check | | | |
| | | **MT7473:** But I wouldn't risk it | | | |
| | | **MT7473:** Up to you | | | |
| | | **KT2046:** Ok but how am I supposed to deposit now? | | | |
| | | **KT2046:** Your advice to not risk it | | | |
| | | **MT7473:** What do you want to do | | | |
| | | **MT7473:** I don't understand | | | |
| 168 | 5/2/19 | **KT2046:** I'm transferring like $300 to our joint let's get north | Bank records $300 transfer into the joint account at NFCU x8486. At one point in the day the balance had gone down to approximately $500. [NAVY_00000063]. | A, G, H, K, N | SW_FIL_003267 83- SW_FIL_003267 89 |
| | | **KT2046:** Transferred $450 to our joint | | | |
| | | **MT7473:** Give you more time | | | |
| | | **KT2046:** Sure last time it took forever | | | |
| | | **KT2046:** Whatever you're doing is not important | | | |
| | | **KT2046:** I need your help with this shit | | | |
| | | **MT7473:** I'm on with your mom | | | |
| | | **MT7473:** She's at he bank | | | |
| | | **KT2046:** She needs to call PayPal to cancel this $1,500 | | | |
| | | **KT2046:** Echeck | | | |
| | | **KT2046:** Where are they wiring | | | |
| | | **KT2046:** Into what account | | | |
| | | **KT2046:** KT *4769 $400 | | | |
| | | KT *9396 $600 | | | |
| | | $1,000 total | | | |
| | | Cash deposit at Bank of America | | | |

111

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | KT2046: | BofA- $1000 cash only<br>name: [redacted business name]<br>Acct# [x]6873<br>Minnesota<br>"No refunds for bitcoins purchased on localbitcoins.com"<br>Got it? | | | |
| | | KT2046: | You're not going to like this idea but what do we have to lose. We need to get an ACH sent out today (also on Monday). The one today for as much as possible. If you can make that happen I'll fix all our issues this weekend. I promise. | | | |
| | | MT7473: | Photo of deposit slip (57851141279__B2391E24-A54D-4AE7-916A-F2C061449BEB.jpeg) ($1,000 deposit of 10 $1000 bills into Bank of America Account) | | | |
| | | KT2046: | Can you check our joint account to make sure there is $800 in there? | | | |
| | | Kley(MT): | 828.90 and i pushed my att to Monday thats the latest I can push it | | | |
| | | KT2046: | [redacted name] 4_10_2019 copy.xlsx | | | |
| 169 | 5/6/19 | MT7473: | Jon just said the plan is to pay all of it at once tomorrow and he will call me later | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, D, F, G, H, K, N | SW_FIL_003268 05- SW_FIL_003268 10 |
| | | MT7473: | I know you don't want to wait, I'll talk to him at luch | | | |
| | | MT7473: | I still have $43 of stellar we can convert to BTC | | | |
| | | KT2046: | Ok you can do that on the blockchain wallet app where the stroller is by going to exchange. | | | |
| | | MT7473: | Yes I can do I ton my phone convert to BTC and send to you through my blockchain wallet. Work? | | | |
| | | KT2046: | Yes | | | |
| | | MT7473: | I have the btc | | | |
| | | | [. . . .] | | | |
| | | KT2046: | 3Q4BLjZG85Y2fnodvZsSTd5LSeV476HkyQ | | | |
| | | KT2046: | Did you text Jon | | | |
| | | MT7473: | yes | | | |
| | | MT7473: | He said all tomorrow but is calling me at lunch | | | |
| | | KT2046: | What does that mean | | | |
| | | KT2046: | He won't send anything today | | | |

112

## Government's *James* Log
### United States v. Tew, 20–cr–000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | I'll know in the next 30 minutes | | | |
| | | **KT2046:** | How are we going to manage the next 2 days | | | |
| | | **KT2046:** | He said all tomorrow | | | |
| | | **KT2046:** | Did you send the BTC | | | |
| | | **KT2046:** | Wake up | | | |
| | | **KT2046:** | 3Q4BLjZG85Y2fnodvZsSTd5LSeV476HkyQ | | | |
| 170 | 5/7/19 | **MT1312:** | How are you in 40 mins<br>Just getting going | On May 8, 2019, $49,750 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7156 2019.04.29 (NAC_00000974) and [PM] 7158 2019.04.29 (NAC_00000975)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486.<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, F, G, H, K | SW_FIL_00342324 |
| | | **JY1709:** | Works | | | |
| | | **MT1312:** | Ok wait - confirming the amounts.  $19890 + $49750 | | | |
| | | **MT1312:** | ? | | | |
| | | **JY1709:** | Yes | | | |
| | | **MT1312:** | done.  Thank god. | | | |
| | | **JY1709:** | Both ACHs are out. WE ARE DONEEEEEEE | | | |
| | | **MT1312:** | THANK YOU | | | |

113

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| 171 | 5/8/19 | **KT2046:** [redacted name]e 4_10_2019 copy.xlsx<br>**KT2046:** I need you to call to do a 5K wire to [redacted business] and 5.5K to my Simple<br>**KT2046:** Nm. I am doing both now.<br>**KT2046:** What is [redacted] Zelle<br>**MT7473:** [redacted telephone number]<br>**KT2046:** Are you doing the wire for my mom<br>**KT2046:** For 5K?<br>**MT7473:** If you want yes<br>**MT7473:** What are we doing about [L.W.]. You tell me<br>**KT2046:** I will know later today<br>**KT2046:** I need to get the wire out to my mom savings<br>**KT2046:** 5K<br>**MT7473:** Ok. If he asks - he hasn't yet but I'm sure he will - i'll let him know<br>**MT7473:** I know you're under a lot of pressure but I dd tell him we would send him $ today<br>**KT2046:** I'm locked out of Navy Federal<br>**MT7473:** me too but I'm getting the wire out to kraken now<br>**MT7473:** 9K<br>**MT7473:** after that I see only 16750 in the shared, 6K in my 3494, and 6K in my 5336 left<br>**KT2046:** I'm locked out!!<br>**KT2046:** Can you log in<br>**MT7473:** I can log in to see the high level but after that it says we need to call because of the high level fo transactions. Getting this wire out before I ask them<br>**MT7473:** I cannot log into individual accounts<br>**KT2046:** You can't see anything<br>**KT2046:** Nothing<br>**KT2046:** High level<br>**KT2046:** Dude<br>**KT2046:** Did they close us<br>**MT7473:** kraken is out<br>**KT2046:** Still need to get 6K out to my mom so maybe we have to go to branch<br>**KT2046:** Can you look at historically what time we sent fiat and when it was available on Kraken<br>**MT7473:** Screenshot of wire times (Messgages Image(3094148752).jpeg) | x3494 is an account at NFCU on which Michael Tew was sole signatory.<br><br>x5336 is an account at NFCU on which Michael Tew was sole signatory. Bank records show a $9,000 wire from that account on May 8, 2019. [NAVY_0000483]<br><br>Bank record show a $5,000 withdrawal by wire from the Tews' joint account at NFCU x8486. [NAVY_0000064-65]<br><br>Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. KRKN_00000008; KRKN_00000020.<br><br>*See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, F, G, H, K, N | SW_FIL_003268 15- SW_FIL_003268 16 |

114

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** Screenshots of emails of wire confirmations (IMG_1245.jpeg, IMG_1244.jpeg, IMG_1243.jpeg) (a receipt for $5,000 on x3494 account related to [M.M.]] <br> **KT2046:** Screenshots of emails of wire confirmations (IMG_1248.jpeg) (a $1,000 receipt for a wire from x3494) <br> **KT2046:** Screenshots of emails of wire confirmations (IMG_1243.jpeg) <br> **KT2046:** Screenshots of emails of wire confirmations (IMG_1244.jpeg) <br> **KT2046:** Screenshots of emails of wire confirmations (IMG_1245.jpeg) <br> **KT2046:** Screenshots of emails of wire confirmations (IMG_1246.jpeg) (a $1,000 receipt for a wire from x3494) <br> **KT2046:** Screenshots of emails of wire confirmations (IMG_1250.jpeg) <br> **MT7473:** Screenshot of wire times  (Messages Image(3284434332).jpeg0 <br> **KT2046:** Attachment – PDF (record of $35,000 wire transfer from NFCU) <br> **MT7473:** I cannot find your mom's wire instructions anywhere do you mind resending <br> **MT7473:** Got it never mind <br> **KT2046:** Pls come back soon <br> **MT7473:** Coming now <br> **KT2046:** I need you to send 5K out to [redacted business name] from our joint <br> **KT2046:** Business Checking: <br> Bank: JPMorgan Chase <br> Account Name: [redacted business name] <br> Wire Routing Number: [x]0021 <br> Account Number: <br> [x]8260 <br> Address: <br> [redacted address] <br> Ladera Ranch, CA 92694 <br> **KT2046:** Run <br> **Kley(MT):** To his Persobalbor business <br> **KT2046:** It says BUSINESS <br> **Kley(MT):** Out <br> **KT2046:** [redacted]'s Zelle receipt <br> **MT7473:** Kraken hit <br> **KT2046:** 149c4qZoRMKQBBa3tSfiMkQ7y7VBhfKfjK | *See* Indictment ¶¶ 23, 32, 33 | | |

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 172 | 5/9/19 | **KT2046:** | Chase<br>$4700 cash chase<br>Name: [redacted business name]<br>ACCOUNT # [x]1356<br>Florida<br>"No refunds for bitcoins"<br>Got it? | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, F, G, H, K, N | SW_FIL_003268 27- SW_FIL_003268 36 |
| | | **Kley(MT):** | Attachment | *See* Indictment ¶¶ 23, 32, 33 | | |
| | | **MT7473:** | At bank what am I getting | | | |
| | | **KT2046:** | $15K | | | |
| | | **KT2046:** | Or $20? | | | |
| | | **KT2046:** | Going to deposit $12K | | | |
| | | **MT7473:** | It's up to you how much you want you have left for Vegas or whatever plus whatever we're doing with [L.W.] | | | |
| | | **MT7473:** | Have cash | | | |
| | | **KT2046:** | Ok head to chase | | | |
| | | **KT2046:** | Please deposit the correct amount to the correct account (you are a customer making business payments so this is 100% normal):<br>2 CHASE business accounts:<br>Total: $9000.00<br>(1) $3,733.00 chase<br>number: [x]7907<br>Name: [redacted business name]<br>Florida<br>(2) $5,267 cash<br>Name: [redacted business name]<br>Account # [x]5257<br>Address: [redacted address], Miami Florida<br>(1) GET A SEPARATE RECEIPT FOR EACH DEPOSIT<br>(2) WRITE "NO REFUNDS FOR BITCOINS" on each receipt<br>Got it? | | | |
| | | **KT2046:** | Going to deposit $9K now and he has a $3K one we can do at Bank of America later if | | | |
| | | **MT7473:** | Ok so 14k right | | | |
| | | **MT7473:** | Photo of deposit slip (57911483661__BC99071E-C18B-43CD-8C2D-0FE26B65C288.jpeg) ($5,267 deposit into Chase) | | | |
| | | **MT7473:** | Photo of deposit slip (57911484245__AA152E06-2796-470D-AD6F- | | | |

116

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | 0944C48C8FCD.jpeg) ($3,733 deposit into Chase) | | | |
| | | **KT2046:** | (1) BOFA BUSINESS - $1000<br>NAME: [redacted business]<br>ACC: [x]6551<br>FL 33166<br>(2) BOFA BUSINESS- $5000<br>[redacted business name]<br>ACC: [x]1173<br>FL 33166<br>On each:<br>"No refunds for bitcoins"<br>Got it? | | | |
| | | | [. . . .] | | | |
| | | **Kley(MT):** | Photo of deposit slip (57912263319__5CB36C40-44B5-42D6-854D-643DE3936EF9.JPG) ($5,000 deposit into Bank of America) | | | |
| | | **Kley(MT):** | Attachment | | | |
| | | **KT2046:** | Did they ask for bank statements | | | |
| | | **Kley(MT):** | Wells and I see Zelle, but never used it. | | | |
| | | **Kley(MT):** | From [L.W.] | | | |
| | | **KT2046:** | Don't tell him money hit ask for Wells info | | | |
| | | **KT2046:** | You sent the same receipt twice | | | |
| | | **KT2046:** | From: +19174462046 Kimberley Tew<br>Need 1K receipt | | | |
| | | **KT2046:** | Photo of deposit slip (IMG_1299.jpeg)<br>Status: Read<br>Need 1K receipt | | | |
| | | **KT2046:** | Photo of deposit slip (IMG_0280.jpeg) | | | |
| | | **KT2046:** | Photo of deposit slip (IMG_1293.jpg) | | | |
| | | **KT2046:** | Photo of deposit slip (IMG_1297.jpeg) | | | |
| 173 | 5/10/19 | **KT2046:** | Don't freak out on me. Jon used to do the ACH himself. I don't know why he's handing them to a AP other than to set us up. Tell him I got screwed on a btc deal. He needs to pay that invoice himself today again. I can't do this anymore. We have to pay [L.W.] and my people are cashing out soon. | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them | A, D, F, G, H, I, J, K, N | SW_FIL_003268 37- SW_FIL_003268 49 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** Don't tell him a story. Tell him to just pay the invoice again himself and we will buy bitcoin split in 1/2. Ask if he can hold ours until it hits 10K.<br>**KT2046:** He can pay the invoice himself<br>**KT2046:** By the way I see you doing WAY MORE than $5K of work for [redacted]. You convinced me it was a good opportunity because he would pay you $15k a month. Don't come out here and yell at me.<br>**KT2046:** Who is [redacted[<br>**Kley(MT):** Yeah I am recutting my deal with them. Its totally a shitty deal. I have discussed with Mike already. he just got back yesterday and he has the flu for 9 days. I need to talk to him in person - this is not what I signed up for. And he knows it<br>**Kley(MT):** She's the head accounting / sales / person at [cannabis company]<br>**KT2046:** Heard that more than once. You'll come back with some equity bs.<br>**KT2046:** You will never take responsibility<br>**Kley(MT):** I need to find MORE jobs or more work somewhere<br>**Kley(MT):** asap<br>**Kley(MT):** I'm working on that<br>**Kley(MT):** It takes tie<br>**KT2046:** You've said that since June. Almost a year.<br>**KT2046:** Leave me alone. I'm working. stop texting.<br>**Kley(MT):** Ummmm we had national at that time I had no time<br>**KT2046:** Stop<br>**KT2046:** You are costing me money<br>**KT2046:** I don't need 70<br>**KT2046:** Get 1/2<br>**KT2046:** I need you to pull out $600 from my 4 debit cards and $600 from your 0816 card. And $500 from Simple. That's $3,500.<br>**KT2046:** Deposit is at Bank of America<br>**KT2046:** When can you go<br>**KT2046:** Hello<br>**KT2046:** You are crazy. Our neighbors can hear you.<br>**MT7473:** 2863 not working<br>**MT7473:** Have the rest of the money<br>**KT2046:** BofA- $3500 cash only<br>Business name: [redacted name]<br>Acct# [x]6873<br>Minnesota | and the Tews' role in making those requests)<br><br>Michael Tew was performing work for cannabis companies at this time.<br><br>*See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>Bank records show a $600 transfer into the NFCU joint bank account x8486. [NAVY_0000065] | | |

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | "No refunds for bitcoins" | | | |
| | | **KT2046:**    Try your debit | | | |
| | | **MT7473:**    I might be able to get the 19k | | | |
| | | **KT2046:**    For the joint | | | |
| | | **MT7473:**    It's under 20k | | | |
| | | **MT7473:**    Just if i say don't ask any questions I need it and you'll get your bitcoin | | | |
| | | **MT7473:**    It's under 20k just send it and we'll finalize al invoices Monday | | | |
| | | **MT7473:**    What do you think | | | |
| | | **KT2046:**    Did you get the $3,500 | | | |
| | | **MT7473:**    Yes | | | |
| | | **KT2046:**    Is there a line? | | | |
| | | **MT7473:**    Moved 600 from 3494 into joint | | | |
| | | **MT7473:**    At the teller | | | |
| | | **MT7473:**    Photo of deposit slip (57919783239__B6089896-6A1C-42CC-BF05-ADCFCB9C2219.jpeg) | | | |
| | | | | | |
| | | [. . . .] | | | |
| | | | | | |
| | | **KT2046:**    Where are you | | | |
| | | **KT2046:**    I can't reach you | | | |
| | | **KT2046:**    Tried you 100x | | | |
| | | **KT2046:**    Total: $2400 | | | |
| | | (1) Wells Fargo $1698 cash | | | |
| | | Name: [redacted business name] | | | |
| | | Account # [x]8158 | | | |
| | | Florida | | | |
| | | (2) $702 cash | | | |
| | | Name: [redacted business name] | | | |
| | | Account # [x]3114 | | | |
| | | Florida | | | |
| | | On each write: | | | |
| | | "No refunds for bitcoins" | | | |
| | | Got it? | | | |
| | | **MT7473:**    Just got here getting the cash | | | |
| | | **MT7473:**    Photo of Deposit slip (57921958813__14E31911-C945-461C-8893-C003D3FB484C.jpeg) | | | |
| | | **MT7473:**    Photo of deposit slip (57921959376__36A74FC0-9AB6-4B4F-B68A- | | | |

119

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | 1AB7A878C76C.jpeg) | | | |
| | | **MT7473:** | In car on way back | | | |
| 174 | 5/10/19 | **MT1312:** | I need you to resend the original $39,780 Asap for Monday. This is for the ACTUAL [PM]. I know you are going to be pissed and angry, but no fucking around. Too much risk associated with [PM] and he started asking a lot of questions because of that one $20K that hit his account directly. If you can resend that $39K today for Monday, we'll finalize all of hte invoices on Monday and be done with this all. No loose ends. Just trust me - not worth discussing. | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>See entry 134 above, reflecting discussions regarding $20,250 payment from PM that was directed to L.W.'s bank account at Access Bank. NAC_00000308. | A, F, G, H, I K | SW_FIL_003423 24 |
| | | **MT1312:** | Ok - I can't get him on the phone this very second, but I know that $40K will do it, that was what we discussed. Here is what we will do - send to the SAME account, when he knows I have the funds I 'll get him to sign the NDA / non disparagement / release document and he will get his Money on Monday once it hits my account. | | | |
| | | **MT1312:** | Its the safest play. | | | |
| | | **MT1312:** | I WILL talk to him today and resolve this. You have my word. | | | |
| | | **MT1312:** | Teh rest of that other stuff is already done. | | | |
| | | **JY1709:** | Send $40K to your account??? | | | |
| | | **MT1312:** | I promise you . I'm not going to touch it. Its to resolve this matter. I will send it directly to him. once ih ave hte docs signed. He's not a shakedown artist, he just needs t one quieted. | | | |
| | | **MT1312:** | I wouldn't say unless I KNEW | | | |
| | | **JY1709:** | 40 fuckin thousand. Unreal | | | |
| | | **MT1312:** | Everyone gets $ except us | | | |
| | | **MT1312:** | Time to move on | | | |
| | | **MT1312:** | Ha. And what about the BTC??? | | | |
| | | **MT1312:** | Like I was supposed to have that too but I see that's not happening either | | | |
| | | **MT1312:** | Whatever | | | |
| | | **MT1312:** | Yes we're sending that. As agreed. All of our agreements stand. | | | |
| | | **J.Y:** | $40K is out. | | | |
| | | **JY1709:** | $40K even | | | |
| | | **MT1312:** | ok. I'll take care of it with him, you have my WORD. Then we never have to deal with it AGAIN. guaranteed. | | | |
| | | **MT1312:** | Enjoy the weekend ad have like 20 beers for me **JY1709::**    All good. | | | |
| | | Have a |     good weekend | | | |

120

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 175 | 5/15/19 | MT1312: | Can you send $19K - the last 19K - to close out [PM] situation. urgent or I wouldn't ask. | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A,C, E, F, G, H, I, K, J, N | SW_FIL_003423 24 |
| | | MT1312: | He's holding me up and its not a good person to be on wrong side with. AND I can get you 2BTC asap. I know you don't care, but you will. Look where it's headed. | | | |
| | | JY1709: | Jesus Christ | | | |
| | | MT1312: | Trust me I know. Just try not to think too much about it...I'm not. I'm just trying to protect the situation. | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | | |
| | | JY1709: | WERE ALMOST AT $1MM | | | |
| | | MT1312: | let's talk about auditors and accounting tonight. | | | |
| | | MT1312: | After work | | | |
| | | JY1709: | this is the 8th payment to PM in the past 30 days. Over $200K | | | |
| | | JY1709: | And I still don't have a fucking piece of Btc. You've said this is the last one a million times | On May 16, 2019, $19,900 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7201 2019.05.13 (NAC_00000558) | | |
| | | JY1709: | Youve given me your word a million times | | | |
| | | MT1312: | I don't have anytin neither. I know. | | | |
| | | JY1709: | You've lied to me a million times | | | |
| | | MT1312: | I haven't lied to you. I've told you what I promised. | | | |
| | | JY1709: | So why would I trust you now?? | | | |
| | | MT1312: | I'm not lying. I'm not | | | |
| | | JY1709: | Hahahaha until next week | | | |
| | | JY1709: | When you ask for more | | | |
| | | JY1709: | and the week after | Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. [NAVY_00000067] | | |
| | | JY1709: | And the week after | | | |
| | | JY1709: | Like if you have no BTC, how can you get me 2 ASAP? Makes zero sense. | | | |
| | | JY1709: | Until you say, ooooo can you send it back??? | | | |
| | | MT1312: | No I mean I haven't gotten anything out of all this - I'm not saying we don't ave it. And of course not going to ask for it back | | | |
| | | JY1709: | Well you have every other time. Look I know I don't know what you're dealing with, but this is fucking bullshit. You desperately needed $40K Friday, now $19K what's to say you won't need more ??????? | | | |
| | | JY1709: | Seriously though??? | | | |
| | | JY1709: | i'm not stupid and I'm not greedy. This is not about any of that. | | | |
| | | JY1709: | And if you have 2BTC to send ASAP, then why do you need $19K???? | *See* Indictment ¶ 25 (alleging that Tews | | |
| | | MT1312: | firstly [L.W.] doesn't use BTC. he hates it. Secondly I don't have the 2BTC - Kimberley is going to get it for you. I wish I had 2 BTC! | | | |
| | | JY1709: | How tho?? How does that even make fucking sense??? | | | |

121

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|---------------|---|---------------------|-------------------|--------|
| | | MT1312: | she has other investors, legitimate wealthy guys that are buying BTC through her right now.  Its weird to explain but they are too old to use the exchanges. | gave Yioulos bitcoin as part of the fraud) | | |
| | | MT1312: | Totally separate from any of this.  NY people.  Not my people, I don't know any of them.  Its her own thing. | | | |
| | | MT1312: | She can get it. | | | |
| | | MT1312: | I'm keeping her away from all this | | | |
| | | JY1709: | ?????????? | | | |
| | | MT1312: | what does question mean sorry - we're both smart people.  In some ways you're smarter than I am.  We need to think about this analytically and put it behind us. | | | |
| | | JY1709: | Why aren't you answering?? Which account? This is the fucking last and I mean it, the fucking last time. I can't do this anymore | | | |
| | | JY1709: | Which PM account? The real one or yours? | | | |
| | | MT1312: | AT&T is gone from my building!  Its fucked up | | | |
| | | MT1312: | Send to mine, nothing to him until I have his signature | | | |
| | | MT1312: | Only FaceTime audiotapes | | | |
| | | MT1312: | Audio | | | |
| | | MT1312: | Like overnight - zero cars | | | |
| | | MT1312: | Send like $19,650 and we'll talk tonight to get the invoices straight.  We have to hav the right PNL allocations | | | |
| | | JY1709: | I just sent it..19,900 | | | |
| | | MT1312: | Perfect!!!  What time are you free later. | | | |
| | | JY1709: | Lets talk tomorrow morning if you can | | | |
| | | JY1709: | Tonight I'm swamped | | | |
| | | MT1312: | Yeah that's no problem | | | |
| | | MT1312: | Got. it | | | |
| 176 | 5/20/19 | MT7473: | 58008834271__63E3E49D-94D1-476D-B27B-A89F4C5D4B14.jpeg 37QcAzceV4SaCVd5YWXAiqDYMbGRGnX3Yw | Bank records show a $1,200 transfer from Michael Tew's account x3494 to Kimberley Tew. [NAVY_00000491. | A, G, H, K, N | SW_FIL_00342323; |
| | | MT7473: | Call me all cards saying we are at limits | | | |
| | | MT7473: | Have not tried the 9396 cars | | | |
| | | MT7473: | Nothing!!!! | | | SW_FIL_00326907- SW_FIL_00326912 |
| | | | Ok | | | |
| | | | One sec | | | |
| | | | Deposit $1,220 into that account | Bank records also show a transfer of money | | |
| | | MT7473: | Ok I'm so sorry | | | |

122

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | Our cards are all jammed up | from an account in the name of Kimberly Tew's father to the NFCU joint account x8486 and transfer from a checking account, followed by multiple withdrawals at different ATMs. [NAVY_00000081] | | |
| | | | Is nothing coming in money | | | |
| | | | No | | | |
| | | **MT7473:** | I have to pressure him in the am very hard | | | |
| | | | Great | | | |
| | | **MT7473:** | Have cash | | | |
| | | | | | | |
| | | | [. . . .] | | | |
| | | | | | | |
| | | **KT2046:** | We are screwed | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | | |
| | | **KT2046:** | Was planning on money tomorrow | | | |
| | | **KT2046:** | Unless we can get a PayPal | | | |
| | | | | | | |
| | | **Kley(KT):** | 17Vmtxwpzq3P5DF4TDbNUdbD818rLMZhvu (QR Code (IMG_2783.jpeg)) | | | |
| | | **MT7473:** | Have cash headed to atm now | | | |
| | | **Kley(KT):** | Let me know when you're done there | | | |
| | | **MT7473:** | Screenshot of btc atm (58002081783__2978C29C-8921-4CAD-A3EF-87689FE223F8.jpeg) ($2,200 deposit into KBTEller.com) | *See* Indictment ¶¶ 23, 32, 33 | | |
| | | **MT7473:** | Screenshot of btc atm (58002083092__CD51B77C-9AFF-4F16-B5FC-57A5BBE1721E.jpeg) ($2,200 deposit into KBTEller.com) | | | |
| | | **MT7473:** | On way back | | | |
| | | **Kley(KT):** | Bank of America- $2420 cash | | | |
| | | | Business: [redacted business name] | | | |
| | | | Account # [x]6832 | | | |
| | | | Sacramento, California | | | |
| | | | Please write "no refunds for bitcoin purchase" on receipt and TEXT ME A COPY of the receipt | | | |
| | | | Got it? | | | |
| | | | Status: Sent | | | |
| | | **Kley(KT):** | It's for $2,420 | | | |
| | | **MT1312:** | Ok | | | |
| | | **Kley(KT):** | Shit it's 3:30 | | | |
| | | **Kley(KT):** | Did you think of something for Jon | | | |
| | | **MT1312:** | Funds are in joint account you can move them | | | |
| | | **Kley(KT):** | Jon?? | | | |
| | | **Kley(KT):** | Nothing tomorrow | | | |

123

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT1312:** photo of deposit slip (58007589604__D2F021F0-A806-456A-9770-4C2451679744.jpeg)<br>**Kley(KT):** It's in your 3464 account<br>**MT7473:** Forgot your moms pin<br>**Kley(KT):** [redacted pin]<br>**MT7473:** All set have cash | | | |
| 177 | 5/21/19 | **MT7473.:** Photo of PayPal transfer to [M.V.] (IMG_0253.jpeg)<br>**MT1312:** Working on it<br>**KT2046:** Maybe get his wife a gift<br><br>**KT2046:** [ . . . . ]<br><br>**KT2046:** Deposit will be at Bank of America<br>**KT2046:** It looks like you pulled $600 from all my cards except 2863<br>**KT2046:** If you can withdraw $600 from joint with your card you can try to withdraw $300 from my 2863 card<br>**M.T.:** OK I have 3000<br>**M.T.:** All set<br>**KT2046:** Try to withdraw $300 from 2863<br>**M.T.:** Ok got 3300<br>**KT2046:** 1 sec<br>**KT2046:** $3,300 cash BofA / Name: [redacted name] / Account #: [x] 3993 / Florida<br><br>[ . . . . ]<br><br>**Kley(KT):** CALL ME<br>**Kley(KT):** REPLY<br>**Kley(KT):** Don't ignore me<br>**Kley(KT):** I was talking and you hung up with<br>**MT7473:** I'm trying to get Jon<br>**Kley(KT):** I'm telling everyone you are holding the crypto<br>**Kley(KT):** Try dealing with the pressure<br>**MT7473:** Ok<br>**Kley(KT):** That's what you want<br>**MT7473:** Ok | M.V. is Kimberley Tew's mother<br><br>Bank records show a $6000 ATM withdrawal from NFCU joint account x8486 [NAVY_00000083<br><br>*See* Indictment ¶¶ 23, 32, 33<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, C, G, H, I, J, K, N | SW_FIL_003423 23<br><br>SW_FIL_003269 12-<br>SW_FIL_003269 23 |

124

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **Kley(KT):** | You are a liar | | | |
| | | **Kley(KT):** | You said you were going to call Jon | | | |
| | | **Kley(KT):** | Fuck Yoo! | | | |
| | | **MT7473:** | No I didn't | | | |
| | | **Kley(KT):** | Stop!! | | | |
| | | **Kley(KT):** | You're looking at fish | | | |
| | | **Kley(KT):** | You are useless | | | |
| | | **MT7473:** | If I'm useless then why ask me to get money for you | | | |
| | | **Kley(KT):** | You're an idiot | | | |
| | | **Kley(KT):** | All the money went to you | | | |
| | | **Kley(KT):** | Don't try to pin anything on me | | | |
| | | **Kley(KT):** | You're a selfish | | | |
| | | **Kley(KT):** | Person | | | |
| | | **MT7473:** | Only when we don't have a ton of money does it come out | | | |
| | | **MT7473:** | I'm not selfish at all | | | |
| | | **Kley(KT):** | And you're trying to sabotage Jon | | | |
| | | **Kley(KT):** | Good going | | | |
| | | **Kley(KT):** | He will never talk to you again | | | |
| | | **MT7473:** | I'm not trying to sabotage it | | | |
| | | **Kley(KT):** | You lied | | | |
| | | **Kley(KT):** | You said you'd make it happen | | | |
| | | **MT7473:** | I lied about what | | | |
| | | **MT7473:** | I will | | | |
| | | **Kley(KT):** | Can you ask Mike what is the best way to pay him back? | | | |
| | | **Kley(KT):** | PayPal, cash deposit? | | | |
| | | **Kley(KT):** | Deliver him cash | | | |
| | | **MT1312:** | He says any of that is fine | | | |
| | | **MT1312:** | He doesn't care | | | |
| | | **Kley(KT):** | If you get it from dumbo we will pay him sooner | | | |
| | | | [. . . .] | | | |
| | | **Kley(KT):** | Sold another 1K. It's in our joint account. | | | |
| 178 | 5/22/19 | **MT7473:** | Ok | Bank records show wire transfers of $5,000 and $5,500 out of the | A, D, F, G, K, N | SW_FIL_003423 24; |
| | | **MT7473:** | Getting receipts now | | | |
| | | **MT7473:** | I have not spoken to Jon yet | | | |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:**    58024086352__20A2A24C-87D3-4B24-BF37-5AE696BE52CA.jpeg<br>**MT7473:**    58024086786__47B4677C-4E2F-440D-9EDD-E172C06F3659.jpeg<br>**MT7473:**    The third btc confirmed<br>**MT7473:**    Send it here<br>**MT7473:**    1HPUnjhkTnLc38MyvkJkshBnGYWYnRCAD2<br><br>              [ . . . .]<br><br>**Kley(KT):**    We need to get another wire for Friday<br>**Kley(KT):**    I played last night on drugs and lost<br>**Kley(KT):**    I need you to send 5K to [redacted business] and 5.5K to my Simple<br>**MT7473:**    You said you wouldn't do that<br>**MT7473:**    I'll send the wires<br>**MT7473:**    You still want the ticket things?<br>**MT7473:**    Am I sendinf 1:3 to wells ?<br>**Kley(KT):**    Can you come in and shut off my small iPad I need sleep<br>**Kley(KT):**    Please send those two wires for me!!!<br>**Kley(KT):**    Can you white out the address and send back to me<br>**MT7473:**    yes<br>**MT7473:**    (Payment_Receipt May 22.pdf)<br>**MT7473:**    Got 600 from your 4 accounts plus my 3 plus 500 from console<br>**MT7473:**    Simple<br>**Kley(KT):**    4700<br>**Kley(KT):**    Chase<br>**Kley(KT):**    Deposit<br>**Kley(KT):**    Chase<br>              Total $4700<br>              (1) $1715 cash<br>              number: [x]7907<br>              Name: [redacted business name]<br>              Florida<br>              (2) $2985 cash<br>              [redacted business name]<br>              Account: [x]6601<br>              Miami, FL<br>              Got it?<br>**Kley(KT):** | NFCU joint account x8486 and $600 ATM withdrawals. [NAVY_00000083]<br><br>Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. KRKN_00000008; KRKN_00000020.<br><br>*See* above, entry 153, for background on Kimberley Tew's Simple account<br>*See* Indictment ¶¶ 23, 32, 33 | | SW_FIL_0034 23<br><br>SW_FIL_0033 39<br><br><br>SW_FIL_0032 68 99-<br>SW_FIL_0032 69 40 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | https://www.blockchain.com/btc/tx/99459f81060041bb0dcc08873816286d80e77b57ca25 7f2710171634a0eb833d | | | |
| | | **Kley(KT):** | Sent 2 BTC to Kraken | | | |
| | | **Kley(KT):** | | | | |
| | | | https://www.blockchain.com/btc/tx/0f4162824b610cbb8da40e934e8bd473c779fe541de2 724653d0880904050c62 | | | |
| | | **Kley(KT):** | Sent you another coin | | | |
| | | **Kley(KT):** | 23400 | | | |
| | | **MT7473:** | Ok - unbelievable!!! Nothing confirmed yet\ | | | |
| | | **Kley(KT):** | It won't confirm for a long time like 1-2 hours | | | |
| | | **MT7473:** | The first two confirmed | | | |
| | | **Kley(KT):** | Ok sell those 2 and wire out | | | |
| | | **MT7473:** | Will do | | | |
| | | **MT7473:** | Wire submitted. 3:05 pm | | | |
| | | **Kley(KT):** | Let me know when it all confirms | | | |
| 179 | 5/28/19 | **MT7473:** | Photo of BTC ATM screen (58067022280__D8EB4E61-559F-48F1-B610-6CCA2AD8E73B.jpeg) | Bank records show a $500 transfer from Michael Tew posting on May 28, 2019 and a transfer of $900 to an account in the name of Kimberley's father [NAVY_00000085]<br><br>*See* above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, F, G, H, K, N | SW_FIL_003269 54- SW_FIL_003269 62 |
| | | **KT2046:** | WF pin is 7559 | | | |
| | | **KT2046:** | 1NzRLX1w6Aykj4937N1AyknjJR6ABt9cti (QR Code for crypto wallet (IMG_3364.jpeg)) | | | |
| | | **MT7473:** | Have cash headed to atm | | | |
| | | **MT7473:** | Photo of BTC ATM screen (58061564030__16CB2A56-60D9-4E04-8FF5-1B50B989453A.jpeg) | | | |
| | | **KT2046:** | I need more btc. But as much as you can and same address. I already have a buy lined up. | | | |
| | | **KT2046:** | Please do that before you come back | | | |
| | | **KT2046:** | Hello? | | | |
| | | **MT7473:** | Did I read you need me to go back? | | | |
| | | **MT7473:** | Sorry my timeline is all mixed up | | | |
| | | **KT2046:** | Yes | | | |
| | | **KT2046:** | You can do $500? | | | |
| | | **MT7473:** | We have $500 in cash a couple hundred in teh bank and I have $200 from yesterday so that leaves us $400 in spending money | | | |
| | | **KT2046:** | Can you deposit it all. I will cash out. | | | |
| | | **MT7473:** | i can deposit another $900 that leaves us $100 | | | |

127

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | Ok | | | |
| | | **MT7473:** | I trust you | | | |
| | | **KT2046:** | I'll get money from someone | | | |
| | | **KT2046:** | To sell | | | |
| | | **MT7473:** | You have a buyer already anyway right | | | |
| | | **KT2046:** | He's on standby | | | |
| | | **KT2046:** | I need to get more btc | | | |
| | | **KT2046:** | Can you confirm now how much Jon is sending to arrive wed | | | |
| | | **KT2046:** | I need btc | | | |
| | | **KT2046:** | [C.R.] is crazy | | | |
| 180 | 5/28/19 | **KT2046:** | Is it possible nothing is coming tomorrow | On May 29, 2019, $11,150 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7263 2019.05.30 (NAC_00000559)

Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486.

*See* Indictment ¶¶ 23, 32, 33 | A, F, G, K, N | SW_FIL_0033299 5 |
| | | **MT7473:** | $11,110 coming tomorrow. | | | |
| | | **KT2046:** | And the rest?!?! | | | |
| | | **KT2046:** | When | | | |
| | | **MT7473:** | Can't do anything until June which is next week | | | |
| | | **MT7473:** | May 31 is Friday. So we have 11,110 tomorrow, 3K from apple coming back and $5K from [redacted] Friday | | | |

128

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

**June 2019**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 181 | 6/3/19 | **JY1709:**<br>**MT1312** | Well?<br>Yes let's do it!<br>Sorry!!!<br>Thank you<br>Can we do 53500 | On June 4, 2019, $53,500 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7312 2019.06.14 (NAC_00000560), as alleged in Count 40 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486.<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, F, G, K, L | SW_FIL_003423 24 |
| | | **MT1312**<br>**JY1709:**<br>**MT1312**<br>**MT1312**<br>**JY1709:**<br>**JY1709:** | Lot of family around right now sorry<br>Yes.<br>We're on for what we diffused<br>Discussed<br>Ok great<br>It's done ✅ | | | |
| 182 | 6/3/19 | **KT2046:**<br><br>**KT2046:**<br><br><br>**Kley(MT):**<br>**KT2046:** | If we want to survive I need the money from [redacted] in Simple by 10 and something large from Jon to hit tomorrow.<br>[Redacted[ has not send the funds and it's 11:24 in NY. Like what is there problem? Do they have $? Maybe you should ask to be paid 3 months at a time because it's like this monthly.<br>Ok. I'll ask<br>You can pay rent in advance or keep the $ | Bank record show ta $1,000 transfer to an account in the name of Kimberley Tew's father and then a transfer of $1070.46 ithe account of Kimberley's father to | A, G, K, N | SW_FIL_003269 90-<br>SW_FIL_003269 92 |

129

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|--------------------|------------------|--------|
| | | **KT2046:**    If they send 3 months<br>**KT2046:**    Can you withdraw 1000 from our accounts and 200 from WF and go to atm<br>**KT2046:**    1KwCXUjaLmgkXWNHoNViHpgk45AnbtKaxp (QR code for crypto wallet (IMG_3775.jpeg))<br>**KT2046:**    I sold $1,300 | an associate of Kimberley Tew's.<br><br>The reference to NY is a reference to NAC, where it had offices and where J.Y. was working.<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* Indictment ¶¶ 23, 32, 33 | | |
| 183 | 6/4/19 | On June 4, 2019 J.Y. used his business email account to send to NAC employees invoices for [5530 JD], and [MCG], among others, writing "See attached for support for J/E [journal entry] selections. Let me know if you need anything else or need me to walk through anything with you." | *See* above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶¶11, 12, 13 | A, K, L | NAC_E_66234; NAC_E_66239-NAC_E_66246 |

130

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| 184 | 6/7/19 | **MT7473:** Photo of deposit slip (58161632358__8C734A17-CB41-4CB5-A0AF-99A6DFF8D309.jpeg)<br><br>**MT7473:** Photo of deposit slip (58161632967__D19D6305-EDEB-4FEF-BD41-66B6929C2212.jpeg)<br><br>[. . . .]<br><br>**KT2046:** Can you go to your sent emails on Sandhillrp.com and look for a few I sent to myself at kley@me.com re [redacted] and forward to vtleycap@gmail.com<br><br>[. . . .]<br><br>**KT2046:** Can you deposit that $4,200 for me at Chase?<br>**MT7473:** Ok<br>**MT7473:** Vegas?<br>**KT2046:** It's Friday<br><br>**[. . . .]**<br><br>**KT2046:** (1) $4,000.00<br>**Chase bank**<br>[redacted business name]<br>Checking [x]2133<br>Florida<br>(2) $200.00<br>Business: [Redacted]<br>Account # [x]2752<br>Address: [Redacted]<br>On each please write:<br>"No refunds for bitcoins"<br>Got it?<br>**MT7473:** Ok<br>Looking they open at 10 I'm jus going to call<br>**KT2046:** Can you go deposit these<br>**MT7473:** On way to chase<br>**KT2046:** My phone was shut off | *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>Michael Tew used the email address mtew@sandhillrp.com. Kimberley used the kley@me.com address.<br><br>Records show that Kimberley Vertanen (Kimberley Tew's maiden name) had an account with ATT ending x2697 associated with telephone number 917446-20146 (ORD_00019223)<br><br>Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | A, G, K, N | SW_FIL_00333012<br><br>SW_FIL_00327003-<br>SW_FIL_00327006;<br>SW_FIL_00327012 |

131

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | KT2046: | And I need the code sent from Simple to 7473 | | | |
| | | MT7473: | I'm so sorry<br>I will go pay | | | |
| | | KT2046: | Photo of account balances (IMG_3958.jpeg) (photo of account at ATT ending x2697 showing a negative balance of $368.43 | | | |
| 185 | 6/10/19 | KT2046: | Don't freak out. I have thought about this. I didn't lose it all. We need to get an ACH today.<br>[redacted] is all over me to see his account. Offer J 3 BTC. I have to go to Vegas. | On June 11, 2019 $28,000 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7312 2019.06.14 (NAC_00000560). That same day Kimberley Tew withdrew $15,000 as alleged in Count 43 of the Indictment<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486.<br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) *See* Indictment ¶¶ 23, 32, 33 | A, F, G, H, I, K, N | SW_FIL_0033302 0<br><br>SW_FIL_0032702 0-<br>SW_FIL_0032702 5 |
| | | MT7473: | We never sent him anything and I haven't spoken to hombre | | | |
| | | MT7473: | Him | | | |
| | | MT7473: | He's not going to trust me | | | |
| | | KT2046: | Stop with the negativity | | | |
| | | KT2046: | Please | | | |
| | | KT2046: | I need at least 30 to hit tomorrow | | | |
| | | KT2046: | I have a plan | | | |
| | | MT7473: | Can we send him half a btc today? He sent us money to buy for him. If we can send him something I can tell him we need the rest for him | | | |
| | | MT7473: | And we got robbed | | | |
| | | KT2046: | No he'll say don't worry | | | |
| | | KT2046: | And no we can't | | | |
| | | KT2046: | It takes 18 days to receive on Coinbase | | | |
| | | MT7473: | Then in need a new story | | | |
| | | KT2046: | My instant buy with debit is $50 week | | | |
| | | KT2046: | He will say just use his btc | | | |
| | | KT2046: | Photo of available balance (IMG_4218.jpeg)(photo of balance of $9.27) | | | |
| | | KT2046: | Photo of available balance  (cb.jpeg) | | | |
| | | KT2046: | Photo of available balance (Img_4223.jpeg) | | | |
| | | KT2046: | Photo of available balance (FullSizeRender.jpeg) | | | |
| | | KT2046: | Screenshot of coinbase (Image-1.jpeg) | | | |
| | | KT2046: | Can you do a cash deposit for me at Bank of America? You can transfer funds to withdraw from your 3 debit cards: $600, $600 and $200 and take out $400 with my Simple card. | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 186 | 6/12/19 | MT1312: | What are the Chances you can send something small for tomorrow 9900. Need it for something important. I know it's deadline and I can't talk I'm with the kids in a class. Trust me I Know. Just need to know yay or nay. Thank you. | *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On June 11, 2019 $28,000 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7312 2019.06.14 (NAC_00000560), as alleged in Count 43 of the Indictment<br><br>On June 14, 2019, $9,500 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7312 2019.06.14 (NAC_00000560)<br><br>Bank record show that Michael and Kimberly Tew received this | A, E, F, G, K, L | SW_FIL_003423 24 |
| | | JY1709: | Can't do it | | | |
| | | JY1709: | I have no money. We might not make payroll | | | |
| | | JY1709: | Would if I could | | | |
| | | MT1312: | Literally omg | | | |
| | | MT1312: | Fuck ok | | | |
| | | MT1312: | Payroll is Friday? | | | |
| | | JY1709: | Some draws tomorrow, some Friday | | | |
| | | JY1709: | Dude I just sent $28K. Fuck | | | |
| | | MT1312: | I know I know. I have an emergency. I can't explain. | | | |
| | | JY1709: | Well I can't send it I'm sorry | | | |
| | | JY1709: | Literally nothing I can do | | | |
| | | JY1709: | You know I would if I could | | | |
| | | MT1312: | Can you squeeze 7 | | | |
| | | JY1709: | I can't | | | |
| | | JY1709: | I can't send any money out | | | |
| | | JY1709: | I really can't do it | | | |
| | | JY1709: | It'll look awful | | | |
| | | JY1709: | Too many eyes at this point | | | |
| | | MT1312: | Is someone going to see it? | | | |
| | | JY1709: | They see all the cash sheet items. I can't do it. I'm sorry. I just sent out $28K and $218K before that. I can't help you on this one. I'm sorry | | | |
| | | MT1312: | Even like 7? | | | |
| | | JY1709: | Even like 7 | | | |
| | | JY1709: | I'm super jammed up | | | |
| | | MT1312: | Copy. | | | |
| | | JY1709: | If something drastically changes tomorrow, maybe I could send one tomorrow for Friday, but this week is legit impossible to send more. That's why I sent a large one Monday to finish this shit | | | |
| | | MT1312: | Sorry [ . . . ] just up for air. understood. Working on it my end. | | | |

133

Government's *James* Log
United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | | | payment directly into their joint account at NFCU x8486. | | |
| 187 | 6/12/19 | KT2046: | Really need your help to make sure we have $ tomorrow | The reference to "he" is a reference to J.Y. The reference to bouncing payroll is a reference to concerns that sending money to the Tews will call NAC to miss its payroll.  See entry 186 above.

*See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)
*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) . | A, F, G, K, N | SW_FIL_003330 22-SW_FIL_003330 23


SW_FIL_003270 32-SW_FIL_003270 36; SW_FIL_003270 38 |
| | | KT2046: | It's important | | | |
| | | KT2046: | Please respond | | | |
| | | KT2046: | Where are you | | | |
| | | KT2046: | This is important | | | |
| | | KT2046: | If it doesn't hit tomorrow I am going to blow up | | | |
| | | KT2046: | Fuck | | | |
| | | KT2046: | When can he | | | |
| | | KT2046: | If he can't tomorrow when can he this week or something big | | | |
| | | KT2046: | Can he send 7 for tomorrow | | | |
| | | KT2046: | We need something | | | |
| | | KT2046: | Tell him to think if something for tomorrow | | | |
| | | Kley(MT): | He says they may bounce payroll | | | |
| | | MT7473: | I'll have to ask [redacted] for a wire for tomorrow and we'll have to hit Jon up after | | | |
| | | MT7473: | That's my option | | | |
| | | KT2046: | Ask when he can | | | |
| | | KT2046: | Ask if he can squeeze 7 out | | | |
| | | MT7473: | I did. He said everyone will see it and on top of the 28 he jus sent it's too big a deal with them not making payroll | | | |
| | | KT2046: | What could drastically change tomorrow | | | |
| | | KT2046: | I got a loan from [redacted] | | | |
| | | KT2046: | When are you leaving | | | |
| | | KT2046: | Can you do a cash deposit | | | |
| | | MT7473: | I can leave soon | | | |
| 188 | 6/13/19 | MT1312: | Got a late start.
Need you to pull off a miracle for me today.  Need to know if anything has changed or improved overnight.  Just taking the kids to school now. | On June 14, 2019, $9,500 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as | A, F, G, H, K | SW_FIL_003423 24 |
| | | JY1709: | I really don't think I can. As of now we don't have enough for payroll and are hoping more cash comes in from Dubai soon | | | |

134

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|---|-------------------|------------------|--------|
| | | **JY1709:** | FYI. Got payroll covered. Not much left. Still sent $9,500. Please don't ask me ever again. This is the last one man | fraudulently documented in [PM] 7312 2019.06.14 (NAC_00000560)<br><br>Bank record show that Michael and Kimberly Tew received this payment directly into their joint account at NFCU x8486.<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| 189 | 6/13/19 | **MT7473:**<br>**KT2046:**<br>**KT2046:**<br>**KT2046:**<br><br>**KT2046:**<br>**KT2046:** | I'll go to Wells Fargo right norm<br>Don't<br>I need it in there<br>You need to be texting Jon tonight to make sure you can get something for Friday.<br>Significant.<br>You never answered what could happen tomorrow. He said something about tomorrow. | *See* Indictment ¶ 18 (alleging coordination between Michael and Yioulos on how to provide more specific descriptions of falsely | A, F, G, H, K, N | SW_FIL_003270 40-<br>SW_FIL_003270 52 |

135

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | [. . . .]<br><br>**MT7473:** But I need to actually do it<br>**MT7473:** It's 930 in New York<br>**KT2046:** Sending an email won't do shit<br>**MT7473:** Jon won't text me st night<br>**KT2046:** You work for people you have to beg<br><br>[. . . .]<br><br>**Kley(MT):** Jon sent 9500<br>[redacted]<br>**KT2046:** Need [redacted] today<br>**KT2046:** Jon is tomorrow?<br>**KT2046:** It's almost 2pm Eastern<br>**KT2046:** Are you getting the 7.5 today<br>**KT2046:** When<br>**KT2046:** When<br>**Kley(MT):** $7,000 sent<br>**MT7473:** At atm<br>**KT2046:** ATM access code photo (IMG_4368.jpeg)<br>**KT2046:** Pin 7559<br>**KT2046:** Withdraw $300<br>**MT7473:** Get another access code we'll try again<br>**MT7473:** It didn't work<br>**KT2046:** 37189108<br>**MT7473:** Photo of btc atm (58215958112__9B56DEFB-66B9-4AAD-A622-680DB5816453.jpeg)<br>**MT7473:** Second time this happened<br>**KT2046:** Lovely<br>**MT7473:** What do you want yo do<br>**KT2046:** Get the $500<br>**MT7473:** Ok already have it<br>**MT7473:** Going to atm<br>**MT7473:** I can deposit that 100 and see if it works st the btc atm<br>**MT7473:** That's 600 | claimed services on fraudulent invoices)<br><br>*See* Indictment ¶¶ 23, 32, 33<br><br>The reference to a time in New York is a reference to Jon's workplace at NAC"s offices in New YOrk | | |

136

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | KT2046: | Ok | | | |
| | | MT7473: | Are you mad at me | | | |
| | | KT2046: | I'm mad at myself | | | |
| | | KT2046: | 1FgESzGtRdjnWYSxsRYAYrB65S2L8rAb7e | | | |
| | | MT7473: | Photo of BTC ATM receipt (58216077242__C66807EE-0022-4CE0-873C-59E420FF471A.jpeg) | | | |
| 190 | 6/18/19 | MT7473: | Jon is negative in the account he can't send anything literally today. He said everyone is watching everything. I think he can send tomorrow. He's on his way back to office to check on everything. He freaked out on me at first and then calmed down. Maybe I can convince him to send something small today and the rest tomorrow. I'm working on it I promise you. | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | A, D, F, H, K, N | SW_FIL_0032 7062-SW_FIL_0032 7066; SW_FIL_0032 7068 |
| | | KT2046: | Fuck | | | |
| | | MT7473: | I know | | | |
| | | MT7473: | I'm working him I promise you | | | |
| | | KT2046: | The longer the more | | | |
| | | MT7473: | Maybe he can send something small today. I bet you he can. | | | |
| | | KT2046: | You said you guarantee [L.W.] was sending yesterday | | | |
| | | MT7473: | You still have some from overnight right? | | | |
| | | MT7473: | Mike doesn't get paid back then | | | |
| | | KT2046: | I'm paying people | | | |
| | | MT7473: | You're guys get paid first. | | | |
| | | MT7473: | So knock off 3k | | | |
| | | KT2046: | You don't understand | | | |
| | | MT7473: | Ok I'll ask mike to send more money | | | |
| | | MT7473: | Today | | | |
| | | KT2046: | No you don't understand | | | |
| | | KT2046: | You're late with Jon because you were scared | | | |
| | | KT2046: | You said [L.W.] was definitely sending | | | |
| | | KT2046: | I'm working | | | |
| | | MT7473: | I thought he would | | | |
| 191 | 6/23/19 | MT7473: | Information from CoinMe (Image-1.jpeg) | *See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_0033 3031 |
| | | MT7473: | https://www.coinmewallet.com/kyc | | | |
| | | | [. . . .] | | | SW_FIL_0032 7075- |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** Information from CoinMe (Image-1.jpeg)<br>**MT7473:** https://www.coinmewallet.com/kyc<br>**KT2046:** Can you stop not at the Dino gas station we usually go to but somewhere else and buy these for me? The quantities are in white. (Photo of lottery tickets (IMG_4778.jpeg))<br>**KT2046:** QR code for crypto wallet (IMG_4779.jpeg)<br>**Kley(MT):** Ok so 1200 and pick up lotto tic right<br>**KT2046:** Please<br>**Kley(MT):** Ok<br>[. . . .]<br>**Kley(MT):** No dollar doubler and win again and again<br>**KT2046:** Ok<br>**KT2046:** Did you do atm again<br>**KT2046:** Yet<br>**Kley(MT):** Yes<br>**Kley(MT):** Sent you receipt | | | SW_FIL_003270 77 |
| 192 | 6/24/19 | **MT7473:** Photo of BTC atm screen (58304145063__F921EBAE-3C56-4F73-A8E2-5BAD2CC250BD.jpeg)<br>**MT7473:** Photo of BTC atm screen ( 58304146240__0F532FC0-D53D-4E00-A5F5-D359101CDB75.jpeg)<br>**MT7473:** Pls send address<br><br>[. . . .]<br><br>**KT2046:** QR code for crypto wallet (IMG_4905.jpeg)<br>**MT7473:** I'm taking the funds for the car payment also<br>**KT2046:** No<br>**KT2046:** Don't<br>**KT2046:** I'm telling you do not<br>**MT7473:** Ok<br>**MT7473:** Ok I have 1560<br>**MT7473:** Going to btc atm<br>**MT7473:** They're closed I have no idea why<br>I have to go go ytq<br>**MT7473:** Going there now | The Tews here are discussing the difficulties of being paid reliably for this work and their perceived need to receive fraud proceeds from "Jon" at NAC.<br><br>*See* Indictment ¶¶ 23, 32, 33<br><br>*See* above, entry 153, for background on Kimberley Tew's Simple account | A, D, F, G, H, I, K, N | SW_FIL_003330 31<br><br>SW_FIL_003270 78-<br>SW_FIL_003270 83;<br>SW_FIL_000032 7084-<br>SW_FIL_003270 94 |

138

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | **MT7473:** 20 mins | | | |
| | | **KT2046:** Do you want to use my Simple card to book your trip | | | |
| | | **KT2046:** Is [redacted] sending the money there? | | | |
| | | **KT2046:** When are we getting the BTC from Coinme | | | |
| | | **KT2046:** Hello? | | | |
| | | **KT2046:** Do you have cash | | | |
| | | **KT2046:** Because the other day I had $1,480 | | | |
| | | **KT2046:** You purchased $1,200 | | | |
| | | **KT2046:** Bought some scratch tickets | | | |
| | | **MT7473:** I have two hundred bucks I think | | | |
| | | [ . . . .] | | | |
| | | **KT2046:** I'm going to the bank | | | |
| | | **KT2046:** Like you're not even responding | | | |
| | | **KT2046:** I don't know what's going on | | | |
| | | **KT2046:** WHAT is your plan | | | |
| | | **KT2046:** Still no fucking bitcoin from the atm | | | |
| | | **KT2046:** Are you planning to leave | | | |
| | | **KT2046:** Why won't you text me | | | |
| | | **MT7473:** [ . . . .] They said between 2-3 pacific I think for the second round. That's another hour or so | | | |
| | | You have the 5k in simple right? | | | |
| | | **KT2046:** I purchased btc | | | |
| | | **MT7473:** I'll call again | | | |
| | | **MT7473:** Ok I'll coin me again | | | |
| | | **KT2046:** And what happens if it's not there | | | |
| | | **KT2046:** At 4 | | | |
| | | **MT7473:** It will be there | | | |
| | | **KT2046:** Are you planning on flying out tonight | | | |
| | | **MT7473:** Yes | | | |
| | | **KT2046:** We are not on the same page | | | |
| | | **MT7473:** You have 45k coming this week | | | |
| | | **KT2046:** This is so stressful | | | |
| | | **MT7473:** 5k from [redacted] hit today | | | |

139

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | MT7473: Plus we'll have that 4500 today<br>MT7473: That's 9500<br>KT2046: I have to work!!!!!!!!<br>MT7473: So work<br>KT2046: Why do you insist on working for losers<br>KT2046: Why don't you ever think about your family<br>MT7473: Ok can we send [redacted] back the 1900<br>MT7473: I'm not working for losers<br>MT7473: I'm working yo make money we need<br>KT2046: You've been working for free<br>KT2046: Tell me what is the plan with [redacted]<br>KT2046: And stop telling me shit is coming in maybe tomorrow<br>KT2046: I heard the 3 day plan last week<br>KT2046: What is confirmed<br>KT2046: With [redacted] and Jon<br>MT7473: [redacted] 7500 on the 1st and every month for 6 month trial for manifest. Jon said he would send 15k per day starting tomorrow OR he said he would try to squeak something today but unlikely. I will call him now to see if he has any additional updates. He said if he can send 20k he will send larger amounts sooner. He knows he has no choice.<br>He agreed to do it. He will send and you will have.<br>MT7473: Coinme says they are pushing all day now and latest 4 pm is the final batch.<br>MT7473: They said just keep watching the wallets which i am doing<br>KT2046: I need it now<br>KT2046: This [redacted] thing is fucking mr Jon<br>KT2046: And not having btc<br>KT2046: I nddd it now<br>MT7473: I'll call again<br>MT7473: I'm going to ask them to prioritize it<br>KT2046: Two days ago<br>KT2046: I need it now<br>KT2046: How the fuck am I supposed to work<br>MT7473: It's going to take another hour they told me<br>I need to get more money<br>MT7473: They can't priories<br>KT2046: 19VWGzKQdYy4cbVLUsDGbtvz9gaBY3Z35T | | | |

140

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | sent | | | |
| 193 | 6/25/19 | **MT7473:** | QR code (IMG_4967.PNG) | Bank account records show a $500 transfer into an account for Sand HIll at Wells Fargo bank ending x6934 on which Michael Tew was the sole signatory. [WFB_00000714]<br><br>"3464 NF account" is a reference ot Michael Tew's bank account at NFCU on which he was the sole signatory. Records show a $500 depost posted on that account tiva Zelle on 6/26/19. [NAVY_00000501]<br><br>Records show a $500 depost posted on the Tews' Joint NFCU account x8486 Zelle on 6/26/19. [NAVY_00000107]<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, H, K, N | SW_FIL_0033330 32- SW_FIL_0033330 34; SW_FIL_0033330 41 |
| | | **KT2046:** | Where are you | | | |
| | | **MT7473:** | Vaper | | | |
| | | **MT7473:** | Buying now | | | |
| | | **MT7473:** | Didn't see your call | | | |
| | | **MT7473:** | There's bad signal her | | | |
| | | **MT7473:** | Photo of BTC ATM screen (58311461502__A9D23FA6-1177-4E1B-A281-24CAADEA8347.jpeg) | | | |
| | | **MT7473:** | Photo of BTC ATM screen (58311462578__62DDB27B-CCB3-402C-B169-3C662FDBEE92.jpeg) | | | |
| | | **MT7473:** | Boarding now \|<br>[ . . . .]<br>I will not let you down I promise you<br>I'm exhausted<br>I tried to get the cash but it already pulled the Audi<br>Apparently we're only negative 110 now in the joint account even with Audi<br>We might be ok with only 100 overdraft for a day<br>Text you when I land  it will be about 4 for you<br><br>[ . . . .] | | | |
| | | **KT2046:** | I transferred $500 to your WF account and you should be receiving $500 via Zelle to your 3464 NF account. | | | |
| | | **MT7473:** | Jon sent 15k | | | |
| | | **MT7473:** | Thank you<br>Hitting Starbucks now<br>Then one more meeting<br>Then to airport | | | |
| | | **KT2046:** | $1,500 coming into our joint account | | | |
| 194 | 6/26/19 | **MT7473:** | Jon wanted to know if he was still getting his btc<br><br>[ . . . .] | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide | A, G, K, N | SW_FIL_0033330 49- |

141

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT7473:**  I have to cancel this trip tomorrow<br>**KT2046:**  Why<br>**KT2046:**  I said go<br>**MT7473:**  I can't leave you with all of the money in teh account and the girls driving you crazy all day<br>**MT7473:**  And jon's not going to have more money to send Thursday to Friday<br>**MT7473:**  They're going to be overdrawn on a payroll day<br>**KT2046:**  You already booked the ticket or it was already booked<br>**MT7473:**  Yeah [redacted] booked it so what they can eat it<br>**KT2046:**  You said he's sending 30<br>**MT7473:**  Yes that's what he said $30K to arrive tomorr<br>**MT7473:**  i'm on hold with the bank getting an answer on the wire<br>**MT7473:**  it never takes this long<br><br>[. . . .]<br><br>**MT7473:**  Still on hold waiting for someone that can answer my questiopn<br>**KT2046:**  Don't bring up my wire<br>**MT7473:**  I won't I promise. I sent it from my 5336 account and that's the account they are looking at<br>**Kley(MT):**  My phone is charging I'm on this phone<br><br>[. . . .]<br><br>**Kley(MT):**  The guy just got back on - he's still waiting for someone from the wire department to get on with us, that means something is backed up there<br>**Kley(MT):**  I'm still waiting<br>**Kley(MT):**  Text me a photo of your joint NFCU card and the CFC<br>**Kley(MT):**  Ccv<br>**Kley(MT):**  its [redacted]<br>**Kley(MT):**  Need your debit card number<br>**Kley(MT):**  To our joint account<br>**Kley(MT):**  And the security code | how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>*See* Indictment ¶¶ 23, 32, 33<br><br>On June 27, 2019 $30,000 is sent via ACH to Wells Fargo Bank Account x6934 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7322 2019.06.27 (NAC_00000976)<br><br>The reference to a "WF" account is a reference to Michael Tew's account in the | | SW_FIL_003330 52<br><br><br>SW_FIL_003270 95-<br>SW_FIL_003270 98;<br>SW_FIL_003271 00-<br>SW_FIL_003271 11;<br>SW_FIL_003271 12-<br>SW_FIL_003271 13 |

142

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(MT):** [x] 0058<br>**Kley(MT):** [redacted – security code]<br>**Kley(MT):** Exp<br>**Kley(MT):** Don't be rude to rep<br>**Kley(MT):** 03/22<br>**Kley(MT):** I'm not hes like a nice old maj<br>**Kley(MT):** He's being helpful<br>**Kley(MT):** I'm still on hold. [. . .]<br>**MT7473:** Call Jon there's a security hold on our account call him now<br>**MT7473:** Just call him asapp<br>**MT7473:** qell have him send to wells<br>**MT7473:** I can't call him and it's 3 pm there I'm dealing with this<br><br>        [. . . .]<br><br>**MT7473:** Security holds on our account to call Jon now<br>**MT7473:** Call Jon ASAP<br>        I'm on with them now<br>**MT7473:** Call Jon<br>**KT2046:** What!?!?<br>**KT2046:** Texted him<br>**Kley(KT):** He said they haven't called<br>**Kley(KT):** What's going on<br>**MT7473:** We won't be able to get the 30k out<br>**KT2046:** What<br>**KT2046:** What is going on<br>**KT2046:** Have him send to your WF account<br>**MT7473:** Because they see lots of money coming in to [PM]<br>**KT2046:** Say you're a partner<br>**MT7473:** Of course I did<br>**MT7473:** It's just very provincial<br>**MT7473:** They don't get it<br>**KT2046:** Is it the bank<br>**KT2046:** Or the fed<br>**MT7473:** It's the bank<br>**KT2046:** Are they not sending wires out<br>**MT7473:** Holding our account under security review | name of Sand Hill at Wells Fargo Bank.<br><br>The reference to the x5336 account is a reference to an account at NFCU on which Michael Tew was the sole signatory.<br><br>Records show a $30,000 transfer from NAC to an account for Sand HIll at Wells Fargo bank ending x6934 on which Michael Tew was the sole signatory. [WFB_00000714] | | |

143

**Government's _James_ Log**
**_United States v. Tew_, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
|       |      | **KT2046:** Play the veteran part up<br>**MT7473:** I'm waiting now since they already sent the funds<br>**MT7473:** I played it trust me<br>**KT2046:** So the wires won't go out today<br>**KT2046:** They did send wires out<br>**KT2046:** ?<br>**KT2046:** What is going on<br>**KT2046:** WHAT is going on<br>**KT2046:** I can't log inI can't log in<br>**KT2046:** And I can't login to my dads account<br>**MT7473:** We have to go to the branch<br>**KT2046:** [x]6934<br>**KT2046:** Routing: 121000248<br>**MT7473:** Tat's at the bottom of the check right<br>**KT2046:** No<br>**MT7473:** Ok - for ACH it would be diff than wire<br>**KT2046:** That's the wire routing<br>**MT7473:** For wells its diff<br>**KT2046:** [x]0076<br>**MT7473:** Is that at teh bottom of the check<br>**KT2046:** Yes!<br>**MT7473:** ok<br>**MT7473:** Coming now<br>**KT2046:** My phone doesn't take photos<br>**MT7473:** Its fine<br>**MT7473:** He's texting me now<br>**KT2046:** It's NOT fine<br>**KT2046:** I am 15K short<br>**MT7473:** Ok so we'll get you a new phone<br>**KT2046:** This is NOT OKAY<br>**MT7473:** Ok its not okay I'm sorry<br>**KT2046:** You should have left the second this happened<br>**KT2046:** I am on the phone with the bank<br>**KT2046:** I'm on the phone with the bank<br><br>[ . . . .] |  |  |  |

144

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** Can you go to atm for me<br>**MT7473:** Like now<br>**KT2046:** Yes sure<br>I'll head back now<br>**KT2046:** I have cash or you can use my Simple for dinner<br>**KT2046:** QR code (IMG)4989.jpeg)<br><br>[. . . .] | | | |
| 195 | 6/26/19 | **MT1312:** Bank is calling you to confirm ach<br>**MT1312:** Pls confirm you received this<br>**JY1709:** Yes<br>**MT1312:** Did they call<br>**JY1709:** No<br>**MT1312:** They are asking about money coming in to [PM]<br>**MT1312:** Call 7473<br>**JY1709:** Just tried twice<br>**MT1312:** Sand HIll, LLC<br>**MT1312:** Account: [x]6934<br>**MT1312:** ABA: tel:[x]0076<br>**MT1312:** That's teh ACH ABA not wire for Wells<br>**JY1709:** All set. $30K. I couldn't do 45. I'm sorry<br>**MT1312:** understood.  Talk later.   Running to the bank.<br>**JY1709:** Call me. I have a good explanation<br>**MT1312:** Maybe she's being paranoid because of what happened here but still a good questiopn<br>**JY1709:** It won't get flagged. If your bank account says sand hill and I send to sand hill, there's no issue at all<br>**JY1709:** Our bank won't flag it, they have no clue<br>**MT1312:** What about On your end<br>**MT1312:** ok<br>**MT1312:** and nobody can see in signature<br>**JY1709:** No, nobody can see. It really doesn't matter. Unless [A.S] got curious (never does).<br>**MT1312:** I guess she was asking geez why didn't we do that earlier on, but its sort of | *See* Indictment ¶¶ 18, 19, 20 21, 22 (alleging various instances of coordination to make the fraudulent invoices more convincing and to more efficiently get money from NAC without getting caught)<br><br>On June 26, 2019 $15,000 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7322 2019.06.27 (NAC_00000976)<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into | A, G, K, L | SW_FIL_00342324 |

145

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | water under the bridge now<br>**JY1709:** Well cause it's safer to use a company name In case she does go snooping<br>**JY1709:** And if I need confirmations for audits and shit<br>**JY1709:** I'd rather not use Sandhill but in this emergency situation I can... that's why you should set up a legit Corp for the fuel consulting<br>**JY1709:** Does that make sense to you?<br>**MT1312:** YES<br>**MT1312:** Copy thank you | their joint account at NFCU x8486. [NAVY_00000107]<br><br>Records show a $30,000 transfer from NAC to an account for Sand HIll at Wells Fargo bank ending x6934 on which Michael Tew was the sole signatory. [WFB_00000714]<br><br>As set forth below J.Y.'s suggestion that Michael Tew set up a "legit corp" for fuel consulting led Michael Tew to create an account for fictitious companies called Global Fuel Logistics and Aeromaintenance Resources. | | |
| 196 | 6/28/19 | **MT1312:** Hi I'm sorry I wasn't in touch - I was in SF for meetings and didn't walk in the door until 1am and bed at 3 am. I'll get right to the point. Im sure things are not good there, I'm hoping you were able to get through payroll, im sure its been a tough couple days. My money is all locked up in the bank for 10 days. Including all of my own money (consulting prepayments etc) that I was contributing. i can't even pay rent on Monday. If there is anything you can contribute today to Monday, even 10K, it goes a LONG way. I'm working on buying time with the guy. Sorry to be long on text. Not sure what's Going on there.<br>**MT1312:** And again, I/m sorry.<br>**JY1709:** Bank is sitting at -672K | *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. Michael Tew was the sole signature on the account at Wells Fargo | A, F, G, H, K | SW_FIL_003423 24 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT1312:** | Holy fuck! | held in the name of Sand Hell with an account number ending x6934.<br><br>On July 1, 2019, $9,200 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7410<br><br>Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | | |
| | | **JY1709:** | Yup | | | |
| | | **MT1312:** | [C.A.] put in? | | | |
| | | **JY1709:** | Nope | | | |
| | | **MT1312:** | Oh fuck | | | |
| | | **JY1709:** | He's just saying figure it out | | | |
| | | **MT1312:** | Dude he's walking a tightrope | | | |
| | | **MT1312:** | [L.A.] is saying figure it out basically | | | |
| | | **MT1312:** | Is [J.M.] bringing anything in next 24 - 48 hours/ | | | |
| | | **MT1312:** | Give me a ring lunch | | | |
| | | **JY1709:** | Text me Wells Fargo info again | | | |
| | | **MT1312:** | 2 secs tgx | | | |
| | | **JY1709:** | Hurry. [C.A.] wants to get lunch haha | | | |
| | | **JY1709:** | It's 3:30 here FYI | | | |
| | | **MT1312:** | Sand HIll, LLC<br>Account: [x]6934<br>ABA: [x]0076<br>That's teh ACH ABA not wire for Wells | | | |
| | | **JY1709:** | And he wants to get lunch now ?? | | | |
| | | **MT1312:** | Of course | | | |
| | | **MT1312:** | At 330 | | | |
| | | **MT1312:** | He woke up at 1230 | | | |
| | | **JY1709:** | Best I can do today is 9,000. Just trust me | | | |
| | | **MT1312:** | I trust you | | | |
| | | **MT1312:** | Touch base monday - just enjoy the weekend, you've worked your ass off I can't believe the position your in | | | |
| | | **JY1709:** | 9200 to be exact | | | |
| | | **MT1312:** | copy | | | |
| 197 | 6/28/19 | **KT2046:** | I need you to text Jon. We need him to send money tomorrow. Just tell him he'll get his btc. I didn't lose it all. | *See* Indictment ¶ 18 (alleging coordination between Michael and Yioulos on how to provide more specific descriptions of falsely | A, D, F, G, H, K, N | SW_FIL_003330 73- SW_FIL_003331 04<br><br>SW_FIL_003271 28- |
| | | **KT2046:** | But everyone is cashing | | | |
| | | **MT7473:** | Like 445-5 | | | |
| | | **MT7473:** | I'll call him in am<br>He'll freak with his wife<br>[C.A.] is there<br>He's gonna freak | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | It's all my fault | claimed services on fraudulent invoices). | | SW_FIL_003271 32 |
| | | MT7473: | I never should have come here | | | |
| | | KT2046: | No | [C.A.] is a reference to one of the owners of NAC | | |
| | | KT2046: | I didn't lose | | | |
| | | KT2046: | I didn't | | | |
| | | MT7473: | Ok good | On July 1, 2019, $9,200 is sent via ACH to Navy Federal Credit Union Account x8486 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7410 | | |
| | | MT7473: | That's great | | | |
| | | KT2046: | Can you forward me messages from Kraken you've received | | | |
| | | KT2046: | It's not | | | |
| | | KT2046: | We don't need a ton more but will absolutely not survive on Monday without anything | | | |
| | | MT7473: | What kind of messages | | | |
| | | KT2046: | I have to screenshot I withdrew BTC | Bank record show that Michael and Kimberley Tew received this payment directly into their joint account at NFCU x8486. | | |
| | | MT7473: | Just forwarded to you | | | |
| | | KT2046: | I just sent something to you | | | |
| | | KT2046: | Can you help me change the date and amount to show your withdrawal of 4 BTC | | | |
| | | MT7473: | Yes best way is in an email I can forward you but better on my computer so there's no formatting issues | | | |
| | | KT2046: | Just a reminder that the withdrawal of 4 BTC out of vault "BTC Vault" will be clearing in 1 day, 19 hours, 43 minutes. | Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. KRKN_00000008; KRKN_00000020. | | |
| | | KT2046: | What if I just sent him that text | | | |
| | | KT2046: | I think better to show I sold BTC and USD is coming | | | |
| | | [. . . .] | | | | |
| | | KT2046: | Where ar you | | | |
| | | MT7473: | On Colorado and colfax | | | |
| | | MT7473: | Exhausted | | | |
| | | KT2046: | Are you near the atm | | | |
| | | MT7473: | I could go if you want | | | |
| | | MT7473: | Now | | | |
| | | KT2046: | How far | | | |
| | | MT7473: | But I'm just passing it | | | |
| | | MT7473: | 10-15 mins | | | |
| | | KT2046: | How much can you even withdraws | | | |
| | | MT7473: | 10-15 from the atm | | | |
| | | MT7473: | Oh right 500 bucks I think | | | |

148

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | **KT2046:** I need it<br>**MT7473:** Ok<br>**KT2046:** Are you 10-15 from atm<br>**MT7473:** Yes<br>**KT2046:** If so it can wait<br>**KT2046:** You just passed it<br>**MT7473:** I'm already halfway home<br>**MT7473:** I can go back out<br>**KT2046:** But it's 10-15<br>**KT2046:** No<br>**KT2046:** Tomorrow<br>**KT2046:** You wrote you were just passing it<br>**MT7473:** Yes and we passed it<br>**KT2046:** I didn't understand<br>**KT2046:** Well just isn't 10-15 minutes<br>**KT2046:** Considering the airport is 35 min<br>**MT7473:** Just happened to be at coldax and we drove through<br>**MT7473:** I waited 20 mins for a car<br>**MT7473:** She missed the pickup three times<br>**KT2046:** So how is that 10-15 if on colfax<br>**MT7473:** It's like 10 mins west from there the way she's driving<br>**KT2046:** Oh<br>**KT2046:** Tomorrow<br>**MT7473:** I'll go back out<br>**KT2046:** Did you talk to Jon like I asked<br>**MT7473:** I'd rather do it myself<br>**KT2046:** No<br>**MT7473:** He didn't answer<br>**KT2046:** Like you texted him<br>**KT2046:** And he didn't answer<br>**MT7473:** No I didn't text him<br>**KT2046:** We are fucked<br>**KT2046:** So you did try!!!!!!<br>**MT7473:** So we have no money<br>**MT7473:** He wouldn't answer he was with his wife<br>**KT2046:** We have $5K<br>**MT7473:** It's all my fault I told your | | | |

149

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | KT2046: | He texts you back | | | |
| | | MT7473: | No he doesn't he blocks me | | | |
| | | MT7473: | He blocked me last time | | | |
| | | KT2046: | No we have $4K | | | |
| | | MT7473: | Then unblocked me in am | | | |
| | | MT7473: | It's my fault | | | |
| | | KT2046: | I don't know what to do | | | |
| | | MT7473: | I have to get another 50k | | | |
| | | KT2046: | It doesn't matter | | | |
| | | MT7473: | I should have stayed | | | |
| | | KT2046: | Can you get dropped off at WF in the am | | | |
| | | KT2046: | And try to withdraw $300 | | | |
| | | KT2046: | From my mom's account | | | |
| | | MT7473: | Photo of BTC ATM screen (58339451046__941F07B1-0ECB-47EE-9109-7551C88ECC53.jpeg) | | | |
| | | MT7473: | It didn't like one of the bills just kept spitting it back | | | |
| | | MT7473: | Got 1550 | | | |
| | | MT7473: | Screenshot of Coinbase (Image-1.jpeg) | | | |
| | | MT7473: | Screenshot of Coinbase (Screen Shot 2019-06-28 at 11.07.05 AM.jpeg) | | | |
| | | MT7473: | Screenshot of Coinbase (Screen Shot 2019-06-28 at 11.08.56 AM.jpeg) | | | |
| | | KT2046: | Screenshot of Coinbase (FullSizeRender.jpg) | | | |
| | | | | | | |
| | | [. . . .] | | | | |
| 198 | 6/29/19 | MT7473: | June 1_28 2019 [redacted] Daily Summary.pdf | The daily summaries reflect a debt the Tews owed to a third party. *See* Indictment ¶¶ 23, 32, 33 | A, G, N | SW_FIL_00333107 SW_FIL_0032713 2- SW_FIL_0032713 3 |
| | | MT7473: | June 1_28 2019 [redacted] Daily Summary.pdf | | | |
| | | MT7473: | Photo of BTC ATM screen (58351027444__AAC4CDBE-E00F-43E3-B9CB-D65170ED7E0D.jpeg) | | | |
| | | MT7473: | Photo of BTC ATM screen (58351028243__EB622B53-C4A1-4E78-9182-6EB13D1F6EC6.jpeg) | | | |
| | | | [. . . .] | | | |
| | | MT7473: | BTC June (received from [redacted] 6_28_19).xlsx | | | |
| | | KT2046: | BTC June.xlsx | | | |
| | | MT7473: | Your spreadsheet shows you sent a total of $139,575 vs my spreadsheet showing $137,972. I don't have a record of $500 sent via PayPal to me on 6/4. That would leave a difference of $1,103 which is perhaps fees | | | |

150

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | incurred? | | | |
| | | **MT7473:** I reconciled your numbers with mine, and I'm still showing that you were up $11,726.03 yesterday prior to sending a $5,000 wire to Coinbase today. Your spreadsheet shows you sent a total of $139,575 vs my spreadsheet showing $137,972. The $1,603 difference could be: 1.I don't have a record of $500 sent via PayPal to me on 6/4 2.Fees incurred of approximately $1,103.<br><br>My spreadsheet shows $144,180 sent vs your spreadsheet's total of $140,592. The $3,588 difference could be: 1.I sent you .2 BTC on 6/5 ($1,542.95) 2.I sent you a total of $14,215 on 6/14 and I believe your spreadsheet is missing one a second Zelle sent on that day for $2,000.<br><br>**MT7473:** I reconciled your numbers with mine, and I'm still showing that you were up $11,726.03 yesterday prior to sending a $5,000 wire to Coinbase today.<br><br>Your spreadsheet shows you sent a total of $139,575 vs my spreadsheet showing $137,972. The $1,603 difference could be: 1. I don't have a record of $500 sent via PayPal to me on 6/4 2. Fees incurred of approximately $1,103.<br><br>My spreadsheet shows $144,180 sent vs your spreadsheet's total of $140,592. The $3,588 difference could be: 1. I sent you .2 BTC on 6/5 ($1,542.95) 2. I sent you a total of $14,215 on 6/14 and I believe your spreadsheet is missing one a second Zelle sent on that day for $2,000.<br><br>**KT2046:** File name: IMG_9440.JPG IMG_9440.JPG | | | |

151

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

**July 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| 199 | 7/1/2019 | On July 1, 2019 Michael tew, using mtew@sandhillrp.com, sent an email to an employee at VCorp Service LLC with the subject line "Re: Please assist" stating: <br><br>I need to set up a new entity <br><br>Can you assist me with this? <br><br>Name:    Global Fuel Logistics Inc <br>Type:    S Corp <br>Shares:  100 common only <br>State:    Wyoming <br><br>What is the cost what information do you need from me how does the process work <br><br>Thank you <br><br>Michael Tew <br><br>Michael Tew <br>mtew sandhillrp com <br>1 917.685.1312 | As set forth above in entry 195, J.Y. suggested that Michael Tew create a "legit" consulting corporation related to fuel.  Michael Tew responded by incorporating Global Fuel Logistics in Wyoming. <br><br>Global Fuel Logistics was a sham corporation created by Michael Tew as a vehicle to collect money from NAC based on false and fraudulent pretenses, promises and representations. Michael Tew used the address for Kimberley Tew's parents as the corporation's location. After incorporating Global Fuel, Michael Tew opened a bank account in its name at Wells Fargo ending x2064 on which he was the sole signatory. [WFB_0000532]. He then created the domain name globalfuel.co with go daddy, from which | A, K, L | VCORP_0000000 9 – VCORP_0000000 14 |

152

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | he could send emails to J.Y. with false invoices from "Jessica Thompson," a fictitious identity. Aero Maintenance resources was a similarly fictious "division" of Global Fuel Logistics. *See* Indictment, ¶¶ 14, 15, 17, 19. | | |
| 200 | 7/2/19 | MT7473:   Scan Jul 2, 2019 at 09.48.pdf<br>KT2046:   Where are you<br>MT7473:   Same distance. 32 mins to either.<br>MT7473:   I'll go to centennial pick up the highway right here.<br>MT7473:   Be there at 325<br>KT2046:   They don't have money sometimes<br>KT2046:   Maybe come back<br>             [ . . . . ]<br>MT7473:   Ok ok come back<br>MT7473:   On way<br>MT7473:   15 mins<br>MT7473:   I got the atm limit increased to 20k / day also<br>KT2046:   Where<br>KT2046:   What bank<br>KT2046:   When<br>MT7473:   The btc atm<br>KT2046:   I thought you meant navy federal. lol.<br>MT7473:   Yeah would save time<br>KT2046:   1PViLwy49WhLZAyzZNcDfdxj6vMUpc9uPy<br><br>             [ . . . . ]<br><br>MT7473:   I'm so sorry<br>             I'm going to get paid on the 15th<br>             That's 15k on the 15th for you to use all at once<br>             Just got here | [P.M.] was a casino host at the Wynn Casino in Las Vegas.<br><br>*See* Indictment ¶¶ 23, 32, 33<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | A, F, G, H, K, N | SW_FIL_003271 36;<br>SW_FIL_003271 38-<br>SW_FIL_003271 41;<br>SW_FIL_003271 43<br><br>SW_FIL_003331 14-<br>SW_FIL_003331 17 |

153

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | [. . . .]<br>**KT2046:**  Jon better be sending like 50K tomorrow.<br>**KT2046:**  And btc is trading at 10.8<br>**KT2046:**  Fuck!!<br>**KT2046:**  Fuck<br>**KT2046:**  Fuck<br>**KT2046:**  Fuck<br>**MT7473:**  Calling you<br>**MT7473:**  I will talk to Jon<br>**KT2046:**  It's past the cut off<br>**KT2046:**  We talked about this last night<br>**KT2046:**  Tuesday for Wednesday<br>**MT7473:**  He didn't have the money toda<br>**MT7473:**  They never sent it<br>**KT2046:**  Well thanks for letting me know<br><br>[. . . .]<br><br>**KT2046:**  I booked our flight. We board at 8:50pm and land at 10:10pm on Southwest.<br>**KT2046:**  I texted [P.M.]<br>**KT2046:**  Southwest Airlines - Print Boarding Passes and Security Documents.pdf | | | |
| 201 | 7/3/19 | Michael Tew and Kimberley Tew, using the [PM]@gmail.com account had sent the below emails to J.Y.'s business account with an attached invoice directing payment to their joint bank account at NFCU x8486<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>From PM@gmail.com<br>Dear National Air Cargo Group, Inc., | *See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>There were four emails on this date with substantially similar content. Only the invoices were different. | A, K, L | SW_FIL_000115 20<br><br>SW_FIL_000115 32<br><br>SW_FIL_000115 24<br><br>NAC_E_131792-NAC_E_131793 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>[. . . .]<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>From PM@gmail.com<br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>[. . . .]<br><br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>From PM@gmail.com<br>Dear National Air Cargo Group, Inc.,<br><br>Your invoice is attached. Please remit payment at your earliest convenience.<br><br>Thank you for your business - we appreciate it very much.<br><br>[. . . .] | | | NAC_E_131798-NAC_E_131799<br><br>NAC_E_131801-NAC_E_131802<br><br>NAC_E_129112-NAC_E_129113 |

155

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | Dear National Air Cargo Group, Inc., <br><br>Your invoice is attached. Please remit payment at your earliest convenience. <br><br>Thank you for your business - we appreciate it very much. <br><br>From PM@gmail.com <br>Dear National Air Cargo Group, Inc., <br><br>Your invoice is attached. Please remit payment at your earliest convenience. <br><br>Thank you for your business - we appreciate it very much. | | | |
| 202 | 7/4/19 | **MT7473:** Transfer done <br>**MT7473:** Should I pay rent <br>**MT7473:** I transferred 40k to joint <br><br>    [. . . .] <br><br>**KT2046:** I'm playing blackjack <br>**MT7473:** Ok cool. Shold we come down? Need anything? Otherwise we're just resting <br><br>    [. . . .] <br><br>**KT2046:** Can you transfer like 30K into our joint <br>**KT2046:** Or 40 <br>**KT2046:** I don't know why it's all in yours <br>**MT7473:** Ok <br>**KT2046:** How's it going. <br>**KT2046:** I need you to transfer 4K to each of your accounts and do a cash advance with debit and pin <br>    for $2,800 for each card and then after you get the tickets to go to cashier withdraw $600 <br>    from each. <br>**KT2046:** When can you do that. How soon. | Bank records for the Tews'joint account at NFCU x8486 show multiple $600 ATM withdrawals at the Wynn casino in Las Vegas posting on July 5, 2019 and multiple $4,000 transfers from that same account., as well as a $40,000 transfer into the account.[NAVY_00000 108-109] <br><br>*See* Indictment ¶¶ 23, 32, 33 <br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | A, F, G, K, N | SW_FIL_003331 20; <br>SW_FIL_003331 23 <br><br>SW_FIL_003271 47, <br>SW_FIL_003271 49-<br>SW_FIL_003271 52 |

156

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | I can do it in like 10 mins probably | | | |
| | | **KT2046:** | Ok | | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | Where are you guys now | | | |
| | | **KT2046:** | I need you to transfer 4K to each of your accounts and do a cash advance with debit and pin for $2,800 for each card and then after you get the tickets to go to cashier withdraw $600 from each. | | | |
| | | **KT2046:** | When can you do that. How soon. | | | |
| 203 | 7/5/19 | **KT2046:** | I just won my first jackpot $5,115 | *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | A, G, I, K, N | SW_FIL_003271 53; SW_FIL_003271 56- SW_FIL_003271 57 |
| | | **MT7473:** | Amazing!!!!! | | | |
| | | **MT7473:** | Incredible | | | |
| | | | [. . . .] | Bank records for the Tews' joint account at NFCU x8486 show multiple $600 ATM withdrawals at the Wynn casino in Las Vegas posting on July 5, 2019 and multiple $4,000 transfers from that same account., as well as a $40,000 transfer into the account.[NAVY_00000 108-109] | | |
| | | **KT2046:** | I'm at blackjack | | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | Everything ok | | | |
| | | **KT2046:** | I'm in pit8 | | | |
| | | **MT7473:** | Yep all good | | | |
| 204 | 7/6/19 | **KT2046:** | Can you pls text info for flight tomouss | The reference to x3494, x5336 and x8486 are references to accounts at NFCU on which Michael Tew is a signatory. There is a $2000 Zelle transaction | A, G, K, N | SW_FIL_003271 59; SW_FIL_003271 62 |
| | | **KT2046:** | To [P.M.] | | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | What did you withdraw last night from each | | | |
| | | **KT2046:** | Screenshot of messages with [M.M.] (IMG_5306.jpeg) | | | |

157

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | The screenshot shows a picture of a 1099 from for MCG reflecting compensation of $125,000 and the statement from MM "This is what I am talking about. This is not mine to deal with."<br><br>**KT2046:** This is why I'm asking about Jon<br>**Kley(KT):** 320 from 3494<br>420 from 5336<br>200 from 8486 | into account on July 6, 2019. [NAVY_00000109]<br><br>[P.M.] was a casino host at the Wynn Casino in Las Vegas<br><br>*See* above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | | |
| 205 | 7/7/19 | **KT2046:** Screenshot of messages from [M.M.] (IMG_5313.PNG)<br><br>The screenshot is of a message from "[M.M.]" with the message: "Just lost my transmission in my truck this morning, so great month for you to fuck me over, thanks again for keeping your word.  I will be forwarding you my tax bill for air national carriers shortly, that needs to be covered immediately. Losing my transmission on top of being late on rent means I do not have the means to cover it, nor the fucking patience to pussy foot around any longer."<br><br>**KT2046:** Screenshot of messages with [C.R.] (IMG_5311.PNG)<br>**MT7473:** He's just empty threats<br>**KT2046:** No [M.M.] is dumb<br>**KT2046:** So dumb<br>**KT2046:** Dumb enough to do it<br>**MT7473:** Nothing on bitcoin talk | *See* above, entry 11, for information about C.R., CR@gmail.com, and 5530JD and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment. | A, G, K, N | SW_FIL_0033310-SW_FIL_0033116;<br>SW_FIL_0033338-SW_FIL_0033139<br><br>SW_FIL_0032164-SW_FIL_0032166; |

158

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:**     [C.R.] is talking to someone<br>**MT7473:**     Who<br>**KT2046:**     He won't say<br>**MT7473:**     Who hasn't been paid back<br>**MT7473:**     Everyone has been paid back<br>**KT2046:**     Screenshot of messages with [C.R.] (IMG_5316.PNG)<br>**KT2046:**     I think [M.M.] already did something<br>**KT2046:**     He posted an image on icq but deleted it<br>**KT2046:**     We need to go to the police<br>**KT2046:**     About [C.R.]<br>**MT7473:**     Ok<br>**MT7473:**     In car<br>**MT7473:**     They're talking to each other<br>**MT7473:**     I can't imagine it's anyone else<br>**KT2046:**     Who<br>**MT7473:**     [M.M.] and [C.R.]<br>**KT2046:**     How do you know<br>**KT2046:**     Call [M.M.]<br>**KT2046:**     I mean [M.M.] will tell you<br>**KT2046:**     I can't text him<br>**KT2046:**     He's android<br>**MT7473:**     You want me to call hi. Ow?<br>**KT2046:**     Duck<br>**MT7473:**     Ok I'll calm hun<br>**MT7473:**     What's his number<br><br>                [. . . .]<br><br>**MT7473:**     Starbucks and then get bitcoin?<br>**MT7473:**     Photo of BTC ATM Screen (58421695766__4F7DC008-7EAF-4182-9F2A-6A245390C3B2.jpeg)<br>**MT7473:**     Photo of BTC ATM Screen (58421696567__EA064795-5C25-4681-B0F7-F57D78A50A11.jpeg)<br>**MT7473:**     Photo of BTC ATM Screen (58423668159__F3BA86A3-AFF4-4766-8F36-2F4E8DD1C1BB.jpeg)<br>**MT7473:**     Photo of BTC ATM Screen (58423669043__DBCCE35D-6A15-478E- | Bank records for the Tews' joint bank account show transactiosn at the Wynn Casino in Las Vegas between 7/5/19 and 7/8/19 with a final $2,945.99 debit on July 8 [NAVY_00000110]<br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas)<br>*See* Indictment ¶¶ 23, 32, 33 | | SW_FIL_003271 68-<br>SW_FIL_003271 90 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | 9F98-18A0B6F7CAE8.jpeg) | | | |
| | | | [. . . .] | | | |
| | | KT2046: | You saw the text from [M.M.]. | | | |
| | | KT2046: | I owe [redacted] BTC and $25K to [redacted[ and [C.R.] and [M.M.] are hreatening me | | | |
| | | | [. . . .] | | | |
| | | KT2046: | WTF is he talking about (email from [C.R.] R(IMG_5310.jpeg)) | | | |
| | | KT2046: | Check bitcointalk | | | |
| | | | [. . . .] | | | |
| | | KT2046: | Pls reply | | | |
| | | KT2046: | I just saw this | | | |
| | | MT7473: | Will check | | | |
| | | | [. . . .] | | | |
| | | KT2046: | QR Code (IMG_5322.jpeg) | | | |
| | | | [. . . .] | | | |
| | | Kley(MT): | As soon as your mom tranfers the money I'll bring them back and buy the coin | | | |
| | | KT2046: | Screenshot of messages with [C.R.] IMG_5323.jpeg, IMG_5324.jpeg) | | | |
| | | MT7473: | I'll call him | | | |
| | | MT7473: | You let him get to your | | | |
| | | MT7473: | He's been harassing us for months and months | | | |
| | | KT2046: | Because he can destroy us | | | |
| | | KT2046: | Call him? | | | |
| | | KT2046: | What will that do | | | |
| | | MT7473: | I'll file an fbi complaint and send it to him | | | |
| | | MT7473: | Tell him to have his lawyer contact me directly | | | |
| | | MT7473: | I'll respond to his email | | | |
| | | KT2046: | Don't | | | |
| | | KT2046: | You're not thinking it through | | | |
| | | MT7473: | Ok what's the solution then | | | |

160

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** Just reacting<br>**MT7473:** You're reacting<br>**MT7473:** He's not getting a penny without a full documented unequivocal release from him and everyone else<br>**MT7473:** So get his lawyer on the phone<br>**MT7473:** That will distract him and he'll be spending money<br>**MT7473:** He's literally not getting a penny until he stops<br>**MT7473:** Then we go to finra and report him as an unlicensed broker<br>**MT7473:** He's not getting a penny<br>**MT7473:** Otherwise<br>**MT7473:** Did [redacted] send<br>**KT2046:** 1900 and 2100 in a few<br>**MT7473:** Shouldn't even be communicating with anyone that's threatening<br>**MT7473:** Just say have your lawyer reach me directly<br>**MT7473:** Period of<br>**MT7473:** He's not getting a penny because he's not even sending it up the people that are owed<br>**MT7473:** He's fucked and he knows it<br>**MT7473:** And fucking our lives up doesn't get him any money any faster<br>**MT7473:** And if he tatted us out to people that are owed and there was a real lawsuit they would have named us in the suit<br>**MT7473:** There's nothing<br>**MT7473:** He has nothing<br>**MT7473:** He knows he has nothing<br>**MT7473:** His lawyer told him he has nothingn<br>**MT7473:** I'll send him an email with my list of demands to start getting him money<br>**KT2046:** Don't<br>**KT2046:** Put anything in writing<br>**MT7473:** You are<br>**KT2046:** But don't<br>**KT2046:** Involve yourself<br>**MT7473:** Talked to your mom she's waiting and ready<br>**MT7473:** So then how can I help<br>**KT2046:** He just sent the last part<br>**MT7473:** Ok<br>**KT2046:** You're helping by talking to me about it<br>**KT2046:** Before reacting | | | |

161

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | **KT2046:** But shit with [M.M.] and taxes<br>**KT2046:** I need a real plan<br>**MT7473:** The returns he says he is "promised" would be considered usury in most states, he would have to litigate in his local state, he would have no case and it doesn't get him any money<br>**KT2046:** If crypto keeps going up<br>**MT7473:** How much do you owe [M.M.]<br>**MT7473:** 30kv<br>**KT2046:** Just being accused<br>**KT2046:** I'm not worried he has a case<br>**MT7473:** She's transferring now<br>**MT7473:** Yeah so how do you send [C.R.] money. When does it ever end<br>**MT7473:** You can't send him a pennnu<br>**KT2046:** The only thing that concerns me about [C.R.] and [M.M.] is National<br>**MT7473:** It'll never end<br>**MT7473:** Ok well [M.M.] can be reasoned with<br>**MT7473:** He can<br>**KT2046:** I know<br>**MT7473:** I can talk to [M.M.] directly<br>**KT2046:** Plus he's nothing like [C.R.]<br>**KT2046:** Tell her to transfer $500 to Navy Federal 8825<br>**MT7473:** Ok<br>**MT7473:** I can reason with [M.M.]. He's missing the point. He sent it to us.<br>**MT7473:** It's a tax wash<br>**KT2046:** That's not the point<br>**KT2046:** I told him does he have any idea how much interest I've paid him without 1099ing him<br>**KT2046:** She hasn't transferred anything to me<br>**MT7473:** The simple ones?<br>**KT2046:** I didn't want to say anything about the bitstarz win<br>**KT2046:** I knew it would become a mess<br>**KT2046:** What simple ones<br>**MT7473:** What do you mean<br>**KT2046:** There was only supposed to be one<br>**KT2046:** You sold it at the lowest price possible<br>**KT2046:** You operate on fear | | | |

162

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | That's why we are married | | | |
| | | **MT7473:** | Security hold on the simple send also she said | | | |
| | | **MT7473:** | I thought you said you wanted to sel it | | | |
| | | **KT2046:** | WTF | | | |
| | | **MT7473:** | That's what she said | | | |
| | | **MT7473:** | Funds are there | | | |
| | | **KT2046:** | I messaged [redacted] | | | |
| | | **MT7473:** | Is there another way he can send | | | |
| | | **MT7473:** | He can Zelle to my wells account and to navy federal accounts | | | |
| | | **KT2046:** | QR Code (IMG_5326.jpeg) | | | |
| | | **MT7473:** | New hours hey close at 5 Sunday's<br>Going to vaper jungle | | | |
| 206 | 7/8/19 | **MT1312:**<br><br><br><br><br>**JY1709:** | Hi buddy - I hope you had a nice weekend, I really do.  I'm sure I'm the last person you want to hear from, but I need your help TODAY, and want to go over the plan as well, when you can.  In motion on my end.  Takes a few days to get it all set up, and because of the holiday lost some time.<br>Morning. Hope you had a good weekend as well.<br>Ok. Let's talk around 12-12:30 ET.<br>Today is going to be VERY difficult to make a payment, but Tuesday for Wednesday is much more feasible | *See* Indictment ¶ 18 (alleging coordination between Michael and Yioulos on how to provide more specific descriptions of falsely claimed services on fraudulent invoices)<br><br>Bank records for the Tews' joint bank account show transactions at the Wynn Casino in Las Vegas between 7/5/19 and 7/8/19 with a final $2,945.99 debit on July 8 [NAVY_00000110] | A, G, K | SW_FIL_0034323 24 |
| 207 | | On July 8, 2019 Michael Tew, using mtew@sandhillrp.com sent an email to an employee at VCorp services in response to questions, stating:<br><br>1 Yes VCORP as agent | | *See* above, entry 199 for information about GFL, AMR, Jessica Thompson, and the | A, K, L | VCORP_0000001 3 |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | 2 Address [redacted] Marquette MI 49855<br>3 Need FEIN<br>4 Fiscal year end 12 31<br>5 Par value 0.01<br>6 Responsible Party Michael Tew 524.67.6212<br>7 Also will need an out of state registration for Colorado doing business in Colorado<br><br>What is the S Corp Election Option<br><br>How long will it take to set up and get the FEIN<br><br>Thank you!<br><br>Michael Michael Tew<br><br>mtew sandhillrp com<br>1 917.685.1312 | relevant paragraphs of the Indictment.<br><br>The address in Michigan is the address for Kimberley Tew's parents. | | |
| 208 | 7/9/19 | On July 9, 2019 Michael Tew, using mtew@sandhillrp.com sent an email to an employee at VCorp services in response to questions, stating:<br><br>The address is [redacted] in Marquette MI<br>Otherwise looks great<br><br>Also remember I need that Colorado document<br><br>Thank You!<br><br>Michael Tew<br>mtew sandhillrp com<br>1 917.685.1312<br><br>Later that same day, Michael Tew, using the same mtew@sandhillrp.com sent an email to an employee at VCorp services stating:<br><br>Perfect We are ok to go on the new version please submit<br>Thanks again | *See* above, entry 199 for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>The address in Michigan is the address for Kimberley Tew's parents. | A, K, L | VCORP_0000001 2 |

164

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 209 | 7/9/19 | **MT7473:**<br>**Kley(KT):** | Send address<br>AttachmentQR Code (IMG_5395.jpeg)<br><br>[. . . .]<br><br> | On July 9, 2019 $13,000 is sent via ACH to Wells Fargo Bank Account x6934 for services purportedly rendered by [PM] as fraudulently documented in [PM]7410<br><br>The x6934 account at Wells Fargo was controlled by Michael Tew, who had opened an account in the name of Sand Hill.<br><br>"NF" is Navy Federal Credit Union, where teh Tews banked.<br><br>*See* above, entry 153, for background on Kimberley Tew's Simple account<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_003331 45-SW_FIL_003331 47<br><br><br>SW_FIL_003271 92 |
| | | **MT7473:** | Photo of BTC ATM Screen (58432856614__1E7B3490-CC66-47B8-8089-2FA884D47754.jpeg) | | | |
| | | **MT7473:** | Photo of BTC ATM Screen (58432857480__A313E177-778E-423A-B7A3-C22558D7752C.jpeg) | | | |
| | | **MT7473:** | The simple card didn't work | | | |
| | | **Kley(KT):** | Only $380 maybe | | | |
| | | **MT7473:** | Just transfer another $600 to your other NF card | | | |
| | | **MT7473:** | Photo of BTC ATM Screen (58440367904__45DEBF03-390A-4FC8-840D-1B15603F2907.jpeg) | | | |
| | | **MT7473:** | Photo of BTC ATM Screen (58440368846__5115E0C5-2F9C-4620-914D-B0564BA982AA.jpeg)<br><br>[. . . .] | | | |
| | | **KT2046:** | Document (17).docx | | | |
| | | **KT2046:** | $100 from Simple<br>$500 Discover<br>$600 total from NFCU | | | |
| | | **KT2046:** | QR Code (IMG_5400.jpeg) | | | |
| | | **MT7473:** | Simple didn't work | | | |
| 210 | 7/9/19 | **MT7473:** | Photo of BTC ATM Screen (58450328191__511FDFA9-013A-4967-929A-B688D849B12B.jpeg) | Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. | A, F, G, K, N | SW_FIL_003271 96-SW_FIL_003271 98 |
| | | **MT7473:** | Photo of BTC ATM Screen (58450329127__A91DFB18-7525-4068-A859-58C4B4CB67DF.jpeg)<br><br>[. . . .] | | | |

165

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:**    https://www.blockchain.com/btc/tx/1cc7784c3d8a51b1174fa0bf7d2381e1ab635a09e36be1ba7e9cee05fd361f52<br>**KT2046:**    Sent .5 to your Kraken. Once it confirms do you think if you sell it will wire today? | KRKN_00000008; KRKN_00000020.<br><br>*See* Indictment ¶¶ 23, 32, 33 | | |
| 211 | 7/17/19 | **MT7473:**    Photo of deposit slip (58509605424__2568AA28-5D8C-4F5D-88FE-E8AEC4B80263.jpeg)<br>**KT2046:**    QR Code (IMG_5993.PNG)<br>**MT7473:**    Photo of BTC ATM Screen (58509764238__DAD8FAED-D440-47F3-90AB-52B5BBDE022D.jpeg)<br>**MT7473:**    Photo of BTC ATM Screen (58509777527__F5CB06D3-4CE7-40B2-8C15-8DE48A3EED88.jpeg)<br>**MT7473:**    Photo of BTC ATM Screen (58509782694__033FEC12-4697-411F-B4B3-C61F3DA80172.jpeg) | *See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_00333171 |
| 212 | 7/18/19 | **KT2046:**    Is Jon sending 9??????<br>**KT2046:**    Is jon sending 9<br>**MT7473:**    There is a chance something comes in this afternoonm (Screenshot of messages (Screen Shot 2019-07-18 at 9.35.31 AM.jpeg))<br><br>The screenshot shows a message in which Michael asks Jonathan Yioulos "can you send 9k. 9k" and Yiolous responds "I can't send anything today unless I get something this afternoon. I have nothing to send."<br><br>**MT7473:**    It happens<br>**KT2046:**    Is he send 9<br>**KT2046:**    Yes or no<br>**MT7473:**    Right now he says no<br>**KT2046:**    Jon sending money was a lie<br>**MT7473:**    Wasn't a lit<br>**MT7473:**    lie<br>**KT2046:**    He won't even send 9?<br>**MT7473:**    Jon and I spoke about it earlier in the week<br>**KT2046:**    Why won't he send 9?<br>**KT2046:**    You tricked me said you'd be back by 10 | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, F, G, H, K, N | SW_FIL_00327279-SW_FIL_00327296 |

166

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | I didn't trick you | | | |
| | | **KT2046:** | When does the 35K hit | | | |
| | | **MT7473:** | I told you this am what happened when is poke with [redacted] | | | |
| | | **KT2046:** | What date | | | |
| | | **MT7473:** | 60 days maybe sooner | | | |
| | | **MT7473:** | Then ih ave 35K / month | | | |
| | | **KT2046:** | Well you should have told dupshut I told my wife I'd be back by 10 | | | |
| | | **KT2046:** | Ok | | | |
| | | **MT7473:** | I did | | | |
| | | **KT2046:** | I'll screenshot this | | | |
| | | **KT2046:** | I need btc now. Thanks. | | | |
| | | **MT7473:** | Did [redacted] get you btc? | | | |
| | | **KT2046:** | But you won't be back by 10 | | | |
| | | **KT2046:** | So it's gone | | | |
| | | **KT2046:** | And Jon won't even send 9? | | | |
| | | **MT7473:** | I'll keep pushing jon | | | |
| | | **MT7473:** | Best to talk to him when he's at lumch | | | |
| | | **MT7473:** | He knows I won't give up | | | |
| | | **MT7473:** | I won't scream. I will go right to navy federal get cash and get BTC | | | |
| | | **KT2046:** | No | | | |
| | | **MT7473:** | I'll talk to jon to see how much I can get | | | |
| | | **KT2046:** | I don't want to touch it | | | |
| 213 | 7/19/19 | **JY1709:** | Send me account info please | *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>On July 22, 2019, $10,000 is sent via ACH to Wells Fargo Bank Account x6934 for services purportedly | A, G, K | SW_FIL_0034232 4 |
| | | **JY1709:** | Getting pmt out now | | | |
| | | **JY1709:** | Need it now | | | |
| | | **MT1312:** | Ok | | | |
| | | **MT1312:** | Sand HIll, LLC | | | |
| | | | Account: [x]6934 | | | |
| | | | ABA: [x]0076 | | | |
| | | | That's teh ACH ABA not wire for Wells | | | |
| | | **MT1312:** | Sorry | | | |
| | | **MT1312:** | All ok) | | | |
| | | **MT1312:** | ? | | | |
| | | **JY1709:** | Yes. Good to go | | | |
| | | **MT1312:** | Thx sorry was with kids didn't see your texts | | | |

167

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|---------------|--|--------------------|------------------|--------|
| | | | | rendered by [PM] as fraudulently documented in [PM] 7410 | | |
| 214 | 7/22/19 | **MT1312:** <br> **MT1312:** <br> **JY1709:** | On a call - let's catch up when you can <br> Can you send anything small today <br> No | On July 22, 2019, $10,000 is sent via ACH to Wells Fargo Bank Account x6934 for services purportedly rendered by [PM] as fraudulently documented in [PM] 7410 <br><br> On July 24, 2019, $45,000 is sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics, as alleged in Count 12 <br><br> *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, G, K | SW_FIL_003423 24 |
| 215 | 7/29/19 | **KT2046:** <br><br> **Kley(MT):** <br> **KT2046:** | Will you pls work on getting money today or tomorrow and as much as possible from Jon and soon <br> yes <br> Is anything likely tomorrow | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask | A, D, F, G, H, K, N | SW_FIL_003273 58- SW_FIL_003273 60 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(MT):** There's still a chance [redacted] sends today at 3pm or tomorrow<br>**KT2046:** Why at 3pm<br>**KT2046:** No I mean about Jon<br>**Kley(MT):** Maybe before<br>**Kley(MT):** I can ask jon to send something small but he's going to say tues for wed is what he can do. I'll talk to him again at lunch - 45 minutes<br>**KT2046:** Fine if it's tues for wed try for 75+ because people are cashing<br>**Kley(MT):** What if he can do 75 in two increments<br>**Kley(MT):** He may not be able to get 75 out in one shot<br>**KT2046:** Why two<br>**KT2046:** If the money is there<br>**KT2046:** Hello<br>**KT2046:** I don't see you trying<br>**KT2046:** And I was trying to sleep<br>**KT2046:** Get on this | Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| 216 | 7/30/19 | **JY1709:** Need bank info before 4<br>**MT1312:** Global Fuel Logistics, Inc.<br>Navy Federal Credit Union<br>Account Number [x]5336<br>Routing Number [x]4974<br>**MT1312:** Just walked in thank you!!!<br>**JY1709:** Thank you<br>**JY1709:** All good<br>**MT1312:** ??just want this over thank you<br>**JY1709:** Tell me about it! | *See* above, entry 199 for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>On August 2 2019 $47,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly rendered to Global Fuel Logistics | A, G, K, N | SW_FIL_003423 24 |

169

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

<u>August 2019</u>

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|------|------|------|------|------|
| 217 | 8/1/19 | MT1312: | Look - I hear you man.  We tend to get into arguments when things don't go as planned.  Things generally don't go as planned and that's frustrating.  I'm trying to keep it together here and meet my own deadlines as well.  1 guy put in for $92K and he's problematic for the other $47K.  I'm trying to stretch everything as much as possible, I truly truly truly am.  I kwon we're at 192 so that leaves $150K. | On August 2 2019 $47,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly rendered to Global Fuel Logistics<br><br>*See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment.<br><br>"SHILL" is a reference to "Sand Hill."<br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶16, alleging use of the acronym "SHI LLC" to refer to Sand Hill.<br><br>*See* Indictment ¶¶ 18, 19, 20 21, 22 (alleging various instances of coordination to make | A, C, G, H, I, J, K, N | SW_FIL_003423 24 |
| | | JY1709: | Well yeah it's fucking frustrating. You know how tight things are here. You know the situation and yet it's nonstop. And I truly feel like after we get to $150K, it's not ending. I still have no BTC. This feels like it's never going to stop | | | |
| | | MT1312: | The reason why these things happen is because of vol in BTC, which is why everyone wants out anyway.  Which is fine because this will al be over soon.  In other words if they expect X value but BTC goes up (as it has in teh past few days) all of a sudden they want more.  So the fight to get them less is ongoing if you see what I'm saying.  They will use their leverage to get as much as possible, we use ours to get them as little as possible.  I know this is a bit more information than you want to know, but I want you to know that I'm truly not bullshitting you.  Ok? | | | |
| | | JY1709: | Yeah | | | |
| | | MT1312: | Please stay calm.  I honestly do not know the current cash position - other than its stretched.  I need to know if you can do anything for tomorrow.  I know you are worried about invoices.  We can make that work.  But if we have $ available we should use it to make this move faster.  Hear what I'm saying. | | | |
| | | MT1312: | Call me lunch? If you can? | | | |
| | | MT1312: | I need money for tomorrow or things can get fucked.  I know you're pissed, I know you are angry, I know you are totally frustrated.  I am also.  can we send to a different vendor.  I know you have obligations.  I know you are doing your best.  I know these things. | | | |
| | | JY1709: | No we can't send to a different vendor | | | |
| | | JY1709: | I'm not getting this all fucked up again | | | |
| | | JY1709: | ... | | | |
| | | MT1312: | I understand.  Sorry been working on this on top of my other stuff - been falling behind. | | | |
| | | MT1312: | I know you are putting your foot down and I know you are managing | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | risk.  What is the most reasonable amount you MAY be Able to sneak out for tomorrow.<br>**JY1709:** 15<br>**MT1312:** If you can send $45K you get your 1 BTC.  If you don't get it over the weekend you don't send another penny.  Assuming we honor the deal and you get it then we pick up where we left off with the plan.  Think on it.<br>**JY1709:** That's so much to send again. Fuckkk<br>**MT1312:** True, but its a weekend and we will create invoices for fuel<br>**MT1312:** What if you sent 15K to [PM] (sand hill) and 30K to global fuels<br>**JY1709:** Idk<br>**MT1312:** [PM] goes to teh SHILL account and 30K goes to fuel<br>**JY1709:** Idk. I kind of want to be done with PM<br>**MT1312:** Ok<br>**MT1312:** Hang on<br>**MT1312:** Its all fuel and you owe AEG like 4m right, can you book it to that account in teh cash sheets?<br>**JY1709:** Yeah idk.<br>**MT1312:** If you send to global fuel you boo it to AEG on teh cash sheet.  Nobody knows that's an account of theirs<br>**JY1709:** You don't understand the process<br>**MT1312:** Obviously not ??<br>**MT1312:** Calling<br>**JY1709:** I need bank information before 4....<br>**MT1312:** On it<br>**MT1312:** ACCOUNT NAME: SAND HILL, LLC<br>BANK NAME: WELLS FARGO Bank NA<br>ACCOUNT NUMBER:    [x]6934<br>ABA:           [x]0076<br>**MT1312:** This is for ACH not Wire.  Wells has different wire ABA<br>**JY1709:** Yup<br>**MT1312:** Assuming all is on plan, let me know how much and when next week if its Monday or Tuesday and I won't bother you again.<br>**JY1709:** 47K. Out<br>**MT1312:** OMG.  Not sure how you did it but thank you. You'll have your BTC.<br>**MT1312:** Next week Monday / tues? Which one is better<br>**JY1709:** Probably Tuesday<br>**MT1312:** Works thanks | the fraudulent invoices more convincing and to more efficiently get money from NAC without getting caught)  *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |

171

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **JY1709:** | In a board meeting. What's up | | | |
| | | **MT1312:** | All good just checking in you're ok | | | |
| | | **JY1709:** | Yeah I'm fine. Email the W9 over when you can. | | | |
| | | **MT1312:** | Ok | | | |
| | | | Just confirming you sent this to send hill but are booking as global fuel | | | |
| | | | Why not in the past just send to Michael Tew (account holder) at Navy federal - in the past. | | | |
| | | **JY1709:** | Yes. Sent to sand hill but booking as global fuel. | | | |
| | | **MT1312:** | We're just trying to understand the banking issues | | | |
| | | **JY1709:** | Cause I have to put the name in the remittance. If I put your name, and someone ever pulls the remittance, we're fucked | | | |
| | | **JY1709:** | I don't hate doing it in a pinch, but still. | | | |
| | | **MT1312:** | Got it | | | |
| | | | Doesn't everyone know sand hill also? | | | |
| | | **JY1709:** | Yes, but it goes out as SHI LLC. | | | |
| | | **JY1709:** | Nobody knows what the fuck that is. And I can be like o shit I put the wrong name | | | |
| | | **JY1709:** | If it says Michael TEW, that's too obvious | | | |
| | | **MT1312:** | Interesting Question Could you just use a potion of the account number as the name on the account? | | | |
| | | **MT1312:** | That might be a good one | | | |
| | | **JY1709:** | I'll talk to you tomorrow | | | |
| | | **MT1312:** | Np | | | |
| 218 | 8/3/19 | **MT1312:** | Any chance you can send Monday for Tuesday at least in part | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) *See* Indictment ¶ 18 (alleging coordination between Michael and Yioulos on how to provide more specific descriptions of falsely claimed services on fraudulent invoices) | A, C, F, H, I, J, K, N | SW_FIL_003423 24 |
| | | | Working on your BTC | | | |
| | | | No bullshit | | | |
| | | | Send me that address again thx | | | |
| | | **JY1709:** | Gonna be tough | | | |
| | | **JY1709:** | 19nWxoPtMzya2iyknK6PSfsJbZFAJUWJY1 | | | |

### Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 219 | 8/4/19 | **MT7473:** | Photo of BTC ATM screen (58664509361__87A1CE2F-3E24-4127-8060-3226F5EA9117.jpeg) | Messages sent to Kimberley Tew<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_00333177-<br>SW_FIL_00333178 |
| | | **MT7473:** | Photo of BTC ATM screen (58664510489__6A2CAB3E-93B6-41D2-84F6-C74789431E25.jpeg) | | | |
| 220 | 8/5/19 | **MT1312:** | ok.  Been a long weekend.  Kimberley sent you 0.5.  things got tight because fo that move up in BTC.  Are you cool with that?  We can send you the rest ASAP.  I literally took every dollar I had to get that to you. Q: can you send anything at all for tomorrow ?  I promise you are going to get the rest.  Trying to keep this short - its been a busy few days | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>On August 6, 2019, $15,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly rendered to Global Fuel Logistics.  Michael Tew was the sole signatory on that account, which was held in the name of Sand Hill.<br><br>*See* above, entry 199 .for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | A, B, C, D, F, G, H, I, K, N | SW_FIL_00342324 |
| | | **MT1312:** | Sorry for the delay.  I mean that | | | |
| | | **JY1709:** | I really can't send anything for tomorrow. we have no cash right now. It's even going to be tight tomorrow to send, but I will obviously | | | |
| | | **JY1709:** | And thank you for sending. I'll let you know when it arrives | | | |
| | | **MT1312:** | The goal is to get you 2.5 BTC over time as we close this out | | | |
| | | **JY1709:** | You are a saint. I have a plan to close this out too. Pretty easy one with regards to invoices | | | |
| | | **MT1312:** | We will get you to that 2.5 | | | |
| | | **MT1312:** | I know you don't have cash. Or not a lot.   Can you squeeze 7K out?  It makes a difference | | | |
| | | **MT1312:** | Is there any way you can send $25K today? | | | |
| | | **MT1312:** | We're going bounce a check to investors | | | |
| | | **MT1312:** | A check to an investor | | | |
| | | **JY1709:** | There's no way I can do that | | | |
| | | **JY1709:** | I'm sorry. I really can't | | | |
| | | **MT1312:** | ACCOUNT NAME: SAND HILL, LLC<br>BANK NAME: WELLS FARGO Bank NA<br>ACCOUNT NUMBER:        [x]6934<br>ABA:                  [x]0076 | | | |
| | | **JY1709:** | 15K our | | | |
| | | **JY1709:** | Out* | | | |
| | | **MT1312:** | AMAZING | | | |
| | | **MT1312:** | Talk after work | | | |
| | | **MT1312:** | THANK YO | | | |

173

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 221 | 8/5/19 | **KT2046:** I have $3,700 in cash <br> **KT2046:** But we need to deposit $2,900 into navy <br> **KT2046:** Maybe you can wire $3K <br><br> [. . . .] <br><br> **MT7473:** So nothing for jon? <br> **KT2046:** I have $3,700 in cash that we can buy btc with <br> **MT7473:** Ok right <br> **KT2046:** Sending him something tonight <br> **MT7473:** Io can wire 3K in the am <br> **KT2046:** Have to <br> **MT7473:** I can wire whatever when the money hites <br> **MT7473:** Int eh am <br> **MT7473:** Love yo <br> **MT7473:** drive safe <br> **MT7473:** Did you eat? <br> **KT2046:** I can only get $2,500 <br><br> [. . . .] <br><br> **MT7473:** Yeah I know <br> **KT2046:** Waiting for it <br> **KT2046:** Then driving home <br> **MT7473:** I actually can get more at a different location but whatever works <br> [. . . .] <br> **KT2046:** In Aurora though right? <br> **MT7473:** That gas station where I bought the other day after aurora navy federal that's a good one <br> **MT7473:** Its about 20 minute driv <br> **MT7473:** Whatever works <br> **MT7473:** I can definitely deliver there at same atm company if we want <br> **MT7473:** BTW great job!! Made 1700 bucks in black hawk! <br> **KT2046:** Do they ID you <br> **KT2046:** Like they check the camera <br> **MT7473:** Yeah there's a camera | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) <br> *See* Indictment ¶¶ 23, 32, 33 <br><br> Bank records show financial transactions at the Monarch Casino in Blackhawk Colorado on August 5, 2019 on the Tews' joint NFCU bank account x8486. NAVY_00000127. <br><br> Bank records show wire transactions from the x6934 account | A, C, F, G, H, K, N | SW_FIL_003331 80- SW_FIL_003331 92 |

174

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** Same ATM machine<br>**MT7473:** I don't know if they check the camerca<br>**KT2046:** What happened that one time I deposited<br>[. . . .]<br>**KT2046:** This place is so slow<br>**MT7473:** Different atm company<br>**MT7473:** What. Casino are you at<br>**KT2046:** Monarch<br>**MT7473:** Good crab buffet<br>**KT2046:** Do you want me to deposit<br>**KT2046:** In Aurora<br>**MT7473:** Should we try it?<br>**KT2046:** Its not really on your way home<br>**KT2046:** It's a risk<br>**MT7473:** I can do it when you get back<br>**KT2046:** Eta is prob 9:30<br>**KT2046:** If I don't go<br>**KT2046:** To atm<br>**MT7473:** Just come home and I can go back out<br>**MT7473:** Just About 0.3<br>**MT7473:** His address is on my grey phone<br>**KT2046:** I'm not sending it immediately<br>**MT7473:** Photo of BTC ATM screen (58671603791__DFD9500C-C7E2-4C90-8D55-3CA16B080A71.jpeg)<br>**MT7473:** Photo of BTC ATM screen (58671604418__D6E9B5DD-2559-4A81-88EF-8B9DD4F6D57B.jpeg) | | | |
| 222 | | **KT2046:** Are you getting 9K of btc<br>**KT2046:** Where are you<br>**MT7473:** IMG_2714.jpeg<br>**MT7473:** Photo of BTC ATM screen (58680143185__ED97D42F-6E63-433E-9BE0-299362E5500F.jpeg)<br>**MT7473:** Photo of BTC ATM screen (58680155593__B1FFE297-9671-4851-A48C-8B7F543880A1.jpeg)<br>**MT7473:** Photo of BTC ATM screen (58680162706__CAE5C37B-FD23-4610-8364-269575456A93.jpeg) | *See* Indictment ¶¶ 23, 32, 33<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>On August 6, 2019, $15,000 sent via ACH | A, D, F, G, H, I, K, N | SW_FIL_0033192-SW_FIL_0033193<br><br>SW_FIL_0032787-SW_FIL_0032793 |

175

## Government's *James* Log
## *United States v. Tew*, 20–cr–000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | [. . . .] | to Wells Fargo Bank Account x6934 for services purportedly rendered to Global Fuel Logistics | | |
| | | **MT7473:** | Jon saying he can only send 30 today because ofd the 15 | | | |
| | | **MT7473:** | He says they have no money | | | |
| | | **KT2046:** | WTF | | | |
| | | **KT2046:** | I owe Aaron 30 | | | |
| | | **KT2046:** | Ask him if I can borrow his BTC then until tomorrow | | | |
| | | **KT2046:** | 15EpimocgedRpx8Bay6KDUywsh3ABsR4X2 | | | |
| | | **KT2046:** | Are you going to withdrawal cash or are you still here | | | |
| | | **MT7473:** | Bank is cloerd | | | |
| | | **KT2046:** | Where are you | | | |
| | | **MT7473:** | Still on with wells and fighting with jon | | | |
| | | **KT2046:** | Tell him to send the BTC back it's just sitting there. He'll get it back tomorrow. | | | |
| | | **MT7473:** | Yeah he's just pissed | | | |
| | | **KT2046:** | Did you tell him to send it back | | | |
| | | **KT2046:** | That messed everything up | | | |
| | | **MT7473:** | yes | | | |
| | | **MT7473:** | Hes just pissed but he'll send | | | |
| | | **KT2046:** | What did he say | | | |
| | | **KT2046:** | When | | | |
| | | **MT7473:** | Just now | | | |
| | | **MT7473:** | He said sure Micheal every fucking time | | | |
| | | **KT2046:** | When is he sending | | | |
| | | **KT2046:** | So stop taking it from him | | | |
| | | **KT2046:** | That attitude | | | |
| | | **MT7473:** | He said he just sent it and it was only 0.45 | | | |
| | | **MT7473:** | I'll just tell him he'll have 0.5 tomorrw | | | |
| | | **KT2046:** | Sending Jon .5 back | | | |
| | | **MT7473:** | You're incredible | | | |
| | | **KT2046:** | Maybe we will send him more today | | | |
| | | **KT2046:** | Already sent him .25 back | | | |
| 223 | 8/6/19 | **MT1312:** | Funds received, thank you.  How you holding up.  Are we good for $45 for tomorrow?  I know it is tight.  busy day for me also | *See* Indictment ¶ 18 (alleging coordination between Michael and Yioulos on how to | A, F, G, H, I, K, N | SW_FIL_00342324 |
| | | **JY1709:** | $45? I just sent 15 | | | |
| | | **JY1709:** | You're good for 30 | | | |

176

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | JY1709: | We HAVE NOOOOOO MONEY | provide more specific descriptions of falsely claimed services on fraudulent invoices) *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) On August 7, 2019, $31,500 is sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Global Fuel Logistics, as alleged in Count 13 of the Indictment | | |
| | | MT1312: | Calm down | | | |
| | | MT1312: | Ok. | | | |
| | | JY1709: | I'm calm lol | | | |
| | | MT1312: | Ok KT asking if she can borrow your BTC until tomorrow in that case. She obv will return it tomorrow. Will be helpful. Understand your position. | | | |
| | | MT1312: | I know you hate me asking but you're going to get it | | | |
| | | JY1709: | every fucking time | | | |
| | | JY1709: | Sure Michael | | | |
| | | MT1312: | 15EpimocgedRpx8Bay6KDUywsh3ABsR4X2 | | | |
| | | MT1312: | You will have it in your wallet tomorrow | | | |
| | | MT1312: | Take it easy | | | |
| | | MT1312: | Its yours | | | |
| | | JY1709: | Just sent it. And it was only .45 by the way. | | | |
| | | MT1312: | I got it. Hey it's my fault. I misunderstood. | | | |
| | | MT1312: | You'l have 0.5 back tomorrow | | | |
| | | JY1709: | Ok | | | |
| 224 | 8/11/19 | MT7473: | Photo of BTC ATM screen (58723701528__F244A6C1-BF81-4CEE-A1F1-1C5B4DC66B8E.jpeg) | *See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_00333198 |
| | | MT7473: | Photo of BTC ATM screen (58723712987__6442180A-433B-4DA2-8871-EBC48D8A2F5E.jpeg) | | | |
| 225 | 8/13/19 | KT2046: | Will send Jon how much | Messages sent to Michael Tew *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, G, K, N | SW_FIL_00327422 |
| | | KT2046: | ? | | | |
| | | KT2046: | How much is there | | | |
| 226 | 8/13/19 | MT1312: | How are you at 230/3 eastern | "Squeeze something small for me tomorrow" is a reference to sending out another payment from NAC | A, F, G, H, K | SW_FIL_00342324 |
| | | JY1709: | Works | | | |
| | | MT1312: | Sorry - can you squeeze something small for tomorrow. Small. | | | |
| | | MT1312: | I know it's late. | | | |
| | | JY1709: | Too late. I already left for the day | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **JY1709:** | I had to go to a mediation | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | | |
| | | **MT1312:** | Ok | | | |
| | | **JY1709:** | Sorry, but too late | | | |
| | | **MT1312:** | Sorry about your divorce | | | |
| | | **MT1312:** | I'm sure it's tough | | | |
| 227 | 8/14/19 | **MT1312:** | When are you free | *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. The x6934 account was for Sand Hill. Michael Tew was the sole signatory | A, F, G, H, K | SW_FIL_0034 23 24 |
| | | **MT1312:** | Let me know when are you back | | | |
| | | **MT1312:** | ACCOUNT NAME: SAND HILL, LLC | | | |
| | | | BANK NAME: WELLS FARGO Bank NA | | | |
| | | | ACCOUNT NUMBER: [x]6934 | | | |
| | | | ABA: [x]0076 | | | |
| | | **JY1709:** | $35 today | | | |
| | | **MT1312:** | Copybthanks | | | |
| | | | Let's get invoices done | | | |
| | | **JY1709:** | Ok sounds good. | | | |
| 228 | 8/15/19 | **MT1312:** | All good for tomorrow? Literally been slammed | *See* above, entry 199 .for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>"You want it to that one now" is a reference to the fact that J.Y. had not previously send money for Global Fuel to that account. The x5336 account was held in the name of Michael | A, F,G, H, K | SW_FIL_0034 23 24 |
| | | **JY1709:** | Send bank info | | | |
| | | **MT1312:** | Global Fuel Logistics, Inc. | | | |
| | | | Navy Federal Credit Union | | | |
| | | | Account Number x5336 | | | |
| | | | Routing Number x4974 | | | |
| | | **JY1709:** | You want it to that one now? | | | |
| | | **JY1709:** | It's out | | | |
| | | **MT1312:** | Thank you | | | |

178

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|-------------------|------------------|--------|
| | | | | Tew and he was was the sole signatory. | | |
| 229 | 8/18/19 | **KT2046:** | I feel like it's all dependent on Jon who is clearly losing it and that makes me nervous | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, G, H, I, K, N | SW_FIL_003274 39 |
| | | **KT2046:** | I just want to know a time | | | |
| | | **MT7473:** | I'll get it I promise | | | |
| | | | I promise | | | |
| | | **KT2046:** | I love you | | | |
| | | **KT2046:** | I would just feel better if you talked to him today | | | |
| | | **MT7473:** | I will | | | |
| | | | He texted he can talk tonight | | | |
| | | **KT2046:** | He skydiving right now | | | |
| | | **MT7473:** | Real mid life crisis | | | |
| 230 | 8/19/19 | **MT1312:** | Global Fuel Logistics, Inc. | On August 19, 2019 $9,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics, as alleged in Count 14 of the Indictment | A, G, K | SW_FIL_003423 24 |
| | | | Navy Federal Credit Union | | | |
| | | | Account Number [x]5336 | | | |
| | | | Routing Number [x]74974 | | | |
| | | **JY1709:** | 9500 out | | | |
| | | **MT1312:** | Thx | | | |
| | | | Talk tonight | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |
| | | | | The x5336 account was held in the name of Michael Tew and he was was the sole signatory. | | |

179

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 231 | 8/20/19 | JY1709: | Hey, I really need that BTC soon. At least one. Like I'm finalizing shit for the divorce and she's really harping me on logging in. It's essential I get it soon because she wants 1/2 of it. You've gotta come through for me here | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) [C.A.] was an owner of NAC

*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | A, B, C, F, G, K, N | SW_FIL_003423 24 |
| | | MT1312: | Hi buddy.  Listen - I will pull through.  Kimberley already knows, I told her all about it yesterday.  You mentioned last time we spoke 30 days so I wasn't sweating it for now.  I also have another idea I want to run by you - unrelated.  But of course. | | | |
| | | JY1709: | On with [C.A.] | | | |
| | | MT1312: | Ok ring me when can thx | | | |
| | | MT1312: | You still on with him? | | | |
| | | JY1709: | Yes | | | |
| | | MT1312: | He loves to talk | | | |
| | | MT1312: | Need to know if you can do ANYTHING for tomorrow. | | | |
| | | MT1312: | I know you need the bTC.  I'm on it.  I also have an idea for you / us that I want to discuss | | | |
| | | JY1709: | Lets talk at 3:40 | | | |
| | | MT1312: | Ok thx | | | |
| | | MT1312: | Can you ach 2k to wells | | | |
| | | MT1312: | Just 2 | | | |
| | | MT1312: | Sorry | | | |
| | | JY1709: | Accounts are literally overdrawn by $6,000 | | | |
| | | JY1709: | I can't | | | |
| | | MT1312: | Ok | | | |
| 232 | 8/21/19 | JY1709: | ⌘This is for global fuel logistics...$256K so far sent since July 24th | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.

*See* above, entry 86, for information about L.W., PM, PM@gmail.com and the relevant paragraphs of the Indictment. | A, B, D, G, H, I, K | SW_FIL_003423 24 |
| | | JY1709: | ⌘This is for [PM] for payments I don't have invoices for | | | |
| | | JY1709: | Starting with the $9200
essentially, even thought the "number" was supposed to be $350K, I've sent $315K already between the two since July 1. I'm really not mad, I'm just letting you know | | | |
| | | MT1312: | Copy that.  Just got back [. . .].  I will get you the invoices.  Look - I don't have a lot of time, I'm working 4 jobs, mostly for equity, at like a quarter of the national salary and keeping the lights on here.  Admittedly a lot of this is my fault, I have undershot the mark a bit primarily because I just want to keep things between us copasetic.  I like     you and I respect you and what you have done for my family I will never forget.  I'm angry beyond belief at the [C.A./L.A.] family and all their BS - but that's separate.  I'm | | | |

180

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|-------------------|------------------|--------|
| | | desperately trying to get this thing done and behind us and I need you to just hear me me out so we can get it done for both of us, then we can move on to our monthly thing until end of year which will also be a great help.  Plus you get your BTC as per our agreement.  I respect you and we have an agreement. | "DFAS" is a reference to a client of NAC.<br><br>"[J.M.]" is a reference to a NAC employee | | |
| | | **MT1312:** I need $50k today for tomorrow and then $40K early next week and we're done.  I know that's more than we agreed, but some things out of my personal control happened - we're only like what $50K over that we're really arguing about here.  I can call you - just on a call now and can speak after, have a noter call at 1pm EST. | | | |
| | | **MT1312:** I know you are under tremendous stress - I know that.  We have to stick together and just move on from this jon. | | | |
| | | **MT1312:** That's me talking sincerely. | | | |
| | | **MT1312:** Thank you - brb on a quick call | | | |
| | | **JY1709:** I can't do 50K today | | | |
| | | **MT1312:** Please don't yell.  This is man to man. | | | |
| | | **MT1312:** ok | | | |
| | | **JY1709:** Dfas money never came | | | |
| | | **MT1312:** copy | | | |
| | | **MT1312:** OH FUCK | | | |
| | | **MT1312:** Can you do anything today? | | | |
| | | **JY1709:** LITERALLY. NO DFAS | | | |
| | | **MT1312:** I'm jammed up to keep pushing | | | |
| | | **MT1312:** fuck | | | |
| | | **JY1709:** I'll call around 230 | | | |
| | | **JY1709:** Yes I can do something. | | | |
| | | **MT1312:** ok | | | |
| | | **MT1312:** Ok thanks | | | |
| | | **MT1312:** Thanks jon | | | |
| | | **MT1312:** Call me 2:30ish | | | |
| | | **MT1312:** I'm getting a lot of shit here - trying to get some clarity on my end as I know you are as well.  I have a call at 2:30 EST actually for about 30 mins.  Should we talk before?  I can talk at 2 if thet works? | | | |
| | | **JY1709:** Sure | | | |
| | | **JY1709:** FYI. She's chasing the invoices hard for global fuel. I bought some time here, but she's clearly snooping around | | | |
| | | **MT1312:** Call me when can | | | |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------|--------|
| | | JY1709:  On a call | | | |
| | | MT1312:  Sorry that was a stupid idea. Yes Talk shortly. | | | |
| | | JY1709:  Send me account info. I can probably send $25K today, but not much more today. Maybe more tomorrow, but this is tough | | | |
| | | JY1709:  On a call with [J.M.] | | | |
| | | MT1312:  Ok | | | |
| | | JY1709:  Trying to get rid of him | | | |
| | | JY1709:  Send me info | | | |
| | | MT1312:  ACCOUNT NAME: SAND HILL, LLC  BANK NAME: WELLS FARGO Bank NA  ACCOUNT NUMBER:     []6934  ABA:                     []076 | | | |
| | | JY1709:  Sand hill now??? | | | |
| | | JY1709:  I thought it hit the limit? | | | |
| | | MT1312:  It's 3p day rolling | | | |
| | | MT1312:  It's rolling off  Is that ok? | | | |
| | | JY1709:  Yes that's fine | | | |
| | | JY1709:  We need to talk tonight tho. Gotta get invoices in the system by Friday | | | |
| | | MT1312:  Yes no prob | | | |
| | | MT1312:  I will deliver for you  I know you are doing everything you can | | | |
| | | JY1709:  I sent $28K | | | |
| | | MT1312:  Amazing | | | |
| 233 | 8/22/19 | MT1312:  I'm so sorry I missed you last night time got away from me | $28,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Global Fuel Logistics, as alleged in Count 15 of the Indictment | A, B, D, G, H, I, K | SW_FIL_003423 24 |
| | | MT1312:  Should I just send the invoiced | | | |
| | | JY1709:  Call you in an hour | | | |
| | | MT1312:  Ok | | | |
| | | MT1312:  Hang in there | | | |
| | | JY1709:  Need account | | | |
| | | MT1312:  ACCOUNT NAME: SAND HILL, LLC  BANK NAME: WELLS FARGO Bank NA  ACCOUNT NUMBER:     [x]6934  ABA:                   tel:[x]0076 | *See* above, entry 199, for information about GFL, AMR, Jessica | | |
| | | MT1312:  Can you send 25 | | | |
| | | MT1312:  Thank you | | | |

182

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **JY1709:** | I've already sent $37500 this week. I really can't | Thompson, and the relevant paragraphs of the Indictment. | | |
| | | **MT1312:** | I've pushed everything quite a bit. Its a tight situation. The most you can send teh better. I do understand your situation as well. | | | |
| | | **JY1709:** | I've sent nearly $350K in a month. I really don't think you get it. When things are this tight | | | |
| | | **MT1312:** | I know you just want your BTC, I know you are traveling tomorrow, do you want to talk tonight? | | | |
| | | **JY1709:** | Lets just talk this weekend. I'm fucking beat and my flight leaves at 6AM. Honestly, as long as we get everything in (invoices) by Monday morning we'll be good. Thanks for checking in though | | | |
| | | **MT1312:** | Are you sure? I'm fine with that if you are. | | | |
| | | **JY1709:** | Yeah it's fine | | | |
| | | **MT1312:** | I know you're getting hte shit beat out of you | | | |
| 234 | 8/22/19 | **MT7473:** | Photo of BTC atm screen (58819208745__3EF1FF8D-1D5C-4633-B3CF-A9DE77C5C873.jpeg) | Messages sent to Kimberley Tew<br><br>*See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_00333204 |
| | | **MT7473:** | Photo of BTC atm screen (58819222503__821E0D55-9B82-4B1C-8429-97F4321D3301.jpeg) | | | |
| | | **MT7473:** | Photo of BTC atm screen (58819226709__CD79F235-7CE4-4868-8410-34BA94330B01.jpeg) | | | |
| 235 | 8/23/19 | **MT7473:** | Photo of BTC atm screen (58827087661__F806463C-E2CB-4F9B-A62F-3F30ACDCB95A.jpeg) | | A, G, K | SW_FIL_00333205 |
| | | **MT7473:** | Photo of BTC atm screen (58827101199__01E0B75D-95F9-409E-952E-6CE614AB56A1.jpeg) | | | |
| | | **MT7473:** | Photo of BTC atm screen (58827113143__B1F41B58-0039-49F9-966F-1B1172B9F903.jpeg) | | | |
| | | **MT7473:** | Photo of BTC atm screen (58827121542__E2A2AC50-4456-40DF-9BE8-8590192A2813.jpeg)A, G, K**MT7473:** Photo of deposit slip (58829292164__A74CCE32-1CF2-432A-BC34-          793B7FFB8CD2.jpeg) | | | |
| | | **MT7473:** | Photo of deposit slip (58829294760__54D0395F-7445-4E73-9935-DF8D79E2751C.jpeg) | | | |
| 236 | 8/25/19 | **MT7473:** | Photo of BTC atm screen (58847015339__A9A51E2F-A3E7-4FAA-841D-BC5F08D8F427.jpeg) | *See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_00333208 |

183

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 237 | 8/26/19 | **MT1312:**<br>**MT1312:** | When are you free<br>ACCOUNT NAME: SAND HILL, LLC<br>BANK NAME: WELLS FARGO Bank NA<br>ACCOUNT NUMBER:        [x]6934<br>ABA:                           tel:[x]0076 | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | A, B, D, G, H, I, K, N | SW_FIL_003423 24 |
| | | **MT1312:** | Can you send 40 | | | |
| | | **MT1312:** | Done | | | |
| | | **JY1709:** | Yes, if I send $45K, do you think I can get at least 1BTC soon? | | | |
| | | **JY1709:** | Either way, I sent $45K. It's done. Out. THANK GOD | | | |
| | | **MT1312:** | Yes | | | |
| | | **MT1312:** | Pulling in now was on with marcum believe it or now | | | |
| | | **JY1709:** | Haha bizarre | | | |
| | | **MT1312:** | So funny | | | |
| 238 | 8/26/19 | **MT7473:**<br><br>**MT7473:** | Photo of BTC atm screen (58852688011__68F0A3B1-EB0D-44D3-B3C9-E74E23C57122.jpeg)<br>Photo of BTC atm screen (58852699336__D23EF89D-97D6-4C6A-905E-A0FC5A838DD2.jpeg) | The Tews were anticipating a payment on August 27, 2019 $45,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Global Fuel Logistics | A, G, K, N | SW_FIL_003332 09 |
| 239 | 8/27/19 | **MT7473:**<br><br>**MT7473:**<br><br>**MT7473:**<br><br>**MT7473:** | Photo of BTC atm screen (58861620814__36BB7665-EEC8-4AD7-AFA3-ED56CB7C368C.jpeg)<br>Photo of BTC atm screen (58861632596__C57DBD8D-E359-49C5-8463-620D9A379AC8.jpeg)<br>Photo of BTC atm screen (58861644155__710EC1D1-7D28-4EEE-AF21-2803B196D904.jpeg)<br>Btc hit let me know what you want | On August 27, 2019 $45,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Global Fuel Logistics. | A, G, K, N | SW_FIL_003332 09-<br>SW_FIL_003332 12 |

184

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **KT2046:** Sell 2K rn <br> **KT2046:** And transfer to NFCU <br> **MT7473:** dsone <br> **KT2046:** Can you send rest to below <br> **KT2046:** 1JdPtwSPRWtzAykDaJWY7GQMhibTr65yJR <br> **MT7473:** Done <br> **KT2046:** Can you send me another cb btc wallet address for you please <br> **MT7473:** 3DmXYf68zAGPzQUpceJP5niNieZNYh9xjA | Bank records show two Zelle transfers, for $1,000 each, posting on August 28, 2019 in teh Tews NFCU x8486 joint bank account. <br><br> *See* Indictment ¶¶ 32, 33 | | |
| 240 | 8/28/19 | **MT7473:** Photo of deposit slip (58870318763__22AF392D-2117-4192-8997-F6FBE5280445.jpeg) <br> **MT7473:** Photo of deposit slip (58870322460__CF7F28E8-FFA8-4CB1-8D71-23156E190DDE.jpeg) <br> **KT2046:** The second one is too blurry <br> **KT2046:** Where are you???? <br> **KT2046:** Can't reach you <br> **MT7473:** Photo of deposit slip (58870365236__EC77764A-4C1F-4FF4-B959-82DD83B332EB.jpeg) <br> **MT7473:** Photo of deposit slip (58870368231__81D64BA3-840B-4EBA-9118-A01C5EF6CD6F.jpeg) | *See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_0033 3213-SW_FIL_0033 3214 |
| 241 | 8/28/19 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing: <br><br> Dear Jon: <br><br> Apologies for the delay in getting you these. <br><br> Attached is our W9 and invoices covering payments you made to us through August 20. I am still scanning our files for anything we might be missing to get you the rest by tomorrow. <br><br> Thank you for your business! <br><br> Jessica Thompson | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. <br> *See* Indictment ¶¶11, 12, 13 | A, K, L | GFL_00000055-GFL_00000059 |

185

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | Global Fuel Logistics, Inc. | | | | |
| 242 | 8/29/19 | **KT2046:** | 1MTwXiUhC23oTgXEE7VQXoezXVz58YxL38 | On August 29, 2019 $45,000 sent via ACH to Wells Fargo Bank Account [x]2064 for services purportedly made to Global Fuel Logistics, as alleged in Count 45 of the Indictment | A, D, G, H, I, J, K, N | SW_FIL_003332 15 |
| | | **MT7473:** | Sent | | | |
| | | | | | | |
| | | | [. . . .] | | | |
| | | | | | | SW_FIL_003275 12- SW_FIL_003275 22 |
| | | **KT2046:** | I don't know why you never talk to jon in front of me | | | |
| | | **MT7473:** | Because we will end up fighting | | | |
| | | **MT7473:** | Headed to btc atm nowadays | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | | |
| | | **KT2046:** | You said you would have an update at 6:30am | | | |
| | | **KT2046:** | Or was that to shut me up | | | |
| | | **MT7473:** | I thought he would call me before work | | | |
| | | **KT2046:** | You let him treat you like shit | | | |
| | | **KT2046:** | He started all of this | | | |
| | | **MT7473:** | It's all my fault I have to eat crow from everyone | | | |
| | | **KT2046:** | Wah wah wah | *See* Indictment ¶¶ 32, 33 | | |
| | | **KT2046:** | You don't need to take shit from him | | | |
| | | **MT7473:** | Just the fright | | | |
| | | **MT7473:** | Truth | | | |
| | | **KT2046:** | But get the numbers right | | | |
| | | **KT2046:** | Get a hold of him | | | |
| | | **MT7473:** | Get another 168? | | | |
| | | **MT7473:** | I just almost got hit | | | |
| | | **KT2046:** | Stop texting | | | |
| | | **KT2046:** | Including DB that's another 213. Plus our credit cards and taxes and car. | | | |
| | | **MT7473:** | Photo of BTC ATM screen (58878759310__31BA9717-615F-40CF-A1B0-B1755DE433F5.jpeg) | | | |
| | | **MT7473:** | So I need a 400k commitment from Him. today and 90k ASAP | | | |
| | | **KT2046:** | I don't think the former is possible but the 90 is going to turn into double that if not dealt with. | | | |
| | | **KT2046:** | Stop letting him treat you like shit | | | |
| | | **KT2046:** | You don't deserve it from him | | | |
| | | **MT7473:** | And you just take it | | | |
| | | **KT2046:** | Photo of BTC ATM screen (58878770997__27C47A16-37C9-47DD-86D0-7AB63E841F7C.jpeg) | | | |
| | | **MT7473:** | So just lay into him and try to get 180! | | | |
| | | **MT7473:** | ? | | | |

186

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT7473:** I do deserve it <br> **MT7473:** I fuck everyone's shit up <br> **KT2046:** Ok I don't respect you <br> **KT2046:** You're not listening <br> **KT2046:** Let him treat you like shit and piss me off <br> **KT2046:** I don't see the BTC yet <br> **MT7473:** I just did it <br> **KT2046:** How many times have I told you to not text and drive <br> **MT7473:** I'm chasing Jon sending him nasty texts now <br> **MT7473:** He won't answer me and said he will call me this afternoon <br> **KT2046:** Tell him fuck him and his mid life crisis <br> **KT2046:** If he doesn't call you within the next 20 min I will personally turn him in. Fuck it. <br> **KT2046:** He can't even help us at this point <br> **KT2046:** And he's so abusive you're afraid to tell him what's really needed <br> **KT2046:** He's going to tell you he can't send anything or like 20 <br> **MT7473:** He said he will make it work he'll do whatever he can to help <br> He will call me at 1 eastern <br> I told him we could all just go to the sec and turn everyone in <br> **KT2046:** No plan <br> **KT2046:** No clarity <br> **KT2046:** Make sure that account is set up for online wires like today more than the minimum. <br> 150K+? <br> **MT7473:** Ok | | | |
| 243 | 8/29/19 | On August 29, 2019 J.Y. used his business email account to respond to questions by NAC employees about a payment to Global Fuel Logistics, writing "I'll send confirms." | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. *See* Indictment ¶¶11, 12, 13 | A, K, L | NAC_E_70403 |
| 244 | 8/29/19 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing: | *See* above, entry 199, for information about | A, K, L | GFL_00000008-GFL_00000009 |

187

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Dear Jon:<br><br>Attached is an updated invoice 1001.<br><br>Let me know if you have any questions.<br><br>Thank you!<br><br>Jessica Thompson | GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. *See* Indictment ¶¶11, 12, 13 | | |
| 245 | | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are the remainder of the invoices that have been paid and / or are due immediately<br><br>Thank you for your business!<br><br>Jessica Thompson<br>Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. *See* Indictment ¶¶11, 12, 13 | A, K, L | GFL_00000060-GFL_00000063 |
| 246 | 8/30/19 | **MT7473:**  Photo of BTC ATM screen (58882335544__A6E825A0-4408-4C58-9456-8D1AE7AC23D3.jpeg)<br>**MT7473:**  Photo of BTC ATM screen (58882337054__1E05EA14-F320-416E-AF9E-942A9870E394.jpeg) | Messages sent to Kimberley Tew<br><br>*See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_00333219 |

188

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

<u>September 2019</u>

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| 247 | 9/3/19 | **KT2046:** | Just hit jackpot for 8K | On September 4, 2019, $45,000sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics, as alleged in Counts 16 and 46 of the Indictment<br><br>Bank records show transactions at the Wynn Casino in Las Vegas on the Tews Joint NFCU bank account x8486 on Sept. 4, 2019 and transfers to Kimberley Tew's NFCU account x4602, where there are ATM withdrawals and debits at the casino. NAVY_00000148; 158]. There were also purchases at the Wynn posted to the Global Fuel Logistics x29064 account. [WFB_00002340]<br><br><br>Records from the Wynn show Kimberley Ann Tew staying between 9/1/19 and 9/15/19. | A, G, H, I, J, K, N | SW_FIL_00333223-<br>SW_FIL_00333226 |
| | | **MT7473:** | Omg!!!!! We're in business baby! | | | |
| | | **KT2046:** | Actually $7,730 | | | |
| | | **MT7473:** | Omg!!! Hit it! | | | |
| | | **KT2046:** | Lol | | | |
| | | **KT2046:** | Only $1,200 on the second | | | |
| | | **KT2046:** | Fuck this place. Getting paid today. | | | |
| | | **MT7473:** | Still incredible | | | |
| | | **MT7473:** | Incredible | | | |
| | | | Just winning | | | |
| | | **MT7473:** | Last flight out is 9:45, booked that flight, gets in at 12:30 am. | | | |
| | | **KT2046:** | How far is navy federal | | | |
| | | **MT7473:** | Navy federal is 15 minute drive west, BTC atm is 30 minutes back NE from there | | | |
| | | **KT2046:** | We will do btc. When we get back | | | |
| | | **KT2046:** | Stick with me | | | |
| | | **MT7473:** | I;'m sticking with you - you're coming back in an hour, or you're saying figure it out later | | | |
| | | **KT2046:** | Hi! let's go get that money from NFCU 26K ! Bring it back here! | | | |

189

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------|-------|
| | | | WYNN_00000624. They also show Kimberley Tew winning $7,730 on September 3, 2019. [WYNN_00000174]. The Wynn hotel estimated that she lost $23,651.82 gambling on slots in 2019 and lost $38,550 gambling at tables. [WYNN_00000179]<br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | | |
| 248 | 9/6/19 | **MT7473:** Your 5296 card said "not active"<br>Couldn't get anything<br>Got 600 from 4769 and 2863<br>And I could get 600 from each of mine<br>That's 1800 from mine<br>1200 from yours<br>Plus 3000<br>Six thousand total<br>**MT7473:** All set<br>I can only buy up to 2k more on this atm until like 1 or whenever we did the 12k today<br><br>[. . . .]<br><br>**KT2046:** $3,500 to [redacted business]<br>**KT2046:** Account Number: [x]8260<br>**KT2046:** Hold on depositing to [redacted] until we talk | Bank records show two $600 ATM withdrawals from account x4062 in the name of Kimberley Tew {NAVY_00000158], 2 $600 ATM withdrawals from the joint account x8486 [NAVY_0000149], a $600 ATM withdrawal from Michael Tew's NFCU account x3494. [NAVY_00000520], and a $600 ATM withdrawal from Michael Tew's NFCU | A, G, K, N | SW_FIL_00333227-SW_FIL_00333234 |

190

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | In line | account x5336. [NAVY_00000524] | | |
| | | **KT2046:** | Deposit 5K | | | |
| | | **KT2046:** | To [redacted] | *See* Indictment ¶¶ 23, 32, 33 | | |
| | | **MT7473:** | Ok | | | |
| | | | Confirmed? | | | |
| | | | Going to chase now it's like 3 blocks | | | |
| | | **KT2046:** | I'll send you a text to extra confirm | | | |
| | | **MT7473:** | Ok | | | |
| | | **MT7473:** | At chase | | | |
| | | **KT2046:** | K | | | |
| | | **KT2046:** | 5K deposit | | | |
| | | **MT7473:** | Ok | | | |
| | | **MT7473:** | Making now | | | |
| | | **MT7473:** | Then coming back | | | |
| | | **KT2046:** | Sam just surfaced | | | |
| | | **KT2046:** | Might have a 4K deposit at Chase | | | |
| | | **KT2046:** | Or Boa | | | |
| | | **KT2046:** | Is the latter close to you | | | |
| | | **MT7473:** | There is a bofa close yes | | | |
| | | **KT2046:** | CHASE | | | |
| | | | Account # 51370[x]rvices llc | | | |
| | | | California | | | |
| | | **KT2046:** | This is for Sam | | | |
| | | **KT2046:** | Just shoot me a copy of receipt blank | | | |
| | | **KT2046:** | 4000 | | | |
| | | **MT7473:** | ok | | | |
| | | **MT7473:** | Photo of deposit slip (58948175101__4A171850-5F55-4898-87C9-8CB6FB96FD87.jpeg) | | | |
| | | **KT2046:** | For the $4k deposit when it's completed | | | |
| | | **MT7473:** | Photo of deposit slip (58948194739__8A0B9BBE-49FD-42C3-A688-63017EC709A5.jpeg) | | | |
| | | **KT2046:** | Can you check to see if you received 2K via Zelle to NFCU | | | |
| | | **MT7473:** | Got text confirm checking account now | | | |
| 249 | 9/7/19 | **KT2046:** | I need you to call jon | *See* Indictment ¶ 18 (alleging coordination between Michael and | A, B, D, F, G, H, K, N | SW_FIL_003275 68- |
| | | **MT7473:** | I need a plan and dates | | | |
| | | **MT7473:** | And say what to him | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|--|-------------------|------------------|--------|
| | | MT7473: | We never sent him anything | Yioulos on how to provide more specific descriptions of falsely claimed services on fraudulent invoices) | | SW_FIL_003275 82 |
| | | MT7473: | I haven't spoken to him since Tuesday when I said we would send him btc | | | |
| | | MT7473: | We need to send him something | | | |
| | | MT7473: | We have to | | | |
| | | KT2046: | Something | | | |
| | | KT2046: | Fuck this shit | | | |
| | | KT2046: | I have nothing to send | | | |
| | | KT2046: | I need you to not freak out | | | |
| | | MT7473: | I need you to not freak out | | | |
| | | | [. . . .] | | | |
| | | KT2046: | You're freaking | | | |
| | | KT2046: | You're afraid of Jon | | | |
| | | MT7473: | I'm not afraid of Jon | | | |
| | | | We specifically said we would send him btc for his divorce | | | |
| | | | He sent that 90k as we asked | | | |
| | | MT7473: | Why do we purposely fuck hom over and then make me go back to him hat in hand | | | |
| | | MT7473: | Just tell me why we do it so I understand | | | |
| | | KT2046: | I don't have it what do you want me to do | | | |
| 250 | 9/8/19 | MT7473: | Photo of BTC ATM screen (58966783274__7CAE38F8-1512-459C-BB1E-94FA763CE0AE.jpeg) | *See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_003332 36 |
| 251 | 9/9/19 | MT1312: | Need you to come up for air or I have to send an email | On September 10, 2019, $18,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Count 17 of the Indictment | A, B, D, F, G, H, I, J, K, N | SW_FIL_003423 24 |
| | | JY1709: | I'll be available soon. If you're asking for money... | | | |
| | | JY1709: | I'll literally lose my shit | | | |
| | | JY1709: | I'm not kidding. I'll fucking lose it | | | |
| | | MT1312: | We needed more, we couldn't ask you, she got scammed, I was traveling, I got back late Friday, I know she lost the money and your BTC just trying to handle everything so I don't go to jail (because I'll be the one to go to prison).  We've been fighting over it all weekend long.  I mean what do you want me to do.  I mean that, I'm asking you, what do I do. | | | |
| | | JY1709: | Fuck you | | | |
| | | JY1709: | Fuck you | On September 10, | | |
| | | JY1709: | Fuck you | | | |

192

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:** SHE GOT SCAMMED. Are you kidding me? Go fuck yourself<br>**MT1312:** i know how it looks - in the end it will all come out, you will see, none of the funds ended up in our pocket.<br>**MT1312:** Do you want to come to Denver one weekend<br>**JY1709:** Possibly<br>**MT1312:** May be a good idea<br>**JY1709:** Just send me the bank shit before it gets late. I want to take care of today's<br>**MT1312:** Ok - 2 secs<br>**MT1312:** In the middle of getting all of this squared away with her just hte two of us - believe it or not first time. I'm sorry jon. Sending bank<br>**MT1312:** SHILL or Global Fuel<br>**JY1709:** Whatever is easier. I'd prefer global though<br>**MT1312:** Ok 2 secs<br>**MT1312:** Have to make sure I get hte right routing<br>**MT1312:** Can you send ACH to Global Fuel but to SHILL<br>**JY1709:** Listen, I'd really rather send to the global fuel account in case anyone looks...<br>**MT1312:** ACCOUNT NAME: SAND HILL, LLC<br>    BANK NAME: WELLS FARGO Bank NA<br>    ACCOUNT NUMBER:    [x]6934<br>    ABA:    [x]0076<br>**JY1709:** Thanks<br>**MT1312:** We think we should meet in person at some point. Anywhere<br>**MT1312:** We can talk later<br>**JY1709:** Agreed<br>**MT1312:** At this point we have to. You can come here spend the weekend or we can meet in FL. We can go to a rockies or broncos game<br>**MT1312:** Whats your sports team<br>**JY1709:** Yeah we'll figure it out. Die hard bills fan, but just a fan of sports in general. I'll make it out to Denver probably<br>**MT1312:** How soon could you make it do you think - think about it and let me know. No direct flights so tougher for us with the [. . . .]to mobilize<br>**JY1709:** Not sure. Really tough to know with the whole divorce thing and house sale and the bipolar attitude of [C.A.]<br>**JY1709:** Ok, ACH is out. 18K<br>**MT1312:** Copy that. Thank you jon. When can you talk tonight<br>**JY1709:** 11 ?? | 2019, $28,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources<br><br>"SHILL" is a reference to Sand Hill. *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>"[C.A.]" is a reference to the owner of NAC | | |

193

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **JY1709:** | So after 9PM your time | | | |
| | | **MT1312:** | yeah...meeting your girl: ) | | | |
| | | **MT1312:** | [. . . .] | | | |
| | | | Can we talk in am | | | |
| | | **JY1709:** | Sure | | | |
| | | **MT1312:** | Thx sorry | | | |
| 252 | 9/9/19 | **MT7473:** | Photo of BTC ATM screen (58967611293__CA005090-EA52-4EAA-9CD9-906D07A92E9C.jpeg) | Message to Kimberley Tew *See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_0032755 |
| 253 | 9/10/19 | **MT7473:** | Photo of BTC ATM screen (58983275109__7204C976-2851-44C5-AEC3-FB347FF2A581.jpeg) | Messages to Kimberley Tew. | A, G, K, N | SW_FIL_00333246- SW_FIL_00333247 |
| | | **MT7473:** | Photo of BTC ATM screen (58983286737__84466F5F-5456-45E9-A542-6EE327B8972C.jpeg) | *See* Indictment ¶¶ 32, 33 | | |
| | | **MT7473:** | Photo of BTC ATM screen (58983294750__BA5FCB27-45D8-4BD4-B75E-9D95877F22D8.jpeg) | On September 10, 2019, $18,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Count 17 of the Indictment | | |
| | | | [. . . .] | | | |
| | | **MT7473:** | I have 17 in global fuel | | | SW_FIL_0032757 7 |
| | | | | On September 10, 2019, $28,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources | | |

194

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------| -------|
| | | | | | |
| 254 | 9/13/19 | **Kley(KT):** I want to get 15K of btc<br>**MT7473:** Ok<br>**MT7473:** You need me to go to bank?<br>**Kley(KT):** Yes<br>**Kley(KT):** How else would I get it<br>**MT7473:** Right I forgot its at wells no prob<br>**MT7473:** Photo of BTC ATM Screen (59009287920__2DD9B3F9-BF8F-4452-892E-10683FDE65EC.jpeg)<br>**MT7473:** Photo of BTC ATM Screen (59009298297__52EBCD8A-4285-4767-A45A-33EDDD592EF5.jpeg)<br>**MT7473:** Photo of BTC ATM Screen (59009308985__D355134C-768C-4483-B773-C57CA6A60CC6.jpeg)<br>**MT7473:** Photo of BTC ATM Screen (59009323062__2B7B1BA3-1BD9-4390-A759-033B4D99CCDB.jpeg)<br>**MT7473:** Photo of BTC ATM Screen (59009333408__E24FFA08-CDF9-451A-8824-DA6EA5E2ED38.jpeg)<br>**MT7473:** Photo of BTC ATM Screen (59009343449__3CEAA1BD-E0B7-48B1-87F0-9C7207B76B99.jpeg)<br><br>[. . . .]<br><br>**MT7473:** Getting cash now<br>Go to both of the atms ?<br>**MT7473:** Photo of BTC ATM Screen (59010711965__C010CF29-381D-4FF2-9B18-4165C88D1DE3.jpeg)<br><br>[. . . .]<br><br>**MT7473:** Photo of BTC ATM Screen (59010923693__CD24F82A-1A6B-4691-B203-57D613426719.jpeg) | *See* Indictment ¶¶ 32, 33<br><br>On September13, 2019, $51,500 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources<br><br>Bank record show a $15,000 withdrawal from Michael Tew's Sand Hil bank account at Wells Fargo x6934 on September 13, 2019. [WFB_00002519]<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and | A, G, K, N | SW_FIL_0033325 1-<br>SW_FIL_0033325 4;<br>SW_FIL_0033325 8-SW_FIL_0033325 9 |

195

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | the relevant paragraphs of the Indictment. | | |
| 255 | 9/14/19 | **MT7473:** Photo of BTC ATM Screen (IMG_3189.jpeg)<br>**MT7473:** How much am I getting out of navy<br>**Kley(KT):** 1200 out of joint<br>**MT7473:** Ok<br>**MT7473:** And 1knohtbof wells<br><br>[. . . .]<br><br>**MT7473:** Got the cash headed to atm<br><br>[. . . .]<br><br>**MT7473:** Texted them and asked if they could increase my limit just in case<br>**MT7473:** 59017862814__D8BE5BCF-7C1F-49AA-96EC-ADB6F5C58666.jpeg | Bank records show two $600 ATM withdrawals on 9/14/19, posting to the Tews' NFCU joint account x8486 on 9/16. [NAVY_00000152].<br><br>*See* Indictment ¶¶ 32, 33 | A, G, K, N | SW_FIL_0033326 0-<br>SW_FIL_0033326 4 |
| 256 | 9/16/19 | **MT1312:** Hi what's the plan this week<br>Need 75k<br>Can you make that happen by wed or thurs<br>Can do two increments<br>Let's also make a plan for rest of year<br>I have the numbers<br>**JY1709:** It's bleak as fuck. We'll talk later today if that's cool. Gotta get settled<br>**MT1312:** Ok<br>Talk at 3?<br>**JY1709:** Works<br>**MT1312:** Perfect thanks buddy<br>**MT1312:** Urgent if we can get something for tomorrow. I know it's tight. Talk at 3<br>**MT1312:** I have a 1pm MT call, can we talk prior because I also have a 1;30. Can we talk at 2:45 EST<br>**JY1709:** Can't. 245 it is<br>**MT1312:** Nothing for tomorrow? Not small?<br>**JY1709:** I DONT FUCKING KNOW<br>**MT1312:** I got it.<br>**JY1709:** 5 min | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On September 17, 2019, | A C,, F, G, H, I, K, N | SW_FIL_003423 24 |

196

Government's *James* Log
*United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | MT1312:<br>MT1312:<br>JY1709:<br>MT1312:<br>MT1312:<br>MT1312:<br><br><br><br><br>JY1709:<br>JY1709:<br>MT1312:<br>MT1312:<br><br><br><br>MT1312:<br>JY1709:<br>MT1312: | Ok<br>You good?<br>Yeah sorry finishing a call<br>All good<br>I have a call in 10 mins can we speak before<br>Please please please try and send something small<br>Re your BTC<br>Kimberley suggested maybe better to hand you 2 BTC on a stick when you come here she told me to ask you what you prefer. Said she needs two weeks.<br>I really don't think I can. Just send bank info. I can try, but I can't promise<br>And no, I'd rather just have it sent to me<br>Ok. I'll tell her. She figured maybe stick because then can't trace the records.  Just saying.<br>Global Fuel Logistics, Inc.<br>Navy Federal Credit Union<br>Account Number [x]5336<br>Routing Number [x]4974<br>Copy and get it<br>11,950<br>THANK YOU | $11,950 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| 257 | 9/17/19 | MT1312:<br>MT1312:<br>JY1709:<br>MT1312:<br>MT1312:<br>MT1312:<br>JY1709:<br>MT1312:<br>MT1312:<br>JY1709:<br><br>MT1312:<br><br>MT1312: | How are you doing<br>Canh you talk at 2/2:30<br>Sure<br>0.5 sent to youi<br>Check your address<br>13CzsY9L9cibW6yVPkDJg3ys7bu5Mi4t5f<br>Got it!<br>Told you<br>It's gonna be ok<br>Haha I know. I'm just stressed cause of the situation here. If we had more cash, this wouldn't even be a worry<br>Send what you can don't get into any trouble - maybe we wait until next week for the larger chunk<br>Kimberley says she's running a script - says she can turn hat 0.5 to 0.75 if you want. She can make money with it right now.  The day is going well | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>On September 17, 2019, $11,950 via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | A, B, D, B, C, F, G, H, I, K, N | SW_FIL_003423 24 |

197

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT1312:** Up to you<br>**MT1312:** That's how she came up with the 0.5<br>**MT1312:** Some days are really good<br>**MT1312:** 1Cm5DqFvF8CRr1qhDffEf3pnguqkB6pFRA<br>**MT1312:** Send back here if you want<br>**MT1312:** She will turn to 0.75<br>**JY1709:** How quickly...<br>**MT1312:** How fast do you want it she asked<br>**JY1709:** I think I'll just hold for now. I think I'm getting served with papers today and I want to make sure I at least have her portion<br>**MT1312:** You'll have it<br>**JY1709:** Send me bank info. Trying for 30<br>**MT1312:** ACCOUNT NAME: SAND HILL, LLC<br>    BANK NAME: WELLS FARGO Bank NA<br>    ACCOUNT NUMBER:   [x]6934<br>    ABA:       [x]0076<br>**MT1312:** Is that ok or do you ant to send to global fuel account<br>**JY1709:** Na that's fine<br>**MT1312:** Thx did you figure it out<br>**MT1312:** Need to also know if you are sending back to work it for today<br>**MT1312:** You'll have more than 0.5 back so you don't have to worry. We know it's important<br>**JY1709:** Ok. I'd rather just keep it<br>**JY1709:** But if you need it back for yourself, then just say that lol<br>**MT1312:** Trust me I know how it looks<br>    She's running her script and right when to when she withdrew it it affects it. She can get a loan for 5k which will cost us 10k<br>**MT1312:** Talking to her now<br>**JY1709:** So you want it back then?<br>**MT1312:** She came to me and said shit I have jons BTC I'm sending ypbuimband then said shit I just lost momentum in my script<br>**JY1709:** Ok? FYI, I just sent $33,500 for tomorrow<br>**MT1312:** Yes pls<br>    When do you need the 0.5 min for divorce<br>**MT1312:** And thank you Jon<br>**JY1709:** I need a full 1 BTC within a week or so<br>**MT1312:** Thank you | On September 18, 2019, $33,500 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Counts 18 and 47 of the Indictment<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | I'm working my aaa off getting back on my feet | | | |
| | | **JY1709:** | I'll just send it back now | | | |
| | | **MT1312:** | Ok. I thought you just needed a half for her. Do you need the extra for cash? | | | |
| | | **MT1312:** | She's very detail oriented | | | |
| | | **JY1709:** | I just need to show the full Btc. then send her half of it probably | | | |
| | | **JY1709:** | It's really not that much haha out of everything I'm sending | | | |
| | | **MT1312:** | I see | | | |
| | | **JY1709:** | Sent the BTC back | | | |
| | | **MT1312:** | Ok THSNK you | | | |
| | | | I see i missed a call from you do you need me to ring you | | | |
| | | **MT1312:** | Other phone was dead and charging | | | |
| 258 | 9/18/19 | **MT1312:** | Did you get AEG to put anything up to cover payroll? | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, F, G, I, J, K, N | SW_FIL_003423 24 |
| | | **MT1312:** | Do you think your GF will start digging through your phone? | | | |
| | | **JY1709:** | No never. It's not that serious | | | |
| | | **MT1312:** | Do you have any money at all | | | |
| | | **MT1312:** | Asking straight tup | | | |
| | | **JY1709:** | What??? | *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| | | **MT1312:** | NA | | | |
| | | **JY1709:** | What are you saying? | | | |
| | | **MT1312:** | KT was running her script, was waiting for $15K from my airline / chairman of frontier project, he literally never sent it I've been slaving away for him and it fucked everything up. | | | |
| | | **JY1709:** | STOP DOING STUPID SHIT | | | |
| | | **JY1709:** | IM TIRED OF THIS | | | |
| | | **JY1709:** | FUCK YOU | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| | | **JY1709:** | IMG | | | |
| | | **JY1709:** | OMG | | | |
| | | **JY1709:** | I DONT WANT EXCUSES | | | |
| | | **JY1709:** | I Want this fine | | | |
| | | **JY1709:** | Done* | | | |
| | | **JY1709:** | Fucking script fuck off | | | |
| | | **JY1709:** | I'm going to bed. HOW MUCH MONEY DO YOU THINK I CAN SEND OUT | On September 18, 2019, $33,500 sent via ACH to Wells Fargo | | |
| | | **JY1709:** | HOLY FUCK | | | |
| | | **MT1312:** | Look - this is going to be done. We are on the same team. We are. I need | | | |

199

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | to know if there anything small to eek out, that's all I'm asking.  My ass is on the line really more than anyones. | Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Counts 18 and 47 of the Indictment | | |
| | | MT1312: | Are you there? | | | |
| | | MT1312: | You say we're in this together too... | | | |
| 259 | 9/19/19 | MT7473: | Photo of BTC ATM Screen (59054321828__67FAE604-1540-4C4E-BE4F-0A5E7897487C.jpeg) | Sent to Kimberley Tew *See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_0033326 5 |
| | | MT7473: | Photo of BTC ATM Screen (59054333166__AD69FF78-AF73-4E57-876C-E9A66FA9A420.jpeg) | | | |
| 260 | 9/22/19 | KT2046: | Have you called Jon once this weekend to prepare | On September 20, 2019, $41,500 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources  *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, F, G, K, N | SW_FIL_0032766 6-SW_FIL_0032766 9 |
| | | KT2046: | No | | | |
| | | KT2046: | I am FUCKED | | | |
| | | | [. . . .] | | | |
| | | MT7473: | I will call Jon as soon as we are back | | | |
| | | MT7473: | How much do we need this week | | | |
| | | MT7473: | Another 90 | | | |
| | | KT2046: | I'm losing my mind | | | |
| | | KT2046: | It's that we need something for Tue | | | |
| | | MT7473: | I'm calling | | | |
| | | KT2046: | Or tomorrow | | | |
| 261 | 9/23/19 | MT7473: | Just got to atm | Bank records show a $300 transfer from Michael Tew's NFCU account x3494 on 9/23/19 [NAVY_00000529] and a $300 transfer | A, D, G, K, H, I | SW_FIL_0033326 8-SW_FIL_0033327 0 |
| | | MT7473: | Love you | | | |
| | | MT7473: | I feel so bad | | | |
| | | MT7473: | Screenshot of conversation with JY (Image-1.jpeg) | | | |
| | | | The screenshot of the conversation with J.Y. forwarded to Kimberley Tew is a photograph showing a list of available cash balances and the message "FYI. This is today | | | |

200

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | so far and there's a wire going out already and pending payments that will bring this negative. So as I said last week, Wednesday or Thursday is going to have to be it." [. . . .] | | from Michael Tew's NFCU account x5336. *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | | SW_FIL_0032767 2 SW_FIL_0033383 1 |
| | | **Kley(KT):** | You have to transfer $300 from your 3494 account to 5336 account to withdraw $300 from 5336 | | | |
| | | **MT7473:** | Got 3900 on way | | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | You need to talk to Jon | | | |
| | | **KT2046:** | I have people asking for money today | | | |
| 262 | 9/25/19 | **JY1709:** | Calll you in a bit | On September 26, 2019, $52,750 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Counts 19 and 48 of the Indictment *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about | A, G, K | SW_FIL_0034232 4 |
| | | **MT1312:** | all good thnakjs! | | | |
| | | **JY1709:** | How's 1:30? | | | |
| | | **MT1312:** | Perfect | | | |
| | | **JY1709:** | This is gonna be tough, but best option is 45 and 45 probably | | | |
| | | **MT1312:** | Confirming all ok | | | |
| | | **MT1312:** | ? | | | |
| | | **JY1709:** | Yes | | | |
| | | **JY1709:** | 52750 | | | |
| | | **MT1312:** | Thx | | | |

201

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | NAC's finances to facilitate when fraudulent payments could be made)<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |
| 263 | 9/26/19 | **JY1709:**　　60K our<br>**JY1709:**　　Out<br>**MT1312:**　　Omg!<br>　　　　　Jon- none of us want to get caught.  You good?<br>**MT1312:**　　Send me your BTC address<br>**JY1709:**　　We're good. This just has to be it for a WHILE<br>**JY1709:**　　1F5uevzzWDxjnPC6gByJUymRknfL1chb8k<br>**MT1312:**　　Bitcoin Transaction 73732d6888908f8dd5cfab44264f146241d48a61ad95f9aa8d730bbe4ce70a41 blockchain.com<br>**MT1312:**<br>　　　https://www.blockchain.com/btc/tx/73732d6888908f8dd5cfab44264f146241d48a61ad95f9aa8d730bbe4ce70a41 | On September 27, 2019, $60,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Count 49 of the Indictment<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, B, F, G, H, I, K, M, N | SW_FIL_0034 23 24 |
| 264 | 9/26/19 | **KT2046:**　　Photographs<br>**KT2046:**　　I don't know what routing number to use<br>**KT2046:**　　Her address is our home address | On September 27, 2019, $60,000 sent via ACH to Wells Fargo | A, G, K | SW_FIL_0032 76 89- |

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | Send5K | Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Count 49 of the Indictment | | SW_FIL_00327698 |
| | | **KT2046:** | Actually send 7K | | | |
| | | **KT2046:** | Use OUR address right? | | | |
| | | **KT2046:** | Can you please go to WF to withdraw 20K and deposit at atm immediately? BTC is dropping in price again | | | |
| | | **MT1312:** | Ok | | | |
| | | **MT7473:** | Photograph | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |
| | | **MT7473:** | Photograph | | | |
| | | **MT7473:** | Photograph | | | |
| | | **MT7473:** | Photograph | | | |
| | | **MT7473:** | Photograph | | | |
| | | **Kley(MT):** | Photograph | | | |
| | | **KT2046:** | Can you stop at vaper jungle to buy the rest | M.V. is Kimberley Tew's mother | | |
| | | **MT7473:** | Photograph | | | |
| | | **MT7473:** | Yes will go to vaper now | | | |
| | | **KT2046:** | [m.v.]@gmail.com | Bank records show a $15,0000 transfer to Aaron Nussdorf from Michael Tew's Sand Hill account x6934 and a $7,000 transfer to Mary Vertanen [WFB_0000252]. | | |
| | | **KT2046:** | [redacted name] Account Number: [x]8867 Name:[redacted[ JP Morgan /Chase | | | |
| | | **KT2046:** | Bank: JP Morgan Chase Wire Routing: [x]021 Account Number: [x]8867 Name: [redacted] Address: [redacted address] Old Westbury, New York 11568 Account Type: Checking | Bank records also show $600 atm withdrawals from Michael Tew accounts x3494, x5366, from Kimberley Rew's NFCU account x3009, and from the Tews joint NFCU account x8486. NAVY_00000169; 533; | | |
| | | **MT7473:** | $15K sent | | | |
| | | **KT2046:** | Can you get $ from your debit cards and mine if you have them if not just yours | | | |
| | | **KT2046:** | For atm | | | |
| | | **Kley(MT):** | photograph | | | |
| | | **Kley(MT):** | Two bills didn't take and the guy couldn't change them | | | |
| | | **Kley(MT):** | Which two cards for your accounts | | | |
| | | **KT2046:** | 4 accounts | | | |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|------|------|------|------|------|
| | | KT2046: | All my cards | *See* Indictment ¶¶ 23, 32, 33 | | |
| | | Kley(MT): | Ok | | | |
| | | | Hold back on one of your cards if you want | | | |
| | | Kley(MT): | I can get 600 from all four of yours 600 from 5336 and 600 from my joint which will leave about 500 in teh accounts. That's 3600 + 1000 form wells In what account | | | |
| | | Kley(MT): | I'll move it to joint | | | |
| | | KT2046: | No | | | |
| | | Kley(MT): | Ok. Its in teh 3494 account | | | |
| | | KT2046: | Actually I don't care | | | |
| 265 | 9/27/19 | MT1312: | That was my daughter on the car with me job | On September 27, 2019, $60,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Count 49 of the Indictment | A, D, G, H, I, J, K, N | SW_FIL_003423 24 |
| | | MT1312: | Jon | | | |
| | | JY1709: | I didn't know | | | |
| | | JY1709: | Sorry | | | |
| | | MT1312(KT): | FUCK YOU | | | |
| | | MT1312(KT): | THIS IS KIMBERLEY | | | |
| | | MT1312(KT): | I'm calling the fucking husband | | | |
| | | MT1312(KT): | YOU ASSHOLE | | | |
| | | MT1312(KT): | FUCK YOU | | | |
| | | MT1312(KT): | FOR talking to my husband like this | | | |
| | | JY1709: | What? | The 716-858-7618 number is the publicly listed number for the Erie County Sheriff's office in Buffalo, where J.Y. resided. | | |
| | | MT1312(KT): | YOU ASSHOLE | | | |
| | | MT1312(KT): | WE ARE ALL IN THIS TOGETHER | | | |
| | | MT1312(KT): | Don't you ever talk to Michael like that again | | | |
| | | JY1709: | Lol I've sent you guys over $1.3MM. I think I'm entitled to get frustrated once in a while | | | |
| | | MT1312(KT): | Phone: (716) 858-7618 | | | |
| | | MT1312(KT): | YOU HAVE SENT | | | |
| | | MT1312(KT): | ONCE IN AWHILE | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| | | MT1312(KT): | He's like your personal punching bag | | | |
| | | JY1709: | Ok | | | |
| | | MT1312(KT): | How do you think it feels to be in our shoes and have NO CONTROL | | | |
| | | MT1312(KT): | I'm sick of this shit | | | |
| | | MT1312(KT): | I'm sick of trying to cope | | | |
| | | MT1312(KT): | That BTC is just sitting in your wallet | | | |
| | | MT1312(KT): | I don't care | | | |

204

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT1312(KT):**　If we all go down<br>**MT1312(KT):**　I can't live like this<br>**MT1312(KT):**　My daughter!!!<br>**MT1312(KT):**　You asshole<br>**MT1312(KT):**　Pretending that you want to be our friend<br>**MT1312(KT):**　And come visit<br>**MT1312(KT):**　I knew it!<br>**MT1312(KT):**　Michael refused to ask you FYI<br>**MT1312(KT):**　And I took out a 2 BTC loan<br>**MT1312(KT):**　It was his 40th birthday yesterday<br>**MT1312(KT):**　Do you know that<br>**MT1312(KT):**　And he refused to ask you<br>**JY1709:**　Are you done?<br>**MT1312(KT):**　I want to die<br>**MT1312(KT):**　Don't you get it<br>**MT1312(KT):**　Every day I wake up afraid<br>**JY1709:**　Just tell me where you want the shit sent<br>**MT1312(KT):**　NO<br>**MT1312(KT):**　I WANT TO KNOW THIS CAN END<br>**JY1709:**　Well I've been ASSURED it is. You guys lie<br>**JY1709:**　That's al you do<br>**MT1312(KT):**　You think we skim<br>**MT1312(KT):**　We don't<br>**JY1709:**　That's all you do is lie about shot<br>**JY1709:**　Shit<br>**MT1312(KT):**　Michael used A FUCKING coupon for his bday dinner<br>**MT1312(KT):**　Which was with just one of our daughters<br>**MT1312(KT):**　DON'T YOU GET IT<br>**MT1312(KT):**　My husband actually thinks of you as a friend<br>**MT1312(KT):**　And trusts you<br>**MT1312(KT):**　More than me<br>**MT1312(KT):**　And you treat him like shit<br>**MT1312(KT):**　I lie?<br>**MT1312(KT):**　Really?<br>**MT1312(KT):**　Then what the fuck am I lying about<br>**MT1312(KT):**　WRONG answer<br>**JY1709:**　Are you done??? How is this progressive | | | |

205

# Government's *James* Log
## *United States v. Tew*, 20–cr–000305–DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **JY1709:**　　I offered to send it back<br>**MT1312(KT):**　I AM ANGRY AT THE WAY YOU TREAT MICHAEL<br>**MT1312(KT):**　He gets really upset<br>**JY1709:**　　He's an adult. Jesus<br>**JY1709:**　　Stop texting me<br>**MT1312(KT):**　FUCK YOU<br>**JY1709:**　　Ha<br>**MT1312(KT):**　You know what<br>**MT1312(KT):**　Fuck you<br>**MT1312(KT):**　Fuck you<br>**JY1709:**　　Ok cool<br>**MT1312(KT):**　You don't know anythinhg<br>**MT1312(KT):**　He doesn't even have his family<br>**MT1312(KT):**　No one called to wish him a happy birthday<br>**MT1312(KT):**　You're his freind<br>**MT1312(KT):**　If that's all you have to say is stop texting you and he's an adult you know nothing about anything<br>**MT1312(KT):**　And you definitely do not care about him or us<br>**MT1312(KT):**　I'm the piece of shit<br>**MT1312(KT):**　Not him<br>**MT1312(KT):**　Don<br>**MT1312(KT):**　Don't ever forget that<br>**MT1312(KT):**　He doesn't deserve this<br>**MT1312(KT):**　Fucking apologize<br>**MT1312(KT):**　You asshole<br>**MT1312(KT):**　I know you don't give a shit because you're fucking someone else and destroying another family but Michael has kids<br>**MT1312(KT):**　And you were SO OUT OF LINE<br>**MT1312(KT):**　Seriously you're not going to respond and apologize?<br>**MT1312(KT):**　I swear to god you will regret it<br>**MT1312(KT):**　FUCK YOU<br>**MT1312(KT):**　CALL AND APOLOGIZE TO HIM<br>**MT1312(KT):**　I really will track down that husband<br>**JY1709:**　　OMG RELAX.im on a call and driving.<br>**MT1312(KT):**　1Khrvuy6os5AMAkAf2kRpd8UvfuN4qKrtH<br>**JY1709:**　　It's sent. | | | |

206

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|------------------|--------|
| 266 | 9/28/19 | **KT2046:**<br>**KT2046:**<br>**MT7473:** | QR Code (IMG_1240.PNG)<br>Did you get this<br>Photo of BTC ATM screen (59140575563__AD90D6D2-D3B5-496D-97B1-2C9ECEF053B5.jpeg) | On September 28, 2019, $75,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, G, K, N | SW_FIL_003332 71 |
| 267 | 9/30/19 | **MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br><br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br>**MT7473:**<br><br>**MT7473:**<br>**MT7473:**<br>**KT2046:** | II saw your texts to jon and I don';t think you stressed how large<br>You're really not clear<br>Ok. I'll take care of it<br>Ever<br>No<br>This is how we end up in serious panic mode<br><br>[. . . .]<br><br>I have no phone<br>You said one last<br>Which ind't accurate<br>I don't think he is going to do it<br>You don't understand<br>I need a number<br>He doesn't have a choice<br>I need a number<br>And stop telling him last one<br>What is your problem with me<br>They have zero revenue for three weeks. I didn't tell him last one. They won't have any money<br>0 revenue for three weeks and you're only asking for 50????<br>I don't think he takes you seriously | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>As set forth in paragraph 33(f).f of the indictment, thew Tews used proceeds of their scheme to buy an Audi. | A, D, E, F, G, H, I, K, N | SW_FIL_003332 81-<br>SW_FIL_003332 87;<br>SW_FIL_003332 89-<br>SW_FIL_003332 90 |

207

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | https://www.edbozarthparkmeadow.com/VehicleSearchResults?search=all&make=Chevrolet&model=Tahoe&year=2020<br>**MT7473:** Transunion 533 Equifax 539 from my credit karma<br>**KT2046:** So what are our options<br>**KT2046:** At this point<br>**KT2046:** That's why there's a big difference between getting 50-100<br>**KT2046:** What was the Porsche pre pay option<br>**KT2046:** Or L4 the boxy one used<br>**MT7473:** Discovery LR4 you mean? Used yes?<br>**MT7473:** I found a really nice LR4 with 26,000 miles (2016) super nice and clean for 41K list, we Can get for less<br>**KT2046:** What color<br>**KT2046:** Does that seat 7?<br>**MT7473:** Its like a dark beige with dark leather interior with two extra seats in back so yes 7<br><br>[ . . . .]<br><br>**KT2046:** QR Code (IMG_1267.PNG)<br>**MT7473:** Photo of BTC ATM screen (59156000108__6D2F6D88-8F7F-4F4C-85B2-3507D24D7655.jpeg)<br>**MT7473:** Where to send the funds<br>**MT7473:** purchase agreement for Audi (Tew.pdf)<br>**KT2046:** You were already supposed to be doing the credit application for the car<br>**MT7473:** I honestly didn't know you wanted me to. I just did it.<br>**MT7473:** They are working on it rig tnow<br>**KT2046:** Wouldn't do it | | | |

208

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

**October 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 268 | 10/1/19 | **MT7473:** I got approved at 12.23 APR for the financing. Don't know terms yet. Finding out. Still have to provide proof of income but we should be ok. I think that's only with 5k down. If so it's 12 percent on 15k which is like 2k in interest over however many months which should be no problem. Maybe worth it. <br> **MT7473:** Have the cash I can send wire now if you want <br> **MT7473:** Before I go to atm <br> **MT7473:** Going to atm first <br> **KT2046:** Up to you <br> **KT2046:** QR Code (IMG_1271.PNG) <br> **KT2046:** FYI wire to LLC <br> **MT7473:** photo of BTC ATM Screen (59164751347__F4AFA15C-2425-4A1C-AAE3-0EFCE58F6CFA.jpeg) <br> **MT7473:** Photo of BTC ATM screen (59164763214__70B42329-385A-4747-A3E8-1E4D57974C5A.jpeg) <br> **MT7473:** 72 @ 12.23 % with $5000 down / $313.79 month <br> **KT2046:** Not bad right <br> **KT2046:** Won't it improve our credit <br> **KT2046:** Or your <br> **MT7473:** 59164779378__1A821B69-BF96-4646-BA01-2313A635B5FB.jpeg <br> **MT7473:** Yes pay on time and will help <br> **MT7473:** Need to provide proof of income they want tax returns <br> **KT2046:** Fuck <br> **KT2046:** Maybe we just buy it <br> **MT7473:** Photo of BTC ATM Screen (59164794789__D0A6FA17-7FE6-4BE3-BF90-AE53F041B863.jpeg) <br> **MT7473:** We just have to be prepared for anything. I can send my 1099s and anything else I can to get them comfortable <br> **MT7473:** Photo of BTC ATM Screen (59164819132__A4F19011-3A3E-4C7E-9D98-DF1956396CD5.jpeg) <br> **MT7473:** Photo of BTC ATM Screen (59164836417__0D0F1932-78C4-4469-91EB-BD52C9EB4AB1.jpeg) <br> **MT7473:** Photo of BTC ATM screen (59164854056__C7BC1B8E-FA77-45B0-AA54-5DE9CBBDBF5D.jpeg) <br> **MT7473:** One 100 didn't work | As alleged in Count 50 of the Indictment, Michael Tew withdrew $20,000 from x6934, which was an account for Sand Hill. [WFB_00000740] <br><br> As set forth in paragraph 33(f).f of the indictment, thew Tews used proceeds of their scheme to buy an Audi. *See* Indictment ¶¶ 23, 32, 33 | A, F, G, H, K, N | SW_FIL_0033329 4-SW_FIL_0033330 1 |

209

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|------------------|--------|
| | | MT7473: | Hold on I'll see if I can change it | | | |
| | | MT7473: | Photo of BTC ATM screen (59164880696__93BE8464-C0A9-4568-B345-3908FAB5E919.jpeg) | | | |
| | | MT7473: | They won't do it without tax returns fuck | | | |
| | | MT7473: | I have to try somewhere else | | | |
| 269 | 10/2/19 | MT7473: | Almost exactly my old car (Photo of car (IMG_3475.jpeg)) | As alleged in Count 51 of the indictment, Michael Tew withdrew $51,000 from the x6934 account on October 22, 2019.<br><br>As set forth in paragraph 33(f).f of the indictment, thew Tews used proceeds of their scheme to buy an Audi. | A, F, G, K, N | SW_FIL_00333301; SW_FIL_00333303-SW_FIL_00333306 |
| | | | [ . . . .] | | | |
| | | MT7473: | Sent you 1.5 | | | |
| | | MT7473: | Screenshot of spreadsheet (Messages Image(2446086633).jpeg) | | | |
| | | MT7473: | That's everything we cashed out and sent to navy federal today | | | |
| | | MT7473: | Here now - doesn't free up until 1240 | | | |
| | | MT7473: | Have to wait | | | |
| | | KT2046: | Huh | | | |
| | | KT2046: | We didn't do the 20K until 12:40? | | | |
| | | KT2046: | What are you doing? | | | |
| | | MT7473: | Yes | | | |
| | | MT7473: | On way back home | | | |
| | | KT2046: | QR Code (IMG_1276.jpeg) | | | |
| | | MT7473: | At vaper | | | |
| | | KT2046: | Come back as soon as fine | | | |
| | | KT2046: | Done if you want 5 is ok. | | | |
| | | | [ . . . .] | | | |
| | | MT7473: | Ok did 5 | | | |
| 270 | 10/3/19 | MT7473: | Tew Budget 10 20 19.xlsx | kley@me.com was the email address used by Kimberley Tew.<br><br>As alleged in paragraph 33.f of the Indictment, the Tews purchased an Audi using proceeds of | A, F, G, K, N | SW_FIL_00333307-SW_FIL_00333309; SW_FIL_00333310-SW_FIL_00333312; |
| | | MT7473: | This is the correct tuition and minus tonight's cash wD | | | |
| | | MT7473: | Love you | | | |
| | | | [ . . . .] | | | |
| | | KT2046: | Can you wire 5K to [redacted business name] | | | |
| | | KT2046: | Business Checking: | | | |

210

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Bank:** JPMorgan Chase<br>Account Name: [redacted business name], LLC<br>Wire Routing Number: [x]0021<br>Account Number:<br>[x]8260<br>**KT2046:** 7 Second St<br>Ladera Ranch CA 92694<br>United States<br>**KT2046:** Ask for an email confirm to kley@me.com<br>**MT7473:** Wire out<br>**MT7473:** They are emailing confirmation<br><br>[. . . .]<br><br>**KT2046:** Where are you<br>**MT7473:** Car will be done within the hour he said<br>**KT2046:** Ok keep me updated<br>**KT2046:** Also ask about the scratches on drivers side and options<br>**MT7473:** All signed<br>Finance coming to collect check now<br>Then they are going to see if they can do a deep clean not quite a detail but a deep clean<br>I'll ask about the scratch<br>**KT2046:** Well if that takes longer we can do it<br>**MT7473:** Ok<br>**KT2046:** I thought they already said you would received vip clean<br>**MT7473:** Yeah but i asked the sales guy and he said the sales side has a separate crew that can do it better<br>**KT2046:** Whatever right lol<br>**MT7473:** Exactly<br><br>[ . . .]<br><br>**MT7473:** He said we got a very good price on the car he couldn't believe how low the mileage<br>**MT7473:** I mean he wasn't bull shitting me either | the scheme and here are discussing its delivery to them. AUDI_00000003.<br><br>$20,611.01 was transferred from the Sand Hill account x6934 on November 1, 2019, as alleged in Count 52 of the Indictment to pay for the Audi. | | SW_FIL_003333 14-<br>SW_FIL_003333 21 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|--------------------|------------------|--------|
| | | **MT7473:** You were right | | | |
| | | **MT7473:** Do you have two secs to discuss warranty | | | |
| | | **KT2046:** Do whatever you want | | | |
| | | **KT2046:** I don't want to spend a lot | | | |
| | | **KT2046:** They are sales people | | | |
| | | **KT2046:** It's only one year | | | |
| | | **MT7473:** There's a diff one it's six years sixty thousand miles for 138/ month for 24 months that's no interest just pay 138 now. It covers most everything including all electrical which is important. 138 dollars now | | | |
| | | **KT2046:** Cool | | | |
| | | **KT2046:** Are you in the service area or the sales area | | | |
| | | **MT7473:** Sales area now just closing on the car now | | | |
| | | **MT7473:** Literally handing him a check now | | | |
| | | **MT7473:** Copy of sales agreement and photo of check for car(IMG_3481.jpeg) (photograph of agreement for Audi and check for $20,611.01 with signature of Michael Tew) | | | |
| | | **MT7473:** They are finishing the car now Will additional 10-15 mins for the cleaning if we want You tell me | | | |
| | | **MT7473:** Car pulling up in a few mins Just a light wash and vacuum Do you want me to wait for the full treatment or just come home | | | |
| | | **MT7473:** 44 bucks for the service!!! | | | |
| | | **MT7473:** That's ITV | | | |
| | | **MT7473:** It! | | | |
| | | **KT2046:** How much money do we have left | | | |
| | | **KT2046:** Can you get me more btc | | | |
| | | **MT7473:** Yes 9405 in wells [. . . .] I can get 5-6 out of wells There's 25k in navy with that 21k hitting at 2 Tell me what you want [. . . .] | | | |
| | | **KT2046:** Are you close to navy | | | |
| | | **KT2046:** Hello | | | |
| | | **MT7473:** I can only get 3000 from navy to leave enough to verify funds but I can get | | | |

212

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|-----|------|-------------------|------------------|--------|
| | | | 6 from wells | | | |
| | | MT7473: | At navy | | | |
| | | MT7473: | Have the navy cash headed to wells | | | |
| | | MT7473: | Have 9k heads to atm. 12 minute drive | | | |
| | | MT7473: | Here now | | | |
| | | KT2046: | Let me give you address | | | |
| | | KT2046: | QR Code (bustadice – Next Generation Dice.jpeg) | | | |
| | | MT7473: | Got it | | | |
| | | MT7473: | Photo of BTC ATM Screen (59182488619__D7BFF9D8-C146-448F-A33B-7591CDC91674.jpeg) | | | |
| 271 | 10/5/19 | MT7473: | Photo of BTC ATM screen (9201036088__8683B05D-8DDA-4D3C-9D80-253C8943BAB7.jpeg) | *See* Indictment ¶¶ 23, 32, 33 | A, F, G, K, N | SW_FIL_0033329-SW_FIL_0033331 |
| | | KT2046: | I transferred 1 btc to your CB account you should definitely put $ in WF first so those checks don't bounce and try $500 at navy | "CB" is short for coinbase, a kryptocurrency exchange. | | |
| | | KT2046: | Don't send a lot to PayPal without knowing for sure | | | |
| 272 | 10/7/19 | MT1312: | Have 1700 on way to atm | Messages to Kimberley Tew | A, F, G, K, N | SW_FIL_0031389-SW_FIL_0031391 |
| | | | [. . . .] | *See* Indictment ¶¶ 23, 32, 33 | | |
| | | MT1312: | We just need to stay focused | | | |
| | | MT1312: | Here at atm | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when | | SW_FIL_0032738-SW_FIL_0032739; |
| | | MT1312: | Photo of BTC ATM screen (59211728766__A784E06E-793B-4603-A3EA-A5F3910ED088.jpeg) | | | SW_FIL_0032746-SW_FIL_0032747; |
| | | | [. . . .] | | | SW_FIL_0032751-SW_FIL_0032753; |
| | | MT1312: | Photo of BTC ATM screen (59216873005__B30508AC-28F2-4149-A25F-D951789DA253.jpeg) | | | SW_FIL_0032756 |
| | | MT1312: | Photo of BTC ATM screen (59216887207__B94A44CF-198A-473B-A69A-FB558F9C1775.jpeg) | | | |
| | | MT1312: | Photo of BTC ATM screen (59216895753__822F8994-8A20-4E70-A4E4-A22A8401AB0B.jpeg) | | | |
| | | | [. . . .[ | | | |

213

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | I don't know how do we ask [redacted] for a bridge when he's sitting on our chi deck | fraudulent payments could be made) | | |
| | | **MT7473:** | It may be our only option. Jon asking [C.A.] to put money in. | | | |
| | | **KT2046:** | He knows I'm jammed up because of frozen finds | | | |
| | | **KT2046:** | Can he overdraft account to get us something tomorrow | | | |
| | | **KT2046:** | [C.A.] is going to freak out when Jon asks and he's going to wonder where all the $ is | | | |
| | | **KT2046:** | I can't take a loan out if we can't pay it back | | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | Is Jon not sending anything for tomorrow??? | | | |
| | | **MT1312:** | I'll check again | | | |
| | | **KT2046:** | Not that you care but I am worried about the car and also rent and I'm basically screwing [redacted] over who is moving his family right bow | | | |
| | | **MT1312:** | I do care | | | |
| | | **KT2046:** | I didn't mean it like that | | | |
| | | **KT2046:** | I messed up | | | |
| | | **MT1312:** | I'll do everything I can to get whatever money I can get | | | |
| | | | [. . . .] | | | |
| | | **KT2046:** | Fuck. Just make sure jon is sending tomorrow | | | |
| | | **KT2046:** | If you're on a call get off and call him | | | |
| | | **MT1312:** | He may be able to send tomorrow | | | |
| | | | He can't send today | | | |
| | | **MT1312:** | I called him | | | |
| | | **KT2046:** | Doesn't work!! | | | |
| | | **MT1312:** | Friday | | | |
| | | **MT1312:** | He can't | | | |
| | | **MT1312:** | There's nothing to send | | | |
| | | **MT1312:** | Nothing | | | |
| | | **KT2046:** | Overdraft | | | |
| | | | [. . . .] | | | |

214

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | I need Jon to send for tomorrow | | | |
| | | **KT2046:** | Or it better be a shit load | | | |
| 273 | 10/8/19 | **KT2046:** | Please tell me Jon is sending something tomorrow | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, G, K, N | SW_FIL_003277 75 |
| | | **KT2046:** | Even if it's 3,000 | | | |
| | | **MT7473:** | Been trying him - texted him and called to see if he can send ANYTHING | | | |
| | | **KT2046:** | 4 min to cut off | | | |
| | | **MT7473:** | I know | | | |
| 274 | 10/9/19 | **Kley(KT):** | You better have something lined up | The person whose name is redacted here was a person to whom Kimberley owed money.  Kimberley was worried the check she had written to cover the debt would bounce.<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | A, G, K | SW_FIL_003277 83; SW_FIL_003277 85; SW_FIL_003277 90- SW_FIL_003277 92; SW_FIL_003277 94; SW_FIL_003277 97- SW_FIL_003278 05; SW_FIL_003278 07- SW_FIL_003278 08; SW_FIL_003278 10- SW_FIL_003278 11 |
| | | **Kley(KT):** | With Jon | | | |
| | | | [ . . . . ] | | | |
| | | **Kley(KT):** | I will continue to lose money until you tell me there is a plan | | | |
| | | **Kley(KT):** | I'm in the dark | | | |
| | | **Kley(KT):** | Tell him we are borrowing money from my parents and will pay him back at the end of the month | | | |
| | | **Kley(KT):** | I need my pills and I need you to get on Jon [redacted] is cashing that check tomorrow | | | |
| | | | [ . . . . ] | | | |
| | | **Kley(KT):** | Can you call [L.W.] | | | |
| | | **Kley(KT):** | He can google pay | | | |
| | | **MT1312:** | Ok | | | |
| | | **Kley(KT):** | If he could send something substantial if anyone could we could be ok | | | |
| | | **Kley(KT):** | [redacted] sent 2K | | | |
| | | **Kley(KT):** | He's the only one on my side | | | |
| | | **Kley(KT):** | I don't know what to do to get him to send the other 3K | | | |
| | | **MT1312:** | How much do we owe [redacted] now | | | |
| | | **MT1312:** | Total | | | |
| | | **Kley(KT):** | I don't know | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **Kley(KT):** Did you call [L.W.]<br>**MT1312:** Yeah he didn't answer<br><br>[. . . .]<br><br>**Kley(KT):** I don't know what's going on with you and Jon but he sent nothing.<br>**Kley(KT):** Not even $500<br>**Kley(KT):** We have nothing<br><br>[. . . .]<br><br>**Kley(KT):** We needed something this week<br>**Kley(KT):** Anything<br>**Kley(KT):** Jon is going to screw us over<br>**MT1312:** I think we'll have something Friday he said he was pulling it together<br>**Kley(KT):** How much<br>**MT1312:** He's not going to screw ya over<br>**MT1312:** Us<br>**Kley(KT):** But like Friday for Monday<br>**MT1312:** He doesn't know yet he had a divorce appointment<br>**MT1312:** No Thursday for Friday<br>**Kley(KT):** Like a lot<br>**Kley(KT):** It matters<br>**Kley(KT):** Big difference<br>**Kley(KT):** How much<br>**MT1312:** I've been trying to reach him for an hour<br>**MT1312:** I promise you I'm working on it as much as I can I promise you I know you're mad at me<br>**Kley(KT):** How much do you think<br>**MT1312:** I promise I am stalking him<br>**Kley(KT2)** How much<br>**Kley(KT)** How much<br>**Kley(KT):** Do you think<br>**MT1312:** If [NAC vendor]a comes in 500k he could send 40-50 I think that would be a lot<br>**MT1312:** But maybe<br>**Kley(KT):** But what if it doesn't | | | |

216

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(KT):** And they won't know until when | | | |
| | | **Kley(KT):** That's a big difference | | | |
| | | **MT1312:** He said they expect [NAC vendor] toxins in Vegas | | | |
| | | **MT1312:** To come in | | | |
| | | **Kley(KT):** [redacted] could cash the check | | | |
| | | **Kley(KT):** When will they know | | | |
| | | **Kley(KT):** You think that would be a lot | | | |
| | | **Kley(KT):** I don't understand | | | |
| | | **MT1312:** They should know by 5 today | | | |
| | | **Kley(KT):** Did he give you the 40-50 number | | | |
| | | **MT1312:** I think if he sends us 10 percent of what they get th AG would be a long | | | |
| | | **MT1312:** No I'm making it up he's said nothing o have no fucking Coie | | | |
| | | **MT1312:** You're asking me | | | |
| | | **Kley(KT):** I think if he sends us 10 percent of what they get th AG would be a long | | | |
| | | **Kley(KT):** What does that mean | | | |
| | | **Kley(KT):** I'm scared | | | |
| | | **MT1312:** Nevermind you want me to give you definite answers and I know nothing right now | | | |
| | | **MT1312:** Scared of what | | | |
| | | **MT1312:** You're not scared of anything | | | |
| | | **Kley(KT):** So did you make up they'll know by 5 | | | |
| | | **Kley(KT):** you think you know me | | | |
| | | **Kley(KT):** you don't | | | |
| | | **MT1312:** They should know for sure by 5 | | | |
| | | **Kley(KT):** How | | | |
| | | [. . . .] | | | |
| | | **Kley(KT):** By 5 o'clock is in 30 min | | | |
| | | **Kley(KT):** I tell you how I feel you tell me how I feel | | | |
| | | **MT1312:** Ok they should be getting 500 in tomorrow. It's not confirmed yet. He will be able to send us something. We don't know yet. He really is not going to screw us. He even offered to send more in October when more money starts rolling in. | | | |
| | | **Kley(KT):** When did he say this | | | |

217

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(KT):**  How do you know<br>**Kley(KT):**  Why are you not responding<br><br>[. . . .]<br><br>**Kley(KT):**  What's the story<br>**Kley(KT):**  I need a number<br><br>[.. . . .]<br><br>**MT1312:**  He's not answering he's probably with his girl I'm going to text him. He'll be up for air in 2 hours if so<br><br>[. . . .]<br><br>**Kley(KT):**  No update!!!<br>**Kley(KT):**  WTF<br>**Kley(KT):**  You're not listening<br>**Kley(KT):**  And screwing us over<br>**Kley(KT):**  You told me 50<br>**Kley(KT):**  You told him 25 | | | |
| 275 | 10/10/19 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are our service and maintenance invoices for Aero Maintenance Resources for September.<br><br>Please contact me if you have any questions<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000047-GFL_00000050 |

218

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | A Unit of Global Fuel Logistics, Inc. | | | |
| 276 | 10/11/19 | **Kley(KT):** Is Jon sending more for Monday since you told me rhrrr would be 50<br>**Kley(KT):** WTF<br><br>[. . . .]<br><br>**Kley(KT):** Can he do a wire today<br>**MT1312:** He said wed for Thursday that's if<br>**MT1312:** That it<br><br>[. . . .]<br><br>**Kley(KT):** You told me 50 from Jon<br>**MT7473:** Its my fault<br>**MT7473:** He didn't have it<br>**Kley(KT):** I don't care who's fault<br>**MT7473:** He started at 20<br>**Kley(KT):** That's not the point<br>**MT7473:** It is the point<br>**Kley(KT):** I need you to get money today<br>**Kley(KT):** Today<br><br>[. . . .]<br><br>**MT7473:** He can't send anything<br>**Kley(KT):** Fuck<br>**MT7473:** I'm asking [L.W.] for rent money<br>**Kley(KT):** You won't even try<br>**MT7473:** I did try he's not at his computer and [C.A.] took teh last of the money<br>**Kley(KT):** [L.W.] won't respond to a text<br>**MT7473:** I already spoke to jon earlier | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *ee* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>[C.A.] was an owner of NAC | A, D, G, H, K, N | SW_FIL_003278 24;<br>SW_FIL_003278 26;<br>SW_FIL_003278 30-<br>SW_FIL_003278 31;<br>SW_FIL_003278 32-<br>SW_FIL_003278 33 |
| 277 | 10/15/19 | **MT7473:** Jon asking what is the total needed for everything including his BTC. He wants to send a final thing. I mean he's super fucking pissed etc but is calming down and wants to help. What should I say you think.<br>**KT2046:** God like 150-80 | "SH" is a reference to Sand Hill. Banking records show a check deposit into Michael | A, D, G, I, K, N | SW_FIL_003333 38-<br>SW_FIL_003333 40 |

219

# Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | Just say I took out more loans | Tew's Sand Hill account x6934 on October 15, 2019. [WFB_00002572; NAVY_00000753]<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| | | **MT7473:** | I know | | | |
| | | **KT2046:** | Should you try to deposit a check from your 3494 account at the atm into your SH account | | | |
| | | **MT7473:** | yes | | | |
| | | **KT2046:** | Will you try now | | | |
| | | **MT7473:** | [Redacted] doesn't have money its worst than ti thought. H showed me his cc balance on the computer | | | |
| | | **MT7473:** | He has $1000 available on his CC to live on | | | |
| | | **MT7473:** | Its all maxed out | | | |
| | | **KT2046:** | Tell him we will get him his money ASAP | | | |
| | | **MT7473:** | Jon said he can send but doesn't know ho wmuch | | | |
| | | **MT7473:** | He is calling me | | | |
| 278 | 10/17/19 | **MT7473:** | WF Wire Limit Calculation.xlsx+G3900 | As alleged in paragraph 33.f of the Indictment, the Tews purchased an Audi using proceeds of the scheme and here are | A, G, K, N | SW_FIL_0033334 2 |
| | | **KT2046:** | Sending to [redacted]'s simpld right | | | |
| | | **MT7473:** | Yrs both are out. | | | |
| | | **MT7473:** | 43k available | | | |

220

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | [. . . .] | discussing its delivery to them. AUDI_00000003. | | SW_FIL_00327877 |
| | | **KT2046:** | Thursday, Nctober 17, 2019:<br>ITEMS PAID<br>  1.$27,000 online ($10K to [redacted]; $17K to Gemini)<br>  2.$5,000 online (CW Simple)<br>  3.$23,000 branch (SG)<br>  4.$3,700 ACH for rent<br>  $58,700 subtotal items paid<br>ITEMS TO BE PAID<br>  1.$21,000 (Audi)<br>  2.$1,000 (PR Newswire)<br>  3.$6,200 (Sand Hill WF)<br>  4.$3,500 (rent)<br>  5.$500 (MV WF)<br>  6.$500 (Jeep)<br>  7.$5,000 (CW Chase)<br>   ($37,700) subtotal items to be paid<br>  $16,300 balance in WF<br>   ($21,400) Ending Balance<br>ADDITIONAL ITEMS<br>  1.$25,000 (AN)<br>  2.$5,650 (MP)<br>  3.$12,000 (CW)<br>  4.$8,500 (BTC for Jon)<br>   ($51,150) subtotal additional items<br>   ($21,400) balance after items to be paid<br>   ($72,550) Ending Balance | $20,611.01 was transferred from the Sand Hill account x6934 on November 1, 2019, as alleged in Count 52 of the Indictment to pay for the Audi.<br><br>Michael Tew had given a check to the dealership, but it had to be covered by a later wire transfer.<br><br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | | |
| 279 | 10/19/19 | **Kley(KT):** | Jon has to send something on Monday right because we need to put the car behind us and book everything for Vegas.<br><br>[. . . .] | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, B, C, D, F, G, H, I, K, N | SW_FIL_00327894 |
| | | **MT1312:** | I don't know if he has anything for Monday. Bill talk to him this weekend | | | |
| | | **MT1312:** | I'll find out what we can do | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT1312:** | I'm just saying right now I don't know but I'll find out | *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| | | **Kley(KT):** | Do you think sabotaged 75 | | | |
| | | **Kley(KT):** | Another | | | |
| | | **MT1312:** | I don't know | | | |
| | | **MT1312:** | I don't | | | |
| | | **Kley(KT):** | At least because of the car | | | |
| | | **MT1312:** | Maybe if I tell him nothing until mid November | | | |
| | | **MT1312:** | I know | | | |
| 280 | 10/20/19 | **MT7473:** | Screenshot of sending BTC (Screenshot 2019-10-20 at 13.12.11.jpeg)<br><br>[. . . .] | *See* Indictment ¶¶ 32, 33<br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, G, K, N | SW_FIL_0033334 4<br><br>SW_FIL_0032791 16;<br>SW_FIL_0032791 9 |
| | | **Kley(KT):** | Hello | | | |
| | | **Kley(KT):** | Did you even talk to Jon | | | |
| | | **Kley(KT):** | We can't wait until like Wed or later | | | |
| | | **MT7473:** | That was an accident i thought wring dot a second | | | |
| | | **MT7473:** | He just texted me back<br><br>[. . . .[ | | | |
| | | **Kley(KT):** | Can we get another 75 or more this week | | | |
| | | **Kley(KT):** | [redacted[ is sending me 1K | | | |
| | | **Kley(KT):** | Plus we have 200 in navy | | | |
| | | **Kley(KT):** | Plus whatever you can get out of wells | | | |
| 281 | 10/21/19 | **MT7473:** | Wells Fargo Wire Availability 10_16_2019.xlsx | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>Bank records show ATM withdrawals from | A, G, K, N | SW_FIL_0033334 4<br><br>SW_FIL_0032791 30,<br>SW_FIL_0032791 31 |
| | | **MT7473:** | Have the cash<br><br>[. . . .] | | | |
| | | **Kley(KT):** | Who are you talking to | | | |
| | | **Kley(KT):** | And what is up with Jon | | | |
| | | **MT7473:** | Talking to Jon in 5 | | | |
| | | **Kley(KT):** | Is he sending today<br><br>[. . . .] | | | |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|-------------------|------------------|--------|
| | | **Kley(KT):** | I need you to go to the nfcu atm to get more cash | Tew bank accounts on October 21, 2019. [NAVY_00000539] | | |
| | | **Kley(KT):** | Do you have the cards on you | | | |
| | | **MT7473:** | OK | | | |
| | | | Yes | | | |
| | | | [. . . .] | | | |
| 282 | 10/23/19 | **Kley(KT):** | 1. $600 4769 (KT) | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, H, G, K, N | SW_FIL_003279 42- SW_FIL_003279 43 |
| | | | 2. $600 6685 (KT) | | | |
| | | | 3. $600 7782 (KT) | | | |
| | | | 4. $600 4974 (MT) | | | |
| | | | 5. $600 8780 (MT) | | | |
| | | | $3,000 total | | | |
| | | **MT7473:** | Jon sent the 25k | On October 23, 2019, $25,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources and Global Fuel Logistics | | |
| | | **MT7473:** | On way to banks | | | |
| | | **MT7473:** | Sorry am I doing 500 from simple or no | | | |
| | | **Kley(KT):** | Yes | | | |
| | | **MT7473:** | Ok | | | |
| | | **Kley(KT):** | From any atm | | | |
| | | **Kley(KT):** | You don't have to withdraw at bbva | | | |
| 283 | 10/25/19 | **Kley(KT):** | I really really really don't want to stress you out but we are going to need more money | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, B, D, F, G, H, I, K, N | SW_FIL_003279 59- SW_FIL_003279 66 |
| | | **Kley(KT):** | It's just not enough | | | |
| | | **Kley(KT):** | With the negative accounts and bills we have to pay plus the car and AN that's over 60K | | | |
| | | **Kley(KT):** | It really leaves nothing for Vegas | | | |
| | | **Kley(KT):** | Can we send another to arrive Monday | *See* Indictment ¶ 21 (describing how Yioulos would provide information about | | |
| | | **MT7473:** | I doubt it | | | |
| | | **MT7473:** | I'll see | | | |
| | | **MT7473:** | I guess we're fucked | | | |
| | | **Kley(KT):** | I need you to try | | | |
| | | **MT7473:** | Just forget the car | | | |

223

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** I'll try<br>**Kley(KT):** We are going to Vegas down<br>**Kley(KT):** No!!!<br>**Kley(KT):** Stop<br>**Kley(KT):** What is your balance in Wells<br>**Kley(MT):** I transferred money to your 3494 account so the check will clear 14019.15<br><br>[. . . .]<br><br>**Kley(KT):** Ok I have a plan. But I need you to work on Jon for sending today<br>**Kley(KT):** Can you wire 6K to [redacted]<br>**Kley(KT):** I will<br>[. . . .]<br>　　　　What time is the latest we can cash kraken<br>**MT7473:** Geez last time we did at 11 and it wired same day hit at 2<br>**MT7473:** I would say that would be the latest<br>**MT7473:** We have Coinbase too I can sell into either wells or navy<br>**MT7473:** Up to 25K<br>**Kley(KT):** Its good luck even If Jon sends 25K<br>**MT7473:** Over the limit have to go to bank to send to him<br>**Kley(KT):** How much can you send<br>**MT7473:** 2750<br>**Kley(KT):** Ok<br>**Kley(KT):** Do that<br>**MT7473:** ok<br>**MT7473:** sending now<br>**MT7473:** Working on Jon<br>**MT7473:** Wire sent<br>**MT7473:** Jon says there's nothing there he can't send anything until next week. That 43k emptied the account. | NAC's finances to facilitate when fraudulent payments could be made)<br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas)<br><br>On October 25, 2019, $43,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources, as alleged in Count 21 of the Indictment<br><br>Bank records show money transfers to the x3494 account controlled by Kimberley Tew on October 25, 2019, from Michael Tew's Sand Hill Wells Fargo x6934.<br>NAVY_00000537; WFB_00002528.<br><br>Kraken and Coinbase are cryptocurrency exchanges on which Michael and Kimberley had accounts.<br>KRKN_00000008; | | |

224

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | KRKN_00000020; COIN_00000027-30; 32. | | |
| 284 | 10/25/19 | **MT7473:** Have cash going to atm<br>**MT7473:** Audi starting to get testy. Thy need me to call to arrange alternative payment.i think I call and say I need until mid next week I'm traveling but send me wire instructions.<br>**Kley(KT):** We are checked in for flight tonight at 10:28. I have us down for 3 checked bags.<br>**MT7473:** OK<br>**MT7473:** At atm now Getting 9K<br>**Kley(KT):** Our tickets with seat selection and 3 checked bags round-trip were $740.36. We leave Tuesday @ 9:16am.<br>**MT7473:** That's amazing<br><br>[ . . . . ]<br><br>**MT7473:** You're going to kill it in Vegas let's just get there<br>**MT7473:** Done 3600 at vaper | As alleged in paragraph 33.f of the Indictment, the Tews purchased an Audi using proceeds of the scheme and here are discussing its delivery to them. AUDI_00000003.<br><br>$20,611.01 was transferred from the Sand Hill account x6934 on November 1, 2019, as alleged in Count 52 of the Indictment to pay for the Audi.<br><br>Bank records show that the Tews went to Las Vegas between 10/25/19 and 11/2/19 [ NAVY_0000195] *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | A, F, G, K, N | SW_FIL_003279 71-SW_FIL_003279 73 |
| 285 | 10/31/19 | **Kley(KT):** I just won $13k<br>**Kley(KT):** Wrong $18,575 jackpot!!!<br>**Kley(KT):** I have 20k | On October 31, 2019, $23,750 sent via ACH to Navy Federal Credit Union Account [x]5336 | A, B, D, F, G, H, K, N | SW_FIL_003280 21; SW_FIL_003280 23- |

225

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | [. . . .]<br><br>**Kley(KT):** In blackjack inside what you doing<br>**MT1312:** Jon can send 50 today and 25 next week and that's it what do you want<br>**Kley(KT):** Yes!!<br><br>[. . . .]<br><br>**Kley(KT):** I have 30K in cash<br>**MT7473:** Omg!!!!<br>**MT1312:** Where you he send funds<br><br>[. . . .]<br><br>**Kley(KT):** Want to deposit the cash at navy today and wire<br>**Kley(KT):** Yes<br>**Kley(KT):** \Just waiting for payout<br>**MT7473:** Ok<br><br>[. . . .]<br><br>**Kley(KT):** I might have 40K<br>**MT7473:** Amazing!!!!<br>**MT1312:** 50K coming in from jon 49,750<br>**Kley(KT):** Coming as soon as they hand me the money<br>**Kley(KT):** We did it baby!!!!<br>**Kley(KT):** I love you<br>**MT7473:** Incredible<br>**MT1312:** Of course we df<br>**Kley(KT):** Send to WF?<br>**Kley(KT):** Still waiting on payout<br><br>[. . . .]<br><br>**MT1312:** He sent to wells so we can wire what we need<br>**MT7473:** He couldn't do two separate accounts<br><br>[. . . .] | for services purportedly made to Aero Maintenance Resources<br><br>On November 1, 2019, $49,750 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources<br><br>Bank records show that the Tews went to Las Vegas between 10/25/19 and 11/2/19 [NAVY_0000195]. *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) Records from the Wynn Casino in Las Vegas confirm the say and Kimberley Tew's winnings. WYNN_00000689; | | SW_FIL_0032 80 24;<br>SW_FIL_0032 80 26–<br>SW_FIL_0032 80 33 |

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **Kley(KT):** Lol. I sat down and won two more jackpots. <br> **MT1312:** Omg!!!! You're totally in dire <br> **MT7473:** Incredible <br> **MT1312:** I ordered you a Diet Coke whenever you come up <br> **Kley(KT):** Just kidding 4 jackpots <br> **Kley(KT):** I'm coming up <br> **Kley(KT):** Have so much money I can't fit it <br> **MT1312:** Holy shit <br> **MT7473:** This is insane <br> **Kley(KT):** 5 really coming up after this <br> **Kley(KT):** 6 <br> **Kley(KT):** Waiting for another payout <br> **Kley(KT):** Was playing while I was waiting <br> **MT7473:** Omg <br> **Kley(KT):** I know <br> **Kley(KT):** Going to start getting heat <br> **Kley(KT):** Casinos don't like winners <br> **MT7473:** So what do we do <br> **Kley(KT):** photo of cash in bag (IMG_1095.jpeg) <br> **Kley(KT):** Plus I have 3 flags <br> **Kley(KT):** And I'm waiting on $2,400 and $1860 payouts <br> **Kley(KT):** Screenshot of account balances (IMG_1098.png) | | | |

227

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

**November 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 286 | 11/1/19 | **MT1312:** Here now<br>**MT7473:** All set 15k Dropping me at the mall<br>**Kley(KT):** Need to find out when Jon is sending next<br>**MT7473:** ok<br>**Kley(KT):** I owe [redacted] 10.5 today<br>**MT7473:** Ok<br>**Kley(KT):** 25 to [redacted]<br>**Kley(KT):** On Mon and 6K to James on Monday<br>**Kley(KT):** I want to get another 5K of btc<br>**Kley(KT):** And also owe [redacted] 4K I think<br>**Kley(KT):** Paid my discover out of joint<br>**Kley(KT):** Transferred everything to join for what I have put $400 in savings<br>**MT7473:** I paid the car. Did not pay chase. There's $25K in wells. Do you still want me to pay chase? Which account? Its 2200 total. I'll do whatever you want.<br>**MT7473:** I ordred room servic<br>**MT7473:** Las vegas north outlets (outdoor) are a 10 minute drive. They have Lili but not hanna or janie. The Las Vegas south outlets are bit further (opposite direction) they don't have lulu or janie or hana<br><br>[. . . .]<br><br>**Kley(KT):** Can you wire 2K to [redacted] and 10.5 to [redacted] simple<br>**MT1312:** Ok<br>**MT7473:** Packing everything up<br>**MT7473:** Both wires sent<br><br>[. . . .]<br><br>**Kley(KT):** What did Jon say<br>**MT7473:** He doesn't know yet will know Monday and maybe Monday for Tuesday<br><br>[. . . .] | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas)<br><br>On November 1, 2019, $49,750 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources<br><br>Bank records show that the Tews went to Las Vegas between 10/25/19 and 11/2/19 [ NAVY_0000195]<br><br>Records from the Wynn Casino in Las Vegas confirm the stay and Kimberley Tew's winnings. WYNN_00000689; | A, D, G, K, N | SW_FIL_0032803 4-<br>SW_FIL_0032805 3 |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(KT):** HOLY SHIT I won 4 BTC<br>**Kley(KT):** I just lost money downstairs and started rage betting on dice<br>**Kley(KT):** Lol<br>**MT1312:** Omg!!! That's insane!!! Score<br>**MT7473:** Great that's so amazing<br>**MT1312:** We're on the way back ok?<br>**Kley(KT):** Where are you guys now<br>**Kley(KT):** 6 btc<br>**MT1312:** Holy shot<br>**Kley(KT):** I got down to $500 on dice and cashed out 6 BTC<br>**Kley(KT):** 6 btc = $55,368<br>**Kley(KT):** Sending 4 to your kraken<br>**Kley(KT):** We won't get it until Monday but that's fine<br>**MT7473:** Hun are you sure you sent 4 BTC to kraken -- its not showing up even as pending | Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts.<br>KRKN_00000008;<br>KRKN_00000020. | | |
| 287 | 11/11/19 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are our service and maintenance invoices for Aero Maintenance Resources for October.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000043-<br>GFL_00000046 |
| 288 | 11/13/19 | **Kley(KT):** You need to call Jon and ask for today<br>**Kley(KT):** It can't wait<br>**MT7473:** Ok what's my reason<br>**MT7473:** My wife to the exchange got jammed up and need another 25k to get | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide | A, C, D, G, H, I, K, N | SW_FIL_003281 13-<br>SW_FIL_003281 15 |

229

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|----|----|--------------------|------------------|--------|
| | | **Kley(KT):** | him his btc | how much to ask Yioulos to send them and the Tews' role in making those requests) | | |
| | | **Kley(KT):** | We need more than 25. Just be honest. Tell him I lost it. | | | |
| | | **Kley(KT):** | Is your 3494 account overdrawn? | | | |
| | | **MT7473:** | Transferred to 4917 | | | |
| | | **Kley(KT):** | What is up with Jon | "3494" is a reference to Michael Tew's NFCU Bank account x3494. | | |
| | | **MT7473:** | Working on it he said fuck off earlier and he didn't want any BTC anymore but he'll come around tonight | | | |
| | | | | "4917" is a reference to Kimberley Tew's NFCU account ending x4917. | | |
| 289 | 11/14/19 | **KT2046:** | At least if you are in jail you can't hurt us | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, G, K, N | SW_FIL_00313398 |
| | | **MT1312:** | I will be better I'm sorry | | | |
| | | **MT1312:** | I got 1940 out | | | |
| | | **KT2046:** | You're never better | | | |
| | | **MT1312:** | Going to deposit it now | | | |
| | | **KT2046:** | I told you I needed help yesterday | | | |
| | | **KT2046:** | And I hear you talk to him | | | |
| | | **MT1312:** | I've spoken to him a bunch of times since yes yes sub | | | |
| | | **MT1312:** | I spoke to him yesterday and this morning | | | |
| | | **KT2046:** | Great | | | |
| | | **KT2046:** | All you're doing is fighting | | | |
| | | **KT2046:** | Stop texting and driving | | | |
| | | **KT2046:** | Yeah | | | |
| | | **KT2046:** | I hope you got through to Jon | | | |
| | | **KT2046:** | We are in for a tough weekend | | | |
| 290 | 11/19/19 | **Kley(KT):** | I need more btc | Messages to Michael Tew | A, D, F, G, K, N | SW_FIL_00328152 |
| | | **Kley(KT):** | And I assume Jon is sending nothing for tomorrow so I AM FUCKED | | | |
| | | **Kley(KT):** | I have $495 in 0556 (7444) and $496 in 4917 (9396) | | | |
| | | **Kley(KT):** | I just transferred $996 to your 3494 (0816) account | *See* Indictment ¶ 20 (alleging coordination | | |

230

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On November 19, 2019, $25,000 sent via ACH to Wells Fargo Bank Account x6934 for services purportedly made to Aero Maintenance Resources<br><br>Bank records show transfers of $501, and $$95 from Kimberley Tew's NFCU accounts to Michael Tew's x3494 accounts. | | |
| 291 | 11/20/19 | **Kley(KT):** What's the deal<br>**MT7473:** Been arguing with jon<br>**MT7473:** He'l get us the 80 but he will not go to the bank and ask them to send the funds. Right now they are 100K overdrawn<br>**MT7473:** I'm still fighting with him<br>**Kley(KT):** Is he sending the money this week<br>**MT7473:** yes<br>**Kley(KT):** What if nothing hits tomorrow<br>**MT7473:** Hes confident it iwll<br>**Kley(KT):** He's sending 55 tomorrow or 80<br>**MT7473:** I'm not there yet<br>**MT7473:** We're still arguing how much he can send and nay get<br>**Kley(KT):** I can get $48 on Coinbase can you withdraw the rest to get the btc and whatever else we need | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when | A, D, F, G, K, H, I, N | SW_FIL_003281 58- SW_FIL_003281 60 |

231

**Government's _James_ Log**
**_United States v. Tew_, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | fraudulent payments could be made)<br><br>On November 26, 2019, $43,250 sent via ACH to Wells Fargo Bank Account [x]2064 for services purportedly made to Aero Maintenance Resources, as alleged in Count 24 of the Indictment<br><br>See above [X] for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds<br><br>See above [] for information about Global Fuel Logistics, Aero Maintenance Resources, and "Jessica Thompson" | | |
| 292 | 11/21/19 | **MT7473:** Screenshot of messages with JY (Yes. Of course NOTHING showed.jpeg)<br>**Kley(KT):** How much cash do you have on you or in sand hill<br>**MT7473:** 10 dollars in cash, 5 dollars in global fuel, sand hill overdrawn<br>**MT7473:** Hes saying he may be able to take something small from the forwarders and send it but there's not much there so he doesn't know yet | _See_ Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br>_See_ Indictment ¶ 21 (describing how | A, B, D, F, G, K, N | SW_FIL_003281 65-SW_FIL_003281 66 |

232

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|-------------|-------------------|-----------------|--------|
| | | | Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| | | | *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | | |
| 293 | 11/22/19 | **Kley(KT):** What's up with Jon<br>**Kley(KT):** I need a date<br>**Kley(KT):** He needs to send for Monday too or a lot early<br>**Kley(KT):** How could I possibly focus and remain calm<br>**Kley(KT):** Same shit. Different day. You told me he was sending large this week.<br>**Kley(KT):** Same story.<br>**Kley(KT):** That's a 50k spread.<br>**MT7473:** Ok so I will keep putting pressure on him<br>**MT1312:** He has no idea what's coming in or when next week<br>**MT7473:** No schedule<br>**MT1312:** System is down<br>**Kley(KT):** You don't give me the real numbers<br>**Kley(KT):** What system<br>**MT7473:** The goverments payment system<br><br>[. . . .]<br><br>**MT1312:** Screenshot of the GFL Wells Fargo bank account balance (Screenshot 2019-11-22 at 09.33.48.jpeg) | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | A, B, D, F, G, H, K, N | SW_FIL_0032 81 73-SW_FIL_0032 81 75<br><br>SW_FIL_003134 02 |

233

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 294 | 11/25/19 | **MT1312:** Dubai money hit<br>**Kley(KT):** How much can he send today and tomorrow<br>**MT7473:** Call jon Went to niche main<br>**MT1312:** Voicemail<br>**Kley(KT):** But he texted you to let you know<br>**Kley(KT):** Today and tomorrow are critical<br>**MT7473:** Yes<br>**Kley(KT):** If he wants his "XMAS" present<br>**MT1312:** Have 800 going up btc atm now<br>**MT7473:** 800 bought | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br>*See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br>*See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>On November 26, 2019, $43,250 sent via ACH to Wells Fargo Bank Account [x]2064 for services purportedly made to Aero Maintenance Resources, as alleged in Count 24 of the Indictment<br><br>Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between | A, C, F, G, H, K, L, N | SW_FIL_003281 86-<br>SW_FIL_003281 88 |

234

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; 552-554; WYNN_00000730; 736 | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

**December 2019**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| 295 | 12/1/19 | **MT1312:** Hun there's only 919 left in global fuel all the Wynn stuff hit<br>**Kley(KT):** OK<br>　　　　[. . . .]<br>**Kley(KT):** So hold off on depositing at sand hill | *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas)<br><br>Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; 552-554; WYNN_00000730; 736<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | A, G, K | SW_FIL_003282 41 |
| 296 | 12/2/19 | **Kley(KT):** Can Jon send today<br>**MT1312:** Trying him he has not responded<br>**Kley(KT):** What's up<br>**Kley(KT):** Pls tell me you have good news<br>**MT7473:** Working on it - I think he is sending<br>**Kley(KT):** For tomorrow<br>**Kley(KT):** How much<br>**Kley(KT):** To navy?<br>**MT7473:** To navy | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, F, G, H, K | SW_FIL_003282 50- SW_FIL_003282 55 |

236

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|-------------------|-----------------|--------|
| | | MT7473:  Not sure yet<br>Kley(KT):  What's going on<br>Kley(KT):  Can you tell me<br>MT7473:  Waiting to hear from him if he can send and how much but cutoff is soon so i'll know shortly<br>MT7473:  Trust me i;mn on it<br>Kley(KT):  We are screwed if he doesn't<br>Kley(KT):  How much<br>MT7473:  I'm doing my best I really am<br>MT7473:  Less than 10 not sure yet<br>MT7473:  He needs invoices from me so I'm working the angles<br>Kley(KT):  What!!<br>Kley(KT):  He can't send 15-20<br>MT7473:  No he doesn't have<br>MT1312:  9800 sent to navy<br>MT7473:  Best I could do<br>Kley(KT):  That's awesome<br>Kley(KT):  Thank you<br>Kley(KT):  Is there a plan for this week with him<br>MT7473:  Tonight we're talking<br>MT1312:  I'm doing my best<br>MT7473:  He couldn't talk today in office | *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On December 3, 2019, $9,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources, as alleged in Count 25.  That account was controlled by Michael Tew.<br><br>Records show Kimberley Tew at the Wynn hotel between 11/26/19 and 12/11/19. [WYN_00000730; 736]<br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | | |
| 297 | 12/3/19 | Kley(KT):  Jon needs to send today<br>MT7473:  I had already asked - [C.A.] took all the money in anticipation of more coming this week and the auto draws put them over into negative. The only people that got paid this week were us and [C.A.]. I did ask. I can work on getting more later this week if you want<br>MT7473:  I promise you I am doing everything I possibly can to get us more | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them | A, D, F, G, K, N | SW_FIL_003333 89-<br>SW_FIL_003333 90 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | money from him<br>**MT7473:** everything<br>**Kley(KT):** He needs to send today<br>**Kley(KT):** I am freaking out<br>**MT7473:** The bank won't send it they have a negative balance it happened before<br>**MT7473:** Come up here then if you are freaking out<br>**Kley(KT):** We are stuck | and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On December 3, 2019, $9,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources, as alleged in Count 25<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; | | SW_FIL_003282 63-<br>SW_FIL_003282 65 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | 552-554; WYNN_00000730; 736 ]  *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | | |
| 298 | 12/4/19 | KT2046: | Can you transfer 610 from 3494 to 5336 | Bank records show transfers from Michael Tew's x3494 account to Michael Tew's x5336 account. [NAVY_00000554]  Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; 552-554; WYNN_00000730; 736  *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas)  *See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_0033339 0- SW_FIL_0033339 2 |
| | | KT2046: | Can't do it from your computer | | | |
| | | MT7473: | Yes | | | |
| | | | On way back | | | |
| | | KT2046: | Do you have a key | | | |
| | | MT7473: | Yes | | | |
| | | MT7473: | There's already 610 in 5336 | | | |
| | | MT7473: | There's like 590 in 3494 | | | |
| | | KT2046: | Ok | | | |
| | | KT2046: | So all three | | | |
| | | KT2046y: | Can you transfer 20 from joint to 3494 | | | |
| | | MT7473: | Ok | | | |
| | | KT2046: | Which accounts have money | | | |
| | | MT7473: | Done | | | |
| 299 | 12/6/19 | MT7473: | Jon is pittjnbup [sic] a wall saying he cannot senf anything for Monday | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide | A, D, G, K, J, N | SW_FIL_0033339 2- |
| | | KT2046: | Isn't it past cut off time | | | |
| | | KT2046: | At this point | | | |

239

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** 10 mins<br>**MT7473:** We re really at each other<br>**KT2046:** Tell him you wouldn't be doing this unless 911<br>**KT2046:** To take you seriously<br>**KT2046:** Say I'm not going to fight with you<br>**MT7473:** [P.M.] said he will come [comp] what he can tonight<br>**KT2046:** But Tue is a problem<br>**KT2046:** Not what he said<br>**KT2046:** Big problem<br>**MT7473:** Have the 1800<br>**MT7473:** Getting uber<br>**MT7473:** Screenshot of account balances (Screenshot 2019-12-06 at 12.44.27.jpeg)<br>**MT7473:** Global fuel 161<br>Sand hill -564<br>Didn't cash out that PayPal transaction yet<br>**MT7473:** Maybe don't stop at in n out it'll just be more expensive with uber and everything | how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On December 6, 2019, $26,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; 552-554; WYNN_00000730; 736<br><br>"P.M." is a reference to a casino host at the Wynn | | SW_FIL_0033 3395 |

240

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | | |
| 300 | 12/7/19 | **KT2046:** I hate life<br>**KT2046:** How the fuck are we going to get back<br>**MT7473:** What happened<br>**KT2046:** I just can't breathe!!!!<br>**KT2046:** How much money do you have left<br>**KT2046:** We have to do crypto<br>**KT2046:** I hate everyone but you and the girls<br>**MT7473:** I spent like 30 bucks<br>**MT7473:** I have 100 in navy<br>**MT7473:** We have enough to buy Tickets no?<br>**KT2046:** I thought you srill has the 700 I forgot you transferred<br>**KT2046:** Nope<br>**MT7473:** I transferred that to you<br>**KT2046:** I know<br>**KT2046:** Kill me | On December 10, 2019, $51,150 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; 552-554; WYNN_00000730; 736<br><br>*See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | A, G, K, N | SW_FIL_00333397-<br>SW_FIL_00333399 |
| 301 | 12/11/19 | **MT7473:** I got 5100 and with the fees that's what's left (Screenshot of account balances (Screenshot 2019-12-10 at 19.53.42.jpeg))<br>**MT7473:** Zara closes at 9<br>**KT2046:** Played aggressive and even<br>**MT7473:** Cool<br>**MT7473:** That's fine<br>**MT7473:** I'm almost good with packing except wf need y finish our toiletries and there's some things of yours in the drawer not sure what you are packing and what wearing | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how | A, G, K, N | SW_FIL_00333400-<br>SW_FIL_00333408<br><br>SW_FIL_00328320- |

241

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **KT2046:** | I'm frustrated | Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | SW_FIL_003283 35 |
| | | **KT2046:** | I don't want to go home empty after all this | | | |
| | | **MT7473:** | I know you don't but we're not | | | |
| | | | We have so much wonderful time planned away from here that's what matters | | | |
| | | | You're not going home empty handed but they'll keep you at those tables all night if they can | | | |
| | | **MT7473:** | Get some food in you | On December 12, 2019, $24,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources, as alleged in Count 26 of the Indictment | | |
| | | **KT2046:** | Is 5K and bouncing tent enough to go | | | |
| | | **KT2046:** | I will be more comfortable knowing Jon is sending before Friday | | | |
| | | **MT7473:** | I know but I won't know that until tomorrow | | | |
| | | **MT7473:** | What can we do stay? | | | |
| | | **MT7473:** | Buy btc? | | | |
| | | **MT7473:** | Can we take a break and strategize together? | | | |
| | | **KT2046:** | Here? Hell no. | | | |
| | | **MT7473:** | Exactly | Bank records and records from the Wynn casino in Las Vegas show substantial debits and purchases at the Wynn between 11/26/19 and 12/11/19; WFB_00002350-2356; NAVY_0000228-232; 552-554; WYNN_00000730; 736 | | |
| | | **KT2046:** | Are you hungry | | | |
| | | **MT7473:** | Let's just get Jon to send Friday work on it from la | | | |
| | | **MT7473:** | Yeah and [redacted] is | | | |
| | | **MT7473:** | I can order | | | |
| | | **KT2046:** | Not for Monday though right | | | |
| | | **MT7473:** | No has to be Thursday for Friday | | | |
| | | **KT2046:** | We have to go and do one day at a time for now until tomorrow | | | |
| | | **MT7473:** | We can do it I know we can. | | | |
| | | **MT7473:** | We've done harder | *See* Indictment ¶ 34 (describing use of fraud proceeds in Las Vegas) | | |
| | | **MT7473:** | Plan our next adventure | | | |
| | | **KT2046:** | I'm up 2K | | | |
| | | **KT2046:** | Time to stop | | | |
| | | **MT7473:** | Perfect | | | |
| | | **KT2046:** | Order food | | | |
| | | **MT7473:** | For now | | | |
| | | **MT7473:** | Ok ordering now | | | |
| | | **KT2046:** | Maybe 3 | | | |
| | | **KT2046:** | I don't know | | | |
| | | **MT7473:** | That's great | | | |
| | | **KT2046:** | But will stop | | | |
| | | **MT7473:** | It's good | | | |

242

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT7473:** Order in food ready in 15<br>**KT2046:** Do you need me to go<br>**KT2046:** I'm still playing<br><br>[. . . .]<br><br>**KT2046:** Should I ask for a check?<br>**KT2046:** I just won another jackpot<br>**KT2046:** No we will use for btc<br>**KT2046:** Is there a navy federal in LA?<br>**MT7473:** Ok perfect idea<br>**MT7473:** Use it<br>**MT7473:** One in hawthorne<br><br>[. . . .]<br><br>**MT7473:** If we take the 7pm flight we leave here at 5. Everyone sleeps until 12...we have 5 hours to<br>sort of get our shit together<br>**MT7473:** I would personally rather not push it off like an entire day at hte casino just book a cheap van, get on teh plane, and get there. But jon is NOT expecting to send more money this week and I have to convince him, which I may be able to, send more<br>**MT7473:** tomorreow<br>**Kley(KT):** Can you come down to floor to grab 2K from me. I won.<br>**Kley(KT):** We have to cancel car<br><br>[. . . .]<br><br>**Kley(KT):** Isn't that what we started with<br>**Kley(KT):** I'm not hungry<br>**MT7473:** Ok<br>**Kley(KT):** No is it less<br>**Kley(KT):** I can't remember<br>**MT7473:** we started with 10,600 exactly<br>**Kley(KT):** Do we have a rental<br>**Kley(KT):** So we are up $103 | | | |

243

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT7473:** No I need to have a return ticket booked to book a rental with hertz using debit card<br><br>[ . . . . ]<br><br>**MT7473:** Including rent and discover we have enough $ now for the trip and rent and dsicover<br>**MT7473:** if we wanted to stay to Saturday<br>**Kley(KT):** You need to deal with Jon first thing in AM<br>**Kley(KT):** I'm serious<br>**MT7473:** Yes I know<br>**MT1312:** But like you're going to have all day at the casino tomorrow<br>**Kley(KT):** First thing in AM<br>**Kley(KT):** Funds are going to navy right?<br>**MT7473:** If you want<br>**Kley(KT):** Can you bring me the rest of cash and chip<br>**Kley(KT):** I'm at slots right outside coffee<br><br>[ . . . . ]<br><br>**Kley(KT):** What is Jon doing<br><br>[ . . . . ]<br><br>**MT1312:** Jon sent 24<br><br>[ . . . . ]<br><br>**Kley(KT):** I'm winning<br>**Kley(KT):** Photo of jackpot (59779381882__2324EF01-F0C6-4CBB-BF89-80255E6D412C.jpeg)<br>**MT1312:** Awesome!<br>**MT7473:** That's amazing<br><br>[ . . . . ]<br><br>**Kley(KT):** I'm frustrated | | | |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | **Kley(KT):** | I hit 2 3K jackpots and at 8K | | | |
| | | **Kley(KT):** | photo of jackpot (IMG_2418.jpeg) | | | |
| | | **Kley(KT):** | Thought I was winning | | | |
| | | **MT7473:** | That's fine! Its a good place! | | | |
| | | **Kley(KT):** | No wait | | | |
| | | **Kley(KT):** | I have credit in machine | | | |
| | | **MT7473:** | A lot of credit | | | |
| | | **Kley(KT):** | At $10,600 | | | |
| | | **MT7473:** | That's awesome | | | |
| | | **MT7473:** | Plus 24K coming tomorrow | | | |
| | | **Kley(KT):** | So there's no movement | | | |
| | | **MT7473:** | come up and eat with us | | | |
| 302 | 12/13/19 | **MT7473:** | Screenshot of account (BUSINESS CHECKING - Wells Fargo.jpeg) | *See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_00333408- SW_FIL_00333409 |
| | | **MT7473:** | ThTs sand hill account number | | | |
| | | | [. . . .] | On December 12, 2019, $24,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources, as alleged in Count 26 of the Indictment | | |
| | | **MT7473:** | Sand hill is linked to globalfuel.co | | | |
| | | **MT1312:** | Global fuel is linked to tew trading | | | SW_FIL_00328378- SW_FIL_00328380 |
| | | **Kley(KT):** | What's the email for PayPal linked to sandhill | | | |
| | | **MT1312:** | Mtew@globalfuel.co | | | |
| | | **MT7473:** | If you transfer to Tew trading at least I can get to global fuel I can get a new debit card at wells today | | | |
| | | **MT1312:** | I mean ASAP | The Mtew@globalfuel.co address was created on the domain name Michael Tew paid fo from go daddy, along with the Sand Hill domain name. ORD_00000003, 19768; 19821. | | |
| | | **MT7473:** | It's the account that's linked for instant transfer not the debit number | | | |
| | | **Kley(KT):** | 5K deposit into sandhill in about 20 min | | | |
| | | **Kley(KT):** | Need to withdraw buy more btc | | | |
| | | **MT7473:** | Ok | | | |

245

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | | Bank records show a $5,000 deposit into teh Sand Hill Wells Fargo bank account x6934 used by Michael Tew. [WFB_00002538] | | |
| 303 | 12/17/19 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are our service and maintenance invoices for Aero Maintenance Resources for November.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000039-GFL_00000042 |
| 304 | 12/20/19 | **Kley(KT):** Look at our bank balance if this kraken shit isn't sorted out today it's bad<br>**Kley(KT):** Like Denver<br>**Kley(KT):** And if Jon doesn't send totally over<br>**MT7473:** I'm trying to get him to send today<br>**MT7473:** I'm going back to kraken again now<br>**MT7473:** I don't know how to make it happen, maybe I cancel the wire and try to get the funds back<br>**Kley(KT):** No<br>**MT7473:** Ma7be we get it back monday<br>**MT7473:** I have 1000 in my accounts do you have anything<br>**MT7473:** I mean that's it? | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On December 17, 2019, $7,800 sent via ACH to Navy Federal Credit Union Account [x]5336 | A, D, G, H, K, I, N | SW_FIL_0032848 0-SW_FIL_0032849 1 |

246

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | **MT7473:** | No more money? | for services purportedly made to Aero Maintenance Resources<br><br>On December 18, 2019, $33,300 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. KRKN_00000008; KRKN_00000020. | | |
| | | **MT7473:** | I emailed kraken again | | | |
| | | **Kley(KT):** | About $1,800 | | | |
| | | **MT7473:** | so we have 2800 total? | | | |
| | | **Kley(KT):** | Will work btc | | | |
| | | **MT7473:** | No BtC/ | | | |
| | | **MT7473:** | I'm working on getting more money from jon | | | |
| | | **Kley(KT):** | $4,500 in btc | | | |
| | | **MT7473:** | Jon left the office for the day | | | |
| | | **MT7473:** | He said he has nothing to send - i will keep pushing him | | | |
| | | **Kley(KT):** | What do you think | | | |
| | | **Kley(KT):** | Remember he thinks we are still 20K short | | | |
| | | **MT7473:** | Yeah I know | | | |
| | | **MT7473:** | I'm doing everything go can | | | |
| | | **Kley(KT):** | Stay on Jon before deadline | | | |
| | | **MT7473:** | I'm on him | | | |
| | | **MT7473:** | He said Monday for Tuesday | | | |
| | | **Kley(KT):** | How much | | | |
| | | **MT7473:** | Don't know yet I'm on t | | | |
| | | **MT1312:** | More but he's overdrawn so not sure how much | | | |
| | | **MT7473:** | I know you need to know | | | |
| | | **MT1312:** | We need money till Tuesday | | | |
| | | **MT7473:** | I love you I'm sorry I'll keep pushing | | | |
| | | **Kley(KT):** | An update would be nice | | | |
| | | **MT7473:** | Coming back | | | |
| | | **MT7473:** | [x]2064 | | | |
| | | **MT7473:** | Global fuel logistics INC | | | |
| | | **MT7473:** | There's 1540 in global fuel | | | |
| | | **Kley(KT):** | Huh | | | |
| | | **Kley(KT):** | Oh I guess I sent you some | | | |
| 305 | 12/21/19 | **Kley(KT):** | Send me the screenshot you sent Jon | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them | A, G, K, N | SW_FIL_00328501 |
| | | **MT7473:** | The original one or the one I just sent you | | | |
| | | **Kley(KT):** | Never mind I found it | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | and the Tews' role in making those requests) | | |
| 306 | 12/30/19 | **MT1312:**<br>**MT1312:**<br>**Kley(KT):** | How much should I go for with jon today and tomorrow<br>What's realistic<br>As much as you can | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A,F, K, N | SW_FIL_003286 46-<br>SW_FIL_003286 47 |
| 307 | 12/31/19 | **Kley(KT):**<br>**Kley(KT):**<br>**Kley(KT):**<br>**MT7473:**<br>**MT7473:**<br><br>**Kley(KT):** | Jon is full of shit he can't send more today<br>And an extra 15K would help to pay these<br>Plus we get platinum back<br>Ill work on it<br>I'm supposed to pay my chase cards also - should I make payment?<br>Yes | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On December 31, 2019, $77,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | A, D, F, G, H, I, K, N | SW_FIL_003286 53 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

**January 2020**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 308 | 1/3/20 | **Kley(KT):** What's up with kraken and jon <br> **MT7473:** I REACHED OUT to jon and nothing no response <br> **Kley(KT):** What's your plan <br> **Kley(KT):** What did you say to him <br> **Kley(KT):** How long is call <br> **MT7473:** 15 minutes <br><br> [. . . .] <br><br> **MT7473:** I'm gpoing to talk to jon this weekend is my plan and tell him I need another $200k it has to be done in January and that we can do it without any problems because its still first month of hte year, we will do December invoices for January bills <br> **MT7473:** I have to convince him that we'll be ok <br> **Kley(KT):** Kraken? <br><br> [. . . ] <br><br> **MT7473:** what do you recommend <br> **MT7473:** Just tell me <br> **Kley(KT):** Talk to Jon <br> **MT7473:** What do I say <br> **Kley(KT):** Transfer 600 to all your NF accounts <br> **MT7473:** Hotel called I told them we are staying the night again <br> **MT7473:** We need tix to get home kimberley <br> **MT7473:** We have no tickets to get back <br> **Kley(KT):** You were supposed to do this 4 days ago <br> **Kley(KT):** No shit <br> **Kley(KT):** I'm sick <br> **MT7473:** Ok so what's your plan <br> **Kley(KT):** Don't give me shit <br><br> [. . . ] | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) <br><br> Kraken is a cryptocurrency exchange on which both Kimberley and Michael Tew had accounts. KRKN_00000008; KRKN_00000020. <br><br> Bank records show teh Tews travelling to Los Angeles in January 2020, staying at the Four Seasons. <br><br> *See* Indictment ¶ 34 (describing use of fraud proceeds in California) <br><br> Bank records show a series of $600 transfers into accounts for Michael Tew. NAVY_00001288, 1293, 1297] | A, D, F, G, H, I, K, N | SW_FIL_003287 00- <br> SW_FIL_003287 01; <br> SW_FIL_003287 02; <br> SW_FIL_003287 05- <br> SW_FIL_003287 08; <br> SW_FIL_003287 10 |

249

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|------------------|--------|
| | | **MT7473:** | I'm calling jon | | | |
| | | **Kley(KT):** | Where's my kraken btc | | | |
| | | **MT7473:** | Jons not answering | | | |
| | | **Kley(KT):** | Excuses | | | |
| | | | | | | |
| | | | [ . . .] | | | |
| | | | | | | |
| | | **Kley(KT):** | WHERE THE FUCK ARE YOU | | | |
| | | **Kley(KT):** | ALL I KNOW IS YOU'RE NOT WORKING ON KRAKEN OR JON | | | |
| | | **Kley(KT):** | HELLLO | | | |
| | | **Kley(KT):** | HELLLLLLLLOOOOOOO | | | |
| 309 | 1/7/20 | **Kley(KT):** | Is there any way you can get the number up to 27? I could pay both of my Amex off and we | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, B, D, F, G, H, I, K, N | SW_FIL_003287 45-SW_FIL_003287 55 |
| | | **Kley(KT):** | This is the last chance for a long time to have a platinum card. | | | |
| | | **MT7473:** | I'll see what I can do, I dot think he can go over 20 or it will be flagged in the audit which starts next month | | | |
| | | **Kley(KT):** | I need 27 | | | |
| | | **MT7473:** | Im doing my best | | | |
| | | **MT7473:** | I really honestly truly am | | | |
| | | **MT7473:** | I'll get as much as I possibly can | | | |
| | | **Kley(KT):** | Maybe try for 32 | | | |
| | | **Kley(KT):** | Because he usually comes in 5K lower | | | |
| | | **Kley(KT):** | Is he at least talking to you | | | |
| | | **MT7473:** | Yes we are ok | | | |
| | | **MT7473:** | I dont know what to do I will get as much as I can | | | |
| | | **Kley(KT):** | Well can you start that now | | | |
| | | **MT7473:** | Already started this morning | | | |
| | | **Kley(KT):** | Is he sending twice this week | | | |
| | | **MT7473:** | I dont think so | | | |
| | | **MT7473:** | Yesterday we were at 5k | | | |
| | | **MT7473:** | I'm at 14K with him | | | |
| | | **MT7473:** | I will try for more | | | |
| | | **Kley(KT):** | That's not enough for both cards | | | |
| | | **MT7473:** | 17K is both cards right | | | |

250

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | **Kley(KT):** | More because of fees | | | |
| | | **Kley(KT):** | And I want to pay my chexsystens | | | |
| | | **MT7473:** | I can't get more than 20 | | | |
| | | **MT7473:** | I'll try | | | |
| | | **MT7473:** | We're just going to end up fighting about it | | | |
| | | **MT7473:** | Then why did you say you'd try for 27-32 | | | |
| | | **Kley(KT):** | I said I would try | | | |
| | | **MT7473:** | We don't have to | | | |
| | | **MT7473:** | Bec cause we just fight all day anyway | | | |
| | | **MT7473:** | About money | | | |
| | | **MT7473:** | And about jon | | | |
| | | **MT7473:** | And about work | | | |
| | | **Kley(KT):** | But then you said you can't get more than 20 | | | |
| 310 | 1/8/20 | **MT1312:** | Jon answered the phone sitting next to [C.A.] and [B.B.d and pretended I was someone else | Message sent to Kimberley Tew<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>[C.A.] is a reference to an owner of NAC. [B.B.] is a reference to NAC's Director of Security. | A, G, K, L, N | SW_FIL_003287 55 |
| 311 | 1/9/20 | **Kley(KT):** | Why do you keep saying we received $850,000 in Dec? | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them | A, B, D, E, F, G, K, N | SW_FIL_003287 70-<br>SW_FIL_003287 71 |
| | | **MT7473:** | Between November and December | | | |
| | | **MT7473:** | It was a bit lesss than that actually | | | |
| | | **MT7473:** | Jon keeps making it Seem like it's a lot more tha. It is. It's about 300-350/month | | | |
| | | **Kley(KT):** | We need 23750 | | | |
| | | **MT7473:** | Duck | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **Kley(KT):**   What now<br>**Kley(KT):**   I need your login info for wells<br>**MT7473:**   Michael_tew<br>[redacted password] | and the Tews' role in making those requests) | | |
| 312 | 1/9/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are our service and maintenance invoices for Aero Maintenance Resources for February 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>Bank records show a $200 deposit into the Wells Fargo x2064 account for Global Fuel Logistics on January 10, 2019. [WFB_00002360] | A, K, L | NAC_E_00078873 |
| 313 | 1/10/20 | **MT1312:**   How much should I put into sand hill<br>**MT1312:**   Put $200 in global fuel and the rest in sand hill<br>**MT1312:**   Ok<br><br>[ . . . . ]<br><br>**MT7473:**   Where do we want Jon to send<br>**MT7473:**   What account<br>**Kley(KT):**   How much<br>**MT7473:**   Not enough<br>**Kley(KT):**   What<br>**Kley(KT):**   That's not an answer<br>**MT7473:**   15 I'm pushing for more<br>**MT7473:**   Only on text he's in meetings<br>**Kley(KT):**   15 or is it really 12<br>**Kley(KT):**   Last time he said 14900 and it was less | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment. | A, D, F, G, H, K, N | SW_FIL_00328774;<br>SW_FIL_00328777-<br>SW_FIL_00328778 |

**Government's *James* Log**
*United States v. Tew*, **20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>Bank records show a $200 deposit into the Wells Fargo x2064 account for Global Fuel Logistics on January 10, 2019. [WFB_00002360]<br><br>On January 13, 2020, $15,500 sent via ACH to Navy Federal Credit Union Account x336 for services purportedly made to Aero Maintenance Resources | | |
| 314 | 1/11/20 | **Kley(KT):** If it works for global fuel deposit cash into sand hill<br>**MT1312:** Ok | *See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the | A, G, K, N | SW_FIL_0032874;<br>SW_FIL_0032884 |

253

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | relevant paragraphs of the Indictment. | | |
| 315 | 1/13/20 | MT7473: | documents.pdf | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, B, D, F, G, H, K, N | SW_FIL_003334 09- SW_FIL_003334 13 |
| | | Kley(KT): | Pls tell me you have good news since today is the day I need to pay my Amex | | | |
| | | MT7473: | The accounts overdrawn they're talking about bankruptcy their not paying anyone there is no payment schedule yet this week we think something will come in next day or two and he'll send as much as he can - let's just get everything we can out of The bank and double down to focus on paying your AMEX. | *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | | |
| | | Kley(KT): | Ok | | | |
| | | MT7473: | No other choice | | | |
| | | Kley(KT): | Wouldn't bk be bad because everything comes out | On January 13, 220, $15,500 sent via ACH to Navy Federal Credit Union Account x5336 for services purportedly made to Aero Maintenance Resources | | |
| | | MT7473: | Yes | | | |
| | | MT7473: | Well maybe | | | |
| | | MT7473: | Not necessarily | | | |
| | | MT7473: | Just a restructuring of the outstanding debt | | | |
| | | Kley(KT): | Yes the trustee would contact | | | |
| | | MT7473: | Only if there was a payable | | | |
| | | MT7473: | Bills already paid are on a diff list | | | |
| | | MT7473: | But the balance sheet is frozen in time at that point and nothing goes in nothing goes out | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |
| | | MT7473: | I doubt they will do it checks will lose everything including his hey | | | |
| | | MT7473: | Hey | | | |
| | | MT7473: | Jet but they are all discussing it as an option | | | |
| | | MT7473: | Assuming they don't I'm getting job to commit to more in the second half of month when money starts coming in | ATM photographs show Michael Tew making transactions in | | |
| | | MT7473: | In larger chunk an | | | |
| | | MT7473: | As a cost of pushing back | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | | the NFCU accounts. NAVY_00001702<br><br>The references here to a bankruptcy are references to concerns that NAC would be filing for bankruptcy. | | |
| 316 | 1/16/20 | **MT1312:** Jon saying charter wire has to hit by three today or shit will hit the fan with the bank so he's counting on it. Well know at 3 pm if he has money to send to us | Sent to Kimberley Tew<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br>*See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | A, D, F, G, H, K, N | SW_FIL_003288 15 |
| 317 | 1/17/20 | **Kley(KT):** Did you talk to Jon<br><br>[ . . . .]<br><br>**MT1312:** Screaming match<br>**MT1312:** On way back ringing your donut<br>**Kley(KT):** Do we have enough for frap and donut<br>**Kley(KT):** But did you get anywhere with screaming match<br>**Kley(KT):** Tell him I'm personally calling the local jail to have the guy she's having an affair with pick him up | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br>*See* Indictment ¶ 21 (describing how Yioulos would provide | A, C D, F, G, H, I, J, K, N | SW_FIL_003334 14-<br>SW_FIL_003334 15<br><br><br>SW_FIL_003288 16;<br>SW_FIL_003288 31 |

255

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(KT):** I don't care if we all go down<br>**MT1312:** He didn't care<br>**Kley(KT):** Today<br>**MT1312:** I told him we're all going<br>**Kley(KT):** Tell him I'm calling<br>**Kley(KT):** That guy<br>**MT1312:** He said fine I'm so stressed everyone screaming at me<br><br>[. . . .]<br><br>**MT7473:** Screenshot of conversation with JY (Screenshot 2020-01-17 at 10.03.11.jpeg)<br>**MT7473:** Screenshot of conversation with JY (Yes, I'm really lying.jpeg)<br>**MT7473:** Screenshot of conversation with JY (I can't send money without having the knowledge more is coming in. I can send Monday for Tuesday, as I've communicated. If I kne.jpeg)<br><br>The first screenshot has the following message from J.Y.: "OK. I don't really know what to tell you. It's not like I'm lying. I can't make money appear out of nowhere. You're being super unreasonable. Over $2MM out by this point. And she's flipping out right now? Let's get realistic. I told you Tuesday. I can guarantee that. That's the best I can do."<br><br>In the second screenshot, J.Y. shows a picture of a negative balance. He then states "Yes, I'm really lying. I can't send money without having the knowledge more is coming in. I can send Monday for Tuesday, as I've communicated. If I knew money was coming Monday, I might be able to float it, but I don't have that knowledge." The third screenshot has the same communication.<br>[. . . .]<br><br>**Kley(KT):** What is happening<br>**Kley(KT):** How much can he send Monday for Tuesday<br>**MT1312:** Banks are closed Monday he's sending today I'm working on amount<br>**MT1312:** ACH won't hit until Monday at midnight<br>**Kley(KT):** Tell him btc is going up and the portfolio value is increasing<br>**MT1312:** Already did<br>**Kley(KT):** How much is he sending | information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On January 23, 2020 $9,800 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>The references to a gift for "him" is a reference to gifts for J.Y., who resided in Buffalo, New York. | | |

256

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT1312:** I promise I have told him we've now doubled<br>**Kley(KT):** It's fine as long as there's a real plan<br>**MT1312:** He says at least 10 hut that's not enough and I'm trying to get him to commit to a plan to send more Tuesday<br>**Kley(KT):** He said in his text Monday for Tuesday<br>**MT1312:** Monday banks are closed he's sending today for Tuesday<br>**MT1312:** I've been texting with him<br>**Kley(KT):** But he said he could definitely send next week<br>**Kley(KT):** Monday at midnight?<br>**Kley(KT):** What will we do until then<br>**Kley(KT):** I need a real plan<br>**MT1312:** I was going to ask [redacted] for cash we would return to him next week<br>**MT1312:** Including some overage<br>**MT1312:** He may have it<br>**Kley(KT):** But what if we don't get cash this week<br>**MT1312:** That's what I'm trying to pin down Jon<br>**MT1312:** He said more craf is supposed to hit later in the week as well<br>**Kley(KT):** He's losing it<br>**MT1312:** Bigger $<br>**MT1312:** Yes he's losing it<br>**Kley(KT):** Something small can make him happy<br>**MT1312:** Yes<br>**MT1312:** I'm calling him in 15 mins<br>**Kley(KT):** Let's get him sports tickets<br>**Kley(KT):** Whatever you think<br>**Kley(KT):** He's a kid<br>**MT1312:** Yeah he flies places to see sports games. What about in Vegas?<br>**Kley(KT):** Well he must have a favorite team<br>**MT1312:** Yeah buffalo bills<br>**Kley(KT):** Would he want to go see John legend it's a private concert<br>**Kley(KT):** Let's get him season tickets<br>**Kley(KT):** Like a box or something<br>**Kley(KT):** Worth the cost<br>**Kley(KT):** Or a Jersey<br>**MT1312:** Yeah good idea<br>For 2020 season it would be so cheap in buffalo for season tickets<br>**MT1312:** They're already done with season so for next season | | | |

257

## Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT1312:** | He would rather have that then jon legend | | | |
| | | **Kley(KT):** | Maybe both | | | |
| | | **Kley(KT):** | We meet him there | | | |
| | | **Kley(KT):** | He can't pussyfoot if we are meeting in person | | | |
| | | **MT1312:** | Ok | | | |
| | | **Kley(KT):** | https://www.buffalobills.com/tickets/season-tickets | | | |
| | | **Kley(KT):** | Call them real quick to get price quote | | | |
| | | **MT1312:** | Ok | | | |
| | | **Kley(KT):** | On best tickets | | | |
| | | **Kley(KT):** | So he knows you're not kidding | | | |
| | | **Kley(KT):** | Club seats? | | | |
| | | **Kley(KT):** | Oh you can see through 3D viewer | | | |
| | | **Kley(KT):** | Attachment | | | |
| | | **Kley(KT):** | Text him what is the best seat for season tickets | | | |
| | | **Kley(KT):** | How much is a full season suite | | | |
| | | **Kley(KT):** | The 200 level suites look a lot nicer than the 100 level | | | |
| | | **MT1312:** | There are no good 100 level seats left anyway | | | |
| | | | Sideline club indoor outdoor 2700/ticket for the best midfield seats. You give 125/ticket now to secure your spot and in February they email you you can either pay all at once or 10 | | | |
| | | | months interest free with payments starting April | | | |
| | | **MT1312:** | MT club is all inclusive reserved indoor seating for 3270/seat | | | |
| | | **Kley(KT):** | KT club but suites | | | |
| | | **MT1312:** | But there's only for seats left | | | |
| | | **Kley(KT):** | Suites | | | |
| | | **MT1312:** | I'll ask | | | |
| | | **MT1312:** | 90k for a 200 level suite for 12 people | | | |
| | | **MT1312:** | He said he has season tix already thx but no worries | | | |
| | | **MT1312:** | He just bought regular seats | | | |
| | | **MT1312:** | He's sending 15-20 today will hit Monday at midnight | | | |
| | | | 35-50 Thursday for Friday | | | |
| | | **Kley(KT):** | Can you secure 25 and 70 | | | |
| | | **MT1312:** | I'll ask | | | |
| | 318 | 1/22/20 | **MT1312:** | Two checks from global fuel to navy one for 210 and one for 200 were returned unpaid | *See* Indictment ¶ 20 (alleging coordination | A, D, F, G, H, I,  K, N | SW_FIL_003288 61- |
| | | **MT1312:** | Sand hill must have paid one but its just showing the overdraft not the | by the Tews to decide | | |

258

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | check yet<br>**Kley(KT):**   What was number from Jon today<br>**MT7473:**   9800<br>**MT1312:**   I'll work on more tomorrow for Friday | how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On January 23, 2020 $9,800 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>*See* above, entry 54, for information about Sand Hill LLC and its use by Michael Tew as a vehicle to collect scheme proceeds and the relevant paragraphs of the Indictment.<br><br>An ATM photograph shows Michael Tew making transactions in NFCU accounts on January 23, 2020. NAVY_00001772 | | SW_FIL_003288 62 |

259

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|-------------------|------------------|--------|
| 319 | 1/26/20 | **MT7473:** | Scan Jan 25, 2020 at 20.58.pdf - Navy Federal bank statements | *See* Indictment ¶¶ 23, 32, 33<br><br>On January 21, 2020, $19,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>On January 23, 2020, $9,800 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>On January 24, 2020, $13,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Message to Kimberley Tew | A, G, K, N | SW_FIL_003334 20 |
| 320 | 1/28/20 | **KT2046:**<br><br>**MT7473:** | Should I go buy btc now<br><br>[. . . .]<br><br>Going to btc atm<br><br>[. . . .] | On January 28, 2020, $36,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | A, G, K, N | SW_FIL_003334 20-<br>SW_FIL_003334 28 |

260

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT7473:** | Getting btc | *See* Indictment ¶¶ 23, 32, 33 | | |
| 321 | 1/29/20 | **Kley(KT):**<br>**MT1312:**<br><br><br>**Kley(KT):**<br>**Kley(KT):**<br>**MT7473:**<br>**MT1312:**<br>**MT7473:** | Did you talk to Jon<br>He has not answered I keep calling him<br>I won't be able to talk to him until later I'm betting<br>I know you just want results I'm working on it<br>I'm sorry<br>The whole site has me frazzled<br>For what<br>It's fine we'll be fine we always are<br>I'm working on it I promise | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>Michael Tew was photographed making transactions at NFCU bank on January 29, 2020. NAVY_00001775. | A, D, F, G, H, I, K, N | SW_FIL_003289 10-<br>SW_FIL_003289 12 |
| 322 | 1/31/20 | **KT2046:**<br>**MT7473:**<br><br>**MT7473:**<br>**KT2046:**<br>**KT2046:**<br>**KT2046:**<br>**MT7473:** | Did you talk to Jon<br>He hasnt answered I've called him three times and have texted him several times for an update<br>I will talk to him<br>Got it<br>Got the btc<br>How do we know he hasn't fallen off the deep end<br>Ok<br>He hasnt<br>We spoke yesterday they were working on a solution | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On January 31, 2020, $7,200 sent via ACH to Wells Fargo Bank Account [x]2064 for services purportedly made to Aero Maintenance Resources | A, F, G,I , K, N | SW_FIL_003334 29-<br>SW_FIL_003334 32 |

261

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

**February 2020**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 323 | 2/1/20 | **MT7473:**  At btc atm<br>**MT7473:**  Photo of BTC ATM Screen (60221031083__F1B0432E-F100-4CAE-B305-512C81EEEDF4.jpeg)<br>**MT7473:**  Photo of BTC ATM Screen (60230041576__A6840AEE-5614-456C-AB6C-15DEE0342894.jpeg) | Messages to Kimberley Tew<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_0033343 3 |
| 324 | 2/5/20 | **MT7473:**  Photo of BTC ATM Screen (60263825242__2717F383-3BE5-4E52-9167-225CB82592F0.jpeg) | Message to Kimberley Tew<br><br>ATM photographs show Michael Tew making ATM withdrawals on February 5, 2020. NAVY_00001692.<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_0033343 6 |
| 325 | 2/12/20 | **Kley(KT):**  Did you talk to Jon<br>**Kley(KT):**  All 3 of the payments bounced<br>**Kley(KT):**  Can you resubmit rent online via ACH?<br>**MT7473:**  I'm still sitting here waiting<br>I'm going to give it a few mins and then I'll just go to the place on federal I could have been<br>there already<br>I didn't know Jon is with [C.A.] right now in Florida<br>Called him and he was sitting right next to him<br>Setting a time to speak<br>I will resubmit payment<br>Do we know if Amex will auto resubmit or contact you first<br>**Kley(KT):**  Did you talk to Jon | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>"[C.A.]" is a reference to NAC's owner<br><br>On February 12, 2020 $33,000 sent via ACH | A, B, D, F, G, H, I, K, N | SW_FIL_0032897 0-SW_FIL_0032897 8 |

262

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|-------------------|------------------|--------|
| | | **Kley(KT):** | He is definitely pushing it through now? | to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>On February 12, 2020 Michael Tew was captured in lobby of NFCU making a [NAVY_00001767] | | |
| | | **Kley(KT):** | Don't forget to pay | | | |
| | | **Kley(KT):** | Use bitpay | | | |
| | | **Kley(KT):** | But like 10 sessions | | | |
| | | **MT1312:** | He says sending it now | | | |
| | | **MT1312:** | He says he's sending it all at once | | | |
| 326 | 2/13/20 | **Kley(KT):** | Have you talked to Jon | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On February 14, 2020, $32,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | A, F, G, H, K, N | SW_FIL_0032 8982 |
| | | **Kley(KT):** | To confirm the 40 | | | |
| | | **MT1312:** | I called him | | | |
| | | **MT1312:** | I'm on it | | | |
| 327 | 2/15/20 | **MT1312:** | Spoke to Jon | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, F, G, H, K, N | SW_FIL_0032 8997-SW_FIL_0032 8999 |
| | | | 50k tues for wed | | | |
| | | | 50k wed for thurs or thurs for Friday | | | |
| | | **Kley(KT):** | Do you think for sure | | | |
| | | **MT1312:** | Yes | | | |
| | | | I will try to get more | | | |
| | | | But that's what he has guaranteed | | | |
| | | **MT1312:** | Have the 10k now what | | | |
| | | **Kley(KT):** | I need at least 1/2 in btc | | | |

263

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | MT1312:  Ok so 5K btc<br>MT1312:  I'll go buy now at the dry creek gas station and get gas<br><br>[. . . .]<br><br>**Kley(KT):**  I need like $6,500 in btc<br>**Kley(KT):**  QR Code (IMG_5229.png)<br>MT1312:  Ok<br>MT1312:  Here now | On February 19, 2020, $55,000 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>*See* Indictment ¶¶ 23, 32, 33 | | |
| 328 | 2/18/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are our service and maintenance invoices for Aero Maintenance Resources for January 2020. Please contact me if you have any questions.<br><br>Thank<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000022-GFL_00000024 |
| 329 | 2/25/20 | MT1312:  Screenshot of conversation with JY (Screenshot 2020-02-25 at 15.40.02.jpeg)<br>KT2046:  How much<br>MT1312:  At least 40<br><br>In the screenshot, Michael Tew asked J.Y. "CN you send tomorrow when you're back. I'll just add to the invoices – won't be that hard. Get it all into feb dude. Talk before you fly?" J.Y. responded with a thumbs up icon. | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>Michael Tew was photographed in the lobby of the Centennial Branch of NFCU | A, D, F, G, K, N | SW_FIL_00313429 |

264

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | making transactions. NAVY_00001770 | | |
| 330 | 2/26/20 | **Kley(KT):** | I stayed up until 5am. Pls try for closer to 100 from Jon. We need it for everything we were talking about today. | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, F, G, K, N | SW_FIL_0032906 0 |
| | | **Kley(KT):** | Like is that possible | | | |

**March 2020**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| 331 | 3/3/20 | **MT17473:** | Get 20? Or less | As alleged in Count 56 of the Indictment, Michael Tew and Kimberley Tew worked together to withdraw $20,000 from the Wells Fargo x2064 account held in the name of Global Fuel Logistics. [WFB_00000618]<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, G, K, N | SW_FIL_0032980 6- SW_FIL_0032900 88 |
| | | **MT1312:** | On way to wells | | | |
| | | **MT1312:** | What am I doing | | | |
| | | **Kley(KT):** | We talked about it | | | |
| | | **Kley(KT):** | I was sleeping | | | |
| | | **MT7473:** | You said less than 20 | | | |
| | | **MT1312:** | Getting 20 | | | |
| | | **MT7473:** | Going to btc atm | | | |
| | | | Should I just go to navy and try to resolve the account issue | | | |
| | | **Kley(KT):** | Where are you now | | | |
| | | **Kley(KT):** | It took 20 minutes to get the money? | | | |
| | | **MT1312:** | Yes | | | |
| 332 | 3/6/20 | **MT1312:** | No job | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them | A, D, F, G, H, K, N | SW_FIL_0032910 3- SW_FIL_0032910 4; SW_FIL_0032910 9- |
| | | **MT1312:** | Job | | | |
| | | **MT1312:** | Job | | | |
| | | **MT1312:** | Job | | | |
| | | **MT1312:** | Jon | | | |
| | | **Kley(KT):** | No when I said you needed to get Monday | | | |

265

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | [. . . .] | and the Tews' role in making those requests) | | SW_FIL_003291 10 |
| | | **Kley(KT):** You screamed fuck<br>**Kley(KT):** Fuck<br>**MT1312:** Because I don't know if I can<br>**MT1312:** And he needs invoices he's been hounding meal I'll end up fighting woth either him you or [redacted]<br>**MT1312:** Going to navy<br><br>[. . . .]<br><br>**Kley(KT):** How much did you withdraw from global<br>**Kley(KT):** Don't go to navy<br>**Kley(KT):** It's a waste of time<br>**Kley(KT):** And I didn't mean don't buy btc<br>**Kley(KT):** Fuck me<br>**MT1312:** I got the 2@l from globa<br>**MT1312:** At the atm now | On March 6, 2020, $24,700 sent via ACH to Wells Fargo Bank Account [x]2064 for services purportedly made to Aero Maintenance Resources<br><br>Kimberley Tew was photographed at an NFCU branch receiving money on March 6, 2020. NAVY_00001731.<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |
| 333 | 3/9/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are our service and maintenance invoices for Aero Maintenance Resources for February 2020.<br><br>Please contact me if you have questions.<br><br>Thank you | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000018-GFL_00000021 |

266

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | | | |
| 334 | 3/10/20 | **Kley(KT):** Can you go to navy and withdraw 20 to buy btc<br>**MT1312:** Ok<br>**MT7473:** The only navy that will do 20k is centennial FYI<br>**Kley(KT):** How much will aurora do<br>**MT1312:** 10k that's it<br>I can call ahead add see if they will do moew<br><br>**MT7473:** Jon said end of week for rest but he's confirming today when<br>**MT1312:** I can wire out same day from digital mint they just need to send by 230 our time.<br>**Kley(KT):** You can't do more than 5<br>**Kley(KT):** End up week so sending tomorrow<br>**Kley(KT):** Right?<br>**MT7473:** Tomorrow is wed<br>I have a feeling he'll do pry tomorrow and part Thursday<br>**MT1312:** I mean selling<br>**MT7473:** We need to put money back into the account when we have it | Bank records show a $10,000 withdrawal on March 10, 2020 from the Tews' Joint NFCU account x8486. [NAVY_00001008]<br><br>Photographs from the NFCU drive through show Michael Tew making transactions in NFCU accounts. NAVY_00001721. He was also photographed making transactions at an ATM. NAVY_00001797<br><br>*See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when | A, D, F, G, H, I, K, N | SW_FIL_00329150-SW_FIL_00329152 |

267

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | fraudulent payments could be made)<br><br>*See* Indictment ¶¶ 23, 32, 33 | | |
| 335 | 3/11/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached is our final service and maintenance invoice for Aero Maintenance Resources for February 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000006-GFL_00000007 |
| 336 | 3/11/20 | **Kley(KT):** Did you talk to Jon<br>**MT7473:** Yes he said he may send half today he doesn't know yet he almost freaked out and I calmed him down<br>**MT1312:** I'm taking it very seriously<br>**Kley(KT):** What do you mean he may send half. Why doesn't he know. It's 1pm there. It feels like he's playing around and clearly wants to control the situation.<br>**Kley(KT):** Why not send all of it today<br>**MT1312:** Yes he is trying to control and I am trying to get th RG money as much and as fast as possible<br>**Kley(KT):** Be nice to him<br>**MT1312:** I just asked him why not send all today of you have the money get it over with. I'm trying | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, D, F, G, H, K, N | SW_FIL_003291 69-SW_FIL_003291 70 |

268

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | **Kley(KT):** | Try to get it all tomorrow | | | |
| | | **MT1312:** | Trying now | | | |
| | | **MT1312:** | He usually will let me know around 230 his time | | | |
| 337 | 3/17/20 | **MT7473:** | I'm still pressing Jon over text | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C, D, F, G, H, J, K, N | SW_FIL_003291 94 |
| | | **MT1312:** | He says now he hopes for tomorrow | | | |
| | | **MT7473:** | We are coming back soon it's getting cold | | | |
| | | **Kley(KT):** | Say Jon I'm not kidding we are sending you your btc and was going to send 2 bc price is so low but just need some plan | | | |
| 338 | 3/18/20 | **Kley(KT):** | I messaged Jon | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud) | A, B, C, D, E, F, G, H, I, K, N | SW_FIL_003292 09- SW_FIL_003292 13 |
| | | **Kley(KT):** | Truthfully we owe him our lives | | | |
| | | **Kley(KT):** | He saved us and helped is when no one would | | | |
| | | **Kley(KT):** | I thought you guys were friends but all you do is fight | | | |
| | | **MT7473:** | Did it go through the message | | | |
| | | **Kley(KT):** | If more btc would make this better I understand and would do it for him | | | |
| | | **Kley(KT):** | From my google voice. | | | |
| | | **Kley(KT):** | I don't know. | | | |
| | | **Kley(KT):** | I don't want to fight or demand or beg from him. I thought you guys were friends. | On March 18, 2020, $17,200 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | | |
| | | **MT1312:** | So did I | | | |
| | | **Kley(KT):** | I told him I just want to drive off a cliff | | | |
| | | **Kley(KT):** | It's really not worth it if he's lost his mind | | | |
| | | **Kley(KT):** | He really did help us | | | |
| | | **MT1312:** | We don't have a choice so he has to send more | | | |
| | | **Kley(KT):** | I don't think he ever knew how bad it was | | | |
| | | **Kley(KT):** | Why won't he just reply | | | |
| | | **MT1312:** | He claims he's busy | | | |
| | | **Kley(KT):** | He responded? | | | |
| | | **MT1312:** | Truthfully he just hates us | | | |
| | | **MT7473:** | No that's just his MO | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | **Kley(KT):** I told her we are working with a no nonsense accountant<br>**Kley(KT):** And I'm worried about bouncing checks<br>**MT1312:** Ok.<br>Give it 30 mins to see if he responds<br>I'm coming back in 5<br>**Kley(KT):** If he really hates us we should figure something out and<br>**Kley(KT):** Get immunity<br>**MT1312:** Yes I agree<br>**Kley(KT):** I told him I would turn myself in and negotiate immunity for you so our kids have a shot | In January, Kimberley Tew had been questioned by an IRS agent coincidentally pursuing a separate investigation out of a different district.<br><br>Michael Tew was photographed at an NFCU drive through windo. NFCU_00001800. And in an NFCU lobby making additional transactions. NFCU_00001805 | | |
| 339 | 3/19/20 | Email from Kimberley Tew using [MCG]@gmail.com, to J.Y. business email:<br><br>I heard you are not available.<br><br>Let's just talk through email then.<br><br>I'm sick of hearing excuses from someone else. | *See* above, entry 41, for information about MCG, MM, MCG@gmail.com and the relevant paragraphs of the Indictment.<br><br>As set forth above, Kimberley Tew indicated that J.Y. had not responded to her via text message so, instead, she was reaching out to him using the [mcg]@gmail.com address. The" excuses from someone else" is a reference to the fact that | A, K, L | NAC_E_79398 |

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | | Michael Tew had been making excuses for J.Y.'s failure to provide money from NAC under false and fraudulent pretenses. | | |
| 340 | 3/20/20 | **Kley(KT):** I need to know if we will have money on Tuesday and how much by next week<br>**MT7473:** I've been trying to find out<br>**MT1312:** Right now his best answer is I hope<br>**Kley(KT):** So I am supposed to spend the whole weekend wondering<br>**MT7473:** Jon will not answer what should I say to him to make him answer<br>**MT1312:** I'm trying I'm telling him I have to know I need to know<br>**Kley(KT):** Are you serious | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On March 20, 2020, $22,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Toll records show that J.Y. did not answer a calls from Michael Tew the prior evening. ORD_000019512; ORD_19950<br><br>ATM photographs show Michael Tew and Kimberley Tew making transactions in NFCU accounts. NAVY_00001719; NAVY_00001720. | A, G, K, N | SW_FIL_003292 26-SW_FIL_003292 40 |

271

## Government's *James* Log
## United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|-----|-----|-----|-----|-----|
| 341 | 3/22/20 | **Kley(KT):** | So is he sending on Tuesday for sure? | The references to "he" a reference to Jonathan Yioulos<br><br>Toll records show that J.Y. did not answer a calls from Michael Tew the prior evening. ORD_00019950<br><br>The reference to not wanting MCG to email is a reference to efforts by the Tews to use the [MCG]@gmail.com address and the threat that [M.M.] might disclose the scheme to someone else as leverage to get a payment from J.Y.. See entry 338 above. | A, D, F, G, H, G, J, K, N | SW_FIL_0032635 0 |
| | | **MT7473:** | He didn't commit because now he says he can't log in from home | | | |
| | | **MT1312:** | I'm still trying to get him | | | |
| | | **MT7473:** | I mean he has to send | | | |
| | | **Kley(KT):** | Right but he can go to the office? | | | |
| | | **Kley(KT):** | He was there when | | | |
| | | **MT7473:** | He'll have to so yes | | | |
| | | **MT1312:** | He was there on Friday | | | |
| | | **Kley(KT):** | So what is his problem. He will obviously have to go in for other things. | | | |
| | | **Kley(KT):** | Is their banking down | | | |
| | | **MT1312:** | He said banking is up signature is up | | | |
| | | **MT7473:** | He just has stone walked me otherwise | | | |
| | | **MT1312:** | I am keep pressing him | | | |
| | | **Kley(KT):** | Is he responding | | | |
| | | **Kley(KT):** | Can you get him to send tomorrow | | | |
| | | **MT7473:** | He stopped responding | | | |
| | | **MT1312:** | He stopped responding and told me to stop texting him | | | |
| | | **MT7473:** | I told him I need answers | | | |
| | | **Kley(KT):** | Wtf | | | |
| | | **MT7473:** | I will call him | | | |
| | | **Kley(KT):** | Say we have shit that bounced that is going to be submitted again | | | |
| | | **MT7473:** | I will tell him | | | |
| | | **Kley(KT):** | Better for tomorrow | | | |
| | | **Kley(KT):** | He's obviously going into office | | | |
| | | **MT1312:** | He's going to have to go in tomorrow | | | |
| | | **MT7473:** | I asked him | | | |
| | | **Kley(KT):** | Why is he being such a brat | | | |
| | | **MT7473:** | He hates me | | | |
| | | **Kley(KT):** | Ok | | | |
| | | **Kley(KT):** | What do you want me to say | | | |
| | | **MT7473:** | Nothing | | | |
| | | **MT1312:** | Just trying to get as much as I can as fast as I can | | | |
| | | **Kley(KT):** | But that's not happening | | | |
| | | **MT1312:** | I'm trying being nice I'm trying being mean I'm trying to threaten I'm trying to help him I'm trying to play ball I'm trying every method and he is not responding | | | |
| | | **Kley(KT):** | So it's not working. Great. | | | |

272

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT1312:** It's not<br>**Kley(KT):** Stop<br>**Kley(KT):** I'm stressed out<br>**Kley(KT):** When you say it's not it's not<br>**MT7473:** Ok it's working<br>**MT1312:** I'm working on it<br>**MT7473:** I will call him<br>**Kley(KT):** That's a lot<br>**Kley(KT):** That's a lot<br>**Kley(KT):** You just said it's not<br>**Kley(KT):** You've given up<br>**Kley(KT):** You already said you'd call him<br>**MT7473:** Screenshot of of conversation with JY (Screenshot 2020-03-22 at 16.01.05.jpeg)<br><br>In the screenshot of a text conversation Michael Tew asks J.Y." Can you pls tell me what's up. Do you have any insight. Is money coming in tllotrw" J.Y. responds "I. Don't. Know. We have no insight."<br><br>**Kley(KT):** He's abusive<br>**Kley(KT):** Say you confirmed last week I have shit that bounced<br>**MT7473:** Conversation with JY (Screenshot 2020-03-22 at 16.02.04.jpeg)<br><br>In the screenshot of a text conversation Michael Tew asks J.Y. "Are you allowed to go into the office tomorrow? Some of my stuff Th at I wrote bounced so I'm just figuring out on my end.  J.Y. responded: "WHAT COULD YOU POSSIBLY WANT. ITS FUCKING SUNDAY JESUS FUCK I CANT TELL YOU ANYTHING NEW I DON'T KNOW ANYTHING Seriously though. I'm sick of this shit. Like we'll finish it this week hopefully. That's all I can say. I literally am done.<br><br>**Kley(KT):** Tell him to respond<br>**Kley(KT):** Because we don't want [MCG] to email<br>**Kley(KT):** Or something<br>**Kley(KT):** I don't know what you've said<br>**Kley(KT):** Say you need confirm he's sending tomorrow<br>**MT7473:** I just said our checks bounced and I'm trying to make a plan | | | |

273

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT1312:** Screenshot of conversation with JY (Screenshot 2020-03-22 at 16.10.21.jpeg)<br><br>In the screenshot of a text conversation Michael Tew says to J.Y. "Look stop yelling at me. I'm not yelling. You stick your neck out there for [C.A.] and The company for no money I might add you set up all of his plans and put your ass on the line for him and have no clue what is going on over there. A. I just find that hard to believe or B. You're really going out on a limb for this guy sticking your neck out there for this job with no plan. Sure plans change but again hard to believe."  J.Y. responded "The majority of our receivables are craf [crap. I told you that we have zero visibility on their pay dates at the moment. Should see money this week, but we don't know when. So that's the exact thing I've said before and I truly do not feel the need to repeat . . . "<br><br>**MT7473:** Screenshot of conversation with JY (Screenshot 2020-03-22 at 16.10.34.jpeg)<br><br>This screenshot shows the rest of J.Y.'s response: ". . . myself over an dover again. I told you that I would update you when I know more and I will I always have."<br><br>**Kley(KT):** WTF this is more stressful<br>**Kley(KT):** Say you need him to send something tomorrow<br>**Kley(KT):** Not all of it but something | | | |
| 342 | 3/23/20 | **Kley(KT):** We bounced rent. Just got the notice. Jon has to send today.<br>**MT1312:** I'm trying<br>**Kley(KT):** Are you getting anywhere with Jon<br>**MT7473:** He's in office dealing with this hack I'm texting him but he not committing yet<br>**MT1312:** He's not committing to send today<br>**Kley(KT):** Fuck!!!!!!<br>**Kley(KT):** And tomorrow?<br>**MT7473:** Working on it now<br>Pushing him to ducking just send something already<br>**MT1312:** He says tomorrow but won't say how much<br>**Kley(KT):** At least a range<br>**Kley(KT):** Who are you on the phone with<br>**Kley(KT):** Hello | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when | A, D, F, G, H, K, N | SW_FIL_003292 41- SW_FIL_003292 44 |

274

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(KT):** Who are you on the phone with<br>**Kley(KT):** Why won't he send anything today<br>**Kley(KT):** It would be blended in with everything else that was overdrawn and didn't go out<br>**Kley(KT):** Screenshot of Wells Fargo information (IMG_6518.png)<br>**MT1312:** Should I try at the desk? Or just atm | fraudulent payments could be made)<br>On March 25, 2020, $32,245 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | | |
| 343 | 3/27/20 | **Kley(KT):** Don't withdraw from my card ending in 7782<br>**MT1312:** Withdraw 1k from every card but nothing from 7782 right ?<br>**Kley(KT):** Right<br>**MT7473:** Have all the cash on way to the atm<br>**MT1312:** Just got to atm<br>It's really snowing out | On March 27, 2020, $32,300 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Bank records show that the debit card ending 7782 was connected with NFCU account x0572, associated with Kimberley Tew<br><br>Bank records show a $1,000 withdrawal from an ATM on 3/27 from account 3494 controlled by Tew and photos show Michael Tew at the ATM that night. NAVY_00001334; 1725. It appears to be snowing in the ATM photograph. | A, G, K, N | SW_FIL_003292 67-<br>SW_FIL_003292 68 |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|-----------------|--------|
| | | | *See* Indictment ¶¶ 23, 32, 33 | | |
| 344 | 3/31/20 | **MT1312:** Jon did confirm ties for wed finally not how much yet I'll get it figured out<br>**MT1312:** Jonnaays 75 but we are talking through it at 230 his time<br>**MT1312:** I need to get 75 today and more for Friday or even for Thursday<br>**Kley(KT):** He confirmed 75 for today<br>**MT1312:** He said "75ish" | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On April 1, 2020, $73,460 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources, as alleged in Count 33 of the Indictment | A, D, F, G, H, K, N | SW_FIL_003292 81 |

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

**April 2020**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 345 | 4/1/20 | **Kley(KT):**  You have $24K in 3494. I want to do $20K because I have to send Phillipe $12K in btc.<br>**Kley(KT):**  A $20K wire to kraken<br>**MT7473:**  Ok<br>**MT1312:**  Sent 3.2 | On April 1, 2020, $73,460 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources, as alleged in Count 33 of the Indictment<br><br>Bank records show a $20,000 withdrawal from Michael Tew's x3494 account on April 1, 2020.<br><br>Michael Tew was photographed making a large withdrawal from the Buckley AFB branch of NFCU on April 1, 2020. NAVY_00001757-1758.<br><br>*See* Indictment ¶¶ 23, 32, 33 | A, F, G, K, N | SW_FIL_003292 85-SW_FIL_003292 86 |
| 346 | 4/3/20 | **Kley(KT):**  How much is Jon sending<br>**MT7473:**  He sent 411125<br>**MT1312:**  41125 | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask | A, F, G, K, N | SW_FIL_003292 90 |

277

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | | Yioulos to send them and the Tews' role in making those requests)<br><br>On April 3, 2020, $41,225 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>ATM photographs show Michael Tew making withdrawals from NFCU accounts. NAVY_00001684. | | |
| 347 | 4/5/20 | **Kley(KT):** I need btc<br>**Kley(KT):** And when are you talking to Jon<br>**MT7473:** Coming back in 5<br>**Kley(KT):** Do you want me to just go<br>**Kley(KT):** You'll be back in 5 or heading back in 5<br>**MT1312:** You can't leave [redacted]<br>I won't talk to Jon until the morning he won't even respond today<br>**Kley(KT):** Whatever<br>**Kley(KT):** You have no plan<br>**MT7473:** The plan is to tell him that it's all gone and he needs to send more<br>**MT1312:** That's it<br>**MT7473:** And he will be asking forinoviwa tomorrow<br>**Kley(KT):** He won't do it<br>**MT1312:** Now we're fighting<br>**MT7473:** I have to threaten hi<br>**MT1312:** It'll be a battle<br>**MT7473:** For sure<br>**Kley(KT):** What should I do<br>**Kley(KT):** Beg [P.M.]e to send another 1K | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>"P.M." is a reference to a casino host at the Wynn Casino in Las Vegas | A, D, F, G, H, K, N | SW_FIL_0032930 0-<br>SW_FIL_0032930 8 |

278

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **Kley(KT):** I'm not sure he will<br>**MT1312:** How much total do we owe him as of now<br>**Kley(KT):** So much<br>**Kley(KT):** He's out of pocket $13<br>**MT1312:** Shit<br>**MT7473:** Is it worth even asking<br>**Kley(KT):** I will get him his money back but he will have to wait for all the interest<br>**MT1312:** Right | | | |
| 348 | 4/6/20 | **MT1312:** BTC ATM Deposit slip (60782419598__5E28B616-CD21-4BE8-B18C-4A8E5DDE4933.jpeg)<br>**Kley(KT):** 1c8qp8UQye1R1AVJNAJfmBprTgJHVY9HK<br>**Kley(KT):** I need you to deliver on everything<br>**MT1312:** Didn't work<br>Funds available in full tomorrow<br>**Kley(KT):** Have you heard from [L.W.] Y or J?<br>**Kley(KT):** My anxiety is through the roof<br>**MT7473:** No but I will<br>I didn't ask [L.W.] yet he seemed super reluctant this weekend<br>I will ask him<br>**Kley(KT):** Maybe ask for $500<br>**Kley(KT):** Need to know if Jon is sending today<br>**MT7473:** [L.W.] says no can't do another penny he said he is sorry<br>**Kley(KT):** Jon<br>**Kley(KT):** Is he sending today<br>**MT7473:** Haven't heard trying him again<br>**Kley(KT):** I need to know if he's sending because I'm trying to make a deal<br>**MT7473:** He hasn't responded and not yo my calls<br>**Kley(KT):** account #[x]7062<br>**MT1312:** He's not sending today<br>I can't get him to<br>**MT7473:** He is sending this week<br>**MT1312:** Screenshot of conversation with JY (Screenshot 2020-04-06 at 12.31.05.jpeg)<br><br>In the screenshot of a conversation between Michael Tew and J.Y.: | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made) | A, D, F, G, H, K, N | SW_FIL_00329309-<br>SW_FIL_00329313 |

279

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | **MT:**    can you at least respond pls when you can. I know you are very busy. Thank you."<br>**J.Y.:**    "Not like I have a choice."<br>**MT:**    Anything possible today?<br>**JY:**    Hahahaha you're a piece of work<br>**MT:**    Half today and half Thursday? What's your schedule like.<br>**JY:**    Today isn't possible<br>      So don't' even ask<br>**MT:**    7700?<br>**JY:**    No.<br>      You can't just ask randomly | | | |
| 349 | 4/8/20 | **MT7473:**   Jon said tomorrow for Friday I can't get him to send today<br>**MT1312:**   He sent 37k<br>**MT7473:**   I sent $37k. It might fuck us but sounds like we were fucked regardless | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On April 9, 2020, $37,323 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | A, D, F, G, K, N | SW_FIL_00329316– SW_FIL_00329317 |
| 350 | 4/13/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached is are our service and maintenance invoices for Aero Maintenance Resources for March 2020.<br><br>Please contact me if you have questions. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000025– GFL_00000027 |

280

Government's *James* Log
United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | | | |
| 351 | 4/14/20 | **MT7473:** Spoke with Jon he's in a good mood he said he's going up shoot for wed for Thursday<br>**MT1312:** The machine here jammed again (Photo of BTC ATM screen (IMG_1837.jpeg)) | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶¶ 32, 33<br><br>On April 14, 2020, $31,355 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Photographs from an NFCU ATM show Michael Tew making withdrawals. NAVY_00001678 s | A, D, F, G, K, N | SW_FIL_003293 38 |
| 352 | 4/15/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon: | On April 16, 2020, $68,255 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel | A, K, L | GFL_00000003-GFL_00000005 |

281

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Attached are our initial service and maintenance invoices for Aero Maintenance Resources for April 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | Logistics, as alleged in Count 35 of the Indictment<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |
| 353 | 4/27/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached is our invoices for Global Fuel Logistics, Inc., for 15 April 2020<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | On April 22, 2020, $56,530 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics<br><br>On April 28, 2020, $46,850 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>On April 30, 2020, $36,240 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics<br><br>On May 6, 2020, $85,325 sent via ACH | A, K, L | GFL_00000014-GFL_00000015 |

282

**Government's *James* Log**
***United States v. Tew*, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | | to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resource<br><br>*See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | | |

283

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

**May 2020**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| 354 | 5/4/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached is our corrected invoice for Aero Maintenance Resources for 2 March 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>An ATM photograph shows Michael Tew making transactions from an NFCU ATM on May 4, 2020. NAVY_00001744. | A, K, L | GFL_00000010-GFL_00000011 |
| 355 | 5/10/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached is our Final Invoice for Global Fuel Logistics, Inc. for April 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000016-GFL_00000017 |
| 356 | 5/12/20 | **MT1312:** Jon saying 40k brings us to the end of the road basically. Texting with him. I told him we'll send you 1 btc and tally it up and catch up later in the week. He said that brigs it to over 100 | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask | A, B, C, D, F, G, H, I, K, N | SW_FIL_00329455-SW_FIL_00329457 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | for the week and that should be it<br>What do you want me to o<br>**Kley(KT):** Is he saying he'll send tomorrow<br>**MT7473:** He can send today he's just saying hey I think that's it dude<br>I'm like let's catch up later In the week and tallly IP<br>**MT1312:** My plan was to entice him to send more<br>**Kley(KT):** Ask him if he can send 90 today<br>**MT7473:** Ok<br>**MT1312:** Got the 9k<br>Getting the sun<br>**MT7473:** Atm<br>**Kley(KT):** Are you withdrawing 1K from my accounts<br>**MT1312:** Yes<br>**Kley(KT):** Just get them from all the accounts. I transferred 1K to all of yours too.<br>**MT7473:** Ok<br>**MT1312:** Your dad?<br>**Kley(KT):** No<br>**MT7473:** Have all the cash<br>It's a lot of bills will take a bit of time<br>Going to btc atm now | Yioulos to send them and the Tews' role in making those payments) *See* Indictment ¶ 21 (describing how Yioulos would provide information about NAC's finances to facilitate when fraudulent payments could be made)<br><br>On May 12, 2020 $68,400 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources<br><br>Bank records show $1,000 withdrawals from accounts at NFCU controlled by Kimberley Tew. NAVY_00001091; NAVY_00001100; 00001104; 00001109; 0000113; 00001116;<br><br>ATM photographs depict Michael Tew making NFCU transactions. NAVY_00001737; NAVY00001823. He was also photographed | | |

285

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | | at an NFCU drive-through. NFCU_00001821. And in an NFCU lobby. NAVY_00001823. | | |
| 357 | 5/23/20 | **KT2046:** This is ridiculous<br>**KT2046:** We can't access our money<br>**KT2046:** What is YOUR problem<br>**KT2046:** I don't need this sulking<br>**KT2046:** I told you to get in touch with Jon you didn't take that seriously and fed me a bunch of shit<br>**KT2046:** He cashed it all out<br>**KT2046:** I looked at his address | *See* Indictment ¶ 25 (alleging that Tews gave Yioulos bitcoin as part of the fraud)<br><br>The reference to "cashing it out" is a reference to the fact that the blockchain address showed that J.Y. had cashed out his cryptocurrency. | A, G, N | SW_FIL_0031287 3-<br>SW_FIL_0031287 4 |
| 358 | 5/28/20 | **MT1312:** Jon Answered he said he sent 85,500<br>**KT2046:** Ask him if he can send any btc because the funds aren't there but we can buy when they hit<br>**MT1312:** Ok<br>**KT2046:** 3JShyJMwBKwhzfpQUZmkDKZi41SLF32usJ<br>**KT2046:** What's going on<br>**MT1312:** He's not responding I'll ping him again | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On May 28, 2020, $85,500 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Aero Maintenance Resources | A, D, F, G, K, N | SW_FIL_0031289 9-<br>SW_FIL_0031290 00 |

286

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

**June 2020**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| 359 | 6/3/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are the invoices for Aero Maintenance Resources and Global Fuel Logistics for the month of May 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>On June 3, 2020, $83,526 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics | A, K, L | GFL_00000035-GFL_00000038 |
| 360 | 6/7/20 | **KT2046:**   Ask Jon if he was sending the wires to gf<br>**KT2046:**   You should say something to him now<br>**KT2046:**   They might call the office<br>**MT7473:**   I will tell him yes but I do t what him to freak out<br>**KT2046:**   You need to<br>**KT2046:**   It might determine if he goes into office<br>**KT2046:**   He should go in<br>**MT1312:**   Ok<br>**KT2046:**   I'm going to contact those fed agents and become an official CI.<br>**MT7473:**   I'll tell him<br>**KT2046:**   Like now<br>**KT2046:**   You need to tell him now | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>"gf" is a reference to Global Fuel. *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment.<br><br>On June 5, 2020, | A, D, F, G, H, K, N | SW_FIL_00313000 |

287

**Government's *James* Log**
**United States v. Tew, 20-cr-000305-DDD**

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--|--------------------|------------------|--------|
| | | | | $42,220 sent via ACH to Navy Federal Credit Union Account [x]5336 for services purportedly made to Global Fuel Logistics<br><br>"CI" is shorthand for confidential informant. Kimberley Tew is threatening to extort J.Y. by going to the authorities. | | |
| 361 | 6/9/20 | **MT7473:**<br>**MT1312:**<br><br>**Kley(KT):**<br>**MT7473:**<br>**Kley(KT):**<br>**MT1312:**<br>**MT7473:**<br>**Kley(KT):**<br>**MT7473:**<br>**MT1312:**<br>**Kley(KT):**<br>**Kley(KT):**<br>**Kley(KT):**<br>**MT1312:**<br>**MT7473:**<br>**Kley(KT):**<br>**MT1312:**<br><br>**MT1312:**<br>**MT7473:**<br>**Kley(KT):** | Jon sent 93<br>Done here<br>How much from the bank<br>What can you get<br>I may be able to get 20 agai<br>Ok<br>Have to ask when get there I guess<br>Is that ok<br>Ok<br>t the bank finishing up<br>The manager wants to speak with me can't wait to see what he has to say<br>What the fuck<br>Before you got your cash<br>Don't take shit from them<br>No as I'm finishing up<br>I'm not<br>Did they give you the cash<br>They're all being really nice<br>Kike overlay nice<br>I got the cash<br>She's doing the report<br>They probably got in trouble | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>Michael Tew opened an account x3094 for Global Fuel Logistics at Navy Federal Credit Union on Jun 8, 2020. He was the sole signatory. NAVY_00000857. Photographs show him meeting with the bank representative. NAVY_00001718.<br><br>On June 10, 2020, $93,135 sent via ACH | A, B, D, F, G, H, K, N | SW_FIL_0032949 4-<br>SW_FIL_003295 00 |

288

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | | to Navy Federal Credit Union Account [x]3094 for services purportedly made to Global Fuel Logistics.<br><br>Photographs from the bank lobby show Michael Tew making transactions which is also reflected in bank records. NAVY_00001795. The records appear to show Michael Tew speaking with a bank employee. NAVY_00001796.<br><br>The references to staff being overly nice and to filling out a report is a reference to Currency Transaction Reports that must be filed by the bank to report transactions of $10,000 or more. | | |
| 362 | 6/10/20 | **Kley(KT):** How much money are you showing<br>**MT1312:** 55,500 plus the 93 jon sent in global fuel<br>**MT7473:** AtM went out of service and ate your card number 7 4405<br>**MT1312:** Im going up try chase<br>**MT7473:** For the rest<br>**Kley(KT):** Sweet<br>**Kley(KT):** You need to take my mom to wells and sit down with your banker<br>**Kley(KT):** We need to increase wire limit and get rsa reader if needed<br>**Kley(KT):** I set up a preferred checking does that have a higher wire limit? Also need | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) *See* Indictment ¶¶ 23, 32, 33 | A, D, F, G, K, N | SW_FIL_003295 02-SW_FIL_003295 11 |

289

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | (2) debit cards<br>and pins and can you increase daily limits<br>**Kley(KT):** What's the plan<br>**Kley(KT):** What are you doing<br>**MT1312:** Whatever you tell me to do<br>**MT1312:** Wire capabil u freed up on my account FYI<br>**MT1312:** If we want to make a large cash withdrawal I have to do that now if you want me to get 1k<br>out of the accounts via atm we can do that now or later | On June 10, 2020, $93,135 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly made to Global Fuel Logistics<br><br>Bank records show withdrawals from a Wells Fargo atm on June 10, 2020. NAVY_00000859; NAVY_00001132-1133. | | |
| 363 | 6/11/20 | **Kley(KT):** Does it make sense to buy 11,500<br>**Kley(KT):** And then tomorrow AM 9,500<br>**Kley(KT):** Or go to centennial branch and get 9500 now<br>**Kley(KT):** I don't care<br>**MT1312:** Would rather drive early in the morning if it makes no difference<br>**Kley(KT):** Then what<br>**MT1312:** Then late at night<br>**MT1312:** Higheay driving<br>**Kley(KT):** No I was saying stop at credit union<br>**Kley(KT):** Not not go<br>**MT1312:** Oh I see<br>**Kley(KT):** Whatever<br>**MT1312:** If you need the 20 k then yes<br><br>[. . . .]<br><br>**MT7473:** Awesome<br>Plus the 93 in global fuel | *See* Indictment ¶¶ 23, 32, 33<br><br>Bank records show Kimberley Tew making ATM withdrawals from the Centennial Colorado branch of NFCU on June 11, 2020. NAVY_00001707; 1711. She was photographed in the lobby of an NFCU branch. NAVY_00001778; 1779. She was also photographed making transactions at an ATM. NAVY_00001780. | A, F, G, K, N | SW_FIL_0032951 7-SW_FIL_0032951 9<br><br><br><br><br><br><br><br><br><br>SW_FIL_003130 35 |

Case No. 1:20-cr-00305-DDD   Document 642-2   Filed 02/08/23   Page 291 of 662

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|------|------|------|------|--------|
| | | | | And going through NFCU's drive through windor. NAVY_00001786. | | |
| 364 | 6/16/20 | MT1312: | Jon's putting up a fight<br>He said he's done for a while<br>Even for 3.5 btc<br>Maybe we let him stew on it and I'll bug him about it<br>He always comes back | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On June 18, 2020, $93,635.00 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly made to Global Fuel Logistics | A, B, C, F, G, H, I, K, N | SW_FIL_0031307 3- SW_FIL_0031307 6; SW_FIL_0031307 8 |
| | | MT1312: | Have the cash going to Colfax | | | |
| | | MT1312: | I will get tough with him | | | |
| | | | [. . . .] | | | |
| | | MT1312: | We can turn hi | | | |
| | | | [. . . .] | | | |
| | | KT2046: | Was Jon a dick | | | |
| | | KT2046: | Any chance he will send today | | | |
| | | | [. . . .] | | | |
| | | MT1312: | He said no no no I'm done I told you I'm done | | | |
| | | KT2046: | 4K on Amex | | | |
| | | MT1312: | Don't max out your AMEX | | | |
| | | KT2046: | Tell him I fucked up | | | |
| | | KT2046: | What else are we going to do | | | |
| | | MT1312: | I'm telling him | | | |
| | | | [. . . .] | | | |
| | | MT1312: | Jon says 80 tomorrow | | | |
| 365 | 6/17/20 | MT1312: | Jon sent 93635 | Message to Kimberley Tew | A, F, G, N | SW_FIL_0031308 7 |

## Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|---|--------------------|------------------|--------|
| | | | | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On June 18, 2020, $93,635.00 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly made to Global Fuel Logistics | | |
| 366 | 6/24/20 | **MT1312:**<br><br><br><br><br>**KT2046:**<br>**KT2046:**<br>**MT1312:**<br>**KT2046:**<br>**MT1312:**<br>**MT1312:**<br>**KT2046:**<br>**KT2046:**<br>**MT1312:** | Deposit done<br>Jon said he will send more money<br>He didn't say today or tomorrow<br>Waiting to hear back<br>Going to gym<br>Thank god!<br>I love you<br>He can send 55 today<br>And more the next day or week?<br>Working on it<br>He said he can't do another 90 he's going to "try" for 70<br>Can you get the rest of the cash out of the accounts and buy btc<br>Did you use the $500?<br>Jin sent 71k | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) "Jin" is a typo – it should be "Jon."<br><br>On June 23, 2020, $97,545 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly made to Aero Maintenance Resources<br><br>Bank records show transfers of money from the NFCU x3094 | A, D, F, G, K, N | SW_FIL_003131 13-<br>SW_FIL_003131 16 |

292

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | | | account to other accounts at NFCU controlled by Michael and Kimberley Tew. Michael Tew was photographed in the lobby of the Centennial branch of NFCU on June 24, 2020. NAVY_00001717 | | |
| 367 | 6/25/20 | KT2046: | Just to be safe should you go to Jon for another 30 | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) "[C.A.]" and "[L.A.]" are references to the owners of NAC<br><br>On June 25, 2020, $71,550 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly made to Aero Maintenance Resources<br><br>Michael Tew was photographed in the lobby of the NFCU Centennial branch on June 25, 2020. NAVY_00001789. | A, D, F, G, H, K, N | SW_FIL_003131 26- SW_FIL_003131 29 |
| | | MT1312: | I'll ask | | | |
| | | | I don't know what he'll do | | | |
| | | MT1312: | Are you mad at me | | | |
| | | KT2046: | I'm scared how to do it all | | | |
| | | KT2046: | Can you figure out a Plehn | | | |
| | | KT2046: | Plan | | | |
| | | KT2046: | I'll make it happen today | | | |
| | | MT1312: | Yes | | | |
| | | | I don't know how much you owe | | | |
| | | | Don't worry about Jon | | | |
| | | | We can send him little bits as we go | | | |
| | | MT1312: | He's not answering | | | |
| | | MT1312: | He's on with [C.A.] I promise I will get him | | | |
| | | MT1312: | He won't call her he said JT will get her antenna up and she'll just call [L.A.]. He did say he wil probe her in person in the office tomorrow which will make sense and he'll see what else he can learn | | | |
| | | MT1312: | At gas station | | | |
| | | KT2046: | Whatever | | | |
| | | KT2046: | If this was you you'd be freaking out | | | |
| | | KT2046: | I thought [L.A.] and [A.S] hate each other | | | |
| | | MT1312: | [L.A.] Hates everyone until she doesn't | | | |
| | | MT1312: | She's a lunatic | | | |
| | | | It could be nothing | | | |

293

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | **MT1312:** | We haven't done anythign wrong | | | |
| | | **MT1312:** | Certainly not to them | | | |
| 368 | 6/26/20 | **KT2046:** | Do you have a $100 bill | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests) | A, F, G, H, K, J, N | SW_FIL_0031 3130- SW_FIL_0031 3138 |
| | | **MT7473:** | Yes on me | | | |
| | | | I didn't but enough I miscalculated by 600 I got 4300 plus the 100 I have | | | |
| | | | I didn't get from one account | | | |
| | | | I called Jon he is not answering | | | |
| | | | I will text him and he will tell me what he knows | | | |
| | | | And I'll work on the money ASAP | | | |
| | | | I'm on it | "[A.S]" is a reference to NAC's Director of Accounting. During the calls on July 7 and July 8, Michael and Yioulos talked about their concerns that A.S. would find out about the fraud scheme. | | |
| | | | Going to gym | | | |
| | | **MT7473:** | Just pulled in | | | |
| | | **KT2046:** | What's going on with Jon we need an update on this crap | | | |
| | | **MT1312:** | He's on audit falls with [redacted] all morning | | | |
| | | **MT7473:** | He is texting no news he hasn't talked to anyone yet | | | |
| | | **MT1312:** | He's working until Midday | | | |
| | | **KT2046:** | But you will find out the story | | | |
| | | **KT2046:** | Not about money | | | |
| | | **MT7473:** | Yes both | | | |
| | | **MT1312:** | 100 percent | | | |
| | | **MT1312:** | Spoke to Jon | | | |
| | | | He doesn't think it's that serious | | | |
| | | | None of it makes sense | | | |
| | | | He got nothing new out of [A.S] she left for the day even before he did | | | |
| | | | That meeting next week isn't happening and there's no reschedule | | | |
| | | **MT7473:** | If we can send anything even small to Jon it will help for Monday pls believe me | | | |
| 369 | 6/29/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached are the invoices for Aero Maintenance Resources, Inc. and Global Fuel Logistics for the month of June 2020. | | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | GFL_00000091- GFL_00000094 |

294

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|---|
| | | Please contact me if you have any questions.<br><br>Thank<br><br>Jessica Thompson<br>Global Fuel Logistics, Inc. | | | | |
| 370 | 6/30/20 | **MT1312:**<br>**KT2046:**<br>**KT2046:**<br><br>**KT2046:** | He sent 105<br>Great<br>At least that's not bad news<br><br>[. . . .]<br><br>Figure out if you want to be in this family. You were extremely rude to me in front of Jon and have said horrible things these past days. | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On June 30, 2020, $105,000 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly made to Aero Maintenance Resources<br><br>An ATM photograph shows Michael Tew making transactions in NFCU accounts on June 30, 2020. NAVY_00001787. | A, G, K, N | SW_FIL_003131 60;<br>SW_FIL_003131 62 |

295

# Government's *James* Log
## *United States v. Tew*, 20-cr-000305-DDD

**July 2020**

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| 371 | 7/1/20 | **KT2046:** Please you need to talk to Jon<br>**KT2046:** This week<br>**KT2046:** Today I guess<br><br>[. . . .[<br><br>**KT2046:** Please stick with me<br>**KT2046:** Please I know you are afraid of Jon<br>**KT2046:** Weren't they supposed to have a meeting tomorrow<br>**KT2046:** Does it still say pending<br>**MT7473:** Says pending<br>**MT7473:** The meeting f was supposed to be today. There's no meeting and nothing scheduled. [L.A.] is on her way to the hamptons wirh [C.A.] | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>On July 3, 2020, $95,000 sent via ACH to Navy Federal Credit Union Account [x]3094 for services purportedly rendered to Global Fuel Logistics, as alleged in Count 40 of the Indictment | A, F, G, K, H, I, N | SW_FIL_003131 76 |
| 372 | 7/1/20 | **KT0152:** Omg thank you omg. You have saved me. And my family. I mean that. Don't send anything until the fall<br>I'll figure out how to break news to Michael he's going to be livid also but thank you so much Jon I just don't know what to say<br><br>No ChAnce at sending anything today and tomorrow like splitting it or best just once? I don't know how it all works that's michaels area<br>Area<br>**JY1709:** I can't unfortunately. I'm not in the office right now.<br>**KT0152:** Totally get it Jon<br>Omg thank you thank you | *See* Indictment ¶ 20 (alleging coordination by the Tews to decide how much to ask Yioulos to send them and the Tews' role in making those requests)<br><br>Google voice records show that the google voice number 4693190152 was created by someone identifying themselves as "Kimberley Tew" with an associated | A, D, F, G, K | INV_00005192 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|--------------------|--------|
| | | | email address that contains the year of Kimberley Tew's birth. ORD_00015068.<br><br>As set forth above in entry 160, Kimberley Tew had previously explained that she used Google Voice to contact J.y. | | |
| 373 | 7/2/20 | Michael Tew, using the email address accounting@globalfuel.co, sent an email to J.Y.'s business email account with two attached invoices, writing:<br><br>Dear Jon:<br><br>Attached is the invoice for Global Fuel Logistics for July 1, 2020.<br><br>Please contact me if you have questions.<br><br>Thank you<br><br>Jessica Thompson<br>Aero Maintenance Resources<br>A Unit of Global Fuel Logistics, Inc. | *See* above, entry 199, for information about GFL, AMR, Jessica Thompson, and the relevant paragraphs of the Indictment. | A, K, L | NAC_E_118548 |
| 374 | 7/7/20 | On July 7, 2020 Jonathan Yioulos made a consensually monitored call from his X1709 number to Michael Tew's x1312 number. The government will seek to admit the entire call and a transcript is attached. In sum and substance:<br>    Yioulos referenced prior conversations in which he had alerted Michael that executives at NAC were asking questions about the fraudulent payments and a prior visit to NAC by the FBI. As part of his efforts to keep Yioulos calm and involved in the conspiracy, Michael explained why he had been asking for money, how he had set up Global Fuel to receive the money.<br>    Among other things, Michael explained that they kept asking Yioulos because of Kimberley's gambling problem. Michael also tried to reassure Yioulos about the scheme | At this point in time, J.Y. was no longer a conspirator because he was working with federal agents. However, Michael Tew and Kimberley Tew were still conspiring with another to get more payments from | A, B, D, E, F, G, H, I, J, K, M | INV_00008612-8768;<br><br>INV_00005038 |

## Government's *James* Log
### United States v. Tew, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | by explaining how he had set up Global Fuel and the payments to it in a way to avoid audit scrutiny.<br>    Michael also tried to reassure Yioulos that MM was a real person that Kimberley had befriended.  Then he encouraged Yioulos to find out more about what the FBI was investigating so that they could "head things off at the pass." | NAC under false and fraudulent pretenses | | |
| 375 | 7/8/20 | On July 8, 2020 Jonathan Yioulos made a consensually monitored call from his X1709 number to Michael Tew's X1312 number. The government will seek to admit the entire call and a transcript is attached.  In sum and substance:<br>    Again, Yioulos referenced the fact that NAC executives were starting to look at the fraudulent payments and, again, Michael tried to reassure Yioulos about their efforts to conceal the scheme to keep him involved in the conspiracy.<br>    Michael asked Yioulos several questions about the activities of NAC's security director and its chief of accounting.<br>    He also reassured Yioulos that he knew the guy at the P.M., Inc. company, who was a friend, and that he would not an issue for them.<br>    When Yioulos mentioned that the payments added up to $5 million and asked where it went, Michael responded that he wished he had it under his mattress.  He then advised Yioulos that wherever the auditors were in going up the vendor list, they should focus on that.<br>    Michael expressed concern about GFL and AMR being combined for purposes of the audit, which would make those vendors among NAC's top suppliers.<br>    At one point in the call, Michael said that he had a question from Kimberley about the FBI meeting.<br>    Michael also reassured Yioulos that H.S. was a real person who had once been a friend of Kimberley.  He also told Yioulos that M.M. was also the person behind 5530 J.D. LLC<br>    Michael also relayed that Kimberley had given them permission o blame her for the scheme.<br>    When Yioulos confronted Michael about prior threats from Kimberley, Michael acknowledged they had happened and said "I didn't advise her to do that, obviously. I hope you know that cause I thought that was stupid."<br>    Michael also tried to reassure Yiolous about his banking practices, telling Yioulos<br>        "No, it is yeah no its its it wasn't great when it was going to my personal account, which, you know, for ah, you know um, but that being said, ah, ninety nine percent of the time, when it was going to my personal account, nobody noticed a thing.  Not a thing.  Nothing was ever noticed."<br>Later, Michael explained that bank forced him to open business accounts: | At this point in time, J.Y. was no longer a conspirator because he was working with federal agents. However, Michael Tew and Kimberley Tew were still conspiring with another to get more payments from NAC under false and fraudulent pretenses. | A, B, D, E, F, G, H, I, J, K, M | INV_00008506; INV_00005040 |

298

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | Nothing, there was one time when they finally said, where they said we've noticed you've been getting business payments into your personal account. I said oh yeah I know. That they have that account on file there, and its like I'm sending consent money back to them and then have it sent back to me. You know if you need me to (UI) a new business account, and she was like okay, but we're locking all your accounts until you open up a business account." Michael also explained how he was able to transfer money between accounts: No no I have the ability, I have the ability to transfer it as well. It can be federal. Its okay, so its not like a Wells Fargo. Its like ah, where it gives actually a lot of restrictions on transfers and stuff. They m maybe federal's not a great bank. . . . . The, you can transfer to any account as long as you add that account as a linked account, and easy to verify. I can add in transfer it into my mother in law's account. She has an account that my father in law's account, he has an account there. My sister in law's account there, all the kids have accounts there. I have my personal accounts there. Kim has her personal accounts there. Ah, literally in the ap you can log in, connect that account, link it and transfer as much money as you want out at any time. In or out. In and out. So its not d, and that's part (UI) they have no (UI). They allow it. Its not part of the, its just to whatever. They allow it. They let you do whatever the fuck you want to. The only only military former servicemen and women and their families are allowed to even use the bank Michael tried to reassure Yioulos that if the feds were looking, then the bank could have closed the accounts: Um, because my bank. I mean banks just don't like keep your account. I don't care what happens. The feds don't call a bank and say keep the bank account open and just watch it . But they don't fucking. The bank have things that will close the fucking accounts. And they close, they close banks close accounts if they don't like the way you breathe. Like if you, you know if you ah send too many cells they close your bank account . . . Michael then reiterated that he and Kimberley hadn't kept all of the money and that some of it went to others to pay off Kimberley's debts: Yes, out there with their, so yeah, that's the p, there was a lot of. There was um,and (UI) some of it now. I don't remember all of this, but there was a lot of | | | |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|---|---|---|---|---|---|
| | | stress here, and I think what we did was stop sending money directly to them. You were send, you were sending money to us or Global Fuel or Sandhill, SHLC or whatever you were doing.  Million, like a m million of that more.  Two million of that allotted didn't go to us, and that was, we had this conversation.   We had this conversation actually, a year and a half ago or whatever, and you were like what the fuck, and we finally put those guys or whatever to bed, and then I mean I guess.  I I don't remember.  I honestly don't but um | | | |
| 376 | 7/8/20 | **MT1312:** Be straight with me so i can at least know what to do how to prep for my kids.<br><br>**JY1709:** I wouldn't do that. You know this. I just picked up my phone because I've been in with [C.A.] and Christer. We've been talking about the new 747's. Honestly nothing to worry about it seems. Tied up for a bit longer, but will getaway shortly to talk<br><br>[. . . .]<br><br>**MT1312** I know with all going on its weird Can you send one more today and tomorrow for Friday [C.A.] will be back in Boca I have to get your btc<br>After our conversation today I realize much of your hard work adnd help did go to waste back then and you really need to hedge your bets also<br>**MT1312** We're afraid Shit is going to blow up<br>**MT1312** She's afraid you are workign with teh FBI<br>**MT1312** The fbi is going to come here and kick on our door soon<br>**MT1312** Now is the time to get us out of here<br>**MT1312** Don't go dark pls don't be angry<br>**MT1312** She thinks we shudl all turn ourselves in and end it<br>**MT1312** Kimberley said she's turning herself in today<br>**MT1312** She says we're ganginf up on her<br>**MT1312** I'm going to jail<br><br>[. . . .]<br><br>**MT1312:** Put me on with teh FBI<br>**JY1709:** I'm in a meeting. I'm not ignoring you!<br>**MT1312:** How much can you get out<br>**MT1312:** Ok thank you | At this point in time, J.Y. was no longer a conspirator because he was working with federal agents. However, Michael Tew and Kimberley Tew were still conspiring with another to get more payments from NAC under false and fraudulent pretenses | A, E, F, G, I, J, K, N, M | INV_000005141-5142; INV_00005182; INV_00005185-91 |

## Government's *James* Log
### *United States v. Tew*, 20-cr-000305-DDD

| Entry | Date | Statement(s) | Additional Context | 801 Rationale(s) | Source |
|-------|------|--------------|--------------------|------------------|--------|
| | | **MT1312:** Understood<br>**MT1312:** How much can you get out<br>**MT1312:** Global Fuel Logistics Inc<br>Navy Federal Credit Union<br>Account [XXXXXX]3094<br>ABA [REDACTED]<br>**JY1709:** I'm in this meeting with [C.A.], Christer and Treasury (loan through them). I don't have an opportunity to get out of this right now and I left my digis and mouse at home. Might be able to send tomorrow. How much are you looking for?<br>**MT1312:** Need you to leave that meeting<br>**JY1709:** I really can't. I'm supposed to leave a meeting with [C.A.] and treasury just out of the blue? They need me on this call.<br><br>[. . . .]<br><br>**MT1312:** How fast can you buy and how much<br>**MT1312:** You can open a crypto.com account it's easy<br>**MT1312:** Jon I don't know what the fuck is going on over there but this is all falling apart<br>How fast you can you buy me btc<br>The irs is here<br>What is going on<br>I am going to call [C.A.] if you don't answer<br>Just admit it.  You've been working with them all along | | | |

301

Account Owners and Signors for Relevant Bank Accounts

| Institution | Last 4 Digits of Bank Account | Account Signor, Authorized User or Owner | Account Status (Approximate dates) |
|---|---|---|---|
| ANB Bank | 3099 | M█ M█ | Opened 12/05/2018. Account closed 01/03/2019 |
| Access National Bank | 5965 | F█ M█ Signor █ W█ | Opened 09/18/2014. Account reviewed through 05/17/2019 |
| BBVA Compass | 0987 | 5530 J█ D█ Authorized Signor C█ R█ | Opened 03/08/2018. Account closed 05/31/2019 |
| Guaranty Bank and Trust | 7867 | Michael A Tew | Opened 07/09/2018 Account closed 09/25/2018 |
| Navy Federal Credit Union | 8486 | Kimberley Tew and Michael Tew | Opened 01/07/2019. Account reviewed through 06/16/2020 |
| Navy Federal Credit Union | 5336 | Michael Tew | Opened 03/17/2019. Account reviewed through 07/06/2020 |
| Navy Federal Credit Union | 3094 | Global Fuel Logistics Inc. Owner Michael Tew | Opened 06/08/2020. Account reviewed through 07/08/2020 |
| Regions Bank Account | 4514 | M█ M█ | Opened 03/22/2018. Account closed 12/06/2018 |
| Wells Fargo | 6934 | Sand Hill LLC Authorized Signor Michael A Tew | Opened 05/02/2019. Account closed 03/26/2020 |
| Wells Fargo | 2064 | Global Fuel Logistics, Inc. Authorized Signor Michael A Tew | Opened 08/29/2019. Account closed 03/26/2020 |
| Signature Bank | 5545 | National Air Cargo Group, Inc. | Opened 10/31/2017. Account reviewed through 07/31/2020 |
| Signature Bank | 5529 | National Air Cargo Holdings, Inc. | Opened 11/05/2016. Account reviewed through 07/31/2020 |

Additional Bank Accounts with transfers from Relevant Bank Accounts,
ATM Withdrawals, Cash Withdrawals, and Cryptocurrency Activities

| Institution | Last 4 Digits of Bank Account | Account Signor, Authorized User or Owner | Account Status (Approximate dates) |
|---|---|---|---|
| Access National Bank | 5965 | R████ M███████ Signor L███████ W███ | Opened 09/18/2014. Account reviewed through 05/17/2019 |
| ANB Bank | 3099 | M███ M███ | Opened 12/05/2018. Account closed 01/03/2019 |
| BBVA Compass | 0987 | 5530 J█████e D███████ Authorized Signor C████ R████ | Opened 03/08/2018. Account closed 05/31/2019 |
| BBVA Compass | 3317 | Kimberley Tew | Opened 01/23/2018. Account reviewed through 11/30/2019. |
| Guaranty Bank and Trust | 7867 | Michael A Tew | Opened 07/09/2018. Account closed 09/25/2018 |
| Navy Federal Credit Union | 0481 | Kimberley Tew | Opened 09/14/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 0556 | Kimberley Tew | Opened 09/17/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 0572 | Kimberley Tew | Opened 09/17/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 0648 | Michael Tew | Opened 09/14/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 3009 | Kimberley Tew | Opened 09/14/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 3094 | Global Fuel Logistics Inc. Owner Michael Tew | Opened 06/08/2020. Account reviewed through 07/08/2020 |
| Navy Federal Credit Union | 3494 | Michael Tew | Opened 01/08/2020. Account reviewed through 06/16/2020. |

| Institution | Last 4 Digits of Bank Account | Account Signor, Authorized User or Owner | Account Status (Approximate dates) |
|---|---|---|---|
| | | | |
| Navy Federal Credit Union | 4371 | Kimberley Tew | Opened 05/17/2020. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 4397 | Michael Tew | Opened 05/17/2020. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 4405 | Kimberley Tew | Opened 05/17/2020. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 4421 | Michael Tew | Opened 05/17/2020. Account closed 06/16/2020. |
| Navy Federal Credit Union | 4439 | Michael Tew | Opened 05/17/2020. Account closed 06/16/2020. |
| Navy Federal Credit Union | 4496 | Kimberley Tew | Opened 05/17/2020. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 4602 | Kimberley Tew | Opened 03/17/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 4917 | Kimberley Tew | Opened 03/17/2019. Account reviewed through 06/16/2020. |
| Navy Federal Credit Union | 5336 | Michael Tew | Opened 03/17/2019. Account reviewed through 07/06/2020 |

| Institution | Last 4 Digits of Bank Account | Account Signor, Authorized User or Owner | Account Status (Approximate dates) |
|---|---|---|---|
| ███████████████████████████████████████ | | | |
| Navy Federal Credit Union | 6337 | Michael Tew | Opened 01/08/2019. Account closed 06/16/2020. |
| Navy Federal Credit Union | 8486 | Kimberley Tew and Michael Tew | Opened 01/07/2019. Account reviewed through 06/16/2020 |
| Navy Federal Credit Union | 8829 | Global Fuel Logistics Inc. Owner Michael Tew | Opened 06/08/2020. Account reviewed through 06/30/2020. |
| Navy Federal Credit Union | 9148 | Kimberley Tew | Opened 01/07/2019. Account closed 06/16/2020. |
| ███████████████████████████████████████ | | | |
| Navy Federal Credit Union | 9457 | Kimberley Tew and Michael Tew | Opened 01/07/2019. Account reviewed through 06/16/2020. |
| ███████████████████████████████████████ | | | |
| Regions Bank Account | 4514 | M████ M████ | Opened 03/22/2018. Account closed 12/06/2018 |
| Wells Fargo | 2064 | Global Fuel Logistics, Inc. Authorized Signor Michael A Tew | Opened 08/29/2019. Account closed 03/26/2020 |
| Wells Fargo | 6934 | Sand Hill LLC Authorized Signor Michael A Tew | Opened 05/02/2019. Account closed 03/26/2020 |
| Signature Bank | 5545 | National Air Cargo Group, Inc. | Opened 10/31/2017. Account reviewed through 07/31/2020 |
| Signature Bank | 5529 | National Air Cargo Holdings, Inc. | Opened 11/05/2016. Account reviewed through 07/31/2020 |

## Payments of Fraudulent Invoices by NAC between August 2018 and July 2020

| Company | 2018 | | 2019 | | | | 2020 | | | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | Qtr3 | Qtr4 | Qtr1 | Qtr2 | Qtr3 | Qtr4 | Qtr1 | Qtr2 | Qtr3 | |
| H▮ a S▮ CPA | $ 50,000.00 3 Payments | | | | | | | | | $ 50,000.00 |
| 5530 ▮ D▮▮t | $ 75,000.00 5 Payments | $ 30,000.00 1 Payment | | | | | | | | $ 105,000.00 |
| M▮ G▮ | | $110,125.00 5 Payments | | | | | | | | $ 110,125.00 |
| F▮ l M▮ | | $ 21,250.00 1 Payment | $267,962.50 11 Payments | $551,665.00 22 Payments | $ 59,675.00 4 Payments | | | | | $ 900,552.50 |
| Global Fuel Logistics | | | | | $446,000.00 14 Payments | | | $ 847,338.00 12 Payments | $95,000.00 1 Payment | $ 1,388,338.00 |
| Aero Maintenance Resources | | | | | $329,200.00 8 Payments | $810,500.00 22 Payments | $682,055.00 22 Payments | $ 648,108.00 10 Payments | | $ 2,469,863.00 |
| Grand Total | $125,000.00 | $161,375.00 | $267,962.50 | $551,665.00 | $834,875.00 | $810,500.00 | $682,055.00 | $1,495,446.00 | $95,000.00 | $ 5,023,878.50 |

Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020

| Bank Account | 2018 | | 2019 | | | | 2020 | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | Qtr3 | Qtr4 | Qtr1 | Qtr2 | Qtr3 | Qtr4 | Qtr1 | Qtr2 | Qtr3 | |
| M▮▮I M▮▮ (ANB3099) | | $40,125.00 2 Payment | | | | | | | | $40,125.00 |
| F▮▮I M▮ L▮▮W▮ (ANB5965) | | $21,250.00 1 Payment | $20,250.00 1 Payment | | | | | | | $41,500.00 |
| 5530 ▮▮e D Authorized Signor C▮▮n R (BBVA0987) | | $30,000.00 1 Payment | | | | | | | | $30,000.00 |
| Michael A Tew (GB7867) | $50,000.00 3 Payments | | | | | | | | | $50,000.00 |
| 5530 ▮▮e D (JPMC2171) | $75,000.00 5 Payments | | | | | | | | | $75,000.00 |
| Global Fuel Logistics Inc. Owner Michael Tew (NFCU3094) | | | | | | | | $460,865.00 5 Payments | $95,000.00 1 Payment | $555,865.00 |
| Michael Tew (NFCU5336) | | | | | $231,450.00 7 Payments | $339,100.00 11 Payments | $478,600.00 17 Payments | $1,034,581.00 17 Payments | | $2,083,731.00 |
| Kimberley Tew and Michael Tew (NFCU8486) | | | $247,712.50 10 Payments | $521,665.00 21 Payments | | | | | | $769,377.50 |
| Michael Meyers (RB4514) | | $70,000.00 3 Payments | | | | | | | | $70,000.00 |
| Global Fuel Logistics, Inc. Authorized Signor Michael A Tew (WF2064) | | | | | $45,000.00 1 Payment | $246,150.00 6 Payments | $203,455.00 5 Payments | | | $494,605.00 |
| Sand Hill LLC Authorized Signor Michael A Tew (WF6934) | | | | $30,000.00 1 Payment | $558,425.00 18 Payments | $225,250.00 5 Payments | | | | $813,675.00 |
| Grand Total | $125,000.00 | $161,375.00 | $267,962.50 | $551,665.00 | $834,875.00 | $810,500.00 | $682,055.00 | $1,495,446.00 | $95,000.00 | $5,023,878.50 |









IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

Garrison, et al.

    **1. MICHAEL AARON TEW, and**
    **2. KIMBERLEY ANN TEW**, a/k/a Kimberley Vertanen,
    **3. JONATHAN K. YIOULOS**

    Defendants.

---

## MOTION TO WITHDRAW

---

The United States of America, by Cole Finegan, United States Attorney for the

District of Colorado, through Albert Buchman, Assistant United States Attorney, hereby

files its Motion to Withdraw Albert Buchman as counsel of record and requests

termination of electronic service in the above-captioned case.

\\


\\


\\

1

As grounds for this motion, the government states that AUSA Bryan Fields is counsel of record in this case, has filed an entry of appearance, and is receiving electronic notice.

Dated this 12th day of December, 2023.

Respectfully submitted,

Cole Finegan
United States Attorney

By: *s/ Albert Buchman*
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0406
E-mail: al.buchman@usdoj.gov
Attorney for the United States

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of December, 2023, I electronically filed the

foregoing **MOTION TO WITHDRAW** with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to all counsel of record.


<u>s/Lauren Timm</u>
Lauren Timm
Legal Assistant
United States Attorney's Office

3

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David
Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Nancy Lin
Cohen (cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Jason Dale Schall (jason@bowsch.com, jasondschall@yahoo.com),
Albert C. Buchman (al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, lauren.timm@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: clinde (colin_linde@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), dddlc8 (peter_allevato@cod.uscourts.gov), Linda A.
McMahan (maureen.carle@usdoj.gov), dddlc5 (elsa_dodds@cod.uscourts.gov), Probation-General
(cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:9457663@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Withdraw as
Attorney
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 12/12/2023 at 2:17 PM MST and filed on 12/12/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 343(No document attached) |

**Docket Text:**
 **ORDER GRANTING [342] Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Albert Buchman as counsel of record, and to remove this name from the electronic certificate of mailing. The government will continue to be represented by attorney Bryan Fields. SO ORDERED by Judge Daniel D. Domenico on 12/12/2023. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com,
mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com,
mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, Lauren.Timm@usdoj.gov,
USACO.ECFCriminal@usdoj.gov

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

hibitIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

  1. **MICHAEL AARON TEW, and**
  2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

     Defendants.

---

### GOVERNMENT'S MOTION *IN LIMINE* FOR RULING THAT CERTAIN EXHIBITS ARE AUTHENTIC AND COVERED BY BUSINESS-RECORDS EXCEPTION TO THE HEARSAY RULE

---

The Federal Rules of Evidence are designed "eliminate unjustifiable expense and delay." Fed. R. Evid. 102. *See United States v. Komasa*, 767 F.3d 151, 155 (2d Cir. 2014) (describing procedure created as a result of 2000 amendments to the Rules of Evidence with goal of avoiding "the expense and inconvenience of producing time-consuming foundation witnesses"). The Court can do both in this case by making two pretrial rulings that are already appurtenant to the finding it has been asked to make about the statements listed in the *James* log. First, while evaluating whether the texts and emails in the *James* proffer and log are non-hearsay under Rule 801(d)(2)(E) it can make explicit what would already be implicit in any ruling that the messages are between and among conspirators who are conspiring: it can rule that the texts and emails are authentic business records from

1

Apple and Google and eliminate the need to hear testimony from two unnecessary witnesses at the upcoming trial. Second, because the Court will already be looking at other business records that corroborate the events being discussed by the conspirators (and that are, in turn, cross-corroborated by them), it can also rule that documents kept in the course of the regularly conducted activity of large American corporations and financial institutions whose regular practice of keeping such records is well-known and uncontroversial meet the *prima facie* threshold of authenticity set forth in Federal Rule of Evidence 901 and are sufficiently reliable to fall within the business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). *See, e.g., United States v. Arrington*, 2022 WL 4077685, at *5 (W.D.N.Y. 2002) (granting motion in limine to admit business records).

Absent such a ruling, the Court and a jury will be forced to listen to testimony from approximately 19 or more custodian-of-records witnesses in the middle of a jury trial that should be focused on underlying issues related to the charges. The government has consulted with defense counsel, who have each advised that they do not stipulate at this time to the authenticity or business-records status of the items referenced in the *James* log. The government moves *in limine* pursuant to Federal Rules of Evidence 103 and 104 for a ruling that the highlighted exhibits in attachment 1, referenced in its *James* proffer and log, ECF Nos. 341 and 341-1, are authentic under Rule 901 and admissible non-hearsay under Rules 803(6) or 801(d)(2)(E).[1]

---

[1] Documents with the Bates prefix "NAC" or "NAC_E" were produced by NAC

2

I. **The *James* Hearing is an opportunity efficiently and effectively make pre-trial rulings *in limine* that will substantially streamline the upcoming trial**

The government's *James* proffer and log describe in exhaustive detail the types of evidence the government will offer at the upcoming trial: mostly, records created and relied upon by venerable domestic corporations whose services are used without issue by Americans every day for prosaic and routine functions like banking, calling, texting, car-buying, and web hosting. All of those records were provided to defense counsel shortly after their appointment in this case. None are particularly controversial or exotic. Most are accompanied by affidavits submitted under oath pursuant to Rules 902 and 803(6).[2] They comprise the kinds of records and information that jurors and the Court are already very familiar with: bank signature cards, bank statements, deposit slips, telephone billing records, receipts, text messages, photographs, and emails. The government requests formal rulings

---

and will be authenticated by witnesses who worked or currently work for National Air Cargo, which was the victim of the Tews' fraud. Many can also be authenticated by Jonathan Yioulos, a coconspirator who worked at NAC during the time period of the conspiracy. They can also be authenticated under Rule 901(b)(4). Where the relevant declaration refers in the exhibit list refers to "SIG" the government can also authenticate the records pursuant to 901(b)(3) because the records of ACH transactions provided by NAC are corroborated by independently certified records from Signature Bank.

[2] NFCU provided a certification for the records related to exhibits 231-232, 236, 239, 240, 303, 304, 318 – 323, 333, and 393 but the PDF file is corrupted. The government expects another certificate to be provided soon. NFCU ATM and bank lobby photographs will be authenticated by a witness who can explain what everyone who has been to a bank or an ATM already knows: banks take pictures of the people withdrawing money. AT&T provided a declaration of its records today, which will be produced to defense counsel. Declarations for other custodians are likely to be received in the coming days and will be offered at the upcoming hearing.

from the Court that the records meeting thresholds of authenticity and reliability

necessary to overcome objections raised under Rules 901, 801(d)(2)(E), and 803(6).

The entire purpose behind the *James* process is to obtain a pre-trial ruling on

an evidentiary issue — the application of the co-conspirator exception to the

hearsay rule under Rule 801(d)(2)(E) — so as to avoid wasting time and effort

resolving those issues in front of a jury. In the process of developing the record

necessary to make that ruling, the government's *James* proffer and log cites and

describes the types of documents that prove the conspiracy. Those documents

overlap in large part with the exhibits the government will offer at trial.

This means that the Court can use the *James* process to vastly simplify the

upcoming trial in an extremely efficient manner. To the extent that the defendants

have a good-faith objection to the admissibility of any of these records on the basis

of Rules 901, 803(6) or 801(d)(2)(E), they can raise it at the *James* hearing and

cross-examine one of the agents tasked with gathering them. The Court can then

use the  record developed at the *James* hearing to resolve several overlapping

evidentiary issues all at once, instead of piecemeal in the weeks to come or in time-

consuming and unnecessary sidebars at trial. *See United States v. Tokash*, 282 F.3d

962, 968 (7th Cir. 2002) ("Motions in limine are well-established devices that

streamline trials and settle evidentiary disputes in advance, so that trials are not

interrupted mid-course for the consideration of lengthy and complex evidentiary

issues.")

4

## II.  The Federal Rules of Evidence create a framework that encourages pre-trial rulings related to authenticity and the applicability of the business records exception to the hearsay rule

Questions about whether evidence is authentic under Rule 901 can be resolved outside the presence of the jury under the "preliminary questions" rubric of Rules 103, without regard to the rules of evidence or the formalities and requirements of a trial. Fed. R. Evid. 104(a) (noting that court is not bound by evidence rules, except rules on privilege); *See Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 539 (D. Md. 2007) (setting forth comprehensive analysis for evaluating admissibility of electronic evidence under the Federal Rules of Evidence).

Answering these questions is usually not difficult because the rules set a low bar for evaluating authenticity. *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). The proponent of the evidence just has to show that it seems reasonably probable the item being presented is what he says it is — a so called "prima facie" showing. *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012); *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992). Any concerns beyond that threshold go not to admissibility but to the weight the jury should give to that item of evidence. *See Dorador-Martinez v. CoreCivic Inc*, 2019 WL 2232630, at *2 (S.D. Cal. May 23, 2019) (describing "textbook law" related to issues of authentication)). As one judge has explained, "[t]he Court need not find that the evidence is necessarily what the proponent claims, but only that there is sufficient evidence that the *jury* ultimately might do so." *United States v. Safavian*, 435 F. supp. 2d 36, 38 D.C. 2006) (emphasis

5

in original).

The Rules provide useful examples of ways in which evidence can be authenticated.  One of the most common codifies common sense: evidence can be authenticated based on its "appearance, contents, substance, internal patterns and other distinctive characteristics." Fed. R. Evid. 901(b)(4).  Electronic evidence, no less than documents, often contains these kinds of distinctive characteristics: names typed into the emails themselves, content likely to be known only by the sender, and "header" information noting the date, time, and destination of a message.  *Fluker*, 698 F.3d at 999 (explaining that circumstantial evidence can authenticate emails).

Sometimes, evidence is self-authenticating. Rules 902(11), (13) and (14) are archetypes of the Rules' modern efforts to accomplish the purposes of efficiency and truth-seeking in Rule 102. These rules encourage the parties to avoid unnecessary disputes over particular categories of evidence that are self-evidently "what they purport to be" and thus presumably capable of meeting the *prima facie* showing of genuineness required to meet the  requirement of authenticity in Rule 901. *See United States v. Komasa*, 767 F.3d 151, 155 (2d Cir. 2014) (describing procedure created as a result of 2000 amendments to the Rules of Evidence with goal of avoiding "the expense and inconvenience of producing time-consuming foundation witnesses").

These principles coalesce around the conclusion that business records are rarely the kind of evidence whose admissibility is subject to reasonable dispute. The entire basis behind the business records exception to the hearsay rule, Federal Rule

of Evidence 803(6), is that they are uniquely likely to be reliable. *United States v. Banks,* 514 F.3d 769, 778 (8th Cir. 2008) ("Business records are admissible despite being hearsay because of their unusual reliability, which includes 'systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying on them, or by a duty to make an accurate report as part of a continuing job or occupation."). Rules 902(11) and (13) build on this well-recognized legal principle and allow the court to consider affidavits from records custodians stating, under oath, that records are authentic precisely because circumstances make it highly likely that businesses will keep reliable records. *See United States v. Johnson*, 971 F.2d 562, 571 (10th Cir. 1992) (noting that the authenticity and admission of bank records, in particular, can be predicated on judicial notice of nature of businesses and stringent need to maintain reliable records).

In the modern age, legal experts have recognized that corporations in the business of brokering data and information, no less than banks brokering financial transactions, have similar incentives to maintain reliable records. In 2017 the Rules were amended to clarify that digital records and data and also be self-authenticating. In enacting FRE 902(13) and (14), the Rules Committee noted that "as with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902(13) Advisory Committee's Note (2017). "It is often the case that a party goes to

7

the expense of producing an authentication witness, and then the adversary either
stipulates authenticity before the witness is called or fails to challenge the
authentication testimony once it is presented." *Id.* "The amendment provides a
procedure under which the parties can determine in advance of trial whether a real
challenge to authenticity will be made, and can then plan accordingly." *Id.*

Finally, there is no confrontation clause problem with relying on declarations
from the relevant records custodians because the declarations are not testimonial.
*United States v. Brinson*, 772 F.3d 1314, 1322-1323 (10th Cir. 2014) (explaining
that declarations from records custodians prepared pursuant to Rule 902(11) do not
violation confrontation clause because they are designed merely to authenticate, not
to prove some other fact at trial).

### III. There is no real basis for challenging the authenticity of records kept in the course of regularly conducted business activity made as part of regular practices in pursuit of that activity

This is not a case involving dusty old documents of uncertain origin, concerns
about forgery, or other disputes over whether records are what is readily apparent
on their face. It involves bank records, *see, e.g., United States v. Lewis*, 594 F.3d
1270, 1279 (10th Cir. 2010); texts, s*ee e.g., United States v. Kilpatrick*, 2012 WL
3236727, at *4-5 (E.D. Mich. Aug. 7, 21012); emails, *see, e.g., United States v.
Shults*, 730 F. App'x 421, 423-24 (9th Cir. 2018); telephone toll records, *see, e.g.,
United States v. Yeley-Davis*, 632 F.3d 673, 678-79 (10th Cir. 2011); and receipts,
*see, e.g., United States v. MacIntyre*, 997 F.2d 687, 701 (10th Cir. 1993), that are
routinely found to be admissible in courts all around the country.

8

Exhibit 1 notes the discovery "Bates stamp" corresponding to the item the
government seeks to admit and, where applicable, the declaration from the relevant
custodian establishing that the record is self-authenticating. For all of the reasons
set forth throughout this motion, the government will ask the Court at the
upcoming *James* hearing to enter an order finding that each of the highlighted
exhibits is authentic under Rules 901 and 902 and that they fall within either the
coconspirator or business records exceptions to the hearsay rule.

**IV.    The texts and emails the government will offer can be
authenticated at the *James* hearing using the same means and
methods the Court will already use to determine whether those
texts and emails fall within the coconspirator exception to the
hearsay rule.**

The texts and emails offered by the government do not present particularly
novel evidentiary issues. In this case, Apple and Google submitted declarations
certifying that the records they produced in response to the court-ordered search
warrants meet the requirements of Rule 803(6). That is, Apple and Google created
and maintained the texts and emails, they were kept by Apple or Google as part of
their regular business activities, and they were made as part of Apple's and Google's
respective business.  This tells the world what every user of an electronic
communications provider or remote computing service already knows: digital
providers fastidiously keep and maintain user-generated content. The declarations
from Google and Apple  are thus sufficient to show that the texts and emails are
authentic copies of records created and maintained by Apple and Google. *See United
States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019) (finding that emails obtained
from Google and Yahoo! accompanied by certification were admissible under Rule

9

803(6)).

Of course, neither Apple nor Google creates the *content* of the texts or emails they maintain in their businesses.  So while the fact that exact copies of emails and texts are maintained by Apple and Google is one piece of the authentication puzzle, it is not by itself sufficient for admission as a business record. *See, e.g., United States v. Gal*, 606 F. App'x 868, 874-75 (9th Cir. 2015 (affirming trial court ruling admitting emails where certification showed that Yahoo made record of email and other evidence established that defendant sent them); *Cf. United States v. Penn*, 568 F. Supp. 3d 1135, 1141-42 (D. Colo. 2012) (finding that rules 902(11) and (13) by themselves were not sufficient by themselves to authenticate emails in case where government did not also present evidence and arguments under 901(b)(4)).

The content has to be authenticated using Rule 901(b)(3) or 901(b)(4). *See, e.g., Fluker*, 698 F.3d 999 (noting that in case where emails are between defendants it is impossible to authenticate using witness with knowledge under Rule 901(b)(1) and that, instead, such electronic communications can be authenticated based on circumstantial evidence under Rule 901(b)(4)); *United States v. Tank*, 200 F.3d 627, 630-31 & n.5 (9th Cir. 2000) (concluding that there was sufficient evidence to authenticate emails under Rule 901,  that any concerns about alteration or deletion were introduced by the defendant himself, and that such deletions would go to weight of the evidence, not its admissibility); *United States v. Bertram*, 259 F. Supp. 3d 638, 642-644 (E.D. Ky. 2017 ("After considering the characteristics of the numerous emails at issue in this case as well as the context and background

10

testimony provided by the authenticating witnesses, the Court has little doubt that the emails are exactly what they purport to be, and this remains true regardless of whether the authenticating witness was a sender or recipient.").

The texts and emails here can be authenticated using the means and methods provided for in Rules 901(b)(3) and 901(b)(4). *Fluker* provides a good example.  In that case email addresses indicated that an email was sent by a member of "MTE," which was a business organization used by the alleged conspirators. And the contents of those emails demonstrated that whoever sent the email had information that would only be known by a scheme "insider." 698 F.3d at 999-1000.  This was sufficient for the items to be authenticated and other rules of evidence — like the one providing an exception to the hearsay rule for co-conspirator statements, provided a basis for admission. *Id.* at 1000. *See also* ; *Safavian*, 435 F. supp. 2d  at 40 (D.C. 2006) ("The Court notes that it is possible to authenticate these e-mails through examination of the contents, distinctive characteristics, and appearance, and others by comparison to authenticated e-mails, and the jury is free to make its own examinations and conclusions.")

The rules of evidence do not apply at the upcoming *James* hearing. Fed. R. Evid. 104. The Court can consider the government's proffer, the testimony of the testifying agent, as well as all of the exhibits that will be presented, to consider whether the records the government will seek to admit are authentic under Rule 901(a) and admissible under exceptions to the hearsay rule set forth in 81(d)(2)(E) and 803(6). Just as in *Shults, Fluker*, *Bertram, Safavian* and *Kilpatrick* there is

11

overwhelming circumstantial evidence under 901(b)(4). that the texts and emails in the government's *James* proffer are authentic. The messages themselves include content that only "insiders" would know, such as the names of NAC's owners and employees, *see, e.g., James* log, ECF No. 341-1, # 20, 33, 36, 39, 73; background information related to Michael Tew's termination, *id.* # 23, 37, 108; references to specific bank account numbers, *id.* # 1, 196, 213, 216, 220, 288; references to financial information that could only reasonably be known by the Tews, *id.* # 278, 283, 295; references to sham companies used to further the scheme, *id.* 199, 232, 253, 292; references to people involved in the scheme, *id.* #59, 212, 292; texts that include business records related to the accounts being used, *id.* # 184, 267 and, in some cases, specific instructions to contact Kimberley at specific emails and phone numbers, *id.* # 160, 184, 270. As if this weren't sufficient enough, the "additional context" column provides other corroborating evidence that is independently self-authenticating and thus capable of being part of a 901(b)93) analysis. Often, messages asking about fraud payments and invoices were sent and received right around the time other documents and records how that payments were, in fact, made. *Id.* # 282. Just as frequently, the messages would reference financial transactions that are independently corroborated in bank records or literally photographed by an ATM or a bank surveillance camera. *Id.* #284, 296, 315, 329, 332. All of this evidence makes it more than apparent that the texts and messages are what they purport to be: communications between and among Michael Tew, Kimberley Tew, and Jonathan Yioulos about their efforts to fleece NAC out of

12

millions.

In many cases, the government took spreadsheets from Apple and used Cellebrite software to render them in a more visually appealing way. An agent submitted an affidavit explaining that Cellebrite uses an electronic process that produces an accurate result under Rule 902(13).  The use of Cellebrite does not affect the underlying authenticity of the messages.  *See, e.g.,* Order, *United States v. Judkins*, 1:21-cr-00055-WJM, ECF No. 113 (Oct. 18, 2022) (concluding that data copied from an electronic devices is self-authenticating if accompanied by certification and citing cases from First, Second and Ninth Circuits).  The government could also just manually cut and paste the relevant texts from the spreadsheet and put them into a word file.  *See, e.g., Kilpatrick*, 2012 WL 3236727, at *6 (noting that government could take texts produced by cell phone company in excel file and extract them into WordPerfect to make them more readable). Using reliable software just saves time and makes everything look nicer for the Court and the jury.

## V.    Formal notice of intent to authenticate under Rule 902(11)

To the extent this motion does not already make it obvious, The government hereby provides formal written notice of its intent to offer the business records highlighted in the attached exhibit list under Rules 902(11) and/or 902(13). In some cases, the custodian provided a declaration for part of a production, but not for later productions.  The government intends to obtain 902 certifications for all of the relevant productions and intends to use these to-be-obtained certifications.

<div align="center">13</div>

## VI.    Conclusion

This is not a situation where an *in limine* ruling will require speculation about what the evidence might be: the *James* hearing will make it very clear. Using the time spent on the *James* hearing to resolve as many legal issues as possible is the most efficient use of the Court's time and will ensure that the upcoming trial is not consumed with unnecessary interruptions related to evidentiary issues. *See* For all of the reasons set forth above, the government requests that in addition to a ruling on whether the statements in the *James* log are admissible under Rule 801(d)(2)(E), the Court also make rulings that government exhibits are authentic under Rule 901 and admissible under Rule 80-3(6).

COLE FINEGAN
United States Attorney

By:     */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

14

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023 ECF Nos. 317 and 318.

*/s/ Bryan Fields*
Bryan Fields

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

s/ *Bryan Fields*
Bryan Fields
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov

| | IN THE UNITED STATES DISTRICT COURT | | | |
|---|---|---|---|---|
| | FOR THE DISTRICT OF COLORADO | | | |
| | Judge Daniel D. Domenico | | | |
| Case No.  20-cr-00305-DDD | | | | |
| | | | | |
| United States of America v. Tew et al. | | | | |
| | | | | |
| | | | | |
| | GOVERNMENT'S PRELIMINARY EXHIBIT LIST | | | |
| | | | | |
| **Exhibit** | **Brief Description** | **BEG Bates #** | **END Bates #** | **902 Declaration** |
| 1 | INTENTIONALLY LEFT BLANK | | | |
| 2 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 08.01.2018-08.31.2018 | SIG_00000005 | SIG_00000011 | SIG_00006978 |
| 3 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 10.01.2018-10.31.2018 | SIG_00000018 | SIG_00000023 | SIG_00006978 |
| 4 | INTENTIONALLY LEFT BLANK | | | |
| 5 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 11.01.2018-11.30.2018 | SIG_00000024 | SIG_00000029 | SIG_00006978 |
| 6 | BBVA Compass Statement re Account x0987 [5530JD], statement period 11.01.2018-11.30.2018 | BBVA_00000444 | BBVA_00000446 | BBVA_00000002 |
| 7 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 12.01.2018-12.31.2018 | SIG_00000030 | SIG_00000035 | SIG_00006978 |
| 8 | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.07.2019 | NAC_00000303 | | SIG_00006978 |
| 9 | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.19.2019 | NAC_00000305 | | SIG_00006978 |
| 10 | Signature Bank ACH Transaction re $38,000 to [PM], dated 03.28.2019 | NAC_00000309 | | SIG_00006978 |
| 11 | Signature Bank ACH Transaction re $11,250 to [PM], dated 04.03.2019 | NAC_00000310 | | SIG_00006978 |
| 12 | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 07.23.2019 | NAC_00000157 | | SIG_00006978 |
| 13 | Signature Bank ACH Transaction re $31,500 to SHI LLC, dated 08.06.2019 | NAC_00000161 | | SIG_00006978 |
| 14 | Signature Bank ACH Transaction re $9,500 to Global Fuel Logistics, dated 08.19.2019 | NAC_00000165 | | SIG_00006978 |
| 15 | Signature Bank ACH Transaction re $28,000 to SHI LLC, dated 08.21.2019 | NAC_00000166 | | SIG_00006978 |
| 16 | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 09.03.2019 | NAC_00000169 | | SIG_00006978 |
| 17 | Signature Bank ACH Transaction re $18,000 to SHI LLC, dated 09.09.2019 | NAC_00000191 | | SIG_00006978 |
| 18 | Signature Bank ACH Transaction re $33,500 to SHI LLC, dated 09.17.2019 | NAC_00000195 | | SIG_00006978 |
| 19 | Signature Bank ACH Transaction re $52,750 to SHI LLC, dated 09.25.2019 | NAC_00000197 | | SIG_00006978 |
| 20 | Signature Bank ACH Transaction re $75,000 to Global Fuel Logistics, dated 10.16.2019 | NAC_00000201 | | SIG_00006978 |
| 21 | Signature Bank ACH Transaction re $43,000 to Global Fuel Logistics, dated 10.24.2019 | NAC_00000203 | | SIG_00006978 |
| 22 | Signature Bank ACH Transaction re $49,750 to Global Fuel Logistics, dated 10.31.2019 | NAC_00000205 | | SIG_00006978 |
| 23 | Signature Bank ACH Transaction re $40,500 to Global Fuel Logistics, dated 11.07.2019 | NAC_00000206 | | SIG_00006978 |
| 24 | Signature Bank ACH Transaction re $43,250 to Global Fuel Logistics, dated 11.25.2019 | NAC_00000209 | | SIG_00006978 |
| 25 | Signature Bank ACH Transaction re $9,550 to Global Fuel Logistics, dated 12.02.2019 | NAC_00000211 | | SIG_00006978 |
| 26 | Signature Bank ACH Transaction re $24,500 to Global Fuel Logistics, dated 12.11.2019 | NAC_00000214 | | SIG_00006978 |
| 27 | Signature Bank ACH Transaction re $15,200 to Global Fuel Logistics, dated 12.23.2019 | NAC_00000437 | | SIG_00006978 |
| 28 | Signature Bank ACH Transaction re $33,000 to Global Fuel Logistics, dated 02.11.2020 | NAC_00000442 | | SIG_00006978 |
| 29 | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 02.19.2020 | NAC_00000444 | | SIG_00006978 |
| 30 | Signature Bank ACH Transaction re $36,555 to Global Fuel Logistics, dated 03.02.2020 | NAC_00000447 | | SIG_00006978 |
| 31 | Signature Bank ACH Transaction re $35,000 to Global Fuel Logistics, dated 03.09.2020 | NAC_00000449 | | SIG_00006978 |
| 32 | Signature Bank ACH Transaction re $22,500 to Global Fuel Logistics, dated 03.19.2020 | NAC_00000452 | | SIG_00006978 |
| 33 | Signature Bank ACH Transaction re $73,460 to Global Fuel Logistics, dated 03.31.2020 | NAC_00000402 | | SIG_00006978 |
| 34 | Signature Bank ACH Transaction re $36,925 to Global Fuel Logistics, dated 04.06.2020 | NAC_00000456 | | SIG_00006978 |
| 35 | Signature Bank ACH Transaction re $68,255 to Global Fuel Logistics, dated 04.15.2020 | NAC_00000170 | | SIG_00006978 |
| 36 | Signature Bank ACH Transaction re $46,850 to Global Fuel Logistics, dated 04.27.2020 | NAC_00000172 | | SIG_00006978 |
| 37 | Signature Bank ACH Transaction re $85,325 to Global Fuel Logistics, dated 05.05.2020 | NAC_00000459 | | SIG_00006978 |
| 38 | Signature Bank ACH Transaction re $82,422 to Global Fuel Logistics, dated 05.12.2020 | NAC_00000174 | | SIG_00006978 |
| 39 | Signature Bank ACH Transaction re $78,565 to Global Fuel Logistics, dated 05.20.2020 | NAC_00000176 | | SIG_00006978 |
| 40 | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 07.02.2020 | NAC_00000537 | | SIG_00006978 |
| 41 | INTENTIONALLY LEFT BLANK | | | |
| 42 | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawl, dated 06.04.2019 | NAVY_00000392 | | NAVY_000000002; NAVY_00000003 |
| 43 | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawl, dated 06.11.2019 | NAVY_00000394 | | NAVY_000000002; NAVY_00000003 |
| 44 | Wells Fargo Bank Withdrawl Slip re Acct x6934 $22,000 Withdrawl, dated 08.28.2019 | WFB_00000183 | | WFB_00000144-WFB_00000146 |
| 45 | Wells Fargo Bank Withdrawl Slip re Acct x2064 $25,000 Withdrawl, dated 08.29.2019 | WFB_00000155 | | WFB_00000144-WFB_00000146 |
| 46 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | NAVY_00000517 | NAVY_00000526 | NAVY_000000002; NAVY_00000003 |
| 47 | Wells Fargo Bank Wire Transaction Report re Acct x6934 $15,000, dated 09.18.2019 | WFB_00001020 | | WFB_00001054-WFB_00001058 |
| 48 | Wells Fargo Bank Withdrawl Slip re Acct x6934 $20,000 Withdrawl, dated 089.26.2019 | WFB_00000192 | | WFB_00000144-WFB_00000146 |
| 49 | Wells Fargo Bank Withdrawl Slip re Acct x6934 $20,000 Withdrawl, dated 09.27.2019 | WFB_00000194 | | WFB_00000144-WFB_00000146 |
| 50 | Wells Fargo Bank Withdrawl Slip re Acct x6934 $20,000 Withdrawl, dated 10.01.2019 | WFB_00000195 | | WFB_00000144-WFB_00000146 |
| 51 | Wells Fargo Bank Withdrawl Slip re Acct x6934 $12,000 Withdrawl, dated 10.02.2019 | WFB_00000196 | | WFB_00000144-WFB_00000146 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 52 | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 11.30.2019 | WFB_00000745 | WFB_00000750 | WFB_00000144-WFB_00000146 |
| 53 | Wells Fargo Bank Withdrawl Slip re Acct x2064 $20,000 Withdrawl, dated 02.20.2020 | WFB_00000164 | | WFB_00000144-WFB_00000146 |
| 54 | Wells Fargo Bank Withdrawl Slip re Acct x2064 $15,000 Withdrawl, dated 02.21.2020 | WFB_00000165 | | WFB_00000144-WFB_00000146 |
| 55 | Wells Fargo Bank Withdrawl Slip re Acct x2064 $20,000 Withdrawl, dated 02.27.2020 | WFB_00000166 | | WFB_00000144-WFB_00000146 |
| 56 | Wells Fargo Bank Withdrawl Slip re Acct x2064 $20,000 Withdrawl, dated 03.03.2020 | WFB_00000167 | | WFB_00000144-WFB_00000146 |
| 101 | 2016 Gross Income Summary for Michael Tew | | | N/A |
| 102 | 2017 Gross Income Summary for Michael Tew | | | N/A |
| 103 | 2018 Gross Income Summary for Michael Tew | | | N/A |
| 104 | 2019 Gross Income Summary for Michael Tew | | | N/A |
| 105 | Internal Revenue Service 2019 Account Transcript | | | N/A |
| 106-201 | INTENTIONALLY LEFT BLANK | | | |
| 202 | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, statement 2018.08.31 | GUAR_00000047 | GUAR_00000059 | GUAR_00000001 |
| 203 | Regions Bank Statement re Account x4514 [M.M.], statement period 10.12.2018-11.08.2018 | REG_00000177 | REG_00000181 | REG_00000001 |
| 204 | INTENTIONALLY LEFT BLANK | | | |
| 205 | Regions Bank Statement re Account x4514 [M.M.], statement period 11.09.2018-12.10.2018 | REG_00000171 | REG_00000175 | REG_00000001 |
| 206 | INTENTIONALLY LEFT BLANK | | | |
| 207 | ANB Bank Statement re Account x3099 [M.M.], dated 12.18.2018 | ANB_00000048 | ANB_00000052 | ANB_00000002 |
| 208 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2019-02.16.2019 | NAVY_00000020 | NAVY_00000029 | NAVY_00000002; NAVY_00000003 |
| 209 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2019-03.16.2019 | NAVY_00000030 | NAVY_00000039 | NAVY_00000002; NAVY_00000003 |
| 210 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | NAVY_00000040 | NAVY_00000054 | NAVY_00000002; NAVY_00000003 |
| 211 | INTENTIONALLY LEFT BLANK | | | |
| 212 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 07.17.2019-08.16.2019 | NAVY_00000508 | NAVY_00000516 | NAVY_00000002; NAVY_00000003 |
| 213 | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 08.31.2019 | WFB_00000724 | WFB_00000731 | WFB_00000144-WFB_00000146 |
| 214 - 215 | INTENTIONALLY LEFT BLANK | | | |
| 216 | INTENTIONALLY LEFT BLANK | | | |
| 217 | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 09.30.2019 | WFB_00000732 | WFB_00000738 | WFB_00000144-WFB_00000146 |
| 218 - 219 | INTENTIONALLY LEFT BLANK | | | |
| 220 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 10.31.2019 | WFB_00000592 | WFB_00000596 | WFB_00000144-WFB_00000146 |
| 221 | INTENTIONALLY LEFT BLANK | | | |
| 222 | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 11.30.2019 | WFB_00000745 | WFB_00000750 | WFB_00000144-WFB_00000146 |
| 223 | INTENTIONALLY LEFT BLANK | | | |
| 224 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | WFB_00000597 | WFB_00000602 | WFB_00000144-WFB_00000146 |
| 225 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | NAVY_00000550 | NAVY_00000561 | NAVY_00000002; NAVY_00000003 |
| 226 | INTENTIONALLY LEFT BLANK | | | |
| 227 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | NAVY_00001284 | NAVY_00001300 | |
| 228 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2020-02.16.2020 | NAVY_00001301 | NAVY_00001313 | |
| 229 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 02.29.2020 | WFB_00000612 | WFB_00000616 | WFB_00000144-WFB_00000146 |
| 230 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | WFB_00000617 | WFB_00000621 | WFB_00000144-WFB_00000146 |
| 231 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2020-03.16.2020 | NAVY_00001314 | NAVY_00001324 | |
| 232 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | NAVY_00001325 | NAVY_00001340 | |
| 233 - 235 | INTENTIONALLY LEFT BLANK | | | |
| 236 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2020-05.16.2020 | NAVY_00001341 | NAVY_00001355 | |
| 237 - 238 | INTENTIONALLY LEFT BLANK | | | |
| 239 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2020-06.16.2020 | NAVY_00001356 | NAVY_00001379 | |
| 240 | Navy Federal Credit Union Transaction Details re Access x1390, Account x3094 Global Fuel Logistics, transaction period 07.20.2020-07.08.2020 | NAVY_00002205 | | |
| 241 | INTENTIONALLY LEFT BLANK | | | |
| 242 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | NAVY_00000079 | NAVY_00000101 | NAVY_00000002; NAVY_00000003 |
| 243 - 244 | INTENTIONALLY LEFT BLANK | | | |
| 245 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 08.31.2019 | WFB_00000584 | WFB_00000587 | WFB_00000144-WFB_00000146 |
| 246 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | NAVY_00000141 | NAVY_00000163 | NAVY_00000002; NAVY_00000003 |
| 247 -249 | INTENTIONALLY LEFT BLANK | | | |
| 250 | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 10.31.2019 | WFB_00000739 | WFB_00000744 | WFB_00000144-WFB_00000146 |
| 251-300 | INTENTIONALLY LEFT BLANK | | | |
| 301 | ANB Bank Signature Card re Account x3099 [M.M.] | ANB_00000037 | | ANB_00000001 |
| 302 | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | GUAR_00000034 | | GUAR_00000001 |
| 303 | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | NAVY_00001959 | NAVY_00001968 | |
| 304 | Navy Federal Credit Union Application re Global Fuel Logistics | NAVY_00000850 | NAVY_00000857 | |
| 305 | Regions Bank Signature Cards re Account x0514 [M.M.] | REG_00000219 | REG_00000220 | REG_00000001 |
| 306 | Wells Fargo Bank Signature Card re Account x6934 Sand Hill, LLC | WFB_00000536 | WFB_00000539 | WFB_00000144-WFB_00000146 |
| 307 | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | WFB_00000532 | WFB_00000535 | WFB_00000144-WFB_00000146 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 308 | Signature Bank Signature Card re Accounts x5545 and x6150 National Air Cargo Group, Inc | SIG_00002876 | SIG_00002878 | SIG_00006978 |
| 309 | Signature Bank Signature Card re Accounts x5529, x6363, x6355, and x6134 National Air Cargo Group, Inc | SIG_00002888 | SIG_00002890 | SIG_00006978 |
| 310 | INTENTIONALLY LEFT BLANK | | | |
| 311 | BBVA Compass Signature Card re Account x0987 [5530JD] | BBVA_00000404 | BBVA_00000405 | BBVA_00000281-BBVA_00000283 |
| 312 | Access National Bank Statement re Account x5965 [PM]., statement period 12.01.2018-12.31.2018 | ACNB_00000438 | ACNB_00000443 | ACNB_00000101 |
| 313 | Simple Signature Card for Kimberley Tew | SFT_00000173 | | SFT_00000001 |
| 314 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | NAVY_00000120 | NAVY_00000140 | NAVY_00000002; NAVY_00000003 |
| 315 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | NAVY_00000164 | NAVY_00000187 | NAVY_00000002; NAVY_00000003 |
| 316 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | NAVY_00000188 | NAVY_00000223 | NAVY_00000002; NAVY_00000003 |
| 317 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | NAVY_00000224 | NAVY_00000262 | NAVY_00000002; NAVY_00000003 |
| 318 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 12.17.2019-01.16.2020 | NAVY_00000918 | NAVY_00000958 | |
| 319 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | NAVY_00000959 | NAVY_00000999 | |
| 320 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | NAVY_00001000 | NAVY_00001038 | |
| 321 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2020-04.16.2020 | NAVY_00001039 | NAVY_00001078 | |
| 322 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | NAVY_00001079 | NAVY_00001121 | |
| 323 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | NAVY_00001122 | NAVY_00001169 | |
| 324 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.08.2019-01.16.2019 | NAVY_00000458 | NAVY_00000461 | NAVY_00000002; NAVY_00000003 |
| 325 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2019-02.16.2019 | NAVY_00000462 | NAVY_00000466 | NAVY_00000002; NAVY_00000003 |
| 326 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2019-03.16.2019 | NAVY_00000467 | NAVY_00000471 | NAVY_00000002; NAVY_00000003 |
| 327 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2019-04.16.2019 | NAVY_00000472 | NAVY_00000478 | NAVY_00000002; NAVY_00000003 |
| 328 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | NAVY_00000479 | NAVY_00000488 | NAVY_00000002; NAVY_00000003 |
| 329 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | NAVY_00000489 | NAVY_00000498 | NAVY_00000002; NAVY_00000003 |
| 330 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | NAVY_00000499 | NAVY_00000507 | NAVY_00000002; NAVY_00000003 |
| 331 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | NAVY_00000527 | NAVY_00000536 | NAVY_00000002; NAVY_00000003 |
| 332 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | NAVY_00000537 | NAVY_00000549 | NAVY_00000002; NAVY_00000003 |
| 333 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | NAVY_00001272 | NAVY_00001283 | |
| 334 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | WFB_00002347 | WFB_00002352 | WFB_00001054-WFB_00001058 |
| 335 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | WFB_00002348 | WFB_00002353 | WFB_00001054-WFB_00001058 |
| 336 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | WFB_00002354 | WFB_00002358 | WFB_00001054-WFB_00001058 |
| 337 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | WFB_00002359 | WFB_00002362 | WFB_00001054-WFB_00001058 |
| 338 | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 09.30.2019 | WFB_00002517 | WFB_00002523 | WFB_00001054-WFB_00001058 |
| 339 | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 10.31.2019 | WFB_00002524 | WFB_00002529 | WFB_00001054-WFB_00001058 |
| 340 | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 12.31.2019 | WFB_00002536 | WFB_00002540 | WFB_00001054-WFB_00001058 |
| 341 - 355 | INTENTIONALLY LEFT BLANK | | | |
| 356 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00001778 | | |
| 357 | Signature Bank ACH Transaction re $15,000 to [5530JD], dated 08.22.2018 | SIG_00000142 | SIG_00000143 | SIG_00006978 |
| 358 | Signature Bank ACH Transaction re $15,000 to [5530JD], dated 08.23.2018 | SIG_00000143 | SIG_00000144 | SIG_00006978 |
| 359 | Signature Bank ACH Transaction re $15,000 to [5530JD], dated 09.10.2018 | SIG_00000149 | SIG_00000150 | SIG_00006978 |
| 360 | Signature Bank ACH Transaction re $15,000 to [5530JD], dated 09.18.2018 | SIG_00000151 | SIG_00000152 | SIG_00006978 |
| 361 | Signature Bank ACH Transaction re $15,000 to [5530JD], dated 09.28.2018 | SIG_00000155 | SIG_00000156 | SIG_00006978 |
| 362 | Signature Bank ACH Transaction re $30,000 to [M.M.], dated 12.03.2018 | NAC_E_00059594 | | SIG_00006978 |
| 363 | Access National Bank Statement re Account x5965 [PM]., statement period 12.01.2018-12.31.2018 | ACNB_00000438 | ACNB_00000443 | ACNB_00000101 |
| 364 | ANB Bank Statement re Account x3099 [M.M.], dated 01.04.2019 | ANB_00000053 | ANB_00000055 | ANB_00000001 |
| 365 | Signature Bank ACH Transaction re $21,000 to [PM]., dated 01.23.2019 | NAC_00000565 | | SIG_00006978 |
| 366 | Signature Bank ACH Transaction re $15,312.50 to [PM]., dated 01.07.2019 | NAC_00000299 | | SIG_00006978 |
| 367 | Signature Bank ACH Transaction re $23,350 to [PM]., dated 01.10.2019 | NAC_00000300 | | SIG_00006978 |
| 368 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.07.2019-01.16.2019 | NAVY_00000013 | NAVY_00000019 | NAVY_00000002; NAVY_00000003 |
| 369 | Signature Bank ACH Transaction re $28,000 to [PM]., dated 01.18.2019 | NAC_00000301 | | SIG_00006978 |
| 370 | Signature Bank ACH Transaction re $31,500 to [PM]., dated 03.14.2019 | NAC_00000306 | | SIG_00006978 |
| 371 | Signature Bank ACH Transaction re $37,800 to [PM]., dated 03.04.2019 | NAC_00000305 | | SIG_00006978 |
| 372 | Signature Bank ACH Transaction re $20,250 to [PM]., dated 03.19.2019 | NAC_00000307 | | SIG_00006978 |
| 373 | Signature Bank ACH Transactions re: $37,500 to [PM]., dated 04.08.2019; $18,750 to [PM]., dated 04.11.2019; and $18,750 to [PM]., dated 04.15.2019 | NAC_00000311 | NAC_00000313 | SIG_00006978 |
| 374 | Signature Bank ACH Transaction re $18,750 to [PM]., dated 04.17.2019 | NAC_00000314 | | SIG_00006978 |
| 375 | Signature Bank ACH Transactions re: $18,750 to [PM]., dated 04.22.2019; $18,750 to [PM]., dated 04.24.2019; $38,640 to [PM], dated 04.29.2019; and $19,890 to [PM], dated 05.07.2019 | NAC_00000315 | NAC_00000318 | SIG_00006978 |
| 376 | Signature Bank ACH Transactions re: $49,750 to [PM], dated 05.07.2019; and $40,000 to [PM]., dated 05.10.2019 | NAC_00000319 | NAC_00000320 | SIG_00006978 |
| 377 | Signature Bank ACH Transactions re: $19,900 to [PM], dated 05.15.2019; $23,785 to [PM], dated 05.21.2019; $9,950 to [PM], dated 05.23.2019; $11,150 to [PM], dated 05.28.2019; and $10,100 to [PM]., dated 05.29.2019 | NAC_00000321 | NAC_00000325 | SIG_00006978 |
| 378 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | NAVY_00000055 | NAVY_00000078 | NAVY_00000002; NAVY_00000003 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 379 | Signature Bank ACH Transactions re: $53,500 to [PM], dated 06.03.2019; $28,000 to [PM], dated 06.10.2019; and $9,500 to [PM], dated 06.13.2019 | NAC_00000326 | NAC_00000328 | SIG_00006978 |
| 380 | Signature Bank ACH Transactions re: $50,000 to [PM]., dated 06.20.2019; $15,000 to [PM], dated 06.25.2019; and $30,000 to Sand Hill LLC, dated 06.26.2019 | NAC_00000329 | NAC_00000331 | SIG_00006978 |
| 381 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | NAVY_00000102 | NAVY_00000119 | NAVY_00000002; NAVY_00000003 |
| 382 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, statement period 06.01.2019-06.30-2019 | WFB_00000713 | WFB_00000717 | WFB_00000144-WFB_00000146 |
| 383 | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | NAC_00000158 | NAC_00000160 | SIG_00006978 |
| 384 | Signature Bank ACH Transactions re: $9,200 to Sand Hill LLC, dated 06.28.2019; $13,000 to SHI LLC, dated 07.09.2019; $27,475 to SHI LLC, dated 07.11.2019; and $10,000 to SHI LLC, dated 07.19.2019 | NAC_00000332 | NAC_00000335 | SIG_00006978 |
| 385 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, statement period 07.01.2019-07.31-2019 | WFB_00000718 | WFB_00000723 | WFB_00000144-WFB_00000146 |
| 386 | Signature Bank ACH Transaction re $12,900 to Global Fuel Logistics, dated 01.07.2020 | NAC_00000411 | | SIG_00006978 |
| 387 | Signature Bank ACH Transactions re: $15,500 to Global Fuel Logistics, dated 01.10.2020; $19,500 to Global Fuel Logistics, dated 01.17.2020; $9,800 to Global Fuel Logistics, dated 01.22.2020; $13,500 to Global Fuel Logistics, dated 01.23.2020; $36,500 to Global Fuel Logistics, dated 01.27.2020; and $7,200 to Global Fuel Logistics, dated 01.30.2020 | NAC_00000412 | NAC_00000417 | SIG_00006978 |
| 388 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, statement period 01.01.2020-01.31-2020 | WFB_00000608 | WFB_00000611 | WFB_00000144-WFB_00000146 |
| 389 | Signature Bank ACH Transaction re $24,700 to Global Fuel Logistics, dated 03.05.2020 | NAC_00000448 | | SIG_00006978 |
| 390 | Signature Bank ACH Transactions re: $97,545 to Global Fuel Logistics, dated 06.22.2020; $71,550 to Global Fuel Logistics, dated 06.24.2020; and $105,000 to Global Fuel Logistics, dated 06.29.2020 | NAC_00000461 | NAC_00000463 | SIG_00006978 |
| 391 | Signature Bank ACH Transaction re $83,526 to Global Fuel Logistics, dated 06.02.2020 | NAC_00000532 | | SIG_00006978 |
| 392 | Signature Bank ACH Transactions re: $45,220 to Global Fuel Logistics, dated 06.04.2020; $93,135 to Global Fuel Logistics, dated 06.09.2020; and $93,635 to Global Fuel Logistics, dated 06.17.2020 | NAC_00000533 | NAC_00000535 | SIG_00006978 |
| 393 | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | NAVY_00000858 | NAVY_00000865 | |
| 394 | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | NAVY_00000753 | | NAVY_00000002; NAVY_00000003 |
| 395 | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | NAVY_00001678 | | |
| 396 | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | NAVY_00001684 | | |
| 397 | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | NAVY_00001692 | | |
| 398 | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | NAVY_00001702 | | |
| 399 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | NAVY_00001707 | | |
| 400 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00001711 | | |
| 401 | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | NAVY_00001717 | | |
| 402 | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | NAVY_00001718 | | |
| 403 | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | NAVY_00001719 | | |
| 404 | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | NAVY_00001720 | | |
| 405 | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | NAVY_00001731 | | |
| 406 | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | NAVY_00001737 | | |
| 407 | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | NAVY_00001744 | | |
| 408 | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | NAVY_00001758 | | |
| 409 | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | NAVY_00001757 | | |
| 410 | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | NAVY_00001767 | | |
| 411 | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | NAVY_00001770 | | |
| 412 | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | NAVY_00001772 | | |
| 413 | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | NAVY_00001775 | | |
| 414 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00001779 | | |
| 415 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | NAVY_00001780 | | |
| 416 | INTENTIONALLY LEFT BLANK | | | |
| 417 | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | NAVY_00001787 | | |
| 418 | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | NAVY_00001789 | | |
| 419 | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | NAVY_00001795 | | |
| 420 | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | NAVY_00001796 | | |
| 421 | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | NAVY_00001797 | | |
| 422 | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | NAVY_00001805 | | |
| 423 | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | NAVY_00001800 | | |
| 424 | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | NAVY_00001823 | | |
| 425 | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | NAVY_00001821 | | |
| 426-499 | INTENTIONALLY LEFT BLANK | | | |
| 500 | Kraken Opening Documents | KRKN_00000008 | | KRKN_00000001 |
| 501 | Kraken Opening Documents | KRKN_00000020 | | KRKN_00000001 |
| 502 | Coinbase profile image records for Michael Tew | COIN_00000027; COIN_00000032 | | |
| 503 | Coinbase profile image records for Kimberley Tew | COIN_00000028 | COIN_00000029 | |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 504 | PayPal Account Record | PAY_00000092 | | |
| 505 | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | AUDI_00000001 | AUDI_00000037 | |
| 506 | McDonald Audi Wire Transfer Records re $20,611,01 Incoming Money Transfer, dated 11.01.2019 | AUDI_00000038 | AUDI_00000039 | |
| 507 | Wynn Jackpot Report | WYNN_00000174 | | WYNN_0000002 |
| 508 | Wynn Loss Summary | WYNN_00000179 | | WYNN_0000002 |
| 509 | Wynn Folio | WYNN_00000689 | | WYNN_0000002 |
| 510 | Wynn Record | WYNN_00000730 | WYNN_00000736 | WYNN_0000002 |
| 511 | Wynn Las Vegas Hotel stay record re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | WYNN_00000624 | | WYNN_0000002 |
| 512 | GoDaddy Records re Domain Name "Global Fuel.Co" | ORD_00019768; ORD_00019821 | | ORD_00010742 |
| 513 | GoDaddy Records re Domain Name "Sandhillrp.com" | ORD_00019747; ORD_00019823 | | ORD_00010742 |
| 514 | AT&T Subscriber Record - x1312 | ORD_00019224 | | |
| 515 | AT&T Subscriber Record - x7473 | ORD_00019225 | | |
| 516 | AT&T Subscriber Record x2046 | ORD_00019223 | | |
| 517 | AT&T Records re Text Messages | ORD_00019204 | | |
| 518 | Verizon Records re Jonathan Yioulos 917-685-1312 | ORD_00019224; ORD_00019331 | ORD_00019544 | ORD_00019935 |
| 519 | Spreadsheet of Verizon Call Records re 585-737-1709 | ORD_00019950 | | ORD_00019935 |
| 520 | Record re [5530JD] Email Recovery ([C.R.]@gmail.com) | ORD_00015084 | | |
| 521 | Record re [PM] email recovery ([PM]@gmail.com) | ORD_00017716 | | ORD_00017711 |
| 522 | Google Voice record re 469-319-0152 | ORD_00015068 | | |
| 523 | Google Pay Record | ORD_00019129 | | |
| 524 | IRS Form W-9 re [M.M.], dated 10.11.2018 | NAC_00000393 | NAC_00000398 | |
| 525 | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | VCORP_00000062 | VCORP_00000064 | VCORP_00000001 |
| 526 | Email re: [5530JD] Invoice #7321116 for $15,000, dated 08.22.2018 | NAC_E_00094025 | NAC_E_00094026 | |
| 527 | Email re: [PM]. Invoice #6540 for $15,312.50, dated 01.07.2019 | NAC_E_00060953 | NAC_E_00060954 | |
| 528 | Email re: [PM]. Invoice #6775 for $15,250.00, dated 02.07.2019 | NAC_E_00053144 | NAC_E_00053145 | |
| 529 | Email re: [PM]. Invoice #7004 for $11,250.00, dated 04.03.2019 | NAC_E_00102097 | NAC_E_00102098 | |
| 530 | Email re: [PM]. Invoice #6910 for $30.150.00, dated 04.03.2019 | NAC_E_00105163 | NAC_E_00105164 | |
| 531 | Invoice re: [HS CPAs] for $15,000.00 dated 08.08.2018 | NAC_00000906 | | |
| 532 | Invoice #7321116 re: [5530JD] for $15,000.00, dated 08.15.2018 | NAC_00000539 | | |
| 533 | Invoice #7321117 re: [5530JD] for $15,000.00, dated 08.31.2018 | NAC_00000540 | | |
| 534 | Invoice #7321119 re: [5530JD] for $15,000.00, dated 09.01.2018 | NAC_00000542 | | |
| 535 | Invoice #7321122 re: [5530JD] for $30,000.00, dated 11.01.2018 | NAC_00000544 | | |
| 536 | Invoice #79466 re: [MCG] for $30,000.00, dated 10.12.2018 | NAC_00000545 | | |
| 537 | Invoice #79487 re: [MCG] for $10,000.00, dated 10.30.2018 | NAC_00000546 | | |
| 538 | Invoice #79488 re: [MCG] for $30,000.00, dated 11.30.2018 | NAC_00000547 | | |
| 539 | Invoice #79489 re: [MCG] for $30,000.00, dated 11.30.2018 | NAC_00000548 | | |
| 540 | Invoice #79490 re: [MCG] for $25,000.00, dated 12.11.2018 | NAC_00000549 | | |
| 541 | Invoice #6516 re: [PM] for $21,250.00, due 12.07.2018 | NAC_00000550 | | |
| 542 | Invoice #6910 re: [PM] for $20,250.00, dated 03.18.2019 | NAC_00000554 | | |
| 543 | Invoice #6976 re: [PM] for $38,000.00, dated 03.28.2019 | NAC_00000555 | | |
| 544 | Invoice #7004 re: [PM] for $11,250.00, dated 04.03.2019 | NAC_00000556 | | |
| 545 | Invoice #7101 re: [PM] for $37,500.00, dated 04.08.2019 | NAC_00000557 | | |
| 546 | Invoice #7201 re: [PM] for $40,000.00, dated 05.13.2019 | NAC_00000558 | | |
| 547 | Invoice #7263 re: [PM] for $10,100.00, dated 05.30.2019 | NAC_00000559 | | |
| 548 | Invoice #7312 re: [PM] for $9,500.00, dated 06.14.2019 | NAC_00000560 | | |
| 549 | Invoice #6670 re: [PM] for $23,350.00, dated 01.11.2019 | NAC_00000969 | | |
| 550 | Invoice #6712 re: [PM] for $27,562.50, dated 01.18.2019 | NAC_00000970 | | |
| 551 | Invoice #6714 re: [PM] for $21,000.00, dated 01.23.2019 | NAC_00000971 | | |
| 552 | Invoice #6804 re: [PM] for $37,800.00, dated 03.04.2019 | NAC_00000972 | | |
| 553 | Invoice #6881 re: [PM] for $31,500.00, dated 03.14.2019 | NAC_00000973 | | |
| 554 | Invoice #7156 re: [PM] for $75,000.00, dated 04.29.2019 | NAC_00000974 | | |
| 555 | Invoice #7158 re: [PM] for $19,890.00, dated 04.29.2019 | NAC_00000975 | | |
| 556 | Invoice #7322 re: [PM] for $30,000.00, dated 06.27.2019 | NAC_00000976 | | |
| 557 | Signature Bank ACH Transaction re $20,250.00 to [PM]., dated 03.18.2019 | NAC_00000308 | | SIG_00006978 |
| 558-599 | INTENTIONALLY LEFT BLANK | | | |
| 600 | James Log | | | |
| 601 | Communication in Furtherance of Conspiracy Described in *James* Log Entry #1 | | | SW_FIL_00008530- SW_FIL_000008531 |

Printed 12/12/2023 at 6:08 PM

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 602 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 2 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 603 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 3 | NAC_E_00126374 | | |
| 604 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 4 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 605 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 5 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 606 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 6 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 607 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 7 | NAC_E_00166092 | NAC_E_00166094 | |
| 608 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 8 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 609 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 9 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 610 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 10 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 611 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 11 | NAC_E_00058715 | NAC_E_00058716 | |
| 612 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 12 | | | SW_FIL_00000094 - SW_FIL_00000099 |
| 613 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 13 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 614 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 14 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 615 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 15 | | | SW_FIL_00000094 - SW_FIL_00000099 |
| 616 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 16 | NAC_E_00109823 | | |
| 617 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 17 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 618 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 18 | NAC_E_00055741 | NAC_E_00055743 | |
| 619 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 19 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 620 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 20 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 621 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 21 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 622 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 22 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 623 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 23 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 624 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 24 | NAC_E_00061838 | | |
| 625 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 25 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 626 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 26 | NAC_E_00071125 | NAC_E_00071126 | |
| 627 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 27 | NAC_E_00071128 | NAC_E_00071129 | |
| 628 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 28 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 629 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 29 | | | SW_FIL_00000094 - SW_FIL_00000099 |
| 630 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 30 | NAC_E_00148117 | NAC_E_00148121 | |
| 631 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 31 | NAC_E_00145994 | NAC_E_00145997 | |
| 632 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 32 | NAC_E_00071892 | NAC_E_00071893 | |
| 633 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 33 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 634 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 34 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 635 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 35 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 636 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 36 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 637 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 37 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 638 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 38 | | | SW_FIL_00000094 - SW_FIL_00000099 |
| 639 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 39 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 640 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 40 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 641 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 41 | NAC_E_00054599 | | |
| 642 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 42 | | | SW_FIL_00000094 - SW_FIL_00000099 |
| 643 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 43 | NAC_E_00060696 | NAC_E_00060698 | |
| 644 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 44 | NAC_E_00071134 | NAC_E_00071135 | |
| 645 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 45 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 646 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 46 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 647 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 47 | | | SW_FIL_00011401 - SW_FIL_00011407 |
| 648 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 48 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 649 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 49 | | | SW_FIL_00011401 - SW_FIL_00011407 |
| 650 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 50 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 651 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 51 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 652 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 52 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 653 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 53 | NAC_E_00054599 | NAC_E_00054601 | |
| 654 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 54 | | | VCORP_0000001 |
| 655 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 55 | | | VCORP_0000001 |
| 656 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 56 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 657 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 57 | NAC_E_00067968 | NAC_E_00067970 | |
| 658 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 58 | | | SW_FIL_00000094-SW_FIL_0000099 |
| 659 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 59 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 660 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 60 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 661 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 61 | | | SW_FIL_00008530- SW_FIL_000008531 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 662 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 62 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 663 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 63 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 664 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 64 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 665 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 65 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 666 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 66 | | | SW_FIL_00000094-SW_FIL_00000099 |
| 667 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 67 | | | SW_FIL_00000094-SW_FIL_00000099 |
| 668 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 68 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 669 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 69 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 670 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 70 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 671 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 71 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 672 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 72 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 673 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 73 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 674 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 74 | | | SW_FIL_00000094-SW_FIL_00000099 |
| 675 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 75 | | | SW_FIL_00000094-SW_FIL_00000099 |
| 676 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 76 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 677 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 77 | NAC_E_00059950 | NAC_E_00059951 | |
| 678 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 78 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 679 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 79 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 680 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 80 | | | SW_FIL_00011402 - SW_FIL_00011407 |
| 681 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 81 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 682 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 82 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 683 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 83 | NAC_E_00059600 | NAC_E_00059602 | |
| 684 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 84 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 685 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 85 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 686 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 86 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 687 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 87 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 688 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 88 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 689 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 89 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 690 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 90 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 691 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 91 | | | |
| 692 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 92 | | | SW_FIL_00011402 - SW_FIL_00011407 |
| 693 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 93 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 694 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 94 | | | SW_FIL_00011402 - SW_FIL_00011407 |
| 695 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 95 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 696 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 96 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 697 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 97 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 698 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 98 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 699 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 99 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 700 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 100 | NAC_E_00060445 | NAC_E_00060446 | |
| 701 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 101 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 702 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 102 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 703 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 103 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 704 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 104 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 705 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 105 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 706 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 106 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 707 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 107 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 708 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 108 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 709 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 109 | NAC_E_00052312 | NAC_E_00052313 | |
| 710 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 110 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 711 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 111 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 712 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 112 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 713 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 113 | NAC_E_00077284 | NAC_E_00077285 | |
| 714 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 114 | NAC_E_00054104 | NAC_E_00054105 | |
| 715 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 115 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 716 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 116 | NAC_E_00053144 | NAC_E_00053145 | |
| 717 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 117 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 718 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 118 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 719 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 119 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 720 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 120 | NAC_E_00063470 | NAC_E_00063471 | |
| 721 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 121 | | | SW_FIL_00008530- SW_FIL_000008531 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 722 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 122 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 723 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 123 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 724 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 124 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 725 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 125 | NAC_E_00054190 | NAC_E_00054191 | |
| 726 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 126 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 727 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 127 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 728 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 128 | NAC_E_00062777 | NAC_E_00062778 | |
| 729 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 129 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 730 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 130 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 731 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 131 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 732 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 132 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 733 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 133 | NAC_E_00064898 | NAC_E_00064899 | |
| 734 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 134 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 735 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 135 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 736 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 136 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 737 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 137 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 738 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 138 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 739 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 139 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 740 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 140 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 741 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 141 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 742 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 142 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 743 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 143 | NAC_E_00065792 | NAC_E_00065793 | |
| 744 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 144 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 745 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 145 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 746 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 146 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 747 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 147 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 748 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 148 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 749 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 149 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 750 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 150 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 751 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 151 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 752 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 152 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 753 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 153 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 754 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 154 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 755 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 155 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 756 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 156 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 757 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 157 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 758 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 158 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 759 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 159 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 760 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 160 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 761 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 161 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 762 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 162 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 763 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 163 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 764 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 164 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 765 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 165 | NAC_E_00064830 | NAC_E_00064832 | |
| 766 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 166 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 767 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 167 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 768 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 168 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 769 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 169 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 770 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 170 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 771 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 171 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 772 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 172 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 773 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 173 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 774 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 174 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 775 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 175 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 776 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 176 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 777 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 177 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 778 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 178 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 779 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 179 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 780 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 180 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 781 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 181 | | | SW_FIL_00008530- SW_FIL_000008531 |

Printed 12/12/2023 at 6:08 PM

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 782 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 182 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 783 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 183 | NAC_E_00066239 | NAC_E_00066246 | |
| 784 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 184 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 785 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 185 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 786 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 186 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 787 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 187 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 788 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 188 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 789 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 189 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 790 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 190 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 791 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 191 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 792 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 192 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 793 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 193 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 794 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 194 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 795 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 195 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 796 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 196 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 797 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 197 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 798 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 198 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 799 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 199 | | | VCORP_00000001 |
| 800 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 200 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 801 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 201 | | | SW_FIL_00011557 - SW_FIL_00011561 |
| 802 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 202 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 803 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 203 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 804 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 204 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 805 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 205 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 806 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 206 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 807 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 207 | | | VCORP_00000001 |
| 808 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 208 | | | VCORP_00000001 |
| 809 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 209 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 810 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 210 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 811 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 211 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 812 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 212 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 813 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 213 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 814 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 214 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 815 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 215 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 816 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 216 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 817 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 217 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 818 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 218 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 819 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 219 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 820 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 220 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 821 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 221 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 822 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 222 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 823 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 223 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 824 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 224 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 825 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 225 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 826 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 226 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 827 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 227 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 828 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 228 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 829 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 229 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 830 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 230 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 831 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 231 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 832 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 232 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 833 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 233 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 834 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 234 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 835 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 235 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 836 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 236 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 837 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 237 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 838 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 238 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 839 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 239 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 840 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 240 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 841 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 241 | NAC_E_00145793 | NAC_E_00145797 | |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 842 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 242 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 843 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 243 | NAC_E_00070403 | | |
| 844 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 244 | NAC_E_00133833 | NAC_E_00133834 | |
| 845 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 245 | NAC_E_00145920 | NAC_E_00145923 | |
| 846 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 246 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 847 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 247 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 848 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 248 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 849 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 249 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 850 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 250 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 851 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 251 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 852 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 252 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 853 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 253 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 854 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 254 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 855 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 255 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 856 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 256 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 857 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 257 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 858 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 258 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 859 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 259 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 860 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 260 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 861 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 261 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 862 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 262 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 863 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 263 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 864 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 264 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 865 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 265 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 866 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 266 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 867 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 267 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 868 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 268 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 869 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 269 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 870 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 270 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 871 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 271 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 872 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 272 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 873 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 273 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 874 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 274 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 875 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 275 | NAC_E_00147699 | NAC_E_00147702 | |
| 876 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 276 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 877 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 277 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 878 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 278 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 879 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 279 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 880 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 280 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 881 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 281 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 882 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 282 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 883 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 283 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 884 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 284 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 885 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 285 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 886 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 286 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 887 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 287 | NAC_E_00151966 | NAC_E_00151969 | |
| 888 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 288 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 889 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 289 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 890 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 290 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 891 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 291 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 892 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 292 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 893 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 293 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 894 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 294 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 895 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 295 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 896 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 296 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 897 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 297 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 898 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 298 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 899 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 299 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 900 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 300 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 901 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 301 | | | SW_FIL_00008530- SW_FIL_000008531 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 902 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 302 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 903 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 303 | NAC_E_00155951 | NAC_E_00155954 | |
| 904 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 304 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 905 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 305 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 906 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 306 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 907 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 307 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 908 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 308 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 909 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 309 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 910 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 310 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 911 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 311 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 912 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 312 | NAC_E_00078873 | | |
| 913 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 313 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 914 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 314 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 915 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 315 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 916 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 316 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 917 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 317 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 918 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 318 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 919 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 319 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 920 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 320 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 921 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 321 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 922 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 322 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 923 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 323 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 924 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 324 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 925 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 325 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 926 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 326 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 927 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 327 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 928 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 328 | NAC_E_00126180 | NAC_E_00126182 | |
| 929 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 329 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 930 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 330 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 931 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 331 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 932 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 332 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 933 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 333 | NAC_E_00072302 | NAC_E_00072305 | |
| 934 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 334 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 935 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 335 | NAC_E_00153750 | NAC_E_00153751 | |
| 936 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 336 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 937 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 337 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 938 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 338 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 939 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 339 | | | SW_FIL_00011402 - SW_FIL_00011407 |
| 940 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 340 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 941 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 341 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 942 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 342 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 943 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 343 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 944 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 344 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 945 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 345 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 946 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 346 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 947 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 347 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 948 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 348 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 949 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 349 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 950 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 350 | NAC_E_00103400 | NAC_E_00103402 | |
| 951 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 351 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 952 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 352 | NAC_E_00094959 | NAC_E_00094961 | |
| 953 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 353 | NAC_E_00113462 | NAC_E_00113463 | |
| 954 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 354 | NAC_E_00092774 | NAC_E_00092775 | |
| 955 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 355 | NAC_E_00105912 | NAC_E_00105913 | |
| 956 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 356 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 957 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 357 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 958 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 358 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 959 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 359 | NAC_E_00107684 | NAC_E_00107687 | |
| 960 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 360 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 961 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 361 | | | SW_FIL_00008530- SW_FIL_000008531 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 962 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 362 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 963 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 363 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 964 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 364 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 965 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 365 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 966 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 366 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 967 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 367 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 968 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 368 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 969 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 369 | NAC_E_00118421 | NAC_E_00118424 | |
| 970 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 370 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 971 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 371 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 972 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 372 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 973 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 373 | | | SW_FIL_00008530- SW_FIL_000008531 |
| 974 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 374 | INV_00005038; INV_00008612 (transcript) | INV_00008768 (transcript) | N/A |
| 975 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 375 | INV_00005040; INV_00008506 (transcript) | INV_00008539 (transcript) | N/A |
| 976 | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 376 | INV_00005141-5142; INV_00005182; INV_00005185-91 | | N/A |
| 977 | Email re Final [5530JD] Invoice Payment, dated 11.28.2018 | NAC_E_00059950 | NAC_E_00059951 | |
| 978 | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | NAC_E_00060469 | NAC_E_00060470 | |
| 979 | Email re ACH Payment Questions, dated 04.17.2019 | NAC_E_00100476 | | |
| 980 | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | SW_FIL_00003054 | | SW_FIL_00011402 - SW_FIL_00011407 |
| 981 | Email re Lilky Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00006094 | | SW_FIL_00011402 - SW_FIL_00011407 |
| 982 | Email re Lilky Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | SW_FIL_00006901 | | SW_FIL_00011402 - SW_FIL_00011407 |
| 983 | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00008364 | | SW_FIL_00011402 - SW_FIL_00011407 |
| 984 | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | SW_FIL_00009825 | | SW_FIL_00011402 - SW_FIL_00011407 |
| 985 | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | NAC_E_00058418 | | |
| 986 | Invoice #001 re: Kimberley Tew for $10,000.00, dated 02.08.2018 | NAC_00000731 | | |
| 987-1000 | INTENTIONALLY LEFT BLANK | | | |
| 1001 | | | | |
| 1002 | | | | |
| 1003 | | | | |
| 1004 | | | | |
| 1005 | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

---

## RESPONSE AND OBJECTIONS TO THE GOVERNMENT'S PROFFER AND ATTACHED JAMES LOG

---

      Pursuant to F.R.E. 801(d)(2)(E), Defendant Michael Aaron Tew ("Mr. Tew") objects to the provisional admissibility and trial admissibility of the statements described in the government's *James* Proffer (ECF No. 341) and Exhibit 1: Government *James* Log (ECF No. 341-1). Mr. Tew also objects that various proffered statements, if admitted without testimony of the declarant, may result in the inability of Mr. Tew to exercise his rights to confrontation, effective assistance of counsel, and due process as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

### Legal Standard

      To admit co-conspirator statements against a defendant, the government must prove by a preponderance of the evidence that three criteria have been met. There must be "substantial evidence, independent of statements at issue, that a conspiracy existed, that the co-conspirator declarant and the defendant were members of the conspiracy, and that the statement was made during the course and in furtherance of the conspiracy. *United States v. Bucaro*, 801 F 2d. 1230,

1232 (10th Cir. 1986). "Substantial, independent evidence has been described as more than a scintilla; it is evidence that a reasonable mind would accept as adequate to support a conclusion." *Id*. quoting *United States v. Petersen*, 611 F.2d 1313, 1330 n.1 (internal quotation omitted).

To establish that Mr. Tew was part of a conspiracy – and here, there are two alleged, one relating to wire fraud and the other to money laundering – "the government must show [1] that two or more persons agreed to violate the law, [2] that the defendant knew at least the essential objectives of the conspiracy, … [3] that the defendant knowingly and voluntarily became part of [the conspiracy], and [4] that the alleged co-conspirators were interdependent. *United States v. Evans*, 970 F.2nd 663, 669 (10th Cir. 1992), citing *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (internal quotation omitted), *cert. denied*, 498 U.S. 874. "It is necessary to show that the defendant shared a common purpose or design with his alleged coconspirators." *Id*. quoting *United States v. Horn*, 946 F.2nd 738, 740 (10th Cir. 1991) (internal quotation omitted). For Mr. Tew to have been involved in a conspiracy the government must show that he had both knowledge that the conspiracy existed and voluntarily participated in that conspiracy. *Id*. The conduct of the alleged co-conspirators must also be interdependent in some way, that is "each alleged co-conspirator…depend[s] on the operation of each link in the chain to achieve the common goal." *Id*. quoting *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990). Mr. Tew's actions must have "facilitated the endeavors of the other alleged co-conspirators or facilitated the venture as a whole." *Id*. at 670 quoting *Horn*, 946 F.2nd at 740-41 (internal quotations omitted).

## Summary of Objections

The government's proffer is extensive and taken as a whole could be considered to present "substantial, independent evidence" sufficient to establish by a preponderance of the

evidence that multiple conspiracies existed (wire fraud and money laundering), and that Michael
Tew, Jonathan Yioulos, and Kimberley Tew were a part of those conspiracies. Mr. Tew objects,
however, that the government's proffer fails to provide the Court with substantial, independent
evidence which would establish by a preponderance of the evidence that (i) that Mr. Tew shared
a common purpose or design with alleged co-conspirators; (ii) that there was interdependency
between the co-conspirators; or (iii) that certain statements were made during the course of and
in furtherance of the charged conspiracies. As such, the government has failed to meet the
foundational requirements for the admission of the proffered statements and the Court may not
declare those statements to be non-hearsay pursuant to F.R.E. 801(d)(2)(E) and provisionally
admitted. Additionally, specific objections are made herein to the provisional admissibility and
trial admissibility of the statements detailed herein. All such objections are also made pursuant to
F.R.E. 801(d)(2)(E). Furthermore, Mr. Tew objects to the admittance of any communications
with his spouse, Kimberley Tew, that have not been shown to be in furtherance of a conspiracy
pursuant to spousal privilege. *See, e.g., Trammel v. United States*, 445 U.S. 40 (1980).

## Specific Objections

Mr. Tew's specific objections reference the 302-page *James* log provided by the
government by "Entry" number, that is, the first column on the log. The log includes various
kinds of written and oral statements captured via text message (and the iMessage equivalent), e-
mail, and/or audio recording. Given the exceptional prejudice of consensually recorded
conversations with a then non-co-conspirator, Mr. Tew's specific objections start in inverse order
with the most recent statement (entry 376).

**Entries 374, 375, and 376: communications with a non-co-conspirator.**

Mr. Tew objects to the admissibility of any statement made by Jonathan Yioulos

following his withdrawal from any alleged conspiracy with Mr. Tew that occurred upon Mr. Yioulos' consensual agreement to assist federal agents by making recorded telephone calls with and sending text messages to Mr. Tew at the direction of federal agents. Because he was no longer a co-conspirator and was offering statements for the truth of the matter asserted, Mr. Yioulos' statements are hearsay, and do not fit within F.R.E. 801(d)(2)(E). Indeed, the government cannot show that Mr. Yioulos' statements were made during or in furtherance of the conspiracy.

Furthermore, Mr. Tew objects to the admittance of any statement made within Entry 374 or 375 alleged to have been made by co-defendant Kimberley Tew. Specially, Mr. Tew objects to any statements by Mrs. Tew related to turning herself in and/or taking the blame.

**Entries 370: Kimberley Tew's statement was not in furtherance of a conspiracy.**

In entry 370, Kimberley Tew is alleged to have said to Mr. Tew via message, "Figure out if you want to be in this family. You were extremely rude to me in front of Jon and have said horrible things these past days." The government has not shown that these statements were in furtherance of the conspiracy. Furthermore, the statement is protected by spousal privilege.

**Entries 345: Kimberley Tew's statement was not in furtherance of a conspiracy.**

In entry 345, Kimberley Tew is alleged to have stated, "… I have to send Phillipe $12k in btc… A $20k wire to kraken." The government has not shown that these statements were in furtherance of the conspiracy. Furthermore, the statement is protected by spousal privilege.

**Entries 300 and 301: Kimberley Tew's statements were not in furtherance of a conspiracy.**

In entries 300 and 301, Kimberley and Michael Tew appear to be discussing gambling. The government has not shown that these statements were in furtherance of the conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 284, 285, and 286: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 284, 285, and 286, Kimberley Tew discusses travel arrangements, owing debts, and gambling winnings. These statements are intermixed with statements involving co-defendant Jonathan Yioulos. The government has not shown that portions of the statements discussing gambling were in furtherance of a conspiracy, or that any of the purported debt holders are at all associated with criminal activity or are in any way relevant. Furthermore, the statements are protected by spousal privilege.

**Entry 278: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 278, the Tews discuss various bills/debts. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 268 and 70: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 268 and 270, the Tews discuss buying an automobile. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 265: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 265, the government cannot show by a preponderance of the evidence who is making what statements and cannot establish which conspiracy, if any, the statements are alleged to be made in furtherance of.

**Entry 247: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 247, the Tews discuss gambling winnings. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 205: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 205, the Tews discuss what appear to be threats. The government has not shown that these statements were made in furtherance of a conspiracy or established that the threats involved were legitimate or in any way associated with criminal activity or are relevant.

**Entries 202 and 203: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 202 and 203, the Tews discuss gambling winnings and debts. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 198: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 198, the Tews are alleged to be discussing a debt owed to a third party and various related accounting. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 191: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 191, Kimberley Tew asks Michael Tew to stop and buy lottery tickets. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 179: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 179, Kimberley Tew discusses bitcoin and having a buy[er] lined up. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 167: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 167, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected

by spousal privilege.

**Entry 163: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 163, Kimberley Tew asks Michael Tew to stop and buy lottery tickets. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 153, 155, and 157: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entries 153, 155, and 157, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 152: the statements were not made in furtherance of the conspiracy.**

In entry 152, the government alleges that Michael Tew, using Kimberley Tew's email or text, communicated with someone described as "not an indicted conspirator." The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 150: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 150, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 144: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 144, the Tews discuss bank transactions. The government has not shown that these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entry 138: Kimberley Tew's statements were not in furtherance of the conspiracy.**

In entry 138, the Tews discuss bank transactions. The government has not shown that

these statements were in furtherance of a conspiracy. Furthermore, the statements are protected by spousal privilege.

**Entries 108, 115, and 118: Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entries 108, 115, and 118, Jonathan Yioulos purports to text Kimberly Tew various messages without receiving a response. There is no evidence provided that Kimberley Tew received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 96: statements by M.M are not by a co-conspirator and are not in furtherance of the conspiracy.**

In entry 96, Michael Tew communicates with "M.M." The government has not established that M.M. is a co-conspirator, or that Michael Tew's statements to him are in furtherance of any conspiracy.

**Entries 79 and 85: Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entries 79 and 85, Jonathan Yioulos purports to text Kimberly Tew various messages without receiving a response. There is no evidence provided that Kimberley Tew received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 69: statements by M.M are not by a co-conspirator and are not in furtherance of the conspiracy.**

In entry 69, Michael Tew communicates with "M.M." The government has not established that M.M. is a co-conspirator, or that Michael Tew's statements to him are in furtherance of any conspiracy.

**Entry 56: Michael Tew's statements were not in furtherance of the conspiracy.**

In entry 56, Michael Tew purports to text "M.M." various messages without receiving a

response. There is no evidence provided that "M.M" received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entries 19, 28, 34. 35, 46, and 51: Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entries 19, 28, 34, 35, 46, and 51, Jonathan Yioulos purports to text Kimberly Tew various messages without receiving a response. There is no evidence provided that Kimberley Tew received or read these messages. The government has not shown that these statements were in furtherance of a conspiracy.

**Entry 6**: **Jonathan Yioulos' statements were not in furtherance of the conspiracy.**

In entry 6, Jonathan Yioulos and Michael Tew briefly discuss credit card charged. The government has not show that these statements were in furtherance of a conspiracy.

DATED this 12th day of December, 2023.

_____*/s/  Jason D. Schall*_____
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for defendant Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<u>      /s/  *Jason D. Schall*      </u>
Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

<u>      /s/  *Jason D. Schall*      </u>
Jason D. Schall

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
*Attorney for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

<u>      /s/  *Jason D. Schall*      </u>
Jason D. Schall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

### Kimberley Tew's Response to Government's Memorandum in Support of *James* Log (Doc. 341)

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC, in advance of the *James* hearing scheduled for December 19, 2023 submits *Kimberley Tew's Response to Government's Memorandum in Support of James Log* (Doc. 341) and states the following:

On February 3, 2021 a 60-count indictment was filed in the United States District Court for the District of Colorado naming Michael Aaron Tew, Kimberley Ann Tew and Jonathan K. Yioulos as defendants.  Ms. Kimberley Tew was charged in Count One with conspiracy to commit wire fraud in violation of 18 U.S.C. §1343, an additional 7 counts of wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. § 2, 1 count of conspiracy to engage in illegal monetary transactions, "money laundering", in violation of 18 U.S.C. §1957, and 5 counts of money laundering in violation of 18 U.S.C. §1957, along with a forfeiture allegation.

As is set forth more fully below, the *Government's Memorandum in Support of James Log* (Doc. 341) and *James Log Exhibit* (Doc. 341-1) contain statements the Government seeks to admit pursuant to F.R.E. 801(d)(2)(E).  The Government's submission fails to establish the basic requirements of F.R.E. 801(d)(2)(E) as to many of the statements, specifically those seeking admission of statements occurring at the time Ms. Tew was not a member of any conspiracy, out of court statements that were not made in furtherance of the alleged conspiracy and statements protected by the marital privilege[1]. Further complicating the Government's submission is that many of the 376 statements sought to be admitted are conversations involving multiple subjects, not all of which fall into the 801(d)(2)(E) exception.

## **Legal Standard**

Pursuant to F.R.E. 801(d)(2)(E), a statement of one co-conspirator is admissible against another co-conspirator when the government can demonstrate "by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course and in furtherance of the conspiracy" *United States v. Lopez-Guiterrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).

"[W]hen the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence." *Bourjaily v. United States*, 483 U.S. 171, 176 (1987).  Further, there must be some independent evidence,

---

[1] For the Court's reference, attached as Exhibit 1 is Defendant Kimberley Tews objections to specific statements contained in the Government's *James* log. The objections are numbered to reflect the statements sought to be introduced by the Government.

other than the statements themselves.  *See United States v. Rascon*, 8 F.3d 1537,1541 (10th Cir. 1993).

To establish a declarant was a member of a conspiracy, the government must prove: (1) the declarant's agreement with another person to violate the law; (2) his knowledge of the essential objective of the conspiracy; (3) his knowing and voluntary involvement; and (4) interdependence among the alleged co-conspirators. *See United States v. Chavis*, 461 F.3d 1201, 1208 (10th Cir. 2006). These facts must be established for each declarant.

To qualify as a statement "in furtherance" of a conspiracy, the statement must be "intended to promote the conspiratorial objectives" of the conspiracy.  *United States v. Reyes*, 798 F.2sd 380, 384 (10th Cir. 1986). The "in furtherance" requirement represents a 'significant obstacle for the government; it is to be strictly construed and narrowly applied". *Rascon*, 8 F.3d at 1540.

A statement made after a conspiracy has ended is not admissible under F.R.E. 801(d)(2)(E) because it is not made during the course of the conspiracy.  *See Krulewitch v. United States*, 336 U.S. 440, 442-44 (1949).

### *James* Log Objections

The *James* log reveals the Government seeks to introduce, pursuant to F.R.E. 801(d)(2)(E), statements against Ms. Tew beginning on August 7, 2018.  Ms. Tew is not charged with any count in the indictment evidencing participation in the conspiracy until September 4, 2019 (Count 16).  The statements predating Ms. Tew's alleged participation (*James* Log #1-22) should not be introduced.

3

The *James* log describes entries involving statements by Mr. Jonathon Yioulos sent to Ms. Kimberly Tew with no indication that Ms. Tew received the information contained in the communication (James Log #19, #28, #34, #35, #46, #51, #79, #85, #108, #115, #118). These statements should not be considered as statements in furtherance of the conspiracy when Ms. Tew is not shown as ever having received the communication.

Not every statement contained in the Government's log meets their burden of establishing that the communication was in furtherance of the conspiracy. *James* Log #37, #144, #150, #153, #155, #157, #163, #203, #284, #285, #300, #370 are statements between Mr. and Mrs. Tew that are not in furtherance of the conspiracy. Additionally, these statements are protected by marital privilege. *Trammel v. United States*, 445 U.S. 40 (1980), *United States v. Bahe* 128 F.3d 1440 (10th Cir.1997)

*James* Log statements #374, #375 and #376 are statements obtained by the government after Mr. Yioulos had chosen to cooperate with the authorities. Mr. Yioulos was obviously no longer involved in the conspiracy and as such the statements should not be admitted pursuant to F.R.E. 801(d)(2)(E).

## Conclusion

For the reasons stated above and the objections contained in the attached Exhibit 1, Ms. Tew respectfully requests the court deny the introduction of statements as detailed in this motion.

4

## Join in Objections Filed on behalf of Mr. Tew

Ms. Kimberley Tew adopts the arguments made on behalf of Mr. Tew relating to the admissibility of statements contained in the Government's *James* Log.

Dated: December 12, 2023.

Respectfully submitted,

s/ David S. Kaplan
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

s/ David S. Kaplan
David S. Kaplan

5

**Certificate of Service**

I certify that on December 12, 2023, I electronically filed the foregoing *Kimberley Tew's Response to Government's Memorandum in Support of James Log (Doc. 341)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com
*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez

6

*USA v. Tew, et al.*, Case No. 20-cr-000305-DDD

Defendant Kimberley Tew's Response/Objection to Government's *James* Log

| ENTRY | DATE | DECLARANT(S) | RESPONSE/OBJECTION |
|---|---|---|---|
| 1 | 8/7/18 | Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 2 | 8/7/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 3 | 8/8/18 | Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 4 | 8/8/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 5 | 8/9/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 6 | 8/13/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 7 | 8/14/18 | Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |

Exhibit 1

| 8 | 8/14/18 | Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
|---|---------|------------------|------------------------------------------------------------------------------|
| 9 | 8/18/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 10 | 8/21/18 | Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 11 | 8/22/18 | C.R. / Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 12 | 8/22/18 | Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 13 | 8/22/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 14 | 8/23/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 15 | 08/23/18 | Jonathan Yioulos / C.R. | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |

Exhibit 1

| 16 | 08/24/18 | Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
|----|----------|------------------|------------------------------------------------------------------------------|
| 17 | 8/27/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 18 | 8/30/18 | Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 19 | 8/30/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. Government has not shown Kimberley Tew a member of the alleged conspiracy. |
| 20 | 8/30/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 21 | 8/31/18 | Jonathan Yioulos / Michael Tew | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 22 | 9/1/18 | Jonathan Yioulos | Government has not shown Kimberley Tew is a member of the alleged conspiracy. |
| 28 | 9/10/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |

Exhibit 1

| 34 | 9/18/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 35 | 9/13/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 37 | 9/18/18 | Jonathan Yioulos | Government has not shown statement made in furtherance of the conspiracy. |
| 46 | 10/25/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 51 | 10/30/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 79 | 12/1/18 | Jonthan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 85 | 12/6/18 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 108 | 1/17/19 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |

Exhibit 1

| 115 | 2/7/19 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
|-----|--------|------------------|------------------------------------------------------------------------------------------------------------------------|
| 118 | 2/19/19 | Jonathan Yioulos | Government has not shown Kimberley Tew received these messages therefore not statements in furtherance of the conspiracy. |
| 144 | 4/6/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 150 | 4/9/19 | Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 153 | 4/12/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 155 | 4/16/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 157 | 4/18/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 163 | 4/15/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |

Exhibit 1
805

| 203 | 7/5/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
|---|---|---|---|
| 284 | 10/25/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 285 | 10/31/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy.  Statements aare protected by spousal privilege. |
| 300 | 12/7/19 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy.  Statements are protected by spousal privilege. |
| 370 | 6/30/20 | Michael Tew / Kimberley Tew | Government has not shown Kimberley Tew's statements are in furtherance of the conspiracy. Statements are protected by spousal privilege. |
| 374 | 7/7/20 | Jonathan Yioulos / Michael Tew | Government has not shown Michael Tew's statements were in furtherance of the conspiracy. |
| 375 | 7/8/20 | Jonathan Yioulos / Michael Tew | Government has not shown Michael Tew's statements were in furtherance of the conspiracy. |
| 376 | 7/8/20 | Jonathan Yioulos / Michael Tew | Government has not shown Michael Tew's statements were in furtherance of the conspiracy. |

Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

## MOTION *IN LIMINE* FOR PRELIMINARY RULING ON DEFENDANT MICHAEL TEW'S POST-TRIAL RELEASE

---

Defendant Michael Aaron Tew respectfully asks the Court for a pre-trial preliminary ruling regarding his post-trial release status ("Motion"). The government does not oppose this Motion requesting a pre-trial ruling from the Court but has stated that it intends to argue that Mr. Tew should be remanded to the custody of the U.S. Marshals should he be convicted at trial. Given the nature of this husband-wife prosecution and the minor children involved, Mr. Tew respectfully asks the Court to provide him with a preliminary ruling on his release status should he be convicted at trial. In support of this Motion and his request to remain on conditions of release, Mr. Tew submits the following:

### Background and Applicable Law

On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release. (*See* ECF 7 and 9.) Since that time almost three and a half years ago, Mr. Tew has remained in compliance with the strict conditions of his release. He remains gainfully employed and is a present, attentive father to his two minor children. His wife, co-

defendant Kimberley Tew, has also remained in compliance with her conditions of supervised release.

Since his arrest, Mr. Tew has worked multiple projects that have been and are currently under the scrutiny of securities regulators and multiple international law firms. He is trusted with projects encompassing tens of millions of dollars of investments. In between conference calls, Mr. Tew and his wife care for his twin daughters, drive to/from elementary school, playgrounds, doctor's appointments, and attends to all of the other demands of a young family.

In the Indictment (ECF 83), Mr. Tew is charged with 60 violations of federal law. Critically, none of the alleged offenses are subject to 18 U.S.C. § 3143(a)(2)'s mandatory detention provisions. As such, if the Court finds "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released… the judicial officer shall order the release of the person in accordance with 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

### Evidence Supporting Mr. Tew's Continued Release Pending Sentencing

Even if convicted at trial, the circumstances of Mr. Tew's release remain the same. For three plus years, Mr. Tew has complied with pre-trial release, resided in the Denver area, maintained steady employment, and been a caretaker for his two minor children. Mr. Tew's deep ties to the community will remain even if he is convicted at trial. Furthermore, there is no evidence that Mr. Tew has ever posed a danger to the safety of any other person or the community in general. It is this track record that establishes well beyond clear and convincing evidence that Mr. Tew, if he is convicted at trial, should remain on his conditions of release.

If the government can prove each of its allegations beyond a reasonable doubt, the only thing that changes will be that Mr. Tew and his wife, co-defendant Kimberley Tew, would be

convicted felons facing significant terms of imprisonment as recommended by the U.S. Sentencing Guidelines. The government will likely contend that this will make Mr. Tew a flight risk. But neither Mr. Tew (ECF 11) nor Mrs. Tew have a passport (ECF 104), and their minor children live here with them. Aside from now-dated communications that allegedly occurred during the conspiracy – and that involve a co-defendant who himself remains on bond pending sentencing – the government has no evidence that Mr. Tew has any intention of fleeing. In the face of his track record of success on pre-trial release, the government's argument is unavailing, and Mr. Tew should remain on conditions of release if he is convicted at trial.

DATED this 18th day of December, 2023.

_/s/ Jason D. Schall_
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_/s/ Jason D. Schall_
Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

_/s/ Jason D. Schall_
Jason D. Schall

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

AUSA Bryan Fields                          David Kaplan
U.S. Attorney's Office                      Stimson LaBranche Hubbard, LLC
1801 California Street, Suite 1600          1652 North Downing Street
Denver, CO 80202                           Denver, CO 80203
(303) 454-0100                             (720) 689-8909
Bryan.Fields3@usdoj.gov                     kaplan@slhlegal.com
                                           *Attorney for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)


          */s/  Jason D. Schall*
          Jason D. Schall

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Nancy Lin Cohen (cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com,
mary@cohenblacklaw.com, nancy@cohenblacklaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
deana.ambrosen@usdoj.gov, ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Eric S. Galler (egaller@gcorplaw.com), David Scott Kaplan
(hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Richard Kent Kornfeld
(admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com, rick@rklawpc.com), Jason Dale
Schall (jason@bowsch.com, jasondschall@yahoo.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), clinde
(colin_linde@cod.uscourts.gov), dddlc3 (brian_jacobsmeyer@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), dddlc6 (theodore_furchtgott@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9465909@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/18/2023 at 1:47 PM MST and filed on 12/18/2023

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 349(No document attached) |

**Docket Text:**
 **ORDER as to Kimberley Ann Tew. Jamie Hubbard of Stimson LaBranche Hubbard, LLC is to be appointed as co–counsel for Kimberley Ann Tew's trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et. seq. SO ORDERED by Judge Daniel D. Domenico on 12/18/2023. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall     jason@bowsch.com, jasondschall@yahoo.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Deana.Ambrosen@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Michael John Tallon (Terminated)     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler     egaller@gcorplaw.com

**1:20−cr−00305−DDD−2 Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Case No.   20-cr-00305-DDD

Case Title:   United States of America v. Tew et al.

**GOVERNMENT'S  EXHIBIT LIST**

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 1 - 10 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 11 | | Signature Bank ACH Transaction re $11,250 to [PM], dated 04.03.2019 | SIG_00006978 | | | | | |
| 12 - 45 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 46 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 47 - 209 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 210 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 211 - 212 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 213 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 08.31.2019 | WFB_00000144-WFB_00000146 | | | | | |
| 214 - 224 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 225 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 226 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 227 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 228 - 229 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 230 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | WFB_00000144-WFB_00000146 | | | | | |
| 231 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 232 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 233 - 241 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 242 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2019-06.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 243 - 245 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 246 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 247 -249 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 250 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 10.31.2019 | WFB_00000144-WFB_00000146 | | | | | |
| 251 - 301 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 302 | | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | GUAR_00000001 | | | | | |
| 303 | | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | NAVY_00002211-NAVY_00002212 | | | | | |
| 304 | | Navy Federal Credit Union Application re Global Fuel Logistics | NAVY_00002211-NAVY_00002212 | | | | | |
| 305 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 306 | | Wells Fargo Bank Signature Card re Account x6934 Sand Hill, LLC | WFB_00000144-WFB_00000146 | | | | | |
| 307 | | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | WFB_00000144-WFB_00000146 | | | | | |
| 308 - 311 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 312 | | Access National Bank Statement re Account x5965 [PM] Inc., statement period 12.01.2018-12.31.2018 | ACNB_00000101 | | | | | |
| 313 | | Simple Signature Card for Kimberley Tew | SFT_00000001 | | | | | |
| 314 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 315 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 316 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 317 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 318 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 319 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 320 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 321 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 322 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 323 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 324 - 327 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 328 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 329 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 330 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 331 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 332 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 333 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 334 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 335 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 336 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 337 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | WFB_00001054-WFB_00001058 | | | | | |
| 338 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 09.30.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 339 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 10.31.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 340 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 12.31.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 341 - 355 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 356 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00002211-NAVY_00002212 | | | | | |
| 357 - 377 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 378 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 379 - 380 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 381 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 382 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, statement period 06.01.2019-06.30.2019 | WFB_00000144-WFB_00000146 | | | | | |
| 383 | | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | SIG_00006978 | | | | | |
| 384 - 392 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 393 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 394 | | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | NAVY_000000002; NAVY_00000003 | | | | | |
| 395 | | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 396 | | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 397 | | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 398 | | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 399 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 400 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 401 | | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 402 | | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 403 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | NAVY_00002211-NAVY_00002212 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 404 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 405 | | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 406 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 407 | | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 408 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 409 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 410 | | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 411 | | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 412 | | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 413 | | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 414 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00002211-NAVY_00002212 | | | | | |
| 415 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 416 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 417 | | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 418 | | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 419 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 420 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 421 | | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 422 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | NAVY_00002211-NAVY_00002212 | | | | | |
| 423 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 424 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 425 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 426 | | Navy Federal Credit Union Surveillance Photo, dated 03.27.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 427 - 499 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 500 | | Kraken Opening Documents | KRKN_00000001 | | | | | |
| 501 | | Kraken Opening Documents | KRKN_00000001 | | | | | |
| 502 | | Coinbase profile image records for Michael Tew | | | | | | |
| 503 | | Coinbase profile image records for Kimberley Tew | | | | | | |
| 504 | | PayPal Account Record | | | | | | |
| 505 | | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | | | | | | |
| 506 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 507 | | Wynn Jackpot Report | WYNN_0000002 | | | | | |
| 508 | | Wynn Loss Summary | WYNN_0000002 | | | | | |
| 509 | | Wynn Folio | WYNN_0000002 | | | | | |
| 510 | | Wynn Record | WYNN_0000002 | | | | | |
| 511 | | Wynn Las Vegas Hotel stay record re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | WYNN_0000002 | | | | | |
| 512 | | GoDaddy Records re Domain Name "Global Fuel.Co" | ORD_00010742 | | | | | |
| 513 | | GoDaddy Records re Domain Name "Sandhillrp.com" | ORD_00010742 | | | | | |
| 514 | | AT&T Subscriber Record - x1312 | ORD_00020003-ORD_00020004 | | | | | |
| 515 | | AT&T Subscriber Record - x7473 | ORD_00020003-ORD_00020004 | | | | | |
| 516 | | AT&T Subscriber Record x2046 | ORD_00020003-ORD_00020004 | | | | | |
| 517 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 517 | | AT&T Records re Text Messages | ORD_00020003-ORD_00020004 | | | | | |
| 518 | | Verizon Records re Jonathan Yioulos 917-685-1312 | ORD_00019935 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 519 | | Spreadsheet of Verizon Call Records re 585-737-1709 | ORD_00019935 | | | | | |
| 520 | | Record re [5530JD] Email Recovery ([C.R.]@gmail.com) | ORD_00019997-ORD_00020002 | | | | | |
| 521 | | Record re [PM] email recovery ([PM]@gmail.com) | ORD_00017711 | | | | | |
| 522 | | Google Voice record re 469-319-0152 | ORD_00019992-ORD_00019996 | | | | | |
| 523 | | Google Pay Record | ORD_00019962-ORD_00019976 | | | | | |
| 524 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 525 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | VCORP_00000001 | | | | | |
| 526 | | Email re: [5530JD] Invoice #7321116 for $15,000, dated 08.22.2018 | | | | | | |
| 527 | | Email re: [PM] Invoice #6540 for $15,312.50, dated 01.07.2019 | | | | | | |
| 528 | | Email re: [PM] Invoice #6775 for $15,250.00, dated 02.07.2019 | | | | | | |
| 529 | | Email re: [PM] Invoice #7004 for $11,250.00, dated 04.03.2019 | | | | | | |
| 530 | | Email re: [PM] Invoice #6910 for $30.150.00, dated 04.03.2019 | | | | | | |
| 531 | | Invoice re: [HS CPA] for $15,000.00 dated 08.08.2018 | | | | | | |
| 532 | | Invoice #7321116 re: [5530JD] for $15,000.00, dated 08.15.2018 | | | | | | |
| 533 | | Invoice #7321117 re: [5530JD] for $15,000.00, dated 08.31.2018 | | | | | | |
| 534 | | Invoice #7321119 re: [5530JD] for $15,000.00, dated 09.01.2018 | | | | | | |
| 535 | | Invoice #7321122 re: [5530JD] for $30,000.00, dated 11.01.2018 | | | | | | |
| 536 | | Invoice #79466 re: [MCG] for $30,000.00, dated 10.12.2018 | | | | | | |
| 537 | | Invoice #79487 re: [MCG] for $10,000.00, dated 10.30.2018 | | | | | | |
| 538 | | Invoice #79488 re: [MCG] for $30,000.00, dated 11.30.2018 | | | | | | |
| 539 | | Invoice #79489 re: [MCG] for $30,000.00, dated 11.30.2018 | | | | | | |
| 540 | | Invoice #79490 re: [MCG] for $25,000.00, dated 12.11.2018 | | | | | | |
| 541 | | Invoice #6516 re: [PM] for $21,250.00, due 12.07.2018 | | | | | | |
| 542 | | Invoice #6910 re: [PM] for $20,250.00, dated 03.18.2019 | | | | | | |
| 543 | | Invoice #6976 re: [PM] for $38,000.00, dated 03.28.2019 | | | | | | |
| 544 | | Invoice #7004 re: [PM] for $11,250.00, dated 04.03.2019 | | | | | | |
| 545 | | Invoice #7101 re: [PM] for $37,500.00, dated 04.08.2019 | | | | | | |
| 546 | | Invoice #7201 re: [PM] for $40,000.00, dated 05.13.2019 | | | | | | |
| 547 | | Invoice #7263 re: [PM] for $10,100.00, dated 05.30.2019 | | | | | | |
| 548 | | Invoice #7312 re: [PM] for $9,500.00, dated 06.14.2019 | | | | | | |
| 549 | | Invoice #6670 re: [PM] for $23,350.00, dated 01.11.2019 | | | | | | |
| 550 | | Invoice #6712 re: [PM] for $27,562.50, dated 01.18.2019 | | | | | | |
| 551 | | Invoice #6714 re: [PM] for $21,000.00, dated 01.23.2019 | | | | | | |
| 552 | | Invoice #6804 re: [PM] for $37,800.00, dated 03.04.2019 | | | | | | |
| 553 | | Invoice #6881 re: [PM] for $31,500.00, dated 03.14.2019 | | | | | | |
| 554 | | Invoice #7156 re: [PM] for $75,000.00, dated 04.29.2019 | | | | | | |
| 555 | | Invoice #7158 re: [PM] for $19,890.00, dated 04.29.2019 | | | | | | |
| 556 | | Invoice #7322 re: [PM] for $30,000.00, dated 06.27.2019 | | | | | | |
| 557 | | Signature Bank ACH Transaction re $20,250.00 to [PM], dated 03.18.2019 | SIG_00006978 | | | | | |
| 558 - 599 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 600 | | *James* Log (ECF #341-1), filed 12.05.2023 | | | | | | |
| 601 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry #1 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 602 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 2 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 603 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 3 | | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 604 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 4 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 605 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 5 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 606 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 6 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 607 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 7 | | | | | | |
| 608 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 8 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 609 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 9 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 610 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 10 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 611 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 11 | | | | | | |
| 612 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 12 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 613 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 13 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 614 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 14 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 615 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 15 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 616 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 16 | | | | | | |
| 617 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 17 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 618 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 18 | | | | | | |
| 619 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 19 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 620 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 20 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 621 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 21 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 622 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 22 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 623 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 23 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 624 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 24 | | | | | | |
| 625 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 25 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 626 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 26 | | | | | | |
| 627 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 27 | | | | | | |
| 628 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 28 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 629 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 29 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 630 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 30 | | | | | | |
| 631 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 31 | | | | | | |
| 632 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 32 | | | | | | |
| 633 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 33 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 634 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 34 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 635 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 35 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 636 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 36 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 637 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 37 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 638 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 38 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 639 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 39 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 640 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 40 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 641 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 41 | | | | | | |
| 642 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 42 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 643 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 43 | | | | | | |
| 644 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 44 | | | | | | |
| 645 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 45 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 646 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 46 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 647 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 47 | SW_FIL_00011401 - SW_FIL_00011407 | | | | | |
| 648 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 48 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 649 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 49 | SW_FIL_00011401 - SW_FIL_00011407 | | | | | |
| 650 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 50 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 651 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 51 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 652 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 52 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 653 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 53 | | | | | | |
| 654 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 54 | VCORP_0000001 | | | | | |
| 655 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 55 | VCORP_0000001 | | | | | |
| 656 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 56 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 657 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 57 | | | | | | |
| 658 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 58 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 659 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 59 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 660 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 60 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 661 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 61 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 662 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 62 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 663 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 63 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 664 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 64 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 665 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 65 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 666 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 66 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 667 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 67 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 668 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 68 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 669 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 69 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 670 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 70 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 671 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 71 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 672 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 72 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 673 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 73 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 674 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 74 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 675 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 75 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 676 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 76 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 677 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 77 | | | | | | |
| 678 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 78 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 679 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 79 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 680 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 80 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 681 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 81 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 682 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 82 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 683 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 83 | | | | | | |
| 684 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 84 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 685 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 85 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 686 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 86 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 687 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 87 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 688 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 88 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 689 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 89 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 690 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 90 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 691 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 91 | | | | | | |
| 692 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 92 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 693 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 93 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 694 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 94 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 695 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 95 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 696 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 96 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 697 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 97 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 698 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 98 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 699 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 99 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 700 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 100 | | | | | | |
| 701 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 101 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 702 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 102 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 703 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 103 | SW_FIL_000011557 - SW_FIL_00011561 | | | | | |
| 704 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 104 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 705 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 105 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 706 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 106 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 707 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 107 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 708 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 108 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 709 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 109 | | | | | | |
| 710 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 110 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 711 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 111 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 712 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 112 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 713 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 113 | | | | | | |
| 714 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 114 | | | | | | |
| 715 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 115 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 716 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 116 | | | | | | |
| 717 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 117 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 718 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 118 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 719 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 119 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 720 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 120 | | | | | | |
| 721 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 121 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 722 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 122 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 723 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 123 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 724 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 124 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 725 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 125 | | | | | | |
| 726 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 126 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 727 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 127 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 728 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 128 | | | | | | |
| 729 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 129 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 730 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 130 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 731 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 131 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 732 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 132 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 733 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 133 | | | | | | |
| 734 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 134 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 735 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 135 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 736 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 136 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 737 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 137 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 738 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 138 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 739 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 139 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 740 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 140 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 741 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 141 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 742 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 142 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 743 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 143 | | | | | | |
| 744 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 144 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 745 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 145 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 746 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 146 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 747 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 147 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 748 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 148 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 749 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 149 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 750 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 150 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 751 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 151 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 752 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 152 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 753 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 153 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 754 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 154 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 755 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 155 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 756 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 156 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 757 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 157 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 758 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 158 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 759 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 159 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 760 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 160 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 761 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 161 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 762 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 162 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 763 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 163 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 764 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 164 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 765 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 165 | | | | | | |
| 766 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 166 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 767 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 167 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 768 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 168 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 769 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 169 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 770 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 170 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 771 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 171 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 772 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 172 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 773 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 173 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 774 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 174 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 775 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 175 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 776 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 176 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 777 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 177 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 778 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 178 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 779 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 179 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 780 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 180 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 781 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 181 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 782 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 182 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 783 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 183 | | | | | | |
| 784 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 184 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 785 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 185 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 786 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 186 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 787 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 187 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 788 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 188 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 789 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 189 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 790 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 190 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 791 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 191 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 792 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 192 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 793 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 193 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 794 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 194 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 795 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 195 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 796 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 196 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 797 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 197 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 798 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 198 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 799 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 199 | VCORP_00000001 | | | | | |
| 800 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 200 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 801 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 201 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 802 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 202 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 803 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 203 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 804 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 204 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 805 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 205 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 806 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 206 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 807 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 207 | VCORP_00000001 | | | | | |
| 808 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 208 | VCORP_00000001 | | | | | |
| 809 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 209 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 810 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 210 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 811 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 211 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 812 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 212 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 813 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 213 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 814 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 214 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 815 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 215 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 816 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 216 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 817 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 217 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 818 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 218 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 819 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 219 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 820 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 220 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 821 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 221 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 822 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 222 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 823 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 223 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 824 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 224 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 825 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 225 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-----------------|-------------|---------|----------|---------|----------------|
| 826 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 226 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 827 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 227 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 828 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 228 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 829 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 229 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 830 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 230 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 831 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 231 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 832 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 232 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 833 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 233 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 834 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 234 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 835 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 235 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 836 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 236 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 837 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 237 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 838 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 238 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 839 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 239 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 840 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 240 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 841 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 241 | | | | | | |
| 842 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 242 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 843 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 243 | | | | | | |
| 844 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 244 | | | | | | |
| 845 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 245 | | | | | | |
| 846 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 246 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 847 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 247 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 848 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 248 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 849 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 249 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 850 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 250 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 851 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 251 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 852 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 252 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 853 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 253 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 854 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 254 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 855 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 255 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 856 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 256 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 857 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 257 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 858 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 258 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 859 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 259 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 860 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 260 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 861 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 261 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 862 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 262 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 863 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 263 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 864 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 264 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 865 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 265 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 866 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 266 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 867 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 267 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 868 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 268 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 869 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 269 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 870 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 270 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 871 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 271 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 872 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 272 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 873 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 273 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 874 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 274 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 875 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 275 | | | | | | |
| 876 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 276 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 877 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 277 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 878 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 278 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 879 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 279 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 880 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 280 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 881 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 281 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 882 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 282 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 883 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 283 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 884 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 284 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 885 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 285 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 886 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 286 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 887 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 287 | | | | | | |
| 888 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 288 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 889 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 289 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 890 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 290 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 891 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 291 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 892 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 292 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 893 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 293 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 894 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 294 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 895 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 295 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 896 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 296 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 897 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 297 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 898 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 298 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 899 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 299 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 900 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 300 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 901 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 301 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 902 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 302 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 903 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 303 | | | | | | |
| 904 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 304 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 905 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 305 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 906 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 306 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 907 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 307 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 908 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 308 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 909 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 309 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 910 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 310 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 911 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 311 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 912 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 312 | | | | | | |
| 913 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 313 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 914 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 314 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 915 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 315 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 916 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 316 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 917 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 317 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-----------------|-------------|---------|----------|---------|----------------|
| 918 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 318 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 919 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 319 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 920 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 320 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 921 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 321 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 922 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 322 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 923 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 323 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 924 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 324 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 925 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 325 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 926 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 326 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 927 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 327 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 928 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 328 | | | | | | |
| 929 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 329 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 930 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 330 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 931 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 331 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 932 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 332 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 933 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 333 | | | | | | |
| 934 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 334 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 935 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 335 | | | | | | |
| 936 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 336 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 937 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 337 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 938 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 338 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 939 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 339 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 940 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 340 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 941 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 341 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 942 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 342 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 943 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 343 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 944 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 344 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 945 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 345 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 946 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 346 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 947 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 347 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 948 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 348 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 949 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 349 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 950 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 350 | | | | | | |
| 951 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 351 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 952 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 352 | | | | | | |
| 953 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 353 | | | | | | |
| 954 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 354 | | | | | | |
| 955 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 355 | | | | | | |
| 956 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 356 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 957 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 357 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 958 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 358 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 959 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 359 | | | | | | |
| 960 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 360 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 961 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 361 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 962 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 362 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 963 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 363 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 964 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 364 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 965 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 365 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 966 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 366 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 967 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 367 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 968 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 368 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 969 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 369 | | | | | | |
| 970 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 370 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 971 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 371 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 972 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 372 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 973 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 373 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 974 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 374 | N/A | | | | | |
| 975 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 375 | N/A | | | | | |
| 976 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 376 | N/A | | | | | |
| 977 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 978 | | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | | | | | | |
| 979 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 980 | | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 981 | | Email re Lilky Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 982 | | Email re Lilky Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 983 | | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 984 | | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 985 | | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | | | | | | |
| 986 | | Invoice #001 re: Kimberley Tew for $10,000.00, dated 02.08.2018 | | | | | | |
| 987 | | Transcript of 07.07.2020 consensual call | | | | | | |
| 988 | | Transcript of 07.08.2020 consensual call | | | | | | |
| 989 - 1000 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 1001 | | Account Owners and Signors for Relevant Bank Accounts | | | | | | |
| 1002 | | Payments of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | | |
| 1003 | | Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | | |
| 1004 | | Summary of [HS CPA], [MCG], and [5530JD] Invoices and Payments | | | | | | |
| 1005 | | Summary of [PM] Invoices and Payments | | | | | | |
| 1006 | | Summary of Global Fuel Logistics Invoices and Payments | | | | | | |
| 1007 | | Summary of Aero Maintenance Resources Invoices and Payments | | | | | | |
| 1008 - 1099 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 1100 | | Certificate of Authenticity for Atlantic Union Bank | | | | | | |
| 1101 | | Certificate of Authenticity for ANB Bank | | | | | | |
| 1102 | | Certificate of Authenticity for ANB Bank | | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 1103 | | Certificate of Authenticity for BBVA | | | | | | |
| 1104 | | Certificate of Authenticity for BBVA | | | | | | |
| 1105 | | Certificate of Authenticity for Guaranty Bank and Trust Company | | | | | | |
| 1106 | | Certificate of Authenticity for Kraken | | | | | | |
| 1107 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | | |
| 1108 | | Certificate of Authenticity for GoDaddy | | | | | | |
| 1109 | | Certificate of Authenticity for Google | | | | | | |
| 1110 | | Certificate of Authenticity for Verizon | | | | | | |
| 1111 | | Certificate of Authenticity for Regions Bank | | | | | | |
| 1112 | | Certificate of Authenticity for Simple Finance Technology Corp | | | | | | |
| 1113 | | Certificate of Authenticity for Signature Bank | | | | | | |
| 1114 | | Certificate of Authenticity for Google | | | | | | |
| 1115 | | Certificate of Authenticity for Apple | | | | | | |
| 1116 | | Certificate of Authenticity for Google | | | | | | |
| 1117 | | Certificate of Authenticity for Google | | | | | | |
| 1118 | | Certificate of Authenticity for Vcorp | | | | | | |
| 1119 | | Certificate of Authenticity for Wells Fargo Bank | | | | | | |
| 1120 | | Certificate of Authenticity for Wells Fargo Bank | | | | | | |
| 1121 | | Certificate of Authenticity for Wynn Las Vegas | | | | | | |
| 1122 | | Certificate of Authenticity for Google | | | | | | |
| 1123 | | Certificate of Authenticity for Google | | | | | | |
| 1124 | | Certificate of Authenticity for Google | | | | | | |
| 1125 | | Certificate of Authenticity for Google | | | | | | |
| 1126 | | Certificate of Authenticity for Google | | | | | | |
| 1127 | | Certificate of Authenticity for AT&T | | | | | | |
| 1128 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### Judge Daniel D. Domenico

Case No.  20-cr-00305-DDD                    Date: December 19, 2023

Case Title: United States of America v. Tew, et al.

## GOVERNMENT'S WITNESS LIST

| WITNESS | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|
| Special Agent Lisa Palmer, Internal Revenue Service | 3 hours |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

      Defendant.

---

## NOTICE OF APPEARANCE OF COUNSEL

---

Jamie Hubbard of the law firm Stimson LaBranche Hubbard, LLC, hereby enters her appearance as Criminal Justice Act counsel on behalf of Defendant Kimberley Ann Tew in the above-captioned matter. Pursuant to D.C.COLO.L.AttyR. 5(a)(3)(C), undersigned counsel certifies that she is a member in good standing of the bar of this court.

Dated: December 20, 2023.

      Respectfully submitted,


      *s/ Jamie Hubbard*

      Jamie Hubbard
      STIMSON LABRANCHE HUBBARD, LLC
      1652 Downing Street
      Denver, CO 80218
      Phone: 720.689.8909
      Email: hubbard@slhlegal.com

      *Attorney for Kimberley Ann Tew*

**Certificate of Service**

I certify that on December 20, 2023, I electronically filed the foregoing *Notice of Appearance of Counsel* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

*s/ Brenda Rodriguez*
Brenda Rodriguez

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE DANIEL D. DOMENICO**

Criminal Case No.: 1:20-cr-00305-DDD       Date:  December 18, 2023
Courtroom Deputy: Robert R. Keech          Court Reporter: Tammy Hoffschildt
Probation Officer:   N/A

| | |
|---|---|
| _Parties:_ | _Counsel:_ |
| UNITED STATES OF AMERICA, | Bryan D. Fields |
| | Sarah H. Weiss |
| Plaintiff, | |
| v. | |
| 1. MICHAEL AARON TEW, and | Jason D. Schall |
| 2. KIMBERLEY ANN TEW, | David S. Kaplan |
| Defendants. | |

---

**COURTROOM MINUTES**

---

**JAMES HEARING**

**9:37 a.m.**    Court in session. Defendants present, on bond.

Appearances of counsel.

Court's opening remarks.

9:42 a.m.    Discussion regarding protocol for this hearing.

| 9:48 a.m. | Government's witness **Lisa Ann Palmer** sworn. |

Direct examination by Government by Mr. Fields.
***Exhibit(s) identified:*** ***600, 606, 633, 636, 659, 679, 685, 693, 707, 708, 756, 303, 515, 606, 601, 602, 605, 609, 614, 612, 614, 621, 623, 625, 628, 639, 640, 645, 646, 662, 665, 670, 673, 676, 678, 681, 682, 689, 690, 907, 708, 619, 628, 636, 635, 718, 717, 885, 901, 847, 46, 803, 847, 884, 886, 901, 898, 225, 776, 792, 797, 798, 809, 810, 819, 824, 834, 835, 836, 846, 847, 850, 852, 855, 859, 868, 870, 871, 872, 920, 923, 924, 505, 878, 647, 1004, 804, 752***

**11:08 a.m.**   **Court in recess.**

**11:20 a.m.**   **Court in session.**

Government's witness **Lisa Ann Palmer** resumes.

11:20 a.m.   Direct examination by Government continues by Mr. Fields.
***Exhibit(s) identified:*** ***829, 673, 968, 971, 972, 973, 522, 760, 938, 971, 975, 988, 976***

11:44 a.m.   Cross examination by Defendant Michael Aaron Tew by Mr. Schall.

12:19 p.m.   Cross examination by Defendant Kimberley Ann Tew by Mr. Kaplan.

12:29 p.m.   Re-direct examination by Government by Mr. Fields.
***Exhibit(s) identified:*** ***613, 809, 1115***

**12:35 p.m.**   **Court in recess.**

**1:12 p.m.**   **Court in session.**

1:12 p.m.   Government rests.

1:13 p.m.   Argument by Government by Mr. Fields.

1:47 p.m.   Argument by Defendant Michael Aaron Tew by Mr. Schall.

1:54 p.m.   Argument by Defendant Kimberley Ann Tew by Mr. Kaplan.

**ORDERED:**   James Proffer is **TAKEN UNDER ADVISEMENT.**

Government's Motion in Limine is raised for argument.

1:57 p.m.      Argument by Defendant Michael Aaron Tew by Mr. Schall.

1:58 p.m.      Argument by Defendant Kimberley Ann Tew by Mr. Kaplan.

1:59 p.m.      Argument by Government by Mr. Fields.

**ORDERED:**   [344] Government's Motion in Limine for Ruling that Certain Exhibits are Authentic and Covered by Business-Records Exception to the Hearsay Rule (ECF No. 344) is **DEFERRED.**

**ORDERED:**   Defendants shall file responses to [344] Government's Motion in Limine for Ruling that Certain Exhibits are Authentic and Covered by Business-Records Exception to the Hearsay Rule not later than **Friday, December 22, 2023.**

[348] Defendant's Motion in Limine for Preliminary Ruling on Defendant Michael Tew's Post-Trial Release is raised for argument.

2:03 p.m.      Argument by Defendant Michael Aaron Tew by Mr. Schall.

**ORDERED:**   [348] Defendant's Motion in Limine for Preliminary Ruling on Defendant Michael Tew's Post-Trial Release is **DEFERRED.**

Court's closing remarks to counsel and parties.

**ORDERED:**   Bond is **CONTINUED** as to Defendants Michael Aaron Tew and Kimberley Ann Tew.

**2:09 p.m.**      **Court in recess. <u>Hearing concluded. Total time:   3:43</u>**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

### Judge Daniel D. Domenico

Case No. 20-cr-00305-DDD                 Date: December 19, 2023

Case Title: United States of America v. Tew, et al.

## GOVERNMENT'S WITNESS LIST

| WITNESS | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|
| Special Agent Lisa Palmer, Internal Revenue Service | ① 12/19/23, 9:48 3 hours |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Case No. 20-cr-00305-DDD

Case Title: United States of America v. Tew et al.

**GOVERNMENT'S EXHIBIT LIST**

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 1 - 10 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 11 | | Signature Bank ACH Transaction re $11,250 to [PM], dated 04.03.2019 | SIG_00006978 | | | | | |
| 12 - 45 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 46 | Palmer | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 47 - 209 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 210 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 211 - 212 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 213 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 08.31.2019 | WFB_00000144-WFB_00000146 | | | | | |
| 214 - 224 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 225 | Palmer | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 226 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 227 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 228 - 229 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 230 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | WFB_00000144-WFB_00000146 | | | | | |
| 231 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 232 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 233 - 241 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 242 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2019-06.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 243 - 245 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 246 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 247 -249 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 250 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, dated 10.31.2019 | WFB_00000144-WFB_00000146 | | | | | |
| 251 - 301 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 302 | | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | GUAR_00000001 | | | | | |
| 303 | | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | NAVY_00002211-NAVY_00002212 | | | | | |
| 304 | | Navy Federal Credit Union Application re Global Fuel Logistics | NAVY_00002211-NAVY_00002212 | | | | | |
| 305 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 306 | | Wells Fargo Bank Signature Card re Account x6934 Sand Hill, LLC | WFB_00000144-WFB_00000146 | | | | | |
| 307 | | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | WFB_00000144-WFB_00000146 | | | | | |
| 308 - 311 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 312 | | Access National Bank Statement re Account x5965 [PM] Inc., statement period 12.01.2018-12.31.2018 | ACNB_00000101 | | | | | |
| 313 | | Simple Signature Card for Kimberley Tew | SFT_00000001 | | | | | |
| 314 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 315 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |

1 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 316 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 317 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 318 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 319 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 320 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 321 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 322 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 323 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 324 - 327 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 328 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 329 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 330 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 331 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 332 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 333 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 334 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 335 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 336 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 337 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | WFB_00001054-WFB_00001058 | | | | | |
| 338 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 09.30.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 339 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 10.31.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 340 | | Wells Fargo Bank Statement re Account x6934 Sand Hill, LLC, dated 12.31.2019 | WFB_00001054-WFB_00001058 | | | | | |
| 341 - 355 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 356 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00002211-NAVY_00002212 | | | | | |
| 357 - 377 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 378 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 379 - 380 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 381 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | NAVY_000000002; NAVY_00000003 | | | | | |
| 382 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, statement period 06.01.2019-06.30.2019 | WFB_00000144-WFB_00000146 | | | | | |
| 383 | | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | SIG_00006978 | | | | | |
| 384 - 392 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 393 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 394 | | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | NAVY_000000002; NAVY_00000003 | | | | | |
| 395 | | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 396 | | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 397 | | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 398 | | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 399 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 400 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 401 | | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 402 | | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 403 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | NAVY_00002211-NAVY_00002212 | | | | | |

2 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 404 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 405 | | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 406 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 407 | | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 408 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 409 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 410 | | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 411 | | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 412 | | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 413 | | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 414 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00002211-NAVY_00002212 | | | | | |
| 415 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 416 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 417 | | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 418 | | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 419 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 420 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 421 | | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 422 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | NAVY_00002211-NAVY_00002212 | | | | | |
| 423 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 424 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 425 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | NAVY_00002211-NAVY_00002212 | | | | | |
| 426 | | Navy Federal Credit Union Surveillance Photo, dated 03.27.2020 | NAVY_00002211-NAVY_00002212 | | | | | |
| 427 - 499 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 500 | | Kraken Opening Documents | KRKN_00000001 | | | | | |
| 501 | | Kraken Opening Documents | KRKN_00000001 | | | | | |
| 502 | | Coinbase profile image records for Michael Tew | | | | | | |
| 503 | | Coinbase profile image records for Kimberley Tew | | | | | | |
| 504 | | PayPal Account Record | | | | | | |
| 505 | Palmer | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | | | | | | |
| 506 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 507 | | Wynn Jackpot Report | WYNN_0000002 | | | | | |
| 508 | | Wynn Loss Summary | WYNN_0000002 | | | | | |
| 509 | | Wynn Folio | WYNN_0000002 | | | | | |
| 510 | | Wynn Record | WYNN_0000002 | | | | | |
| 511 | | Wynn Las Vegas Hotel stay record re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | WYNN_0000002 | | | | | |
| 512 | | GoDaddy Records re Domain Name "Global Fuel.Co" | ORD_00010742 | | | | | |
| 513 | | GoDaddy Records re Domain Name "Sandhillrp.com" | ORD_00010742 | | | | | |
| 514 | | AT&T Subscriber Record - x1312 | ORD_00020003-ORD_00020004 | | | | | |
| 515 | | AT&T Subscriber Record - x7473 | ORD_00020003-ORD_00020004 | | | | | |
| 516 | | AT&T Subscriber Record x2046 | ORD_00020003-ORD_00020004 | | | | | |
| 517 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 517 | | AT&T Records re Text Messages | ORD_00020003-ORD_00020004 | | | | | |
| 518 | | Verizon Records re Jonathan Yioulos 917-685-1312 | ORD_00019935 | | | | | |

3 of 21

847

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 519 | | Spreadsheet of Verizon Call Records re 585-737-1709 | ORD_00019935 | | | | | |
| 520 | | Record re [5530JD] Email Recovery ([C.R.]@gmail.com) | ORD_00019997-ORD_00020002 | | | | | |
| 521 | | Record re [PM] email recovery ([PM]@gmail.com) | ORD_00017711 | | | | | |
| 522 | Palmer | Google Voice record re 469-319-0152 | ORD_00019992-ORD_00019996 | | | | | |
| 523 | | Google Pay Record | ORD_00019962-ORD_00019976 | | | | | |
| 524 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 525 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | VCORP_00000001 | | | | | |
| 526 | | Email re: [5530JD] Invoice #7321116 for $15,000, dated 08.22.2018 | | | | | | |
| 527 | | Email re: [PM] Invoice #6540 for $15,312.50, dated 01.07.2019 | | | | | | |
| 528 | | Email re: [PM] Invoice #6775 for $15,250.00, dated 02.07.2019 | | | | | | |
| 529 | | Email re: [PM] Invoice #7004 for $11,250.00, dated 02.07.2019 | | | | | | |
| 530 | | Email re: [PM] Invoice #6910 for $30,150.00, dated 04.03.2019 | | | | | | |
| 531 | | Invoice re: [HS CPA] for $15,000.00 dated 08.08.2018 | | | | | | |
| 532 | | Invoice #7321116 re: [5530JD] for $15,000.00, dated 08.15.2018 | | | | | | |
| 533 | | Invoice #7321117 re: [5530JD] for $15,000.00, dated 08.31.2018 | | | | | | |
| 534 | | Invoice #7321119 re: [5530JD] for $15,000.00, dated 09.01.2018 | | | | | | |
| 535 | | Invoice #7321122 re: [5530JD] for $30,000.00, dated 11.01.2018 | | | | | | |
| 536 | | Invoice #79466 re: [MCG] for $30,000.00, dated 10.12.2018 | | | | | | |
| 537 | | Invoice #79487 re: [MCG] for $10,000.00, dated 10.30.2018 | | | | | | |
| 538 | | Invoice #79488 re: [MCG] for $30,000.00, dated 11.30.2018 | | | | | | |
| 539 | | Invoice #79489 re: [MCG] for $30,000.00, dated 11.30.2018 | | | | | | |
| 540 | | Invoice #79490 re: [MCG] for $25,000.00, dated 12.11.2018 | | | | | | |
| 541 | | Invoice #6516 re: [PM] for $21,250.00, due 12.07.2018 | | | | | | |
| 542 | | Invoice #6910 re: [PM] for $20,250.00, dated 03.18.2019 | | | | | | |
| 543 | | Invoice #6976 re: [PM] for $38,000.00, dated 03.28.2019 | | | | | | |
| 544 | | Invoice #7004 re: [PM] for $11,250.00, dated 04.03.2019 | | | | | | |
| 545 | | Invoice #7101 re: [PM] for $37,500.00, dated 04.08.2019 | | | | | | |
| 546 | | Invoice #7201 re: [PM] for $40,000.00, dated 05.13.2019 | | | | | | |
| 547 | | Invoice #7263 re: [PM] for $10,100.00, dated 05.30.2019 | | | | | | |
| 548 | | Invoice #7312 re: [PM] for $9,500.00, dated 06.14.2019 | | | | | | |
| 549 | | Invoice #6670 re: [PM] for $23,350.00, dated 01.11.2019 | | | | | | |
| 550 | | Invoice #6712 re: [PM] for $27,562.50, dated 01.18.2019 | | | | | | |
| 551 | | Invoice #6714 re: [PM] for $21,000.00, dated 01.23.2019 | | | | | | |
| 552 | | Invoice #6804 re: [PM] for $37,800.00, dated 03.04.2019 | | | | | | |
| 553 | | Invoice #6881 re: [PM] for $31,500.00, dated 03.14.2019 | | | | | | |
| 554 | | Invoice #7156 re: [PM] for $75,000.00, dated 04.29.2019 | | | | | | |
| 555 | | Invoice #7158 re: [PM] for $19,890.00, dated 04.29.2019 | | | | | | |
| 556 | | Invoice #7322 re: [PM] for $30,000.00, dated 06.27.2019 | | | | | | |
| 557 | | Signature Bank ACH Transaction re $20,250.00 to [PM], dated 03.18.2019 | SIG_00006978 | | | | | |
| 558 - 599 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 600 | Palmer | James Log (ECF #341-1), filed 12.05.2023 | | * | | | | |
| 601 | Palmer | Communication in Furtherance of Conspiracy Described in James Log Entry #1 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 602 | Palmer | Communication in Furtherance of Conspiracy Described in James Log Entry # 2 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 603 | | Communication in Furtherance of Conspiracy Described in James Log Entry # 3 | | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-----------------|-------------|---------|----------|---------|----------------|
| 604 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 4 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 605 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 5 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 606 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 6 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 607 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 7 | | | | | | |
| 608 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 8 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 609 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 9 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 610 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 10 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 611 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 11 | | | | | | |
| 612 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 12 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 613 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 13 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 614 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 14 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 615 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 15 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 616 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 16 | | | | | | |
| 617 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 17 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 618 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 18 | | | | | | |
| 619 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 19 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 620 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 20 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 621 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 21 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 622 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 22 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 623 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 23 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 624 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 24 | | | | | | |
| 625 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 25 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 626 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 26 | | | | | | |
| 627 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 27 | | | | | | |
| 628 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 28 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 629 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 29 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 630 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 30 | | | | | | |
| 631 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 31 | | | | | | |
| 632 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 32 | | | | | | |
| 633 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 33 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 634 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 34 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 635 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 35 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

5 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 636 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 36 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 637 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 37 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 638 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 38 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 639 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 39 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 640 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 40 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 641 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 41 | | | | | | |
| 642 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 42 | SW_FIL_00000094 - SW_FIL_00000099 | | | | | |
| 643 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 43 | | | | | | |
| 644 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 44 | | | | | | |
| 645 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 45 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 646 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 46 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 647 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 47 | SW_FIL_00011401 - SW_FIL_00011407 | | | | | |
| 648 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 48 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 649 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 49 | SW_FIL_00011401 - SW_FIL_00011407 | | | | | |
| 650 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 50 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 651 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 51 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 652 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 52 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 653 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 53 | | | | | | |
| 654 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 54 | VCORP_0000001 | | | | | |
| 655 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 55 | VCORP_0000001 | | | | | |
| 656 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 56 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 657 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 57 | | | | | | |
| 658 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 58 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 659 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 59 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 660 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 60 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 661 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 61 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 662 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 62 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

6 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 663 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 63 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 664 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 64 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 665 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 65 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 666 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 66 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 667 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 67 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 668 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 68 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 669 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 69 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 670 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 70 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 671 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 71 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 672 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 72 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 673 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 73 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 674 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 74 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 675 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 75 | SW_FIL_00000094-SW_FIL_00000099 | | | | | |
| 676 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 76 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 677 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 77 | | | | | | |
| 678 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 78 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 679 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 79 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 680 | Fi | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 80 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 681 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 81 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 682 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 82 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 683 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 83 | | | | | | |
| 684 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 84 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 685 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 85 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 686 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 86 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 687 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 87 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-----------------|-------------|---------|----------|---------|----------------|
| 688 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 88 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 689 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 89 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 690 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 90 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 691 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 91 | | | | | | |
| 692 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 92 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 693 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 93 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 694 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 94 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 695 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 95 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 696 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 96 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 697 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 97 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 698 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 98 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 699 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 99 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 700 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 100 | | | | | | |
| 701 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 101 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 702 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 102 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 703 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 103 | SW_FIL_000011557 - SW_FIL_00011561 | | | | | |
| 704 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 104 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 705 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 105 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 706 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 106 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 707 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 107 | SW_FIL_00008530- SW_FIL_000008531 | . | | | | |
| 708 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 108 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 709 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 109 | | | | | | |
| 710 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 110 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

8 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 711 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 111 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 712 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 112 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 713 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 113 | | | | | | |
| 714 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 114 | | | | | | |
| 715 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 115 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 716 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 116 | | | | | | |
| 717 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 117 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 718 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 118 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 719 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 119 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 720 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 120 | | | | | | |
| 721 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 121 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 722 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 122 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 723 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 123 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 724 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 124 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 725 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 125 | | | | | | |
| 726 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 126 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 727 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 127 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 728 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 128 | | | | | | |
| 729 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 129 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 730 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 130 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 731 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 131 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 732 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 132 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 733 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 133 | | | | | | |
| 734 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 134 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 735 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 135 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 736 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 136 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 737 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 137 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 738 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 138 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 739 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 139 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 740 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 140 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 741 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 141 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 742 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 142 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 743 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 143 | | | | | | |
| 744 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 144 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 745 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 145 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 746 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 146 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 747 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 147 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 748 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 148 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 749 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 149 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 750 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 150 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 751 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 151 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 752 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 152 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 753 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 153 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 754 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 154 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 755 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 155 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 756 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 156 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 757 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 157 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

10 of 21

854

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 758 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 158 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 759 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 159 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 760 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 160 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 761 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 161 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 762 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 162 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 763 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 163 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 764 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 164 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 765 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 165 | | | | | | |
| 766 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 166 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 767 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 167 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 768 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 168 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 769 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 169 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 770 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 170 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 771 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 171 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 772 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 172 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 773 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 173 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 774 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 174 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 775 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 175 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 776 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 176 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 777 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 177 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 778 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 178 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 779 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 179 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

11 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 780 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 180 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 781 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 181 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 782 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 182 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 783 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 183 | | | | | | |
| 784 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 184 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 785 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 185 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 786 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 186 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 787 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 187 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 788 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 188 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 789 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 189 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 790 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 190 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 791 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 191 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 792 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 192 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 793 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 193 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 794 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 194 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 795 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 195 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 796 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 196 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 797 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 197 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 798 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 198 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 799 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 199 | VCORP_00000001 | | | | | |
| 800 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 200 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 801 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 201 | SW_FIL_00011557 - SW_FIL_00011561 | | | | | |
| 802 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 202 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |

12 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 803 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 203 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 804 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 204 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 805 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 205 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 806 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 206 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 807 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 207 | VCORP_00000001 | | | | | |
| 808 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 208 | VCORP_00000001 | | | | | |
| 809 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 209 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 810 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 210 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 811 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 211 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 812 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 212 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 813 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 213 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 814 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 214 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 815 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 215 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 816 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 216 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 817 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 217 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 818 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 218 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 819 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 219 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 820 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 220 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 821 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 221 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 822 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 222 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 823 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 223 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 824 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 224 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |
| 825 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 225 | SW_FIL_00008530-SW_FIL_000008531 | | | | | |

13 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 826 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 226 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 827 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 227 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 828 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 228 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 829 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 229 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 830 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 230 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 831 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 231 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 832 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 232 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 833 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 233 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 834 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 234 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 835 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 235 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 836 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 236 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 837 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 237 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 838 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 238 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 839 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 239 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 840 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 240 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 841 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 241 | | | | | | |
| 842 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 242 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 843 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 243 | | | | | | |
| 844 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 244 | | | | | | |
| 845 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 245 | | | | | | |
| 846 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 246 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 847 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 247 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 848 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 248 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 849 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 249 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

14 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 850 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 250 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 851 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 251 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 852 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 252 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 853 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 253 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 854 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 254 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 855 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 255 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 856 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 256 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 857 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 257 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 858 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 258 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 859 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 259 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 860 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 260 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 861 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 261 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 862 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 262 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 863 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 263 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 864 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 264 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 865 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 265 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 866 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 266 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 867 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 267 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 868 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 268 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 869 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 269 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 870 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 270 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 871 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 271 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

15 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 872 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 272 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 873 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 273 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 874 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 274 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 875 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 275 | | | | | | |
| 876 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 276 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 877 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 277 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 878 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 278 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 879 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 279 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 880 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 280 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 881 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 281 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 882 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 282 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 883 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 283 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 884 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 284 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 885 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 285 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 886 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 286 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 887 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 287 | | | | | | |
| 888 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 288 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 889 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 289 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 890 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 290 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 891 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 291 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 892 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 292 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 893 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 293 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 894 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 294 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

16 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 895 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 295 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 896 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 296 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 897 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 297 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 898 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 298 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 899 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 299 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 900 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 300 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 901 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 301 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 902 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 302 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 903 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 303 | | | | | | |
| 904 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 304 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 905 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 305 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 906 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 306 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 907 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 307 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 908 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 308 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 909 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 309 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 910 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 310 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 911 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 311 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 912 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 312 | | | | | | |
| 913 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 313 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 914 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 314 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 915 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 315 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 916 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 316 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 917 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 317 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 918 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 318 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 919 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 319 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 920 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 320 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 921 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 321 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 922 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 322 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 923 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 323 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 924 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 324 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 925 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 325 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 926 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 326 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 927 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 327 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 928 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 328 | | | | | | |
| 929 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 329 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 930 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 330 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 931 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 331 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 932 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 332 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 933 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 333 | | | | | | |
| 934 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 334 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 935 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 335 | | | | | | |
| 936 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 336 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 937 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 337 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 938 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 338 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 939 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 339 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 940 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 340 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |

18 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 941 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 341 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 942 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 342 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 943 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 343 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 944 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 344 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 945 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 345 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 946 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 346 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 947 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 347 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 948 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 348 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 949 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 349 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 950 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 350 | | | | | | |
| 951 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 351 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 952 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 352 | | | | | | |
| 953 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 353 | | | | | | |
| 954 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 354 | | | | | | |
| 955 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 355 | | | | | | |
| 956 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 356 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 957 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 357 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 958 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 358 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 959 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 359 | | | | | | |
| 960 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 360 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 961 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 361 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 962 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 362 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 963 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 363 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 964 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 364 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |
| 965 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 365 | SW_FIL_00008530- SW_FIL_00008531 | | | | | |

19 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|---|
| 966 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 366 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 967 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 367 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 968 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 368 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 969 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 369 | | | | | | |
| 970 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 370 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 971 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 371 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 972 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 372 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 973 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 373 | SW_FIL_00008530- SW_FIL_000008531 | | | | | |
| 974 | | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 374 | N/A | | | | | |
| 975 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 375 | N/A | | | | | |
| 976 | Palmer | Communication in Furtherance of Conspiracy Described in *James* Log Entry # 376 | N/A | | | | | |
| 977 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 978 | | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | | | | | | |
| 979 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 980 | | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 981 | | Email re Lilky Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 982 | | Email re Lilky Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 983 | | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 984 | | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | SW_FIL_00011402 - SW_FIL_00011407 | | | | | |
| 985 | | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | | | | | | |
| 986 | | Invoice #001 re: Kimberley Tew for $10,000.00, dated 02.08.2018 | | | | | | |
| 987 | Palmer | Transcript of 07.07.2020 consensual call | | | | | | |
| 988 | Palmer | Transcript of 07.08.2020 consensual call | | | | | | |
| 989 - 1000 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 1001 | | Account Owners and Signors for Relevant Bank Accounts | | | | | | |
| 1002 | | Payments of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | | |
| 1003 | | Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | | |
| 1004 | Palmer | Summary of [HS CPA], [MCG], and [5530JD] Invoices and Payments | | | | | | |
| 1005 | | Summary of [PM] Invoices and Payments | | | | | | |
| 1006 | | Summary of Global Fuel Logistics Invoices and Payments | | | | | | |
| 1007 | | Summary of Aero Maintenance Resources Invoices and Payments | | | | | | |
| 1008 - 1099 | | INTENTIONALLY LEFT BLANK | | | | | | |
| 1100 | | Certificate of Authenticity for Atlantic Union Bank | | | | | | |
| 1101 | | Certificate of Authenticity for ANB Bank | | | | | | |
| 1102 | | Certificate of Authenticity for ANB Bank | | | | | | |

20 of 21

| Exhibit | Witness | Brief Description | 902 Declaration | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-----------------|-------------|---------|----------|---------|----------------|
| 1103 | | Certificate of Authenticity for BBVA | | | | | | |
| 1104 | | Certificate of Authenticity for BBVA | | | | | | |
| 1105 | | Certificate of Authenticity for Guaranty Bank and Trust Company | | | | | | |
| 1106 | | Certificate of Authenticity for Kraken | | | | | | |
| 1107 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | | |
| 1108 | | Certificate of Authenticity for GoDaddy | | | | | | |
| 1109 | | Certificate of Authenticity for Google | | | | | | |
| 1110 | | Certificate of Authenticity for Verizon | | | | | | |
| 1111 | | Certificate of Authenticity for Regions Bank | | | | | | |
| 1112 | | Certificate of Authenticity for Simple Finance Technology Corp | | | | | | |
| 1113 | | Certificate of Authenticity for Signature Bank | | | | | | |
| 1114 | | Certificate of Authenticity for Google | | | | | | |
| 1115 | Palmer | Certificate of Authenticity for Apple | | | | | | |
| 1116 | | Certificate of Authenticity for Google | | | | | | |
| 1117 | | Certificate of Authenticity for Google | | | | | | |
| 1118 | | Certificate of Authenticity for Vcorp | | | | | | |
| 1119 | | Certificate of Authenticity for Wells Fargo Bank | | | | | | |
| 1120 | | Certificate of Authenticity for Wells Fargo Bank | | | | | | |
| 1121 | | Certificate of Authenticity for Wynn Las Vegas | | | | | | |
| 1122 | | Certificate of Authenticity for Google | | | | | | |
| 1123 | | Certificate of Authenticity for Google | | | | | | |
| 1124 | | Certificate of Authenticity for Google | | | | | | |
| 1125 | | Certificate of Authenticity for Google | | | | | | |
| 1126 | | Certificate of Authenticity for Google | | | | | | |
| 1127 | | Certificate of Authenticity for AT&T | | | | | | |
| 1128 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

---

## RESPONSE AND OBJECTION TO THE GOVERNMENT'S
## MOTION *IN LIMINE* THAT CERTAIN RECORDS ARE AUTHENTIC

---

Defendant Michael Tew hereby responds in opposition to the government's motion *in limine* asking the Court to certify the authenticity of certain expected trial exhibits. While many of the government's requested authentications are for exhibits that are the direct production of records from mainstream companies and banks (Google, Apple, etc.) for which counsel has found no authority to reasonably oppose their authentication, other records have been modified by the government and no longer constitute "business records" in any sense. Specifically, any records that the government asks to authenticate that have been modified or repackaged via the use of Cellebrite software are no longer "records of a regularly conducted activity" under F.R.E. 803(6). In support thereof, Mr. Tew states as follows.

**I.**    **Cellebrite, the company, did not produce the records the government seeks to authenticate.**

Cellebrite is a publicly-traded company (ticker CLBT; www.cellebrite.com) based in Israel that provides software tools for law enforcement and intelligence services worldwide. Use is severely restricted by the company, who states on its website, "We sell our solutions only to

companies, bodies and agencies that abide by the terms that govern its proper use as outlined in our End-Use Licensing Agreement (EULA)."[1] In other words, not everyone can get their hands on this software.

Generally speaking, specifically trained federal law enforcement analysts and agents use Cellebrite to take a forensic image of a device (typically a cellular phone) to produce a report detailing the contents thereof. This is not a "plug and play" process, as the contents of the eventual forensic report requires inputs from the forensic examiner about what to include from the forensic image. Because such exams are typically if not always done when the device is in "airplane" mode, Cellebrite cannot receive a copy of the data imaged from the device by the examiner. As such, they cannot be said to maintain business records of the communications discovered by their software – that is, the communications proffered here by the government. Instead, it is the government's work product that produces the Cellebrite-processed exhibits. From the government's motion, it appears Cellebrite was used not to image a phone, but as a tool to "render [communications] in a more visually appealing way." Motion, ECF 444 at 13. The government goes on to state that it "could also just manually cut and paste the relevant texts from the spreadsheet[.]" *Id*. Neither of these actions would produce "records of a regularly conducted activity."

## II.  F.R.E. 902(13) does not stretch to cover Cellebrite analysis as an "electronic process or system."

The government cites F.R.E. 902(13) and a submitted affidavit in support of its contention that Cellebrite records should qualify as a "record generated by an electronic process or system that produces an accurate result." F.R.E. 902(13). But Cellebrite reports markedly

---

[1] *See* https://cellebrite.com/en/cellebrite-facts/ , accessed December 22, 2023, at 10:30 A.M.

differ from the obviously self-authenticating records otherwise codified in Rule 902: signed and sealed or certified domestic public documents, foreign public documents, certified copies of public records, official publications, newspapers and periodicals, etc. *Id* at (1) through (6). Cellebrite, by design, is not for public consumption. It is not something that an average person off the street would recognize as an authentic document such as a stamped judgment of this Court or a copy of yesterday's Wall Street Journal. This isn't to say that such records could not be authenticated, but only to assert that they are not self-authenticating under F.R.E. 902(13) and must be subject to the cross-examination of the sponsoring witness about the choices he or she made when producing such a report. This is not a "record generated by an electronic process or system" but one made by a human being making certain choices. If the government wishes to authenticate such records at trial, F.R.E. 901 should apply, and the government must call a witness that can provide "[t]estimony that an item is what it is claimed to be." F.R.E. 901(b)(1). In the case of the contents of a forensic report created by Cellebrite, the forensic examiner him or herself would seemingly suffice. Denying Mr. Tew the opportunity to cross-examine this examiner, however, prejudices his defense. As such, Mr. Tew objects to the self-authentication of any government exhibits produced utilizing Cellebrite software.

DATED this 22nd day of December, 2023.

*/s/  Jason D. Schall*
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for defendant Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_/s/  Jason D. Schall_
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

_/s/  Jason D. Schall_
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan / Jaime Hubbard
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com /
hubbard@slhlegal.com
*Attorneys for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

_/s/  Jason D. Schall_
Jason D. Schall

<center>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

</center>

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

<center>

**Kimberley Tew's Response to *Government's Motion In Limine for Ruling* on Admissibility of Evidence (Doc. 344)**

</center>

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC, files the response to the *Government's Motion In LImine* and states the following:

**<u>Government's Request</u>**

The government submitted a request for *in limine* rulings hoping that certain of its exhibits will be found authentic and qualify for a business records exception to the hearsay rule (Doc. #344). It justifies this position by suggesting it will serve the dual purpose of avoiding unjustifiable delay and the inconvenience of producing foundation witnesses. It beseeches the court to enter such orders based on the information provided in the *James* log filed with the court and the evidence received at the hearing conducted on December 19, 2023. The evidence presented to the court is insufficient to support such a ruling and should be denied.

**Legal Authority**

The purpose of a *James* proffer has been recounted in the pleadings filed by the parties prior to the December 19, 2023 hearing (Docs. # 341, #345, #346).  A pre-trial hearing, as contemplated by F.R.E. 104(c), was conducted focusing on whether statements sought to be admitted by the government are not considered hearsay pursuant to F.R.E. 801(d)(2)(E).  To qualify under the rule, as a coconspirator statement, the government must demonstrate a conspiracy existed, the declarant and defendant were members of the conspiracy, and the statements were made in the course and furtherance of the conspiracy. *United State v. Lopez-Guiterrez*, 83 F.3d 1235, 1242 (10th Cir.1996).

Independent of the manner in which a *James* hearing is conducted are rules addressing the requirements of authentication and identification of evidence as a condition precedent to their submission. Article IX F.R.E 901: Authenticating or Identifying Evidence and Rule 902: Evidence that is Self-Authenticating, addresses these concerns.  Relevant to this inquiry, F.R.E. 902 contains the way a certification can be used to; authenticate domestic records of a regularly conducted activity; records generated by an electronic process or system; or data copied from an electronic device, storage medium or file. F.R.E. 902(11), (13), (14). This rule sets out a process by which parties can authenticate records other than through testimony of a foundation witness. *F.R.E. 902 Advisory Committee Note:* 2017 Amendments.  An authenticating document is non-testimonial and therefore its use does not violate a defendant's constitutional right to confrontation. *United States v. Yeley-Davis,* 632 F.3d 673, 680 (10th Cir. 2011).

A certificate retains its non-testimonial character when it does not contain an analysis that would constitute out-of-court testimony.  *United States v. Brison,* 772 F.3d 1314 (10th Cir. 2014). When evidence is self-authenticating under Rule 902 it satisfies the requirements of F.R.E. 901(a).  *United States v. Arnold* 696 Fed. Appx. 903 (10th Cir. 2017).

Under Federal Rules of Evidence 901(a) a foundation to support a finding the item of evidence is what the proponent claims must be established before it can be introduced.  *United States v. Dhinsa* 243 F.3d 635 (2nd Cir. 2001).  The determination of admissibility should be made by a person with appropriate knowledge.  Government witnesses are not able to testify to facts beyond their knowledge concerning electronic evidence such as emails and texts or internal email codes.  *United States v. Safavian*, 435 F. Supp. 2d 36 (DC District Court 2006). Evidence establishing the examples contained in F.R.E. 901(b), satisfying the requirement of authenticity should be made by witnesses with knowledge.  If the court chooses to make a preliminary finding of admissibility, it does not replace the presentation of authenticating evidence before the jury.  Even if a court found sufficient evidence of authenticity in an in-camera proceeding, evidence that would support the same ruling must be presented again to the jury. *Lorraine v. Markel American Insurance Company,* 241 F.R.D. 534,540 (D. Md. 2007). The government must also establish a connection between the offered evidence and the defendant. *United States v. Black,* 767 F.2d 1334 (9th Cir. 1985).

Once authentication of the evidence is established it is still left to determine whether the evidence is inadmissible hearsay or properly admitted pursuant to a

3

hearsay exception. F.R.E. 803(6) establishes the criteria for such an exception involving business records kept in the course of regularly conducted business activity. *United States v. Ary,* 518 F.3d 775 (10th Cir.2008). The proponent of the document must lay the foundation for its admission. *Id* at 786. Computer data compilations may constitute business records. *United States v. Hayes,* 861 F.2d 1225 (10th Cir. 1988). To qualify as a business record exception to the hearsay rule the condition precedent to admission must be shown by the testimony of a custodian or by a certification that complies with Rule 902(11) or (12). Neither were provided at the *James* hearing.

### **Argument**

The government's effort for judicial economy and trial efficiencies are not promoted by using the *James* hearing to authenticate exhibits and establish a business records exception to the hearsay rule. The method of avoiding the calling of unnecessary foundation witnesses to authenticate the types of evidence sought to be introduced by the government is best contained in F.R.E. 902(11), (13) and (14). To date a complete set of certification documents consistent with the rule, have not been provided and a discussion of their efficacy in accomplishing that task not presented to the court. The question remains whether a proffered certificate meets the certification requirements of F.R.E. 902. Content of communication in emails and transmittal data may lack the authentication required by Rule 902. (See *United States v. Penn,* 568 F. Supp. 3d 1135 (D. Colo. 2021).

The *James* hearing conducted in this case was insufficient to establish even preliminary requirements of F.R.E. 901(a). The requirements of a F.R.E. 801(d)(2)(E)

873

exception to the hearsay rule is a preliminary determination appropriately made in the manner the hearing was conducted.  The "context" data contained in the *James* log and testified to by the agent is insufficient for the court to make the authentication ruling.  In any event, the same, and perhaps more competent testimony, would have to be presented before the evidence was admitted for jury consideration.

WHEREFORE, it is requested the court deny the government's request contained in the *In Limine* motion (Doc. #344).

December 22, 2023.

Respectfully submitted,

s/ David S. Kaplan
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

5

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

_s/ David S. Kaplan_
David S. Kaplan

**Certificate of Service**

I certify that on December 22, 2023, I electronically filed the foregoing _Kimberley Tew's Response to Government's Motion In Limine for Ruling on Admissibility of Evidence (Doc. 344)_ with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov


Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com
_Counsel for Michael Tew_

_s/ Brenda Rodriguez_
Brenda Rodriguez

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES,

　　　Plaintiff,

v.

**MICHAEL AARON TEW**;
**KIMBERLEY ANN TEW**; and
JONATHAN K. YIOULOS,

　　　Defendants.

---

## ORDER REGARDING ADMISSIBILITY OF RULE 801(d)(2)(E) STATEMENTS

---

At trial, the government intends to introduce various out-of-court statements, allegedly made in furtherance of a conspiracy to commit fraud, against Defendants Michael and Kimberley Tew. The court held a hearing to address whether these statements fall within the hearsay exclusion described in Federal Rule of Evidence 801(d)(2)(E). This order outlines the court's findings on those statements.

## BACKGROUND

On February 3, 2021, a grand jury indicted Defendants Michael Tew, Kimberley Tew, and Jonathan Yioulos on dozens of counts for various offenses including wire fraud, conspiracy to commit wire fraud, and conspiracy to commit money laundering. Doc. 83. The government alleges that the defendants defrauded various entities affiliated with N.A.C. Inc. (collectively, "NAC") that provided "freight forwarding solutions, to

- 1 -

include by charter and airlift." *Id.* at 1. NAC also operates as an airline.
*Id.*

At the beginning of the alleged fraud, Michael Tew acted as the Chief
Financial Officer of NAC; Jonathan Yioulos acted as Director of Finance
(and subsequently assumed the role of Controller); and Kimberley Tew
was (and remains) married to Michael Tew. *Id.* at 2–3. The government
alleges that Mr. Yioulos and Mr. Tew conspired to submit bogus invoices
to NAC through various business entities controlled by the defendants.
Mr. Yioulos would then approve the invoices and authorize funds to be
distributed to those entities. The proceeds of the fraud were then shared
among the three defendants. The government alleges that the fraud cul-
minated in NAC paying over $5,000,000 for services that it did not re-
ceive.

The government eventually investigated and obtained warrants to
track various emails, instant message accounts, and phone numbers al-
legedly associated with the defendants. *See generally*, Doc. 357 (Exhibit
list for *James* Hearing). Several years after the alleged fraud began, the
government approached Mr. Yioulos in the summer of 2020 to see if he'd
cooperate with the investigation. He did, allowing the government to
record several phone calls he then had with Michael Tew. Contempora-
neously, the court filed a criminal complaint as to Mr. Tew, and he made
his initial appearance on July 9, 2020. Doc. 7. All three defendants were
later indicted on February 3, 2021, Doc. 83, and the remaining defend-
ants made their initial appearances shortly thereafter. Docs. 92, 96.

A little more than one year after being indicted, Mr. Yioulos pleaded
guilty to two counts and agreed to cooperate with the government, in-
cluding by potentially testifying at trial in this matter. Doc. 154; Doc.
155 at 3–4. As part of his plea agreement, Mr. Yioulos stipulated to

various facts outlining the alleged fraud and Mr. and Mrs. Tew's involve-
ment. Doc. 155 at 9–18.

After several delays, the parties jointly requested a *James* hearing—
pursuant to *U.S. v. James*, 590 F.2d 575 (5th Cir. 1979) and related
Tenth Circuit precedent—to determine whether certain out-of-court
statements fell within the "co-conspirator" hearsay exclusion under Fed-
eral Rule of Evidence 801(d)(2)(E). *See* Doc. 339. Prior to the hearing,
the government submitted a *James* proffer listing the statements it in-
tends to admit at trial, along with a supporting brief, and both Mr. and
Mrs. Tew responded. Docs. 341, 345, 346. The court held the *James* hear-
ing on December 19, 2023. Doc. 355.

## APPLICABLE LAW

"Rule 801(d)(2)(E) provides that '[a] statement is not hearsay if . . .
[t]he statement is offered against a party and is . . . a statement by a
coconspirator of a party during the course and in furtherance of the con-
spiracy.'" *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007)
(internal quotation excluded). Before admitting evidence under this ex-
ception, the court must find, by a preponderance of the evidence, that
(1) a conspiracy existed; (2) that the declarant and the person against
whom the statement is offered were both members of the conspiracy;
and (3) that the statements were made in the course of and in further-
ance of the conspiracy. *See United States v. Owens*, 70 F.3d 1118, 1123
(10th Cir. 1995).

"Under Tenth Circuit law, a district court can only admit coconspira-
tor statements if it holds a James hearing or conditions admission on
forthcoming proof of a predicate conspiracy through trial testimony or
other evidence." *United States v. Townley*, 472 F.3d 1267, 1273 (10th
Cir. 2007) (internal quotation excluded). The Tenth Circuit has a "strong

- 3 -

preference" for holding a *James* hearing rather than addressing the is-
sue at trial. *Id.*

## DISCUSSION

The government's *James* log comprises 376 out-of-court conversa-
tions—primarily SMS, instant messenger, or email conversations—that
it seeks to admit. In response, Defendants contest only a fraction of these
conversations as falling outside Rule 801(d)(2)(E)'s scope. Most of these
objections fall into the following categories: (1) statements sought to be
admitted against Mrs. Tew that were made by others and before she
joined the conspiracy; (2) one-sided conversations with a potentially un-
known recipient; (3) conversations including statements made by Mr.
Yioulos after he had left the conspiracy; and (4) various conversations,
primarily between Mr. and Mrs. Tew, regarding account transactions,
cryptocurrency transactions, gambling, and purchases, including for a
car.

## I.    The Existence of a Conspiracy

"'[C]onspiracy' as an evidentiary concept, embodied in rule
801(d)(2)(E), and 'conspiracy' as a concept of substantive criminal law
are not coterminous." *United States v. Kendall*, 665 F.2d 126, 130 (7th
Cir. 1981); *see also United States v. Buchanan*, 787 F.2d 477, 482 (10th
Cir. 1986) (citing favorably to *Kendall* and holding that a conspiracy for
purposes of Rule 801(d)(2)(E) need not be a "federal conspiracy"). "To be
admissible under Fed. R. Evid. 801(d)(2)(E), the conspiracy at issue need
not be charged and need not even be criminal." *United States v. DaVita
Inc.*, 592 F. Supp. 3d 970, 980 (D. Colo. 2022) (noting lack of Tenth Cir-
cuit precedent on this precise issue and following out-of-circuit deci-
sions). "The requirements for being a co-conspirator for purposes of Rule
801(d)(2)(E) are likewise not the same as in a substantive criminal

- 4 -

context. Co-conspirators for Rule 801(d)(2)(E) purposes need only be engaged in the same common plan or joint enterprise." *Id.*

As a threshold matter, Mr. and Mrs. Tew do not contest that the government has brought forth sufficient evidence to show that (1) there was a conspiracy for purposes of Rule 801(d)(2)(E) and that (2) they were both members of that conspiracy (or conspiracies), at least for certain periods of time.[1] The evidence provided by the government supports these conclusions.

"In making a preliminary factual determination under Rule 801(d)(2)(E), courts may examine the hearsay statements sought to be admitted. There must also be some independent evidence linking the defendant to the conspiracy—that is, evidence other than the proffered co-conspirator statements themselves—but that evidence need not be substantial." *United States v. Otuonye*, 995 F.3d 1191, 1204 (10th Cir. 2021) (internal quotations and alterations omitted). "Testimony of a government agent regarding his interactions or conversations with coconspirators is adequate independent evidence." *United States v. Stein*, 985 F.3d 1254, 1269 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 425 (2021).

Here, there is overwhelming evidence that a conspiracy existed among Mr. Tew, Mrs. Tew, and Mr. Yioulos to defraud NAC. First, the statements themselves provide ample evidence of this conspiracy. As but

---

[1] *See* Doc. 345 (Mr. Tew's response, stating, "The government's proffer is extensive and taken as a whole could be considered to present "substantial, independent evidence" sufficient to establish by a preponderance of the evidence that multiple conspiracies existed (wire fraud and money laundering), and that Michael Tew, Jonathan Yioulos, and Kimberley Tew were a part of those conspiracies."); *see also* Doc. 346 (Mrs. Tew listing specific objections to certain *James* log entries but apparently not to the existence of a conspiracy, at least for certain periods of time).

- 5 -

a few examples, several statements included detailed instructions regarding various transactions relating to the NAC entities and allegedly fraudulent invoices. *See, e.g.*, Doc. 341-1 entries 275, 287, 298, 303, 308, 312. These statements corroborate the government's independent evidence, submitted as exhibits for purposes of the *James* hearing, that the invoices were fraudulent and used to transfer money from NAC to various business entities controlled by the defendants. There are also several more colorful statements strongly implicating the defendants' participation in the alleged fraud. *See id.* entries 59, 73, 85, 107, 115 (referencing a potential FBI investigation of the alleged fraud), 174, 265, 317.

The government also provided substantial evidence independent of the statements themselves. *Stein*, 985 F.3d at 1269 (noting that such evidence "need not be substantial"). This includes bank records (submitted as evidence for purposes of the *James* hearing), security camera footage of the Tews making bank withdrawals, and the stipulated facts in Mr. Yioulos's plea agreement. Finally, the government took witness testimony from the I.R.S. agent in charge of the investigation during the *James* hearing, and her thorough explanations of the alleged fraud (including her interactions with Mr. Yioulos) provide ample evidence to make this preliminary finding. *See Stein*, 985 F.3d at 1269 ("Testimony of a government agent regarding his interactions or conversations with coconspirators is adequate independent evidence."). The court therefore finds that the government has proven, by a preponderance of the evidence, a conspiracy among Mr. Tew, Mrs. Tew, and Mr. Yioulos sufficient for purposes of invoking Rule 801(d)(2)(E).

## II.  Statements Made Prior to Mrs. Tew's Membership in the Conspiracy

Mrs. Tew argues that the government cannot admit conversations that occurred between Mr. Tew and Mr. Yioulos prior to her joining the

- 6 -

conspiracy. But this is contrary to Tenth Circuit law. *United States v. Brown*, 943 F.2d 1246, 1255 (10th Cir. 1991) (the "prevailing view among the circuits is that previous statements made by co-conspirators are admissible against a defendant who subsequently joins the conspiracy. We join that holding."). This argument, therefore, lacks merit so long as *Mr. Tew and Mr. Yioulos*, the declarants for purposes of these statements, were members of the conspiracy when the statements were made even if Mrs. Tew was not yet a member of the conspiracy. Mr. Tew and Mr. Yioulos were conspirators when the statements were made, so those statements fall within the scope of Rule 801(d)(2)(E) even as applied against Mrs. Tew.

### III.   One-Sided Conversations with Allegedly Deleted Messages

Mr. and Mrs. Tew both object to several conversations in the *James* log that, they argue, involved messages that were never received by the intended recipient. Most of these messages appear to contain one-sided messages in what was, at some time, a two-sided conversation. As the government's I.R.S. agent testified at the *James* hearing, context clues from the recovered side of the messages strongly suggest that the sending party was engaging in a conversation with the recipient. *See, e.g.*, Doc. 341-1, entry 108 (messages purportedly sent by Mr. Yioulos to Mrs. Tew with Mr. Yioulos expressing surprise and asking questions to apparent responses not recovered and not included in the conversation).

In any event, "Rule 801(d)(2)(E)'s text makes clear that both the declarant and the person against whom the statement is offered must be members of the conspiracy. Notably omitted from this requirement is any required connection between the conspiracy and the person to whom the statement is made." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6778 (2023 ed.). There is no real dispute

that Mr. Yioulos—the declarant for purposes of these statements—was
a co-conspirator at the time and that the statements are being offered
against other co-conspirators: Mr. and Mrs. Tew.

The only question, then, for purposes of Rule 801(d)(2)(E), is whether
these statements were made "in furtherance" of the conspiracy. As an
initial matter, Mr. and Mrs. Tew's only argument appears to be that the
apparent lack of a recipient renders these messages inherently "not in
furtherance" of the conspiracy. But that does not matter because the
question is not whether the statement actually furthered the conspiracy,
but whether it was meant to, *United States v. Reyes*, 798 F.2d 380, 384
(10th Cir. 1986), and the recipient of such messages need not even be a
member of the conspiracy:

> The black-letter principle is that statements made in the course
> of a discussion between a coconspirator and a third party who is
> a stranger to the conspiracy are admissible under Rule
> 801(d)(2)(E), provided that they meet the Rule's foundational re-
> quirements. That is true regardless of whether the third party is
> a tipster, an informant, an undercover officer, or a mere acquaint-
> ance.

*United States v. Piper*, 298 F.3d 47, 53 (1st Cir. 2002). And the substance
of these one-sided conversations were certainly meant to further the con-
spiracy. *See, e.g.*, Doc. 341-1, entry 79 (Mr. Yioulos telling the recipient
to "keep the excess" and that "We have no money in the company and
I've sent a total of $165k" to another party), entry 85 (Mr. Yioulos alleg-
edly telling Mrs. Tew that various transactions will "look weird"; that
funds returned from a "sandhill account will make waves as well"; that
"We have no cash at the company"; and "I'm goign [sic] to jail. I really
think I am . . . Cause this is goign [sic] to blow up. I can't send money
and you don't have money to send him either"). Moreover, the govern-
ment did provide evidence, including its witness testimony at the *James*

hearing, that the recipient's messages were deleted prior to being obtained via a search warrant. *See also id.*, entries 35, 36 (Mr. Yioulos telling Mr. and Mrs. Tew to "delete texts from both phones" and to "delete all text records."). In light of all this, and as addressed in the statement-by-statement analysis below in Section VI, these statements fall within the scope of Rule 801(d)(2)(E).

## IV. Mr. Yioulos's Statements Made After He Left the Conspiracy and Statements Made by Non-Conspirators

Mr. and Mrs. Tew also object to admitting statements made by Mr. Yioulos after he left the conspiracy and certain statements made by a third party, "M.M.," who was never a co-conspirator, as the government concedes. The statements by Mr. Yioulos include those made in recorded phone calls once he agreed to cooperate with the government. As the government admits, Mr. Yioulos was no longer a "co-conspirator" at that point (and M.M. never was), so both of their statements, if offered for their truth, would appear to fall within the hearsay rule and be excluded.[2]

But "[t]estimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for relevant context or background, is not considered hearsay." *United States v. Hinson*, 585 F.3d 1328, 1336 (10th Cir. 2009); *see also United States v. Smith*, 816 F.3d 479, 481 (7th Cir. 2016) (affirming admission of statements made by informant on recorded telephone call for the non-hearsay purpose of providing context for the defendant's statements). Applied here, much of Mr. Yioulos's and M.M.'s statements are not offered for truth. For instance, in entry 376, Mr. Tew's statements dominate the conversation,

---

[2] Neither Mr. nor Mrs. Tew, however, dispute that Mr. Tew was a co-conspirator vis-à-vis Mrs. Tew at this time and that *his* statements therefore fall within the co-conspirator exclusion of the hearsay rule.

and Mr. Yioulos's statements are simply reiterating that he is in a meeting and cannot pay Mr. Tew at that moment (statements which, in fact, may have been false). The government is not seeking to prove Mr. Yioulos was in a meeting, but his statements provide necessary context for Mr. Tew's responses. This is similar to an earlier conversation Mr. Tew had with M.M. in which Mr. Tew, not M.M., dominates the conversation. Doc. 341-1, entry 96.

The government also seeks to admit two recorded telephone conversations between Mr. Tew and Mr. Yioulos (both the audio and the transcriptions), listed at entries 374 and 375. While the *James* log provides a summary of these calls, it remains unclear whether the government seeks to admit the entirety of the calls, or just some sections. And while many of Mr. Yioulos's statements appear to be non-hearsay and contextual, and thus presumptively admissible, I am not entirely convinced that is true of *every* statement made in the call. "Invoking the word 'context' does not permit an end-run around the hearsay rules such that the government may smuggle into evidence all interviewer statements." *United States v. Collins*, 575 F.3d 1069, 1074 (10th Cir. 2009) (finding that admission of entire transcript was harmless error but casting doubt on admissibility of entire transcript if non-conspirator "dominates" the conversation). Because this is no longer an issue implicating the purpose of a *James* hearing, it is appropriate to leave final resolution of this issue for motions in limine or trial objections.

## V.   Various Statements Involving Purchases, Account Transactions, and Gambling

Mr. and Mrs. Tew also object to admitting various statements made solely between them purportedly concerning the family's personal finances and purchases, including gambling and cryptocurrency

transactions. These statements, they argue, were not "in furtherance" of the conspiracy and therefore fall outside of Rule 801(d)(2)(E)'s exclusion.

As a threshold issue, the parties seem to agree that, if any statements made solely between Mr. and Mrs. Tew are not "in furtherance" of the conspiracy, those statements are inadmissible as privileged, confidential, spousal communications. *See United States v. Neal*, 743 F.2d 1441, 1447 (10th Cir. 1984). I will therefore not admit statements solely between the Tews if they were not made in furtherance of a conspiracy.

As the government notes, however, the Tenth Circuit reads the "in furtherance" requirement quite broadly, encompassing many different types of statements. Most relevant here, (A) statements promoting the objectives of the conspiracy, including statements that indicate payments or demands for payment to accomplish activities of the conspiracy; (B) statements explaining events of importance to the conspiracy; (C) statements made between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them or which inform each other of the current status of the conspiracy; (D) discussions of future intent that set transactions to the conspiracy in motion; (E) statements that conceal the objective of the conspiracy; (F) statements to co-conspirators regarding potential investigation, apprehension, or punishment, and (G) statements between conspirators regarding the distribution of the proceeds can all be "in furtherance" for purposes of this rule. *See United States v. Rutland*, 705 F.3d 1238, 1252 (10th Cir. 2013); *United States v. Morgan*, 748 F.3d 1024, 1036-37 (10th Cir. 2014) (finding that call to set up meeting for dividing proceeds was in furtherance of the conspiracy for purposes of Rule 801(d)(2)(E)); *see also* Doc. 341 at 14-16 (government's brief collecting cases on this issue).

Because these statements are highly context dependent, they are ad-
dressed statement-by-statement below in Section VI.

## VI.    Findings on Objected-To Statements

Given this legal backdrop, below are the court's admissibility find-
ings as to all objected-to statements in the government's *James* log. For
the "legal basis" column, the numbers correspond to the aforementioned
lettered categories (described in Section V) of statements made "in fur-
therance" of a conspiracy (*i.e.*, A, B, C, D, E, F and/or G). The legal basis
column also refers back to earlier sections of this order addressing cer-
tain categories of statements, such as those made by non-conspirators
or those made prior to Mrs. Tew joining the conspiracy.

| *James* Log Entry | "In Furtherance" or Not? | Legal Basis |
|---|---|---|
| 376 | In Furtherance as to Michael Tew's state-ments | A, B, D, F, G. *See also* Section IV, *supra.* Mr. Yioulos's statements are non-hearsay con-textual statements. |
| 375 | In Furtherance as to Michael Tew's state-ments | A, B, D, F, G. *See also* Section IV, *supra.* |
| 374 | In Furtherance as to Michael Tew's state-ments | A, B, D, F, G. *See also* Section IV, *supra.* |
| 370 | In Furtherance | A, B, C, F, G |
| 345 | In Furtherance | A, B, D |
| 301 | In Furtherance | A, B, D, F, G |
| 300 | Not in Furtherance | |
| 284-86 | In Furtherance | A, B, D, F, G |

- 12 -

| *James* Log Entry | "In Furtherance" or Not? | Legal Basis |
|---|---|---|
| 278 | Not in Furtherance | |
| 268, 270 | Not in Furtherance | |
| 265 | In Furtherance | A, B, C, E, F, G |
| 247 | Not in Furtherance | |
| 205 | In Furtherance | B, E, F, G |
| 203 | Not in Furtherance | |
| 202 | In Furtherance | A, B, G |
| 198 | In Furtherance | B, E, F, G |
| 191 | Not in Furtherance | |
| 179 | In Furtherance | A, B, D, E, G |
| 167 | In Furtherance | A, B, D, E |
| 163 | Not in Furtherance | |
| 157 | Not in Furtherance | |
| 155 | In Furtherance | A, B, D, E |
| 153 | In Furtherance | A, B, D, E |
| 152 | In Furtherance | A, B, D, E; M.M's statements are non-hearsay contextual statements. *See* Section IV, *supra*. |
| 150 | Not in Furtherance | |
| 144 | Not in Furtherance | |
| 138 | Not in Furtherance | |

- 13 -

| *James* Log Entry | "In Furtherance" or Not? | Legal Basis |
|---|---|---|
| 108, 115, 118 | In Furtherance | A, B, C, D, E, F, G; *see also* Section III, *supra.* |
| 96 | In Furtherance | A, B, D, E. M.M's statements are non-hearsay contextual statements. *See* Section IV, *supra.* |
| 85 | In Furtherance | A, B, C, D, E, F, G; *see also* Section III, *supra.* |
| 79 | In Furtherance | A, B, C, D, E, F, G; *see also* Section III, *supra.* |
| 69 | In Furtherance | A, B, C, F, G. M.M's statements are non-hearsay contextual statements. *See* Section IV, *supra.* |
| 56 | In Furtherance | A, B, E, G; *see also* Sections III, IV, *supra.* |
| 37 | Not in Furtherance | |
| 1-22, 28, 34, 35, 46, 51 | In Furtherance | A, B, C, D, E, F, G. These also fall within Rule 801(d)(2)(E) as applied to Mrs. Tew. *See* Section II, *supra.* |

Note that all of the statements above found *not* to be "in furtherance" of the conspiracy are presumptively inadmissible because those particular statements were made only between spouses—Mr. and Mrs. Tew—

and implicate the spousal confidential communications privilege. *See United States v. Neal*, 743 F.2d 1441, 1447 (10th Cir. 1984). Given the parties' agreement that these statements are inadmissible if not made in furtherance of a conspiracy, I will not admit those statements.

On the other hand, statements found to be in furtherance of the conspiracy are not automatically admissible. For instance, the court has concerns that some of these statements may run afoul of Rule 403, particularly if they become cumulative or distracting for the jury. Defendants may raise such objections before or during the trial if appropriate.

## CONCLUSION

The court's evidentiary rulings on the objected-to statements in the government's *James* log are listed above. The court will resolve any remaining evidentiary objections, including those that may implicate the above statements, *in limine* or at trial.

DATED: December 29, 2023      BY THE COURT:

Daniel D. Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW, and
2. KIMBERLY ANN TEW, a/k/a Kimberly Vertanen,

      Defendants.

---

## ATLANTIC UNION BANK'S MOTION TO QUASH SUBPOENA

---

Atlantic Union Bank ("AUB"), by and through its undersigned counsel, hereby submits the following as its Motion to Quash Subpoena and, in support thereof, states as follows:

## FACTUAL BACKGROUND

On December 18 and 19, 2023, the government attempted to serve a subpoena *ad testificandum* on AUB to have a custodian of records appear on February 5, 2024 at 9am to testify in this criminal case. (Attached hereto as **Exhibit 1**.) The government emailed and mailed the subpoena to AUB, but did not personally serve its registered agent. According to Assistant United States Attorney Bryan Fields, the government requires testimony from AUB to authenticate Exhibits 312 and 363 (as marked for the recent *James* hearing). Exhibits 312 and 363 are duplicates of a December 2018 statement from Access National Bank[1] for account holder Political Media, Inc. ("PM"). (Doc. No. 344-1 at 3.) AUB already provided a declaration compliant with F.R.E. 902(11) and 803(6), which will suffice to establish the foundation of

---

[1] AUB acquired Access National Bank in 2019.

Exhibits 312 and 363 as a business record. (Attached hereto as **Exhibit 2**.) Moreover, both defendants have already conceded that such declaration is non-testimonial and, therefore, does not implicate the Confrontation Clause. (Doc. No. 359 at 1; Doc. No. 360 at 2–3.)

The monthly account statement at Exhibits 312 and 363 reflects: (1) an incoming ACH from National Air dated December 10, 2018 in the amount of $21,250; and (2) an outgoing domestic wire to Michael Tew dated December 10, 2018 in the amount of $15,500. (Doc. No. 341-1 at 56–57.) The indictment does not allege that either transaction constitutes a specific act of wire fraud. (Doc. No. 83.) However, it appears that the government will argue that the transactions constitute intrinsic evidence of the conspiracy to commit wire fraud. (*See* Doc. No. 341-1 at 56 (citing Indictment ¶¶ 11, 12, 13, 15, 19, 20, & 22).)

On December 12, 2023, the government filed a motion *in limine* requesting that the Court rule on the admissibility of certain exhibits under F.R.E. 901 and 803(6) or 801(d)(2)(E) of hundreds of documents—including its Exhibits 312 and 363. (Doc. No. 341.) The government indicated to undersigned counsel that it will withdraw its subpoena to AUB in the event that the Court grants the government's motion. The government also urged AUB to file its motion to quash as soon as possible. But the government's motion requests a ruling on <u>hundreds</u> of documents, including records with more complicated foundational requirements than Exhibits 312 and 363 such as emails and Cellebrite forensic reports. And (at least according to the responses), the government did not provide all the information that the Court may require to issue a ruling.

AUB would be substantially burdened by compliance with the government's subpoena. (*See* Declaration of Julie Roland, attached hereto as **Exhibit 3**.) AUB is chartered in Virginia and

2

does not conduct business or maintain offices or facilities in the state of Colorado. (*Id.* ¶ 1.) AUB receives, on average, more than ten subpoenas per week. (*Id.* ¶ 4.) Its team responsible for researching records for production in response to subpoenas consists of four individuals, all of whom work and live in the Commonwealth of Virginia. (*Id.* ¶¶ 2 & 3.) Only two of the individuals are supervisors with experience serving as witnesses for records-authentication purposes. (*Id.* ¶ 2.) Given the distance between Richmond and Denver, the government's subpoena will require the absence of one of those two supervisors for two to three days in order to provide roughly 30 seconds of live testimony. (*Id.* ¶ 5.) Such an absence will create a significant burden for AUB. (*Id.* ¶ 6.)

## LEGAL ARGUMENT

Federal Rule of Criminal Procedure 17(a) provides authority for the issuance of a subpoena *ad testificandum*, which must be personally served on an officer or registered agent of a corporation. Fed.R.Crim.P. 17(d); *see also United States v. Sandoval*, No. 10-20243-CR, 2010 WL 2757188, at *2 (S.D. Fla. July 13, 2010); *United States v. Simmons*, 515 F. Supp. 3d 1359, 1362 (M.D. Ga. 2021); *United States v. Venecia*, 172 F.R.D. 438, 438 (D. Or. 1997).[2]

---

[2] Though a minority of courts recently have dispensed with traditional requirement for personal service of a subpoena—at least in civil matters under Fed.R.Civ.P. 45, see 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.)—AUB urges this Court not to do so, as it encourages abuse of the subpoena power. The government does not have to tender witness fees with its subpoena and requires that the witness purchase refundable airfare. Ex. 1 at 2. The only thing that deters the government from abusing the subpoena power is the requirement for personal service. If the government cannot be troubled to perfect service by identifying AUB's registered agent and hand delivering

3

The Court may quash a subpoena *ad testificandum* where compliance would be "unreasonable or oppressive." *United States v. Penn*, No. 20-CR-00152-PAB, 2021 WL 4943647, at *1 (D. Colo. Oct. 22, 2021). Neither the United States Supreme Court nor the Tenth Circuit Court of Appeals has further defined "unreasonable or oppressive" with respect to a Rule 17(a) subpoena to testify at a criminal trial. *United States v. Riego*, 627 F. Supp. 3d 1254, 1258 (D.N.M. 2022). However, the Supreme Court has stated that the reasonableness of a Rule 17(c) subpoena *duces tecum* depends on the context. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299–300 (1991). In ruling on motions to quash Rule 17(a) trial subpoenas, courts have considered the relevance, materiality, and admissibility of the testimony, *United States v. Santistevan*, No. 11-CR-00406-CMA, 2012 WL 2875949, at *2 (D. Colo. July 12, 2012); as well as the burden to the witness, *Riego*, 627 F. Supp. 3d at 1261. It is proper to quash a subpoena for testimony that is either "cumulative or immaterial." *United States v. Rosenschein*, No. CR 16-4571 JCH, 2020 WL 4275670, at *1 (D.N.M. July 24, 2020). Chief Judge DeGiusti, for instance, granted a motion to quash a trial subpoena stating: "There is no reason to waste trial time calling [the witness] to testify about narrow facts that can be established with documentary evidence." *United States v. Keogh*, No. CR-17-290-D, 2022 WL 129443, at *4 (W.D. Okla. Jan. 12, 2022).

As a threshold matter, this Court should quash the government's subpoena because the government did not personally serve the subpoena on AUB's registered agent or any other suitable representative.

---

a subpoena to that person, then it stands to reason that the government itself does not deem the testimony material to its case.

4

Additionally, AUB respectfully requests that the Court quash the subpoena as unreasonable and oppressive. The government intends to call the AUB witness to authenticate a *single* record with a straightforward foundation that can be established with the declaration at Exhibit 2. The relevance of that testimony is marginal at best. <u>The government did not specifically charge the defendants with a count of wire fraud with respect to the transactions in the AUB record</u>. (*See generally* Doc. No. 83.) To the degree that the AUB record may constitute intrinsic evidence of the conspiracy to commit fraud, it is certainly cumulative given that the government must present evidence of at least 39 specific charges of wire fraud. Indeed, this Court already deemed the evidence of the conspiracy to commit fraud "overwhelming" and noted "concerns" that presentation of all such evidence "may run afoul of Rule 403." (Doc. No. 361 at 5 & 15.)

AUB appreciates the government's commitment that it will voluntarily withdraw the subpoena in the event that the Court grants the government's motion *in limine*. However, regardless of the Court's ruling on that motion, the government's subpoena to AUB is unreasonable and oppressive and should be quashed. AUB cannot provide a witness to testify to any fact not contained in its declaration. At most, AUB's witness would provide 30 seconds of testimony. It is absolutely a waste of AUB's time and resources to provide live testimony where not required. *United States v. Yeley-Davis*, 632 F.3d 673, 679 (10th Cir. 2011); *see also* Doc. No. 359 at 1; Doc. No. 360 at 2–3.

WHEREFORE, AUB respectfully requests that this Court enter an Order quashing the subpoena and for any further relief the Court deems just and proper under the circumstances.

5

Respectfully submitted this 9th day of January, 2024.

KUTAK ROCK LLP

By: *s/ Lisa M. Saccomano*
  Lisa M. Saccomano (#45105)
  2001 16th Street, Suite 1800
  Denver, CO 80202
  Telephone: (303) 297-2400
  Facsimile: (303) 292-7799
  Email: lisa.saccomano@kutakrock.com

ATTORNEYS FOR ATLANTIC UNION BANK

## STATEMENT OF SPEEDY TRIAL IMPACT

To the best of counsel's knowledge, this motion will have no impact on the speedy trial clock.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ *Lisa M. Saccomano*
Lisa M. Saccomano

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I electronically served the foregoing **ATLANTIC UNION BANK'S MOTION TO QUASH SUBPOENA** via the ECF filing service upon all counsel of record.

s/ *Lisa M. Saccomano*
Lisa M. Saccomano

# EXHIBIT 1

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| 1. Michael Tew | ) | Case No.  20-cr-00305-DDD |
| 2. Kimberley Ann Tew | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Atlantic Union Bank
Custodian of Records – Access Bank
4300 Cox Road
Glen Allen, VA 23060

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | UNITED STATES DISTRICT COURT 901 19th Street Denver, CO 80294 | Courtroom No.: A-1002 |
|---|---|---|
| | | Date and Time: 02/05/2024 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects _(blank if not applicable)_:

Date:  12/15/2023

_CLERK OF COURT_, Jeffrey P. Colwell

s/Nicholas Richards
_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ United States of America , who requests this subpoena, are:

Upon receipt of this Subpoena, please contact Witness Coordinator, Sherri Reid, at (303) 454-0281 or e-mail her with contact Information at mail to: sherri.reid@usdoj.gov

Bryan Fields
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Email: Bryan.Fields3@usdoj.gov



**U.S. DEPARTMENT OF JUSTICE**
**INSTRUCTIONS FOR FACT WITNESSES APPEARING ON**
**BEHALF OF THE UNITED STATES GOVERNMENT**
**(Not Applicable to Federal Employees)**

<u>READ</u> THE INFORMATION CONTAINED ON THIS FORM BEFORE YOUR COURT APPEARANCE. PLEASE CALL THE INDIVIDUAL(S) LISTED BELOW FOR INFORMATION REGARDING TRAVEL ARRANGEMENTS AND SPECIFIC ENTITLEMENTS. IF YOU HAVE A MEDICAL CONDITION OR FAMILY SITUATION THAT REQUIRES SPECIAL CONSIDERATION, PLEASE ADVISE THE INDIVIDUAL LISTED BELOW <u>AS SOON AS POSSIBLE.</u>

**CONTACT: Sherri Reid, Fact Witness Coordinator (888) 751-4450 or (303) 454-0281, Sherri.Reid@usdoj.gov**

### ≈ *VERIFY YOUR ATTENDANCE* ≈

On the last business day <u>BEFORE</u> you travel to court, call the above number to verify that your attendance is required. This may prevent a wasted trip in the event the trial date is changed.

### ≈ *APPEARANCE IN ANOTHER CITY* ≈

If you are required to travel to another city to appear in court, immediately contact the individual listed above and request instructions. Any amount advanced to you will be deducted from your fees and allowances.

### ≈ *REIMBURSEMENT OF EXPENSES AND ATTENDANCE FEES* ≈

A. **ATTENDANCE FEE:** You will be paid a fee of $40 per day, including travel days.

B. **TRANSPORTATION:** Call the individual listed above to obtain information on transportation. Reimbursement will be made for travel by the least expensive method reasonably available to you. The following rules apply to transportation expenses:

1. **Local Travel:** The recommended method of travel in the local area of court is transit bus/subway;

2. **Privately Owned Vehicles (POV):** You will be reimbursed the following amounts:

Motorcycle <u>$0.635</u> per mile   Automobile <u>$0.655</u> per mile   Airplane <u>$1.74</u> per mile
In addition to the above mileage allowance, necessary tolls, parking and other fees may be reimbursed. You must keep a record of your odometer readings if you travel by motorcycle or automobile. If two or more witnesses travel in the same vehicle, only one reimbursement for mileage can be made. **IF POV EXPENSES, INCLUDING MILEAGE, TOLLS, PARKING AND OTHER ASSOCIATED COSTS, ARE GREATER THAN COACH CLASS AIRFARE, YOU WILL BE RESPONSIBLE FOR THE DIFFERENCE.**

3. **Common Carrier:** If you are located outside the local court area, **CALL THE INDIVIDUAL LISTED ABOVE FOR INSTRUCTIONS.** Train, bus or airfare will be reimbursed at COACH; or other, Non-PREMIUM rate. Reimbursement **WILL NOT** be made for First Class accommodations, "Frequent Flyer" tickets, or charter service. **DO NOT** purchase non-refundable tickets. If your appearance date changes or is cancelled, you **WILL NOT** be reimbursed for non-refundable tickets. If you have any questions concerning transportation arrangements, please contact the individual(s) listed above.

C. **MEALS:** If it is necessary for you to remain away from home **overnight**, you will receive the following daily meal allowances:

$39.50 for each travel day   PLUS   $79.00 for each full day at court

D. **LODGING:** If it is necessary for you to remain away from home **overnight**, you will be reimbursed for the **ACTUAL COST** of your hotel/motel room, which may not exceed <u>$201.00 October 2023, $153.00 November 2023 through December 2023, $169.00 January 2024 through March 2024, $201.00 April 2024 through September 2024,</u> per night, including tax.

### ≈ *YOU MUST RETAIN RECEIPTS* ≈

ALL CLAIMS FOR PARKING MUST BE SUPPORTED BY A RECEIPT. OTHER EXPENSES EQUAL TO $25 OR MORE MUST BE SUPPORTED BY A RECEIPT, WITH THE EXCEPTION OF MEALS AND MILEAGE.

### ≈ *DISMISSAL* ≈

When you are advised that your attendance is no longer required, you should request information regarding the payment of the fees and allowances outlined above. The Fact Witness Coordinator will meet with you to complete the Fact Witness Voucher. Please have expense receipts with you to be submitted with the Fact Witness Voucher. The Voucher will be submitted to the U.S. Marshals Service for payment. The U.S. Marshals Service will process the Voucher and **MAIL** the payment to you. If you require funds to return home, you must bring this fact to the attention of the Fact Witness Coordinator before you testify, who will notify the U.S. Marshals Service.

Form OBD-2 (DEN-Revised 10-2023)

# EXHIBIT 2

## DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0660

Company Name:   ATLANTIC UNION BANK

I, WILLIAM VAUGHAN , declare that I am/was employed by ATLANTIC UNION BANK and am/was a duly authorized custodian of records or am otherwise qualified to speak about these records produced in response to the subpoena referenced above. These records are further described as: (Please describe records with as much specificity as possible below or on an attached sheet.)

STATEMENTS

CHECKS

DEPOSITS

SIGNATURE CARDS

RESOLUTIONS

WIRES

LOAN PAPERWORK

I am familiar with the mode of preparation of these records. I certify that these records are true copies of records of the entity listed above and that these records were:

    A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from information transmitted by--a person with knowledge;

    B. Kept in the course of the entity's regularly conducted activity; and

    C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

_William Vaughan_

**Signature**

WILLIAM VAUGHAN

**Printed name**

Date:   7-27-20

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW, and
2. KIMBERLY ANN TEW, a/k/a Kimberly Vertanen,

      Defendants.

---

**DECLARATION OF JULIE A. ROLAND PURSUANT TO 28 U.S.C.§ 1746**

---

1.     I am an employee of Atlantic Union Bank ("AUB") and have personal knowledge of the facts in this Declaration. AUB is a Virginia-chartered bank that does not conduct business or maintain offices or facilities in the State of Colorado.

2.     The team at AUB responsible for researching records for production in response to subpoenas *duces tecum* (the "Regulatory Processing-Subpoenas" team) consists of four individuals. Of those four individuals, two are supervisors with experience serving as witnesses for records-authentication purposes (among other numerous responsibilities).

3.     All members of the Regulatory Processing-Subpoenas team work and reside in the Commonwealth of Virginia.

4.     AUB receives, on average, more than 10 subpoenas per week, which are handled by the Regulatory Processing-Subpoenas team.

5.     For one of the two supervisor witnesses to travel to Denver, Colorado for a court appearance in this matter would require that supervisor to be away from work for at least two full days, likely three, based on the length of time it takes to travel from Richmond, Virginia to Denver, Colorado.

6.     Such an absence will cause significant burden to AUB's Regulatory Processing-Subpoenas team.

     I verify under penalty of perjury that the foregoing is true and correct. Executed on January 8, 2024.

                                      *s/ Julie A. Roland*

4873-9822-0187.1

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Sarah Hunter Weiss (caseview.ecf@usdoj.gov,
maggie.grenvik@usdoj.gov, sarah.weiss@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David
Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Lisa
Marie Saccomano (lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com), Jamie Hughes
Hubbard (hickam@slhlegal.com, hubbard@slhlegal.com, rodriguez@slhlegal.com), Nancy Lin
Cohen (cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Jason Dale Schall (jason@bowsch.com, jasondschall@yahoo.com),
Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: clinde (colin_linde@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9506586@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/18/2024 at 10:15 AM MST and filed on 1/18/2024

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 365(No document attached) |

**Docket Text:**
 **ORDER as to Michael Aaron Tew. An attorney selected from the District's Criminal Justice Act Panel is to be appointed as co–counsel for Michael Aaron Tew's trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et seq. SO ORDERED by Judge Daniel D. Domenico on 1/18/2024. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen     nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld     rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Jason Dale Schall     jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard     hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss     sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov,
maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano     lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  **MICHAEL AARON TEW, and**
    2.  **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

     Defendants.

---

## GOVERNMENT'S RESPONSE TO ATLANTIC UNION BANK'S MOTION TO QUASH SUBPOENA

---

Last night, the defendants provided final notice that they intend to exercise their right to trial. Moreover, they confirmed that they remain uncompromising in their refusal to stipulate or otherwise productively confer regarding the government's Motion in Limine seeking a finding that certain business records the government intends to offer at the upcoming trial (a) are authentic under Rules 902(11) and 902(13), and (b) are admissible non-hearsay under Rule 803(6) of the Federal Rules of Evidence. *See* ECF No. 344.

As previously argued, the government's request for an order *in limine* is consistent with the Federal Rules, which expressly designed these certifications around the need to "eliminate unjustifiable expense and delay" at trial. Fed. R. Evid. 102. *See United States v. Komasa*, 767 F.3d 151, 155 (2d Cir. 2014) (describing procedure created as a result of 2000 amendments to the Rules of Evidence with goal

1

of avoiding "the expense and inconvenience of producing time-consuming foundation witnesses").

After the government filed its Motion in Limine (which remains pending), one of the subpoenaed custodians of records, Atlantic Union Bank (AUB), filed its own Motion to Quash. ECF No. 363. AUB argues that the law does not require live, in-person testimony from them (and, by extension, any of the total of the 20 custodians who will otherwise need to testify), absent either (a) a stipulation from the defense or (b) a ruling from the Court regarding the admissibility of business records.

As to this argument, the government agrees. It respectfully renews its plea for an order *in limine* making a finding that the business records the government intends to offer at the upcoming trial are authentic under Rules 902(11) and 902(13) and admissible non-hearsay under Rule 803(6). ECF No. 344.[1] Entering the requested order—one that is authorized and encouraged by the Federal Rules and the relevant caselaw—would in no way prejudice the defendants, who retain the right to issue their own subpoenas to any custodians they seek to examine or otherwise use to rebut the government's offers of proof.

The government has tendered or will tender shortly Rule 902(11)/902(13) declarations for all of the respective records it intends to offer under Rule 803(6) at

---

[1]    As previously briefed, the government understands that it needs to lay proper foundation for the <u>content</u> of communications contained within certain business records, such as text messaging and email records. *See* Ex. 344 at 10. However, this concept does not stand in the way of the Court ruling that such records are, in and of themselves, certified business records for the purposes of that part of their foundation.

2

the upcoming trial. With three exceptions,[2] those declarations were previously entered into the record on December 19, 2024. *See* ECF No. 350 (Gov't Ex. List at *James* hearing).

For ease of reference, the custodians and a general description of the types of records at issue are as follows:

|    | Custodian Name | Exhibit Nos. & Corresponding Bates No. | Type of Record |
|----|----------------|----------------------------------------|----------------|
| 1. | **American Express** | 1129 (AMEX_00001) | Account Records |
| 2. | **Apple** | 1115 (SW_FIL_342321-22) | Subscriber Information & Other Messaging-Service Related Records |
| 3. | **ANB Bank** | 1101 (ANB_00002) 1102 (ANB_00035) | Bank Records |
| 4. | **Atlantic Union Bank** | 1100 (ACNB_00101) | Bank Records |
| 5. | **AT&T** | 1127 (ORD_20003-04) | Subscriber Information & Other Messaging-Service Related Records |
| 6. | **BBVA** | 1103 (BBVA_00002) 1104 (BBVA_00280) | Bank Records |
| 7. | **GoDaddy** | 1108 (ORD_19742) | Account Records |

---

[2]     Exs. 1100-1128 constitute declarations that the government had received as of the date of the *James* hearing. Since then, the government has received three additional declarations, from American Express (Ex. 1129); National Air Cargo (Ex. 1130); and McDonald Automotive Group (Ex. 1131). These declarations are of a similar format to the others and have been provided in discovery to the defense.

|  | Custodian Name | Exhibit Nos. & Corresponding Bates No. | Type of Record |
|---|---|---|---|
| 8. | **Google** | 1109 (ORD_17711)<br>1114 (SW_FIL_00094-99)<br>1116 (SW_FIL_11402-07)<br>1117 (SW_FIL_11557-61)<br>1122 (ORD_19955-61)<br>1123 (ORD_19962-76)<br>1124 (ORD_19977-91)<br>1125 (ORD_19992-96)<br>1126 (ORD_19997-20002) | Subscriber Information & Other Messaging-Service Related Records |
| 9. | **Guaranty Bank & Trust Company** | 1105 (GUAR_00001) | Bank Records |
| 10. | **Kraken** | 1106 (KRKN_00001) | Know Your Customer, Account, & Transaction Records |
| 11. | **McDonald Automotive Group (Audi)** | 1131 (AUDI_00042) | Account & Transaction Records |
| 12. | **National Air Cargo** | 1130 (NAC_E_204515-16) | Email Records |
| 13. | **Navy Federal Credit Union** | 1107 (NAVY_00002-03)<br>1128 (NAVY_02211-12) | Bank Records |
| 14. | **Regions Bank** | 1111 (REG_00001) | Bank Records |
| 15. | **Simple Finance Technology Corp.** | 1112 (SFT_00001) | Account Records |
| 16. | **Signature Bank** | 1113 (SIG_0678) | Bank Records |
| 17. | **Vcorp** | 1118 (VCORP_00001) | Account Records & Emails |

4

| | Custodian Name | Exhibit Nos. & Corresponding Bates No. | Type of Record |
|---|---|---|---|
| 18. | **Verizon** | 1110 (ORD_19935) | Subscriber Information & Other Messaging-Service Related Records |
| 19. | **Wells Fargo Bank** | 1119 (WFB_00144-46) 1120 (WFB_01054-58) | Bank Records |
| 20. | **Wynn Las Vegas** | 1121 (WYNN_00002) | Account & Business Records |

If the Court agrees that those declarations are sufficient, then the government will withdraw its subpoena to AUB, and to the other custodians covered by a court ruling. That withdrawal will render AUB's present motion to quash—and any other motions to quash that have been or may be filed by other custodians—moot.

As to AUB's other arguments, however, the motion to quash should be denied. *First*, the business records are the best evidence of Michael Tew's receipt of thousands of dollars in fraud proceeds. The government must prove its case beyond a reasonable doubt, and its presentation should not be hampered by AUB's protestations. Moreover, to the extent the defendants can raise a genuine challenge to the authenticity of those records (and, to be clear, the government believes they cannot), they should be entitled to cross-examine the custodians of those records at trial. *Second*, it is not "abusive" to gently serve legal counsel with a subpoena by mail rather than in person. *And finally*, to the best of its ability within the relevant statutes and regulations, the government will alleviate the burdens of in-person testimony by paying for all of the witness's travel and expenses as the statutes provide.

5

Ultimately, it is not too much to ask a corporate citizen to take a small amount of time to provide testimony in a case involving a victim who lost more than $5 million dollars. Should the Court deny the government's Motion in Limine, AUB's Motion to Quash also should be denied.

**I.      If deemed necessary, it is not unreasonable or oppressive to send a live witness to authenticate records showing how Michael and Kimberley Tew used sophisticated means to siphon ill-gotten fraud proceeds.**

As an initial matter, the government agrees that live testimony should not be required, and that the rules of evidence allow for the admission of business records using appropriate declarations. ECF No. 344 (articulating government's position regarding admissibility and authentication of business records). But the government has the burden of proving its case beyond a reasonable doubt and, until it receives a ruling that declarations provided are sufficient, it must take steps to ensure it can lay an appropriate foundation for its exhibits.

As sometimes happens in the run-up to trial, the government is moving as quickly as it can to identify the necessary exhibits. Initially, the government inadvertently provided AUB with two copies of the same exhibit, rather than the two correct, distinct exhibits it intends to offer at trial. For clarity, the two exhibits the government intends to admit (currently designated as Exhibits 312 and 363), are the best and only evidence showing the Tews' deployment of one particular artifice for advancing their fraud. In this instance, that artifice employed AUB as one of the facilities of the fraud.

More specifically, the Tews are accused of fraudulently obtaining NAC's money

6

under the false pretense that it was being used to pay vendors (including, *inter alia*, PM). In many cases, the Tews simply had co-conspirator Jonathan Yioulos send the money for fake invoices directly to their personal bank accounts. But in the two incidents involved with Exhibits 312 and 363, the Tews used a more sophisticated technique: They had Yioulos send the money to a friend at PM, who then transferred it back to them. Those transfers are documented in AUB's certified documents, specifically PM's bank records. *See* Ex. 312, page 3; Ex. 363, page 4. Without this evidence, the jury may be left under the misimpression that PM—which was a real company—actually received and kept substantial fraud proceeds, rather than the Tews.

The government must be granted the ability to meet its evidentiary burden. Without these particular exhibits, which clearly show how the money moved in and out of PM's bank accounts to the Tews' profit, the jury might be left with some doubt as to whether PM actually provided services for NAC or otherwise was entitled to the money. But the records show that the "real" PM did not have expenses associated with the provision of "consulting services" to NAC, and that, indeed, the Tews were the substantial and ultimate beneficiaries of the fraud. No other exhibits can show this component of the fraud as clearly. The records are thus not cumulative of any other exhibits or testimony.

Testimony from AUB also is not cumulative simply because it duly provided the requested declaration to the government. Yes, the government agrees that such a declaration should be sufficient, and yes, the government believes that a proper

7

declaration allows for the admission of the records without live testimony.[3] But this is not the government's call to make. The Court may disagree with the government's position, and if so, only a witness who can provide live foundation testimony can satisfy the government's burden. And the only entity that can provide that live testimony is AUB. To borrow defendant Kimberley Tew's example, no other witness can talk about AUB's own record-keeping system, rendering such testimony neither cumulative nor duplicative. *See* ECF No. 360 at 3.

AUB's response is that the exhibits do not relate to charged counts. But the government is not required to bring *pro forma* charges related to every single fraudulent transaction before evidence related to a larger scheme can be admitted. Moreover, the records unquestionably fall within the conduct described in the conspiracy counts. As described above, the records illuminate one particularly important facet of the scheme—the laundering of fraud proceeds through a real company—as a means of further distancing the Tews from their criminal acts.

Moreover, offering the records for a pre-trial ruling is not only necessary to dispel any reasonable doubt: it will actually *save* judicial resources over the long term by creating a trial record of sophisticated means so that the Court does not need to sift through that evidence again at sentencing. If the Tews are indeed convicted, this

---

[3]    This is all the more true where, as here, the defense has raised no credible argument as to the authenticity of these records. *See* ECF No. 359 at 1 (apparently conceding the authenticity and non-testimonial nature of the non-cell-phone business records) and ECF No. 360 (generally raising the specter of wanting additional foundation, without elaboration or specificity as to what foundation it believes it needs to explore).

8

same issue will arise when the government needs to prove its burden at the sentencing. As such, taking "thirty seconds" now, ECF No. 363 at 5, at this stage, to help establish a clear record on losses may save hours of litigation time later wrangling over these numbers later on.

## II. The government's service of AUB was appropriate; to the extent AUB complains service was defective, the government will cure; and this dispute should not be decided on procedural technicalities.

Prior to attempting service, the FBI contacted AUB's legal department about the best way to serve a subpoena and was told to send it via mail. This response made sense at the time, given that it is precisely what Federal Rule of Criminal Procedure 49 contemplates. Now, AUB—which clearly has actual notice of the subpoena—claims that service by mail was somehow "abusive." How, precisely, it is abusive for the government to send a subpoena by mail instead of sending agents to serve corporate officers in-person is never stated.

In any case, service by mail is appropriate. Rule 17(d) simply says that that a subpoena must be "delivered." True, some courts and treatises have declared that use of this word, as cross-referenced to Federal Rule of Civil Procedure 45(b), requires that litigants stalk their quarry and physically put paper in their hands. But those courts and treatises don't typically engage in any kind of textual legal analysis. *See Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994 (surveying cases requiring personal service and then noting "not one of these cases explains its conclusion, however; each simply refers to the text of Rule 45, which, as noted, does not command personal service. The persuasive authority of these cases is, accordingly, de minimis,"

9

and then lamenting that the treatises are no better: "the primary civil procedure treatises assert without explanation that personal service of a subpoena is required by Rule 45. Like the district court opinions cited above, the failure of these otherwise persuasive texts to explain their conclusions severely undermines their usefulness here.").

The government has not identified any direct Tenth Circuit precedent as to this dispute. However, the government encourages the tools of statutory interpretation and the deployment of simple common-sense to reach a reasoned conclusion. As one court has persuasively reasoned, the word "delivery" simply means "'the act by which the res or substance thereof is placed within the actual ... possession or control of another.'" *Id.* at 630 (quoting Black's Law Dictionary). And as the Seventh Circuit has explained, "we see no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result." *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012).

There is no question here that AUB has actually received the subpoena: They attached it to their motion. *See* ECF No. 363-1. Quashing the subpoena on exceedingly persnickety grounds would do nothing to efficiently resolve this litigation and would, instead, simply impose <u>more</u> costs on all of the parties and on the Court down the line. In any event, given AUB's complaints, the government dutifully sent an FBI special agent down to AUB's headquarters today (January 18, 2024) to provide

in-person service. This argument is now moot, and puts the substance of AUB's argument squarely before the Court without impediment.[4]

### III. To the extent that the subpoena burdens AUB, the government promises to alleviate that burden to fullest extent possible available under the law.

Finally, AUB has submitted a declaration stating that the travel and time incurred by requiring in-person testimony will cause a "significant burden to AUB's Regulatory Processing-Subpoenas Team." 363-3. On one hand, and as repeatedly expressed to AUB and to the total of 20 custodians of record involved, the government is sympathetic to these burdens and has sought to alleviate such burdens via its pending Motion in Limine.

Apart from the obvious, however, the supposed burden to AUB is unidentified and the description of how such a burden would be uniquely significant to AUB is unexplained. The declaration also appears to over-inflate such burden, claiming that it will take 2-3 days for someone to travel from Richmond to Denver. A quick look at widely-available websites for booking travel shows that both United Airlines and Southwest offer convenient non-stop flights between Richmond and Denver. The government can and will do everything it can to schedule witnesses to limit overnight stays (it is, after all, picking up the tab and conscious of the costs).[5] In the alternative,

---

[4]    *See, e.g.*, *United States v. Sandoval*, No. 10-20243-CR, 2010 WL 2757188, at *3 (S.D. Fla. July 13, 2010) (electing to reach the merits of a custodians motion to quash over ruling on argument regarding defective service, in recognition of interests of justice and judicial economy).

[5]    *See* 28 U.S.C. § 1825 (requiring payment of fees).

11

should the Court require testimony, the parties can work with defense counsel to determine whether they would object to what is clearly non-testimonial evidence being presented by video.

## IV.    Conclusion

AUB is right to declare that it is a waste of time and resources to provide testimony *where not required.* ECF No. 363. But the government does not know and will not know whether the testimony is required until it knows whether its declarations provide a sufficient foundation to satisfy the Court. If the Court concludes that the declarations are insufficient, or that live testimony is otherwise necessary, then, by legal definition, the testimony is required and the government would respectfully request that the Court enforce the subpoena. One would hope that AUB would expect and appreciate the same should it ever be the victim of a crime. Justice for victims demands proof beyond a reasonable doubt and proving restitution will often require the use of bank records. Indeed, compliance with such subpoenas should be a natural and expected ancillary responsibility of AUB's business, something that AUB's establishment of a dedicated "Regulatory Processing-Subpoenas Team" tacitly acknowledges.

The Tews are entitled to a jury trial. But they are not entitled to needlessly and unnecessarily burden third-party custodians and the Court by obstinately demanding in-person testimony that is not required by the Federal Rules, caselaw, or the U.S. Constitution. To ensure that the upcoming trial is focused and efficient, the government would ask that the Court review Exhibits 1100-1128 offered at the James Hearing and, for all of the reasons previously articulated in the government's

12

Motion in Limine, issue a ruling making the preliminary finding under Federal Rule of Evidence 104(a) that the government's proposed exhibits are authentic business records. By extension, the government also requests that the new declarations (related to Amex, Audi, and NAC's email records) be similarly declared certified and authentic non-hearsay records. The defendants can challenge the exhibits on any other ground and, should they believe there are real issues of authenticity, can issue their own subpoenas to records custodians. Proceeding otherwise simply encourages additional litigation over motions to quash from AUB and other custodians and unnecessarily consumes judicial resources.

COLE FINEGAN
United States Attorney

By:    */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:    */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

13

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Bryan Fields
Bryan Fields


**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

/s/ Bryan Fields
Bryan Fields

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

s/ *Sarah H. Weiss*
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES,

     Plaintiff,

v.

**MICHAEL AARON TEW**;
**KIMBERLEY ANN TEW**; and
JONATHAN K. YIOULOS,

     Defendants.

---

## ORDER REGARDING AUTHENTICATION OF EXHIBITS

---

The government has asked the court to find, prior to trial, that approximately 900 exhibits—primarily texts, emails, and instant messages shared among the defendants; bank records; account and subscriber records; and surveillance photographs—are authentic, subject to the business-records hearsay exception, and therefore presumptively admissible. Doc. 344; Doc. 344–1 (highlighted list of exhibits subject to the government's motion). The government moves *in limine* to admit these documents, arguing that requiring custodial witnesses to authenticate these exhibits at trial would be burdensome and tedious. But Defendants Mr. and Mrs. Tew contest, at least in part, the authentication of these exhibits. The government's motion is granted in part and denied in part as described below.

### BACKGROUND

The facts of this case are well known to the parties, so the court will only recite them briefly. On February 3, 2021, a grand jury indicted

Defendants Michael Tew, Kimberley Tew, and Jonathan Yioulos on doz-ens of counts for various offenses including wire fraud, conspiracy to commit wire fraud, and conspiracy to commit money laundering. Doc. 83. The government alleges that the defendants defrauded various enti-ties affiliated with N.A.C. Inc. (collectively, "NAC") that provided "freight forwarding solutions, to include by charter and airlift." *Id.* at 1. NAC also operates as an airline. *Id.* Mr. Yioulos has pleaded guilty, Doc. 154, and only Mr. and Mrs. Tew intend to go to trial at this time.

The court recently held a *James* hearing addressing several hundred statements that the government sought to admit under the co-conspira-tor hearsay exclusion pursuant to Federal Rule of Evidence 801(d)(2)(E). Doc. 355. The court found that most of the proffered statements were not hearsay while reserving potential rulings on other admissibility is-sues. Doc. 361. The government docketed the *James* hearing statements themselves, Doc. 341–1, and separately submitted the exhibits for the hearing to the court.

The government has also separately moved to admit, for purposes of trial, the approximately 900 exhibits submitted prior to the *James* hear-ing. Doc. 344. Both Mr. and Mrs. Tew filed responses opposing the gov-ernment's motion at least in part. Docs. 359, 360. During the pendency of that motion, the government sent at least one subpoena to a third-party bank to provide live testimony at trial from a custodian of records regarding two such exhibits. *See* Doc. 363. That bank has moved to quash the subpoena, arguing that its submitted declaration renders the bank-record exhibits admissible and that requiring live testimony would unduly burden it. *Id.* The government has since filed a response to that motion to quash which also included updates on several custodial decla-rations that had not yet been received as of the *James* hearing. Doc. 366.

## APPLICABLE LAW

Under Federal Rule of Evidence 803(6), certain "business records" are not hearsay. Such records of "an act, event, condition, opinion, or diagnosis" are generally not excluded as hearsay if (1) they were made at or near the time by someone with knowledge; (2) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;" (3) "making the record was a regular practice of that activity;" (4) and the offeror provides either testimony or a certification from a custodian of records showing all of the above. Fed. R. Evid. 803(6). Even if those conditions are met, however, the exception does not apply if the opponent shows "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.*

Under Federal Rule of Evidence 902(11), if a business record falls within Rule 803(6)'s exception—and when supported by a sufficient declaration from a custodian of records—it is self-authenticating as well. *United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019). Certain records "generated by an electronic process or system that produces an accurate result" similarly may be self-authenticating if supported by an appropriate declaration from a custodian of records. Fed. R. Evid. 902(13).

Authentication of documents that are not self-authenticating can be achieved in a variety of ways, including through witness testimony. Fed. R. Evid. 901. Such authentication requires "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). But "the bar for authentication of evidence is not particularly high." *United States v. Isabella*, 918 F.3d 816, 843 (10th Cir. 2019); *see also* 31 Charles Alan Wright & Arthur R. Miller, Federal Practice

and Procedure, § 7104 (2d ed.) (characterizing this standard as "not ex-
acting" and that courts generally emphasize "the minimal nature of the
showing required").

## DISCUSSION

The government's motion addresses about 900 exhibits from at least
twenty custodians. *See* Doc. 366 at 4–5. These exhibits tend to fall into
one of two general categories: (1) bank, credit-card, and other business
records; and (2) subscriber and messaging records related to various
communications, mostly attributable to the defendants. *Id.*

Mr. Tew does not contest the authenticity of the vast majority of
these exhibits. Doc. 359 at 1. Instead, he lodged a targeted objection to
the government's proffer to authenticate certain messages and emails
modified with "Cellebrite" software. *Id.* at 1–4. Mrs. Tew, on the other
hand, seems to object more broadly to the government's proposal to not
have custodians testify at trial, at least based on the evidence presented
as of December 22, 2023 when she filed her response. Doc. 360.

### I.    Bank and Business Records

Much, if not all, of the proposed bank records appear to fall neatly
within the business records exception of Rule 803(6) and the self-authen-
tication provision of Rule 902(11). Indeed, certificates from custodians
that "track the language of Rule 803(6) nearly word for word" tend to
render such records self-authenticating. *See Ayelotan*, 917 F.3d at 402
(admitting email records based on custodial certificates from Google and
Yahoo!).

Mr. Tew does not contest the authenticity of these documents, and
Mrs. Tew fails to meaningfully contest the authenticity of such docu-
ments assuming that the appropriate certificates are made available.

Docs. 359, 360. Mrs. Tew is correct, however, that it remains somewhat unclear if, when, and how the various declarations have been disclosed to the defendants, let alone the court. While the government submitted *some* of the relevant custodial declarations for purposes of the *James* hearing, almost none of them have been docketed, and the government seems to admit that it has not even provided the court with at least three of them. *See* Doc. 366 at 3 n.2 (describing purported declarations from American Express, National Air Cargo, and McDonald Automotive Group that the government had not received prior to the *James* hearing and that the government still appears not to have filed or provided to the court).

Given this piecemeal approach, the court cannot give the government a definitive ruling on all of the bank records at this time. But the court is confident that the bank records in this case—if accompanied with an appropriate declaration mirroring the one provided by Atlantic Union Bank, as an example, *see* Doc. 363–2—are authentic, non-hearsay business records and will *not* require live testimony from a custodian of records for purposes of authentication. Assuming that all of the declarations meet the requirements of Rule 803(6) and 902(11), it therefore appears that most if not all of the records from entities such as American Express, Atlantic Union Bank, BBVA, Guaranty Bank & Trust Company, Regions Bank, Signature Bank, and Wells Fargo Bank are authentic and non-hearsay. But given that the court lacks a complete record to rule on all of these exhibits, it withholds a final ruling at this time.

Nevertheless, given third-party Atlantic Union Bank's pending motion to quash, the court does find, at this time, that exhibits 312 and 363 are authentic, non-hearsay business records that are presumptively admissible. Atlantic Union's custodial declaration, Doc. 363–2, meets the requirements of Rules 803(6) and 902(11), and the court sees no basis

for finding—nor have defendants attempted to show—that the source of these exhibits or the circumstances of their preparation lack trustworthiness under Rule 803(6)(E). Given the government's promise to withdraw the witness subpoena sent to Atlantic Union if the court deemed the relevant exhibits admitted, Atlantic Union's motion to quash is denied as moot with leave to re-file if necessary.

## II.     Account, Subscriber, and Messaging/Email Records

The government also seeks to admit various subscriber and account records and messaging records, such as those obtained from Google and Apple. Much, but not all, of these exhibits seem to relate to communications involving the defendants, including the statements addressed at the *James* hearing. The more straightforward account and subscription records, it seems, qualify as business records subject to self-authentication, like the bank records discussed above. But the messaging records, including those extracted from accounts purportedly owned by the defendants, present a double hearsay issue:

> Here, each email represented two "statements" for purposes of the Federal Rules of Evidence. First was the transmittal certificate—effectively, the email provider's statement that one user wrote and sent a message to another user at the recorded time. Second, the content of each email is also a statement. We take them in that order.

*Ayelotan*, 917 F.3d at 402.

As to the first hearsay and authentication layer—*e.g.*, that a certain message was associated with a certain account or that a certain messaging account transmitted a certain message—the government's proffered declarations appear to meet the business-record exception. *See id.* (finding that certificates from Google and Yahoo custodians rendered "statement that one user wrote and sent a message to another user at the

- 6 -

recorded time" non-hearsay and authentic). The court therefore does not see a need for custodians from Apple or Google, for example, to testify at trial. Their declarations, so long as they meet the requirements of Rules 803 and 902, are sufficient.

The content of the emails is another matter—something the government appears to concede. *See* Doc. 344 at 10–13 (noting that the certification from custodians is just "one piece of the authentication puzzle"). Indeed, "Rule 902(11) would not apply if the email was offered to prove the content of the email was accurate unless the email was itself created in the regular course of business and it was the regular practice of the business to create such items." 31 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 7145 (3d ed.). For this second hearsay layer, the government suggests that authentication of the substance of the emails may be achieved via Rule 901. Assuming the defendants themselves will not authenticate these emails at trial, such authentication may be accomplished through a review of circumstantial evidence like the characteristics and contents of the messages which suggest that the content of those messages were, in fact, sent from one person to another. *See, e.g.*, United States v. Fluker, 698 F.3d 988, 999 (7th Cir. 2012) (affirming authentication of defendants' emails based on context clues in email address and substance of the emails themselves).

The court agrees that—at least for the statements addressed in the court's *James* order[1]—the context clues and other characteristics of various messages are sufficient to deem those messages authentic under Rule 901. But the court is not able to grant a blanket admissibility ruling as to *all* of those hundreds of messages at this time. It remains unclear

---

[1] With the exception of certain messages created using Cellebrite software as addressed below.

how many of those messages the government will actually introduce at trial. And given the variety of different messages and accounts at issue (including the possibility that certain individuals used *other* individuals' accounts to send messages), a blanket ruling would be inappropriate at this time. Nevertheless, based on the review made for purposes of the *James* order, the court notes that a large majority of the messages will not be kept out on authenticity grounds. And the court supposes that the government will put on a witness or witnesses, such as the IRS agent who testified at the *James* hearing, who can not only help authenticate the messages at trial prior to their introduction into evidence but also provide context to the jury regarding those messages' content.

## III.   Cellebrite-Created Messages

Mr. Tew's objection on authenticity grounds relates to certain exhibits created with Cellebrite software that extracts raw data from cell phones.[2] Mr. Tew argues that this software does not merely "copy" data from a cell phone but instead involves some discretion on the part of a forensic examiner using the software to determine what data to include or exclude from a forensic image of the phone. Because of this, Mr. Tew argues, any Cellebrite-created exhibits are not business records and therefore not self-authenticating. The government counters that the software merely copies and renders the underlying data in a more aesthetic way—such as by converting messages listed in a spreadsheet into a more readable format. Given this, the government argues that Cellebrite generates a record "that produces an accurate result" pursuant to Rule 902(13). The government therefore seeks to authenticate Cellebrite reports with a declaration only. Doc. 344 at 13.

---

[2] Mrs. Tew does not raise a specific objection regarding Cellebrite exhibits.

In support of its argument, the government cites an unpublished decision from this district purportedly citing authority "from [the] First, Second and Ninth Circuits." Doc. 344 at 13. In that case, Judge Martinez cited Rule 902(14)—a rule allowing authentication of data "copies" from an electronic device as opposed to a process that generates "accurate results"—as the basis for authenticating Cellebrite data while addressing a separate issue regarding expert witness testimony. *United States v. Judkins*, 1:21-cr-00055-WJM, ECF No. 113 (Oct. 18, 2022).[3] And all of the out-of-circuit authority cited in that case addressed whether certain testimony about cell phone extractions amounted to expert testimony rather than lay testimony—not whether Cellebrite extractions themselves were self-authenticating. *United States v. Montijo-Maysonet*, 974 F.3d 34, 48 n.12 (1st Cir. 2020) (addressing police officer who *testified at trial*, subject to cross-examination, on extracted cell phone data yet "offered no assurances about how well the extraction software performed" and noting that defendant did not lodge authentication challenge); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) (similar); *United States v. Marsh*, 568 F. App'x 15, 16 (2d Cir. 2014) (addressing live testimony from FBI agent regarding extraction process for Cellebrite reports).

The government has provided no specific authority for finding that the Cellebrite-produced reports in this case are self-authenticating under Rule 902(13). As Mr. Tew suggests in his motion, it appears that

---

[3] While the government suggests that Cellebrite merely "copies" data from cell phones or is equivalent to copy-pasting the raw data into a text editor, it relies on Rule 902(13) (addressing processes generating an "accurate result") instead of Rule 902(14) (addressing copying of data). The government has not met its burden to show that the Cellebrite-created reports are mere copies, perhaps as partly evidenced on its failure to rely on Rule 902(14).

Cellebrite is a tool that allows users to create a variety of reports or documents—possibly ranging from mere copies of raw data to selective copies of raw data, or even to exhibits incorporating external information inputted by the Cellebrite user. It remains unclear in this case where, on that spectrum, the proffered exhibits fall (or whether there is variance among the exhibits). Nor has the government fully explained the process by which the exhibits at issue were generated. So the court finds that, for Cellebrite exhibits, the government must provide a competent witness or other sufficient evidence at trial to address authenticity and/or a foundational basis before those exhibits will be admitted into evidence. *See United States v. Buyer*, No. 22 CR. 397 (RMB), 2023 WL 6805821, at *3 (S.D.N.Y. Oct. 16, 2023) (addressing authentication of Cellebrite reports under Rule 901 via introduction of live testimony of agent subject to cross examination and introduction of supporting exhibit regarding extraction process). As Mr. Tew suggests, it seems that the forensic examiner who extracted the data would be an appropriate witness for this purpose. And the introduction of one witness on this discrete issue will not meaningfully burden the government or unnecessarily extend the trial.

## CONCLUSION

The government's Motion in Limine, **Doc. 344**, is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

The court has provided its presumptive rulings on authenticity above, subject to further discussion at the Trial Preparation Conference on January 30. As described above, a large majority of the 900 exhibits at issue are likely authentic, non-hearsay business records that will not require authenticating live witnesses at trial. But to simplify and organize the authentication process, the government **must file on the**

**docket, on or before January 24, 2024**, all custodial declarations it intends to use to support authentication of trial exhibits. Defendants **may file any *specific* objections to those declarations on or before January 29, 2024**. And the court will address any remaining authentication issues at the Trial Preparation Conference on January 30.

Also, as discussed above, Atlantic Union Bank's Motion to Quash, **Doc. 363**, is **DENIED AS MOOT** given the court's ruling that exhibits 312 and 363 are authentic, non-hearsay business records. Atlantic Union may re-file a motion to quash if necessary.

DATED: January 19, 2024      BY THE COURT:

Daniel D. Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

    1.  **MICHAEL AARON TEW**;

    2.  KIMBERLY ANN TEW; and
       a/k/a Kimberley Vertanen

    3.  JONATHAN K. YIOULOS,

Defendants.

---

## NOTICE OF APPEARANCE

---

      Kristen M. Frost hereby enters her appearance as counsel for Defendant Michael Aaron

Tew.  Pursuant to D.C.COLO.L.AttnyR 5(a)(3)(C), undersigned counsel hereby certifies that she

is a member in good standing of the bar of this court.

                             Respectfully submitted,

                             *s/ Kristen M. Frost*
                             Kristen M. Frost
                             RIDLEY, MCGREEVY & WINOCUR, P.C.
                             303 16th Street, Suite 200
                             Denver, Colorado  80202
                             Telephone:  (303) 629-9700
                             Facsimile:  (303) 629-9702
                             E-mail:   frost@ridleylaw.com
                             Attorney for Defendant Michael Tew

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, I served a true and correct copy of the foregoing **NOTICE OF APPEARANCE** electronically with the Clerk of the Court via the CM/ECF system, which will send notice of such filing to the Court and parties.

*s/ Kristin McKinley*
Kristin McKinley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

  1. **MICHAEL AARON TEW, and**
  2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

## UNOPPOSED MOTION TO PRODUCE TRIAL EXHIBITS VIA ELECTRONIC MEANS

---

The parties have consulted with one another regarding logistical tasks related to the upcoming trial, such as the printing of proposed exhibits. In the weeks before trial, the government has provided the defendants with electronic sets of its exhibits. Those sets are updated periodically as the government continues its trial preparations. Given the parties facility with these electronic sets and the ease with which electronic exhibits can be presented in Court, the government proposes to produce only *one* paper set of the voluminous documentary exhibits that may be referenced and offered into evidence at the upcoming trial. That set would remain in the witness box (along with the availability to view the same exhibits on screen), to facilitate testimony. For everyone else — the government, defense counsel, and court personnel — the government proposes to provide thumb drives containing digital copies. The defendants do not oppose this motion. Because such a procedure will save

1

resources and avoid the cumbersome delays that come from flipping through massive multi-volume binder sets, the governments moves for an Order from the Court allowing the government to print only one paper set of exhibits for the upcoming trial.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:  */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

2

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

*/s/ Bryan Fields*
Bryan Fields

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

s/ *Bryan Fields*
Bryan Fields
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

Defendants.

---

**[PROPOSED] ORDER REGARDING UNOPPOSED MOTION TO PRODUCE TRIAL EXHIBITS VIA ELECTRONIC MEANS**

---

This matter comes before the Court on the Government's Unopposed Motion to Produce Trial Exhibits via Electronic Means. Having reviewed the motion and being fully apprised of its circumstances, it is hereby

**ORDERED** that the Government's Unopposed Motion to Produce Trial Exhibits Via Electronic Means is **GRANTED;**

**IT IS FURTHER ORDERED** that the government shall provide one original paper set of its proposed exhibits for use at the upcoming trial in this matter, scheduled to begin on February 5, 2024.

**IT IS FURTHER ORDERED** that the government shall provide a complete set of its exhibits via electronic means to defense counsel and the Court on or before January 26, 2024.

DATED: _____

BY THE COURT:

_____
DANIEL D. DOMENICO
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MICHAEL AARON TEW,

     Defendant.

---

## MOTION *IN LIMINE* TO PROHIBIT THE IMPERMISSIBLE AND UNCONSTITUTIONAL USE OF PROFFER AGREEMENTS

---

Defendant Michael Aaron Tew ("Mr. Tew") respectfully moves the Court *in limine* for a pre-trial ruling limiting the scope of the potential admissibility of statements made during two proffer agreements between Mr. Tew and the government during the government's case-in-chief. The government opposes the relief sought herein.

### Introduction

On Friday, January 19, 2024, the government stated its intention to affirmatively admit statements made by Mr. Tew during interviews with the government team during its case-in-chief at trial if Mr. Tew breached the proffer agreements preceding those interviews. The proffer letters at issue, dated July 12, 2020, and July 27, 2020 (but each signed in the days thereafter), were executed prior to Mr. Tew twice meeting with the government and providing information germane to this case. Based on recent communications with the government, undersigned counsel understands that the government will take the position that such a "breach" would occur at trial should the defense present <u>anything</u> contrary to what Mr. Tew said during the proffers,

including anything said by counsel in opening statements, closing argument, or during cross-examination of a government witness. This interpretation, however, is a clear overreach, as it stymies Mr. Tew's constitutional rights to present a complete defense at trial, including the nearly unfettered right to cross-examine witnesses, his right to due process, effective assistance of counsel and a fair trial. The government's interpretation cannot survive serious scrutiny, or any at all considering its request is tantamount to handicapping Mr. Tew's right to defend himself in any meaningful way.

The government stated that it intends to raise this issue with the Court in its trial brief. However, Mr. Tew raises it *in limine* because of its significance and singular ability to prejudice the defense at trial. As such, this Motion merits consideration and a pre-trial ruling before a jury is empaneled and opening statements occur in this case.[1] Mr. Tew respectfully moves this Court to preclude the government from introducing evidence related to his proffer statements in its case-in-chief because doing so will handicap the defense in a manner that creates incurable prejudice at trial, and because such a request is completely inappropriate based on the facts of this case.

## Factual Background

On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release. *See* Doc. 7 and 9. Less than a week later, on July 15, 2020, Mr.

---

[1] The Court's prior Order Regarding Pretrial Deadlines and Pending Motions, Doc. 241, establishes that motions *in limine* are due fourteen days before the Trial Preparation Conference, That deadline was not specified in the last order, Doc. 318, and if applied to the presently scheduled Trial Preparation Conference, it has already passed. The defense learned of this new development upon examining the government's preliminary exhibit list and corresponding with counsel on January 19, 2024. Given the significance of the issues involved this issue cannot wait for a trial brief, and the defense does not view it as an issue that should be addressed as other routine trial brief issues are addressed. If this matter goes unaddressed before trial commences, the government's request will significantly prejudice the defense as trial.

Tew and his then counsel, Mr. Michael Sheehan, met with federal authorities. Prior to the meeting, the parties reached a proffer agreement (dated July 12, 2020, included herein as Exhibit A, INV_00007873-7875) regarding the statements that Mr. Tew agreed to provide and detailing the use the government could make of those statements. For purposes of this Motion, paragraph four provides the contested language:

> The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

Ex. A at 2. This exact paragraph is repeated in the proffer agreement dated July 27, 2020 (included herein as Exhibit B, INV_00007868-7871) that covered Mr. Tew's July 28, 2020, meeting with authorities. However, Mr. Tew's attorney had changed. At that time, Mr. Tew was represented by Mr. Eric Creizman and Ms. Melissa Madrigal of the New York firm Armstrong Teasdale LLP, who entered their appeared in this matter the same day the second proffer interview occurred. Doc. 17. While the proffer agreements are similar, the first agreement specifically carves out an exception regarding matters involving Kimberley Tew ("Mrs. Tew").

But it gets messier from that point onwards. At the time of the second proffer agreement, the one in which questions about Mrs. Tew were now on the table, Mrs. Tew had a lengthy professional relationship with Mr. Tew's counsel, who at one time considered them each as friends. Within two weeks after the second proffer was held, Mr. Tew's counsel moved to withdraw citing, in part, Mrs. Tew's interference with his representation. *See* Doc. 26, affidavit of attorney Eric Creizman. Months passed, but eventually Mrs. Tew was indicted. Just over two weeks after her initial appearance in this case on February 10, 2021, Doc. 96, attorney Tor Bernhard Ekeland

943

entered his appearance <u>on behalf of both Michael and Kimberley Tew</u>. Doc. ECF 106. The Tews then would have joint representation up until the appointment of Mrs. Tew's current counsel pursuant to the Criminal Justice Act on January 3, 2023. Doc. 290. None of the attorneys who represented Mr. Tew during the proffer interviews remain on the case. For that matter, the assigned prosecutors have also changed.

Despite this history and what appears in their Memorandum in support of *James* log, Doc. 341, to be a veritable mountain of evidence against Mr. Tew, the government now intends to ask the Court to completely restrict Mr. Tew's ability to present a defense at trial.

## Applicable Law and Argument

On the face of the proffer letter, the government cites *United States v. Mezzanatto*, 513 U.S. 196 (1995), a case in which the Supreme Court was tasked with determining, as the Ninth Circuit was, whether there existed "a per se rule precluding a defendant from ever waiving his Rule 410 protections." *See United States v. Jim*, 786 F.3d 802, 810 (10th Cir. 2015) (interpreting and applying *Mezzanatto*). But *Mezzanatto*, an early case involving the interpretation of the federal *statutory* rules applicable to the use of statements made in the course of plea discussions, did not involve a written agreement and was limited to the government seeking to introduce evidence of the defendant's proffered statements only after he testified to the contrary and denied his proffered statements under cross-examination, a result consistent with the impeachment of *any witness*. *Id.* at 199.

Here, the government seeks to constrain Mr. Tew's trial rights in a much broader way, not limited to impeaching Mr. Tew should he testify. Instead, the government intends to argue that Mr. Tew's agreement not to "presen[t] a position (including through affidavit or in argument) that contradicts" his proffer statements now restricts his ability to cross-examine witnesses and present

opening statements and closing arguments to the jury. Exhibits A and B at 2.[2] Such an interpretation of what is, at most, vague and overbroad proffer agreement language, completely overlooks Mr. Tew's many trial rights, particularly the right to confrontation. *See, e.g.*, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (noting that the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense") (citation omitted). Indeed, undersigned counsel spoke with Mr. Michael Sheehan, counsel for Mr. Tew at the time of the first proffer. Mr. Sheehan expressed no recollection of any understanding or interpretation of the proffer letter at that time as limiting in any way Mr. Tew's ability to cross examine witnesses or present an unburdened opening statement. Mr. Sheehan stated his belief that such a position is not in line with how defense counsel in this District routinely interpret and explain such agreements to their clients.

In effect, the government argues that Mr. Tew signed away various rights, including the nearly unfettered constitutional right to cross-examine witnesses against him, by providing allegedly voluntary statements to the government. *See Delaware v. Fensterer*, 474 U.S. 15, 22 (1985) (noting that the Confrontation Clause affords a defendant a "full and fair opportunity to probe and expose [the] infirmities" of the government's case "through cross-examination"). The government's stance, that apparently Mr. Tew waived some type of rule-based protection guaranteed by Federal Rules of Evidence, does not account for Mr. Tew's constitutional rights to a fair trial and to present a complete and meaningful defense, and to confrontation, due process and the effective assistance of counsel. In the words of the Supreme Court:

> There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.  Indeed, we have expressly declared that to deprive an accused of the right to cross-examine the witnesses against him is a denial

---

[2] No reasonable interpretation of paragraph four can be said to cover what can be said in opening statements.

5

945

of the Fourteenth Amendment's guarantee of due process of law.

*Pointer v. Texas*, 380 U.S. 400, 405 (1965).

Under the government's interpretation, Mr. Tew would have preserved more trial rights by speaking to government agents *without an attorney and without the benefits of a bargained-for agreement*. This absurd result seems accurate only if it was also the case that Mr. Tew received ineffective assistance of counsel or if the government's interpretation has evolved over time now that Mr. Tew is no longer cooperative and wishes to try his case.

While the waiver of constitutional rights like the confrontation of witnesses is routine in the context of a guilty plea, institutional safeguards prevent such waivers from merely being signed away. Defendants in this District, for example, file a defendant's statement in advance of plea of guilty acknowledging the rights that are choosing to give up by pleading guilty. And the Court, at the change of plea hearing, questions each defendant about these rights and his or her choice to waive them. Perhaps obviously, none of those procedural safeguards were present here. And notably, the government has not expressed any intention of introducing Mr. Tew's prior Notice of Disposition, since revoked, filed in October 2020. Doc 47.

It cannot be reasonably argued, however, that Mr. Tew did not know that his statements to federal authorities could be used against him if he later changed his version of events. And it is perhaps a reasonable inference that Mr. Tew also knew, and agreed, that he could not affirmatively present evidence to the contrary. That is at least consistent, and arguably aligns with various holdings, like *Mezzanatto*, that found that rights created by statute (such as the rules of evidence) can be knowingly waived. But the Court in *Mezzanatto* acknowledged that "[t]here may be some evidentiary provisions that are so fundamental to the reliability of the factfinding process that they may never be waived without irreparably discrediting the federal courts." *Mezzanatto*, 513

6

U.S.196, 204 (internal citation omitted). As cited by the Tenth Circuit in *United States v. Mitchell*, 633 F.3d 997, 1003 (10th Cir. 2011) (quoting *Rose v. Clark*, 478 U.S. 570, 577-78 (1986)), "Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." *See also United States v. Oluwanisola*, 605 F.3d 124, 133 (2d Cir. 2010 ("A cross examination question that goes to the credibility of the government's witness, without a factual assertion contradicting the facts admitted in the proffer statement, is not sufficient to trigger the waiver provision here."); *United States v. Roberts*, 660 F.3d 149, 158 (2d Cir. 2011) (internal citations omitted) ("Particular caution is required when the purported fact is asserted by counsel rather than through witness testimony or exhibits. The latter undoubtedly constitute evidence and, thus, necessarily imply some fact. By contrast, counsel's statements are not admissible evidence. Thus, arguments or questions challenging the sufficiency of government proof or the credibility of a witness without a factual assertion contradicting facts admitted in the proffer statement do not trigger a waiver provision.")

It is those basic constitutional protections – cross-examination, due process, effective assistance of counsel and presenting a complete and meaningful defense – that the government contends Mr. Tew signed away. Interpreting the proffer agreements to restrict or diminish these rights would infect the whole trial proceeding, denying Mr. Tew meaningful opportunity to defend himself and, in effect, leaving trial counsel no choice but to provide what would otherwise be widely considered as the ineffective assistance of counsel. The government does not get to control defense strategy, any of Mr. Tew's potential defenses, and the manner in which his counsel decides

to deliver an opening statement and cross-examine government witnesses at trial.

DATED this 23rd day of January, 2024.

_/s/  Jason D. Schall_
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

_/s/  Kristen M. Frost_
Kristen M. Frost
RIDLEY, LCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
E-mail: frost@ridleylaw.com

Attorneys for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_/s/  Jason D. Schall_
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

_/s/  Jason D. Schall_
Jason D. Schall

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields  
U.S. Attorney's Office  
1801 California Street, Suite 1600  
Denver, CO 80202  
(303) 454-0100  
Bryan.Fields3@usdoj.gov

David Kaplan / Jamie Hubbard  
Stimson LaBranche Hubbard, LLC  
1652 North Downing Street  
Denver, CO 80203  
(720) 689-8909  
kaplan@slhlegal.com  
hubbard@slhlegal.com  
*Attorneys for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

_/s/   Jason D. Schall_  
Jason D. Schall

9


DEFENDANT'S
EXHIBIT
**A**



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

---

Hetal J. Doshi
Assistant United States Attorney

1801 California Street, Suite 1600    Telephone: 303-454-0100
Denver, CO 80202                      Fax: 303-454-0405

July 12, 2020

*Via Email*
Michael Sheehan, Esq.
Counsel to Michael Aaron Tew
Sheehan Law Denver
7400 East Caley Avenue
Quebec Center II
Suite 300
Centennial, Colorado 80111
michael@sheehanlawdenver.com
720.381.6146

Dear Mr. Sheehan,

I understand your client, Michael Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Mr. Tew's financial transactions, direct or indirect, with National Air Cargo, and subsequent transactions initiated by or for the benefit of Mr. Tew, either directly or indirectly. This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.      Your client agrees that he will truthfully and completely disclose all information with respect to his activities and the activities of others that are the subject of inquiry by the government during the proffer. In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset. The only limited exception to this is that Mr. Tew has elected at this time not to answer questions that may specifically implicate his wife, Kimberly Tew. He has consulted with his counsel and understands that this decision could diminish the value, if any, of his cooperation. Mr. Tew has stated that he may revisit this decision in the future. In the event

1

that Mr. Tew agrees in the future to answer questions that may specifically implicate his wife, such a change will be memorialized in a subsequent proffer agreement. At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings. You and your client understand that false statements willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

2.      Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.      The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence. Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer. *See Kastigar v. United States*, 408 U.S. 931 (1972). It is the intent of this agreement to establish that such derivative use is proper. By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.      The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.      Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.      In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against him in the future.

2

INV_00007873

7.     Your client understands that he is required to provide full and complete information about the subject matter of the proffer and any information about himself which might adversely impact on his credibility as a witness concerning such activity.

8.     This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9.     This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

s/ *Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

3

I, Michael Tew, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____    __7/15/20__
Michael Aaron Tew          Date


I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

_____    __7/15/2020__
Michael Sheehan           Date
Counsel for Michael Aaron Tew

4

INV_00007875

DEFENDANT'S
EXHIBIT
B



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

*Hetal J. Doshi*
*Assistant United States Attorney*

*1801 California Street, Suite 1600*   *Telephone: 303-454-0100*
*Denver, CO 80202*   *Fax:  303-454-0405*

July 27, 2020

*Via Email*
Eric Creizman, Esq.
Melissa Madrigal, Esq.
Counsel to Michael Aaron Tew
Armstrong Teasdale LLP
919 Third Ave., 37th Floor
New York, NY, 10022
ecreizman@atllp.com
MMadrigal@atllp.com
212.209.4358

Dear Mr. Creizman and Ms. Madrigal,

I understand your client, Michael Tew, is interested in meeting with federal law enforcement
agencies and the Criminal Division of the United States Attorney's Office for the District of
Colorado for a proffer related to this office's criminal investigation of conduct related to or
arising out Mr. Tew's financial transactions, direct or indirect, with National Air Cargo, and
subsequent transactions initiated by or for the benefit of Mr. Tew, either directly or indirectly.
This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver,
and any follow up proffer sessions between the Criminal Division of the United States
Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.     Your client agrees that he will truthfully and completely disclose all information with
respect to his activities and the activities of others that are the subject of inquiry by the
government during the proffer.  In this regard, your client must neither attempt to protect any
person, entity, or asset through materially false information or omission, nor falsely implicate
any person, entity, or asset.  At a future time your client may be subpoenaed to testify before a
federal grand jury, at trial, or in other court proceedings.  You and your client understand that
false statements willfully made during this proffer will negate the Government's agreement not to
use this proffered information against your client.

1

2.      Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.      The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence.  Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer.  *See Kastigar v. United States*, 408 U.S. 931 (1972).  It is the intent of this agreement to establish that such derivative use is proper.  By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.      The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer.  By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.      Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.      In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against him in the future.

7.      Your client understands that he is required to provide full and complete information about the subject matter of the proffer and any information about himself which might adversely impact on his credibility as a witness concerning such activity.

2

8.    This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9.    This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

*s/ Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

I, Michael Tew, have read this agreement and carefully reviewed it with my attorney.   I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion.  No other promises or inducements have been made to me other than those contained in this letter.  I am satisfied with the representation of my attorney in this matter.

_____        7/28/20
Michael Aaron Tew                                      Date

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

_____        _____
Eric M. Creizman                                          Date
Melissa N. Madrigal
Counsel for Michael Aaron Tew

3

INV_00007870

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Sarah Hunter Weiss (caseview.ecf@usdoj.gov,
maggie.grenvik@usdoj.gov, sarah.weiss@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David
Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Kristen
M. Frost (frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com), Lisa Marie
Saccomano (lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Jason Dale Schall (jason@bowsch.com, jasondschall@yahoo.com),
Jamie Hughes Hubbard (hickam@slhlegal.com, hubbard@slhlegal.com, rodriguez@slhlegal.com),
Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: clinde (colin_linde@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov)
--No Notice Sent:

Message-Id:9516114@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Exhibits
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/24/2024 at 11:06 AM MST and filed on 1/24/2024

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | USA |
| **Document Number:** | 371(No document attached) |

**Docket Text:**

**CLERK'S NOTE: ORIGINAL GOVERNMENT EXHIBITS for the [355] MINUTE ENTRY for James Hearing as to Michael Aaron Tew, Kimberley Ann Tew were returned to the Government on January 24, 2024. Text only entry. (rkeec)**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen     nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld     rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Sarah Hunter Weiss (caseview.ecf@usdoj.gov,
maggie.grenvik@usdoj.gov, sarah.weiss@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David
Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Kristen
M. Frost (frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com), Lisa Marie
Saccomano (lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com), Jamie Hughes Hubbard
(hickam@slhlegal.com, hubbard@slhlegal.com, rodriguez@slhlegal.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Jason Dale Schall (jason@bowsch.com, jasondschall@yahoo.com),
Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: clinde (colin_linde@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9516405@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/24/2024 at 12:05 PM MST and filed on 1/24/2024

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 372(No document attached) |

**Docket Text:**
**ORDER as to Michael Aaron Tew re [370] Motion in limine regarding proffer statements. The government must file a response to Mr. Tew's motion at or before 5:00 pm on Friday, January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/24/2024. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Nancy Lin Cohen     nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld     rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost     frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall     jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard     hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss     sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano     lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

      Defendant.

---

## Kimberley Tew's Motion in Limine re Admissibility of Proffer Statements

---

Kimberley Tew, through attorneys David S. Kaplan and Jamie Hubbard of the law firm Stimson LaBranche Hubbard, LLC, move in limine for a pretrial ruling on the Government's ability to substantively admit as evidence at trial the recording of her proffer session with the Government. The Government opposes the relief sought herein.

### **Factual Background**

On July 9, 2020, Defendant Michael Tew was arrested at the apartment he shared with his wife Kimberley Tew. Kimberley Tew was home at the time of the arrest, as were the couple's two young children. Mrs. Tew had contact with case agents during their arrest of her husband and thereafter. Mrs. Tew was encouraged to retain a lawyer to engage with the prosecutors and agents on her behalf.

Mrs. Tew retained Jamie Hubbard to represent her. Ms. Hubbard began discussions with the prosecution team about the case and the evidence the Government

believed showed Mrs. Tew was involved in criminal activity with her husband. These discussions ultimately led to an agreement whereby Mrs. Tew would meet with the government for a proffer session.

On October 20, 2020, Mrs. Tew signed a proffer letter. (Ex. A.) The proffer letter is addressed to Ms. Hubbard as counsel for Mrs. Tew, and was also signed by Ms. Hubbard in her capacity as Mrs. Tew's counsel. Paragraph 4 of the proffer letter states:

> The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

(*Id*. at 2.)

On October 23, 2020, Mrs. Tew participated in a proffer session with federal agents and the then-prosecutors Hetal Doshi and Matthew Kirsch. Ms. Hubbard served as Mrs. Tew's counsel during this proffer session. The proffer session was audio recorded by the Government.

The Government has marked the audio recording of Mrs. Tew's proffer session as a trial exhibit. Mr. Tew similarly proffered and audio recordings of his meeting were also marked as trial exhibits. When defense counsel inquired as to how the recordings of Mr. and Mrs. Tew's proffer sessions would be used at trial, the Government

2

expressed its view that the Government can introduce these recordings in its case-in-chief if the defendants take "any position contrary to what was stated in the proffers at any point during the trial – including argument in opening or using cross to draw inferences."

Given the potential significance of the Government's position on this issue, counsel felt it necessary to address the issue in a motion in limine, despite the deadline for such motions having passed.

**The Government's Interpretation of the Proffer Letters Leads to Absurd Results**

Mrs. Tew hereby adopts by reference the arguments made in Defendant Michael Tew's *Motion in Limine to Prohibit the Impermissible and Unconstitutional Use of Proffer Agreements* (ECF No. 370). Mrs. Tew agrees that the Government's position on what constitutes a breach of her proffer agreement interferes with important constitutional rights, including but not limited to her right to confront and cross-examine the witnesses testifying against her, her right to effective assistance of counsel, and her right to present a defense.[1]

**A Pretrial Hearing is Required to Address Waiver**

As explained in the Motion in Limine filed by Mr. Tew, the position advocated by the Government regarding the proffer letters essentially means that Mrs. Tew

---

[1] Admission of Mr. Tew's unredacted proffer statements in a joint trial with Mrs. Tew—or vice versa—implicates *Bruton v. United States*, 391 U.S. 123 (1968). This issue is not ripe unless and until the Court rules the proffer agreements have been breached but is referenced here to avoid any possibility of waiver.

3

waived her right to confront witnesses, right to effective assistance of counsel, and her right to present a defense when she signed a proffer letter in October 2020.

The right to confront and cross-examine witnesses, to effective counsel, and to present a defense are fundamental to ensuring a fair trial. Thus, any waiver of these rights must be knowing and intelligent. In *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973), the Supreme Court held: "Almost without exception, the requirement of a knowing and voluntary waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial." *Id*. at 238. The *Schneckloth* court listed many of the rights considered "fundamental" to ensuring a fair trial, including, the right to counsel, to jury trial, and to confrontation. *Id*.

Courts indulge every reasonable presumption against waiver of important constitutional rights that are fundamental to ensuring a fair trial. *Von Moltke v. Gillies*, 332 U.S. 708, 723–24 (1948) ("To discharge this duty [of inquiry] properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand."); *United States v. Simpson*, 845 F.3d 1039, 1046 (10th Cir. 1977); *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987) ("The task of ensuring that defendant possesses the requisite understanding initially falls on the trial judge, who must bear in mind the strong presumption against waiver.").

Whether Mrs. Tew waived her constitutional rights in this case must be determined based on the particular facts and circumstances applicable to her. *See, e.g.,*

4

*Harvey v. Shillinger*, 893 F. Supp. 1021, 1028 (D. Wyo. 1995), aff'd, 76 F.3d 1528 (10th Cir. 1996) (a determination of whether rights were waived "depends in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.") For a waiver to be knowing and intelligent, it "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Morris*, 287 F.3d 985, 989 (10th Cir. 2002) (quoting *Colorado v. Spring*, 479 U.S. 564, 573 (1987)).

Given the important constitutional rights at issue and the need for an individualized determination, Mrs. Tew requests a hearing on whether her proffer agreement contemplates use of the statements in the manner suggested by the Government and, if so, whether she knowingly and intelligently waived her rights by signing the proffer agreement. *See, e.g., United States v. Hansen*, 929 F.3d 1238, 1251 (10th Cir. 2019) (a hearing is the best way to determine whether defendant's waiver of important trial rights is knowing and intelligent).

## Conclusion

For the reasons set forth above, Kimberley Tew joins in the Motion in Limine filed on behalf of Defendant Michael Tew. Mrs. Tew further asks the Court to set a hearing at which the parties could address and the Court could consider: (1) the circumstances under which the Government may be permitted to use the recorded proffer statements at trial; and (2) whether any waiver of her rights necessary to ensure a fair trial was knowing and intelligent.

5

Dated:  January 24, 2024.

Respectfully submitted,

s/ David S. Kaplan

David S. Kaplan
Jamie Hubbard
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com
hubbard@slhlegal.com

Attorney for Kimberley Ann Tew

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel believes the time between filing this motion and the resolution thereof is excludable from the speedy trial period. *See* 18 USC § 3161(h)(1)(D).

s/ David S. Kaplan

David S. Kaplan

6

## Certificate of Service

I certify that on January 24, 2024, I electronically filed the foregoing *Kimberley Tew's Motion in Limine re Admissibility of Proffer Statements* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov


Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez

7



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

*Hetal J. Doshi*
*Assistant United States Attorney*

*1801 California Street, Suite 1600*    *Telephone:  303-454-0100*
*Denver, CO 80202*                       *Fax:  303-454-0405*

October 16, 2020

***Via Email***
Jamie Hubbard, Esq.
Counsel to Kimberley Tew
Stimson, Stancil, LaBranche, Hubbard, LLC
1652 North Downing Street
Denver, CO, 80218
hubbard@sslhlaw.com
720.689.8909

Dear Ms. Hubbard,

I understand your client, Kimberley Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Ms. Tew's financial transactions related to, directly or indirectly, with National Air Cargo, and subsequent transactions initiated by or for the benefit of, among others, Ms. Tew, either directly or indirectly.  This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.      Your client agrees that she will truthfully and completely disclose all information with respect to her activities and the activities of others that are the subject of inquiry by the government during the proffer.  In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset.  The only limited exception to this is that Ms. Tew has elected at this time not to answer questions that may specifically implicate her husband, Michael Tew.  She has consulted with her counsel and understands that this decision could diminish the value, if any, of her cooperation.  At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings.  You and your client understand that false statements

1

EXHIBIT A

willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

2.     Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.     The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence.  Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer.  *See Kastigar v. United States*, 408 U.S. 931 (1972).  It is the intent of this agreement to establish that such derivative use is proper.  By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.     The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer.  By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above.  *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.     Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.     In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against her in the future.

7.     Your client understands that she is required to provide full and complete information about the subject matter of the proffer and any information about herself which might adversely impact on her credibility as a witness concerning such activity.

2

**EXHIBIT A**

8. This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9. This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

*s/ Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

I, Kimberley Tew, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

Kimberley Tew                                          10/20/2020
                                                                Date

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

Jamie Hubbard                                         10/20/2020
Counsel for Kimberley Tew                      Date

3

**EXHIBIT A**

EXHIBIT A

973

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

      Defendant.

---

### Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days

---

Defendant Kimberley Tew, through undersigned counsel, moves to continue the current trial setting and to exclude 90 days from the Speedy Trial Clock under 18 U.S.C. § 3161. The ends of justice served by this requested continuance outweigh the best interests of the public and the defendant in a speedy trial. This motion is unopposed by co-defendant Michael Tew. The government opposes it being granted.

#### Procedural Background

1.      This case involves a 60-count indictment charging wire fraud, money laundering, and tax fraud. Three defendants were initially charged. One has pled and the remaining two defendants are set to begin trial on February 5, 2024.

2.      Discovery in this case is voluminous. Third-party subpoenas were served on multiple banks, which returned hundreds of thousands of pages of records. Multiple

electronic devices were imaged and downloaded. A warrant was obtained for the Tews'
cloud-based storage account, which alone produced nearly 1TB of electronic data.

3.     On December 5, 2023, the Government filed its *James* Log outlining the
statements on which it sought a pretrial ruling as to the applicability of FRE
801(d)(2)(E). This log showed that a significant part of the Government's proof –
particularly as to Mrs. Tew—would involve communications recovered from the Tews'
iCloud account.  A *James Hearing* was conducted on December 18, 2023.

4.     In preparing for the *James* hearing, defense counsel first recognized there
are significant authentication and foundation issues related to the iCloud account. For
example, the *James* log demonstrates that the Government intends to allege that certain
messages obtained from an account titled "Kley" are attributable to Michael Tew while
other messages from the same account are being attributed to Kimberley Tew. *Compare*
James Entry 56 with Entry 204. The source materials—Cellebrite reports—show that in
the same string of correspondence, the speaker attributed the "kley" moniker appears to
switch between Mr. Tew and Mrs. Tew. Additionally, notice of the conversations
sought to be introduced gave rise to an inquiry regarding other conversations,  not
included in the Jame Log, which may exist providing context to the government's
submissions.

5.     Defense counsel is working diligently to untangle the electronic data in
order to prepare to confront the evidence offered against Mrs. Tew at trial. It entails an
examination of the iCloud account not previously anticipated to both understand the

2

source of communications and uncover impeachment evidence of the government's witnesses.  However, these efforts have been slower than anticipated.

6.      Given the apparent importance of this evidence in the Government's case against Mrs. Tew, defense counsel has sought expert assistance to efficiently and competently evaluate the amount of date to be reviewed.  If testimony from an expert is ultimately deemed necessary in the defense of Mrs. Tew, defense counsel understands that reports will need to be provided and that the Government will need adequate time to prepare for cross-examination of any defense expert.

7.      The current deadlines and trial setting do not afford adequate time for defense counsel to now be prepared for trial.

### Law and Argument

8.      The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70–day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh

3

the best interest of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 440-41 (quoting 18 U.S.C. § 3161(h)(7)(A)).

9.     A continuance under the Speedy Trial Act is appropriate where failure to grant a continuance would deny the defendant the ability to fully prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

10.     In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id*. At 1271-72.

11.     In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the

4

likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

12.     Here, an additional 90-day continuance, if granted, would accomplish the purpose underlying the request for a continuance as it would allow undersigned counsel the time to complete their analysis of the electronic data, consult with their expert, and—if expert testimony is necessary, make the appropriate disclosures.

13.     Without the exclusion of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

14.     Undersigned counsel has informed Mrs. Tew of the present motion. She understands the impact of this request on the currently scheduled trial setting and related deadlines. Mrs. Tew has no objection to the requested exclusion.

<u>**Conclusion**</u>

WHEREFORE, Defendant Kimberley Tew respectfully requests that the Court enter an order excluding 90 days from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7) and resetting the trial and related deadlines.

Dated: January 24, 2024.

<div align="center">5</div>

Respectfully submitted,

s/ David S. Kaplan
_____
David S. Kaplan
Jamie Hubbard
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com
hubbard@slhlegal.com

Attorneys for Kimberley Ann Tew

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes this motion will impact the speedy trial calculation as it seeks an exclusion. Also, the filing of this motion creates an excludable period under 18 USC 3161(h)(1)(D).

s/ David S. Kaplan
_____
David S. Kaplan

## Certificate of Service

I certify that on January 24, 2024, I electronically filed the foregoing *Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov


Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

                                    s/ Brenda Rodriguez
                                    Brenda Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1. **MICHAEL AARON TEW, and**
    2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

## PARTIES' PROPOSED VERDICT FORM

---

On behalf of the parties, the United States submits the attached proposed verdict form.

Respectfully submitted this 24th day of January, 2024, on behalf of all parties.

Respectfully submitted this 24th day of January, 2024, on behalf of all the parties:

<table>
<tr><td></td><td>COLE FINEGAN<br>United States Attorney</td></tr>
</table>

By:  */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:  */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

By:  */s/ Jason D. Schall*
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
(720) 505-3861
jason@bowsch.com
Counsel for Defendant Michael Tew

By:  */s/ Kristen M. Frost*
Kristen M. Frost
Ridley, McGreevy Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
(303) 629-9700
frost@ridleylaw.com
Counsel for Defendant Michael Tew

By:  */s/ David S. Kaplan*
David S. Kaplan
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, CO 80218
(720) 689-8909
kaplan@slhlegal.com
Counsel for Defendant Kimberley Ann
Tew

By:  */s/ Jamie Hubbard*
Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, CO 80218
(720) 689-8909
hubbard@ slhlegal.com
Counsel for Defendant Kimberley Ann
Tew

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

s/ *Sarah H. Weiss*
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
sarah.weiss@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1. **MICHAEL AARON TEW, and**
    2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

## PARTIES' PROPOSED VERDICT FORM

---

Please do not write anything on this form except to check a response and to sign and date the form.

### COUNT 1 – CONSPIRACY TO COMMIT WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 1 of the Indictment, charging conspiracy to commit wire fraud:

    **____**   Not Guilty

    **____**   Guilty

Page 1 of 26

## COUNT 1 – CONSPIRACY TO COMMIT WIRE FRAUD – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 1 of the Indictment, charging conspiracy to commit wire fraud:

\_\_\_\_ Not Guilty

\_\_\_\_ Guilty

## COUNT 2 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 2 of the Indictment, charging wire fraud:

\_\_\_\_ Not Guilty

\_\_\_\_ Guilty

## COUNT 3 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 3 of the Indictment, charging wire fraud:

\_\_\_\_ Not Guilty

\_\_\_\_ Guilty

**COUNT 4 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 4 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

**COUNT 5 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 5 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

**COUNT 6 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 6 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

**COUNT 7 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 7 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 8 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 8 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 9 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 9 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

Page 4 of 26

## COUNT 10 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 10 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 11 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 11 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 12 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 12 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 13 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 13 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 14 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 14 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 15 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 15 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

### COUNT 16 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 16 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

### COUNT 17 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 17 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

### COUNT 18 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 18 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 19 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 19 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 20 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 20 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 21 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 21 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 21 – WIRE FRAUD – KIMBERLEY TEW**

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 21 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 22 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 22 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 22 – WIRE FRAUD – KIMBERLEY TEW**

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 22 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 23 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 23 of the Indictment, charging wire fraud:

_____  Not Guilty

_____  Guilty

**COUNT 24 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 24 of the Indictment, charging wire fraud:

_____  Not Guilty

_____  Guilty

**COUNT 25 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 25 of the Indictment, charging wire fraud:

_____  Not Guilty

_____  Guilty

### COUNT 25 – WIRE FRAUD – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY TEW, in Count 25 of the Indictment, charging wire fraud:

_____  Not Guilty

_____  Guilty

### COUNT 26 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 26 of the Indictment, charging wire fraud:

_____  Not Guilty

_____  Guilty

### COUNT 26 – WIRE FRAUD – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY TEW, in Count 26 of the Indictment, charging wire fraud:

_____  Not Guilty

_____  Guilty

Page 11 of 26

**COUNT 27 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 27 of the Indictment, charging wire fraud:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

**COUNT 28 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 28 of the Indictment, charging wire fraud:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

**COUNT 29 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 29 of the Indictment, charging wire fraud:

\_\_\_\_    Not Guilty

\_\_\_\_    Guilty

Page 12 of 26

### COUNT 30 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 30 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

### COUNT 31 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 31 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

### COUNT 31 – WIRE FRAUD – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY TEW, in Count 31 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

Page 13 of 26

## COUNT 32 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 32 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

## COUNT 32 – WIRE FRAUD – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 32 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

## COUNT 33 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 33 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

## COUNT 34 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 34 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 35 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 35 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

## COUNT 36 – WIRE FRAUD – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 36 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

Page 15 of 26

## **COUNT 37 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 37 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

## **COUNT 38 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 38 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

## **COUNT 39 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 39 of the Indictment, charging wire fraud:

_____   Not Guilty

_____   Guilty

**COUNT 40 – WIRE FRAUD – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 40 of the Indictment, charging wire fraud:

_____ Not Guilty

_____ Guilty

**COUNT 41 – CONSPIRACY TO COMMIT MONEY LAUNDERING –**

**MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 41 of the Indictment, charging conspiracy to commit money laundering:

_____ Not Guilty

_____ Guilty

**COUNT 41 – CONSPIRACY TO COMMIT MONEY LAUNDERING – KIMBERLEY TEW**

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY TEW, in Count 41 of the Indictment, charging conspiracy to commit money laundering:

_____ Not Guilty

_____ Guilty

Page 17 of 26

### COUNT 42 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 42 of the Indictment, charging money laundering (spending):

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

### COUNT 43 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 43 of the Indictment, charging money laundering (spending):

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

### COUNT 43 – MONEY LAUNDERING (SPENDING) – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 43 of the Indictment, charging money laundering (spending):

\_\_\_\_   Not Guilty

\_\_\_\_   Guilty

### COUNT 44 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 44 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

### COUNT 44 – MONEY LAUNDERING (SPENDING) – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 44 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

### COUNT 45 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 45 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

### COUNT 46 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 46 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

### COUNT 47 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 47 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

### COUNT 47 – MONEY LAUNDERING (SPENDING) – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 47 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

## COUNT 48 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 48 of the Indictment, charging money laundering (spending):

_____   Not Guilty

_____   Guilty

## COUNT 48 – MONEY LAUNDERING (SPENDING) – KIMBERLEY TEW

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 48 of the Indictment, charging money laundering (spending):

_____   Not Guilty

_____   Guilty

## COUNT 49 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 49 of the Indictment, charging money laundering (spending):

_____   Not Guilty

_____   Guilty

## COUNT 50 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 50 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

## COUNT 51 –MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 51 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

## COUNT 52 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL TEW, in Count 52 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

## COUNT 53 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 53 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

## COUNT 54 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 54 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

## COUNT 55 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 55 of the Indictment, charging money laundering (spending):

_____ Not Guilty

_____ Guilty

**COUNT 56 – MONEY LAUNDERING (SPENDING) – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 56 of the Indictment, charging money laundering (spending):

_____   Not Guilty

_____   Guilty

**COUNT 56 – MONEY LAUNDERING (SPENDING) – KIMBERLEY TEW**

We, the jury, upon our oaths, unanimously find the defendant, KIMBERLEY

TEW, in Count 56 of the Indictment, charging money laundering (spending):

_____   Not Guilty

_____   Guilty

**COUNT 57 – WILLFUL FAILURE TO FILE
TAX RETURN – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 57 of the Indictment, charging willful failure to file a tax return:

_____   Not Guilty

_____   Guilty

**COUNT 58 – WILLFUL FAILURE TO FILE**
**TAX RETURN – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 58 of the Indictment, charging willful failure to file a tax return:

\_\_\_\_ Not Guilty

\_\_\_\_ Guilty

**COUNT 59 – WILLFUL FAILURE TO FILE**
**TAX RETURN – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 59 of the Indictment, charging willful failure to file a tax return:

\_\_\_\_ Not Guilty

\_\_\_\_ Guilty

**COUNT 60 – WILLFUL FAILURE TO FILE**
**TAX RETURN – MICHAEL TEW**

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

TEW, in Count 60 of the Indictment, charging willful failure to file a tax return:

\_\_\_\_ Not Guilty

\_\_\_\_ Guilty

_____

FOREPERSON


Dated this _____th day of February, 2024.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

---

**DEFENDANT MICHAEL TEW'S TRIAL BRIEF**

---

      In advance of trial scheduled to begin on February 5, 2024, Defendant Michael Aaron Tew ("Mr. Tew") submits this trial brief to raise certain anticipated issues to the Court's attention. Should this case be continued (*see* Doc. 374), counsel requests the opportunity to supplement this brief in advance of any future trial setting.

**A.    Anticipated Evidentiary Issues Likely to Arise at Trial**

      i.      Proffer Interviews (Government Exhibits 528 and 529).

      As discussed at length in Mr. Tew's Motion in Limine, Doc. 370, and Mrs. Kimberley Tew's ("Mrs. Tew") Motion in Limine, Doc. 373, the interpretation and application of certain proffer agreements stands to dramatically impact each defendant's ability to present a defense. Mr. Tew asks the Court for a pre-trial ruling regarding the breadth of those agreements and joins in Mrs. Tew's request for a pre-trial hearing on the issue.

      ii.     Government's Proposed Rule 1006 Summary Exhibits and Supporting Testimony

      The government has stated its intent to offer certain summary exhibits (and presumably testimony supporting their creation), including but not limited to, those marked as Government's

Exhibits 1001 through 1007, under Federal Rule of Evidence 1006. Mrs. Tew discusses this issue at length in her own Trial Brief, Doc. 376. Mr. Tew hereby adopts by reference the arguments made therein and asks the Court to proceed with caution when considering the admission of such exhibits, asking that even if each fact summarized therein has been independently admitted into evidence, whether such summary's prejudicial impact exceeds their probative value.

**B.     Presenting the Indictment to the Jury and/or Venire.**

The Indictment, Doc. 83, is long – sixty counts, covering 24 pages that include numerous tables. While most of the Indictment is straight forward, the government makes frequent use of the word "fraudulent" to describe invoices and payments submitted as part of the alleged scheme to commit wire fraud. This begs the very conclusions for which trial is set – whether fraud occurred, for starters. Such short cuts only serve to inflame the jury. *See, e.g., United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) ("Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."). By way of analogy, if the government questioned a witness in this manner, it would be impermissible vouching.

Federal Rule of Criminal Procedure 7(d) provides that, upon motion by a defendant, "the court may strike surplusage from the indictment or information." Fed. R. Crim. Pro. 7(d). *See, e.g, United States v. Scott*, 37 F.2d 1564, 1576. Mr. Tew moves to strike the word "fraudulent" as surplusage any time it is used in the Indictment to describe an invoice or payment.

Should the Court deny this request, Mr. Tew asks that the government be restricted from providing written copies of the Indictment to the jury, and instead read it out loud (to the jury or entire venire) at the outset of the proceedings. Such a decision is within the sound discretion of the

Court. *United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973).

DATED this 24th day of January, 2024.

_____/s/  Jason D. Schall_____
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

_____/s/  Kristen M. Frost_____
Kristen M. Frost
RIDLEY, LCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
E-mail: frost@ridleylaw.com

Attorneys for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_____/s/  Jason D. Schall_____
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

_____/s/  Jason D. Schall_____
Jason D. Schall

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan / Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
hubbard@slhlegal.com
*Attorneys for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)


_____/s/   Jason D. Schall_____
Jason D. Schall

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

      Defendants.

---

## GOVERNMENT'S LIST OF 902(11) & 902(13) DECLARATIONS

---

      Pursuant to the Court's Orders on the government's Motion in Limine; Atlantic Unions Motion to Quash, and the Government's Response to the same (ECF Nos. 367, 344, 363, and 367, respectively), the government provides the following list of all custodial declaration, pursuant to Fed. Rs. Evid. 902(11) and 902(13), that it intends to use to authenticate trial exhibits of non-hearsay business records.

      The proposed declarations are attached (in the cumulative), as Exhibit 1 to this filing.[1] The most recent version of the government's anticipated Exhibit List for trial is attached as Exhibit 2 to this filing.[2]

---

[1]    Certain certifications have been redacted for public filing when they mention private, identifying information regarding individuals who are not on trial. The defense has received unredacted versions, which will be used at trial.

[2]    A final version of the government's Exhibit List will be filed on Friday, January 26, 2024. *See* ECF Nos. 241 & 317 (Orders setting pretrial and motions deadlines).

1

|     | Custodian Name[3] | Exhibit Nos. & Corresponding Bates No. | Type of Record |
| --- | --- | --- | --- |
| 1. | **Access National Bank\*\*** | \*\* 1135 (ACNB_00001) | Bank Records |
| 2. | **American Express\*** | \* 1129 (AMEX_00001) | Account Records |
| 3. | **Apple** | 1115 (SW_FIL_342321-22) 1140 (ORD_15053-54) | Subscriber Information & Other Messaging-Service Related Records |
| 4. | **ANB Bank** | 1101 (ANB_00002) 1102 (ANB_00035) | Bank Records |
| 5. | **Atlantic Union Bank** | 1100 (ACNB_00101) | Bank Records |
| 6. | **AT&T** | 1127 (ORD_20003-04) | Subscriber Information & Other Messaging-Service Related Records |
| 7. | **BBVA** | 1103 (BBVA_00002) 1104 (BBVA_00280) | Bank Records |
| 8. | **Coinbase\*\*** | \*\* 1136 (COIN_00076) \*\* 1137 (COIN_00077) \*\* 1138 (COIN_00078) | Account Records |
| 9. | **GoDaddy** | 1108 (ORD_19742) | Account Records |

---

[3] Custodians marked with a star provided declarations subsequent to the James Hearing. Custodians marked with two stars provided declarations subsequent to the Court's Order on January 19, 2014 (ECF No. 367), or were inadvertently left off of the previous lists. All declarations have been provided to the defense in discovery.

2

| | Custodian Name[3] | Exhibit Nos. & Corresponding Bates No. | Type of Record |
|---|---|---|---|
| 10. | **Google\*\*** | 1109 (ORD_17711)<br>1114 (SW_FIL_00094-99)<br>1116 (SW_FIL_11402-07)<br>1117 (SW_FIL_11557-61)<br>1122 (ORD_19955-61)<br>1123 (ORD_19962-76)<br>1124 (ORD_19977-91)<br>1125 (ORD_19992-96)<br>1126 (ORD_19997-20002)<br>\*\*  1141  (GPAY_00097-00106) | Subscriber Information & Other Messaging-Service Related Records |
| 11. | **Guaranty Bank & Trust Company** | 1105 (GUAR_00001) | Bank Records |
| 12. | **Kraken** | 1106 (KRKN_00001) | Know Your Customer, Account, & Transaction Records |
| 13. | **McDonald Automotive Group (Audi)\*** | 1131 (AUDI_00042) | Account & Transaction Records |
| 14. | **National Air\*\* Cargo** | 1130 (NAC_E_204515-16)<br>1134 (NAC_00978-79) | Email Records & Business Records |
| 15. | **Navy Federal Credit Union\*\*** | 1107 (NAVY_00002-03)<br>1128 (NAVY_02211-12)<br>\*\* 1139 (NAVY_02217) | Bank Records |
| 16. | **Red Leaf (Digital Mint)\*\*** | \*\* 1132 (DGMT_00001)<br>\*\* 1133 (DGMT_00814) | |
| 17. | **Regions Bank** | 1111 (REG_00001) | Bank Records |

3

|  | Custodian Name[3] | Exhibit Nos. & Corresponding Bates No. | Type of Record |
|---|---|---|---|
| 18. | **Simple Finance Technology Corp.** | 1112 (SFT_00001) | Account Records |
| 19. | **Signature Bank** | 1113 (SIG_0678) | Bank Records |
| 20. | **Vcorp** | 1118 (VCORP_00001) | Account Records & Emails |
| 21. | **Verizon** | 1110 (ORD_19935) | Subscriber Information & Other Messaging-Service Related Records |
| 22. | **Wells Fargo Bank** | 1119 (WFB_00144-46) <br> 1120 (WFB_01054-58) | Bank Records |
| 23. | **Wynn Las Vegas** | 1121 (WYNN_00002) | Account & Business Records |

COLE FINEGAN
United States Attorney

By:    */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:    */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

     I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<div align="right">

*/s/ Sarah H. Weiss*
Sarah H. Weiss

</div>

**Statement of Speedy Trial Impact**

     Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this filing will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

<div align="right">

*/s/ Sarah H. Weiss*
Sarah H. Weiss

</div>

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov

## DECLARATION FOR RECORDS OF REGULARLY
## CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0660

**Company Name:**    ATLANTIC UNION BANK

I, WILLIAM VAUGHAN , declare that I am/was employed by ATLANTIC UNION BANK
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

STATEMENTS

CHECKS

DEPOSITS

SIGNATURE CARDS

RESOLUTIONS

WIRES

LOAN PAPERWORK

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

   A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
      information transmitted by--a person with knowledge;

   B. Kept in the course of the entity's regularly conducted activity; and

   C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.


_William Vaughan_                              WILLIAM VAUGHAN

Signature                                      Printed name


     7-27-20
Date: _____



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
**1135**

ACNB                                        7-27-20

DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 19-1635

Company Name:

I, MADELYN GONZALEZ declare that I am/was employed by __AMERICAN EXPRESS__ and am/was a duly authorized custodian of records or am otherwise qualified to speak about these records produced in response to the subpoena referenced above. These records are further described as: (Please describe records with as much specificity as possible below or on an attached sheet.)

____ STATEMENTS AND CREDIT APPLICATION ____

I am familiar with the mode of preparation of these records. I certify that these records are true copies of records of the entity listed above and that these records were:

  A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from information transmitted by--a person with knowledge;

  B. Kept in the course of the entity's regularly conducted activity; and

  C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

_Madely Gonzale_
Signature

MADELYN GONZALEZ
Printed name

Date: __2/26/2020__

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
**1129**

AMEX

## CERTIFICATION OF APPLE INC. CUSTODIAN OF RECORDS

I, Samantha Tagle hereby declare:

1.     I am employed by Apple Inc. and my official title is Legal Specialist. I am a duly authorized Custodian of Records, or other qualified witness for Apple Inc. ("Apple") located in Cupertino, California. As such I have the authority to certify these records, APL000001_APPLE_CONFIDENTIAL through APL000002_APPLE_CONFIDENTIAL and APLiC000001 through APLiC000002 produced on October 8, 2020 in response to legal process served on Apple on September 22, 2020. I am authorized to submit this declaration on behalf of Apple.

2.     Each of the records produced is the original or a duplicate of the original record in the custody of Apple Inc.

3.     With respect to the records contained in APL000001_APPLE_CONFIDENTIAL, these records were:

        a.  made at or near the time by, or from information transmitted by, someone with knowledge or from a process or system that produces an accurate result, the accuracy of which is regularly verified by Apple;

        b.  kept in the course of a regularly conducted activity of Apple's business; and

        c.  made as part of a regular practice of the activity of Apple's business.

4.     With respect to the records contained within APLiC000001 through APLiC000002, these records are Apple's record of the iOS device backup(s) transmitted to Apple by and stored on behalf of the Apple ID accounts with usernames kley@me.com ("Backup Records"). The referenced Apple ID accounts transmitted the Backup Records to Apple and Apple stored those records at or near the time indicated on the Backup Records;



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1115

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct

DATED: October 8, 2020 **APPLE INC.**

By: *Samantha Tagle*

Name: Samantha Tagle
Title: Legal Specialist, Apple Inc.

## CERTIFICATION OF APPLE INC. CUSTODIAN OF RECORDS

I, Samantha Tagle hereby declare:

1.        I am employed by Apple Inc. and my official title is Legal Specialist. I am a duly authorized Custodian of Records, or other qualified witness for Apple Inc. ("Apple") located in Cupertino, California. As such I have the authority to certify these records, APL000001_APPLE_CONFIDENTIAL through APL000003_APPLE_CONFIDENTIAL produced on August 27, 2020 in response to the legal process served on Apple on August 17, 2020. I am authorized to submit this declaration on behalf of Apple.

2.        Each of the records produced is the original or a duplicate of the original record in the custody of Apple Inc.

3.        With respect to the records contained in APL000001_APPLE_CONFIDENTIAL through APL000002_APPLE_CONFIDENTIAL, these records were:

  a.   made at or near the time by, or from information transmitted by, someone with knowledge or from a process or system that produces an accurate result, the accuracy of which is regularly verified by Apple;

  b.   kept in the course of a regularly conducted activity of Apple's business; and

  c.   made as part of a regular practice of the activity of Apple's business.



GOVERNMENT EXHIBIT
20-cr-00305-DDD
1024
1140

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

DATED: August 27, 2020 **APPLE INC.**

By:

Name: Samantha Tagle
Title: Legal Specialist, Apple Inc.

---

### DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 19-1636

Company Name:

I, Shauna Harris , declare that I am/was employed by ANB Bank
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

2018 Check's over $500.00

2018 Deposit's over $500.00

2018 Statements

Incoming / Outgoing wires

Signature Card

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

    A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
        information transmitted by--a person with knowledge;

    B. Kept in the course of the entity's regularly conducted activity; and

    C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

_____          Shauna Harris
Signature                          Printed name


Date:  12/26/19


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1101

ANB 1026

## DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-1235

Company Name: ANB Bank

I, Elise Crook , declare that I am/was employed by ANB Bank
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

Records for accounts held by Michael Mayes (10/01/2018 - 11/01/2018)

and Michael Tew (12/05/2018 - 01/03/2019).

   - Account Info Sheets + signature cards

   - Account statements

   - Deposits and withdrawals greater than $500.00

   - Checks greater than $500.00

   - Wire activity greater than $500.00

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

   A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
      information transmitted by--a person with knowledge;

   B. Kept in the course of the entity's regularly conducted activity; and

   C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

Signature

Elise Crook
Printed name

Date: 01/08/2021

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1102

ANB_____

## DECLARATION FOR RECORDS OF REGULARLY
## CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0660

**Company Name:**    ATLANTIC UNION BANK

I,   WILLIAM VAUGHAN    , declare that I am/was employed by    ATLANTIC UNION BANK
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

STATEMENTS
_____

CHECKS
_____

DEPOSITS

SIGNATURE CARDS
_____

RESOLUTIONS
_____

WIRES

LOAN PAPERWORK
_____

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

- A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
  information transmitted by--a person with knowledge;

- B. Kept in the course of the entity's regularly conducted activity; and

- C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.


_William Vaughan_____          WILLIAM VAUGHAN
_____

Signature                                  Printed name


            7-27-20
Date: _____



ACNB

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1100

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF
## EVIDENCE 902(11) AND 902(13)

I, _____ Keivandra Lang _____ , attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by AT&T Corporation, and my title is

_Legal Compliance Analyst_ . I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved. I state

that the records attached hereto are true duplicates of the original records in the custody of

AT&T Corporation. The attached records consist of _Subscriber, voice & data, device info & payment details_

[generally describe records (pages/CDs/megabytes)]. I further state that:

    a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of AT&T Corporation, and they were made by AT&T Corporation as a regular

practice; and

    b.    such records were generated by an electronic process or system of AT&T

Corporation that produces an accurate result, to wit:

    I.    the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of AT&T Corporation in a manner to ensure that they are true duplicates of

the original records; and

    2.    the process or system is regularly verified by AT&T Corporation, and at

all times pertinent to the records certified here the process and system functioned properly and

normally.

3

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1127

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of

the Federal Rules of Evidence.

_____7/28/2020_____        *Keivandra Lang*

Date                          Signature

4

ORD_00020804

---

### DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 19-1641

Company Name: BBVA USA

I, Lesa Moore , declare that I am/was employed by BBVA USA and am/was a duly authorized custodian of records or am otherwise qualified to speak about these records produced in response to the subpoena referenced above. These records are further described as: (Please describe records with as much specificity as possible below or on an attached sheet.)

Account inquiries, statements, signature cards, checks, deposits, and wire transfers.

---

I am familiar with the mode of preparation of these records. I certify that these records are true copies of records of the entity listed above and that these records were:

    A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from information transmitted by--a person with knowledge;

    B. Kept in the course of the entity's regularly conducted activity; and

    C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Lesa Moore
Printed name

Date: January 6, 2020

GOVERNMENT EXHIBIT
20-cr-00305-DDD
1103

BBVA 1031

**THE STATE OF TEXAS**
**COUNTY OF HIDALGO**

### ELECTRONIC BUSINESS RECORDS AFFIDAVIT

BEFORE ME, the undersigned authority, Sammie James Zumwalt III, personally appeared, who, being by me duly sworn, deposed, as follows:

My name is, Sammie James Zumwalt III, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the custodian of records, employee, or owner of BBVA, and I am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached hereto are _1-DVD_ data storage device(s). (e.g., CD-R, DVD, USB Drive) of records from BBVA. The images on the data storage device(s) (e.g., CD-R, DVD, USB Drive) contain _414 pgs_ (entries/pages) which were kept in the course of regularly conducted business activity. The attached records are the original records or exact duplicates of the original records.

It is the regular practice of BBVA to make records and to make this type of record at or near the time of each act, event, condition, opinion, or diagnosis set forth in the records. Further, it was the regular practice of BBVA to make the records and regular practice for this type of record to be made by, or made from information transmitted by, persons with knowledge of the matters set forth in them.

Affidavit 20-12-8661

SWORN TO AND SUBSCRIBED before me on the 5th day of January, 2021.

HARRIE H. VILLANUEVA
My Notary ID # 126600080
Expires July 22, 2024

Notary Public, State of Texas
My Commission expires: July 22, 2024



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1104

BBVA 1032

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, Kristen Spaeth _____ , attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Coinbase, Inc.** ("Provider"), and my title is Global Intelligence Manager . I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of the Provider.

The attached records consist of:

- 10 pages of Confidential Coinbase Compliance Report (.csv file) For Coinbase Customer(s)
- 6 .jpeg files of Photo Identification For Coinbase Customer(s)

I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the Provider and they were made by the Provider as a regular practice; and

b. such records were generated by the Provider's electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the Provider in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by the Provider and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

January 22, 2024 _____          Kristen Spaeth _____
Date                                             Signature


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1136

COIN          1033

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, Kristen Spaeth _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Coinbase, Inc.** ("Provider"), and my title is Global Intelligence Manager . I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of the Provider.

The attached records consist of:

- 12 pages of Confidential Coinbase Compliance Report (.csv file) For Coinbase Customer(s)
- 4 .zip files of Photo Identification For Coinbase Customer(s)

I further state that:

a.  all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the Provider and they were made by the Provider as a regular practice; and

b.  such records were generated by the Provider's electronic process or system that produces an accurate result, to wit:

1.  the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the Provider in a manner to ensure that they are true duplicates of the original records; and

2.  the process or system is regularly verified by the Provider and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

January 22, 2024 _____      _Kristen Spaeth_____
Date                                  Signature



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1137

COIN... 1034

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, Kristen Spaeth , attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Coinbase, Inc.** ("Provider"), and my title is Global Intelligence Manager . I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of the Provider.

The attached records consist of:

- 1 page of Confidential Coinbase Compliance Report (.csv file) For Coinbase Customer(s)
- 2 .jpeg files of Photo Identification For Coinbase Customer(s)

I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the Provider and they were made by the Provider as a regular practice; and

b. such records were generated by the Provider's electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the Provider in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by the Provider and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

January 22, 2024 _____ Kristen Spaeth
Date                                       Signature


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1138

COIN

# CERTIFICATE OF AUTHENTICITY
## OF
## BUSINESS RECORDS

I, Kimberly A. Groff, declare, pursuant to Title 28, U.S.C. § 1746, that I am employed by GoDaddy.com, LLC, and that my office title or position is Legal-Admin II. I further declare that I am a custodian of records of said business and that each of the records attached hereto is the original or a duplicate (exact photocopy) of an original record in the custody of GoDaddy.com, LLC.

I further state that:

1.  Such records were made, at or near the times of the occurrence of the matters set forth by (or from information transmitting by) a person with knowledge of those matters;

2.  such records are kept in the course of a regularly conducted business activity;

3.  the business activity made such records as a regular practice; and

4.  if such records are not the originals, such records are duplicates of the originals.

I declare under penalty of perjury the forgoing is true and correct.

Dated this 20th day of August 2020.

Kimberly A. Groff
Legal-Admin II
GoDaddy.com, LLC.
14455 N. Hayden Road, Suite 219
Scottsdale, Arizona 85260

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1108

ORD



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s) ████████████. with Google Ref. No. 3841093 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the 2703(d) Order or Equivalent.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_Jeffrie Gonzalez_____          Date: 08/12/20
(Signature of Records Custodian)


    Jeffrie Gonzalez
(Name of Records Custodian)


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1109
1037

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

01/11/21

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

**Re: Search Warrant dated December 23, 2020 (Google Ref. No. 5200470)**
*Case No. 20-sw-01522-NWY*

Dear Special Agent Palmer:

Pursuant to the Search Warrant issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), ████████ @GMAIL.COM, as specified in the Search Warrant. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,

Albert Sanchez
Google Legal Investigations Support


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
**1114**
1038
SW



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in
Mountain View, California. I have personal knowledge of the following facts, except as noted,
and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records
were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s)
identified with account(s                    @GMAIL.COM, with Google Ref. No. 5200470
("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash
values corresponding to each file produced in response to the Search Warrant.

5.      The Document is a record made and retained by Google. Google servers record this data
automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this
data is kept in the course of this regularly conducted activity and was made by regularly
conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's
electronic process or system that produces an accurate result. The accuracy of Google's
electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge.


___/s_Albert Sanchez_____                    Date: 01/11/21
(Signature of Records Custodian)


      Albert Sanchez
(Name of Records Custodian)



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

### Attachment A: Hash Values for Production Files (Google Ref. No. 5200470)

███ .776301624485.GooglePhotos.PhotoResource_001.Preserved.zip:

MD5- e6774f3769ff2122ca375eb97e4b37dc
SHA512-
dcb06e1ecc00d101f037c1f76a3b03990259af66acdc49f7ba8828bb824915d866f9fad374175281e0
1e7b75cc88614603991cbd6656c9fa8c69eb412ddf30ce

███ .776301624485.GooglePhotos.PhotoResource_001.Preserved.zip:

MD5- f5c8b41839ab8942ad0b9f7db08ded28
SHA512-
34a5a35226e8846a73b8ed24c5797bdc57b2a4917b0ac797cf10ff2b9a351b6c570febe605f937e83c
4397d42aada0d49b06a47fd7d233786da6c58b0a3b5024

███ n.Drive.Metadata.Preserved.zip:

MD5- 7a01d30c349498e6291d12440bc6c2de
SHA512-
c5a06e315bdaf15c0953db0df649d179f289d12bd6413f2346c50b6d647095848d912d389215b6e2
740149849e5a682a2adadb0935268971157a6e4abd629e3b

███ .Drive.Metadata.Preserved.zip:

MD5- 31993a6d556c2f2d8619c0f9d7469f61
SHA512-
f21abbeedc799e7364b3e5ea627ce599518d327475cc396690e8fb28acd6bbe412ddcfe53a6c8a015
4240d668ada167ca254be640e35df90eb6528e7e42ee08c

███ .Drive.Metadata.zip:

MD5- 1e83978e56e6a2a7493d073915609203
SHA512-
80d4b4611696e436b950c9372509e5c466407650056a63d1877eb12ce64e5d14c00e8efc634574f5
19ff0774fc03a65f18a082767115e1daa12efa870e5fd130

███ .Drive_001.Preserved.zip:

MD5- 3b3d75e616d2f9ef1bcd9ae71af01b8a
SHA512-
cebf32827022f92fa3786b22c5f85e8e029a75f10612e373041fb553639517b39b56e02ba749c8125
3e794679e6e758d857eb5f52ba9d13365754b369ca17f49



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

▮▮▮.Drive_001.Preserved.zip:

MD5- e6b6acd4003cc79e85ac4e132611b1dc
SHA512-
e10d17e1c526e798eee45febedfbad2c877d67e98ddcc28da450195d2f9f1a4a82fb29761c28f91f83c
35faa98836f73832da5af2c93af82dd538256b44990bd

▮▮▮Drive_001.zip:

MD5- e62925debe7a04800edf7f2f79d59dd6
SHA512-
30e42753961e95957561a83d1c2a5d606aefccc970ce93835dd05e965b0d76c555a51dd311225ad5
636f022a06d89bf18eee8f4ad97bf4d6c75d163604718754

▮▮▮.Drive_002.zip:

MD5- a20db33ebf7d39288f4ff9c4ebff03be
SHA512-
1c1e34731f95889435291ccbe180efa90a3f99cdb5cf7225bcbb17eca1e4492f10466213b0d66a5749
7d717c9e3e332f4a020441d5a42117a2a8f046130c9386

▮▮▮.Gmail.Contacts.Preserved.vcf:

MD5- a7bd523199d556858bcd544c4e45aa23
SHA512-
47193eebf596f54b3d2bc500488de9a727449359369840b82fa2ba0096399f105d9e02a9f237dbb04
320838935add97c37f523f1d53d0f4fd74ee257c38c7a63

▮▮▮.Gmail.Contacts.Preserved.vcf:

MD5- a7bd523199d556858bcd544c4e45aa23
SHA512-
47193eebf596f54b3d2bc500488de9a727449359369840b82fa2ba0096399f105d9e02a9f237dbb04
320838935add97c37f523f1d53d0f4fd74ee257c38c7a63

▮▮▮.Gmail.Contacts.vcf:

MD5- a7bd523199d556858bcd544c4e45aa23
SHA512-
47193eebf596f54b3d2bc500488de9a727449359369840b82fa2ba0096399f105d9e02a9f237dbb04
320838935add97c37f523f1d53d0f4fd74ee257c38c7a63

SW_FIL_00000097



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

@gmail.com.776301624485.Calendar.Calendars_001.zip:

MD5- 79f52cf3766686e51067c4ff9a0961f2
SHA512-
5429f7ad06d58d2ccf74b1b5afeaa511b1b7cb11e4bdd10cd957a67059c9073aee1c960757f577bbf3
4749eee5e9737121008c51254cc190f521c3f241741222

@gmail.com.776301624485.GoogleAccount.SubscriberInfo_001.zip:

MD5- 5348b15fa195342c438c21024cb1944d
SHA512-
dc48d44c42667b4e544082cc4825c50b1c4e6db05a32d75ae52f9118ac36a8dc751d6bcf14f5eb7b6
547c339d112f19611c862c17f2e0f332fa62e02580b431e

@gmail.com.776301624485.GooglePhotos.PhotoResource_001.zip:

MD5- 124e43a6ce0e06b8d18d38192b4f494f
SHA512-
bec96b4f9d747888e1bc1078540717c76a11e4c3c9bb6ef07d136472522fef635595af98ee0b9637a
17dbf39a9220469f586e7fcc844f01dcd81bf8a70597548

@gmail.com.776301624485.Preserved_001.Calendar.Calendars_001.zip:

MD5- 97fc4ea00795add6a4e5cfe4bcdaadb1
SHA512-
fdaf28a13642d5441a7e1672617c3ddd1267465e91f83c271b7617896a868b85c39588f0e8423cfc2
0f5d04c8dfa939996c9574276130a6a8a804315245be0ec

@gmail.com.776301624485.Preserved_001.GoogleAccount.SubscriberInfo_001.zip:

MD5- 27a74d37afd2fb9bbb2ddcf4efda1eb9
SHA512-
73e565170dec674377d94598b6a94cc649b0c165ced0fd9dd85719a5e682af3b22efe9b483a811df8
203ff63f1092978a37b815da83ca0b33cffda9eb898cbce

@gmail.com.776301624485.Preserved_002.Calendar.Calendars_001.zip:

MD5- a2149ebb77b31d95b300f5afbd12d88e
SHA512-
829c93dfbdd94d22cc5e89d451af54f1afdca97a6300ab6d4967b321183e22742b8c14e01ff8be41dd
2477caeb082eae5bdf07617570ca0d78494f03b8702c0c



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

███████ @gmail.com.776301624485.Preserved_002.GoogleAccount.SubscriberInfo_001.zip:

MD5- 61389827ff579a34e405831440254af4
SHA512-
ee91a0ad863b133efc2c96576d6d317cc689c6add88951d3ed73a5c917456a6e4ed118a7f84192490
959d6ddc08dd5db2fce9a8ae1a703370755b5c72d479d46

███████ @gmail.com.Gmail.Content.Preserved.mbox:

MD5- 1ba4a38fcbd55136be9a7902d69f386a
SHA512-
e9ba7c862a1454527b066731d0d0ed5ceac9a2b61f274fa25cfb6c159763bd44dd948f8f3827b1c12
d8097be582ffc39a8da0b1b3f75c0fdbb004b4658a55653

███████ @gmail.com.Gmail.Content.Preserved.mbox:

MD5- b55c06d9f5655f4de47490455beb4d54
SHA512-
27c14785e024f14a3c882870e654fcc3239b49d787557e025c3c15d6ada4718340b2e0af9bf37fae6c
06c2dd38bf6528305300695d975c7ab2ca2dcbeacb668b

███████ @gmail.com.Gmail.Content.mbox:

MD5- 88a128d7f78897f26c38ef51abda5c65
SHA512-
e96b9e5970c3d1b32be21bdde9bf6188a6f9adbc75a0f9266ca122c096bb9b8613f7d8b4480a5f778
8ee8ea13907073d1654ec488067b3741fdf3ca02f731cec



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

01/05/21

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

### Re: Search Warrant dated December 23, 2020 (Google Ref. No. 5200471)

Dear Special Agent Palmer:

Pursuant to the Search Warrant issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), ████████████████████████ @GMAIL.COM, as specified in the Search Warrant. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,

David Tirone
Google Legal Investigations Support


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1044
1116

SW



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s)                                         @GMAIL.COM, with Google Ref. No. 5200471 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the Search Warrant.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_David Tirone_____                Date: 01/05/21
(Signature of Records Custodian)


      David Tirone
(Name of Records Custodian)

SW_FIL_00011403

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

**Attachment A: Hash Values for Production Files (Google Ref. No. 5200471)**

▮▮▮▮▮▮▮▮▮▮▮▮962148739471.GooglePhotos.PhotoResource.Preserved.zip:

MD5- e76f0d3ecb131f8da7a647944daf8ed7
SHA512-
131d0d8034b50736019b4f87f950de5ae1ee81d0799d40f7d90f11fa2bf39f620dfa9af6a5e0435333
ec5cfe3649106c622798f09c1e07c8fb30b99a6053ead8

▮▮▮▮▮▮▮▮▮▮▮962148739471.GooglePhotos.PhotoResource_001.Preserved.zip:

MD5- 3e5dca06fee45c4d0a54287dd085c7a4
SHA512-
69839aa48ca41b32fd22d76356fe0e967c233f173ab1e29b26003c63667cc937d27cc1bd72ac3575e
23662305b3d111ecae8c881443ded7a2aa123d9d5b519e4

▮▮▮▮▮▮▮▮▮▮▮.Gmail.Contacts.Preserved.1.vcf:

MD5- 1e46d93bebee919073e59495003f260c
SHA512-
129f4baec0bc6734328b6a697f1eeac89275020ab03b185f7906d97448b5911de4f8ca7ac25c8cd4e
b261e3a0af080faa2d7b49039ac2e6ae568da6e270ed083

▮▮▮▮▮▮▮▮▮▮▮.Gmail.Contacts.Preserved.2.vcf:

MD5- 1e46d93bebee919073e59495003f260c
SHA512-
129f4baec0bc6734328b6a697f1eeac89275020ab03b185f7906d97448b5911de4f8ca7ac25c8cd4e
b261e3a0af080faa2d7b49039ac2e6ae568da6e270ed083

▮▮▮▮▮▮▮▮▮▮▮.Gmail.Contacts.vcf:

MD5- 1e46d93bebee919073e59495003f260c
SHA512-
129f4baec0bc6734328b6a697f1eeac89275020ab03b185f7906d97448b5911de4f8ca7ac25c8cd4e
b261e3a0af080faa2d7b49039ac2e6ae568da6e270ed083

▮▮▮▮▮▮▮▮▮▮▮@gmail.com.962148739471.Calendar.Calendars_001.zip:

MD5- 6d3d979f4ae4e2ffc8bf4a354f471dd6
SHA512-
3b4e8dbdaa4d00910e01f1e7b7d56d513c931e02cf13da40a6df7999d782cef1465112948b39c0e1a
3ee8c4ad4e3ca03341566aea6a6ce8e25db032fe16713b3



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

████████ @gmail.com.962148739471.GoogleAccount.SubscriberInfo_001.zip:

MD5- fd969c867e7ed749e5ad4c27b423cee7
SHA512-
0cddd44ea22f2cc5d69f6b787cadb473bc26cb20edb674935ff88a5e5444aaf6bc1330c920a0e97872
6c6ec9baddd352aaf02f168ccf2c8b4d71c43b2f2dcb83

████████ @gmail.com.962148739471.GooglePhotos.PhotoResource_001.zip:

MD5- ce53f86e3aee1196ef38e9a815d3ae98
SHA512-
dee318515e597aab835144a55b0ebc087dca66b440d2af96d3f273a8870e6019f301e21357b60ec0c
0b189336423e1778047c7f912f4376dcc2c67ecc9be87d2

████████ @gmail.com.962148739471_001.Calendar.Calendars_001.Preserved.z
ip:

MD5- ba6adb7e0f570469caaaa2e721cede58
SHA512-
f4dd993dc98d2195931f501cdc4f133f7d8da95c9a214e2882a2e12574979ed141df5835f9bd96c54
af6867834da1766e514e4a93874611ca5304039e1728556

████████ @gmail.com.962148739471_001.GoogleAccount.SubscriberInfo_001.
Preserved.zip:

MD5- 656e13d6714bfef5de41d764d71b669c
SHA512-
193d0b953047f6b1a6614fe17f095aefb6ecb10269c5f4ca45091692429cdd9bbd5f6069b4c6df8c5b
4b09347b6b59cd1eb416549eb01dac8c0f695d79fb5dae

████████ @gmail.com.962148739471_002.Calendar.Calendars_001.Preserved.z
ip:

MD5- 2c9f771e67d67587b5ca097c71755872
SHA512-
3431a2dfcd681b79890d148601af8e931cf0befc436fe400da125e15186e74de6f8b125c43e30f512c
701581ea15e2fbcb1651682f88f470e50243fa8b842f3c

████████ @gmail.com.962148739471_002.GoogleAccount.SubscriberInfo_001.
Preserved.1.zip:

MD5- e19b0c040b2dd0449297e51829fae138
SHA512-
52ff5d7d4a7f095f29b5f586c50b15242ad9949a7f55e3fa5cebd8108013077d7121107acc0c1346fd
1f24a4a5d664d709365a3da88360209080d7c602166e0a



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

_____ @gmail.com.962148739471_002.GoogleAccount.SubscriberInfo_001.
Preserved.2.zip:

MD5- 02c82e7dc79ef8f9b741ed9eb4d6d361
SHA512-
7eb9a20ae7008d8873ad5c3fa5646e89462de37e3f7dba8d853ee245d56e2c9cdf4f42b2fe3e57c34b
561c9ffd269e6731c994ba446ae2432a999bab244cf7b8

_____ @gmail.com.962148739471_003.GoogleAccount.SubscriberInfo_001.
Preserved.zip:

MD5- 43573ce1d0b9df508a4f4257097c8a79
SHA512-
5a62930301fb3571f0777638c76d229903dc3db9293e69e081cdd9339c09454b962a21d74db51a40
f6eea117250e99310e7fdc33bddc97c212cc74542420b35b

_____ @gmail.com.Gmail.Content.Preserved.1.mbox:

MD5- 9f20603bff52ff9db1d594f4b34526e9
SHA512-
b512f10ec08e13deabb876d65f052d7f0e8a4e3c10ec328a27f37ebeee070eded2dde168308b854209
d081ff0e46079a30792efd81ab547c4fa2c58869361e0c

_____ @gmail.com.Gmail.Content.Preserved.2.mbox:

MD5- a8777f36260272c96f008447f7f3b1f8
SHA512-
989ebba476b72c76b144b7d8ac8204a5795997c153a11399f9a6e38a2110bf4ffa1c02493eb7c1581
31d18f16e14f37047fab0ada31a8582ed265fc1a75237bd

_____ @gmail.com.Gmail.Content.mbox:

MD5- f38284e52db45e1ee98a85a82d028839
SHA512-
af6a378a3f120ed2d049aa3a389181f6965edd088a4067070798d56ee6bc7cfbf815b98c528caa70d5
d3ebd604bc55d001bee4cfc5d7324a6cefbb01f74a8781

_____ @gmail.com.Gmail.Headers.Preserved.1.mbox:

MD5- d41d8cd98f00b204e9800998ecf8427e
SHA512-
cf83e1357eefb8bdf1542850d66d8007d620e4050b5715dc83f4a921d36ce9ce47d0d13c5d85f2b0ff
8318d2877eec2f63b931bd47417a81a538327af927da3e



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

███████████ @gmail.com.Gmail.Headers.Preserved.2.mbox:

MD5- 36938ac03cd6f35864b56fd76010ca22
SHA512-
4adb1fcf87fb3d74b6716cb1d1034728e669a12db0c8d50cef2feee405c23c3fee90788614c3d5c856
b96239b6010af0b675ab9abc50f6519223fbf02f5dab98



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

01/13/21

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

**Re: Search Warrant dated December 23, 2020 (Google Ref. No. 5200469)**

Dear Special Agent Palmer:

Pursuant to the Search Warrant issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), ▮▮▮▮▮▮▮▮ *@GMAIL.COM*, as specified in the Search Warrant. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,

Albert Sanchez
Google Legal Investigations Support



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1050
1117

SW



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s) ▮▮▮▮▮▮▮▮▮▮ *GMAIL.COM,* with Google Ref. No. 5200469 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the Search Warrant.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_Albert Sanchez_____          Date: 01/13/21
(Signature of Records Custodian)


    Albert Sanchez
(Name of Records Custodian)

SW_FIL_00011558



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

### Attachment A: Hash Values for Production Files (Google Ref. No. 5200469)

⬛ 38500996862.Calendar.Calendars_001.001.Preserved.zip:

MD5- fffa9521df20f748b68d1bdcfa080be2
SHA512-
4d0d8219406a7ed4bbabfdde8e092e6192ee8fc98c1cb36b85466acc1d6698cf67196f3d3e75b7a88
34154557a61ca944821684006cd7d2995d91fb2d2c2a3fe

⬛ 8500996862.Calendar.Calendars_001.Preserved.zip:

MD5- f03d687d299a0d40bf7fe3af05f41ad4
SHA512-
7c1d7ec3541011a58d1d201fc7ef1605957efb7d3a445dd85ac942115b4f125b610af7998835ddca5
74b71dabeb424fff11c5412f9c0cb9ba6f26bde29ab58b2

⬛ 38500996862.PlusPhotos.PhotoResource_001.001.Preserved.zip:

MD5- b5dfdbc674d85489e7d611f4d096a07b
SHA512-
f55fc3e61e184d714c5b98a802dbdd3ed8744bee9b69b5807582a3d82fa38e08631aac6f742724126
8f962f35f67e3acfbea6d8fa5fc1cfb54f724824931637b

⬛ 38500996862.PlusPhotos.PhotoResource_001.Preserved.zip:

MD5- 0b509c72f1e6ac86c905753868baf51b
SHA512-
197dc137fc1600fe5c8335681718a27c3d392d0ada1ea133f7f99afe7235d39edd94499ba56263439
8daf963eb63e8437a1bcacdc12ebb475d3263f53d7245fa

⬛ Drive.Metadata.Preserved.zip:

MD5- bb22be9763857372e561fca0915e7d8b
SHA512-
8db74c1bbaa8f4b6189aeee39036a6d37a40846576fdb0acbfb588f08e0691121eacbeef482655ea2d
debcaad9fcffee6102808654bd4ebf5cbb7d31a7fded27

⬛ .Drive.Metadata.zip:

MD5- 12da62ca89f35bc4379518f034196bca
SHA512-
09741911af1f66029f0ea8610cbc63cf7c8763b2f62e5b7850f302587d450436727c708d0d53fb29dc
66269cd111fb081acefc37decfaf7ffd8f61b633d42377



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

█████████.Drive_001.Preserved.zip:

MD5- 3bb454f41c9d98512b86e637cd3e156b
SHA512-
f0d58f9ca9c55e4412b84cfbceac5ecd1d5dc1322f07be57c2bf15294891568455dff4a0fc1511a7a0a
cad2e200880f3eebc694b6168e61404e7f8589029cbde

█████████.Drive_001.zip:

MD5- 3bb454f41c9d98512b86e637cd3e156b
SHA512-
f0d58f9ca9c55e4412b84cfbceac5ecd1d5dc1322f07be57c2bf15294891568455dff4a0fc1511a7a0a
cad2e200880f3eebc694b6168e61404e7f8589029cbde

████████Drive_002.zip:

MD5- 8dd49cc10378ee09d413687ad6402766
SHA512-
ae70e6d509c592829df4417f9346f9026f4ddd035ca968d41eac8605ddc462ab7b26be14972078037
7e89b09a7da91fd35ae2caf8ec4ea224bfe6fc36f86e144

████████Gmail.Contacts.Preserved.vcf:

MD5- 8a42243f6cb87b9cbe18ae774c771837
SHA512-
fce4ed7f71335ce5c2e578ccb0d34a2b2d52735b4ec709ce46ae1082ad453c812fe7eb8b3c868d8c64
e6e61e03e5b645f6e09a8534c26c321ba67e6182328a26

████████Gmail.Contacts.vcf:

MD5- 8a42243f6cb87b9cbe18ae774c771837
SHA512-
fce4ed7f71335ce5c2e578ccb0d34a2b2d52735b4ec709ce46ae1082ad453c812fe7eb8b3c868d8c64
e6e61e03e5b645f6e09a8534c26c321ba67e6182328a26

█████████@gmail.com.38500996862.Calendar.Calendars_001.zip:

MD5- 66f0b4f9ba30b7c32822e05ecb31d475
SHA512-
a25877a4fbda49cce144a7888cf2e46af4907d60012843f3a3b88d3805140c02c58c73d2a7dae79e1c
7b73dbf37d199608d303b26bedce7361b25cb0a33c1bd0



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

@gmail.com.38500996862.GoogleAccount.SubscriberInfo_001.zip:

MD5- dcf353c181f914a06884657f80dadfd7
SHA512-
dc9e6b0853397551ee722c4cebd0e945e94e107773878e26b0acd1631c67d8c0474f209090a64c84
9b928800cb65c928d84503d7a2fe49a4496f54c58d543f97

@gmail.com.38500996862.GooglePhotos.PhotoResource_001.zip:

MD5- 85c4abaec8213ee65fce542309210df6
SHA512-
d29444d0aa001799189ef9fa3e3fa4410e82bbaf07a80b0591e3be8f8f2ade1333f11d3220de878729
21f15352513366df8c0b4a214434d2f887c8c2ca9612a9

@gmail.com.38500996862.Preserved_001.GoogleAccount.SubscriberInfo_0
01.zip:

MD5- 82f33aefac0bc14b70f2c4101117780a
SHA512-
dd2ea6330da304c45433eab50942a1f16ad4861c676a878261a6dc1599f2b0143f9905059ceeb4803
d2ce5b3e30d2dd2095fa338c0fe59f9da520e1b213d8714

@gmail.com.38500996862.Preserved_002.GoogleAccount.SubscriberInfo_0
01.zip:

MD5- 4017c22675555a45dc9e7a33da3c427b
SHA512-
911a719ab102689cbb423dc25ed200f4de8932ef5f6fe44303dfc5833c1b350e76103a62d237e166a
9843da500979786dcce2ef9967bc732172aaeaf4a1f5a30

@gmail.com.Gmail.Content.Preserved.mbox:

MD5- 769da350f0a719e4f6a1575c547856ab
SHA512-
87ef044778e4099a38dc9d98b500349f691d98a21efcacf88cca740aab61f8fe4630dcc3eb0d0dfb9c4
3b5fb5aa814e3a6db3595ba60670217a194580de73f00

@gmail.com.Gmail.Content.mbox:

MD5- 886d3db16730d05b7330726e910db7fa
SHA512-
75df06d245390ed6821230abf440dbdb0abaf3b2d173fa904c264288ebd5ccf5360f29929e3e60b3bf
957488b7a9c227ab1d0dde255430877c05c48e1aeb6ba0



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

08/17/20

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

**Re: 2703(d) Order or Equivalent dated July 09, 2020 (Google Ref. No. 3851630)**
*19R00976*

Dear Special Agent Palmer:

Pursuant to the 2703(d) Order or Equivalent issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), ████████████████████, as specified in the 2703(d) Order or Equivalent. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Pursuant to your request for related Google account(s) linked by creation IP address, we did not find any responsive records of active Google account(s) that accepted the Terms of Service using the same IP address as ████████████████, within +/- 8 days of the Terms of Service acceptance date.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1122

OR 1055



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

Sophie Everaert
Google Legal Investigations Support



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, with Google Ref. No. 3851630 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the 2703(d) Order or Equivalent.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_ Sophie Everaert_____              Date: 08/17/20
(Signature of Records Custodian)


     Sophie Everaert
(Name of Records Custodian)

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## Attachment A: Hash Values for Production Files (Google Ref. No. 3851630)

██████████████████.AccessLogs.Activity_001.001.zip:

MD5- 3de793a622a3c89e776d6dbca17a0c6d
SHA512-
e4f0b4823fea7d303a74fc0f480a74f4ed36c73702420a9619bb9ab4d43c67fa07ad3db15a1b9039c0
9b0740028cbc3ef24418ce65f72d9a7fc803da9f231b42

██████████████AccessLogs.Activity_001.Preserved.zip:

MD5- db3db2b76349094016aa760a63a0dd40
SHA512-
1b1d624e63952a4d24f688e2800ca694165d9a22533a0e653691efd0f35b61e632afccbeb4388b20b
d14fbeb51780181dc9ae797bb991d51cc43d3dce4bb5b9f

███████████████.AccessLogs.Devices_001.Preserved.zip:

MD5- ac622c9c8bb870c9294bd4470c0cb14b
SHA512-
4cd3688bb442700fa6bc4770b3df3b53518666c6a221c239bc8f610bbf70c9bd85ced40bcbac24aea
5f33c1c874b1b1c45a162d7a20cc408832c3d8d57da57c0

██████████████.Bond.Devices_001.zip:

MD5- 1c69e8fd46df2d4fbda7ab9c80244a50
SHA512-
dc767c22092f81a1612450f75614da6f57f3112d3d4c618a8e493d6bf4bb92b2e6ddc93bd9b6b251b
4221cb72d67d379492c4f66c73ad2b8e0aace86d8c48e7a

███████████████GoogleAccount.SubscriberInfo_001.zip:

MD5- a08fd46cd7679c8f673d7ad471b815a3
SHA512-
b933c3048cac7f9902b858453f2aa476c05b001825cb946ca129fea893a62bc40c16bf9c79b479cc8
480ec52c9fb7d847ac1b3eef439ab4fc14e1d9423ec5092

██████████████.Preserved_001.GoogleAccount.SubscriberInfo_001.zip:

MD5- 36c3f94f801c1073ca2b52f5a2cc5bc1
SHA512-
6cbbbd4d7099bfdf00227f34c57cbe734584d437fbc74cb92cc2ac499fd52b2413712cfccf3378f894
7d2572067c3b4c9bc09717c48d8b4853c0a373dbf28499

███████9.AccountsLinkedBySMSandSecondary.pdf:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

MD5- 5ac76ccc3b57729620ee00f0d84d3203
SHA512-
0e0cb861d1a0feffbf02467c16067702212b5a82362795bc28fcb17c95a35019f824d8c66b8155931
3ee18fab39c1fbff3714ed2aaf11ecdf84b76f48e397dc6

███████ gmail.com-AccountsLinkedByCookies.txt:

MD5- c2c4c0917e7b06d297aa83e232a5f394
SHA512-
88aaf61d6d90bd247e5850de5f9e44017f4dbfbf14168baff79f66f799b40ba240e915aa77117bf72d5
4e06d0ee07869905a9b4965f575b30b1924f6e556ee5c

███████ @gmail.com.Gmail.Headers.Preserved.mbox:

MD5- 537411d83cf0196a312207134a8c17eb
SHA512-
cc77031f3ce6e1a9892286ea869d601a33c75d5219b83a3b33dbf0b5c75771aa69537a90fdad9b253
95c19069434e82c13828c557a436c95bda1ec91de943f79

███████ @gmail.com.Gmail.Headers.mbox:

MD5- b2c55858c60cd50025fc785f3460f640
SHA512-
e81c6c70d5522a22c16e67abe4868e735ec2965ee6c4efef107764f822915ff31a8674439d32af9d9f
d6f315bcc774b9ff6ced0b41d92057797c632cc6951732

███████.3964632312346514274.Checkin.DeviceAndUserProfile_001.zip:

MD5- 57ff4c7ac99e48789cc2d215d936ba8e
SHA512-
4b358e9e02b333ad3ddeaa342eb804c9b66aa4a8ef4cd0f1511a348c4939d1641bf3bc6c0fdb9effbf
2af5aeb29bf624625c3fc2cb9f3b6e879fbc282657fbae

███████ 1███69016068321123168.Checkin.DeviceAndUserProfile_001.zip:

MD5- 237a033f70d84370a176364cd5de3865
SHA512-
5d6e6ccf09f06edc25c609db72d382ba9e3caf9df23dd927c64f1aea39b6c3900416c61b804240f000
a8c7c3322ad6fd36844571a07556c4fcfb543b5a7556c6

███████ 4037188399310387006.Checkin.DeviceAndUserProfile_001.zip:

MD5- 68a531a13cb2fc2d9090bb2f7a212c73
SHA512-
14db8c89eb97a3907d851af5ee4773528dc0d1516ba148941b4f95eb52836b8f663fb4485b2c3c567

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

3c0ae5d3313247861a109391f9faa66906093d134c89beb

███████ .4467172662444148606.Checkin.DeviceAndUserProfile_001.zip:

MD5- 1394c5ece52d25ae48199c2fb4f71140
SHA512-
245a9b22c4e0f25c6b0e8e59b00cdcf7937bb8e7f96c02afeeb95e583ec5a63374a56a6c81012e455c
271480d774400bfd31a8cda417f7d951698bf57e94e19c

███████ 457781233741.AccessLogs.Activity_001.001.zip:

MD5- 9231f225cb3411160ac1f3721079a5d0
SHA512-
a5d20d5a9d94b654229e65600f9af6af155d22eba268277850caf0cf4abb9ee04e072e6309257824ff
afdfa54551674ca82751f7bc424b0955f2f00c8b1748be

███████ .457781233741.AccessLogs.Activity_001.Preserved.zip:

MD5- bcf0fe2aa930ea4f6a0289904897ceb9
SHA512-
7bc699befdfd802ad43c99e46f28c13f36c86213d22a4a186024c443f54fd4784fa4275edeea931f91f
6620abd8989be139b02b2abcd41542d0ac6185ca569fc

███████ 457781233741.AccessLogs.Devices_001.Preserved.zip:

MD5- 7d085bcedaa38bbaefb0a6056e15a70c
SHA512-
72129a676951e2d51af0574b345f36a3e8e4fb98e84567aaba5e4d6897cb8bbf2106d02f82aa19c21a
0233502b733f29667cb582e489a045f90e230cdcd4fcf5

███████ .457781233741.Bond.Devices_001.zip:

MD5- ef58a0fa12a12ce1a2f1914851563a5d
SHA512-
dc1e24e1ad2809491ac26f752a44945985536962f5f49f1903d2734d9b0f180db72df5af241cad8afb
d3b4d3fa0822d2df6b9088f6d78b83822898bacc89ad01

███████ 6██.457781233741.GoogleAccount.SubscriberInfo_001.zip:

MD5- 329a1f41b68210067cf643b6c0b522cc
SHA512-
d7bd0469f67f1e2c5c9f9e45b9213bb755bff8da8560991e1d6783ee4919b0ea503cd782eeb9f8c281
5ee41061403c9b15bcf76c50b175332f29bcb303ff4404

███████ 457781233741.Preserved_001.GoogleAccount.SubscriberInfo_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- 19c82523e60be827f60d932931c574df
SHA512-
f4de1fdc3019bfbba93a6dda2d156c2ce9ae5de17bb8921e277d059ce5867d0673587ce49805bd360
4cf3038fff82a621e6a004d18f04cac92938e4e7e7473a7

_____ @gmail.com.Gmail.Headers.Preserved.mbox:

MD5- 1064587de18c9e4d1a88209ffd15ce53
SHA512-
5324e1c84f6c24e116397a3b98dc41e1f56299ff62330515a468babf4e6a0522a68802401fdcaf1c81
9c330748b711af26e5b54cee55412c645f5c2aadd363f2

_____ gmail.com.Gmail.Headers.mbox:

MD5- d38c04d74ce7fa01366213a9fb52235e
SHA512-
3ac951f7d3389bf53e972e1ce899948798642f5442c2cfb9ed03a7a1a6758dd04392d69fb37b3aa53
a1ac2556d3dfb2a4fba9d8a1825833ed9b0df48e0625419

_____ @gmail.com-AccountsLinkedByCookies.txt:

MD5- c953d049a91ea8fbd36c2d0b38b896fb
SHA512-
a84368790df395a9c19367c2b5d212b4907907b567794fc4f1116f4b6bcb045de1275b11a1c3a8cf5
a4454cdb17d81594c5b0300a14bb76ec4029767a539c602

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

07/23/20

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

**Re: 2703(d) Order or Equivalent dated July 10, 2020 (Google Ref. No. 3855397)**

Dear Special Agent Palmer:

Pursuant to the 2703(d) Order or Equivalent issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s),

, as
specified in the 2703(d) Order or Equivalent. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Pursuant to your request for related Google account(s) linked by creation IP address, contained in this production is responsive data pertaining to the active Google account(s) that accepted the Terms of Service using the same IP address as *VTLEYCAP, MIKEMORA9, KIMBERLEY.VERTANEN, VERTANEN* within +/- 8 days of the Terms of Service acceptance date.

Pursuant to your request for related Google account(s) linked by creation IP address, we did not find any responsive records of active Google account(s) that accepted the Terms of Service using the same IP address as

within
+/- 8 days of the Terms of Service acceptance date.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in



**GOVERNMENT
EXHIBIT**
20-cr-00305-DDD
**1123**



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,

Nikki Adeli
Google Legal Investigations Support



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, with Google Ref. No. 3855397 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the 2703(d) Order or Equivalent.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_ Nikki Adeli_____           Date: 07/23/20
(Signature of Records Custodian)


     Nikki Adeli
(Name of Records Custodian)

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

**Google**

USLawEnforcement@google.com

www.google.com

### Attachment A: Hash Values for Production Files (Google Ref. No. 3855397)

███████████ 907074630458.AccessLogs.Activity_001.zip:

MD5- 5c1c122a07eeb93bc2276c6186afea3a
SHA512-
591afe597a592fa7b9fe3b647a3f311ae2950bc673a00f49d79b8b2c699a7857a773acd9bd01b2f0fc
50fe7b9ad9b35ff9b82c9341ec3df6b57232798e1518ce

███████████.907074630458.AccessLogs.Devices_001.zip:

MD5- 9ac023691c14975db67ea2e5bb982d8e
SHA512-
6640b5ed3e88fc4184eafe97d8059919b8856f9567e8368afb6bbff5df9004a62b83af74cf6431d334
7690d5e33f9377da06ecad2b654ec674823655dc7d57ea

███████████ 907074630458.GoogleAccount.SubscriberInfo_001.zip:

MD5- c3c0fabb8c94108883d769cf347a44d5
SHA512-
af5c895f01ad3c91bc0e502ccbc9f9642ea54845cbd8af351acf2a1eb138fad8c4f18a03d95c36b17c9
5d7c6aff79fd709d65c751bc65d0177c4ac0a5139c3f2

███████████ LinkedbySMS:SECONDARY.pdf:

MD5- f08a9757ed5b6cdf207985e66fa57a99
SHA512-
378546c4baec301ba9c3720dfd2a4e75da8711ec15c8218fd77745d2587c033672760689161e2749
8fa23d4288676e36742b1908723c79716bbde8d79242dc25

███████████ @gmail.com-AccountsLinkedByCookies.txt:

MD5- af7a874dc732a1397c4af90439cde18f
SHA512-
53c0cc184caff1b74ac79b8b8af5fdeaa18f55196bdf740bfeac37defefa947ee17bb9c2b2364ea37b74
c5358acd2a0bbe9aa6ac994d2257db7fafda23fc75b7

███████████ s@gmail.com.Gmail.Headers.mbox:

MD5- 4622d7b9bc01dfe5951907a8a113eab7
SHA512-
98a2bc1463e7586077155b3a0f6bedbb477047818b6f5f5f26d703280a5755b39c754b63ac00ce032
c0f97c052dd5fb11c45d2c4ac19d221f06c58eb70fefefa

███████████ 181362297242.AccessLogs.Activity_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- 2636c2095b933455ef995d71d81e1f36
SHA512-
3fdf55a441f50d8514c477899fe24e1d0efea363d5aa906b10e8b6eecba183585358196d0ff4636519
4449e58d38cfa335447a1878a33dca93dbd82b89e0a44a

.181362297242.AccessLogs.Devices_001.zip:

MD5- 3ae9b538d8a3483eee8d79e87df52672
SHA512-
e200789e9b7a6763dda690e7a559250097612efb4ec342ad405ce6e18f713a6ee1e8fe3eef61af266af
2f49896df3a5d62e1f136df8fe27ef762e10e74ef55f1

81362297242.GoogleAccount.SubscriberInfo_001.zip:

MD5- b48391252b83d304a42990e56e8dbe28
SHA512-
e588a2eb39661adf8cfe8e22d8ed61b3b5f775a080503a6115af655b50524776a8483f665f7faab1ba
eda2aca9ca55f303324bb7d2afb8982e58ef29354f2b17

.LinkedbySMS:SECONDARY.pdf:

MD5- 8984ab88dd56d6a4da148b13fa893ecb
SHA512-
fcf206fcbb74e22e0702e840f527b92c9040548f59ce8e23d29e9bff55a1b8a9b1747cd4e7c7054ab0
af515375da4747b53bac6e1e01c2baaf1e22b53a92eb5b

@gmail.com.Gmail.Headers.mbox:

MD5- 66b624500f955dfb08e4016c13fd0e8d
SHA512-
44ffe274c0ea53bdafebe1a8ad03a40c030d0c344b233d0aa68cb9f395f6be810b1e29879830d4c0c7
54fb6bd9d9c833d6d13058850a02703ad9814de51a90a7

142498606088.AccessLogs.Activity_001.zip:

MD5- b090b56ab382ba8e56bab6da150305ba
SHA512-
09a80f840334b8359ec5f34cb7fbb352eeb67a29adccb9fa0b747311ef12f12fbf3221e2b93d8bc1a7c
62b39e5dccbe49a2bc129d124d6c2f0e46a4d6cc41cd3

142498606088.AccessLogs.Devices_001.zip:

MD5- f57c12894f5bde7d4715638b119e7424
SHA512-
755a162bfc66ceb89b2838e83d91147c43bb63565f1bfbe0952e90a0e62fe5593f22da2d14e89e42b

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

85ad8192c6f1788bfbc6828d2b9950542b2d9bc4ee80084

142498606088.GoogleAccount.SubscriberInfo_001.zip:

MD5- 562d5d5b962740df39d1892d76294059
SHA512-
6474f4683308081272a5f91daf52042f7cf8c8ceb8edae57108c96dc6a63c0d657c8d72cae4c78aa96
f7feb0c089264397328d951602b0f215a24004dcca432f

42498606088.Preserved.GoogleAccount.SubscriberInfo_001.zip:

MD5- 96e58a83a45cd323c8f53a13f02295f8
SHA512-
c12e3 cc0c6fd7ce49fedaaa851f018593544404c25a9e00a09d3244f0ad9483ca9fcff5abd5db7aa936
41d08a7737612539c382b826743c46c5edc05e97a4c3d

LinkedbySMS:SECONDARY.pdf:

MD5- 39d75a81f085a18ca3c38d3b8f69707a
SHA512-
df77b281af2784cbd86c124b217422c7bc50aa4bca7ed7b08573391b50390fec0c7244fdf74714bdfc
dec75366e7c795c3093a4451a2f3d4cd6c324bb8c82a69

@gmail.com-AccountsLinkedByCookies.txt:

MD5- 3e01da7ca6ad818a53372f96c1426704
SHA512-
c70242a32de0aa845510ca9b8c702044b14c03f82a4e5440d4b539572866ac3ed6dd164fd67c4e53c
325a334b17cd82b490c30879adb4f01d676992d1cb87c33

@gmail.com.Gmail.Headers.mbox:

MD5- 375014734bba4e3dab1b44bb81d69559
SHA512-
414c34f05408a53955c0566d9d914e2d9598e18564a2cd1d40c895ac7b1b765f09389156f322c84af
65ae366a8620b064b9104c309179001ff905eeff87dc9fc

kimberley.vertanen.187617782533.AccessLogs.Activity_001.zip:

MD5- 814911e95f77ac5c9f1fa4680825b0d2
SHA512-
e688041edf5f6937bb36ffdd6e30ac1acecba4edd24c464f9cd4b9fe4cf5feb1b57a036802264699931
304dd4d9c463bc2f0198cfcc54622a7cb4026bf4f7f30

kimberley.vertanen.187617782533.AccessLogs.Devices_001.zip:

**Google LLC**
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

MD5- e1b4dca8752144473270ac0df8feb7d5
SHA512-
4b7f8d39cd268f7a8f31b4857971c2c7487cf4d9e975505029fed7a7951a44f3526c2589339fd06351
b1225a83bd427ebbc834c9dfddec8d7349e3853a2f0acd

kimberley.vertanen.187617782533.GoogleAccount.SubscriberInfo_001.zip:

MD5- 4ff7ed29f58986545aa5b9d7dfbb0c6e
SHA512-
f1f36fa78c69a1330a617cd356b596e8bac96bf7c88539af6c75f5f1ca60291aa6a66d480a94c89078
2d59885f0e1a034729b96b21afe9e165157a1ec1798bcf

kimberley.vertanen.LinkedByCreationIP.pdf:

MD5- c302fbf7b703d3faaa5770b083ca3986
SHA512-
f08ab2d3b4f0cb2693034958dffb2e9e9c31d42a7cff4760384f6fb6b2e2e47f405e8a69b0437da822
454b8e76c4dc91e1b2012a9358189910c2fee940b9457e

kimberley.vertanen.LinkedbySMS:SECONDARY.pdf:

MD5- 4fbabfc15da90fd41c1ad31cd1dfdf9e
SHA512-
a30ba0e872ae5ca4290a90633e31b824808adc448e084469d61d10b43515c8d5438de789389c9a08
c325aad2b2f902fc0678a0a3c130460daf340c4310443a60

kimberley.vertanen@gmail.com-AccountsLinkedByCookies.txt:

MD5- 385cca1b9b4f4287da06bb2cbb79303c
SHA512-
ef029fb1bd1f1738a83a2681fb8cbe6a1ec3abe301a2587d3ede474f513453a11bf31de24d9600fdb9
c78f82b42ff56556f2043b3318e7f8604cd6aba6e6925d

kimberley.vertanen@gmail.com.Gmail.Headers.mbox:

MD5- 952c1e5761528247dbab650105fb2aca
SHA512-
1a70548dfb02de509c52da7e7a4b50310946acaaf2c235a1cb5a17a24b1cfdc6ea12eaed0d87587bc3
38022aaff0c73f19ed1f9ef6ad57990fc6b47550d3372a

logisticsmtew.1030836592998.AccessLogs.Activity.zip:

MD5- a3a22f586b041dd3953af98a11a4cca0
SHA512-
82499e7f6cb1154529c83d3abf68b5d89ce14af4adce3a952b5de2110dc2def57a01bf6b3b34f6ea11
dae2feecc5d7a163dcd244af625b01b3ad18b66fa43a01



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

logisticsmtew.1030836592998.AccessLogs.Devices.zip:

MD5- 11b1188b0013a92c7b392d99e58c9b56
SHA512-
7729004ed1b22ac213ef3fe74d2424ff0922f52ee5436d26002533ba60bf9092ba61783768a656615
d5c12db42134dea0cfe7657e9f4f5819c9a8c7fd7e7648d

logisticsmtew.1030836592998.GoogleAccount.SubscriberInfo_001.zip:

MD5- cbd3c8029ddea74e4c66a2c71f067c72
SHA512-
1ba67a4d968eb234168ad3df655e15f5034c0589f7e61fb8eb67dc8bf4de0c937b780ccd80ffd905d0
05a2985a1f327a3a59ca21ff3b179894c05eb8c5eddf75

logisticsmtew.LinkedbySMS:SECONDARY.pdf:

MD5- 567afdc4690dfda8e5b39ac41bb56687
SHA512-
7017a3c53f91885b3fc50006458f5dab106c00b2da6f46a9217009bcd6cdcb211f79830bc0e73831d
6207138ccc2073f8d969b251dbb73ec7555dc849c34dcbb

logisticsmtew@gmail.com-AccountsLinkedByCookies.txt:

MD5- 864ee778aa20654a407384cb6b9859ad
SHA512-
dfbeef13e32a8ca7be4d3cf5ab009ba6fe524102281c4c1dea96438bf58d67f799ef4d4f6c5d1e54ffe0
0c4444ccfc0b54ea9444c0484214a3256f7b5e1a7de6

logisticsmtew@gmail.com.Gmail.Headers.mbox:

MD5- ab0881fd3f92198fb874d06970797741
SHA512-
0ccfa40517348db1d0262faeaa686663555c7050575fd3284c48f91472c1e93261b80f3b77ff32be97
03565cb5e7efdf78fb905d958872d4f8a3c01395d868dd

5490350078.AccessLogs.Activity_001.zip:

MD5- b1ceea60667eda91874eff6e66fc4f44
SHA512-
c3d5fc4bf6b9ce6dddb0026a2608e3441a32f528094e8eb6d9a12032cb0a4caf22c16ec381dc040c5d
08dd0ae3a8bff12fdb2a24d8d501a9b94b4155a7fc2242

5490350078.AccessLogs.Devices_001.zip:

MD5- 00eeb256f2e36a2b9ee90790d10a7cb8

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

SHA512-
34e667d9c57385c3d71d3ccd79fd6bf9ba1ab7a6bbf5da3adcafe9decf73d84c12cbacf6ea452adf733
f3282841d8ea957db8f35de616b0a3af2e9b1ab6d0f22

███████████5490350078.GoogleAccount.SubscriberInfo_001.zip:

MD5- 7a18e3983261a4e357049685de5fdbdd
SHA512-
dd2eb4de480f1d4ddc97bfaa6619db580d4d5c673ed37a3f651248bd7d387d4aa7aae4922361a2882
7a4df0e9475a1219bb41a31f267c9edc2527a1eaedb919e

███████████nkedbySMS:SECONDARY.pdf:

MD5- a8e779e67a4f95476cca0b00184a7834
SHA512-
6c0d5521c24b518e47ea1d97f04abce347f5c817aa3d04fd0e6fdd39c5465b0e529fa61cfa4e1c147a
5515af3e2765c9e50f2ee71be006c1c777f2e6ef50f76c

███████████@gmail.com-AccountsLinkedByCookies.txt:

MD5- 00689e81911f16dbf8ab1ae03a4ec388
SHA512-
cec3e14704f2cde73ad01c82f0d99bb8f6c093d0675c9a923c61c8a51dfa151fa08a2304b7adbd83ac
e0d3a5deeb1df518667cce258248e69f4909ca6c578d1c

███████████n@gmail.com.Gmail.Headers.mbox:

MD5- d2eb5eb0007ca909e2c13c67c34081b6
SHA512-
82162c2015b9e35fafce1a5079cb26ab047789ce1c262b26f37344c09a3ab14b3929a9ddee2a59134
ca8034fff57f95a813c476819f57052ba2145be68c81db7

███████████1022501166043.AccessLogs.Activity_001.zip:

MD5- 9b6be25455bd2d9dd26d5bdb554bdcb5
SHA512-
28f9ea1165bb69182159a95bcc94edbfbb035145f6ab642835122b565388da5494fd652e81f9155d4
b00a210d3ff28c32030d425c93297c0596dd73a718fc73c

███████████1022501166043.AccessLogs.Devices_001.zip:

MD5- 5fd19492dfcb40b24905258d2132c0a9
SHA512-
85e26ac6201396bc9a764109386d6d2d743dfa744020df1cc5c5403916c73d06890c6931c124f1c1c
20a3d4710a947efba455d340c30ffd2b8f39a139aa77b47

1022501166043.GoogleAccount.SubscriberInfo_001.zip:

MD5- ea540d143afe920dda29144783bdefeb
SHA512-
5b20ffd13f47326f37cfeb12e95a35ef552e2889870f352a0e8f8fed56503a2f75f8610a73a56205367
2ec9ce2aef02aa3fba4b343e68a076ee8de8de82000ce

.1022501166043.Preserved.GoogleAccount.SubscriberInfo_001.zip:

MD5- e225f8a6a04ca59d3587e536c4793c1e
SHA512-
7cd78c5b55a7ba7732a71a991401d56a3e6273c00f89f4bb3965a47735090b8e2128ff94bec60d26a
8cfb5770133ba106efe29baecba6daac8b4d8ade7d73895

.LinkedByCreationIP.pdf:

MD5- 71fad3d3fd0ea5f69553f90b2208bee2
SHA512-
0c008b3d0ec62edaacdebd2e2b1c2655befe3e1d6f45a8c546476119b4987daacb756f176adfe60d72
7c338495452beb3c0f751a5681997b7eccad17d6d98110

.LinkedbySMS:SECONDARY.pdf:

MD5- 4f573666fe079a8dbfa66bf4c22be4a7
SHA512-
702aa9f730db00e2ae1e2fe061a25bbee75ab05f997ece08d838a722a77ff903f7c428dcbddc15a250f
6cb8477bd683b542f81825791c66f634e8915e1d431e8

gmail.com-AccountsLinkedByCookies.txt:

MD5- ef2311a2b92d2dd0a18d093a70eed9cc
SHA512-
a459417a18fcff1495fea9f3873b103a7fe5fe9b58ad168e2de152c43a5f81422d3806fb891a8660772
58f22eb50733a618149c08b70e4e28f63ffd6b9f4bbdb

@gmail.com.Gmail.Headers.mbox:

MD5- aaadd30ce96d7b375d763c37a3049f04
SHA512-
10825142df0df5887fe2ee0c16da6219b81c727104ac66bb13a94bfe4456e6b624237b7af3ac53930
78c7b6bee4bc8871b412c3210cd7a3b26ff3d1bb8d2a930

mtew22.400100357083.AccessLogs.Activity_001.zip:

MD5- ee5cc41060eeb6dc02391a333de4fb32
SHA512-

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

76cdef7f3f4197075b8aa2d66a1924363a63e66fd75001d8629f41168f11fc00803289e5ab443a7b30
5e3013f98f7e98e94611bbf90adec474892c81ee9febd3

mtew22.400100357083.AccessLogs.Devices_001.zip:

MD5- 4cec9bdd576ec33b506d0711598d2af4
SHA512-
be8b6a4b5a3e81391fffee4dd382d3a1a3086c4649ea5138d6e5f32a4e052b4b71c0538cecf76bf59d
6024cf1c5ee57443a71916e1ba3d740e5196a180e6bd18

mtew22.400100357083.GoogleAccount.SubscriberInfo_001.zip:

MD5- 7c7106983b1f8d6823f004da8712f5c2
SHA512-
1333daccec25d2dc8b927b56d7de316bdfd18aa57c37f22b3e4f0da2fbba33ed4e593d636e99c8f94a
d1f6d1b1700dcc44146aed411b06043d0a53b6b490e18e

mtew22.LinkedbySMS:SECONDARY.pdf:

MD5- 2986561aa9504316a439c87e7daf3f4e
SHA512-
3ceefe83550c0590cdbb4dae8ff37b0562c6814e19c1a761accf0c003f9d804a5a8ad3b5056298ec3c
5401d57676e089952fdcf429fbaddbdd7f4500fae13f4e

mtew22@gmail.com-AccountsLinkedByCookies.txt:

MD5- 7949b56adf298676d3c1798538cce1ec
SHA512-
9ca5a764e207951414c5607b5358512e2ea216004ee6ddfe72594071471246004289a4dc7ee797e5
26887977e00b80af6dc12212cf351eaf375efee18851dba4

mtew22@gmail.com.Gmail.Headers.mbox:

MD5- e3b8a546396ace50db582b65e259d897
SHA512-
03d4ee47c41febbb1223adc6f1ae88f324ec79b35eeef94ae13136da21fb855cfd9cf4af1818320587c
80ccaa32644379c46c0ae9258a7d18bacc422f97dae89

tewmichael8.150336040280.AccessLogs.Activity_001.zip:

MD5- 2bf2e47ea2a442273979965ff80bd97b
SHA512-
d13ee504c08e1e05b21522d301d9f958baf9b960f50a0f9c94b1e7ce324cbcdd7167cb5ce873d8cf02
7ae065a8c3b725559dbbf197326b51bd5b2c947e28c5fa

tewmichael8.150336040280.AccessLogs.Devices_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- bd4bae82e420a6e6ff57631199d85367
SHA512-
0379c4c71d4f40e120f8b07c046e042ea4f1cf51c9eb71473317a3bd67fb00eff24b47ad27dbeffdcce
420ac73137d922d385305f3376677cf70a6db356e4ca4

tewmichael8.150336040280.GoogleAccount.SubscriberInfo_001.zip:

MD5- 01ad037093e300409dbb45939a213c72
SHA512-
909e66afc78014bb35268f32c302b74e7e4fd6545da6e48f18c8b0c78a6ff7d6b9fa084211929bc440
133f20b7cbadcc7fa4e4374e3b7177fda4ae8fb4216acc

tewmichael8.LinkedbySMS:SECONDARY.pdf:

MD5- e43e0e14d940852a1722efd09639c87c
SHA512-
efffbab14563cea619f53bd83c609686831d8cbe7bb75aff4d5e33fc157275cf136b326f6f05bfd32d2
9f85d45052aa4590e696c8a0c610af6e122d013387a18

tewmichael8@gmail.com-AccountsLinkedByCookies.txt:

MD5- 64553a85f0024f0554ffe765e1db0b93
SHA512-
746bb2ffc5fbf29e3a7f67b52d1b11d0fd043e391363507f03cf82475385dff87948d014b79240956a
2b06f01de33bce53146bbc2e5e6d5eef766e01a50850df

tewmichael8@gmail.com.Gmail.Headers.mbox:

MD5- 40dd7a078c716c81d0b29d363e11da53
SHA512-
ebb6ab20c9cd272114e79f2ffc5123f210b77c1401c0e547f131d4678f3e40c5c0668323be15144ba1
9a33421374aa7dae634a3b9c251d4f7a633f2160222585

tewtrading1979.732457921988.AccessLogs.Activity.zip:

MD5- dacb18ceb46c08c7693bd6bedfd92ca6
SHA512-
633245283cb4dba770af175c606c7aad7c12c2d41362e471dd87b7d9e6dfddb5546696233f7f82373
cf94b237987bcd9346678dbbc01b7b3f3f35d9689be61ba

tewtrading1979.732457921988.AccessLogs.Devices.zip:

MD5- 537c6a6b514c73387697113d0dfb7bea
SHA512-
19c8f40e3d1cd20d8af3f9959a38775f1e51eea92c268008fd5fdc5ad077e58999a06c228b95b480e4

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

5f09b404d6972c9da3668dd23dc26195c033f8202008c3

tewtrading1979.732457921988.GoogleAccount.SubscriberInfo_001.zip:

MD5- eb303d3435ab8c6da05abb0fe0e16194
SHA512-
bf518d31b8360d17520d154a94013003e2f61868a864dc8135ad4387963dae0a16d58e4647454f1e
5a3f4f5973aaeee7a7ea008244d47c6fc7caee46f57863ea

tewtrading1979.LinkedbySMS:SECONDARY.pdf:

MD5- 6b090147588e6a9b8a4f4926add9fd24
SHA512-
c009e6bddc24cfc7c51a5dabd6a4950e759530c28eda6945d21fe642bb803cbb851009d8d78911f11
521dce751405af71c1a4c3a97c6743d20cb93b19bd580de

tewtrading1979@gmail.com-AccountsLinkedByCookies.txt:

MD5- 5b9a25103c5ab37ae0d3877a1db2b1f1
SHA512-
0f162f3ef22bde681ed76a3f10ad1c164809a0558c411b470049968aa77682f48e62a5b491769a26d
89774444c3ee01aeff3fe2ab9cffb86f2c5c998c9ea23b2

tewtrading1979@gmail.com.Gmail.Headers.mbox:

MD5- cd008162532ad904480a328c349604d6
SHA512-
898e245aa4ac54aa000839d742695e8063617725e86ad33109ef001a2b4534c3f292d568e2cfa9e0f
07cb61e06e3b33dc9fc2d2852ff03024c30baf5d82965a9

91304389570.AccessLogs.Activity_001.zip:

MD5- 160997e221782562dafb1d63259ecb97
SHA512-
59dadb467bb2c6b073df5b24a581e0068f0eef19b1e66770d02fb0c2e2c471c8c4db547dbb1d94f97
431bdeade023aba597551056441105b131b5221ae0e39e8

91304389570.AccessLogs.Devices_001.zip:

MD5- 0294b989f53eaea36e2f14ad1357b7c6
SHA512-
d80cc72b94a5587b62558f8f8bc3ab8ec29947915a22525efd2b0aa4166126086934c5c843a5014cf
04602070fd88ca63c1cd7686868d890ff3cb7c13d97b875

691304389570.GoogleAccount.SubscriberInfo_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- 28df9ce5774d42419dbab65e07fb640e
SHA512-
08a381af739c909b3c89a7eb768e157818f8ce80910e0378c12ace4e5ad8866cf5726adecddb34891
0fd8ab91099fd7bc00e79ee03a7e0bff09e71cabd7e7667

LinkedByCreationIP.pdf:

MD5- 06c325805851193121dd0fb6fb6de989
SHA512-
e503a47f6c415d8514d87a9679bd68b6ab6a11ef97a7149d2346f4dede21e00e5d8e2f199930ec1f5
149344a05e89309f6ba942ef83e7791a8f30c6f06b2a242

LinkedbySMS:SECONDARY.pdf:

MD5- c6dfbad8a75f81ed3836afe20d6cd7aa
SHA512-
0cde048e793cd223e09403e8f3cece310f23b8210534568c32e293c3d568c74726393e41422fb39ce
5cf2b2ff5963950469ba62cd7bd20cf2b815f45ac2a83bc

@gmail.com-AccountsLinkedByCookies.txt:

MD5- e1d37adfdc0e158d2fe25dc2f1b527b3
SHA512-
12956fbfe97c86e73a698c8668229c4d0a96a8624050ad4f786310c630f63ededcde9f3cb742ae3e16
54cea9c6bd6a39c7284804ec6369cafb784d98f8add183

@gmail.com.Gmail.Headers.mbox:

MD5- 71033301d22e34abb29e543915d2258b
SHA512-
e4527bebbbd7c6e812948989023055227ae963cef60a5333031dd24644855e57689a118554a8e3ae
1c82ac380f83a0e866a083ef9e84d1c37c23c424e1c69fd4

vtleycap.860166573900.AccessLogs.Activity_001.zip:

MD5- 6bfb96c7bf9ba1a10ac3d448245b9f29
SHA512-
cd4ddbb220e02acbab6f6efd7b3f3c1ad89c9dd3539f18a560c8d8f7a3d870d2ddc0bdac7d6c2267a3
eecd38a5fb29711e4f20dbdda26db544266f988cadbc3e

vtleycap.860166573900.AccessLogs.Devices_001.zip:

MD5- ef9a79da3cd0efcb21e0bb03a572448f
SHA512-
68015cd92f61547c2268c7ca9f4730c8c64e7307ceb832751b65f465a1f1eb8a6a9384548b2011776
e0e07c048a354b4773a8777d9c4c8552c12e3e1745fa2d5

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

vtleycap.860166573900.GoogleAccount.SubscriberInfo_001.zip:

MD5- 209946c100334e6235857b2a7b10e366
SHA512-
8d031c396cb6deebb706499e8390ac49d12d7255a6531c4a9488690c71ccb25856b69d944a2c2b06
1ce7f0952e0909b046a04541cb2207c379f7173e3b2521e6

vtleycap.LinkedByCreationIP.pdf:

MD5- 1381c3c7831cd8cbe530a7c6c3ef62d5
SHA512-
3e1a46ded49080453dc5fe445bebe974628a739e3156f224f0dbd0ede9e55f7bb883efaec7fbf1f8353
18896466ca4c5dd2e7c823057665493fc09ae5259f14b

vtleycap.LinkedbySMS:SECONDARY.pdf:

MD5- 6b0edc11ec1a20aa11ee06434feb8608
SHA512-
f756bad7797b9fcc49491945029f82fa9545a7a46c172b9ae5096dfaef340b736fe01c60dca026bba8
e86151ce284dbac083d96919bb86dc2f4abab92d51555a

vtleycap@gmail.com-AccountsLinkedByCookies.txt:

MD5- 7aeaddc9f2cddade83f8a40e047dbbf4
SHA512-
ae555d3380cbf82ca46ef30c54c7434deb3b50ad47485f5c218f3589899da3a5fe4d739b74e9a10079
3067527a18bdf6716c6325c77300c4865970fdcb7e02ab

vtleycap@gmail.com.Gmail.Headers.mbox:

MD5- 0ce1bf13f4fa7066287f7b64f0611141
SHA512-
79b751cc6979550e3ca28c17ff32d5085e787b084b0f29fd644c74d9c424c16d1e72833ba938debc8
81f49bb15e160b7574e1545459c79f6b2c343fd91b67534

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

07/23/20

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

### Re: 2703(d) Order or Equivalent dated July 10, 2020 (Google Ref. No. 3855397)

Dear Special Agent Palmer:

Pursuant to the 2703(d) Order or Equivalent issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), ████████████████████████ ████████████████████████████████████████████████████████████████████, as specified in the 2703(d) Order or Equivalent. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Pursuant to your request for related Google account(s) linked by creation IP address, contained in this production is responsive data pertaining to the active Google account(s) that accepted the Terms of Service using the same IP address as *VTLEYCAP, MIKEMORA9, KIMBERLEY.VERTANEN, VERTANEN* within +/- 8 days of the Terms of Service acceptance date.

Pursuant to your request for related Google account(s) linked by creation IP address, we did not find any responsive records of active Google account(s) that accepted the Terms of Service using the same IP address as ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ within +/- 8 days of the Terms of Service acceptance date.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1124

OR_____ 1077

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,

Nikki Adeli
Google Legal Investigations Support



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.  I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.  I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.  Google provides Internet-based services.

4.  Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s) ███████████████████████████████████

████████████████████████████████████████, with Google Ref. No. 3855397 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the 2703(d) Order or Equivalent.

5.  The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.  The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_ Nikki Adeli_____          Date: 07/23/20
(Signature of Records Custodian)


   Nikki Adeli
(Name of Records Custodian)

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

**Google**

USLawEnforcement@google.com

www.google.com

## Attachment A: Hash Values for Production Files (Google Ref. No. 3855397)

███████████████ 907074630458.AccessLogs.Activity_001.zip:

MD5- 5c1c122a07eeb93bc2276c6186afea3a
SHA512-
591afe597a592fa7b9fe3b647a3f311ae2950bc673a00f49d79b8b2c699a7857a773acd9bd01b2f0fc
50fe7b9ad9b35ff9b82c9341ec3df6b57232798e1518ce

███████████████ 907074630458.AccessLogs.Devices_001.zip:

MD5- 9ac023691c14975db67ea2e5bb982d8e
SHA512-
6640b5ed3e88fe4184eafe97d8059919b8856f9567e8368afb6bbff5df9004a62b83af74cf6431d334
7690d5e33f9377da06ecad2b654ec674823655dc7d57ea

███████████████ 907074630458.GoogleAccount.SubscriberInfo_001.zip:

MD5- c3e0fabb8c94108883d769cf347a44d5
SHA512-
af5c895f01ad3c91bc0e502ccbe9f9642ea54845cbd8af351acf2a1cb138fad8c4f18a03d95c36b17c9
5d7c6aff79fd709d65c751bc65d0177c4ac0a5139c3f2

███████████████ .LinkedbySMS:SECONDARY.pdf:

MD5- f08a9757ed5b6cdf207985e66fa57a99
SHA512-
378546e4baec301ba9e3720dfd2a4e75da8711ec15c8218fd77745d2587c033672760689161e2749
8fa23d4288676e36742b1908723c79716bbde8d79242dc25

███████████████ @gmail.com-AccountsLinkedByCookies.txt:

MD5- af7a874dc732a1397c4af90439cde18f
SHA512-
53c0cc184caff1b74ac79b8b8af5fdeaa18f55196bdf740bfeac37defcfa947ee17bb9c2b2364ea37b74
c5358acd2a0bbe9aa6ac994d2257db7fafda23fc75b7

███████████████ ts@gmail.com.Gmail.Headers.mbox:

MD5- 4622d7b9bc01dfe5951907a8a113eab7
SHA512-
98a2bc1463c7586077155b3a0f6bedbb477047818b6f5f5f26d703280a5755b39c754b63ac00cc032
c0f97c052dd5fb11c45d2c4ac19d221f06c58cb70fefefa

███████████████ .181362297242.AccessLogs.Activity_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- 2636c2095b933455ef995d71d81e1f36
SHA512-
3fdf55a441f50d8514c477899fe24e1d0efea363d5aa906b10e8b6eecba183585358196d0ff4636519
4449e58d38cfa335447a1878a33dca93dbd82b89e0a44a

████ 181362297242.AccessLogs.Devices_001.zip:

MD5- 3ae9b538d8a3483eec8d79e87df52672
SHA512-
e200789e9b7a6763dda690e7a559250097612efb4ec342ad405cc6e18f713a6ee1e8fe3eef61af266af
2f49896df3a5d62e1f136df8fe27ef762e10e74ef55f1

████ .181362297242.GoogleAccount.SubscriberInfo_001.zip:

MD5- b48391252b83d304a42990e56e8dbe28
SHA512-
e588a2eb39661adf8cfe8e22d8ed61b3b5f775a080503a6115af655b50524776a8483f665f7faab1ba
eda2aca9ca55f303324bb7d2afb8982e58ef29354f2b17

████ nkedbySMS:SECONDARY.pdf:

MD5- 8984ab88dd56d6a4da148b13fa893ecb
SHA512-
fcf206fcbb74e22e0702e840f527b92c9040548f59ce8e23d29e9bff55a1b8a9b1747cd4e7c7054ab0
af515375da4747b53bac6e1e01c2baaf1e22b53a92eb5b

████ @gmail.com.Gmail.Headers.mbox:

MD5- 66b624500f955dfb08e4016c13fd0c8d
SHA512-
44ffe274c0ea53bdafcbe1a8ad03a40c030d0c344b233d0aa68cb9f395f6be810b1e29879830d4c0c7
54fb6bd9d9c833d6d13058850a02703ad9814de51a90a7

████ .142498606088.AccessLogs.Activity_001.zip:

MD5- b090b56ab382ba8e56bab6da150305ba
SHA512-
09a80f840334b8359ec5f34cb7fbb352eeb67a29adecb9fa0b747311ef12f12fbf3221e2b93d8bc1a7c
62b39e5dcebe49a2bc129d124d6c2f0e46a4d6cc41cd3

████ .142498606088.AccessLogs.Devices_001.zip:

MD5- f57c12894f5bdc7d4715638b119e7424
SHA512-
755a162bfc66ceb89b2838e83d91147c43bb63565f1bfbe0952e90a0e62fe5593f22da2d14e89e42b



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

85ad8192c6f1788bfbc6828d2b9950542b2d9bc4ee80084

142498606088.GoogleAccount.SubscriberInfo_001.zip:

MD5- 562d5d5b962740df39d1892d76294059
SHA512-
6474f4683308081272a5f91daf52042f7cf8c8ceb8edae57108c96dc6a63c0d657c8d72cae4c78aa96
f7feb0c089264397328d951602b0f215a24004dcca432f

.142498606088.Preserved.GoogleAccount.SubscriberInfo_001.zip:

MD5- 96e58a83a45cd323c8f53a13f02295f8
SHA512-
c12e3ec0c6fd7ce49fedaaa851f018593544404c25a9e00a09d3244f0ad9483ca9fcff5abd5db7aa936
41d08a7737612539c382b826743c46c5edc05e97a4c3d

LinkedbySMS:SECONDARY.pdf:

MD5- 39d75a81f085a18ca3c38d3b8f69707a
SHA512-
df77b281af2784cbd86c124b217422c7bc50aa4bca7ed7b08573391b50390fec0c7244fdf74714bdfc
dec75366c7c795c3093a4451a2f3d4cd6c324bb8c82a69

a@gmail.com-AccountsLinkedByCookies.txt:

MD5- 3e01da7ca6ad818a53372f96c1426704
SHA512-
c70242a32de0aa845510ca9b8c702044b14c03f82a4e5440d4b539572866ac3ed6dd164fd67c4e53c
325a334b17cd82b490c30879adb4f01d676992d1cb87e33

a@gmail.com.Gmail.Headers.mbox:

MD5- 375014734bba4e3dab1b44bb81d69559
SHA512-
414c34f05408a53955c0566d9d914e2d9598e18564a2cd1d40c895ac7b1b765f09389156f322c84af
65ac366a8620b064b9104c309179001ff905ecff87dc9fc

kimberley.vertanen.187617782533.AccessLogs.Activity_001.zip:

MD5- 814911e95f77ac5e9f1fa4680825b0d2
SHA512-
e688041edf5f6937bb36ffdd6e30ac1acecba4edd24c464f9cd4b9fe4cf5feb1b57a036802264699931
304dd4d9c463bc2f0198cfcc54622a7cb4026bf4f7f30

kimberley.vertanen.187617782533.AccessLogs.Devices_001.zip:

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- e1b4dca8752144473270ac0df8feb7d5
SHA512-
4b7f8d39cd268f7a8f31b4857971c2c7487cf4d9e975505029fed7a7951a44f3526c2589339fd06351
b1225a83bd427ebbc834c9dfddec8d7349e3853a2f0acd

kimberley.vertanen.187617782533.GoogleAccount.SubscriberInfo_001.zip:

MD5- 4ff7ed29f58986545aa5b9d7dfbb0c6e
SHA512-
f1f36fa78c69a1330a617cd356b596e8bac96bf7c88539af6c75f5f1ca60291aa6a66d480a94c89078
2d59885f0e1a034729b96b21afe9e165157a1ec1798bcf

kimberley.vertanen.LinkedByCreationIP.pdf:

MD5- c302fbf7b703d3faaa5770b083ca3986
SHA512-
f08ab2d3b4f0cb2693034958dffb2e9e9c31d42a7cff4760384f6fb6b2e2e47f405e8a69b0437da822
454b8e76c4dc91e1b2012a9358189910c2fee940b9457e

kimberley.vertanen.LinkedbySMS:SECONDARY.pdf:

MD5- 4fbabfc15da90fd41c1ad31cd1dfdf9e
SHA512-
a30ba0e872ae5ca4290a90633e31b824808adc448e084469d61d10b43515c8d5438de789389c9a08
c325aad2b2f902fc0678a0a3c130460daf340c4310443a60

kimberley.vertanen@gmail.com-AccountsLinkedByCookies.txt:

MD5- 385cca1b9b4f4287da06bb2cbb79303c
SHA512-
ef029fb1bd1f1738a83a2681fb8cbe6a1ec3abe301a2587d3ede474f513453a11bf31de24d9600fdb9
c78f82b42ff56556f2043b3318e7f8604cd6aba6e6925d

kimberley.vertanen@gmail.com.Gmail.Headers.mbox:

MD5- 952c1e5761528247dbab650105fb2aca
SHA512-
1a70548dfb02de509c52da7e7a4b50310946acaaf2c235a1cb5a17a24b1cfdc6ea12eaed0d87587bc3
38022aaff0c73f19ed1f9ef6ad57990fc6b47550d3372a

logisticsmtew.1030836592998.AccessLogs.Activity.zip:

MD5- a3a22f586b041dd3953af98a11a4cca0
SHA512-
82499e7f6cb1154529c83d3abf68b5d89ce14af4adce3a952b5de2110dc2def57a01bf6b3b34f6ea11
dae2feecc5d7a163dcd244af625b01b3ad18b66fa43a01

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

logisticsmtew.1030836592998.AccessLogs.Devices.zip:

MD5- 11b1188b0013a92c7b392d99e58c9b56
SHA512-
7729004ed1b22ac213ef3fe74d2424ff0922f52ee5436d26002533ba60bf9092ba61783768a656615
d5c12db42134dea0cfe7657e9f4f5819c9a8c7fd7e7648d

logisticsmtew.1030836592998.GoogleAccount.SubscriberInfo_001.zip:

MD5- cbd3c8029ddea74e4c66a2c71f067c72
SHA512-
1ba67a4d968eb234168ad3df655e15f5034c0589f7e61fb8eb67dc8bf4de0c937b780ccd80ffd905d0
05a2985a1f327a3a59ca21ff3b179894c05eb8c5eddf75

logisticsmtew.LinkedbySMS:SECONDARY.pdf:

MD5- 567afdc4690dfda8e5b39ac41bb56687
SHA512-
7017a3c53f91885b3fc50006458f5dab106c00b2da6f46a9217009bcd6cdcb211f79830be0c73831d
6207138cce2073f8d969b251dbb73ec7555dc849c34dcbb

logisticsmtew@gmail.com-AccountsLinkedByCookies.txt:

MD5- 864ec778aa20654a407384cb6b9859ad
SHA512-
dfbecf13e32a8ca7be4d3cf5ab009ba6fe524102281c4c1dca96438bf58d67f799ef4d4f6c5d1e54ffe0
0c4444ccfc0b54ea9444c0484214a3256f7b5e1a7de6

logisticsmtew@gmail.com.Gmail.Headers.mbox:

MD5- ab0881fd3f92198fb874d06970797741
SHA512-
0ccfa40517348db1d0262faeaa686663555c7050575fd3284c48f91472c1e93261b80f3b77ff32be97
03565cb5e7efdf78fb905d958872d4f8a3c01395d868dd

▓▓▓▓▓▓▓▓▓▓5490350078.AccessLogs.Activity_001.zip:

MD5- b1ccca60667cda91874cff6c66fc4f44
SHA512-
c3d5fc4bf6b9ce6dddb0026a2608c3441a32f528094c8cb6d9a12032cb0a4caf22c16ec381dc040c5d
08dd0ae3a8bff12fdb2a24d8d501a9b94b4155a7fc2242

▓▓▓▓▓▓▓▓▓▓5490350078.AccessLogs.Devices_001.zip:

MD5- 00eeb256f2c36a2b9ee90790d10a7cb8



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

SHA512-
34c667d9c57385c3d71d3ccd79fd6bf9ba1ab7a6bbf5da3adcafe9decf73d84c12cbacf6ea452adf733
f3282841d8ea957db8f35de616b0a3af2e9b1ab6d0f22

5490350078.GoogleAccount.SubscriberInfo_001.zip:

MD5- 7a18e3983261a4e357049685de5fdbdd
SHA512-
dd2eb4de480f1d4ddc97bfaa6619db580d4d5c673ed37a3f651248bd7d387d4aa7aae4922361a2882
7a4df0e9475a1219bb41a31f267c9edc2527a1eaedb919e

LinkedbySMS:SECONDARY.pdf:

MD5- a8c779e67a4f95476cca0b00184a7834
SHA512-
6c0d5521c24b518e47ea1d97f04abce347f5c817aa3d04fd0e6fdd39c5465b0e529fa61cfa4e1c147a
5515af3e2765c9e50f2ee71be006c1c777f2e6ef50f76c

@gmail.com-AccountsLinkedByCookies.txt:

MD5- 00689e81911f16dbf8ab1ae03a4ec388
SHA512-
cec3e14704f2cde73ad01c82f0d99bb8f6c093d0675c9a923e61c8a51dfa151fa08a2304b7adbd83ac
e0d3a5deeb1df518667cec258248e69f4909ca6c578d1c

@gmail.com.Gmail.Headers.mbox:

MD5- d2eb5eb0007ca909e2c13c67c34081b6
SHA512-
82162c2015b9e35fafce1a5079cb26ab047789ce1c262b26f37344c09a3ab14b3929a9ddee2a59134
ca8034fff57f95a813c476819f57052ba2145be68c81db7

1022501166043.AccessLogs.Activity_001.zip:

MD5- 9b6be25455bd2d9dd26d5bdb554bdcb5
SHA512-
28f9ea1165bb69182159a95bcc94edbfbb035145f6ab642835122b565388da5494fd652e81f9155d4
b00a210d3ff28c32030d425c93297c0596dd73a718fc73c

022501166043.AccessLogs.Devices_001.zip:

MD5- 5fd19492dfcb40b24905258d2132c0a9
SHA512-
85c26ac6201396bc9a764109386d6d2d743dfa744020df1ec5c5403916c73d06890c6931c124f1c1c
20a3d4710a947efba455d340c30ffd2b8f39a139aa77b47



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

022501166043.GoogleAccount.SubscriberInfo_001.zip:

MD5- ea540d143afe920dda29144783bdefeb
SHA512-
5b20ffd13f47326f37cfeb12e95a35ef552e2889870f352a0e8f8fcd56503a2f75f8610a73a56205367
2ec9ce2aef02aa3fba4b343e68a076ee8de8de82000ce

.1022501166043.Preserved.GoogleAccount.SubscriberInfo_001.zip:

MD5- e225f8a6a04ca59d3587e536c4793c1e
SHA512-
7cd78c5b55a7ba7732a71a991401d56a3e6273c00f89f4bb3965a47735090b8e2128ff94bec60d26a
8cfb5770133ba106efe29baecba6daac8b4d8adc7d73895

.LinkedByCreationIP.pdf:

MD5- 71fad3d3fd0ea5f69553f90b2208bec2
SHA512-
0c008b3d0ec62edaacdebd2e2b1c2655befc3c1d6f45a8c546476119b4987daacb756f176adfe60d72
7c338495452bcb3c0f751a5681997b7eccad17d6d98110

inkedbySMS:SECONDARY.pdf:

MD5- 4f573666fe079a8dbfa66bf4c22be4a7
SHA512-
702aa9f730db00e2ae1e2fe061a25bbee75ab05f997ece08d838a722a77ff903f7c428dcbddc15a250f
6cb8477bd683b542f81825791c66f634e8915e1d431e8

@gmail.com-AccountsLinkedByCookies.txt:

MD5- ef2311a2b92d2dd0a18d093a70eed9ce
SHA512-
a459417a18fcff1495fea9f3873b103a7fe5fe9b58ad168e2de152c43a5f81422d3806fb891a8660772
58f22eb50733a618149c08b70e4e28f63ffd6b9f4bbdb

@gmail.com.Gmail.Headers.mbox:

MD5- aaadd30ce96d7b375d763c37a3049f04
SHA512-
10825142df0df5887fe2ee0c16da6219b81c727104ac66bb13a94bfe4456e6b624237b7af3ac53930
78c7b6bee4bc8871b412c3210cd7a3b26ff3d1bb8d2a930

mtew22.400100357083.AccessLogs.Activity_001.zip:

MD5- ee5cc41060eeb6dc02391a333de4fb32
SHA512-

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

76cdef7f3f4197075b8aa2d66a1924363a63e66fd75001d8629f41168f11fc00803289e5ab443a7b30
5e3013f98f7e98e94611bbf90adec474892c81ee9febd3

mtew22.400100357083.AccessLogs.Devices_001.zip:

MD5- 4cec9bdd576ec33b506d0711598d2af4
SHA512-
be8b6a4b5a3e81391fffee4dd382d3a1a3086c4649ea5138d6e5f32a4e052b4b71c0538cecf76bf59d
6024cf1c5ee57443a71916e1ba3d740e5196a180e6bd18

mtew22.400100357083.GoogleAccount.SubscriberInfo_001.zip:

MD5- 7c7106983b1f8d6823f004da8712f5c2
SHA512-
1333daccec25d2dc8b927b56d7de316bdfd18aa57c37f22b3e4f0da2fbba33ed4e593d636e99c8f94a
d1f6d1b1700dcc44146aed411b06043d0a53b6b490e18e

mtew22.LinkedbySMS:SECONDARY.pdf:

MD5- 2986561aa9504316a439c87e7daf3f4e
SHA512-
3ceefe83550c0590cdbb4dae8ff37b0562c6814e19c1a761accf0c003f9d804a5a8ad3b5056298ec3c
5401d57676e089952fdcf429fbaddbdd7f4500fae13f4e

mtew22@gmail.com-AccountsLinkedByCookies.txt:

MD5- 7949b56adf298676d3c1798538cce1ec
SHA512-
9ca5a764e207951414c5607b5358512e2ea216004ee6ddfe72594071471246004289a4dc7ee797e5
26887977e00b80af6dc12212cf351eaf375efee18851dba4

mtew22@gmail.com.Gmail.Headers.mbox:

MD5- e3b8a546396ace50db582b65e259d897
SHA512-
03d4ee47c41febbb1223adc6f1ae88f324ec79b35eeef94ae13136da21fb855cfd9cf4af1818320587c
80ccaa32644379c46c0ae9258a7d18bacc422f97dae89

tewmichael8.150336040280.AccessLogs.Activity_001.zip:

MD5- 2bf2e47ea2a442273979965ff80bd97b
SHA512-
d13ee504c08e1e05b21522d301d9f958baf9b960f50a0f9c94b1e7ce324cbcdd7167cb5ce873d8cf02
7ae065a8c3b725559dbbf197326b51bd5b2c947e28c5fa

tewmichael8.150336040280.AccessLogs.Devices_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

MD5- bd4bae82e420a6e6ff57631199d85367
SHA512-
0379c4c71d4f40e120f8b07c046e042ea4f1cf51c9eb71473317a3bd67fb00eff24b47ad27dbeffdcce
420ac73137d922d385305f3376677cf70a6db356e4ca4

tewmichael8.150336040280.GoogleAccount.SubscriberInfo_001.zip:

MD5- 01ad037093e300409dbb45939a213c72
SHA512-
909e66afc78014bb35268f32c302b74e7e4fd6545da6e48f18c8b0c78a6ff7d6b9fa084211929bc440
133f20b7cbadcc7fa4e4374e3b7177fda4ae8fb4216acc

tewmichael8.LinkedbySMS:SECONDARY.pdf:

MD5- e43e0e14d940852a1722efd09639c87c
SHA512-
efffbab14563cea619f53bd83c609686831d8cbe7bb75aff4d5e33fc157275cf136b326f6f05bfd32d2
9f85d45052aa4590e696c8a0c610af6e122d013387a18

tewmichael8@gmail.com-AccountsLinkedByCookies.txt:

MD5- 64553a85f0024f0554ffe765e1db0b93
SHA512-
746bb2ffc5fbf29e3a7f67b52d1b11d0fd043e391363507f03cf82475385dff87948d014b79240956a
2b06f01de33bce53146bbc2e5e6d5eef766e01a50850df

tewmichael8@gmail.com.Gmail.Headers.mbox:

MD5- 40dd7a078c716c81d0b29d363e11da53
SHA512-
ebb6ab20c9cd272114e79f2ffc5123f210b77c1401c0e547f131d4678f3e40c5c0668323be15144ba1
9a33421374aa7dae634a3b9c251d4f7a633f2160222585

tewtrading1979.732457921988.AccessLogs.Activity.zip:

MD5- dacb18ceb46c08c7693bd6bedfd92ca6
SHA512-
633245283cb4dba770af175c606c7aad7c12c2d41362e471dd87b7d9e6dfddb5546696233f7f82373
cf94b237987bcd9346678dbbc01b7b3f3f35d9689be61ba

tewtrading1979.732457921988.AccessLogs.Devices.zip:

MD5- 537c6a6b514c73387697113d0dfb7bea
SHA512-
19c8f40e3d1cd20d8af3f9959a38775f1e51eea92c268008fd5fdc5ad077e58999a06c228b95b480e4

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

5f09b404d6972c9da3668dd23dc26195c033f8202008c3

tewtrading1979.732457921988.GoogleAccount.SubscriberInfo_001.zip:

MD5- eb303d3435ab8c6da05abb0fe0e16194
SHA512-
bf518d31b8360d17520d154a94013003e2f61868a864dc8135ad4387963dae0a16d58e4647454f1e
5a3f4f5973aaeee7a7ea008244d47c6fc7caee46f57863ea

tewtrading1979.LinkedbySMS:SECONDARY.pdf:

MD5- 6b090147588e6a9b8a4f4926add9fd24
SHA512-
c009e6bddc24cfc7c51a5dabd6a4950e759530c28eda6945d21fe642bb803ebb851009d8d78911f11
521dce751405af71c1a4c3a97c6743d20cb93b19bd580de

tewtrading1979@gmail.com-AccountsLinkedByCookies.txt:

MD5- 5b9a25103c5ab37ae0d3877a1db2b1f1
SHA512-
0f162f3ef22bde681ed76a3f10ad1c164809a0558c411b470049968aa77682f48e62a5b491769a26d
89774444c3ee01aeff3fe2ab9cffb86f2c5c998c9ea23b2

tewtrading1979@gmail.com.Gmail.Headers.mbox:

MD5- cd008162532ad904480a328c349604d6
SHA512-
898e245aa4ac54aa000839d742695e8063617725e86ad33109ef001a2b4534c3f292d568e2cfa9e0f
07eb61e06e3b33dc9fc2d2852ff03024c30baf5d82965a9

91304389570.AccessLogs.Activity_001.zip:

MD5- 160997e221782562dafb1d63259ecb97
SHA512-
59dadb467bb2c6b073df5b24a581e0068f0eef19b1e66770d02fb0c2e2c471c8c4db547dbb1d94f97
431bdeade023aba597551056441105b131b5221ae0e39e8

.691304389570.AccessLogs.Devices_001.zip:

MD5- 0294b989f53eaea36e2f14ad1357b7c6
SHA512-
d80ec72b94a5587b62558f8f8bc3ab8ec29947915a22525efd2b0aa4166126086934c5c843a5014cf
04602070fd88ca63c1cd7686868d890ff3cb7c13d97b875

691304389570.GoogleAccount.SubscriberInfo_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

MD5- 28df9ce5774d42419dbab65e07fb640e
SHA512-
08a381af739c909b3c89a7eb768e157818f8ce80910e0378c12ace4c5ad8866cf5726adecddb34891
0fd8ab91099fd7bc00e79cc03a7e0bff09c71cabd7e7667

.LinkedByCreationIP.pdf:

MD5- 06c325805851193121dd0fb6fb6de989
SHA512-
e503a47f6c415d8514d87a9679bd68b6ab6a11ef97a7149d2346f4dede21e00e5d8e2f199930ec1f5
149344a05e89309f6ba942ef83e7791a8f30c6f06b2a242

inkedbySMS:SECONDARY.pdf:

MD5- e6dfbad8a75f81ed3836afe20d6cd7aa
SHA512-
0cde048e793cd223e09403e8f3ecce310f23b8210534568c32e293c3d568c74726393e41422fb39ce
5cf2b2ff5963950469ba62cd7bd20ef2b815f45ac2a83bc

@gmail.com-AccountsLinkedByCookies.txt:

MD5- e1d37adfdc0e158d2fe25dc2f1b527b3
SHA512-
12956fbfe97c86e73a698c8668229c4d0a96a8624050ad4f786310c630f63ededede9f3cb742ae3e16
54cea9c6bd6a39c7284804ec6369cafb784d98f8add183

@gmail.com.Gmail.Headers.mbox:

MD5- 71033301d22e34abb29e543915d2258b
SHA512-
e4527bebbbd7c6e812948989023055227ae963cef60a5333031dd24644855e57689a118554a8e3ae
1c82ac380f83a0e866a083ef9e84d1c37c23c424e1c69fd4

vtleycap.860166573900.AccessLogs.Activity_001.zip:

MD5- 6bfb96c7bf9ba1a10ac3d448245b9f29
SHA512-
cd4ddbb220e02acbab6f6efd7b3f3c1ad89c9dd3539f18a560c8d8f7a3d870d2ddc0bdac7d6c2267a3
eecd38a5fb29711e4f20dbdda26db544266f988cadbc3c

vtleycap.860166573900.AccessLogs.Devices_001.zip:

MD5- ef9a79da3cd0efcb21e0bb03a572448f
SHA512-
68015cd92f61547c2268c7ca9f4730c8c64e7307ceb832751b65f465a1f1eb8a6a9384548b2011776
e0e07c048a354b4773a8777d9c4c8552c12e3e1745fa2d5

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

vtleycap.860166573900.GoogleAccount.SubscriberInfo_001.zip:

MD5- 209946c100334e6235857b2a7b10e366
SHA512-
8d031c396cb6deebb706499e8390ac49d12d7255a6531c4a9488690c71ccb25856b69d944a2c2b06
1ce7f0952e0909b046a04541cb2207c379f7173e3b2521e6

vtleycap.LinkedByCreationIP.pdf:

MD5- 1381c3c7831cd8cbe530a7c6c3ef62d5
SHA512-
3e1a46ded49080453dc5fe445bebe974628a739e3156f224f0dbd0ede9e55f7bb883efaec7fbf1f8353
18896466ca4c5dd2e7c823057665493fc09ae5259f14b

vtleycap.LinkedbySMS:SECONDARY.pdf:

MD5- 6b0edc11ec1a20aa11ee06434feb8608
SHA512-
f756bad7797b9fcc49491945029f82fa9545a7a46c172b9ae5096dfaef340b736fe01c60dca026bba8
e86151ce284dbac083d96919bb86dc2f4abab92d51555a

vtleycap@gmail.com-AccountsLinkedByCookies.txt:

MD5- 7aeaddc9f2cddade83f8a40e047dbbf4
SHA512-
ae555d3380cbf82ca46ef30c54c7434deb3b50ad47485f5c218f3589899da3a5fe4d739b74e9a10079
3067527a18bdf6716c6325c77300c4865970fdcb7e02ab

vtleycap@gmail.com.Gmail.Headers.mbox:

MD5- 0ce1bf13f4fa7066287f7b64f0611141
SHA512-
79b751cc6979550e3ca28c17ff32d5085e787b084b0f29fd644c74d9c424c16d1e72833ba938debc8
81f49bb15e160b7574e1545459c79f6b2c343fd91b67534

Google LLC
1600 Amphitheatre Parkway

# Google

USLawEnforcement@google.com
Mountain View, California 94043

December 8, 2020

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

>  **Re: 2703(d) Order or Equivalent dated September 24, 2020 (Google Ref. No.
>  4061966)**
>  *19R976*

Dear Special Agent Palmer:

Pursuant to the 2703(d) Order or Equivalent issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), *+14693190152, UNICORNKT1981@GMAIL.COM*, as specified in the 2703(d) Order or Equivalent. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.

Regards,

Madison Matheus
Google Legal Investigations Support



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
**1125**



Google LLC
1600 Amphitheatre Parkway

USLawEnforcement@google.com
Mountain View, California 94043



Google LLC
1600 Amphitheatre Parkway

USLawEnforcement@google.com
Mountain View, California 94043

**CERTIFICATE OF AUTHENTICITY**

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s) *+14693190152, UNICORNKT1981@GMAIL.COM*, with Google Ref. No. 4061966 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the 2703(d) Order or Equivalent.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result.  The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_Madison Matheus_____                    Date: December 8, 2020
(Signature of Records Custodian)


       Madison Matheus
(Name of Records Custodian)



Google LLC
1600 Amphitheatre Parkway

USLawEnforcement@google.com
Mountain View, California 94043

### Attachment A: Hash Values for Production Files (Google Ref. No. 4061966)

+14693190152.2016tinacoutney@gmail.com.Voice.txt:

MD5- 70a703175f749db475aabc7026ad9d62
SHA512-
bc9c942c5b352ad69fd7ff6b24a87bf318c0dfe0024aa1778f62100ca1b669eac0f13355d536948ca9
71c762bca0d7e2d65d6ecd68702390f681da0026ed7e26

@gmail.com.Voice.txt:

MD5- 49d068d3e64ce040f45c4285e0a375a3
SHA512-
6de95864639284d952675bde59295e93e37b21b554d18598355fea0db85384f63e25721ccd3e56ed
358277406d38f3c5b066cf46ddc5c653b4bea28d8406244d

+14693190152.unicornkt1981@gmail.com.Voice.txt:

MD5- 3acce82de19415098a961f3fac17bf57
SHA512-
93a321e41eafbc106b5a6b833d349047b3030a05fc5e6b961fa207d942e0fe6b0fb4bec73eced34e2a
c7fbe9d7a5af7e442b3065dd58c7671b39f30b9eba05f9

unicornkt1981@gmail.com-AccountsLinkedByCookies.txt:

MD5- 572b6de0885d79f03003eed0899d1ecd
SHA512-
e06f6ff7d879b053d6e06fcb51f2c020de9b4b52eb102e18d5d95529bbfaa571d0ebecf897aada2283
b02df82831f123a8475bd25427efc8dd6a8cb0bd404e80

unicornkt1981@gmail.com.74069807580.AccountActivity.Activity_001.zip:

MD5- adf82e26287414f397e13f2ba2ac1398
SHA512-
bbd1bb72c4114a886fcea038c6ab14f06a33d70f42e84920507fc62ba9fa7c26ba3f72f41495b8797e
b363879b4f8a1e53a0e128a14e93f183cd36efcd5846b7

unicornkt1981@gmail.com.74069807580.GoogleAccount.SubscriberInfo_001.zip:

MD5- 6bc7f0de1043e65b1b1545f21e254631
SHA512-
24a18bb69543f38130843f737669459c57a95ca2c58150d31e878d93e373f176c8e853af335733001
b028677371275b54166dabe008a3909b007d58296ab91d1

unicornkt1981@gmail.com.Gmail.Headers.mbox:



Google LLC
1600 Amphitheatre Parkway

USLawEnforcement@google.com
Mountain View, California 94043

MD5- 3903c1ba46c06e05b3c123eedcc9e8eb
SHA512-
765fc7a184a6cefbeddf8bbb400f3fa9c0a701038a56a6d7f8aee9a6e5c2415a73d3d2d9b45be90f7f8
a3cb8038583c9492d5be19ef6ee049a83ff7dda2124cc

unicornkt1981@gmail.com.LinkedBy.pdf:

MD5- 3e8fbc54110a8016d1e885afe9de2b52
SHA512-
299d2363665e4b9b2fa824efaf05b742d032e20ee3efa6e551b2e8f4307dcf76fbf38d833ac1d7f0d57
3e43cdae7540b5776f99b315c4c245f0c5967498dbbfd



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

12/07/20

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

> Re: 2703(d) Order or Equivalent dated October 20, 2020 (Google Ref. No.
> 4124439)

Dear Special Agent Palmer:

Pursuant to the 2703(d) Order or Equivalent issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

Accompanying this letter is responsive information to the extent reasonably accessible from our system associated with the Google account(s), ██████████ s specified in the 2703(d) Order or Equivalent. We have also included a signed Certificate of Authenticity which includes a list of hash values that correspond to each file contained in the production. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values. To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

Pursuant to your request for related Google account(s) linked by creation IP address, contained in this production is responsive data pertaining to the active Google account(s) that accepted the Terms of Service using the same IP address as ██████████ within +/- 8 days of the Terms of Service acceptance date.

Please note that Google Pay service data is under the control of Google Payment Corporation. Any request for such data must be specifically addressed to Google Payment Corporation and can be served through the email address googlepayments@google.com.

For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

Finally, in accordance with Section 2706 of the Electronic Communications Privacy Act, Google may request reimbursement for reasonable costs incurred in processing your request.



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1126



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

Regards,

Luke Morris
Google Legal Investigations Support



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com

www.google.com

## CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.      I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.      Google provides Internet-based services.

4.      Attached is a true and correct copy of records pertaining to the Google account-holder(s) identified with account(s)                                                     , with Google Ref. No. 4124439 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the 2703(d) Order or Equivalent.

5.      The Document is a record made and retained by Google. Google servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Google.

6.      The Document is a true duplicate of original records that were generated by Google's electronic process or system that produces an accurate result. The accuracy of Google's electronic process and system is regularly verified by Google.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s  Luke Morris_____                    Date: 12/07/20
(Signature of Records Custodian)


    Luke Morris
(Name of Records Custodian)

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

## Attachment A: Hash Values for Production Files (Google Ref. No. 4124439)

▉▉▉▉ 776301624485.AccountActivity.Activity_001.zip:

MD5- e79b53be8af8cb0aa2ae64922cae5dc8
SHA512-
cd24abd14fb73aa8015011cdaa2fba08fa22b64832ccf1dd3b9b4fef603de6b000109dcffed37957b9
5b5791e0b5de6548a61d816bc433786865048be00e2411

▉▉▉▉.776301624485.AccountActivity.Devices_001.zip:

MD5- 8fd1027b189ab4b358d2a1ffc683371f
SHA512-
c9e8b184f47bd4a647270a2a4686dcdf0ae07a632b8f4300c5930e3ed2de24169fea0cb26aaf54926c
2b0e1adba71b483fe8835b14f49e074798f899a33c0fd7

▉▉▉▉ 776301624485.GoogleAccount.SubscriberInfo_001.zip:

MD5- adab5401686355f8d16f940bc6364522
SHA512-
55946bf606a0cb4ab77823fd43374d2657c182b9171f88edd6fc78ddc5960a7388c423d803f2875d2
cffd2249b21e5329bf64bf236957d306418dbd874d1cc23

▉▉▉▉ @gmail.com.Gmail.Headers.mbox:

MD5- a2daefdd088e35fc3e56d311e37201ce
SHA512-
f337919fd459b87f145da5fe64f39760f0167d212aa65e0db952bb06548834f5f9c78d4b7d6aa0a8d9
8219bc2cdf7ebb04e0d89be09f15016eb14d7d0c594659

▉▉▉▉ @gmail.com.LinkedBySMSAndSecondary.LinkedByCreationIP.pdf:

MD5- e18bfd377c51db1312b1089b54678696
SHA512-
cd49dd1bdf0b2d289fc461f67cc1d7f0ab3a9f18830d7c312d255c9cb1929f587519b3f0dd68c28ce0
d0146d4f412e9283fac8c2df664acfee0584d4d7c48cdc

▉▉▉▉ 962148739471.AccessLogs.Activity_001.Preserved.zip:

MD5- 8e024c5bd88c199838cb18d4c7963103
SHA512-
018cc4af6086b5f9eda44432dc13811e4d3e5cdff04ff009da6820f7828a06c39f77235450a29ffb5db
9459708ca6c54bb0bef0e516f23940f19226163671290

▉▉▉▉ 962148739471.AccessLogs.Devices_001.Preserved.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

MD5- 0f8d09a2ce50dbeb2efc7c3977a268f0
SHA512-
a7e5c6f6126521d17f46b0cba57b79c8b3b2ed2997bb3b9d2522345b568f0af13940bfad0c6c2b7fc
82b387eba5c8da0d7b9ea3908d83505fe4ccbb7f184feda

962148739471.AccountActivity.Activity_001.zip:

MD5- 167c457dc150014c376af61ffe48756a
SHA512-
7def66dd5ab3f6207f96ecd73632b1dcfb9355b658ce75318e6d5dd7f4bdf3883442667a360b2efbaf
f1df65727cbb7562c539b7c38766f1dddf58d51720790c

962148739471.AccountActivity.Devices_001.zip:

MD5- b2644496bb33d4be609c4040017d2c5f
SHA512-
52f22dfefe5907cbf8c5fe9df0efa587a9cf76707d67748f498361e5c2793c523e770471a2cf767cf448
137fb5b2cac4a35973847efda06d6250e9ccb8d00c82

962148739471.GoogleAccount.SubscriberInfo_001.zip:

MD5- 14d87866ccabf96545131a8d6a30c77f
SHA512-
cc44ac1324874205c77fdf8c1c290795cbba8c7dc6d548337a34b2bab29c8b2947ea0d24cfb0fe587
9f8909a27379db4ce132b457890e013d180dedc0f7cff40

962148739471.Preserved_001.GoogleAccount.SubscriberInfo_001.zi
p:

MD5- 208e61cd6761583d53bbdad4b1c277c2
SHA512-
a0cfe36f6467cf1cd1452ef0696f6b78554051b09a6eaae41a643580226c63ec26e16a908aabe14220
8b073cbebbd41d8dbe26321fcd0e59e62d8a062a0765e5

@gmail.com-AccountsLinkedByCookies.txt:

MD5- 70222cbd963de9777ac75f45fec454d5
SHA512-
9ea04d3f28a386e612775973f608045d5453fd32cb8d36d0b655a73c22a3f051678fbdbba60a7e777
6dd56d76010bf049abeca2cf9069b6e92467828fee60965

e@gmail.com.Gmail.Headers.Preserved.mbox:

MD5- b4e5a862adeb80578b8b5580e37d6228
SHA512-

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
www.google.com

3767c58b5ad917380a9c01bcbd4d303f64361cbc0760bbff97d6ad2391d436cb94c7df8cdd825ee17
9180ba42eac75db9a4f23b5cec30a236dbd08228b3fcf13

▮▮▮▮▮▮▮▮▮▮▮▮e@gmail.com.Gmail.Headers.mbox:

MD5- d0e4b0ef6ad8556dd9e98567cfcf187f
SHA512-
894210f8ed2fdad86e0b60d97f4b195fb58ba652e26c600cdadf3dc6bf3da1245da592d9a630420d8
d78effcd3e5783b34854f840cf471c747c8e553074c47f8

▮▮▮▮▮▮▮▮▮▮▮▮@gmail.com.LinkedBySMSAndSecondary.LinkedByCreationIP.pdf:

MD5- 4143f399a02ca93d55964c4d8c8fcab1
SHA512-
6153174be9e85ffbda143351acdaedf698be30c7cde6d7d8e755f78e5268f8dbebdb62c5913908ddf3
bce94b7ab555b3294f8c1ac9d387ff7855a65cce3f403c



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

July 6, 2020

Special Agent Lisa Palmer
Department of the Treasury, IRS-CI
1999 Broadway, 27th Floor
Denver, CO 80202

          Re: ▇▇▇▇▇▇ Subpoena dated May 08, 2020 (Internal Ref. No. 3732421)
          *2019R00976*

Dear Special Agent Palmer:

          Pursuant to the ▇▇▇▇▇ Subpoena issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google Payment Corporation's ("GPC") systems that are responsive to your request. Our response is made in accordance with state and federal law.

          We understand that you have requested information regarding the Google Pay account(s), *008647988, 524676212*, as specified in the ▇▇▇▇▇ Subpoena. Accompanying this letter is responsive information to the extent reasonably accessible from our system, and a signed Certificate of Authenticity which includes a list of hash values corresponding to each file. GPC may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values.

          We understand that you have requested information regarding the Pay account(s) as specified in the attached legal process. After a diligent search and reasonable inquiry, we have found no records for any Google Pay account-holder(s) identified as *366443197, 379686218*, as specified in your request.

          To the extent any document provided herein contains information exceeding the scope of your request, protected from disclosure or otherwise not subject to production, if at all, we have redacted such information or removed such data fields.

          For a Google Custodian of Records, we will require a subpoena and confirmation from you of the time and date of the appearance, the scope of testimony, any Google Reference Number(s) associated with the case, and the travel for the appearance at least one week in advance in order to identify, make the appropriate plans for, and prepare a custodian for trial.

          Finally, we reserve the right to request reimbursement for reasonable costs incurred in processing your request.

                              Regards,

                              Danielle Lafleur
                              Google Payment Corporation



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1141

GPA...103



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

### CERTIFICATE OF AUTHENTICITY

I hereby certify:

1.     I am authorized to submit this affidavit on behalf of Google LLC ("Google"), located in Mountain View, California. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.     I am qualified to authenticate the records because I am familiar with how the records were created, managed, stored and retrieved.

3.     GPC provides an online payment processing service known as Google Pay.

4.     Attached is a true and correct copy of records pertaining to the Google Pay account-holder(s) associated with *008647988, 524676212*, with Internal Ref. No. 3732421 ("Document"). Accompanying this Certificate of Authenticity as Attachment A is a list of hash values corresponding to each file produced in response to the ▇▇▇▇▇▇▇▇.

5.     The Document is a record made and retained by GPC. GPC servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of GPC.

6.     The Document is a true duplicate of original records that were generated by GPC's electronic process or system that produces an accurate result. The accuracy of GPC's electronic process and system is regularly verified by GPC.

7.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


___/s_Danielle Lafleur_____                          Date: July 6, 2020
(Signature of Records Custodian)


     Danielle Lafleur
(Name of Records Custodian)



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

### Attachment A: Hash Values for Production Files (Internal Ref. No. 3732421)

▆▆▆▆▆@gmail.com.Billing.pdf:

MD5- 7a0d8485516abefbcd578b4c6c362959
SHA512-
8dada301b9f346dd415158905cf9f5f3b707a074f5d56f0c44c2101c0f586fa71883a501d269c16758
d7eefbb23b6c82862f27bc7fee5062b49ebf636a472e65

▆▆▆▆▆@gmail.com.CustomerInfo.pdf:

MD5- 9aa9ca457776b0724a35a3d09b542cf8
SHA512-
80c391551228558d3bcc4008cda4cbdc689d4c3f676d2e9f1c67a1d379e495a32747c4fe558201b5a
162cc013636d8f4c424d8a5107d6bcdb5d2b2a3c84856f0

▆▆▆▆▆@gmail.com.Transactions.1.csv:

MD5- c0e1803da546c820bebde890aeddf425
SHA512-
1469a6d5170cb00d89ac70cc3e760c569d650647a742fe848a90f9ca21c87eb960e8b2cccdddd62f9
4c3a1584f27cc61040f43a26f1f94e3ba15c71271cea26e

▆▆▆▆▆s@gmail.com.Transactions.2.csv:

MD5- 98ad2870730fbfb9168d78cfa3dd043e
SHA512-
b10506a44af4c6d0b8103b5546acc3aecb7f61c77370574b7e1f97badc7fd187ae4e1e658220e3880
9c647a4d203b000b46925617320ae7e9c93a24624512681

kley@me.com.Billing.pdf:

MD5- c692681608dd9745644230b01fe19d5e
SHA512-
bddfa30c9916312165251f3bc5a61f03f08310d8ba31c931f160506d4801fb0eb18069246fc86bdd0
45c131cda342b3c6bd7eae4f307eeaeabf32da2e0c895db

kley@me.com.CustomerInfo.pdf:

MD5- 9776fe733f06a149d06103144bebba20
SHA512-
31da6c2171d3e8b9b56d9365f0c80da3bc8ccb358acc681aa010ca9fd2eaab86e9c752125515fe395
70c822b05afb36729f235b2e9f9ee838dd2f9f23839e63f

kley@me.com.Transactions.1.csv:



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

MD5- 84ba52d3e3d9baef175e9baf25f17f2a
SHA512-
eb724a2866268cb422c4eba877b9f6524513669767812bd3add65f354195e2e3b3f64fdcdf8fa944ea
b66610d0b0b2afd241cf783fccd8f755e0a4ddf50ac128

kley@me.com.Transactions.2.csv:

MD5- 82a98e33ba816092cedfdb3aab367c9f
SHA512-
865fac710c59391f9734b967463a7ecea8bfb7592c5ffb31f98169ef1b783bbd71233dab534e9b769f
701282c2868359910effaadc24bc491e27dfbbe2b7e0c5

kleytew@gmail.com.Billing.pdf:

MD5- 2df3dbd5e6667f794854c54294685491
SHA512-
cc386cd20a1f67d50c0015353a388568bdbe013f23dd8084617f43d65a0aaa4984cd42f0e6e920182
639e38db42149c7662d21f891dc184b8f407966b07de5c9

kleytew@gmail.com.CustomerInfo.pdf:

MD5- 1030e90673b11c7f79552f000a053bd3
SHA512-
99d518551d0953523aa60a92c86bd2edabefbf286c75c243340ce52aaee5c8f8f77cc36843b33dc467
20ca67a7b240092710245fca89ec930810735728292b6f

kleytew@gmail.com.Transactions.1.csv:

MD5- 5fc283b20286ff394f84696fd9127c7a
SHA512-
e99fb7fd67c80d239d9977f9e2528297e800666bb573c445ea521ae31f6aaa65561f73ba50fbd5802c
ed4d2ea276c6730066139d38c4cfb805e3e26e7da4b48d

kleytew@gmail.com.Transactions.2.csv:

MD5- f9c7e0fb96b09a6114a206a3be70d575
SHA512-
8ddf3f4f1c0db9c7f0bb6be46f3a967df21303a75fa9d482b0a0f8053d4dcc2ffe3f2984e2d8a2b02d0
7194ea69b6fa0269aa22c24709f734a8d8e13606b6e1a

michael.tew@cannasys.com.Billing.pdf:

MD5- 63c8b66ec13390d0503e23cea8db5b98
SHA512-
e97ceaaba1329c8c0e58d124ded4311fd69fd03d0bb5b26ec44afba7d4c328f343f1cbcb63f69824ac



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

ee9fd202096bd9c54be7b037d0ba9ec6137229d992ccf8

michael.tew@cannasys.com.CustomerInfo.pdf:

MD5- a5eb70d497daab415f1a6133ae244169
SHA512-
7f1ff258acc39e6448208dcd96e1d3a4c8dc6b5039e28dc886ab0383b5e4ddc34f4bc9e143357c24af
ae4835e7d953a5ea55235ea2bfcfcbc8002ed88d16d486

michael.tew@cannasys.com.Transactions.1.csv:

MD5- e20964d6a1b0ede9485debc8ade48789
SHA512-
21e6d7129cb827f07ea9f80aa5eeeacd1ec01a52c2d0e723384347dde45db160cb98799e958ba6f07
4179491a48502ff9a523e6dbfff4e3f2ae66406d6509678

michael.tew@cannasys.com.Transactions.2.csv:

MD5- 3870edfd86d0c0662c61884fa95caf1e
SHA512-
b56a1d730abe1df0218e68a4f9198c9360195d5cdab5b488c051d84a32ec4e3545fda0bc2bd036b4d
9e7e3c5ed3930af367fb21a68887f0c26fdf5145195ea7f

mtew22@gmail.com.4611686019073199744.Billing.pdf:

MD5- d419b7b08e3743c008c78c3a55449ce5
SHA512-
457ab24536f2839aadc1845552ef18d7412b1d1748268a776e1c5d91d71ad8f19f95323915152984
1f77f8addf1f9426ce6ae375caab30c40aeef71e3ee6d68a

mtew22@gmail.com.4611686019073199744.CustomerInfo.pdf:

MD5- 68989dff99c784837106cdc76489a7e3
SHA512-
e8254001c15398cbc80d68b60d51bfae63e9868de6e6939fdfe2de9bdf00034107b5520a565eca901
96a33316e4c385c771066bab079639716e85426e2ef5855

mtew22@gmail.com.4611686019073199744.Transactions.1.csv:

MD5- 264eed4364e2f1c10cda5fe88d9cfe32
SHA512-
c108140ad43aa76a2e249398848804bb64c6153000c79676955bffe467ad2628aebba9e30c85341e9
df1cbf00754f70a181a8fa2a382c4b2f59439722575eb23

mtew22@gmail.com.4611686019073199744.Transactions.2.csv:



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

MD5- 09ff4e3d8ab11a6039de58e4a26a0466
SHA512-
30a0ef2aeaa49f3d3c8f67c06527adfcf3f8bc3713e826c2ab2af8357e9d46dc17faad8ad16906d497d
3c2843b0ae393f5dc1d55ff3e8e10fcd9e80033e50e1d

mtew22@gmail.com.4611686020054822966.Billing.pdf:

MD5- cbfec71141666a38ade2af3f21a6b636
SHA512-
50d4f49ba3b0f129455b657a32bf5ef2584a38a9af085b101f6617ae6fbb0d0768b0b17a23e4e2422e
05ae797bbd7c47dad383c23e1b953d4016da867e1d3d94

mtew22@gmail.com.4611686020054822966.CustomerInfo.pdf:

MD5- 3d58901cb5c82190ee63ebbf11ea90c0
SHA512-
32fc22930cb190c13934829ac617ae2a9911b6cad1c72e5985e9c94e582f477d38f8d3d0d4a7dc208
aac715f94bafae27cdaf1863de727467a6ed8c46678124c

mtew22@gmail.com.4611686020054822966.Transactions.1.csv:

MD5- f9983c59824bb770fe6c5588b14fdf13
SHA512-
2381ab19016a9e2d8de5c41b4e5672ddee711539edb9c9606a0ca7460bdb79ed56dea890e809279f
b7cd4f4adfed2d4451135251aad0dfa6fecd2b08c6e8bb95

mtew22@gmail.com.4611686020054822966.Transactions.2.csv:

MD5- 264eed4364e2f1c10cda5fe88d9cfe32
SHA512-
c108140ad43aa76a2e249398848804bb64c6153000c79676955bffe467ad2628aebba9c30c85341e9
df1cbf00754f70a181a8fa2a382c4b2f59439722575eb23

mtew926@gmail.com.Billing.pdf:

MD5- 27d6246731175abc8d8ba825e2b440c6
SHA512-
60a128189a087f974f7f7f7ceba217f542978af9f5031f1b74f5db6ab502cdfa0ebdd54ec7752214b7c
d1eda2b4f16d52ec97024f7c0a644a4392ed2afe69596

mtew926@gmail.com.CustomerInfo.pdf:

MD5- 0e3e281048d045411dcd1a6d27de7159
SHA512-
c613519d7326033b937068b1b23092ba8a9661ffcd95b137e91a6016ffb31de621eae1b1e631c83d1
34f7825502ac3288ee490803fdcf7926fbcd9eeda1c7f4e



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

mtew926@gmail.com.Transactions.1.csv:

MD5- b13d724b8edd67f3df02a70dbca60e94
SHA512-
5f8d6365f3b8e415f145e64b446d72a979547ea2041ee8825a9edfcb108bb69a85dbbd7d937c5a231
e064a6aca137c37f5d7914ae61b7bfbf7b39acdd53a7685

mtew926@gmail.com.Transactions.2.csv:

MD5- 58c0df68f1eebff657d9837fa5ffd2c3
SHA512-
77119880d0ebd841abf42c2f295d3279a041466f2b75a1fb6b096e0b4bc41f80a4aa52cae22b5766d
421b782b861a9f4bf4e4dd42cca5e0914a39087647d09b0

███████y@gmail.com.Billing.pdf:

MD5- 54352912e83b1f816798cb98fdd1b24e
SHA512-
4bce2ee6cc180dbb35222db354866bb046d806407e8e608b8be37f64bd5b4b5ad14070a1fbd62ebd
7d61d751ed8793c53366b94233cf9f1b08e6a3a84e7553f1

███████@gmail.com.CustomerInfo.pdf:

MD5- 067d172f9f3585026c46a5cbdb93226c
SHA512-
69c25f50cbaafc224ae97ab563d5d77aeeacb4c34fd1b2b6c70f34231ec54efc3786f69570edfe14985
3463a67d3a32116ff696664708e6a3248fd41c87c55a7

███████@gmail.com.Transactions.1.csv:

MD5- 12dbb5207d3b59eee3ad6403fd514d98
SHA512-
0c597eb0dccf8410a0d6e68893f44127d55996f30c5b1e2840a78ad5a8e103609ff6143e2170260d3
33cf87b5afbdf1842fd3241ec35035ca4efa3d939e4d571

███████@gmail.com.Transactions.2.csv:

MD5- 98a462ae22c7cbdb3185f96634087e06
SHA512-
ea5a180c93c5e8177524ddf7adf196abcac7f59608ae0df0e535b8bc6b1f08e1db5861e0beb3c14ba6
b4332a08a31e0c8dc6a9c11f16b30db8455da56ff6b9be

tewm802@gmail.com.Billing.pdf:

MD5- ef8d30fff108f06192e68b1831fcf0a9



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

SHA512-
fb978ee87956003790c4b0f3b37a0189dea4da1dfbf8603db9495f4a6547f37af4add2fee595a6757c
0ac6d351c7195be8c4dcc6f13a5aeb562201d707ac7da7

tewm802@gmail.com.CustomerInfo.pdf:

MD5- af9ee432206774423f42a71de766c391
SHA512-
d9399ed256b72205b8747fc58c03668c94333af679c8969d8e4a1308f7fca393e61256e80c2da91fb
105afec7bdf6b6b1582b0923032aceb255de2c32b2585c7

tewm802@gmail.com.Transactions.1.csv:

MD5- 369dc8eef46b636d89c8b89fe8f40adb
SHA512-
90969e89a6d375a34630dd8b9e729a341153cbd8a8859a1c9e4dd15d167dc46e8e128597c6b3c191
6e4db8bc3a7d32798deaab3b375f2f32d9b8c7914dc78e1d

tewm802@gmail.com.Transactions.2.csv:

MD5- 4be7f2ad56e6e785e4a77b2d59524de5
SHA512-
4921516356fa4b243badbb46ccdbc425c9b4cb840d84bf37765355a4a7b8f16fe8be7dbf200b8abd6
b22e07741a78d4560c7155a9750c5d952f7c30cba16bf56

tewmichael8@gmail.com.Billing.pdf:

MD5- f626b53c13317b20d294641a8e9b1803
SHA512-
4b287e4f8d885ecbde46761196ed400359bb28680003aaadd0d2624aa50bb1231bdbc8d57baa74cd
0bc67fbd55f2057c2ecfad3d984a568dcefdb2d1c558ccaf

tewmichael8@gmail.com.CustomerInfo.pdf:

MD5- 54ee3fe3b2612ddc20cdaf6db429604b
SHA512-
6d16714792257b6ad3ab126a51cbabe47dce5c354e0a3ef08ffb88bf5f50e2d2163773147f2828ae8f
e38bdd06a680ede66a10a4219cee659a99ea9a19f0cc5d

tewmichael8@gmail.com.Transactions.1.csv:

MD5- 6cdf3e56860e7c7a803b5f3759d6b1a4
SHA512-
e2d709f1512c0066dbb47cac258b51d800950c832db689bbe78208f0b555c2ea3e5ee4d8d974f08c9
0bb6c3027ec8a1893a7f8055e8215a777f675f817be3a2e



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

tewmichael8@gmail.com.Transactions.2.csv:

MD5- 64317d368b86eb6d6f79b49f39ddd0c3
SHA512-
4c96bf783bbe1a65ccdd7b8ebe7d4c6ebf61f33a87d12c862b6812aa0e1301e32b59655ee2e904197
80c09844e51c079e2da077bcd15100104d6f91d44a360012

@gmail.com.Billing.pdf:

MD5- 39b0db5e6dae9c74619ee62ca5715596
SHA512-
b4492c530c02766c96aa09d12d266afa98c42eea1be3740d54222092e7f2bdf8a65bef6df17e238ca2
1064b02df3d950c2be25a60f46af273502ce6bbadb8eed

@gmail.com.CustomerInfo.pdf:

MD5- 1f42faf6aaf25378225b13ab0ac188e4
SHA512-
ece263e66a3a4ac8dba5b07a537b7120f83faae1bd1fb78cbc72aa9afeda26c1a07b25d56e545c81fe4
fde1d8cdbf9da856f6231fe1d07cdb17ed032b434f043

@gmail.com.Transactions.1.csv:

MD5- b9a5f95f3085895942a4090f2050d84f
SHA512-
e1eae9b400f1f6f4681bd02051d18c0a6912556620ae920748e986be6c7ab75e97bba9304a469acf8f
d5b6ee41d814981b862b684982dfd24314f3db9d39bc76

@gmail.com.Transactions.2.csv:

MD5- b5c1772ad67d68ba2206b50c8d199523
SHA512-
ebf354c37f8ebd69a5b04202f69389bf906af6984f951339c3d898fb4c08df3e12877b981b12915e7f
157e80f2d5001f47f75536bad98d48378e7d86c71c021c

n@gmail.com.Billing.pdf:

MD5- 903e147638b892ceb8139c849ecae9dd
SHA512-
9ed829681f40f1af196e3eeab2866b5026da6168c11fe83838caf81235b227fe91e28951e428ccc257
f0836c1ba00ee1bc9f74c2c9dbf2a7dba26c3e09e9450d

@gmail.com.CustomerInfo.pdf:

MD5- 29cd84eb2af3d42cd8d53f107c0bb46a
SHA512-



Google Payment Corporation
1600 Amphitheatre Parkway
Mountain View, California 94043

googlepayments@google.com

91fa1486ff0e4c87539aa475c2de9fdc7146ad19d47b788901fbc6ca6b0093423c977b74ec0d29450
559efbdaa2e37bc8946ced495ec2aa0a24ca3832cf73def

_____@gmail.com.Transactions.1.csv:

MD5- 22a98e0e7ce970a7b12697acd9da0df4
SHA512-
23dfa0dfdef295300da41dc815310ee35a317b75e1d019860a4db7d656bd6d14b0fdd45b960c83bc1
10bec41045fdee78af5f8116fe0056357972ef768f9d2db

_____@gmail.com.Transactions.2.csv:

MD5- cb79f200e219c95908a163ed1947591e
SHA512-
7da7dbb2bc59f53b8f9adbea9983b70a3f2e45259887da4c62a62a7a817b8dd5e3a44e6466add2458
a23b0ede3d63a1eb8820cd2f16a8f4b87ad4344fa7cf73c

vtleycap@gmail.com.Billing.pdf:

MD5- 74792ad32da6907f83543bb73c830caf
SHA512-
a5ce09ad8921ad9a56c441960a3fbe851b6cdee264caed1a8b2ec92bebe83edc85ac5d490d2002805
79fd6c2848cf490da7a490939083759e5a6741cf5639eca

vtleycap@gmail.com.CustomerInfo.pdf:

MD5- fb13ca88e1755bccee746ed07f6b850a
SHA512-
2ac6c80cc8469ded3fab41040bf72955cc60e0f6be22a532cdc32cd6eac9488adaf70686ae6d925d4e
98f14a1e036cc8ee2b732935f0340ccf3b3be319ffecc5

vtleycap@gmail.com.Transactions.1.csv:

MD5- 1649baec567bd1af69b4930bd81ea7c0
SHA512-
226add9b4021a8795c7a6187c8fe915be920765785079d563b6121e0405b8f4aaa5d390abc4c2530
423bf1d7808c2546a55fa52e14845d413887375319ba1777

vtleycap@gmail.com.Transactions.2.csv:

MD5- a0f5995590a779e1bb027ea16c668d41
SHA512-
ac1d9fe5d7df1ca7398d1dbd3300097e4e0b3846a60176a74ccb48fba4c1597166c9d9fbbcf34a9972
9a468fe15aac88af360026a804203fde035fe528af00a9

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

Pursuant to Federal Rules of Evidence 803(6) and 902(11) regarding certified
domestic records of regularly conducted activity, I hereby certify:

1. I am employed by ___Independent Bank___ ("the
   Business") and my official title is _Vice President Compliance_ I am a person
   designated by the Business as a custodian of records with the authority to make this
   certificate.

2. I state that each of the records attached hereto is the original record, or a true
   duplicate of the original record, in the custody of the Business, and that I am the
   custodian of the attached records, consisting of _70_ total pages.

3. I further certify that all records attached to this certificate were made at or near the
   time of the occurrence of the matters set forth, by or from information transmitted
   by, a person with knowledge of those matters.

4. I further certify that that all records attached to this certificate were kept in the
   course of the regularly conducted activity of the Business.

5. I further certify that it is the regular practice of the Business to make and retain
   each record attached to this certificate.

6. I further state that this certificate is intended to satisfy the requirements of Rule
   902(11) of the FEDERAL RULES OF EVIDENCE.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is
true and correct.

Date: _08/31/2020_

_Donna W Walker_ (signature)
Signature

_Donna M Walker_
Print Name

GUAR

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1105
1113

## DECLARATION FOR RECORDS OF REGULARLY
## CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0388

Company Name:     Payward Ventures, Inc.

I, ____David Kirk_____, declare that I am/was employed by Payward Ventures, Inc.
and am/~~was a duly authorized custodian of records or am~~ otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

Know Your Customer (KYC), account and transaction data

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
   information transmitted by--a person with knowledge;

B. Kept in the course of the entity's regularly conducted activity; and

C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

*David Kirk*                                    David Kirk

Signature                                        Printed name

Date: _____June 17, 2020_____

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1106

KRKN

# DECLARATION CONCERNING AUTHENTICITY OF RECORDS

I, _Jesse Stone_ ,

(print declarant's name)

hereby declare under penalty of perjury that the following statements are true and correct:

1.    I am personally familiar with the representations made in this declaration because I am/was the custodian or other qualified person of the records.

2.    The following items have been provided from the records of McDonald Automotive Group, (the "Listed Entity"). The records I am certifying are described as follows:

| Description of Record(s) |
| --- |
| 44-page PDF file stamped AUDI_00000001 – AUDI_00000044 |

3.    I hereby certify that the items described above are either original records or true copies of records of the Listed Entity that were:

a.    made at or near the time of the occurrence of the matters set forth in the records;

b.    made by a person with knowledge of the matters set forth in the records, or from information transmitted by a person with knowledge of the matters; and

c.    kept in the course of the regular business activity of the Listed Entity.

4.    I certify that it was the regular practice of the Listed Entity to make and keep such records.

Sworn to this ___5th___ day of ___January___ , 2024.

(day)          (month)

Declarant's Signature: _____

Declarant's Name Printed: _Jesse Stone_

Declarant's Work Address: _6000 S Broadway_
_Littleton, Co    80121_

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1131

AUDI 1115

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, Ronald Brodfuehrer, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.

From the relevant time period (of approximately June 2018 through July 2020), I was employed by National Air Cargo, Inc. (hereinafter "the entity"), and my title was Information Technology Director. Beginning on or around June 2020, I participated in retrieving the records from National Air Cargo, Inc., now Bates stamped NAC_E_00000001 through NAC_E_00204514, in response to a legal demand from federal authorities.

I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records Bates stamped NAC_E_00000001 through NAC_E_00204514 are true duplicates of the original records in the custody of the entity.

I further state that:

a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the entity, and they were made by the entity as a regular practice; and

b.    such records were generated by the entity's electronic process or system that produces an accurate result, to wit:

1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the original

1



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1130

records; and

        2.      the process or system is regularly verified by the entity, and at all times

pertinent to the records certified here the process and system functioned properly and normally.

      I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of

the Federal Rules of Evidence.

   1/13/24
   Date                            Signature

2

### CERTIFICATE OF AUTHENTICITY OF
### DOMESTIC RECORDS PURSUANT TO
### FEDERAL RULES OF EVIDENCE 902(11) AND
### 902(13)

I, Abby Schwartz, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.

From the relevant time period (of approximately June 2018 through July 2020), I was employed by National Air Cargo, Inc. (hereinafter "the entity"), and my title was _Director of Accounting._ Beginning on or around July 2020, I participated in retrieving the records from National Air Cargo, Inc., now Bates stamped with the prefix "NAC_", in response to legal demands from federal authorities.

I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.

I state that the records Bates stamped **NAC_00000001 through NAC_00000977**\* are true duplicates of the original records in the custody of the entity.

I further state that:

a.      all records Bates stamped **NAC_00000001 through NAC_00000977** were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the entity, and they were made by the entity as a regular practice; and

b.      such records were generated by the entity's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or

**GOVERNMENT
EXHIBIT**
20-cr-00305-DDD
**1134**118

NA

file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the original records; and

    2.    the process or system is regularly verified by the entity, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

1/24/24

Date          Signature

* The sole exception in this Bates range is NAC_00000184-185, which are screenshots of my personal bank account information, and appear to have been included in the production accidentally. This certification expressly does not apply to that two-page document.

2

---

**DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

Subpoena #: 19-1646

Company Name:

I, _Paul Fluerad_ , declare that I am/was employed by _Navy Federal Credit Union_ and am/was a duly authorized custodian of records or am otherwise qualified to speak about these records produced in response to the subpoena referenced above. These records are further described as: (Please describe records with as much specificity as possible below or on an attached sheet.)

_BANK RECORDS_

I am familiar with the mode of preparation of these records. I certify that these records are true copies of records of the entity listed above and that these records were:

- A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from information transmitted by--a person with knowledge;

- B. Kept in the course of the entity's regularly conducted activity; and

- C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

_[signature]_
Signature

_Paul Fluerad_
Printed name

Date: _01/27/20_



GOVERNMENT EXHIBIT
20-cr-00305-DDD
1107

NAVY



In reply refer to:

## CERTIFICATION STATEMENT

The undersigned is a duly authorized custodian of records of NAVY FEDERAL CREDIT
UNION and has the authority to certify said records. The enclosed is a true copy of all the
records described in the Subpoena / Customer Consent / Authorization Form. Said records were
prepared by the custodian or the personnel of NAVY FEDERAL CREDIT UNION in the
ordinary course of business and were prepared from records which were themselves prepared at
or near the time of the act, condition or event.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this day _____ January 27 _____, 2020 in the County of Fairfax, State of
Virginia.

BY: _____
_(Signature)_

Paul Flugrad
_(Print or Type)_

Subscribed and sworn to before me on this ___27th___ day of ___January___, 2020.

My commission expires: ___December 31, 2020___.

_____
_(Notary Public)_

ATHENA BRITTNEY LOUIE
Notary Public
Commonwealth of Virginia
My Commission Expires December 31, 2020
Commission ID# 7694059

PO Box 3000  Merrifield VA  22119-3000

## DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0605

Company Name:

I, Paul Flugrad , declare that I am/was employed by Navy Federal Credit Union
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

Bank Records

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
information transmitted by--a person with knowledge;

B. Kept in the course of the entity's regularly conducted activity; and

C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

*Paul Flugrad*

Signature

Paul Flugrad

Printed name

Date: July 14, 2020

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1128

NA

## CERTIFICATION STATEMENT

The undersigned is a duly authorized custodian of records of NAVY FEDERAL CREDIT
UNION and has the authority to certify said records. The enclosed is a true copy of all the
records described in the Subpoena / Customer Consent / Authorization Form. Said records were
prepared by the custodian or the personnel of NAVY FEDERAL CREDIT UNION in the
ordinary course of business and were prepared from records which were themselves prepared at
or near the time of the act, condition or event.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this day _____ July 14 _____, 2020 in the County of Fairfax, State of
Virginia.

BY: _____ *Paul Flugrad*_____
*(Signature)*

_____ Paul Flugrad _____
*(Print or Type)*

Subscribed and sworn to before me on this _____ day of _____, 2020.
My commission expires: _December 31, 2020_

_____
*(Notary Public)*

ATHENA BRITTNEY LOUIE
Notary Public
Commonwealth of Virginia
My Commission Expires December 31, 2020
Commission ID# 7694059

# DECLARATION CONCERNING AUTHENTICITY OF RECORDS

I, _____ Charles P Gardiner _____ ,
(print declarant's name)
hereby declare under penalty of perjury that the following statements are true and correct:

    1.    I am personally familiar with the representations made in this declaration because I am/was the custodian or other qualified person of the records.

    2.    The following items have been provided from the records of Navy Federal Credit Union, (the "Listed Entity"). The records I am certifying are described as follows:

| **Description of Record(s)** |
| --- |
| 33 page-PDF file comprising photographs marks as Government Exhibits 395 through 427. |

    3.    I hereby certify that the items described above are either original records or true copies of records of the Listed Entity that were:

        a.    made at or near the time of the occurrence of the matters set forth in the records;

        b.    made by a person with knowledge of the matters set forth in the records, or from information transmitted by a person with knowledge of the matters; and

        c.    kept in the course of the regular business activity of the Listed Entity.

    4.    I certify that it was the regular practice of the Listed Entity to make and keep such records.

Sworn to this __23__ day of ___JANUARY___ , 2024.
(day)        (month)

Declarant's Signature: _____

Declarant's Name Printed:    CHARLES P GARDINER

Declarant's Work Address:    5510 Heritage Oaks Dr
Pensacola FL 32526

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1139
NAV...124

DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0282

Company Name: *DigitalMint*

I, Seth Sattler, declare that I am/was employed by Red Leaf Chicago, LLC dba DigitalMint and am/was a duly authorized custodian of records or am otherwise qualified to speak about these records produced in response to the subpoena referenced above. These records are further described as: (Please describe records with as much specificity as possible below or on an attached sheet.)

DigitalMint is providing a complete and accurate export of all transactions conducted by Michael and Kimberly Tew, with the time of the transaction, amount of cash collected, and bitcoin wallet provided. Please note the times are in UTC time. Additionally, DigitalMint is providing a photo of the customer taken at the time of each stated transaction. Additionally, screenshots of DigitalMint's internal customer management software are included which show all summary and KYC information related to the customer. Finally, DigitalMint has provided all email correspondence with the customer, including documents provided as follow up to such correspondence"

I am familiar with the mode of preparation of these records. I certify that these records are true copies of records of the entity listed above and that these records were:

A.  Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from information transmitted by--a person with knowledge;

B.  Kept in the course of the entity's regularly conducted activity; and

C.  Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

Signature

Seth Sattler, BSA Officer
Printed name

Date: April 3rd, 2020

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1132

DGMT

---

## DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0613

Company Name:    DigitalMint

I,    Seth Sattler         , declare that I am/was employed by    DigitalMint
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

- The current on file identification and KYC for Michael and Kimberly Tew. Screenshots of BTM and OTC platform profiles

-The identity verification conducted by DigitalMint for Michael and Kimberly Tew

- A summary of the relationship history showing total transaction volume

-A screenshot of the transaction records conducted on the joint profile for Kimberly and Michael Tew. Records in UTC time

- A .csv file for the aforementioned transaction records, providing additional TX details. Records are in UTC time zone.

- A folder containing all ATM photos taken at the time of the aforementioned transactions

-A conversation between DigitalMint and Mr. Tew regarding DigitalMint's OTC Platform. This platform has not been used for any transactions.

-Conversation records between Mr. Tew and DigitalMint staff regarding transaction status.

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
information transmitted by--a person with knowledge;

B. Kept in the course of the entity's regularly conducted activity; and

C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

Signature

Seth Sattler

Printed name

Date:    07/09/2020


GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1153
DGMT    1126



**Regions Bank**
Legal Department
1900 5ᵗʰ Avenue North
23ʳᵈ Floor
Birmingham, AL 35203

IN THE MATTER OF

**Michael Meyers, Meyers Consulting Group, Michael Tew, Kimber
United States District Court, District of Colorado
20-1239**

## Certificate of Origin and Authenticity

The attached records, identified within the requested timeframe of 01/01/2018 to 12/28/2020, are described as follows:

Michael Meyers Wire Transfer Reoport.pdf - DA-258904514-Wire Transfer Report
Michael Meyers-12-02-2018-Online Application.pdf - Michael Meyers-12-02-2018-Online Application
Michael Meyers Mobile Sign On Information.pdf - Michael Meyers Mobile Sign On Information
Michael Meyers Access Signature History.docx - Michael Meyers Mobile Access Signature History.
Somer Meyers Mobile Sign On Information-1.pdf - Somer Meyers Mobile Sign On Information
Somer Meyers-Access Signature History.docx - Somer Meyers Mobile Access Signature History
VC-410064021100250-Application.pdf - VC-410064021100250-Application
VC-410064021100250-Statements.pdf - VC-410064021100250-Statements
Now Prepaid Card Statements-4355410501644375.pdf - Now Prepaid Card Statements-4355410501644375
Now Prepaid Card Transactions-4355410501644375.pdf - Now Prepaid Card Transactions-4355410501644375
IL-9004998598-Statements.pdf - IL-9004998598-Statements
IL-9004998598-Opening Account Documents.pdf - IL-9004998598-Opening Account Documents
TD-262634976-Signature Card.pdf - TD-262634976-Signature Card
TD-262634976-Checks, Deposits, Withdrawals.pdf - TD-262634976-Checks, Deposits, Withdrawals
TD-262634976-Statements.pdf - TD-262634976-Statements
TD-260431091-Statements.pdf - TD-260431091-Statements
TD-260431091-Checks, Deposits, Withdrawals.pdf - TD-260431091-Checks, Deposits, Withdrawals
TD-260431091-Signature Card.pdf - TD-260431091-Signature Card
DA-258904514-Statements.pdf - DA-258904514-Statements
DA-258904514-Signature Card.pdf - DA-258904514-Signature Card
DA-258904514-Checks, Deposits, Withdrawals.pdf - DA-258904514-Checks, Deposits, Withdrawals

Regions Bank ("Regions"), regularly creates and maintains statements of account for accounts reflected on its records. Those statements are maintained and stored in computerized form. Checks, deposits and other items documenting specific transactions within the individual deposit accounts reflected on Regions' records are maintained in electronic format or copied onto microfilm and maintained and stored in that format. Signature cards, account maintenance documents, correspondence and other documents as Regions may from time to time collect relating to the accounts reflected on Regions' records are maintained and stored in microfilm, original paper form, electronically or some combination thereof. Together, each of the computerized statements of account, microfiche copies and paper records regarding accounts reflected on Regions' records constitute original entries into Regions' business records. Those entries are made by employees of Regions Bank in the regular and usual course of Regions' trade or business and in the regular and usual course of their duties with respect thereto.

Correspondence, credit, collateral, and other general files consist of memoranda or records of acts, transactions, occurrences, or events related to the business of Regions Bank. Such records are made by employees of Regions Bank in the regular and usual course of Regions' trade or business and in the regular and usual course of their duties with respect thereto. Such records are made at the time of such acts, transactions, occurrences, or events, or within a reasonable time thereafter.

It is the regular and usual course of the business of Regions Bank to maintain copies of all items enclosed herewith, in and as a part of Regions' business records. I am one of the persons designated to initiate and supervise searches of Regions' records for the purpose of making responses to legal process. The search has been diligent and the records enclosed are believed to be complete and to comply with the subpoena. They are true and accurate copies of the papers and records in the bank's files.

*Kelly Criswell*

Kelly Criswell
Legal Processing Section

SUB-022133

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1111
REG            11127

## DECLARATION FOR RECORDS OF REGULARLY
## CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0389

Company Name:

I, David Breland , declare that I am/was employed by Simple Finance Technology Corp
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

checking account records

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
   information transmitted by--a person with knowledge;

B. Kept in the course of the entity's regularly conducted activity; and

C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

David Breland                          David Breland

Signature                              Printed name

Date: 6/2/2020

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1112

SFT

## DECLARATION OF Karen Baboolal CERTIFYING RECORDS
## OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Re:                        Subpoena No. 20-1250
       USAO No. 2019R00976

Please note that while the Subpoena was issued to Signature Bank ("Signature"), Signature was closed on March 12, 2023 by the New York State Department of Financial Services, and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver. The FDIC established Signature Bridge Bank, N.A. ("Bridge Bank"), and on March 20, 2023, Flagstar Bank, N.A. acquired certain assets and assumed certain liabilities of the Bridge Bank. Signature is now known as Flagstar.

I, the undersigned, Karen Baboolal, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by Flagstar Bank, N.A. as a Team Leader in the Legal Processing Department, and by reason of my position am authorized and qualified to make this declaration. I am a custodian of records and I am familiar with the company's systems.

I further certify that the documents sent via Proofpoint and bearing Bates numbers **Signature Bank 001** to **Signature Bank 4071** are true copies of records that were:

(a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

(b) kept in the course of regularly conducted business activity; and

(c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 5, 2023.


                    */s/ Karen Baboolal*

                    Karen Baboolal



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1113

DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0861

Company Name:

I, Miriam Nachison declare that I am/was employed by Vcorp Services, LLC
and am/was a duly authorized custodian of records or am otherwise qualified to speak about
these records produced in response to the subpoena referenced above. These records are further
described as: (Please describe records with as much specificity as possible below or on an
attached sheet.)

- email correspondence
- formation docs
- Invoices/payments
Please note we only hold records for 5 years, but
we are sending anything we have in our system.

I am familiar with the mode of preparation of these records. I certify that these records are true
copies of records of the entity listed above and that these records were:

A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from
information transmitted by--a person with knowledge;

B. Kept in the course of the entity's regularly conducted activity; and

C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

_____           Mirta M Nachison
Signature                                  Printed name

Date: _____9/16/20_____

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1118

VCORP



VERIZON SECURITY COURT ORDER COMPLIANCE
180 WASHINGTON VALLEY ROAD
BEDMINSTER, NJ 07921
Phone: 800-451-5242 Fax:888-667-0026

July 13, 2020

Federal Bureau of Investigations
8000 East 36th Avenue, Denver, CO 80238

**Verizon Case #:** 200168519

State of New Jersey

ss:

City of Bedminster

I, Aniket Chauhan, being duly sworn, depose and say:

1. I am the custodian of records for Verizon, and in that capacity, I certify that the attached [ ] electronic files of records are true and accurate copies of the records created from the information maintained by Verizon in the actual course of business
2. It is Verizon's ordinary practice to maintain such records, and that said records were made contemporaneously with the transaction and events stated therein, or within a reasonable time thereafter.

/s/ Aniket Chauhan



ORD



Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: (480)724-2000

## BUSINESS RECORDS DECLARATION

I, Dan Ashley, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order. Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced. I certify that the attached records:

A) Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records; and

B) It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C) The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 23844152

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---|---|
| Signature Cards | XXXXXX8630 | 1 | 1 |
| Wire Automated | XXXXXX5344 | 22 | 22 |
| Deposits with offsets | XXXXXX1230 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Statements | XXXXXX6934 | 60 | 60 |
| Application | XXXXXXXXXX0001 | 5 | 5 |
| Wire Automated | XXXXXX6934 | 76 | 76 |
| Checks/Debits | XXXXXX4615 | 0 | 0 |
| No records found with the information provided | | | |
| Checks/Debits | XXXXXX2064 | 13 | 13 |
| Checks/Debits | XXXXXX1395 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Checks/Debits | XXXXXX6934 | 43 | 43 |
| Signature Cards | XXXXXX4615 | 1 | 1 |
| Signature Cards | XXXXXX1230 | 2 | 2 |
| Checks/Debits | XXXXXX5344 | 1 | 1 |
| Financial Statements | XXXXXXXXXX0001 | 0 | 0 |
| Unable to locate Financial Statements for the time frame requested. | | | |
| Signature Cards | XXXXXX1395 | 2 | 2 |
| Credit Card Statements | XXXXXXXXXXXX4982 | 74 | 74 |

Case No: 23844152; Agency Case No: Not Provided

1 of 3



GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1119

WFB

| | | | |
|---|---|---|---|
| Statements | XXXXXX1395 | 27 | 27 |
| Statements | XXXXXX2064 | 38 | 38 |
| Wire Automated | XXXXXX1395 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Statements | XXXXXX1230 | 12 | 12 |
| PMA Statements for this account are also combined with account(s) XXXXXX1395 for the time period you have requested.(ACCT TYPE : PMA) | | | |
| Deposits with offsets | XXXXXX2064 | 8 | 8 |
| Wire Automated | XXXXXX1230 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Deposits with offsets | XXXXXX4615 | 0 | 0 |
| No records found with the information provided | | | |
| Deposits with offsets | XXXXXX1395 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Deposits with offsets | XXXXXX6934 | 62 | 62 |
| Deposits with offsets | XXXXXX8630 | 0 | 0 |
| No records found with the information provided | | | |
| Signature Cards | XXXXXX2064 | 4 | 4 |
| Wire Automated | XXXXXX8630 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Credit Card Statements | XXXXXXXXXXXX0142 | 114 | 114 |
| Wire Automated | XXXXXX4615 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Statements | XXXXXX5344 | 76 | 76 |
| PMA Statements for this account are also combined with account(s) XXXXXX1395 for the time period you have requested.(ACCT TYPE : PMA) | | | |
| Signature Cards | XXXXXX5344 | 2 | 2 |
| Checks/Debits | XXXXXX1230 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Statements | XXXXXX8630 | 62 | 62 |
| Statements | XXXXXX4615 | 11 | 11 |

Case No: 23844152; Agency Case No: Not Provided

WFB_00000443

| PMA Statements for this account are also combined with account(s) XXXXXX8630 for the time period you have requested.(ACCT TYPE : PMA) | | | |
|---|---|---|---|
| Wire Automated | XXXXXX2064 | 30 | 30 |
| Signature Cards | XXXXXX6934 | 4 | 4 |
| Checks/Debits | XXXXXX8630 | 0 | 0 |
| No records found with the information provided | | | |
| Deposits with offsets | XXXXXX5344 | 59 | 59 |
| | | Total Copies Delivered: | 809 |

Additional comments: Unable to provide credit card application, due to electronic format.

## Additional comments:

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of Colorado that the foregoing is true and correct according to my knowledge and belief. Executed on this 4th day of August, 2020, in the City of Tempe, State of ARIZONA.

*Dan Ashley*

Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons: Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s). If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.

Case No: 23844152; Agency Case No: Not Provided

WFB_00000446

**WELLS FARGO**

Summons and Subpoenas Department
PO Box 29728 S4001-01F
Phoenix, AZ 85038
Voice: (480)724-2000

## BUSINESS RECORDS DECLARATION

I, Anuradha Ramaswamy, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order. Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced. I certify that the attached records:

A) Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records; and

B) It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C) The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 23855136

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---|---|
| Signature Cards | XXXXXX1395 | 2 | 2 |
| Checks/Debits | XXXXXX6934 | 43 | 43 |
| Wire Automated | XXXXXX9973 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Deposits with offsets | XXXXXX0093 | 0 | 0 |
| No records found with the information provided | | | |
| Signature Cards | XXXXXX9973 | 3 | 3 |
| Checks/Debits | XXXXXX0093 | 0 | 0 |
| No records found with the information provided | | | |
| Statements | XXXXXX0093 | 0 | 0 |
| Statements are combined with account number #5298939157. | | | |
| Certified Checks | XXXXXX8888 | 0 | 0 |
| Unable to locate Certified Checks over $500.00 for the time frame requested. | | | |
| Statements | XXXXXX1230 | 22 | 22 |
| Wire Automated | XXXXXX2064 | 30 | 30 |
| Wire Automated | XXXXXX4743 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Checks/Debits | XXXXXX4615 | 0 | 0 |
| No records found with the information provided | | | |

Case No: 23855136; Agency Case No: 2019R00976200594

1 of 5



GOVERNMENT EXHIBIT
20-cr-00305-DDD
**1120**

WFB

| | | | |
|---|---|---|---|
| TCP/IP Address | XXXXXX1230 | 203 | 203 |
| Statements | XXXXXX8888 | 3 | 3 |
| Statements | XXXXXX5344 | 76 | 76 |
| PMA Statements for this account are also combined with account(s) XXXXXX1230 for the time period you have requested.(ACCT TYPE : PMA) | | | |
| Checks/Debits | XXXXXX8888 | 0 | 0 |
| No records found with the information provided | | | |
| Certified Checks | XXXXXX9902 | 0 | 0 |
| Unable to locate Certified Checks over $500.00 for the time frame requested. | | | |
| Statements | XXXXXX4701 | 3 | 3 |
| Signature Cards | XXXXXX5683 | 5 | 5 |
| Deposits with offsets | XXXXXX1395 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Credit Card Statements | XXXXXXXXXXXX0142 | 288 | 288 |
| Checks/Debits | XXXXXX1395 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Deposits with offsets | XXXXXX9973 | 0 | 0 |
| No records found with the information provided | | | |
| Statements | XXXXXX9973 | 2 | 2 |
| Certified Checks | XXXXXX8630 | 0 | 0 |
| Unable to locate Certified Checks over $500.00 for the time frame requested. | | | |
| Deposits with offsets | XXXXXX8630 | 0 | 0 |
| No records found with the information provided | | | |
| Statements | XXXXXX2064 | 38 | 38 |
| Deposits with offsets | XXXXXX9157 | 15 | 15 |
| Wire Automated | XXXXXX6934 | 76 | 76 |
| Deposits with offsets | XXXXXX8888 | 0 | 0 |
| No records found with the information provided | | | |
| Checks/Debits | XXXXXX9973 | 0 | 0 |
| No records found with the information provided | | | |
| Signature Cards | XXXXXX0093 | 11 | 11 |
| Statements | XXXXXX9157 | 30 | 30 |
| Statements | XXXXXX8630 | 415 | 415 |
| Signature Cards | XXXXXX5344 | 2 | 2 |

Case No: 23855136; Agency Case No: 2019R00976200594

WFB_00001055

| | | | |
|---|---|---|---|
| Wire Automated | XXXXXX5344 | 22 | 22 |
| Signature Cards | XXXXXX4701 | 4 | 4 |
| Signature Cards | XXXXXX4743 | 4 | 4 |
| Deposits with offsets | XXXXXX5683 | 0 | 0 |
| No records found with the information provided | | | |
| Checks/Debits | XXXXXX5683 | 0 | 0 |
| No records found with the information provided | | | |
| Wire Automated | XXXXXX8888 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Signature Cards | XXXXXX4615 | 1 | 1 |
| Certified Checks | XXXXXX9973 | 0 | 0 |
| Unable to locate any certified checks for the time frame requested. | | | |
| Deposits with offsets | XXXXXX1230 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |
| Checks/Debits | XXXXXX9157 | 15 | 15 |
| Statements | XXXXXX4615 | 36 | 36 |
| PMA Statements for this account are also combined with account(s) XXXXXX8630 for the time period you have requested.(ACCT TYPE : PMA) | | | |
| Deposits with offsets | XXXXXX4743 | 0 | 0 |
| No records found with the information provided | | | |
| Checks/Debits | XXXXXX9902 | 0 | 0 |
| No records found with the information provided | | | |
| Deposits with offsets | XXXXXX4615 | 0 | 0 |
| No records found with the information provided | | | |
| Wire Automated | XXXXXX1395 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Signature Cards | XXXXXX6934 | 4 | 4 |
| Certified Checks | XXXXXX5683 | 0 | 0 |
| Unable to locate Certified Checks over $500.00 for the time frame requested. | | | |
| Deposits with offsets | XXXXXX5344 | 59 | 59 |
| TCP/IP Address | XXXXXX4615 | 203 | 203 |
| Certified Checks | XXXXXX1395 | 0 | 0 |
| Unable to locate Certified Checks over $500.00 for the time frame requested. | | | |

Case No: 23855136; Agency Case No: 2019R00976200594

WFB_00001056

| | | | |
|---|---|---|---|
| Wire Automated | XXXXXX4701 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Credit Card Statements | XXXXXXXXXXXX4982 | 74 | 74 |
| Wire Automated | XXXXXX5683 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Deposits with offsets | XXXXXX4701 | 0 | 0 |
| No records found with the information provided | | | |
| Deposits with offsets | XXXXXX2064 | 8 | 8 |
| Statements | XXXXXX1395 | 17 | 17 |
| PMA Statements for this account are also combined with account(s) XXXXXX1230 for the time period you have requested.(ACCT TYPE : PMA) | | | |
| Wire Automated | XXXXXX0093 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Checks/Debits | XXXXXX5344 | 1 | 1 |
| Statements | XXXXXX9902 | 0 | 0 |
| Statements are combined with account number #6316905683. | | | |
| Checks/Debits | XXXXXX8630 | 0 | 0 |
| No records found with the information provided | | | |
| Wire Automated | XXXXXX9157 | 9 | 9 |
| Wire Automated | XXXXXX9902 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Deposits with offsets | XXXXXX9902 | 0 | 0 |
| No records found with the information provided | | | |
| Certified Checks | XXXXXX5344 | 0 | 0 |
| Unable to locate Certified Checks over $500.00 for the time frame requested. | | | |
| Signature Cards | XXXXXX1230 | 2 | 2 |
| Signature Cards | XXXXXX8630 | 1 | 1 |
| Wire Automated | XXXXXX1230 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Checks/Debits | XXXXXX4701 | 0 | 0 |
| No records found with the information provided | | | |
| Checks/Debits | XXXXXX4743 | 0 | 0 |
| No records found with the information provided | | | |
| Statements | XXXXXX4743 | 3 | 3 |

Case No: 23855136; Agency Case No: 2019R00976200594

WFB_00001057

| | | | |
|---|---|---|---|
| Signature Cards | XXXXXX9902 | 5 | 5 |
| Wire Automated | XXXXXX8630 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Signature Cards | XXXXXX8888 | 3 | 3 |
| Deposits with offsets | XXXXXX6934 | 62 | 62 |
| Signature Cards | XXXXXX2064 | 4 | 4 |
| Statements | XXXXXX5683 | 3 | 3 |
| Signature Cards | XXXXXX9157 | 11 | 11 |
| Statements | XXXXXX6934 | 60 | 60 |
| Wire Automated | XXXXXX4615 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| TCP/IP Address | XXXXXX8888 | 140 | 140 |
| Checks/Debits | XXXXXX2064 | 13 | 13 |
| Checks/Debits | XXXXXX1230 | 0 | 0 |
| All transactions requested are electronic and no images are available | | | |

Total Copies Delivered:    2,031

Additional comments: Negotiated time frame from 7/7/2013 to 7/7/2020. Unable to locate any credit card applications for accounts #4465420390640142 and #4465420502494982 as t was electronic.

**Additional comments:**

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of Colorado that the foregoing is true and correct according to my knowledge and belief. Executed on this 6th day of August, 2020, in the City of Tempe, State of ARIZONA.

*R. Anusadle*

Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons: Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s). If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.

Case No: 23855136; Agency Case No: 2019R00976200594

WFB_00001059

DECLARATION FOR RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY

Subpoena #: 20-0625

Company Name: Wynn Las Vegas

I, ___Jessica Lozoya___, declare that I am/was employed by ___Wynn Las Vegas___ and am/was a duly authorized custodian of records or am otherwise qualified to speak about these records produced in response to the subpoena referenced above. These records are further described as: (Please describe records with as much specificity as possible below or on an attached sheet.)

Gaming & Hotel

I am familiar with the mode of preparation of these records. I certify that these records are true copies of records of the entity listed above and that these records were:

A. Made at or near the time of the act, event, condition, opinion, or diagnosis by--or from information transmitted by--a person with knowledge;

B. Kept in the course of the entity's regularly conducted activity; and

C. Made as a regular practice of that activity.

I declare under penalty of perjury that the foregoing is true and correct.

Signature

___Jessica Lozoya___
Printed name

Date: ___07/17/20___

GOVERNMENT
EXHIBIT
20-cr-00305-DDD
1121

WYNN  1140

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Case No.  20-cr-00305-DDD

Case Title:  United States of America v. Tew et al.

**GOVERNMENT'S PRELIMINARY EXHIBIT LIST**

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 1 | INTENTIONALLY LEFT BLANK | | | |
| 2 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 08.01.2018-08.31.2018 | SIG_00000005 | SIG_00000011 | SIG_00006978 |
| 3 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 10.01.2018-10.31.2018 | SIG_00000018 | SIG_00000023 | SIG_00006978 |
| 4 | INTENTIONALLY LEFT BLANK | | | |
| 5 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 11.01.2018-11.30.2018 | SIG_00000024 | SIG_00000029 | SIG_00006978 |
| 6 | INTENTIONALLY LEFT BLANK | | | |
| 7 | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 12.01.2018-12.31.2018 | SIG_00000030 | SIG_00000035 | SIG_00006978 |
| 8 | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.07.2019 | NAC_00000303 | | NAC_00000978-NAC_00000979 |
| 9 | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.19.2019 | NAC_00000304 | | NAC_00000978-NAC_00000979 |
| 10 | Signature Bank ACH Transaction re $38,000 to [PM], dated 03.28.2019 | NAC_00000309 | | NAC_00000978-NAC_00000979 |
| 11 | Signature Bank ACH Transaction re $11,250 to [PM], dated 04.03.2019 | NAC_00000310 | | NAC_00000978-NAC_00000979 |
| 12 | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 07.23.2019 | NAC_00000157 | | NAC_00000978-NAC_00000979 |
| 13 | Signature Bank ACH Transaction re $31,500 to SHI LLC, dated 08.06.2019 | NAC_00000161 | | NAC_00000978-NAC_00000979 |
| 14 | Signature Bank ACH Transaction re $9,500 to Global Fuel Logistics, dated 08.19.2019 | NAC_00000165 | | NAC_00000978-NAC_00000979 |
| 15 | Signature Bank ACH Transaction re $28,000 to SHI LLC, dated 08.21.2019 | NAC_00000166 | | NAC_00000978-NAC_00000979 |
| 16 | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 09.03.2019 | NAC_00000169 | | NAC_00000978-NAC_00000979 |
| 17 | Signature Bank ACH Transaction re $18,000 to SHI LLC, dated 09.09.2019 | NAC_00000191 | | NAC_00000978-NAC_00000979 |
| 18 | Signature Bank ACH Transaction re $33,500 to SHI LLC, dated 09.17.2019 | NAC_00000195 | | NAC_00000978-NAC_00000979 |
| 19 | Signature Bank ACH Transaction re $52,750 to SHI LLC, dated 09.25.2019 | NAC_00000197 | | NAC_00000978-NAC_00000979 |
| 20 | Signature Bank ACH Transaction re $75,000 to Global Fuel Logistics, dated 10.16.2019 | NAC_00000201 | | NAC_00000978-NAC_00000979 |
| 21 | Signature Bank ACH Transaction re $43,000 to Global Fuel Logistics, dated 10.24.2019 | NAC_00000203 | | NAC_00000978-NAC_00000979 |
| 22 | Signature Bank ACH Transaction re $49,750 to SHI LLC, dated 10.31.2019 | NAC_00000205 | | NAC_00000978-NAC_00000979 |
| 23 | Signature Bank ACH Transaction re $40,500 to SHI LLC, dated 11.07.2019 | NAC_00000206 | | NAC_00000978-NAC_00000979 |
| 24 | Signature Bank ACH Transaction re $43,250 to Global Fuel Logistics, dated 11.25.2019 | NAC_00000209 | | NAC_00000978-NAC_00000979 |
| 25 | Signature Bank ACH Transaction re $9,550 to Global Fuel Logistics, dated 12.02.2019 | NAC_00000211 | | NAC_00000978-NAC_00000979 |
| 26 | Signature Bank ACH Transaction re $24,500 to Global Fuel Logistics, dated 12.11.2019 | NAC_00000214 | | NAC_00000978-NAC_00000979 |
| 27 | Signature Bank ACH Transaction re $15,200 to Global Fuel Logistics, dated 12.23.2019 | NAC_00000437 | | NAC_00000978-NAC_00000979 |
| 28 | Signature Bank ACH Transaction re $33,000 to Global Fuel Logistics, dated 02.11.2020 | NAC_00000442 | | NAC_00000978-NAC_00000979 |
| 29 | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 02.19.2020 | NAC_00000444 | | NAC_00000978-NAC_00000979 |
| 30 | Signature Bank ACH Transaction re $36,555 to Global Fuel Logistics, dated 03.02.2020 | NAC_00000447 | | NAC_00000978-NAC_00000979 |
| 31 | Signature Bank ACH Transaction re $35,000 to Global Fuel Logistics, dated 03.09.2020 | NAC_00000449 | | NAC_00000978-NAC_00000979 |
| 32 | Signature Bank ACH Transaction re $22,5000 to Global Fuel Logistics, dated 03.19.2020 | NAC_00000452 | | NAC_00000978-NAC_00000979 |
| 33 | Signature Bank ACH Transaction re $73,460 to Global Fuel Logistics, dated 03.31.2020 | NAC_00000402 | | NAC_00000978-NAC_00000979 |
| 34 | Signature Bank ACH Transaction re $36,925 to Global Fuel Logistics, dated 04.06.2020 | NAC_00000456 | | NAC_00000978-NAC_00000979 |
| 35 | Signature Bank ACH Transaction re $68,255 to Global Fuel Logistics, dated 04.15.2020 | NAC_00000170 | | NAC_00000978-NAC_00000979 |
| 36 | Signature Bank ACH Transaction re $46,850 to Global Fuel Logistics, dated 04.27.2020 | NAC_00000172 | | NAC_00000978-NAC_00000979 |
| 37 | Signature Bank ACH Transaction re $85,325 to Global Fuel Logistics, dated 05.05.2020 | NAC_00000459 | | NAC_00000978-NAC_00000979 |
| 38 | Signature Bank ACH Transaction re $82,422 to Global Fuel Logistics, dated 05.12.2020 | NAC_00000174 | | NAC_00000978-NAC_00000979 |
| 39 | Signature Bank ACH Transaction re $78,565 to Global Fuel Logistics, dated 05.20.2020 | NAC_00000176 | | NAC_00000978-NAC_00000979 |
| 40 | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 07.02.2020 | NAC_00000537 | | NAC_00000978-NAC_00000979 |
| 41 | INTENTIONALLY LEFT BLANK | | | |
| 42 | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 withdrawal, dated 06.04.2019 | NAVY_00000392 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 43 | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 withdrawal, dated 06.11.2019 | NAVY_00000394 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 44 | Wells Fargo Bank withdrawal Slip re Acct x6934 $22,000 withdrawal, dated 08.28.2019 | WFB_00000183 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 45 | Wells Fargo Bank withdrawal Slip re Acct x2064 $25,000 withdrawal, dated 08.29.2019 | WFB_00000155 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 46 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | NAVY_00000517 | NAVY_00000526 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 47 | Wells Fargo Bank Wire Transaction Report re Acct x6934 $15,000, dated 09.18.2019 | WFB_00001020 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 48 | Wells Fargo Bank withdrawal Slip re Acct x6934 $20,000 withdrawal, dated 089.26.2019 | WFB_00000192 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 49 | Wells Fargo Bank withdrawal Slip re Acct x6934 $20,000 withdrawal, dated 09.27.2019 | WFB_00000194 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 50 | Wells Fargo Bank withdrawal Slip re Acct x6934 $20,000 withdrawal, dated 10.01.2019 | WFB_00000195 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 51 | Wells Fargo Bank withdrawal Slip re Acct x6934 $12,000 withdrawal, dated 10.02.2019 | WFB_00000196 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 52 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 11.30.2019 | WFB_00000745 | WFB_00000750 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 53 | Wells Fargo Bank withdrawal Slip re Acct x2064 $20,000 withdrawal, dated 02.20.2020 | WFB_00000164 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 54 | Wells Fargo Bank withdrawal Slip re Acct x2064 $15,000 withdrawal, dated 02.21.2020 | WFB_00000165 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 55 | Wells Fargo Bank withdrawal Slip re Acct x2064 $20,000 withdrawal, dated 02.27.2020 | WFB_00000166 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 56 | Wells Fargo Bank withdrawal Slip re Acct x2064 $20,000 withdrawal, dated 03.03.2020 | WFB_00000167 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 57 - 100 | INTENTIONALLY LEFT BLANK | | | |
| 101 | 2016 Gross Income Summary for Michael Tew | | | |
| 102 | 2017 Gross Income Summary for Michael Tew | | | |
| 103 | 2018 Gross Income Summary for Michael Tew | | | |
| 104 | 2019 Gross Income Summary for Michael Tew | | | |
| 105 | Internal Revenue Service 2019 Account Transcript | | | |
| 106 - 200 | INTENTIONALLY LEFT BLANK | | | |
| 201 | INTENTIONALLY LEFT BLANK | | | |
| 202 | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, statement 08.31.2018 | GUAR_00000047 | GUAR_00000059 | GUAR_00000001 |
| 203 | Regions Bank Statement re Account x4514 [MM], statement period 10.12.2018-11.08.2018 | REG_00000177 | REG_00000181 | REG_00000001 |
| 204 | INTENTIONALLY LEFT BLANK | | | |
| 205 | Regions Bank Statement re Account x4514 [MM], statement period 11.09.2018-12.10.2018 | REG_00000171 | REG_00000175 | REG_00000001 |
| 206 | INTENTIONALLY LEFT BLANK | | | |
| 207 | ANB Bank Statement re Account x3099 [MM], dated 12.18.2018 | ANB_00000048 | ANB_00000052 | ANB_00000002; ANB_00000035 |
| 208 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2019-02.16.2019 | NAVY_00000020 | NAVY_00000029 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 209 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2019-03.16.2019 | NAVY_00000030 | NAVY_00000039 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 210 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | NAVY_00000040 | NAVY_00000054 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 211 | INTENTIONALLY LEFT BLANK | | | |
| 212 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 07.17.2019-08.16.2019 | NAVY_00000508 | NAVY_00000516 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 213 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 08.31.2019 | WFB_00000724 | WFB_00000731 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 214 | INTENTIONALLY LEFT BLANK | | | |
| 215 | INTENTIONALLY LEFT BLANK | | | |
| 216 | INTENTIONALLY LEFT BLANK | | | |
| 217 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 09.30.2019 | WFB_00000732 | WFB_00000738 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 218 | INTENTIONALLY LEFT BLANK | | | |
| 219 | INTENTIONALLY LEFT BLANK | | | |
| 220 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 10.31.2019 | WFB_00000592 | WFB_00000596 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 221 | INTENTIONALLY LEFT BLANK | | | |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 222 | INTENTIONALLY LEFT BLANK | | | |
| 223 | INTENTIONALLY LEFT BLANK | | | |
| 224 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | WFB_00000597 | WFB_00000602 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 225 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | NAVY_00000550 | NAVY_00000561 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 226 | INTENTIONALLY LEFT BLANK | | | |
| 227 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | NAVY_00001284 | NAVY_00001300 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 228 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2020-02.16.2020 | NAVY_00001301 | NAVY_00001313 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 229 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 02.29.2020 | WFB_00000612 | WFB_00000616 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 230 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | WFB_00000617 | WFB_00000621 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 231 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2020-03.16.2020 | NAVY_00001314 | NAVY_00001324 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 232 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | NAVY_00001325 | NAVY_00001340 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 233 | INTENTIONALLY LEFT BLANK | | | |
| 234 | INTENTIONALLY LEFT BLANK | | | |
| 235 | INTENTIONALLY LEFT BLANK | | | |
| 236 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2020-05.16.2020 | NAVY_00001341 | NAVY_00001355 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 237 | INTENTIONALLY LEFT BLANK | | | |
| 238 | INTENTIONALLY LEFT BLANK | | | |
| 239 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2020-06.16.2020 | NAVY_00001356 | NAVY_00001379 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 240 | Navy Federal Credit Union Transaction Details re Access x1390, Account x3094 Global Fuel Logistics, transaction period 07.20.2020-07.08.2020 | NAVY_00002205 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 241 | INTENTIONALLY LEFT BLANK | | | |
| 242 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2019-06.16.2019 | NAVY_00000079 | NAVY_00000101 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 243 | INTENTIONALLY LEFT BLANK | | | |
| 244 | INTENTIONALLY LEFT BLANK | | | |
| 245 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 08.31.2019 | WFB_00000584 | WFB_00000587 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 246 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | NAVY_00000141 | NAVY_00000163 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 247 | INTENTIONALLY LEFT BLANK | | | |
| 248 | INTENTIONALLY LEFT BLANK | | | |
| 249 | INTENTIONALLY LEFT BLANK | | | |
| 250 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 10.31.2019 | WFB_00000739 | WFB_00000744 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 251 - 300 | INTENTIONALLY LEFT BLANK | | | |
| 301 | ANB Bank Signature Card re Account x3099 [MM] | ANB_00000037 | | ANB_00000002; ANB_00000035 |
| 302 | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | GUAR_00000034 | | GUAR_00000001 |
| 303 | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | NAVY_00001959 | NAVY_00001968 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 304 | Navy Federal Credit Union Application re Global Fuel Logistics, dated 06.08.2020 | NAVY_00000850 | NAVY_00000857 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 305 | Regions Bank Signature Cards re Account x0514 [MM] | REG_00000219 | REG_00000220 | REG_00000001 |
| 306 | Wells Fargo Bank Signature Card re Account x6934 Sand Hill LLC, LLC | WFB_00000536 | WFB_00000539 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 307 | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | WFB_00000532 | WFB_00000535 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 308 | Signature Bank Signature Card re Accounts x5545 and x6150 National Air Cargo Group, Inc | SIG_00002876 | SIG_00002887 | SIG_00006978 |
| 309 | Signature Bank Signature Card re Accounts x5529, x6363, x6355, and x6134 National Air Cargo Group, Inc | SIG_00002888 | SIG_00002900 | SIG_00006978 |
| 310 | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, dated 08.31.2018 | GUAR_00000047 | | GUAR_00000001 |
| 311 | BBVA Compass Signature Card re Account x0987 [5530 JD] LLC | BBVA_00000404 | BBVA_00000405 | BBVA_00000002; BBVA_00000280 |
| 312 | Access National Bank Statement re Account x5965 [PM] Inc., statement period 12.01.2018-12.31.2018 | ACNB_00000438 | ACNB_00000443 | ACNB_00000001 |
| 313 | Simple Signature Card for Kimberley Tew | SFT_00000173 | | SFT_00000001 |
| 314 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | NAVY_00000120 | NAVY_00000140 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 315 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | NAVY_00000164 | NAVY_00000187 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 316 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | NAVY_00000188 | NAVY_00000223 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 317 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | NAVY_00000224 | NAVY_00000262 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 318 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 12.17.2019-01.16.2020 | NAVY_00000918 | NAVY_00000958 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 319 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | NAVY_00000959 | NAVY_00000999 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 320 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | NAVY_00001000 | NAVY_00001038 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 321 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2020-04.16.2020 | NAVY_00001039 | NAVY_00001078 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 322 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | NAVY_00001079 | NAVY_00001121 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 323 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | NAVY_00001122 | NAVY_00001169 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 324 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.08.2019-01.16.2019 | NAVY_00000458 | NAVY_00000461 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 325 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2019-02.16.2019 | NAVY_00000462 | NAVY_00000466 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 326 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2019-03.16.2019 | NAVY_00000467 | NAVY_00000471 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 327 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2019-04.16.2019 | NAVY_00000472 | NAVY_00000478 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 328 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | NAVY_00000479 | NAVY_00000488 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 329 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | NAVY_00000489 | NAVY_00000498 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 330 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | NAVY_00000499 | NAVY_00000507 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 331 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | NAVY_00000527 | NAVY_00000536 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 332 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | NAVY_00000537 | NAVY_00000549 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 333 | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | NAVY_00001272 | NAVY_00001283 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 334 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | WFB_00002339 | WFB_00002342 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 335 | American Express Corporate Card Authorization re Account x91009 National Air Cargo, Cardmember Michael Tew | AMEX_00000181 | | AMEX_00000001 |
| 336 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | WFB_00002354 | WFB_00002358 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 337 | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | WFB_00002359 | WFB_00002362 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 338 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 06.16.2018 | AMEX_00000004 | AMEX_00000005 | AMEX_00000001 |
| 339 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 07.16.2018 | AMEX_00000006 | AMEX_00000009 | AMEX_00000001 |
| 340 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 12.31.2019 | WFB_00002536 | WFB_00002540 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 341 | BBVA Compass Statement re Account x0987 5530 Jassamine Development LLC, statement period 11.01.2018-11.30.2018 | BBVA_00000444 | BBVA_00000446 | BBVA_00000002; BBVA_00000280 |
| 342 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 05.31.2019 | WFB_00000709 | WFB_00000712 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 343 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 01.31.2020 | WFB_00000760 | WFB_00000760 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 344 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 02.29.2020 | WFB_00000761 | WFB_00000764 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 345 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 03.31.2020 | WFB_00000765 | WFB_00000768 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 346 | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2020-06.30.2020 | NAVY_00000858 | NAVY_00000865 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 347 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 08.16.2018 | AMEX_00000010 | AMEX_00000013 | AMEX_00000001 |
| 348 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 09.16.2018 | AMEX_00000014 | AMEX_00000015 | AMEX_00000001 |
| 349 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 10.16.2018 | AMEX_00000016 | AMEX_00000017 | AMEX_00000001 |
| 350 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 11.16.2018 | AMEX_00000018 | AMEX_00000019 | AMEX_00000001 |
| 351 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 12.16.2018 | AMEX_00000020 | AMEX_00000021 | AMEX_00000001 |
| 352 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 01.16.2019 | AMEX_00000022 | AMEX_00000023 | AMEX_00000001 |
| 353 | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 02.16.2019 | AMEX_00000024 | AMEX_00000025 | AMEX_00000001 |
| 354 | Access National Bank Signature Card re Account x5965 [PM] | ACNB_00000099 | ACNB_00000100 | ACNB_00000001 |
| 355 | Signature Bank ACH Transaction re $25,000 to Global Fuel Logistics, dated 10.23.2019 | NAC_00000202 | | NAC_00000978-NAC_00000979 |
| 356 | Signature Bank ACH Transaction re $21,250 to [PM] Inc., dated 12.10.2018 | NAC_00000142 | | NAC_00000978-NAC_00000979 |
| 357 | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 08.22.2018 | SIG_00000142 | SIG_00000143 | SIG_00006978 |
| 358 | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 08.23.2018 | SIG_00000143 | SIG_00000144 | SIG_00006978 |
| 359 | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.10.2018 | SIG_00000149 | SIG_00000150 | SIG_00006978 |
| 360 | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.18.2018 | SIG_00000151 | SIG_00000152 | SIG_00006978 |
| 361 | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.28.2018 | SIG_00000155 | SIG_00000156 | SIG_00006978 |
| 362 | Signature Bank ACH Transaction re $30,000 to [MM], dated 12.03.2018 | NAC_E_00059594 | | NAC_E_00204515-NAC_E_00204516 |
| 363 | Access National Bank Statement re Account x5965 [PM] Inc., statement period 03.01.2019-03.31.2019 | ACNB_00000550 | ACNB_00000555 | ACNB_00000001 |
| 364 | ANB Bank Statement re Account x3099 [MM], dated 01.04.2019 | ANB_00000053 | ANB_00000055 | ANB_00000002; ANB_00000035 |
| 365 | Signature Bank ACH Transaction re $21,000 to [PM] Inc., dated 01.23.2019 | NAC_00000565 | | NAC_00000979-NAC_00000979 |
| 366 | Signature Bank ACH Transaction re $15,312.50 to [PM] Inc., dated 01.07.2019 | NAC_00000299 | | NAC_00000978-NAC_00000979 |
| 367 | Signature Bank ACH Transaction re $23,350 to [PM] Inc., dated 01.10.2019 | NAC_00000300 | | NAC_00000978-NAC_00000979 |
| 368 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.07.2019-01.16.2019 | NAVY_00000013 | NAVY_00000019 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 369 | Signature Bank ACH Transaction re $28,000 to [PM] Inc., dated 01.18.2019 | NAC_00000301 | | NAC_00000978-NAC_00000979 |
| 370 | Signature Bank ACH Transaction re $31,500 to [PM] Inc., dated 03.14.2019 | NAC_00000306 | | NAC_00000978-NAC_00000979 |
| 371 | Signature Bank ACH Transaction re $37,800 to [PM] Inc., dated 03.04.2019 | NAC_00000305 | | NAC_00000978-NAC_00000979 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 372 | Signature Bank ACH Transaction re $20,250 to [PM] Inc., dated 03.19.2019 | NAC_00000307 | | NAC_00000978-NAC_00000979 |
| 373 | Signature Bank ACH Transactions re: $37,500 to [PM] Inc., dated 04.08.2019; $18,750 to [PM] Inc., dated 04.11.2019; and $18,750 to [PM] Inc., dated 04.15.2019 | NAC_00000311 | NAC_00000313 | NAC_00000978-NAC_00000979 |
| 374 | Signature Bank ACH Transaction re $18,750 to [PM] Inc., dated 04.17.2019 | NAC_00000314 | | NAC_00000978-NAC_00000979 |
| 375 | Signature Bank ACH Transactions re: $18,750 to [PM] Inc., dated 04.22.2019; $18,750 to [PM] Inc., dated 04.24.2019; $38,640 to [PM], dated 04.29.2019; and $19,890 to [PM], dated 05.07.2019 | NAC_00000315 | NAC_00000318 | NAC_00000978-NAC_00000979 |
| 376 | Signature Bank ACH Transactions re: $49,750 to [PM], dated 05.07.2019; and $40,000 to [PM] Inc., dated 05.10.2019 | NAC_00000319 | NAC_00000320 | NAC_00000978-NAC_00000979 |
| 377 | Signature Bank ACH Transactions re: $19,900 to [PM], dated 05.15.2019; $23,785 to [PM], dated 05.21.2019; $9,950 to [PM], dated 05.23.2019; $11,150 to [PM], dated 05.28.2019; and $10,100 to [PM] Inc., dated 05.29.2019 | NAC_00000321 | NAC_00000325 | NAC_00000978-NAC_00000979 |
| 378 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | NAVY_00000055 | NAVY_00000078 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 379 | Signature Bank ACH Transactions re: $53,500 to [PM], dated 06.03.2019; $28,000 to [PM], dated 06.10.2019; and $9,500 to [PM], dated 06.13.2019 | NAC_00000326 | NAC_00000328 | NAC_00000978-NAC_00000979 |
| 380 | Signature Bank ACH Transactions re: $50,000 to [PM] Inc., dated 06.20.2019; $15,000 to [PM], dated 06.25.2019; and $30,000 to Sand Hill LLC, dated 06.26.2019 | NAC_00000329 | NAC_00000331 | NAC_00000978-NAC_00000979 |
| 381 | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | NAVY_00000102 | NAVY_00000119 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 382 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 06.30.2019 | WFB_00000713 | WFB_00000717 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 383 | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | NAC_00000158 | NAC_00000160 | NAC_00000978-NAC_00000979 |
| 384 | Signature Bank ACH Transactions re: $9,200 to Sand Hill LLC, dated 06.28.2019; $13,000 to SHI LLC, dated 07.09.2019; $27,475 to SHI LLC, dated 07.11.2019; and $10,000 to SHI LLC, dated 07.19.2019 | NAC_00000332 | NAC_00000335 | NAC_00000978-NAC_00000979 |
| 385 | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 07.31.2019 | WFB_00000718 | WFB_00000723 | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 386 | Signature Bank ACH Transaction re $12,900 to Global Fuel Logistics, dated 01.07.2020 | NAC_00000411 | | NAC_00000978-NAC_00000979 |
| 387 | Signature Bank ACH Transactions re: $15,500 to Global Fuel Logistics, dated 01.10.2020; $19,500 to Global Fuel Logistics, dated 01.17.2020; $9,800 to Global Fuel Logisitics, dated 01.22.2020; $13,500 to Global Fuel Logistics, dated 01.23.2020; $36,500 to Global Fuel Logistics, dated 01.27.2020; and $7,200 to Global Fuel Logistics, dated 01.30.2020 | NAC_00000412 | NAC_00000417 | NAC_00000978-NAC_00000979 |
| 388 | Signature Bank ACH Transaction re $13,000 to Global Fuel Logistics, dated 08.09.2019 | NAC_00000162 | | NAC_00000978-NAC_00000979 |
| 389 | Signature Bank ACH Transaction re $24,700 to Global Fuel Logistics, dated 03.05.2020 | NAC_00000448 | | NAC_00000978-NAC_00000979 |
| 390 | Signature Bank ACH Transactions re: $97,545 to Global Fuel Logistics, dated 06.22.2020; $71,550 to Global Fuel Logistics, dated 06.24.2020; and $105,000 to Global Fuel Logisitics, dated 06.29.2020 | NAC_00000461 | NAC_00000463 | NAC_00000978-NAC_00000979 |
| 391 | Signature Bank ACH Transaction re $83,526 to Global Fuel Logistics, dated 06.02.2020 | NAC_00000532 | | NAC_00000978-NAC_00000979 |
| 392 | Signature Bank ACH Transactions re: $45,220 to Global Fuel Logistics, dated 06.04.2020; $93,135 to Global Fuel Logistics, dated 06.09.2020; and $93,635 to Global Fuel Logisitics, dated 06.17.2020 | NAC_00000533 | NAC_00000535 | NAC_00000978-NAC_00000979 |
| 393 | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | NAVY_00000858 | NAVY_00000865 | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 394 | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | NAVY_00000753 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 395 | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | NAVY_00001678 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 396 | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | NAVY_00001684 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 397 | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | NAVY_00001692 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 398 | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | NAVY_00001702 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 399 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | NAVY_00001707 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 400 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00001711 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 401 | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | NAVY_00001717 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 402 | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | NAVY_00001718 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 403 | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | NAVY_00001719 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 404 | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | NAVY_00001720 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 405 | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | NAVY_00001731 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 406 | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | NAVY_00001737 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 407 | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | NAVY_00001744 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 408 | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | NAVY_00001758 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 409 | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | NAVY_00001757 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 410 | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | NAVY_00001767 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 411 | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | NAVY_00001770 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 412 | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | NAVY_00001772 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 413 | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | NAVY_00001775 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 414 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00001779 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 415 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | NAVY_00001780 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 416 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | NAVY_00001786 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 417 | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | NAVY_00001787 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 418 | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | NAVY_00001789 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 419 | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | NAVY_00001795 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 420 | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | NAVY_00001796 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |

Case 1:20-cr-00050-DDD Document 162-2 filed 06/18/24 USDC Colorado pg
1144 of 1619
Printed 1/24/2024 at 10:31 pm

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 421 | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | NAVY_00001797 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 422 | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | NAVY_00001805 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 423 | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | NAVY_00001800 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 424 | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | NAVY_00001823 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 425 | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | NAVY_00001821 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 426 | Navy Federal Credit Union Surveillance Photo, dated 03.27.2020 | NAVY_00001725 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 427 | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | NAVY_00001778 | | NAVY_00000002-NAVY_00000003; NAVY_00002211-NAVY_00002212; NAVY_00002217 |
| 428 | Signature Bank ACH Transaction re: $13,000 to Sand Hill LLC, dated 08.09.2019 | NAC_00000162 | | NAC_00000978-NAC_00000979 |
| 429 | Signature Bank ACH Transaction re: $35,000 to Sand Hill LLC, dated 08.14.2019 | NAC_00000163 | | NAC_00000978-NAC_00000979 |
| 430 | Signature Bank ACH Transaction re: $15,000 to Global Fuel Logistics, dated 08.15.2019 | NAC_00000164 | | NAC_00000978-NAC_00000979 |
| 431 | Signature Bank ACH Transaction re: $27,000 to Sand Hill LLC, dated 08.22.2019 | NAC_00000167 | | NAC_00000978-NAC_00000979 |
| 432 | Signature Bank ACH Transaction re: $45,000 to Sand Hill LLC, dated 08.26.2019 | NAC_00000168 | | NAC_00000978-NAC_00000979 |
| 433 | Signature Bank Wire Transaction re: $45,000 to Global Fuel Logistics, dated 08.29.2019 | NAC_00000902 | NAC_00000903 | NAC_00000978-NAC_00000979 |
| 434 | Signature Bank ACH Transaction re: $13,000 to Global Fuel Logistics, dated 02.03.2020 | NAC_00000440 | | NAC_00000978-NAC_00000979 |
| 435 | Signature Bank ACH Transaction re: $23,200 to Global Fuel Logistics, dated 02.06.2020 | NAC_00000441 | | NAC_00000978-NAC_00000979 |
| 436 | Signature Bank ACH Transaction re: $32,500 to Global Fuel Logistics, dated 02.13.2020 | NAC_00000443 | | NAC_00000978-NAC_00000979 |
| 437 | Signature Bank ACH Transaction re: $55,000 to Global Fuel Logistics, dated 02.18.2020 | NAC_00000445 | | NAC_00000978-NAC_00000979 |
| 438 | Signature Bank ACH Transaction re: $40,000 to Global Fuel Logistics, dated 02.26.2020 | NAC_00000446 | | NAC_00000978-NAC_00000979 |
| 439 | Signature Bank ACH Transaction re: $74,955 to Global Fuel Logistics, dated 03.11.2020 | NAC_00000450 | | NAC_00000978-NAC_00000979 |
| 440 | Signature Bank ACH Transaction re: $17,200 to Global Fuel Logistics, dated 03.17.2020 | NAC_00000451 | | NAC_00000978-NAC_00000979 |
| 441 | Signature Bank ACH Transaction re: $32,245 to Global Fuel Logistics, dated 03.24.2020 | NAC_00000453 | | NAC_00000978-NAC_00000979 |
| 442 | Signature Bank ACH Transaction re: $32,300 to Global Fuel Logistics, dated 03.26.2020 | NAC_00000454 | | NAC_00000978-NAC_00000979 |
| 443 | Signature Bank ACH Transaction re: $41,225 to Global Fuel Logistics, dated 04.02.2020 | NAC_00000455 | | NAC_00000978-NAC_00000979 |
| 444 | Signature Bank ACH Transaction re: $37,353 to Global Fuel Logistics, dated 04.08.2020 | NAC_00000457 | | NAC_00000978-NAC_00000979 |
| 445 | Signature Bank ACH Transaction re: $31,355 to Global Fuel Logistics, dated 04.13.2020 | NAC_00000458 | | NAC_00000978-NAC_00000979 |
| 446 | Signature Bank ACH Transaction re: $56,530 to Global Fuel Logistics, dated 04.21.2020 | NAC_00000171 | | NAC_00000978-NAC_00000979 |
| 447 | Signature Bank ACH Transaction re: $36,240 to Global Fuel Logistics, dated 04.29.2020 | NAC_00000173 | | NAC_00000978-NAC_00000979 |
| 448 | Signature Bank ACH Transaction re: $77,460 to Global Fuel Logistics, dated 05.18.2020 | NAC_00000175 | | NAC_00000978-NAC_00000979 |
| 449 | Signature Bank ACH Transaction re: $85,500 to Global Fuel Logistics, dated 05.27.2020 | NAC_00000177 | | NAC_00000978-NAC_00000979 |
| 450 | Signature Bank ACH Transaction re: $20,250.00 to [PM] Inc., dated 03.18.2019 | NAC_00000308 | | NAC_00000978-NAC_00000979 |
| 451 | Signature Bank ACH Transaction re $60,000 to Global Fuel Logistics, dated 09.10.2019 | NAC_00000192 | | NAC_00000978-NAC_00000979 |
| 452 | Signature Bank ACH Transaction re $51,500 to Sand Hill LLC, dated 09.12.2019 | NAC_00000193 | | NAC_00000978-NAC_00000979 |
| 453 | Signature Bank ACH Transaction re $11,950 to Global Fuel Logistics, dated 09.16.2019 | NAC_00000194 | | NAC_00000978-NAC_00000979 |
| 454 | Signature Bank ACH Transaction re $41,500 to Sand Hill LLC, dated 09.19.2019 | NAC_00000196 | | NAC_00000978-NAC_00000979 |
| 455 | Signature Bank ACH Transaction re $60,000 to Global Fuel Logistics, dated 09.26.2019 | NAC_00000198 | | NAC_00000978-NAC_00000979 |
| 456 | Signature Bank ACH Transaction re $75,000 to Sand Hill LLC, dated 09.30.2019 | NAC_00000199 | | NAC_00000978-NAC_00000979 |
| 457 | Signature Bank ACH Transaction re $35,000 to Sand Hill LLC, dated 10.10.2019 | NAC_00000200 | | NAC_00000978-NAC_00000979 |
| 458 | Signature Bank ACH Transaction re $23,750 to Global Fuel Logistics, dated 10.30.2019 | NAC_00000204 | | NAC_00000978-NAC_00000979 |
| 459 | Signature Bank ACH Transaction re $25,000 to Sand Hill LLC, dated 11.18.2019 | NAC_00000207 | | NAC_00000978-NAC_00000979 |
| 460 | Signature Bank ACH Transaction re $17,900 to Global Fuel Logistics, dated 11.21.2019 | NAC_00000208 | | NAC_00000978-NAC_00000979 |
| 461 | Signature Bank ACH Transaction re $42,000 to Global Fuel Logistics, dated 11.27.2019 | NAC_00000210 | | NAC_00000978-NAC_00000979 |
| 462 | Signature Bank ACH Transaction re $26,500 to Global Fuel Logistics, dated 12.05.2019 | NAC_00000212 | | NAC_00000978-NAC_00000979 |
| 463 | Signature Bank ACH Transaction re $51,150 to Global Fuel Logistics, dated 12.09.2019 | NAC_00000213 | | NAC_00000978-NAC_00000979 |
| 464 | Signature Bank ACH Transaction re $7,800 to Global Fuel Logistics, dated 12.16.2019 | NAC_00000215 | | NAC_00000978-NAC_00000979 |
| 465 | Signature Bank ACH Transaction re $33,300 to Global Fuel Logistics, dated 12.17.2019 | NAC_00000216 | | NAC_00000978-NAC_00000979 |
| 466 | Signature Bank ACH Transaction re $14,350 to Global Fuel Logistics, dated 12.19.2019 | NAC_00000217 | | NAC_00000978-NAC_00000979 |
| 467 | Signature Bank ACH Transaction re $55,500 to Global Fuel Logistics, dated 12.26.2019 | NAC_00000438 | | NAC_00000978-NAC_00000979 |
| 468 | Signature Bank ACH Transaction re $77,500 to Global Fuel Logistics, dated 12.30.2019 | NAC_00000439 | | NAC_00000978-NAC_00000979 |

Case No. 2:20-cr-00050-LDD Document 162-2 filed 06/18/24 USDC Colorado pg
Case 1:20-cr-00305-LDD Document 628-2 Filed 06/18/24 USDC Colorado Page 9 of 17
1145 of 1619

Printed 1/24/2024 at 10:31 PM

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 469 | Wells Fargo Bank Wire Transaction Report re Acct x6934 $20,611.01, dated 11.01.2019 | WFB_00001033 | | WFB_00000144-WFB_00000146; WFB_00001054-WFB_00001058 |
| 470 | INTENTIONALLY LEFT BLANK | | | |
| 471 | INTENTIONALLY LEFT BLANK | | | |
| 472 | INTENTIONALLY LEFT BLANK | | | |
| 473 | American Express Application re Michael Tew | AMEX_00000182 | | AMEX_00000001 |
| 474 | American Express Application re Kimberley Tew | AMEX_00000183 | | AMEX_00000001 |
| 475 - 499 | INTENTIONALLY LEFT BLANK | | | |
| 500 | Kraken Account Opening and Verification Documents for Kimberley Tew | KRKN_00000008 | KRKN_00000001 | KRKN_00000001 |
| 501 | Kraken Account Opening and Verification Documents for Michael Tew | KRKN_00000020 | KRKN_00000001 | KRKN_00000001 |
| 502 | Coinbase profile image records for Michael Tew | COIN_00000027; COIN_00000032 | | COIN_00000076; COIN_00000077; COIN_00000078 |
| 503 | Coinbase profile image records for Kimberley Tew | COIN_00000028 | COIN_00000029 | COIN_00000076; COIN_00000077; COIN_00000078 |
| 504 | Google Pay Customer Profile re kley@me.com | GPAY_00000009 | GPAY_00000012 | GPAY_00000097-GPAY_00000106 |
| 505 | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | AUDI_00000001 | AUDI_00000037 | AUDI_00000042 |
| 506 | McDonald Audi Wire Transfer Records re $20,611.01 Incoming Money Transfer, dated 11.01.2019 | AUDI_00000038 | AUDI_00000039 | AUDI_00000042 |
| 507 | Wynn Las Vegas Jackpot Report between 07.04.2019 and 11.29.2019 | WYNN_00000174 | | WYNN_00000002 |
| 508 | Wynn Las Vegas 2019 Loss Summary, as of 07.16.2020 | WYNN_00000179 | | WYNN_00000002 |
| 509 | Wynn Las Vegas Reservation Confirmation #23362412 for Kimberley Tew, 10.30.2019 arrival & 11.02.19 departure | WYNN_00000689 | | WYNN_00000002 |
| 510 | Wynn Las Vegas Reservation/Stay History for Kimberley Tew | WYNN_00000730 | WYNN_00000736 | WYNN_00000002 |
| 511 | Wynn Las Vegas Reservation/Stay History re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | WYNN_00000624 | | WYNN_00000002 |
| 512 | GoDaddy Domain Information re Domain Name "Global Fuel.Co" | ORD_00019768; ORD_00019821 | | ORD_00019742 |
| 513 | GoDaddy Domain Information re Domain Name "Sandhillrp.com" | ORD_00019747; ORD_00019823 | ORD_00019827 | ORD_00019742 |
| 514 | AT&T Subscriber Information re phone number x1312, Michael Tew | ORD_00019224 | | ORD_00020003-ORD_00020004 |
| 515 | AT&T Subscriber Information re phone number x7473, Michael Tew | ORD_00019225 | | ORD_00020003-ORD_00020004 |
| 516 | AT&T Subscriber Information re phone number x2046, Kimberley Vertanen | ORD_00019223 | | ORD_00020003-ORD_00020004 |
| 517 | AT&T Text Message History re phone numbers x2046 & x1312 | ORD_00019204 | | ORD_00020003-ORD_00020004 |
| 518 | AT&T Records re phone number x1312 | ORD_00019224; ORD_00019331 | ORD_00019544 | ORD_00020003-ORD_00020004 |
| 519 | Spreadsheet of Verizon Call Records re phone number x1709 | ORD_00019950 | | ORD_00019935 |
| 520 | Google Subscriber Information re [5530 JD] Email Recovery (chrisrncn@gmail.com) | ORD_00015084 | | ORD_00017711; ORD_00019955-ORD_00020002 |
| 521 | Google Subscriber Information re [PM] email recovery (political.media.wdc@gmail.com) | ORD_00017716 | | ORD_00017711; ORD_00019955-ORD_00020003 |
| 522 | Google Voice Record re Google Voice Number x0152 | ORD_00015068 | | ORD_00017711; ORD_00019955-ORD_00020004 |
| 523 | Google Subscriber Information re vtleycap@gmail.com (recovery email kley@me.com) | ORD_00019129 | | ORD_00017711; ORD_00019955-ORD_00020005 |
| 524 | Google subscriber information re meyersconsultinggroupinc@gmail.com | | | ORD_00017711; ORD_00019955-ORD_00020006 |
| 525 | IRS Form W-9 re [MM], dated 10.11.2018 | NAC_00000393 | NAC_00000398 | NAC_00000978-NAC_00000979 |
| 526 | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | VCORP_00000062 | VCORP_00000064 | VCORP_00000001 |
| 527 | Plea agreement as to Jonathan Yioulos, dated 11.18.2021 | | | |
| 528 | Audio of 7/15/2020 Proffer with Michael Tew | INV_00004475 | | |
| 529 | Audio of 7/28/2020 Proffer with Michael Tew | INV_00004476 | INV_00004479 | |
| 530 | Audio of 10/23/2020 Proffer with Kimberley Tew | INV_00004486 | INV_00004488 | |
| 531 | 07.07.2020 Photograph of Yioulos Phone Contact 'JB' | INV_00005154 | | |
| 532 | Email re "RE: AMEX" on 07.16.2018 | NAC_E_00108968 | NAC_E_00108969 | NAC_E_00204515-NAC_E_00204516 |
| 533 | Email re "FW: Scanned Document" on 07.31.2018 | NAC_E_00113905 | NAC_E_00113906 | NAC_E_00204515-NAC_E_00204516 |
| 534 | Email re "RE: Wire - Michael Tew" on 08.02.2018 | NAC_E_00055400 | NAC_E_00055401 | NAC_E_00204515-NAC_E_00204516 |
| 535 | Email re "FW: MT AGMT" on 09.14.2018 | NAC_E_00069611 | NAC_E_00069612 | NAC_E_00204515-NAC_E_00204516 |
| 536 | Email re "FW: National Air Cargo Holdings Correspondence" on 09.17.2018 | NAC_E_00194887 | NAC_E_00194888 | NAC_E_00204515-NAC_E_00204516 |
| 537 | Invoice #79487 re: [MCG] Inc for $10,000.00, dated 10.30.2018 | NAC_00000546 | | NAC_00000978-NAC_00000979 |
| 538 | Email re "RE: Michael Tew - AMEX" on 01.17.2019 | NAC_E_00170325 | | NAC_E_00204515-NAC_E_00204516 |
| 539 | Email "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10222 for $17,955.50; & Aero Maintenenace Resources Invoice #9611 for $79,292) | NAC_E_00106466 | NAC_E_00106468 | NAC_E_00204515-NAC_E_00204516 |
| 540 | Invoice #79466 re: [MCG] Inc for $30,000.00, dated 10.12.2018 | NAC_00000545 | | NAC_00000978-NAC_00000979 |
| 541 | Invoice #79488 re: [MCG] Inc for $30,000.00, dated 11.30.2018 | NAC_00000547 | | NAC_00000978-NAC_00000979 |
| 542 | Invoice #79489 re: [MCG] Inc for $30,000.00, dated 11.30.2018 | NAC_00000548 | | NAC_00000978-NAC_00000979 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 543 | Invoice #79490 re: [MCG] Inc for $25,000.00, dated 12.11.2018 | NAC_00000549 | | NAC_00000978-NAC_00000979 |
| 544 | Colorado Secretary of State Statement of Foreign Entity Authority re: Global Fuel Logistics Inc., filed 07.11.2019 | VCORP_00000003 | VCORP_00000005 | VCORP_00000001 |
| 545 | IRS assignment of Emploment Identification Number re Global Fuel Logistics, dated 07.09.2019 | VCORP_00000015 | VCORP_00000017 | VCORP_00000001 |
| 546 | Wyoming Secretary of State Articles of Incorporation re Global Fuel Logistics Inc, filed 07.09.2019 | VCORP_00000018 | VCORP_00000021 | VCORP_00000001 |
| 547 | IRS Form SS-4 Application for Employer Identification Number re Sand Hill LLC | VCORP_00000070 | VCORP_00000071 | VCORP_00000001 |
| 548 | State of New York Department of State Certification of Articles of Organization, dated 11.09.2018 | VCORP_00000072 | | VCORP_00000001 |
| 549 | Google Pay Customer Profile re kleytew@gmail.com | GPAY_00000017 | GPAY_00000020 | GPAY_00000097-GPAY_00000106 |
| 550 | IRS Form 1099 re SandHill Research Partners, tax years 2015 through 2018 | NAC_00000898 | NAC_00000899 | NAC_00000978-NAC_00000979 |
| 551 | Audio of 07.29.2020 meeting with Michael Tew at Yeti store | INV_00004480 | | |
| 552 | Email re "RE: MT AGMT" on 09.14.2018 | NAC_E_00161044 | | NAC_E_00204515-NAC_E_00204516 |
| 553 | Email headers re email received by chrismcn@gmail.com on 08.22.2018 | ORD_00015085 | ORD_00015089 | ORD_00017711; ORD_00019955-ORD_00020006 |
| 554 | Spreadsheet of Apple account information re kley@me.com | ORD_00002913 | | ORD_00015053-ORD_00015054 |
| 555 - 599 | INTENTIONALLY LEFT BLANK | | | |
| 600 | *James* Log (ECF #341-1), filed 12.05.2023 | | | |
| 601 | Email re "ACH Invoice" on 08.07.2018 ([HS] Invoice dated 08.07.2018 for $15,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 602 | Text messages between M.T. and J.Y. 08.07.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 603 | Email re "re ACH Invoice" on 08.08.2018 ([HS] Invoice dated 08.08.2018 for $15,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 604 | Text messages between M.T. and J.Y. 08.08.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 605 | Text messages between M.T. and J.Y. 08.09.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 606 | Text messages between M.T. and J.Y. 08.13.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 607 | Email re "Invoices: Michael Tew ACH August 15" on 08.14.2018 (Sand Hill Invoice #49 for $10,000 & [HS] Invoice dated 08.14.2018 for $20,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 608 | Text message between J.Y. and M.T on 08.10.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 609 | Text message between J.Y. and M.T on 08.18.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 610 | Text message between J.Y. and M.T on 08.21.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 611 | Email re "Invoice (CORRECTED)" on 08.22.2018 ([5530 JD] Invoice #7321116 for $15,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 612 | Email re "Wire Confirmation" on 08.22.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 613 | Text messages between J.Y. and M.T on 08.22.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 614 | Text messages between J.Y. and M.T on 08.23.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 615 | Email re "re Invoice (CORRECTED)" on 08.23.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 616 | Emails re "re Is there an invoice for this wire out of Holdings?" on 08.24.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 617 | Text messages between M.T. and JY. on 08.28.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 618 | Email re "Confirms" on 08.30.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 619 | Text messages between J.Y. and K.T. on 08.30.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 620 | Text messages between J.Y. and M.T. on 08.30.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 621 | Text messages between M.T. and J.Y. on 08.31.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 622 | Text messages between M.T. and J.Y. on 09.01.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 623 | INTENTIONALLY LEFT BLANK | | | |
| 624 | Emails re "RE: Is there an invoice?" on 09.07.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 625 | Text messages between M.T. and J.Y. on 09.07.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 626 | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:13pm | | | NAC_E_00204515-NAC_E_00204516 |
| 627 | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:14pm | | | NAC_E_00204515-NAC_E_00204516 |
| 628 | Text messages from J.Y. to K.T. on 09.10.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 629 | Email (NO SUBJECT) on 09.10.2018 ([5530 JD] Invoice #7321118 for $15,000 & Invoice #7321117 for $15,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 630 | Emails re "RE: [HS] Invoices" on 09.10.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 631 | Emails re "RE:" (NO SUBJECT) on 09.10.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 632 | Email re "Cancel ACH" on 09.10.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 633 | Text messages between M.T. and J.Y. on 09.12.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 634 | Text messages from J.Y. to K.T. on 09.12.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 635 | Text messages from J.Y. to K.T. on 09.13.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 636 | Text messages between M.T. and J.Y. on 09.13.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 637 | INTENTIONALLY LEFT BLANK | | | |
| 638 | Email re "Invoice" on 09.18.2018 ([5530 JD] Invoice #7321119 for $15,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 639 | Text messages from J.Y. to K.T. on 09.18.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 640 | Text messages from J.Y. to K.T. on 09.28.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 641 | INTENTIONALLY LEFT BLANK | | | |
| 642 | Email re "Consulting Invoice" on 09.28.2018 ([5530 JD] Invoice #7321120 for $15,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 643 | Email re "RE: Invoices needed - Holdings" on 09.28.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 644 | Email re "Jess" on 10.01.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 645 | Text message from J.Y. to M.T. on 10.09.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 646 | Text messages from J.Y. to K.T. on 10.25.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 647 | Email re "Fwd: Invoice" on 10.25.2018 | | | NAC_E_00204515-NAC_E_00204516 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 648 | Text messages between J.Y. to M.T. on 10.25.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 649 | Email re "Oct Invoice" on 10.30.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 650 | Text messages between J.Y. to M.T. on 10.30.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 651 | Text messages from J.Y. to K.T. on 10.30.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 652 | Text messages between J.Y. to M.T. on 10.31.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 653 | Email re "is there an invoice for this payment out of holdings?" on 10.31.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 654 | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018 at 2:13pm | | | NAC_E_00204515-NAC_E_00204516 |
| 655 | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018, time unknown | | | NAC_E_00204515-NAC_E_00204516 |
| 656 | Text messages sent from Kley (M.T.) to M.M. on 11.06.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 657 | Email re "[MCG] LLC" on 11.06.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 658 | Email re "RE: Invoice" on 11.09.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 659 | Text messages between J.Y. to M.T. on 11.09.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 660 | INTENTIONALLY LEFT BLANK | | | |
| 661 | Email re "RE: Entity: Sand Hill, LLC - New York" on 11.12.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 662 | Text messages between J.Y. and M.T. on 11.13.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 663 | Text messages between J.Y. and M.T. on 11.15.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 664 | Text messages between J.Y. and M.T. on 11.16.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 665 | Text messages between J.Y. and M.T. on 11.19.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 666 | Email re "RE: Invoice" on 11.19.2018 at 8:55pm | | | NAC_E_00204515-NAC_E_00204516 |
| 667 | Email re "RE: Invoice" on 11.19.2018 at 9:04pm | | | NAC_E_00204515-NAC_E_00204516 |
| 668 | Text messages between J.Y. and M.T. on 11.20.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 669 | Text messages between Kley (M.T.) and M.M. on 11.20.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 670 | Text messages between J.Y. and M.T. on 11.21.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 671 | Text messages between J.Y. and M.T. on 11.23.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 672 | Text messages between J.Y. and M.T. on 11.25.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 673 | Text messages between J.Y. and M.T. on 11.26.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 674 | Email re "RE: Invoice" on 11.26.2018 at 7:22pm ([5530 JD] Invoice #7321122 for $30,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 675 | Email re "RE: Invoice" on 11.26.2018 at 4:22pm | | | NAC_E_00204515-NAC_E_00204516 |
| 676 | Text messages between J.Y. and M.T. on 11.27.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 677 | Email re "RE: Cash Sheet - Holdings - what's this?" on 11.28.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 678 | Text message from J.Y. to M.T. on 11.30.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 679 | Text messages from J.Y. to K.T. on 12.01.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 680 | Email re "RE: Final Invoice" on 12.03.2018 ([MCG] Invoice #79489 for $30,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 681 | Text messages between J.Y. and M.T. on 12.04.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 682 | Text messages from J.Y. to K.T. on 12.04.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 683 | Email re "Missing Meyers invoices" on 12.04.2018 ([MCG] Invoice #79489 for $30,000 & Invoice #79488 for $30,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 684 | Text messages between J.Y. and M.T. on 12.06.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 685 | Text messages from J.Y. to K.T. on 12.06.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 686 | Email re "Fwd: [PM], Inc. - Invoice for Services" on 12.07.2018 ([PM] Invoice #6516 for $21,250) | | | NAC_E_00204515-NAC_E_00204516 |
| 687 | Text messages between J.Y. and M.T. on 12.07.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 688 | Email re: "RE: [PM], Inc. - Invoice for Services" on 12.07.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 689 | Text messages between J.Y. and M.T. on 12.06.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 690 | Text messages between J.Y. and M.T. on 12.10.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 691 | Email re "New Vendor - Paid on Friday" on 12.10.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 692 | Email re "Re: Final Invoice" on 12.11.2018 ([MCG] Invoice #79490 for $25,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 693 | Text messages between J.Y. and M.T. on 12.11.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 694 | Email re "Meyers Inv" on 12.14.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 695 | Text messages between J.Y. and M.T. on 12.18.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 696 | Text messages between Kley (M.T.) and M.M. on 12.18.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 697 | Text messages between J.Y. and M.T. on 12.19.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 698 | Text messages between J.Y. and M.T. on 12.20.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 699 | Email re "FW: INVOICES: MICHAEL TEW ACH AUGUST 15" on 12.20.2018 | | | NAC_E_00204515-NAC_E_00204516 |
| 700 | Email re "FW: [PM], Inc. - Invoice for Services" on 12.20.2018 ([PM] Invoice #6517 for $15,125) | | | NAC_E_00204515-NAC_E_00204516 |
| 701 | Text messages between J.Y. and M.T. on 12.21.2018 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 702 | Text messages between J.Y. and M.T. on 01.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 703 | Email re "Invoice from [PM], Inc." on 01.07.2019 ([PM] Invoice #6540 for $15,312.50) | | | NAC_E_00204515-NAC_E_00204516 |
| 704 | Text messages between J.Y. and M.T. on 01.09.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 705 | Text messages between J.Y. and M.T. on 01.10.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 706 | Email re "Invoice from [PM], Inc." on 01.10.2019 ([PM] Invoice #6670 for $25,350) | | | NAC_E_00204515-NAC_E_00204516 |
| 707 | Text messages between J.Y. and M.T. on 01.17.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 708 | Text messages from J.Y. to K.T. on 01.17.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 709 | Email re "FW: Invoice from [PM], Inc." on 01.17.2019 | | | NAC_E_00204515-NAC_E_00204516 |

Printed 1/24/2024 at 10:31 PM

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 710 | Text messages between J.Y. and M.T. on 01.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 711 | Email re "Invoice from [PM], Inc." on 01.18.2019 ([PM] Invoice #6712 for $27,562.50) | | | NAC_E_00204515-NAC_E_00204516 |
| 712 | Text messages between J.Y. and M.T. on 01.23.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 713 | Email re "Invoice from [PM], Inc." on 01.23.2019 ([PM] Invoice #6714 for $21,000 & Invoice #6712 for $28,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 714 | Email re "FW: Invoice from [PM], Inc." on 01.25.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 715 | Text messages from J.Y. to K.T. on 02.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 716 | Email re "Invoice from [PM], Inc." on 02.07.2019 ([PM] Invoice #6775 for $15,250) | | | NAC_E_00204515-NAC_E_00204516 |
| 717 | Text messages between J.Y. and M.T. on 02.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 718 | Text messages from J.Y. to K.T. on 02.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 719 | Email re "Invoice from [PM], Inc." on 02.19.2019 ([PM] Invoice #6786 for $15,250) | | | NAC_E_00204515-NAC_E_00204516 |
| 720 | Email re "FW: Invoice from [PM], Inc." on 02.21.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 721 | Text messages between J.Y. and M.T. on 02.24.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 722 | Text messages between J.Y. and M.T. on 03.01.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 723 | Email re "Invoice from [PM], Inc." on 03.04.2019 ([PM] Invoice #6804 for $37,800) | | | NAC_E_00204515-NAC_E_00204516 |
| 724 | Text messages between Kley (M.T.) and K.T. on 03.06.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 725 | Email re "FW: Invoice from [PM], Inc." on 03.07.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 726 | Text messages between Kley (M.T.) and K.T. on 03.14.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 727 | Email re "Invoice from [PM], Inc." on 03.14.2019 ([PM] Invoice #6881 for $31,500) | | | NAC_E_00204515-NAC_E_00204516 |
| 728 | Email re "FW: Invoice from [PM], Inc." on 03.15.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 729 | Text messages between Kley (M.T.) and K.T. on 03.17.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 730 | Text messages between Kley (M.T.) and K.T. on 03.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 731 | Text messages between J.Y. and M.T. on 03.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 732 | Email re "Invoice from [PM], Inc." on 03.18.2019 ([PM] Invoice #6910 for $20,250) | | | NAC_E_00204515-NAC_E_00204516 |
| 733 | Email re "FW: Invoice from [PM], Inc." on 03.19.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 734 | Text messages between J.Y. and M.T. on 03.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 735 | Text messages between Kley (M.T.) and K.T. on 03.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 736 | Text messages between M.T. and K.T. on 03.28.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 737 | Email re "Invoice from [PM], Inc." on 03.28.2019 ([PM] Invoice #6976 for $38,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 738 | INTENTIONALLY LEFT BLANK | | | |
| 739 | Text messages between Kley (M.T.) and K.T. on 03.30.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 740 | Text messages between Kley (M.T.) and K.T. on 04.03.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 741 | Text messages between J.Y. and M.T. on 04.03.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 742 | Email re "Invoice from [PM], Inc." on 04.03.2019 ([PM] Invoice #6910 for $30,150) | | | NAC_E_00204515-NAC_E_00204516 |
| 743 | Email re "FW: Invoice from [PM], Inc." on 04.04.2019 ([PM] Invoice #7004 for 11,250) | | | NAC_E_00204515-NAC_E_00204516 |
| 744 | INTENTIONALLY LEFT BLANK | | | |
| 745 | Text messages between J.Y. and M.T. on 04.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 746 | Text messages between Kley (M.T.) and K.T. on 04.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 747 | Text messages between J.Y. and M.T. on 04.08.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 748 | Email re "Invoice from [PM], Inc." on 04.08.2019 ([PM] Invoice #7101 for $37,500) | | | NAC_E_00204515-NAC_E_00204516 |
| 749 | Email re "re Invoice from [PM], Inc." on 04.09.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 750 | INTENTIONALLY LEFT BLANK | | | |
| 751 | Text messages between M.T. and K.T. on 04.11.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 752 | Text messages from Kley (M.T.) to M.M. on 04.12.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 753 | Text messages between M.T. and K.T. on 04.12.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 754 | Text messages between J.Y. and M.T. on 04.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 755 | Text messages between M.T. and K.T. on 04.16.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 756 | Text messages between M.T. and K.T. on 04.17.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 757 | INTENTIONALLY LEFT BLANK | | | |
| 758 | Text messages between M.T. and Kley (K.T.) on 04.21.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 759 | Text messages between M.T. and K.T. on 04.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 760 | Text messages between Kley (M.T.) and K.T. on 04.23.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 761 | Text message from J.Y. to M.T. on 04.24.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 762 | Text messages between M.T. and K.T. on 04.24.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 763 | INTENTIONALLY LEFT BLANK | | | |
| 764 | Email re "Invoice from [PM], Inc." on 04.29.2019 ([PM] Invoice #7156 for $75,000 and Invoice #7158 for $39,780) | | | NAC_E_00204515-NAC_E_00204516 |
| 765 | Email re "FW: Invoice from [PM], Inc." on 04.29.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 766 | Text messages between Kley (M.T.) and K.T. on 04.30.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 767 | Text messages between M.T. and K.T. on 05.01.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 768 | Text messages between M.T. and K.T. on 05.02.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 769 | Text messages between M.T. and K.T. on 05.06.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 770 | Text messages between J.Y. and M.T. on 05.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 771 | Text messages between M.T. and K.T. on 05.08.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 772 | Text messages between Kley (M.T.) and K.T. on 05.09.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 773 | Text messages between Kley (M.T.) and K.T. on 05.10.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 774 | Text messages between J.Y. and M.T. on 05.10.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 775 | Text messages between J.Y. and M.T. on 05.15.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 776 | Text messages between M.T. and K.T. on 05.20.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 777 | Text messages between M.T. and Kley (K.T.) on 05.21.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 778 | Text messages between M.T. and Kley (K.T.) on 05.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 779 | Text messages between M.T. and K.T. on 05.27.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 780 | Text messages between M.T. and K.T. on 05.28.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 781 | Text messages between J.Y. and M.T. on 06.03.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 782 | Text messages between Kley (M.T.) and K.T. on 06.03.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 783 | Email re "Journal Entry Testing" on 06.04.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 784 | Text messages between M.T. and K.T. on 06.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 785 | Text messages between M.T. and K.T. on 06.10.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 786 | Text messages between J.Y. and M.T. on 06.12.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 787 | Text messages between Kley (M.T.) and K.T. on 06.12.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 788 | Text messages between J.Y. and M.T. on 06.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 789 | Text messages between M.T. and K.T. on 06.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 790 | Text messages between M.T. and K.T. on 06.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 791 | INTENTIONALLY LEFT BLANK | | | |
| 792 | Text messages between M.T. and K.T. on 06.24.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 793 | Text messages between M.T. and K.T. on 06.25.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 794 | Text messages between M.T. and K.T. on 06.26.2019 and 06.27.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 795 | Text messages between J.Y. and M.T. on 06.26.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 796 | Text messages between J.Y. and M.T. on 06.28.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 797 | Text messages between M.T. and K.T. on 06.28.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 798 | Text messages between M.T. and K.T. on 06.29.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 799 | Email re: Please assist on 07.11.2019 | | | NAC_E_00204515-NAC_E_00342322 |
| 800 | Text messages between M.T. and K.T. on 07.02.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 801 | Emails re "Invoice From [PM], Inc." on 07.03.2019 ([PM] Invoice #7201 for $40,000; Invoice #7263 for $10,100; Invoice #7312 for $9,500; & Invoice #7322 for $30,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 802 | Text messages between M.T. and K.T. on 07.04.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 803 | INTENTIONALLY LEFT BLANK | | | |
| 804 | Text messages between M.T. and K.T. on 07.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 805 | Text messages between M.T. and K.T. on 07.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 806 | Text messages between J.Y. and M.T. on 07.08.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 807 | Emails re "Re: Please assist" on 07.08.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 808 | Emails re "Re: Please assist" on 07.09.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 809 | Text messages between M.T. and K.T. on 07.09.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 810 | Text messages between M.T. and K.T. on 07.11.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 811 | Text messages between M.T. and K.T. on 07.17.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 812 | Text messages between M.T. and K.T. on 07.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 813 | Text messages between J.Y. and M.T. on 07.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 814 | Text messages between J.Y. and M.T. on 07.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 815 | Text messages between M.T. and K.T. on 07.29.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 816 | Text messages between J.Y. and M.T. on 07.30.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 817 | Text messages between J.Y. and M.T. on 08.01.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 818 | Text messages between J.Y. and M.T. on 08.03.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 819 | Text messages between M.T. and K.T. on 08.04.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 820 | Text messages between J.Y. and M.T. on 08.05.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 821 | Text messages between M.T. and K.T. on 08.05.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 822 | Text messages between M.T. and K.T. on 08.06.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 823 | Text messages between J.Y. and M.T. on 08.06.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 824 | Text messages between M.T. and K.T. on 08.11.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 825 | Text messages between M.T. and K.T. on 08.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 826 | Text messages between J.Y. and M.T. on 08.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 827 | Text messages between J.Y. and M.T. on 08.14.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 828 | Text messages between J.Y. and M.T. on 08.15.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 829 | Text messages between M.T. and K.T. on 08.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 830 | Text messages between J.Y. and M.T. on 08.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 831 | Text messages between M.T. and K.T. on 08.20.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 832 | Text messages between J.Y. and M.T. on 08.21.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 833 | Text messages between J.Y. and M.T. on 08.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 834 | Text messages between M.T. and K.T. on 08.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 835 | Text messages between M.T. and K.T. on 08.23.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 836 | Text messages between M.T. and K.T. on 08.25.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 837 | Text messages between J.Y. and M.T. on 08.26.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 838 | Text messages between M.T. and K.T. on 08.26.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 839 | Text messages between M.T. and K.T. on 08.27.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 840 | Text messages between M.T. and K.T. on 08.28.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 841 | Email re "Invoices from Global Fuel Logistics, Inc" on 08.28.2019 (Global Fuel Logistics Invoice #987 for #9,500; Invoice #972 for $94,500; & Invoice #763 for $152,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 842 | Text messages between M.T. and K.T. on 08.29.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 843 | Emails re "RE: 8/29 Wires" on 08.29.2019 | | | NAC_E_00204515-NAC_E_00204516 |
| 844 | Email re "Global Fuel - Updated Invoice" on 08.29.2019 (Global Fuel Logistics Invoice #1001 for $55,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 845 | Email re "Invoices from Global Fuel Logistics, Inc" on 08.29.2019  (Global Fuel Logistics Invoice #1023 for $45,000; Invoice #1011 for $45,000; & Invoice #1001 for $56,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 846 | Text messages between M.T. and K.T. on 08.30.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 847 | INTENTIONALLY LEFT BLANK | | | |
| 848 | Text messages between M.T. and K.T. on 09.06.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 849 | Text messages between M.T. and K.T. on 09.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 850 | Text messages between M.T. and K.T. on 09.08.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 851 | Text messages between J.Y. and M.T. on 09.09.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 852 | Text messages between M.T. and K.T. on 09.09.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 853 | Text messages between M.T. and K.T. on 09.10.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 854 | Text messages between M.T. and K.T. on 09.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 855 | Text messages between M.T. and K.T. on 09.14.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 856 | Text messages between J.Y. and M.T. on 09.16.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 857 | Text messages between J.Y. and M.T. on 09.17.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 858 | Text messages between J.Y. and M.T. on 09.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 859 | Text messages between M.T. and K.T. on 09.18.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 860 | Text messages between M.T. and K.T. on 09.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 861 | Text messages between M.T. and K.T. on 09.23.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 862 | Text messages between J.Y. and M.T. on 09.25.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 863 | Text messages between M.T. and K.T. on 09.26.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 864 | Text messages between M.T. and K.T. on 09.26.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 865 | Text messages between J.Y. and M.T. on 09.27.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 866 | Text messages between M.T. and K.T. on 09.28.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 867 | Text messages between M.T. and K.T. on 09.30.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 868 | INTENTIONALLY LEFT BLANK | | | |
| 869 | Text messages between M.T. and K.T. on 10.02.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 870 | INTENTIONALLY LEFT BLANK | | | |
| 871 | Text messages between M.T. and K.T. on 10.05.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 872 | Text messages between M.T. and K.T. on 10.07.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 873 | Text messages between M.T. and K.T. on 10.08.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 874 | Text messages between M.T. and K.T. on 10.09.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 875 | Email re "Invoices from Aero Maintenance Resources" on 10.11.2019 (Aero Maintenance Resources Invoice #697 for $112,750; Invoice #634 for $75,000; & Invoice #627 for $141,450) | | | NAC_E_00204515-NAC_E_00204516 |
| 876 | Text messages between M.T. and K.T. on 10.11.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 877 | Text messages between M.T. and K.T. on 10.15.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 878 | INTENTIONALLY LEFT BLANK | | | |
| 879 | Text messages between M.T. and K.T. on 10.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 880 | Text messages between M.T. and K.T. on 10.20.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 881 | Text messages between M.T. and K.T. on 10.21.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 882 | Text messages between M.T. and K.T. on 10.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 883 | Text messages between M.T. and K.T. on 10.25.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 884 | Text messages between M.T. and K.T. on 10.25.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 885 | Text messages between M.T. and K.T. on 10.31.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 886 | Text messages between M.T. and K.T. on 11.01.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 887 | Email re "Invoices from Aero Maintenance Resources" on 11.11.2019 (Aero Maintenance Resources Invoice #1017 for $110,000; Invoice #1021 for $100,000; & Invoice #1103 for $66,750) | | | NAC_E_00204515-NAC_E_00204516 |
| 888 | Text messages between M.T. and K.T. on 11.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 889 | Text messages between M.T. and K.T. on 11.14.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 890 | Text messages between M.T. and K.T. on 11.19.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 891 | Text messages between M.T. and K.T. on 11.20.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 892 | Text messages between M.T. and K.T. on 11.21.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 893 | Text messages between M.T. and K.T. on 11.22.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 894 | Text messages between M.T. and K.T. on 11.25.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 895 | Text messages between M.T. and K.T. on 12.01.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 896 | Text messages between M.T. and K.T. on 12.02.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 897 | Text messages between M.T. and K.T. on 12.03.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 898 | Text messages between M.T. and K.T. on 12.04.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 899 | Text messages between M.T. and K.T. on 12.06.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 900 | INTENTIONALLY LEFT BLANK | | | |
| 901 | Text messages between M.T. and K.T. on 12.11.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 902 | Text messages between M.T. and K.T. on 12.13.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 903 | Email re "Invoices from Aero Maintenance Resources" on 12.17.2019 (Aero Maintenance Resources Invoice #2110 for $49,750; Invoice #2325 for $83,400; & Invoice #2392 for $85,250) | | | NAC_E_00204515-NAC_E_00204516 |
| 904 | Text messages between M.T. and K.T. on 12.20.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 905 | Text messages between M.T. and K.T. on 12.21.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 906 | Text messages between M.T. and K.T. on 12.30.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 907 | Text messages between M.T. and K.T. on 12.31.2019 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 908 | Text messages between M.T. and K.T. on 01.03.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 909 | Text messages between M.T. and K.T. on 01.07.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 910 | Text messages between M.T. and K.T. on 01.08.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 911 | Text messages between M.T. and K.T. on 01.09.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 912 | Email re "Invoices from Aero Maintenance Resources" on 01.09.2020 (Aero Maintenance Resources Invoice #2515 for $79,950; Invoice #2479 for $87,200; & Invoice #2601 for $148,200) | | | NAC_E_00204515-NAC_E_00204516 |
| 913 | Text messages between M.T. and K.T. on 01.10.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 914 | Text messages between M.T. and K.T. on 01.11.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 915 | Text messages between M.T. and K.T. on 01.13.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 916 | Text messages between M.T. and K.T. on 01.16.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 917 | Text messages between M.T. and K.T. on 01.17.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 918 | Text messages between M.T. and K.T. on 01.22.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 919 | Text messages between M.T. and K.T. on 01.26.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 920 | Text messages between M.T. and K.T. on 01.28.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 921 | Text messages between M.T. and K.T. on 01.29.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 922 | Text messages between M.T. and K.T. on 01.31.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 923 | Text messages between M.T. and K.T. on 02.01.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 924 | Text messages between M.T. and K.T. on 02.05.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 925 | Text messages between M.T. and K.T. on 02.12.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 926 | Text messages between M.T. and K.T. on 02.13.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 927 | Text messages between M.T. and K.T. on 02.15.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 928 | Email re "Invoices from Aero Maintenance Resources" on 02.18.2020 (Aero Maintenance Resources Invoice #2807 for $15,689; & Invoice #2753 for $99,211) | | | NAC_E_00204515-NAC_E_00204516 |
| 929 | Text messages between M.T. and K.T. on 02.25.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 930 | Text messages between M.T. and K.T. on 02.26.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 931 | Text messages between M.T. and K.T. on 03.03.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 932 | Text messages between M.T. and K.T. on 03.06.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 933 | Email re "Invoices from Aero Maintenance Resources" on 03.09.2020 (Aero Maintenance Resources Invoice #3004 for $95,000; Invoice #2987 for $33,520; & Invoice #2901 for $90,180) | | | NAC_E_00204515-NAC_E_00204516 |
| 934 | Text messages between M.T. and K.T. on 03.10.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 935 | Email re "Aero Maintenance Invoices for February 2020" on 03.11.2020 (Aero Maintenance Resources Invoice #2990 for $73,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 936 | Text messages between M.T. and K.T. on 03.11.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 937 | Text messages between M.T. and K.T. on 03.17.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 938 | Text messages between M.T. and K.T. on 03.18.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 939 | Email re NO SUBJECT on 03.19.2020 | | | NAC_E_00204515-NAC_E_00204516 |
| 940 | Text messages between M.T. and K.T. on 03.20.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 941 | Text messages between M.T. and K.T. on 03.22.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 942 | Text messages between M.T. and K.T. on 03.23.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 943 | Text messages between M.T. and K.T. on 03.28.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 944 | Text messages between M.T. and K.T. on 03.30.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 945 | Text messages between M.T. and K.T. on 04.01.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 946 | Text messages between M.T. and K.T. on 04.02.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 947 | Text messages between M.T. and K.T. on 04.05.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 948 | Text messages between M.T. and K.T. on 04.06.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---|---|---|---|---|
| 949 | Text messages between M.T. and K.T. on 04.08.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 950 | Email re "Invoices for Aero Maintenance Resources" on 04.14.2020 (Aero Maintenance Resources Invoice #4001 for $87,045; & Invoice #3176 for $127,155) | | | NAC_E_00204515-NAC_E_00204516 |
| 951 | Text messages between M.T. and K.T. on 04.14.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 952 | Email re "Aero Maintenance Invoices for April 2020" on 04.16.2020 (Aero Maintenance Resources Invoice #5120 for $105,603; & Invoice #4784 for $114,685) | | | NAC_E_00204515-NAC_E_00204516 |
| 953 | Email re "Invoice for Global Fuel Logistics, Inc." on 04.27.2020 (Global Fuel Logistics Invoice #7988 for $124,785) | | | NAC_E_00204515-NAC_E_00204516 |
| 954 | Email re "Invoice for Aero Maintenance Resources 2 March 2020" on 05.04.2020 (Aero Maintenance Resources Invoice #3101 for $61,255) | | | NAC_E_00204515-NAC_E_00204516 |
| 955 | Email re "Invoice for Global Fuel Logistics, Inc." on 05.11.2020 (Global Fuel Logistics Invoice #8011 for $83,090) | | | NAC_E_00204515-NAC_E_00204516 |
| 956 | Text messages between M.T. and K.T. on 05.12.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 957 | Text messages between M.T. and K.T. on 05.23.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 958 | Text messages between M.T. and K.T. on 05.28.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 959 | Email re "Invoices for May 2020" on 06.03.2020 (Aero Maintenance Resources Invoice #8888 for $153,725; Global Fuel Logistics #9014 for $159,882; & Global Fuel Logistics Invoice #9071 for $164,065) | | | NAC_E_00204515-NAC_E_00204516 |
| 960 | Text messages between M.T. and K.T. on 06.07.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 961 | Text messages between M.T. and K.T. on 06.09.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 962 | Text messages between M.T. and K.T. on 06.10.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 963 | Text messages between M.T. and K.T. on 06.11.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 964 | Text messages between M.T. and K.T. on 06.16.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 965 | Text messages between M.T. and K.T. on 06.17.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 966 | Text messages between M.T. and K.T. on 06.24.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 967 | Text messages between M.T. and K.T. on 06.25.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 968 | Text messages between M.T. and K.T. on 06.26.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 969 | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10101 for $170,274.50; Aero Maintenance Resources Invoice #9302 for $194,803; & Global Fuel Logistics Invoice #11812 for $127,264) | | | NAC_E_00204515-NAC_E_00204516 |
| 970 | Text messages between M.T. and K.T. on 06.29.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 971 | Text messages between M.T. and K.T. on 07.01.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 972 | Text messages between J.Y. and K.T. on 07.01.2020 | | | SW_FIL_00342321-SW_FIL_00342322 |
| 973 | Email re "Invoice for July 1 2020" on 07.02.2020 (Global Fuel Logistics Invoice #10226 for $95,000) | | | NAC_E_00204515-NAC_E_00204516 |
| 974 | Audio recording of consensual phone call between J.Y. and M.T. on 07.07.2020 | INV_00005038 | | |
| 975 | Audio recording of consensual phone call between J.Y. and M.T. on 07.08.2020 | INV_00005040 | | |
| 976 | Text messages between J.Y. and M.T. on 07.08.2020 | INV_00005141; INV_00005182; INV_00005185 | INV_00005142; INV_00005182; INV_00005191 | |
| 977 | INTENTIONALLY LEFT BLANK | | | |
| 978 | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | NAC_E_00060469 | NAC_E_00060470 | NAC_E_00204515-NAC_E_00204516 |
| 979 | Email re ACH Payment Questions, dated 04.17.2019 | NAC_E_00100476 | | NAC_E_00204515-NAC_E_00204516 |
| 980 | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | SW_FIL_00003054 | | SW_FIL_00011402-SW_FIL_00011407 |
| 981 | Email re Lilky Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00006094 | | SW_FIL_00011402-SW_FIL_00011408 |
| 982 | Email re Lilky Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | SW_FIL_00006901 | | SW_FIL_00011402-SW_FIL_00011409 |
| 983 | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | SW_FIL_00008364 | | SW_FIL_00011402-SW_FIL_00011410 |
| 984 | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | SW_FIL_00009825 | | SW_FIL_00011402-SW_FIL_00011411 |
| 985 | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | NAC_E_00058418 | | NAC_E_00204515-NAC_E_00204516 |
| 986 | Invoice #001 re Kimberley Tew for $10,000.00, dated 02.08.2018 | NAC_00000731 | | NAC_00000978-NAC_00000979 |
| 987 | Transcript of consensual phone call between J.Y. and M.T. on 07.07.2020 | INV_00008612 | INV_00008768 | |
| 988 | Transcript of consensual phone call between J.Y. and M.T. on 07.08.2020 | INV_00008506 | INV_00008539 | |
| 989 | Text messages between M.T. and K.T. on 08.28.2019 | SW_FIL_00327501; SW_FIL_00373676 | SW_FIL_00327505; SW_FIL_00373617 | SW_FIL_00342321-SW_FIL_00342322 |
| 990 | Text messages between M.T. and K.T. on 09.18.2019 | SW_FIL_00327625; SW_FIL_00374972 | SW_FIL_00327628 | SW_FIL_00342321-SW_FIL_00342322 |
| 991 - 999 | INTENTIONALLY LEFT BLANK | | | |
| 1000 | INTENTIONALLY LEFT BLANK | | | |
| 1001 | Account Owners and Signors for Relevant Bank Accounts | | | |
| 1002 | Payments of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | |
| 1003 | Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | |
| 1004 | Summary of [HS CPA], [MCG], and [5530 JD] Invoices and Payments | | | |
| 1005 | Summary of [PM] Invoices and Payments | | | |
| 1006 | Summary of Global Fuel Logistics Invoices and Payments | | | |
| 1007 | Summary of Aero Maintenance Resources Invoices and Payments | | | |
| 1008 - 1099 | INTENTIONALLY LEFT BLANK | | | |

Printed 1/24/2024 at 10:31 PM

| Exhibit | Brief Description | BEG Bates # | END Bates # | 902 Declaration |
|---------|-------------------|-------------|-------------|-----------------|
| 1100 | Certificate of Authenticity for Atlantic Union Bank | ACNB_00000101 | | |
| 1101 | Certificate of Authenticity for ANB Bank | ANB_00000002 | | |
| 1102 | Certificate of Authenticity for ANB Bank | ANB_00000035 | | |
| 1103 | Certificate of Authenticity for BBVA | BBVA_00000002 | | |
| 1104 | Certificate of Authenticity for BBVA | BBVA_00000280 | | |
| 1105 | Certificate of Authenticity for Guaranty Bank and Trust Company | GUAR_00000001 | | |
| 1106 | Certificate of Authenticity for Kraken | KRKN_00000001 | | |
| 1107 | Certificate of Authenticity for Navy Federal Credit Union | NAVY_00000002 | NAVY_00000003 | |
| 1108 | Certificate of Authenticity for GoDaddy | ORD_00019742 | | |
| 1109 | Certificate of Authenticity for Google | ORD_00017711 | | |
| 1110 | Certificate of Authenticity for Verizon | ORD_00019935 | | |
| 1111 | Certificate of Authenticity for Regions Bank | REG_00000001 | | |
| 1112 | Certificate of Authenticity for Simple Finance Technology Corp | SFT_00000001 | | |
| 1113 | Certificate of Authenticity for Signature Bank | SIG_00006978 | | |
| 1114 | Certificate of Authenticity for Google | SW_FIL_00000094 | SW_FIL_00000099 | |
| 1115 | Certificate of Authenticity for Apple | SW_FIL_00342321 | SW_FIL_00342322 | |
| 1116 | Certificate of Authenticity for Google | SW_FIL_00011402 | SW_FIL_00011407 | |
| 1117 | Certificate of Authenticity for Google | SW_FIL_00011557 | SW_FIL_00011561 | |
| 1118 | Certificate of Authenticity for Vcorp | VCORP_00000001 | | |
| 1119 | Certificate of Authenticity for Wells Fargo Bank | WFB_00000144 | WFB_00000146 | |
| 1120 | Certificate of Authenticity for Wells Fargo Bank | WFB_00001054 | WFB_00001058 | |
| 1121 | Certificate of Authenticity for Wynn Las Vegas | WYNN_00000002 | | |
| 1122 | Certificate of Authenticity for Google | ORD_00019955 | ORD_00019961 | |
| 1123 | Certificate of Authenticity for Google | ORD_00019962 | ORD_00019976 | |
| 1124 | Certificate of Authenticity for Google | ORD_00019977 | ORD_00019991 | |
| 1125 | Certificate of Authenticity for Google | ORD_00019992 | ORD_00019996 | |
| 1126 | Certificate of Authenticity for Google | ORD_00019997 | ORD_00020002 | |
| 1127 | Certificate of Authenticity for AT&T | ORD_00020003 | ORD_00020004 | |
| 1128 | Certificate of Authenticity for Navy Federal Credit Union | NAVY_00002211 | NAVY_00002212 | |
| 1129 | Certificate of Authenticity for American Express | AMEX_00000001 | | |
| 1130 | Certificate of Authenticity for National Air Cargo | NAC_E_00204515 | NAC_E_00204516 | |
| 1131 | Certificate of Authenticity for McDonald Automotive (Audi) | AUDI_00000042 | | |
| 1132 | Certificate of Authenticity for Digital Mint | DGMT_00000001 | | |
| 1133 | Certificate of Authenticity for Digital Mint | DGMT_00000814 | | |
| 1134 | Certification of Authenticity for National Air Cargo | NAC_00000978 | NAC_00000979 | |
| 1135 | Certification of Authenticity for Access National Bank | ACNB_00000001 | | |
| 1136 | Certification of Authenticity for Coinbase | COIN_00000076 | | |
| 1137 | Certification of Authenticity for Coinbase | COIN_00000077 | | |
| 1138 | Certification of Authenticity for Coinbase | COIN_00000078 | | |
| 1139 | Certification of Authenticity for Navy FCU | NAVY_00002217 | | |
| 1140 | Certification of Authenticity for Apple | ORD_00015053 | ORD_00015054 | |
| 1141 | Certification for Google | GPAY_00000097 | GPAY_00000106 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1. **MICHAEL AARON TEW, and**
    2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

---

## GOVERNMENT'S TRIAL BRIEF

---

Michael and Kimberley Tew conspired to steal over $5,000,000 from National Air Cargo (NAC) by agreeing to submit fake invoices from sham vendors to their friend and co-conspirator Jonathan Yioulos. Indictment at ¶¶ 1-25 (describing charged conspiracy to commit wire fraud). The pending indictment identifies 39 executions of their fraud scheme — anecdotes of a brazen two-year crime spree that saw the Tews threaten their friend and callously turn away concerns that NAC might not be able to pay its employees or stay out of bankruptcy. Id. at ¶ 30 (charging individual executions of the fraud scheme). The Tews also agreed to fritter away their loot on selfish personal projects benchmarked by 15 five-figure financial transactions. *Id.* at ¶¶ 31-34 (describing charged conspiracy to spend more than $10,000 in fraud proceeds) and ¶ 36 (identifying specific transactions). Despite his substantial income and prior experience as a corporate CFO who knows that income is taxable, Michael

1

Tew failed to file any tax returns in 2016, 2017, 2018, or 2019. *Id.* ¶¶ 37-40.

The jury will hear Michael Tew, with active advice from Kimberley, clumsily try to persuade Yioulos to stay in the conspiracy by explaining the effectiveness of his efforts to conceal the scheme. Hundreds of texts and emails captured by investigators and found by the Court to be preliminarily admissible, ECF No.361, will turn the upcoming trial into an epistolary novel of greed punctuated by the diligent record-keeping of financial institutions who kept track of every ill-gotten penny. The government submits this trial brief to provide legal guidance on the issues that might arise as the court and jury evaluate evidence related to the Tews' crimes.

## I.   The Tews should not be permitted to tell the Court they used the fraudulent emails for one purpose and then shamelessly deny it for another

In an issue adjacent to the one raised by the defendants' motions to suppress, *see* ECF Nos. 370, 373, the defendants have not only taken incriminating positions with the government during proffer sessions — they've also done made strategic decisions before the Court, decisions which now bear consequence.  As part of the motion to suppress, the defendants represented that each of them used the straw email accounts used to submit fraudulent invoices to NAC so that they could establish standing to challenge the warrants used to seize those accounts.  ECF No. 226 at 7-9 (proffering that Kimberley Tew used the [CR]@gmail.com account and the [MCG[@gmail.com account and that Michael Tew used the [PM]@gmail.com account). Although the Supreme Court held that a defendant's testimony at a suppression hearing cannot be admitted against him, it has expressly reserved the issue of

whether such testimony can be used for impeachment purposes. *United States v. Salvucci*, 448 U.S. 83, 94 n.8 (1980). The Tenth Circuit has not ruled on the issue, but the circuits who have weighed in have concluded that such impeachment is permissible. *See, e.g., United States v. Jaswal*, 47 F.3d 539, 544-45 (2d Cir. 1995); *United States v. Beltran-Gutierrez*, 19 F.3d 1287, 1291 (9th Cir. 1994); *United States v. Quesada-Rosdal,* 685 F.2d 1281, 1283 (11th Cir. 1982). If either of the Tews tries to testify on cross-examination that they did not use these respective emails to submit fake invoices, that testimony would be inconsistent with their prior representations to the court and should be a valid basis for cross-examination.

## II.   The Tews acted out of greed, not duress, and should not be permitted to present such a factually baseless defense

Consistent with the position that they cannot present evidence inconsistent with their proffers, the Tews should not be permitted to tell the government that they voluntarily agreed to commit fraud, but then tell a jury that their fraud was justified by duress.

Even if such a defense was *consistent* with their proffers (and to be clear, it is not), the Tews should still not be permitted to argue that they stole $5 million because others to whom they owed money alleged made threats. At all times, the Tews had alternatives to taking millions that didn't belong to them: they could have gone to the police or sought protective orders. *Shannon v. United States*, 76 F.3d 490, 493 (10th Cir. 1935) ("One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury.") And even then, the Tews would have to explain why

3

stealing millions and then using it to gamble, buys cars, pay rent on a $4,500-a-month apartment in Cherry Creek, and otherwise luxuriate in various indulges for two years was necessary to avoid "imminent" danger or otherwise had a "direct causal relationship" to avoiding that danger. *United States v. Vigil*, 743 F.2d 751, 755 (10th Cir. 1984). They cannot and the Court should not entertain the absurdity of letting them try.

### III. The probative value of evidence about Kimberley Tew's motives for participating in the fraud is *res gestae* that is not substantially outweighed by unfair prejudice

Evidence at trial will show that Kimberley Tew has a gambling problem. It will also show that, one of the ways she fed that beast, was to speculate in cryptocurrency, peddling a supposedly winning algorithm to her unwitting "investors." Among her motives for agreeing to take millions from Michael's former employer was a desire to keep placing bets — literally at casinos and online in speculative cryptocurrency products. Evidence of motive is always relevant. And here, the fact that Kimberley consistently wanted money from Yioulos to gamble with will help the jury understand context for the crime. *See, e.g., United States v. Candelaria*, 2024 WL 82845, at *3 (D.N.M. Jan. 8, 2024) ("Gambling is a popular activity, one that ordinarily does not stir an emotional response nor is such evidence likely to confuse the issues or mislead the jury.").

### IV. Testimony about the reasons for Michael Tew's termination is inextricably intertwined with his fraud scheme.

Because evidence about why Michael Tew was fired from NAC provides "contextual and background information" about their relationship to the jury, it is not

4

"other" acts evidence covered by Rule 404(b). *United States v. Parker*, 553 F. 3d 1309, 1314 (10th Cir. 2009); *see United States v. Kupfer*, 797 F.3d 1233, 1228 (10th Cir. 2015) (laying out test for determining whether evidence is intrinsic, and thus not covered by Rule 404); *see, e.g., United States v. William*s, 934 F.3d 1122, 1133–34 (10th Cir. 2019) (concluding that prior statements by defendant were not 404(b) where they explained earlier relevant circumstances and presaged later testimony about the same subject); *United States v. Irving*, 665 F.3d 1184, 1212–13 (10th Cir. 2011) (concluding that prior event helping explain motives for why defendant would want someone dead were intrinsic). The same is true of Ms. Tew's extracurricular hobbies, to the extent that they were a motivating factor in this fraud. *See supra.*

## V. The government should be permitted to offer additionally identified co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E)

In order to prepare for the *James* hearing, the government labored to narrow down those statements it believed were admissible pursuant to Federal Rule of Evidence 801(d)(2)(E). This was a time-intensive process, culling and sorting much detail. And still, at the end, the government submitted a *James* log with 376 entries.

In further preparation for trial, the government has identified two additional co-conspirator statements which directly pertain to counts 44 and 47 of the Indictment. Additionally, the government respectfully seeks reconsideration of one entry which the Court previously ruled inadmissible (James Log 37), which was deemed inadmissible due, at least in part, to marital privilege. ECF No. 361 at 14-15. However, this was a conversation between Ms. Tew and Jonathan Yioulos. The

5

government remains mindful of the Court's admonition to avoid cumulative evidence at trial, and will do so.

## VI.   The defendants must remain within the bounds of the Federal Rules of Evidence on cross-examination.

At the core of this case is the Tews' heartless abuse of trust. Michael Tew, of course, leveraged his high position and intimate knowledge of NAC's inner workings of NAC to embezzle funds from the company, even long after he was terminated. Michael Tew's former position was not just a reflection of his business capabilities, but also of his ability to earn the trust of high-level NAC employees.

The Tews' callousness did not end there. Over of the years, the evidence will show a pattern of the Tews earning the trust of their friends and business associates, only to turn around and treat them not only cruelly, but criminally. A particularly poignant aspect of this pattern is individuals who now are faced with federal testimony, but fear that information from their past friendships with the Tews will be leveraged against them.

The Tews should not be permitted to harass these witnesses on cross-examination, not only because of moral and ethical reasons, but because the Federal Rules of Evidence do not permit it. The most basic and axiomatic principle of trial is that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means. Fed. R. Evid. 103(d). Although the defendants will be accorded wide latitude on cross-examination, that latitude is not unfettered. Events concerning NAC's business, for example, that happened years and even

6

decades before Michael Tew's employment are clearly irrelevant. Similarly, the Federal Rules place clear boundaries on the proper use of impeachment by evidence of a criminal conviction. Fed. R. Evid. 609. And while evidence regarding an individual's prior drug or alcohol use might be a permissible avenue to question a person's credibility as to their memory of events during a certain time period, it should not be used as a character attack.

Likewise, insinuations through cross-examination which seek only to embarrass, harass, or otherwise impugn a person's character should not be allowed. Aspects of witnesses' personal lives, especially private and intimate details, that are years' old, have nothing to do with the witnesses' credibility regarding the events at bar, and that the Tews only have access to because of the way in which they groomed those around them, should be swiftly denied. The Tews are represented by able and professional counsel, and the government expects nothing less.

### VII. The defendants should be restricted to permissible uses of their devices in the courtroom and prohibited from public displays of photographs only designed to encourage a verdict based on emotion.

In prior hearings of this case, both defendants have used their personal laptops in the courtroom. The government takes no issue with this use, provided the screens are limited to the display of admitted evidence and other justifiable work-product related to trial preparation. In the past, however, defendant Kimberley Tew, especially, has used her laptop during proceedings for personal use. Of particular concern is Ms. Tew's habit of scrolling through pictures of her children on her laptop, in a full-screen mode. Should Ms. Tew continue this habit during trial, given the

7

layout of the courtroom, her screen will be on full display to the jury. The Tews' children and the Tews' status as parents are matters wholly irrelevant to the proceedings. The defendants should be admonished on the appropriate limits of the use of their devices at trial, in order to prevent the introduction of subject matter that would only serve to undermine the fair adminstration of justice.

## VIII. The defendants should be restricted to permissible uses of their devices in the courtroom and prohibited from public displays of photographs only designed to encourage a verdict based on emotion.

The government has proposed several summary charts, which the prosecution intends to admit via Fed. R. Evid. 1006 and the testimony of FBI forensic accountant Matt Morgan. Rule 1006 provides that a proponent "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court," provided the proponent makes the originals or duplicates available to the other party. In this case, all such records were provided to the defense in discovery. The government understands that the defendants raised this issue in their respective trial briefs, and will be prepared to discuss these proposed exhibits at the pretrial conference.

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100

By:   */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100

8

Bryan.Fields3@usdoj.gov
Attorney for the Government

Sarah.Weiss@usdoj.gov
Attorney for the Government

9

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_/s/ Bryan Fields_
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

_/s/ Bryan Fields_
Bryan Fields

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

Defendants.

---

## PARTIES' PROPOSED JURY INSTRUCTIONS

---

The parties jointly submit the following Proposed Jury Instructions. The following proposed instructions are designated as Stipulated, Competing, or Non-Stipulated. Citations and source materials are cited below each proposed instruction.

Brackets indicate language that may require adjustment depending on the presentation of evidence at trial.

The parties reserve their rights to modify these requested instructions, withdraw instructions, or submit additional instructions as pretrial and trial proceedings progress.

1

# **PART 0: INSTRUCTIONS PRIOR TO TRIAL**

**PROPOSED INSTRUCTION NO. [ 1 ]**[1]
**STIPULATED**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**
**& INSTRUCTIONS REGARDING NOTE-TAKING**

Members of the jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorneys Bryan Fields and Sarah Weiss. Defendant Michael Tew is represented by Jason Schall and Kristen Frost. Defendant Kimberley Tew is represented by David Kaplan and Jamie Hubbard.

The Indictment charges both Michael Tew and Kimberley Tew with one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code Section 1349 (Count 1). Michael Tew is charged with thirty-nine counts of wire fraud (Counts 2 through 40), and Kimberley Tew is charged with six counts of wire fraud (Counts 21, 22, 25, 26, 31, and 32), in violation of Title 18, United States Code, Section 1343.

The Indictment further charges both Michael and Kimberley Tew with one count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 41). Michael Tew also is charged with fourteen

---

[1]    10th Cir. Pattern Jury Instructions §§ 1.01 & 1.02 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

3

counts of engaging in monetary transactions in property derived from specified
unlawful activity ("money laundering–spending") (Count 42 and Counts 44 through
56), and Kimberley Tew is also charged with five counts of money laundering–
spending (Counts 43, 44, 47, 48, and 56), in violation of Title 18, United States Code,
Section 1957.

The Indictment further charges Michael Tew with four counts of willful failure
to file tax returns, in violation of Title 26, United States Code, Section 7203 (Counts
57 through 60).

The Indictment is simply the description of the charges made by the
government against the defendants; it is not evidence of guilt or anything else. The
defendants have pled not guilty and are presumed innocent. Each defendant may not
be found guilty by you unless all twelve of you unanimously find that the government
has proved that defendant's guilt beyond a reasonable doubt. There are two
defendants in this case, and you will have to give separate consideration to the case
against each defendant, as each is entitled to individual consideration.

The first step in the trial will be the opening statements. The government in
its opening statement will tell you about the evidence which it intends to put before
you. Just as the Indictment is not evidence, neither is the opening statement. Its
purpose is only to help you understand what the evidence will be. It is a road map to
show you what is ahead.

4

After the government's opening statement, each defendant may make an opening statement. [Change if any defendant reserves his/her statement until later or omit if a defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants' lawyers may [make an opening statement and] present evidence, but they are not required to do so. I remind you that each defendant is presumed innocent and it is the government that must prove each defendant's guilt beyond a reasonable doubt. If a defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer or to an answer by a witness. This simply means that the lawyer or party is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly,

5

if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

The lawyers for both sides may object to some of the things that are said and done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.[2]

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys or the parties about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

---

[2]      6th Cir. Pattern Jury Instructions § 1.09 (current through July 1, 2019).

6

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes. If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

[I will now summarize the allegations detailed in the Indictment. As I mentioned, the defendants are Michael Tew and Kimberley Tew. The Indictment alleges that, during the relevant time period, they were married. As described in the Indictment, Mr. Michael Tew and Ms. Kimberly Tew are alleged to have conspired to defraud National Air Cargo (NAC or National), a Florida company at which Mr. Tew served as a contracted chief financial officer between 2015 and September 2018. The Indictment alleges that this scheme to defraud involved the submission of false invoices to NAC by companies that either never existed and/or never provided services to NAC. According to the Indictment, the alleged conspiracy to defraud NAC resulted in a loss of over $4 million. The Indictment also alleges a conspiracy to commit money laundering by Mr. Tew and Ms. Tew, as well as money laundering-

7

spending counts. These counts involve allegations that Mr. and Ms. Tew spent funds that they obtained through the scheme to defraud NAC. Finally, the Indictment alleges that Mr. Tew willfully failed to file federal income tax returns over a series of several years.][3]

[Insert discussion of the elements of the offense here if they are to be set out for the jury in the preliminary instruction.][4]

[Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.]

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom

---

[3]    This summary is derived from and expanded from the Court's prior summaries in previous Orders in this case. *See, e.g.*, ECF Nos. 258, 259, 262 (Orders Denying Motions to Suppress).

[4]    *See infra*, Proposed Instructions of the Offense Elements.

8

until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful. Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Weiss, you may present the opening statement for the government.

9

# PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

1178

**PROPOSED INSTRUCTION NO. [ 2 ][5]**
**STIPULATED**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

---

[5]    10th Cir. Pattern Jury Instructions § 1.03 (3d ed. 2021).

11

**PROPOSED INSTRUCTION NO. [ 3 ]**[6]
**STIPULATED**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

The lawyers may properly refer to some of the governing rules of law in their closing arguments. If there is any difference between the law as stated by the lawyers and my instructions, you must follow my instructions.

---

[6]      10th Cir. Pattern Jury Instructions § 1.04 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

12

**PROPOSED INSTRUCTION NO. [ 4 ][7]
STIPULATED**

**PRESUMPTION OF INNOCENCE—
BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendants guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that defendant Michael Tew, or defendant Kimberley Tew, or both, are guilty of the crimes charged, you must find him or her guilty. If on the other hand, you think there is a real possibility that he or she is not guilty, you must give him or her the benefit of the doubt and find him or her not guilty.

---

[7]    10th Cir. Pattern Jury Instructions § 1.05 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

13

**PROPOSED INSTRUCTION NO. [ 5 ]**[8]
**NON-STIPULATED IN PART (see footnote)**

**EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, [the stipulations that the lawyers or parties agreed to, and the facts that I have judicially noticed].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

[Certain charts and summaries have been shown to you to help explain the evidence in this case but were not admitted as exhibits. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.][9]

---

[8]     10th Cir. Pattern Jury Instructions § 1.06 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191); *see also* 10th Cir. Pattern Jury Instructions § 1.41 (3d ed. 2021).

[9]     Defendant Michael Tew and defendant Kimberley Tew each object to this paragraph, at least at this time. Each defendant continues to evaluate his and her objections to certain summary exhibits that the government has proposed as admissible pursuant to Fed. R. Evid. 1006. Should any such exhibits be admitted at trial, such that giving this part of the instruction is appropriate, each will provide an update as to his and her respective objections at that time.

14

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Your notes are not evidence. If your memory should differ from your notes, or those of other jurors, then you should rely on your memory and not on your notes or the notes of other jury members.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

15

**PROPOSED INSTRUCTION NO. [ 6 ]**[10]
**STIPULATED**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

As I instructed you at the beginning of the trial, there are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a fact or a chain of facts which point to the existence or non-existence of certain other facts.

[As a general rule,][11] the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts based on all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been established by the evidence.

---

[10]     10th Cir. Pattern Jury Instructions § 1.07 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

[11]     The Pattern Instruction includes this bracketed language, but this Court previously deleted it in *Cline*.

16

## PROPOSED INSTRUCTION NO. [ 7 ][12]
## STIPULATED

### CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

---

[12]  10th Cir. Pattern Jury Instructions § 1.08 (3d ed. 2021).

17

- Did the witness clearly see or hear the things about which he or she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his or her credibility evaluated in the same way as that of any other witness.]

[The defendant[s] did not testify and I remind you that you cannot consider [his/her/their] decision not to testify as evidence of guilt. I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.][13]

---

[13] If either defendant, or both of the defendants, elect not to testify, this language should be moved to a separate instruction pursuant to 10th Cir. Pattern Jury Instruction § 1.08.1 (Non-Testifying Defendant).

18

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

19

**PROPOSED INSTRUCTION NO. [ 8 ]**[14]
**STIPULATED IN PART (see footnote)**[15]

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of one or more witnesses who, before this trial, made statements that may be different from their testimony here in court. These earlier statements were brought to your attention only to help you decide how believable their testimony was in this trial. You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

---

[14]   10th Cir. Pattern Jury Instructions § 1.10 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

[15]   Defendant Michael Tew and defendant Kimberley Tew each seek to reserve the right to argue and propose an instruction that, under certain circumstances as outlined in Rule 801(d)(2)(A), testimony may be admissible as substantive evidence.

20

**PROPOSED INSTRUCTION NO. [ 9 ]**[16]
**STIPULATED**

**IMPEACHMENT BY PRIOR CONVICTION—WITNESS OTHER THAN
DEFENDANT**

The testimony of a witness may be discredited or impeached by showing that

the witness previously has been convicted of a [felony, that is, of a crime punishable

by imprisonment for a term of years] or of a [crime of dishonesty or false statement].

A prior conviction does not mean that a witness is not qualified to testify, but is

merely one circumstance that you may consider in determining the credibility of the

witness. You may decide how much weight to give any [prior felony conviction] [crime

of dishonesty] that was used to impeach a witness.

---

[16]     10th Cir. Pattern Jury Instructions § 1.12 (3d ed. 2021).

21

## PROPOSED INSTRUCTION NO. [ 10 ][17]
## STIPULATED

### ACCOMPLICE—CO-PARTICIPANT—PLEA AGREEMENT

The government called as a witness an alleged co-participant in the charged scheme, who was identified as a co-defendant in the Indictment. The government has entered into a plea agreement with this co-participant, providing for the dismissal of some charges and a recommendation of a lesser sentence than this participant might otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

An alleged co-participant, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged co-participant may, but itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged co-participant, unless you believe that testimony beyond a reasonable doubt. The fact that a co-participant has entered a guilty plea to the offense charged is not evidence of the guilt of any other person. The witness's plea agreement may not be used to establish the guilt of either of these defendants. The fact that the co-participant pled guilty should only be used to assess the co-participant's credibility as a witness.

---

[17]     10th Cir. Pattern Jury Instructions § 1.15 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

22

## INSTRUCTION NO. [ 11 – Gov't ][18]
## NON-STIPULATED

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE[19]

On occasion, a particular item of evidence or testimony has been received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

[Detail statements from defendant Michael Tew and defendant Kimberley Tew that may be received only as to that defendant who made that statement.][20]

---

[18]    1st Cir. Pattern Jury Instructions § 3.07 (updated March 6, 2017); *see also* 3 Fed. Jury Prac. & Instr. § 104.42 (5th ed.).

[19]    Defendant Michael Tew and defendant Kimberley Tew each object to this proposed instruction, and note that their objections implicate the subject of pending motions. *See* ECF Nos. 370, 373 (M. Tew & K. Tew's motions *in limine* regarding use of proffer statements).

[20]    *See Samia v. United States*, 599 U.S. 635, 642, 655 (2023) (evaluating line of cases that began with *Bruton v. United States*, 391 U.S. 123, 126 (1968), and concluding that limiting instruction sufficiently protected defendants' rights where sanitized confession might nevertheless allow jury to make inferences regarding that confession and explaining that "[t]he Confrontation Clause ensures that defendants have the opportunity to confront witnesses against them, but it does not provide a freestanding guarantee against the risk of potential prejudice that may arise inferentially in a joint trial."; *see also United States v. Zar*, 790 F.3d 1036, 1052 (10th Cir. 2015) *(*applying *Richardson v. Marsh*, 481 U.S. 200, 208, 211 (1987), for principle that, where a non-testifying codefendant's statements implicating another codefendant can be "linked with evidence introduced later at trial," the Confrontation Clause is not violated as long as the court (1) redacts the non-testifying codefendant's confession to eliminate the defendant's name and any reference to their existence, and (2) gives a proper limiting instruction when admitting the confessing statement).

23

## PROPOSED INSTRUCTION NO. [ 12 ][21]
## STIPULATED

### WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

[Name of witness] may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

---

[21]     10th Cir. Pattern Jury Instructions § 1.16 (3d ed. 2021).

**PROPOSED INSTRUCTION NO. [ 13 ]**[22]
**STIPULATED IN PART (see footnote)**[23]

**TRANSCRIPTS OF RECORDED CONVERSATIONS**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

---

[22]     10th Cir. Pattern Jury Instructions § 1.40 (3d ed. 2021); Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

[23]     Defendant Michael Tew and defendant Kimberley Tew object to this pattern instruction, in so far as it contemplates the jury taking transcripts of recordings into the jury deliberation room. The defendants do not object to the use of transcripts during trial to assist in the presentation of audio recorded evidence, or to the pattern language, apart from this issue.

25

**[PROPOSED INSTRUCTION NO. [ 14 ][24]**
**STIPULATED**

**CONFESSION-STATEMENT—VOLUNTARINESS BY DEFENDANT**
**(Multiple Defendants)**

Evidence relating to any statement attributed to a defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

---

[24] 10th Cir. Pattern Jury Instructions § 1.26 (3d ed. 2021) (modified to reflect multiple defendants and multiple statements).

26

**PROPOSED INSTRUCTION NO. [ 15 ]**[25]
**STIPULATED**

**CAUTION—CONSIDER ONLY CRIMES CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that defendant Michael Tew or defendant Kimberley Tew, or both, are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

---

[25]     10th Cir. Pattern Jury Instructions § 1.19 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

27

**PROPOSED INSTRUCTION NO. [ 16 ][26]**
**STIPULATED**

**CAUTION—PUNISHMENT**

If you find that defendant Michael Tew or defendant Kimberley Tew, or both, are guilty of any of the crimes charged, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

---

[26]    10th Cir. Pattern Jury Instructions § 1.20 (3d ed. 2021) (modified to reflect multiple defendants and multiple counts).

28

**PROPOSED INSTRUCTION NO. [ 17 ]**[27]
**STIPULATED**

**MULTIPLE DEFENDANTS—MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the Indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

---

[27]     10th Cir. Pattern Jury Instructions § 1.22 (3d ed. 2021).

29

## PROPOSED INSTRUCTION NO. [ 18 ][28]
## STIPULATED

## ON OR ABOUT

You will note that the Indictment charges that the crimes were committed on or about certain dates. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near these dates.

---

[28]     10th Cir. Pattern Jury Instructions § 1.18 (3d ed. 2021) (modified to reflect Charge of the Honorable Daniel D. Domenico at 13, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

## PROPOSED INSTRUCTION NO. [ 19 ][29]
## NON-STIPULATED[30]

### PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

---

[29]     *See* Charge of the Hon. Christine M. Arguello Criminal at 27, *United States v. Luton*, 19-cr-00098-CMA (D. Colo. Feb. 13, 2020), ECF No. 103).

[30]     Defendant Michael Tew and defendant Kimberley Tew each object statign that the concerns in this instruction are adequately addressed by the use of the pattern instructions adopted in this district.

31

## PART II: ELEMENTS OF THE CRIMES CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. Now I will explain the elements of the crimes with which the defendants are charged in this case.

32

**PROPOSED INSTRUCTION NO. [ 20 ]**[31]
**STIPULATED**

**CONSPIRACY TO COMMIT WIRE FRAUD – 18 U.S.C. § 1349**

**(Count 1 – Michael Tew; Kimberley Tew)**

The defendants, Michael Tew and Kimberley Tew, are each charged in Count 1 of the Indictment with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

This law makes it a federal crime for any person to conspire to commit wire fraud. I will instruct you in a moment about wire fraud, which is the offense charged against one or both of the defendants in Counts 2 through 40. You should refer to those instructions regarding the elements of wire fraud.

**(CONTINUED ON FOLLOWING PAGE)**

---

[31] 10th Cir. Pattern Jury Instructions § 2.19 (conspiracy in general) & 10th Cir. Pattern Jury Instructions § 2.87 (modified to exclude elements of 21 U.S.C. § 846 pertaining to a controlled substances conspiracy) (3d ed. 2021); *United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011) (citing *Whitfield v. United States*, 543 U.S. 209 (2005)) (addressing § 1349 conspiracy and noting that a § 1349 charge does not require proof of an overt act).

33

To find a defendant guilty of conspiracy to commit wire fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:  The defendant agreed with at least one other person to commit wire fraud;

*Second*:  The defendant knew of the essential objectives of the conspiracy;

*Third*:  The defendant knowingly and voluntarily participated in the conspiracy; and

*Fourth*:  There was interdependence among the members of the conspiracy. That is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

For further instruction on the definition of "knowledge"; "knowingly"; and "voluntarily," refer to Instruction Nos. [__] – [__].

For further instruction on the definitions of "agreement" and "interdependence," refer to Instruction No. [__].

For further instruction on the elements of wire fraud, refer to Instruction No. [___].

34

**PROPOSED INSTRUCTION NO. [ 21 - Gov't ]** [32]
**NOT STIPULATED**[33]

**CONSPIRACY TO COMMIT MONEY LAUNDERING – 18 U.S.C. § 1956(h)**

**(Count 41 – Michael Tew; Kimberley Tew)**

The defendants, Michael Tew and Kimberley Tew, are each charged in Count 41 of the Indictment with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

This law makes it a federal crime for any person to conspire to commit money laundering. I will instruct you in a moment about money laundering, which is the offense charged against one or both of the defendants in Counts 42 through 56. You should refer to those instructions regarding the elements of Title 18, United States Code, Section 1957 (money laundering–spending).

**(CONTINUED ON FOLLOWING PAGE)**

---

[32]    *United States v. Keck*, 643 F.3d 789, 794 (10th Cir. 2011).

[33]    The Tenth Circuit does not have pattern language for a money laundering conspiracy charge, in violation of 18 U.S.C. § 1956(h), where the Section 1956(h) charge is premised on violations of 18 U.S.C. § 1957. The present option, as proposed by the government, hews closely to the statutory language. The parties continue to meaningfully confer on this instruction, and the defendants expressly reserve the right to pose a suitable alternative to the government and to the Court, but this instruction remains, at the present time, disputed..

35

To find a defendant guilty of conspiracy to commit money laundering, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:     The defendant agreed with another person to knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957;[34]

*Second*:     The defendant knew of the essential objectives of the conspiracy;

*Third*:     The defendant knowingly and voluntarily participated in the conspiracy; and

*Fourth*:     There was interdependence among the members of the conspiracy.

For further instruction on the definition of "knowledge" and "knowingly"; and "voluntarily," refer to Instruction Nos. [__] – [__].

For further instruction on the definitions of "agreement" and "interdependence," refer to Instruction No. [__].

For further instruction on the offense of money laundering–spending, refer to Instruction No. [___].

---

[34]     The Tenth Circuit does not have pattern language for a money laundering conspiracy charge, in violation of 18 U.S.C. § 1956(h), where the Section 1956(h) charge is premised on violations of 18 U.S.C. § 1957. In recognition of the absence of a guiding pattern instruction, the parties have opted to hew closely to the statutory language, but are open to further conferral on this language.

36

**PROPOSED INSTRUCTION NO. [22 ]**[35]
**STIPULATED IN PART (see footnote)**[36]

**CONSPIRACY — AGREEMENT & INTERDEPENDENCE DEFINED**

**(Counts 1 and 41)**

Count 1 and Count 41 charge two separate conspiracies. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details.

**(CONTINUED ON FOLLOWING PAGE)**

---

[35] 10th Cir. Pattern Jury Instructions § 2.87 (3d ed. 2021) (modified to exclude elements of 21 U.S.C. § 846 pertaining to a controlled substances conspiracy); *see also* 6th Cir. Pattern Jury Instructions §§ 3.02, 3.30 (current through July 1, 2019) (paragraph 4 and 5 of proposed instruction, respectively); *United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009) (quotation marks and internal quotation marks omitted) (paragraph 4 and paragraph 7 of proposed instruction, respectively).

[36] Defendant Michael Tew and defendant Kimberley Tew object to the provisions of this instruction, as proposed by the government, in so far as it includes certain language not in the 10th Circuit Pattern Instruction. That language has been indicated by brackets in this proposed instruction. The defendants otherwise have no objection to the standard 10th Cir. Pattern language.

37

[Moreover, the government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.]

[Conspiracy convictions may be based on circumstantial evidence, and you may infer conspiracy from the defendants' conduct and other circumstantial evidence indicating coordination and concert of action. But it is up to the government to convince you that such facts and circumstances existed in this particular case.]

If you are convinced that the charged conspiracy existed, then you must next determine whether a defendant was a member of that conspiracy, that is, whether that defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. You must consider each defendant separately in this regard.

[The law does not require proof that a defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A defendant's knowledge can be proved circumstantially or indirectly by facts and circumstances which lead to a conclusion that a defendant knew the conspiracy's main purpose.]

<div align="center">**(CONTINUED ON FOLLOWING PAGE)**</div>

<div align="center">38</div>

A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

[Interdependence is present if the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole. Interdependence is established when each coconspirators' actions are necessary to accomplish a common, illicit goal.[37]]

---

[37] *United States v. Wardell*, 591 F.3d 1279, 1287 (10th Cir. 2009) (quotation marks and internal quotation marks omitted)

**PROPOSED INSTRUCTION NO. [ 23 – Gov't ]**[38]
**COMPETING**

**CONSPIRACY — EVIDENCE OF MULTIPLE CONSPIRACIES**[39]

**(Counts 1 and 41)**

Counts 1 and 41 of the Indictment charge that defendants Michael Tew and

Kimberley Tew were members of two different conspiracies, specifically, a conspiracy

to commit wire fraud, in Count 1, and a conspiracy to commit money laundering, in

Count 41.

You must determine whether each conspiracy, as charged in the Indictment,

existed, and if it did, whether Michael Tew or Kimberley Tew, or both, was a member

of it.

If you find that a defendant was not a member of one of the conspiracies

charged, then you must find the defendant not guilty of that conspiracy, even though

the defendant may have been a member of some other conspiracy. This is because

proof that a defendant was a member of one charged conspiracy, or some other

uncharged conspiracy, is not enough to convict on a different charged conspiracy.

**(CONTINUED ON FOLLOWING PAGE)**

---

[38]     10th Cir. Pattern Jury Instructions § 2.20 (3d ed. 2021) (modified to exclude
language regarding defense arguments regarding existence of multiple conspiracies,
rather than the single conspiracy charged, but keeping language instructing that the
government is required to meet its burden of proof as to each separate charged
conspiracy).

[39]     Defendant Michael Tew and defendant Kimberley Tew each object to this
10th Circuit Pattern Instruction.

40

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that he or she was also a member of the conspiracy charged in the Indictment.

41

**PROPOSED INSTRUCTION NO. [ 24 - Gov't ]** [40]
**NOT STIPULATED** [41]

## CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNTS

If you find either defendant guilty of either of the conspiracies charged in Counts 1 or 41 of the Indictment, and you find beyond a reasonable doubt that another coconspirator committed a substantive offense charged in relation to one of those conspiracies during the time the defendant was a member of that conspiracy, and if you find that a substantive offense charged in relation to one of those conspiracies was committed to achieve an objective of or was a foreseeable consequence of the conspiracy, then you may find the defendant charged with that substantive offense guilty of that substantive offense, even though the defendant may not have participated in any of the acts that constitute the offenses described in the substantive offenses.

**(CONTINUED ON FOLLOWING PAGE)**

---

[40]     10th Cir. Pattern Jury Instructions § 2.21 (3d ed. 2021; *Pinkerton v. United States*, 328 U.S. 640, 645–48 (1946); *United States v. Cherry*, 217 F.3d 811, 817 (10th Cir. 2000); *United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992); *United States v. Dumas*, 688 F.2d 84, 87 (10th Cir. 1982).

[41]     The parties will continue to confer on this instruction.

42

The substantive offenses associated with each of the charged conspiracies are as follows:

| Conspiracy to Commit Wire Fraud (Count 1) | |
|---|---|
| Wire Fraud <br>    (as to defendant Michael Tew) | Counts 2-40 |
| Wire Fraud <br>    (as to defendant Kimberley Tew) | Counts 21, 22, 25, 26, 31, 32 |
| Conspiracy to Money Laundering (Count 41) | |
| Money Laundering–Spending <br>    (as to defendant Michael Tew) | Counts 44-56 |
| Money Laundering–Spending <br>    (as to defendant Kimberley Tew) | Counts 43, 44, 47, 48, 56 |

43

**PROPOSED INSTRUCTION NO. [ 25 ]**[42]
**STIPULATED**

**WIRE FRAUD — 18 U.S.C. § 1343**

**(Counts 2 – 40 (Michael Tew))**
**and**
**(Counts 21, 22, 25, 26, 31, and 32 (Kimberley Tew))**

Defendant Michael Tew is charged with 39 violations (in Counts 2 through 40), and defendant Kimberley Tew is charged with 6 violations (in Counts 21, 22, 25, 26, 31 and 32), of Section 1343 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud.

**(CONTINUED ON FOLLOWING PAGE)**

---

[42]    10th Cir. Pattern Jury Instructions § 2.57 (3d ed. 2021); *see also United States v. Cline*, 21-cr-00339-DDD (D. Colo. 2023) (ECF No. 191 at 20-21, Final Instruction No. 17).

To find the defendant guilty of wire fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:     the defendant devised or intended to devise a scheme to defraud, as alleged in the Indictment;

*Second*:   the defendant acted with specific intent to defraud;

*Third*:    the defendant used or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*:   the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A scheme to defraud includes a scheme to deprive another of money, property, or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be false when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

**(CONTINUED ON FOLLOWING PAGE)**

45

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

46

**PROPOSED INSTRUCTION NO. [ 26 - Gov't ][43], [44]**
**COMPETING**

**MONEY LAUNDERING–SPENDING — 18 U.S.C. § 1957**

**(Counts 42 and 44 – 56 (Michael Tew))**
**and**
**(Counts 43, 44, 47, 48 and 56 (Kimberley Tew))**

Defendant Michael Tew is charged with 14 violations (in Count 42 and Counts 44 through 56), and defendant Kimberley Tew is charged with 5 violations (in Counts 43, 44, 47, 48, and 56), of Section 1957 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

These counts charge the defendants with engaging in monetary transactions in violation of federal law.

**(CONTINUED ON FOLLOWING PAGE)**

---

[43]   *See United States v. Huff*, 641 F.3d 1228, 1230-31 (10th Cir. 2011) (citations omitted); *see also* 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019); 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017).

[44]   The introduction to this instruction, as well as proposed additional instructions regarding the terms used in § 1957, are derived primarily from comments to 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019) and 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017). The Sixth Circuit Committee specifically advises against giving "instruction[s] recounting the statutory language of [§§ 1956 and 1957] because it would be difficult for the jury to absorb."

47

To find the defendant guilty of money laundering–spending, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:       the defendant engaged in a monetary transaction;

*Second*:       the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

*Third*:       the property had a value of more than $10,000;

*Fourth*:       the property was in fact proceeds of wire fraud; and

*Fifth*:       the transaction took place within the United States.

The term "proceeds of some criminal activity" means any property constituting, or derived from, proceeds obtained from a criminal offense. Wire fraud is a type of specified unlawful activity.[45]

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.[46]

### (CONTINUED ON FOLLOWING PAGE)

---

[45]   *See United States v. Huff*, 641 F.3d at 1230 (language altered for readability; citations omitted).

[46]   10th Cir. Pattern Jury Instructions § 1.39 (3d ed. 2021).

48

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.[47] All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce, however minimal that effect is. [A minimal effect is sufficient (for example, a deposit in an FDIC-insured bank is sufficient).][48]

[The government does not have to prove that a defendant knew that the money was derived from a specified unlawful activity or that a defendant committed the specified unlawful activity. It is enough that defendant had general knowledge that the proceeds; money; deposit; etc. came from some kind of criminal offense.][49]

---

[47]     10th Cir. Pattern Jury Instructions § 1.39.1 (3d ed. 2021).

[48]     1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017); *see also Huff*, 641 at 1231 (supporting same reasoning as reflected in 1st Circuit instruction).

Defendant Michael Tew and defendant Kimberley Tew each object to this sentence insofar as it is not included in 10th Cir. Pattern Jury Instructions § 1.39 and 1.39.1.

[49]     1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017).
Defendant Michael Tew and defendant Kimberley Tew each object to this paragraph insofar as it is not included in 10th Cir. Pattern Jury Instructions § 1.39 and 1.39.1.

49

**PROPOSED INSTRUCTION NO. [26 - M. Tew][50], [51]
COMPETING**

**MONEY LAUNDERING–SPENDING — 18 U.S.C. § 1957**

**(Counts 42 and 44 – 56 (Michael Tew))
and
(Counts 43, 44, 47, 48 and 56 (Kimberley Tew))**

Defendant Michael Tew is charged with 14 violations (in Count 42 and Counts 44 through 56) and defendant Kimberley Tew is charged with 5 violations (in Counts 43, 44, 47, 48, and 56) of Section 1957 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

These counts charge the defendants with engaging in a monetary transaction in violation of federal law.

**(CONTINUED ON FOLLOWING PAGE)**

---

[50]  *See United States v. Huff*, 641 F.3d 1228, 1230-31 (10th Cir. 2011) (citations omitted); *see also* 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019); 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017).

[51]  The introduction to this instruction, as well as proposed additional instructions regarding the terms used in § 1957, are derived primarily from comments to 6th Cir. Pattern Jury Instructions § 11.06 (current through July 1, 2019) and 1st Cir. Pattern Jury Instructions § 4.18.1957 (updated March 6, 2017). The Sixth Circuit Committee specifically advises against giving "instruction[s] recounting the statutory language of [§§ 1956 and 1957] because it would be difficult for the jury to absorb."

50

To find the defendant guilty of money laundering–spending, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

| | | |
|---|---|---|
| *First*: | the defendant engaged; |
| *Second*: | in a monetary transaction; |
| *Third*: | in criminally derived property; |
| *Fourth*: | the defendant knew the transaction involved property or funds that were derived from unlawful actions; |
| *Fifth*: | the property had a value of more than $10,000; |
| *Sixth*: | the property was in fact proceeds of wire fraud; and |
| *Seventh*: | the transaction took place within the United States. |

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. Funds obtained by wire fraud are considered to be criminally derived property.[52]

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

**(CONTINUED ON FOLLOWING PAGE)**

---

[52] *See United States v. Huff*, 641 F.3d at 1230 (language altered for readability; citations omitted).

51

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.[53]

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. [54]

---

[53]    10th Cir. Pattern Jury Instructions § 1.39 (3d ed. 2021).

[54]    10th Cir. Pattern Jury Instructions § 1.39.1 (3d ed. 2021).

52

**PROPOSED INSTRUCTION NO. [ 27 ]**[55]
**STIPULATED IN PART (see footnote)**[56]

**WILLFUL FAILURE TO FILE A TAX RETURN — 26 U.S.C. § 7203**

**(Counts 57 – 60 (Michael Tew))**

Defendant Michael Tew is charged with 4 violations (in Counts 57 through 60), of Section 7203 of Title 26 of the United States Code, alleged on various dates, as listed in the Indictment.

This law makes it a crime to willfully fail to file federal income tax returns.

To find the defendant guilty of willfully failing to file a tax return, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

*First*:     the defendant was required to file a return for the calendar year specified in the Count of the Indictment;

*Second*:     the defendant failed to file an income tax return as required by Title 26 of the United States Code; and

*Third*:     in failing to do so, the defendant acted willfully;

**(CONTINUED ON FOLLOWING PAGE)**

---

[55]     *See* 9th Cir. Pattern Jury Instructions §§ 22.2, 22.6 (2022 ed.).

[56]     The government objects to the bracketed language in the last paragraph.

53

To prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

[If the defendant acted on a good faith misunderstanding as to the requirements of the law, he did not act willfully even if his understanding of the law was wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.]

54

## PART III: DELIBERATIONS & VERDICT FORM

That concludes the part of my instructions explaining the law that applies in this case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

55

## PROPOSED INSTRUCTION NO. [ 28 ][57]
### STIPULATED

### PROCEDURES FOR DELIBERATION

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will help to guide your deliberations and will speak for you here in the courtroom. You should also review the instructions. Your deliberations will be more productive if you understand the legal principles upon which your verdict must be based, and you are bound by your oath to follow the law stated in these instructions throughout your deliberations. Once you begin deliberations, you may only discuss the case if all jurors are present.

Second, it is your duty as jurors to discuss this case with one another in the jury room and try to reach agreement. Each of you must decide the case for yourself, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. During your deliberations, do not hesitate to re-examine your own opinions, and do not be afraid to change your mind if the discussion persuades you that you should. But do not make a decision or surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or simply to reach a verdict. Remember at all times that you are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[57]    *See* Charge of the Honorable Daniel D. Domenico at 25-26, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

Third, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. You should not tell anyone—including me—details of your deliberations or how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence you have seen and heard in the courtroom and on the law I have given to you in these instructions.

Fifth, the verdict must represent the considered judgment of each of you. In order to return a verdict, whether it is guilty or not guilty, it is necessary that each juror agree. Your verdict must be unanimous on each count.

Finally, the verdict form is the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility..

## PROPOSED INSTRUCTION NO. [ 29 ][58]
## STIPULATED

### COMMUNICATION DURING DELIBERATIONS

During your deliberations, you must not communicate with, provide any information to, or receive any information from anyone else by any means about this case. You may not use any electronic device or medium, such as a phone, computer, or tablet, to communicate to anyone any information about this case, or to conduct any research about this case. Until I accept your verdict, you can only discuss the case in the jury room with your fellow jurors. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. You will never have to explain your verdict to anyone. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties to the case. This would unfairly impact the judicial process.

---

[58]     *See* Charge of the Honorable Daniel D. Domenico at 27, *United States v. Cline*, 21-cr-00339-DDD (D. Colo. July 28, 2023), ECF No. 191).

## PART IV: THE INDICTMENT

The Indictment will be provided to you for your convenience.

You will note that the Indictment charges that crimes were committed on or about specified dates. Per my previous instruction, the government must prove beyond a reasonable doubt that the defendants committed the crimes reasonably near those dates.[59]

Remember, the Indictment is not evidence. You may not rely on anything said in the Indictment to find the defendants guilty on any charge, and you must not let the Indictment influence your weighing of the evidence. You are receiving the Indictment simply to help you understand what you are deliberating about when you consider each count.

Because the Indictment is lengthy, I will not read it now, but as I said, it will be included in your set of jury instructions.

---

[59]    *See* 10th Cir. Pattern Jury Instructions § 1.18 (3d ed. 2021) (modified to reflect multiple counts) (cited *supra*).

59

Respectfully submitted this 24th day of January, 2024, on behalf of all the parties:

<div style="text-align:center">

COLE FINEGAN
United States Attorney
</div>

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

By:   */s/ Jason D. Schall*
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
(720) 505-3861
jason@bowsch.com
Counsel for Defendant Michael Tew

By:   */s/ Kristen M. Frost*
Kristen M. Frost
Ridley, McGreevy Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
(303) 629-9700
frost@ridleylaw.com
Counsel for Defendant Michael Tew

By:   */s/ David S. Kaplan*
David S. Kaplan
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, CO 80218
(720) 689-8909
kaplan@slhlegal.com
Counsel for Defendant Kimberley Ann Tew

By:   */s/ Jamie Hubbard*
Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, CO 80218
(720) 689-8909
hubbard@ slhlegal.com
Counsel for Defendant Kimberley Ann Tew

<div style="text-align:center">60</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
sarah.weiss@usdoj.gov

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Sarah Hunter Weiss (caseview.ecf@usdoj.gov,
maggie.grenvik@usdoj.gov, sarah.weiss@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David
Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Kristen
M. Frost (frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com), Lisa Marie
Saccomano (lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com), Jamie Hughes Hubbard
(hickam@slhlegal.com, hubbard@slhlegal.com, rodriguez@slhlegal.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Jason Dale Schall (jason@bowsch.com, jasondschall@yahoo.com),
Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: clinde (colin_linde@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9518708@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/25/2024 at 10:38 AM MST and filed on 1/25/2024

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 381(No document attached) |

**Docket Text:**
 **ORDER re Kimberley Tew's [373] Motion in Limine and [374] Motion to Continue Trial. The government must provide responses to these two motions at or before 11:59 pm on Friday, January 26, 2024. The government's response deadline for Mr. Tew's [370] Motion in Limine is also extended to 11:59 pm on Friday, January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/25/2024. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Nancy Lin Cohen     nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan     kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld     rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost     frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall     jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard     hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss     sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano     lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler     egaller@gcorplaw.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Nancy Lin Cohen (cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com,
mary@cohenblacklaw.com, nancy@cohenblacklaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Kristen
M. Frost (frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com), Eric S.
Galler (egaller@gcorplaw.com), Jamie Hughes Hubbard (hickam@slhlegal.com,
hubbard@slhlegal.com, rodriguez@slhlegal.com), David Scott Kaplan (hickam@slhlegal.com,
kaplan@slhlegal.com, rodriguez@slhlegal.com), Richard Kent Kornfeld (admin@rklawpc.com,
erin@rklawpc.com, kate@rklawpc.com, rick@rklawpc.com), Lisa Marie Saccomano
(lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com), Jason Dale Schall
(jason@bowsch.com, jasondschall@yahoo.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Sarah Hunter Weiss (caseview.ecf@usdoj.gov,
maggie.grenvik@usdoj.gov, sarah.weiss@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), clinde
(colin_linde@cod.uscourts.gov), dddlc3 (brian_jacobsmeyer@cod.uscourts.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), dddlc6 (theodore_furchtgott@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9519084@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 1/25/2024 at 12:21 PM MST and filed on 1/25/2024

**Case Name:**       USA v. Tew et al

**Case Number:**     1:20–cr–00305–DDD

**Filer:**

**Document Number:** 382(No document attached)

**Docket Text:**

 **ORDER GRANTING [369] Unopposed Motion to Produce Trial Exhibits Via Electronic Means.
The government must provide one original paper set of its proposed exhibits for use at the
upcoming trial. The government must provide electronic copies of those exhibits to defense
counsel on or before January 26, 2024.**

**The government must also provide three electronic copies (e.g., via three thumb drives) of
its proposed exhibits to the court on or before January 26, 2024. SO ORDERED by Judge
Daniel D. Domenico on 1/25/2024. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan    kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld    rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost    frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall    jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard    hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss    sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano    lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler    egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1. **MICHAEL AARON TEW** and
    2. **KIMBERLEY ANN TEW**,
     a/ka Kimberley Vertanen,

     Defendants.

---

### GOVERNMENT'S LIST OF PROPOSED EXHIBITS

---

     The government hereby submits its preliminary list of proposed exhibits.

The government respectfully reserves its right, within reasonable notice depending

on the circumstances, to add additional exhibits as it continues preparing for trial.

     Respectfully submitted this 25th day of January, 2024.

                       COLE FINEGAN
                       United States Attorney

By:   */s/ Bryan Fields*            By:   */s/ Sarah H. Weiss*
Bryan Fields                         Sarah H. Weiss
Assistant United States Attorney       Assistant United States Attorney
U.S. Attorney's Office                 U.S. Attorney's Office
1801 California St. Suite 1600          1801 California St. Suite 1600
Denver, CO 80202                   Denver, CO 80202
(303) 454-0100                     (303) 454-0100
Bryan.Fields3@usdoj.gov            Sarah.Weiss@usdoj.gov
Attorney for the Government          Attorney for the Government

1

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

By:     */s Bryan Fields*
        Bryan Fields
        Assistant United States
        Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Bryan.Fields3@usdoj.gov
        Attorney for the Government

2

1

CASE CAPTION: <u>United States v. Tew, et al.</u>

CASE NO.: <u>20-cr-305-DDD</u>

EXHIBIT LIST OF: <u>United States of America, Plaintiff</u>
                (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1 | | INTENTIONALLY LEFT BLANK | | | | | |
| 2 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 08.01.2018-08.31.2018 | | | | | |
| 3 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 10.01.2018-10.31.2018 | | | | | |
| 4 | | INTENTIONALLY LEFT BLANK | | | | | |
| 5 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 11.01.2018-11.30.2018 | | | | | |
| 6 | | INTENTIONALLY LEFT BLANK | | | | | |
| 7 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 12.01.2018-12.31.2018 | | | | | |
| 8 | | Signature Bank ACH Transaction re $15,250 to Political Media, dated 02.07.2019 | | | | | |
| 9 | | Signature Bank ACH Transaction re $15,250 to Political Media, dated 02.19.2019 | | | | | |
| 10 | | Signature Bank ACH Transaction re $38,000 to Political Media, dated 03.28.2019 | | | | | |
| 11 | | Signature Bank ACH Transaction re $11,250 to Political Media, dated 04.03.2019 | | | | | |

1

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 12 | | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 07.23.2019 | | | | | |
| 13 | | Signature Bank ACH Transaction re $31,500 to SHI LLC, dated 08.06.2019 | | | | | |
| 14 | | Signature Bank ACH Transaction re $9,500 to Global Fuel Logistics, dated 08.19.2019 | | | | | |
| 15 | | Signature Bank ACH Transaction re $28,000 to SHI LLC, dated 08.21.2019 | | | | | |
| 16 | | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 09.03.2019 | | | | | |
| 17 | | Signature Bank ACH Transaction re $18,000 to SHI LLC, dated 09.09.2019 | | | | | |
| 18 | | Signature Bank ACH Transaction re $33,500 to SHI LLC, dated 09.17.2019 | | | | | |
| 19 | | Signature Bank ACH Transaction re $52,750 to SHI LLC, dated 09.25.2019 | | | | | |
| 20 | | Signature Bank ACH Transaction re $75,000 to Global Fuel Logistics, dated 10.16.2019 | | | | | |
| 21 | | Signature Bank ACH Transaction re $43,000 to Global Fuel Logistics, dated 10.24.2019 | | | | | |
| 22 | | Signature Bank ACH Transaction re $49,750 to SHI LLC, dated 10.31.2019 | | | | | |
| 23 | | Signature Bank ACH Transaction re $40,500 to SHI LLC, dated 11.07.2019 | | | | | |
| 24 | | Signature Bank ACH Transaction re $43,250 to Global Fuel Logistics, dated 11.25.2019 | | | | | |
| 25 | | Signature Bank ACH Transaction re $9,550 to Global Fuel Logistics, dated 12.02.2019 | | | | | |
| 26 | | Signature Bank ACH Transaction re $24,500 to Global Fuel Logistics, dated 12.11.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 27 | | Signature Bank ACH Transaction re $15,200 to Global Fuel Logistics, dated 12.23.2019 | | | | | |
| 28 | | Signature Bank ACH Transaction re $33,000 to Global Fuel Logistics, dated 02.11.2020 | | | | | |
| 29 | | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 02.19.2020 | | | | | |
| 30 | | Signature Bank ACH Transaction re $36,555 to Global Fuel Logistics, dated 03.02.2020 | | | | | |
| 31 | | Signature Bank ACH Transaction re $35,000 to Global Fuel Logistics, dated 03.09.2020 | | | | | |
| 32 | | Signature Bank ACH Transaction re $22,5000 to Global Fuel Logistics, dated 03.19.2020 | | | | | |
| 33 | | Signature Bank ACH Transaction re $73,460 to Global Fuel Logistics, dated 03.31.2020 | | | | | |
| 34 | | Signature Bank ACH Transaction re $36,925 to Global Fuel Logistics, dated 04.06.2020 | | | | | |
| 35 | | Signature Bank ACH Transaction re $68,255 to Global Fuel Logistics, dated 04.15.2020 | | | | | |
| 36 | | Signature Bank ACH Transaction re $46,850 to Global Fuel Logistics, dated 04.27.2020 | | | | | |
| 37 | | Signature Bank ACH Transaction re $85,325 to Global Fuel Logistics, dated 05.05.2020 | | | | | |
| 38 | | Signature Bank ACH Transaction re $82,422 to Global Fuel Logistics, dated 05.12.2020 | | | | | |
| 39 | | Signature Bank ACH Transaction re $78,565 to Global Fuel Logistics, dated 05.20.2020 | | | | | |
| 40 | | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 07.02.2020 | | | | | |
| 41 | | INTENTIONALLY LEFT BLANK | | | | | |

3

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 42 | | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawl, dated 06.04.2019 | | | | | |
| 43 | | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawl, dated 06.11.2019 | | | | | |
| 44 | | Wells Fargo Bank Withdrawl Slip re Acct x6934 $22,000 Withdrawl, dated 08.28.2019 | | | | | |
| 45 | | Wells Fargo Bank Withdrawl Slip re Acct x2064 $25,000 Withdrawl, dated 08.29.2019 | | | | | |
| 46 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | | | | | |
| 47 | | Wells Fargo Bank Wire Transaction Report re Acct x6934 $15,000, dated 09.18.2019 | | | | | |
| 48 | | Wells Fargo Bank Withdrawl Slip re Acct x6934 $20,000 Withdrawl, dated 089.26.2019 | | | | | |
| 49 | | Wells Fargo Bank Withdrawl Slip re Acct x6934 $20,000 Withdrawl, dated 09.27.2019 | | | | | |
| 50 | | Wells Fargo Bank Withdrawl Slip re Acct x6934 $20,000 Withdrawl, dated 10.01.2019 | | | | | |
| 51 | | Wells Fargo Bank Withdrawl Slip re Acct x6934 $12,000 Withdrawl, dated 10.02.2019 | | | | | |
| 52 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 11.30.2019 | | | | | |
| 53 | | Wells Fargo Bank Withdrawl Slip re Acct x2064 $20,000 Withdrawl, dated 02.20.2020 | | | | | |
| 54 | | Wells Fargo Bank Withdrawl Slip re Acct x2064 $15,000 Withdrawl, dated 02.21.2020 | | | | | |
| 55 | | Wells Fargo Bank Withdrawl Slip re Acct x2064 $20,000 Withdrawl, dated 02.27.2020 | | | | | |
| 56 | | Wells Fargo Bank Withdrawl Slip re Acct x2064 $20,000 Withdrawl, dated 03.03.2020 | | | | | |

4

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 57-100 | | INTENTIONALLY LEFT BLANK | | | | | |
| 101 | | 2016 Gross Income Summary for Michael Tew | | | | | |
| 102 | | 2017 Gross Income Summary for Michael Tew | | | | | |
| 103 | | 2018 Gross Income Summary for Michael Tew | | | | | |
| 104 | | 2019 Gross Income Summary for Michael Tew | | | | | |
| 105 | | Internal Revenue Service 2019 Account Transcript | | | | | |
| 106 | | INTENTIONALLY LEFT BLANK | | | | | |
| 107 | | 2016 Gross Income Summary for Michael Tew | | | | | |
| 108 | | 2017 Gross Income Summary for Michael Tew | | | | | |
| 109 | | 2018 Gross Income Summary for Michael Tew | | | | | |
| 110 - 200 | | 2019 Gross Income Summary for Michael Tew | | | | | |
| 201 | | INTENTIONALLY LEFT BLANK | | | | | |
| 202 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, statement 08.31.2018 | | | | | |
| 203 | | Regions Bank Statement re Account x4514 Michael Meyers, statement period 10.12.2018-11.08.2018 | | | | | |
| 204 | | INTENTIONALLY LEFT BLANK | | | | | |

5

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 205 | | Regions Bank Statement re Account x4514 Michael Meyers, statement period 11.09.2018-12.10.2018 | | | | | |
| 206 | | INTENTIONALLY LEFT BLANK | | | | | |
| 207 | | ANB Bank Statement re Account x3099 Michael Meyers, dated 12.18.2018 | | | | | |
| 208 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2019-02.16.2019 | | | | | |
| 209 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2019-03.16.2019 | | | | | |
| 210 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | | | | | |
| 211 | | INTENTIONALLY LEFT BLANK | | | | | |
| 212 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 213 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 08.31.2019 | | | | | |
| 214 | | INTENTIONALLY LEFT BLANK | | | | | |
| 215 | | INTENTIONALLY LEFT BLANK | | | | | |
| 216 | | INTENTIONALLY LEFT BLANK | | | | | |
| 217 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 09.30.2019 | | | | | |
| 218 | | INTENTIONALLY LEFT BLANK | | | | | |
| 219 | | INTENTIONALLY LEFT BLANK | | | | | |

6

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 220 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 10.31.2019 | | | | | |
| 221 | | INTENTIONALLY LEFT BLANK | | | | | |
| 222 | | INTENTIONALLY LEFT BLANK | | | | | |
| 223 | | INTENTIONALLY LEFT BLANK | | | | | |
| 224 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | | | | | |
| 225 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 226 | | INTENTIONALLY LEFT BLANK | | | | | |
| 227 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | | | | | |
| 228 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 229 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 02.29.2020 | | | | | |
| 230 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | | | | | |
| 231 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2020-03.16.2020 | | | | | |
| 232 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | | | | | |
| 233 | | INTENTIONALLY LEFT BLANK | | | | | |
| 234 | | INTENTIONALLY LEFT BLANK | | | | | |

7

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 235 | | INTENTIONALLY LEFT BLANK | | | | | |
| 236 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2020-05.16.2020 | | | | | |
| 237 | | INTENTIONALLY LEFT BLANK | | | | | |
| 238 | | INTENTIONALLY LEFT BLANK | | | | | |
| 239 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2020-06.16.2020 | | | | | |
| 240 | | Navy Federal Credit Union Transaction Details re Access x1390, Account x3094 Global Fuel Logistics, transaction period 07.20.2020-07.08.2020 | | | | | |
| 241 | | INTENTIONALLY LEFT BLANK | | | | | |
| 242 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2019-06.16.2019 | | | | | |
| 243 | | INTENTIONALLY LEFT BLANK | | | | | |
| 244 | | INTENTIONALLY LEFT BLANK | | | | | |
| 245 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 08.31.2019 | | | | | |
| 246 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | | | | | |
| 247 | | INTENTIONALLY LEFT BLANK | | | | | |
| 248 | | INTENTIONALLY LEFT BLANK | | | | | |
| 249 | | INTENTIONALLY LEFT BLANK | | | | | |

8

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 250 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 10.31.2019 | | | | | |
| 251 - 300 | | INTENTIONALLY LEFT BLANK | | | | | |
| 301 | | ANB Bank Signature Card re Account x3099 Michael Meyers | | | | | |
| 302 | | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | | | | | |
| 303 | | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | | | | | |
| 304 | | Navy Federal Credit Union Application re Global Fuel Logistics, dated 06.08.2020 | | | | | |
| 305 | | Regions Bank Signature Cards re Account x0514 Michael Meyers | | | | | |
| 306 | | Wells Fargo Bank Signature Card re Account x6934 Sand Hill LLC, LLC | | | | | |
| 307 | | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | | | | | |
| 308 | | Signature Bank Signature Card re Accounts x5545 and x6150 National Air Cargo Group, Inc | | | | | |
| 309 | | Signature Bank Signature Card re Accounts x5529, x6363, x6355, and x6134 National Air Cargo Group, Inc | | | | | |
| 310 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, dated 08.31.2018 | | | | | |
| 311 | | BBVA Compass Signature Card re Account x0987 5530 Jessamine Development LLC | | | | | |
| 312 | | Access National Bank Statement re Account x5965 Political Media Inc., statement period 12.01.2018-12.31.2018 | | | | | |
| 313 | | Simple Signature Card for Kimberley Tew | | | | | |

9

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 314 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 315 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 316 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | | | | | |
| 317 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 318 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 12.17.2019-01.16.2020 | | | | | |
| 319 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 320 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | | | | | |
| 321 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2020-04.16.2020 | | | | | |
| 322 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | | | | | |
| 323 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | | | | | |
| 324 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.08.2019-01.16.2019 | | | | | |
| 325 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2019-02.16.2019 | | | | | |
| 326 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2019-03.16.2019 | | | | | |
| 327 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2019-04.16.2019 | | | | | |
| 328 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | | | | | |

10

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 329 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | | | | | |
| 330 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | | | | | |
| 331 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 332 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | | | | | |
| 333 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 334 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | | | | | |
| 335 | | American Express Corporate Card Authorization re Account x91009 National Air Cargo, Cardmember Michael Tew | | | | | |
| 336 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | | | | | |
| 337 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | | | | | |
| 338 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 06.16.2018 | | | | | |
| 339 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 07.16.2018 | | | | | |
| 340 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 12.31.2019 | | | | | |
| 341 | | BBVA Compass Statement re Account x0987 5530 Jassamine Development LLC, statement period 11.01.2018-11.30.2018 | | | | | |
| 342 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 05.31.2019 | | | | | |
| 343 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 01.31.2020 | | | | | |

11

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 344 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 02.29.2020 | | | | | |
| 345 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 03.31.2020 | | | | | |
| 346 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc. statement period 06.08.2020-06.30.2020 | | | | | |
| 347 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 08.16.2018 | | | | | |
| 348 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 09.16.2018 | | | | | |
| 349 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 10.16.2018 | | | | | |
| 350 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 11.16.2018 | | | | | |
| 351 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 12.16.2018 | | | | | |
| 352 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 01.16.2019 | | | | | |
| 353 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 02.16.2019 | | | | | |
| 354 | | Access National Bank Signature Card re Account x5965 Political Media | | | | | |
| 355 | | Signature Bank ACH Transaction re $25,000 to Global Fuel Logistics, dated 10.23.2019 | | | | | |
| 356 | | Signature Bank ACH Transaction re $21,250 to Political Media Inc., dated 12.10.2018 | | | | | |
| 357 | | Signature Bank ACH Transaction re $15,000 to 5530 Jessamine Development LLC, dated 08.22.2018 | | | | | |
| 358 | | Signature Bank ACH Transaction re $15,000 to 5530 Jessamine Development LLC, dated 08.23.2018 | | | | | |

12

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 359 | | Signature Bank ACH Transaction re $15,000 to 5530 Jessamine Development LLC, dated 09.10.2018 | | | | | |
| 360 | | Signature Bank ACH Transaction re $15,000 to 5530 Jessamine Development LLC, dated 09.18.2018 | | | | | |
| 361 | | Signature Bank ACH Transaction re $15,000 to 5530 Jessamine Development LLC, dated 09.28.2018 | | | | | |
| 362 | | Signature Bank ACH Transaction re $30,000 to Michael Meyers, dated 12.03.2018 | | | | | |
| 363 | | Access National Bank Statement re Account x5965 Political Media Inc., statement period 03.01.2019-03.31.2019 | | | | | |
| 364 | | ANB Bank Statement re Account x3099 Michael Meyers, dated 01.04.2019 | | | | | |
| 365 | | Signature Bank ACH Transaction re $21,000 to Political Media Inc., dated 01.23.2019 | | | | | |
| 366 | | Signature Bank ACH Transaction re $15,312.50 to Political Media Inc., dated 01.07.2019 | | | | | |
| 367 | | Signature Bank ACH Transaction re $23,350 to Political Media Inc., dated 01.10.2019 | | | | | |
| 368 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.07.2019-01.16.2019 | | | | | |
| 369 | | Signature Bank ACH Transaction re $28,000 to Political Media Inc., dated 01.18.2019 | | | | | |
| 370 | | Signature Bank ACH Transaction re $31,500 to Political Media Inc., dated 03.14.2019 | | | | | |
| 371 | | Signature Bank ACH Transaction re $37,800 to Political Media Inc., dated 03.04.2019 | | | | | |
| 372 | | Signature Bank ACH Transaction re $20,250 to Political Media Inc., dated 03.19.2019 | | | | | |
| 373 | | Signature Bank ACH Transactions re: $37,500 to Political Media Inc., dated 04.08.2019; $18,750 to Political Media Inc., dated 04.11.2019; and $18,750 to Political Media Inc., dated 04.15.2019 | | | | | |

13

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 374 | | Signature Bank ACH Transaction re $18,750 to Political Media Inc., dated 04.17.2019 | | | | | |
| 375 | | Signature Bank ACH Transactions re: $18,750 to Political Media Inc., dated 04.22.2019; $18,750 to Political Media Inc., dated 04.24.2019; $38,640 to Political Media Inc., dated 04.29.2019; and $19,890 to Political Media, dated 05.07.2019 | | | | | |
| 376 | | Signature Bank ACH Transactions re: $49,750 to Political Media, dated 05.07.2019; and $40,000 to Political Media Inc., dated 05.10.2019 | | | | | |
| 377 | | Signature Bank ACH Transactions re: $19,900 to Political Media, dated 05.15.2019; $23,785 to Political Media, dated 05.21.2019; $9,950 to Political Media, dated 05.23.2019; $11,150 to Political Media, dated 05.28.2019; and $10,100 to Political Media Inc., dated 05.29.2019 | | | | | |
| 378 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | | | | | |
| 379 | | Signature Bank ACH Transactions re: $53,500 to Political Media, dated 06.03.2019; $28,000 to Political Media, dated 06.10.2019; and $9,500 to Political Media, dated 06.13.2019 | | | | | |
| 380 | | Signature Bank ACH Transactions re: $50,000 to Political Media Inc., dated 06.20.2019; $15,000 to Political Media, dated 06.25.2019; and $30,000 to Sand Hill LLC, dated 06.26.2019 | | | | | |
| 381 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | | | | | |
| 382 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 06.30.2019 | | | | | |
| 383 | | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | | | | | |
| 384 | | Signature Bank ACH Transactions re: $9,200 to Sand Hill LLC, dated 06.28.2019; $13,000 to SHI LLC, dated 07.09.2019; $27,475 to SHI LLC, dated 07.11.2019; and $10,000 to SHI LLC, dated 07.19.2019 | | | | | |
| 385 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 07.31.2019 | | | | | |
| 386 | | Signature Bank ACH Transaction re $12,900 to Global Fuel Logistics, dated 01.07.2020 | | | | | |
| 387 | | Signature Bank ACH Transactions re: $15,500 to Global Fuel Logistics, dated 01.10.2020; $19,500 to Global Fuel Logistics, dated 01.17.2020; $9,800 to Global Fuel Logistics, dated 01.22.2020; $13,500 to Global Fuel Logistics, dated 01.23.2020; $36,500 to Global Fuel Logistics, dated 01.27.2020; and $7,200 to Global Fuel Logistics, dated 01.30.2020 | | | | | |

14

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 388 | | Signature Bank ACH Transaction re $13,000 to Global Fuel Logistics, dated 08.09.2019 | | | | | |
| 389 | | Signature Bank ACH Transaction re $24,700 to Global Fuel Logistics, dated 03.05.2020 | | | | | |
| 390 | | Signature Bank ACH Transactions re: $97,545 to Global Fuel Logistics, dated 06.22.2020; $71,550 to Global Fuel Logistics, dated 06.24.2020; and $105,000 to Global Fuel Logistics, dated 06.29.2020 | | | | | |
| 391 | | Signature Bank ACH Transaction re $83,526 to Global Fuel Logistics, dated 06.02.2020 | | | | | |
| 392 | | Signature Bank ACH Transactions re: $45,220 to Global Fuel Logistics, dated 06.04.2020; $93,135 to Global Fuel Logistics, dated 06.09.2020; and $93,635 to Global Fuel Logistics, dated 06.17.2020 | | | | | |
| 393 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | | | | | |
| 394 | | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | | | | | |
| 395 | | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | | | | | |
| 396 | | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | | | | | |
| 397 | | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | | | | | |
| 398 | | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | | | | | |
| 399 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | | | | | |
| 400 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | | | | | |
| 401 | | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | | | | | |
| 402 | | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | | | | | |

15

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 403 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | | | | | |
| 404 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | | | | | |
| 405 | | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | | | | | |
| 406 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | | | | | |
| 407 | | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | | | | | |
| 408 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | | | | | |
| 409 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | | | | | |
| 410 | | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | | | | | |
| 411 | | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | | | | | |
| 412 | | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | | | | | |
| 413 | | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | | | | | |
| 414 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | | | | | |
| 415 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | | | | | |
| 416 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | | | | | |
| 417 | | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | | | | | |

16

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 418 | | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | | | | | |
| 419 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | | | | | |
| 420 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | | | | | |
| 421 | | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | | | | | |
| 422 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | | | | | |
| 423 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | | | | | |
| 424 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | | | | | |
| 425 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | | | | | |
| 426 | | Navy Federal Credit Union Surveillance Photo, dated 03.27.2020 | | | | | |
| 427 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | | | | | |
| 428 | | Signature Bank ACH Transaction re: $13,000 to Sand Hill LLC, dated 08.09.2019 | | | | | |
| 429 | | Signature Bank ACH Transaction re: $35,000 to Sand Hill LLC, dated 08.14.2019 | | | | | |
| 430 | | Signature Bank ACH Transaction re: $15,000 to Global Fuel Logistics, dated 08.15.2019 | | | | | |
| 431 | | Signature Bank ACH Transaction re: $27,000 to Sand Hill LLC, dated 08.22.2019 | | | | | |
| 432 | | Signature Bank ACH Transaction re: $45,000 to Sand Hill LLC, dated 08.26.2019 | | | | | |

17

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 433 | | Signature Bank Wire Transaction re: $45,000 to Global Fuel Logistics, dated 08.29.2019 | | | | | |
| 434 | | Signature Bank ACH Transaction re: $13,000 to Global Fuel Logistics, dated 02.03.2020 | | | | | |
| 435 | | Signature Bank ACH Transaction re: $23,200 to Global Fuel Logistics, dated 02.06.2020 | | | | | |
| 436 | | Signature Bank ACH Transaction re: $32,500 to Global Fuel Logistics, dated 02.13.2020 | | | | | |
| 437 | | Signature Bank ACH Transaction re: $55,000 to Global Fuel Logistics, dated 02.18.2020 | | | | | |
| 438 | | Signature Bank ACH Transaction re: $40,000 to Global Fuel Logistics, dated 02.26.2020 | | | | | |
| 439 | | Signature Bank ACH Transaction re: $74,955 to Global Fuel Logistics, dated 03.11.2020 | | | | | |
| 440 | | Signature Bank ACH Transaction re: $17,200 to Global Fuel Logistics, dated 03.17.2020 | | | | | |
| 441 | | Signature Bank ACH Transaction re: $32,245 to Global Fuel Logistics, dated 03.24.2020 | | | | | |
| 442 | | Signature Bank ACH Transaction re: $32,300 to Global Fuel Logistics, dated 03.26.2020 | | | | | |
| 443 | | Signature Bank ACH Transaction re: $41,225 to Global Fuel Logistics, dated 04.02.2020 | | | | | |
| 444 | | Signature Bank ACH Transaction re: $37,353 to Global Fuel Logistics, dated 04.08.2020 | | | | | |
| 445 | | Signature Bank ACH Transaction re: $31,355 to Global Fuel Logistics, dated 04.13.2020 | | | | | |
| 446 | | Signature Bank ACH Transaction re: $56,530 to Global Fuel Logistics, dated 04.21.2020 | | | | | |
| 447 | | Signature Bank ACH Transaction re: $36,240 to Global Fuel Logistics, dated 04.29.2020 | | | | | |

18

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 448 | | Signature Bank ACH Transaction re: $77,460 to Global Fuel Logistics, dated 05.18.2020 | | | | | |
| 449 | | Signature Bank ACH Transaction re: $85,500 to Global Fuel Logistics, dated 05.27.2020 | | | | | |
| 450 | | Signature Bank ACH Transaction re $20,250.00 to Political Media Inc., dated 03.18.2019 | | | | | |
| 451 | | Signature Bank ACH Transaction re $60,000 to Global Fuel Logistics, dated 09.10.2019 | | | | | |
| 452 | | Signature Bank ACH Transaction re $51,500 to Sand Hill LLC, dated 09.12.2019 | | | | | |
| 453 | | Signature Bank ACH Transaction re $11,950 to Global Fuel Logistics, dated 09.16.2019 | | | | | |
| 454 | | Signature Bank ACH Transaction re $41,500 to Sand Hill LLC, dated 09.19.2019 | | | | | |
| 455 | | Signature Bank ACH Transaction re $60,000 to Sand Hill LLC, dated 09.26.2019 | | | | | |
| 456 | | Signature Bank ACH Transaction re $75,000 to Sand Hill LLC, dated 09.30.2019 | | | | | |
| 457 | | Signature Bank ACH Transaction re $35,000 to Sand Hill LLC, dated 10.10.2019 | | | | | |
| 458 | | Signature Bank ACH Transaction re $23,750 to Global Fuel Logistics, dated 10.30.2019 | | | | | |
| 459 | | Signature Bank ACH Transaction re $25,000 to Sand Hill LLC, dated 11.18.2019 | | | | | |
| 460 | | Signature Bank ACH Transaction re $17,900 to Global Fuel Logistics, dated 11.21.2019 | | | | | |
| 461 | | Signature Bank ACH Transaction re $42,000 to Global Fuel Logistics, dated 11.27.2019 | | | | | |
| 462 | | Signature Bank ACH Transaction re $26,500 to Global Fuel Logistics, dated 12.05.2019 | | | | | |

19

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 463 | | Signature Bank ACH Transaction re $51,150 to Global Fuel Logistics, dated 12.09.2019 | | | | | |
| 464 | | Signature Bank ACH Transaction re $7,800 to Global Fuel Logistics, dated 12.16.2019 | | | | | |
| 465 | | Signature Bank ACH Transaction re $33,300 to Global Fuel Logistics, dated 12.17.2019 | | | | | |
| 466 | | Signature Bank ACH Transaction re $14,350 to Global Fuel Logistics, dated 12.19.2019 | | | | | |
| 467 | | Signature Bank ACH Transaction re $55,500 to Global Fuel Logistics, dated 12.26.2019 | | | | | |
| 468 | | Signature Bank ACH Transaction re $77,500 to Global Fuel Logistics, dated 12.30.2019 | | | | | |
| 469 | | Wells Fargo Bank Wire Transaction Report re Acct x6934 $20,611.01, dated 11.01.2019 | | | | | |
| 470 | | INTENTIONALLY LEFT BLANK | | | | | |
| 471 | | INTENTIONALLY LEFT BLANK | | | | | |
| 472 | | INTENTIONALLY LEFT BLANK | | | | | |
| 473 | | American Express Application re Michael Tew | | | | | |
| 474 | | American Express Application re Kimberley Tew | | | | | |
| 475 | | ANB Bank Signature Card re Account x3099 Michael Meyers | | | | | |
| 476 | | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | | | | | |
| 477 | | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | | | | | |

20

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 478 | | Navy Federal Credit Union Application re Global Fuel Logistics, dated 06.08.2020 | | | | | |
| 479 | | Regions Bank Signature Cards re Account x0514 Michael Meyers | | | | | |
| 480 | | Wells Fargo Bank Signature Card re Account x6934 Sand Hill LLC, LLC | | | | | |
| 481 | | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | | | | | |
| 482 | | Signature Bank Signature Card re Accounts x5545 and x6150 National Air Cargo Group, Inc | | | | | |
| 483 | | Signature Bank Signature Card re Accounts x5529, x6363, x6355, and x6134 National Air Cargo Group, Inc | | | | | |
| 484 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, dated 08.31.2018 | | | | | |
| 485 | | BBVA Compass Signature Card re Account x0987 5530 Jessamine Development LLC | | | | | |
| 486 | | Access National Bank Statement re Account x5965 Political Media Inc., statement period 12.01.2018-12.31.2018 | | | | | |
| 487 | | Simple Signature Card for Kimberley Tew | | | | | |
| 488 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 489 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 490 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | | | | | |
| 491 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 492 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 12.17.2019-01.16.2020 | | | | | |

21

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 493 - 499 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 500 | | Kraken Account Opening and Verification Documents for Kimberley Tew | | | | | |
| 501 | | Kraken Account Opening and Verification Documents for Michael Tew | | | | | |
| 502 | | Coinbase profile image records for Michael Tew | | | | | |
| 503 | | Coinbase profile image records for Kimberley Tew | | | | | |
| 504 | | Google Pay Customer Profile re kley@me.com | | | | | |
| 505 | | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | | | | | |
| 506 | | McDonald Audi Wire Transfer Records re $20,611.01 Incoming Money Transfer, dated 11.01.2019 | | | | | |
| 507 | | Wynn Las Vegas Jackpot Report between 07.04.2019 and 11.29.2019 | | | | | |
| 508 | | Wynn Las Vegas 2019 Loss Summary, as of 07.16.2020 | | | | | |
| 509 | | Wynn Las Vegas Reservation Confirmation #23362412 for Kimberley Tew, 10.30.2019 arrival & 11.02.19 departure | | | | | |
| 510 | | Wynn Las Vegas Reservation/Stay History for Kimberley Tew | | | | | |
| 511 | | Wynn Las Vegas Reservation/Stay History re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | | | | | |
| 512 | | GoDaddy Domain Information re Domain Name "Global Fuel.Co" | | | | | |
| 513 | | GoDaddy Domain Information re Domain Name "Sandhillrp.com" | | | | | |

22

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 514 | | AT&T Subscriber Information re phone number x1312, Michael Tew | | | | | |
| 515 | | AT&T Subscriber Information re phone number x7473, Michael Tew | | | | | |
| 516 | | AT&T Subscriber Information re phone number x2046, Kimberley Vertanen | | | | | |
| 517 | | AT&T Text Message History re phone numbers x2046 & x1312 | | | | | |
| 518 | | AT&T Records re phone number x1312 | | | | | |
| 519 | | Spreadsheet of Verizon Call Records re phone number x1709 | | | | | |
| 520 | | Google Subscriber Information re 5530 Jessamine Development Email Recovery (chrisrncn@gmail.com) | | | | | |
| 521 | | Google Subscriber Information re Political Media email recovery (political.media.wdc@gmail.com) | | | | | |
| 522 | | Google Voice Record re Google Voice Number x0152 | | | | | |
| 523 | | Google Subscriber Information re vtleycap@gmail.com (recovery email kley@me.com) | | | | | |
| 524 | | Google subscriber information re meyersconsultinggroupinc@gmail.com | | | | | |
| 525 | | IRS Form W-9 re Michael Meyers, dated 10.11.2018 | | | | | |
| 526 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | | | | | |
| 527 | | Plea agreement as to Jonathan Yioulos, dated 11.18.2021 | | | | | |
| 528 | | Audio of 7/15/2020 Proffer with Michael Tew | | | | | |

23

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 529 | | Audio of 7/28/2020 Proffer with Michael Tew | | | | | |
| 530 | | Audio of 10/23/2020 Proffer with Kimberley Tew | | | | | |
| 531 | | 07.07.2020 Photograph of Yioulos Phone Contact 'JB' | | | | | |
| 532 | | Email re "RE: AMEX" on 07.16.2018 | | | | | |
| 533 | | Email re "FW: Scanned Document" on 07.31.2018 | | | | | |
| 534 | | Email re "RE: Wire - Michael Tew" on 08.02.2018 | | | | | |
| 535 | | Email re "FW: MT AGMT" on 09.14.2018 | | | | | |
| 536 | | Email re "FW: National Air Cargo Holdings Correspondence" on 09.17.2018 | | | | | |
| 537 | | Invoice #79487 re: Meyers Consulting Group Inc for $10,000.00; dated 10.30.2018 | | | | | |
| 538 | | Email re "RE: Michael Tew - AMEX" on 01.17.2019 | | | | | |
| 539 | | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10222 for $17,955.50; & Aero Maintenance Resources Invoice #9611 for $79,292) | | | | | |
| 540 | | Invoice #79466 re: Meyers Consulting Group Inc for $30,000.00; dated 10.12.2018 | | | | | |
| 541 | | Invoice #79488 re: Meyers Consulting Group Inc for $30,000.00; dated 11.30.2018 | | | | | |
| 542 | | Invoice #79489 re: Meyers Consulting Group Inc for $30,000.00; dated 11.30.2018 | | | | | |
| 543 | | Invoice #79490 re: Meyers Consulting Group Inc for $25,000.00; dated 12.11.2018 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 544 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Global Fuel Logistics Inc., filed 07.11.2019 | | | | | |
| 545 | | IRS assignment of Employment Identification Number re Global Fuel Logistics, dated 07.09.2019 | | | | | |
| 546 | | Wyoming Secretary of State Articles of Incorporation re Global Fuel Logistics Inc, filed 07.09.2019 | | | | | |
| 547 | | IRS Form SS-4 Application for Employer Identification Number re Sand Hill LLC | | | | | |
| 548 | | State of New York Department of State Certification of Articles of Organization and Other Filings for Sand Hill LLC, dated 11.09.2018 | | | | | |
| 549 | | Google Pay Customer Profile re kleytew@gmail.com | | | | | |
| 550 | | IRS Form 1099 re SandHill Research Partners, tax years 2015 through 2018 | | | | | |
| 551 | | Audio of 07.29.2020 meeting with Michael Tew at Yeti store | | | | | |
| 552 | | Email re "RE: MT AGMT" on 09.14.2018 | | | | | |
| 553 | | Email headers re email received by chrisrncn@gmail.com on 08.22.2018 | | | | | |
| 554 | | Spreadsheet of Apple account information re kley@me.com | | | | | |
| 555 | | Photograph re Search Warrant Executed on 07.31.2020 #1 | | | | | |
| 556 | | Photograph re Search Warrant Executed on 07.31.2020 #2 | | | | | |
| 557 | | Photograph re Search Warrant Executed on 07.31.2020 #3 | | | | | |
| 558 | | Photograph re Search Warrant Executed on 07.31.2020 #4 | | | | | |

25

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 559 | | Photograph re Search Warrant Executed on 07.31.2020 #5 | | | | | |
| 560 | | Photograph re Search Warrant Executed on 07.31.2020 #6 | | | | | |
| 561 | | Photograph re Search Warrant Executed on 07.31.2020 #7 | | | | | |
| 562 | | Wells Fargo Bank Bag | | | | | |
| 563 | | 2TB Seagate HDD Model ST20000DM001-1CH164 Serial Number W241LEZM | | | | | |
| 564 | | Photograph re Cellebrite Processing #1 | | | | | |
| 565 | | Photograph re Cellebrite Processing #2 | | | | | |
| 566 | | Photograph re Cellebrite Processing #3 | | | | | |
| 567 | | Photograph re Cellebrite Processing #4 | | | | | |
| 568 | | Wipe Log | | | | | |
| 569 | | Hash List for Apple Return | | | | | |
| 570 | | Kraken Ledger - AA70N84GI5WBRUCHI | | | | | |
| 571 - 599 | | INTENTIONALLY LEFT BLANK | | | | | |
| 600 | | Kraken Account Opening and Verification Documents for Kimberley Tew | | | | | |
| 601 | | Email re "ACH Invoice" on 08.07.2018 (Hanna Scaife Invoice dated 08.07.2018 for $15,000) | | | | | |

26

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 602 | | Text messages between M.T. and J.Y. 08.07.2018 | | | | | |
| 603 | | Email re "re ACH Invoice" on 08.08.2018 (Hanna Scaife Invoice dated 08.08.2018 for $15,000) | | | | | |
| 604 | | Text messages between M.T. and J.Y. 08.08.2018 | | | | | |
| 605 | | Text messages between M.T. and J.Y. 08.09.2018 | | | | | |
| 606 | | Text messages between M.T. and J.Y. 08.13.2018 | | | | | |
| 607 | | Email re "Invoices: Michael Tew ACH August 15" on 08.14.2018 (Sand Hill Invoice #49 for $10,000 & Hanna Scaife Invoice dated 08.14.2018 for $20,000) | | | | | |
| 608 | | Text message between J.Y. and M.T on 08.10.2018 | | | | | |
| 609 | | Text message between J.Y. and M.T on 08.18.2018 | | | | | |
| 610 | | Text message between J.Y. and M.T on 08.21.2018 | | | | | |
| 611 | | Email re "Invoice (CORRECTED)" on 08.22.2018 (5530 Jessamine Development Invoice #7321116 for $15,000) | | | | | |
| 612 | | Email re "Wire Confirmation" on 08.22.2018 | | | | | |
| 613 | | Text messages between J.Y. and M.T on 08.22.2018 | | | | | |
| 614 | | Text messages between J.Y. and M.T on 08.23.2018 | | | | | |
| 615 | | Email re "re Invoice (CORRECTED)" on 08.23.2018 | | | | | |
| 616 | | Emails re "re Is there an invoice for this wire out of Holdings?" on 08.24.2018 | | | | | |

27

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 617 | | Text messages between M.T. and JY. on 08.28.2018 | | | | | |
| 618 | | Email re "Confirms" on 08.30.2018 | | | | | |
| 619 | | Text messages between J.Y. and K.T. on 08.30.2018 | | | | | |
| 620 | | Text messages between J.Y. and M.T. on 08.30.2018 | | | | | |
| 621 | | Text messages between M.T. and J.Y. on 08.31.2018 | | | | | |
| 622 | | Text messages between M.T. and J.Y. on 09.01.2018 | | | | | |
| 623 | | INTENTIONALLY LEFT BLANK | | | | | |
| 624 | | Emails re "RE: Is there an invoice?" on 09.07.2018 | | | | | |
| 625 | | Text messages between M.T. and J.Y. on 09.07.2018 | | | | | |
| 626 | | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:13pm | | | | | |
| 627 | | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:14pm | | | | | |
| 628 | | Text messages from J.Y. to K.T. on 09.10.2018 | | | | | |
| 629 | | Email (NO SUBJECT) on 09.10.2018 (5530 Jessamine Development Invoice #7321118 for $15,000 & Invoice #7321117 for $15,000) | | | | | |
| 630 | | Emails re "RE: Scaife Invoices" on 09.10.2018 | | | | | |
| 631 | | Emails re "RE:" (NO SUBJECT) on 09.10.2018 | | | | | |

28

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 632 | | Email re "Cancel ACH" on 09.10.2018 | | | | | |
| 633 | | Text messages between M.T. and J.Y. on 09.12.2018 | | | | | |
| 634 | | Text messages from J.Y. to K.T. on 09.12.2018 | | | | | |
| 635 | | Text messages from J.Y. to K.T. on 09.13.2018 | | | | | |
| 636 | | Text messages between M.T. and J.Y. on 09.13.2018 | | | | | |
| 637 | | INTENTIONALLY LEFT BLANK | | | | | |
| 638 | | Email re "Invoice" on 09.18.2018 (5530 Jessamine Development Invoice #7321119 for $15,000) | | | | | |
| 639 | | Text messages from J.Y. to K.T. on 09.18.2018 | | | | | |
| 640 | | Text messages from J.Y. to K.T. on 09.28.2018 | | | | | |
| 641 | | INTENTIONALLY LEFT BLANK | | | | | |
| 642 | | Email re "Consulting Invoice" on 09.28.2018 (5530 Jessamine Development Invoice #7321120 for $15,000) | | | | | |
| 643 | | Email re "RE: Invoices needed - Holdings" on 09.28.2018 | | | | | |
| 644 | | Email re "Jess" on 10.01.2018 | | | | | |
| 645 | | Text message from J.Y. to M.T. on 10.09.2018 | | | | | |
| 646 | | Text messages from J.Y. to K.T. on 10.25.2018 | | | | | |

29

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 647 | | Email re "Fwd: Invoice" on 10.25.2018 | | | | | |
| 648 | | Text messages between J.Y. to M.T. on 10.25.2018 | | | | | |
| 649 | | Email re "Oct Invoice" on 10.30.2018 | | | | | |
| 650 | | Text messages between J.Y. to M.T. on 10.30.2018 | | | | | |
| 651 | | Text messages from J.Y. to K.T. on 10.30.2018 | | | | | |
| 652 | | Text messages between J.Y. to M.T. on 10.31.2018 | | | | | |
| 653 | | Email re "is there an invoice for this payment out of holdings?" on 10.31.2018 | | | | | |
| 654 | | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018 at 2:13pm | | | | | |
| 655 | | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018, time unknown | | | | | |
| 656 | | Text mess+C405ages sent from Kley (M.T.) to M.M. on 11.06.2018 | | | | | |
| 657 | | Email re "Meyers Consulting Group LLC" on 11.06.2018 | | | | | |
| 658 | | Email re "RE: Invoice" on 11.09.2018 | | | | | |
| 659 | | Text messages between J.Y. to M.T. on 11.09.2018 | | | | | |
| 660 | | INTENTIONALLY LEFT BLANK | | | | | |
| 661 | | Email re "RE: Entity: Sand Hill, LLC - New York" on 11.12.2018 | | | | | |

30

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 662 | | Text messages between J.Y. and M.T. on 11.13.2018 | | | | | |
| 663 | | Text messages between J.Y. and M.T. on 11.15.2018 | | | | | |
| 664 | | Text messages between J.Y. and M.T. on 11.16.2018 | | | | | |
| 665 | | Text messages between J.Y. and M.T. on 11.19.2018 | | | | | |
| 666 | | Email re "RE: Invoice" on 11.19.2018 at 8:55pm | | | | | |
| 667 | | Email re "RE: Invoice" on 11.19.2018 at 9:04pm | | | | | |
| 668 | | Text messages between J.Y. and M.T. on 11.20.2018 | | | | | |
| 669 | | Text messages between Kley (M.T.) and M.M. on 11.20.2018 | | | | | |
| 670 | | Text messages between J.Y. and M.T. on 11.21.2018 | | | | | |
| 671 | | Text messages between J.Y. and M.T. on 11.23.2018 | | | | | |
| 672 | | Text messages between J.Y. and M.T. on 11.25.2018 | | | | | |
| 673 | | Text messages between J.Y. and M.T. on 11.26.2018 | | | | | |
| 674 | | Email re "RE: Invoice" on 11.26.2018 at 7:22pm (5530 Jessamine Development Invoice #7321122 for $30,000) | | | | | |
| 675 | | Email re "RE: Invoice" on 11.26.2018 at 4:22pm | | | | | |
| 676 | | Text messages between J.Y. and M.T. on 11.27.2018 | | | | | |

31

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 677 | | Email re "RE: Cash Sheet - Holdings - what's this?" on 11.28.2018 | | | | | |
| 678 | | Text message from J.Y. to M.T. on 11.30.2018 | | | | | |
| 679 | | Text messages from J.Y. to K.T. on 12.01.2018 | | | | | |
| 680 | | Email re "RE: Final Invoice" on 12.03.2018 (Meyers Consulting Group Invoice #79489 for $30,000) | | | | | |
| 681 | | Text messages between J.Y. and M.T. on 12.04.2018 | | | | | |
| 682 | | Text messages from J.Y. to K.T. on 12.04.2018 | | | | | |
| 683 | | Email re "Missing Meyers invoices" on 12.04.2018 (Meyers Consulting Group Invoice #79489 for $30,000 & Invoice #79488 for $30,000) | | | | | |
| 684 | | Text messages between J.Y. and M.T. on 12.06.2018 | | | | | |
| 685 | | Text messages from J.Y. to K.T. on 12.06.2018 | | | | | |
| 686 | | Email re "Fwd: Political Media, Inc. - Invoice for Services" on 12.07.2018 (Political Media Invoice #6516 for $21,250) | | | | | |
| 687 | | Text messages between J.Y. and M.T. on 12.07.2018 | | | | | |
| 688 | | Email re: "RE: Political Media, Inc. - Invoice for Services" on 12.07.2018 | | | | | |
| 689 | | Text messages between J.Y. and M.T. on 12.06.2018 | | | | | |
| 690 | | Text messages between J.Y. and M.T. on 12.10.2018 | | | | | |
| 691 | | Email re "New Vendor - Paid on Friday" on 12.10.2018 | | | | | |

32

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 692 | | Email re "Re: Final Invoice" on 12.11.2018 (Meyers Consulting Group Invoice #79490 for $25,000) | | | | | |
| 693 | | Text messages between J.Y. and M.T. on 12.11.2018 | | | | | |
| 694 | | Email re "Meyers Inv" on 12.14.2018 | | | | | |
| 695 | | Text messages between J.Y. and M.T. on 12.18.2018 | | | | | |
| 696 | | Text messages between Kley (M.T.) and M.M. on 12.18.2018 | | | | | |
| 697 | | Text messages between J.Y. and M.T. on 12.19.2018 | | | | | |
| 698 | | Text messages between J.Y. and M.T. on 12.20.2018 | | | | | |
| 699 | | Email re "FW: INVOICES: MICHAEL TEW ACH AUGUST 15" on 12.20.2018 | | | | | |
| 700 | | Email re "FW: Political Media, Inc. - Invoice for Services" on 12.20.2018 (Political Media Invoice #6517 for $15,125) | | | | | |
| 701 | | Text messages between J.Y. and M.T. on 12.21.2018 | | | | | |
| 702 | | Text messages between J.Y. and M.T. on 01.07.2019 | | | | | |
| 703 | | Email re "Invoice from Political Media, Inc." on 01.07.2019 (Political Media Invoice #6540 for $15,312.50) | | | | | |
| 704 | | Text messages between J.Y. and M.T. on 01.09.2019 | | | | | |
| 705 | | Text messages between J.Y. and M.T. on 01.10.2019 | | | | | |
| 706 | | Email re "Invoice from Political Media, Inc," on 01.10.2019 (Political Media Invoice #6670 for $25,350) | | | | | |

33

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 707 | | Text messages between J.Y. and M.T. on 01.17.2019 | | | | | |
| 708 | | Text messages from J.Y. to K.T. on 01.17.2019 | | | | | |
| 709 | | Email re "FW: Invoice from Political Media, Inc." on 01.17.2019 | | | | | |
| 710 | | Text messages between J.Y. and M.T. on 01.18.2019 | | | | | |
| 711 | | Email re "Invoice from Political Media, Inc." on 01.18.2019 (Political Media Invoice #6712 for $27,562.50) | | | | | |
| 712 | | Text messages between J.Y. and M.T. on 01.23.2019 | | | | | |
| 713 | | Email re "Invoice from Political Media, Inc." on 01.23.2019 (Political Media Invoice #6714 for $21,000 & Invoice #6712 for $28,000) | | | | | |
| 714 | | Email re "FW: Invoice from Political Media, Inc." on 01.25.2019 | | | | | |
| 715 | | Text messages from J.Y. to K.T. on 02.07.2019 | | | | | |
| 716 | | Email re "Invoice from Political Media, Inc." on 02.07.2019 (Political Media Invoice #6775 for $15,250) | | | | | |
| 717 | | Text messages between J.Y. and M.T. on 02.19.2019 | | | | | |
| 718 | | Text messages from J.Y. to K.T. on 02.19.2019 | | | | | |
| 719 | | Email re "Invoice from Political Media, Inc." on 02.19.2019 (Political Media Invoice #6786 for $15,250) | | | | | |
| 720 | | Email re "FW: Invoice from Political Media, Inc." on 02.21.2019 | | | | | |
| 721 | | Text messages between J.Y. and M.T. on 02.24.2019 | | | | | |

34

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 722 | | Text messages between J.Y. and M.T. on 03.01.2019 | | | | | |
| 723 | | Email re "Invoice from Political Media, Inc," on 03.04.2019 (Political Media Invoice #6804 for $37,800) | | | | | |
| 724 | | Text messages between Kley (M.T.) and K.T. on 03.06.2019 | | | | | |
| 725 | | Email re "FW: Invoice from Political Media, Inc." on 03.07.2019 | | | | | |
| 726 | | Text messages between Kley (M.T.) and K.T. on 03.14.2019 | | | | | |
| 727 | | Email re "Invoice from Political Media, Inc," on 03.14.2019 (Political Media Invoice #6881 for $31,500) | | | | | |
| 728 | | Email re "FW: Invoice from Political Media, Inc." on 03.15.2019 | | | | | |
| 729 | | Text messages between Kley (M.T.) and K.T. on 03.17.2019 | | | | | |
| 730 | | Text messages between Kley (M.T.) and K.T. on 03.18.2019 | | | | | |
| 731 | | Text messages between J.Y. and M.T. on 03.18.2019 | | | | | |
| 732 | | Email re "Invoice from Political Media, Inc," on 03.18.2019 (Political Media Invoice #6910 for $20,250) | | | | | |
| 733 | | Email re "FW: Invoice from Political Media, Inc." on 03.19.2019 | | | | | |
| 734 | | Text messages between J.Y. and M.T. on 03.19.2019 | | | | | |
| 735 | | Text messages between Kley (M.T.) and K.T. on 03.19.2019 | | | | | |
| 736 | | Text messages between M.T. and K.T. on 03.28.2019 | | | | | |

35

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 737 | | Email re "Invoice from Political Media, Inc," on 03.28.2019 (Political Media Invoice #6976 for $38,000) | | | | | |
| 738 | | INTENTIONALLY LEFT BLANK | | | | | |
| 739 | | Text messages between Kley (M.T.) and K.T. on 03.30.2019 | | | | | |
| 740 | | Text messages between Kley (M.T.) and K.T. on 04.03.2019 | | | | | |
| 741 | | Text messages between J.Y. and M.T. on 04.03.2019 | | | | | |
| 742 | | Email re "Invoice from Political Media, Inc," on 04.03.2019 (Political Media Invoice #6910 for $30,150) | | | | | |
| 743 | | Email re "FW: Invoice from Political Media, Inc," on 04.04.2019 (Political Media Invoice #7004 for 11,250) | | | | | |
| 744 | | INTENTIONALLY LEFT BLANK | | | | | |
| 745 | | Text messages between J.Y. and M.T. on 04.07.2019 | | | | | |
| 746 | | Text messages between Kley (M.T.) and K.T. on 04.07.2019 | | | | | |
| 747 | | Text messages between J.Y. and M.T. on 04.08.2019 | | | | | |
| 748 | | Email re "Invoice from Political Media, Inc," on 04.08.2019 (Political Media Invoice #7101 for $37,500) | | | | | |
| 749 | | Email re "re Invoice from Political Media, Inc." on 04.09.2019 | | | | | |
| 750 | | INTENTIONALLY LEFT BLANK | | | | | |
| 751 | | Text messages between M.T. and K.T. on 04.11.2019 | | | | | |

36

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 752 | | Text messages from Kley (M.T.) to M.M. on 04.12.2019 | | | | | |
| 753 | | Text messages between M.T. and K.T. on 04.12.2019 | | | | | |
| 754 | | Text messages between J.Y. and M.T. on 04.13.2019 | | | | | |
| 755 | | Text messages between M.T. and K.T. on 04.16.2019 | | | | | |
| 756 | | Text messages between M.T. and K.T. on 04.17.2019 | | | | | |
| 757 | | INTENTIONALLY LEFT BLANK | | | | | |
| 758 | | Text messages between M.T. and Kley (K.T.) on 04.21.2019 | | | | | |
| 759 | | Text messages between M.T. and K.T. on 04.22.2019 | | | | | |
| 760 | | Text messages between Kley (M.T.) and K.T. on 04.23.2019 | | | | | |
| 761 | | Text message from J.Y. to M.T. on 04.24.2019 | | | | | |
| 762 | | Text messages between M.T. and K.T. on 04.24.2019 | | | | | |
| 763 | | INTENTIONALLY LEFT BLANK | | | | | |
| 764 | | Email re "Invoice from Political Media, Inc." on 04.29.2019  (Political Media Invoice #7156 for $75,000 and Invoice #7158 for $39,780) | | | | | |
| 765 | | Email re "FW: Invoice from Political Media. Inc." on 04.29.2019 | | | | | |
| 766 | | Text messages between Kley (M.T.) and K.T. on 04.30.2019 | | | | | |

37

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 767 | | Text messages between M.T. and K.T. on 05.01.2019 | | | | | |
| 768 | | Text messages between M.T. and K.T. on 05.02.2019 | | | | | |
| 769 | | Text messages between M.T. and K.T. on 05.06.2019 | | | | | |
| 770 | | Text messages between J.Y. and M.T. on 05.07.2019 | | | | | |
| 771 | | Text messages between M.T. and K.T. on 05.08.2019 | | | | | |
| 772 | | Text messages between Kley (M.T.) and K.T. on 05.09.2019 | | | | | |
| 773 | | Text messages between Kley (M.T.) and K.T. on 05.10.2019 | | | | | |
| 774 | | Text messages between J.Y. and M.T. on 05.10.2019 | | | | | |
| 775 | | Text messages between J.Y. and M.T. on 05.15.2019 | | | | | |
| 776 | | Text messages between M.T. and K.T. on 05.20.2019 | | | | | |
| 777 | | Text messages between M.T. and Kley (K.T.) on 05.21.2019 | | | | | |
| 778 | | Text messages between M.T. and Kley (K.T.) on 05.22.2019 | | | | | |
| 779 | | Text messages between M.T. and K.T. on 05.27.2019 | | | | | |
| 780 | | Text messages between M.T. and K.T. on 05.28.2019 | | | | | |
| 781 | | Text messages between J.Y. and M.T. on 06.03.2019 | | | | | |

38

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 782 | | Text messages between Kley (M.T.) and K.T. on 06.03.2019 | | | | | |
| 783 | | Email re "Journal Entry Testing" on 06.04.2019 | | | | | |
| 784 | | Text messages between M.T. and K.T. on 06.07.2019 | | | | | |
| 785 | | Text messages between M.T. and K.T. on 06.10.2019 | | | | | |
| 786 | | Text messages between J.Y. and M.T. on 06.12.2019 | | | | | |
| 787 | | Text messages between Kley (M.T.) and K.T. on 06.12.2019 | | | | | |
| 788 | | Text messages between J.Y. and M.T. on 06.13.2019 | | | | | |
| 789 | | Text messages between M.T. and K.T. on 06.13.2019 | | | | | |
| 790 | | Text messages between M.T. and K.T. on 06.18.2019 | | | | | |
| 791 | | INTENTIONALLY LEFT BLANK | | | | | |
| 792 | | Text messages between M.T. and K.T. on 06.24.2019 | | | | | |
| 793 | | Text messages between M.T. and K.T. on 06.25.2019 | | | | | |
| 794 | | Text messages between M.T. and K.T. on 06.26.2019 and 06.27.2019 | | | | | |
| 795 | | Text messages between J.Y. and M.T. on 06.26.2019 | | | | | |
| 796 | | Text messages between J.Y. and M.T. on 06.28.2019 | | | | | |

39

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 797 | | Text messages between M.T. and K.T. on 06.28.2019 | | | | | |
| 798 | | Text messages between M.T. and K.T. on 06.29.2019 | | | | | |
| 799 | | Email re "RE: Please assist" on 07.11.2019 | | | | | |
| 800 | | Text messages between M.T. and K.T. on 07.02.2019 | | | | | |
| 801 | | Emails re "Invoice From Political Media, Inc." on 07.03.2019 (Political Media Invoice #7201 for $40,000; Invoice #7263 for $10,100; Invoice #7312 for $9,500; & Invoice #7322 for $30,000) | | | | | |
| 802 | | Text messages between M.T. and K.T. on 07.04.2019 | | | | | |
| 803 | | INTENTIONALLY LEFT BLANK | | | | | |
| 804 | | Text messages between M.T. and K.T. on 07.07.2019 | | | | | |
| 805 | | Text messages between M.T. and K.T. on 07.07.2019 | | | | | |
| 806 | | Text messages between J.Y. and M.T. on 07.08.2019 | | | | | |
| 807 | | Emails re "Re: Please assist" on 07.08.2019 | | | | | |
| 808 | | Emails re "Re: Please assist" on 07.09.2019 | | | | | |
| 809 | | Text messages between M.T. and K.T. on 07.09.2019 | | | | | |
| 810 | | Text messages between M.T. and K.T. on 07.11.2019 | | | | | |
| 811 | | Text messages between M.T. and K.T. on 07.17.2019 | | | | | |

40

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 812 | | Text messages between M.T. and K.T. on 07.18.2019 | | | | | |
| 813 | | Text messages between J.Y. and M.T. on 07.19.2019 | | | | | |
| 814 | | Text messages between J.Y. and M.T. on 07.22.2019 | | | | | |
| 815 | | Text messages between M.T. and K.T. on 07.29.2019 | | | | | |
| 816 | | Text messages between J.Y. and M.T. on 07.30.2019 | | | | | |
| 817 | | Text messages between J.Y. and M.T. on 08.01.2019 | | | | | |
| 818 | | Text messages between J.Y. and M.T. on 08.03.2019 | | | | | |
| 819 | | Text messages between M.T. and K.T. on 08.04.2019 | | | | | |
| 820 | | Text messages between J.Y. and M.T. on 08.05.2019 | | | | | |
| 821 | | Text messages between M.T. and K.T. on 08.05.2019 | | | | | |
| 822 | | Text messages between M.T. and K.T. on 08.06.2019 | | | | | |
| 823 | | Text messages between J.Y. and M.T. on 08.06.2019 | | | | | |
| 824 | | Text messages between M.T. and K.T. on 08.11.2019 | | | | | |
| 825 | | Text messages between M.T. and K.T. on 08.13.2019 | | | | | |
| 826 | | Text messages between J.Y. and M.T. on 08.13.2019 | | | | | |

41

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 827 | | Text messages between J.Y. and M.T. on 08.14.2019 | | | | | |
| 828 | | Text messages between J.Y. and M.T. on 08.15.2019 | | | | | |
| 829 | | Text messages between M.T. and K.T. on 08.18.2019 | | | | | |
| 830 | | Text messages between J.Y. and M.T. on 08.19.2019 | | | | | |
| 831 | | Text messages between J.Y. and M.T. on 08.20.2019 | | | | | |
| 832 | | Text messages between J.Y. and M.T. on 08.21.2019 | | | | | |
| 833 | | Text messages between J.Y. and M.T. on 08.22.2019 | | | | | |
| 834 | | Text messages between M.T. and K.T. on 08.22.2019 | | | | | |
| 835 | | Text messages between M.T. and K.T. on 08.23.2019 | | | | | |
| 836 | | Text messages between M.T. and K.T. on 08.25.2019 | | | | | |
| 837 | | Text messages between J.Y. and M.T. on 08.26.2019 | | | | | |
| 838 | | Text messages between M.T. and K.T. on 08.26.2019 | | | | | |
| 839 | | Text messages between M.T. and K.T. on 08.27.2019 | | | | | |
| 840 | | Text messages between M.T. and K.T. on 08.28.2019 | | | | | |
| 841 | | Email re "Invoices from Global Fuel Logistics, Inc" on 08.28.2019 (Global Fuel Logistics Invoice #987 for #9,500; Invoice #972 for $94,500; & Invoice #763 for $152,000) | | | | | |

42

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 842 | | Text messages between M.T. and K.T. on 08.29.2019 | | | | | |
| 843 | | Emails re "RE: 8/29 Wires" on 08.29.2019 | | | | | |
| 844 | | Email re "Global Fuel - Updated Invoice" on 08.29.2019 (Global Fuel Logistics Invoice #1001 for $55,000) | | | | | |
| 845 | | Email re "Invoices from Global Fuel Logistics, Inc" on 08.29.2019 (Global Fuel Logistics Invoice #1023 for $45,000; Invoice #1011 for $45,000; & Invoice #1001 for $56,000) | | | | | |
| 846 | | Text messages between M.T. and K.T. on 08.30.2019 | | | | | |
| 847 | | INTENTIONALLY LEFT BLANK | | | | | |
| 848 | | Text messages between M.T. and K.T. on 09.06.2019 | | | | | |
| 849 | | Text messages between M.T. and K.T. on 09.07.2019 | | | | | |
| 850 | | Text messages between M.T. and K.T. on 09.08.2019 | | | | | |
| 851 | | Text messages between J.Y. and M.T. on 09.09.2019 | | | | | |
| 852 | | Text messages between M.T. and K.T. on 09.09.2019 | | | | | |
| 853 | | Text messages between M.T. and K.T. on 09.10.2019 | | | | | |
| 854 | | Text messages between M.T. and K.T. on 09.13.2019 | | | | | |
| 855 | | Text messages between M.T. and K.T. on 09.14.2019 | | | | | |
| 856 | | Text messages between J.Y. and M.T. on 09.16.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 857 | | Text messages between J.Y. and M.T. on 09.17.2019 | | | | | |
| 858 | | Text messages between J.Y. and M.T. on 09.18.2019 | | | | | |
| 859 | | Text messages between M.T. and K.T. on 09.18.2019 | | | | | |
| 860 | | Text messages between M.T. and K.T. on 09.22.2019 | | | | | |
| 861 | | Text messages between M.T. and K.T. on 09.23.2019 | | | | | |
| 862 | | Text messages between J.Y. and M.T. on 09.25.2019 | | | | | |
| 863 | | Text messages between J.Y. and M.T. on 09.26.2019 | | | | | |
| 864 | | Text messages between M.T. and K.T. on 09.26.2019 | | | | | |
| 865 | | Text messages between J.Y. and M.T. on 09.27.2019 | | | | | |
| 866 | | Text messages between M.T. and K.T. on 09.28.2019 | | | | | |
| 867 | | Text messages between M.T. and K.T. on 09.30.2019 | | | | | |
| 868 | | INTENTIONALLY LEFT BLANK | | | | | |
| 869 | | Text messages between M.T. and K.T. on 10.02.2019 | | | | | |
| 870 | | INTENTIONALLY LEFT BLANK | | | | | |
| 871 | | Text messages between M.T. and K.T. on 10.05.2019 | | | | | |

44

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 872 | | Text messages between M.T. and K.T. on 10.07.2019 | | | | | |
| 873 | | Text messages between M.T. and K.T. on 10.08.2019 | | | | | |
| 874 | | Text messages between M.T. and K.T. on 10.09.2019 | | | | | |
| 875 | | Email re "Invoices from Aero Maintenance Resources" on 10.11.2019 (Aero Maintenance Resources Invoice #697 for $112,750; Invoice #634 for $75,000; & Invoice #627 for $141,450) | | | | | |
| 876 | | Text messages between M.T. and K.T. on 10.11.2019 | | | | | |
| 877 | | Text messages between M.T. and K.T. on 10.15.2019 | | | | | |
| 878 | | INTENTIONALLY LEFT BLANK | | | | | |
| 879 | | Text messages between M.T. and K.T. on 10.19.2019 | | | | | |
| 880 | | Text messages between M.T. and K.T. on 10.20.2019 | | | | | |
| 881 | | Text messages between M.T. and K.T. on 10.21.2019 | | | | | |
| 882 | | Text messages between M.T. and K.T. on 10.22.2019 | | | | | |
| 883 | | Text messages between M.T. and K.T. on 10.25.2019 | | | | | |
| 884 | | Text messages between M.T. and K.T. on 10.25.2019 | | | | | |
| 885 | | Text messages between M.T. and K.T. on 10.31.2019 | | | | | |
| 886 | | Text messages between M.T. and K.T. on 11.01.2019 | | | | | |

45

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 887 | | Email re "Invoices from Aero Maintenance Resources" on 11.11.2019 (Aero Maintenance Resources Invoice #1017 for $110,000; Invoice #1021 for $100,000; & Invoice #1103 for $66,750) | | | | | |
| 888 | | Text messages between M.T. and K.T. on 11.13.2019 | | | | | |
| 889 | | Text messages between M.T. and K.T. on 11.14.2019 | | | | | |
| 890 | | Text messages between M.T. and K.T. on 11.19.2019 | | | | | |
| 891 | | Text messages between M.T. and K.T. on 11.20.2019 | | | | | |
| 892 | | Text messages between M.T. and K.T. on 11.21.2019 | | | | | |
| 893 | | Text messages between M.T. and K.T. on 11.22.2019 | | | | | |
| 894 | | Text messages between M.T. and K.T. on 11.25.2019 | | | | | |
| 895 | | Text messages between M.T. and K.T. on 12.01.2019 | | | | | |
| 896 | | Text messages between M.T. and K.T. on 12.02.2019 | | | | | |
| 897 | | Text messages between M.T. and K.T. on 12.03.2019 | | | | | |
| 898 | | Text messages between M.T. and K.T. on 12.04.2019 | | | | | |
| 899 | | Text messages between M.T. and K.T. on 12.06.2019 | | | | | |
| 900 | | INTENTIONALLY LEFT BLANK | | | | | |
| 901 | | Text messages between M.T. and K.T. on 12.11.2019 | | | | | |

46

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 902 | | Text messages between M.T. and K.T. on 12.13.2019 | | | | | |
| 903 | | Email re "Invoices from Aero Maintenance Resources" on 12.17.2019 (Aero Maintenance Resources Invoice #2110 for $49,750; Invoice #2325 for $83,400; & Invoice #2392 for $85,250) | | | | | |
| 904 | | Text messages between M.T. and K.T. on 12.20.2019 | | | | | |
| 905 | | Text messages between M.T. and K.T. on 12.21.2019 | | | | | |
| 906 | | Text messages between M.T. and K.T. on 12.30.2019 | | | | | |
| 907 | | Text messages between M.T. and K.T. on 12.31.2019 | | | | | |
| 908 | | Text messages between M.T. and K.T. on 01.03.2020 | | | | | |
| 909 | | Text messages between M.T. and K.T. on 01.07.2020 | | | | | |
| 910 | | Text messages between M.T. and K.T. on 01.08.2020 | | | | | |
| 911 | | Text messages between M.T. and K.T. on 01.09.2020 | | | | | |
| 912 | | Email re "Invoices from Aero Maintenance Resources" on 01.09.2020 (Aero Maintenance Resources Invoice #2515 for $79,950; Invoice #2479 for $87,200; & Invoice #2601 for $148,200) | | | | | |
| 913 | | Text messages between M.T. and K.T. on 01.10.2020 | | | | | |
| 914 | | Text messages between M.T. and K.T. on 01.11.2020 | | | | | |
| 915 | | Text messages between M.T. and K.T. on 01.13.2020 | | | | | |
| 916 | | Text messages between M.T. and K.T. on 01.16.2020 | | | | | |

47

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 917 | | Text messages between M.T. and K.T. on 01.17.2020 | | | | | |
| 918 | | Text messages between M.T. and K.T. on 01.22.2020 | | | | | |
| 919 | | Text messages between M.T. and K.T. on 01.26.2020 | | | | | |
| 920 | | Text messages between M.T. and K.T. on 01.28.2020 | | | | | |
| 921 | | Text messages between M.T. and K.T. on 01.29.2020 | | | | | |
| 922 | | Text messages between M.T. and K.T. on 01.31.2020 | | | | | |
| 923 | | Text messages between M.T. and K.T. on 02.01.2020 | | | | | |
| 924 | | Text messages between M.T. and K.T. on 02.05.2020 | | | | | |
| 925 | | Text messages between M.T. and K.T. on 02.12.2020 | | | | | |
| 926 | | Text messages between M.T. and K.T. on 02.13.2020 | | | | | |
| 927 | | Text messages between M.T. and K.T. on 02.15.2020 | | | | | |
| 928 | | Email re "Invoices from Aero Maintenance Resources" on 02.18.2020 (Aero Maintenance Resources Invoice #2807 for $15,689; & Invoice #2753 for $99,211) | | | | | |
| 929 | | Text messages between M.T. and K.T. on 02.25.2020 | | | | | |
| 930 | | Text messages between M.T. and K.T. on 02.26.2020 | | | | | |
| 931 | | Text messages between M.T. and K.T. on 03.03.2020 | | | | | |

48

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 932 | | Text messages between M.T. and K.T. on 03.06.2020 | | | | | |
| 933 | | Email re "Invoices from Aero Maintenance Resources" on 03.09.2020 (Aero Maintenance Resources Invoice #3004 for $95,000; Invoice #2987 for $33,520; & Invoice #2901 for $90,180) | | | | | |
| 934 | | Text messages between M.T. and K.T. on 03.10.2020 | | | | | |
| 935 | | Email re "Aero Maintenance Invoices for February 2020" on 03.11.2020 (Aero Maintenance Resources Invoice #2990 for $73,000) | | | | | |
| 936 | | Text messages between M.T. and K.T. on 03.11.2020 | | | | | |
| 937 | | Text messages between M.T. and K.T. on 03.17.2020 | | | | | |
| 938 | | Text messages between M.T. and K.T. on 03.18.2020 | | | | | |
| 939 | | Email re NO SUBJECT on 03.19.2020 | | | | | |
| 940 | | Text messages between M.T. and K.T. on 03.20.2020 | | | | | |
| 941 | | Text messages between M.T. and K.T. on 03.22.2020 | | | | | |
| 942 | | Text messages between M.T. and K.T. on 03.23.2020 | | | | | |
| 943 | | Text messages between M.T. and K.T. on 03.28.2020 | | | | | |
| 944 | | Text messages between M.T. and K.T. on 03.30.2020 | | | | | |
| 945 | | Text messages between M.T. and K.T. on 04.01.2020 | | | | | |
| 946 | | Text messages between M.T. and K.T. on 04.02.2020 | | | | | |

49

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 947 | | Text messages between M.T. and K.T. on 04.05.2020 | | | | | |
| 948 | | Text messages between M.T. and K.T. on 04.06.2020 | | | | | |
| 949 | | Text messages between M.T. and K.T. on 04.08.2020 | | | | | |
| 950 | | Email re "Invoices for Aero Maintenance Resources" on 04.14.2020 (Aero Maintenance Resources Invoice #4001 for $87,045; & Invoice #3176 for $127,155) | | | | | |
| 951 | | Text messages between M.T. and K.T. on 04.14.2020 | | | | | |
| 952 | | Email re "Aero Maintenance Invoices for April 2020" on 04.16.2020 (Aero Maintenance Resources Invoice #5120 for $105,603; & Invoice #4784 for $114,685) | | | | | |
| 953 | | Email re "Invoice for Global Fuel Logistics, Inc." on 04.27.2020 (Global Fuel Logistics Invoice #7988 for $124,785) | | | | | |
| 954 | | Email re "Invoice for Aero Maintenance Resources 2 March 2020" on 05.04.2020 (Aero Maintenance Resources Invoice #3101 for $61,255) | | | | | |
| 955 | | Email re "Invoice for Global Fuel Logistics, Inc." on 05.11.2020 (Global Fuel Logistics Invoice #8011 for $83,090) | | | | | |
| 956 | | Text messages between M.T. and K.T. on 05.12.2020 | | | | | |
| 957 | | Text messages between M.T. and K.T. on 05.23.2020 | | | | | |
| 958 | | Text messages between M.T. and K.T. on 05.28.2020 | | | | | |
| 959 | | Email re "Invoices for May 2020" on 06.03.2020 (Aero Maintenance Resources Invoice #8888 for $153,725; Global Fuel Logistics Invoice #9014 for $159,882; & Global Fuel Logistics Invoice #9071 for $164,065) | | | | | |
| 960 | | Text messages between M.T. and K.T. on 06.07.2020 | | | | | |
| 961 | | Text messages between M.T. and K.T. on 06.09.2020 | | | | | |

50

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 962 | | Text messages between M.T. and K.T. on 06.10.2020 | | | | | |
| 963 | | Text messages between M.T. and K.T. on 06.11.2020 | | | | | |
| 964 | | Text messages between M.T. and K.T. on 06.16.2020 | | | | | |
| 965 | | Text messages between M.T. and K.T. on 06.17.2020 | | | | | |
| 966 | | Text messages between M.T. and K.T. on 06.24.2020 | | | | | |
| 967 | | Text messages between M.T. and K.T. on 06.25.2020 | | | | | |
| 968 | | Text messages between M.T. and K.T. on 06.26.2020 | | | | | |
| 969 | | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10101 for $170,274.50; Aero Maintenance Resources Invoice #9302 for $194,803; & Global Fuel Logistics Invoice #11812 for $127,264) | | | | | |
| 970 | | Text messages between M.T. and K.T. on 06.29.2020 | | | | | |
| 971 | | Text messages between M.T. and K.T. on 07.01.2020 | | | | | |
| 972 | | Text messages between J.Y. and K.T. on 07.01.2020 | | | | | |
| 973 | | Email re "Invoice for July 1 2020" on 07.02.2020 (Global Fuel Logistics Invoice #10226 for $95,000) | | | | | |
| 974 | | Audio recording of consensual phone call between J.Y. and M.T. on 07.07.2020 | | | | | |
| 975 | | Audio recording of consensual phone call between J.Y. and M.T. on 07.08.2020 | | | | | |
| 976 | | Text messages between J.Y. and M.T. on 07.08.2020 | | | | | |

51

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 977 | | INTENTIONALLY LEFT BLANK | | | | | |
| 978 | | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | | | | | |
| 979 | | Email re ACH Payment Questions, dated 04.17.2019 | | | | | |
| 980 | | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | | | | | |
| 981 | | Email re Lilly Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | | | | | |
| 982 | | Email re Lilly Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | | | | | |
| 983 | | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | | | | | |
| 984 | | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | | | | | |
| 985 | | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | | | | | |
| 986 | | Invoice #001 re Kimberley Tew for $10,000.00, dated 02.08.2018 | | | | | |
| 987 | | Transcript of consensual phone call between J.Y. and M.T. on 07.07.2020 | | | | | |
| 988 | | Transcript of consensual phone call between J.Y. and M.T. on 07.08.2020 | | | | | |
| 989 | | Text messages between M.T. and K.T. on 08.28.2019 | | | | | |
| 990 | | Text messages between M.T. and K.T. on 09.18.2019 | | | | | |
| 991 - 999 | | INTENTIONALLY LEFT BLANK | | | | | |

52

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1000 | | INTENTIONALLY LEFT BLANK | | | | | |
| 1001 | | Account Owners and Signors for Relevant Bank Accounts | | | | | |
| 1002 | | Payments of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | |
| 1003 | | Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | |
| 1004 | | Summary of Hanna Scaife CPA, Meyers Consulting Group, and 5530 Jessamine Development Invoices and Payments | | | | | |
| 1005 | | Summary of Political Media Invoices and Payments | | | | | |
| 1006 | | Summary of Global Fuel Logistics Invoices and Payments | | | | | |
| 1007 | | Summary of Aero Maintenance Resources Invoices and Payments | | | | | |
| 1008 | | Summary - Calendar of Events | | | | | |
| 1009 | | Summary - Count 42 | | | | | |
| 1010 | | Summary - Count 43 | | | | | |
| 1011 | | Summary - Count 44 | | | | | |
| 1012 | | Summary - Count 45 | | | | | |
| 1013 | | Summary - Count 46 | | | | | |
| 1014 | | Summary - Count 47 | | | | | |

53

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1015 | | Summary - Count 48 | | | | | |
| 1016 | | Summary - Count 49 | | | | | |
| 1017 | | Summary - Count 50 | | | | | |
| 1018 | | Summary - Count 51 | | | | | |
| 1019 | | Summary - Count 52 | | | | | |
| 1020 | | Summary - Count 53 | | | | | |
| 1021 | | Summary - Count 54 | | | | | |
| 1022 | | Summary - Count 55 | | | | | |
| 1023 | | Summary - Count 56 | | | | | |
| 1024 | | Summary - M. Tew Transactions and Photographs | | | | | |
| 1025 | | Summary - K. Tew Transactions and Photographs | | | | | |
| 1026 | | Summary - M. and K. Tew Transactions and Photographs | | | | | |
| 1027 - 1099 | | INTENTIONALLY LEFT BLANK | | | | | |
| 1100 | | Certificate of Authenticity for Atlantic Union Bank | | | | | |
| 1101 | | Certificate of Authenticity for ANB Bank | | | | | |

54

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1102 | | Certificate of Authenticity for ANB Bank | | | | | |
| 1103 | | Certificate of Authenticity for BBVA | | | | | |
| 1104 | | Certificate of Authenticity for BBVA | | | | | |
| 1105 | | Certificate of Authenticity for Guaranty Bank and Trust Company | | | | | |
| 1106 | | Certificate of Authenticity for Kraken | | | | | |
| 1107 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | |
| 1108 | | Certificate of Authenticity for GoDaddy | | | | | |
| 1109 | | Certificate of Authenticity for Google | | | | | |
| 1110 | | Certificate of Authenticity for Verizon | | | | | |
| 1111 | | Certificate of Authenticity for Regions Bank | | | | | |
| 1112 | | Certificate of Authenticity for Simple Finance Technology Corp | | | | | |
| 1113 | | Certificate of Authenticity for Signature Bank | | | | | |
| 1114 | | Certificate of Authenticity for Google | | | | | |
| 1115 | | Certificate of Authenticity for Apple | | | | | |
| 1116 | | Certificate of Authenticity for Google | | | | | |

55

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1117 | | Certificate of Authenticity for Google | | | | | |
| 1118 | | Certificate of Authenticity for Vcorp | | | | | |
| 1119 | | Certificate of Authenticity for Wells Fargo Bank | | | | | |
| 1120 | | Certificate of Authenticity for Wells Fargo Bank | | | | | |
| 1121 | | Certificate of Authenticity for Wynn Las Vegas | | | | | |
| 1122 | | Certificate of Authenticity for Google | | | | | |
| 1123 | | Certificate of Authenticity for Google | | | | | |
| 1124 | | Certificate of Authenticity for Google | | | | | |
| 1125 | | Certificate of Authenticity for Google | | | | | |
| 1126 | | Certificate of Authenticity for Google | | | | | |
| 1127 | | Certificate of Authenticity for AT&T | | | | | |
| 1128 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | |
| 1129 | | Certificate of Authenticity for American Express | | | | | |
| 1130 | | Certificate of Authenticity for National Air Cargo | | | | | |
| 1131 | | Certificate of Authenticity for McDonald Automotive (Audi) | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1132 | | Certificate of Authenticity for Digital Mint | | | | | |
| 1133 | | Certificate of Authenticity for Digital Mint | | | | | |
| 1134 | | Certification of Authenticity for National Air Cargo | | | | | |
| 1135 | | Certification of Authenticity for Access National Bank | | | | | |
| 1136 | | Certification of Authenticity for Coinbase | | | | | |
| 1137 | | Certification of Authenticity for Coinbase | | | | | |
| 1138 | | Certification of Authenticity for Coinbase | | | | | |
| 1139 | | Certification of Authenticity for Navy FCU | | | | | |
| 1140 | | Certification of Authenticity for Apple | | | | | |
| 1141 | | Certification for Google | | | | | |

57

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1. **MICHAEL AARON TEW** and
    2. **KIMBERLEY ANN TEW**,
      a/ka Kimberley Vertanen,

    Defendants.

---

## GOVERNMENT'S LIST OF PROPOSED WITNESSES

---

The government hereby submits its preliminary list of proposed witnesses, along with estimates of the length of their testimony on direct examination.   The government reserves the right, with reasonable notice depending on the circumstances, to call additional witnesses should a need arise during trial or based on rulings made at the pretrial conference. The government also reserves the right

1

to submit a revised witness list as it continues to prepare testimony and develops

better estimates of the time needed for direct examinations.

Respectfully submitted this 25th day of January, 2024.

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*          By:  */s/ Sarah H. Weiss*
Bryan Fields                     Sarah H. Weiss
Assistant United States Attorney Assistant United States Attorney
U.S. Attorney's Office           U.S. Attorney's Office
1801 California St. Suite 1600   1801 California St. Suite 1600
Denver, CO 80202                 Denver, CO 80202
(303) 454-0100                   (303) 454-0100
Bryan.Fields3@usdoj.gov          Sarah.Weiss@usdoj.gov
Attorney for the Government      Attorney for the Government

2

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record

By:     */s Bryan Fields*
        Bryan Fields
        Assistant United States
        Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Bryan.Fields3@usdoj.gov
        Attorney for the Government

3

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## Judge Daniel D. Domenico

Case No.       20-cr-305-DDD          Date:     February 5, 2024

Case Title:    _United States v. Michael Tew et al._

GOVERNMENT'S                          WITNESS LIST
(**Plaintiff**/Defendant)

| WITNESS | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|
| Ronald Brodfuehrer | Feb. 5 - 15 minutes |
| Jonathan Yioulos | Feb. 5-6 - 300 minutes |
| Hannah Scaife | Feb. 7 - 45 minutes |
| Raeesa Telly (nee Ibrahim) | Feb. 7 - 45 minutes |
| Abby Schwartz | Feb 7 - 120 minutes |
| Regions Bank Representative | Feb. 7 - 15 minutes |
| Navy Federal Credit Union Representative | Feb. 7 - 15 minutes |
| Flagstar Bank / FIS Global Representative | Feb. 7 - 15 minutes |
| Sarah Anderson | Feb. 7 - 30 minutes |
| PNC Bank Representative | Feb. 8 - 15 minutes |
| Michael Meyers | Feb. 8 - 30 minutes |
| Roman Hernandez | Feb. 8 - 30 minutes |
| Wells Fargo Representative | Feb. 8 - 15 minutes |
| ANB Bank Representative | Feb. 8 - 15 minutes |
| Lori Alf | Feb. 8 - 30 minutes |

| | |
|---|---|
| Chris Alf | Feb. 8 - 30 minutes |
| Matthew Morgan | Feb. 8 - 60 minutes |
| Nicholas Hanggi | Feb. 9 - 30 minutes |
| Matthew Vanderveer | Feb. 9 - 30 minutes |
| Lisa Palmer | Feb. 9 & 12 - 180 minutes |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MICHAEL AARON TEW,

     Defendant.

_____

## DEFENDANT MICHAEL TEW'S NOTICE REGARDING PROPOSED
## WITNESS AND EXHIBIT LISTS

_____

In accord with the Court's Order regarding pre-trial deadlines, Doc. 241, defendant Michael Aaron Tew ("Mr. Tew") submits this notice regarding his proposed witness and exhibit lists.

Considering the issues raised in Mr. Tew's pending motion in limine related to the government's potential use of proffer statements, Doc. 370, at this time Mr. Tew offers no proposed witnesses or exhibits. Should the Court grant his motion limited the breadth of the proffer agreements, Mr. Tew respectfully asks for the Court's permission to supplement his proposed witness and exhibit lists.

DATED this 25th day of January, 2024.

                           _/s/  Jason D. Schall_____
                           Jason D. Schall
                           BOWLIN & SCHALL LLC
                           7350 E Progress Pl Ste 100
                           Greenwood Village, CO 80111
                           Telephone: (720) 505-3861
                           E-mail: jason@bowsch.com

> */s/  Kristen M. Frost*
> Kristen M. Frost
> RIDLEY, LCGREEVY & WINOCUR, P.C.
> 303 16th Street, Suite 200
> Denver, CO 80202
> Telephone: (303) 629-9700
> Facsimile: (303) 629-9702
> E-mail: frost@ridleylaw.com
>
> Attorneys for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

> */s/  Jason D. Schall*
> Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

> */s/  Jason D. Schall*
> Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan / Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com

hubbard@slhlegal.com
*Attorneys for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

_____/s/ *Jason D. Schall*_____
Jason D. Schall

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1. **MICHAEL AARON TEW** and
    2. **KIMBERLEY ANN TEW**,
      a/ka Kimberley Vertanen,

      Defendants.

---

### GOVERNMENT'S (AMENDED) LIST OF PROPOSED EXHIBITS

---

      The government hereby submits an amended version of its preliminary list of proposed exhibits.   The government respectfully reserves its right, within reasonable notice depending on the circumstances, to add additional exhibits as it continues preparing for trial.

      Respectfully submitted this 25th day of January, 2024.

                COLE FINEGAN
                United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

By:      */s Bryan Fields*
Bryan Fields
Assistant United States
Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

3

1

CASE CAPTION: <u>United States v. Tew, et al.</u>

CASE NO.: <u>20-cr-305-DDD</u>

EXHIBIT LIST OF: <u>United States of America, Plaintiff</u>
                  (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1 | | INTENTIONALLY LEFT BLANK | | | | | |
| 2 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 08.01.2018-08.31.2018 | | | | | |
| 3 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 10.01.2018-10.31.2018 | | | | | |
| 4 | | INTENTIONALLY LEFT BLANK | | | | | |
| 5 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 11.01.2018-11.30.2018 | | | | | |
| 6 | | INTENTIONALLY LEFT BLANK | | | | | |
| 7 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 12.01.2018-12.31.2018 | | | | | |
| 8 | | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.07.2019 | | | | | |
| 9 | | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.19.2019 | | | | | |
| 10 | | Signature Bank ACH Transaction re $38,000 to [PM], dated 03.28.2019 | | | | | |

1

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 11 | | Signature Bank ACH Transaction re $11,250 to [PM], dated 04.03.2019 | | | | | |
| 12 | | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 07.23.2019 | | | | | |
| 13 | | Signature Bank ACH Transaction re $31,500 to SHI LLC, dated 08.06.2019 | | | | | |
| 14 | | Signature Bank ACH Transaction re $9,500 to Global Fuel Logistics, dated 08.19.2019 | | | | | |
| 15 | | Signature Bank ACH Transaction re $28,000 to SHI LLC, dated 08.21.2019 | | | | | |
| 16 | | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 09.03.2019 | | | | | |
| 17 | | Signature Bank ACH Transaction re $18,000 to SHI LLC, dated 09.09.2019 | | | | | |
| 18 | | Signature Bank ACH Transaction re $33,500 to SHI LLC, dated 09.17.2019 | | | | | |
| 19 | | Signature Bank ACH Transaction re $52,750 to SHI LLC, dated 09.25.2019 | | | | | |
| 20 | | Signature Bank ACH Transaction re $75,000 to Global Fuel Logistics, dated 10.16.2019 | | | | | |
| 21 | | Signature Bank ACH Transaction re $43,000 to Global Fuel Logistics, dated 10.24.2019 | | | | | |
| 22 | | Signature Bank ACH Transaction re $49,750 to SHI LLC, dated 10.31.2019 | | | | | |
| 23 | | Signature Bank ACH Transaction re $40,500 to SHI LLC, dated 11.07.2019 | | | | | |
| 24 | | Signature Bank ACH Transaction re $43,250 to Global Fuel Logistics, dated 11.25.2019 | | | | | |

2

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 25 | | Signature Bank ACH Transaction re $9,550 to Global Fuel Logistics, dated 12.02.2019 | | | | | |
| 26 | | Signature Bank ACH Transaction re $24,500 to Global Fuel Logistics, dated 12.11.2019 | | | | | |
| 27 | | Signature Bank ACH Transaction re $15,200 to Global Fuel Logistics, dated 12.23.2019 | | | | | |
| 28 | | Signature Bank ACH Transaction re $33,000 to Global Fuel Logistics, dated 02.11.2020 | | | | | |
| 29 | | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 02.19.2020 | | | | | |
| 30 | | Signature Bank ACH Transaction re $36,555 to Global Fuel Logistics, dated 03.02.2020 | | | | | |
| 31 | | Signature Bank ACH Transaction re $35,000 to Global Fuel Logistics, dated 03.09.2020 | | | | | |
| 32 | | Signature Bank ACH Transaction re $22,5000 to Global Fuel Logistics, dated 03.19.2020 | | | | | |
| 33 | | Signature Bank ACH Transaction re $73,460 to Global Fuel Logistics, dated 03.31.2020 | | | | | |
| 34 | | Signature Bank ACH Transaction re $36,925 to Global Fuel Logistics, dated 04.06.2020 | | | | | |
| 35 | | Signature Bank ACH Transaction re $68,255 to Global Fuel Logistics, dated 04.15.2020 | | | | | |
| 36 | | Signature Bank ACH Transaction re $46,850 to Global Fuel Logistics, dated 04.27.2020 | | | | | |
| 37 | | Signature Bank ACH Transaction re $85,325 to Global Fuel Logistics, dated 05.05.2020 | | | | | |
| 38 | | Signature Bank ACH Transaction re $82,422 to Global Fuel Logistics, dated 05.12.2020 | | | | | |

3

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 39 | | Signature Bank ACH Transaction re $78,565 to Global Fuel Logistics, dated 05.20.2020 | | | | | |
| 40 | | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 07.02.2020 | | | | | |
| 41 | | INTENTIONALLY LEFT BLANK | | | | | |
| 42 | | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawal, dated 06.04.2019 | | | | | |
| 43 | | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawal, dated 06.11.2019 | | | | | |
| 44 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $22,000 Withdrawal, dated 08.28.2019 | | | | | |
| 45 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $25,000 Withdrawal, dated 08.29.2019 | | | | | |
| 46 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | | | | | |
| 47 | | Wells Fargo Bank Wire Transaction Report re Acct x6934 $15,000, dated 09.18.2019 | | | | | |
| 48 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $20,000 Withdrawal, dated 089.26.2019 | | | | | |
| 49 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $20,000 Withdrawal, dated 09.27.2019 | | | | | |
| 50 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $20,000 Withdrawal, dated 10.01.2019 | | | | | |
| 51 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $12,000 Withdrawal, dated 10.02.2019 | | | | | |
| 52 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 11.30.2019 | | | | | |

4

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 53 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $20,000 Withdrawal, dated 02.20.2020 | | | | | |
| 54 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $15,000 Withdrawal, dated 02.21.2020 | | | | | |
| 55 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $20,000 Withdrawal, dated 02.27.2020 | | | | | |
| 56 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $20,000 Withdrawal, dated 03.03.2020 | | | | | |
| 57-100 | | INTENTIONALLY LEFT BLANK | | | | | |
| 101 | | 2016 Gross Income Summary for Michael Tew | | | | | |
| 102 | | 2017 Gross Income Summary for Michael Tew | | | | | |
| 103 | | 2018 Gross Income Summary for Michael Tew | | | | | |
| 104 | | 2019 Gross Income Summary for Michael Tew | | | | | |
| 105 | | Internal Revenue Service 2019 Account Transcript | | | | | |
| 106 | | INTENTIONALLY LEFT BLANK | | | | | |
| 107 | | 2016 Gross Income Summary for Michael Tew | | | | | |
| 108 | | 2017 Gross Income Summary for Michael Tew | | | | | |
| 109 | | 2018 Gross Income Summary for Michael Tew | | | | | |
| 110 - 200 | | 2019 Gross Income Summary for Michael Tew | | | | | |

5

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 201 | | INTENTIONALLY LEFT BLANK | | | | | |
| 202 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, statement 08.31.2018 | | | | | |
| 203 | | Regions Bank Statement re Account x4514 [MM], statement period 10.12.2018-11.08.2018 | | | | | |
| 204 | | INTENTIONALLY LEFT BLANK | | | | | |
| 205 | | Regions Bank Statement re Account x4514 [MM], statement period 11.09.2018-12.10.2018 | | | | | |
| 206 | | INTENTIONALLY LEFT BLANK | | | | | |
| 207 | | ANB Bank Statement re Account x3099 [MM], dated 12.18.2018 | | | | | |
| 208 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2019-02.16.2019 | | | | | |
| 209 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2019-03.16.2019 | | | | | |
| 210 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | | | | | |
| 211 | | INTENTIONALLY LEFT BLANK | | | | | |
| 212 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 213 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 08.31.2019 | | | | | |
| 214 | | INTENTIONALLY LEFT BLANK | | | | | |

6

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 215 | | INTENTIONALLY LEFT BLANK | | | | | |
| 216 | | INTENTIONALLY LEFT BLANK | | | | | |
| 217 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 09.30.2019 | | | | | |
| 218 | | INTENTIONALLY LEFT BLANK | | | | | |
| 219 | | INTENTIONALLY LEFT BLANK | | | | | |
| 220 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 10.31.2019 | | | | | |
| 221 | | INTENTIONALLY LEFT BLANK | | | | | |
| 222 | | INTENTIONALLY LEFT BLANK | | | | | |
| 223 | | INTENTIONALLY LEFT BLANK | | | | | |
| 224 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | | | | | |
| 225 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 226 | | INTENTIONALLY LEFT BLANK | | | | | |
| 227 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | | | | | |
| 228 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 229 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 02.29.2020 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 230 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | | | | | |
| 231 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2020-03.16.2020 | | | | | |
| 232 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | | | | | |
| 233 | | INTENTIONALLY LEFT BLANK | | | | | |
| 234 | | INTENTIONALLY LEFT BLANK | | | | | |
| 235 | | INTENTIONALLY LEFT BLANK | | | | | |
| 236 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2020-05.16.2020 | | | | | |
| 237 | | INTENTIONALLY LEFT BLANK | | | | | |
| 238 | | INTENTIONALLY LEFT BLANK | | | | | |
| 239 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2020-06.16.2020 | | | | | |
| 240 | | Navy Federal Credit Union Transaction Details re Access x1390, Account x3094 Global Fuel Logistics, transaction period 07.20.2020-07.08.2020 | | | | | |
| 241 | | INTENTIONALLY LEFT BLANK | | | | | |
| 242 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2019-06.16.2019 | | | | | |
| 243 | | INTENTIONALLY LEFT BLANK | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 244 | | INTENTIONALLY LEFT BLANK | | | | | |
| 245 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 08.31.2019 | | | | | |
| 246 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | | | | | |
| 247 | | INTENTIONALLY LEFT BLANK | | | | | |
| 248 | | INTENTIONALLY LEFT BLANK | | | | | |
| 249 | | INTENTIONALLY LEFT BLANK | | | | | |
| 250 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 10.31.2019 | | | | | |
| 251 - 300 | | INTENTIONALLY LEFT BLANK | | | | | |
| 301 | | ANB Bank Signature Card re Account x3099 [MM] | | | | | |
| 302 | | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | | | | | |
| 303 | | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | | | | | |
| 304 | | Navy Federal Credit Union Application re Global Fuel Logistics, dated 06.08.2020 | | | | | |
| 305 | | Regions Bank Signature Cards re Account x0514 [MM] | | | | | |
| 306 | | Wells Fargo Bank Signature Card re Account x6934 Sand Hill LLC, LLC | | | | | |

9

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 307 | | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | | | | | |
| 308 | | Signature Bank Signature Card re Accounts x5545 and x6150 National Air Cargo Group, Inc | | | | | |
| 309 | | Signature Bank Signature Card re Accounts x5529, x6363, x6355, and x6134 National Air Cargo Group, Inc | | | | | |
| 310 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, dated 08.31.2018 | | | | | |
| 311 | | BBVA Compass Signature Card re Account x0987 [5530 JD] LLC | | | | | |
| 312 | | Access National Bank Statement re Account x5965 [PM] Inc., statement period 12.01.2018-12.31.2018 | | | | | |
| 313 | | Simple Signature Card for Kimberley Tew | | | | | |
| 314 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 315 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 316 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | | | | | |
| 317 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 318 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 12.17.2019-01.16.2020 | | | | | |
| 319 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 320 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | | | | | |

10

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 321 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2020-04.16.2020 | | | | | |
| 322 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | | | | | |
| 323 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | | | | | |
| 324 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.08.2019-01.16.2019 | | | | | |
| 325 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2019-02.16.2019 | | | | | |
| 326 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2019-03.16.2019 | | | | | |
| 327 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2019-04.16.2019 | | | | | |
| 328 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | | | | | |
| 329 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | | | | | |
| 330 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | | | | | |
| 331 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 332 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | | | | | |
| 333 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 334 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | | | | | |

11

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 335 | | American Express Corporate Card Authorization re Account x91009 National Air Cargo, Cardmember Michael Tew | | | | | |
| 336 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | | | | | |
| 337 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | | | | | |
| 338 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 06.16.2018 | | | | | |
| 339 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 07.16.2018 | | | | | |
| 340 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 12.31.2019 | | | | | |
| 341 | | BBVA Compass Statement re Account x0987 5530 Jassamine Development LLC, statement period 11.01.2018-11.30.2018 | | | | | |
| 342 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 05.31.2019 | | | | | |
| 343 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 01.31.2020 | | | | | |
| 344 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 02.29.2020 | | | | | |
| 345 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 03.31.2020 | | | | | |
| 346 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2020-06.30.2020 | | | | | |

12

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 347 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 08.16.2018 | | | | | |
| 348 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 09.16.2018 | | | | | |
| 349 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 10.16.2018 | | | | | |
| 350 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 11.16.2018 | | | | | |
| 351 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 12.16.2018 | | | | | |
| 352 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 01.16.2019 | | | | | |
| 353 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 02.16.2019 | | | | | |
| 354 | | Access National Bank Signature Card re Account x5965 [PM] | | | | | |
| 355 | | Signature Bank ACH Transaction re $25,000 to Global Fuel Logistics, dated 10.23.2019 | | | | | |
| 356 | | Signature Bank ACH Transaction re $21,250 to [PM] Inc., dated 12.10.2018 | | | | | |
| 357 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 08.22.2018 | | | | | |

13

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 358 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 08.23.2018 | | | | | |
| 359 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.10.2018 | | | | | |
| 360 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.18.2018 | | | | | |
| 361 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.28.2018 | | | | | |
| 362 | | Signature Bank ACH Transaction re $30,000 to [MM], dated 12.03.2018 | | | | | |
| 363 | | Access National Bank Statement re Account x5965 [PM] Inc., statement period 03.01.2019-03.31.2019 | | | | | |
| 364 | | ANB Bank Statement re Account x3099 [MM], dated 01.04.2019 | | | | | |
| 365 | | Signature Bank ACH Transaction re $21,000 to [PM] Inc., dated 01.23.2019 | | | | | |
| 366 | | Signature Bank ACH Transaction re $15,312.50 to [PM] Inc., dated 01.07.2019 | | | | | |
| 367 | | Signature Bank ACH Transaction re $23,350 to [PM] Inc., dated 01.10.2019 | | | | | |
| 368 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.07.2019-01.16.2019 | | | | | |
| 369 | | Signature Bank ACH Transaction re $28,000 to [PM] Inc., dated 01.18.2019 | | | | | |
| 370 | | Signature Bank ACH Transaction re $31,500 to [PM] Inc., dated 03.14.2019 | | | | | |
| 371 | | Signature Bank ACH Transaction re $37,800 to [PM] Inc., dated 03.04.2019 | | | | | |

14

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 372 | | Signature Bank ACH Transaction re $20,250 to [PM] Inc., dated 03.19.2019 | | | | | |
| 373 | | Signature Bank ACH Transactions re: $37,500 to [PM] Inc., dated 04.08.2019; $18,750 to [PM] Inc., dated 04.11.2019; and $18,750 to [PM] Inc., dated 04.15.2019 | | | | | |
| 374 | | Signature Bank ACH Transaction re $18,750 to [PM] Inc., dated 04.17.2019 | | | | | |
| 375 | | Signature Bank ACH Transactions re: $18,750 to [PM] Inc., dated 04.22.2019; $18,750 to [PM] Inc., dated 04.24.2019; $38,640 to [PM], dated 04.29.2019; and $19,890 to [PM], dated 05.07.2019 | | | | | |
| 376 | | Signature Bank ACH Transactions re: $49,750 to [PM], dated 05.07.2019; and $40,000 to [PM] Inc., dated 05.10.2019 | | | | | |
| 377 | | Signature Bank ACH Transactions re: $19,900 to [PM], dated 05.15.2019; $23,785 to [PM], dated 05.21.2019; $9,950 to [PM], dated 05.23.2019; $11,150 to [PM], dated 05.28.2019; and $10,100 to [PM] Inc., dated 05.29.2019 | | | | | |
| 378 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | | | | | |
| 379 | | Signature Bank ACH Transactions re: $53,500 to [PM], dated 06.03.2019; $28,000 to [PM], dated 06.10.2019; and $9,500 to [PM], dated 06.13.2019 | | | | | |
| 380 | | Signature Bank ACH Transactions re: $50,000 to [PM] Inc., dated 06.20.2019; $15,000 to [PM], dated 06.25.2019; and $30,000 to Sand Hill LLC, dated 06.26.2019 | | | | | |
| 381 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | | | | | |

15

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 382 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 06.30.2019 | | | | | |
| 383 | | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | | | | | |
| 384 | | Signature Bank ACH Transactions re: $9,200 to Sand Hill LLC, dated 06.28.2019; $13,000 to SHI LLC, dated 07.09.2019; $27,475 to SHI LLC, dated 07.11.2019; and $10,000 to SHI LLC, dated 07.19.2019 | | | | | |
| 385 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 07.31.2019 | | | | | |
| 386 | | Signature Bank ACH Transaction re $12,900 to Global Fuel Logistics, dated 01.07.2020 | | | | | |
| 387 | | Signature Bank ACH Transactions re: $15,500 to Global Fuel Logistics, dated 01.10.2020; $19,500 to Global Fuel Logistics, dated 01.17.2020; $9,800 to Global Fuel Logistics, dated 01.22.2020; $13,500 to Global Fuel Logistics, dated 01.23.2020; $36,500 to Global Fuel Logistics, dated 01.27.2020; and $7,200 to Global Fuel Logistics, dated 01.30.2020 | | | | | |
| 388 | | Signature Bank ACH Transaction re $13,000 to Global Fuel Logistics, dated 08.09.2019 | | | | | |
| 389 | | Signature Bank ACH Transaction re $24,700 to Global Fuel Logistics, dated 03.05.2020 | | | | | |
| 390 | | Signature Bank ACH Transactions re: $97,545 to Global Fuel Logistics, dated 06.22.2020; $71,550 to Global Fuel Logistics, dated 06.24.2020; and $105,000 to Global Fuel Logistics, dated 06.29.2020 | | | | | |
| 391 | | Signature Bank ACH Transaction re $83,526 to Global Fuel Logistics, dated 06.02.2020 | | | | | |

16

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 392 | | Signature Bank ACH Transactions re: $45,220 to Global Fuel Logistics, dated 06.04.2020; $93,135 to Global Fuel Logistics, dated 06.09.2020; and $93,635 to Global Fuel Logisitics, dated 06.17.2020 | | | | | |
| 393 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | | | | | |
| 394 | | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | | | | | |
| 395 | | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | | | | | |
| 396 | | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | | | | | |
| 397 | | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | | | | | |
| 398 | | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | | | | | |
| 399 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | | | | | |
| 400 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | | | | | |
| 401 | | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | | | | | |
| 402 | | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | | | | | |
| 403 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | | | | | |
| 404 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | | | | | |

17

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 405 | | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | | | | | |
| 406 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | | | | | |
| 407 | | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | | | | | |
| 408 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | | | | | |
| 409 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | | | | | |
| 410 | | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | | | | | |
| 411 | | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | | | | | |
| 412 | | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | | | | | |
| 413 | | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | | | | | |
| 414 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | | | | | |
| 415 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | | | | | |
| 416 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | | | | | |
| 417 | | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | | | | | |
| 418 | | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 419 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | | | | | |
| 420 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | | | | | |
| 421 | | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | | | | | |
| 422 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | | | | | |
| 423 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | | | | | |
| 424 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | | | | | |
| 425 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | | | | | |
| 426 | | Navy Federal Credit Union Surveillance Photo, dated 03.27.2020 | | | | | |
| 427 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | | | | | |
| 428 | | Signature Bank ACH Transaction re: $13,000 to Sand Hill LLC, dated 08.09.2019 | | | | | |
| 429 | | Signature Bank ACH Transaction re: $35,000 to Sand Hill LLC, dated 08.14.2019 | | | | | |
| 430 | | Signature Bank ACH Transaction re: $15,000 to Global Fuel Logistics, dated 08.15.2019 | | | | | |
| 431 | | Signature Bank ACH Transaction re: $27,000 to Sand Hill LLC, dated 08.22.2019 | | | | | |
| 432 | | Signature Bank ACH Transaction re: $45,000 to Sand Hill LLC, dated 08.26.2019 | | | | | |

19

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 433 | | Signature Bank Wire Transaction re: $45,000 to Global Fuel Logistics, dated 08.29.2019 | | | | | |
| 434 | | Signature Bank ACH Transaction re: $13,000 to Global Fuel Logistics, dated 02.03.2020 | | | | | |
| 435 | | Signature Bank ACH Transaction re: $23,200 to Global Fuel Logistics, dated 02.06.2020 | | | | | |
| 436 | | Signature Bank ACH Transaction re: $32,500 to Global Fuel Logistics, dated 02.13.2020 | | | | | |
| 437 | | Signature Bank ACH Transaction re: $55,000 to Global Fuel Logistics, dated 02.18.2020 | | | | | |
| 438 | | Signature Bank ACH Transaction re: $40,000 to Global Fuel Logistics, dated 02.26.2020 | | | | | |
| 439 | | Signature Bank ACH Transaction re: $74,955 to Global Fuel Logistics, dated 03.11.2020 | | | | | |
| 440 | | Signature Bank ACH Transaction re: $17,200 to Global Fuel Logistics, dated 03.17.2020 | | | | | |
| 441 | | Signature Bank ACH Transaction re: $32,245 to Global Fuel Logistics, dated 03.24.2020 | | | | | |
| 442 | | Signature Bank ACH Transaction re: $32,300 to Global Fuel Logistics, dated 03.26.2020 | | | | | |
| 443 | | Signature Bank ACH Transaction re: $41,225 to Global Fuel Logistics, dated 04.02.2020 | | | | | |
| 444 | | Signature Bank ACH Transaction re: $37,353 to Global Fuel Logistics, dated 04.08.2020 | | | | | |
| 445 | | Signature Bank ACH Transaction re: $31,355 to Global Fuel Logistics, dated 04.13.2020 | | | | | |
| 446 | | Signature Bank ACH Transaction re: $56,530 to Global Fuel Logistics, dated 04.21.2020 | | | | | |

20

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 447 | | Signature Bank ACH Transaction re: $36,240 to Global Fuel Logistics, dated 04.29.2020 | | | | | |
| 448 | | Signature Bank ACH Transaction re: $77,460 to Global Fuel Logistics, dated 05.18.2020 | | | | | |
| 449 | | Signature Bank ACH Transaction re: $85,500 to Global Fuel Logistics, dated 05.27.2020 | | | | | |
| 450 | | Signature Bank ACH Transaction re $20,250.00 to [PM] Inc., dated 03.18.2019 | | | | | |
| 451 | | Signature Bank ACH Transaction re $60,000 to Global Fuel Logistics, dated 09.10.2019 | | | | | |
| 452 | | Signature Bank ACH Transaction re $51,500 to Sand Hill LLC, dated 09.12.2019 | | | | | |
| 453 | | Signature Bank ACH Transaction re $11,950 to Global Fuel Logistics, dated 09.16.2019 | | | | | |
| 454 | | Signature Bank ACH Transaction re $41,500 to Sand Hill LLC, dated 09.19.2019 | | | | | |
| 455 | | Signature Bank ACH Transaction re $60,000 to Sand Hill LLC, dated 09.26.2019 | | | | | |
| 456 | | Signature Bank ACH Transaction re $75,000 to Sand Hill LLC, dated 09.30.2019 | | | | | |
| 457 | | Signature Bank ACH Transaction re $35,000 to Sand Hill LLC, dated 10.10.2019 | | | | | |
| 458 | | Signature Bank ACH Transaction re $23,750 to Global Fuel Logistics, dated 10.30.2019 | | | | | |
| 459 | | Signature Bank ACH Transaction re $25,000 to Sand Hill LLC, dated 11.18.2019 | | | | | |
| 460 | | Signature Bank ACH Transaction re $17,900 to Global Fuel Logistics, dated 11.21.2019 | | | | | |

21

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 461 | | Signature Bank ACH Transaction re $42,000 to Global Fuel Logistics, dated 11.27.2019 | | | | | |
| 462 | | Signature Bank ACH Transaction re $26,500 to Global Fuel Logistics, dated 12.05.2019 | | | | | |
| 463 | | Signature Bank ACH Transaction re $51,150 to Global Fuel Logistics, dated 12.09.2019 | | | | | |
| 464 | | Signature Bank ACH Transaction re $7,800 to Global Fuel Logistics, dated 12.16.2019 | | | | | |
| 465 | | Signature Bank ACH Transaction re $33,300 to Global Fuel Logistics, dated 12.17.2019 | | | | | |
| 466 | | Signature Bank ACH Transaction re $14,350 to Global Fuel Logistics, dated 12.19.2019 | | | | | |
| 467 | | Signature Bank ACH Transaction re $55,500 to Global Fuel Logistics, dated 12.26.2019 | | | | | |
| 468 | | Signature Bank ACH Transaction re $77,500 to Global Fuel Logistics, dated 12.30.2019 | | | | | |
| 469 | | Wells Fargo Bank Wire Transaction Report re Acct x6934 $20,611.01, dated 11.01.2019 | | | | | |
| 470 | | Navy Federal Credit Union Surveillance Photo, dated 06.23.2020 | | | | | |
| 471 | | Spreadsheet of Digital Mint Transaction Details, Part One | | | | | |
| 472 | | Spreadsheet of Digital Mint Transaction Details, Part Two | | | | | |
| 473 | | American Express Application re Michael Tew | | | | | |
| 474 | | American Express Application re Kimberley Tew | | | | | |

22

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 475 | | Digital Mint Surveillance Photo 03.07.2020 00:33:01 UTC | | | | | |
| 476 | | Digital Mint Surveillance Photo 03.07.2020 00:29:36 UTC | | | | | |
| 477 | | Digital Mint Surveillance Photo 04.30.2020 21:51:39 UTC | | | | | |
| 478 | | Digital Mint Surveillance Photo 04.30.2020 21:53:34 UTC | | | | | |
| 479 | | Digital Mint Surveillance Photo 04.30.2020 21:55:38 UTC | | | | | |
| 480 | | Digital Mint Surveillance Photo 04.30.2020 21:58:08 UTC | | | | | |
| 481 | | Digital Mint Surveillance Photo 04.30.2020 21:59:40 UTC | | | | | |
| 482 | | Digital Mint Surveillance Photo 04.30.2020 23:43:54 UTC | | | | | |
| 483 | | Digital Mint Surveillance Photo 04.30.2020 23:46:20 UTC | | | | | |
| 484 | | Digital Mint Surveillance Photo 06.23.2020 23:27:57 UTC | | | | | |
| 485 | | Digital Mint Surveillance Photo 06.23.2020 23:30:15 UTC | | | | | |
| 486 | | Digital Mint Surveillance Photo 06.23.2020 23:32:14 UTC | | | | | |
| 487 | | Digital Mint Surveillance Photo 06.23.2020 23:33:59 UTC | | | | | |
| 488 | | Digital Mint Surveillance Photo 06.23.2020 23:37:58 UTC | | | | | |

23

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 489 | | Digital Mint Surveillance Photo 06.23.2020 23:40:00 UTC | | | | | |
| 490 | | Digital Mint Surveillance Photo 06.23.2020 23:42:54 UTC | | | | | |
| 491 | | Digital Mint Surveillance Photo 06.23.2020 23:44:58 UTC | | | | | |
| 492 | | Signature Bank ACH Transaction re $68,400 to Global Fuel Logistics, dated 05.11.2020 | | | | | |
| 493 | | Navy Federal Credit Union Surveillance Photo, dated 04.30.2020 | | | | | |
| 494 - 499 | | INTENTIONALLY BLANK | | | | | |
| 500 | | Kraken Account Opening and Verification Documents for Kimberley Tew | | | | | |
| 501 | | Kraken Account Opening and Verification Documents for Michael Tew | | | | | |
| 502 | | Coinbase profile image records for Michael Tew | | | | | |
| 503 | | Coinbase profile image records for Kimberley Tew | | | | | |
| 504 | | Google Pay Customer Profile re kley@me.com | | | | | |
| 505 | | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | | | | | |
| 506 | | McDonald Audi Wire Transfer Records re $20,611.01 Incoming Money Transfer, dated 11.01.2019 | | | | | |
| 507 | | Wynn Las Vegas Jackpot Report between 07.04.2019 and 11.29.2019 | | | | | |

24

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 508 | | Wynn Las Vegas 2019 Loss Summary, as of 07.16.2020 | | | | | |
| 509 | | Wynn Las Vegas Reservation Confirmation #23362412 for Kimberley Tew, 10.30.2019 arrival & 11.02.19 departure | | | | | |
| 510 | | Wynn Las Vegas Reservation/Stay History for Kimberley Tew | | | | | |
| 511 | | Wynn Las Vegas Reservation/Stay History re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | | | | | |
| 512 | | GoDaddy Domain Information re Domain Name "Global Fuel.Co" | | | | | |
| 513 | | GoDaddy Domain Information re Domain Name "Sandhillrp.com" | | | | | |
| 514 | | AT&T Subscriber Information re phone number x1312, Michael Tew | | | | | |
| 515 | | AT&T Subscriber Information re phone number x7473, Michael Tew | | | | | |
| 516 | | AT&T Subscriber Information re phone number x2046, Kimberley Vertanen | | | | | |
| 517 | | AT&T Text Message History re phone numbers x2046 & x1312 | | | | | |
| 518 | | AT&T Records re phone number x1312 | | | | | |
| 519 | | Spreadsheet of Verizon Call Records re phone number x1709 | | | | | |
| 520 | | Google Subscriber Information re [5530 JD] Email Recovery (chrisrncn@gmail.com) | | | | | |
| 521 | | Google Subscriber Information re [PM] email recovery (political.media.wdc@gmail.com) | | | | | |

25

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 522 | | Google Voice Record re Google Voice Number x0152 | | | | | |
| 523 | | Google Subscriber Information re vtleycap@gmail.com (recovery email kley@me.com) | | | | | |
| 524 | | Google subscriber information re meyersconsultinggroupinc@gmail.com | | | | | |
| 525 | | IRS Form W-9 re [MM], dated 10.11.2018 | | | | | |
| 526 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | | | | | |
| 527 | | Plea agreement as to Jonathan Yioulos, dated 11.18.2021 | | | | | |
| 528 | | Audio of 7/15/2020 Proffer with Michael Tew | | | | | |
| 529 | | Audio of 7/28/2020 Proffer with Michael Tew | | | | | |
| 530 | | Audio of 10/23/2020 Proffer with Kimberley Tew | | | | | |
| 531 | | 07.07.2020 Photograph of Yioulos Phone Contact 'JB' | | | | | |
| 532 | | Email re "RE: AMEX" on 07.16.2018 | | | | | |
| 533 | | Email re "FW: Scanned Document" on 07.31.2018 | | | | | |
| 534 | | Email re "RE: Wire - Michael Tew" on 08.02.2018 | | | | | |
| 535 | | Email re "FW: MT AGMT" on 09.14.2018 | | | | | |
| 536 | | Email re "FW: National Air Cargo Holdings Correspondence" on 09.17.2018 | | | | | |

26

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 537 | | Invoice #79487 re: [MCG] Inc for $10,000.00, dated 10.30.2018 | | | | | |
| 538 | | Email re "RE: Michael Tew - AMEX" on 01.17.2019 | | | | | |
| 539 | | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10222 for $17,955.50; & Aero Maintenance Resources Invoice #9611 for $79,292) | | | | | |
| 540 | | Invoice #79466 re: [MCG] Inc for $30,000.00, dated 10.12.2018 | | | | | |
| 541 | | Invoice #79488 re: [MCG] Inc for $30,000.00, dated 11.30.2018 | | | | | |
| 542 | | Invoice #79489 re: [MCG] Inc for $30,000.00, dated 11.30.2018 | | | | | |
| 543 | | Invoice #79490 re: [MCG] Inc for $25,000.00, dated 12.11.2018 | | | | | |
| 544 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Global Fuel Logistics Inc., filed 07.11.2019 | | | | | |
| 545 | | IRS assignment of Employment Identification Number re Global Fuel Logistics, dated 07.09.2019 | | | | | |
| 546 | | Wyoming Secretary of State Articles of Incorporation re Global Fuel Logistics Inc, filed 07.09.2019 | | | | | |
| 547 | | IRS Form SS-4 Application for Employer Identification Number re Sand Hill LLC | | | | | |
| 548 | | State of New York Department of State Certification of Articles of Organization and Other Filings for Sand Hill LLC, dated 11.09.2018 | | | | | |
| 549 | | Google Pay Customer Profile re kleytew@gmail.com | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 550 | | IRS Form 1099 re SandHill Research Partners, tax years 2015 through 2018 | | | | | |
| 551 | | Audio of 07.29.2020 meeting with Michael Tew at Yeti store | | | | | |
| 552 | | Email re "RE: MT AGMT" on 09.14.2018 | | | | | |
| 553 | | Email headers re email received by chrisrncn@gmail.com on 08.22.2018 | | | | | |
| 554 | | Spreadsheet of Apple account information re kley@me.com | | | | | |
| 555 | | Photograph re Search Warrant Executed on 07.31.2020 #1 | | | | | |
| 556 | | Photograph re Search Warrant Executed on 07.31.2020 #2 | | | | | |
| 557 | | Photograph re Search Warrant Executed on 07.31.2020 #3 | | | | | |
| 558 | | Photograph re Search Warrant Executed on 07.31.2020 #4 | | | | | |
| 559 | | Photograph re Search Warrant Executed on 07.31.2020 #5 | | | | | |
| 560 | | Photograph re Search Warrant Executed on 07.31.2020 #6 | | | | | |
| 561 | | Photograph re Search Warrant Executed on 07.31.2020 #7 | | | | | |
| 562 | | Wells Fargo Bank Bag | | | | | |
| 563 | | 2TB Seagate HDD Model ST20000DM001-1CH164 Serial Number W241LEZM | | | | | |

28

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 564 | | Photograph re Cellebrite Processing #1 | | | | | |
| 565 | | Photograph re Cellebrite Processing #2 | | | | | |
| 566 | | Photograph re Cellebrite Processing #3 | | | | | |
| 567 | | Photograph re Cellebrite Processing #4 | | | | | |
| 568 | | Wipe Log | | | | | |
| 569 | | Hash List for Apple Return | | | | | |
| 570 | | Kraken Ledger - AA70N84GI5WBRUCHI | | | | | |
| 571 - 599 | | INTENTIONALLY LEFT BLANK | | | | | |
| 600 | | INTENTIONALLY LEFT BLANK | | | | | |
| 601 | | Email re "ACH Invoice" on 08.07.2018 ([HS] Invoice dated 08.07.2018 for $15,000) | | | | | |
| 602 | | Text messages between M.T. and J.Y. 08.07.2018 | | | | | |
| 603 | | Email re "re ACH Invoice" on 08.08.2018 ([HS] Invoice dated 08.08.2018 for $15,000) | | | | | |
| 604 | | Text messages between M.T. and J.Y. 08.08.2018 | | | | | |
| 605 | | Text messages between M.T. and J.Y. 08.09.2018 | | | | | |
| 606 | | Text messages between M.T. and J.Y. 08.13.2018 | | | | | |

29

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 607 | | Email re "Invoices: Michael Tew ACH August 15" on 08.14.2018 (Sand Hill Invoice #49 for $10,000 & [HS] Invoice dated 08.14.2018 for $20,000) | | | | | |
| 608 | | Text message between J.Y. and M.T on 08.10.2018 | | | | | |
| 609 | | Text message between J.Y. and M.T on 08.18.2018 | | | | | |
| 610 | | Text message between J.Y. and M.T on 08.21.2018 | | | | | |
| 611 | | Email re "Invoice (CORRECTED)" on 08.22.2018 ([5530 JD] Invoice #7321116 for $15,000) | | | | | |
| 612 | | Email re "Wire Confirmation" on 08.22.2018 | | | | | |
| 613 | | Text messages between J.Y. and M.T on 08.22.2018 | | | | | |
| 614 | | Text messages between J.Y. and M.T on 08.23.2018 | | | | | |
| 615 | | Email re "re Invoice (CORRECTED)" on 08.23.2018 | | | | | |
| 616 | | Emails re "re Is there an invoice for this wire out of Holdings?" on 08.24.2018 | | | | | |
| 617 | | Text messages between M.T. and JY. on 08.28.2018 | | | | | |
| 618 | | Email re "Confirms" on 08.30.2018 | | | | | |
| 619 | | Text messages between J.Y. and K.T. on 08.30.2018 | | | | | |
| 620 | | Text messages between J.Y. and M.T. on 08.30.2018 | | | | | |

30

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 621 | | Text messages between M.T. and J.Y. on 08.31.2018 | | | | | |
| 622 | | Text messages between M.T. and J.Y. on 09.01.2018 | | | | | |
| 623 | | INTENTIONALLY LEFT BLANK | | | | | |
| 624 | | Emails re "RE: Is there an invoice?" on 09.07.2018 | | | | | |
| 625 | | Text messages between M.T. and J.Y. on 09.07.2018 | | | | | |
| 626 | | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:13pm | | | | | |
| 627 | | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:14pm | | | | | |
| 628 | | Text messages from J.Y. to K.T. on 09.10.2018 | | | | | |
| 629 | | Email (NO SUBJECT) on 09.10.2018 ([5530 JD] Invoice #7321118 for $15,000 & Invoice #7321117 for $15,000) | | | | | |
| 630 | | Emails re "RE: Scaife Invoices" on 09.10.2018 | | | | | |
| 631 | | Emails re "RE:" (NO SUBJECT) on 09.10.2018 | | | | | |
| 632 | | Email re "Cancel ACH" on 09.10.2018 | | | | | |
| 633 | | Text messages between M.T. and J.Y. on 09.12.2018 | | | | | |
| 634 | | Text messages from J.Y. to K.T. on 09.12.2018 | | | | | |
| 635 | | Text messages from J.Y. to K.T. on 09.13.2018 | | | | | |

31

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 636 | | Text messages between M.T. and J.Y. on 09.13.2018 | | | | | |
| 637 | | INTENTIONALLY LEFT BLANK | | | | | |
| 638 | | Email re "Invoice" on 09.18.2018 ([5530 JD] Invoice #7321119 for $15,000) | | | | | |
| 639 | | Text messages from J.Y. to K.T. on 09.18.2018 | | | | | |
| 640 | | Text messages from J.Y. to K.T. on 09.28.2018 | | | | | |
| 641 | | INTENTIONALLY LEFT BLANK | | | | | |
| 642 | | Email re "Consulting Invoice" on 09.28.2018 ([5530 JD] Invoice #7321120 for $15,000) | | | | | |
| 643 | | Email re "RE: Invoices needed - Holdings" on 09.28.2018 | | | | | |
| 644 | | Email re "Jess" on 10.01.2018 | | | | | |
| 645 | | Text message from J.Y. to M.T. on 10.09.2018 | | | | | |
| 646 | | Text messages from J.Y. to K.T. on 10.25.2018 | | | | | |
| 647 | | Email re "Fwd: Invoice" on 10.25.2018 | | | | | |
| 648 | | Text messages between J.Y. to M.T. on 10.25.2018 | | | | | |
| 649 | | Email re "Oct Invoice" on 10.30.2018 | | | | | |
| 650 | | Text messages between J.Y. to M.T. on 10.30.2018 | | | | | |

32

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 651 | | Text messages from J.Y. to K.T. on 10.30.2018 | | | | | |
| 652 | | Text messages between J.Y. to M.T. on 10.31.2018 | | | | | |
| 653 | | Email re "is there an invoice for this payment out of holdings?" on 10.31.2018 | | | | | |
| 654 | | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018 at 2:13pm | | | | | |
| 655 | | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018, time unknown | | | | | |
| 656 | | Text mess+C405ages sent from Kley (M.T.) to M.M. on 11.06.2018 | | | | | |
| 657 | | Email re "[MCG] LLC" on 11.06.2018 | | | | | |
| 658 | | Email re "RE: Invoice" on 11.09.2018 | | | | | |
| 659 | | Text messages between J.Y. to M.T. on 11.09.2018 | | | | | |
| 660 | | INTENTIONALLY LEFT BLANK | | | | | |
| 661 | | Email re "RE: Entity: Sand Hill, LLC - New York" on 11.12.2018 | | | | | |
| 662 | | Text messages between J.Y. and M.T. on 11.13.2018 | | | | | |
| 663 | | Text messages between J.Y. and M.T. on 11.15.2018 | | | | | |
| 664 | | Text messages between J.Y. and M.T. on 11.16.2018 | | | | | |
| 665 | | Text messages between J.Y. and M.T. on 11.19.2018 | | | | | |

33

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 666 | | Email re "RE: Invoice" on 11.19.2018 at 8:55pm | | | | | |
| 667 | | Email re "RE: Invoice" on 11.19.2018 at 9:04pm | | | | | |
| 668 | | Text messages between J.Y. and M.T. on 11.20.2018 | | | | | |
| 669 | | Text messages between Kley (M.T.) and M.M. on 11.20.2018 | | | | | |
| 670 | | Text messages between J.Y. and M.T. on 11.21.2018 | | | | | |
| 671 | | Text messages between J.Y. and M.T. on 11.23.2018 | | | | | |
| 672 | | Text messages between J.Y. and M.T. on 11.25.2018 | | | | | |
| 673 | | Text messages between J.Y. and M.T. on 11.26.2018 | | | | | |
| 674 | | Email re "RE: Invoice" on 11.26.2018 at 7:22pm ([5530 JD] Invoice #7321122 for $30,000) | | | | | |
| 675 | | Email re "RE: Invoice" on 11.26.2018 at 4:22pm | | | | | |
| 676 | | Text messages between J.Y. and M.T. on 11.27.2018 | | | | | |
| 677 | | Email re "RE: Cash Sheet - Holdings - what's this?" on 11.28.2018 | | | | | |
| 678 | | Text message from J.Y. to M.T. on 11.30.2018 | | | | | |
| 679 | | Text messages from J.Y. to K.T. on 12.01.2018 | | | | | |
| 680 | | Email re "RE: Final Invoice" on 12.03.2018 ([MCG] Invoice #79489 for $30,000) | | | | | |

34

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 681 | | Text messages between J.Y. and M.T. on 12.04.2018 | | | | | |
| 682 | | Text messages from J.Y. to K.T. on 12.04.2018 | | | | | |
| 683 | | Email re "Missing Meyers invoices" on 12.04.2018 ([MCG] Invoice #79489 for $30,000 & Invoice #79488 for $30,000) | | | | | |
| 684 | | Text messages between J.Y. and M.T. on 12.06.2018 | | | | | |
| 685 | | Text messages from J.Y. to K.T. on 12.06.2018 | | | | | |
| 686 | | Email re "Fwd: [PM], Inc. - Invoice for Services" on 12.07.2018 ([PM] Invoice #6516 for $21,250) | | | | | |
| 687 | | Text messages between J.Y. and M.T. on 12.07.2018 | | | | | |
| 688 | | Email re: "RE: [PM], Inc. - Invoice for Services" on 12.07.2018 | | | | | |
| 689 | | Text messages between J.Y. and M.T. on 12.06.2018 | | | | | |
| 690 | | Text messages between J.Y. and M.T. on 12.10.2018 | | | | | |
| 691 | | Email re "New Vendor - Paid on Friday" on 12.10.2018 | | | | | |
| 692 | | Email re "Re: Final Invoice" on 12.11.2018 ([MCG] Invoice #79490 for $25,000) | | | | | |
| 693 | | Text messages between J.Y. and M.T. on 12.11.2018 | | | | | |
| 694 | | Email re "Meyers Inv" on 12.14.2018 | | | | | |

35

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 695 | | Text messages between J.Y. and M.T. on 12.18.2018 | | | | | |
| 696 | | Text messages between Kley (M.T.) and M.M. on 12.18.2018 | | | | | |
| 697 | | Text messages between J.Y. and M.T. on 12.19.2018 | | | | | |
| 698 | | Text messages between J.Y. and M.T. on 12.20.2018 | | | | | |
| 699 | | Email re "FW: INVOICES: MICHAEL TEW ACH AUGUST 15" on 12.20.2018 | | | | | |
| 700 | | Email re "FW: [PM], Inc. - Invoice for Services" on 12.20.2018 ([PM] Invoice #6517 for $15,125) | | | | | |
| 701 | | Text messages between J.Y. and M.T. on 12.21.2018 | | | | | |
| 702 | | Text messages between J.Y. and M.T. on 01.07.2019 | | | | | |
| 703 | | Email re "Invoice from [PM], Inc." on 01.07.2019 ([PM] Invoice #6540 for $15,312.50) | | | | | |
| 704 | | Text messages between J.Y. and M.T. on 01.09.2019 | | | | | |
| 705 | | Text messages between J.Y. and M.T. on 01.10.2019 | | | | | |
| 706 | | Email re "Invoice from [PM], Inc." on 01.10.2019 ([PM] Invoice #6670 for $25,350) | | | | | |
| 707 | | Text messages between J.Y. and M.T. on 01.17.2019 | | | | | |
| 708 | | Text messages from J.Y. to K.T. on 01.17.2019 | | | | | |
| 709 | | Email re "FW: Invoice from [PM], Inc." on 01.17.2019 | | | | | |

36

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 710 | | Text messages between J.Y. and M.T. on 01.18.2019 | | | | | |
| 711 | | Email re "Invoice from [PM], Inc." on 01.18.2019 ([PM] Invoice #6712 for $27,562.50) | | | | | |
| 712 | | Text messages between J.Y. and M.T. on 01.23.2019 | | | | | |
| 713 | | Email re "Invoice from [PM], Inc." on 01.23.2019 ([PM] Invoice #6714 for $21,000 & Invoice #6712 for $28,000) | | | | | |
| 714 | | Email re "FW: Invoice from [PM], Inc." on 01.25.2019 | | | | | |
| 715 | | Text messages from J.Y. to K.T. on 02.07.2019 | | | | | |
| 716 | | Email re "Invoice from [PM], Inc." on 02.07.2019 ([PM] Invoice #6775 for $15,250) | | | | | |
| 717 | | Text messages between J.Y. and M.T. on 02.19.2019 | | | | | |
| 718 | | Text messages from J.Y. to K.T. on 02.19.2019 | | | | | |
| 719 | | Email re "Invoice from [PM], Inc." on 02.19.2019 ([PM] Invoice #6786 for $15,250) | | | | | |
| 720 | | Email re "FW: Invoice from [PM], Inc." on 02.21.2019 | | | | | |
| 721 | | Text messages between J.Y. and M.T. on 02.24.2019 | | | | | |
| 722 | | Text messages between J.Y. and M.T. on 03.01.2019 | | | | | |
| 723 | | Email re "Invoice from [PM], Inc." on 03.04.2019 ([PM] Invoice #6804 for $37,800) | | | | | |
| 724 | | Text messages between Kley (M.T.) and K.T. on 03.06.2019 | | | | | |

37

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 725 | | Email re "FW: Invoice from [PM], Inc." on 03.07.2019 | | | | | |
| 726 | | Text messages between Kley (M.T.) and K.T. on 03.14.2019 | | | | | |
| 727 | | Email re "Invoice from [PM], Inc." on 03.14.2019 ([PM] Invoice #6881 for $31,500) | | | | | |
| 728 | | Email re "FW: Invoice from [PM], Inc." on 03.15.2019 | | | | | |
| 729 | | Text messages between Kley (M.T.) and K.T. on 03.17.2019 | | | | | |
| 730 | | Text messages between Kley (M.T.) and K.T. on 03.18.2019 | | | | | |
| 731 | | Text messages between J.Y. and M.T. on 03.18.2019 | | | | | |
| 732 | | Email re "Invoice from [PM], Inc." on 03.18.2019 ([PM] Invoice #6910 for $20,250) | | | | | |
| 733 | | Email re "FW: Invoice from [PM], Inc." on 03.19.2019 | | | | | |
| 734 | | Text messages between J.Y. and M.T. on 03.19.2019 | | | | | |
| 735 | | Text messages between Kley (M.T.) and K.T. on 03.19.2019 | | | | | |
| 736 | | Text messages between M.T. and K.T. on 03.28.2019 | | | | | |
| 737 | | Email re "Invoice from [PM], Inc." on 03.28.2019 ([PM] Invoice #6976 for $38,000) | | | | | |
| 738 | | INTENTIONALLY LEFT BLANK | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 739 | | Text messages between Kley (M.T.) and K.T. on 03.30.2019 | | | | | |
| 740 | | Text messages between Kley (M.T.) and K.T. on 04.03.2019 | | | | | |
| 741 | | Text messages between J.Y. and M.T. on 04.03.2019 | | | | | |
| 742 | | Email re "Invoice from [PM], Inc." on 04.03.2019  ([PM] Invoice #6910 for $30,150) | | | | | |
| 743 | | Email re "FW: Invoice from [PM], Inc." on 04.04.2019 ([PM] Invoice #7004 for 11,250) | | | | | |
| 744 | | INTENTIONALLY LEFT BLANK | | | | | |
| 745 | | Text messages between J.Y. and M.T. on 04.07.2019 | | | | | |
| 746 | | Text messages between Kley (M.T.) and K.T. on 04.07.2019 | | | | | |
| 747 | | Text messages between J.Y. and M.T. on 04.08.2019 | | | | | |
| 748 | | Email re "Invoice from [PM], Inc." on 04.08.2019 ([PM] Invoice #7101 for $37,500) | | | | | |
| 749 | | Email re "re Invoice from [PM], Inc." on 04.09.2019 | | | | | |
| 750 | | INTENTIONALLY LEFT BLANK | | | | | |
| 751 | | Text messages between M.T. and K.T. on 04.11.2019 | | | | | |
| 752 | | Text messages from Kley (M.T.) to M.M. on 04.12.2019 | | | | | |
| 753 | | Text messages between M.T. and K.T. on 04.12.2019 | | | | | |

39

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 754 | | Text messages between J.Y. and M.T. on 04.13.2019 | | | | | |
| 755 | | Text messages between M.T. and K.T. on 04.16.2019 | | | | | |
| 756 | | Text messages between M.T. and K.T. on 04.17.2019 | | | | | |
| 757 | | INTENTIONALLY LEFT BLANK | | | | | |
| 758 | | Text messages between M.T. and Kley (K.T.) on 04.21.2019 | | | | | |
| 759 | | Text messages between M.T. and K.T. on 04.22.2019 | | | | | |
| 760 | | Text messages between Kley (M.T.) and K.T. on 04.23.2019 | | | | | |
| 761 | | Text message from J.Y. to M.T. on 04.24.2019 | | | | | |
| 762 | | Text messages between M.T. and K.T. on 04.24.2019 | | | | | |
| 763 | | INTENTIONALLY LEFT BLANK | | | | | |
| 764 | | Email re "Invoice from [PM], Inc." on 04.29.2019  ([PM] Invoice #7156 for $75,000 and Invoice #7158 for $39,780) | | | | | |
| 765 | | Email re "FW: Invoice from [PM]. Inc." on 04.29.2019 | | | | | |
| 766 | | Text messages between Kley (M.T.) and K.T. on 04.30.2019 | | | | | |
| 767 | | Text messages between M.T. and K.T. on 05.01.2019 | | | | | |

40

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 768 | | Text messages between M.T. and K.T. on 05.02.2019 | | | | | |
| 769 | | Text messages between M.T. and K.T. on 05.06.2019 | | | | | |
| 770 | | Text messages between J.Y. and M.T. on 05.07.2019 | | | | | |
| 771 | | Text messages between M.T. and K.T. on 05.08.2019 | | | | | |
| 772 | | Text messages between Kley (M.T.) and K.T. on 05.09.2019 | | | | | |
| 773 | | Text messages between Kley (M.T.) and K.T. on 05.10.2019 | | | | | |
| 774 | | Text messages between J.Y. and M.T. on 05.10.2019 | | | | | |
| 775 | | Text messages between J.Y. and M.T. on 05.15.2019 | | | | | |
| 776 | | Text messages between M.T. and K.T. on 05.20.2019 | | | | | |
| 777 | | Text messages between M.T. and Kley (K.T.) on 05.21.2019 | | | | | |
| 778 | | Text messages between M.T. and Kley (K.T.) on 05.22.2019 | | | | | |
| 779 | | Text messages between M.T. and K.T. on 05.27.2019 | | | | | |
| 780 | | Text messages between M.T. and K.T. on 05.28.2019 | | | | | |
| 781 | | Text messages between J.Y. and M.T. on 06.03.2019 | | | | | |
| 782 | | Text messages between Kley (M.T.) and K.T. on 06.03.2019 | | | | | |

41

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 783 | | Email re "Journal Entry Testing" on 06.04.2019 | | | | | |
| 784 | | Text messages between M.T. and K.T. on 06.07.2019 | | | | | |
| 785 | | Text messages between M.T. and K.T. on 06.10.2019 | | | | | |
| 786 | | Text messages between J.Y. and M.T. on 06.12.2019 | | | | | |
| 787 | | Text messages between Kley (M.T.) and K.T. on 06.12.2019 | | | | | |
| 788 | | Text messages between J.Y. and M.T. on 06.13.2019 | | | | | |
| 789 | | Text messages between M.T. and K.T. on 06.13.2019 | | | | | |
| 790 | | Text messages between M.T. and K.T. on 06.18.2019 | | | | | |
| 791 | | INTENTIONALLY LEFT BLANK | | | | | |
| 792 | | Text messages between M.T. and K.T. on 06.24.2019 | | | | | |
| 793 | | Text messages between M.T. and K.T. on 06.25.2019 | | | | | |
| 794 | | Text messages between M.T. and K.T. on 06.26.2019 and 06.27.2019 | | | | | |
| 795 | | Text messages between J.Y. and M.T. on 06.26.2019 | | | | | |
| 796 | | Text messages between J.Y. and M.T. on 06.28.2019 | | | | | |
| 797 | | Text messages between M.T. and K.T. on 06.28.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 798 | | Text messages between M.T. and K.T. on 06.29.2019 | | | | | |
| 799 | | Email re "RE: Please assist" on 07.11.2019 | | | | | |
| 800 | | Text messages between M.T. and K.T. on 07.02.2019 | | | | | |
| 801 | | Emails re "Invoice From [PM], Inc." on 07.03.2019 ([PM] Invoice #7201 for $40,000; Invoice #7263 for $10,100; Invoice #7312 for $9,500; & Invoice #7322 for $30,000) | | | | | |
| 802 | | Text messages between M.T. and K.T. on 07.04.2019 | | | | | |
| 803 | | INTENTIONALLY LEFT BLANK | | | | | |
| 804 | | Text messages between M.T. and K.T. on 07.07.2019 | | | | | |
| 805 | | Text messages between M.T. and K.T. on 07.07.2019 | | | | | |
| 806 | | Text messages between J.Y. and M.T. on 07.08.2019 | | | | | |
| 807 | | Emails re "Re: Please assist" on 07.08.2019 | | | | | |
| 808 | | Emails re "Re: Please assist" on 07.09.2019 | | | | | |
| 809 | | Text messages between M.T. and K.T. on 07.09.2019 | | | | | |
| 810 | | Text messages between M.T. and K.T. on 07.11.2019 | | | | | |
| 811 | | Text messages between M.T. and K.T. on 07.17.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 812 | | Text messages between M.T. and K.T. on 07.18.2019 | | | | | |
| 813 | | Text messages between J.Y. and M.T. on 07.19.2019 | | | | | |
| 814 | | Text messages between J.Y. and M.T. on 07.22.2019 | | | | | |
| 815 | | Text messages between M.T. and K.T. on 07.29.2019 | | | | | |
| 816 | | Text messages between J.Y. and M.T. on 07.30.2019 | | | | | |
| 817 | | Text messages between J.Y. and M.T. on 08.01.2019 | | | | | |
| 818 | | Text messages between J.Y. and M.T. on 08.03.2019 | | | | | |
| 819 | | Text messages between M.T. and K.T. on 08.04.2019 | | | | | |
| 820 | | Text messages between J.Y. and M.T. on 08.05.2019 | | | | | |
| 821 | | Text messages between M.T. and K.T. on 08.05.2019 | | | | | |
| 822 | | Text messages between M.T. and K.T. on 08.06.2019 | | | | | |
| 823 | | Text messages between J.Y. and M.T. on 08.06.2019 | | | | | |
| 824 | | Text messages between M.T. and K.T. on 08.11.2019 | | | | | |
| 825 | | Text messages between M.T. and K.T. on 08.13.2019 | | | | | |
| 826 | | Text messages between J.Y. and M.T. on 08.13.2019 | | | | | |

44

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 827 | | Text messages between J.Y. and M.T. on 08.14.2019 | | | | | |
| 828 | | Text messages between J.Y. and M.T. on 08.15.2019 | | | | | |
| 829 | | Text messages between M.T. and K.T. on 08.18.2019 | | | | | |
| 830 | | Text messages between J.Y. and M.T. on 08.19.2019 | | | | | |
| 831 | | Text messages between J.Y. and M.T. on 08.20.2019 | | | | | |
| 832 | | Text messages between J.Y. and M.T. on 08.21.2019 | | | | | |
| 833 | | Text messages between J.Y. and M.T. on 08.22.2019 | | | | | |
| 834 | | Text messages between M.T. and K.T. on 08.22.2019 | | | | | |
| 835 | | Text messages between M.T. and K.T. on 08.23.2019 | | | | | |
| 836 | | Text messages between M.T. and K.T. on 08.25.2019 | | | | | |
| 837 | | Text messages between J.Y. and M.T. on 08.26.2019 | | | | | |
| 838 | | Text messages between M.T. and K.T. on 08.26.2019 | | | | | |
| 839 | | Text messages between M.T. and K.T. on 08.27.2019 | | | | | |
| 840 | | Text messages between M.T. and K.T. on 08.28.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 841 | | Email re "Invoices from Global Fuel Logistics, Inc" on 08.28.2019 (Global Fuel Logistics Invoice #987 for #9,500; Invoice #972 for $94,500; & Invoice #763 for $152,000) | | | | | |
| 842 | | Text messages between M.T. and K.T. on 08.29.2019 | | | | | |
| 843 | | Emails re "RE: 8/29 Wires" on 08.29.2019 | | | | | |
| 844 | | Email re "Global Fuel - Updated Invoice" on 08.29.2019 (Global Fuel Logistics Invoice #1001 for $55,000) | | | | | |
| 845 | | Email re "Invoices from Global Fuel Logistics, Inc" on 08.29.2019 (Global Fuel Logistics Invoice #1023 for $45,000; Invoice #1011 for $45,000; & Invoice #1001 for $56,000) | | | | | |
| 846 | | Text messages between M.T. and K.T. on 08.30.2019 | | | | | |
| 847 | | INTENTIONALLY LEFT BLANK | | | | | |
| 848 | | Text messages between M.T. and K.T. on 09.06.2019 | | | | | |
| 849 | | Text messages between M.T. and K.T. on 09.07.2019 | | | | | |
| 850 | | Text messages between M.T. and K.T. on 09.08.2019 | | | | | |
| 851 | | Text messages between J.Y. and M.T. on 09.09.2019 | | | | | |
| 852 | | Text messages between M.T. and K.T. on 09.09.2019 | | | | | |
| 853 | | Text messages between M.T. and K.T. on 09.10.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 854 | | Text messages between M.T. and K.T. on 09.13.2019 | | | | | |
| 855 | | Text messages between M.T. and K.T. on 09.14.2019 | | | | | |
| 856 | | Text messages between J.Y. and M.T. on 09.16.2019 | | | | | |
| 857 | | Text messages between J.Y. and M.T. on 09.17.2019 | | | | | |
| 858 | | Text messages between J.Y. and M.T. on 09.18.2019 | | | | | |
| 859 | | Text messages between M.T. and K.T. on 09.18.2019 | | | | | |
| 860 | | Text messages between M.T. and K.T. on 09.22.2019 | | | | | |
| 861 | | Text messages between M.T. and K.T. on 09.23.2019 | | | | | |
| 862 | | Text messages between J.Y. and M.T. on 09.25.2019 | | | | | |
| 863 | | Text messages between J.Y. and M.T. on 09.26.2019 | | | | | |
| 864 | | Text messages between M.T. and K.T. on 09.26.2019 | | | | | |
| 865 | | Text messages between J.Y. and M.T. on 09.27.2019 | | | | | |
| 866 | | Text messages between M.T. and K.T. on 09.28.2019 | | | | | |
| 867 | | Text messages between M.T. and K.T. on 09.30.2019 | | | | | |
| 868 | | INTENTIONALLY LEFT BLANK | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 869 | | Text messages between M.T. and K.T. on 10.02.2019 | | | | | |
| 870 | | INTENTIONALLY LEFT BLANK | | | | | |
| 871 | | Text messages between M.T. and K.T. on 10.05.2019 | | | | | |
| 872 | | Text messages between M.T. and K.T. on 10.07.2019 | | | | | |
| 873 | | Text messages between M.T. and K.T. on 10.08.2019 | | | | | |
| 874 | | Text messages between M.T. and K.T. on 10.09.2019 | | | | | |
| 875 | | Email re "Invoices from Aero Maintenance Resources" on 10.11.2019 (Aero Maintenance Resources Invoice #697 for $112,750; Invoice #634 for $75,000; & Invoice #627 for $141,450) | | | | | |
| 876 | | Text messages between M.T. and K.T. on 10.11.2019 | | | | | |
| 877 | | Text messages between M.T. and K.T. on 10.15.2019 | | | | | |
| 878 | | INTENTIONALLY LEFT BLANK | | | | | |
| 879 | | Text messages between M.T. and K.T. on 10.19.2019 | | | | | |
| 880 | | Text messages between M.T. and K.T. on 10.20.2019 | | | | | |
| 881 | | Text messages between M.T. and K.T. on 10.21.2019 | | | | | |
| 882 | | Text messages between M.T. and K.T. on 10.22.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 883 | | Text messages between M.T. and K.T. on 10.25.2019 | | | | | |
| 884 | | Text messages between M.T. and K.T. on 10.25.2019 | | | | | |
| 885 | | Text messages between M.T. and K.T. on 10.31.2019 | | | | | |
| 886 | | Text messages between M.T. and K.T. on 11.01.2019 | | | | | |
| 887 | | Email re "Invoices from Aero Maintenance Resources" on 11.11.2019 (Aero Maintenance Resources Invoice #1017 for $110,000; Invoice #1021 for $100,000; & Invoice #1103 for $66,750) | | | | | |
| 888 | | Text messages between M.T. and K.T. on 11.13.2019 | | | | | |
| 889 | | Text messages between M.T. and K.T. on 11.14.2019 | | | | | |
| 890 | | Text messages between M.T. and K.T. on 11.19.2019 | | | | | |
| 891 | | Text messages between M.T. and K.T. on 11.20.2019 | | | | | |
| 892 | | Text messages between M.T. and K.T. on 11.21.2019 | | | | | |
| 893 | | Text messages between M.T. and K.T. on 11.22.2019 | | | | | |
| 894 | | Text messages between M.T. and K.T. on 11.25.2019 | | | | | |
| 895 | | Text messages between M.T. and K.T. on 12.01.2019 | | | | | |
| 896 | | Text messages between M.T. and K.T. on 12.02.2019 | | | | | |

49

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 897 | | Text messages between M.T. and K.T. on 12.03.2019 | | | | | |
| 898 | | Text messages between M.T. and K.T. on 12.04.2019 | | | | | |
| 899 | | Text messages between M.T. and K.T. on 12.06.2019 | | | | | |
| 900 | | INTENTIONALLY LEFT BLANK | | | | | |
| 901 | | Text messages between M.T. and K.T. on 12.11.2019 | | | | | |
| 902 | | Text messages between M.T. and K.T. on 12.13.2019 | | | | | |
| 903 | | Email re "Invoices from Aero Maintenance Resources" on 12.17.2019 (Aero Maintenance Resources Invoice #2110 for $49,750; Invoice #2325 for $83,400; & Invoice #2392 for $85,250) | | | | | |
| 904 | | Text messages between M.T. and K.T. on 12.20.2019 | | | | | |
| 905 | | Text messages between M.T. and K.T. on 12.21.2019 | | | | | |
| 906 | | Text messages between M.T. and K.T. on 12.30.2019 | | | | | |
| 907 | | Text messages between M.T. and K.T. on 12.31.2019 | | | | | |
| 908 | | Text messages between M.T. and K.T. on 01.03.2020 | | | | | |
| 909 | | Text messages between M.T. and K.T. on 01.07.2020 | | | | | |
| 910 | | Text messages between M.T. and K.T. on 01.08.2020 | | | | | |

50

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 911 | | Text messages between M.T. and K.T. on 01.09.2020 | | | | | |
| 912 | | Email re "Invoices from Aero Maintenance Resources" on 01.09.2020 (Aero Maintenance Resources Invoice #2515 for $79,950; Invoice #2479 for $87,200; & Invoice #2601 for $148,200) | | | | | |
| 913 | | Text messages between M.T. and K.T. on 01.10.2020 | | | | | |
| 914 | | Text messages between M.T. and K.T. on 01.11.2020 | | | | | |
| 915 | | Text messages between M.T. and K.T. on 01.13.2020 | | | | | |
| 916 | | Text messages between M.T. and K.T. on 01.16.2020 | | | | | |
| 917 | | Text messages between M.T. and K.T. on 01.17.2020 | | | | | |
| 918 | | Text messages between M.T. and K.T. on 01.22.2020 | | | | | |
| 919 | | Text messages between M.T. and K.T. on 01.26.2020 | | | | | |
| 920 | | Text messages between M.T. and K.T. on 01.28.2020 | | | | | |
| 921 | | Text messages between M.T. and K.T. on 01.29.2020 | | | | | |
| 922 | | Text messages between M.T. and K.T. on 01.31.2020 | | | | | |
| 923 | | Text messages between M.T. and K.T. on 02.01.2020 | | | | | |
| 924 | | Text messages between M.T. and K.T. on 02.05.2020 | | | | | |

51

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-----------------|-------------|---------|----------|---------|---------------|
| 925 | | Text messages between M.T. and K.T. on 02.12.2020 | | | | | |
| 926 | | Text messages between M.T. and K.T. on 02.13.2020 | | | | | |
| 927 | | Text messages between M.T. and K.T. on 02.15.2020 | | | | | |
| 928 | | Email re "Invoices from Aero Maintenance Resources" on 02.18.2020 (Aero Maintenance Resources Invoice #2807 for $15,689; & Invoice #2753 for $99,211) | | | | | |
| 929 | | Text messages between M.T. and K.T. on 02.25.2020 | | | | | |
| 930 | | Text messages between M.T. and K.T. on 02.26.2020 | | | | | |
| 931 | | Text messages between M.T. and K.T. on 03.03.2020 | | | | | |
| 932 | | Text messages between M.T. and K.T. on 03.06.2020 | | | | | |
| 933 | | Email re "Invoices from Aero Maintenance Resources" on 03.09.2020 (Aero Maintenance Resources Invoice #3004 for $95,000; Invoice #2987 for $33,520; & Invoice #2901 for $90,180) | | | | | |
| 934 | | Text messages between M.T. and K.T. on 03.10.2020 | | | | | |
| 935 | | Email re "Aero Maintenance Invoices for February 2020" on 03.11.2020 (Aero Maintenance Resources Invoice #2990 for $73,000) | | | | | |
| 936 | | Text messages between M.T. and K.T. on 03.11.2020 | | | | | |
| 937 | | Text messages between M.T. and K.T. on 03.17.2020 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 938 | | Text messages between M.T. and K.T. on 03.18.2020 | | | | | |
| 939 | | Email re NO SUBJECT on 03.19.2020 | | | | | |
| 940 | | Text messages between M.T. and K.T. on 03.20.2020 | | | | | |
| 941 | | Text messages between M.T. and K.T. on 03.22.2020 | | | | | |
| 942 | | Text messages between M.T. and K.T. on 03.23.2020 | | | | | |
| 943 | | Text messages between M.T. and K.T. on 03.28.2020 | | | | | |
| 944 | | Text messages between M.T. and K.T. on 03.30.2020 | | | | | |
| 945 | | Text messages between M.T. and K.T. on 04.01.2020 | | | | | |
| 946 | | Text messages between M.T. and K.T. on 04.02.2020 | | | | | |
| 947 | | Text messages between M.T. and K.T. on 04.05.2020 | | | | | |
| 948 | | Text messages between M.T. and K.T. on 04.06.2020 | | | | | |
| 949 | | Text messages between M.T. and K.T. on 04.08.2020 | | | | | |
| 950 | | Email re "Invoices for Aero Maintenance Resources" on 04.14.2020 (Aero Maintenance Resources Invoice #4001 for $87,045; & Invoice #3176 for $127,155) | | | | | |
| 951 | | Text messages between M.T. and K.T. on 04.14.2020 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 952 | | Email re "Aero Maintenance Invoices for April 2020" on 04.16.2020 (Aero Maintenance Resources Invoice #5120 for $105,603; & Invoice #4784 for $114,685) | | | | | |
| 953 | | Email re "Invoice for Global Fuel Logistics, Inc." on 04.27.2020 (Global Fuel Logistics Invoice #7988 for $124,785) | | | | | |
| 954 | | Email re "Invoice for Aero Maintenance Resources 2 March 2020" on 05.04.2020 (Aero Maintenance Resources Invoice #3101 for $61,255) | | | | | |
| 955 | | Email re "Invoice for Global Fuel Logistics, Inc." on 05.11.2020 (Global Fuel Logistics Invoice #8011 for $83,090) | | | | | |
| 956 | | Text messages between M.T. and K.T. on 05.12.2020 | | | | | |
| 957 | | Text messages between M.T. and K.T. on 05.23.2020 | | | | | |
| 958 | | Text messages between M.T. and K.T. on 05.28.2020 | | | | | |
| 959 | | Email re "Invoices for May 2020" on 06.03.2020 (Aero Maintenance Resources Invoice #8888 for $153,725; Global Fuel Logistics Invoice #9014 for $159,882; & Global Fuel Logistics Invoice #9071 for $164,065) | | | | | |
| 960 | | Text messages between M.T. and K.T. on 06.07.2020 | | | | | |
| 961 | | Text messages between M.T. and K.T. on 06.09.2020 | | | | | |
| 962 | | Text messages between M.T. and K.T. on 06.10.2020 | | | | | |
| 963 | | Text messages between M.T. and K.T. on 06.11.2020 | | | | | |

54

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 964 | | Text messages between M.T. and K.T. on 06.16.2020 | | | | | |
| 965 | | Text messages between M.T. and K.T. on 06.17.2020 | | | | | |
| 966 | | Text messages between M.T. and K.T. on 06.24.2020 | | | | | |
| 967 | | Text messages between M.T. and K.T. on 06.25.2020 | | | | | |
| 968 | | Text messages between M.T. and K.T. on 06.26.2020 | | | | | |
| 969 | | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10101 for $170,274.50; Aero Maintenance Resources Invoice #9302 for $194,803; & Global Fuel Logistics Invoice #11812 for $127,264) | | | | | |
| 970 | | Text messages between M.T. and K.T. on 06.29.2020 | | | | | |
| 971 | | Text messages between M.T. and K.T. on 07.01.2020 | | | | | |
| 972 | | Text messages between J.Y. and K.T. on 07.01.2020 | | | | | |
| 973 | | Email re "Invoice for July 1 2020" on 07.02.2020 (Global Fuel Logistics Invoice #10226 for $95,000) | | | | | |
| 974 | | Audio recording of consensual phone call between J.Y. and M.T. on 07.07.2020 | | | | | |
| 975 | | Audio recording of consensual phone call between J.Y. and M.T. on 07.08.2020 | | | | | |
| 976 | | Text messages between J.Y. and M.T. on 07.08.2020 | | | | | |
| 977 | | INTENTIONALLY LEFT BLANK | | | | | |

55

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 978 | | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | | | | | |
| 979 | | Email re ACH Payment Questions, dated 04.17.2019 | | | | | |
| 980 | | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | | | | | |
| 981 | | Email re Lilly Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | | | | | |
| 982 | | Email re Lilly Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | | | | | |
| 983 | | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | | | | | |
| 984 | | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | | | | | |
| 985 | | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | | | | | |
| 986 | | Invoice #001 re Kimberley Tew for $10,000.00, dated 02.08.2018 | | | | | |
| 987 | | Transcript of consensual phone call between J.Y. and M.T. on 07.07.2020 | | | | | |
| 988 | | Transcript of consensual phone call between J.Y. and M.T. on 07.08.2020 | | | | | |
| 989 | | Text messages between M.T. and K.T. on 08.28.2019 | | | | | |
| 990 | | Text messages between M.T. and K.T. on 09.18.2019 | | | | | |
| 991 - 999 | | INTENTIONALLY LEFT BLANK | | | | | |

56

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 1000 | | INTENTIONALLY LEFT BLANK | | | | | |
| 1001 | | Account Owners and Signors for Relevant Bank Accounts | | | | | |
| 1002 | | Payments of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | |
| 1003 | | Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | |
| 1004 | | Summary of [HS] CPA, [MCG], and [5530 JD] Invoices and Payments | | | | | |
| 1005 | | Summary of [PM] Invoices and Payments | | | | | |
| 1006 | | Summary of Global Fuel Logistics Invoices and Payments | | | | | |
| 1007 | | Summary of Aero Maintenance Resources Invoices and Payments | | | | | |
| 1008 | | Summary - Calendar of Events | | | | | |
| 1009 | | Summary - Count 42 | | | | | |
| 1010 | | Summary - Count 43 | | | | | |
| 1011 | | Summary - Count 44 | | | | | |
| 1012 | | Summary - Count 45 | | | | | |
| 1013 | | Summary - Count 46 | | | | | |
| 1014 | | Summary - Count 47 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 1015 | | Summary - Count 48 | | | | | |
| 1016 | | Summary - Count 49 | | | | | |
| 1017 | | Summary - Count 50 | | | | | |
| 1018 | | Summary - Count 51 | | | | | |
| 1019 | | Summary - Count 52 | | | | | |
| 1020 | | Summary - Count 53 | | | | | |
| 1021 | | Summary - Count 54 | | | | | |
| 1022 | | Summary - Count 55 | | | | | |
| 1023 | | Summary - Count 56 | | | | | |
| 1024 | | Summary - M. Tew Transactions and Photographs | | | | | |
| 1025 | | Summary - K. Tew Transactions and Photographs | | | | | |
| 1026 | | Summary - M. and K. Tew Transactions and Photographs | | | | | |
| 1027 - 1099 | | INTENTIONALLY LEFT BLANK | | | | | |
| 1100 | | Certificate of Authenticity for Atlantic Union Bank | | | | | |
| 1101 | | Certificate of Authenticity for ANB Bank | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1102 | | Certificate of Authenticity for ANB Bank | | | | | |
| 1103 | | Certificate of Authenticity for BBVA | | | | | |
| 1104 | | Certificate of Authenticity for BBVA | | | | | |
| 1105 | | Certificate of Authenticity for Guaranty Bank and Trust Company | | | | | |
| 1106 | | Certificate of Authenticity for Kraken | | | | | |
| 1107 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | |
| 1108 | | Certificate of Authenticity for GoDaddy | | | | | |
| 1109 | | Certificate of Authenticity for Google | | | | | |
| 1110 | | Certificate of Authenticity for Verizon | | | | | |
| 1111 | | Certificate of Authenticity for Regions Bank | | | | | |
| 1112 | | Certificate of Authenticity for Simple Finance Technology Corp | | | | | |
| 1113 | | Certificate of Authenticity for Signature Bank | | | | | |
| 1114 | | Certificate of Authenticity for Google | | | | | |
| 1115 | | Certificate of Authenticity for Apple | | | | | |
| 1116 | | Certificate of Authenticity for Google | | | | | |

59

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1117 | | Certificate of Authenticity for Google | | | | | |
| 1118 | | Certificate of Authenticity for Vcorp | | | | | |
| 1119 | | Certificate of Authenticity for Wells Fargo Bank | | | | | |
| 1120 | | Certificate of Authenticity for Wells Fargo Bank | | | | | |
| 1121 | | Certificate of Authenticity for Wynn Las Vegas | | | | | |
| 1122 | | Certificate of Authenticity for Google | | | | | |
| 1123 | | Certificate of Authenticity for Google | | | | | |
| 1124 | | Certificate of Authenticity for Google | | | | | |
| 1125 | | Certificate of Authenticity for Google | | | | | |
| 1126 | | Certificate of Authenticity for Google | | | | | |
| 1127 | | Certificate of Authenticity for AT&T | | | | | |
| 1128 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | |
| 1129 | | Certificate of Authenticity for American Express | | | | | |
| 1130 | | Certificate of Authenticity for National Air Cargo | | | | | |
| 1131 | | Certificate of Authenticity for McDonald Automotive (Audi) | | | | | |

60

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 1132 | | Certificate of Authenticity for Digital Mint | | | | | |
| 1133 | | Certificate of Authenticity for Digital Mint | | | | | |
| 1134 | | Certification of Authenticity for National Air Cargo | | | | | |
| 1135 | | Certification of Authenticity for Access National Bank | | | | | |
| 1136 | | Certification of Authenticity for Coinbase | | | | | |
| 1137 | | Certification of Authenticity for Coinbase | | | | | |
| 1138 | | Certification of Authenticity for Coinbase | | | | | |
| 1139 | | Certification of Authenticity for Navy FCU | | | | | |
| 1140 | | Certification of Authenticity for Apple | | | | | |
| 1141 | | Certification for Google | | | | | |

61

**I**N THE **U**NITED **S**TATES **D**ISTRICT **C**OURT
FOR THE **D**ISTRICT OF **C**OLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

### KIMBERLEY TEW'S PROPOSED LIST OF EXHIBITS

---

     Kimberley Tew hereby submits her proposed list of exhibits for the Jury Trial set to commence February 5, 2024, and reserves her right to amend this list.

     Dated: January 25, 2024.

                        Respectfully submitted,

                        *s/ amie Hubbard*

                        Jamie Hubbard
                        David S. Kaplan
                        STIMSON LABRANCHE HUBBARD, LLC
                        1652 Downing Street
                        Denver, CO 80218
                        Phone:  720.689.8909
                        Email:   hubbard@slhlegal.com
                        kaplan@slhlegal.com

                        *Attorneys for Kimberley Ann Tew*

## Certificate of Service

I certify that on January 25, 2024, I electronically filed the foregoing *Kimberley Tew's Proposed List of Exhibits* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez

CASE CAPTION:  USA v. Tew, et al.

CASE NO.:  20-cr-00305-DDD

EXHIBIT LIST OF:          Kimberley Tew
                    (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| A | | Rose Management Group 1099s and Declaration | | | | | |
| B | | Miscellaneous Tax Records for Michael Tew (2018-2020) | | | | | |
| C | | 3.15.19 Communications between M Tew and K Tew | | | | | |
| D | | 4.11.19 Communications between M Tew and K Tew | | | | | |
| E | | 4.3.20 Communications between M Tew and K Tew | | | | | |
| F | | 6.13.19 Communications between M Tew and K Tew | | | | | |
| G | | 6.24.19 Communications between M Tew and K Tew | | | | | |
| H | | 7.2.19 Communications between M Tew and K Tew | | | | | |
| I | | 7.15.19 Communications between M Tew and K Tew | | | | | |
| J | | 7.18.19 Communications between M Tew and K Tew | | | | | |
| K | | 8.14.19 Communications between M Tew and K Tew | | | | | |
| L | | 9.18.19 Communications between M Tew and K Tew | | | | | |
| M | | Invoice from Sand Hill to Rose Management Group | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

---

## KIMBERLEY TEW'S PROPOSED LIST OF WITNESSES

Kimberley Tew hereby submits her proposed list of witnesses for the Jury Trial set to commence February 5, 2024, and reserves her right to amend this list.

Dated: January 25, 2024.

Respectfully submitted,

*s/ amie Hubbard*

Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email:   hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

## Certificate of Service

I certify that on January 25, 2024, I electronically filed the foregoing *Kimberley Tew's Proposed List of Witnesses* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

s/ Brenda Rodriguez
Brenda Rodriguez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## Judge Daniel D. Domenico

Case No. ____20-cr-00305-DDD____          Date: __January 25, 2024__

Case Title: ___USA v. Tew, et al._____

_____Kimberley Tew_____          WITNESS LIST

(Plaintiff/Defendant)

| WITNESS | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|
| Brittany McNeil | 15 minutes |
| Tina Schumann | 15 minutes |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

_____

_____

_____

_____

**I**N THE **U**NITED **S**TATES **D**ISTRICT **C**OURT
FOR THE **D**ISTRICT OF **C**OLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

## KIMBERLEY TEW'S PROPOSED *VOIR DIRE* QUESTIONS

---

Kimberley Tew submits the following *voir dire* questions for trial:

1. The defendants are charged with a criminal offense. The government has the burden to prove each of the crimes charged beyond a reasonable doubt. Can you hold the government to this standard?

2. The defendants have a constitutional right to remain silent. That means they may not testify in this case. As a juror, the law demands that you not hold their silence against them. Can you follow this law?

3. Have you or anyone in your family ever owned your own business? If so, what kind of business? What was your role in the business?

4. Do you have any family members employed in a bank or other financial institution? Please explain.

5.  Have you or a family member ever been the victim of a crime? Please explain.

6.  Have you or a family member ever been the victim of a "scam?" Please explain.

7.  What is your general opinion on the federal government? Federal law enforcement agents? Federal tax authorities and the IRS?

8.  Have you had any interactions with law enforcement? Were those interactions good or bad? Please explain.

9.  Have you or anyone in your family ever worked for the federal government? As a regular employee or a contractor? If so, in what capacity?

10. How do you feel about the concept that someone can get a better plea bargain or sentence if they testify against another person in court?

11. The government intends to call numerous witnesses in this case. What impact will the number of witnesses have on your decision?

12. If part of the government's presentation includes voluminous documents and communications, how will the volume of the documents and communications impact your deliberations? Will you be able to look critically at the evidence presented and hold the government to its burden of proof?

13. Are you or any of your family members involved with cryptocurrencies? Please explain.

14. Do you have any opinions about cryptocurrency and/or those who are involved with cryptocurrency? How might those opinions affect your ability to serve as a juror in this case?

15. What are your general feelings about gambling and those who gamble? If you hear testimony that one of the defendants is involved with gambling, how might that impact your ability to be fair?

16. Describe your views on the division of responsibilities inside a marriage, specifically with respect to sharing of information with your spouse, managing family finances, and managing electronic devices/accounts/storage systems.

17. Describe your familiarity with cloud-based data storage systems (e.g., iCloud accounts). Do you have any experience with cloud-based data storage systems that could impact your service on this jury?

18. Describe your experience with electronic mail and "spoofed" email addresses. How do you know whether the name assigned to an email address reflects the person behind the email address? What hallmarks do you look for in helping you evaluate the situation? Do you have any experience with "spoofed" email accounts that could impact your jury service?

19. There are two defendants in this case. The government must prove the case against each defendant separately. Each defendant is presumed innocent and you must return a separate verdict for each defendant. Can you agree to follow the law and require that the government prove beyond a reasonable doubt that each defendant is guilty?

20. Defendants Michael Tew and Kimberley are married. How might this impact your service on the jury and your ability to be fair to both defendants?

21. The government has brought multiple charges against each defendant in this case. You must consider separately the evidence that applies to each charge and return a separate verdict on each charge. What impact will the number of charges have on your decision?

Dated: January 26, 2024.

Respectfully submitted,

*s/ Jamie Hubbard*

Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

4

## Certificate of Service

I certify that on January 26, 2024, I electronically filed the foregoing *Kimberley Tew's Proposed Voir Dire Questions* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

s/ *Brenda Rodriguez*
Brenda Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1. **MICHAEL AARON TEW, and**
   2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

     Defendants.

---

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

---

The United States of America seeks leave to ask any of the following proposed *voir dire* questions, to the extent that these topics are not asked by the Court, and to ask follow-up questions if juror responses tend to warrant further inquiry. The government further seeks leave to ask follow-up questions on any pertinent juror questions submitted by the defendants:

1

## GENERAL BACKGROUND INFORMATION

1. Please tell us your name; age; and the city where you live.

2. Could you please tell us where you are currently employed, or where you worked most recently? Have you worked in any other industries?

3. What grade of education did you complete?

4. What is your marital status? Do you live with any other adults? (a spouse, roommates, or other family members)?

5. Can you please tell us who those individuals are, what their relationship is to you, and what industry they work in?

6. Do you have any children? What are their ages? Where are they employed, and/or what grade of school are they in?

7. Do you, or does someone close to you, have current or prior experience and/or training in either (a) the legal industry, or (b) the accounting-finance-bookkeeping industries? If yes, please describe.

8. Have you ever served on a jury before? If yes:

   a. When and in which court?

   b. Was it a criminal case or a civil matter? Grand jury?

   c. If civil: In a civil case, the burden of proof is a preponderance of the evidence. In a criminal case the burden of proof is upon the government to prove the case beyond a reasonable doubt. Do you understand that beyond a reasonable doubt is a higher burden of proof? And you will be instructed by the Court on what the phrase "beyond a reasonable doubt"

2

means? Can you follow the court's instruction?

   d.  Can you tell us about the subject matter of the case?

   e.  Without informing us of the result itself, was the jury able to reach a verdict?

   f.  How did you find your jury experience?

   g.  Did you serve as the foreperson?

9.  Has anyone here served as a witness at a trial? Please tell us about that experience.

10. Have you, or anyone close to you, been involved in any legal proceeding with a federal or state governmental agency that was not resolved to your satisfaction? Please describe.

11. Have any of you, or someone close to you, ever been arrested, charged, or convicted for any crime, felony or misdemeanor, other than minor traffic violations? If yes:

12. What was the crime? Was the case resolved in a trial or by a plea of guilty?

   a.  What sentence was imposed?

   b.  Were you [or they] satisfied with the criminal justice process? Why or why not?

   c.  Would that experience interfere with your ability to decide this case fairly and impartially?

13. Have any of you, or someone close to you, ever been a victim of a crime? If yes:

   a.  When did that happen, and what type of crime was it?

b.   Was anyone ever charged for committing that crime?

c.   Was there anything about that experience that would interfere with your ability to decide this case fairly and impartially?

14. What about the criminal justice system more generally? Do any of you have opinions or feelings about the criminal justice system — including of judges, prosecutors, and defense lawyers — that could interfere with your ability to be fair and impartial?

15. As I mentioned, this is a criminal case — Is there anything in your personal experience that would cause you to start off the trial — before hearing any evidence — leaning towards either the government or the defendants?

16. What do you like to do in your spare time? What are your hobbies?

17. What websites do you frequently visit? If you use social media, which social media platforms do you use, and for what purpose?

18. Where do you get your news? (e.g., TV, online, radio, social media, etc.) How often do you read/watch/listen to the news per week?

19. If you watch television, what television shows do you watch regularly?

a.   Does anyone watch any crime TV shows, like Law & Order or Forensic Files? How about true-crime podcasts? If yes:

b.   Which ones? How often?

c.   What about those shows appeals to you?

d.   Do you think these types of shows realistically portray the criminal justice process?

4

   e. Do you have any expectations of the government based on watching those shows?

20. Given the COVID-19 pandemic, as well as general cold & flu season, are any of you uncomfortable serving as a juror? Why?

21. This case is expected to involve many written records, such as records from banks and other businesses, as well as summary charts, and audio recordings. Does anyone have any medical conditions — for instance, visual or hearing impairment, or trouble paying attention for long periods — which might affect your ability to fully consider the types of evidence that could be presented?

22. On occasion, over the course of this case, you may hear testimony that involves coarse language and swear words. Would any of you have trouble listening to that evidence?

23. You may also hear testimony or be presented with evidence that references (a) being terminated from a job; (b) drug and/or alcohol use; (b) drug and/or alcohol addiction; (c) addiction to gambling or betting. Would any of you be uncomfortable listening to evidence of that nature?

**GENERAL LEGAL PRINCIPLES**

24. It is the judge's job to determine the law that applies to the case, and to tell you that law. It will be your job, as jurors, to determine the facts and apply the law to those facts to see if the government has proved this case to you beyond a reasonable doubt.

   a. Does anyone think that they could have difficulty following the law as

Judge Domenico gives it you?

    b. Will you determine the facts, apply the law to them, and return a verdict without being swayed by sympathy or prejudice or whether you want a defendant to be punished?

25. The burden of proof is on the government to prove the elements of each charge beyond a reasonable doubt. Reasonable doubt, put simply, is doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.

    a. If the evidence is insufficient to prove a defendant guilty beyond a reasonable doubt, your oath will require that you come out of the jury room and tell the defendant that you have found him/her not guilty. Can you give me your assurance that you can do that?

    b. But if the evidence proves the defendant committed the crime beyond a reasonable doubt, your oath will require that you come out of the jury room and tell the defendant that you have found him/her guilty. Can you give me your assurance that you can do that?

26. This case involves two defendants and multiple charges — and the government needs to meet its burden of proof beyond a reasonable doubt as to each defendant and to each crime that defendant is charged with. Can you give separate consideration to each defendant and each charge?

27. Is anyone going to think, "Well these are important charges, I do want a little more than a reasonable doubt?" Will anyone require the government to prove

6

the elements of each count beyond a shadow of a doubt?

28. The government is not required to prove a defendant's motive in this case. The government does not have to prove why someone committed a crime —all it has to do is prove the elements of the crime as set forth by the judge. People commit crimes for many reasons. You may find after listening to the evidence that a motive has been established; or you may never determine a defendant's motives. But if the evidence proves beyond a reasonable doubt that the defendant acted with the intent required by the law and he or she committed the crime, can you give me your assurance that you will reach a guilty verdict?

29. In a criminal trial, your duty, as jurors will be to determine whether or not the defendants are guilty of the crimes charged in the indictment, It is the judge's duty to determine what punishment — if any — may be imposed in the event of a guilty verdict.

   a. Will you be able to assess the evidence in the case and reach a verdict without consideration as to the type of sentence or punishment that ultimately might be imposed as a result of your verdict?

30. If you are selected as a juror, you will take an oath to reach a verdict based upon the law as the Court gives it you. In other words, do you understand that, if selected, it will be your obligation to follow the law —even if you personally disagree with it?

31. There are many people who, for a variety of reasons — including personal feelings, political views, religious beliefs, and/or dissatisfaction with the

criminal justice system — may be uncomfortable sitting in judgment of another person.

    a. Does anyone have any beliefs that you believe would cause you to hesitate to reach a verdict of either not guilty or guilty?

    b. Does anyone have any beliefs that might impact your ability to assess the credibility of any witness who might testify in this case? That evidence is expected to include the testimony of victims, law enforcement, fact witnesses, and the defendants.

    c. Do you understand that you may be called on to decide whether someone is or is not telling the truth as part of your assessment of the evidence in this case? Is there anything that might prevent you from being able to do this?

32. Evidence can be direct or circumstantial. Direct evidence is direct proof of a fact, such as a witness's testimony about what he or she personally saw or did. Circumstantial evidence is indirect evidence — in other words, proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence — or both  — can be used to support a criminal conviction. All that is required is that the government meets their burden of proof. Does anyone have any concerns about relying on circumstantial evidence to support a guilty verdict?

    a. Do any of you feel that you would not be able to convict a defendant — despite the strength of any circumstantial evidence — unless there was

8

direct evidence?

33. Do you understand that the consideration of both types of proof — direct and circumstantial — is part of how we use our reason and common sense every day? Will you bring your reason and common sense to your service on this jury?

## CASE SPECIFIC QUESTIONS

34. This is a criminal case involving allegations of fraud, specifically invoice fraud. In simple terms, fraud is obtaining something — for instance, money — from someone else based on lies, mistruths, or omissions. The government alleges that the defendants conspired to submit false invoices to a business for services that were not rendered, in order to obtain money.

    a. Have you, or someone close to you, ever been the victim of a fraud?

    b. If so, do you believe that experience will affect your ability to sit as a fair and impartial juror in this case?

35. Have you ever had an experience — short of a criminal case — where you were betrayed by someone you trusted?

    a. Do you think that experience will affect your ability to listen objectively to the facts of this case?

36. Do you believe that victims who fall for a fraud bear some responsibility for their losses?

    a. If so, will that belief affect your ability to listen objectively to the facts about how this alleged fraud took place?

37. You may also hear allegations about blackmail or extortion in this case. Has

9

anyone had an experience where you, or someone close to you, was threatened or coerced into doing something that you or they didn't want to?

   a. If so, will that experience affect your ability to fairly and impartially decide this case?

38. This case also involves allegations of money laundering. Money laundering is essentially taking the proceeds of a criminal act and using it in other ways — for instance, hiding it, mixing it up with legitimate money, or spending it.

   a. Have you, or someone close to you, ever been the victim of a crime or a fraud where someone took something from you and you couldn't get it back because it was already gone?

   b. Any similar experiences that fell short of a crime?

   c. If so, do you believe that fact will affect your ability to sit as a fair and impartial juror in this case?

39. This case also involves allegations of willful failure to file federal income tax returns.

   a. Does anyone have any feelings or opinions about the Internal Revenue Service that would affect your ability to be fair and impartial to either the defendant(s) or the government?

   b. Do any of you believe that the income tax laws of the United States are unconstitutional or that it is wrong for the government to impose income taxes?

   c. Do any of you disagree with the idea that everyone is obligated to obey

the income tax laws, as well as all other laws of this country?

d. Do any of you feel that violations of income tax laws should not be prosecuted as crimes by the United States?

e. Have you, or someone close to you, ever been audited by, assessed a penalty by, and/or had a bad experience with] the Internal Revenue Service?

f. Have you, or someone close to you, ever been a member of any organization whose members study, protest against, or otherwise express dissatisfaction with the substance, form, or administration of federal tax laws or federal tax policy generally?

g. Have you, or someone close to you, ever attended an event organized by or attended by people you thought were so-called "tax protesters"?

h. Do any of you have a disagreement with any of the Internal Revenue laws of the United States or hold any personal belief that the United States should not regulate the payment of income taxes or that the Internal Revenue Service should not investigate or audit taxpayers.

40. This trial will involve what the law calls a "conspiracy." A conspiracy is an intentional agreement with someone else to do something illegal.  In other words, it can be a violation of the law not just to commit a crime — for example, a bank robbery — but to agree with someone else to commit the robbery in the first place.  Is there anything about this legal concept that causes you concern?

41. For example, the government is not required to prove that the defendant knew

11

all the other members of the conspiracy or knew all the details about how the activities of the conspiracy were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role.  Is there anything regarding these aspects of conspiracy law that causes you concern?

42. You will hear evidence that others may have had a greater or lesser role in this case than a defendant.  Will anyone have a hard time weighing the evidence as it pertains to each defendant individually, setting aside what others may or may not have done?

43. You will hear evidence in this case that there were associates involved in this case who entered into plea agreements with the government.  Would anyone here have a hard time believing a person who entered into a plea agreement with the government?

44. You will also hear evidence that associates in this case cooperated and received recommendations for lower sentences.  Would anyone have a hard time believing a person who cooperated, provided information to the government, and received a benefit in return?

45. What is your view of the United States government generally?  Would these views affect your ability to be fair and impartial in this case?

46. You may hear testimony from law enforcement officers — including agents with the FBI, IRS, and Homeland Security Investigations — would hearing testimony from a law enforcement officer be any more or less credible to you, from the outset, than that of any other witness?

47. Have you read or seen in the news reports involving allegations of misconduct by law enforcement?  How do you feel about those reports?  Is there anything about this knowledge that would affect your ability to be fair and impartial in this case?

48. Do you think it is appropriate as a juror in a criminal case to base your vote on "sending a message" to law enforcement?

49. In this case you will hear about various investigative techniques, including secretly recording conversations with a defendant. Does anyone feel that because the government collected evidence in this manner, they could not be fair and impartial in this case?

50. You will hear that the government collected certain evidence through the use of search warrants — including search warrants of the defendants' home and search warrants to obtain certain electronic evidence, like email and cloud accounts. Does anyone feel that because the government collected evidence in this manner, they could not be fair and impartial in this case?

51. The alleged victim in this case is a larger company, and the two defendants are individuals.

   a. Would anyone here have a hard time holding someone to account, or being fair, knowing that the victim is a company and the defendant is an individual?

   b. Does anyone have strong feelings, either way, about large companies? What about if the person on the other side of the case is an individual?

13

Do you believe anything about the fact that the victim here is a company and the defendants are individuals will affect your ability to sit as a fair and impartial juror in this case?

52. This case also involves larger sums of money than many of us deal with in our everyday lives. Does hearing that cause you any concern about your ability to judge the facts in a fair and impartial manner?

53. Have you, or someone close to you, ever been terminated unexpectedly? Did you receive a severance? Does hearing that this case involves a termination without a severance cause you any concern about your ability to judge the facts in a fair and impartial manner?

54. Have you ever quit or been terminated from a job where you thought you were treated unfairly? If yes, would you ever think it was okay to get back at the company in some way?

55. Have you ever managed other people as part of your work?

56. Have you ever been managed by others?

57. Do you have strong feelings or sympathies — in either direction — towards the manager or the employee?

58. Do you have any personal experience with cryptocurrency?

59. Do you have strong feelings — in either direction — about investing in cryptocurrency?

## CONCLUSION QUESTIONS

60. If you are selected to serve as a juror and hear this case, you will be required

14

to deliberate with eleven other jurors. This will require you to discuss the evidence and the law in this case with those other jurors. Is there anything that might interfere with your ability to deliberate and reach a verdict in this case? Is there anything that may lead you to believe that you might be unable or unwilling to engage in such discussions with your fellow jurors?

61. Is there anything that we have discussed that, perhaps with a little more time to think about it, or anything that we have not covered, that leads you to believe that you might not be the best fit to be an impartial and fair juror in this particular case?

15

Respectfully submitted this 26th day of January, 2024.

COLE FINEGAN
United States Attorney

By:    */s/ Bryan Fields*          By:    */s/ Sarah H. Weiss*
Bryan Fields                       Sarah H. Weiss
Assistant United States Attorney   Assistant United States Attorney
U.S. Attorney's Office             U.S. Attorney's Office
1801 California St. Suite 1600     1801 California St. Suite 1600
Denver, CO 80202                   Denver, CO 80202
(303) 454-0100                     (303) 454-0100
Bryan.Fields3@usdoj.gov            Sarah.Weiss@usdoj.gov
Attorney for the Government        Attorney for the Government

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
sarah.weiss@usdoj.gov

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1.  MICHAEL AARON TEW and
   2.  **KIMBERLEY ANN TEW**,
      a/ka Kimberley Vertanen,

     Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT KIMBERLEY TEW'S MOTION TO CONTINUE TRIAL AND MOTION FOR ENDS OF JUSTICE CONTINUANCE OF 90 DAYS**

---

Further delay in this matter would not serve the ends of justice and is unsupported by the *West* factors. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). This case has been pending for almost three years. Defense counsel has been assigned for over one year, and it has been almost two months since the filing of a *James* log that chronicled, almost day-by-day, the Tews' successful efforts to defraud their victims out of over $5,000,000. Those victims deserve their day in Court. Witnesses — a few  of whom had to prepare to discuss before a jury of 12 strangers vignettes from some of the worst moments of their lives — have been subpoenaed and have made arrangements to travel to Colorado. They, too, deserve an end to their waiting and anxiety. And the public deserves a speedy trial over the

1

allegations in the indictment.

The court should deny Defendant Kimberley Tew's Motion to Continue Trial and Motion for Ends of Justice Continuance, ECF No. 374 (Def. Mot.). *See United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (noting that decisions to deny a motion for a continuance are reviewed for abuse of discretion, which only occurs if denial is "arbitrary or unreasonable and materially prejudice[s] the [defendant].").

Denying the defendant's motion for three more months of delay will cause no material prejudice and — especially because it was filed so shortly before trial and after so many previous continuances — is well within the Court's considerable discretion. *See, e.g., United States v. Maley*, 681 F. App'x 685, 687 (10th Cir. 2017) (finding no abuse of discretion in denying defendant's fourth motion for continuance filed days before trial where court balanced defendant's right to counsel against need to maintain integrity of judicial process, including inconvenience to 35 witnesses and the granting of three prior continuances); *United States v. Davies*, No. 14-cr-362-WJM, 2018 WL 305734, at *2 (D. Colo. Jan. 5, 2018) (denying motion for continuance where case had been set for trial for three years after indictment); Order, *United States v. McFadden*, 19-cr-00243-CMA, ECF No. 108 at (Oct. 19, 2022) (denying motion for a continuance because, among other reasons, counsel had nine months to prepare but filed motion only two-and-a-half weeks before trial and raised only issues pertaining to long-disclosed evidence) [Exhibit 1].

2

I.   **The defendant has had over nine months to review the discovery and almost two months to raise issues first identified by the government's *James* filing  so I would change this to defense counsel has had – clearly the defendant has had 4 years.  And why is it nine months?  I thought Kaplan has been on the case for a year?**

The first *West* factor—the diligence of the party seeking the extension—does not support a continuance here. The defendant has been aware that "[d]iscovery in this case is voluminous," Def. Mot. at 1, since the last time she filed a motion for a continuance in March 2023. ECF No. 315 (describing accurately the immense volume of digital evidence). The only thing that appears to have changed is that she finally looked at that information in detail in late December while sitting through the *James* hearing.

As counsel for Michael Tew put it at that hearing: this is not a particularly complicated case. It involves two defendants who submitted false invoices to illicitly obtain millions of dollars, most of which was deposited directly into their personal and business accounts. Nothing about the actual allegations are "so unusual or complex" as to make it "unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits" of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The only thing that makes this case even somewhat out of the ordinary is the massive quantity of evidence supporting the charged fraud and money laundering conspiracies. But the government accommodated that concern and the Court already addressed it when it granted Kimberley Tew's request for a *120-day* exclusion in March 2023 so that her third lawyer could prepare to properly

3

advise her. ECF No. 315.

The court should keep in mind that the major item of evidence identified in the motion as requiring additional defense review is *the defendant's own telephone and associated iCloud account*, which she has had access to in its original, user-friendly and completely searchable format since well before the grand jury even returned the indictment against her. The defendant was and is more than well equipped, with her historical knowledge of her own telephone habits, patterns, contacts and conversations, to provide her counsel with any and all available information casting doubt on the attribution of text messages stored in her iCloud account.

It is unclear why or how the defendant could not have anticipated that a repository of correspondence with co-conspirators and other trial witnesses would become a significant component of the prosecution, nor why she could not "untangle" the evidence on her own phone and iCloud account to find impeachment evidence. Def. Mot. at 2-3. Also left unexplained is why the defendant — unique among the various stakeholders here in having singular personal knowledge about her own communications — would find any review of her own digital accounts to be "slower than anticipated." These failures of explanation are, by themselves, a reason to deny the motion. *United States v. Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009) (" "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.")

The government emphasizes here that Kimberley Tew's lead counsel has

4

decades of experience successfully representing defendants confronting sophisticated charges in high-stakes matters with complicated evidentiary issues. The government has no doubt that current counsel have exercised diligence in preparing for trial and recognizes that they are skilled, thorough, effective, and competent.

Through the motion, it becomes clear that any problem must be with the diligence of the *party* — Kimberley Tew — and not her lawyers. The record in this case evinces the defendant's steadfast refusal to actually engage with her *three* prior lawyers over the past three-and-a-half years and who has, instead, pursued every possible avenue to delay the day of reckoning. To the extent more information is needed regarding the authenticity of the defendant's own text messages, there can be no other explanation than that the defendant herself has stymied counsel's progress by failing to participate in her own defense. The defendant should not be permitted to postpone justice in this matter by manipulating the system related to the appointment of counsel and then frustrating that appointed counsels' ability to prepare for trial. *United States v. Willie*, 1941 F.2d 1384, 1390 (10th Cir. 1991) (noting "there must be some limit to the defendant's ability to manipulate the judicial system," and identifying the myriad ways in which clients can use tactical disengagement with counsel as a delaying tactic).

If there really are genuine issues of "authentication and foundation," Def. Mot. at 2, the defendant could and should have been aware of that issue almost

5

immediately.[1] The time to consult with an expert was in April or May 2023, after initial review of the file from Apple provided in its native form by the Filter Team. It is not now, fewer than ten days before trial. The motion is another delay tactic that should be denied.

## II. The defendant has not demonstrated how 90 more days of delay will be useful, let alone necessary

The second and fourth *West* factors — the likelihood that a continuance will accomplish the stated purpose and the need for the asserted continuance — similarly weigh against further delay.

The defendant is essentially asking for 90 days to make authenticity arguments or to challenge attribution of messages that have been available to her since the inception of this case.[2] But she fails to explain how — even if she is successful — why an expert would do anything she isn't already capable of doing through cross-examination and a comparison of the government's evidence of the text messages with her native copies of the same.

---

[1] The business records that Apple provided, along with a declaration certifying that the government's exhibits are derived, by reliable electronic means, from a true and correct copy of the kley@me.com account, is one of the government's 902(11) and (13) certifications. The defendant has been afforded multiple opportunities to challenge the governments' certifications, *first*, orally at the *James* hearing; *next*, in a subsequent written filing, *see* ECF No. 360; and *finally*, by "*specific* objections to those declarations," which are due to the court on January 29. ECF No. 367 at 10-11. To date, the defendant has raised no such specific objection.

[2] Setting aside the defendant's own access to her personal accounts, the *James* log filed over seven weeks ago provided citations to the discovery for every single text. And the defendants received courtesy copies of every single text a week later, on December 14, 2023.

6

Nor does she grapple with a simple legal principle already ruled upon by this court: Attacks on the *attribution* of a particular message, whether to her or to a co-conspirator, do not go to that evidence's *admissibility*. The government made this point clear in its *James* proffer. *See* ECF No. 341 at 8, 10, 11 (citing *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005); *United States v. Ayalaa*, 601 F.3d 256, 268 (4th Cir. 2010)). Defense counsel conceded that point at the time, both by not raising the argument in the more general sense that she describes it now, and also by failing to challenge many of the messages she now targets in her response to the *James* log. ECF No. 341-1. *See* ECF No. 346 (responding to government's *James* proffer without raising any legal issues related to attribution, authenticity, or foundation). The methods used by the witnesses to make attributions were also discussed at the *James* hearing itself. The court has heard all of these arguments, and it has ruled: the vast majority of the statements in the government's *James* log were in furtherance of a conspiracy, and have been provisionally deemed authentic (at least as to the first layer of hearsay). ECF No. 361 at 12; ECF No. 367 at 6. To the extent that the defendant seeks to question the government's witnesses on the technology, the Court has expressly carved a lane for that avenue of cross-examination. ECF No. 367 at 9.

The Court's provisional ruling as to the admissibility of the co-conspirator statements largely undermines the basis for the defendant's motion stated now. because the court has also already ruled as a matter of law that questions over who received a particular message "[do] not matter." This is because the sort of doubts

7

the defendant now states that she needs to explore do not go to whether the statement actually furthered the conspiracy, but rather, "whether it was meant to." ECF no. 361 at 8 (citing *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986) and quoting from *United States v. Piper*, 298 F.3d 47, 53 (1st Cir. 2002); *Id.* at 7 (quoting Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 6778 (2023 ed.).

Given this clear legal guidance, the defendant cannot explain how an additional ninety days will make any appreciable difference to the trial: even if attribution to a particular *phone* is successfully attacked, the court has ruled that the messages are in furtherance because they can be attributed to the *conspiracy*. Absent some other successful objection based on another rule of evidence, the jury will get to see these messages anyway and the defendant will be left to argue to the fact-finders that her questions regarding attribution cast reasonable doubt as to her guilt. That she now wishes that she had time to secure expert testimony to assist her in that regard  cannot justify continuing this trial ten days before it is scheduled to start, thereby inconveniencing this Court, prospective witnesses, and the government, all while thwarting the interests of the public in a speedy trial.

Attribution and authentication issues were also already litigated as part of the government's motion *in limine*. ECF Nos. 344 (Gov't Mot.); 360 (Def. Resp.). The Court gave the defendant ample time to file a response brief describing her concerns about attribution, which is, of course, a legal argument derivative of authentication or foundation issues. *That* would have been the obvious time to ask for a possible

8

continuance to consult with an expert or to raise related arguments regarding the admissibility of the government's exhibits. But the defendant made no such arguments when given the fair opportunity to do so, and the moment has passed.

The defendant has had *years* to analyze the digital evidence and numerous opportunities to file motions, raise issues of concern, or ask for more time. The fact that she declined to make these arguments — despite the previous extensive litigation and their now-professed importance — means that such arguments should be deemed waived. Asking for 90 more days to prepare what is effectively a motion for reconsideration premised on waived arguments is not good cause for a continuance.[3]

### III.   A continuance prejudices the government, the public, and the victims.

For all of the reasons above, denying a continuance will not prejudice the defendant. But it will prejudice the government, and it will thwart the public's interest in vindicating its constitutional right to a speedy trial.

The United States is obligated to protect the interests of the public in a

---

[3] The example cited by defense counsel in the brief illuminates clearly that the delay will be geared at re-litigating issues that have already been raised and waived. The brief complains about the attribution in *James* log entry 56. Def. Mot. at 2. But the Court has already explained in its order, "context clues and other characteristics of various messages are sufficient to deem those messages authentic under Rule 901." ECF No. 367 (citing *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) as an example of how messages can be authenticated based on context). That message — to the number used by MM — references "Kimberley" in the third person and discusses the participants' respective wives. It is, based on context, clearly from Michael Tew. The Court found this message to be in furtherance of the conspiracy. Giving the defendant 90 days to develop additional arguments to attack the Court's ruling is not a valid reason for a continuance.

speedy trial. The Speedy Trial Act protects not only the defendant's constitutional right to a speedy trial but also "the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The statute was "designed with the public interest firmly in mind." *Toombs*, 574 F.3d at 1273. Therefore, "[i]t is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *Id.*

To grant the requested exclusion of time, the Court must find that "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In balancing these interests, the Court considers the applicable factors under section 3161(h)(7)(B), including whether the failure to grant a continuance would be likely to result in a miscarriage of justice, or whether denial would unreasonably prevent adequate and effective preparation for trial. *Id.* § 3161(h)(7)(B)(i), (ii), (iv).

The victims in this case also have a right to speedy trial. *See United States v. Fraley*, 2023 WL 409700, at *5 (6th Cir. 2023) (denying continuance, district court properly considered victims' rights to speedy trial); *United States v. McDaniel*, 411 F. Supp. 2d 1323, 1325 (D. Utah 2015) (noting that substitutions of counsel can frustrate speedy trial rights of both defendants and victims). Further, crime victims have a statutory "right to full and timely restitution as provided in law," and "the right to proceedings free from unreasonable delay," 18 U.S.C. § 3771(a)(6), (7).

10

The owners of NAC — victims of the betrayal of their former CFO and of the defendant, and a former contractor — have been awaiting justice for almost three-and-a-half years. Continued delay negatively impacts the prosecution's ability to vindicate victim rights, given the natural consequences of delay, such as witnesses' memories fading and witnesses becoming more likely to be unavailable due to death or infirmity. Over the passage of time, restitution and forfeiture become more elusive, as well. The victims' interest in a speedy trial outweighs defendants' need for yet another continuance.[4]

Additionally, there are significant logistical issues with moving the trial date. Many witnesses will be travelling from out of state, taking time out of otherwise busy work schedules and making arrangements to satisfy their personal responsibilities. The United States has served trial subpoenas on its witnesses for the February 5 trial date; for many of the witnesses this is the second time they have been subpoenaed. These witnesses' willingness to comply with subpoenas and provide their testimony to a jury in the interests of justice does not mean that they deserve to be subjected to a repeated upending of their lives. In sum, a continuance would undermine the public's, the victims', and the Government's interest in a speedy trial.

On the other side of the scale, denial of the requested continuance is not likely to result in a miscarriage of justice, because adequate time has been provided to address the issues raised in the defendant's motion. 18 U.S.C. § 3161(h)(7)(B)(i).

---

[4]    The motion is unopposed by Michael Tew. *See* ECF No. 373 at 1.

11

The 1,087 days since the Grand Jury returned its indictment (or even just the 388 days since counsel entered his appearance) have been sufficient time for effective preparation, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B)(iv), (ii).

Should the Court determine a continuance is appropriate, the United States respectfully submits that sufficient time should be excluded from the speedy trial clock to permit trial in late June 2024. Trial after the currently set date but before June 2024 would unreasonably deny the Government continuity of counsel and, relatedly, prevent adequate preparation for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). Undersigned counsel have invested significant time to prepare for trial; they are deep into trial preparation and have personally met with witnesses and victims. AUSA Fields is set for a four-day trial on March 18, 2024, *United States v. Robinson*, 23-cr-274-RMR, and then a thirteen-day trial in a complex international foreign exchange fraud case featuring numerous international witnesses set to begin on April 29, 2024, *United States v. Stewart*, 21-cr-000034-WJM. Both cases have already been reset several times and further delay is extremely unlikely. Given those obligations, if trial does not begin as scheduled in ten days, AUSA Fields will need time in March and April to prepare witnesses and other materials for the other cases' trials, and then will immediately need to return to this case in May once again prepare for this trial. The Government has planned its staffing around the current, long-set, February 5, 2024 trial date and respectfully requests

12

that, if moved again, it be set in or after June 2024 to avoid another reassignment of counsel that prejudices the Government and potentially leads to further cascading delays.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  */s/ Bryan Fields*          By:  */s/ Sarah H. Weiss*
Bryan Fields                    Sarah H. Weiss
Assistant United States Attorney   Assistant United States Attorney
U.S. Attorney's Office          U.S. Attorney's Office
1801 California St. Suite 1600   1801 California St. Suite 1600
Denver, CO 80202               Denver, CO 80202
(303) 454-0100                 (303) 454-0100
Bryan.Fields3@usdoj.gov        Sarah.Weiss@usdoj.gov
Attorney for the Government     Attorney for the Government


**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case its granting would necessarily involve the court making the necessary findings of fact to exclude time and denial will keep the case on track to be tried on February 5, 2024, within the calculated speedy trial deadline.

13

**CERTIFICATE OF SERVICE**

I hereby certify that on January, 26 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

*s/ Bryan Fields*
United States Attorney's Office

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

---

**DEFENDANT MICHAEL TEW'S PROPOSED *VOIR DIRE* QUESTIONS**

---

Defendant Michael Aaron Tew submits the following *voir dire* questions for the panel:

1. Have any of you heard anything about this case from the media, online, or from other people?

2. Based on media coverage of other federal criminal matters frequently in the news, has anyone developed an opinion about the U.S. Department of Justice, the Federal Bureau of Investigation, or the Internal Revenue Service acting in a political manner?

3. Has anyone had any personal interactions with law enforcement or are you related to or close friends with any law enforcement officers? Were your experiences with law enforcement positive or negative? Please explain.

4. Does anyone believe the federal government is too large or shouldn't be getting involved with so many parts of society? Does that include private financial matters?

5. Has anyone themselves been or had a close family member who was ever the victim of a crime?  If so, please explain.

6. Have you or a close family member ever been "ripped off" or the victim of a scam?

Did you report it to the police? Was anything done about it?

7. How did you react upon receiving your jury summons to court here today? Were you happy? Frustrated? Anxious? Annoyed? Please explain.

8. How do you feel about the idea that someone can get a better deal or possibly a lower sentencing by cooperating with authorities against someone else? Would you judge that person's credibility differently knowing that they were receiving consideration for their testimony?

9. Have you or a close family member ever struggled with addiction of any kind? If so, please explain as you are comfortable.

10. Defendants Michael Tew and Kimberley Tew are married. Does anyone believe that they would struggle to treat each defendant individually or be unable to separate them as distinct people and independently consider their individual personalities?

11. Every defendant has a constitutional right to remain silent. This means that no defendant must testify. As a juror, would you hold it against a defendant that did not take the witness stand on their own behalf even though they do not have to do so?

12. Will anyone be offended if the prosecution presents evidence of personal communications between a husband and a wife that were obtained by the federal government?

13. Can anyone think of a reason why a defendant would not want to testify?

14. If the government's case includes evidence that someone has a large number of bank accounts, how does that make you feel? Would such evidence cause you to believe that a person was up to no good?

15. Does anyone have a strong opinion about charging someone with a crime for allegedly

not filing federal income tax returns?

16. How do you feel about people that do not file income tax returns on time?

17. Does anyone have any family or professional commitments (such as two working parents of small children) that would make it particularly challenging for them and their family if they served on the jury?

DATED this 26th day of January, 2024.

> _/s/  Jason D. Schall_
> Jason D. Schall
> BOWLIN & SCHALL LLC
> 7350 E Progress Pl Ste 100
> Greenwood Village, CO 80111
> Telephone: (720) 505-3861
> E-mail: jason@bowsch.com

> _/s/  Kristen M. Frost_
> Kristen M. Frost
> RIDLEY, MCGREEVY & WINOCUR, P.C.
> 303 16th Street, Suite 200
> Denver, CO 80202
> Telephone: (303) 629-9700
> Facsimile: (303) 629-9702
> E-mail: frost@ridleylaw.com

> Attorneys for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

> _/s/  Jason D. Schall_
> Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

*/s/ Jason D. Schall*
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan / Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
hubbard@slhlegal.com
*Attorneys for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

*/s/ Jason D. Schall*
Jason D. Schall

4

Just IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1. **MICHAEL AARON TEW,** and
    2. KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,

    Defendants.

---

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE* REGARDING THE USE OF PROFFER AGREEMENTS IN THE UNITED STATES' CASE IN CHIEF

---

Nothing in the Constitution endorses the conclusion that criminal defendants — especially those who sign binding legal agreements and are fully advised by capable attorneys — can peddle one story to the prosecution and another to a court without consequence. Consistent with the law in every circuit to address the issue, the Court should enforce the clear and unambiguous language of the proffer agreements, deny the Defendants' respective motions *in limine*, ECF Nos. 370 and 373, and further the "laudable policy" of "encouraging defendants to tell the truth during both plea negotiations and subsequent trial." *United States v. Dortch*, 5 F.3d 1056, 1069 (7th Cir. 1993). That policy will be furthered by proceeding to trial, as scheduled, on February 5.

1

## I.   Enforcing proffer agreements "enhances the truth-seeking function of trials" and yields "more accurate verdicts"

The law is clear. Agreements that voluntarily waive the protections otherwise afforded by Rule 410 are enforceable. *United States v. Mitchell*, 633 F.3d 997, 1003-1006 (10th Cir. 2011) (analyzing *United States v. Mezzanatto*, 513 U.S. 196, 2010 (1995) in detail and finding no error in district court's decision to admit defendant's plea statements during government's case-in-chief).

For good reason: such a waiver "encourages criminal defendants to present defenses at trial that are not fraudulent." *United State v. Rebbe*, 314 F.3d 402, 408 (9th Cir. 2002)

Indeed, the defendants' own citations are completely in line with the entire body of law surrounding *Mezzanatto* waivers. For example, Michael Tew cites the Tenth Circuit's decisions in *Jim* and *Mitchell*. M. Tew. Mot. at 4 and 7 (citing *United States v. Jim*, 786 F.3d 802, 810 (10th Cir. 2015) and *Mitchell*, 633 F.3d at 1003); ECF No. 373 at 3 (adopting M. Tew's legal arguments). The defendant in *Jim* — just like Michael and Kimberley Tew — entered into an agreement waiving his rights under Rule 410. Then — just like Michael and Kimberley Tew — he got a new lawyer, decided he no longer liked his agreement, and moved *in limine* to exclude his proffered confession. The district court enforced the agreement and the Tenth Circuit affirmed. *Mitchell* similarly involved a client disappointed with the outcome of his plea negotiation who, after proffering, got a new lawyer to take his case to trial. The defendant ultimately found himself similarly disappointed. *Mitchell* 633 F.3d at 1003-1006.

2

These outcomes are the logical conclusion to the Supreme Court's reasoning in *Mezzanato*. The defendants' waivers do nothing to put at risk a fair proceeding under the law. Indeed enforcing the waivers serves the opposite effect. As Justice Thomas explained, "the admission of plea statements for impeachment purposes *enhances* the truth-seeking function of trials and will result in more accurate verdicts." *Mezzanato*, 513 U.S. at 204; *see also id.* at 205 ("Under any view of the evidence, the defendant has made a false statement, either to the prosecutor during the plea discussion or to the jury at trial; making the jury aware of the inconsistency will tend to increase the reliability of the verdict without risking institutional harm to the federal courts.").

The Supreme Court's concerns in *Mezzanato* over the integrity of the judicial process found receptive audiences in the Courts of Appeals. The Tenth Circuit does not stand alone in its willingness to enforce these types of proffer agreements. As far as the government can tell, every circuit to consider the issue has enforced similar agreements that included Rule 410 waivers. *United States v. Hardwick*, 544 F.3d 565, 570 (3d Cir. 2008) (cataloging cases from Second, Seventh, Ninth and D.C. Circuits finding waiver triggered where defense counsel used cross examination to imply facts inconsistent with proffer); *United States v. Sylvester*, 583 F.3d 285, 289 (5th Cir. 2009); *United States v. Young*, 223 F.3d 905, 911 (8th Cir. 2000). The defendants give this Court no reason to disregard the force of this near-uniform body of caselaw. [1]

---

[1] At least one district court has refused to enforce a proffer agreement. *United States v. Duffy*, 133 F. Supp. 2d 213 (E.D.N.Y. 2001; *but see United States v. Velez*, 354 F.3d 190, 195 (2d Cir. 2004) (criticizing *Duffy*).

3

## II.   Proffer agreements provide benefit to all parties in the criminal justice process

### A.   The proffer agreements offer mutual benefits

The reality is that "criminal justice today is for the most part a system of pleas, not a system of trials." *Laffler v. Cooper*, 566 U.S. 156, 170 (2012). The Tenth Circuit recognizes this in its pattern jury instructions: "Plea bargaining is lawful and proper, and the rules of this court expressly provide for it." 10th Cir. Pattern Jury Inst. § 1.15 (3d ed. 2021). This means that while defendants have the absolute and cherished right to remain silent, courts and defense attorneys have recognized that silent defendants cannot make successful pleas for leniency.

Accepting the position defendants advance here would undermine countless opportunities for reasonable negotiated resolutions, gutting the settled expectations of the parties' proffer agreements, which are specifically designed to lower each sides' risks while encouraging candid discussions that help everyone evaluate cases based on accepted facts. For prosecutors, proffer agreements "buy" the reliability assurance that accompanies a waiver agreement. *Mezzanatto*, 513 U.S. at 208. For defendants, proffer agreements strengthen their hand in negotiations by leveraging what they "sell" — their credibility —under conditions designed so that deceit is more costly and thus less likely. *United States v. Krilich*, 159 F.3d 1020, 1024-25 (7th Cir. 1998); *see also Mezzanatto*, 513 U.S. at 208. Without the ability to enter into "*Mezzanatto* waivers*" mutual distrust and anxiety over the high stakes of failed negotiations might mean many fewer discussions, to the detriment of criminal justice.

The Tews' proffer agreements capture this mutual give-and-take. The

4

government pays the "cost" of a defendant's information by making the promises in paragraph 2, in return for the benefits in paragraph 3.[2] *E.g.,* ECF No. 370-1 at 2. In return, the defendant agrees to pay the "cost" of any attempted deception down-the-line, as outlined in paragraph 4, and made possible by paragraph 5. *E.g.,* ECF No. 370-1 at 4. Importantly, whether to pay that "cost" — by trying to offer competing accounts to two different audiences — is completely up to the defendant, as outlined in paragraph 4. *E.g.,* ECF No. 370-1 at 2 (noting that information can be used only if the *client* takes certain actions). The reciprocal and hoped-for benefits arising from the parties' mutual consideration is the *truth*, as contemplated in paragraphs 1 and 7. *E.g.* ECF No. 3701-1 at 1 and 3.

### B. The upside benefits of the agreement are virtually always made available to those with legal counsel, who are tasked with ensuring that the potential downside risks are also knowingly and intelligently understood

*Mezzanatto*'s recognition that Rule 410 waivers can actually produce *better* outcomes for all stakeholders is the animating force behind the uniform consensus of the Courts of Appeals' decisions outlined above. But Courts have coupled these abstract ideals with a clear-eyed view of their dangers. Any agreement giving up a right must be "knowing and voluntary." *Mezzanatto*, 513 U.S. at 210. For that reason, this Office requires that defense counsel review and explain the agreement's terms and provisions to the client prior to signing. *See* ECF No. 370-1 at 3 and 373-1 at 4 and 7 (requiring defense counsel to sign statement "I acknowledge that I have read

---

[2] The government's promises are cabined by paragraph 6 (making clear agreement does not impart transactional immunity).

this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.").

### III.    The defendants knowingly and voluntarily signed clear and unambiguous agreements

#### A.    Michael Tew acknowledges that he entered his agreement knowingly and voluntarily

The court should take defendant Michael Tew at his word that "[i]t cannot reasonably be argued . . . that Mr. Tew did know that his statements to federal authorities could be used against him if he later changed his version of events." ECF No. 370 at 6. Likewise, the court should make the "reasonable inference" he admits, namely that "Mr. Tew also knew, and agreed, that he could not affirmatively present evidence to the contrary." *Id.*

#### B.    Kimberley Tew is represented by the same lawyer who advised her to enter the agreement and does not make any arguments that it was unknowing or involuntary

For her part, Kimberley Tew does not challenge the waiver itself; instead, she now suggests (but does not explicitly say) that, if the government's interpretation is correct, then her waiver was not knowing and voluntary. ECF no. 373 at 5. That implicit argument has been soundly rejected elsewhere. *Krilich*, 159 F.3d at 1026 ("No party to a contract has Humpty Dumpty's power over language either directly or through the gambit that unanticipated consequences render the agreement "involuntary.").

Kimberley Tew's argument is, of course, also further complicated by the fact that it is being raised by the exact same defense counsel who advised Ms. Tew to sign

6

the agreement in the first place. Given the obvious attorney-client privilege questions raised, the government cannot participate fully or effectively in a hearing about those questions at this stage of the proceedings, especially when the lawyer involved could also be a fact witness. Because the defendant has not explicitly stated that she is contesting the knowing and voluntary nature of an agreement she signed — one which contained an express acknowledgment that she entered into it "voluntarily, knowingly and willfully" — with an experienced attorney who also acknowledged discussing each provision of the agreement her client — the issue should be deemed waived. The complexity of this situation proves the point: the law provides very specific vehicles for appeals and collateral attacks, and determinations on this issue should be left to those forums rather than upending this trial.

### C. The proffers speak for themselves, and the Court can decide the meaning of the language as a matter of straightforward contract interpretation

The defendants are not even really saying their agreements were entirely unknowing or involuntary. The Tews clearly understood at some level they were giving up their Rule 410 rights. *That* fundamental waiver is what must have been knowing and voluntary, not all of the possible expressions of it. *Krilich*, 159 F.3d at 1026. In any case, this is not a situation where the consequences are so ambiguous as to cause concern. All parties entered the agreements with the same basic intent — to encourage truth-telling by raising the costs of deceit. *United States v. Barrow*, 400 F.3d 109, 117 (2d Cir. 2005) (recognizing a proffer agreement is like a contract that, as an issue of law, must be interpreted to give effect to the intent of the parties.)

Moreover, the defendants raise their challenge in the vaguest of terms, simply

7

asserting that they "contest" the language of the *Mezzanatto* waiver, without describing the actual language they take objection to and without any textual analysis or law. It is too late for the defendants to raise such textual arguments now, and those arguments should be deemed waived.

Moreover, it bears note that their motions effectively launch a broadside attack against the U.S. Attorney's Office itself, by claiming that this Office regularly enters into unconstitutional proffer agreements in its standard proffer agreement language.

Not so. A straightforward reading of the standard proffer language confirms the government's interpretation. Taking the Tews' *Mezzanatto* waivers, statement-by-statement, a clear textual interpretation follows:

**"The government may [] use . . .**

- **"any statements made by your client during the proffer . . . ."**

    - The word "any" makes the waiver absolute. If one statement is contradicted, any statement from the proffer can come in.

- **"either as evidence or for cross-examination"**

    - The government is permitted two opportunities at trial to put on its evidence: (1) in its case-in-chief; and (2) on rebuttal.

    - The proffer language does not limit the waiver to rebuttal, as defendants suggest. In fact, the word "rebuttal" never appears. It is a basic principle of textual analysis that words that do not appear in the text are not read in, especially in the face of a clear reading to the contrary.

    - This interpretation is furthered by the contrasting reference to "or for cross-examination." Obviously, the government cannot cross-examine its own witnesses. If the phrase "as evidence" did not include the government's

8

case-in-chief, this phrase would instead read "either in its rebuttal case or for cross-examination."

- Under the defendants' interpretation, the government would have no means of countering any positions taken by the defendant in contradiction to their proffer statements, unless (1) the defendant himself testified, or (2) otherwise presented an affirmative case for his defense.

- This interpretation leads to absurd results that would essentially eviscerate the consideration provided to the government under the *Mezzanatto* waiver. Effectively the defendants suggest the government has entered into a contract which, through a defendant's careful legal stratagem, would provide no benefit on the other side. As with all contracts, there must be consideration on both sides for the contract to have effect.

- For example, the defendants seem to suggest that what they agreed not to do for themselves can instead be done if performed only through their agents, in the form of contradictory statements in openings, or by raising doubt throughout the government's case-in-chief by means of cross-examination. The defendants' position expects the government to sit on its hands and let such insinuations remain unimpeached and uncontradicted throughout its own entire case-in-chief. This manipulation would perpetrate clear fraud on the jury, and puppeteering of this sort would put every defense counsel in the unenviable position of risking his or her duty of candor to the court.

- **"at trial or any other stage of the criminal prosecution"**

  - The waiver applies at trial; pre-trial proceedings; and at sentencing

- **"if your client later testifies, offers evidence, <u>or presents a position</u> (including through affidavit <u>or in argument</u>) that contradicts statements made by your client during the proffer."**

  - Under rudimentary textual interpretation principles, every phrase in the list of "later testifies," "offers evidence," and "presents a position," must be given meaning. The defense's interpretation — which would allow a defendant

9

to contradict his proffer statements, so long as he did so
only in opening statements or through cross-examination
— would, once again, render the phrases "offers evidence,"
"presents a position," and "in argument" surplusage.

▪ The final words in this phrase make clear that the
*Mezzanatto* waiver is only triggered when a defendant
contradicts their proffer. Otherwise, the government must
adhere to paragraph 2 of the agreement and fully honor
Rule 410's evidentiary exclusions.

The language is clear, and the defendants' arguments should be dismissed on
the merits. Courts have had no hesitation in enforcing legally indistinguishable
language of similar breadth in the exact same way that the government proposes.

To take but one example of a case with similar language to the Tews'
agreements, in *Barrow*, 400 F.3d. at 118, the court examined the phrase "any
evidence" in a challenged *Mezzanatto* waiver. The Second Circuit reasoned that such
language carried "expansive intent," one that extended beyond formally admitted
evidence and which encompassed any "factual assertions" at "any stage of the
prosecution." As a result, the court ruled that "[f]actual assertions made by
defendant's counsel in an opening argument or on cross-examination plainly fall
within this broad language."); *Rebbe*, 314 F.3d at 406 (ruling that, if breached, the
*Mezzanatto* waiver allowed the government "to rebut any evidence, argument or
representations" made by the defendant or on his behalf at trial).

In summary, the Tews' *Mezzanatto* waivers are clear, as is the law applying
them. To quote Judge Easterbrook's explanation:

Evidence is evidence, whether it comes out on direct or
cross-examination. One can "otherwise present" a position through
argument of counsel alone, so it is easy to see how a position can be

10

"presented" by evidence developed on cross-examination and elaborated
by counsel.

*Krilich*, 159 F.3d at 1025-26 (7th Cir. 1998) (affirming use at trial of proffer

statements as a result of defense counsel's cross examination questions).

### IV.   There is nothing unconstitutional about enforcing agreements that prevent the defendants from engaging in deceit.

To be sure the Tews' find themselves in dire circumstances, having boxed

themselves into a corner of their own making. The defendants now pray to this Court

for relief, arguing that they "sign[ed] away" their constitutional trial rights. ECF No.

370. at 7; ECF No. 374 at 203.  Not so. The Tews *can* present their individual defenses

— even those that are inconsistent with the proffers — they just have to confront the

consequences of that choice.

As the Ninth Circuit put when analyzing a similar (though narrower) proffer

agreement, "[the defendant] was still free to make any arguments or ask any

questions he wished to at trial. The only limitation on [the defendant's] right to

present a defense was that if he presented evidence or arguments that were

inconsistent with his proffer statements, the Government could introduce his proffer

statements in rebuttal." *Rebbe*, 314 F.3d at 408; *see also United States v. Velez*, 354

F.3d 190, 196 (2d Cir. 2004) ("Finally, a defendant remains free to present evidence

inconsistent with his proffer statements, with the fair consequence that, if he does,

the Government [is] then ... permitted to present the defendant's own words in

rebuttal. With this avenue open to him, a defendant who has consented to a waiver

provision like the one at issue here has not forfeited his constitutional right to present

11

a defense, to the effective assistance of his counsel, or to a fair trial.") (citation and quotation omitted).

The Tews have this same choice. That it is a difficult one is precisely the point of the parties' agreement.

To be clear, Michael and Kimberley Tew can each present a defense. They are each free to make unfettered opening statements, to reserve their openings for their defense case, or to forego openings entirely. They are free to exercise the wide (though not wholly unfettered) right to cross-examine the government's witnesses as they see fit. They can call their own witnesses, and they can admit their own evidence. They retain the right to testify fully in their own defense. Each will have the opportunity to present a vigorous closing argument. In short, at every stage of the proceeding, they will have precisely the same rights accorded to every other criminal defendant in this country, as they should and as the constitution requires. *Rebbe*, 314 F.2d at 408 (noting that, even in shadow of a proffer agreement, defense counsel can challenge sufficiency of evidence, impeach credibility, challenge knowledge and qualifications of witnesses, challenge inconsistencies in evidence, and ask about witnesses' motives).

The only thing the proffer agreements do here is ensure that the jury will know more about Michael and Kimberley Tew, including that they told a different audience different things on different days. Nothing about this is unconstitutional. *Rebbe*, 314 F.2d at 408 (rejecting as "without merit" similar argument that a proffer agreement deprived defendant of his right to present a defense); *Velez*, 354 F.3d at 190 (rejecting

12

constitutional challenge to proffer agreement with *Mezannato* waiver). It is, instead, exactly the kind of truth-enhancing protocol the public expects of its courts. *United States v. Chaparro*, 181 F. Supp. 2d 323, 324 (S.D.N.Y. 2002) (explaining that there is "no unfairness to [the defendant] in allowing use of his statements during proffer sessions once he has opened the door to their use by his arguments and evidence," because the "design of the [Proffer] Agreement provides any defendant who decides to speak with the Government strong incentives to speak truthfully, and discourages anyone from speaking at all if she intends to lie . . . .").

The Tews inked their proffers to get the benefit of a possible pre-indictment deal. Nothing in that bargain, nor in the constitution, nor in the Tews' vague appeals to "fairness," ECF No. 370 at 2, 5 and 7; ECF No. 374 at 4 and 5, permits the Tews to further delay this case. ECF No. 285 at 17 (transcribing extensive arguments at suppression hearing last summer over use of proffer statements at trial). The fact that such evidence may be prejudicial to their cause — even highly prejudicial — does not mean it should be excluded, practically limited, or deemed unconstitutional. *See* Fed. R. Evid. 403 (excluding only that evidence which is *unfairly* prejudicial).

## V.  PROPOSAL FOR TRIAL PROCEDURES

In order to assist the Court in preparing for the very real possibility that, at some point during trial, this issue will require swift action, the government respectfully suggests the following procedures:

1.   Over the past two days, the government obtained formal court transcripts of the audio recordings of the proffer sessions. They were produced to the defense today, and will be filed under restriction as exhibits by separate filing for the court's benefit. Exhibits 1, 2, and 3.

2. The government will ask to be heard, outside the presence of the jury, if it at any point believes the waivers have been triggered. That will allow the defendants ample opportunity to argue otherwise, if they so desire, and for the Court to rule accordingly.

3. The parties can confer on proposed language to advise the jury of the nature of this evidence and the context from which it comes before playing it for the first time, similar to a *Bruton* instruction.

4. Although the government expects that many of these statements will make the most sense to introduce through the government witness who was present for the proffer sessions, depending on the nature of cross-examination, the government may deem it necessary to counter certain questions more immediately on its re-directs, as is its right. If that occurs, the government will request a sidebar prior to its questioning, and will ask to play only that limited portion of the proffer session at that time, again giving the defendants a chance to make their record.

5. Mindful of Rules 102 and 403, the government intends to use as its primary guideposts the rules for impeachment evidence laid out in Rules 607 and 608. Although these are the defendants' confessions, and powerful evidence in support of the prosecution's case, at no time will the government abuse this process. Akin to the *James* statements, the government promises to use this evidence (if it even becomes necessary to do so) in a fair and measured manner, albeit one that also seeks to satisfy its high burden of proof.

6. The government proposes that these procedures be discussed at the final pretrial conference, scheduled for January 30. If that timing is insufficient, the government is supportive of a separate hearing to specifically address these procedures. The government contests, however, setting such a hearing in a manner that would delay the trial.

## CONCLUSION

The defendants effectively ask this court to reward a form of deceit. In the alternative, they request immediate gratification for that deceit in the form of yet another delay of this trial. They should not be so rewarded.

The Court should endorse the truth seeking function of the trial process. To do

that, the Court should strictly enforce defendants' Mezzanatto waivers; deny the motions; and open this trial, as scheduled, on February 5. The interests of justice call for no less.

COLE FINEGAN
United States Attorney

By:     */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:     */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

*/s/ Bryan Fields*
Bryan Fields

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

**1. MICHAEL AARON TEW and**
2. **KIMBERLEY ANN TEW**,
   a/ka Kimberley Vertanen,

   Defendants.

---

## GOVERNMENT'S MOTION TO RESTRICT EXHIBITS

---

The United States of America, by and through Cole Finegan, United States
Attorney for the District of Colorado, and Bryan D. Fields and Sarah H. Weiss,
Assistant United States Attorneys, respectfully moves to restrict the document filed
at ECF No. 394, any order revealing the contents of that document, and the brief filed
in support of this motion filed at ECF No. 395, for the reasons stated in the brief filed
in support of this motion.

The United States requests a "Level 2" restriction. Pursuant to
D.C.COLO.LCrR 47.1(b), "Level 2" restriction would make the document, any order
revealing the contents of that document, and the brief filed in support of this motion
accessible to the government, the affected defendant, and the Court.

1

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:     */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:     */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Sarah H. Weiss*
Sarah H. Weiss

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case its granting would necessarily involve the court making the necessary findings of fact to exclude time and denial will keep the case on track to be tried on February 5, 2024, within the calculated speedy trial deadline.

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

_s/ Sarah H. Weiss_
United States Attorney's Office
Assistant U.S. Attorney

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

　　　　Plaintiff,

v.

　　　1. **MICHAEL AARON TEW and**
　　　2. **KIMBERLEY ANN TEW**,
　　　　a/ka Kimberley Vertanen,

　　　　Defendants.

---

## GOVERNMENT'S MOTION TO RESTRICT EXHIBITS

---

　　　　This matter is before the Court on the Government's Motion to Restrict ECF Nos. 394 and 395.  Upon consideration and for good cause shown,

　　　　IT IS ORDERED that said Document (ECF No. 394), the Brief in Support of Motion to Restrict Document (ECF No. 395), as well as any order revealing the contents of those documents, are hereby restricted until further order by the Court.

　　　　IT IS ORDERED that said Document (Doc. 394), the Brief in Support of Motion to Restrict (Doc. 395), as well as any order revealing the contents of that document, pursuant to D.C.COLO.LCrR 47.1(b) are hereby at a "Level 2 Restriction" and will be "Viewable by Selected Parties & Court" only.

　　　　IT IS SO ORDERED on this 　　　 day of _____, 2023.

1

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:    */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:    */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Sarah H. Weiss*
Sarah H. Weiss

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case its granting would necessarily involve the court making the necessary findings of fact to exclude time and denial will keep the case on track to be tried on February 5, 2024, within the calculated speedy trial deadline.

2

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 26th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.


                                *s/ Sarah H. Weiss*
                                United States Attorney's Office
                                Assistant U.S. Attorney

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

      Defendant.

---

**Motion to Exclude Testimony Regarding the Reasons for Michael Tew's**
**Termination from NAC as Proposed in the *Government's Trial Brief* (ECF 379)**

---

Defendant Kimberley Tew, through undersigned counsel requests this court exclude the testimony sought to be introduced by the government in their trial brief and as grounds states the following:

On January 24, 2024, the *Government's Trial Brief* (ECF 379) was filed. Section IV discussed the Government's intent to introduce evidence related to the reasons Michael Tew was terminated from National Air Cargo ("NAC") and stated the Government's belief that such evidence is *res gestae* of the charged offenses. The Government further requested that introduction of Ms. Tew's "extracurricular hobbies" be allowed to the extent they were a "motivating factor in this fraud." (ECF No. 379 at 4.) No further description of the reasons for termination, nor the hobbies or their relevance, was provided in the pleading.

The line between evidence that is *res gestae* and that which must be analyzed under Rule 404(b) is not always bright. *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). Indeed, this lack of clarity led the Colorado Supreme Court to recently declare an end to *res gestae* in the state court system and demand the government give notice of all extrinsic evidence under Rule 404(b). *Rojas v. People*, 504 P.3d 296 (Colo. 2022).

Neither the court nor the defendant are bound by the government's conclusion that the proffered evidence is *res gestae*. At this point, the defense lacks sufficient information about what precisely the Government intends to admit about Mr. Tew's termination and Ms. Tew's gambling to fully analyze whether the evidence is intrinsic or extrinsic to the charged crimes. While the jury may need to be informed of certain limited facts related to Mr. Tew's termination—such as when Mr. Tew was terminated by the company—the circumstances of that termination are not intrinsic to the crimes charged. And whether Mrs. Tew was involved in any of the events that led to her husband's termination may certainly be extrinsic.

The purpose of the pretrial notice required by the Court's February 10, 2021 *Discovery Conference Memorandum and Order* is to require the Government to explain the other acts evidence it seeks to admit so Rule 404(b) factors can be considered. *See Huddleston v. United States*, 485, U.S. 681, 691 (1988); *United States v. Parker* 553 F.3d 1309 (10th Cir. 2009) (Rule 404(b) requires a court to consider whether 1) the evidence is offered for a proper purpose, 2) the evidence is relevant, 3) the probative value of the

evidence is substantially outweighed by its prejudicial effect, and 4) whether a limiting instruction is given if the defendant so requests). Because the Government did not comply with the notice requirement and has only stated generally that it seeks to admit evidence of Ms. Tew's gambling and the circumstances of Mr. Tew's termination, the parties and the Court lack sufficient evidence to analyze whether the proffered evidence is *res gestae* or subject to a Rule 404(b) analysis.

WHEREFORE, it is requested that the government be required to provide greater specificity regarding the evidence it seeks to introduce and a hearing to determine its admissibility.

January 29, 2024.

Respectfully submitted,

*s/ David S. Kaplan*
Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

3

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

*s/ David S. Kaplan*
David S. Kaplan

4

## Certificate of Service

I certify that on January 29, 2024 I electronically filed the foregoing *Motion to Exclude Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief (ECF 379)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

s/ Brenda Rodriguez
Brenda Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL AARON TEW,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

     Defendants.

---

## ORDER DENYING MOTION TO CONTINUE

---

Before the court is Defendant Kimberley Tew's motion to continue the trial date in this case by ninety days and to exclude that period of delay when computing the time within which her trial must commence under the Speedy Trial Act. Doc. 374. For the following reasons, the court finds that Ms. Tew has not shown that continuance is warranted, and the motion is denied.

## PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. On February 3, 2021, an indictment was handed down as to all defendants, including Mr. and Ms. Tew.

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Ms. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February

- 1 -

11, 2021, the court entered an order setting trial to commence on April 19, 2021. Doc. 101. The court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial (Doc. 101) and shortly thereafter excluded another 180 days for an Ends of Justice Continuance. Doc. 116. Defendants subsequently filed motions to exclude twelve months, ninety days, ninety days, and one hundred and eighty days from this time calculation, which the court granted. Docs. 143, 149, 165, 174, 165, 174, 193. On December 28, 2022, Mr. and Ms. Tew moved for the appointment of separate counsel, (Doc. 288), which the court granted. Doc. 289. Mr. Tew's current primary counsel entered his appearance on January 31, 2023, and Ms. Tew's current primary counsel entered his appearance on January 3, 2023. Docs. 290, 308.

On March 13, 2023, Ms. Tew filed another motion to continue, asking that the court exclude sufficient time "to allow for the scheduling of trial in February of 2024." Doc. 315 at 4. The court granted that motion on March 17, 2023, excluded 329 days from the computation of Ms. Tew's Speedy Trial Act time, and set trial to commence on February 5, 2024. Doc. 317. Ms. Tew filed the instant motion on January 24, 2024—12 days before trial is set to commence and months after the motions deadline. *See* Doc. 336 (motion requesting extension of motions deadlines); Doc. 338 (order extending motions deadline to October 13, 2023); Doc. 374 (Ms. Tew's motion to continue).

## APPLICABLE LAW

When evaluating a request to continue a trial, the court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and

the court resulting from the continuance; and (4) the need asserted for
the continuance and the harm that the party requesting it might suffer
if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470
(10th Cir. 1987). No single factor is determinative, and the weight given
to any one factor may vary depending on the extent of the showing on
the others. *Id.* However, "by far the most important factor to consider"
is the requesting party's need for a continuance and the prejudice result-
ing from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act require-
ments, the court may exclude from the statutory time period within
which the Defendants' trial must commence "[a]ny period of delay re-
sulting from a continuance granted . . . on the basis of [the court's] find-
ings that the ends of justice served by taking such action outweigh the
best interest of the public and the defendant in a speedy trial." 18 U.S.C.
§ 3161(h)(7)(A). In order to exclude the period resulting from such a con-
tinuance, the court must set forth in the record its reasons for finding
that the ends of justice served by granting the continuance outweigh the
best interests of the public and the defendant in a speedy trial, consid-
ering the following factors:

> (i) Whether the failure to grant such a continuance in the
> proceeding would be likely to make a continuation of such
> proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to
> the number of defendants, the nature of the prosecution, or
> the existence of novel questions of fact or law, that it is un-
> reasonable to expect adequate preparation for pretrial pro-
> ceedings or for the trial itself within the time limits estab-
> lished by this section.

> . . . .

> (iv) Whether the failure to grant such a continuance in a
> case which, taken as a whole, is not so unusual or so

> complex as to fall within clause (ii), would deny the defend-
> ant reasonable time to obtain counsel, would unreasonably
> deny the defendant or the Government continuity of coun-
> sel, or would deny counsel for the defendant or the attorney
> for the Government the reasonable time necessary for ef-
> fective preparation, taking into account the exercise of due
> diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Ms. Tew's counsel requests a continuance because he states that he needs more time to evaluate certain data relating to an iCloud account attributed to both Mr. and Ms. Tew. Doc. 374 at 1-3. Ms. Tew's counsel suggests that he might consider retaining an expert for "assistance to efficiently and competently evaluate the amount of dat[a] to be re-viewed." *Id.* at 3.

The court finds that the *West* factors do not support granting a con-tinuance. First, this purported issue has not been addressed diligently. As the government notes, Ms. Tew presumably had access to this ac-count even before the start of this case nearly four years ago. Even once this case started, the government specifically raised this issue at least as early as the filing of its *James* log on December 5, 2023 (pursuant to a delayed briefing schedule that the parties jointly sought, Docs. 339, 340). The government also provided courtesy copies of all relevant text messages on December 14, 2023 ahead of the *James* hearing. Prior to and at the *James* hearing, neither defendant raised any specific issue about attribution of the "Kley" iCloud account. And even when the gov-ernment contemporaneously moved *in limine* to admit these messages, Doc. 345, Ms. Tew did not raise any such specific objection.

Second, Ms. Tew has not shown that a three-month continuance would accomplish any purported need for the continuance. Ms. Tew suggests that there may be issues of attribution because Mr. and Ms. Tew may have both used this account to communicate with others. Perhaps, but it is not explained how expert assistance would aid in teasing out who (between Mr. and Ms. Tew) authored certain messages, assuming they both had access to the account, or why such efforts could not be (or have been) accomplished without a continuance. Ms. Tew will be able to attack the reliability of these text messages even though a large majority of them likely will be admitted, all as discussed in the court's orders regarding co-conspirator statements and authentication. Docs. 361 and 367.

Third, a delay at this late hour would cause significant prejudice to the court, the government, and many third-party witnesses who are scheduled to give testimony next week and the week after. And Ms. Tew has not adequately explained why this request could not have been made sooner, particularly where it appears that counsel noticed this issue prior to the *James* hearing.

Fourth, Ms. Tew has not shown how she would suffer meaningful—let alone material—prejudice absent a continuance here. *See United States v. Pursley*, 577 F.3d 1204, 1228-29 (10th Cir. 2009). As discussed above, the court sees little benefit from enlisting expert assistance to evaluate who, between Mr. and Ms. Tew, sent certain messages from one account in this case. As the government notes, the wider issues surrounding this account have largely been litigated and resolved by the court's two orders on co-conspirator statements and authentication issues, Docs. 361 and 367. This issue also does not implicate the vast majority of the evidence and arguments that the court anticipates will be

presented at trial. And even as to this particular iCloud account, Ms. Tew will have ample opportunity to attack this evidence at trial.

Therefore, after careful consideration of the *West* factors, the court finds that Ms. Tew has not shown that a continuance is warranted. *See United States v. Orr*, 692 F.3d 1079, 1101 (10th Cir. 2012) (affirming denial of motion for continuance where defendant claimed that trying the case had become "complex" due to alleged "late-developing changes").

## CONCLUSION

Ms. Tew's Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days, **Doc. 374**, is **DENIED**. The trial will proceed on February 5, 2024, as scheduled.

DATED: January 31, 2024        BY THE COURT:

Daniel D. Domenico
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE DANIEL D. DOMENICO**

---

Date:                January 30, 2024          Prob./Pret.:  N/A
Courtroom Deputy:  Robert R. Keech              Interpreter:   N/A
Court Reporter:    Tammy Hoffschildt

---

Criminal Case No. **1:20-cr-00305-DDD**          Counsel:

UNITED STATES OF AMERICA,                        Bryan D. Fields
                                                 Sarah H. Weiss

                 Plaintiff,

v.

1. MICHAEL AARON TEW;                            Jason D. Schall
and                                              Kristen M. Frost
2. KIMBERLY ANN TEW,                             David S. Kaplan
                                                 Jamie H. Hubbard

                 Defendants.

---

## COURTROOM MINUTES

---

**TRIAL PREPARATION CONFERENCE**

**1:38 p.m.     Court in session.** Defendants present, on bond.

Appearances of counsel.

[374] Defendant Kimberly Ann Tew's Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days is raised for argument.

Argument by Mr. Kaplan, Mr. Schall, and Mr. Fields.

1

**ORDERED:** [374] Defendant Kimberly Ann Tew's Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days is **TAKEN UNDER ADVISMENT.**

Court outlines protocol for jury selection, use of strike sheet for peremptory challenges, and schedule for trial.

**ORDERED:** Government will be allowed **twenty (20) minutes for voir dire** and each defendant will be allowed **ten (10) minutes for voir dire.**

**ORDERED:** Each side will be allowed **ninety (90) minutes** total for opening statements and closing arguments.

**ORDERED:** If Defendants have electronic exhibits, they should be submitted to the Court by **Friday, February 2, 2024.**

Discussion regarding preliminary jury instructions and language from the Indictment back to the jury.

Discussion regarding sequestration of witnesses.

**ORDERED:** Witnesses shall be sequestered for the duration of the trial.

Discussion regarding designating advisory witness and use of summary exhibits at trial.

**ORDERED:** Counsel shall agree on a time each day to inform the other side about exhibits to be used the next day in trial.

[373] Defendant Kimberly Ann Tew's Motion in Limine re Admissibility of Proffer Statements and [370] Defendant Michael Aaron Tew's Motion in Limine to Prohibit the Impermissible and Unconstitutional Use of Proffer Agreements are raised for argument.

Argument by Ms. Hubbard and Ms. Weiss.

**3:05 p.m.** **Court in recess.**

**3:18 p.m.** **Court in session.**

Argument by Ms. Hubbard, Mr. Schall, and Ms. Weiss.

2

**ORDERED:** [370] Defendant Michael Aaron Tew's Motion in Limine to Prohibit the Impermissible and Unconstitutional Use of Proffer Agreements is **TAKEN UNDER ADVISEMENT.**

**ORDERED:** [373] Defendant Kimberly Ann Tew's Motion in Limine re Admissibility of Proffer Statements is **TAKEN UNDER ADVISEMENT.**

[399] Defendant Kimberly Ann Tew's Motion to Exclude Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief is raised for argument.

Argument by Mr. Kaplan, Ms. Weiss, and Mr. Kaplan.

**ORDERED:** [399] Defendant Kimberly Ann Tew's Motion to Exclude Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief is **TAKEN UNDER ADVISEMENT.**

Discussion and argument regarding trial logistics related to witnesses testifying about interpretations of text messages and the use of bolding and highlighting of demonstrative exhibits.

Discussion and argument regarding possible use of suppression hearing testimony.

Discussion and argument on the issue of duress and additional exhibits (989 and 990) as part of the James proffer.

Court further outlines procedure for voir dire and jury selection.

Discussion related to whether coffee is allowed, types of water containers allowed in courtroom, and a scheduling conflict Ms. Frost has on Tuesday, February 6, 2024.

**ORDERED:** Bond is **CONTINUED** as to Defendants Michael Aaron Tew and Kimberly Ann Tew.

**4:38 p.m.** **Court in Recess. <u>HEARING CONCLUDED.   TOTAL TIME: 2:47</u>**

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW**,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

     Defendants.

---

**ORDER REGARDING MOTIONS IN LIMINE AND PRE-TRIAL
ISSUES**

---

The court held a Trial Preparation Conference in this case on Tuesday, January 30, 2024. At the conference, the Court provided several presumptive orders on pre-trial issues from the bench. This written order memorializes those orders and clarifies a few remaining issues. If there is any conflict between the Court's oral orders made at the Trial Preparation Conference and this written order, this written order will control.

## I. Admissibility of Proffer Statements

Mr. and Ms. Tew challenge the admissibility of statements they made in proffers to the government in 2020. Docs. 370, 373.

The relevant language in the proffer agreements (styled as letters to defense counsel) reads as follows:

The government may also use any statements made by your client during the proffer either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

Docs. 370-1 at 2, 373-1 at 2.

As noted at the conference, there is nothing inherently unconstitutional about even more extensive waivers to Rule 410's general excludability of plea-bargaining discussions. *See United States v. Mitchell*, 633 F.3d 997, 999 (10th Cir. 2011) (allowing government to introduce proffer statements in its case-in-chief based on broader waiver agreement). Defendants' more generic arguments that such a waiver *per se* violates their Fifth and Sixth Amendment rights, therefore, are unpersuasive.

Nor have the defendants[1] met their burden to show that their entry into these agreements was not knowing and voluntary. *U.S. v. Smith*, 770 F.3d 628, 638 (7th Cir. 2014) (defense has burden to show waiver not voluntary and knowing and citing *Mezzanato*, 513 U.S. at 210); *U.S. v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013) (holding similarly). While Ms. Tew has made vague assertions that her agreement was not entered into "knowingly," it became clear at the conference that this was actually a dispute about the scope of the agreement's terms. Because these agreements are treated as contracts, the court sees no reason to hold an evidentiary hearing to interpret their scope, and Ms. Tew has provided no specific authority for doing so here.

---

[1] It appears that only Ms. Tew raises such an argument.

As to scope, the government appears to take a very expansive reading of this waiver, suggesting that counsel—through argument or cross-examination questions—may trigger the waiver in many ways, all as discussed at the conference. On the other end, defendants say that *nothing* counsel does can trigger this waiver and that only testimony from one of the defendants could trigger the waiver.

Neither position is quite correct. It is true that most of the cases cited by the government focus on impeachment though contrary statements made by defendants themselves (*Mezzanato*) or introduction of contradictory evidence (*Krilich*). But the defendants' view that no attorney argument could trigger the waiver provision is not a fair reading of the waiver agreement (particularly its reference to taking a position or presenting an argument, which are generally things that a client does through an attorney). The government's apparent reading, on the other hand, seeks too much and may preclude the defendants from attacking the sufficiency of the evidence presented and putting the government to its burden of proving their guilt without allowing the proffer statements into evidence. *See United States v. Oluwanisola*, 605 F.3d 124, 133 (2d Cir. 2010) (vacating guilty verdict where court allowed proffer statements into evidence based on similar waiver agreement after defense counsel challenged witness's credibility and presented opening argument challenging the sufficiency of the evidence).[2]

---

[2] As an initial matter, the government has cited no Tenth Circuit authority on a sufficiently similar waiver provision. As discussed above, *Mitchell* addressed a much broader waiver that included no similar "trigger" provision and instead amounted to a flat waiver of objecting to the entire proffer being admitted if the defendant withdrew his guilty plea. 633 F.3d at 999. *United States v. Jim* dealt with a similarly broad waiver that does not match the facts at issue here. 786 F.3d 801, 806 (10th Cir. 2015).

The government relies on *United States v. Krilich* for the proposition that an attorney's cross-examination of a government witness can amount to "taking a position" contrary to proffer testimony, therefore invoking a similar waiver to the one seen here. 159 F.3d 1020, 1024-25 (7th Cir. 1998). As noted above, the court agrees, as a general principle, that cross-examination alone *could* trigger the waiver at issue here. But the devil is in the details. The waiver should not be implicated lightly; instead, the proffer statements should only come into evidence if counsel elicits a specific, direct, factual contradiction by a witness of what was said in the proffers. *See id.* at 1025 (noting that the prosecutor's position was "as unrealistic as" the defendant's but affirming inclusion of the proffer statements where defense counsel elicited a specific, contradictory factual statement from a witness).

Indeed, the *Krilich* court held that, "statements are inconsistent only if the truth of one implies the falsity of the other" and provided several examples of both consistent and inconsistent statements. *Id.* at 1025-26. Those examples are useful and should serve as a general guide for the parties during trial on what may and what may not trigger admission of certain proffer statements. And the *Krilich* court's reasoning and examples match closely with the reasoning and examples provided in *Oluwanisola. See* 605 F.3d at 133 (noting, as an example, that "there is no inconsistency or contradiction between a defendant's admission that he robbed the bank and his challenge to a witness's testimony that the witness saw the defendant rob the bank and recognizes the defendant.").

Given this, the court will adhere to a few principles in policing this issue at trial. First, the most likely reason that proffer statements would be admitted would be if either defendant testifies and makes a

- 4 -

statement contrary to either of their proffers. Second, as a general mat-
ter, attorney argument or questioning could trigger the waiver provision
here if it clearly seeks to introduce evidence that is contrary to the prof-
fer statements. But in gray areas, the court will view the scope of this
waiver narrowly in the context of argument or questioning by attorneys,
particularly for purposes of opening and closing arguments. As dis-
cussed in *Krilich* and *Oluwanisola*, any contradictions here must be spe-
cific, fact-based, and truly inconsistent. Merely questioning a witness's
credibility or perception of certain events, attacking the sufficiency of
the evidence, or more generally claiming innocence (even on an element-
by-element basis) will not trigger the waiver provision. *See Oluwanisola*,
605 F.3d at 132 (holding that defense counsel should have been able to
reference certain elements and attack the sufficiency of the evidence as
to those elements in opening statement without triggering proffer
waiver provision).

In this case like every other, counsel, of course, may not make mate-
rially false statements of fact or law or offer evidence that they know to
be false. Colo. Rules of Professional Conduct 3.3. Adhering to this ethical
boundary seems likely to eliminate much of the possibility that defend-
ants' counsel might introduce evidence or argument contradicted by
their own clients' sworn proffer statements. Arguing that their clients
are not guilty or that the government's evidence does not prove particu-
lar facts or elements of the charges is well on the safe side of both this
ethical rule and the proffer agreement. But eliciting truly inconsistent
factual statements from a witness, or making arguments that are known
to be false, will open the door to admitting contradictory statements
made during the proffers.

Given all this, Defendants' motions, **Docs. 370 and 373**, are
**GRANTED IN PART** and **DENIED IN PART** as outlined above.

## II.     Admissibility of Business Records

At the conference, the government sought a more final ruling on its
motion in limine regarding business records. *See* Docs. 344 (motion in
limine), 367 (order granting in part and denying in part that motion). As
outlined in the court's order on that motion, bank and subscriber records
that are accompanied by an appropriate custodial declaration are ad-
missible. The court gave the defendants an opportunity to object to the
authentication of those records on or before January 29, and neither de-
fendant did. *See* Doc. 378 (government's filing of custodian declarations).
The court therefore will admit those records as non-hearsay business
records barring some other evidentiary objection not implicating hear-
say or authentication, such as Rule 403, all subject to the caveats out-
lined in the prior order (including as to Cellebrite exhibits). *See* Doc. 367.

## III.     Motion in Limine Regarding Mr. Tew's Firing

Ms. Tew filed a motion in limine to exclude the basis for Mr. Tew's
firing from NAC. As discussed at the conference, this issue also seemed
to implicate Ms. Tew's gambling and her use of Mr. Tew's company
credit card.

As discussed at the conference, the court finds that this evidence, as
a general matter, is intrinsic to the alleged fraud and therefore not ex-
cludable under Rule 404(b) and otherwise will be admissible to prove
motive. *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015).
There may be some outliers, and some of this evidence could conceivably
run afoul of Rule 403, particularly if it becomes cumulative. The govern-
ment stated that it would not venture too far afield with this evidence,
and the court will hold the government to that.

Ms. Tew's motion, **Doc. 399**, is therefore **DENIED**.

- 6 -

## IV.    Redactions to the Indictment

Mr. Tew argues that references to the term "fraudulently" should be removed from the indictment if it is given to the jurors. As discussed at the conference, the court's instructions regarding the indictment will reiterate that it is not evidence and cannot form the basis of a guilty verdict. In any event, the references to fraudulent behavior derives from the criminal statutes themselves and is not improper. Mr. Tew's request therefore will be denied, and the indictment will be provided to the jurors in the form it was handed down.

## V.    The Government's Rule 1006 Exhibits

As addressed at the conference, the court will evaluate the government's exhibits on a case-by-case basis to ensure that they meet Rule 1006's requirements. But as to presentation in the courtroom, the government generally will be free to use highlighting and zoom tools when presenting exhibits on monitors displayed to the jury, regardless of the testifying witness or their affiliation with the government. *See* Rule 611.

Also, as discussed at the conference, the parties must confer each night prior to the next day of trial and share proposed exhibits (except for exhibits used solely for impeachment) and demonstratives intended to be used the next day. The court suggests conferring and sharing exhibits and demonstratives by 7 p.m. each evening but leaves the exact timing up to the parties.

## VI.    "Overview" or "Summary" Evidence and the Admission of Co-Conspirator Statements

The court will not allow government witnesses to provide *improper* "overview" evidence as outlined in *United States v. Brooks*, 736 F.3d 921,

930-33 (10th Cir. 2013) (rejecting arguments that certain testimony was improper "overview" evidence regarding conspiracy).

But the court will allow government witnesses, such as Ms. Palmer, to read, for example, co-conspirator text or email messages that have been admitted into evidence, generally consistent with how testimony was elicited at the *James* hearing. The court will limit government agents from improperly "opining" on such messages or providing "spin" on them. *See Brooks*, 736 F.3d at 930. But such witnesses may provide context such as that necessary to lay a foundation or, perhaps, to authenticate certain exhibits, like Cellebrite reports.

## VII. Use of Suppression Hearing "Testimony" on Cross-Examination of Defendants

The government seeks to use "testimony" from the suppression hearing to impeach either defendant if they testify at trial. The government acknowledges that the Tenth Circuit has not necessarily blessed such a maneuver, although other circuits may have. In any event, this alleged "testimony" appears to be representations made by prior defense counsel of what defendants *would* say at the hearing if called to testify. *See* Doc. 226 at 7-16. Particularly because the court did not rule on the specific argument that the proposed testimony sought to support, Doc. 262 at 9, the court fails to see how impeaching defendants with this material would be appropriate. But if the defendants testify and make statements contrary to prior counsel's representations, the government may re-raise this issue at that time.

## VIII. Evidence of Duress and a Duress Instruction

The government seeks to preclude the defendants from "presenting" a "factually baseless" duress defense related to Ms. Tew's gambling or cryptocurrency activities. *See* Doc. 379 at 3-4. At the conference, the

- 8 -

government seemed to be arguing more narrowly that a duress instruction should not be given to the jury.

The Tenth Circuit recognizes duress as a defense and has a pattern instruction for it. *United States v. Dixon*, 901 F.3d 1170, 1176 (10th Cir. 2018). But to obtain such an instruction, the defendant must make a "threshold showing" of duress as to each element of the defense. *Id.* at 1177. As a general matter, the court will not exclude relevant evidence that might bear on this defense, if it exists, particularly where the government seeks to introduce related evidence of gambling and alleged cryptocurrency scams. And if either defendant seeks to put this defense to the jury, the court will evaluate whether they have made a sufficient showing to warrant a duress instruction prior to reciting the final instructions.

## IX.    Additional Co-Conspirator Statement Issues

As discussed at the conference, the government seeks to admit *James* log entry #37, which the court previously excluded. Upon reconsideration, the court finds that the martial privilege does not preclude admission of that conversation and that the message was in furtherance of a conspiracy for purposes of Rule 801(d)(2)(E). As to the other two messages or statements not addressed at the *James* hearing, the court will evaluate those statements at trial before admitting them. And the court reiterates that the government must warn the court and the defendants

prior to seeking to admit these statements, preferably in the morning prior to the arrival of the jury on the relevant day.

DATED: February 1, 2024          BY THE COURT:

Daniel D. Domenico
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

 1. **MICHAEL AARON TEW, and**
 2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

 Defendants.

---

## GOVERNMENT'S UNOPPOSED MOTION TO OBTAIN TESTIMONY VIA LIVE CONTEMPORANEOUS VIDEO CONFERENCE

---

 The government respectfully moves the court for an order permitting a representative from Fidelity Information Services LLC to testify during the trial via live videoconferencing from a U.S.-based corporate office. Defense counsel have no objection to the motion.

 1. Fidelity Information Services LLC (FIS) was a vendor providing financial technology services to Signature Bank between 2018 and 2020. As such, custodians of records at FIS are familiar with the interstate nature of the electronic wires used to send the financial transactions listed in the Indictment.

 2. The Federal Rules of Criminal Procedure are silent on whether it is permissible to take live testimony by video during a trial. However, Federal Rule of Criminal Procedure 57 allows the Court to draw from mirror practices authorized by the Federal Rules of Civil Procedure. Fed. R. Crim. P. 57(b) (authorizing judges

1

to regulate practice so long as it is otherwise consistent with other sources of law); see Fed. R. Crim. P. 2 (advising that the rules should be interpreted to provide for just outcomes, fair administration, and unnecessary expense and delay). The civil rules explicitly authorize the televised presentation of testimony in compelling circumstances and when good cause is shown. Fed. R. Civ. P. 43.

3.    The issue then, is not whether a rule permits the procedure. The issue is whether such a thing is permitted in a criminal case where "accused shall enjoy the right. . . to be confronted with the witness against him." U.S. Const. amend. VI. The key case here is *Maryland v. Craig*, 497 U.S. 836 (1990). In that case, the Supreme Court upheld the trial court's use of a one-way live video feed that allowed the defendant to see the child witness, but that allowed the child witness to testify in a separate room without seeing the defendant.   To reach that conclusion, the Court reasoned that Sixth Amendment rights are not absolute and must sometimes give way where (1) necessary to further an important public policy and (2) whether the reliability of the testimony is otherwise assured." *Id.* at 850.

4.    The procedure proposed here satisfies the *Craig* standard.

a.    The testimony hear furthers the important public policy interest's attendant to judicial resolution of cases implicating the interstate banking system.

b.    The reliability of the testimony here is even greater than it was in *Craig*. First, video conferencing technology has advanced by wild leaps in the past thirty years. This Court, no less than every other federal district court in the

<div align="center">2</div>

country, has extensive experience using video conferencing technology to avoid substantial disruptions to the administration of justice that would otherwise have occurred because of COVID-19. Lawyers are used to the technology, IT professionals are more adept at fixing problems, and jurors themselves are likely to be familiar with listening and interacting with others through video conferencing. Second, the video here is two-way, rather than one way. The procedures here would preserve all elements of the confrontation right, including the ability of the defendants, the judge and the jury to view the witness's demeanor, the ability of the defendant to provide information to his counsel during the examinations, and the ability for objections to be ruled upon contemporaneously.

5.    The testimony here is important for the jury's consideration of the matter because the interstate nature of the transactions is an element of the crime.

For all of these reasons, and because the defendants have no objection to this procedure, the government respectfully asks for an order permitting the testimony. If granted, the government will work with defense counsel and Court staff to

develop a logistical plan that will ensure, to the greatest extent possible, the smooth
and expeditious taking of testimony during the trial.

<div align="center">

COLE FINEGAN
United States Attorney

</div>

By:    */s/ Bryan Fields*           By:    */s/ Sarah H. Weiss*
Bryan Fields                         Sarah H. Weiss
Assistant United States Attorney     Assistant United States Attorney
U.S. Attorney's Office               U.S. Attorney's Office
1801 California St. Suite 1600       1801 California St. Suite 1600
Denver, CO 80202                     Denver, CO 80202
(303) 454-0100                       (303) 454-0100
Bryan.Fields3@usdoj.gov              Sarah.Weiss@usdoj.gov
Attorney for the Government          Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

*/s/ Bryan Fields*
Bryan Fields

<div align="center">

4

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

<u>*s/ Bryan David Fields*</u>
United States Attorney's Office

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Richard Kent Kornfeld (admin@rklawpc.com, erin@rklawpc.com,
kate@rklawpc.com, rick@rklawpc.com), Sarah Hunter Weiss (caseview.ecf@usdoj.gov,
maggie.grenvik@usdoj.gov, sarah.weiss@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Eric S. Galler (egaller@gcorplaw.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, usaco.ecfcriminal@usdoj.gov), David
Scott Kaplan (hickam@slhlegal.com, kaplan@slhlegal.com, rodriguez@slhlegal.com), Kristen
M. Frost (frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com), Lisa Marie
Saccomano (lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com), Nancy Lin Cohen
(cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com,
nancy@cohenblacklaw.com), Jason Dale Schall (jason@bowsch.com, jasondschall@yahoo.com),
Jamie Hughes Hubbard (hickam@slhlegal.com, hubbard@slhlegal.com, rodriguez@slhlegal.com),
Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: clinde (colin_linde@cod.uscourts.gov), dddlc6
(theodore_furchtgott@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov), dddlc3
(brian_jacobsmeyer@cod.uscourts.gov), Linda A. McMahan (maureen.carle@usdoj.gov), dddlc5
(elsa_dodds@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
scott.scherfling@usdoj.gov, sike.bennett@usdoj.gov, triana.luce@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:9534222@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/2/2024 at 4:02 PM MST and filed on 2/2/2024

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 406(No document attached) |

**Docket Text:**
**Order GRANTING [405] Unopposed Motion to Obtain Testimony Via Live Contemporaneous Video Conference. The government is cautioned, however, that it bears the risk of any technology malfunctions, whether on the Court's end or the witness's end. SO ORDERED by Judge Daniel D. Domenico on 2/2/2024. Text Only Entry (dddlc3, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Nancy Lin Cohen    nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan      kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld      rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost      frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall      jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard      hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields      bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss      sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano      lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler      egaller@gcorplaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Nancy Lin Cohen      nancy@cohenblacklaw.com, cbfile@cohenblacklaw.com, ilana@cohenblacklaw.com, mary@cohenblacklaw.com

David Scott Kaplan      kaplan@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Richard Kent Kornfeld      rick@rklawpc.com, admin@rklawpc.com, erin@rklawpc.com, kate@rklawpc.com

Kristen M. Frost      frost@ridleylaw.com, grant@ridleylaw.com, mckinley@ridleylaw.com

Jason Dale Schall      jason@bowsch.com, jasondschall@yahoo.com

Jamie Hughes Hubbard      hubbard@slhlegal.com, hickam@slhlegal.com, rodriguez@slhlegal.com

Bryan David Fields      bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Sarah Hunter Weiss      sarah.weiss@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCivil@usdoj.gov, maggie.grenvik@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Lisa Marie Saccomano      lisa.saccomano@kutakrock.com, trina.rioux@kutakrock.com

Michael John Tallon (Terminated)      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Eric S. Galler      egaller@gcorplaw.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1. **MICHAEL AARON TEW** and
    2. **KIMBERLEY ANN TEW**,
      a/ka Kimberley Vertanen,

    Defendants.

---

## GOVERNMENT'S LIST OF PROPOSED WITNESSES

     The government hereby submits its final list of proposed witnesses, along with estimates of the length of their testimony on direct examination. The government intends to call them in the order listed, with leave to vary as trial demands dictate. The government has consulted with defense counsel, who provided the listed estimates for the length of cross-examination.

     Respectfully submitted this 2nd day of February, 2024.

                                COLE FINEGAN
                                United States Attorney

By:    */s/ Bryan Fields*           By:    */s/ Sarah H. Weiss*
Bryan Fields                             Sarah H. Weiss
Assistant United States Attorney     Assistant United States Attorney
U.S. Attorney's Office                 U.S. Attorney's Office
1801 California St. Suite 1600       1801 California St. Suite 1600
Denver, CO 80202                   Denver, CO 80202
(303) 454-0100                     (303) 454-0100

1

Bryan.Fields3@usdoj.gov
Attorney for the Government

Sarah.Weiss@usdoj.gov
Attorney for the Government

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2024, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification to all counsel of record

By:   /s Bryan Fields
      Bryan Fields
      Assistant United States
      Attorney
      U.S. Attorney's Office
      1801 California St. Suite 1600
      Denver, CO 80202
      (303) 454-0100
      Bryan.Fields3@usdoj.gov
      Attorney for the Government

3

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Judge Daniel D. Domenico**

Case No.    20-cr-305-DDD          Date:    February 5, 2024

Case Title:    *United States v. Michael Tew et al.*

GOVERNMENT'S                WITNESS LIST
(**Plaintiff**/Defendant)

| WITNESS | | ESTIMATED DATE(S) AND LENGTH OF TESTIMONY |
|---|---|---|
| Jonathan Yioulos | 330 | Feb. 5-6 - 330 minutes (direct); 170 minutes (cross |
| Raeesa Telly | 45 | Feb. 7 - 45 minutes (direct); 20 minutes (cross) |
| Hannah Scaife | 45 | Feb. 7 - 45 minutes (direct); 60 minutes (cross) |
| Brittney Perry | 30 | Feb. 7 – 30 minutes (direct); 20 minutes (cross) |
| Abby Schwartz | 120 | Feb 7 - 120 minutes (direct); 60 minutes (cross) |
| Kimberly Burkhalter Townsley (Regions Bank) | 15 | Feb. 7 - 15 minutes (direct); 20 minutes (cross) |
| Patricia Townsend (NFCU) | 15 | Feb. 7 - 15 minutes (direct); 20 minutes (cross) |
| Flagstar Bank / FIS Representative | 15 | Feb. 7 - 15 minutes (direct); 20 minutes (cross) |
| Sarah Anderson | 30 | Feb. 8 - 30 minutes (direct); 30 minutes (cross) |
| Joe Ridenour (BBVA / PNC Bank) | 15 | Feb. 8 - 15 minutes (direct); 20 minutes (cross) |

| Chris Alf | 30 | Feb. 8 - 30 minutes (direct); 25 minutes (cross) |
|---|---|---|
| Michael Meyers | 75 | Feb. 8 - 75 minutes (direct); 40 minutes (cross) |
| Roman Hernandez | 30 | Feb. 8 - 30 minutes (direct); 20 minutes (cross) |
| Julie Mussack (Wells Fargo Bank) | 15 | Feb. 8 - 15 minutes (direct); 20 minutes (cross) |
| Jerry Plumley (ANB Bank) | 15 | Feb. 8 - 15 minutes(direct); 20 minutes (cross) |
| Nicholas Hanggi | 30 | Feb. 8 - 30 minutes (direct); 45 minutes (cross) |
| Matthew Vanderveer | 30 | Feb. 9 - 30 minutes(direct); 40 minutes (cross) |
| Matthew Morgan | 60 | Feb. 9 - 60 minutes  (direct); 40 minutes (cross) |
| Lisa Palmer | 210 | Feb. 9 & 12 - 210 minutes (direct); 90 minutes (cross) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

    1. **MICHAEL AARON TEW** and
    2. **KIMBERLEY ANN TEW**,
       a/ka Kimberley Vertanen,

       Defendants.

---

### GOVERNMENT'S LIST OF PROPOSED EXHIBITS

---

    The government hereby submits its final list of proposed exhibits. The government respectfully reserves its right, within reasonable notice depending on the circumstances, to add additional exhibits as trial demands dictate.

    Respectfully submitted this 2nd day of February, 2024.

               COLE FINEGAN
               United States Attorney

By:   */s/ Bryan Fields*           By:   */s/ Sarah H. Weiss*
Bryan Fields                      Sarah H. Weiss
Assistant United States Attorney     Assistant United States Attorney
U.S. Attorney's Office             U.S. Attorney's Office
1801 California St. Suite 1600       1801 California St. Suite 1600
Denver, CO 80202               Denver, CO 80202
(303) 454-0100                 (303) 454-0100
Bryan.Fields3@usdoj.gov        Sarah.Weiss@usdoj.gov
Attorney for the Government      Attorney for the Government

1

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

By:     */s Sarah H. Weiss*
        Sarah H. Weiss
        Assistant United States
        Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        sarah.weiss@usdoj.gov
        Attorney for the Government

CASE CAPTION: <u>United States v. Tew, et al.</u>

CASE NO.: <u>20-cr-305-DDD</u>

EXHIBIT LIST OF: <u>United States of America, Plaintiff</u>
                      (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1 | | INTENTIONALLY LEFT BLANK | | | | | |
| 2 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 08.01.2018-08.31.2018 | | | | | |
| 3 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 10.01.2018-10.31.2018 | | | | | |
| 4 | | INTENTIONALLY LEFT BLANK | | | | | |
| 5 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 11.01.2018-11.30.2018 | | | | | |
| 6 | | INTENTIONALLY LEFT BLANK | | | | | |
| 7 | | Signature Bank Statement re Account x5529 National Air Cargo Holdings, statement period 12.01.2018-12.31.2018 | | | | | |
| 8 | | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.07.2019 | | | | | |
| 9 | | Signature Bank ACH Transaction re $15,250 to [PM], dated 02.19.2019 | | | | | |
| 10 | | Signature Bank ACH Transaction re $38,000 to [PM], dated 03.28.2019 | | | | | |

1

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 11 | | Signature Bank ACH Transaction re $11,250 to [PM], dated 04.03.2019 | | | | | |
| 12 | | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 07.23.2019 | | | | | |
| 13 | | Signature Bank ACH Transaction re $31,500 to SHI LLC, dated 08.06.2019 | | | | | |
| 14 | | Signature Bank ACH Transaction re $9,500 to Global Fuel Logistics, dated 08.19.2019 | | | | | |
| 15 | | Signature Bank ACH Transaction re $28,000 to SHI LLC, dated 08.21.2019 | | | | | |
| 16 | | Signature Bank ACH Transaction re $45,000 to Global Fuel Logistics, dated 09.03.2019 | | | | | |
| 17 | | Signature Bank ACH Transaction re $18,000 to SHI LLC, dated 09.09.2019 | | | | | |
| 18 | | Signature Bank ACH Transaction re $33,500 to SHI LLC, dated 09.17.2019 | | | | | |
| 19 | | Signature Bank ACH Transaction re $52,750 to SHI LLC, dated 09.25.2019 | | | | | |
| 20 | | Signature Bank ACH Transaction re $75,000 to Global Fuel Logistics, dated 10.16.2019 | | | | | |
| 21 | | Signature Bank ACH Transaction re $43,000 to Global Fuel Logistics, dated 10.24.2019 | | | | | |
| 22 | | Signature Bank ACH Transaction re $49,750 to SHI LLC, dated 10.31.2019 | | | | | |
| 23 | | Signature Bank ACH Transaction re $40,500 to SHI LLC, dated 11.07.2019 | | | | | |
| 24 | | Signature Bank ACH Transaction re $43,250 to Global Fuel Logistics, dated 11.25.2019 | | | | | |

2

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 25 | | Signature Bank ACH Transaction re $9,550 to Global Fuel Logistics, dated 12.02.2019 | | | | | |
| 26 | | Signature Bank ACH Transaction re $24,500 to Global Fuel Logistics, dated 12.11.2019 | | | | | |
| 27 | | Signature Bank ACH Transaction re $15,200 to Global Fuel Logistics, dated 12.23.2019 | | | | | |
| 28 | | Signature Bank ACH Transaction re $33,000 to Global Fuel Logistics, dated 02.11.2020 | | | | | |
| 29 | | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 02.19.2020 | | | | | |
| 30 | | Signature Bank ACH Transaction re $36,555 to Global Fuel Logistics, dated 03.02.2020 | | | | | |
| 31 | | Signature Bank ACH Transaction re $35,000 to Global Fuel Logistics, dated 03.09.2020 | | | | | |
| 32 | | Signature Bank ACH Transaction re $22,5000 to Global Fuel Logistics, dated 03.19.2020 | | | | | |
| 33 | | Signature Bank ACH Transaction re $73,460 to Global Fuel Logistics, dated 03.31.2020 | | | | | |
| 34 | | Signature Bank ACH Transaction re $36,925 to Global Fuel Logistics, dated 04.06.2020 | | | | | |
| 35 | | Signature Bank ACH Transaction re $68,255 to Global Fuel Logistics, dated 04.15.2020 | | | | | |
| 36 | | Signature Bank ACH Transaction re $46,850 to Global Fuel Logistics, dated 04.27.2020 | | | | | |
| 37 | | Signature Bank ACH Transaction re $85,325 to Global Fuel Logistics, dated 05.05.2020 | | | | | |
| 38 | | Signature Bank ACH Transaction re $82,422 to Global Fuel Logistics, dated 05.12.2020 | | | | | |

3

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 39 | | Signature Bank ACH Transaction re $78,565 to Global Fuel Logistics, dated 05.20.2020 | | | | | |
| 40 | | Signature Bank ACH Transaction re $95,000 to Global Fuel Logistics, dated 07.02.2020 | | | | | |
| 41 | | INTENTIONALLY LEFT BLANK | | | | | |
| 42 | | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawal, dated 06.04.2019 | | | | | |
| 43 | | Navy Federal Credit Union Transaction Log Summary re Acct x8486 $15,000 Withdrawal, dated 06.11.2019 | | | | | |
| 44 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $22,000 Withdrawal, dated 08.28.2019 | | | | | |
| 45 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $25,000 Withdrawal, dated 08.29.2019 | | | | | |
| 46 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 08.17.2019-09.16.2019 | | | | | |
| 47 | | Wells Fargo Bank Wire Transaction Report re Acct x6934 $15,000, dated 09.18.2019 | | | | | |
| 48 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $20,000 Withdrawal, dated 09.26.2019 | | | | | |
| 49 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $20,000 Withdrawal, dated 09.27.2019 | | | | | |
| 50 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $20,000 Withdrawal, dated 10.01.2019 | | | | | |
| 51 | | Wells Fargo Bank Withdrawal Slip re Acct x6934 $12,000 Withdrawal, dated 10.02.2019 | | | | | |
| 52 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 11.30.2019 | | | | | |

4

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 53 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $20,000 Withdrawal, dated 02.20.2020 | | | | | |
| 54 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $15,000 Withdrawal, dated 02.21.2020 | | | | | |
| 55 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $20,000 Withdrawal, dated 02.27.2020 | | | | | |
| 56 | | Wells Fargo Bank Withdrawal Slip re Acct x2064 $20,000 Withdrawal, dated 03.03.2020 | | | | | |
| 57-100 | | INTENTIONALLY LEFT BLANK | | | | | |
| 101 | | 2016 Gross Income Summary for Michael Tew | | | | | |
| 102 | | 2017 Gross Income Summary for Michael Tew | | | | | |
| 103 | | 2018 Gross Income Summary for Michael Tew | | | | | |
| 104 | | 2019 Gross Income Summary for Michael Tew | | | | | |
| 105 | | Internal Revenue Service 2019 Account Transcript | | | | | |
| 106 | | 2016 Gross Income Summary for Sand Hill LLC | | | | | |
| 107 | | 2017 Gross Income Summary for Sand Hill LLC | | | | | |
| 108 | | 2018 Gross Income Summary for Sand Hill LLC | | | | | |
| 109 | | 2019 Gross Income Summary for Sand Hill LLC | | | | | |
| 110 | | Internal Revenue Service 2016 Account Transcript | | | | | |

5

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 111 | | Internal Revenue Service 2017 Account Transcript | | | | | |
| 112 | | Internal Revenue Service 2018 Account Transcript | | | | | |
| 113 - 200 | | INTENTIONALLY LEFT BLANK | | | | | |
| 201 | | INTENTIONALLY LEFT BLANK | | | | | |
| 202 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, statement 08.31.2018 | | | | | |
| 203 | | Regions Bank Statement re Account x4514 [MM], statement period 10.12.2018-11.08.2018 | | | | | |
| 204 | | INTENTIONALLY LEFT BLANK | | | | | |
| 205 | | Regions Bank Statement re Account x4514 [MM], statement period 11.09.2018-12.10.2018 | | | | | |
| 206 | | INTENTIONALLY LEFT BLANK | | | | | |
| 207 | | ANB Bank Statement re Account x3099 [MM], dated 12.18.2018 | | | | | |
| 208 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2019-02.16.2019 | | | | | |
| 209 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2019-03.16.2019 | | | | | |
| 210 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2019-04.16.2019 | | | | | |
| 211 | | INTENTIONALLY LEFT BLANK | | | | | |

6

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 212 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 213 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 08.31.2019 | | | | | |
| 214 | | INTENTIONALLY LEFT BLANK | | | | | |
| 215 | | INTENTIONALLY LEFT BLANK | | | | | |
| 216 | | INTENTIONALLY LEFT BLANK | | | | | |
| 217 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 09.30.2019 | | | | | |
| 218 | | INTENTIONALLY LEFT BLANK | | | | | |
| 219 | | INTENTIONALLY LEFT BLANK | | | | | |
| 220 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 10.31.2019 | | | | | |
| 221 | | INTENTIONALLY LEFT BLANK | | | | | |
| 222 | | INTENTIONALLY LEFT BLANK | | | | | |
| 223 | | INTENTIONALLY LEFT BLANK | | | | | |
| 224 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 11.30.2019 | | | | | |
| 225 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 226 | | INTENTIONALLY LEFT BLANK | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 227 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 12.17.2019-01.16.2020 | | | | | |
| 228 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 229 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 02.29.2020 | | | | | |
| 230 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 03.31.2020 | | | | | |
| 231 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2020-03.16.2020 | | | | | |
| 232 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2020-04.16.2020 | | | | | |
| 233 | | INTENTIONALLY LEFT BLANK | | | | | |
| 234 | | INTENTIONALLY LEFT BLANK | | | | | |
| 235 | | INTENTIONALLY LEFT BLANK | | | | | |
| 236 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2020-05.16.2020 | | | | | |
| 237 | | INTENTIONALLY LEFT BLANK | | | | | |
| 238 | | INTENTIONALLY LEFT BLANK | | | | | |
| 239 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2020-06.16.2020 | | | | | |
| 240 | | Navy Federal Credit Union Transaction Details re Access x1390, Account x3094 Global Fuel Logistics, transaction period 07.20.2020-07.08.2020 | | | | | |

8

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 241 | | INTENTIONALLY LEFT BLANK | | | | | |
| 242 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2019-06.16.2019 | | | | | |
| 243 | | INTENTIONALLY LEFT BLANK | | | | | |
| 244 | | INTENTIONALLY LEFT BLANK | | | | | |
| 245 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 08.31.2019 | | | | | |
| 246 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 08.17.2019-09.16.2019 | | | | | |
| 247 | | INTENTIONALLY LEFT BLANK | | | | | |
| 248 | | INTENTIONALLY LEFT BLANK | | | | | |
| 249 | | INTENTIONALLY LEFT BLANK | | | | | |
| 250 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 10.31.2019 | | | | | |
| 251 - 300 | | INTENTIONALLY LEFT BLANK | | | | | |
| 301 | | ANB Bank Signature Card re Account x3099 [MM] | | | | | |
| 302 | | Guaranty Bank and Trust Signature Card re Account x7867 Michael Tew | | | | | |
| 303 | | Navy Federal Credit Union Application re Kimberley Tew and Michael Tew | | | | | |
| 304 | | Navy Federal Credit Union Application re Global Fuel Logistics, dated 06.08.2020 | | | | | |

9

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 305 | | Regions Bank Signature Cards re Account x0514 [MM] | | | | | |
| 306 | | Wells Fargo Bank Signature Card re Account x6934 Sand Hill LLC, LLC | | | | | |
| 307 | | Wells Fargo Bank Signature Card re Account x2064 Global Fuel Logistics | | | | | |
| 308 | | Signature Bank Signature Card re Accounts x5545 and x6150 National Air Cargo Group, Inc | | | | | |
| 309 | | Signature Bank Signature Card re Accounts x5529, x6363, x6355, and x6134 National Air Cargo Group, Inc | | | | | |
| 310 | | Guaranty Bank and Trust Statement re Account x7867 Michael Tew, dated 08.31.2018 | | | | | |
| 311 | | BBVA Compass Signature Card re Account x0987 [5530 JD] LLC | | | | | |
| 312 | | Access National Bank Statement re Account x5965 [PM] Inc., statement period 12.01.2018-12.31.2018 | | | | | |
| 313 | | Simple Signature Card for Kimberley Tew | | | | | |
| 314 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 07.17.2019-08.16.2019 | | | | | |
| 315 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 316 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 10.17.2019-11.16.2019 | | | | | |
| 317 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 318 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 12.17.2019-01.16.2020 | | | | | |

10

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 319 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.17.2020-02.16.2020 | | | | | |
| 320 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 02.17.2020-03.16.2020 | | | | | |
| 321 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 03.17.2020-04.16.2020 | | | | | |
| 322 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2020-05.16.2020 | | | | | |
| 323 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 05.17.2020-06.16.2020 | | | | | |
| 324 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.08.2019-01.16.2019 | | | | | |
| 325 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 01.17.2019-02.16.2019 | | | | | |
| 326 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 02.17.2019-03.16.2019 | | | | | |
| 327 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 03.17.2019-04.16.2019 | | | | | |
| 328 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 04.17.2019-05.16.2019 | | | | | |
| 329 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 05.17.2019-06.16.2019 | | | | | |
| 330 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 06.17.2019-07.16.2019 | | | | | |
| 331 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 09.17.2019-10.16.2019 | | | | | |
| 332 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 10.17.2019-11.16.2019 | | | | | |

11

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 333 | | Navy Federal Credit Union Statement re Access x3844 Michael Tew, statement period 11.17.2019-12.16.2019 | | | | | |
| 334 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 09.30.2019 | | | | | |
| 335 | | American Express Corporate Card Authorization re Account x91009 National Air Cargo, Cardmember Michael Tew | | | | | |
| 336 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 12.31.2019 | | | | | |
| 337 | | Wells Fargo Bank Statement re Account x2064 Global Fuel Logistics, dated 01.31.2020 | | | | | |
| 338 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 06.16.2018 | | | | | |
| 339 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 07.16.2018 | | | | | |
| 340 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 12.31.2019 | | | | | |
| 341 | | BBVA Compass Statement re Account x0987 5530 Jassamine Development LLC, statement period 11.01.2018-11.30.2018 | | | | | |
| 342 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 05.31.2019 | | | | | |
| 343 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 01.31.2020 | | | | | |
| 344 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 02.29.2020 | | | | | |

12

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 345 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 03.31.2020 | | | | | |
| 346 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2020-06.30.2020 | | | | | |
| 347 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 08.16.2018 | | | | | |
| 348 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 09.16.2018 | | | | | |
| 349 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 10.16.2018 | | | | | |
| 350 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 11.16.2018 | | | | | |
| 351 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 12.16.2018 | | | | | |
| 352 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 01.16.2019 | | | | | |
| 353 | | American Express Corporate Card Statement re Account x91009 National Air Cargo, Cardmember Michael Tew, closing date 02.16.2019 | | | | | |
| 354 | | Access National Bank Signature Card re Account x5965 [PM] | | | | | |
| 355 | | Signature Bank ACH Transaction re $25,000 to Global Fuel Logistics, dated 10.23.2019 | | | | | |

13

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 356 | | Signature Bank ACH Transaction re $21,250 to [PM] Inc., dated 12.10.2018 | | | | | |
| 357 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 08.22.2018 | | | | | |
| 358 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 08.23.2018 | | | | | |
| 359 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.10.2018 | | | | | |
| 360 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.18.2018 | | | | | |
| 361 | | Signature Bank ACH Transaction re $15,000 to [5530 JD] LLC, dated 09.28.2018 | | | | | |
| 362 | | Signature Bank ACH Transaction re $30,000 to [MM], dated 12.03.2018 | | | | | |
| 363 | | Access National Bank Statement re Account x5965 [PM] Inc., statement period 03.01.2019-03.31.2019 | | | | | |
| 364 | | ANB Bank Statement re Account x3099 [MM], dated 01.04.2019 | | | | | |
| 365 | | Signature Bank ACH Transaction re $21,000 to [PM] Inc., dated 01.23.2019 | | | | | |
| 366 | | Signature Bank ACH Transaction re $15,312.50 to [PM] Inc., dated 01.07.2019 | | | | | |
| 367 | | Signature Bank ACH Transaction re $23,350 to [PM] Inc., dated 01.10.2019 | | | | | |
| 368 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 01.07.2019-01.16.2019 | | | | | |
| 369 | | Signature Bank ACH Transaction re $28,000 to [PM] Inc., dated 01.18.2019 | | | | | |

14

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 370 | | Signature Bank ACH Transaction re $31,500 to [PM] Inc., dated 03.14.2019 | | | | | |
| 371 | | Signature Bank ACH Transaction re $37,800 to [PM] Inc., dated 03.04.2019 | | | | | |
| 372 | | Signature Bank ACH Transaction re $20,250 to [PM] Inc., dated 03.19.2019 | | | | | |
| 373 | | Signature Bank ACH Transactions re: $37,500 to [PM] Inc., dated 04.08.2019; $18,750 to [PM] Inc., dated 04.11.2019; and $18,750 to [PM] Inc., dated 04.15.2019 | | | | | |
| 374 | | Signature Bank ACH Transaction re $18,750 to [PM] Inc., dated 04.17.2019 | | | | | |
| 375 | | Signature Bank ACH Transactions re: $18,750 to [PM] Inc., dated 04.22.2019; $18,750 to [PM] Inc., dated 04.24.2019; $38,640 to [PM], dated 04.29.2019; and $19,890 to [PM], dated 05.07.2019 | | | | | |
| 376 | | Signature Bank ACH Transactions re: $49,750 to [PM], dated 05.07.2019; and $40,000 to [PM] Inc., dated 05.10.2019 | | | | | |
| 377 | | Signature Bank ACH Transactions re: $19,900 to [PM], dated 05.15.2019; $23,785 to [PM], dated 05.21.2019; $9,950 to [PM], dated 05.23.2019; $11,150 to [PM], dated 05.28.2019; and $10,100 to [PM] Inc., dated 05.29.2019 | | | | | |
| 378 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 04.17.2019-05.16.2019 | | | | | |
| 379 | | Signature Bank ACH Transactions re: $53,500 to [PM], dated 06.03.2019; $28,000 to [PM], dated 06.10.2019; and $9,500 to [PM], dated 06.13.2019 | | | | | |

15

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 380 | | Signature Bank ACH Transactions re: $50,000 to [PM] Inc., dated 06.20.2019; $15,000 to [PM], dated 06.25.2019; and $30,000 to Sand Hill LLC, dated 06.26.2019 | | | | | |
| 381 | | Navy Federal Credit Union Statement re Access x3843 Kimberley Tew, statement period 06.17.2019-07.16.2019 | | | | | |
| 382 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 06.30.2019 | | | | | |
| 383 | | Signature Bank ACH Transactions re: $45,000 to Global Fuel Logistics, dated 07.30.2019; $47,000 to SHI LLC, dated 08.01.2019; and $30,000 to SHI LLC, dated 08.05.2019 | | | | | |
| 384 | | Signature Bank ACH Transactions re: $9,200 to Sand Hill LLC, dated 06.28.2019; $13,000 to SHI LLC, dated 07.09.2019; $27,475 to SHI LLC, dated 07.11.2019; and $10,000 to SHI LLC, dated 07.19.2019 | | | | | |
| 385 | | Wells Fargo Bank Statement re Account x6934 Sand Hill LLC, dated 07.31.2019 | | | | | |
| 386 | | Signature Bank ACH Transaction re $12,900 to Global Fuel Logistics, dated 01.07.2020 | | | | | |
| 387 | | Signature Bank ACH Transactions re: $15,500 to Global Fuel Logistics, dated 01.10.2020; $19,500 to Global Fuel Logistics, dated 01.17.2020; $9,800 to Global Fuel Logisitics, dated 01.22.2020; $13,500 to Global Fuel Logistics, dated 01.23.2020; $36,500 to Global Fuel Logistics, dated 01.27.2020; and $7,200 to Global Fuel Logistics, dated 01.30.2020 | | | | | |
| 388 | | Signature Bank ACH Transaction re $13,000 to Global Fuel Logistics, dated 08.09.2019 | | | | | |
| 389 | | Signature Bank ACH Transaction re $24,700 to Global Fuel Logistics, dated 03.05.2020 | | | | | |

16

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 390 | | Signature Bank ACH Transactions re: $97,545 to Global Fuel Logistics, dated 06.22.2020; $71,550 to Global Fuel Logistics, dated 06.24.2020; and $105,000 to Global Fuel Logisitics, dated 06.29.2020 | | | | | |
| 391 | | Signature Bank ACH Transaction re $83,526 to Global Fuel Logistics, dated 06.02.2020 | | | | | |
| 392 | | Signature Bank ACH Transactions re: $45,220 to Global Fuel Logistics, dated 06.04.2020; $93,135 to Global Fuel Logistics, dated 06.09.2020; and $93,635 to Global Fuel Logistics, dated 06.17.2020 | | | | | |
| 393 | | Navy Federal Credit Union Statement re Access x1390 Global Fuel Logistics Inc, statement period 06.08.2010-06.30.2020 | | | | | |
| 394 | | Navy Federal Credit Union Check re Acct x3494 $500.00 to Sand Hill LLC, dated 10.15.19 | | | | | |
| 395 | | Navy Federal Credit Union Surveillance Photo, dated 04.14.2020 | | | | | |
| 396 | | Navy Federal Credit Union Surveillance Photo, dated 04.03.2020 | | | | | |
| 397 | | Navy Federal Credit Union Surveillance Photo, dated 02.04.2020 | | | | | |
| 398 | | Navy Federal Credit Union Surveillance Photo, dated 01.13.2020 | | | | | |
| 399 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 08:14:04.950 PM | | | | | |
| 400 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | | | | | |
| 401 | | Navy Federal Credit Union Surveillance Photo, dated 06.26.2020 | | | | | |

17

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 402 | | Navy Federal Credit Union Surveillance Photo, dated 06.08.2020 | | | | | |
| 403 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 02:19:42.572 PM | | | | | |
| 404 | | Navy Federal Credit Union Surveillance Photo, dated 03.20.2020 09:23:58.357 PM | | | | | |
| 405 | | Navy Federal Credit Union Surveillance Photo, dated 03.06.2020 | | | | | |
| 406 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 | | | | | |
| 407 | | Navy Federal Credit Union Surveillance Photo, dated 05.04.2020 | | | | | |
| 408 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:02:07.321 PM | | | | | |
| 409 | | Navy Federal Credit Union Surveillance Photo, dated 04.01.2020 04:05:40.320 PM | | | | | |
| 410 | | Navy Federal Credit Union Surveillance Photo, dated 02.12.2020 | | | | | |
| 411 | | Navy Federal Credit Union Surveillance Photo, dated 02.25.2020 | | | | | |
| 412 | | Navy Federal Credit Union Surveillance Photo, dated 01.23.2020 | | | | | |
| 413 | | Navy Federal Credit Union Surveillance Photo, dated 01.29.2020 | | | | | |
| 414 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | | | | | |
| 415 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:59:59.914 PM | | | | | |

18

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 416 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2020 07:53:41.888 PM | | | | | |
| 417 | | Navy Federal Credit Union Surveillance Photo, dated 06.30.2020 | | | | | |
| 418 | | Navy Federal Credit Union Surveillance Photo, dated 06.25.2020 | | | | | |
| 419 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:16:56.734 PM | | | | | |
| 420 | | Navy Federal Credit Union Surveillance Photo, dated 06.09.2020 05:17:57.737 PM | | | | | |
| 421 | | Navy Federal Credit Union Surveillance Photo, dated 03.11.2020 | | | | | |
| 422 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 11:58:06.124 AM | | | | | |
| 423 | | Navy Federal Credit Union Surveillance Photo, dated 03.18.2020 05:08:46.082 PM | | | | | |
| 424 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 12:12:35.352 PM | | | | | |
| 425 | | Navy Federal Credit Union Surveillance Photo, dated 05.12.2020 06:36:34.932 PM | | | | | |
| 426 | | Navy Federal Credit Union Surveillance Photo, dated 03.27.2020 | | | | | |
| 427 | | Navy Federal Credit Union Surveillance Photo, dated 06.11.2019 | | | | | |
| 428 | | Signature Bank ACH Transaction re: $13,000 to Sand Hill LLC, dated 08.09.2019 | | | | | |
| 429 | | Signature Bank ACH Transaction re: $35,000 to Sand Hill LLC, dated 08.14.2019 | | | | | |

19

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 430 | | Signature Bank ACH Transaction re: $15,000 to Global Fuel Logistics, dated 08.15.2019 | | | | | |
| 431 | | Signature Bank ACH Transaction re: $27,000 to Sand Hill LLC, dated 08.22.2019 | | | | | |
| 432 | | Signature Bank ACH Transaction re: $45,000 to Sand Hill LLC, dated 08.26.2019 | | | | | |
| 433 | | Signature Bank Wire Transaction re: $45,000 to Global Fuel Logistics, dated 08.29.2019 | | | | | |
| 434 | | Signature Bank ACH Transaction re: $13,000 to Global Fuel Logistics, dated 02.03.2020 | | | | | |
| 435 | | Signature Bank ACH Transaction re: $23,200 to Global Fuel Logistics, dated 02.06.2020 | | | | | |
| 436 | | Signature Bank ACH Transaction re: $32,500 to Global Fuel Logistics, dated 02.13.2020 | | | | | |
| 437 | | Signature Bank ACH Transaction re: $55,000 to Global Fuel Logistics, dated 02.18.2020 | | | | | |
| 438 | | Signature Bank ACH Transaction re: $40,000 to Global Fuel Logistics, dated 02.26.2020 | | | | | |
| 439 | | Signature Bank ACH Transaction re: $74,955 to Global Fuel Logistics, dated 03.11.2020 | | | | | |
| 440 | | Signature Bank ACH Transaction re: $17,200 to Global Fuel Logistics, dated 03.17.2020 | | | | | |
| 441 | | Signature Bank ACH Transaction re: $32,245 to Global Fuel Logistics, dated 03.24.2020 | | | | | |
| 442 | | Signature Bank ACH Transaction re: $32,300 to Global Fuel Logistics, dated 03.26.2020 | | | | | |
| 443 | | Signature Bank ACH Transaction re: $41,225 to Global Fuel Logistics, dated 04.02.2020 | | | | | |

20

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 444 | | Signature Bank ACH Transaction re: $37,353 to Global Fuel Logistics, dated 04.08.2020 | | | | | |
| 445 | | Signature Bank ACH Transaction re: $31,355 to Global Fuel Logistics, dated 04.13.2020 | | | | | |
| 446 | | Signature Bank ACH Transaction re: $56,530 to Global Fuel Logistics, dated 04.21.2020 | | | | | |
| 447 | | Signature Bank ACH Transaction re: $36,240 to Global Fuel Logistics, dated 04.29.2020 | | | | | |
| 448 | | Signature Bank ACH Transaction re: $77,460 to Global Fuel Logistics, dated 05.18.2020 | | | | | |
| 449 | | Signature Bank ACH Transaction re: $85,500 to Global Fuel Logistics, dated 05.27.2020 | | | | | |
| 450 | | Signature Bank ACH Transaction re $20,250.00 to [PM] Inc., dated 03.18.2019 | | | | | |
| 451 | | Signature Bank ACH Transaction re $60,000 to Global Fuel Logistics, dated 09.10.2019 | | | | | |
| 452 | | Signature Bank ACH Transaction re $51,500 to Sand Hill LLC, dated 09.12.2019 | | | | | |
| 453 | | Signature Bank ACH Transaction re $11,950 to Global Fuel Logistics, dated 09.16.2019 | | | | | |
| 454 | | Signature Bank ACH Transaction re $41,500 to Sand Hill LLC, dated 09.19.2019 | | | | | |
| 455 | | Signature Bank ACH Transaction re $60,000 to Sand Hill LLC, dated 09.26.2019 | | | | | |
| 456 | | Signature Bank ACH Transaction re $75,000 to Sand Hill LLC, dated 09.30.2019 | | | | | |
| 457 | | Signature Bank ACH Transaction re $35,000 to Sand Hill LLC, dated 10.10.2019 | | | | | |

21

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 458 | | Signature Bank ACH Transaction re $23,750 to Global Fuel Logistics, dated 10.30.2019 | | | | | |
| 459 | | Signature Bank ACH Transaction re $25,000 to Sand Hill LLC, dated 11.18.2019 | | | | | |
| 460 | | Signature Bank ACH Transaction re $17,900 to Global Fuel Logistics, dated 11.21.2019 | | | | | |
| 461 | | Signature Bank ACH Transaction re $42,000 to Global Fuel Logistics, dated 11.27.2019 | | | | | |
| 462 | | Signature Bank ACH Transaction re $26,500 to Global Fuel Logistics, dated 12.05.2019 | | | | | |
| 463 | | Signature Bank ACH Transaction re $51,150 to Global Fuel Logistics, dated 12.09.2019 | | | | | |
| 464 | | Signature Bank ACH Transaction re $7,800 to Global Fuel Logistics, dated 12.16.2019 | | | | | |
| 465 | | Signature Bank ACH Transaction re $33,300 to Global Fuel Logistics, dated 12.17.2019 | | | | | |
| 466 | | Signature Bank ACH Transaction re $14,350 to Global Fuel Logistics, dated 12.19.2019 | | | | | |
| 467 | | Signature Bank ACH Transaction re $55,500 to Global Fuel Logistics, dated 12.26.2019 | | | | | |
| 468 | | Signature Bank ACH Transaction re $77,500 to Global Fuel Logistics, dated 12.30.2019 | | | | | |
| 469 | | Wells Fargo Bank Wire Transaction Report re Acct x6934 $20,611.01, dated 11.01.2019 | | | | | |
| 470 | | Navy Federal Credit Union Surveillance Photo, dated 06.23.2020 | | | | | |
| 471 | | Spreadsheet of Digital Mint Transaction Details, Part One | | | | | |

22

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 472 | | Spreadsheet of Digital Mint Transaction Details, Part Two | | | | | |
| 473 | | American Express Application re Michael Tew | | | | | |
| 474 | | American Express Application re Kimberley Tew | | | | | |
| 475 | | Digital Mint Surveillance Photo 03.07.2020 00:33:01 UTC | | | | | |
| 476 | | Digital Mint Surveillance Photo 03.07.2020 00:29:36 UTC | | | | | |
| 477 | | Digital Mint Surveillance Photo 04.30.2020 21:51:39 UTC | | | | | |
| 478 | | Digital Mint Surveillance Photo 04.30.2020 21:53:34 UTC | | | | | |
| 479 | | Digital Mint Surveillance Photo 04.30.2020 21:55:38 UTC | | | | | |
| 480 | | Digital Mint Surveillance Photo 04.30.2020 21:58:08 UTC | | | | | |
| 481 | | Digital Mint Surveillance Photo 04.30.2020 21:59:40 UTC | | | | | |
| 482 | | Digital Mint Surveillance Photo 04.30.2020 23:43:54 UTC | | | | | |
| 483 | | Digital Mint Surveillance Photo 04.30.2020 23:46:20 UTC | | | | | |
| 484 | | Digital Mint Surveillance Photo 06.23.2020 23:27:57 UTC | | | | | |
| 485 | | Digital Mint Surveillance Photo 06.23.2020 23:30:15 UTC | | | | | |

23

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 486 | | Digital Mint Surveillance Photo 06.23.2020 23:32:14 UTC | | | | | |
| 487 | | Digital Mint Surveillance Photo 06.23.2020 23:33:59 UTC | | | | | |
| 488 | | Digital Mint Surveillance Photo 06.23.2020 23:37:58 UTC | | | | | |
| 489 | | Digital Mint Surveillance Photo 06.23.2020 23:40:00 UTC | | | | | |
| 490 | | Digital Mint Surveillance Photo 06.23.2020 23:42:54 UTC | | | | | |
| 491 | | Digital Mint Surveillance Photo 06.23.2020 23:44:58 UTC | | | | | |
| 492 | | Signature Bank ACH Transaction re $68,400 to Global Fuel Logistics, dated 05.11.2020 | | | | | |
| 493 | | Navy Federal Credit Union Surveillance Photo, dated 04.30.2020 | | | | | |
| 494 | | Flagstar Bank FIS Technology Centers Service Organizations Report re 01.01.2020 to 09.30.2020 | | | | | |
| 495 | | ACH Spreadsheet from Regions Bank | | | | | |
| 496 - 499 | | INTENTIONALLY BLANK | | | | | |
| 500 | | Kraken Account Opening and Verification Documents for Kimberley Tew | | | | | |
| 501 | | Kraken Account Opening and Verification Documents for Michael Tew | | | | | |
| 502 | | Coinbase profile image records for Michael Tew | | | | | |

24

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 503 | | Coinbase profile image records for Kimberley Tew | | | | | |
| 504 | | Google Pay Customer Profile re kley@me.com | | | | | |
| 505 | | McDonald Audi Purchase Documents re 2016 Audi A4 VIN x2447, dated 10.03.2019 | | | | | |
| 506 | | McDonald Audi Wire Transfer Records re $20,611.01 Incoming Money Transfer, dated 11.01.2019 | | | | | |
| 507 | | Wynn Las Vegas Jackpot Report between 07.04.2019 and 11.29.2019 | | | | | |
| 508 | | Wynn Las Vegas 2019 Loss Summary, as of 07.16.2020 | | | | | |
| 509 | | Wynn Las Vegas Reservation Confirmation #23362412 for Kimberley Tew, 10.30.2019 arrival & 11.02.19 departure | | | | | |
| 510 | | Wynn Las Vegas Reservation/Stay History for Kimberley Tew | | | | | |
| 511 | | Wynn Las Vegas Reservation/Stay History re: Kimberley Ann Tew, arrival 09.01.2019 & departure 09.05.2019 | | | | | |
| 512 | | GoDaddy Domain Information re Domain Name "Global Fuel.Co" | | | | | |
| 513 | | GoDaddy Domain Information re Domain Name "Sandhillrp.com" | | | | | |
| 514 | | AT&T Subscriber Information re phone number x1312, Michael Tew | | | | | |
| 515 | | AT&T Subscriber Information re phone number x7473, Michael Tew | | | | | |
| 516 | | AT&T Subscriber Information re phone number x2046, Kimberley Vertanen | | | | | |

25

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 517 | | AT&T Text Message History re phone numbers x2046 & x1312 | | | | | |
| 518 | | AT&T Records re phone number x1312 | | | | | |
| 519 | | Spreadsheet of Verizon Call Records re phone number x1709 | | | | | |
| 520 | | Google Subscriber Information re [5530 JD] Email Recovery (chrisrncn@gmail.com) | | | | | |
| 521 | | Google Subscriber Information re [PM] email recovery (political.media.wdc@gmail.com) | | | | | |
| 522 | | Google Voice Record re Google Voice Number x0152 | | | | | |
| 523 | | Google Subscriber Information re vtleycap@gmail.com (recovery email kley@me.com) | | | | | |
| 524 | | Google subscriber information re meyersconsultinggroupinc@gmail.com | | | | | |
| 525 | | IRS Form W-9 re [MM], dated 10.11.2018 | | | | | |
| 526 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Sand Hill LLC, filed 11.12.2018 | | | | | |
| 527 | | Plea agreement as to Jonathan Yioulos, dated 11.18.2021 | | | | | |
| 528 | | Audio of 7/15/2020 Proffer with Michael Tew | | | | | |
| 529 | | Audio of 7/28/2020 Proffer with Michael Tew | | | | | |
| 530 | | Audio of 10/23/2020 Proffer with Kimberley Tew | | | | | |
| 531 | | 07.07.2020 Photograph of Yioulos Phone Contact 'JB' | | | | | |

26

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 532 | | Email re "RE: AMEX" on 07.16.2018 | | | | | |
| 533 | | Email re "FW: Scanned Document" on 07.31.2018 | | | | | |
| 534 | | Email re "RE: Wire - Michael Tew" on 08.02.2018 | | | | | |
| 535 | | Email re "FW: MT AGMT" on 09.14.2018 | | | | | |
| 536 | | Email re "FW: National Air Cargo Holdings Correspondence" on 09.17.2018 | | | | | |
| 537 | | Invoice #79487 re: [MCG] Inc for $10,000.00, dated 10.30.2018 | | | | | |
| 538 | | Email re "RE: Michael Tew - AMEX" on 01.17.2019 | | | | | |
| 539 | | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10222 for $17,955.50; & Aero Maintenance Resources Invoice #9611 for $79,292) | | | | | |
| 540 | | Invoice #79466 re: [MCG] Inc for $30,000.00, dated 10.12.2018 | | | | | |
| 541 | | Invoice #79488 re: [MCG] Inc for $30,000.00, dated 11.30.2018 | | | | | |
| 542 | | Invoice #79489 re: [MCG] Inc for $30,000.00, dated 11.30.2018 | | | | | |
| 543 | | Invoice #79490 re: [MCG] Inc for $25,000.00, dated 12.11.2018 | | | | | |
| 544 | | Colorado Secretary of State Statement of Foreign Entity Authority re: Global Fuel Logistics Inc., filed 07.11.2019 | | | | | |
| 545 | | IRS assignment of Employment Identification Number re Global Fuel Logistics, dated 07.09.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 546 | | Wyoming Secretary of State Articles of Incorporation re Global Fuel Logistics Inc, filed 07.09.2019 | | | | | |
| 547 | | IRS Form SS-4 Application for Employer Identification Number re Sand Hill LLC | | | | | |
| 548 | | State of New York Department of State Certification of Articles of Organization and Other Filings for Sand Hill LLC, dated 11.09.2018 | | | | | |
| 549 | | Google Pay Customer Profile re kleytew@gmail.com | | | | | |
| 550 | | IRS Form 1099 re SandHill Research Partners, tax years 2015 through 2018 | | | | | |
| 551 | | Audio of 07.29.2020 meeting with Michael Tew at Yeti store | | | | | |
| 552 | | Email re "RE: MT AGMT" on 09.14.2018 | | | | | |
| 553 | | Email headers re email received by chrisrncn@gmail.com on 08.22.2018 | | | | | |
| 554 | | Spreadsheet of Apple account information re kley@me.com | | | | | |
| 555 | | Photograph re Search Warrant Executed on 07.31.2020 #1 | | | | | |
| 556 | | Photograph re Search Warrant Executed on 07.31.2020 #2 | | | | | |
| 557 | | Photograph re Search Warrant Executed on 07.31.2020 #3 | | | | | |
| 558 | | Photograph re Search Warrant Executed on 07.31.2020 #4 | | | | | |
| 559 | | Photograph re Search Warrant Executed on 07.31.2020 #5 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 560 | | Photograph re Search Warrant Executed on 07.31.2020 #6 | | | | | |
| 561 | | Photograph re Search Warrant Executed on 07.31.2020 #7 | | | | | |
| 562 | | Wells Fargo Bank Bag | | | | | |
| 563 | | 2TB Seagate HDD Model ST20000DM001-1CH164 Serial Number W241LEZM | | | | | |
| 564 | | Photograph re Cellebrite Processing #1 | | | | | |
| 565 | | Photograph re Cellebrite Processing #2 | | | | | |
| 566 | | Photograph re Cellebrite Processing #3 | | | | | |
| 567 | | Photograph re Cellebrite Processing #4 | | | | | |
| 568 | | Wipe Log | | | | | |
| 569 | | Hash List for Apple Return | | | | | |
| 570 | | Kraken Ledger - AA70N84GI5WBRUCHI | | | | | |
| 571 | | Consulting A, Effective Date 02.08.2016, signed 02.08.2016 | | | | | |
| 572 | | Consulting Agreement, Effective Date 02.08.2016, signed 02.10.2016 | | | | | |
| 573 | | Consulting Agreement, Effective Date 05.01.2016, signed 06.22.2016 | | | | | |
| 574 | | Consulting Agreement, Effective Date 08.01.2016, signed 08.23.2016 | | | | | |

29

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 575 | | Consulting Agreement, Effective Date 11.01.2016, signed 12.15.2016 | | | | | |
| 576 | | Consulting Agreement, Effective Date 05.01.2017, signed 05.01.2017 | | | | | |
| 577 | | Text messages from H.S. to K.T. on 08.07.2018 12:43:34 AM UTC and 02:47:20 PM UTC | | | | | |
| 578 | | Text messages from H.S. to K.T. on 08.07.2018 01:02:41 AM UTC and 01:09:10 AM UTC | | | | | |
| 579 | | Text messages from H.S. to K.T. on 08.08.2018 | | | | | |
| 580 | | Text messages from H.S. to K.T. on 08.13.2018 | | | | | |
| 581 | | Text messages from H.S. to K.T. on 08.14.2018 | | | | | |
| 582 | | Text messages from H.S. to K.T. on 08.14.2018 | | | | | |
| 583 - 599 | | INTENTIONALLY LEFT BLANK | | | | | |
| 600 | | INTENTIONALLY LEFT BLANK | | | | | |
| 601 | | Email re "ACH Invoice" on 08.07.2018 ([HS] Invoice dated 08.07.2018 for $15,000) | | | | | |
| 602 | | Text messages between M.T. and J.Y. 08.07.2018 | | | | | |
| 603 | | Email re "re ACH Invoice" on 08.08.2018 ([HS] Invoice dated 08.08.2018 for $15,000) | | | | | |
| 604 | | Text messages between M.T. and J.Y. 08.08.2018 | | | | | |
| 605 | | Text messages between M.T. and J.Y. 08.09.2018 | | | | | |

30

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 606 | | Text messages between M.T. and J.Y. 08.13.2018 | | | | | |
| 607 | | Email re "Invoices: Michael Tew ACH August 15" on 08.14.2018 (Sand Hill Invoice #49 for $10,000 & [HS] Invoice dated 08.14.2018 for $20,000) | | | | | |
| 608 | | Text message between J.Y. and M.T on 08.10.2018 | | | | | |
| 609 | | Text message between J.Y. and M.T on 08.18.2018 | | | | | |
| 610 | | Text message between J.Y. and M.T on 08.21.2018 | | | | | |
| 611 | | Email re "Invoice (CORRECTED)" on 08.22.2018 ([5530 JD] Invoice #7321116 for $15,000) | | | | | |
| 612 | | Email re "Wire Confirmation" on 08.22.2018 | | | | | |
| 613 | | Text messages between J.Y. and M.T on 08.22.2018 | | | | | |
| 614 | | Text messages between J.Y. and M.T on 08.23.2018 | | | | | |
| 615 | | Email re "re Invoice (CORRECTED)" on 08.23.2018 | | | | | |
| 616 | | Emails re "re Is there an invoice for this wire out of Holdings?" on 08.24.2018 | | | | | |
| 617 | | Text messages between M.T. and JY. on 08.28.2018 | | | | | |
| 618 | | Email re "Confirms" on 08.30.2018 | | | | | |
| 619 | | Text messages between J.Y. and K.T. on 08.30.2018 | | | | | |

31

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 620 | | Text messages between J.Y. and M.T. on 08.30.2018 | | | | | |
| 621 | | Text messages between M.T. and J.Y. on 08.31.2018 | | | | | |
| 622 | | Text messages between M.T. and J.Y. on 09.01.2018 | | | | | |
| 623 | | INTENTIONALLY LEFT BLANK | | | | | |
| 624 | | Emails re "RE: Is there an invoice?" on 09.07.2018 | | | | | |
| 625 | | Text messages between M.T. and J.Y. on 09.07.2018 | | | | | |
| 626 | | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:13pm | | | | | |
| 627 | | Email re "FW: ACH INVOICE" on 09.07.2018 at 03:14pm | | | | | |
| 628 | | Text messages from J.Y. to K.T. on 09.10.2018 | | | | | |
| 629 | | Email (NO SUBJECT) on 09.10.2018 ([5530 JD] Invoice #7321118 for $15,000 & Invoice #7321117 for $15,000) | | | | | |
| 630 | | Emails re "RE: Scaife Invoices" on 09.10.2018 | | | | | |
| 631 | | Emails re "RE:" (NO SUBJECT) on 09.10.2018 | | | | | |
| 632 | | Email re "Cancel ACH" on 09.10.2018 | | | | | |
| 633 | | Text messages between M.T. and J.Y. on 09.12.2018 | | | | | |
| 634 | | Text messages from J.Y. to K.T. on 09.12.2018 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 635 | | Text messages from J.Y. to K.T. on 09.13.2018 | | | | | |
| 636 | | Text messages between M.T. and J.Y. on 09.13.2018 | | | | | |
| 637 | | Text messages from J.Y. to K.T. on 09.18.2018 | | | | | |
| 638 | | Email re "Invoice" on 09.18.2018 ([5530 JD] Invoice #7321119 for $15,000) | | | | | |
| 639 | | Text messages from J.Y. to K.T. on 09.18.2018 | | | | | |
| 640 | | Text messages from J.Y. to K.T. on 09.28.2018 | | | | | |
| 641 | | INTENTIONALLY LEFT BLANK | | | | | |
| 642 | | Email re "Consulting Invoice" on 09.28.2018 ([5530 JD] Invoice #7321120 for $15,000) | | | | | |
| 643 | | Email re "RE: Invoices needed - Holdings" on 09.28.2018 | | | | | |
| 644 | | Email re "Jess" on 10.01.2018 | | | | | |
| 645 | | Text message from J.Y. to M.T. on 10.09.2018 | | | | | |
| 646 | | Text messages from J.Y. to K.T. on 10.25.2018 | | | | | |
| 647 | | Email re "Fwd: Invoice" on 10.25.2018 | | | | | |
| 648 | | Text messages between J.Y. to M.T. on 10.25.2018 | | | | | |
| 649 | | Email re "Oct Invoice" on 10.30.2018 | | | | | |

33

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 650 | | Text messages between J.Y. to M.T. on 10.30.2018 | | | | | |
| 651 | | Text messages from J.Y. to K.T. on 10.30.2018 | | | | | |
| 652 | | Text messages between J.Y. to M.T. on 10.31.2018 | | | | | |
| 653 | | Email re "is there an invoice for this payment out of holdings?" on 10.31.2018 | | | | | |
| 654 | | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018 at 2:13pm | | | | | |
| 655 | | Email re "RE: Michael Tew: Sand Hill, LLC" on 11.05.2018, time unknown | | | | | |
| 656 | | Text mess+C405ages sent from Kley (M.T.) to M.M. on 11.06.2018 | | | | | |
| 657 | | Email re "[MCG] LLC" on 11.06.2018 | | | | | |
| 658 | | Email re "RE: Invoice" on 11.09.2018 | | | | | |
| 659 | | Text messages between J.Y. to M.T. on 11.09.2018 | | | | | |
| 660 | | INTENTIONALLY LEFT BLANK | | | | | |
| 661 | | Email re "RE: Entity: Sand Hill, LLC - New York" on 11.12.2018 | | | | | |
| 662 | | Text messages between J.Y. and M.T. on 11.13.2018 | | | | | |
| 663 | | Text messages between J.Y. and M.T. on 11.15.2018 | | | | | |
| 664 | | Text messages between J.Y. and M.T. on 11.16.2018 | | | | | |

34

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 665 | | Text messages between J.Y. and M.T. on 11.19.2018 | | | | | |
| 666 | | Email re "RE: Invoice" on 11.19.2018 at 8:55pm | | | | | |
| 667 | | Email re "RE: Invoice" on 11.19.2018 at 9:04pm | | | | | |
| 668 | | Text messages between J.Y. and M.T. on 11.20.2018 | | | | | |
| 669 | | Text messages between Kley (M.T.) and M.M. on 11.20.2018 | | | | | |
| 670 | | Text messages between J.Y. and M.T. on 11.21.2018 | | | | | |
| 671 | | Text messages between J.Y. and M.T. on 11.23.2018 | | | | | |
| 672 | | Text messages between J.Y. and M.T. on 11.25.2018 | | | | | |
| 673 | | Text messages between J.Y. and M.T. on 11.26.2018 | | | | | |
| 674 | | Email re "RE: Invoice" on 11.26.2018 at 7:22pm ([5530 JD] Invoice #7321122 for $30,000) | | | | | |
| 675 | | Email re "RE: Invoice" on 11.26.2018 at 4:22pm | | | | | |
| 676 | | Text messages between J.Y. and M.T. on 11.27.2018 | | | | | |
| 677 | | Email re "RE: Cash Sheet - Holdings - what's this?" on 11.28.2018 | | | | | |
| 678 | | Text message from J.Y. to M.T. on 11.30.2018 | | | | | |
| 679 | | Text messages from J.Y. to K.T. on 12.01.2018 | | | | | |

35

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 680 | | Email re "RE: Final Invoice" on 12.03.2018 ([MCG] Invoice #79489 for $30,000) | | | | | |
| 681 | | Text messages between J.Y. and M.T. on 12.04.2018 | | | | | |
| 682 | | Text messages from J.Y. to K.T. on 12.04.2018 | | | | | |
| 683 | | Email re "Missing Meyers invoices" on 12.04.2018 ([MCG] Invoice #79489 for $30,000 & Invoice #79488 for $30,000) | | | | | |
| 684 | | Text messages between J.Y. and M.T. on 12.06.2018 | | | | | |
| 685 | | Text messages from J.Y. to K.T. on 12.06.2018 | | | | | |
| 686 | | Email re "Fwd: [PM], Inc. - Invoice for Services" on 12.07.2018 ([PM] Invoice #6516 for $21,250) | | | | | |
| 687 | | Text messages between J.Y. and M.T. on 12.07.2018 | | | | | |
| 688 | | Email re: "RE: [PM], Inc. - Invoice for Services" on 12.07.2018 | | | | | |
| 689 | | Text messages between J.Y. and M.T. on 12.06.2018 | | | | | |
| 690 | | Text messages between J.Y. and M.T. on 12.10.2018 | | | | | |
| 691 | | Email re "New Vendor - Paid on Friday" on 12.10.2018 | | | | | |
| 692 | | Email re "Re: Final Invoice" on 12.11.2018 ([MCG] Invoice #79490 for $25,000) | | | | | |
| 693 | | Text messages between J.Y. and M.T. on 12.11.2018 | | | | | |

36

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 694 | | Email re "Meyers Inv" on 12.14.2018 | | | | | |
| 695 | | Text messages between J.Y. and M.T. on 12.18.2018 | | | | | |
| 696 | | Text messages between Kley (M.T.) and M.M. on 12.18.2018 | | | | | |
| 697 | | Text messages between J.Y. and M.T. on 12.19.2018 | | | | | |
| 698 | | Text messages between J.Y. and M.T. on 12.20.2018 | | | | | |
| 699 | | Email re "FW: INVOICES: MICHAEL TEW ACH AUGUST 15" on 12.20.2018 | | | | | |
| 700 | | Email re "FW: [PM], Inc. - Invoice for Services" on 12.20.2018 ([PM] Invoice #6517 for $15,125) | | | | | |
| 701 | | Text messages between J.Y. and M.T. on 12.21.2018 | | | | | |
| 702 | | Text messages between J.Y. and M.T. on 01.07.2019 | | | | | |
| 703 | | Email re "Invoice from [PM], Inc." on 01.07.2019 ([PM] Invoice #6540 for $15,312.50) | | | | | |
| 704 | | Text messages between J.Y. and M.T. on 01.09.2019 | | | | | |
| 705 | | Text messages between J.Y. and M.T. on 01.10.2019 | | | | | |
| 706 | | Email re "Invoice from [PM], Inc." on 01.10.2019 ([PM] Invoice #6670 for $25,350) | | | | | |
| 707 | | Text messages between J.Y. and M.T. on 01.17.2019 | | | | | |
| 708 | | Text messages from J.Y. to K.T. on 01.17.2019 | | | | | |

37

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 709 | | Email re "FW: Invoice from [PM], Inc." on 01.17.2019 | | | | | |
| 710 | | Text messages between J.Y. and M.T. on 01.18.2019 | | | | | |
| 711 | | Email re "Invoice from [PM], Inc." on 01.18.2019 ([PM] Invoice #6712 for $27,562.50) | | | | | |
| 712 | | Text messages between J.Y. and M.T. on 01.23.2019 | | | | | |
| 713 | | Email re "Invoice from [PM], Inc." on 01.23.2019 ([PM] Invoice #6714 for $21,000 & Invoice #6712 for $28,000) | | | | | |
| 714 | | Email re "FW: Invoice from [PM], Inc." on 01.25.2019 | | | | | |
| 715 | | Text messages from J.Y. to K.T. on 02.07.2019 | | | | | |
| 716 | | Email re "Invoice from [PM], Inc." on 02.07.2019 ([PM] Invoice #6775 for $15,250) | | | | | |
| 717 | | Text messages between J.Y. and M.T. on 02.19.2019 | | | | | |
| 718 | | Text messages from J.Y. to K.T. on 02.19.2019 | | | | | |
| 719 | | Email re "Invoice from [PM], Inc." on 02.19.2019  ([PM] Invoice #6786 for $15,250) | | | | | |
| 720 | | Email re "FW: Invoice from [PM], Inc." on 02.21.2019 | | | | | |
| 721 | | Text messages between J.Y. and M.T. on 02.24.2019 | | | | | |
| 722 | | Text messages between J.Y. and M.T. on 03.01.2019 | | | | | |
| 723 | | Email re "Invoice from [PM], Inc." on 03.04.2019 ([PM] Invoice #6804 for $37,800) | | | | | |

38

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 724 | | Text messages between Kley (M.T.) and K.T. on 03.06.2019 | | | | | |
| 725 | | Email re "FW: Invoice from [PM], Inc." on 03.07.2019 | | | | | |
| 726 | | Text messages between Kley (M.T.) and K.T. on 03.14.2019 | | | | | |
| 727 | | Email re "Invoice from [PM], Inc." on 03.14.2019 ([PM] Invoice #6881 for $31,500) | | | | | |
| 728 | | Email re "FW: Invoice from [PM], Inc." on 03.15.2019 | | | | | |
| 729 | | Text messages between Kley (M.T.) and K.T. on 03.17.2019 | | | | | |
| 730 | | Text messages between Kley (M.T.) and K.T. on 03.18.2019 | | | | | |
| 731 | | Text messages between J.Y. and M.T. on 03.18.2019 | | | | | |
| 732 | | Email re "Invoice from [PM], Inc." on 03.18.2019 ([PM] Invoice #6910 for $20,250) | | | | | |
| 733 | | Email re "FW: Invoice from [PM], Inc." on 03.19.2019 | | | | | |
| 734 | | Text messages between J.Y. and M.T. on 03.19.2019 | | | | | |
| 735 | | Text messages between Kley (M.T.) and K.T. on 03.19.2019 | | | | | |
| 736 | | Text messages between M.T. and K.T. on 03.28.2019 | | | | | |
| 737 | | Email re "Invoice from [PM], Inc." on 03.28.2019 ([PM] Invoice #6976 for $38,000) | | | | | |

39

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 738 | | INTENTIONALLY LEFT BLANK | | | | | |
| 739 | | Text messages between Kley (M.T.) and K.T. on 03.30.2019 | | | | | |
| 740 | | Text messages between Kley (M.T.) and K.T. on 04.03.2019 | | | | | |
| 741 | | Text messages between J.Y. and M.T. on 04.03.2019 | | | | | |
| 742 | | Email re "Invoice from [PM], Inc." on 04.03.2019  ([PM] Invoice #6910 for $30,150) | | | | | |
| 743 | | Email re "FW: Invoice from [PM], Inc." on 04.04.2019 ([PM] Invoice #7004 for 11,250) | | | | | |
| 744 | | INTENTIONALLY LEFT BLANK | | | | | |
| 745 | | Text messages between J.Y. and M.T. on 04.07.2019 | | | | | |
| 746 | | Text messages between Kley (M.T.) and K.T. on 04.07.2019 | | | | | |
| 747 | | Text messages between J.Y. and M.T. on 04.08.2019 | | | | | |
| 748 | | Email re "Invoice from [PM], Inc." on 04.08.2019 ([PM] Invoice #7101 for $37,500) | | | | | |
| 749 | | Email re "re Invoice from [PM], Inc." on 04.09.2019 | | | | | |
| 750 | | INTENTIONALLY LEFT BLANK | | | | | |
| 751 | | Text messages between M.T. and K.T. on 04.11.2019 | | | | | |
| 752 | | Text messages from Kley (M.T.) to M.M. on 04.12.2019 | | | | | |

40

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 753 | | Text messages between M.T. and K.T. on 04.12.2019 | | | | | |
| 754 | | Text messages between J.Y. and M.T. on 04.13.2019 | | | | | |
| 755 | | Text messages between M.T. and K.T. on 04.16.2019 | | | | | |
| 756 | | Text messages between M.T. and K.T. on 04.17.2019 | | | | | |
| 757 | | INTENTIONALLY LEFT BLANK | | | | | |
| 758 | | Text messages between M.T. and Kley (K.T.) on 04.21.2019 | | | | | |
| 759 | | Text messages between M.T. and K.T. on 04.22.2019 | | | | | |
| 760 | | Text messages between Kley (M.T.) and K.T. on 04.23.2019 | | | | | |
| 761 | | Text message from J.Y. to M.T. on 04.24.2019 | | | | | |
| 762 | | Text messages between M.T. and K.T. on 04.24.2019 | | | | | |
| 763 | | INTENTIONALLY LEFT BLANK | | | | | |
| 764 | | Email re "Invoice from [PM], Inc." on 04.29.2019 ([PM] Invoice #7156 for $75,000 and Invoice #7158 for $39,780) | | | | | |
| 765 | | Email re "FW: Invoice from [PM]. Inc." on 04.29.2019 | | | | | |
| 766 | | Text messages between Kley (M.T.) and K.T. on 04.30.2019 | | | | | |

41

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 767 | | Text messages between M.T. and K.T. on 05.01.2019 | | | | | |
| 768 | | Text messages between M.T. and K.T. on 05.02.2019 | | | | | |
| 769 | | Text messages between M.T. and K.T. on 05.06.2019 | | | | | |
| 770 | | Text messages between J.Y. and M.T. on 05.07.2019 | | | | | |
| 771 | | Text messages between M.T. and K.T. on 05.08.2019 | | | | | |
| 772 | | Text messages between Kley (M.T.) and K.T. on 05.09.2019 | | | | | |
| 773 | | Text messages between Kley (M.T.) and K.T. on 05.10.2019 | | | | | |
| 774 | | Text messages between J.Y. and M.T. on 05.10.2019 | | | | | |
| 775 | | Text messages between J.Y. and M.T. on 05.15.2019 | | | | | |
| 776 | | Text messages between M.T. and K.T. on 05.20.2019 | | | | | |
| 777 | | Text messages between M.T. and Kley (K.T.) on 05.21.2019 | | | | | |
| 778 | | Text messages between M.T. and Kley (K.T.) on 05.22.2019 | | | | | |
| 779 | | Text messages between M.T. and K.T. on 05.27.2019 | | | | | |
| 780 | | Text messages between M.T. and K.T. on 05.28.2019 | | | | | |
| 781 | | Text messages between J.Y. and M.T. on 06.03.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 782 | | Text messages between Kley (M.T.) and K.T. on 06.03.2019 | | | | | |
| 783 | | Email re "Journal Entry Testing" on 06.04.2019 | | | | | |
| 784 | | Text messages between M.T. and K.T. on 06.07.2019 | | | | | |
| 785 | | Text messages between M.T. and K.T. on 06.10.2019 | | | | | |
| 786 | | Text messages between J.Y. and M.T. on 06.12.2019 | | | | | |
| 787 | | Text messages between Kley (M.T.) and K.T. on 06.12.2019 | | | | | |
| 788 | | Text messages between J.Y. and M.T. on 06.13.2019 | | | | | |
| 789 | | Text messages between M.T. and K.T. on 06.13.2019 | | | | | |
| 790 | | Text messages between M.T. and K.T. on 06.18.2019 | | | | | |
| 791 | | INTENTIONALLY LEFT BLANK | | | | | |
| 792 | | Text messages between M.T. and K.T. on 06.24.2019 | | | | | |
| 793 | | Text messages between M.T. and K.T. on 06.25.2019 | | | | | |
| 794 | | Text messages between M.T. and K.T. on 06.26.2019 and 06.27.2019 | | | | | |
| 795 | | Text messages between J.Y. and M.T. on 06.26.2019 | | | | | |
| 796 | | Text messages between J.Y. and M.T. on 06.28.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 797 | | Text messages between M.T. and K.T. on 06.28.2019 | | | | | |
| 798 | | Text messages between M.T. and K.T. on 06.29.2019 | | | | | |
| 799 | | Email re "RE: Please assist" on 07.11.2019 | | | | | |
| 800 | | Text messages between M.T. and K.T. on 07.02.2019 | | | | | |
| 801 | | Emails re "Invoice From [PM], Inc." on 07.03.2019 ([PM] Invoice #7201 for $40,000; Invoice #7263 for $10,100; Invoice #7312 for $9,500; & Invoice #7322 for $30,000) | | | | | |
| 802 | | Text messages between M.T. and K.T. on 07.04.2019 | | | | | |
| 803 | | INTENTIONALLY LEFT BLANK | | | | | |
| 804 | | Text messages between M.T. and K.T. on 07.07.2019 | | | | | |
| 805 | | Text messages between M.T. and K.T. on 07.07.2019 | | | | | |
| 806 | | Text messages between J.Y. and M.T. on 07.08.2019 | | | | | |
| 807 | | Emails re "Re: Please assist" on 07.08.2019 | | | | | |
| 808 | | Emails re "Re: Please assist" on 07.09.2019 | | | | | |
| 809 | | Text messages between M.T. and K.T. on 07.09.2019 | | | | | |
| 810 | | Text messages between M.T. and K.T. on 07.11.2019 | | | | | |

44

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 811 | | Text messages between M.T. and K.T. on 07.17.2019 | | | | | |
| 812 | | Text messages between M.T. and K.T. on 07.18.2019 | | | | | |
| 813 | | Text messages between J.Y. and M.T. on 07.19.2019 | | | | | |
| 814 | | Text messages between J.Y. and M.T. on 07.22.2019 | | | | | |
| 815 | | Text messages between M.T. and K.T. on 07.29.2019 | | | | | |
| 816 | | Text messages between J.Y. and M.T. on 07.30.2019 | | | | | |
| 817 | | Text messages between J.Y. and M.T. on 08.01.2019 | | | | | |
| 818 | | Text messages between J.Y. and M.T. on 08.03.2019 | | | | | |
| 819 | | Text messages between M.T. and K.T. on 08.04.2019 | | | | | |
| 820 | | Text messages between J.Y. and M.T. on 08.05.2019 | | | | | |
| 821 | | Text messages between M.T. and K.T. on 08.05.2019 | | | | | |
| 822 | | Text messages between M.T. and K.T. on 08.06.2019 | | | | | |
| 823 | | Text messages between J.Y. and M.T. on 08.06.2019 | | | | | |
| 824 | | Text messages between M.T. and K.T. on 08.11.2019 | | | | | |
| 825 | | Text messages between M.T. and K.T. on 08.13.2019 | | | | | |

45

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 826 | | Text messages between J.Y. and M.T. on 08.13.2019 | | | | | |
| 827 | | Text messages between J.Y. and M.T. on 08.14.2019 | | | | | |
| 828 | | Text messages between J.Y. and M.T. on 08.15.2019 | | | | | |
| 829 | | Text messages between M.T. and K.T. on 08.18.2019 | | | | | |
| 830 | | Text messages between J.Y. and M.T. on 08.19.2019 | | | | | |
| 831 | | Text messages between J.Y. and M.T. on 08.20.2019 | | | | | |
| 832 | | Text messages between J.Y. and M.T. on 08.21.2019 | | | | | |
| 833 | | Text messages between J.Y. and M.T. on 08.22.2019 | | | | | |
| 834 | | Text messages between M.T. and K.T. on 08.22.2019 | | | | | |
| 835 | | Text messages between M.T. and K.T. on 08.23.2019 | | | | | |
| 836 | | Text messages between M.T. and K.T. on 08.25.2019 | | | | | |
| 837 | | Text messages between J.Y. and M.T. on 08.26.2019 | | | | | |
| 838 | | Text messages between M.T. and K.T. on 08.26.2019 | | | | | |
| 839 | | Text messages between M.T. and K.T. on 08.27.2019 | | | | | |
| 840 | | Text messages between M.T. and K.T. on 08.28.2019 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 841 | | Email re "Invoices from Global Fuel Logistics, Inc" on 08.28.2019 (Global Fuel Logistics Invoice #987 for #9,500; Invoice #972 for $94,500; & Invoice #763 for $152,000) | | | | | |
| 842 | | Text messages between M.T. and K.T. on 08.29.2019 | | | | | |
| 843 | | Emails re "RE: 8/29 Wires" on 08.29.2019 | | | | | |
| 844 | | Email re "Global Fuel - Updated Invoice" on 08.29.2019 (Global Fuel Logistics Invoice #1001 for $55,000) | | | | | |
| 845 | | Email re "Invoices from Global Fuel Logistics, Inc" on 08.29.2019 (Global Fuel Logistics Invoice #1023 for $45,000; Invoice #1011 for $45,000; & Invoice #1001 for $56,000) | | | | | |
| 846 | | Text messages between M.T. and K.T. on 08.30.2019 | | | | | |
| 847 | | INTENTIONALLY LEFT BLANK | | | | | |
| 848 | | Text messages between M.T. and K.T. on 09.06.2019 | | | | | |
| 849 | | Text messages between M.T. and K.T. on 09.07.2019 | | | | | |
| 850 | | Text messages between M.T. and K.T. on 09.08.2019 | | | | | |
| 851 | | Text messages between J.Y. and M.T. on 09.09.2019 | | | | | |
| 852 | | Text messages between M.T. and K.T. on 09.09.2019 | | | | | |
| 853 | | Text messages between M.T. and K.T. on 09.10.2019 | | | | | |

47

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 854 | | Text messages between M.T. and K.T. on 09.13.2019 | | | | | |
| 855 | | Text messages between M.T. and K.T. on 09.14.2019 | | | | | |
| 856 | | Text messages between J.Y. and M.T. on 09.16.2019 | | | | | |
| 857 | | Text messages between J.Y. and M.T. on 09.17.2019 | | | | | |
| 858 | | Text messages between J.Y. and M.T. on 09.18.2019 | | | | | |
| 859 | | Text messages between M.T. and K.T. on 09.18.2019 | | | | | |
| 860 | | Text messages between M.T. and K.T. on 09.22.2019 | | | | | |
| 861 | | Text messages between M.T. and K.T. on 09.23.2019 | | | | | |
| 862 | | Text messages between J.Y. and M.T. on 09.25.2019 | | | | | |
| 863 | | Text messages between J.Y. and M.T. on 09.26.2019 | | | | | |
| 864 | | Text messages between M.T. and K.T. on 09.26.2019 | | | | | |
| 865 | | Text messages between J.Y. and M.T. on 09.27.2019 | | | | | |
| 866 | | Text messages between M.T. and K.T. on 09.28.2019 | | | | | |
| 867 | | Text messages between M.T. and K.T. on 09.30.2019 | | | | | |
| 868 | | INTENTIONALLY LEFT BLANK | | | | | |

48

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 869 | | Text messages between M.T. and K.T. on 10.02.2019 | | | | | |
| 870 | | INTENTIONALLY LEFT BLANK | | | | | |
| 871 | | Text messages between M.T. and K.T. on 10.05.2019 | | | | | |
| 872 | | Text messages between M.T. and K.T. on 10.07.2019 | | | | | |
| 873 | | Text messages between M.T. and K.T. on 10.08.2019 | | | | | |
| 874 | | Text messages between M.T. and K.T. on 10.09.2019 | | | | | |
| 875 | | Email re "Invoices from Aero Maintenance Resources" on 10.11.2019 (Aero Maintenance Resources Invoice #697 for $112,750; Invoice #634 for $75,000; & Invoice #627 for $141,450) | | | | | |
| 876 | | Text messages between M.T. and K.T. on 10.11.2019 | | | | | |
| 877 | | Text messages between M.T. and K.T. on 10.15.2019 | | | | | |
| 878 | | INTENTIONALLY LEFT BLANK | | | | | |
| 879 | | Text messages between M.T. and K.T. on 10.19.2019 | | | | | |
| 880 | | Text messages between M.T. and K.T. on 10.20.2019 | | | | | |
| 881 | | Text messages between M.T. and K.T. on 10.21.2019 | | | | | |
| 882 | | Text messages between M.T. and K.T. on 10.22.2019 | | | | | |

49

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 883 | | Text messages between M.T. and K.T. on 10.25.2019 | | | | | |
| 884 | | Text messages between M.T. and K.T. on 10.25.2019 | | | | | |
| 885 | | Text messages between M.T. and K.T. on 10.31.2019 | | | | | |
| 886 | | Text messages between M.T. and K.T. on 11.01.2019 | | | | | |
| 887 | | Email re "Invoices from Aero Maintenance Resources" on 11.11.2019 (Aero Maintenance Resources Invoice #1017 for $110,000; Invoice #1021 for $100,000; & Invoice #1103 for $66,750) | | | | | |
| 888 | | Text messages between M.T. and K.T. on 11.13.2019 | | | | | |
| 889 | | Text messages between M.T. and K.T. on 11.14.2019 | | | | | |
| 890 | | Text messages between M.T. and K.T. on 11.19.2019 | | | | | |
| 891 | | Text messages between M.T. and K.T. on 11.20.2019 | | | | | |
| 892 | | Text messages between M.T. and K.T. on 11.21.2019 | | | | | |
| 893 | | Text messages between M.T. and K.T. on 11.22.2019 | | | | | |
| 894 | | Text messages between M.T. and K.T. on 11.25.2019 | | | | | |
| 895 | | Text messages between M.T. and K.T. on 12.01.2019 | | | | | |
| 896 | | Text messages between M.T. and K.T. on 12.02.2019 | | | | | |

50

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 897 | | Text messages between M.T. and K.T. on 12.03.2019 | | | | | |
| 898 | | Text messages between M.T. and K.T. on 12.04.2019 | | | | | |
| 899 | | Text messages between M.T. and K.T. on 12.06.2019 | | | | | |
| 900 | | INTENTIONALLY LEFT BLANK | | | | | |
| 901 | | Text messages between M.T. and K.T. on 12.11.2019 | | | | | |
| 902 | | Text messages between M.T. and K.T. on 12.13.2019 | | | | | |
| 903 | | Email re "Invoices from Aero Maintenance Resources" on 12.17.2019 (Aero Maintenance Resources Invoice #2110 for $49,750; Invoice #2325 for $83,400; & Invoice #2392 for $85,250) | | | | | |
| 904 | | Text messages between M.T. and K.T. on 12.20.2019 | | | | | |
| 905 | | Text messages between M.T. and K.T. on 12.21.2019 | | | | | |
| 906 | | Text messages between M.T. and K.T. on 12.30.2019 | | | | | |
| 907 | | Text messages between M.T. and K.T. on 12.31.2019 | | | | | |
| 908 | | Text messages between M.T. and K.T. on 01.03.2020 | | | | | |
| 909 | | Text messages between M.T. and K.T. on 01.07.2020 | | | | | |
| 910 | | Text messages between M.T. and K.T. on 01.08.2020 | | | | | |

51

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 911 | | Text messages between M.T. and K.T. on 01.09.2020 | | | | | |
| 912 | | Email re "Invoices from Aero Maintenance Resources" on 01.09.2020 (Aero Maintenance Resources Invoice #2515 for $79,950; Invoice #2479 for $87,200; & Invoice #2601 for $148,200) | | | | | |
| 913 | | Text messages between M.T. and K.T. on 01.10.2020 | | | | | |
| 914 | | Text messages between M.T. and K.T. on 01.11.2020 | | | | | |
| 915 | | Text messages between M.T. and K.T. on 01.13.2020 | | | | | |
| 916 | | Text messages between M.T. and K.T. on 01.16.2020 | | | | | |
| 917 | | Text messages between M.T. and K.T. on 01.17.2020 | | | | | |
| 918 | | Text messages between M.T. and K.T. on 01.22.2020 | | | | | |
| 919 | | Text messages between M.T. and K.T. on 01.26.2020 | | | | | |
| 920 | | Text messages between M.T. and K.T. on 01.28.2020 | | | | | |
| 921 | | Text messages between M.T. and K.T. on 01.29.2020 | | | | | |
| 922 | | Text messages between M.T. and K.T. on 01.31.2020 | | | | | |
| 923 | | Text messages between M.T. and K.T. on 02.01.2020 | | | | | |
| 924 | | Text messages between M.T. and K.T. on 02.05.2020 | | | | | |

52

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 925 | | Text messages between M.T. and K.T. on 02.12.2020 | | | | | |
| 926 | | Text messages between M.T. and K.T. on 02.13.2020 | | | | | |
| 927 | | Text messages between M.T. and K.T. on 02.15.2020 | | | | | |
| 928 | | Email re "Invoices from Aero Maintenance Resources" on 02.18.2020 (Aero Maintenance Resources Invoice #2807 for $15,689; & Invoice #2753 for $99,211) | | | | | |
| 929 | | Text messages between M.T. and K.T. on 02.25.2020 | | | | | |
| 930 | | Text messages between M.T. and K.T. on 02.26.2020 | | | | | |
| 931 | | Text messages between M.T. and K.T. on 03.03.2020 | | | | | |
| 932 | | Text messages between M.T. and K.T. on 03.06.2020 | | | | | |
| 933 | | Email re "Invoices from Aero Maintenance Resources" on 03.09.2020 (Aero Maintenance Resources Invoice #3004 for $95,000; Invoice #2987 for $33,520; & Invoice #2901 for $90,180) | | | | | |
| 934 | | Text messages between M.T. and K.T. on 03.10.2020 | | | | | |
| 935 | | Email re "Aero Maintenance Invoices for February 2020" on 03.11.2020 (Aero Maintenance Resources Invoice #2990 for $73,000) | | | | | |
| 936 | | Text messages between M.T. and K.T. on 03.11.2020 | | | | | |
| 937 | | Text messages between M.T. and K.T. on 03.17.2020 | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 938 | | Text messages between M.T. and K.T. on 03.18.2020 | | | | | |
| 939 | | Email re NO SUBJECT on 03.19.2020 | | | | | |
| 940 | | Text messages between M.T. and K.T. on 03.20.2020 | | | | | |
| 941 | | Text messages between M.T. and K.T. on 03.22.2020 | | | | | |
| 942 | | Text messages between M.T. and K.T. on 03.23.2020 | | | | | |
| 943 | | Text messages between M.T. and K.T. on 03.28.2020 | | | | | |
| 944 | | Text messages between M.T. and K.T. on 03.30.2020 | | | | | |
| 945 | | Text messages between M.T. and K.T. on 04.01.2020 | | | | | |
| 946 | | Text messages between M.T. and K.T. on 04.02.2020 | | | | | |
| 947 | | Text messages between M.T. and K.T. on 04.05.2020 | | | | | |
| 948 | | Text messages between M.T. and K.T. on 04.06.2020 | | | | | |
| 949 | | Text messages between M.T. and K.T. on 04.08.2020 | | | | | |
| 950 | | Email re "Invoices for Aero Maintenance Resources" on 04.14.2020 (Aero Maintenance Resources Invoice #4001 for $87,045; & Invoice #3176 for $127,155) | | | | | |
| 951 | | Text messages between M.T. and K.T. on 04.14.2020 | | | | | |

54

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 952 | | Email re "Aero Maintenance Invoices for April 2020" on 04.16.2020 (Aero Maintenance Resources Invoice #5120 for $105,603; & Invoice #4784 for $114,685) | | | | | |
| 953 | | Email re "Invoice for Global Fuel Logistics, Inc." on 04.27.2020 (Global Fuel Logistics Invoice #7988 for $124,785) | | | | | |
| 954 | | Email re "Invoice for Aero Maintenance Resources 2 March 2020" on 05.04.2020 (Aero Maintenance Resources Invoice #3101 for $61,255) | | | | | |
| 955 | | Email re "Invoice for Global Fuel Logistics, Inc." on 05.11.2020 (Global Fuel Logistics Invoice #8011 for $83,090) | | | | | |
| 956 | | Text messages between M.T. and K.T. on 05.12.2020 | | | | | |
| 957 | | Text messages between M.T. and K.T. on 05.23.2020 | | | | | |
| 958 | | Text messages between M.T. and K.T. on 05.28.2020 | | | | | |
| 959 | | Email re "Invoices for May 2020" on 06.03.2020 (Aero Maintenance Resources Invoice #8888 for $153,725; Global Fuel Logistics Invoice #9014 for $159,882; & Global Fuel Logistics Invoice #9071 for $164,065) | | | | | |
| 960 | | Text messages between M.T. and K.T. on 06.07.2020 | | | | | |
| 961 | | Text messages between M.T. and K.T. on 06.09.2020 | | | | | |
| 962 | | Text messages between M.T. and K.T. on 06.10.2020 | | | | | |
| 963 | | Text messages between M.T. and K.T. on 06.11.2020 | | | | | |

55

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 964 | | Text messages between M.T. and K.T. on 06.16.2020 | | | | | |
| 965 | | Text messages between M.T. and K.T. on 06.17.2020 | | | | | |
| 966 | | Text messages between M.T. and K.T. on 06.24.2020 | | | | | |
| 967 | | Text messages between M.T. and K.T. on 06.25.2020 | | | | | |
| 968 | | Text messages between M.T. and K.T. on 06.26.2020 | | | | | |
| 969 | | Email re "Invoices for June 2020" on 06.30.2020 (Global Fuel Logistics Invoice #10101 for $170,274.50; Aero Maintenance Resources Invoice #9302 for $194,803; & Global Fuel Logistics Invoice #11812 for $127,264) | | | | | |
| 970 | | Text messages between M.T. and K.T. on 06.29.2020 | | | | | |
| 971 | | Text messages between M.T. and K.T. on 07.01.2020 | | | | | |
| 972 | | Text messages between J.Y. and K.T. on 07.01.2020 | | | | | |
| 973 | | Email re "Invoice for July 1 2020" on 07.02.2020 (Global Fuel Logistics Invoice #10226 for $95,000) | | | | | |
| 974 | | Audio recording of consensual phone call between J.Y. and M.T. on 07.07.2020 | | | | | |
| 975 | | Audio recording of consensual phone call between J.Y. and M.T. on 07.08.2020 | | | | | |
| 976 | | Text messages between J.Y. and M.T. on 07.08.2020 | | | | | |
| 977 | | INTENTIONALLY LEFT BLANK | | | | | |

56

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 978 | | Email re Kimberley Tew $10,000 Invoice, dated 12.31.2018 | | | | | |
| 979 | | Email re ACH Payment Questions, dated 04.17.2019 | | | | | |
| 980 | | Email re Lululemon Order Confirmation to Amy Tew, dated 11.04.2018 | | | | | |
| 981 | | Email re Lilly Pulitzer Shipping Confirmation to Amy Tew, dated 10.18.2018 | | | | | |
| 982 | | Email re Lilly Pulitzer Order Confirmation to Amy Tew, dated 10.17.2018 | | | | | |
| 983 | | Email re Saks Fifth Avenue Order Confirmation to Amy Tew, dated 10.18.2018 | | | | | |
| 984 | | Email re Zappos Order Confirmation to Amy Tew, dated 11.03.2018 | | | | | |
| 985 | | Email re Kimberley Tew Introduction & Contact Information, dated 01.30.2018 | | | | | |
| 986 | | Invoice #001 re Kimberley Tew for $10,000.00, dated 02.08.2018 | | | | | |
| 987 | | Transcript of consensual phone call between J.Y. and M.T. on 07.07.2020 | | | | | |
| 988 | | Transcript of consensual phone call between J.Y. and M.T. on 07.08.2020 | | | | | |
| 989 | | Text messages between M.T. and K.T. on 08.28.2019 | | | | | |
| 990 | | Text messages between M.T. and K.T. on 09.18.2019 | | | | | |
| 991 - 999 | | INTENTIONALLY LEFT BLANK | | | | | |

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 1000 | | INTENTIONALLY LEFT BLANK | | | | | |
| 1001 | | Account Owners and Signors for Relevant Bank Accounts | | | | | |
| 1002 | | Payments of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | |
| 1003 | | Deposits of Fraudulent Invoices by NAC between August 2018 and July 2020 | | | | | |
| 1004 | | Summary of [HS] CPA, [MCG], and [5530 JD] Invoices and Payments | | | | | |
| 1005 | | Summary of [PM] Invoices and Payments | | | | | |
| 1006 | | Summary of Global Fuel Logistics Invoices and Payments | | | | | |
| 1007 | | Summary of Aero Maintenance Resources Invoices and Payments | | | | | |
| 1008 | | Summary - Calendar of Events | | | | | |
| 1009 | | Summary - Count 42 | | | | | |
| 1010 | | Summary - Count 43 | | | | | |
| 1011 | | Summary - Count 44 | | | | | |
| 1012 | | Summary - Count 45 | | | | | |
| 1013 | | Summary - Count 46 | | | | | |
| 1014 | | Summary - Count 47 | | | | | |

58

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---|---|---|---|---|---|---|---|
| 1015 | | Summary - Count 48 | | | | | |
| 1016 | | Summary - Count 49 | | | | | |
| 1017 | | Summary - Count 50 | | | | | |
| 1018 | | Summary - Count 51 | | | | | |
| 1019 | | Summary - Count 52 | | | | | |
| 1020 | | Summary - Count 53 | | | | | |
| 1021 | | Summary - Count 54 | | | | | |
| 1022 | | Summary - Count 55 | | | | | |
| 1023 | | Summary - Count 56 | | | | | |
| 1024 | | Summary - M. Tew Transactions and Photographs | | | | | |
| 1025 | | Summary - K. Tew Transactions and Photographs | | | | | |
| 1026 | | Summary - M. and K. Tew Transactions and Photographs | | | | | |
| 1027 - 1099 | | INTENTIONALLY LEFT BLANK | | | | | |
| 1100 | | Certificate of Authenticity for Atlantic Union Bank | | | | | |
| 1101 | | Certificate of Authenticity for ANB Bank | | | | | |

59

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 1102 | | Certificate of Authenticity for ANB Bank | | | | | |
| 1103 | | Certificate of Authenticity for BBVA | | | | | |
| 1104 | | Certificate of Authenticity for BBVA | | | | | |
| 1105 | | Certificate of Authenticity for Guaranty Bank and Trust Company | | | | | |
| 1106 | | Certificate of Authenticity for Kraken | | | | | |
| 1107 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | |
| 1108 | | Certificate of Authenticity for GoDaddy | | | | | |
| 1109 | | Certificate of Authenticity for Google | | | | | |
| 1110 | | Certificate of Authenticity for Verizon | | | | | |
| 1111 | | Certificate of Authenticity for Regions Bank | | | | | |
| 1112 | | Certificate of Authenticity for Simple Finance Technology Corp | | | | | |
| 1113 | | Certificate of Authenticity for Signature Bank | | | | | |
| 1114 | | Certificate of Authenticity for Google | | | | | |
| 1115 | | Certificate of Authenticity for Apple | | | | | |
| 1116 | | Certificate of Authenticity for Google | | | | | |

60

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|-------------------|-------------|---------|----------|---------|----------------|
| 1117 | | Certificate of Authenticity for Google | | | | | |
| 1118 | | Certificate of Authenticity for Vcorp | | | | | |
| 1119 | | Certificate of Authenticity for Wells Fargo Bank | | | | | |
| 1120 | | Certificate of Authenticity for Wells Fargo Bank | | | | | |
| 1121 | | Certificate of Authenticity for Wynn Las Vegas | | | | | |
| 1122 | | Certificate of Authenticity for Google | | | | | |
| 1123 | | Certificate of Authenticity for Google | | | | | |
| 1124 | | Certificate of Authenticity for Google | | | | | |
| 1125 | | Certificate of Authenticity for Google | | | | | |
| 1126 | | Certificate of Authenticity for Google | | | | | |
| 1127 | | Certificate of Authenticity for AT&T | | | | | |
| 1128 | | Certificate of Authenticity for Navy Federal Credit Union | | | | | |
| 1129 | | Certificate of Authenticity for American Express | | | | | |
| 1130 | | Certificate of Authenticity for National Air Cargo | | | | | |
| 1131 | | Certificate of Authenticity for McDonald Automotive (Audi) | | | | | |

61

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| 1132 | | Certificate of Authenticity for Digital Mint | | | | | |
| 1133 | | Certificate of Authenticity for Digital Mint | | | | | |
| 1134 | | Certification of Authenticity for National Air Cargo | | | | | |
| 1135 | | Certification of Authenticity for Access National Bank | | | | | |
| 1136 | | Certification of Authenticity for Coinbase | | | | | |
| 1137 | | Certification of Authenticity for Coinbase | | | | | |
| 1138 | | Certification of Authenticity for Coinbase | | | | | |
| 1139 | | Certification of Authenticity for Navy FCU | | | | | |
| 1140 | | Certification of Authenticity for Apple | | | | | |
| 1141 | | Certification for Google | | | | | |
| 1142 | | Certification for Signature Bank | | | | | |
| 1143 | | Certification for Regions Bank | | | | | |

62

I**N THE** U**NITED** S**TATES** D**ISTRICT** C**OURT**
**FOR THE** D**ISTRICT OF** C**OLORADO**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

      Defendant.

---

## Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing

---

Defendant Kimberley Tew, through undersigned counsel, moves the Court for a finding that her execution of the proffer letter was not a knowing and intelligent waiver of her right to confront and cross-examine the witnesses who will testify against her. In the alternative, Ms. Tew requests a hearing on whether her waiver was knowing and intelligent.

In a recent ruling, the Court interpreted Ms. Tew's proffer agreement and held that attorney argument or questioning could trigger the waiver provision "if it clearly seeks to introduce evidence that is contrary to the proffer statements." (*Id*. at 5.) If the waiver provision is triggered, the Government may use any portion of Ms. Tew's proffer statements against her. (ECF No. 373-1.) The Court's ruling limits counsel's cross-examination of the witnesses that will testify against Ms. Tew at trial, and

therefore requires the Court to find that this important trial right was knowingly
waived by Ms. Tew.

     *Statement of Conferral*: The government opposes the relief requested herein.

## A.     The Right to Cross-Examine Witnesses is Fundamental to a Fair Trial

     "The Confrontation Clause of the Sixth Amendment guarantees the right of an
accused in a criminal prosecution 'to be confronted with the witnesses against him.'"
*Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). "Confrontation means more than being
allowed to confront the witness physically." *Davis v. Alaska*, 415 U.S. 308, 315 (1974).
Central to the Clause's purpose is "secur[ing] for the opponent the opportunity of cross-
examination." *Van Arsdall*, 475 U.S. at 678. As the Supreme Court explained in *Davis*:

> Cross-examination is the principal means by which the
> believability of a witness and the truth of his testimony are
> tested.  Subject always to the broad discretion of a trial judge
> to preclude repetitive and unduly harassing interrogation,
> the cross-examiner is not only permitted to delve into the
> witness' story to test the witness' perceptions and memory,
> but the cross-examiner has traditionally been allowed to
> impeach, i.e., discredit, the witness.

415 U.S. at 316.

## B.     Any Waiver of a Fundamental Trial Right must be Knowing and Voluntary

     Any waiver of a fundamental trial right in a criminal case "must be a 'knowing,
intelligent act done with sufficient awareness of the relevant circumstances.'" *Iowa v.
Tovar*, 541 U.S. 77, 80 (2004) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A
waiver is knowing if made "with full awareness of both the nature of the right being

2

abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475

U.S. 412, 421 (1986); *United States v. Morris*, 287 F.3d 985, 988 (10th Cir. 2002). "The

purpose of the 'knowing and voluntary' inquiry ... is to determine whether the

defendant actually does understand the significance and consequences of a particular

decision and whether the decision is uncoerced." *Godinez v. Moran*, 509 U.S. 389, 401

(1993). When a defendant waives his constitutional rights, he must be "made aware of

the dangers and disadvantages ... so that the record will establish that 'he knows what

he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806,

835 (1975).

**C.    Ms. Tew Did Not Knowingly and Intelligently Waive Her Right to Confront
and Cross-Examine the Government's Witnesses**

When Ms. Tew executed the proffer letter, she did not understand that her

statements at the proffer session could limit her ability to confront the witnesses who

testified against her through cross-examination by counsel. As an offer of proof,[1]

undersigned counsel states that she represented Ms. Tew at the time of her proffer and

reviewed the proffer agreement with Ms. Tew. Consistent with local practice,

undersigned counsel understood the waiver provision in paragraph 4 could only be

triggered by Ms. Tew affirmatively testifying or offering evidence on her own behalf.

Undersigned counsel advised Ms. Tew that, by signing the proffer letter, she was

---

[1] Ms. Tew has authorized undersigned counsel to reveal the content of attorney-client
communications. This waiver is limited to communications about the proffer letter and
how Ms. Tew was advised on the impact of executing the proffer agreement.

3

agreeing that her proffer statements could be used against her if she chose to testify at

trial.

Counsel did not understand the proffer letter to mean that Ms. Tew's attorney

could trigger the waiver provision through argument, cross-examination, or in any

other way. Ms. Tew was not advised that her proffer statements could be used against

her if her attorney argued or elicited testimony contrary to a statement made in her

proffer session.

In determining whether a waiver is knowing and intelligent, the relevant inquiry

is whether a defendant "understands the rights at stake and the consequences of

waiving them." *Smith v. Mullin*, 379 F.3d 919, 934 (10th Cir. 2004); *see also Godinez*, 509

U.S. at 401(a knowing and intelligent waiver requires an understanding of the

"significance and consequences of a particular decision"). Ms. Tew was advised that the

proffer agreement affected her constitutional right to testify on her own behalf because

doing so could trigger the waiver provision. Ms. Tew was not advised that executing

the proffer letter limited her ability to confront and cross-examine the witnesses

testifying against her. Ms. Tew was not advised that executing the proffer letter

impacted her right to counsel by limiting positions taken or arguments advanced by her

attorneys at trial.

**D.      The *Oluwanisola* Decision is Distinguishable Because It Utilizes Different Language that is Material to the Analysis**

At the trial preparation conference, the Court directed the parties to *United States v. Oluwanisola*, 605 F.3d 124 (2d Cir. 2010). The waiver provision in *Oluwanisola* stated that defendant's proffer statements could be used "as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by <u>or on behalf of [the defendant]</u>." *Id*. at 128 (emphasis added). This language put Oluwanisola on notice that, in signing his proffer agreement, he was contracting away not only his personal right to offer or elicit factual assertions contrary to his proffer, but also the right to have an attorney or someone else acting on his behalf offer or elicit contrary factual assertions. The same "by or on behalf of" language appears in the waiver provisions in nearly every case cited by the Government. *See United States v. Rebbe*, 314 F.3d 402, 404 (9th Cir. 2002) ("or to rebut any evidence, argument or representations offered by or on behalf of your client"); *United States v. Barrow*, 400 F.3d 109, 113 (2d Cir. 2005) ("to rebut any evidence offered or elicited, or factual assertions made, by or on behalf of [the defendant]"; *United States v. Hardwick*, 544 F.3d 565, 569 (3d Cir. 2008) (to rebut any evidence or arguments offered on [Murray's] behalf.").

Ms. Tew's proffer agreement does not say that the waiver provision can be triggered by someone acting "on behalf of" Ms. Tew. The plain language of the agreement did not advise Ms. Tew that she was contracting away her right to confront witnesses through her attorney. And Ms. Tew was not advised that, by signing the

5

proffer agreement, she was limiting her attorney's ability to make arguments or cross-examine witnesses.

### Conclusion

The Court has ruled that Ms. Tew waived—in part—her right to confront witnesses when she executed the proffer agreement. Ms. Tew's waiver of these rights was not knowing and intelligent, and the proffer statements should be barred from use at trial. If the above record is not sufficient to meet Ms. Tew's burden to show her waiver was not knowing and intelligent, she requests a hearing on the matter.

Dated: February 4, 2024.

Respectfully submitted,

*s/ Jamie Hubbard*
Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

6

**Certificate of Service**

I certify that on February 4, 2024, I electronically filed the foregoing *Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.


*s/ Brenda Rodriguez*
Brenda Rodriguez


**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel states that, as a motion filed by the defendant, any time between filing of the motion and its resolution are excludable from the speedy trial calculation.


*s/ Jamie Hubbard*
Jamie Hubbard

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MICHAEL AARON TEW,

     Defendant.

---

## MOTION FOR RECONSIDERATION OF COURT'S ORDER
## REGARDING PROFFER AGREEMENTS AND REQUEST FOR HEARING

---

Defendant Michael Aaron Tew ("Mr. Tew") respectfully asks the Court to reconsider its Order (Doc. 404) regarding the interpretation and application of the proffer agreements at issue in this case. The Court's Order, which held that neither the government's nor Mr. Tew's interpretation of the proffer agreements was what it actually meant, implicitly calls into question how such an agreement could have been knowingly and voluntarily entered into by either party.

For reasons including those outlined in Mrs. Kimberley Tew's Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing, Doc. 409, which Mr. Tew hereby adopts the same rationale and law raised by Ms. Tew, Mr. Tew requests that the Court schedule a hearing to determine whether he intended to waive any portion of his constitutional rights to cross-examine witnesses against him without his incriminating statements being used against him. As an offer of proof, at such a hearing Mr. Tew and/or his then counsel would testify that his attorney advised him that the agreement meant that his proffer would be put into evidence only if he introduced testimony

conflicting with the statements in the proffer agreement.

The Court's textual interpretation of the proffer agreements demonstrates that the purported waiver provisions were unclear three and a half years ago when Mr. Tew signed those agreements. The Court, grappling with this issue at the Trial Preparation Conference, admitted as much:

> [The Court]    And I think it's also an easy case that if the defense, on the opposite extreme, if the defense is very limited and extremely careful about how they characterize things, and say only things like the government – the evidence the government has presented doesn't support X, Y, or Z, then it's an easy case, that none of it gets in. But to me, it's a little bit more of a gray area between those two. If they don't testify, and if counsel simply is saying things like, to an agent, *You don't have – this exhibit doesn't say who created the email account, does it?*
>
> [AUSA]         Hm-hm.
>
> [The Court]    And things like that, trying to draw this line, that you are suggesting I try to draw, seems very difficult and not obvious, to me, that even someone with experienced counsel would understand that they are walking that line, when they agree to this, because it's just hard for me to figure out a really principled distinction between some of the things that you are asking me to distinguish.

Transcript of Trial Preparation Conference at p. 52.

For these reasons, Mr. Tew requests the Court reconsider its Order and hold a hearing to determine whether he knowingly waived constitutional and not just evidentiary rights when he agreed to proffer with the government in July 2020.

DATED this 4th day of February, 2024.

<div style="text-align:right">

_____/s/   Jason D. Schall_____

Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

</div>

      */s/ Kristen M. Frost*
Kristen M. Frost
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
E-mail: frost@ridleylaw.com
Attorneys for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

      */s/ Jason D. Schall*
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

      */s/ Jason D. Schall*
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202

David Kaplan / Jamie Hubbard
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203

(303) 454-0100                                    (720) 689-8909
Bryan.Fields3@usdoj.gov                           kaplan@slhlegal.com
                                                  hubbard@slhlegal.com
                                                  *Attorneys for Kimberley Ann Tew*

      I hereby certify that I will mail or serve the filing to the following participants:

          Mr. Michael Aaron Tew (defendant)


                    */s/   Jason D. Schall*
                    Jason D. Schall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

      Defendant.

---

## NOTICE OF SUBMISSION OF ALTERNATIVE VERSION OF CHARGES FOR JUROR NOTEBOOKS

---

Kimberley Tew, through counsel, submits the attached as an alternative to providing the full speaking indictment to the jury. The attached provides the jury with the information it needs to consider the charges in this case but omits unnecessary verbiage that is prejudicial to the defendants.

Dated: February 4, 2024.

Respectfully submitted,


*s/ Jamie Hubbard*
_____
Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

2

**Certificate of Service**

I certify that on February 4, 2024, I electronically filed the foregoing *Notice of Submission of Alternative Version of Charges for Juror Notebooks* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

s/ Brenda Rodriguez
Brenda Rodriguez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No.: 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

  1. **MICHAEL AARON TEW**;

  2. **KIMBERLEY ANN TEW**; and
     a/k/a Kimberley Vertanen

  3. **JONATHAN K. YIOULOS**,

  **Defendants.**

---

## INDICTMENT

---

The Grand Jury charges that:

### <u>Count 1</u>

Beginning no later than June 2018 and continuing until about July 2020, in the State and District of Colorado, and elsewhere,

<div align="center">
MICHAEL AARON TEW<br>
KIMBERLEY ANN TEW<br>
and<br>
JONATHAN K. YIOULOS,
</div>

did knowingly combine, conspire, confederate, and agree together and interdependently to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

<div align="center">1</div>

<u>Counts 2-39</u>

Beginning not later than July 2018 and continuing thereafter until about July 2020, in the State and District of Colorado, and elsewhere

MICHAEL AARON TEW
KIMBERLEY ANN TEW
and
JONATHAN K. YIOULOS,

knowingly devised and intended to devise a scheme to defraud and to obtain money and property from N.A.C., Inc., and its affiliates and subsidiaries that MICHAEL AARON TEW, KIMBERLEY ANN TEW, AND YIOULOS knew were fraudulent and were based on or supported by fraudulent invoices reflecting services that had not been provided to N.A.C., Inc. and its affiliates and subsidiaries.

For purposes of executing and attempting to execute the scheme, defendants MICHAEL AARON TEW, KIMBERLEY ANN TEW, AND YIOULOS, having devised and intending to devise the scheme, transmitted, and caused to be transmitted by means of wire communication in interstate commerce writing, signs, and signals, that is, payments reflecting the transfer of funds in the amounts listed below from the account listed below as held by N.A.C., Inc. and its subsidiaries and affiliates at Signature Bank to accounts at the banks identified below, which were controlled by or accessible to MICHAEL AARON TEW or KIMBERLEY ANN TEW, or otherwise associated with contacts of MICHAEL AARON TEW or KIMBERLEY ANN TEW:

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 2 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | August 8, 2018 | $15,000 | ACH transaction from Signature Bank account ending in 5529 to Guaranty Bank and Trust account ending in 7867, held in the name of Michael A. Tew |

2

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 3 | MICHAEL AARON TEW JONATHAN YIOULOS | October 26, 2018 | $30,000 | ACH transaction from Signature Bank account ending in 5529 to Regions Bank account ending in 4514, held in the name of M.M. |
| 4 | MICHAEL AARON TEW JONATHAN K. YIOULOS | October 30, 2018 | $10,000 | Wire transfer from Signature Bank account ending in 5529 to Regions Bank account ending in 4514, held in the name of M.M. |
| 5 | MICHAEL AARON TEW JONATHAN K. YIOULOS | November 20, 2018 | $30,000 | ACH transaction from Signature Bank account ending in 5529 to Regions Bank account ending in 4514, held in the name of M.M. |
| 6 | MICHAEL AARON TEW JONATHAN K. YIOULOS | November 27, 2018 | $30,000 | ACH transaction from Signature Bank account ending in 5529 to BBVA Compass account ending in 0987, held in the name of 5530 Jessamine Development LLC |
| 7 | MICHAEL AARON TEW JONATHAN K. YIOULOS | December 12, 2018 | $25,000 | ACH transaction from Signature Bank account ending in 5529 to ANB account ending in 3099, held in the name of M.M. |

3

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 8 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 8, 2019 | $15,250 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 9 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 20, 2019 | $15,250 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 10 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | March 29, 2019 | $38,000 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 11 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | April 4, 2019 | $11,250 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 12 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | July 24, 2019 | $45,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

4

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 13 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 7, 2019 | $31,500.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 14 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 19, 2019 | $9,500.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 15 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 22, 2019 | $28,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 16 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | September 4, 2019 | $45,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 17 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | September 10, 2019 | $18,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

5

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 18 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | September 18, 2019 | $33,500.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 19 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | September 26, 2019 | $52,750.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 20 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | October 17, 2019 | $75,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 21 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | October 25, 2019 | $43,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 22 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | November 1, 2019 | $49,750.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

6

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 23 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | November 8, 2019 | $40,500.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 24 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | November 26, 2019 | $43,250.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 25 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | December 3, 2019 | $9,550.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 26 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | December 12, 2019 | $24,500.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 27 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | December 24, 2019 | $15,200.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

7

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 28 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 12, 2020 | $33,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 29 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 20, 2020 | $95,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 30 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | March 3, 2020 | $36,555.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 31 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | March 10, 2020 | $35,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 32 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | March 20, 2020 | $22,500.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

8

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 33 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | April 1, 2020 | $73,460.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 34 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | April 7, 2020 | $36,925.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 35 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | April 16, 2020 | $68,255.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 36 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | April 28, 2020 | $46,850.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 37 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | May 6, 2020 | $85,325.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

9

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 38 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | May 13, 2020 | $82,422.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 39 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | May 21, 2020 | $78,565.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 40 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | July 3, 2020 | $95,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 3094, held in the name of Global Fuel Logistics Inc, with Michael A. Tew as the listed owner |

All in violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

## COUNT 41

Beginning on a date unknown to the grand jury but not later than in or about June 2018 and continuing to in or about July 2020, in the State and District of Colorado and elsewhere,

MICHAEL AARON TEW
and
KIMBERLEY ANN TEW

did knowingly combine, conspire, confederate and agree with each other and acted interdependently, ot commit offenses against the United States in violation of Title 18, United States Code, Section 1957, to

wit to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, as specified below, such property having been derived from a specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1957.

## COUNTS 42-56

On or about the dates identified below, within the District of Colorado and elsewhere, the defendants named in each count below did knowingly engage in and attempt to engage in monetary transactions, specifically deposits, withdrawals, and transfers of funds and monetary instruments, in and affecting interstate commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, specifically, wire fraud, in violation of Title 18 United States Code, Section 1343, knowing that the property involved in such monetary transaction represented the proceeds of some form of unlawful activity, as follows:

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 42 | MICHAEL AARON TEW | June 4, 2019 | $15,000.00 | Withdrawal from Navy Federal Credit Union account ending in 8486, held in the names of MICHAEL AARON TEW and KIMBERLEY TEW |
| 43 | KIMBERLEY ANN TEW | June 11, 2019 | $15,000.00 | Withdrawal from Navy Federal Credit Union account ending in 8486, held in the names of MICHAEL AARON TEW and KIMBERLEY TEW |
| 44 | MICHAEL AARON TEW  KIMBERLEY ANN TEW | August 28, 2019 | $22,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

11

| 45 | MICHAEL AARON TEW | August 29, 2019 | $25,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 46 | MICHAEL AARON TEW | September 4, 2019 | $45,000.00 | Transfer from Navy Federal Credit Union account ending in 5336, held in the name of MICHAEL TEW to a Navy Federal Credit Union account ending in 8486, held in the names of MICHAEL AARON TEW and KIMBERLEY TEW |
| 47 | MICHAEL AARON TEW KIMBERLEY ANN TEW | September 18, 2019 | $15,000.00 | Wire transfer from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC, to JPMorgan Chase Bank, N.A. account ending in 8260 |
| 48 | MICHAEL AARON TEW KIMBERLEY ANN TEW | September 26, 2019 | $20,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 49 | MICHAEL AARON TEW | September 27, 2019 | $20,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 50 | MICHAEL AARON TEW | October 1, 2019 | $20,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 51 | MICHAEL AARON TEW | October 2, 2019 | $12,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

12

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 52 | MICHAEL AARON TEW | November 1, 2019 | $20,611.01 | Transfer from Wells Fargo account ending in 6934, held in the name of Sand Hill LLC to Continental Volkswagen at Comerica Bank account ending in 5559 |
| 53 | MICHAEL AARON TEW | February 20, 2020 | $20,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 54 | MICHAEL AARON TEW | February 21, 2020 | $15,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 55 | MICHAEL AARON TEW | February 27, 2020 | $20,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 56 | MICHAEL AARON TEW  KIMBERLEY ANN TEW | March 3, 2020 | $20,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |

All in violation of Title 18, United States Code, Section 1957.

## COUNT 57

During the calendar year 2019, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $24,400. Because of such gross income, he was required by law, on or before July 15, 2020, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

13

All in violation of Title 26, United States Code, Section 7203.

## COUNT 58

During the calendar year 2018, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $24,000. Because of such gross income, he was required by law, on or before April 15, 2019, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 59

During the calendar year 2017, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $20,800. Because of such gross income, he was required by law, on or before April 17, 2018, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 60

During the calendar year 2016, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $20,700. Because of such gross income, he was required by law, on or before April 18, 2017, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

14

A TRUE BILL:

Ink signature on file in Clerk's Office
FOREPERSON

JASON R. DUNN
United States Attorney

s/ Hetal J. Doshi
Hetal J. Doshi
Matthew T. Kirsch
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email:  Hetal.Doshi@usdoj.gov
         Matthew.Kirsch@usdoj.gov
         *Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **MICHAEL AARON TEW,** and
2. **KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,**

Defendants.

---

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR RECONSIDERATION OF COURT'S ORDER REGARDING PROFFER STATEMENTS

---

"It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The proffer statements the defendants are asking the court to reconsider were signed in 2020, were discussed extensively during the pretrial motions hearing in October 2022, and were the subject of argument just five days ago at the pretrial conference. This past Thursday, the Court issued its ruling:

> Nor have the defendants met their burden to show that their entry into these agreements was not knowing and voluntary. *U.S. v. Smith*, 770 F.3d 628, 638 (7th Cir. 2014) (defense has burden to show waiver not voluntary and knowing and citing *Mezzanato*, 513 U.S. at 210); *U.S. v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013) (holding similarly). While Ms. Tew has made vague assertions that her agreement was not entered into "knowingly," it became clear at the conference that this was actually a dispute about the scope of the agreement's terms. Because these agreements are treated as contracts, the court sees no reason to hold an evidentiary hearing to interpret their scope, and Ms. Tew has provided

1

no specific authority for doing so here.

ECF No. 404 at 2 (footnote omitted). The defendants advance no good cause for the

Court to reconsider an issue decided two business days ago. Their respective motions

for reconsideration, ECF Nos. 409 and 410, should be denied.

## I.   The defendants have articulated no basis for reconsideration — and no legal precedent that would guide a principled method for doing so

The rules of criminal procedure do not provide for motions for reconsideration.

Whether to entertain such a motion is left to the sound discretion of the court, which

can consider analogous rules from the civil realm. *United States v. Baraja-Chavez*,

358 F.3d 1263, 1266 (10th Cir. 2004). In exercising that discretion, the Court should

consider whether it was reasonable for the parties (a) to wait until the week before

the pretrial conference to raise an issue that has been known from the start, (b) to

wait until a reply brief to make fulsome arguments engaging with text and caselaw

they did not deem worth bringing to the court's attention in their primary brief, and

(c) to file a motion for reconsideration on the literal eve of trial. It is not. *Cf. United

States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (suggesting fourteen-day

deadline is appropriate benchmark). The Court should exercise its discretion to

summarily dismiss the motions as ones filed out of time and without good cause. *Id.*

("Motions for reconsideration, however, cannot be brought at simply any time. If they

could, criminal proceedings might never end.").

Alternatively, the motions should be denied because they do not even attempt

to articulate that there had been an "intervening change in the law," the discovery of

2

"new evidence previously unavailable," or something necessary to "correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. *See* ECF Nos. 409 and 410 (omitting reference to any legal principle or precedent that would authorize or encourage reconsideration). Nothing about the law or the facts has changed in the intervening days since the Court's order. Indeed, the motions make clear that the defendants advance the same position they did last week — a challenge to the *scope* of the waiver, not the fundamental nature of the waiver itself. ECF No. 404 at 2.

To the extent that Kimberley Tew's motion now implicitly seeks reconsideration because of a "manifest injustice," it simply elaborates on the same argument already raised (late) in her reply brief. In the reply, she argued that any waiver purporting to sign away the right to counsel, the right to confront witnesses, and the right to present a defense, was not knowing and voluntary. ECF No. 398. She makes the same argument now, differentiating its presentation only in citations to new cases. ECF No. 409 at 2-3 (making arguments about right to confrontation and law regarding waiver). The government addressed this argument in its response, ECF No. 393, and repeats those arguments here. The defendant did not sign away her right to confront witnesses or to present a defense; she simply agreed that if she told prosecutors one thing and later tried to argue to a jury something else, the jury would get to hear both statements, taking all information into account when deliberating over its verdict. Subject to the Court's admonishment regarding the rules of professional responsibility, Kimberley Tew can ask her lawyers to cross-examine

witnesses however she likes, and she retains the ability to present any defense she wants. She just faces the agreed-upon consequences for doing so. ECF No. 393 at 11-13.

To the extent that Kimberley Tew's motion implicitly seeks reconsideration based on "new evidence that was previously unavailable" in the form of her lawyer's selective waiver of attorney-client privilege, she is similarly asking for yet another bite at the apple. Evidence of her present attorneys' interpretation of the contract she signed back then is not new — she could have made the argument in her (late) reply brief.  Or indeed, virtually any time before that. But even if she had, it is hard to see how that would have made a difference given that the court's clear *legal* ruling, which makes her *factual* assertion irrelevant: her issue relates to the scope of the contractual language, not whether the contract itself was knowing and voluntary. ECF No. 404 at 2; *see also* ECF No. 393 at 6 (quoting Judge Easterbrook's colorful rephrasing of black-letter law regarding contracts: they do not become invalid through the gambit of asserting unanticipated consequences).

Finally, to the extent Kimberley Tew's motion seeks reconsideration because of "clear error," she now seeks a do-over regarding her arguments about the text of the proffer agreement.  She is not wrong to point out that the proffer agreement in *Oluwanisola* used different language. But that doesn't make her preferred interpretation right. She had the opportunity to raise textual arguments for the first time in her original motion, and yet again in her (late) reply brief. The Court had that brief, and heard extensive arguments of counsel, at the hearing.  And it rejected that

4

reading of the proffer, pointing out that clients "take positions" and "present arguments" through attorneys. ECF No. 404 at 3. The government responds here by repeating what it argued that the hearing: the language of the proffer agreement at issue is substantially similar to the language interpreted in *Krilich*. The waiver's trigger includes cross-examination and argument by counsel that is inconsistent with the proffer. ECF No. 404 at 2 (citing *United States v. Krilich*, 159 F.3d 1020, 1024-25 (7th Cir. 1998) and noting similarities of language). If Robert Krilich couldn't use cross-examination to make insinuations inconsistent with a proffer, neither should Kimberley Tew.

For his part, Michael Tew quotes from the transcript of the pretrial conference and suggests that the Court's active and dynamic engagement of issues through argument somehow supersedes a thoughtful written order issued later, with the benefit of time to fully consider everyone's written and oral positions. ECF No. 410. But that is like using a hypothetical raised by a judge in an oral argument to second-guess a later written ruling. That is not how courts work (or should work) – oral argument is useful for judges to honestly grapple with the issues and tease out all the implications of an argument, to the benefit of the parties and the public.

The Court should put an end to the infinite time loop related to the Tews' arguments about their proffer agreements. Groundhog Day[1] was Friday. Trial should

---

[1] *See Dawn T. v. Saul*, NO. 18-cv-50101, 2019 WL 4014240, at *1 n.1 (N.D. Ill. Aug. 26, 2019) (describing rich and extensive history of the movie's reference in litigation all the way to the Supreme Court and, of course, its use as a shorthand lament for parties trapped in litigation that seems to present the same issue over and over.)

5

proceed tomorrow, consistent with the Court's order. The Tews can present any defense they choose, mindful of the fact that choices have consequences.

COLE FINEGAN
United States Attorney

By: */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Bryan Fields*
Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuances granted on March 17, 2023. ECF Nos. 317 and 318.

*/s/ Bryan Fields*
Bryan Fields

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of February 4th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

<u>s/ *Sarah H. Weiss*</u>
Sarah H. Weiss
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Sarah.Weiss@usdoj.gov

CASE CAPTION:  USA v. Tew, et al.

CASE NO.:  20-cr-00305-DDD

EXHIBIT LIST OF:          Kimberley Tew
                    (Name and Party Designation)

| Exhibit | Witness | Brief Description | Stipulation | Offered | Admitted | Refused | Court Use Only |
|---------|---------|------------------|-------------|---------|----------|---------|----------------|
| A | | Rose Management Group 1099s and Declaration | | | | | |
| B | | Miscellaneous Tax Records for Michael Tew (2017-2019) | | | | | |
| C | | 3.15.19 Communications between M Tew and K Tew | | | | | |
| D | | 4.11.19 Communications between M Tew and K Tew | | | | | |
| E | | 4.30.20 Communications between M Tew and K Tew | | | | | |
| F | | 6.13.19 Communications between M Tew and K Tew | | | | | |
| G | | 6.24.19 Communications between M Tew and K Tew | | | | | |
| H | | 7.2.19 Communications between M Tew and K Tew | | | | | |
| I | | 7.15.19 Communications between M Tew and K Tew | | | | | |
| J | | 7.18.19 Communications between M Tew and K Tew | | | | | |
| K | | 8.14.19 Communications between M Tew and K Tew | | | | | |
| L | | 9.18.19 Communications between M Tew and K Tew | | | | | |
| M | | Invoices from Sand Hill to Rose Management Group | | | | | |
| N | | Google voice linked cookies | | | | | |
| O | | 7.01.20 Communications between M Tew and K Tew | | | | | |
| P | | Jonathan Yioulos Resume - 2020 | | | | | |
| | | | | | | | |
| | | | | | | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE DANIEL D. DOMENICO**

---

Date:                     February 5, 2024          Prob./Pret.:   N/A
Courtroom Deputy:  Robert R. Keech          Interpreter:    N/A
Court Reporter:        Tammy Hoffschildt

---

Criminal Case No. **1:20-cr-00305-DDD**          <u>Counsel:</u>

UNITED STATES OF AMERICA,                      Bryan D. Fields
                                                               Sarah H. Weiss

              Plaintiff,

v.

1. MICHAEL AARON TEW;                          Jason D. Schall
and                                                       Kristen M. Frost
2. KIMBERLY ANN TEW,                            David S. Kaplan
                                                               Jamie H. Hubbard

              Defendants.

---

**COURTROOM MINUTES**

---

**TRIAL TO JURY (DAY 1)**

**8:47 a.m.      Court in session.** Jury not present. Defendants present, on bond.

Discussion regarding objections to the Indictment being sent to the jury, preliminary matters, and motions filed over the weekend.

**ORDERED:**   [409] Defendant Kimberly Ann Tew's Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing is **DENIED.**

**ORDERED:**   [410] Defendant Michael Aaron Tew's Motion for Reconsideration of Court's Order Regarding Proffer Agreements and Request for Hearing is **DENIED.**

1

| | |
|---|---|
| **9:00 a.m.** | **Court in recess.** |
| **9:22 a.m.** | **Court in session.** Jury present. |
| | Court's opening remarks to prospective jurors. |
| 9:31 a.m. | Voir dire oath given. |
| 9:32 a.m. | Voir dire by Court commences. |
| 9:41 a.m. | Bench conference regarding voir dire as to juror 100478684. |
| 9:45 a.m. | Voir dire by Court continues. |
| 9:51 a.m. | Bench conference regarding voir dire of juror 100487853. |
| 9:53 a.m. | Voir dire by Court continues. |
| 10:05 a.m. | Bench conference regarding voir dire of juror 100499899. |
| 10:07 a.m. | Bench conference regarding voir dire of juror 100486112. |
| 10:09 a.m. | Voir dire by Court continues. |
| 10:24 a.m. | Bench conference regarding voir dire of juror 100496425. |
| 10:25 a.m. | Voir dire by Court continues. |
| 10:34 a.m. | Bench conference regarding challenges for cause as to juror 100479487. |
| 10:36 a.m. | Voir dire by Court continues. |
| **10:43 a.m.** | **Court in recess.** |
| **10:56 a.m.** | **Court in session.** Jury present. |
| | Voir dire by Court continues. |
| 11:26 a.m. | Voir dire by Government by Ms. Weiss. |
| 11:49 a.m. | Voir dire by Defendant Michael Aaron Tew by Ms. Frost. |
| 12:00 p.m. | Voir dire by Defendant Kimberly Ann Tew by Ms. Hubbard. |

12:11 p.m.    Voir dire by Court continues.

12:20 p.m.    Bench conference regarding challenge for cause as to juror 100483499. Defendants' challenge jurors 100487853 and 100508777 for cause – OVERRULED.

12:27 p.m.    Voir dire by Court continues.

**12:29 p.m.**    **Court in recess.**

**1:36 p.m.**    **Court in recess.** Jury not present.

    Court's remarks to counsel regarding peremptory challenges which will be done off the record.

**1:37 p.m.**    **Court in recess.**

**1:54 p.m.**    **Court in session.** Jury not present.

Defendants' Batson challenge as to jurors100476984 and 100503819.

**ORDERED:**    Defendants' Batson challenge as to jurors100476984 and 100503819 is **DENIED.**

Discussion regarding the basis for peremptory challenges.

2:06 p.m.    Jury enters.

Court's remarks to jurors regarding those who were excused.

<u>Challenges for Cause:</u>

  1)    100510162
  2)    100478684
  3)    100513116
  4)    100484691
  5)    100496425
  6)    100479269
  7)    100479487
  8)    100490873
  9)    100483499
 10)    100475936

3

Peremptory challenges by Government:

1)    100520578
2)    100503819
3)    100476984
4)    100501698
5)    100486112
6)    100481549

Peremptory challenges by Defendant:

1)    100487853
2)    100499070
3)    100508777
4)    100515424
5)    100499899
6)    100509932
7)    100474147
8)    100510255
9)    100509339
10)   100485172
11)   100512625

Court's remarks to jury.

2:10 p.m.    Jury sworn to try the case:

1)    100505639    2)    100497700
3)    100490018    4)    100507419
5)    100495665    6)    100499527
7)    100495206    8)    100518357
9)    100480054    10)   100495067
11)   100517226    12)   100475229
13)   100485198

2:12 p.m.    Court reads preliminary jury instructions.

**2:41 p.m.    Court in recess.**

**2:59 p.m.    Court in session.** Jury not present.

Discussion regarding protocol for opening statements.

4

3:02 p.m.      Jury enters.

3:03 p.m.      Opening statement by Government by Ms. Weiss.

3:30 p.m.      Opening statement by Defendant Michael Aaron Tew by Mr. Schall.

3:41 p.m.      Opening statement by Defendant Kimberly Ann Tew by Mr. Kaplan.

3:58 p.m.      Bench conference regarding argument on Defendant Kimberly Ann Tew's oral motion to sever.

**ORDERED:**   Defendant Kimberly Ann Tew's oral motion to sever is **TAKEN UNDER ADVISEMENT.**

**ORDERED:**   Parties shall file simultaneous briefs on the motion to sever by the end of the day on **Wednesday, February 7, 2024.**

4:10 p.m.      Government's witness **Jonathan Yioulos** sworn.

               Direct examination by Government by Mr. Fields.
               *Exhibit(s) identified:      527, 531, 986, 605*

**Exhibit(s) 527, 531, 986 RECEIVED.**

4:42 p.m.      Bench conference regarding objection to exhibit 605.

4:47 p.m.      Direct examination by Government continues by Mr. Fields.
               *Exhibit(s) identified:      605, 863*

**Exhibit(s) 605 (portion shown) RECEIVED.**

4:49 p.m.      Bench conference regarding objection to exhibit 863.

4:55 p.m.      Direct examination by Government continues by Mr. Fields.
               *Exhibit(s) identified:      863*

**Exhibit(s) 863 (portion shown) RECEIVED.**

5:00 p.m.      Jury excused for the day and shall report back on Tuesday, February 6, 2024, at 9:00 a.m.

Discussion regarding objection by defendants to the word conspiracy on direct

5

examination of Mr. Yioulos.

**ORDERED:**  Bond is **CONTINUED** as to Defendants Michael Aaron Tew and Kimberly Ann Tew.

**5:05 p.m.**      **Court in Recess. <u>TRIAL CONTINUED.   TOTAL TIME: 6:01</u>**

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE DANIEL D. DOMENICO**

**Criminal Case No.: 1:20-cr-00305-DDD**

**Unites States of America**

**v.**

**1. Michael Aaron Tew and 2. Kimberly Ann Tew**

| | Juror Number | Juror Name | Government Challenge | Defendant Challenge | |
|---|---|---|---|---|---|
| 1. | 100499899 | Juror names redacted. | | 5 | 1. |
| 2. | 100505639 | | | | 2. |
| 3. | 100497700 | | | | 3. |
| 4. | 100490018 | | | | 4. |
| 5. | 100486112 | | 5 | | 5. |
| 6. | 100507419 | | | | 6. |
| 7. | 100485665 | | | | 7. |
| 8. | 100499527 | | | | 8. |
| 9. | 100495206 | | | | 9. |
| 10. | 100509339 | | | 9 | 10. |
| 11. | 100474147 | | | 7 | 11. |
| 12. | 100510255 | | | 8 | 12. |
| 13. | 100485172 | | | 10 | 13. |
| 14. | 100518357 | | | | 14. |
| 15. | 100480054 | | | | 15. |
| 16. | 100495067 | | | | 16. |
| 17. | 100509932 | | | 6 | 17. |
| 18. | 100476984 | | 3 | | 18. |

| 19. | 100487853 | | | ① | 19. |
|-----|-----------|---|---|---|-----|
| 20. | 100517226 | | | | 20. |
| 21. | 100475229 | | | | 21. |
| 22. | 100499070 | | | ② | 22. |
| 23. | 100515424 | | | ④ | 23. |
| 24. | 100508777 | | | ③ | 24. |
| 25. | 100501698 | | ④ | | 25. |
| 26. | 100475936 | | | | 26. |
| 27. | 100503819 | | ② | | 27. |
| 28. | 100520578 | | ① | | 28. |
| 29. | 100481549 | | Alt 1 | | 29. |
| 30. | 100512625 | | | Alt -1- | 30. |
| 31. | 100485198 | | | | 31. |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE DANIEL D. DOMENICO**

---

Date:                February 6, 2024           Prob./Pret.:   N/A
Courtroom Deputy:  Robert R. Keech          Interpreter:   N/A
Court Reporter:     Tammy Hoffschildt

---

Criminal Case No. **1:20-cr-00305-DDD**          <u>Counsel:</u>

UNITED STATES OF AMERICA,                  Bryan D. Fields
                                            Sarah H. Weiss

              Plaintiff,

v.

1. MICHAEL AARON TEW;                      Jason D. Schall
and                                         Kristen M. Frost
2. KIMBERLEY ANN TEW,                      David S. Kaplan
                                            Jamie H. Hubbard

              Defendants.

---

**COURTROOM MINUTES**

---

**TRIAL TO JURY (DAY 2)**

**9:01 a.m.      Court in session.** Defendants present, on bond. Jury not present.

Discussion regarding procedure for exhibits that were partially admitted yesterday and pending motion to sever.

9:23 a.m.      Jury enters.

1

9:23 a.m.      Government's witness **Jonathan Yioulos** resumes.

Direct examination by Government continues by Mr. Fields.
*Exhibit(s) identified:       857, 731, 707, 865, 659, 433, 8, 9-40, 355-362,
365-367, 369-377, 379, 380, 383, 384, 386-392, 428-468, 492, 2, 3, 5, 7,
832, 642, 646*

**Exhibit(s) 857, 605 (entire exhibit), 863 (entire exhibit), 731, 707, 865, 659, 433, 8, 9-40, 355-362, 365-367, 369-377, 379, 380, 383, 384, 386-392, 428-468, 492, 2, 3, 5, 7, 832, 642 RECEIVED.**

**10:37 a.m.     Court in recess.**

**10:58 a.m.     Court in session.** Jury enters.

11:00 a.m.     Government's witness **Jonathan Yioulos** resumes.

Direct examination by Government continues by Mr. Fields.
*Exhibit(s) identified:       732, 733, 741, 742, 706, 705, 747, 748, 765,
775, 635*

**Exhibit(s) 732, 733, 741, 742, 706, 705, 747, 748, 765, 775 RECEIVED.**

11:27 a.m.     Bench conference regarding objection to exhibit 635.

11:30 a.m.     Direct examination by Government continues by Mr. Fields.
*Exhibit(s) identified:       635, 636, 715, 718, 717, 601, 603, 607, 602,
611, 629, 638*

**Exhibit(s) 636, 717, 601, 603, 607, 602, 611, 629, 638, 674 RECEIVED.**

**12:06 p.m.     Court in recess.**

**1:05 p.m.      Court in session.** Jury not present.

Discussion regarding objections to exhibits 974 and 975.

**1:12 p.m.      Court in recess.**

2

**1:24 p.m.**     **Court in session.** Jury enters.

1:24 p.m.     Government's witness **Jonathan Yioulos** resumes.

Direct examination by Government continues by Mr. Fields.
*Exhibit(s) identified:     611, 629, 638, 642, 674, 613, 614, 615, 625,
638, 639, 628, 647, 649, 680, 692, 683, 694, 657, 537, 540, 541, 542,
543, 637, 697, 649, 650, 674, 659, 665, 668, 673, 692, 693, 939, 688,
700, 703, 706, 711, 716, 719, 723, 727, 732, 737, 742, 748, 764, 801,
725, 749, 688, 687, 700, 703, 774, 801, 708, 681, 795, 801, 817*

**Exhibit(s) 613, 614, 615, 625, 639, 647, 649, 680, 692, 683, 694, 657, 537, 540, 541,
542, 543, 697, 650, 665, 668, 673, 693, 939, 688, 700, 703, 711, 719, 723, 727, 732,
737, 742, 764, 801, 725, 749, 774, 681, 795, 817 RECEIVED.**

**3:13 p.m.**     **Court in recess.**

**3:30 p.m.**     **Court in session.** Jury not present.

Further discussion regarding objection to exhibits 974 and 975.

3:46 p.m.     Jury enters.

Government's witness **Jonathan Yioulos** resumes.

Direct examination by Government continues by Mr. Fields.
*Exhibit(s) identified:     383, 817, 13, 15, 17, 18, 19, 22, 23, 841, 844,
845, 875, 887, 903, 912, 928, 933, 935, 950, 952, 953, 954, 955, 959,
969, 828, 830, 14, 833, 15, 820, 837, 685, 689, 786, 788, 858, 796, 969,
390, 972, 974*

**Exhibit(s) 841, 844, 845, 875, 887, 903, 912, 928, 933, 935, 950, 952, 953, 954, 955,
959, 969, 828, 830, 833, 820, 837, 689, 786, 788, 858, 796, 972, 974 RECEIVED.**

4:57 p.m.     Jury excused for the day and shall report back on Wednesday, February
7, 2024, at 9:00 a.m.

Discussion regarding objections to exhibit 974.

Defendant Kimberley Ann Tew's oral motion for severance.

Argument by counsel.

3

**ORDERED:** Defendant Kimberley Ann Tew's oral motion for severance is **TAKEN UNDER ADVISEMENT.**

Discussion regarding objection to text message exhibits.

**ORDERED:** Bond is **CONTINUED** as to Defendants Michael Aaron Tew and Kimberley Ann Tew.

**5:12 p.m.**   **Court in Recess. <u>TRIAL CONTINUED.   TOTAL TIME: 6:24</u>**

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## JUDGE DANIEL D. DOMENICO

---

Date:                  February 7, 2024          Prob./Pret.:  N/A
Courtroom Deputy:  Robert R. Keech             Interpreter:   N/A
Court Reporter:      Tammy Hoffschildt

---

Criminal Case No. **1:20-cr-00305-DDD**          <u>Counsel:</u>

UNITED STATES OF AMERICA,                    Bryan D. Fields
                                             Sarah H. Weiss
              Plaintiff,

v.

1. MICHAEL AARON TEW;                        Jason D. Schall
and                                          Kristen M. Frost
2. KIMBERLEY ANN TEW,                        David S. Kaplan
                                             Jamie H. Hubbard
              Defendants.

---

## COURTROOM MINUTES

---

**TRIAL TO JURY (DAY 3)**

**8:54 a.m.**    **Court in session.** Defendants present, on bond. Jury not present.

Discussion regarding protocol as to exhibit 974 and an issue as to one juror.

**8:57 a.m.**    **Court in recess.**

**9:11 a.m.**    **Court in session.** Jury not present.

9:12 a.m.        Bench conference: Court informs counsel of an issue with a juror and
                 efforts to remedy the situation.

1

9:16 a.m.      Jury enters.

Government's witness **Jonathan Yioulos** resumes.

Direct examination by Government continues by Mr. Fields.
***Exhibit(s) identified: 974, 841, 975, 742, 976***

**Exhibit(s) 975, 976 RECEIVED.**

**10:43 a.m.      Court in recess.**

**11:09 a.m.      Court in session.** Jury enters.

11:12 a.m.     Government's witness **Jonathan Yioulos** resumes.

Cross examination by Defendant Michael Aaron Tew by Mr. Schall.

11:23 a.m.     Bench conference regarding recorded interview.

11:28 a.m.     Cross examination by Defendant Michael Aaron Tew continues by Mr. Schall.
***Exhibit(s) identified: 527***

**12:00 p.m.      Court in recess.**

**1:05 p.m.      Court in session.** Jury enters.

1:07 p.m.      Government's witness **Jonathan Yioulos** resumes.

Cross examination by Defendant Michael Aaron Tew continues by Mr. Schall.
***Exhibit(s) identified: 605, 707, 865, 832, 715, 717, 697, 650, Q, R, 795, 875, 747, 715, 527***

**Exhibit(s) Q, R RECEIVED.**

**2:52 p.m.      Court in recess.**

2

**3:12 p.m.**    **Court in session.** Jury enters.

3:15 p.m.    Government's witness **Jonathan Yioulos** resumes.

Cross examination by Defendant Michael Aaron Tew continues by Mr. Schall.

3:32 p.m.    Bench conference regarding recorded interview.

3:34 p.m.    Cross examination by Defendant Michael Aaron Tew continues by Mr. Schall.
*Exhibit(s) identified: T*

**Exhibit(s) T RECEIVED.**

3:39 p.m.    Cross examination by Defendant Kimberley Ann Tew by Mr. Kaplan.
*Exhibit(s) identified: 718, S, 614, 615, 639, 601, 603, 607, 732, 741, 912, 8, 12, 13, 20, 40, 356, 357, 362*

4:55 p.m.    Re-direct examination by Government by Mr. Fields.
*Exhibit(s) identified: 40, 38, 659*

5:00 p.m.    Jury excused for the day and shall report back on Thursday, February 8, 2024, at 9:00 a.m.

Discussion regarding admission of the entirety of the recorded interview and witness to appear via VTC tomorrow.

**ORDERED:**  Simultaneous briefs on severance issue shall be filed by the morning of Thursday, February 8, 2024.

**ORDERED:**  Bond is **CONTINUED** as to Defendants Michael Aaron Tew and Kimberley Ann Tew.

**5:05 p.m.**    **Court in Recess. TRIAL CONTINUED.   TOTAL TIME: 5:56**

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

    1.  **MICHAEL AARON TEW**;

    2.  KIMBERLY ANN TEW; and
       a/k/a Kimberley Vertanen

    3.  JONATHAN K. YIOULOS,

Defendants.

---

## MICHAEL TEW'S RENEWED MOTION FOR SEVERANCE

---

    Mr. Michael Tew, by and through counsel Kristen M. Frost of Ridley McGreevy & Winocur and Jason D. Schall of Bowlin & Schall LLC, respectfully renews the request to sever this case on behalf of Mr. Tew.   In support thereof, Mr. Tew states as follows:

### Introduction

    A court has a continuing duty at all stages of a trial to grant severance if prejudice continues to exist in a joint trial.  *See Schaffer v. United States,* 362 U.S. 511, 516 (1960); *United States v. Peveto,* 881 F.2d 844, 857 (quoting *Schaffer*).   That rule exits because as a practical matter, and not an academic one, prejudice to a defendant can manifest itself unexpectedly, at the last minute, after a jury is empaneled and as a criminal trial unfolds – as they often do – with unanticipated twists and turns, including when one co-defendant ends up inculpating the other.

1

This situation is not limited to a case where the defendants happen to be husband and wife. Indeed, that relationship status can actually have the opposite effect and up the ante on the surprise factor at trial.

In addressing Mr. Tew's renewed motion for severance, the Court has acknowledged its continuing duty to address this issue when Mr. Tew moved for a severance pursuant to Federal Rule of Criminal Procedure 14(a) at the conclusion of Mrs. Tew's opening statement. The Court raised *United States v. Jones,* 530 F.3d 1292 (10th Cir. 2008), and the government lodged general claims of "waiver" that are unsupported by the record. Mr. Tew maintains that nothing has been "waived," or forfeited, and that severance is now ripe and required. Further, applying *Jones* actually establishes why a severance is now required based on Mr. Tew's constitutional rights to due process, a fair trial, an impartial jury and his rights to confrontation and effective assistance of counsel. U.S. Const. ameds V, VI.

### Relevant Factual Background

1.     Michael Tew and Kimberly Tew have been represented by numerous attorneys in this case,[1] and at times, they were jointly represented by the same attorney and/or legal team.[2] Indeed, two different legal teams jointly represented this married couple at different times during

---

[1] *See* Docs. 4, 13, 15, 17-18, 25, 28, 30-31, 54-55, 58, 106, 111, 136, 151, 162, 166-167, 178, 180-182, 288-290, 305-306, 308.

[2] *See* Docs. 106, 136, 151 (Entry of Appearances for Tor Elkland, and his colleagues Michael Hassard and Xuan Zhou on behalf of both Michael Tew and Kimberly Tew); Docs. 166, 180-182 (Orders granting motions to withdraw as to Mr. Elkland, Mr. Hassard, and Mr. Zhou); Doc. 178 (Entry of Appearance for Peter Bornstein on behalf of both Michael Tew and Kimberly Tew); Doc. 288 (Motion For Order Appointing Separate Counsel filed by Mr. Bornstein); Doc. 289 (Order granting Mr. Bornstein's Motion For Order Appointing Separate Counsel); Doc. 290 (Entry of Appearance for David Kaplan on behalf of Kimberly Tew); Doc. 298 (Entry of Appearance for Mr. Bornstein on behalf of Michael Tew); Doc. 305 (Order withdrawing Mr. Bornstein as counsel for Michael Tew); Doc. 308 (Entry of Appearance for Jason Schall on

2

this case – namely, Tor Elkland and his firm, and Peter Bornstein and his firm.   Eventually the problematic nature of this joint representation reared its head, and separate counsel from the Criminal Justice Act Panel were appointed to represent Mr. Tew and Mrs. Tew independently.

2.      While representing both Mr. Tew and Mrs. Tew, Mr. Bornstein filed Defendant Kimberly Ann Tew's Motion For Severance on June 13, 2022.   Doc. 218.   Mr. Bornstein did not file a severance motion on behalf of his other client, Mr. Tew.   Mrs. Tew's motion moved for a severance pursuant to Rule 14(a) because: (1) the joinder of Ms. Tew with her husband Michael Tew in this case violates the *Bruton* Rule because in interviews Mr. Tew had made incriminating statements against Mrs. Tew and at a joint trial Mrs. Tew would be unable to cross-examine Mr. Tew about these statements.   *Id.* at ¶¶ 6-9.   As a basis for severance, Mrs. Tew's motion also generally asserted that a joint trial was prejudicial because "of the prejudice to Ms. Tew due to the sheer number of counts against Michael Tew in a joint trial, the evidence admissible on those counts and her different degree of culpability."   *Id.* at ¶ 15.   Again, in referring to the *quantity* of evidence and number of counts, versus a situation involving antagonistic defenses, the motion makes reference to the potential that jurors will not be able to follow instructions relating to Ms. Tew only and that the "evidence against Ms. Tew is far less than that the government intends to use against Michael Tew."

3.      Mrs. Tew's motion makes no reference to Mr. and Mrs. Tew (Mr. Bornstein's joint clients at the time) pointing fingers at one another at trial, much less the idea that Ms. Tew might completely blame Mr. Tew for all fraud and money laundering at trial; nor, does it even

---

behalf of Michael Tew); Doc. 349 (Order appointing Jamie Hubbard on behalf of Kimberly Tew); Doc. 368 (Entry of Appearance for Kristen Frost on behalf of Michael Tew).

make a general reference to what is oftentimes referred to as the concept of "antagonistic defenses." *See generally id.*

4.      On August 9, 2022, the government filed its Response In Opposition To Defendant Kimberly Ann Tew's Motion For Severance.  Doc. 230.  This Response addresses the *Bruton* claim, the quantity of evidence it has against Mr. and Mrs. Tew, including the proffer statements of each defendant, the "number of counts," and the fact that there may be less evidence related to Mrs. Tew.  *Id.* at ¶¶ 2-4.   In addressing the main issue, the government stated that the Tenth Circuit "has explained that'[t]he mere fact that one co-defendant is less culpable than the remaining co-defendants is not alone [a] sufficient ground' to overturn a district court that decides to try defendants together."  *Id.* at p. 6 (citing to *United States v. Williams,* 45 F.3d 1481, 1484 (10th Cir. 1995)).

5.      Counsel for Mr. and Mrs. Tew filed a Reply Re: Defendant Kimberly Ann Tew's Motion For Severance on behalf of Mrs. Tew on August 23, 2022 addressing these same issues – *Bruton* and differences in the quantity of evidence implicating his clients.  Doc. 248.

6.      Neither the government's Response, nor Mrs. Tew's Reply, raised the concept of antagonistic or mutually exclusive defenses.

7.      The Court issued its Order Denying Motion For Severance on October 27, 2022. Doc. 260.   The Order addressed the *Bruton* challenge, with respect to Mr. Tew's call with Jonathan Yioulos and the proffer agreements, and prejudicial joinder under Rule 14(a) with respect to the quantity and type of evidence related to Mr. Tew and Mrs. Tew.  *Id*.  The Order addressed *inter alia* the possibility of negative spill-over effect in a joint trial, that disparate culpability is not unusual in joint trials, and the inapplicability of *United States v. Sarracino,* 340 F.3d 1148, 1165 (10th Cir. 2003).   *Id.* at 7-8.  Ultimately, the Court decided that the difference

4

in number of counts and culpability between Mr. and Mrs. Tew does not present a risk of real prejudice in this case, and nor would a jury be unable to independently evaluate Mr. and Mrs. Tew because they are married. *Id.* at 7. The Court's Order did not address the issue of finger pointing, or antagonistic defenses, because that basis for severance had not been previously asserted by counsel for Mrs. Tew (or Mr. Tew).

8.      No attorney has filed a motion to sever on behalf of Mr. Tew in this matter.

9.      Discovery in this matter is voluminous.  It consists of multiple terabytes of reports, audio recordings and transcripts, including the transcripts of the proffer interviews of Mr. Tew and Mrs. Tew.  When the Tews gave these interviews at the beginning of this case, Mr. Tew requested a carve out for Mrs. Tew in his first proffer, and Mrs. Tew did the same in her proffer.  Doc. 394.1, Exhibit A.  This carve out was so that Mr. Tew could decline to answer questions about Mrs. Tew and all facts and alleged exposure related to her in the debriefing session.  Mrs. Tew negotiated the same type of carve out.  Doc. 394.3, Exhibit C.

10.     Undersigned counsel for Mr. Tew has never been party to a joint defense agreement with current counsel for Mrs. Tew.  More recently, the two sets of attorneys have conferred about trial logistics, for example, to be efficient and prudent.  Counsel for the two defendants have also discussed other practical matters, such as exhibits, witness issues and other non-privileged, routine matters.

11.     Undersigned counsel has not had access to Mrs. Tew's trial strategy, work product or attorney-client communications.  They did not have knowledge, indirect or otherwise, about Mrs. Tew's defense, investigation, trial strategy or what the content of her attorney's opening statement would be.  Likewise, counsel for Mrs. Tew did not have access to the strategy,

5

investigation, or work product of Mr. Tew's attorneys. Nor, did they know or have access to Mr. Tew's theory of defense or what his attorney would say in opening statement.

## Discussion

### I. Mr. Tew Has Not Waived Or Forfeited This Severance Request Because It Was Not Ripe Or Timely Until After Opening Statements.

Relying upon generalities, the government has improperly argued that Mr. Tew has somehow waived a specific rule and constitutional based challenge. But his severance motion is founded on fluid developments and evidence in an ongoing trial and there has been no abandonment of any known right on his part. The government's position overlooks the fact that Mr. Tew's motion could not have been raised earlier because the facts and circumstances giving rise to the need for a severance were not known until trial had begun.

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Carrasco-Salazar,* 494 F.3d 1270, 1272 (10th Cir. 2007)(quoting *United States v. Olano,* 507 U.S. 725, 733 (1993)). Waiver is accomplished by intent, whereas forfeiture comes about through neglect. *Carrasco-Salazar,* 494 F.3d at 1272. Mr. Tew has neither waived, nor forfeited, his right to request a severance through intent, or through neglect.

The severance motion filed on behalf of Mrs. Tew raised *Bruton* and Sixth Amendment concerns and argued the fact that Mrs. Tew was facing less charges than Mr. Tew and that the quantity of charges and evidence may prejudice Mrs. Tew at trial. Doc. 218. The related response, reply and Order address only those issues. None of these pleadings, or the related order, addressed antagonistic defenses, or mutually exclusive defenses, because the issue was not

6

raised by prior counsel. Contrary to the government's prior assertions on the record during trial, the specific basis for severance at issue now was not addressed in prior defense motions or the related Order. Further, it is difficult to imagine that Mr. Tew, who was represented by the same attorney as Mrs. Tew and relied upon that same attorney's advice, could have waived a known right to move to sever the trial based on antagonistic defenses at that stage of the case. The same logic applies to forfeiture.

Since the outset of this case, the Tews' conduct (that which is now documented in the record) has not reflected antagonism, despite their status as husband and wife co-defendants. Before agreeing to be debriefed by the government, Mr. Tew negotiated a carve out in the terms and conditions of his proffer agreement so that he was not compelled to say anything about Mrs. Tew. *Exhibit* B. The transcript of the proffer meeting shows Mr. Tew trying to protect Mrs. Tew. *See* Doc. 394.1. The same is true for Mrs. Tew, who obtained the same carve out. This conduct shows the Tews were not contemplating antagonistic defenses at the time that Mrs. Tew's motion to sever was filed.[3]  Undersigned counsel cannot speak to what the client dynamics looked like at that stage of the case.

Moving to more recent times, after trial in this matter was continued and new counsel were appointed for Mr. and Mrs. Tew, the Court scheduled another motions filing deadline. Doc. 338. A motion to sever was not filed at that point because the level of antagonism that exits *now during trial*, did not exist then in a way that would have substantiated filing a meritorious severance motion, or a ripe motion. Undersigned counsel is not at liberty to discuss client dynamics, client communications or client confidences at the time of the last filing deadline, or

7

now during trial. Colo. RPC 1.6, 1.7. What undersigned counsel can assert is that Mr. Tew's defense team has not been, and is not, in a joint defense agreement with Mrs. Tew's counsel. Mr. Tew's counsel has had no access to Mrs. Tew's trial strategy, communications with her attorneys or what approach Mrs. Tew would take at trial over the past many months.

Criminal trials are fluid and unpredictable, and what a criminal trial will ultimately look like after a jury is sworn typically remains unclear during the weeks and months leading up to a trial. Criminal defense attorneys, for example, as a general rule do not have the ability to take depositions in advance of trial. Unlike in a civil matter, where discovery typically closes on a date certain, the government in a federal criminal case oftentimes produces discovery and witness statements at the last minute, and the information contained in those late disclosures impacts the evolving defense strategy at trial. In the practice of criminal defense work, it is impossible to have a crystal ball, or any reliable indication of what could happen during a trial.

In this case, there were many last-minute events that impacted trial strategy. For instance, as of the last motions filing deadline in October of 2023, the *James* hearing had not yet occurred. The defense was not on notice of what exact evidence from the *James* log would actually be admitted at trial until the Court issued its Order Regarding Admissibility Of Rule 801(d)(2)(E) Statement on December 29, 2023. Doc. 361. The government did not file its final exhibit and witness lists until February 2, 2024, three days before trial. Docs. 407, 408. And, since the defense has no burden of proof, oftentimes defense strategy (although ongoing) is only solidified upon notice of how the government plans to prove its case and what evidence it will use to do so.

---

[3] Mr. Tew's second proffer letter did not contain this carve out and counsel cannot say any more than that. *See* CRPC 1.6, 1.7. Mrs. Tew had not yet been indicted at the time of this second

8

It should also be noted that the government disclosed significant additional discovery in the last several weeks and days leading up to trial, and these disclosures have continued during the trial.[4]  Even today, over the lunch break the government just disclosed interview notes for witnesses that may testify today.  That the defense has been receiving and reviewing discovery on an ongoing and last minute basis is another factor that has compounded the antagonistic nature of the positions of Mr. Tew and Mrs. Tew, as new information emerges in each new disclosure.

In sum, there are several practical reasons why a pre-trial motion for severance based on antagonistic, or mutually exclusive defenses, was simply not appropriate, timely or ripe before trial.   And, the Rules of Criminal Procedure recognize that there must be room for a criminal defendant to move for severance after trial has begun.  Rule 12 requires a defendant to file motions to sever before trial *only if* the basis for the motion was reasonably available before the trial and the motion can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3)(D).

Also, the unique position of a criminal defendant and the rights that protect the accused should also be noted at this juncture.  With some specific exceptions related to specific defenses that are not at issue here, a defendant has no obligation or duty to reveal his strategy, his general defenses or the core of his defense in a pleading before the Court.  In fact, in almost all cases it would be unwise to do so.  By way of analogy, in analyzing the constitutionality of a trial court's order requiring a criminal defendant to produce exhibits thirty days before trial began, the

---

proffer.
[4] The defense has received hundreds of pages of new discovery over the last several weeks.

9

Supreme Court of Colorado acknowledged that the special rights of the accused prohibits such disclosures:

> The disclosure order compels Kilgore to reveal exculpatory evidence and to tip his hand vis-à-vis his investigation and the theory of his defense. In effect, it forces Kilgore to share with the prosecution his trial strategy —i.e., how he plans to defend against the charges brought against him. This is problematic. Gaining access to Kilgore's exhibits prior to trial may help the prosecution meet its burden of proof. Put differently, the disclosure requirement rests on shaky constitutional ground because it improperly risks lessening the prosecution's burden of proof.

> *People v. Kilgore*, 2020 CO 6, ¶ 29, 455 P.3d 746, 751.

In this case, not only was a severance request not yet ripe before trial but filing one would have required Mr. Tew to explain his defense strategy under *Jones* would have put him in the unconstitutional position of lessening the prosecution's burden of proof, when nothing had yet triggered his duty to make such a motion.

Based on all of these evolving developments and moving parts, Mr. Tew's motion for severance was not an untimely request, *Carrasco-Salazar supra,* based on all of the factors described above and this issue has not been forfeited or waived.

## II. *United States v. Jones.* 530 F.3d 1292 (10th Cir. 2008) Does Not Require A Different Result.

*United States v. Jones.* 530 F.3d 1292 (10th Cir. 2008), is inapposite to the facts of this case because this case now involves a defense that Mrs. Tew is not guilty, because Mr. Tew is guilty, and his guilt negates her – the classic problematic finger pointing situation.  However, applying the three-part test in *Jones* to the distinct facts of this case demonstrates why the Court should grant Mr. Tew's request for severance.

In *Jones,* Ms. Jones and Mr. Wright were charged jointly for conspiracy and bank fraud related to a check fraud scheme involving Wells Fargo.  *Jones,* 530 F.3d at 1297.   Mr. Jones was

10

additionally charged with drugs and firearms offenses in this same case. *Id.* Prior to trial, both defendants filed separate motions to sever. *Id.* at 1298. Ms. Jones moved to sever the drug and firearm counts because she wanted to testify as to one or some counts, but not others. Mr. Wright moved to sever his trial from Ms. Jones' trial because he claimed that the drug trafficking charges related to Ms. Jones would prejudice him at trial. The District Court denied both severance requests.

On appeal, and in relevant part, Mr. Wright argued that severance was warranted because he and Ms. Jones presented mutually exclusive defenses. *Id.* at 1301. The Tenth Circuit applied a three-step test to determine whether a defendant will be prejudiced because he and a co-defendant will present defenses that are mutually exclusive.[5] *Id.* at 1304 (citing to *Pursley,* 474 F.3d at 765). "The conflict between the defendants' defenses must be such that the jury, in order to believe the core of one defense, must *necessarily* disbelieve the core of the other." *Id.* (quoting *United States v. Dazey,* 403 F.3d 1147, 1165 (10th Cir.2005) (emphasis added) (internal quotation marks omitted). The Court held that the defenses were not so antagonistic that they were mutually exclusive, that Mr. Wright's guilt was not a viable legal defense for Ms. Jones and that the core of Ms. Jones' defense did not necessarily depend on Mr. Wright's guilt. *Id.*

Here, unlike *Jones*, the prejudicial nature of the joint trial is not limited to one defendant facing additional and/or accusations of a different nature. For example, the prejudicial

---

[5] First, a court must determine whether the two defenses are so antagonistic that they are mutually exclusive. *Id.* Second, because "mutually antagonistic defenses are not prejudicial *per se,*" a court must consider whether there is "a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro,* 506 U.S. at 539). Third, if a defendant shows that the case satisfies the first two factors, the trial court must "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Id.* (quoting *Pursley,* 474 F.3d at 765).

11

comments that have been presented to the jury about the antagonistic defenses in this case are not just limited to a few examples, as was the case in *Jones*. *See id.* (Specifically referring to the following statement made by Ms. Jones' counsel: "[I]t will be up to you to decide when you go back to deliberate, did Shyla Jones act knowingly and voluntarily [?]"). The finger pointing has been present from opening statements onwards. This is now the classic case of mutually antagonistic defenses, which will continue to grow throughout trial, and continue to result in uncurable prejudice to Mr. Tew.

Under the first *Jones* prong, the two defenses between Mr. and Mrs. Tew are so antagonistic now that they are mutually exclusive. *Jones,* 530 F.3d at 1304. Since trial has begun, Mrs. Tew has unequivocally implicated Mr. Tew through attorney argument and cross-examination in a manner that only suggests that Mrs. Tew is not guilty – because Mr. Tew is guilty. Mrs. Tew said this out of the gate repeatedly during her opening statement, in a way that the jury will likely convict Mr. Tew of all counts, and very likely may convict Mrs. Tew of none. Ant, this argument is the very definition of a situation involving prejudicial antagonistic defenses, or mutually exclusive ones, that developed late in the game, due to many factors, outside of Mr. Tew's control.

For example, in opening statement, Mrs. Tew asserted the following:[6]

This case is about a scheme concocted and executed by Michael Tew and Jon Yioulos that resulted in millions of dollars of loss to National Air Cargo. (p. 19, lines 20-24)

And yes, both of them ended up experts at that, and they worked together. They were both in sort of a related part of the business. The financial part of the business. And why is that important? It's important because the combination of these two people working with each other, ultimately on behalf of National Air Cargo, and then on behalf of each other, was what made what was otherwise a scheme very difficult to do, very difficult to understand, very difficult to work out, very difficult not to get caught, because this -- this

---

[6] The rough draft transcript of opening statements is attached hereto as *Exhibit* A. The page references above are citations to *Exhibit* A.

12

is not something that can be done by somebody that didn't know not only about finances, but didn't know about the finances of this company, and what they both knew is they knew how vendors were identified.
(pgs 20-21, lines 23-25, 1-10).

They knew how invoices were to be approved, and invoices would be forwarded to accounts payable, how invoices would then be paid out. They even knew more important things than that, which is, how could you fly under the radar? How could you do it so you don't get caught? These are -- this is not a scheme or a plan or a design, as I said, that can be a run-of-the-mill put together program. This is a scheme and a plan that only could be executed because both of these individuals knew the weaknesses at NAC.
(p 21, lines 12-20)

And the two of them were able to create this, create this that resulted in the loss to NAC.
(p 22, lines 1-2)

And the two of them together were able to function in this way, as I said, because they knew how to do the invoices, and set up the vendors, and they knew how to get it by, because Jon Yioulos was the person who could approve the invoices, send them to accounts payable, have his signature, on hundreds of these, saying I approve this payment, Jon Yioulos and Michael Tew.  Then there's a whole other part of this plan of theirs, which is, where does the money go?
(p 23, lines 9-16)

There is one account that you will see this money being deposited into that Kimberly Tew has any signatory authority. You know what, it's Navy Federal Credit Union, and you will see it. Guess what? She is not the only signatory on that account, because the other individual who has authority to work in that account, to put money into that account and to take out money of that account is Michael Tew. The only one account that this money was distributed to from NAC into bank accounts that has Kimberly Tew's name on it, is also one that's jointly held with Michael.
(p 24, lines 13-22)

Because Michael Tew is a player, who makes money, and can make money for NAC. He can make money in other places, he can make money when he has worked for people in the marijuana industry.
(p 25, lines 12-15)

So distinguishing the participants, it's going to come down to a company for sure, and then the behavior and the design and intent and the scheme of Jon Yioulos and Michael Tew, and rather than just say the Tews, that seems to roll off the government's tongues, without making that kind of distinction that's so important.
(p 26, lines 3-8)

> So I ask you, as I'm sure you will, to pay close attention to who was needed for the scheme, who had the knowledge and the intelligence for the scheme, who got it through NAC, where it went from NAC to whose accounts, and after you are done looking at the government's case, you will realize that, while, Kimberly Tew was around for these years, they have not proven beyond a reasonable doubt her criminal participation.
> (p 26, lines 9-16)

This opening statement, or what the evidence would show from Mrs. Tew's perspective, was that "they" – meaning Mr. Tew and Mr. Yioulos – are the ones who worked at NAC, had the access, knowledge and intelligence to conspire together to commit all of the charged crimes. Indeed, the opening started with the position that: "This case is about a scheme concocted and executed by Michael Tew and Jon Yioulos that resulted in millions of dollars of loss to National Air Cargo." Exhibit A, p 19, lines 22-24. This opening statement is a classic example of finger pointing and mutually exclusive defenses.

The same goes for Mrs. Tew's cross-examination of Mr. Yioulos's statements, text messages, interactions with Mr. Tew, and Mr. Yioulos's testimony about documents and invoices. This line of questioning equally implicated Mr. Tew as the guilty party who conspired and schemed with Mr. Yioulos. And, that therefore, Mrs. Tew is not guilty. As counsel for Mr. Tew stated on the record, this cross-examination Mrs. Tew's attorney literally pointing his finger at Mr. Tew numerous times. This is another classic example of mutually exclusive defenses – Mrs. Tew did not scheme with Mr. Yioulos, but Mr. Tew did.

Second, and although "mutually antagonistic defenses are not prejudicial *per se,*" the facts here establish that there is "a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Jones,* 530 F.3d at 1304 (quoting *Zafiro,* 506 U.S. at 539). Based on testimony that has been elicited from the government's witnesses, the dynamic discussed above will continue throughout this

14

trial where Mrs. Tew points to evidence that she was not involved in a conspiracy, a scheme to defraud, illegal wires or money laundering.  But, that Mr. Tew and Mr. Yioulos were.  This situation now poses a real risk that the jury will not view Mr. Tew as an individual defendant and hold the government to its burden of proof to Mr. Tew, the same way it would if he were to be tried without Mrs. Tew present as a co-defendant.  This dynamic will continue to have an impact on Mr. Tew's constitutional rights to a fair trial, due process and to a fair and impartial jury that will not be impacted by the antagonistic and mutually exclusive defense that has developed between himself and Mr. Tew.

Third, according to *Jones,* if a defendant shows that the case satisfies the first two factors, the trial court must "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration."  *Id.* (quoting *Pursley,* 474 F.3d at 765).  Here, this Court should weigh this prejudice to Mr. Tew in light of concerns over judicial economy.  Mr. Tew faces 59 counts and learned for the first time in opening statement that Mrs. Tew's primary defense is that she is not guilty because he committed all of these crimes.  Under these circumstances, Mr. Tew's important constitutional rights are in sever jeopardy and no considerations of economy and convenience can outweigh them.

Accordingly, based on the foregoing facts and law, Michael Tew respectfully files this renewed motion for severance pursuant to Federal Rule of Criminal Procedure 14(a) and moves this Court to sever his trial from that of his co-defendant wife, Kimberly Tew.

Respectfully submitted,

*s/ Kristen M. Frost*
Kristen M. Frost
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200

15

Denver, Colorado  80202
Telephone:  (303) 629-9700
Facsimile:  (303) 629-9702
E-mail:  frost@ridleylaw.com

*s/ Jason D. Schall*
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E. Progress Place, Suite 100
Telephone:  (720) 505-3861
E-mail:  jason@bowsch.com

*Attorneys for Defendant Michael Tew*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2024, I served a true and correct copy of the foregoing **MICHAEL TEW'S RENEWED MOTION FOR SEVERANCE** electronically with the Clerk of the Court via the CM/ECF system, which will send notice of such filing to the Court and parties.

*s/ Heather Grant*
Heather Grant

16

REALTIME TRANSCRIPT

```
 1   spark, the heat.  The element that eventually grows and left

 2   uncontrolled becomes a conflagration that runs out of control

 3   destroying the things in its wake.  The second element of a

 4   fire is oxygen.  The breath of the fire, without which the fire

 5   would be choked off, there would be no fire.  The element that

 6   has the ability to deny the fire its life.  And finally, ladies

 7   and gentlemen, every fire must have fuel.  The very object, the

 8   very material that the fire consumes, that the fire consumes

 9   only to prolong its own life, to only prolong the flames, to

10   keep them coming, and in the end, the fuel is left ravaged.

11   It's left destroyed.  It's left as nothing more than dust.  And

12   there's nothing left to show of it, and as you consider the

13   evidence presented to you as the trial develops, I ask that you

14   see behind the Indictment.  I ask that you see the full story,

15   and make an effort to understand what is really going on here.

16   Thank you.

17           THE COURT:  Thank you, Mr. Schall.  Mr. Kaplan.

18           MR. KAPLAN:  Thank you, judge.

19                       OPENING STATEMENT

20           MR. KAPLAN:  May it please the Court.

21           THE COURT:  Go ahead.

22           MR. KAPLAN:  This case is about a scheme concocted and

23   executed by Michael Tew and Jon Yioulos that resulted in

24   millions of dollars of loss to National Air Cargo.  That's what

25   you are going to hear, that's what the evidence is going to
```

DEFENDANT'S EXHIBIT

A

1    demonstrate, when the government attempts to prove their case.

2           Jon Yioulos, as was briefly mentioned, was an employee

3    of National Cargo, an employee that started as an accounts

4    executive, became a manager, became a controller, and he was

5    intimately familiar with all of the financial workings, all of

6    the financial circumstances all of the financial procedures,

7    all the way -- the way National Air Cargo got its money,

8    distributed its money.  He was intimately familiar with.

9           Michael Tew, as you heard from the government, was

10   hired by National Air Cargo, he was a pretty impressive guy

11   with an MBA from NYU, very well-spoken, knew about finances,

12   was liked by the head of NAC, that's how you will hear about

13   that company, and came in to do just some work for them, and

14   worked his way into a position of great responsibility.  Worked

15   his way into a position, under contract, as the chief financial

16   officer, and similarly to Jon Yioulos, he also became

17   intimately familiar with the financial workings, the processes,

18   the procedures, how NAC did business from a financial

19   standpoint.  What were the strengths of their financial

20   circumstances?  What were the strengths of the processes?  How

21   did they do it?  How did they take care of all that the

22   government just talked about with vendors and money coming in

23   and money coming out?  And yes, both of them ended up experts

24   at that, and they worked together.  They were both in sort of a

25   related part of the business.  The financial part of the

```
 1    business.  And why is that important?  It's important because
 2    the combination of these two people working with each other,
 3    ultimately on behalf of National Air Cargo, and then on behalf
 4    of each other, was what made what was otherwise a scheme very
 5    difficult to do, very difficult to understand, very difficult
 6    to work out, very difficult not to get caught, because this --
 7    this is not something that can be done by somebody that didn't
 8    know not only about finances, but didn't know about the
 9    finances of this company, and what they both knew is they knew
10    how vendors were identified.  They knew how vendors would bill
11    for their services.  They knew how invoices were to come into
12    the company.  They knew how invoices were to be approved, and
13    invoices would be forwarded to accounts payable, how invoices
14    would then be paid out.  They even knew more important things
15    than that, which is, how could you fly under the radar?  How
16    could you do it so you don't get caught?  These are -- this is
17    not a scheme or a plan or a design, as I said, that can be a
18    run-of-the-mill put together program.  This is a scheme and a
19    plan that only could be executed because both of these
20    individuals knew the weaknesses at NAC.
21              They knew how to avoid the audits.  They knew how to
22    to define the companies, to determine what companies would be
23    accepted, and what companies would be accepted and charging a
24    certain amount of money that, for a company this big, wouldn't
25    be seen by the other financial people involved in the company.
```

 1    And the two of them were able to create this, create this that

 2    resulted in the loss to NAC.

 3          The government sometimes in their opening talked about

 4    Michael Tew occasionally about Ms. Tew and a lot just by saying

 5    the Tews.  The Tews.  Well, it's important for you to evaluate

 6    who was responsible for this?  Who committed this crime, and

 7    not lump these two people together, that's not their

 8    responsibility.  Their responsibility is to prove their case

 9    beyond a reasonable doubt as it relates to two different and

10    defined individuals, facing the charges that bring us all into

11    this room today, and for the next week.

12          Now, you are going to hear from Mr. Yioulos.  I assume

13    that part of what you are going to hear -- I know what you are

14    going to hear is that he was a reluctant participant over the

15    years that he did this.  He was a reluctant participant, but

16    this wasn't his first rodeo at NAC.  This wasn't something that

17    was the first time that he decided to steal from NAC.  He had

18    done it before he even met Michael Tew, and he did it in a way

19    that was very similar, it was an invoice scheme, because he was

20    sitting there with another one of the employees at NAC talking

21    about hey, you know, we can identify how sloppy this

22    financial -- this organization is with their finances.  I bet

23    you that we could provide invoices that they would pay, that we

24    could then receive, without ever being noticed, and that's what

25    they did.  They did it when they just said, You know what, I

REALTIME TRANSCRIPT

 1   need some money.  My wife spends a lot of money.  I'm working

 2   on the house.  You want to get it into your account or you want

 3   to get it into my account; doesn't matter because whenever we

 4   get it, well split it 50/50.  That was before he met Michael

 5   Tew or knew who Kimberly Tew was.  So the idea that when you

 6   hear about a bolt of lightning, the consciousness, he was so

 7   relieved that this nightmare was over.  There's a character

 8   that you will evaluate for yourself.  And the two of them

 9   together were able to function in this way, as I said, because

10   they knew how to do the invoices, and set up the vendors, and

11   they knew how to get it by, because Jon Yioulos was the person

12   who could approve the invoices, send them to accounts payable,

13   have his signature, on hundreds of these, saying I approve this

14   payment, Jon Yioulos and Michael Tew.

15        Then there's a whole other part of this plan of

16   theirs, which is, where does the money go?  You have the

17   vendors, where does the money go?  And you are going to see a

18   lot of documents, a lot of bank records, a lot of

19   communication, and it's not just volume that's important, it's

20   taking a look closer to see whether all of those documents

21   establish the guilt of Ms. Kimberly Tew beyond a reasonable

22   doubt.  And what you will find is that the money that was

23   wrongfully received from NAC and put into bank accounts, went

24   into nine or ten different bank accounts.  By the time this

25   case is over you are probably going to have to sense yourself

REALTIME TRANSCRIPT

 1    of some of these numbers.  They are not important right now,

 2    you will see it with the presentation of the government's case,

 3    but what you will see is that money gets deposited into an ANB

 4    Bank account, Kimberly Tew isn't a signatory.  Into an Access

 5    National Bank account, 5965.  Kimberly Tew is not a signatory.

 6    PBVA account 0987, Kimberly Tew isn't a signatory.  Guaranty

 7    Bank & Trust Company, 7867, an account who the signatory is

 8    Michael Tew.  Region Bank 4514, Kimberly Tew is not a

 9    signatory.  Wells Fargo, 6934, Michael Tew account.  Wells

10    Fargo 2064, a Michael Tew account.  Navy Federal Credit Union,

11    account 5336, a Michael Tew account.  Navy Federal Credit

12    Union, 3094, a Michael Tew account.

13            There is one account that you will see this money

14    being deposited into that Kimberly Tew has any signatory

15    authority.  You know what, it's Navy Federal Credit Union, 8486

16    and you will see it.  Guess what?  She is not the only

17    signatory on that account, because the other individual who has

18    authority to work in that account, to put money into that

19    account and to take out money of that account is Michael Tew.

20    The only one account that this money was distributed to from

21    NAC into bank accounts that has Kimberly Tew's name on it, is

22    also one that's jointly held with Michael.

23            So the volume, the -- looking at the money, and where

24    it goes, it's important to look at it with a critical eye,

25    because there are two defendants here.  You have already been

  1    told just, it's not -- I can't say it's a corollary to this,

  2    because counts can mean many different things, but you have now

  3    heard from the government and from Michael Tew's attorney, the

  4    difference in the number of counts, just shows you from jump

  5    street that there's a distinction.

  6            And yes, Kimberly Tew is married to Michael Tew, and

  7    they have two children.  Michael Tew was a consultant, and

  8    chief financial officer for NAC.  He also was allowed, as a

  9    contractor and as the government said to participate in other

 10    types of businesses to bring money in.  To maintain the pretty

 11    comfortable, if not better than comfortable, lifestyle that the

 12    family was used to.  Because Michael Tew is a player, who makes

 13    money, and can make money for NAC.  He can make money in other

 14    places, he can make money when he has worked for people in the

 15    marijuana industry.

 16            And Kimberly did some work.  She did some work for

 17    NAC, that's kind of the melding of things.  Oh yeah, she

 18    worked -- take a look at how little that really was.  She is a

 19    smart lady, but a business person, with the ability to bring

 20    money in and have the income to make the lifestyle of their

 21    family, what it was.  No.  That's Michael.  And Kimberly did do

 22    some gambling and did do some Bitcoin trading.  She is not here

 23    for violating cryptocurrency laws or for her gambling, which

 24    she probably did do a little too much of.  And you will hear

 25    conversations between a husband and a wife, and they are

REALTIME TRANSCRIPT

1    talking about finances, and they are talking about what could

2    be perceived as funds justifiably received by Michael Tew.

3            So distinguishing the participants, it's going to come

4    down to a company for sure, and then the behavior and the

5    design and intent and the scheme of Jon Yioulos and Michael

6    Tew, and rather than just say the Tews, that seems to roll off

7    the government's tongues, without making that kind of

8    distinction that's so important.

9            So I ask you, as I'm sure you will, to pay close

10   attention to who was needed for the scheme, who had the

11   knowledge and the intelligence for the scheme, who got it

12   through NAC, where it went from NAC to whose accounts, and

13   after you are done looking at the government's case, you will

14   realize that, while, Kimberly Tew was around for these years,

15   they have not proven beyond a reasonable doubt her criminal

16   participation.  Thank you.

17

18

19

20

21

22

23

24

25



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

*Hetal J. Doshi*
*Assistant United States Attorney*

1801 California Street, Suite 1600    Telephone: 303-454-0100
Denver, CO 80202                      Fax: 303-454-0405

July 12, 2020

*Via Email*
Michael Sheehan, Esq.
Counsel to Michael Aaron Tew
Sheehan Law Denver
7400 East Caley Avenue
Quebec Center II
Suite 300
Centennial, Colorado 80111
michael@sheehanlawdenver.com
720.381.6146

Dear Mr. Sheehan,

I understand your client, Michael Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Mr. Tew's financial transactions, direct or indirect, with National Air Cargo, and subsequent transactions initiated by or for the benefit of Mr. Tew, either directly or indirectly. This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.      Your client agrees that he will truthfully and completely disclose all information with respect to his activities and the activities of others that are the subject of inquiry by the government during the proffer. In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset. The only limited exception to this is that Mr. Tew has elected at this time not to answer questions that may specifically implicate his wife, Kimberly Tew. He has consulted with his counsel and understands that this decision could diminish the value, if any, of his cooperation. Mr. Tew has stated that he may revisit this decision in the future. In the event

1

DEFENDANT'S
EXHIBIT

**B**

INV_00007872

that Mr. Tew agrees in the future to answer questions that may specifically implicate his wife, such a change will be memorialized in a subsequent proffer agreement. At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings. You and your client understand that false statements willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

2.      Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.      The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence. Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer. *See Kastigar v. United States*, 408 U.S. 931 (1972). It is the intent of this agreement to establish that such derivative use is proper. By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.      The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.      Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.      In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against him in the future.

<div align="center">2</div>

INV_00007873

7.      Your client understands that he is required to provide full and complete information about the subject matter of the proffer and any information about himself which might adversely impact on his credibility as a witness concerning such activity.

8.      This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9.      This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises. or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

*s/ Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

3

INV_00007874
1618

I, Michael Tew, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____           7/15/20
Michael Aaron Tew                          _____
                                           Date

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

_____           7/15/2020
Michael Sheehan                            _____
Counsel for Michael Aaron Tew              Date

4

INV_00007875



**U.S. Department of Justice**

Jason R. Dunn
United States Attorney
District of Colorado

*Hetal J. Doshi*
*Assistant United States Attorney*

*1801 California Street, Suite 1600*   *Telephone:  303-454-0100*
*Denver, CO 80202*   *Fax:  303-454-0405*

October 16, 2020

***Via Email***
Jamie Hubbard, Esq.
Counsel to Kimberley Tew
Stimson, Stancil, LaBranche, Hubbard, LLC
1652 North Downing Street
Denver, CO, 80218
hubbard@sslhlaw.com
720.689.8909

Dear Ms. Hubbard,

I understand your client, Kimberley Tew, is interested in meeting with federal law enforcement agencies and the Criminal Division of the United States Attorney's Office for the District of Colorado for a proffer related to this office's criminal investigation of conduct related to or arising out Ms. Tew's financial transactions related to, directly or indirectly, with National Air Cargo, and subsequent transactions initiated by or for the benefit of, among others, Ms. Tew, either directly or indirectly.  This letter sets out the terms for that proffer, to be scheduled soon and set to occur in Denver, and any follow up proffer sessions between the Criminal Division of the United States Attorney's Office for the District of Colorado ("the government"), and you and your client.

1.      Your client agrees that she will truthfully and completely disclose all information with respect to her activities and the activities of others that are the subject of inquiry by the government during the proffer.  In this regard, your client must neither attempt to protect any person, entity, or asset through materially false information or omission, nor falsely implicate any person, entity, or asset.  The only limited exception to this is that Ms. Tew has elected at this time not to answer questions that may specifically implicate her husband, Michael Tew.  She has consulted with her counsel and understands that this decision could diminish the value, if any, of her cooperation.  At a future time your client may be subpoenaed to testify before a federal grand jury, at trial, or in other court proceedings.  You and your client understand that false statements

1



DEFENDANT'S
EXHIBIT

**C**

willfully made during this proffer will negate the Government's agreement not to use this proffered information against your client.

2.      Except as set forth below, the government will not offer as evidence statements made by your client, or other information provided by your client during the proffer relating to the subject matter of the proffer, in (a) grand jury proceedings seeking an indictment against your client, (b) its case-in-chief at a trial against your client, or (c) at your client's sentencing.

3.      The government may use any statements made by your client or any information directly or indirectly derived from statements made by your client during the proffer for any other purpose, including (a) to obtain leads to other evidence that may be used against your client at any stage of a criminal prosecution, (b) in any prosecution of your client for perjury, false statements, or obstruction of justice, or (c) in a prosecution of your client for any crimes of violence, as defined in Title 18, United States Code, Section 16, or any conspiracy to commit a crime of violence.  Provision (a) eliminates the need for a hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during the proffer.  *See Kastigar v. United States*, 408 U.S. 931 (1972).  It is the intent of this agreement to establish that such derivative use is proper.  By signing this letter, your client expressly waives any right to challenge the derivative use of such statements or information.

4.      The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence, or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer.  By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above.  *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

5.      Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not apply to any statements made by your client during the course of the proffer.

6.      In the event evidence other than your client's own statements is developed, regardless of whether it is developed before or after the proffer, this agreement does not impart "transactional" immunity to your client or preclude the government from bringing charges against her in the future.

7.      Your client understands that she is required to provide full and complete information about the subject matter of the proffer and any information about herself which might adversely impact on her credibility as a witness concerning such activity.

2

**EXHIBIT A**

8.     This agreement does not obligate the government to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.

9.     This agreement is not binding on the Civil Division of the United States Attorney's Office for the District of Colorado, any other federal government office, or any other state, tribal, or local office or agency not specifically named in this agreement.

No understandings, promises, or agreements have been entered into other than those set forth in this agreement, and nothing said during the proffer will constitute a promise or agreement unless all parties agree in writing.

Sincerely,

JASON R. DUNN
United States Attorney

*s/ Hetal J. Doshi*
By: Hetal J. Doshi
Assistant United States Attorney

I, Kimberley Tew, have read this agreement and carefully reviewed it with my attorney.   I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion.   No other promises or inducements have been made to me other than those contained in this letter.   I am satisfied with the representation of my attorney in this matter.

Kimberley Tew                                   Date     10 / 20 / 2020

I acknowledge that I have read this proffer agreement, reviewed it with my client, and discussed fully with my client each of the provisions of the agreement.

Jamie Hubbard                                  Date     10/20/2020
Counsel for Kimberley Tew

3

EXHIBIT A